IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>vs.<br><br>DONALD L. HYMES; RITA M. HYMES; AURORA TRUST, ZENA D. HYMES AND CHARLA HYMES TRUSTEES; SUNSHINE TRUST, RITA M. HYMES, TRUSTEE; ZENA D. HYMES; CHARLA HYMES; AND FAIRBANKS NORTH STAR BOROUGH,<br><br>     Defendants. | Case 3:05-cv-0123 RRB<br><br>**ORDER RE PENDING MOTIONS** |

Before this Court are Defendants Donald Louis Hymes, Rita Marina Hymes, Sunshine Trust, Rita Marina Hymes, Trustee; Charla Alethea Hymes, and Aurora Trust, Charla Hymes, Trustee, with nearly identical motions to dismiss.[1]  The Government first moves to strike Defendants Sunshine Trust and Aurora Trust's motions to dismiss because neither Charla Hymes nor Rita Hymes may represent

---

[1] Clerk's Docket Nos. 6, 7, 8, 9, 10.

a trust in federal court.[2]  Second, the Government opposes the motions to dismiss as being without merit.[3]  The Court also has before it the Government's Supplemental Response and Hymes' Motion to Clarify.

The Court first considers the Government's motion to strike and agrees with the Government that the motions to dismiss by Defendants Sunshine Trust and Aurora Trust should be stricken. A non-attorney may represent herself, but that privilege is personal to her.[4]  The non-attorney has no authority to appear as an attorney for others than herself.[5]  Here, Charla Hymes and Rita Hymes' status toward the trusts is that of trustee.  There is no evidence in the record that they are beneficiaries of the trust. Thus, while they may each represent themselves individually, they may not represent the trust *pro se*.

The Government argues that if the motion is stricken, the Court should enter a default judgment against the two trusts. However, rather than impose such a sanction, the Court will only strike the motions to dismiss filed on behalf of the two trusts.

---

[2] Clerk's Docket No. 11

[3] Clerk's Docket No. 13.

[4] C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987).

[5] Id.

Second, the Court considers the arguments presented only by Donald Hymes.  First, he argues that, "The 'taxes' for the years 1989, 1990, 1991, 1992, and 1993 are past the statute of limitations for collection purposes."  Hymes relies on 26 U.S.C. § 6501(a), which states that taxes "shall be assessed within three years after the return was filed (whether or not such return was filed on or after the date prescribed."  However, 26 U.S.C. § 6501(b)(3) states that, "the execution of a return by the Secretary pursuant to the authority conferred by such section shall not start the running of the period of limitations on assessment and collection."[6]  Here, the Internal Revenue Service ("IRS") filed substitutes for returns for Hymes, and Hymes did not file any returns himself for the years at issue.  Thus, § 6501(b)(3) applies and the execution of the returns by the Secretary did not start the running of the period of limitations.  Therefore, the Government is not barred by the statute of limitations from pursuing its action.

Donald Hymes also argues that the United States has no taxing authority over the Defendants.[7]  This argument is without merit.[8]

---

[6] 26 U.S.C. § 6501(b)(3).

[7] Clerk's Docket No. 6.

[8] In re Becraft, 885 F.2d 547 (9th Cir. 1989).

Third, all of the Defendants argue that the Court lacks both personal and subject matter jurisdiction. The Defendants argue that the "United States of America has no constitutionally granted powers" and that the "United States of America has alleged no offense."[9] However, the United States of America does have constitutionally-granted powers and has properly alleged offenses against the Defendants. The Court does not recognize a distinction between the "United States of America" and the "United States."

Fourth, all of the Defendants argue that the Government included innocent parties in its Complaint.[10] However, all parties are properly before the Court. It is not enough for Defendants to conclusorily state that there are no legal or justifiable causes to include the various defendants in this action.

Fifth, all of the Defendants argue that their due process rights are violated by the Government's Complaint.[11] However, the Government is not required at this stage in the litigation to submit all of its evidence or present sworn affidavits justifying why each defendant is named in the Complaint. Thus, the Government's failure to meet each of the Defendants' demands is not a violation of their due process rights.

---

[9] Clerk's Docket Nos. 6, 7, 8, 9, 10.

[10] Id.

[11] Id.

Finally, all of the Defendants appear to argue that their rights under the Fourth, Fifth, Sixth, Seventh and Ninth Amendments were violated.[12]  However, they provide no support for their arguments and the Court is also not aware of any support.

For the reasons stated herein, Defendants' motions are **DENIED** (Clerk's Docket No.s 6, 7, 8, 9, 10) and the Government's Motion to Strike (Clerk's Docket No. 11) is **GRANTED.**  Hymes' Motion to Clarify is **DENIED** because it concerns the tax forms applicable to him and is without relevance to the Motions to Dismiss or Motion to Strike.

ENTERED this 12th day of January, 2006.

/s/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[12] Id.