DEBORAH M. SMITH
Acting United States Attorney
District of Alaska
Federal Bldg. & U.S. Courthouse
101 12th Avenue, Box 2
Fairbanks, Alaska  99701
Telephone: (907) 456-0245

JOHN B. SNYDER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044-0683
Telephone: (202) 307-6548
john.snyder2@usdoj.gov
Western.Taxcivil@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>　　　　　　　　　　　　　　　　　)<br>　　　　　Plaintiff,　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>　　　v.　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>DONALD L. HYMES; RITA M.　　　)<br>HYMES; AURORA TRUST, ZENA D.　)<br>HYMES AND CHARLA HYMES　　　　)<br>TRUSTEES; SUNSHINE TRUST, RITA)<br>M. HYMES, TRUSTEE; ZENA D.　　)<br>HYMES; CHARLA HYMES; AND　　　)<br>FAIRBANKS NORTH STAR BOROUGH, )<br>　　　　　　　　　　　　　　　　　)<br>　　　　　Defendants.　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>_____) | Civil No. A05-0123-CV (RRB)<br><br>UNITED STATES' SUPPLEMENTAL<br>RESPONSE TO DEFENDANTS' MOTION<br>TO RECONSIDER |

　　　The United States of America, by its undersigned counsel, submits this supplement to its response to defendant Donald L. Hymes's ("defendant's") motion for reconsideration of the Court's order dated January 12, 2006.

**BACKGROUND**

The United States brought this action to reduce tax assessments against defendant Donald L. Hymes to judgment and to foreclose federal tax liens against a parcel of real property held by nominees or alter egos of Donald L. Hymes.

On or about October 1, 2005, defendants Donald L. Hymes and Rita M. Hymes, apparently both individually and in her capacity as a trustee of defendant Sunshine Trust, filed essentially identical motions to dismiss this case. On or about October 5, 2005, defendants Charla Hymes (also known as Charla Hymes Rayburn) and Aurora Trust, represented by Charla Hymes, filed motions to dismiss that were almost identical to those filed by the other defendants.

The United States submitted a response noting that the arguments in defendants' motions lacked merit. The Court entered an order requesting additional briefing on whether defendant Donald L. Hymes filed returns for the years at issue in this case. The United States submitted a supplemental response, and the defendants submitted a document styled a "motion to clarify" that restated their arguments regarding the issue. Ultimately, the Court granted the United States' motion in an order dated January 12, 2006.

On January 23, 2006, defendant Donald Hymes filed a motion to accept a late filing and for reconsideration of the order

dated January 12, 2006.

## DISCUSSION

The Court should deny the motion for reconsideration for two reasons.

First, defendant has presented no arguments whatsoever in favor of reconsideration.  He simply requests rulings from the Court on a variety of issues, such as a ruling that "**all forms in Hymes' Motion to Clarify** have application to Hymes" and that "the 'United States' in the 'Constitution of the United States' and 'THE UNITED STATES OF AMERICA' in the Articles of Confederation are exactly the same."  Defendant's motion at 2, 4 (emphasis and quotations in original).  Defendant does not appear to challenge any of the Court's conclusions.

Second, to the extent defendant does challenge those conclusions, he has failed to raise any legitimate arguments in support of his challenge.  A party is not entitled to reconsideration of an order unless it can demonstrate an intervening change the law controlling the order, newly discovered evidence, or the need to correct clear error or prevent manifest injustice.  School Dist. No. II, Multnomah County, Oregon v. AC and S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Here, defendant has failed to do so.  Defendant merely states a variety of propositions with no legal or factual support

whatsoever.

Further, the arguments advanced are frivolous as well as unsupported. Defendant attempts to rely on semantic distinctions between "the United States" and "the United States of America," challenges the scope of the Court's authority, and argues the meaning of the "Constitution of the United States," among other peculiar assertions. Defendant's motion, passim. Similar attempts to escape the tax laws have been rejected repeatedly by numerous courts. See, e.g., Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir. 1988); Olsen v. United States, 760 F.2d 1003, 1005 (9th Cir. 1985); Lonsdale v. United States, 919 F.2d 1440, 1445, 1448 (10th Cir. 1990); Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). This Court should reject those arguments as well and deny the motion for reconsideration.

//

//

**CONCLUSION**

For the foregoing reasons, the Court should deny defendant's motion for reconsideration.

DATED this 9th day of February, 2006.

        Respectfully submitted,

        DEBORAH M. SMITH
        Acting United States Attorney


        s/ John B. Snyder, III
        JOHN B. SNYDER, III
        Trial Attorney, Tax Division
        U.S. Department of Justice
        Post Office Box 683
        Ben Franklin Station
        Washington, D.C.  20044
        Telephone: (202) 307-6548
        john.snyder2@usdoj.gov
        Western.Taxcivil@usdoj.gov

**CERTIFICATE OF SERVICE**

I declare under penalty of perjury that a true and correct copy of the foregoing was sent to the following parties on February 9th, 2006:

| | | |
|---|---|---|
| Donald L. Hymes<br>2340 Ravenwood<br>Fairbanks, Alaska 99709 | Rita M. Hymes<br>2340 Ravenwood<br>Fairbanks, Alaska 99709 | Charla A. Hymes (Rayburn)<br>5340 Butterfly Lane<br>Fairbanks, Alaska 99712 |
| Aurora Trust<br>Charla A. Hymes, Trustee<br>5340 Butterfly Lane<br>Fairbanks, Alaska 99712 | Aurora Trust<br>Zena D. Hymes, Trustee<br>P.O. Box 61219<br>Fairbanks, Alaska 99709 | Sunshine Trust<br>Rita M. Hymes, Trustee<br>2340 Ravenwood<br>Fairbanks, Alaska 99709 |
| Zena D. Hymes<br>P.O. Box 61219<br>Fairbanks, Alaska 99706 | Fairbanks Northstar Borough<br>P.O. Box 71267<br>Fairbanks, Alaska 99707 | |

s/ John B. Snyder, III