Rita MariNa Hymes
Donald Louis Hymes
2340 Ravenwood
Fairbanks, Alaska
907-479-6922

FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2006 AUG -9 AM 10: 39

The United States of America

The United States

District Court of the United States

District of Alaska

**UNITED STATES OF AMERICA**

Plaintiff

v.

**Donald Louis Hymes;
Rita MariNa Hymes;**

**SUNSHINE TRUST, Rita MariNa Hymes, Trustee;
Fairbanks North Star Borough**

Defendants

**A05-123-CV(RRB)**

**Motion to Dismiss with Prejudice**

Come now Donald Louis Hymes and Rita MariNa Hymes("Hymes") with this Motion to Dismiss with prejudice.

Hymes have relied upon the adjudged decision of *Levins v. Rovegno*, 12 P. 161, 162-64 , 'an ultimate fact is deduced from probative facts by a process of natural reasoning'. The inference or conclusion of law is by a process of

artificial reasoning. The **evidentiary facts** become the premises and the **ultimate fact** the conclusion.

*Ibid at 163,* "A presumption of fact is the natural connection of one fact with another by a combined process of proof and argument, while a presumption of law is a similar connection, artificially made by annexing a rule of law or legal incident to a particular fact proved. * * * . . . are all facts; and whether their existence or non-existence is reached by a process of natural reasoning, or by artificial process known as a 'conclusion of law' does not in the least alter their *status* as facts."

Hymes have relied upon the adjudged decision as held in *People ex rel. v. Sexton et al.*, 444 N.Y.S.2d 884, 885 (Sup. Ct. NY County 1943). There are only two kinds of facts. These are <u>**ultimate facts**</u> and <u>**evidentiary facts**</u>. **Ultimate facts are essential for any determination or decision by the court**, and evidentiary facts are necessary to prove essential or ultimate facts. See also *Perales v. Braslau's Furniture Co.*, 493 S.W.2d 638, 640 (Ct. of App. Tex. 1973); *Wichita Falls & Oklahoma Ry. Co. v. Pepper*, 135 S.W.2d 79, 84 (Sup. Ct. Tex. 1940).

Hymes filed an interlocutory appeal to the Circuit Court of the United State for the 9th Circuit ("9th Cir.") on important issues of law concerning many of the ultimate facts of Judge Ralph R. Beistline's ("Beistline") ORDER at

Docket 43,("**Doc. 43 ORDER**") including, but not limited to

*whether the "United States" and the "United States of America" exist individually,

*does the "'United States of America' have constitutionally granted powers",

and

*Hymes' Motion to Clarify ("**Doc. 42 Motion**"), submitting ultimate facts, to have Beistline perform his purported Powers to declare the Law arising under Article III in all Cases in Law and Equity, exercising the judicial Power of the United States under the Authority of the United States within the several States and under the holding of adjudged decision of the Supreme Court of the United States in *Marbury v Madison*, 1 Cranch 137, 177 (1803), "[i]t is emphatically the province and duty of the judicial department to say what the law is."

Beistline refused to declare what Law of the United States, arising under Article VI, is or might have application to Hymes on what Return and substantive regulations have the force and effect of Law in 26 U.S.C. ß 6011, in which Hymes have presented the Law and substantive regulations in the Doc. 42 Motion.

The 9th Cir. *Denial* ("**Doc. 66 Denial**") proffered the ultimate fact that "*the court lacks jurisdiction over this interlocutory appeal*", which includes all of the ultimate

facts presented by Hymes.

If the correct Plaintiff to this instant case can't be identified, be it the "United States" or the "United States of America", it follows *a fortiori* there is no Case.

If no Law of the United States can be identified as being an *essential element* of any Case of this Class, it follows *a fortiori,* there is no Case.

If the parties of "United States" or the "United States" can't be identified *a fortiori* there is no moving party in this Case.

If the 9th Cir. does not have jurisdiction over the ultimate facts presented on the Interlocutory Appeal it follows *a fortiori* the USDC lacks jurisdiction over this instant Case and this Case must be dismissed.

The USDC and 9th Cir. applied to Hymes the status of being a "citizen of the United States" ("citizen of the US") (5 U.S.C. ß 552a(2) & (13)) means an "Individual" **irrevocably conflated** with *all* of the following *essential elements* being a citizen of the US, which are; the Social Security Act ("SSA") at 49 Stat. 620 as amended with the required Social Security Number ("SSN"); the IRS in 49 Stat 620 Titles VIII & IX; and, the denial of access to the Courts in 42 U.S.C. ß 405(g) & (h); and, 26 U.S.C. ß 6109(a) the Taxpayer Identification Number ("TIN") *shall be* the SSN; and, the Form 1040 (OMB 1545-0074) with the mandatory use of

the SSN; and, when rights are created against the United States for Individuals (SSA - federal benefits); 26 U.S.C. ß 6011 the requirement of the Form 1040 (OMB-1545-0074) with a mandatory SSN; and, the Driver License and Passport in 42 U.S.C. ß 666(13); and then, Congress can by statute for citizens of the US, deny access to all courts of the United States and even a remedy for rights created (federal benefits - SSA) against the United States for Individuals as held in *U.S. v. Babcock*, 250 U.S. 328, 331(1919), *Dismuke v. U.S.*, 297 U.S. 167, 171-72(1936), *Garza v. Chater*, 891 F.Supp. 464, 466-67 (N.D. Ill 1995) and *Allen v. Graham*, 446 P.2d 240, 243-44 (Ct. App. Ariz. 1968) .

The administrative issue of the Ultimate Fact "Taxpayer Status Determination" of Donald Louis Hymes as a "taxpayer", is posited only in 26 CFR 601.201 under the statutory authority of 5 U.S.C. ßß 301 & 552 with the IRS employees sitting as a Court of Errors of the decisions of the USDC and 9th Cir., divesting USDC and the 9th Cir. of cognizance of this Class of Case arising under Article III of all Cases in Law and Equity, exercising the judicial Power of the United States under the Authority of the United States in the several States. See *Hayburn's case*, 2 U.S. 408, *U.S. v. Ferreira*, 54 U.S. 40, *U.S. v. Todd*, 54 U.S. 52, *Muskrat v. U.S.*, 219 U.S. 346, *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211 and *Buckley v. Valeo*, 424 U.S. 1.

From exclusive ultimate fact taxpayer status determination, posited only in ß 601.201 of who is a "taxpayer", flows *a fortiori,* no court of the United States has cognizance of this Class of Case arising under Article III.

Under the unambiguous language of 5 U.S.C. ß 552(a) acknowledged by the IRS in 26 CFR ß 601.702(a), the IRS is to publish all regulations in the Federal Register and then in 26 CFRs "Substantive rules of general applicability adopted as authorized by law."  If not published, *ibid* "shall not adversely change or affect a person's rights." There are three types of regulations in ß 601.701 pronounced by the IRS, being: "part 601(Statement of Procedural Rules)"; and, "part 301 of this chapter (Procedure and Administration Regulations)"; and, "various **substantive regulations** under the Internal Revenue Code of 1986, such as the regulations in part 1 of this chapter (Income Tax Regulations), in part 20 of this chapter (Estate Regulations), and in part 31 of this chapter (Employment Tax Regulations)." *[Emphasis added]*

Of these three types of regulations in the CFRs, only "substantive regulations" have the "force and effect of law" under the statutory authority of Congress and published under the procedural requirements imposed by Congress as held in *Chrysler Corp. v. Brown*, 441 U.S. 281, 282-83

(1979).

There are three tables in the CFRs for *substantive regulations* composed of "part 1", "part 20" and "part 31." The substantive regulations for part 1 (Individual Income Taxes) are located in Title 26 CFRS at C.F.R. T. 26, Ch. I, Subch. A, Pt. 1 (Pt. 20 & Pt. 31). Hymes supplied all of the *substantive regulations* of 26 U.S.C. ß 6011 to Beistline in the Doc. 42 Motion, to have Beistline declare the law. Beistline DENIED in total.

It is mandatory for the IRS to follow its own self-imposed regulations and this requirement was not met by the agency after Donald Louis Hymes requested a taxpayer status determination to be made. The ß 601.201 regulation establishes unambiguously that the agency is **to make said determinations** of who are "taxpayers." The IRS and its employees are bound to the regulations and the courts shall enforce them, see *U.S. v. Nixon*, 418 U.S. 696 (1974); *Service v. Dulles*, 354 U.S. 368(1957); *Associated Builders v. U.S. DOE*, 451 U.S. 287(1978). The agency is to "be held to strict compliance with their own regulations and rules of procedure," *Associated Builders* at 288, and the agency egregiously violated ß 601.201 as the taxpayer PLR has not been preformed. The IRS, failed to comply with its own rules and violated its self-imposed obligation to create the "taxpayer" determination status PLR, see *Lyng v. Payne*, 476

U.S. 926, 938 (1986). Therefore, the term "taxpayer" as it relates to Hymes has no effect in law. *Lex non cogit ad impossibilia.*

**Therefore,** this instant Case must be DISMISSED WITH PREJUDICE.

Dated this:   7th   day of August, 2006

Respectfully submitted

*/s/ Donald Louis Hymes*
Donald Louis Hymes

*/s/ Rita MariNa Hymes*
Rita MariNa Hymes

**Certificate of Service**

I certify that a true and correct copy of this Motion to Dismiss with Prejudice was mailed first class to the following parties, to wit:

JENNIFER D. AUCHTERLONIE
Trial Attorney, Tax Div.
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683

DEBORAH M. SMITH
Acting United States Attorney
District of Alaska
Federal Bldg. & U.S. Courthouse
101 12th Avenue, Box 2
Fairbanks, Alaska 99701

Date: 9th August, 2006

Rita MariNa Hymes