Rita MariNa Hymes
Donald Louis Hymes
2340 Ravenwood Avenue
Fairbanks, Alaska
907-479-6922

**FILED**

AUG 3 0 2006

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____Deputy

**The United States of America**

**The United States**

**District Court of the United States**

**District of Alaska**

**UNITED STATES OF AMERICA**

**Plaintiff**

**v.**

**Donald Louis Hymes;**
**Rita MariNa Hymes;**
**SUNSHINE TRUST, Rita MariNa Hymes, Trustee;**

**Defendants**

**A05-123-CV(RRB)**

**Reply to UNITED STATES' RESPONSE TO DEFENDANTS' MOTION TO
DISMISS**

Come now Donald Louis Hymes and Rita MariNa Hymes ("Hymes") with this

Reply to UNITED STATES' RESPONSE TO DEFENDANTS' MOTION TO DISMISS

("Reply").

JENNIFER D. AUCHTERLONIE ("Auchterlonie") has not opposed Hymes'

Motion to Dismiss with Prejudice ("Motion") of the ultimate facts presented to the 9th

Circuit and issues of Law that must be decided to even have a case arising under Article

III in all Cases in Law and Equity exercising the judicial Power of the United States under

the Authority of the United States. All of the ultimate facts pleaded and issues of law in the Motion stand as true *unless opposed*. There was no opposition and Auchterlonie's UNITED STATES' RESPONSE TO DEFENDANTS' MOTION TO DISMISS ("Response") was non-responsive. See also Federal Civil Rule 8(d). If pleadings were so simple, that when the Defendants expose the purported Plaintiff(s) extreme bad faith, the Plaintiff(s) can clothe themselves with immunity by not addressing the ultimate facts and issues of law, why enter pleadings. Just state "incomprehensible" and proceed forward – simple isn't it. Unbelievable. Pleadings must be on point, which Hymes did with great specificity. Denials must be on point or they are dilatory and/or in extreme bad faith. Either way, they can't be used to affect the ultimate facts and issues of law of Hymes' Motion if not on point. Auchterlonie provides not one iota of specific denial, but provides a benighted disjunctive statement devoid *of all of the essential elements* of an opposition. From the non-existence of all of the essential elements of an opposition by Auchterlonie flows *a fortiori* that the Motion stands as true in all respects.

The Supreme Court of the United States has, by it's repeated adjudications, stated that if *dicta* or general expressions are not directly on-point they ought not to control subsequent suits, starting with *Cohens v. Virginia*, 19 U.S. 264, 399-400 (1821), to wit:

> It is a maxim not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, **but ought not to control the judgment in a subsequent suit when the very point is presented for decision.** (emphasis added)

See also *Central Virginia Community v. Katz*, 126 S.Ct. 990, 996 (2006); *Jean v. Nelson*, 472 U.S. 846, 872 (1985); *Zenith Radio Corp. v. U.S.*, 437 U.S. 443, 462 (1978); *People of Puerto Rico v. Shell Co.*, 302 U.S. 253, 269 (1937); *Oska Shosen*

*Kaisha Line v. U.S.*, 300 U.S. 98, 103 (1937); *Humphrey's Ex'r v. U.S.*, 295 U.S. 602, 627 (1935); *Myers v. U.S.*, 272 U.S. 52, 142 (1926); *Joplin Mercantile Co. v. U.S.*, 236 U.S. 531, 538 (1915); ~~Downes v. Bidwell, 1982 U.S. 244, 258 (1901); French v. Barber~~ *Asphalt Pav. Co.*, 181 U.S. 324, 367 (1901); *U.S. v. Wong Kim Ark*, 169 U.s. 649, 679 (1898); *Pollock v. Farmers' Loan & Trust Co.*, 157 U.S. 429, 574 (1895); *Leisy v. Hardin*, 135 U.s. 100, 135 (1890); *Carroll v. Carroll's Lessee*, 57 U.s. 275, 287 (1853).

Hymes opposes the unknown entity or entities of "UNITED STATES OF AMERICA" and "UNITED STATES" as Plaintiff(s). Hymes opposes the Department of Justice ("DoJ"). In this instant Case the DoJ is a mere agency under the unambiguous language of 5 U.S.C. ß 105 exercising no Executive Power of the United States or, arising under Article II of the Constitution of the United States as lawfully amended by the qualified Electors of the several States.

To invoke the judicial Power of the United States, there must be a personal interest. This holds true for individuals and organizations which must be tested, as held in the adjudged decision of *Simon v. Eastern Kentucky Welfare Rights Org. et al.*, 426 U.S. 26, 39 (1976), to wit:

> The necessity that the plaintiff who seeks to invoke judicial power stand to profit in some personal interest remains an Art. III requirement. A federal court cannot ignore this requirement without overstepping its assigned role in our system of adjudicating only actual cases and controversies. It is according to this settled principle that the allegations of **both the individual respondents and the respondent organizations must be tested for sufficiency**. *[Emphasis added]*

See also *Raines v. Byrd*, 521 U.S. 811, 818-19 (1997); *Wyoming v. Oklahoma*, 502 U.S. 437, 447-48 (1992); *Diamond v. Charles*, 476 U.S. 54, 65-67 (1986); *Larson v. Valente*, 456 U.S. 228, 243(1982); *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.* , 454 U.S. 464, 472 (1982); *Gladstone*

*Realtors v. Village of Bellwood*, 441 U.S. 91, 99 (1979); *Singleton v. Wulff*, 428 U.S. 106, 113 (1976); *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70 (1983); *Director, Office of Workers' Compensation Programs, U.S. Dept. of Labor v. Perini North River Assoc.*, 459 U.S. 297, 305 (1983); *California v. Texas*, 457 U.S. 164, 170 (1982); *U.S. Parole Commission v. Geraghty*, 445 U.S. 388, 410 (1980); *Hunt v. Washington State Apple Advertising Com'n*, 432 U.S. 333, 342-43 (1977); *Allen v. Wright*, 468 U.S. 737, 766 (1984).

Hymes has a personal interest, being the private property, and has invoked the judicial Power of the United States. However, who or what is the interest of the unknown Plaintiff(s)? It must be on the record, but, of course, the Plaintiff(s) haven't even been identified to date. When this is accomplished, and the Plaintiffs have been identified, then the issue of the interest must be identified.

Hymes incorporates all of the Motion into this Reply as unopposed and true.

Therefore the Motion to Dismiss must be upheld with prejudice.

August 29, 2006

Respectfully submitted

Donald Louis Hymes

Rita MariNa Hymes

**Certification of Service**

I certify that a true and correct copy of this
Reply
was mailed first class to the following parties, to wit:

JENNIFER D. AUCHTERLONIE
Trial Attorney, Tax Div.
U.S. Department of Justice
P.O. Box 683
Ben Franklin
Washington, D.C. 20044

DEBORAH M. SMITH
Acting United States Attorney
District of Alaska
Federal Bldg. & U.S. Courthouse
101 12th Avenue, Box 2
Fairbanks, Alaska 99701

August 30, 2006

Rita MariNa Hymes