Rita MariNa Hymes
Donald Louis Hymes
2340 Ravenwood
Fairbanks, Alaska
907-479-6922

FILED
US DISTRICT COURT
DISTRICT OF ALASKA
2006 SEP -5 PM 4:16

The United States of America

The United States

District Court of the United States

District of Alaska

UNITED STATES OF AMERICA

Plaintiff

v.

Donald L. Hymes;
Rita M. Hymes;

SUNSHINE TRUST, Rita M. Hymes, Trustee;

Defendants

A05-123-CV(RRB)

Opposition to UNITED STATES' MOTION TO AMEND COMPLAINT

Come now Donald Louis Hymes and Rita MariNa Hymes ("Hymes") with this Opposition to UNITED STATES' MOTION TO AMEND COMPLAINT.

JENNIFER D. AUCHTERLONIE ("Auchterlonie") proffers purported cases with her total lack of precision and perspicacity of the issues with an off-point case of a criminal issue to amend pleadings when justice requires same that is irrevocably precluded in a civil issue, being Gillette v. Tansy, 17 F.3d. 308, 312 (10 Cir. 1994). The Supreme Court of the United States has by it's repeated adjudications, stated that if *dicta* or general

expressions are not directly on-point they ought not to control subsequent suits starting with *Cohens v. Virginia*, 19 U.S. 264, 399-400 (1821), to wit:

> It is a maxim not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, **but ought not to control the judgment in a subsequent suit when the very point is presented for decision.** (emphasis added)

See also *Central Virginia Community v. Katz*, 126 S.Ct. 990, 996 (2006); *Jean v. Nelson*, 472 U.S. 846, 872 (1985); *Zenith Radio Corp. v. U.S.*, 437 U.S. 443, 462 (1978); *People of Puerto Rico v. Shell Co.*, 302 U.S. 253, 269 (1937); *Oska Shosen Kaisha Line v. U.S.*, 300 U.S. 98, 103 (1937); *Humphrey's Ex'r v. U.S.*, 295 U.S. 602, 627 (1935); *Myers v. U.S.*, 272 U.S. 52, 142 (1926); *Joplin Mercantile Co. v. U.S.*, 236 U.S. 531, 538 (1915); *Downes v. Bidwell*, 1982 U.S. 244, 258 (1901); *French v. Barber Asphalt Pav. Co.*, 181 U.S. 324, 367 (1901); *U.S. v. Wong Kim Ark*, 169 U.s. 649, 679 (1898); *Pollock v. Farmers' Loan & Trust Co.*, 157 U.S. 429, 574 (1895); *Leisy v. Hardin*, 135 U.s. 100, 135 (1890); *Carroll v. Carroll's Lessee*, 57 U.s. 275, 287 (1853). Therefore, the amended complaint is DENIED in total by Hymes.

Auchterlonie then impeaches her own pleading by stating in Docket 78-1 under her signature, ". . . allege ***relevant facts occurring after*** the original pleading [complaint] was filed." ***[Emphasis added]*** Auchterlonie continues with "Legal action regarding the assessments against Rita Hymes was not authorized until after the initial complain was filed."

Upon examination of the purported "Amended Complaint" at Docket 78, all of the purported Assessments concerning Rita Hymes, being ultimate facts with none of the fictional Assessments attached to support this allegation, are all prior dates, i.e. 04-09-2001 to 12-24-2001, to the filing of the original Complaint on June 3, 2005 to which a

*responsive pleading* was filed subsequently being an estoppel to any amended complaint. Perhaps the ghost writer or Auchterlonie should be provided a calendar, unless this Court overrules the sequence of dates in *this Court* as irrelevant.

Then Auchterlonie proceeds in her own pleading to change *relevant facts* to allegations.

No Tax Lien (sic) has been recorded against Rita MariNa Hymes since the June 3, 2005 filing date of the original complaint.

Auchterlonie purports to use Rule 15(d) with no essential facts provided to justify even the consideration of an amended complaint with the exceptions of impeaching her *ipse dixit* statements under her purported signature.

Auchterlonie chooses to use Rule 15(d) and then flaunts the Rule on the time to respond to a Complaint, being twenty (20) days in FRCP 12, which has application to a Complaint and the subsequent Answer being twenty (20) days. I find no FRCP that allots only 10 days unless on the motions. Auchteronie in her Motion of amended complaint, on Docket 77-1, has no time frame, but in Docket 77-2 in the proposed ORDER, there is a time frame slid slyly in said proposed ORDER.

Auchterlonie alleges no *known legal duty* for Rita MariNa Hymes or Donald Louis Hymes to be subject to any taxable liability with the IRS or any of the other fictional parties, being the UNITED STATES OF AMERICA and/or UNITED STATES and/or other entities not yet identified by the IRS or Judge Beistline.

"The existence of a known legal duty owed by a taxpayer is a question of law for the court", and this was held in *U.S. v. Pirro*, 96 F.Supp.2d 279, 283 (D.C. S.D. N.Y. 1999). *Affirmed in U.S. v. Pirro*, 212 F.3d 86 (2nd Cir. 2000).

See also *U.S. v. Ingredient Tech. Corp.*, 698 F.2d 88 (2nd Cir. 1983).

It would be very confusing to the jury to have opposing opinions of the law admitted into evidence involving a factual question for them to decide; and, if the tax law is uncertain, the indictment should be dismissed. This is a question of law for the Court. This is the pronouncement in the adjudged case of *U.S. v. Ingredient Tech. Corp.*, 698 F.2d 88 (2nd Cir. 1983), to wit:

> . . . it would be very confusing to a jury to have opposing opinions of law admitted into evidence as involving a factual question for them to decide. Indeed, as that dissent points out, the inevitable logic of the majority's decision in Garber is that if **the tax law is uncertain, the indictment should be dismissed. Questions of law are for the court.** United States v. Bronston, 658 F.2d 920, 930 (2d Cir.1981), cert. denied, ---U.S. ----, 102 S.Ct. 1769, 72 L.Ed.2d 174 (1982); Marx & Co. v. Diners Club, Inc., 550 F.2d 505, 509-10 (2d Cir.), cert. denied, 434 U.S. 861, 98 S.Ct. 188, 54 L.Ed.2d 134 (1977).

Hymes is still uncertain who the Plaintiff(s) is/are in this instant Case. Is it the UNITED STATES, as in "The United States" arising under the Constitution of the United States in which all Cases in Law and Equity arising under Article III exercising the judicial Power of the United States under the Authority of the United States, or is it something /someone else. See *Hooven & Allison Co. v. Evatt*, 324 U.S. 652, 671, 672 (1945).

Therefore for the ultimate facts and issues of law included in this opposition to, but not limited to, the amended complaint of Auchterlonie should be denied in total.

Further, it would seem that Judge Beistline would impose Rule 11 sanctions against Auchterlonie for proffering a bad faith motion to amend a complaint with no *relevant facts* attached that are even alleged after the filing date of the original complaint.

9/05/06                                                                 Respectfully Submitted,

**Donald Louis Hymes**                              **Rita MariNa Hymes**

## Certification of Service

I certify that a true and correct copy of this Reply was mailed first class to the following parties, to wit:

JENNIFER D. AUCHTERLONIE
Trial Attorney, Tax Div.
U.S. Department of Justice
P.O. Box 683
Ben Franklin
Washington, D.C. 20044
202-514-9593


DEBORAH M. SMITH
Acting United States Attorney
District of Alaska
Federal Bldg. & U.S. Courthouse
101 12th Avenue, Box 2
Fairbanks, Alaska 99701

Dated: 9/05/06

Rita MariNa Hymes