FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2006 OCT 12  PM 3: 57

Rita MariNa Hymes & Donald Louis Hymes
2340 Ravenwood
Fairbanks, Alaska
907-479-6922

**The United States of America**

**The United States**

**District Court of the United States**

**District of Alaska**


**UNITED STATES OF AMERICA**

**Plaintiff**

**v.**

**Donald L. Hymes;**
**Rita M. Hymes;**
**Zena D. Hymes and Charla Hymes, Trustees;**
**Sunshine Trust, Rita M. Hymes, Trustee;**
**Charla Hymes; Zena D. Hymes; and**
**Fairbanks North Star Borough**

**Defendants**


**A05-123-CV(RRB)**

**AMENDED Answer and Affirmative Defense**

*Comes now*, Rita MariNa Hymes and Donald Louis Hymes, without Assistance of

Counsel domiciled in the territorial boundaries of Alaska in this Court that does not have

cognizance of said Cases arising under Article III of the Constitution of the United States

in Law and Equity exercising the judicial Power of the United States under the authority

of the United States.

Rita MariNa Hymes (hereafter Hymes) is a *Naturalized* citizen of the United States of America, American citizen and was a Natural Born Native and citizen of the foreign state of Germany domiciled in the territorial boundaries of Alaska. ***Rita MariNa Hymes is not a "citizen of the United States"*** as used by Congress and the Internal Revenue Service.

Donald Louis Hymes is a citizen of the United States of America, American citizen, Natural Born Native and citizen of the foreign state of Maryland domiciled in the territorial boundaries of Alaska. ***Donald Louis Hymes is not a "citizen of the United States"*** as used by Congress and the Internal Revenue Service.

Hereafter in this Answer and Affirmative Defense, Rita MariNa Hymes and Donald Louis Hymes are known collectively as just "the Hymes."

## Answer and Affirmative Defense

1.    The Hymes are without sufficient knowledge to admit or deny the Plaintiff being the UNITED STATES OF AMERICA, and therefore deny same.  The Hymes have no knowledge of any assessments or tax liens under the Laws of the United States, and therefore deny same.

2.    The Hymes are without sufficient knowledge to admit or deny the relationship of the Attorney General of the United States, Chief Counsel of the Internal Revenue Service, and therefore deny same.

Under 26 U.S.C. § 7401, there are only two substantive regulations.  One is substantive regulation under the statutory authority of 26 U.S.C. § 7401 is 26 CFR § 403.26, which is only for seized forfeiture of ***personal property***.  This Complaint is for real property, so therefore  the Hymes deny 26 U.S.C. § 7401 for this substantive

regulation.

The second substantive regulation under the statutory authority of 26 U.S.C. § 7401 is 27 CFR § 70.191 is correct for a civil action, but it is only for ATF officers. The Internal Revenue Service can only administer regulations in Title 26 of the CFRs under 26 CFR § 601.101, and not in Title 27 of the CFRs. Therefore the Hymes deny 26 U.S.C. § 7401 and are without sufficient knowledge to admit or deny and therefore deny same.

Under 26 U.S.C. § 7403, there is one substantive regulation and it is 27 CFR § 70.192, being an "Action to enforce lien or to subject property to payment of tax." Only ATF Officers can enforce this substantive regulation and the Internal Revenue Service can only administer regulations in Title 26 of the CFRs under 26 CFR § 601.101, and not in Title 27 of the CFRs. Therefore the Hymes deny 26 U.S.C. § 7403 and are without sufficient knowledge to admit or deny and therefore deny same.

3.      The Hymes are without sufficient knowledge to admit or deny and therefore deny same.

4.      The Hymes do not reside within the District of Alaska *venue* or in "this judicial district" and any real property that the Hymes are the true owners of by any means is situated only within the territorial boundaries of Alaska, and therefore the Hymes are without sufficient knowledge to admit or deny and therefore deny same.

### Defendants

5.      The Hymes are domiciled in the territorial boundaries of Alaska, therefore the Hymes are without sufficient knowledge to admit or deny and therefore deny same.

6.      The Hymes are domiciled in the territorial boundaries of Alaska, therefore the Hymes are without sufficient knowledge to admit or deny and therefore deny same.

7.    The Hymes are mystified as Zena D. Hymes and Charla Hymes were dismissed by Beistline and this is proffered as an Amended Complaint, therefore the Hymes are without sufficient knowledge to admit or deny and therefore deny same.

8.    The Hymes are without sufficient knowledge to admit or deny and therefore deny same.

9.    The Hymes are without sufficient knowledge to admit or deny and therefore deny same.

10.    The Hymes are without sufficient knowledge to admit or deny and therefore deny same.

11.    Hymes are without sufficient knowledge to admit or deny and therefore deny same.

12.    The Hymes admit there is said real property as described situated in the territorial boundaries of Alaska.

13.    The Hymes admit to purchase of said real property to have a perfect legal title to same.

14.    The Hymes are without sufficient knowledge to admit or deny and therefore deny same.

15.    The Hymes are without sufficient knowledge to admit or deny and therefore deny same.

16.    The Hymes admit to the transfer of said real property.

17.    The Hymes are without sufficient knowledge to admit or deny, and there deny same.

18.    The Hymes are without sufficient knowledge to admit or deny and therefore deny

same.

19.     The Hymes are without sufficient knowledge to admit or deny and therefore deny

same.

20.     The Hymes are without sufficient knowledge to admit or deny and therefore deny

same.

21.     The Hymes are without sufficient knowledge to admit or deny and therefore deny

same.

22.     The Hymes are without sufficient knowledge to admit or deny and therefore deny

same.

23.     The Hymes are without sufficient knowledge to admit or deny and therefore deny

same.

24.     The Hymes are without sufficient knowledge to admit or deny and therefore deny

same.

25.     The Hymes are without sufficient knowledge to admit or deny and therefore deny

same.

26.     The Hymes are without sufficient knowledge to admit or deny and therefore deny

same.

27..     The Hymes are without sufficient knowledge to admit or deny and therefore deny

same.

28.     The Hymes are without sufficient knowledge to admit or deny and therefore deny

same.

29.     The Hymes are without sufficient knowledge to admit or deny and therefore deny

same.

30.     The Hymes are without sufficient knowledge to admit or deny and therefore deny same.

## Affirmative Defenses

1.     Rita M. Hymes  or RITA M HYMES is not the true name of Rita MariNa Hymes.

2.     Donald L. Hymes or DONALD L HYMES is not the true name of Donald Louis Hymes.

3.     Rita MariNa Hymes has no knowledge of being a citizen of the United States and denies same.

4.     Donald Louis Hymes has no knowledge of being a citizen of the United States and denies same.

5.     The USDC just uses "citizens of the United States" in violation  of the Seventh Amendment in the Bill of Rights of the Constitution of the United States and the Judiciary Act of 1789 where only citizens of one of the several States can participate in a Trial by Jury.

6.     No determination by the Secretary of the Treasury or his delegate as the term "delegate" is defined at 26 U.S.C. § 7701(a)(12)(A) of the status "taxpayer" has been provided to the Hymes. See requirement for the Secretary to publish implementing regulations for taxing and liability statutes at 26 U.S.C. § 6001; see also, "burden of proof" requirements for administrative agencies at 5 U.S.C. §§ 556(d) & (4).

7.     "Substantive regulations" only have the force and effect of law under the statutory authority of Congress and no substantive regulations are cited in the Complaint.  See *Chrysler v. Brown*, 441 U.S. 281 (1979) and no substantive regulations have been

alleged, therefore there is no allegation that has the force and effect of law against the Hymes.

8.      Under 26 U.S.C. § 7401, there are only two substantive regulations.  One is substantive regulation under the statutory authority of 26 U.S.C. § 7401 is 26 CFR § 403.26, which is only for seized forfeiture of **personal property**.  This Complaint is for real property,  therefore this Complaint has no application to the Hymes.

        The second substantive regulation under the statutory authority of 26 U.S.C. § 7401 is 27 CFR § 70.191 which is correct for a civil action, but it is only for ATF officers. The Internal Revenue Service can only administer regulations in Title 26 of the CFRs under 26 CFR § 601.101, and not in Title 27 of the CFRs.  Therefore 26 U.S.C. § 7401 has no application to the Hymes.

9.      Under 26 U.S.C. § 7403, there is one substantive regulation and it is 27 CFR § 70.192, being an "Action to enforce lien or to subject property to payment of tax."  Only ATF Officers can enforce this substantive regulation and the Internal Revenue Service can only administer regulations in Title 26 of the CFRs under 26 CFR § 601.101, and not in Title 27 of the CFRs. Therefore the Hymes deny 26 U.S.C. § 7403 in total.

10.     The USDC does not have cognizance of this class of Cases arising under Article III of the Constitution of the United States in Law and Equity exercising the judicial Power of the United States under the Authority of the United States by virtue of 28 U.S.C. §§ 1340 or 1345.

11.     The USDC may have jurisdiction  ". . . arising under any Act of Congress providing for internal revenue" (28 U.S.C. 1340), but the Hymes are subject only the "Laws of the United States" made under the authority of the United States in a "District

Court of the United States" having cognizance of said class of Cases in Law and Equity arising under Article III. See Constitution of the United States and the Judiciary Act of 1789. Congress can make "acts of Congress" (exclusive legislation), "laws of Congress" (acting as a national and state legislature - territories and possessions) or "Laws of the United States.

The USDC may have jurisdiction ". . . expressly authorized to sue by Act of Congress.", but the Hymes are subject only to the "Laws of the United States."

12.    The venue is improper, as the Hymes are domiciled in the territorial boundaries of Alaska, as is said real property.

13.    The Hymes have never been notified that either one are "taxpayers" by anyone, including the Secretary of Treasury or his delegate, even though it has been requested numerous times. This is expressly prohibited by 28 U.S.C. § 2201.

14.    The "Notice of Federal Lien" with the Name of the Taxpayer "SUNSHINE TRUST, R.M. HYNMES, TRUSTEE as nominee of DONALD HYMES" filed in the Fairbanks Recording District at 1648 S. Cushman Street Ste. 201 in Fairbanks, Alaska is unlawful and illegal, as the only substantive regulations are in Title 27 CFRs only for ATF issues, to wit:

Starting with the code sections listed on the front page of the Notice of Federal Tax Lien the following codes sections are 26 U.S.C. § 6321, 26 U.S.C. § 6322 and 26 U.S.C. § 6323.

There is only one substantive regulation for § 6321, which is under 27 CFR § 70.207 - Lien for taxes.

For § 6322 there is no substantive regulation whatsoever.

For § 6323 there are eleven (11) substantive regulations that are all found in Title 27 CFRs and one Title 26 procedural regulation, to wit:

a.    27 CFR § 70.143 - Definitions; and,

b.    27 CFR § 70.144 - Special rules; and,

c.    27 CFR § 70.145 - Purchasers, holders of security interests, mechanic's lienors, and judgment lien creditors; and,

d.    27 CFR § 70.146 - 45-day period for making disbursements, and,

e.    27 CFR § 70.147 - Priority of interest and expenses; and,

f.    27 CFR § 70.148 - Place for filing notice; form; and,

g.    27 CFR § 70.149 - Refiling of notice of tax lien; and,

h.    27 CFR § 70.231 - Protection for certain interests even though notice filed; and,

i.    27 CFR § 70.232 - Protection for commercial transactions financing agreements; and,

j.    27 CFR § 70.233 - Protection for real property construction or improvement financing agreements; and,

j.    27 CFR § 70.234 - Protection for obligatory disbursement agreements; and,

l.    Treas. Reg. T. 26, Ch I, Subch. F, Pt. 301, Refs & Annotations, being § 301.6323(f)-(1)(c), (Form and Content of Notice), this being a procedural regulation that does not define the taxable activity nor the source of the income.

Therefore there is no application or any force and effect of law under the Notice of Federal Tax Lien concerning the Hymes.

15.    The "Notice of Federal Lien" with the Name of the Taxpayer "DONALD HYMES" with the serial number of 230553005, which was filed in the Fairbanks Recording District in Fairbanks, Alaska is unlawful and illegal as the only substantive regulations are in Title 27 CFRs only for ATF issues, to wit:

Starting with the code sections listed on the front page of the Notice of Federal Tax Lien the following codes sections are 26 U.S.C. § 6321, 26 U.S.C. § 6322 and 26 U.S.C. § 6323.

There is only one substantive regulation for § 6321, which is under 27 CFR § 70.207 - Lien for taxes.

For § 6322 there is no substantive regulation whatsoever.

For § 6323 there are eleven (11) substantive regulations that are all found in Title 27 CFRs and one Title 26 procedural regulation, to wit:

a.    27 CFR § 70.143 - Definitions; and,

b.    27 CFR § 70.144 - Special rules; and,

c.    27 CFR § 70.145 - Purchasers, holders of security interests, mechanic's lienors, and judgment lien creditors; and,

d.    27 CFR § 70.146 - 45-day period for making disbursements, and,

e.    27 CFR § 70.147 - Priority of interest and expenses; and,

f.    27 CFR § 70.148 - Place for filing notice; form; and,

g.    27 CFR § 70.149 - Refiling of notice of tax lien; and,

h.    27 CFR § 70.231 - Protection for certain interests even though notice filed; and,

i.    27 CFR § 70.232 - Protection for commercial transactions financing

agreements; and,

j.      27 CFR § 70.233 - Protection for real property construction or improvement financing agreements; and,

j.      27 CFR § 70.234 - Protection for obligatory disbursement agreements; and,

l.      Treas. Reg. T. 26, Ch I, Subch. F, Pt. 301, Refs & Annotations, being § 301.6323(f)-(1)(c), (Form and Content of Notice), this being a procedural regulation that does not define the taxable activity nor the source of the income.

Therefore the Notice of Federal Tax Lien has no application to the Hymes.

16.      The IRS, Michael Walsh (hereafter "Walsh") and various IRS agents/officers have violated the Title 26 CFRs, Title 5 U.S.C. §101 *et seq.*, in particular 5 U.S.C. §552(a)(1), and various Code sections of Title 26 within the United States Code, including but not limited to the following:  §1 - Tax Imposed; and,  §32 - Earned Income; and, §61 - Gross Income; and, §861 - Sources of Gross Income; and, §3401 - Wages; and, §6201 - Assessment; and, §6203 - Method of Assessment; and, §6301 - Collection Authority; and, §6321 - Lien for Taxes; and, §6322 - Period of Lien; and, §6323 - Validity and Priority Against Certain Persons; and, §6331 - Levy and Distraint; and, §6332 - Surrender of Property; and, §6334 - Property Exempt from Levy; and, §6343 - Release of Levy and Notice of Release; and, §6601 - Interest; and, §6651 - Penalties; and, §6702 - Frivolous Income Tax Return.

Walsh (and other) has violated state law, as no judgment or abstract of judgment is found on the back of the Notice of Federal Tax Liens being Form 668(Y)(c), filed at the Fairbanks, Alaska Recording District.  Walsh (and others) has violated (©AS 09.30.200 *et*

*seq.*) as there is no judgment registered in Alaska pursuant to the Foreign Judgments Act.

17.    Congress has set forth explicit mandates for agencies and their employees that require performance to fulfill ministerial duties in an official capacity. Walsh (and others) refuses to acknowledge and abide by these mandates and intentionally performs actions outside his delegated scope of employment to deny the Hymes their constitutional rights to due process.   The IRS agency condones these practices and allows its agents to conspire amongst themselves, and with private employers, to confiscate property without due process or court judgment.

No formal introduction of the public records, including rules and regulations, are required, and the courts of the United States are to take judicial notice.  This court shall take judicial Notice of each of the substantive regulations and USC sections mentioned herein including all other public records. See *Caha v. United States*, 152 U.S. 211, 221-222 (1894); *U.S. v. Heschmaker*, 63 U.S. 392, 405 (1859); *Armstrong v. United States*, 80 U.S. 154, 156 (1871); *Jones v. U.S.*, 137 U.S. 202,  212, 214  (1890); and *Lilly v. Grand Trunk Western R. Co.*, 317 U.S. 481, 488  (1943).

It is always appropriate to assume that our elected representatives and others in the government, like other citizens, know the law.  See *Cannon v. University of Chicago*, 441 U.S. 677, 696-697 (1979).

Congress has under the APA in 5 U.S.C. §500 *et seq.,* and in particular the unambiguous public record of 5 U.S.C. §552(a)(1), imposed requirements upon all agencies of the United States to use *substantive regulations that have the force and effect of law plus the statutory authority of Congress to be published for each substantive regulation*, **which the IRS and its agents have not adhered to in this instant Case.** Walsh (and others) has intentionally violated the procedures as set forth by Congress. on-point for the issues before garnishment actions commenced, which they ignored.

The IRS is an ***Agency*** as stated in 26 CFR §601.101(a), being a regulation of the IRS, with the addition that all of Title 26 regulations of the CFRs are completely under the authority of the IRS (see 1 CFR §22.1).  The IRS acknowledges within 26 CFR §601.101 that its regulations relating to the taxes administered by the service ***should only*** **be contained in Title 26** *of the CFRs.*

There are three types of regulations *all mixed together* in the CFRs, being the following, to wit:

1.  ***Substantive regulations,*** "various" in number, (found in Part 1 - *Income Tax Regulations*; Part 20 - *Estate Tax Regulations*; and Part 31 - *Employment Tax Regulations*; See 26 CFR §601.702(a)(1)(ii)); and,

2.  *Interpretative regulations,* (found in Part 601 - *Statement of Procedural Rules*; See 26 CFR §601.702(a)(1)(ii)); *and,*

3.  *Administrative regulations,* (found in Part 301 - *Procedure and Administrative Regulations*; See 26 CFR §601.702(a)(1)(ii)).

Congress clearly mandates all of these three types of regulations to be published in the Federal Register under 5 U.S.C. §552(a)(1), but the ***substantive regulations have a unique procedure to be followed.*** Substantive regulations must include a comment period that is not required of the other two types of regulations, thereby invoking the participation of the public whose ***rights shall be affected.***

And further, Congress has mandated in 5 U.S.C. §552(a)(1)(D), that of the three types of regulations used, ***<u>only</u> the substantive rules must be published under the statutory authority of Congress,*** to wit: "Substantive rules of general applicability adopted as authorized by law."

In order to identify the ***substantive regulations*** from the remaining two types of regulations mixed helter-skelter in the CFRs, the ***substantive regulations*** must contain the statutory authority in parenthesis at the bottom of the text or in narrative form within the text.. This is clearly mandated and stated in 1 CFR §22.2, which applies to all agencies. See also 1 CFR §8.5, 1 CFR §21.40, 1 CFR §21.52, and 1 CFR §22.

This type of regulation, being a ***substantive regulation*** with it's statutory authority of Congress, is **the only regulation** that has ***force and effect of law***, is held in *Chrysler Corp. v. Brown*, 441 U.S. 281, 295-296, 301-303 (1979).

When there is no Notice (publishing) of the ***substantive regulation*** with the Code section authorizing it, ***no obligation, duty or right of*** the Hymes ***can be affected.*** See 5 U.S.C. §552(a)(1), 26 CFR §601.702(a), and *Morton v. Ruiz*, 415 U.S. 199 (1974); *United States v. Caceres*, 440 U.S. 741, 752 (1979); *Alcaraz v. I.N.S.*, 384 F.3d 1150,

1162 (9th Cir. 2004);  *Yesler Terrace Community Council v. Cisneros*,  37 F.3d 442, 448 (9th Cir. 1994);  and *Sherman v. Yakahi*, 549 F.2d 1287, 1292 (9th Cir. 1977).

The Parallel Table of Authorities (hereafter "PToA") is a partial attempt to document Code sections with corresponding ***substantive regulation(s)***, but it clearly states at the beginning of the PToA that the table cannot be relied upon as "all-inclusive." Therefore, even as this is a very general guide to discern the Code Sections with their respective ***substantive regulations***, the PToA is not a reliable source of Notice required by Congress as it is incomplete.   Incidentally, there is not one complete table of the substantive regulations with their Statutory Authorities published in the CFRs to satisfy the mandatory Notice requirements under the unambiguous language of 5 U.S.C. §552(a)(1) and 26 CFR §601.702(a).

*Therefore,* with Congress' unambiguous mandatory procedure requirements upon the IRS agency not being adhered to by IRS agents/employees, any agency enforcement actions by the use of ***non-substantive*** regulations ***are void*** and an agency's failure to comply with rulemaking requirements of the APA ***is fatal.***  See *State of Ohio DHS v. U.S. DHHS*, 862 F.2d 1228, 1237 (1988) and *Pickus v. United States Bd. of Parole*, 507 F.2d 1107, 1114 (D.C.Cir.1974).

*Therefore*, Walsh (and others), being bound under the APA, under the unambiguous language of 5 U.S.C. §552(a)(1), under 26 CFR §601.101, and under 26 CFR §601.702(a),  acting as agent and/or officer of the IRS *agency,* is ***mandated to only use substantive regulations*** with the appropriate statutory authority of Congress ***for any obligation or duty to be imposed*** upon the Hymes or for any right of the Hymes to be affected.  By not adhering to the explicit and unambiguous mandate of Congress as stated in the APA and elsewhere, Walsh (and others) has exceeded the scope of his employment and any delegated authority from the Commissioner of the Internal Revenue Service. Simply, he has violated the Congressional procedures imposed upon them.  Without the Hymes having Notice of each and every ***substantive regulation with their respective statutory authority*** from  Walsh (and others) ***then <u>no obligation, duty, or right can be affected of  the Hymes</u>*** under the unambiguous language of 5 U.S.C. §552(a)(1), 26 CFR §601.101, 26 CFR §601.702(a) and *Chrysler, supra.*

This court is to give effect to the intent and mandate of Congress. Regardless of how serious a problem that an administrative agency seeks to address, it cannot operate in any manner inconsistent with the APA, and the reviewing Court must give effect to the intent of Congress. See *Food and Drug Administration v. Brown & Williamson tobacco Corp.*, 529 U.S. 120, 125-126 (2000). And further, ***if the intent of Congress is clear,*** that is the end of the matter for the agency and the court. ***The court must give effect to the explicit intent of Congress.*** See *Chevron, U.S.A., Inc v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842 (1984). In the holding of *Adams v. Nagle*, 303 U.S. 532, 542 (1938) it is stated that a statute (APA) which vests no discretion in an executive officer (IRS employee) concerning his actions, ***the court will give immediate effect to compel*** him or refrain him from acting (Injunctive relief).

The only power of any agency is that ***authorized by law,*** such as that authorized by the APA, and the power delegated by *the authority of Congress* in an Act of Congress. To administer a federal statute and to prescribe rules and regulations is not the power to make law. A regulation which does not carry into effect the will of Congress, is a mere nullity. See *Manhattan General Equipment Co. v. C.I.R.*, 297 U.S. 129, 134 (1936), also *Dixon v. United States*, 381 U.S. 68, 74-75 (1965), and *Bowen v. Georgetown University Hospital*, 488 U.S. 204, 208 (1988).

Property shall not be seized **without due process of law** and to waive a constitutional right in the civil area cannot be presumed. Establishing the validity of the underlying claim against the alleged debtor is required before he can be deprived of his property. See *Fuentes v. Shevin*, 407 U.S. 67, 95, 97 (1972). The deprivation of any constitutional right (the Hymes' right to due process) is so basic to this society that such a deprivation constitutes ***irreparable harm*** and no further showing of ***irreparable injury*** is necessary. See *Brewer v. The West Irondequoit Centeral School District*, 32 F. Supp.2d 619, 625 (1999) and *Parker v. Winnipiseogee Lake Cotton and Woolen Co.*, 67 U.S. 545, 551 (1862).

The courts are bound by all decisions of the Supreme Court of the United States. See *Agostini v. Felton*, 521 U.S. 203, 237-238 (1997) and *State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997) - "it is this Court's prerogative alone to overrule one of its precedents."

310, 327(1890) and; *United States v. Germaine*, 99 U.S. 508(1878).   Walsh (and others) is a mere employee without an Office or Duties, as no statute has created an Office for him to exercise executive Power.  In *Burnap v. United States*, 252 U.S. 512, 516-517 (1920), it was held that if no statute creates an office and the duties of said Office, that person is not an inferior Officer.  And further in *Burnap*, the distinction between an inferior officer and employee rests upon the creation of their position, duties, and appointment and not on the character or qualifications of the service.  See also *Scully v. United States*, 193 F. 185, 187-189 (Cir. Ct, D. Nev. 1910); *U.S. v. Mouat*, 124 US 303 and *U.S. v. Smith*, 124 US 525.

*Therefore*, as no IRS agent is an "officer of the United States" or an Inferior Officer and none have an office with duties and powers created by law arising under the Constitution of the United States in Article 2, section 2, clause 2, then Walsh (and others) cannot  lawfully execute any statute alone without following the mandatory and explicit instructions found in the APA. Walsh (and others) does not exercise any executive Power of the United States.  It is a misconception that the Department of the Treasury ("DoT") is part of the executive branch as it is clearly stated in 5 USC §105 and §101 that *the DoT is an agency*.  Rule by agency directive alone is not a constitutional government, which is why the principles set forth in the APA and *Chrysler, FDA, Chevron, Fuentes, Pomponia, Grupo, Buckley and Burnap, supra.* are paramount to the protection of fundamental rights for the American public under the Constitution of the United States.

By not adhering to the mandate of Congress, the IRS and its employees are attempting to perform as a government unto themselves, which is outside their official scope of employment and in violation of the unambiguous mandate of the APA. *Agencies are not the constitutional Government* - their existence is completely under the control of Congress' authority and said *delegation of authority* must be shown in each substantive regulation to have **force and effect in law**.

The Hymes have been suffering, and continue to suffer numerous legal wrongs because of the unlawful actions of Walsh  (and others) , by the filing of bogus Notices of Federal Tax Liens; forced into inquisitorial conversations with Walsh (and others); received  numerous  threats,  fraudulent  letters  and  other  documents  without  ONE

Walsh (and others) has both **refused**, even after receiving numerous correspondences requesting information concerning his congressional obligation *to disclose any substantive regulation under the authority of Congress for any of their actions* and to date he has not disclosed even one regulation of any type! His and other agents' silence is considered evidence of acquiescence as stated in the adjudged decision of *Baxter v. Palmigiano*, 425 U.S. 308, 319 (1976). See also *U.S. ex rel. Vajtauer v. Commissioner of Immigration at Port of New York*, 273 U.S. 103, 111 (1927) and *U.S. v. Bilokumsky*, 263 U.S. 149, 153, 154 (1923), ("Conduct, which forms a basis for inference is evidence. Silence is often evidence of the most pervasive character"); *Kirby v. Tallmadge*, 160 U.S. 379, 383 (1896), (the party omitting to produce evidence in elucidation of subject matter in dispute frequently affords occasion for presumptions against him, since it raises a strong suspicion that such evidence, if adduced, would operate to his prejudice). It is considered *fraud* where there is a duty to answer. See *United States v. Prudden*, 424 F2d. 1021 (1970) at 1032; cert. denied 400 U.S. 831.

The Hymes proffer the *unambiguous* intent of Congress contained in the public records of the U.S.C. and the C.F.R.s that create a *legal duty by operation of law* to pay an income tax under the Laws of the United States. For "legal duty" see *Riddell v. Peck-Williamson Heating & Ventilating Co.*, 69 P. 241, 243 and *Ferrell v. Haas*, 220 S.E.2d 771, 773 (1975). In *United States v. Pomponia*, 429 U.S. 10, 12 (1976), it was clearly held that to be prosecuted for "willful" failure to file, there must be some *legal duty* to file. The unambiguous *legal duty* for the Hymes is created only under the APA in 5 U.S.C. §552(a)(1) and in particular (D), and then (E), by an *agency* (IRS) *only* (see 26 CFR §601.701), which absolves the Hymes of any legal effect upon them if not found as a substantive rule, i.e. a *substantive regulation* published in the CFRs. There are none that Walsh (and others) can or will produce.

Walsh, including all other IRS agents discussed herein, attest to on their respective Form 61, Appointment Affidavits, that they are indeed "an employee of the Government of the United States". By decision of the Supreme Court of the United States in *Buckley v. Valeo*, 424 U.S. 1, 125 (1976), it was clearly held that "officers of the United States" do not include "employees of the United States." See also *Auffmordt v. Hedden*, 137 U.S.

substantive regulation from Walsh (and others); and have been denied due process of law by the taking of property and/or the filing of notices of liens without a court judgment.

   ***Furthermore***, Walsh's (and others) actions are arbitrary, capricious, an abuse of discretion, not in accordance with law, contrary to constitutional secured rights of the Hymes, in excess of statutory jurisdiction, in excess of statutory authority and without observance of the procedure required by law (Congress). See 5 USC §706.

18.    The IRS agency must use regulations relating to taxes contained in only Title 26 of the CFRs as found in the public record of 26 CFR §601.101(b); that the IRS is required state separately and publish regulations as required under 5 U.S.C. §552(a)(1) and 26 CFR §601.702(a); that all regulations having *general applicability and legal effect* are to be published in the Federal Register and Code of Federal Regulations as stated in the public records of 1 CFR §1.1, 1 CFR §2.5, 1 CFR §5.2, 1 CFR §5.9, 1 CFR §8.1, and 44 U.S.C. §1505; and that when the regulations are published they must cite the statutory authority as found in the public records of 1 CFR §8.5, 1 CFR §21.40, 1 CFR §21.52, and 1 CFR §22.2.

19.    The IRS is to publish in the Federal Register various *substantive regulations* under the Internal Revenue Code of 1986 such as the regulations in part 1 (Income Tax Regulations), the regulations in part 20 (Estate Tax Regulations), the regulations in part 31 (Employment Tax Regulations), the regulations in part 301 (Procedure and Administrative Regulations) and those rules (regulations) set forth in Part 601 (Statement of Procedural Rules) as found in 26 CFR §601.702(a)(1)(ii).

20.    Contained in 26 CFR § 601.702(a), there are three types of substantive regulation tables; substantive regulations for part one (Income tax regulations); substantive regulations for part 20 (Estate regulations); and substantive regulations for part 31

(Employee tax regulations).

The Hymes have attached the following as an affirmative defense to which the Hymes have relied , being the following, to wit:

    a.     Treas. Reg. T. 26, Ch. I, Subch. A, Pt. 1 for part 1, being **Exhibit 1**;

    b.     Treas. Reg. T 26, 301.6109-1,  being **Exhibit 2**

    c.     Treas. Reg. T. 26, Ch. I, Subch. B, Pt. 20 for part 20, being **Exhibit 3**;

    d.     Treas. Reg. T. 26, Ch. I, Subch. C, Pt. 31 for part 31, being **Exhibit 4.**

21.    The UNITED STATES OF AMERICA has failed to state a claim upon which relief can be granted in a Court of the United States arising under Article III of the Constitution of the United States in Law and Equity exercising the judicial Power of the United States under the authority of the United States in a District Court of the United States that has cognizance of this class of Cases.

22.    The UNITED STATES OF AMERICA has not alleged any "legal relationship" between the itself and the Hymes.

23.    The Internal Revenue Service is not part of the lawful government of the United States arising under the Constitution of the United States as lawfully amended by the qualified Electors of the several States.

24.    Walsh (and others) is not an Officer of the United States lawfully appointed and sworn in as a public officer of the United States.

25.    The Hymes have relied upon the adjudged decisions and opinions of the Supreme Court of the United States arising under Article III in Law and Equity of the Constitution of the United States and the Judiciary Act of 1789 for the class of cases and controversies.

26.    The United States Department of Justice is an Agency under the unambiguous language of 5 U.S.C. § 105, and can not represent another agency being the IRS. See 26 CFR § 601.101.

27.    The Hymes reserve the right to add other affirmative defenses as Hymes is without Assistance of Counsel.

28.    All of the alleged taxes are using the alleged Social Security Number(s) of RITA HYMES and/or RITA M HYMES, being "574142705" as a taxpayer ID (IRS individual taxpayer identification number); and/or the alleged Social Security Number of DONALD HYMES and/or DONALD L HYMES, being "218303597" as a taxpayer ID (IRS individual taxpayer identification number). A Social Security number can not be used as a taxpayer number unless you are a alien individual. See 26 CFR § 301.6109-1(a)(1)(ii) and 26 CFR § 301.6109-1(d)(3), being **Exhibit 2**.

29.    The Hymes are not alien individuals, non-resident aliens, or any other type of aliens to the constitutional Republic wherein the Hymes are domiciled.

30.    The law must be known and definite, and no Law of the United States that is known and definite has been even alleged by the UNITED STATES OF AMERICA.

31.    In this known and definite law, there must be a legal duty established, and no legal duty has even been alleged by the UNITED STATES OF AMERICA.

32.    This known and definite law that establishes this legal duty must be known by the Hymes and none has ever been alleged by the UNITED STATES OF AMERICA, and the Hymes have no knowledge of any known legal duty.

33.    The following signatures are for all capacities that are lawful within any of the several States including any capacity for a trustee of any trust or for any beneficiary of

any trust or in his/her personal capacity as in this instant Case under the Laws of the

United States for citizens of the several States.

Dated this    11th        day of October, 2006

My Hand,

Donald Louis Hymes

My Hand,

Rita MariNa Hymes

**Certification**

This document and said attachments have been
mailed first class via USPS to the following parties,
to wit:

Deborah M. Smith
Acting United States Attorney
District of Alaska
Federal Bldg. & U.S. Courthouse
101 12th Avenue, Box 2
Fairbanks, Alaska 99701
907-456-0245

Jennifer D. Auchterlonie
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
202-514-9593 phone
202-307-0054 fax

Date :  October 12 th,, 2006

Rita MariNa Hymes