# EXHIBIT A

Donald Louis Hymes
Rita MariNa Hymes
2340 Ravenwood Avenue
Fairbanks, Alaska



JENNIFER D. AUCHTERLONIE
Trial Attorney, Tax Division
P.O.Box 683
Ben Franklin Station
Washington, DC 20044
Fax: 202-307-0054
e-mail: Jennifer D. Auchterlonie@usdoj.gov

November 6, 2006

Re.: UNITED STATES v. Donald Hymes, et al.
　　　Civil No. A05-0123-CV (RRB) USDC ALASKA

Dear Ms. Auchterlonie,

This is in regards to the above referenced case, and the court ordered Scheduling and Planning Report.
Hereto attached is a copy of that report.

We do not feel that a meeting is necessary, as all issues are addressed. If you do feel the need to contact us, please do so by e-mail (dorih@gci.net), fax- 907 479-6922 or phone 907-479-6922.
Mr. Hymes will be out of town until tomorrow evening and Mrs. Hymes will only be available Wednesday morning between 9 and 10:30 Alaska time- should you wish to call.

Due to time constraints, this communication is e-mailed and faxed to you, with a hard copy through the mail

Rita MariNa Hymes

Donald Louis Hymes

Rita MariNa Hymes & Donald Louis Hymes
2340 Ravenwood
Fairbanks, Alaska
907-479-6922

The United States of America

The United States

District Court of the United States

District of Alaska

UNITED STATES OF AMERICA

*Plaintiff*

v.

Donald L. Hymes;
Rita M. Hymes;
Zena D. Hymes and Charla Hymes, Trustees;
Sunshine Trust, Rita M. Hymes, Trustee;
Charla Hymes; Zena D. Hymes; and
Fairbanks North Star Borough

*Defendants*

A05-123-CV(RRB)

**SCHEDULING AND PLANNING REPORT**

1.  **Meeting.** In accordance with F.R. Civ. P. 26(f), Rita MariNa Hymes and Donald Louis Hymes (hereafter "Hymes") do not foresee that a meeting is required as the issues are set forth as follows for the Hymes:

Jennifer D. Auchterlonie       Attorney for Plaintiff - UNITED STATES OF AMERICA

Rita MariNa Hymes              Defendant, *in propria persona*

2. **Pre-Discovery Disclosures.** The information required by F.R.Civ..P. 26(a)(1):

Pre-discovery disclosure will be exchanged by the parties by November 22, 2006.

Proposed changes to disclosure requirements require all documents to support the purported Claim of the UNITED STATES OF AMERICA, including but not limited to:

1. Documents disclosing who UNITED STATES OF AMERICA really is and the Law of the United States or Constitution of said UNITED STATES OF AMERICA; and,

2. Certified copies of the assessments under 23C of the Claims against the Hymes; and,

3. Documents disclosing the Law of the United States that is clear and definite on the issues of taxable liability imposed upon the Hymes to the UNITED STATES OF AMERICA and the IRS; and,

4. Documents that impose a legal duty by the clear and definite law upon the Hymes for a taxable liability to the UNITED STATES OF AMERICA and the IRS; and,

5. The taxpayer status determination documents that the Hymes are "taxpayers" subject with a legal duty to the IRS and UNITED STATES OF AMERICA.

6. Documents that the Hymes are "citizens of the United States."

7. As Congress shall lay and collect all taxes, documents disclosing Congress officers that are under Congress to collect said internal revenue taxes.

8. Documents disclosing that the IRS agents/officers are bona fide inferior Officers of the United States arising under Article 2 Section 2 Clause with an Office created by law and appointment documents, i.e. civil commissions.

9. Documents that disclose the contracts and other arrangements that allow

Auchterlonie to represent UNITED STATES OF AMERICA, including under the Professional Code of Conduct of the particular STATE that she purports to be a member of the Bar, including documents that she is in fact a qualified Attorney-at-law, or Counsellor-at-law.

10. Documents listing the substantive regulations that support the legal duty for the Hymes to have a taxable liability under 26 U.S.C. § 6011.

11. Documents listing the specific form required for the Hymes to purported file not being "citizens of the United States" to pay said internal revenue taxes, being Laws of the United States.

12. All documents that all of the Due Process of Law elements were followed by the UNITED STATES OF AMERICA and the IRS in this instant Case.

13. Founding Documents of the IRS and UNITED STATES OF AMERICA.

14. Documents disclosing whether the UNITED STATES OF AMERICA is exercising the executive Power of the United States or legislative Power of the United States or judicial Power of the United States.

15. Documents disclosing whether the IRS is exercising the executive Power of the United States or legislative Power of the United States or judicial Power of the United States.

16. Documents that authorize UNITED STATES OF AMERICA to represent United States.

17. The true names of the "taxpayers" in this instant case.

18. Documents that establish the Taxpayer Identification Number as a Social Security Number of each of the Hymes.

19.  Documents that establish the Hymes established a Social Security Number in their true names.

20.  Documents that establish that the IRS's relationship with the Social Security Act of 1935 (49 Stat. 620 as amended) and their authority to collect taxes from the Hymes.

21.  Documents that in a Court of the United States arising under Article III in all Cases in Law and Equity exercising the judicial Power of the United States under the Authority of the United States that a Judgment has been entered into the record concerning the Notice of Federal Tax Lien.

22.  Documents that establish and support the Notice of Tax Lien with the substantive regulations in support thereof.

23.  Under the statutory authority of Congress disclose the substantive regulations used to create the legal duty having the force and effect of law that create a taxable liability against the Hymes. See 5 U.S.C. § 552, 26 CFR § 601.101, and 26 CFR § 601.702.

24.  Documents that establish that the Hymes consented to the use a SSN as Taxpayer ID number.

25.  Documents that establish that the Hymes knowingly and intelligently have waived all of their fundamental rights to have Social Security federal benefit.

26.  Documents that establish that the Hymes have consented to 42 U.S.C. § 1988 USDC jurisdiction of "citizen of the United States" under the Revised Statutes of 1878, including Title 13 section 722 (judiciary) and Title 24 ("citizens of the United States") and then in 1948 taken out of Title 28 of the 1940 Code and put into 42 U.S.C. §

1988 for all *civil and criminal matters for "citizens of the United States."*

3. **Contested Issues of Fact and Law.**

Including #2 - **Pre Discovery Disclosures,** *supra.*, but not limited to #2 - **Pre Discovery Disclosures** *supra.*

4. **Discovery Plan.**

   A. Discovery will be needed for the issues of #2 - **Pre Discovery Disclosures.**

   Auchterlonie may not state as fact that the Hymes are "taxpayers" with no ultimate facts in evidence.

   B. All discovery commenced in time to be completed by March 15, 2007 ("discovery close date") unless required to be extended due to litigation or appeals to force disclosure by the UNITED STATES OF AMERICA.

   C. Limits on Discovery.

   1. Interrogatories.

   No change in F.R.Civ.P. 33(a).

   2. Requests for Admissions.

   No limit on the number of Admissions as this is a complex Case with many essential elements.

   3. Depositions.

   ***Rule 36(a)(d) isn't Depositions - ?***

   10 Depositions with maximum of 3 hours per deposition.

   D. Reports from retained experts.

   Not later that 90 days before the close of discovery subject to F.R.Civ.P. 26(a)(2)(C).

E.  Supplementation of disclosures and discovery responses are to be made:

As new information is acquired, but not later than 60 days before the close of discovery.

F.  A final witness list, disclosing all lay and expert witnesses whom a party may wish to call at trial, will be due:

Not later that February 14, 2007.

5. **Pretrial Motions.**

No change from D.Ak.LR 16.1(c) as long as no waiving of fundamental rights is involved.

6. **Other Provisions:**

A.  The parties do not request a conference with the court before the entry of the scheduling order.

B.  This matter is not considered a candidate for court-annexed alternative dispute resolution.

C.  The Hymes do not consent to a trial by jury before a magistrate judge, but insist upon a Trial by Jury by a Officer of the United States arising under Article III in all Cases in Law and Equity exercising the judicial Power of the United States under the Authority of the United States.

D.  Compliance with the Disclosure Requirements of F.R.Civ.P.7.1.

UNITED STATES OF AMERICA or United States have not disclosed if they are the lawful government arising under the Constitution of the United States or some other entity, as therefore this must be disclosed under the signature of someone authorized with reference to some Law of the United States.

7. Trial by Jury.

    A. Not later that June 18, 2007 depending on issues and fact that may not have been disclosed and up on appeal.

    B. This "Case" is expected to take 2-3 days.

    C. Trial by Jury is demanded by a jury of the Hymes peers that are not "citizens of the United States", but citizens of the several States.

Dated:    November 6, 2006

    NELSON P. COHEN
    United States Attorney

---

JENNIFER D. AUCHTERLONIE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044
202-514-9593 phone
202-307-0054

Attorney for UNITED STATES OF AMERICA

---

Donald Louis Hymes
*in propria persona*

---

Rita MariNa Hymes
*in propria persona*