NELSON P. COHEN
United States Attorney
District of Alaska
Federal Bldg. & U.S. Courthouse
101 12th Avenue, Box 2
Fairbanks, Alaska  99701
Telephone: (907) 456-0245

JENNIFER D. AUCHTERLONIE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044-0683
Telephone: (202) 514-9593
Facsimile: (202) 307-0054
Email: Jennifer.D.Auchterlonie@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Civil No. A05-0123 CV (RRB) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | UNITED STATES' MOTION TO |
| | ) | COMPEL |
| DONALD L. HYMES; RITA M. HYMES; | ) | |
| AURORA TRUST, ZENA D. HYMES | ) | |
| AND CHARLA HYMES TRUSTEES; | ) | |
| SUNSHINE TRUST, RITA M. HYMES | ) | |
| TRUSTEE; ZENA D. HYMES; CHARLA | ) | |
| HYMES; AND FAIRBANKS NORTH | ) | |
| STAR BOROUGH | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

2305425.1

- 2 -

CERTIFICATION OF ATTEMPT TO CONFER

The United States of America, by and through its undersigned counsel, hereby certifies pursuant to Local Rule 37.1 that the undersigned counsel attempted to confer with defendants Donald L. Hymes and Rita M. Hymes in an effort to secure their compliance in this matter without court action.  In that regard, the undersigned counsel sent defendants a letter via FedEx on February 28, 2007, informing them of the insufficiency of their discovery responses and requesting that defendants contact said counsel to discuss this matter.  On March 2, 2007, defendant Rita M. Hymes responded via e-mail to the United States' letter, stating that a telephonic conference was not possible because her husband is hearing impaired.  While the letter indicated a willingness to confer further in writing, it did not indicate any willingness to provide sufficient responses to the United States' discovery requests, and, based on defendants' conduct throughout this matter, counsel for the United States concluded that no further written communication would be necessary or helpful on this issue.

MOTION TO COMPEL

The United States of America, by and through its undersigned counsel, hereby moves the Court for an order compelling defendants Donald L. Hymes and Rita M. Hymes to respond to the discovery requests properly served upon them in this matter.  In support of its motion, the United States respectfully submits the following:

1. Background

On January 18, 2007, the United States served via FedEx and First Class Mail separate sets of requests for admission, interrogatories, and requests for production of documents upon

- 3 -

each of the defendants Donald L. Hymes and Rita M. Hymes (collectively, the United States'
discovery requests).  True and correct copies of the United States' discovery requests served
upon Donald L. Hymes and Rita M. Hymes are attached as Exhibits A and B, respectively.

In accordance with the Federal Rules of Civil Procedure, defendants' responses to the
United States' discovery requests were due to be served on February 20, 2007.  *See* Fed. R. Civ.
P. 6(e), 33(b)(3), 34(b), 36(a).

On February 21, 2007, defendants served their responses to the United States' discovery
requests.  True and correct copies of the responses of Donald L. Hymes and Rita M. Hymes are
attached as Exhibits C and D, respectively.  As set forth below, those responses are entirely
deficient, and the United States seeks an order of the Court compelling defendants to provide
proper responses to the United States' discovery requests.

2.  The Responses Served by Donald L. Hymes

With respect to the United States' requests for admission, the responses served by Donald
L. Hymes is confusing in a number of respects.  First, there is no response to Requests for
Admission 2-4.  Although those requests should simply be deemed admitted pursuant to Fed. R.
Civ. P. 36(a), it appears that the response may be missing a page; thus, it is possible that
responses to those requests were written but were mistakenly left out when the responses were
mailed.

Second, the responses of Mr. Hymes to each of the remaining requests for admission are
wholly insufficient.  Requests 1-9 deal with the federal tax liabilities that have been assessed
against Mr. Hymes for the periods at issue in this case.  Mr. Hymes stated he does not have

- 4 -

sufficient information to admit or deny the amount of his federal tax liabilities because the

government has not provided him with a Form 23C.  That is not a valid reason to refuse to admit

or deny Requests for Admission 1-9.  It is beyond dispute that, as the taxpayer himself, Mr.

Hymes has sufficient knowledge to admit or deny the amount of his own federal tax liabilities.

Moreover, it is also beyond dispute that the government is not required to provide Mr. Hymes a

Form 23C.  *See, e.g., Koff v. United States*, 3 F.3d 1297, 1298 (9th Cir. 1992).  The United States

previously provided a copy of that case to defendants on January 5, 2007, when the United States

responded to defendants' request for a Form 23C by providing defendants with copies of Forms

4340, Certificates of Assessments, Payments, and Other Specified Matters, for each of the tax

periods at issue in this matter.  Thus, Mr. Hymes has been informed that there is no legal basis

for his failure to admit or deny Requests for Admission 1-9.

Requests for Admission 10-13 deal with the real property sought to be foreclosed in this

matter, the home located at 2340 Ravenwood, in Fairbanks, Alaska.  This is the address at which

defendants receive mail and the address that defendants have represented to the Court as their

address.  Nevertheless, Mr. Hymes refused to admit or deny Requests for Admission 10-13,

stating, inter alia, "Does Plaintiff mean 2340 Ravenwood Avenue?"  This refusal is entirely

incomprehensible.  Clearly, Requests for Admission 10-13 identify the property in question by

its address, so there can be no confusion as to what property is the subject of the requests.

With respect to the United States' interrogatories, Interrogatory 1 references Requests for

Admission 1-9.  Thus, Mr. Hymes refused to answer Interrogatory 1 on the same grounds as his

refusal to admit or deny Requests for Admission 1-9, i.e., the failure of the government to

- 5 -

provide a Form 23C.  As discussed above, those grounds are insufficient.

Interrogatories 2-5 reference Requests for Admission 10-13.  Thus, Mr. Hymes refused to answer those interrogatories on the same grounds as his refusal to admit or deny Requests for Admission 10-13, i.e., his claimed confusion over the property that is the subject of the interrogatory, located at 2340 Ravenwood, in Fairbanks, Alaska.  As discussed above, those grounds are insufficient.

Interrogatories 6 and 7 appear to have been answered.  Thus, the United States does not seek an order compelling answers to those interrogatories.

Mr. Hymes refused to answer Interrogatory 8 on the grounds that the term "individual" is ambiguous because the United States may mean "citizen of the United States" when it uses the term "individual."  The interrogatory plainly requests an identification of all individuals who have knowledge of the facts on which Mr. Hymes relies to support his claims and defenses in this matter.  The interrogatory, on its face, does not require those individuals to be United States citizens.  The purpose of the interrogatory is to obtain information from Mr. Hymes that was supposed to have been disclosed as part of his initial disclosures under Fed. R. Civ. P. 26(a), but was not so disclosed.  Accordingly, Mr. Hymes is required to provide the information requested in Interrogatory 8.

Interrogatories 9-12 deal with the purported trusts at issue in this matter.  Mr. Hymes refused to answer those interrogatories on the grounds that the trust information is a matter of public record.  The United States is unaware that any of the trust information requested through Interrogatories 9-12 is publicly available and Mr. Hymes did not state where in the public record

- 6 -

that information might be found.  Thus, Mr. Hymes' refusal to answer Interrogatories 9-12 is improper.

Finally, Mr. Hymes refused to sign his responses to the United States' interrogatories under oath.  Fed. R. Civ. P. 33(b)(1) plainly requires this.  Thus, the Court should compel Mr. Hymes to sign his responses under oath.

With respect to the United States' requests for production of documents, Mr. Hymes refused to produce any of the requested documents, for a variety of grounds stated in his response, including that the requests are too broad and that Mr. Hymes "is not required to do the legal and lawful research for" the government.  Each request for production of documents relates directly to the claims and defenses raised by Mr. Hymes in this matter, thus, the requests are not overbroad.  Further, Mr. Hymes has not set forth a valid ground for his refusal to produce documents in this matter.

    3.  <u>The Responses Served by Rita M. Hymes</u>

The responses served by Rita M. Hymes are substantially similar to the responses served by Donald L. Hymes; however, much of the numbering is different.  Thus, a brief separate discussion of the responses served by Mrs. Hymes is necessary.  In the interest of brevity, this discussion will be curtailed as appropriate.

With respect to the United States' requests for admission, Requests for Admission 1-5 deal with the federal tax liabilities that have been assessed against Mrs. Hymes for the periods at issue in this case.  Mrs. Hymes stated she does not have sufficient information to admit or deny the amount of her federal tax liabilities because the government has not provided her with a

- 7 -

Form 23C.  As discussed above, that is not a valid reason to refuse to admit or deny Requests for Admission 1-5.

Requests for Admission 6-9 deal with the real property sought to be foreclosed in this matter, the home located at 2340 Ravenwood, in Fairbanks, Alaska.  Mrs. Hymes refused to admit or deny Requests for Admission 6-9 on the same grounds as her husband, stating, inter alia, "Does Plaintiff mean 2340 Ravenwood Avenue?"  As discussed above, this refusal is entirely incomprehensible.

With respect to the United States' interrogatories, Interrogatory 1 references Requests for Admission 1-5.  Thus, Mrs. Hymes refused to answer Interrogatory 1 on the same grounds as her refusal to admit or deny Requests for Admission 1-5, i.e., the failure of the government to provide a Form 23C.  As discussed above, those grounds are insufficient.

Interrogatories 2-5 reference Requests for Admission 6-9.  Thus, Mrs. Hymes refused to answer those interrogatories on the same grounds as her refusal to admit or deny Requests for Admission 6-9, i.e., her claimed confusion over the property that is the subject of the interrogatory, located at 2340 Ravenwood, in Fairbanks, Alaska.  As discussed above, those grounds are insufficient.

Interrogatory 6 appears to have been answered.  Thus, the United States does not seek an order compelling an answer to that interrogatory.

Interrogatories 7-12 appear not to have been answered at all, as they do not appear in the response.  Thus, the Court should compel answers to those interrogatories.

- 8 -

Finally, Mrs. Hymes refused to sign her responses to the United States' interrogatories under oath. Fed. R. Civ. P. 33(b)(1) plainly requires this. Thus, the Court should compel Mrs. Hymes to sign her responses under oath.

With respect to the United States' requests for production of documents, Mrs. Hymes refused to produce any of the requested documents, on the same grounds as those stated by Mr. Hymes in his response. As discussed above, those grounds are not valid.

For all of the reasons stated above, the United States respectfully requests that the Court compel defendants Donald L. Hymes and Rita M. Hymes to provide proper responses to the United States' discovery requests.

4. Scheduling Matters

In the event that the Court grants United States' Motion to Compel, the United States respectfully requests that the Court extend the deadlines set forth in the Scheduling and Planning Order in this case (Dkt. #89) as appropriate, in order to provide the United States a reasonable time to review the defendants' responses and take any necessary follow-up discovery. In this regard, the United States proposes that the following deadlines be extended in the following manner:

    (1)    that the deadline for discovery be extended by 60 days from the date of the Court's order granting United States' Motion to Compel;

    (2)    that the deadline for the filing of discovery motions, dispositive motions, and motions in limine be extended by 90 days from the date of such order; and

    (3)    that any other remaining deadlines set forth in the Scheduling and Planning Order be extended as the Court deems appropriate.

- 9 -

WHEREFORE, based on the foregoing, the United States respectfully requests that the

Court:

(a)     compel defendants Donald L. Hymes and Rita M. Hymes to respond properly to the requests for admission, interrogatories, and the requests for production of documents served upon them; and

(b)     extend the deadlines in the Scheduling and Planning Order as appropriate.

Dated this 15th day of March, 2007.

Respectfully Submitted,

NELSON P. COHEN
United States Attorney


s/ Jennifer D. Auchterlonie
JENNIFER D. AUCHTERLONIE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044-0683

2305425.1

- 10 -

CERTIFICATE OF SERVICE

    I hereby certify that on March 15, 2007, a copy of the foregoing UNITED STATES'

MOTION TO COMPEL was served by regular U.S. mail on the following parties:

```
Donald L. Hymes          Rita M. Hymes
2340 Ravenwood           2340 Ravenwood
Fairbanks, Alaska 99709  Fairbanks, Alaska 99709

Sunshine Trust
Rita M. Hymes, Trustee
2340 Ravenwood
Fairbanks, Alaska 99709
```

                s/ Jennifer D. Auchterlonie

                JENNIFER D. AUCHTERLONIE
                Trial Attorney, Tax Division
                U.S. Department of Justice
                P.O. Box 683, Ben Franklin Station
                Washington, D.C. 20044
                Telephone: (202) 514-9593
                Email: Jennifer.D.Auchterlonie@usdoj.gov

2305425.1