# EXHIBIT D

Rita MariNa Hymes
2340 Ravenwood Avenue
Fairbanks, Alaska [99709]
907-479-6922

**The United States of America**

**The United States**

**District Court of the United States**

**District of Alaska**

**Rita MariNa Hymes, personal capacity**
**Donald Louis Hymes, personal capacity;**
*Plaintiffs*

**v.**

**UNITED STATES OF AMERICA;**
*Defendant*

**A05-123-CV(RRB)**

DEFENDANT Rita MariNa Hymes' RESPONSE TO

UNITED STATES' FIRST SET OF REQUESTS FOR ADMISSIONS DIRECTED TO

DEFENDANT Rita MariNa Hymes

1. In regard to federal income tax assessments for the tax year 1995, please admit that

you owe the United States $1,790.19, plus interest and other statutory additions which,

as provided by law, have accrued since the dates of the federal income tax assessments for

the tax year 1995.


RESPONSE:

Defendant does not have sufficient information to admit or deny. Plaintiff has failed to

abide by the discovery request to provide a certified, signed and dated Form 23C. The

IRS equally failed to provide a certified, signed and dated Form 23C, though it was

requested through FOIA. There has been no taxpayer determination by any party and the Plaintiff has inextricably intertwined, i.e. irrevocably conflated many terms, regulations, "citizen of the United States", the Revised Statutes of 1878 (*prima facie* evidence of the laws of the United States only) and the United States Code (must be read *in pari materia* with all other laws of the United States or U.S.C.) to which the Defendant has no means to admit or deny. *Lex non cogit ad impossibilia.*

2. In regard to federal income tax assessments for the tax year 1996, please admit that you owe the United States $6,361.72, plus interest and other statutory additions which, as provided by law, have accrued since the dates of the federal income tax assessments for the tax year 1996.

RESPONSE:

Defendant does not have sufficient information to admit or deny. Plaintiff has failed to abide by the discovery request to provide a certified, signed and dated Form 23C. The IRS equally failed to provide a certified, signed and dated Form 23C, though it was requested through FOIA. There has been no taxpayer determination by any party and the Plaintiff has inextricably intertwined, i.e. irrevocably conflated many terms, regulations, "citizen of the United States", the Revised Statutes of 1878 (*prima facie* evidence of the laws of the United States only) and the United States Code (must be read *in pari materia* with all other laws of the United States or U.S.C.) to which the Defendant has no means to admit or deny. *Lex non cogit ad impossibilia.*

3. In regard to federal income tax assessments for the tax year 1997, please admit that you owe the United States $1,195.53, plus interest and other statutory additions which,

as provided by law, have accrued since the dates of the federal income tax assessments for
the tax year 1997.

RESPONSE:

Defendant does not have sufficient information to admit or deny. Plaintiff has failed to
abide by the discovery request to provide a certified, signed and dated Form 23C. The
IRS equally failed to provide a certified, signed and dated Form 23C, though it was
requested through FOIA. There has been no taxpayer determination by any party and the
Plaintiff has inextricably intertwined, i.e. irrevocably conflated many terms, regulations,
"citizen of the United States", the Revised Statutes of 1878 (*prima facie* evidence of the
laws of the United States only) and the United States Code (must be read *in pari materia*
with all other laws of the United States or U.S.C.) to which the Defendant has no means
to admit or deny. *Lex non cogit ad impossibilia.*

4.  In regard to federal income tax assessments for the tax year 1998, please admit that
you owe the United States $4,348.76, plus interest asnd other statutory additions which,
as provided by law, have accrued since the dates of the federal income tax assessments
for the tax year 1998.

RESPONSE:

Defendant does not have sufficient information to admit or deny. Plaintiff has failed to
abide by the discovery request to provide a certified, signed and dated Form 23C. The
IRS equally failed to provide a certified, signed and dated Form 23C, though it was
requested through FOIA. There has been no taxpayer determination by any party and the
Plaintiff has inextricably intertwined, i.e. irrevocably conflated many terms, regulations,

"citizen of the United States", the Revised Statutes of 1878 (*prima facie* evidence of the laws of the United States only) and the United States Code (must be read *in pari materia* with all other laws of the United States or U.S.C.) to which the Defendant has no means to admit or deny. *Lex non cogit ad impossibilia.*

5. In regard to federal income tax assessments for the tax year 1999, please admit that you owe the United States $5,742.22, plus interest asnd other statutory additions which, as provided by law, have accrued since the dates of the federal income tax assessments for the tax year 1999.

RESPONSE:

Defendant does not have sufficient information to admit or deny. Plaintiff has failed to abide by the discovery request to provide a certified, signed and dated Form 23C. The IRS equally failed to provide a certified, signed and dated Form 23C, though it was requested through FOIA. There has been no taxpayer determination by any party and the Plaintiff has inextricably intertwined, i.e. irrevocably conflated many terms, regulations, "citizen of the United States", the Revised Statutes of 1878 (*prima facie* evidence of the laws of the United States only) and the United States Code (must be read *in pari materia* with all other laws of the United States or U.S.C.) to which the Defendant has no means to admit or deny. *Lex non cogit ad impossibilia.*

6. Please admit that you currently reside at the home locates at 2340 Ravenwood, Fairbanks, Alaska.

RESPOPNSE:

It is not clear whether Plaintiff is referring to  2340 Ravenwood Avenue?

The term "home", as used in 26 U.S.C. § 162(a)(2), is defined as a taxpayer's principal place of business; therefore, the Defendant is without enough information to admit or deny. See *Ellwein v. U.s., C.A.N.D.*, 778 F.2d 506, 509 (8th Cir. 1985). If this term definition of "home" is what the Plaintiff is using, there has been no taxpayer determination by any party and the Plaintiff has inextricably intertwined, i.e. irrevocably conflated many terms, regulations, "citizen of the United States", the Revised Statutes of 1878 (*prima facie* evidence of the laws of the United States only) and the United States Code (must be read *in pari materia* with all other laws of the United States or U.S.C.) to which the Defendant has no means to admit or deny. *Lex non cogit ad impossibilia*

As the term "reside" is a question of law, the Defendant is without enough information to admit or deny. Defendant denies and rejects the *ipse dixit* pontifications by Jennifer D. Auchterlonie ("Auchterlonie") and the USA as used from the initial Complaint including but not limited to "reside" or resided" means to live, to remain or stay, to dwell permanently or continuously, to have a settled abode for a time, and/or to have one's residence or domicile. The Defendant denies and rejects Auchterlonie's and the USA's *ipse dixit* pontifications of "consideration" means any right, interest, profit, or benefit accruing to one party, whether in cash, property, or some other form of value; or any forbearance, detriment, loss, or responsibility, given, suffered, or undertaken by the other party.

As used herein and in this instant Case from the very beginning, "**domicile**" means that place where a man has his true, fixed, and permanent home and principal home and principal establishment, and to which whenever he is absent he has the intention of returning. "Domicile" and "residence" or "abode" or "usual place of abode" are not convertible terms. A person may have several residences or places of abode, but can only have one domicile at a time. "Domicile" is *animus et factum and animus manendi.* See *Kurilla v. Roth*, 38 A.2d 862, 864 (Sup. Ct. N.J. 1944); *In re Stabile*, 36 A.2d 451, 453 (Sup. Ct. Pa. 1944); *Mitchel v. U.S.*, 88 U.S., 350, 353 (1874).

Domicile as decided in the adjudged decision of the Supreme Court of the United States in *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989), to wit:

> "Domicile" is, of course, a concept widely used in both federal and state courts for jurisdiction and conflict-of-laws purposes, and its meaning is generally uncontroverted. See generally Restatement ß ß 11-23; R. Leflar, L. McDougal, & R. Felix, American Conflicts Law 17-38 (4th ed. 1986); R. Weintraub, Commentary on the Conflict of Laws 12-24 (2d ed. 1980). "Domicile" is not necessarily synonymous with "residence," *Perri v. Kisselbach*, 34 N.J. 84, 87, 167 A.2d 377, 379 (1961), and one can reside in one place but be domiciled in another, *District of Columbia v. Murphy*, 314 U.S. 441, 62 S.Ct. 303, 86 L.Ed. 329 (1941); *In re Estate of Jones*, 192 Iowa 78, 80, 182 N.W. 227, 228 (1921).    For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there. *Texas v. Florida*, 306 U.S. 398, 424, 59 S.Ct. 563, 576, 83 L.Ed. 817 (1939).   One acquires a "domicile of origin" at birth, and that domicile continues until a new one (a "domicile of choice") is acquired. *Jones, supra*, 192 Iowa, at 81, 182 N.W., at 228; *In re Estate of Moore*, 68 Wash.2d 792, 796, 415 P.2d 653, 656 (1966).

7. Please admit that you have resided at the home located at 2340 Ravenwood, Fairbanks, Alaska, continuously from the date of your purchase of the home in 1974 until the present time.

RESPONSE:

Is Plaintiff referring to 2340 Ravenwood Avenue?

As the term "home" as used in 26 U.S.C. § 162(a)(2) is defined as a taxpayer's principal place of business; therefore, the Defendant is without enough information to admit or deny. See *Ellwein v. U.s., C.A.N.D.*, 778 F.2d 506, 509 (8th Cir. 1985). If this term definition of "home" is what the Plaintiff is using, there has been no taxpayer determination by any party and the Plaintiff has inextricably intertwined, i.e. irrevocably conflated many terms, regulations, "citizen of the United States", the Revised Statutes of 1878 (*prima facie* evidence of the laws of the United States only) and the United States Code (must be read *in pari materia* with all other laws of the United States) to which the

Defendant has no means to admit or deny. *Lex non cogit ad impossibilia.*

As the term "reside" is a question of law, the Defendant is without enough information to admit or deny. Defendant denies and rejects the *ipse dixit* pontifications by Jennifer D. Auchterlonie ("Auchterlonie") and the USA as used from the initial Complaint including but not limited to "reside" or resided" means to live, to remain or stay, to dwell permanently or continuously, to have a settled abode for a time, and/or to have one's residence or domicile. The Defendant denies and rejects Auchterlonie's and the USA's *ipse dixit* pontifications of "consideration" means any right, interest, profit, or benefit accruing to one party, whether in cash, property, or some other form of value; or any forbearance, detriment, loss, or responsibility, given, suffered, or undertaken by the other party.

As used herein and in this instant Case from the very beginning, "**domicile**" means that place where a man has his true, fixed, and permanent home and principal home and principal establishment, and to which whenever he is absent he has the intention of returning. "Domicile" and "residence" or "abode" or "usual place of abode" are not convertible terms. A person may have several residences or places of abode, but can only have one domicile at a time. "Domicile" is *animus et factum and animus manendi.* See *Kurilla v. Roth*, 38 A.2d 862, 864 (Sup. Ct. N.J. 1944); *In re Stabile*, 36 A.2d 451, 453 (Sup. Ct. Pa. 1944); *Mitchel v. U.S.*, 88 U.S., 350, 353 (1874).

Domicile as decided in the adjudged decision of the Supreme Court of the United States in *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989), to wit:

"Domicile" is, of course, a concept widely used in both federal and state courts for jurisdiction and conflict-of-laws purposes, and its meaning is generally uncontroverted. See generally Restatement ß ß 11-23; R. Leflar, L. McDougal, & R. Felix, American Conflicts Law 17-38 (4th ed. 1986); R. Weintraub, Commentary on the Conflict of Laws 12-24 (2d ed. 1980). "Domicile" is not necessarily synonymous with "residence," *Perri v. Kisselbach,* 34 N.J. 84, 87, 167 A.2d 377, 379 (1961), and one can reside in one place but be domiciled in another, *District of Columbia v. Murphy,* 314 U.S. 441, 62 S.Ct. 303, 86 L.Ed. 329 (1941); *In re Estate of Jones,* 192 Iowa 78, 80, 182 N.W. 227, 228 (1921). For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there. *Texas v. Florida,* 306 U.S. 398, 424, 59 S.Ct. 563, 576, 83 L.Ed. 817 (1939). One acquires a "domicile of origin" at birth, and that domicile continues until a new one (a "domicile of choice") is acquired. *Jones, supra,* 192 Iowa, at 81, 182 N.W., at 228; *In re Estate of Moore,* 68 Wash.2d 792, 796, 415 P.2d 653,

8. With respect to any transfers of the home located at 2340 Ravenwood, Fairbanks, Alaska, to Aurora Trust or to Sunshine Trust, please admit that any such transfers were for no consideration.

**RESPONSE:**

It is not clear whether Plaintiff is referring to 2340 Ravenwood Avenue?

The question is too vague to be answered properly. What does Plaintiff mean to imply with "failure of consideration" or "want of consideration"?

"Failure of consideration" as applied to notes, contracts, conveyances, etc., this term does not necessarily mean a want of consideration, but implies that a consideration, originally existing and good, has since become worthless or has ceased to exist or been extinguished, partially or entirely. It means that sufficient consideration was contemplated by the parties at the time the contract was entered into, but either on account of some innate defect in the thing to be given or nonperformance in whole or in part of what which the promisee agreed to do or forbear nothing of value can be or is received by the promisee. *Holcomb v. Long Beach Inv. Co.,* 19 P.2d 31, 36 (Dist. Ct. App. Ca. 1933).

"Want of consideration" in the general law of contracts, this term means a total lack of any valid consideration for a contract.

Without enough information concerning "failure of consideration" or "want of consideration", the Defendant is without enough information to admit or deny.

The term "home", as used in 26 U.S.C. § 162(a)(2), is defined as a taxpayer's principal place of business; therefore, the Defendant is without enough information to admit or deny. See *Ellwein v. U.s., C.A.N.D.,* 778 F.2d 506, 509 (8th Cir. 1985). If this term definition of "home" is what the Plaintiff is using, there has been no taxpayer determination by any party and the Plaintiff has inextricably intertwined, i.e. irrevocably conflated many terms, regulations, "citizen of the United States", the Revised Statutes of

1878 (*prima facie* evidence of the laws of the United States only) and the United States Code (must be read *in pari materia* with all other laws of the United States) to which the Defendant has no means to admit or deny. *Lex non cogit ad impossibilia.*

As the term "reside" is a question of law, the Defendant is without enough information to admit or deny. Defendant denies and rejects the *ipse dixit* pontifications by Jennifer D. Auchterlonie ("Auchterlonie") and the USA as used from the initial Complaint including but not limited to "reside" or resided" means to live, to remain or stay, to dwell permanently or continuously, to have a settled abode for a time, and/or to have one's residence or domicile. The Defendant denies and rejects Auchterlonie's and the USA's *ipse dixit* pontifications of "consideration" means any right, interest, profit, or benefit accruing to one party, whether in cash, property, or some other form of value; or any forbearance, detriment, loss, or responsibility, given, suffered, or undertaken by the other party.

As used herein and in this instant Case from the very beginning, "**domicile**" means that place where a man has his true, fixed, and permanent home and principal home and principal establishment, and to which whenever he is absent he has the intention of returning. "Domicile" and "residence" or "abode" or "usual place of abode" are not convertible terms. A person may have several residences or places of abode, but can only have one domicile at a time. "Domicile" is *animus et factum and animus manendi.* See *Kurilla v. Roth,* 38 A.2d 862, 864 (Sup. Ct. N.J. 1944); *In re Stabile,* 36 A.2d 451, 453 (Sup. Ct. Pa. 1944); *Mitchel v. U.S.,* 88 U.S., 350, 353 (1874).

Domicile as decided in the adjudged decision of the Supreme Court of the United States in *Mississippi Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48 (1989), to wit:

> "Domicile" is, of course, a concept widely used in both federal and state courts for jurisdiction and conflict-of-laws purposes, and its meaning is generally uncontroverted. See generally Restatement ß ß 11-23; R. Leflar, L. McDougal, & R. Felix, American Conflicts Law 17-38 (4th ed. 1986); R. Weintraub, Commentary on the Conflict of Laws 12-24 (2d ed. 1980). "Domicile" is not necessarily synonymous with "residence," *Perri v. Kisselbach,* 34 N.J. 84, 87, 167 A.2d 377, 379 (1961), and one can reside in one place but be domiciled in another, *District of Columbia v. Murphy,* 314 U.S. 441, 62

S.Ct. 303, 86 L.Ed. 329 (1941); *In re Estate of Jones,* 192 Iowa 78, 80, 182 N.W. 227, 228 (1921).    For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there. *Texas v. Florida,* 306 U.S. 398, 424, 59 S.Ct. 563, 576, 83 L.Ed. 817 (1939).    One acquires a "domicile of origin" at birth, and that domicile continues until a new one (a "domicile of choice") is acquired. *Jones, supra,* 192 Iowa, at 81, 182 N.W., at 228; *In re Estate of Moore,* 68 Wash.2d 792, 796, 415 P.2d 653, 656 (1966).

9. With respect to any transfers of the home located at 2340 Ravenwood, Fairbanks, Alaska, to Aurora Trust or to Sunshine Trust, please admit that you and/or your spouse continued to retain control over and use off the home after any such transfers.

RESPONSE:

It is not clear whether Plaintiff is referring to 2340 Ravenwood Avenue?

The question is too broad and too vague in its scope to be answered properly. What does Plaintiff mean by 'control over'?

As the term "home" as used in 26 U.S.C. § 162(a)(2) is defined as a taxpayer's principal place of business; therefore, the Defendant is without enough information to admit or deny. See *Ellwein v. U.s., C.A.N.D.,* 778 F.2d 506, 509 (8th Cir. 1985). If this term definition of "home" is what the Plaintiff is using, there has been no taxpayer determination by any party and the Plaintiff has inextricably intertwined, i.e. irrevocably conflated many terms, regulations, "citizen of the United States", the Revised Statutes of 1878 (*prima facie* evidence of the laws of the United States only) and the United States Code (must be read *in pari materia* with all other laws of the United States) to which the Defendant has no means to admit or deny. *Lex non cogit ad impossibilia.*

Dated:  February ____ ,2007

My Hand,

Rita MariNa Hymes
2340 Ravenwood Avenue
Fairbanks, Alaska [99709]
907-479-6922

**The United States of America**

**The United States**

**District Court of the United States**

**District of Alaska**

**UNITED STATES OF AMERICA;**
*Plaintiff*

*v.*

**Rita MariNa Hymes, personal capacity**
**Donald Louis Hymes, personal capacity;**
*Defendants*

**A05-123-CV(RRB)**

DEFENDANT Rita MariNa Hymes' RESPONSE TO

UNITED STATES' FIRST SET OF INTERROGATORIES DIRECTED TO

DEFENDANT Rita MariNa Hymes

1. With respect to Requests 1-5 of the United States' First Set of Requests for Admissions Directed to Defendant Rita M. Hymes , if your response to any of those requests is other than an unqualified admission, please state your exact amount of gross income, taxable income, expenses, and deductions for the tax year set forth in such request.

**RESPONSE:**

Defendant does not have sufficient information to admit or deny.  Plaintiff has failed to abide by the discovery request to provide a certified, signed and dated Form 23C. The IRS equally failed to provide a certified, signed and dated Form 23C, though it was

requested through FOIA. There has been no taxpayer determination by any party and the Plaintiff has inextricably intertwined, i.e. irrevocably conflated many terms, regulations, "citizen of the United States", the Revised Statutes of 1878 (*prima facie* evidence of the laws of the United States only) and the United States Code (must be read *in pari materia* with all other laws of the United States or U.S.C.) to which the Defendant has no means to admit or deny. *Lex non cogit ad impossibilia.*

2.   With respect to Request No. 6 of the United States' First Set  of Requests for Admissions directed to Defendant Donald L. Hymes, if your response to that request is other than an unqualified admission, please state the address at which you currently reside.

**RESPONSE:**

Is Plaintiff referring to 2340 Ravenwood Avenue?

As the term "home" as used in 26 U.S.C. § 162(a)(2) is defined as a taxpayer's principal place of business; therefore, the Defendant is without enough information to admit or deny. See *Ellwein v. U.s., C.A.N.D.*, 778 F.2d 506, 509 (8th Cir. 1985). If this term definition of "home" is what the Plaintiff is using, there has been no taxpayer determination by any party and the Plaintiff has inextricably intertwined, i.e. irrevocably conflated many terms, regulations, "citizen of the United States", the Revised Statutes of 1878 (*prima facie* evidence of the laws of the United States only) and the United States Code (must be read *in pari materia* with all other laws of the United States or U.S.C.) to which the Defendant has no means to admit or deny. *Lex non cogit ad impossibilia*

As the term "reside" is a question of law, the Defendant is without enough information to admit or deny. Defendant denies and rejects the *ipse dixit* pontifications by Jennifer D. Auchterlonie ("Auchterlonie") and the USA as used from the initial Complaint including but not limited to "reside" or resided" means to live, to remain or stay, to dwell permanently or continuously, to have a settled abode for a time, and/or to have one's

residence or domicile. The Defendant denies and rejects Auchterlonie's and the USA's *ipse dixit* pontifications of "consideration" means any right, interest, profit, or benefit accruing to one party, whether in cash, property, or some other form of value; or any forbearance, detriment, loss, or responsibility, given, suffered, or undertaken by the other party.

As used herein and in this instant Case from the very beginning, "**domicile**" means that place where a man has his true, fixed, and permanent home and principal home and principal establishment, and to which whenever he is absent he has the intention of returning. "Domicile" and "residence" or "abode" or "usual place of abode" are not convertible terms. A person may have several residences or places of abode, but can only have one domicile at a time. "Domicile" is *animus et factum and animus manendi*. See *Kurilla v. Roth*, 38 A.2d 862, 864 (Sup. Ct. N.J. 1944); *In re Stabile*, 36 A.2d 451, 453 (Sup. Ct. Pa. 1944); *Mitchel v. U.S.*, 88 U.S., 350, 353 (1874).

Domicile as decided in the adjudged decision of the Supreme Court of the United States in *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989), to wit:

> "Domicile" is, of course, a concept widely used in both federal and state courts for jurisdiction and conflict-of-laws purposes, and its meaning is generally uncontroverted. See generally Restatement ß ß 11-23; R. Leflar, L. McDougal, & R. Felix, American Conflicts Law 17-38 (4th ed. 1986); R. Weintraub, Commentary on the Conflict of Laws 12-24 (2d ed. 1980). "Domicile" is not necessarily synonymous with "residence," *Perri v. Kisselbach*, 34 N.J. 84, 87, 167 A.2d 377, 379 (1961), and one can reside in one place but be domiciled in another, *District of Columbia v. Murphy*, 314 U.S. 441, 62 S.Ct. 303, 86 L.Ed. 329 (1941); *In re Estate of Jones*, 192 Iowa 78, 80, 182 N.W. 227, 228 (1921). For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there. *Texas v. Florida*, 306 U.S. 398, 424, 59 S.Ct. 563, 576, 83 L.Ed. 817 (1939). One acquires a "domicile of origin" at birth, and that domicile continues until a new one (a "domicile of choice") is acquired. *Jones, supra*, 192 Iowa, at 81, 182 N.W., at 228; *In re Estate of Moore*, 68 Wash.2d 792, 796, 415 P.2d 653, 656 (1966).

3. With respect to Request No. 7 of the United States' First Set of Requests for Admissions Directed to Defendant Donald L. Hymes, if your response to that request is other that an unqualified admission, please state all addresses at which resided from 1974 through to the present.

**RESPONSE:**

It is not clear whether Plaintiff is referring to 2340 Ravenwood Avenue?

As the term "home" as used in 26 U.S.C. § 162(a)(2) is defined as a taxpayer's principal place of business; therefore, the Defendant is without enough information to admit or deny. See *Ellwein v. U.s., C.A.N.D.*, 778 F.2d 506, 509 (8th Cir. 1985). If this term definition of "home" is what the Plaintiff is using, there has been no taxpayer determination by any party and the Plaintiff has inextricably intertwined, i.e. irrevocably conflated many terms, regulations, "citizen of the United States", the Revised Statutes of 1878 (*prima facie* evidence of the laws of the United States only) and the United States Code (must be read *in pari materia* with all other laws of the United States) to which the Defendant has no means to admit or deny. *Lex non cogit ad impossibilia.*

As the term "reside" is a question of law, the Defendant is without enough information to admit or deny. Defendant denies and rejects the *ipse dixit* pontifications by Auchterlonie and the USA as used from the initial Complaint including but not limited to "reside" or resided" means to live, to remain or stay, to dwell permanently or continuously, to have a settled abode for a time, and/or to have one's residence or domicile. The Defendant denies and rejects Auchterlonie's and the USA's *ipse dixit* pontifications of "consideration" means any right, interest, profit, or benefit accruing to one party, whether in cash, property, or some other form of value; or any forbearance, detriment, loss, or responsibility, given, suffered, or undertaken by the other party.

As used herein and in this instant Case from the very beginning, **"domicile"** means that place where a man has his true, fixed, and permanent home and principal home and principal establishment, and to which whenever he is absent he has the intention of returning. "Domicile" and "residence" or "abode" or "usual place of abode" are not convertible terms. A person may have several residences or places of abode, but can only

have one domicile at a time. "Domicile" is *animus et factum and animus manendi*. See *Kurilla v. Roth*, 38 A.2d 862, 864 (Sup. Ct. N.J. 1944); *In re Stabile*, 36 A.2d 451, 453 (Sup. Ct. Pa. 1944); *Mitchel v. U.S.*, 88 U.S., 350, 353 (1874).

Domicile as decided in the adjudged decision of the Supreme Court of the United States in *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989), to wit:

> "Domicile" is, of course, a concept widely used in both federal and state courts for jurisdiction and conflict-of-laws purposes, and its meaning is generally uncontroverted. See generally Restatement ß ß 11-23; R. Leflar, L. McDougal, & R. Felix, American Conflicts Law 17-38 (4th ed. 1986); R. Weintraub, Commentary on the Conflict of Laws 12-24 (2d ed. 1980). "Domicile" is not necessarily synonymous with "residence," *Perri v. Kisselbach*, 34 N.J. 84, 87, 167 A.2d 377, 379 (1961), and one can reside in one place but be domiciled in another, *District of Columbia v. Murphy*, 314 U.S. 441, 62 S.Ct. 303, 86 L.Ed. 329 (1941); *In re Estate of Jones*, 192 Iowa 78, 80, 182 N.W. 227, 228 (1921).    For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there. *Texas v. Florida*, 306 U.S. 398, 424, 59 S.Ct. 563, 576, 83 L.Ed. 817 (1939).    One acquires a "domicile of origin" at birth, and that domicile continues until a new one (a "domicile of choice") is acquired. *Jones, supra*, 192 Iowa, at 81, 182 N.W., at 228; *In re Estate of Moore*, 68 Wash.2d 792, 796, 415 P.2d 653, 656 (1966).

4.    With respect to Request   No. 8 of the United States' First Request for Admissions Directed to Defendant Donald L.  Hymes, if your response to that request is other than an unqualified admission, please state the consideration for each such transfer.

**RESPONSE:**

It is not clear whether Plaintiff is referring to 2340 Ravenwood Avenue?

The question is too vague to be answered properly.    What does Plaintiff mean by "failure of consideration" or "want of consideration"?

"Failure of consideration" as applied to notes, contracts, conveyances, etc., this term does not necessarily mean a want of consideration, but implies that a consideration, originally existing and good, has since become worthless or has ceased to exist or been extinguished, partially or entirely. It means that sufficient consideration was contemplated by the parties at time contract was entered into, but either on account of some innate defect in the thing to be given or nonperformance in whole or in part of what which the

promisee agreed to do or forbear nothing of value can be or is received by the promisee. *Holcomb v. Long Beach Inv. Co.*, 19 P.2d 31, 36 (Dist. Ct. App. Ca. 1933).

"Want of consideration" in the general law of contracts, this term means a total lack of any valid consideration for a contract.

Without enough information concerning "failure of consideration" or "want of consideration", the Defendant is without enough information to admit or deny.

As the term "home" as used in 26 U.S.C. § 162(a)(2) is defined as a taxpayer's principal place of business; therefore, the Defendant is without enough information to admit or deny. See *Ellwein v. U.s., C.A.N.D.*, 778 F.2d 506, 509 (8th Cir. 1985). If this term definition of "home" is what the Plaintiff is using, there has been no taxpayer determination by any party and the Plaintiff has inextricably intertwined, i.e. irrevocably conflated many terms, regulations, "citizen of the United States", the Revised Statutes of 1878 (*prima facie* evidence of the laws of the United States only) and the United States Code (must be read *in pari materia* with all other laws of the United States) to which the Defendant has no means to admit or deny. *Lex non cogit ad impossibilia.*

As the term "reside" is a question of law, the Defendant is without enough information to admit or deny. Defendant denies and rejects the *ipse dixit* pontifications by Auchterlonie and the USA as used from the initial Complaint including but not limited to "reside" or resided" means to live, to remain or stay, to dwell permanently or continuously, to have a settled abode for a time, and/or to have one's residence or domicile. The Defendant denies and rejects Auchterlonie's and the USA's *ipse dixit* pontifications of "consideration" means any right, interest, profit, or benefit accruing to one party, whether in cash, property, or some other form of value; or any forbearance, detriment, loss, or responsibility, given, suffered, or undertaken by the other party.

As used herein and in this instant Case from the very beginning, **"domicile"** means that place where a man has his true, fixed, and permanent home and principal home and principal establishment, and to which whenever he is absent he has the intention of

returning. "Domicile" and "residence" or "abode" or "usual place of abode" are not convertible terms. A person may have several residences or places of abode, but can only have one domicile at a time. "Domicile" is *animus et factum and animus manendi*. See *Kurilla v. Roth*, 38 A.2d 862, 864 (Sup. Ct. N.J. 1944); *In re Stabile*, 36 A.2d 451, 453 (Sup. Ct. Pa. 1944); *Mitchel v. U.S.*, 88 U.S., 350, 353 (1874).

Domicile, as decided in the adjudged decision of the Supreme Court of the United States in *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989), to wit:

> "Domicile" is, of course, a concept widely used in both federal and state courts for jurisdiction and conflict-of-laws purposes, and its meaning is generally uncontroverted. See generally Restatement ß ß 11-23; R. Leflar, L. McDougal, & R. Felix, American Conflicts Law 17-38 (4th ed. 1986); R. Weintraub, Commentary on the Conflict of Laws 12-24 (2d ed. 1980). "Domicile" is not necessarily synonymous with "residence," *Perri v. Kisselbach*, 34 N.J. 84, 87, 167 A.2d 377, 379 (1961), and one can reside in one place but be domiciled in another, *District of Columbia v. Murphy*, 314 U.S. 441, 62 S.Ct. 303, 86 L.Ed. 329 (1941); *In re Estate of Jones*, 192 Iowa 78, 80, 182 N.W. 227, 228 (1921). For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there. *Texas v. Florida*, 306 U.S. 398, 424, 59 S.Ct. 563, 576, 83 L.Ed. 817 (1939). One acquires a "domicile of origin" at birth, and that domicile continues until a new one (a "domicile of choice") is acquired. *Jones, supra*, 192 Iowa, at 81, 182 N.W., at 228; *In re Estate of Moore*, 68 Wash.2d 792, 796, 415 P.2d 653, 656 (1966).

5. With respect to Request No. 9 of the United States' First Set of Requests for Admissions Directed to Defendant Donald L. Hymes, if your response to that request is other that an unqualified admission, please identify all persons having control over and use of the home after each transfer.

**RESPONSE:**

It is not clear whether Plaintiff is referring to 2340 Ravenwood Avenue? The question is too broad and too vague in its scope to be answered properly. What does Plaintiff mean by 'control over'?

As the term "home" as used in 26 U.S.C. § 162(a)(2) is defined as a taxpayer's principal place of business; therefore, the Defendant is without enough information to admit or deny. See *Ellwein v. U.s., C.A.N.D.*, 778 F.2d 506, 509 (8th Cir. 1985). If this

admit or deny. See *Ellwein v. U.s., C.A.N.D.*, 778 F.2d 506, 509 (8th Cir. 1985). If this term definition of "home" is what the Plaintiff is using, there has been no taxpayer determination by any party and the Plaintiff has inextricably intertwined, i.e. irrevocably conflated many terms, regulations, "citizen of the United States", the Revised Statutes of 1878 (*prima facie* evidence of the laws of the United States only) and the United States Code (must be read *in pari materia* with all other laws of the United States) to which the Defendant has no means to admit or deny. *Lex non cogit ad impossibilia.*

6.  Please provide any legal defense you intend to assert in response to any claim asserted by the United States against you in the Amended Complaint previously filed in this action, clearly stating which legal defense or defenses apply to which claim or claims.

**RESPONSE:**

The legal defenses include but are not limited to all of the affirmative defenses so claimed that remain unrebutted to the amended Complaint and all of the issues in the Motions to Dismiss to date.

7.  Rita MariNa Hymes does so state that an objection is raised in this Interrogatories including, but not limited to the above reasons and therefore as no answers are provided, *supra.*, Rita MariNa Hymes has no need for any Oath as I understand Rule 33 of the Federal Rules of Civil Procedure.

Dated: February _____ ,2007

My Hand,

Rita MariNa Hymes
2340 Ravenwood Avenue
Fairbanks, Alaska [99709]
907-479-6922

**The United States of America**

**The United States**

**District Court of the United States**

**District of Alaska**

**UNITED STATES OF AMERICA;**
*Plaintiff*

*v.*

**Rita MariNa Hymes, personal capacity**
**Donald Louis Hymes, personal capacity;**
*Defendants*

**A05-123-CV(RRB)**

**DEFENDANT Rita MariNa Hymes' RESPONSE TO**

**UNITED STATES' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**
**DIRECTED TO DEFENDANT Rita MariNa Hymes**

1. Please provide any and all documents that may substantiate your response to each interrogatory of the United States' First Set of Interrogatories Directed to Donald L. Hymes, clearly identifying each which document corresponds to which interrogatory.

**RESPONSE:**

As for the facts and law of the United States contained in the Admissions and Interrogatories, the Defendant is unable to provide any discovery in support of the claim by the UNITED STATES OF AMERICA as it does not exist. And further, but not limited to the fact that the interrogatories are vague and ambiguous and remembering that

according to the UNITED STATES OF AMERICA, it *already has all of the ultimate facts* in its possession known as conclusive evidence, legal evidence, and ultimate facts yet to be disclosed to the Defendant, which have been adjudicated under the executive Power and judicial Power under the authority of the United States exercising the  executive Power and judicial Power of the United States and ultimate facts to support the claim by the UNITED STATES OF AMERICA of the Defendant included, but not limited to Hymes being a "taxpayer", being a "citizen of the United States", being an "individual" subject to the "Individual Income Tax", and substantive regulations in support thereof. The Defendant has no discovery to supply in support of these claims.

2.  Please provide any and all documents that may substantiate each and every response set forth in each numbered paragraph of the Answer that you filed to the Amended Complaint in this matter.

**RESPONSE:**

This is too broad of a request and the Defendant is not required to do the legal and lawful research for the UNITED STATES OF AMERICA.   The "response" were affirmative defenses used by Hymes including but not limited to the Code, Laws of the United States, substantive regulations, and adjudged decisions of the Courts of the United States of which all are in the public record.  If the UNITED STATES OF AMERICA has a specific question, please submit it to Hymes on the affirmative defenses.

3.  Please provides (sic) copies of all documents relating to the creation, use, purpose and activities of the Aurora Trust.

**RESPONSE:**

The documents are in the public record and the UNITED STATES OF AMERICA it's claim, correspondence, and the Notices of Federal Liens as a matter of law already possesses.

4.  Please provide copies of all documents relating to the creation, use and purpose and

activities of the Sunshine Trust.

**RESPONSE:**

The records Plaintiff requests are a matter of public record and as to the uses of a trust is a *matter of law* of which the Defendant is not competent to disclose or instruct to the *learned in the law* attorney, being Jennifer D. Auchterlonie.

Dated:  February _____,2007

My Hand,

CERTIFICATE OF SERVICE

I hereby certify that on February 21 , 2007 a true and correct copy of the foregoing;

DEFENDANT Rita MariNa Hymes' RESPONSE TO

1. UNITED STATES' FIRST SET OF INTERROGATORIES
2. UNITED STATES' FIRST SET OF ADMISSIONS
3. UNITED STATES' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

was served by regular U.S. Mail and the following parties:

Jennifer D. Auchterlonie
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 693, Ben Franklin Station
Washington, D.C. 20044

Nelson P. Cohen
United States Attorney
District of Alaska
Federal Bldg. & U.S. Courthouse
101 12th Ave. Box 2
Fairbanks, AK 99701

Dated:  February 21, 2007

Rita MariNa Hymes