Rita MariNa Hymes and Donald Louis Hymes
2340 Ravenwood
Fairbanks, Alaska [99709]
907-479-6922

RECEIVED
APR 0 2 2007
CLERK, U.S. DISTRICT COURT
FAIRBANKS, ALASKA

The United States of America

The United States

District Court of the United States

District of Alaska

**UNITED STATES OF AMERICA**
*Plaintiffs*
**v.**

**Rita MariNa Hymes, personal capacity**
**Donald Louis Hymes, personal capacity;**
*Defendants*

**A05-123-CV(RRB)**

**Opposition to UNITED STATES' MOTION TO COMPEL**

*Come now*, Rita MariNa Hymes and Donald Louis Hymes ("the Hymes") with this Opposition to UNITED STATES' MOTION TO COMPEL ("Opposition"). UNITED STATES' MOTION TO COMPEL is hereafter ("Auchterlonie's Motion").

The Hymes did mail a complete set response to Admissions to JENNIFER D. AUCHTERLONIE ("Auchterlonie") to which it seems that the Department of Justice (D oJ) has problems with losing papers either intentionally or otherwise (not the first time in this instant Case). In one of the D o J's mailings to the Hymes there were some pages missing. The Hymes contacted the D o J to correct the

1

problem (which was corrected), which seemed to the Hymes to be a quite simple and direct approach to the simplistic problem of papers missing. The Hymes attach to this Opposition a copy of the Admissions of the Hymes being **Attachment 1** for Rita MariNa Hymes and **Attachment 2** for Donald Louis Hymes with all of the pages for Auchterlonie to inspect. Auchterlonie never did contact the Hymes on the purported missing pages, but instead attempts to get Admissions through the back door with the assistance of *this* Court, which is an example of extreme bad faith on Auchterlonie's part.

Auchterlonie complains that the Hymes did not respond timely to the Admissions request from Auchterlonie, representing a yet to be determined party (parties). But again this is another example of extreme bad faith by Auchterlonie as responded to the Request for Admissions from the UNITED STATES OF AMERICA within 32 days, but Auchterlonie did not respond for 35 days with Admissions and Interrogatories, an not for 42 days with Documents. Do the same rules apply to Auchterlonie or are Auchterlonie and Auchterlonie's yet to be determined Plaintiff exempted? The Hymes have attached a copy of the e-mail sent to Auchterlonie on March 2, 2007, being **Attachment 3. *Let us remember that Auchterlonie has not responded to any of the***

2

*Hymes Request for Admissions, Interrogatories or Discovery requests, but demands performance from the Hymes.*

Auchterlonie's "2.  <u>The Responses Served by Donald L. Hymes</u>" including <u>The Responses Served by Rita Hymes</u>

Paragraph one addressed *supra.* to Auchterlonie's Motion that has no pages numbers.

Auchterlonie states facts from the unknown Plaintiff to which NOT ONE PIECE OF EVIDENCE has been provided to date under anyone's signature, but by Auchterlonie's *ipse dixit* pontifications the Hymes are blessed - go and complain no more and be compliant and complacent.  In the Hymes' Admissions, Interrogatories and Discovery Requests a demand was made for the 23C Assessment alleged by Auchterlonie to exist.  The 23C's do exist, which is not denied by Auchterlonie, but we are to take Auchterlonie's word and these *23C Assessment documents* are *secret in bowels of the unknown Plaintiff and not available under the discovery rules because the 23C's in reality really don't exist, being the truth, except in* Auchterlonie's mind?  But by Auchterlonie's extreme bad faith refusal to disclose same, who has custody of same or destroyed same; therefore, Auchterlonie admits no evidence or ultimate facts in support of Auchterlonie's *ipse dixit* pontifications that any assessment exists arising under any Law of the United

3

States, which of course does not exclude the *Administrative State or the Land of Oz presumably*.

Where is any evidence of any "federal tax liabilities" and what does that term mean? Congress only has the authority to enact "Laws of the United States" in Article VI, so what law subjects the Hymes to **any** "federal tax liabilities?" If Auchterlonie would have answered the Request for Admissions, Interrogatories and provided discovery as required, the Hymes could have been enlightened to assist them in answering. Instead Auchterlonie provided no signature to the Interrogatories requested by the Hymes and answered the Admissions with extreme bad faith responses with this being a couple of examples, to wit:

"The United States further objects to this request on the ground that it is vague, ambiguous, and utterly unintelligible; thus, it is incapable of being answered"

Or;

"The United States further objects to this request on the ground that it improperly seeks an opinion, contention, or conclusion of law, and/or asks the United State for an interpretation of a document that speaks for itself,. Without waiving or in any way limiting any objection the United States has or might have to this request, the United States admits that the Treasury Regulation cited herein references the Freedom of Information Act, 5 U.S.C. § 552.

Or;

The United States further objects to this request that it contains argumentative, scandalous, indecent, and impertinent matter calculated to annoy, embarrass, and oppress the United States in the eyes of the Court, the ultimate fact finder at the trial of this matter, the news media, and the public all in violation of the principles

  expressed in the Rules of Civil Procedure 7(b)(2), 11, 12(f) and 26.  In particular, the request contains shopworn, tax-
 protestor rhetoric that has been unequivocally and repeatedly rejected by the courts.   The United States further objects to this request on the ground that it improperly seeks a conclusion of law, asks the United States for an interpretation of a document that speaks for itself, and contains an inaccurate statement of the law.  The United States further objects to this request on the ground that it is vague, ambiguous, overbroad, and utterly unintelligible; this, it is incapable of being answered.

  Then Auchterlonie labels the Hymes as each being a **"taxpayer",** being another extreme bad faith ipse dixit pontification, proceeding then to Auchterlonie's desired conclusion.  To be a "taxpayer" there are many *essential elements* that Auchterlonie should have presented to leap to her conclusion.

  Only "individuals" are taxed under 26 U.S.C. § 1 as held in *In re Myrland*, 209 B.R. 524, 526 (1997).  Who is an "individual" and are the Hymes each an "individual?" Who is an "individual" is **conclusively defined** in 5 U.S.C. § 552a(2) "(2). The term "individual" means a **citizen of the United States** or an **alien** lawfully admitted for permanent residence."  Alien is immediately eliminated as a matter of law.

  Next, the Hymes would have to each be a "citizen of the United States" which is conclusively defined by Congress' **grant** to the fictional status as "citizen of the United

States" in 42 U.S.C. §§ 1981, 1982 and 1988 with Title 24 being of the Revised Statutes of 1878. The Hymes have attached the following first: **Attachment 4**, being a copy of 42 U.S.C. § 1981; and second, **Attachment 5**, being a copy of 42 U.S.C. § 1982; and third, being **Attachment 6**, being a copy of 42 U.S.C. § 1988; and fourth, **Attachment 7**, being a copy of Title XXIV of the Revised Statutes of 1878 in 42 U.S.C. § 1988.

Auchterlonie has provided no evidence that the Hymes have surrendered their citizen birthright, *jus soli,* as a "citizen of the United States of America" who has inalienable rights for a fictional status created by Congress in which Congress was not granted any legislative Power arising under the Constitution of the United States in which Congress can't give, regulate or prescribe his capacities as evidenced in 42 U.S.C. §§ 1981, 1982 & 1988, *supra.,* and as held for naturalized citizens also in *Osborn v. Bank of the United States*, 22 U.S. 738, 827 (1824), to wit:

> A naturalized citizen is indeed made a citizen under an act of Congress, but the act does not proceed to give, to regulate, or to prescribe his capacities. He becomes a member of the society, possessing all the rights of a native citizen, and standing, in the view of the constitution, on the footing of a native. The constitution does not authorize Congress to enlarge or abridge those rights. The simple power of the national Legislature, is to prescribe a uniform rule of naturalization, and the exercise of this power exhausts it, so far as respects the individual. The constitution then takes him up, and, among other rights, extends to him the capacity of suing in the Courts of the United States, precisely under the same circumstances under

6

>          which a native might sue. He is *828 distinguishable in
>          nothing from a native citizen, except so far as the
>          constitution makes the distinction. The law makes none.

And further, if Congress makes a grant of the fictional status of a "citizen of the United States, Congress can withhold all remedies, grant only administrative remedies, grant legal remedies only after administrative remedies. This is clearly held in the adjudged decisions of the Supreme Court of the United States in which *this* Court is bound to follow with the holdings being in *United States v. Babcock*, 250 U.S. 328, 331 (1919), to wit:

> [1][2] **These general rules are well settled: (1) That the United States, when it creates rights in *individuals* against itself, is under no obligation to provide a remedy through the courts.** United States ex rel. Dunlap v. Black, 128 U. S. 40, 9 Sup. Ct. 12, 32 L. Ed. 354; Ex parte Atocha, 17 Wall. 439, 21 L. Ed. 696; Gordon v. United States, 7 Wall. 188, 195, 19 L. Ed. 35; De Groot v. United States, 5 Wall. 419, 431, 433, 18 L. Ed. 700; Comegys v. Vasse, 1 Pet. 193, 212, 7 L. Ed. 108. (2) **That where a statute creates a right and provides a special remedy, that remedy is exclusive.** Wilder Manufacturing Co. v. Corn Products Co., 236 U. S. 165, 174, 175, 35 Sup. Ct. 398, 59 L. Ed. 520, Ann. Cas. 1916A, 118; Arnson v. Murphy, 109 U. S. 238, 3 Sup. Ct. 184, 27 L. Ed. 920; Barnet v. National Bank, 98 U. S. 555, 558, 25 L. Ed. 212; Farmers' & Mechanics' National Bank v. Dearing, 91 U. S. 29, 35, 23 L. Ed. 196. Still the fact that the right and the remedy are thus intertwined might not, if the provision stood alone, require us to hold that the remedy expressly given excludes a right of review by the Court of Claims, where the decision of the special tribunal involved no disputed question of fact and the denial of compensation was rested wholly upon the construction of the act. See Medbury v. United States, 173 U. S. 492, 198, 19 Sup. Ct. 503, 43 L. Ed. 779; Parish v. MacVeagh, 214 U. S. 124, 29 Sup. Ct. 556, 53 L. Ed. 936; McLean v. United States, 226 U. S. 374, 33 Sup. Ct. 122, 57 L. Ed. 260; United States v. Laughlin (No. 200), 249 U. S. 440, 39 Sup. Ct. 340, 63 L. Ed. 696, decided April 14, 1919. But here Congress has provided:
>  'That any claim which shall be presented and acted on under
>  authority of this act shall be held as finally determined, and
>  shall never thereafter be reopened or considered.'
>
>  These words express clearly the intention to confer upon the

> Treasury Department exclusive jurisdiction and to make its decision final. The case of United States v. Harmon, 147 U. S. 268, 13 Sup. Ct. 327, 37 L. Ed. 164, strongly relied upon by claimants, has no application. Compare D. M. Ferry & Co. v. United States, 85 Fed. 550, 557, 29 C. C. A. 345. *[Emphasis added]*

And further the holding of the Supreme Court of the United States being in *Tutun v. United States*, 270 U.S. 568, 576, 577 (1926), to wit:

> If the proceeding were not a case or controversy within the meaning of article 3, s 2, this delegation of power upon the courts would have been invalid. Hayburn's Case, 2 Dall. 409, 1 L. Ed. 436; United States v. Ferreira, 13 How. 40, 14 L. Ed. 42; Muskrat v. United States, 31 S. Ct. 250, 219 U. S. 346, 55 L. Ed. 246. Whether a proceeding which results in a grant is a judicial one does not depend upon the nature of the thing granted, **but upon the nature of the proceeding which Congress has provided for securing the grant. The United States may create rights in _individuals_ against itself and provide only an administrative remedy.** United States v. Babcock, 39 S. Ct. 464, 250 U. S. 328, 331, 63 L. Ed. 1011. **It may provide a legal remedy, but make resort to the courts available *577 only after all administrative remedies have been exhausted.** Compare New Orleans v. Paine, 13 S. Ct. 303, 147 U. S. 261, 37 L. Ed. 162; United States v. Sing Tuck, 24 S. Ct. 621, 194 U. S. 161, 48 L. Ed. 917; American Steel Foundries v. Robertson, 43 S. Ct. 541, 262 U. S. 209, 67 L. Ed. 953. **It may give to the _individual_ the option of either an administrative or a legal remedy.** Compare Clyde v. United States, 13 Wall. 38, 20 L. Ed. 479; **427Chorpenning v. United States, 94 U. S. 397, 399, 24 L. Ed. 126. Or it may provide only a remedy. Compare Turner v. United States, 39 S. Ct. 109, 248 U. S. 354, 63 L. Ed. 291. **Whenever the law provides a remedy enforceable in the courts according to the regular course of legal procedure, and that remedy is pursued, there arises a case within the meaning of the Constitution, whether the subject of the litigation be property or status.** A petition for naturalization is clearly a proceeding of that character.
>
> The petitioner's claim is one arising under the Constitution and laws of the United States. The claim is presented to the court in such a form that the judicial power is capable of acting upon it. The proceeding is instituted and is conducted throughout according to the regular course of judicial procedure. The United States is always a possible adverse party. *[Emphasis added]*

And further the holding in the Court of Appeals of

8

Arizona in *Allen v. Graham*, 446 P.2d 240, 243 (1968), to wit:

> Welfare benefits are grants by the legislature which has delegated to the Department of Public Welfare the power to determine the recipients of such grants. Under such circumstances, i.e., **when the state creates rights in *individuals* against itself, it is not bound to provide a remedy in the courts and may withhold all remedy or it may provide an administrative remedy and make it exclusive, however mistaken its exercise.** Dismuke v. United States, 297 U.S. 167, 56 S.Ct. 400, 80 L.Ed. 561 (1936); United States v. Babcock, 250 U.S. 328, 39 S.Ct. 464, 63 L.Ed. 1011 (1919); Blanc v. United States, 140 F.Supp. 481 (E.D.N.Y.1956). *[Emphasis added]*

And further under the adjudged decision of the Supreme Court of the United States in *Cook v. Gralike*, 531 U.S. 510, 528 (2001), it clearly is held that the National Legislature (Congress) enacts laws which bind the people as "individuals" and not as citizens of any of the several States or as people of the these United States, to wit:

> The idea of federalism is that a National Legislature **enacts laws which bind the people as *individuals*, not as citizens of a State**; and, it follows, freedom is most secure if the people themselves, not the States as intermediaries, hold their federal legislators to account for the conduct of their office. *[Emphasis added]*

Unfortunately Auchterlonie's *ipse dixit* pontifications do not overturn or declare the holdings of the Supreme Court of the United States void and vacated - do they?

And further, if Auchterlonie has any evidentiary facts or ultimate facts on the Hymes being each a "taxpayer", by operation of law, then under 26 CFR § 601.201 there must exist said determination of the Hymes each being a "taxpayer." But Auchterlonie has refused to disclose this

9

determination by the IRS or any determination to the Hymes, which must exist, otherwise Auchterlonie is by her *ipse dixit* statements under her signature conclusively attempting to commit fraud upon *this* Court.

Auchterlonie makes statement as evidently as *a matter of law* that the Hymes are "as a taxpayer himself", without providing one piece of Auchterlonie *ipse dixit* findings in the land of Oz.

Auchterlonie has presented to the Hymes craftily worded requests as words in the Admissions, Interrogatories and discovery that are terms used by the IRS and the unknown Plaintiff to entrap the Hymes. Hymes has relied upon the courts to declare or clarify the law. If that has been abrogated to Auchterlonie, then now is the time to declare same on the record. The following is what the Hymes relied upon concerning Auchterlonie's Requests for the unknown Plaintiff.

"It is well settled law that only the judicial department declares the law as held and pronounced in adjudged decision of the Supreme Court of the United States in *Marbury v. Madison*, 1 Cranch 137, 177 (1803) "(i)t is emphatically the province and duty of the judicial department to say what the law is." See also *United States v. Morrison*, 529 U.S. 598, 607 (2000); *Plaut v. Spendthrift*

10

*Farm, Inc*, 514 U.S. 211, 211 (1995); *Harper v. Virginia Dept. of Taxation*, 509 U.S. 86, 107 (1993).

Hymes denies and rejects the *ipse dixit* pontifications by Auchterlonie and the USA as used from the initial Complaint including but not limited to "reside" or resided". "Reside (resided)" means to live, to remain or stay, to dwell permanently or continuously, to have a settled abode for a time, and/or to have one's residence or domicile. Hymes denies and rejects Aucherlonie's and the USA's *ipse dixit* pontifications of "consideration". "Consideration" means any right, interest, profit, or benefit accruing to one party, whether in cash, property, or some other form of value; or any forbearance, detriment, loss, or responsibility, given, suffered, or undertaken by the other party.

As used herein and in this instant Case from the very beginning, **"domicile"** means that place where a man has his true, fixed, and permanent home and principal home and principal establishment, and to which whenever he is absent he has the intention of returning. "Domicile" and "residence" or "abode" or "usual place of abode" are not convertible terms. A person may have several residences or places of abode, but can only have one domicile at a time. "Domicile" is *animus et factum and animus manendi*. See

*Kurilla v. Roth*, 38 A.2d 862, 864 (1944); *In re Stabile*, 36 A.2d 451, 453 (1944); *Mitchel v. U.S.*, 88 U.S., 350, 353 (1874)

Domicile as decided in the adjudged decision of the Supreme Court of the United States in *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989), to wit:

> "Domicile" is, of course, a concept widely used in both federal and state courts for jurisdiction and conflict-of-laws purposes, and its meaning is generally uncontroverted. See generally Restatement ß ß 11-23; R. Leflar, L. McDougal, & R. Felix, American Conflicts Law 17-38 (4th ed. 1986); R. Weintraub, Commentary on the Conflict of Laws 12-24 (2d ed. 1980). "Domicile" is not necessarily synonymous with "residence," *Perri v. Kisselbach,* 34 N.J. 84, 87, 167 A.2d 377, 379 (1961), and one can reside in one place but be domiciled in another, *District of Columbia v. Murphy,* 314 U.S. 441, 62 S.Ct. 303, 86 L.Ed. 329 (1941); *In re Estate of Jones,* 192 Iowa 78, 80, 182 N.W. 227, 228 (1921). For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there. *Texas v. Florida,* 306 U.S. 398, 424, 59 S.Ct. 563, 576, 83 L.Ed. 817 (1939). One acquires a "domicile of origin" at birth, and that domicile continues until a new one (a "domicile of choice") is acquired. *Jones, supra,* 192 Iowa, at 81, 182 N.W., at 228; *In re Estate of Moore,* 68 Wash.2d 792, 796, 415 P.2d 653, 656 (1966).

As used herein and from the very beginning in this instant Case, "consideration" is the technical term to indicate that a tribunal has heard and judicially determined a matter submitted to it. It is the proper term to be used in a judgment of the court. See *Meaney v. State Industrial Accident Comission*, 232 P. 789, 791 (1925); *Harlow v. Planning and Zoning Com'n of the Town of Westport*, 479 A.2d 808, 813 (1984)."

Auchterlonie on page 5 goes back to the term "individual" . . . "may mean "citizen of the United States." Only an "Individual" can use a 1040 Form. Only an "Individual" can obtain information from the IRS under 5 U.S.C. § 552a(2) definition, but Auchterlonie is requesting information concerning an "individual" on IRS "federal tax liabilities" and it may not apply. Unbelievable. Try man or woman and there will not be any confusion.

As to the Trusts being public record, Auchterlonie seems to provide all of the names of the purported Trusts and Trustees and claims ignorance of public records. I find no rule of Discovery to locate and copy said public records for Auchterlonie. If the Trusts concern real property, where would anyone hazard a guess that you would look? Possibly in the District of Columbia recording office or the recording office in Guam?

Concerning the Hymes, Donald Louis Hymes is under probation, and is protected by not supplying evidence against himself for further prosecution by the Bill of Rights.

As to not signing the Interrogatories under penalty of perjury, the Hymes did make due diligence to address the Requests, but as stated therein with the Requests provided to Auchterlonie, the Hymes were unable to provide answers

13

due to the presumptions and Auchterlonie provided terms entrapping the Hymes to which the Hymes could not subject themselves to perjury knowing that their answers would not be truthful answering the requests by Auchterlonie. Of course PLAINTIFF , whoever it may be, did not sign any of the Admissions, Interrogatories or provide any Discovery Requests to the UNITED STATES OF AMERICA, they were signed by Auchterlonie- and not even "FOR PLAINTIFF".

The Hymes Motion this Court to not grant Auchterlonie's Motion to Compel unless the requests are clearly articulated without terms hidden within designed, in which the Hymes would be confessing to facts not true.

And further, Auchterlonie should resubmit any Requests to the Hymes, by answering the first Request for Admissions of the Hymes by disclosing who the PLAINTIFF and the authority of the presumed "UNITED STATES OF AMERICA" really is.

And further, the Hymes Motion this Court to extend the Discovery period by a minimum of nine (9) months, which *this* Court routinely uses as the window for Discovery, as it is clearly evident that probably the Circuit Court of the United States for the 9th Circuit and possibly the Supreme Court of the United States will be involved in this instant Case.

14

Dated: 2nd     April, 2007

My Hand,

*[signature]*

My Hand

*[signature: Donald Lewis Hymes]*

### Certification

This document and said attachments have been mailed first class via USPS to the following parties, to wit:

Nelson P. Cohen
 United States Attorney
District of Alaska
Federal Bldg. & U.S. Courthouse
101 12th Avenue, Box 2
Fairbanks, Alaska 99701


Jennifer D. Auchterlonie
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683


Date: 2nd     April, 2007
Rita MariNa Hymes

*[signature]*