# ATTACHMENT

# 1

Rita MariNa Hymes
2340 Ravenwood Avenue
Fairbanks, Alaska [99709]
907-479-6922

**The United States of America**

**The United States**

**District Court of the United States**

**District of Alaska**

**Rita MariNa Hymes, personal capacity**
**Donald Louis Hymes, personal capacity;**
*Plaintiffs*

v.

**UNITED STATES OF AMERICA;**
*Defendant*

**A05-123-CV(RRB)**

DEFENDANT Rita MariNa Hymes' RESPONSE TO

UNITED STATES' FIRST SET OF REQUESTS FOR ADMISSIONS DIRECTED TO

DEFENDANT Rita MariNa Hymes

1. In regard to federal income tax assessments for the tax year 1995, please admit that you owe the United States $1,790.19, plus interest and other statutory additions which, as provided by law, have accrued since the dates of the federal income tax assessments for the tax year 1995.

RESPONSE:

Defendant does not have sufficient information to admit or deny. Plaintiff has failed to abide by the discovery request to provide a certified, signed and dated Form 23C. The IRS equally failed to provide a certified, signed and dated Form 23C, though it was

requested through FOIA. There has been no taxpayer determination by any party and the Plaintiff has inextricably intertwined, i.e. irrevocably conflated many terms, regulations, "citizen of the United States", the Revised Statutes of 1878 (*prima facie* evidence of the laws of the United States only) and the United States Code (must be read *in pari materia* with all other laws of the United States or U.S.C.) to which the Defendant has no means to admit or deny. *Lex non cogit ad impossibilia.*

2. In regard to federal income tax assessments for the tax year 1996, please admit that you owe the United States $6,361.72, plus interest and other statutory additions which, as provided by law, have accrued since the dates of the federal income tax assessments for the tax year 1996.

RESPONSE:

Defendant does not have sufficient information to admit or deny. Plaintiff has failed to abide by the discovery request to provide a certified, signed and dated Form 23C. The IRS equally failed to provide a certified, signed and dated Form 23C, though it was requested through FOIA. There has been no taxpayer determination by any party and the Plaintiff has inextricably intertwined, i.e. irrevocably conflated many terms, regulations, "citizen of the United States", the Revised Statutes of 1878 (*prima facie* evidence of the laws of the United States only) and the United States Code (must be read *in pari materia* with all other laws of the United States or U.S.C.) to which the Defendant has no means to admit or deny. *Lex non cogit ad impossibilia.*

3. In regard to federal income tax assessments for the tax year 1997, please admit that you owe the United States $1,195.53, plus interest and other statutory additions which,

as provided by law, have accrued since the dates of the federal income tax assessments for the tax year 1997.

RESPONSE:

Defendant does not have sufficient information to admit or deny. Plaintiff has failed to abide by the discovery request to provide a certified, signed and dated Form 23C. The IRS equally failed to provide a certified, signed and dated Form 23C, though it was requested through FOIA. There has been no taxpayer determination by any party and the Plaintiff has inextricably intertwined, i.e. irrevocably conflated many terms, regulations, "citizen of the United States", the Revised Statutes of 1878 (*prima facie* evidence of the laws of the United States only) and the United States Code (must be read *in pari materia* with all other laws of the United States or U.S.C.) to which the Defendant has no means to admit or deny. *Lex non cogit ad impossibilia.*

4. In regard to federal income tax assessments for the tax year 1998, please admit that you owe the United States $4,348.76, plus interest asnd other statutory additions which, as provided by law, have accrued since the dates of the federal income tax assessments for the tax year 1998.

RESPONSE:

Defendant does not have sufficient information to admit or deny. Plaintiff has failed to abide by the discovery request to provide a certified, signed and dated Form 23C. The IRS equally failed to provide a certified, signed and dated Form 23C, though it was requested through FOIA. There has been no taxpayer determination by any party and the Plaintiff has inextricably intertwined, i.e. irrevocably conflated many terms, regulations,

3

"citizen of the United States", the Revised Statutes of 1878 (*prima facie* evidence of the laws of the United States only) and the United States Code (must be read *in pari materia* with all other laws of the United States or U.S.C.) to which the Defendant has no means to admit or deny. *Lex non cogit ad impossibilia.*

5. In regard to federal income tax assessments for the tax year 1999, please admit that you owe the United States $5,742.22, plus interest asnd other statutory additions which, as provided by law, have accrued since the dates of the federal income tax assessments for the tax year 1999.

RESPONSE:

Defendant does not have sufficient information to admit or deny. Plaintiff has failed to abide by the discovery request to provide a certified, signed and dated Form 23C. The IRS equally failed to provide a certified, signed and dated Form 23C, though it was requested through FOIA. There has been no taxpayer determination by any party and the Plaintiff has inextricably intertwined, i.e. irrevocably conflated many terms, regulations, "citizen of the United States", the Revised Statutes of 1878 (*prima facie* evidence of the laws of the United States only) and the United States Code (must be read *in pari materia* with all other laws of the United States or U.S.C.) to which the Defendant has no means to admit or deny. *Lex non cogit ad impossibilia.*

6. Please admit that you currently reside at the home locates at 2340 Ravenwood, Fairbanks, Alaska.

RESPOPNSE:

It is not clear whether Plaintiff is referring to 2340 Ravenwood Avenue?

The term "home", as used in 26 U.S.C. § 162(a)(2), is defined as a taxpayer's principal place of business; therefore, the Defendant is without enough information to admit or deny. See *Ellwein v. U.s., C.A.N.D.*, 778 F.2d 506, 509 (8th Cir. 1985). If this term definition of "home" is what the Plaintiff is using, there has been no taxpayer determination by any party and the Plaintiff has inextricably intertwined, i.e. irrevocably conflated many terms, regulations, "citizen of the United States", the Revised Statutes of 1878 (*prima facie* evidence of the laws of the United States only) and the United States Code (must be read *in pari materia* with all other laws of the United States or U.S.C.) to which the Defendant has no means to admit or deny. *Lex non cogit ad impossibilia*

As the term "reside" is a question of law, the Defendant is without enough information to admit or deny. Defendant denies and rejects the *ipse dixit* pontifications by Jennifer D. Auchterlonie ("Auchterlonie") and the USA as used from the initial Complaint including but not limited to "reside" or resided" means to live, to remain or stay, to dwell permanently or continuously, to have a settled abode for a time, and/or to have one's residence or domicile. The Defendant denies and rejects Auchterlonie's and the USA's *ipse dixit* pontifications of "consideration" means any right, interest, profit, or benefit accruing to one party, whether in cash, property, or some other form of value; or any forbearance, detriment, loss, or responsibility, given, suffered, or undertaken by the other party.

As used herein and in this instant Case from the very beginning, **"domicile"** means that place where a man has his true, fixed, and permanent home and principal home and principal establishment, and to which whenever he is absent he has the intention of returning. "Domicile" and "residence" or "abode" or "usual place of abode" are not convertible terms. A person may have several residences or places of abode, but can only have one domicile at a time. "Domicile" is *animus et factum and animus manendi*. See *Kurilla v. Roth*, 38 A.2d 862, 864 (Sup. Ct. N.J. 1944); *In re Stabile*, 36 A.2d 451, 453 (Sup. Ct. Pa. 1944); *Mitchel v. U.S.*, 88 U.S., 350, 353 (1874).

5

Domicile as decided in the adjudged decision of the Supreme Court of the United States in *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989), to wit:

> "Domicile" is, of course, a concept widely used in both federal and state courts for jurisdiction and conflict-of-laws purposes, and its meaning is generally uncontroverted. See generally Restatement ß ß 11-23; R. Leflar, L. McDougal, & R. Felix, American Conflicts Law 17-38 (4th ed. 1986); R. Weintraub, Commentary on the Conflict of Laws 12-24 (2d ed. 1980). "Domicile" is not necessarily synonymous with "residence," *Perri v. Kisselbach*, 34 N.J. 84, 87, 167 A.2d 377, 379 (1961), and one can reside in one place but be domiciled in another, *District of Columbia v. Murphy*, 314 U.S. 441, 62 S.Ct. 303, 86 L.Ed. 329 (1941); *In re Estate of Jones*, 192 Iowa 78, 80, 182 N.W. 227, 228 (1921). For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there. *Texas v. Florida*, 306 U.S. 398, 424, 59 S.Ct. 563, 576, 83 L.Ed. 817 (1939). One acquires a "domicile of origin" at birth, and that domicile continues until a new one (a "domicile of choice") is acquired. *Jones, supra*, 192 Iowa, at 81, 182 N.W., at 228; *In re Estate of Moore*, 68 Wash.2d 792, 796, 415 P.2d 653, 656 (1966).

7. Please admit that you have resided at the home located at 2340 Ravenwood, Fairbanks, Alaska, continuously from the date of your purchase of the home in 1974 until the present time.

RESPONSE:

Is Plaintiff referring to 2340 Ravenwood Avenue?

As the term "home" as used in 26 U.S.C. § 162(a)(2) is defined as a taxpayer's principal place of business; therefore, the Defendant is without enough information to admit or deny. See *Ellwein v. U.s., C.A.N.D.*, 778 F.2d 506, 509 (8th Cir. 1985). If this term definition of "home" is what the Plaintiff is using, there has been no taxpayer determination by any party and the Plaintiff has inextricably intertwined, i.e. irrevocably conflated many terms, regulations, "citizen of the United States", the Revised Statutes of 1878 (*prima facie* evidence of the laws of the United States only) and the United States Code (must be read *in pari materia* with all other laws of the United States) to which the

Defendant has no means to admit or deny. *Lex non cogit ad impossibilia.*

As the term "reside" is a question of law, the Defendant is without enough information to admit or deny. Defendant denies and rejects the *ipse dixit* pontifications by Jennifer D. Auchterlonie ("Auchterlonie") and the USA as used from the initial Complaint including but not limited to "reside" or resided" means to live, to remain or stay, to dwell permanently or continuously, to have a settled abode for a time, and/or to have one's residence or domicile. The Defendant denies and rejects Auchterlonie's and the USA's *ipse dixit* pontifications of "consideration" means any right, interest, profit, or benefit accruing to one party, whether in cash, property, or some other form of value; or any forbearance, detriment, loss, or responsibility, given, suffered, or undertaken by the other party.

As used herein and in this instant Case from the very beginning, "**domicile**" means that place where a man has his true, fixed, and permanent home and principal home and principal establishment, and to which whenever he is absent he has the intention of returning. "Domicile" and "residence" or "abode" or "usual place of abode" are not convertible terms. A person may have several residences or places of abode, but can only have one domicile at a time. "Domicile" is *animus et factum and animus manendi.* See *Kurilla v. Roth*, 38 A.2d 862, 864 (Sup. Ct. N.J. 1944); *In re Stabile*, 36 A.2d 451, 453 (Sup. Ct. Pa. 1944); *Mitchel v. U.S.*, 88 U.S., 350, 353 (1874).

Domicile as decided in the adjudged decision of the Supreme Court of the United States in *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989), to wit:

> "Domicile" is, of course, a concept widely used in both federal and state courts for jurisdiction and conflict-of-laws purposes, and its meaning is generally uncontroverted. See generally Restatement ß ß 11-23; R. Leflar, L. McDougal, & R. Felix, American Conflicts Law 17-38 (4th ed. 1986); R. Weintraub, Commentary on the Conflict of Laws 12-24 (2d ed. 1980). "Domicile" is not necessarily synonymous with "residence," *Perri v. Kisselbach*, 34 N.J. 84, 87, 167 A.2d 377, 379 (1961), and one can reside in one place but be domiciled in another, *District of Columbia v. Murphy*, 314 U.S. 441, 62 S.Ct. 303, 86 L.Ed. 329 (1941); *In re Estate of Jones*, 192 Iowa 78, 80, 182 N.W. 227, 228 (1921). For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there. *Texas v. Florida*, 306 U.S. 398, 424, 59 S.Ct. 563, 576, 83 L.Ed. 817 (1939). One acquires a "domicile of origin" at birth, and that domicile continues until a new one (a "domicile of choice") is acquired. *Jones, supra*, 192 Iowa, at 81, 182 N.W., at 228; *In re Estate of Moore*, 68 Wash.2d 792, 796, 415 P.2d 653,

8. With respect to any transfers of the home located at 2340 Ravenwood, Fairbanks, Alaska, to Aurora Trust or to Sunshine Trust, please admit that any such transfers were for no consideration.

**RESPONSE:**

It is not clear whether Plaintiff is referring to 2340 Ravenwood Avenue?

The question is too vague to be answered properly. What does Plaintiff mean to imply with "failure of consideration" or "want of consideration"?

"Failure of consideration" as applied to notes, contracts, conveyances, etc., this term does not necessarily mean a want of consideration, but implies that a consideration, originally existing and good, has since become worthless or has ceased to exist or been extinguished, partially or entirely. It means that sufficient consideration was contemplated by the parties at the time the contract was entered into, but either on account of some innate defect in the thing to be given or nonperformance in whole or in part of what which the promisee agreed to do or forbear nothing of value can be or is received by the promisee. *Holcomb v. Long Beach Inv. Co.*, 19 P.2d 31, 36 (Dist. Ct. App. Ca. 1933).

"Want of consideration" in the general law of contracts, this term means a total lack of any valid consideration for a contract.

Without enough information concerning "failure of consideration" or "want of consideration", the Defendant is without enough information to admit or deny.

The term "home", as used in 26 U.S.C. § 162(a)(2), is defined as a taxpayer's principal place of business; therefore, the Defendant is without enough information to admit or deny. See *Ellwein v. U.s., C.A.N.D.*, 778 F.2d 506, 509 (8th Cir. 1985). If this term definition of "home" is what the Plaintiff is using, there has been no taxpayer determination by any party and the Plaintiff has inextricably intertwined, i.e. irrevocably conflated many terms, regulations, "citizen of the United States", the Revised Statutes of



1878 (*prima facie* evidence of the laws of the United States only) and the United States Code (must be read *in pari materia* with all other laws of the United States) to which the Defendant has no means to admit or deny. *Lex non cogit ad impossibilia.*

As the term "reside" is a question of law, the Defendant is without enough information to admit or deny. Defendant denies and rejects the *ipse dixit* pontifications by Jennifer D. Auchterlonie ("Auchterlonie") and the USA as used from the initial Complaint including but not limited to "reside" or resided" means to live, to remain or stay, to dwell permanently or continuously, to have a settled abode for a time, and/or to have one's residence or domicile. The Defendant denies and rejects Auchterlonie's and the USA's *ipse dixit* pontifications of "consideration" means any right, interest, profit, or benefit accruing to one party, whether in cash, property, or some other form of value; or any forbearance, detriment, loss, or responsibility, given, suffered, or undertaken by the other party.

As used herein and in this instant Case from the very beginning, **"domicile"** means that place where a man has his true, fixed, and permanent home and principal home and principal establishment, and to which whenever he is absent he has the intention of returning. "Domicile" and "residence" or "abode" or "usual place of abode" are not convertible terms. A person may have several residences or places of abode, but can only have one domicile at a time. "Domicile" is *animus et factum and animus manendi*. See *Kurilla v. Roth*, 38 A.2d 862, 864 (Sup. Ct. N.J. 1944); *In re Stabile*, 36 A.2d 451, 453 (Sup. Ct. Pa. 1944); *Mitchel v. U.S.*, 88 U.S., 350, 353 (1874).

Domicile as decided in the adjudged decision of the Supreme Court of the United States in *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989), to wit:

> "Domicile" is, of course, a concept widely used in both federal and state courts for jurisdiction and conflict-of-laws purposes, and its meaning is generally uncontroverted. See generally Restatement ß ß 11-23; R. Leflar, L. McDougal, & R. Felix, American Conflicts Law 17-38 (4th ed. 1986); R. Weintraub, Commentary on the Conflict of Laws 12-24 (2d ed. 1980). "Domicile" is not necessarily synonymous with "residence," *Perri v. Kisselbach*, 34 N.J. 84, 87, 167 A.2d 377, 379 (1961), and one can reside in one place but be domiciled in another, *District of Columbia v. Murphy*, 314 U.S. 441, 62

S.Ct. 303, 86 L.Ed. 329 (1941); *In re Estate of Jones*, 192 Iowa 78, 80, 182 N.W. 227, 228 (1921). For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there. *Texas v. Florida*, 306 U.S. 398, 424, 59 S.Ct. 563, 576, 83 L.Ed. 817 (1939). One acquires a "domicile of origin" at birth, and that domicile continues until a new one (a "domicile of choice") is acquired. *Jones, supra*, 192 Iowa, at 81, 182 N.W., at 228; *In re Estate of Moore*, 68 Wash.2d 792, 796, 415 P.2d 653, 656 (1966).

9. With respect to any transfers of the home located at 2340 Ravenwood, Fairbanks, Alaska, to Aurora Trust or to Sunshine Trust, please admit that you and/or your spouse continued to retain control over and use off the home after any such transfers.

RESPONSE:

It is not clear whether Plaintiff is referring to 2340 Ravenwood Avenue?

The question is too broad and too vague in its scope to be answered properly. What does Plaintiff mean by 'control over'?

As the term "home" as used in 26 U.S.C. § 162(a)(2) is defined as a taxpayer's principal place of business; therefore, the Defendant is without enough information to admit or deny. See *Ellwein v. U.s., C.A.N.D.*, 778 F.2d 506, 509 (8th Cir. 1985). If this term definition of "home" is what the Plaintiff is using, there has been no taxpayer determination by any party and the Plaintiff has inextricably intertwined, i.e. irrevocably conflated many terms, regulations, "citizen of the United States", the Revised Statutes of 1878 (*prima facie* evidence of the laws of the United States only) and the United States Code (must be read *in pari materia* with all other laws of the United States) to which the Defendant has no means to admit or deny. *Lex non cogit ad impossibilia.*

Dated: February ___, 2007

My Hand, /s/