# ATTACHMENT

# 1

Rita MariNa Hymes
Donald Louis Hymes
2340 Ravenwood
Fairbanks, Alaska [99709]
907-479-6922

**The United States of America**

**The United States**

**District Court of the United States**

**District of Alaska**

**UNITED STATES OF AMERICA**
*Plaintiff*
**v.**

**Rita MariNa Hymes, personal capacity**
**Donald Louis Hymes, personal capacity;**
*Defendants*

**A05-123-CV(RRB)**

**Rita MariNa Hymes' AND Donald Louis Hymes'**
**FIRST SET OF REQUESTS FOR ADMISSIONS DIRECTED TO**
**UNITED STATES OF AMERICA**

As provided in Federal Rules of Civil Procedure ("FRCP") 26 and 36, Rita MariNa

Hymes and Donald Louis Hymes ("the Hymes") request that the "UNITED STATES OF

AMERICA" ("USA") admit the truth of the facts set out below within thirty (30) days of

being served with these requests for admission. Unless admitted, the answer shall

specifically deny the matter and facts or set forth in detail the reasons why the answering

party cannot truthfully admit or deny the matter or facts. A denial shall fairly meet the

substance of the requested admissions, and when good faith requires that a party qualify

an answer or deny only part of the matter on which an admission is requested, the party

shall specify so much of it as true and qualify the remainder.

The Hymes caution the USA that according to FRCP 36(a), that matters set forth herein are admitted unless the Hymes are served with your written answer or objection addressed to the matters and facts set forth herein within thirty (30) days after the service of these requests for admission.

It is well settled law that only the judicial department declares the law as held and pronounced in adjudged decision of the Supreme Court of the United States in *Marbury v. Madison*, 1 Cranch 137, 177 (1803) "(i)t is emphatically the province and duty of the judicial department to say what the law is." See also *United States v. Morrison*, 529 U.S. 598, 607 (2000); *Plaut v. Spendthrift Farm, Inc*, 514 U.S. 211, 211 (1995); *Harper v. Virginia Dept. of Taxation*, 509 U.S. 86, 107 (1993).

The Hymes deny and reject the *ipse dixit* pontifications by Jennifer D. Auchterlonie ("Auchterlonie") and the USA as used from the initial Complaint including but not limited to "reside" or resided" means to live, to remain or stay, to dwell permanently or continuously, to have a settled abode for a time, and/or to have one's residence or domicile. The Hymes deny and reject Auchterlonie's and the USA's *ipse dixit* pontifications of "consideration" means any right, interest, profit, or benefit accruing to one party, whether in cash, property, or some other form of value; or any forbearance, detriment, loss, or responsibility, given, suffered, or undertaken by the other party.

As used herein and in this instant Case from the very beginning, "**domicile**" means that place where a man has his true, fixed, and permanent home and principal home and principal establishment, and to which whenever he is absent he has the intention of returning. "Domicile" and "residence" or "abode" or "usual place of abode" are not

2

convertible terms. A person may have several residences or places of abode, but can only have one domicile at a time. "Domicile" is *animus et factum and animus manendi.* See *Kurilla v. Roth*, 38 A.2d 862, 864 (1944); *In re Stabile*, 36 A.2d 451, 453 (1944); *Mitchel v. U.S.*, 88 U.S., 350, 353 (1874)

Domicile as decided in the adjudged decision of the Supreme Court of the United States in *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989), to wit:

> "Domicile" is, of course, a concept widely used in both federal and state courts for jurisdiction and conflict-of-laws purposes, and its meaning is generally uncontroverted. See generally Restatement ß ß 11-23; R. Leflar, L. McDougal, & R. Felix, American Conflicts Law 17-38 (4th ed. 1986); R. Weintraub, Commentary on the Conflict of Laws 12-24 (2d ed. 1980). "Domicile" is not necessarily synonymous with "residence," *Perri v. Kisselbach*, 34 N.J. 84, 87, 167 A.2d 377, 379 (1961), and one can reside in one place but be domiciled in another, *District of Columbia v. Murphy*, 314 U.S. 441, 62 S.Ct. 303, 86 L.Ed. 329 (1941); *In re Estate of Jones*, 192 Iowa 78, 80, 182 N.W. 227, 228 (1921). For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there. *Texas v. Florida*, 306 U.S. 398, 424, 59 S.Ct. 563, 576, 83 L.Ed. 817 (1939). One acquires a "domicile of origin" at birth, and that domicile continues until a new one (a "domicile of choice") is acquired. *Jones, supra*, 192 Iowa, at 81, 182 N.W., at 228; *In re Estate of Moore*, 68 Wash.2d 792, 796, 415 P.2d 653, 656 (1966).

As used herein and from the very beginning in this instant Case, "consideration" is the technical term to indicate that a tribunal has heard and judicially determined a matter submitted to it. It is the proper term to be used in a judgment of the court. See *Meaney v. State Industrial Accident Comission*, 232 P. 789, 791 (1925); *Harlow v. Planning and Zoning Com'n of the Town of Westport*, 479 A.2d 808, 813 (1984).

As used herein, "you" or "your" refers to the USA.

As used herein, the singular form of a word includes the plural form of the word and the plural form of a word includes the singular form of a word.

The Hymes, furthermore, notify the USA that according to FRCP 26(e)(2) that the USA has a duty to amend its response to any of these requests for admission if the

USA learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the Hymes during this discovery process or in writing.

1.     Please admit that the "UNITED STATES OF AMERICA" is not the "The United States of America" arising under the Articles of Confederation and arising under the "Constitution of the United States."

Response:

2.     Please admit that the "UNITED STATES OF AMERICA" exercises no executive Power of the United States arising under the Article II of the Constitution of the United States.

Response:

3.     Please admit that the "UNITED STATES OF AMERICA" exercises no legislative Power of the United States arising under Article I of the Constitution of the United States.

Response:

4.     Please admit that the "UNITED STATES OF AMERICA" arising under Article III in all Cases in Law and Equity does not exercise any of the judicial Power of the United States under the Authority of the United States of the Constitution of the United States.

Response:

4/

5.    Please admit that the "UNITED STATES OF AMERICA" is not the real party of interest in this instant Case.

Response:


6.    Please admit that the "UNITED STATES OF AMERICA" is not the "United States" arising under and in the Constitution of the United States in this instant Case.

Response:


7.    Please admit that the "Internal Revenue Service" has never been established by law arising under the Constitution of the United States.

Response:


8.    Please admit that the "Internal Revenue Service" exercises no executive Power of the United States arising under Article II of the Constitution of the United States.

Response:


9.    Please admit that the "Internal Revenue Service" exercises no legislative Power of the States arising under Article I of the Constitution of the United States.

Response:


10.    Please admit that the "Internal Revenue Service" exercises no judicial Power of the United States under the Authority of the United States arising under Article III of the Constitution of the United States.

5

Response:


11.    Please admit that the "Internal Revenue Service" is an agent of an unknown entity.

Response:


12.    Please admit that the "Internal Revenue Service" is bound by the unambiguous language of 5 U.S.C. 552(a)(1).

Response:


13.    Please admit that the "Internal Revenue Service" must use the regulations for the taxes administered by the Internal Revenue Service are contained in Title 26 of the Code of Regulations as published in 26 CFR § 601.101.

Response:


14.    Please admit that the "Internal Revenue Service" has in 26 CFR § 601.702 stated that it is required to comply with the unambiguous language of 5 U.S.C. § 552(a)(1).

Response:


15.    Please admit that the "Internal Revenue Service" has in 26 CFR § 601.702 stated there will be rules setting forth a "Statement of Procedural Rules" in part 601.

Response:


16.    Please admit that the "Internal Revenue Service" has in 26 CFR § 601.702 stated

there will be regulations in part 301 for "Procedure and Administration Regulations."

Response:

17.    Please admit that the "Internal Revenue Service" has in 26 CFR § 601.702 stated there will be "substantive regulations under the Internal Revenue Code of 1986, such as the regulations in part 1 of this chapter (Income Tax Regulations), in part 20 of this chapter (Estate Tax Regulations), and in part 31 of this chapter (Employment Tax Regulations)."

Response:

18.    Please admit that the "Internal Revenue Service" is bound by holding in the adjudged decision of the Supreme Court of the United States in *Chrysler v. Brown*, 441 U.S. 281, 282 (1979) that only "substantive regulations" have the "force and effect of law."

Response:

19.    Please admit that the "Internal Revenue Service" has "substantive regulations" published in Title 26 of the CFRs regarding part 1, being Individual Income Taxes regulations, in Treas. Reg. T. 26, Ch. I, Subch. A, Pt. 1.

Response:

20.    Please admit that the "Internal Revenue Service" has "substantive regulations" published in Title 26 of the CFRs regarding part 20, being Estate Tax Regulations, in

Treas. Reg. T. 26, Ch. I, Subch. B, Pt. 20.

Response:


21.     Please admit that the "Internal Revenue Service" has "substantive regulations" published in Title 26 of the CFRs regarding part 31, being Employment Tax Regulations, in Treas. Reg. T. 26, Ch. I, Subch. C, Pt. 31.

Response:


22.     Please admit that the "Internal Revenue Service" has never to date in this instant Case used any of the "substantive regulations" contained in as Reg. T. 26, Ch. I, Subch. A, Pt. 1.

Response:


23. Please admit that the "Internal Revenue Service" has never to date, in all of the Notices of Federal Liens, all  Letters, demands, Notices,  Recordings into the public record and all documents from the "Internal Revenue Service", used any of the "substantive regulations" for Individual Income Tax contained in Reg. T. 26, Ch. I, Subch. A, Pt. 1.

Response:


24.     Please admit that the "Internal Revenue Service" has never to date, in this instant Case, used any of the "substantive regulations" contained in as Treas. Reg. T. 26, Ch. I, Subch. B, Pt. 20.

Response:

25. Please admit that the "Internal Revenue Service" has never to date, in all of the Notices of Federal Liens, all other Letters, demands, Notices, Recordings into the public record and all documents from the "Internal Revenue Service", used any of the "substantive regulations" for Individual Income Tax contained in    Treas. Reg. T. 26, Ch. I, Subch. B, Pt. 20.

Response:

26.    Please admit that the "Internal Revenue Service" has never to date, in this instant Case, used any of the "substantive regulations" contained in as Treas. Reg. T. 26, Ch. I, Subch. C, Pt. 31.

Response:

27. Please admit that the "Internal Revenue Service" has never to date, in all of the Notices of Federal Liens, all other Letters, demands, Notices, Recordings into the public record and all documents from the "Internal Revenue Service", used any of the "substantive regulations" for Individual Income Taxs contained in    Treas. Reg. T. 26, Ch. I, Subch. C, Pt. 31.

Response:

28.    Please admit that the "Internal Revenue Service" has never to date, in this instant Case or from all of the FOIAs submitted by Hymes and all Notices of Federal Tax Liens

and all documents from the "Internal Revenue Service", ever used or disclosed to Hymes

one "substantive regulation."

Response:


29.    Please admit that the "Internal Revenue Service" must, as mandated by the Federal

Register, denote in parenthesis for substantive regulations the statutory authority as found

in 1 CFR § 8.5, 1 CFR 21.40, 1 CFR § 21.52, and 1 CFR § 22.2.

Response:


30.    Please admit that the "Internal Revenue Service", to date as an "agency" of

unknown powers or source, has not followed the mandatory unambiguous language of

the regulations in Title 26 of the CFRs and in Title 1 of the CFRs.

Response:


31.    Please admit that the "Internal Revenue Service" has never to date followed all of

the adjudged decisions of the Supreme Court of the United States on procedures

mandated by Congress in this instant Case and concerning the Hymes.

Response:


32.    Please admit that the "Internal Revenue Service" has never to date and in this

instant Case ever made, and, that no assessment exists as required to be evidenced in an

Assessment Certificate 23C.

Response:

33.    Please admit that the "Internal Revenue Service" has purported statutory authority of Congress for assessments of all taxes under 26 U.S.C. § 6201.

Response:


34.    Please admit that the "Internal Revenue Service" for assessments of all taxes is under 26 U.S.C. § 6201 that the only substantive regulations for assessments is in 27 CFR § 24.60 and 27 CFR § 70.71, being for Alcohol, Tobacco and Firearms only.

Response:


35.    Please admit for the "Internal Revenue Service" that there are no "internal revenue districts" established in any of the several States as mandated under 26 U.S.C. § 7621.

Response:


36.    Please admit that the "Internal Revenue Service" uses "internal revenue laws" that are not "Laws of the United States" within the several States arising under Article VI of the Constitution of the United States.

Response:


37.    Please admit that the "Internal Revenue Service" taxes "Individuals" under 26 U.S.C. § 1.

Response:

38.    Please admit that the "Internal Revenue Service" use of the definition of "Individual" means either a "citizen of the United States or alien" under 5 U.S.C. § 552(a)(2).

Response:


39.    Please admit that  the Hymes are not an "Individual" under 26 U.S.C. § 1.

Response:


40.    Please admit that the Hymes are not  a "citizen of the United States."

Response:


41.    Please admit that the Hymes are a "citizen of one of the several States."

Response:

42.    Please admit that Rita MariNa Hymes was naturalized as a "citizen of the United States of America." and   Donald Louis Hymes is a natural born citizen of the United States of America

Response:


43.    Please admit that Congress or the "Internal Revenue Service" has no executive, judicial or legislative Power arising under the Constitution of the United States to recast the citizen status of the Hymes to being a "citizen of the United States" from a "citizen of one of the several States" and/or a "citizen of the United States of America."

Response:

44.    Please admit that the "Internal Revenue Service" has no executive, legislative or judicial Power arising under the Constitution of the United under the Authority of the United States to impose any of "internal revenue laws" under Title 26 of the U.S.C. or Title 26 of the CFRs upon any of the "citizens of the several States."

Response:

45.    Pease admit that the "Internal Revenue Service" has no executive, legislative or judicial Power arising under the Constitution of the United under the Authority of the United States to impose any of "internal revenue laws" under Title 26 of the U.S.C. or Title 26 of the CFRs upon any of the "citizens of the United States of America."

Response:

46.    Please admit that Congress was not granted the authority arising under the Constitution of the United States to attempt to clothe and create a "citizen of the United States" with the same fundamental rights of the citizens of the several States, i.e. "white citizens."

Response:

47.    Please admit that Congress and the "Internal Revenue Service" is mandated to use the definitions of 42 U.S.C. §§§ 1981, 1982, and 1988 (Title XIII - judiciary, Title XXIV - Civil Rights for "citizens of the United States", and Title LXX - Crimes; all of the 1878 Revised Statutes) of "citizens of the United States" in which Congress is attempting to

clothe "citizens of the United States" with the same fundamental rights as "white citizens."

Response:

48.    Please admit that this instant Case is really under the statutory authority for "citizens of the United States" for all "civil and criminal matters" is under 42 U.S.C. § 1988.

Response:

49.    Please admit that grant of statutory authority of Congress for the Individual Form(s) and regulations are under 26 U.S.C. § 6011.

Response:

50.    Please admit that it is mandatory for the Hymes to file on the Form 1040 for an Individual Income Tax, with OMB number of 1545-0074 under 26 U.S.C. § 6011.

Response:

51.    Please admit that it is mandatory for the Hymes to file on the Form 1040 for Individual Income Tax to provide a Social Security Number on said Form 1040 with the OMB number 1545-0074 under 26 U.S.C. § 6011.

Response:

52.    Please admit that the "Internal Revenue Service" has never disclosed to the Hymes, even though the Hymes have, via FOIAs and other letters, requested and

demanded the substantive and other regulations under 26 U.S.C. § 6011.

Response:


53.    Please admit that the "Internal Revenue Service" has no "substantive regulations"
for the Form 1040 under the OMB number 1545-0074 that has any application to the
Hymes.

Response:


54.    Please admit that the acquiring of a Social Security Number is voluntary.

Response:


55.    Please admit that there is no legislative grant or authority arising under the
Constitution of the United States for Congress to require any of the citizens of any of the
several States or people of the United States to obtain a Social Security Number.

Response:


56.    Please admit that if the Hymes obtain and use a Social Security Number that the
Hymes are bound by /to only a statutory solution in 42 U.S.C. § 405(g)&(h).

Response:


57.    Please admit that the Hymes have no Social Security Number under the Hymes'
true name consisting of Christian and Family names, all being proper nouns, i.e. proper
names and also as shown the Government Style Manual Chapter 3.

Response:

58.    Please admit that the Hymes are not domiciled in the "United States" arising under
the Constitution of the United States.

Response:

59.    Please admit that the Hymes are domiciled in one of the several States, if Alaska is
in fact one of the several States, if Alaska is in fact one of the United States of America
and if in fact Alaska entered the Union of States on an equal footing with the original
States in all respects.

Response:

60.    Please admit that Michael (Mike) Walsh of the "Internal Revenue Service" has
none of the essential elements of an "Officer of the United States" or "inferior Officer of
the United States" arising under Article II Section 2 Clause 2.

Response:

61.    Please admit Michael (Mike) Walsh of the "Internal Revenue Service" has no Civil
Commission under the Seal of the United States under the Laws of the United States in 1
Stat. 68-69.

Response:

62.    Please admit that Michael (Mike) Walsh is a mere employee of the Government of

the United States with a Form 61 attesting to Mike Walsh being a mere employee.

Response:

63.     Please admit that Michael (Mike) Walsh exercises no judicial Power of the United States under the Authority of the United States arising under the Constitution of the United States.

Response:

64.     Please admit that Michael (Mike) Walsh exercises no legislative Power of the United States under the Authority of the United States arising under the Constitution of the United States.

Response:

65.     Please admit that Michael (Mike) Walsh exercises no executive Power of the United States under the Authority of the United States arising under the Constitution of the United States.

Response:

66.     Please admit that J. Pruett of the "Internal Revenue Service" has none of the essential elements of an "Officer of the United States" or "inferior Officer of the United States" arising under Article II Section 2 Clause 2 of the Constitution of the United States.

Response:

67.    Please admit J. Pruett of the "Internal Revenue Service" has no Civil Commission under the Seal of the United States under the Laws of the United States in 1 Stat. 68-69.

Response:


68.    Please admit that J. Pruett is a mere employee of the Government of the United States with a Form 61 attesting to J. Pruett being a mere employee.

Response:


69.    Please admit that J. Pruett exercises no judicial Power of the United States under the Authority of the United States arising under the Constitution of the United States.

Response:


70.    Please admit that J. Pruett exercises no legislative Power of the United States under the Authority of the United States arising under the Constitution of the United States.

Response:


71.    Please admit that J. Pruett exercises no executive Power of the United States under the Authority of the United States arising under the Constitution of the United States.

Response:

72.    Please admit that D. Coulter of the "Internal Revenue Service" has none of the essential elements of an "Officer of the United States" or "inferior Officer of the United States" arising under Article II Section 2 Clause 2 of the Constitution of the United States.

Response:


73.    Please admit D. Coulter of the "Internal Revenue Service" has no Civil Commission under the Seal of the United States under the Laws of the United States in 1 Stat. 68-69.

Response:


74.    Please admit that D. Coulter is a mere employee of the Government of the United States with a Form 61 attesting to D. Coulter being a mere employee.

Response:


75.    Please admit that D. Coulter exercises no judicial Power of the United States under the Authority of the United States arising under the Constitution of the United States.

Response:


76.    Please admit that D. Coulter exercises no legislative Power of the United States under the Authority of the United States arising under the Constitution of the United States.

Response:

77.    Please admit that D. Coulter exercises no executive Power of the United States under the Authority of the United States.

Response:


78.    Please admit that Auchterlonie of the "Department of Justice" has none of the essential elements of an "Officer of the United States" or "inferior Officer of the United States" arising under Article II Section 2 Clause 2 under the Constitution of the United States.

Response:


79.    Please admit Auchterlonie of the "Department of Justice" has no Civil Commission under the Seal of the United States under the Laws of the United States in 1 Stat. 68-69.

Response:


80.    Please admit that Auchterlonie is a mere employee of the Government of the United States with a Form 61 attesting to Auchterlonie being a mere employee.

Response:


81.    Please admit that Auchterlonie exercises no judicial Power of the United States under the Authority of the United States arising under the Constitution of the United States.

Response:

82.    Please admit that Auchterlonie exercises no legislative Power of the United States under the Authority of the United States arising under the Constitution of the United States.

Response:

83.    Please admit that Auchterlonie exercises no executive Power of the United States under the Authority of the United States arising under the Constitution of the United States.

Response:

84.    Please admit that the "Department of Justice" is an "executive agency" under the unambiguous language of 5 U.S.C. § 105.

Response:

85.    Please admit that the "Department of Justice" is an agent of an unknown and undisclosed entity.

Response:

86.    Please admit the "Department of Justice", as an "executive agency", exercises no executive Power of the United States under the Authority of the United States arising under the Constitution of the United States.

Response:

82.    Please admit that Auchterlonie exercises no legislative Power of the United States under the Authority of the United States arising under the Constitution of the United States.

Response:


83.    Please admit that Auchterlonie exercises no executive Power of the United States under the Authority of the United States arising under the Constitution of the United States.

Response:


84.    Please admit that the "Department of Justice" is an "executive agency" under the unambiguous language of 5 U.S.C. § 105.

Response:


85.    Please admit that the "Department of Justice" is an agent of an unknown and undisclosed entity.

Response:


86.    Please admit the "Department of Justice", as an "executive agency", exercises no executive Power of the United States under the Authority of the United States arising under the Constitution of the United States.

Response:

87.     Please admit that the "Department of Justice", as an "executive agency", cannot "represent" the "UNITED STATES OF AMERICA."

Response:

88.     Please admit that the "Department of Justice" has no authority arising under the Constitution of the United States to "represent" the "UNITED STATES OF AMERICA."

Response:

89.     Please admit that the "Department of Justice" has no authority arising under the Constitution of the United States to "represent" the "Internal Revenue Service."

Response:

90.     Please admit that Title 5 of the United States Code is not Law of the United States as mandated arising under Article VI of the Constitution of the United States.

Response:

91.     Please admit that Title 5 of the United States Code is not "positive law" of the United States.

Response:

92.     Please admit that Title 5 of the United States Code must be used *in pari materia* with all other statutes.

Response:


93.     Please admit that Title 26 of the United States Code is not Law of the United

States as mandated arising under Article VI of the Constitution of the United States.

Response:


94.     Please admit that Title 26 of the United States Code is not "positive law" of the

United States.

Response:


95.     Please admit that Title 26 of the United States Code must be used *in pari materia*

with all other statutes.

Response:


96.     Please admit that Title 28 of the United States Code is not Laws of the United

States as mandated arising under Article VI of the Constitution of the United States.

Response:


97.     Please admit that Title 28 of the United States Code is not "positive law" of the

United States.

Response:


98.     Please admit that Title 28 of the United States Code must be used *in pari material*

with all other statutes.

Response:


Dated : January        , 2007



My Hand

Rita MariNa Hymes



My Hand

Donald Louis Hymes

CERTIFICATE OF SERVICE

I certify that on  January 22, 2007, a copy  of the foregoing

**Rita MariNa Hymes' AND Donald Louis Hymes'**
**FIRST SET OF REQUESTS FOR ADMISSIONS DIRECTED TO**
**UNITED STATES OF AMERICA**

was served this day:  January, 22, 2007

by e-mail  to

Jennifer D.  Auchterlonie

Jennifer.D.Auchterlonie@usdoj.gov

and by United States mail, postage pre-paid to:

Nelson P. Cohen
US Attorney
District of Alaska
Federal Bldg. & U.S. Courthouse
101 12th Avenue Box 2
Fairbanks, AK 99701

Jennifer D.  Auchterlonie
Trial Attorney, Tax Division
US Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, DC 20044-0683

Rita MariNa Hymes