NELSON P. COHEN
United States Attorney
District of Alaska
Federal Bldg. & U.S. Courthouse
101 12th Avenue, Box 2
Fairbanks, Alaska  99701
Telephone: (907) 456-0245

JENNIFER D. AUCHTERLONIE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044-0683
Telephone: (202) 514-9593
Facsimile: (202) 307-0054
Email: Jennifer.D.Auchterlonie@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Civil No. A05-0123 CV (RRB) |
| Plaintiff, ) | |
| ) | |
| v. ) | UNITED STATES' REPLY TO |
| ) | DEFENDANTS' OPPOSITION TO |
| DONALD L. HYMES; RITA M. HYMES; ) | UNITED STATES' MOTION TO |
| AURORA TRUST, ZENA D. HYMES ) | STRIKE DEFENDANTS' FINAL |
| AND CHARLA HYMES TRUSTEES; ) | EXPERT WITNESS LIST |
| SUNSHINE TRUST, RITA M. HYMES ) | |
| TRUSTEE; ZENA D. HYMES; CHARLA ) | |
| HYMES; AND FAIRBANKS NORTH ) | |
| STAR BOROUGH ) | |
| ) | |
| Defendants. ) | |
| ) | |

The United States of America, by and through its undersigned counsel, hereby replies as

follows to those portions of defendants' opposition to the United States' motion to strike

2377496.1

- 2 -

defendants' expert witness list (defendants' opposition) that merit a reply:

Although not altogether clear, in defendants' opposition, defendants appear to: (1) claim that the purported expert witnesses they listed will be called to testify on the issue of fraud on the part of the government in this matter, and (2) argue that the reason why defendants have failed to make the required disclosures under Fed. R. Civ. P. 26(a)(2) is because the United States has failed to provide the evidence necessary for those disclosures. As set forth below, defendants' contentions do not cure the defects in defendants' purported expert witness list, and that list must be stricken.

    1.    <u>No Claim of Fraud Exists in This Matter.</u>

Defendants have not brought a fraud claim against the government in this matter, in either their amended answer or their counterclaim. Pursuant to Fed. R. Civ. P. 9(b), "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Rule 9(b) requires that "allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir.1985).

The U.S. Court of Appeals for the Ninth Circuit has set forth specific guidance for the proper pleading of fraud:

> A pleading "is sufficient under Rule 9(b) if it identifies 'the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations.' " *Gottreich v. San Francisco Investment Corp.*, 552 F.2d 866, 866 (9th Cir.1977) (citation omitted); see *Deutsch v. Flannery*, 823 F.2d 1361, 1365-66 (9th Cir.1987). The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent

2377496.1

- 3 -

activity. *Semegen*, 780 F.2d at 731; *Gottreich*, 552 F.2d at 867; see *In re Genentech Securities Litigation*, 1990 WL 32070, *4-5 (N.D. Cal.1990). *Neubronner v. Milken*, 6 F.3d 666, 671-672 (9th Cir. 1993).

Defendants have not attempted to bring a claim of fraud in this case, they have not made any claim for relief against the government based on fraud in this case, and they have in no document filed with the Court in this matter set forth the circumstances that they believe constitute fraud in this case. Thus, defendants cannot call expert witnesses to testify on the subject of fraud in this matter.

  2. <u>Defendants Have Made No Attempt to Comply with the Requirements of Rule 26</u>

In defendants' opposition, they appear to argue that they failed to make the required disclosures under Fed. R. Civ. P. 26(a)(2) because the United States has not provided the evidence necessary for those disclosures. This argument is without merit. Rule 26(a)(2) requires that, in addition to the identity of the expert witness, defendants must provide the United States with a written report prepared and signed by the expert witness. Fed. R. Civ. P. 26(a)(2)(A), (B). That report must contain the following items:

  a. A complete statement of all opinions to be expressed and the basis and reasons therefor;
  b. the data or other information considered by the witness in forming the opinions;
  c. any exhibits to be used as a summary of or support for the opinions;
  d. the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years;
  e. the compensation to be paid for the study and the testimony; and
  f. a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. Fed. R. Civ. P. 26(a)(2)(B).

Even assuming, arguendo, that defendants are correct in their assertion that the United States has not provided them with the evidence their purported expert witnesses need to form

- 4 -

their respective opinions on the issue of fraud, defendants have failed to show any cause for their failure to disclose to the United States the qualifications, publications, compensation, and prior testimony of each purported expert witness, as required by Rule 26(a)(2).  Thus, defendants have made absolutely no attempt to comply with the rule, and their attempt to now blame their failure on any action or inaction by the United States is disingenuous.

Accordingly, for all of the reasons stated above, and in the United States' Motion to Strike Defendants' Final Expert Witness List, the United States respectfully requests that the Court strike defendants' Final Expert Witness List and exclude any of the purported expert witnesses identified therein from testifying at trial in this matter.

Dated this 9th day of April, 2007.

        Respectfully Submitted,

        NELSON P. COHEN
        United States Attorney


        s/ Jennifer D. Auchterlonie
        JENNIFER D. AUCHTERLONIE
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 683
        Ben Franklin Station
        Washington, D.C.  20044-0683
        Telephone: (202) 514-9593
        Email: Jennifer.D.Auchterlonie@usdoj.gov

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2007, a copy of the foregoing UNITED STATES' REPLY TO DEFENDANTS' OPPOSITION TO UNITED STATES' MOTION TO STRIKE DEFENDANTS' FINAL EXPERT WITNESS LIST was served by regular U.S. mail on the following parties:

```
Donald L. Hymes           Rita M. Hymes
2340 Ravenwood            2340 Ravenwood
Fairbanks, Alaska 99709   Fairbanks, Alaska 99709

Sunshine Trust
Rita M. Hymes, Trustee
2340 Ravenwood
Fairbanks, Alaska 99709
```

s/ Jennifer D. Auchterlonie
JENNIFER D. AUCHTERLONIE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-9593
Email: Jennifer.D.Auchterlonie@usdoj.gov

2377496.1