Rita MariNa Hymes and Donald Louis Hymes
2340 Ravenwood
Fairbanks, Alaska [99709]
907-479-6922

The United States of America

The United States

District Court of the United States

District of Alaska

UNITED STATES OF AMERICA
*Plaintiff*
v.

Rita MariNa Hymes, personal capacity
Donald Louis Hymes, personal capacity;
*Defendants*

A05-123-CV(RRB)

RECEIVED APR 1 9 2007 CLERK, U.S. DISTRICT COURT FAIRBANKS, ALASKA

### Reply to UNITED STATES' RESPONSE TO DEFENDANTS' MOTION TO COMPEL

Come now Rita MariNa Hymes and Donald Louis Hymes ("the Hymes") with this Reply to UNITED STATES' RESPONSE TO DEFENDANTS' MOTION TO COMPEL ("USA Response").

Jennifer D. Auchterlonie ("Auchterlonie") filed the USA Response that is totally devoid of any issues of merit unless one visits the Land of Oz.

Upon inspection of the responses from the "UNITED STATES OF AMERICA" or the "UNITED STATES" or the "United States" (hereafter "unknown Plaintiffs"), Auchterlonie hasn't even disclosed who the real Plaintiffs are for the Hymes and their authority. Auchterlonie represents the

unknown Plaintiffs and responds with such statements in the Admissions as, to wit:

> "The United States further objects to this request that it contains argumentative, scandalous, indecent, and impertinent matter calculated to annoy, embarrass, and oppress the United States in the eyes of the Court, the ultimate fact finder at the trial of this matter, the news media, and the public all in violation of the principles expressed in the Rules of Civil Procedure 7(b)(2), 11, 12(f) and 26. In particular, the request contains shopworn, tax-protestor rhetoric that has been unequivocally and repeatedly rejected by the courts. The United States further objects to this request on the ground that it improperly seeks a conclusion of law, asks the United States for an interpretation of a document that speaks for itself, and contains an inaccurate statement of the law. The United States further objects to this request on the ground that it is vague, ambiguous, overbroad, and utterly unintelligible; this, it is incapable of being answered."

How can the unknown Plaintiffs file a Case into the administrative United States District Court ("USDC") the appearance of a Case in Law and Equity arising under Article III and respond that if the unknown Plaintiffs answered the Admissions that it would be: "The United States further objects to this request that it contains argumentative, **scandalous, indecent,** and impertinent matter calculated to **annoy, embarrass, and oppress the United States in the eyes of the Court,** the **ultimate fact** finder at the trial of this matter, **the news media**, and **the public** all in violation of the principles expressed in the Rules of Civil Procedure 7(b)(2), 11, 12(f) and 26." *[Emphasis added]* Auchterlonie has filed or caused to be file for these unknown Plaintiffs a Case that would be "scandalous, indecent" . . . and "embarrass, or oppress the United States in the eyes of the

Court" . . . in front of the "the news media, and the public." Auchterlonie is demanding a Star Chamber or "secret" stealing of the property of the Hymes behind closed doors with the blessing of Beistline.

This is conclusive and legal evidence that the unknown Plaintiffs' goals are to be blessed by the USDC, being to steal the real property of the Hymes providing no material facts or substantive facts and then morphing this into ultimate facts. The Hymes have demanded a Trial by Jury of *their peers* and have never waived it. Auchterlonie understands that Judge Beistline is under the ultimate control of the Professional Code of Conduct in Alaska and the Judicial Code of Alaska, in which Beistline is bound and controlled, as Beistline's highest allegiance is to both; and as stated in the Judicial Code, "The judge is an arbiter of facts and law . . .", which **is** prohibited by the Constitution of the United States and the adjudged decisions of the Supreme Court of the United States from cognizance of this class of Case in Law and Equity arising under Article III exercising the judicial Power of the United States under the Authority of the United States as held in *Postum Cereal Co. Inc. v. California Fig Nut Co.*, 272 U.S. 693 (1927), to wit:

> The distinction between the jurisdiction of this court which is confined to the hearing and decision of cases in the constitutional sense and that of administrative action and decision, power for which may be conferred upon courts of the District is shown in the case of Keller v. Potomac

> Electric Company, 261 U. S. 428, 440, 442, 443, 43 S. Ct. 445, 67 L. Ed. 731. There it is pointed out that, while Congress in its constitutional exercise of exclusive legislation over the District may clothe the courts of the District, not only with the jurisdiction and powers of the federal courts in the several states, but also with such authority as a state might confer on her courts (Prentis v. Atlantic Coast Line Company, 211 U. S. 210, 225, 226, 29 S. Ct. 67, 53 L. Ed. 150), and so may vest courts of the District with administrative or legislative functions which are not properly judicial, it may not do so with this court, or any federal court established under article 3 of the Constitution. Of the jurisdiction of this court, we said, at page 444 of 261 U. S. (43 S. Ct. 449):
> 
> '***Such legislative or administrative jurisdiction, it is well settled, cannot be conferred on this court either directly or by appeal.*** The latest and fullest authority upon this point is to be found in the opinion of Mr. Justice Day, speaking for the court in Muskrat v. United States, 219 U. S. 346 (31 S. Ct. 250, 55 L. Ed. 246). ***The principle there recognized and enforced on reason and authority is that the jurisdiction of this court and of the inferior courts of the United States ordained and established by Congress under and by virtue of the third article of the Constitution is limited to cases and controversies in such form that the judicial power is capable of acting on them, and does not extend to an issue of constitutional law framed by Congress for \*701 the purpose of invoking the advice of this court without real parties or a real case, or to administrative or legislative issues or controversies.***' [Emphasis added]

Auchterlonie is demanding that the Hymes surrender their real property with no discovery in the public record or disclosing same to the Hymes, in violation of the Law of the Land and even the Federal Rules of Court Civil Procedure, which Auchterlonie machinations erroneously conflated preclusion of law with the Civil Rules and the Administrative State.

Therefore, the Hymes conclude that the Hymes DENY Auchterlonie's Response and compel the unknown Plaintiffs and Auchterlonie to comply by answering the Admissions, Interrogatories and provide discovery documents that are not

just presumptive evidence.

Date:   April, 19, 2007

My Hand,

*[signature]*

My Hand,

*Donald Luied Hynes [signature]*

**Certification**

This document have been mailed first class via USPS to the following parties, to wit:

Nelson P. Cohen
Acting United States Attorney
District of Alaska
Federal Bldg. & U.S. Courthouse
101 12th Avenue, Box 2
Fairbanks, Alaska 99701


Jennifer D. Auchterlonie
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683


Date  4.19.07


Signature