NELSON P. COHEN
United States Attorney
District of Alaska
Federal Bldg. & U.S. Courthouse
101 12th Avenue, Box 2
Fairbanks, Alaska  99701
Telephone: (907) 456-0245

JENNIFER D. AUCHTERLONIE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044-0683
Telephone: (202) 514-9593
Facsimile: (202) 307-0054
Email: Jennifer.D.Auchterlonie@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>　　　　　　Plaintiff, <br><br>　　v. <br><br>DONALD L. HYMES; RITA M. HYMES; AURORA TRUST, ZENA D. HYMES AND CHARLA HYMES TRUSTEES; SUNSHINE TRUST, RITA M. HYMES TRUSTEE; ZENA D. HYMES; CHARLA HYMES; AND FAIRBANKS NORTH STAR BOROUGH <br><br>　　　　　　Defendants. | Civil No. A05-0123 CV (RRB) <br><br> UNITED STATES' MOTION FOR DISCOVERY SANCTIONS PURSUANT TO FED. R. CIV. P. 37 |

2489981.1

- 2 -

## CERTIFICATION OF ATTEMPT TO CONFER

The United States of America, by and through its undersigned counsel, hereby certifies pursuant to Local Rule 37.1 that the undersigned counsel attempted to confer with defendants Donald L. Hymes and Rita M. Hymes in an effort to secure their compliance in this matter without court action. In that regard, the undersigned counsel sent defendants a letter via FedEx on May 23, 2007, informing them of the insufficiency of their discovery responses and requesting that defendants contact said counsel to discuss this matter. Defendants did not respond to that letter.

## MOTION FOR DISCOVERY SANCTIONS

The United States of America, by and through its undersigned counsel, hereby moves the Court for an order prohibiting defendants Donald L. Hymes and Rita M. Hymes (defendants) from introducing into evidence any information requested by the United States in discovery but not disclosed as of this date. In support of its motion, the United States respectfully submits the following:

1. Background

The United States brought this action to reduce defendants' federal tax assessments to judgment and to foreclose federal tax liens on defendants' residence, the home located at 2340 Ravenwood, in Fairbanks, Alaska (the subject property). The two issues in this case are (1) whether defendants are indebted to the United States for federal taxes in the amounts set forth in the amended complaint, and (2) whether the United States is entitled to foreclose its federal tax liens upon the subject property. The second issue involves a determination of whether the

2489981.1

- 3 -

Sunshine Trust is an alter ego and/or nominee of the defendants.[1]

As previously set forth in the United States' Motion to Compel filed on March 15, 2007, Dkt. #95, the United States served via FedEx and First Class Mail separate sets of requests for admission, interrogatories, and requests for production of documents upon each of the defendants Donald L. Hymes and Rita M. Hymes (collectively, the United States' discovery requests) on January 18, 2007, to discover any additional facts and witnesses, and to learn the factual basis for any defenses asserted by defendants in this matter.

In accordance with the Federal Rules of Civil Procedure, defendants' responses to the United States' discovery requests were due to be served on February 20, 2007. *See* Fed. R. Civ. P. 6(e), 33(b)(3), 34(b), 36(a).

On February 21, 2007, defendants served their responses to the United States' discovery requests. As set forth in the United States' Motion to Compel, those responses were entirely deficient; thus, the United States sought an order of the Court compelling defendants to provide proper responses to the United States' discovery requests. The Court granted the United States' Motion to Compel and required defendants to provide such responses by Order entered April 10, 2007, Dkt. #108.

---

[1] It is important to note that neither the Sunshine Trust nor the Aurora Trust has appeared in this action. Rita M. Hymes and Charla Hymes, the respective trustees of those purported trusts, each attempted to file a motion to dismiss on behalf of the trusts earlier in this action, Dkt. ##8 and 10, and the Court correctly struck those motions in its Order entered January 12, 2006, Dkt. #43, on the grounds that Rita M. Hymes and Charla Hymes, as purported trustees and non-lawyers, cannot represent the trusts in this action. Thus, the purported trusts have failed to defend this action and are subject to default.

2489981.1

- 4 -

On or about April 30, 2007, defendants served their responses to the United States' discovery requests. As to the United States' request for production of documents, defendants refused to produce any of the documents requested. As to the United States' interrogatories, defendants refused to answer, or provided only unintelligible answers to interrogatories 2-5 and 8-12.[2] As a result, pursuant to the discovery sanctions set forth in Fed. R. Civ. P. 37 and Local Rule 37.1, defendants should be prohibited from introducing into evidence any information requested by the United States in discovery but not disclosed as of this date.

2. <u>Defendants' Responses to Interrogatories 2-5 and 8-12</u>.

With respect to the United States' interrogatories, interrogatories 2 and 3 ask defendants to provide their current address and all prior addresses from 1974 through to the present. This interrogatory is designed to uncover facts regarding the possession of, dominion and control over, and use and enjoyment of the subject property. This is the address at which defendants receive mail and the address that defendants have represented to the Court as their address. Nevertheless, defendants continue to refuse to answer these interrogatories, apparently on the grounds that they do not understand what it means to have a home somewhere, to live somewhere, or to reside at an address somewhere. These purported grounds are entirely unintelligible and without merit.

Interrogatory 4 asks defendants to state the consideration for any transfers of the subject property to either the Aurora Trust or the Sunshine Trust. This interrogatory is designed to

---

[2] A true and correct copy of the responses of defendants Rita M. Hymes and Donald L. Hymes to the United States' request for production of documents and the United States' interrogatories is attached hereto as Exhibit A.

- 5 -

uncover facts regarding the true legal ownership of the subject property. Defendants' response merely states "Ten Dollars and other consideration." This plainly does not constitute a proper answer to the interrogatory, because the interrogatory required the consideration to be identified and simply stating "other consideration" does not identify the consideration in any way. Thus, this response is, on its face, insufficient.

Interrogatory 5 asks defendants to identify all persons having control over and use of the subject property after any purported transfers of that property to either the Aurora Trust or the Sunshine Trust. Again, this interrogatory is designed to uncover facts regarding the possession of, control over, and use and enjoyment of the subject property. Defendants refused to answer that interrogatory on the grounds that "The question is too vague and broad in scope." Defendants do not provide any basis to support their claim that the interrogatory is vague or broad. Further, this is an objection that was not raised by defendants prior to the Court's order compelling defendants' responses to the United States' discovery requests. Finally, this objection is entirely without merit in that the interrogatory is aimed directly at one of the central issues in this case, i.e., ownership of the subject property, and the answer to the interrogatory would provide facts directly relevant to that issue.

Interrogatory 8 asks defendants to identify all individuals who have knowledge of the facts on which they rely to support their claims and defenses in this matter. The information requested through this interrogatory is also required to have been produced in defendants' initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A). Because defendants failed to produce any initial disclosures in this matter, it was necessary for the United States to request this information

2489981.1

- 6 -

through an interrogatory. As it is required under the Federal Rules of Civil Procedure, defendants have no grounds on which to refuse to provide this information.

Interrogatories 9 and 10 ask defendants to identify the grantor(s) and/or settlor(s), trustee(s), and beneficiary(ies) of both the Aurora Trust and the Sunshine Trust. This interrogatory is designed to uncover potential witnesses in this case and facts that may shed light on the validity of the purported trusts. Defendants refused to answer these interrogatories on the grounds that, according to defendants, the trust documents are publicly available and are not required to be supplied to the United States. Defendants do not provide any basis to support their claim that trust documents are a matter of public record, and the United States is unaware that such is the case with respect to the trust documents at issue herein. Thus, defendants' grounds for refusing to answer interrogatories 9 and 10 are entirely lacking in merit.

Interrogatories 11 and 12 ask defendants to state all facts on which they rely for the contention that Aurora Trust and Sunshine Trust are valid trusts, if indeed that is defendants' contention. This interrogatory is designed to uncover facts that may shed light on the validity of the purported trusts. Defendants refused to answer these interrogatories. With respect to the Aurora Trust, defendants stated that the answer to the interrogatory must be obtained from Aurora Trust. With respect to the Sunshine Trust, the defendants simply repeated their claim that the trust documents are publicly available and are not required to be supplied to the United States. These stated grounds for refusal are meritless. First, the interrogatory sought all facts upon which *defendants* rely, not all facts upon which *Aurora Trust* relies. The facts upon which defendants rely are properly sought from defendants, not the Aurora Trust. Second, as stated

2489981.1

- 7 -

above, defendants do not provide any basis to support their claim that trust documents are a matter of public record, and the United States is unaware that such is the case with respect to the trust documents at issue herein.

Defendants have flatly refused to provide information that this Court has compelled them to provide. As such, this Court should impose discovery sanctions to prevent the United States from being prejudiced by defendants' refusal to participate in the discovery process.

3. <u>Discovery Sanctions</u>.

As shown above, the United States' discovery requests were aimed at discovering any additional facts, witnesses, and any possible defenses held by the defendants relating to one of the central issues in this case, which is whether the United States is entitled to foreclose its federal tax liens upon the subject property to collect the tax liabilities owed by defendants Donald L. Hymes and Rita M. Hymes. If any such facts, witnesses, or defenses exist, but the defendants fail to disclose them in response to written discovery requests, the United States risks severe prejudice if the defendants are later permitted to call such witnesses or to present evidence of such facts or supporting such defenses at trial or in response to any dispositive motion filed by the government. Rule 37(b)(2) protects parties from such prejudice by providing that

> If a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this Rule . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> &ast; &ast; &ast; &ast; &ast;
>
> (B) An order refusing to allow the disobedient party to support or oppose

2489981.1

- 8 -

designated claims or defenses, or prohibiting that party from introducing designated matters in evidence.

In addition, Local Rule 37.1 sets forth the following standards for the imposition of discovery sanctions:

> (b) Standard for Imposition of Sanctions.  Prior to entering an order under Rule 37, Federal Rules of Civil Procedure, the court will consider:
>    (1) the nature of the violation, including the willfulness of the conduct and the materiality of the information the party refused to disclose;
>    (2) the prejudice to the opposing party;
>    (3) the relationship between the information the party refused to disclose and the proposed sanction;
>    (4) whether a lesser sanction would adequately protect the opposing party and deter other discovery violations; and
>    (5) other factors deemed appropriate by the court or required by law.
> (c) Dismissal, Establishment, or Preclusion.  The court will not enter an order that has the effect of establishing or dismissing a claim or defense or determining or precluding a central issue in the litigation unless the court finds that the party acted willfully.

The United States seeks an order prohibiting defendants from introducing into evidence any information requested by the United States in discovery but not disclosed as of this date. Specifically, defendants should be prohibited from introducing any documentary evidence whatsoever, because they produced no documents in response to the United States request for production of documents, from calling any witnesses, *see* interrogatory 8, 9, and 10, and from introducing any testimonial evidence to rebut the following allegations of the government:  (1) that the Aurora Trust and the Sunshine Trust are not valid legal trusts, *see* interrogatories 9-12; (2) that any purported transfers of the subject property to the Aurora Trust or the Sunshine trust lacked consideration, *see* interrogatory 4; and (3) that defendants Donald L. Hymes and Rita M. Hymes at all relevant times maintained possession of, dominion and control over, use and

- 9 -

enjoyment of, and true legal ownership of the subject property, *see* interrogatories 2, 3, and 5. Accordingly, the proposed sanction bears a direct relationship to the information that defendants failed to disclose. As noted above, the information sought through the United States' discovery requests was directly aimed at discovering any additional facts and witnesses, and learning the factual basis for any defenses asserted by defendants in this matter, thus, the information sought is material to this case and the United States is prejudiced if the defendants are permitted to keep that information hidden from the government during discovery and use it against the government at trial or in response to a dispositive motion.

Moreover, on multiple occasions in this matter, defendants' claims, positions, statements, and actions herein have been shown to be utterly lacking in any legal or factual basis. *See, e.g.*, Order Re Pending Motions (Dkt. #43), Minute Order denying defendants' motion to dismiss (Dkt. #80), Minute Order granting plaintiff's motion to compel, motion to strike counterclaim, and motion to strike expert witness list (Dkt. #108), Minute Order denying defendants' motion to compel (Dkt. #110). Defendants' persistence in making the claims and statements and in taking the positions and actions set forth in this motion, in the face of all of these findings by the Court that they are meritless, cannot be described in any way other than willful. Accordingly, pursuant to Local Rule 37.1(c), an order that has the effect of establishing or dismissing a claim or defense or determining or precluding a central issue in this litigation is appropriate.

    4. Scheduling Matters

As a scheduling matter, the United States respectfully requests that the Court extend the deadlines set forth in the Scheduling and Planning Order in this case (Dkt. #89) as appropriate, in

2489981.1

- 10 -

order to provide the United States a reasonable time to review any sanctions ordered by the Court in this matter before preparing any further dispositive or non-dispositive motions herein. In this regard, the United States proposes that the following deadlines be extended in the following manner:

    (1)    that the deadline for the filing of discovery motions, dispositive motions, and motions in limine be extended by 60 days from the date of such order; and

    (2)    that any other remaining deadlines set forth in the Scheduling and Planning Order be extended as the Court deems appropriate.

WHEREFORE, based on the foregoing, the United States respectfully requests that the Court:

    (a)    enter an order prohibiting defendants from introducing into evidence any information requested by the United States in discovery but not disclosed as of this date, as outlined above; and

    (b)    extend the deadlines in the Scheduling and Planning Order as appropriate.

Dated this 31st day of May, 2007.

                                           Respectfully Submitted,

                                           NELSON P. COHEN
                                           United States Attorney

                                           s/ Jennifer D. Auchterlonie
                                           JENNIFER D. AUCHTERLONIE
                                           Trial Attorney, Tax Division
                                           U.S. Department of Justice
                                           P.O. Box 683
                                           Ben Franklin Station
                                           Washington, D.C.  20044-0683

2489981.1

- 11 -

CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2007, a copy of the foregoing UNITED STATES' MOTION FOR DISCOVERY SANCTIONS PURSUANT TO FED. R. CIV. P. 37 was served by regular U.S. mail on the following parties:

```
Donald L. Hymes          Rita M. Hymes
2340 Ravenwood           2340 Ravenwood
Fairbanks, Alaska 99709  Fairbanks, Alaska 99709

Sunshine Trust
Rita M. Hymes, Trustee
2340 Ravenwood
Fairbanks, Alaska 99709
```

        s/ Jennifer D. Auchterlonie
        JENNIFER D. AUCHTERLONIE
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 683, Ben Franklin Station
        Washington, D.C. 20044
        Telephone: (202) 514-9593
        Email: Jennifer.D.Auchterlonie@usdoj.gov