NELSON P. COHEN
United States Attorney
District of Alaska
Federal Bldg. & U.S. Courthouse
101 12th Avenue, Box 2
Fairbanks, Alaska  99701
Telephone: (907) 456-0245

JENNIFER D. AUCHTERLONIE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044-0683
Telephone: (202) 514-9593
Facsimile: (202) 307-0054
Email: Jennifer.D.Auchterlonie@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Civil No. A05-0123 CV (RRB) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | UNITED STATES' RESPONSE TO |
| | ) | DEFENDANTS' MOTION TO |
| DONALD L. HYMES; RITA M. HYMES; | ) | DISMISS AND MOTION TO |
| AURORA TRUST, ZENA D. HYMES | ) | SANCTION |
| AND CHARLA HYMES TRUSTEES; | ) | |
| SUNSHINE TRUST, RITA M. HYMES | ) | |
| TRUSTEE; ZENA D. HYMES; CHARLA | ) | |
| HYMES; AND FAIRBANKS NORTH | ) | |
| STAR BOROUGH | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The United States of America, by and through its undersigned counsel, hereby responds

as follows to those portions of defendants' "Motion to Dismiss with Prejudice and Motion to

- 2 -

Sanction Jennifer D. Auchterlonie" (defendants' motion) that merit a response:

The United States notes at the outset that defendants' motion is largely unintelligible, and it generally raises only shopworn arguments characteristic of frivolous tax-protester rhetoric that has been universally rejected by this and other courts.  As the Court of Appeals for the Fifth Circuit has aptly stated, there is "no need to refute [such] arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  *Crain v. Commissioner*, 737 F.2d 1417, 1417 (5th Cir. 1984).

1.    Defendants' motion to dismiss.

Although not altogether clear, defendants appear to base their motion to dismiss on the grounds that, according to defendants, the Court lacks jurisdiction over this matter.  *See* Defendants' motion, pp. 21, 31.  However, the legal and factual basis for the Court's jurisdiction was properly set forth in the amended complaint as follows:

1.  This is a civil action brought by the United States of America to reduce to judgment federal tax assessments against defendants Donald L. Hymes and Rita M. Hymes and to foreclose federal tax liens against certain real property.

2.  This action is brought at the direction of the Attorney General of the United States and at the request and with the authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, pursuant to Sections 7401 and 7403 of the Internal Revenue Code (I.R.C.) of 1986 (26 U.S.C.).

3.  The Court has jurisdiction over this action pursuant to I.R.C. § 7402 and 28 U.S.C. §§ 1340 and 1345.

4.  Venue is proper in the District of Alaska pursuant to 28 U.S.C. §§ 1391(b) and 1396 because defendants Donald L. Hymes and Rita M. Hymes reside in this judicial district and the real property on which the United States seeks foreclosure is located in this judicial district.

2565126.1

- 3 -

Defendants do not challenge the jurisdictional basis established in the amended complaint, rather, defendants argue that this Court cannot determine whether defendants are subject to the tax laws of the United States.  *See* Defendants' motion, pp. 25, 27.  Defendants' argument has no merit, as numerous courts have found individuals to be subject to federal tax laws.

In *In re Becraft*, 885 F.2d 547 (9th Cir. 1989),  the Ninth Circuit Court of Appeals stated, "For over 75 years, the Supreme Court and the lower federal courts have both implicitly and explicitly recognized the Sixteenth Amendment's authorization of a non-proportioned direct income tax on United States citizens residing in the United States and thus the validity of the federal income tax laws as applied to such citizens." *Id*. at 548 (*citing Brushaber v. Union Pacific Railroad Co.*, 240 U.S. 1, 12-19, 36 S.Ct. 236, 239-42 (1916)); *United States v. Ward*, 833 F.2d 1538, 1539 (11 th Cir. 1987); *Lovell v. United States*, 755 F.2d 517, 519 (7th Cir. 1984); *Parker v. Commissioner*, 742 F.469, 471 (5th Cir. 1984); *United States v. Romero*, 640 F.2d 1014, 1016 (9th Cir. 1981).  That defendants are subject to the federal income tax laws set forth in the Internal Revenue Code, 26 U.S.C., is beyond debate.  Additionally, there is no legal authority to support defendants' argument that this Court cannot make such a determination in this case.

    2.    <u>Defendants' motion for sanctions</u>.

Although not altogether clear, defendants appear to take issue with the Forms 4340, Certificates of Assessments, Payments, and Other Specified Matters (Forms 4340), copies of which were provided to defendants by counsel for the United States to show the assessment of

- 4 -

the taxes at issue in this matter. *See* Defendants' motion, pp. 1-2, 21, 37-38. Defendants point to

the Declaration of Jennifer D. Auchterlonie, and attachments thereto, filed in this matter at

Docket # 104. In that declaration, the counsel for the United States stated as follows:

> 2.      On January 5, 2007, in response to an informal request by
> defendants, I mailed defendants copies of the Forms 4340, Certificates of
> Assessments, Payments, and Other Specified Matters, with respect to the federal
> tax assessments sought to be reduced to judgment in this matter. Attached hereto
> as Exhibit A is a true and correct copy of the cover letter I mailed to defendants,
> transmitting the Forms 4340.

> 3.      On March 2, 2007, in response do defendants' formal request for
> production of documents, I mailed defendants copies of documents found in the
> IRS administrative files concerning this matter. The Bates stamp on those copies
> reflects that 989 pages of documents were produced to defendants on that date.
> Attached hereto as Exhibit B is a true and correct copy of the United States'
> Response to Defendants' First Request for Production of Documents, including
> the certificate of service, but not including the attached documents.

In defendants' motion, defendants state that they requested production of "a 23C or some

substantive proof that there was an Assessment made." Defendants' motion, p. 2. Defendants

appear to argue that the Forms 4340 produced by counsel for the United States failed to satisfy

defendants' request for proof of an assessment. Defendants' argument is without merit.

Forms 4340 are the appropriate means of establishing an assessment, *Hughes v. United

States*, 953 F.2d 531, 540 (9th Cir. 1992), and such Forms also show that the income tax

liabilities were properly assessed against the defendants, that the notices and demand for

payment were properly sent, and that the defendants are presumptively liable for the unpaid

income taxes, interest, penalties, and other statutory additions identified thereon. *Koff v. United

States*, 3 F.3d 1297, 1298 (9th Cir. 1993) ("It is settled in this circuit that [Forms 4340] are

'probative evidence in and of themselves and, in the absence of contrary evidence, are sufficient

- 5 -

to establish that . . . assessments were properly made'") (citations omitted); *Huff v. United States*, 10 F.3d 1440, 1145-47 (9th Cir. 1993); *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). Thus, there is no legal authority to support defendants' argument that the United States has failed to produce the requested proof of the assessments at issue in this matter.

Defendants further allege that counsel for the United States "has provided no substantive documents mandated by the FRCP to the Hymes." Defendants' motion, p. 38. However, as set forth in the Declaration of Jennifer D. Auchterlonie, quoted above, said counsel has produced to defendants 989 pages of documents from the IRS administrative files concerning this matter. Thus, defendants' allegation is not supported by the evidence in this matter. Accordingly, defendants' motion for sanctions is baseless. Moreover, to the extent that defendants are seeking discovery sanctions against the United States, a motion for such relief must be brought under Fed. R. Civ. P. 37 and Local Rule 37.1, and to the extent that defendants are seeking sanctions against counsel for the United States, a motion for such relief must be brought under Fed. R. Civ. P. 11. Defendants have not complied with either Rule 37 or Rule 11 in bringing their motion.

Inasmuch as defendants have failed to show any legal or factual basis for dismissal of this case or for the imposition of any type of sanctions, the United States respectfully requests that the

///

///

///

///

2565126.1

- 6 -

///

Court deny defendants' motion.

      Dated this 21st day of June, 2007.

                                Respectfully Submitted,

                                NELSON P. COHEN
                                United States Attorney

                                s/ Jennifer D. Auchterlonie
                                JENNIFER D. AUCHTERLONIE
                                Trial Attorney, Tax Division
                                U.S. Department of Justice
                                P.O. Box 683
                                Ben Franklin Station
                                Washington, D.C.  20044-0683

- 7 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 21, 2007, a copy of the foregoing UNITED STATES'

RESPONSE TO DEFENDANTS' MOTION TO DISMISS AND MOTION TO SANCTION

was served by regular U.S. mail on the following parties:

```
Donald L. Hymes          Rita M. Hymes
2340 Ravenwood           2340 Ravenwood
Fairbanks, Alaska 99709  Fairbanks, Alaska 99709

Sunshine Trust
Rita M. Hymes, Trustee
2340 Ravenwood
Fairbanks, Alaska 99709
```

s/ Jennifer D. Auchterlonie
JENNIFER D. AUCHTERLONIE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-9593
Email: Jennifer.D.Auchterlonie@usdoj.gov

2565126.1