NELSON P. COHEN
United States Attorney
District of Alaska
Federal Bldg. & U.S. Courthouse
101 12th Avenue, Box 2
Fairbanks, Alaska  99701
Telephone: (907) 456-0245

JENNIFER D. AUCHTERLONIE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044-0683
Telephone: (202) 514-9593
Facsimile: (202) 307-0054
Email: Jennifer.D.Auchterlonie@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>  )<br>Plaintiff, )<br>  )<br>v. )<br>  )<br>DONALD L. HYMES; RITA M. HYMES; )<br>AURORA TRUST, ZENA D. HYMES )<br>AND CHARLA HYMES TRUSTEES; )<br>SUNSHINE TRUST, RITA M. HYMES )<br>TRUSTEE; ZENA D. HYMES; CHARLA )<br>HYMES; AND FAIRBANKS NORTH )<br>STAR BOROUGH )<br>  )<br>Defendants. )<br>  )<br>_____ ) | Civil No. A05-0123 CV (RRB)<br><br>UNITED STATES' RESPONSE TO<br>DEFENDANTS' MOTION TO<br>COMPEL DEPOSITIONS |

   The United States of America, by and through its undersigned counsel, hereby responds

as follows to those portions of defendants' motion to compel depositions (defendants' motion)

2565774.1

- 2 -

that merit a response:

With respect to the subpoena naming IRS Revenue Officer Mike Walsh, because that subpoena was not served in accordance with Fed. R. Civ. P. 45, compliance with the subpoena should not be compelled. Mr. Walsh is not a party to this action. Thus, his attendance at a deposition is properly secured through service of a subpoena. *See* Fed. R. Civ. P. 30(a)(1). Service of a subpoena is governed by Fed. R. Civ. P. 45(b), which states in pertinent part,

> (1) A subpoena may be served by any person who is not a party and is not less than 18 years of age. Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and, if the person's attendance is commanded, by tendering to that person the fees for one day's attendance and the mileage allowed by law.

According to the copy of the subpoena attached to defendants' motion, the subpoena was served via registered mail. Additionally, defendants make no allegation and provide no evidence as to whether they tendered witness fees in connection with their attempted service of the subpoena.

Rule 45(b) requires personal service of subpoenas. 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2454 (2d ed. 2007); *e.g.*, *Federal Trade Commission v. Compagnie de Saint-Gobain-Pont-A-Mousson*, 636 F.2d 1300, 1312-13 (D.C.Cir.1980), *San Francisco Bay Area Rapid Transit Dist. v. Spencer,* 2006 WL 2734284 (N.D. Calif. 2006), *Seafirst Corp. v. Boyd*, 1985 WL 188558 (W.D. Wash. 1985), *Gillam v. A. Shyman, Inc.*, 22 F.R.D. 475, 479 (D. Alaska 1958). The Rule also requires simultaneous tendering of witness fees and mileage. *CF&I Steel Corp. v. Mitsui &Co., Inc.*, 713 F.2d 494, 496 (9th Cir. 1983). Because defendants have failed to allege or establish compliance with the requirements of Rule 45(b), Mr. Walsh's appearance plainly should not be compelled.

2565774.1

- 3 -

With respect to the subpoena issued to the United States of America, that subpoena presents additional difficulties. It appears that a subpoena is not necessary, since the United States is a party to this action. Thus, it is conceivable that the United States' deposition–assuming such a deposition can be taken–would require simply a notice of deposition served upon counsel for the United States. Defendants have served such a notice, along with the subpoena, and a copy of the notice is attached to defendants' motion. However, because the notice of deposition fails to identify the individual to which it is addressed, or to comply with the requirements of Fed. R. Civ. P. 30(b)(6) as discussed below, compliance with the notice should not be compelled.

It is unclear from either the subpoena or the notice of deposition from whom the defendants seek testimony on behalf of the United States, as no individual is named in either document. In the event that the Court is inclined to view the notice of deposition as one intended to be issued pursuant to Fed. R. Civ. P. 30(b)(6), that rule does not, by its terms, apply to the United States of America and, even if it did, defendants have not otherwise complied with the requirements of that rule. Rule 30(b)(6) provides in pertinent part:

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.

The Rule thus allows the deposition of governmental agencies, such as the IRS, but not of the United States government itself. The difficulty in naming the United States as a witness in a

2565774.1

- 4 -

notice of deposition under Rule 30(b)(6) is the inability for counsel for the United States to know to whom the notice is meant to be directed.  Further, defendants did not describe with any particularity the matters on which examination was requested, as required by the Rule, although an attachment to the subpoena did list documents to be produced.  Thus, even if the United States could be required to designate individuals to testify on its behalf under Rule 30(b)(6), such designation should not be compelled where defendants do not identify the matters on which examination is requested.

With respect to the depositions being set outside of the time period allowed for discovery in this matter, as set forth in the United States' Response to Minute Order from Chambers to Certify Case Ready for Trial, Dkt. # 114, discovery closed on June 9, 2007.  Dkt. # 114, p. 2.  This was as a result of the United States' request for an extension of the discovery deadline in its motion to compel, Dkt. # 95.  The subpoenas directed to Mr. Walsh and to the United States attempted to set the depositions on June 12, 2007.  Attendance at a deposition outside of the discovery period should not be compelled.  Additionally, contrary to defendants' statement in their motion, the United States did not seek a second extension of the discovery deadline in its motion for discovery sanctions, Dkt. # 112.  The only extension sought in that motion was the deadline for the filing of discovery motions, dispositive motions, and motions in limine.  Dkt. # 112, p. 10.  Thus, the discovery period closed on June 9, 2007, and defendants have failed to set forth any grounds for further extension of that period.

///

///

2565774.1

- 5 -

Accordingly, for all of the reasons stated above, the United States respectfully requests that the Court deny defendants' motion to compel depositions.

Dated this 21st day of June, 2007.

                                              Respectfully Submitted,

                                              NELSON P. COHEN
                                              United States Attorney

                                              s/ Jennifer D. Auchterlonie
                                              JENNIFER D. AUCHTERLONIE
                                              Trial Attorney, Tax Division
                                              U.S. Department of Justice
                                              P.O. Box 683
                                              Ben Franklin Station
                                              Washington, D.C.  20044-0683

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2007, a copy of the foregoing UNITED STATES' RESPONSE TO DEFENDANTS' MOTION TO COMPEL DEPOSITIONS was served by regular U.S. mail on the following parties:

```
Donald L. Hymes           Rita M. Hymes
2340 Ravenwood            2340 Ravenwood
Fairbanks, Alaska 99709   Fairbanks, Alaska 99709

Sunshine Trust
Rita M. Hymes, Trustee
2340 Ravenwood
Fairbanks, Alaska 99709
```

s/ Jennifer D. Auchterlonie
JENNIFER D. AUCHTERLONIE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-9593
Email: Jennifer.D.Auchterlonie@usdoj.gov

2565774.1