Rita MariNa Hymes and Donald Louis Hymes
2340 Ravenwood
Fairbanks, Alaska [99709]
907-479-6922

The United States of America

The United States

District Court of the United States

District of Alaska

UNITED STATES OF AMERICA
*Plaintiffs*
v.

Rita MariNa Hymes, personal capacity
Donald Louis Hymes, personal capacity;
*Defendants*

A05-123-CV(RRB)

Opposition to "UNITED STATES' MOTION FOR DISCOVERY SANCTIONS PURSUANT TO FED. R. CIV. P. 37.

Come now Rita MariNa Hymes and Donald Louis Hymes ("the Hymes") with this Opposition to "UNITED STATES' MOTION FOR DISCOVER SANCTIONS PURSUANT TO FED. R. CIV. P. 37    . ("Opposition").

Jennifer D. Auchterlonie ("Auchterlonie") who represents the "UNITED STATES OF AMERICA" ("USA"), being an unknown entity to date not arising under the Constitution of the United States and the Laws of the United States supported by the Admissions to date evaded and not answered by Auchterlonie, has proffered one of the essential elements in the "UNITED STATES" (sic) Motion (assessment) which is totally untrue in which the Hymes have submitted conclusive and legal evidence in support of the will of Congress and the statutory authority of Congress, of which both are mandatory

upon the Internal Revenue Service ("IRS") as found in Docket 116, being the Motion to Dismiss with prejudice. As to the legal relationship of the USA to the IRS, Auchterlonie has refused to disclose it to the Hymes in the Admissions and all other requests.

There must be an "assessment", being an essential element upon which the UNITED STATES Motion is premised. As the Hymes have submitted conclusive and legal evidence of the public records under the penalties of perjury and Auchterlonie also has a penalties of perjury statement on "assessment", until *this Court* makes a determination *as a matter of law* on who is incorrect based upon the will of Congress and the statutory authority of Congress, Auchterlonie's UNITED STATES' Motion is untrue and is estopped as a *matter of law*. All of the other demands in Auchterlonie's UNITED STATES' Motion are also moot as the first essential element, being the "assessment" is not only untrue, is not supported by the will of Congress, is not supported under the statutory authority of Congress: but is *Fraud upon the Court under the penalties of perjury*!

The Court does not sit as a committee to perfect the administration of tax laws and the Court is only to assure that the Commission's regulation fall within his authority to implement the Congress's mandate; and, this is found in the adjudged decision of the Supreme Court in *United States v. Correll*, 389 U.S. 299, 306-307 (1967), to wit:

> **But we do not sit as a committee of revision to \*307 perfect the administration of the tax laws.** Congress has \*\*450 delegated to the Commissioner, not to the courts, the task of prescribing 'all needful rules and regulations for the enforcement' of the Internal Revenue Code. 26 U.S.C. s 7805(a). In this area of limitless factual variations 'it is the **province of Congress and the Commissioner, not the courts, to make the appropriate adjustments.**' Commissioner v. Stidger, 386 U.S. 287, 296, 87 S.Ct. 1065, 1071, 18 L.Ed.2d 53. **The rule of the judiciary in cases of this sort begins and ends with assuring that the Commissioner's regulations fall within his authority to implement the congressional mandate in some reasonable manner.** [Emphasis added]

See *U.S. v. Carwright*, 411 U.S. 546, 550 (1973); *Bingler v. Johnson*, 394 U.S. 741, 749-751 (1969); *Bob Jones Univ. v. U.S. Goldsboro Christian Schools, Inc.*, 461 U.S. 574, 596 (1983).

In the adjudged decision of *United States v. Cleveland Indians Baseball Co.*, 532 U.S. 200 (2001) it was ***held***, to wit:

> **The Court does not \*\*1436 sit as a committee of revision to perfect the administration of the tax laws.** *United States v. Correll*, 389 U.S. 299, 306-307, 88 S.Ct. 445, 19 L.Ed.2d 537. **Instead, it defers to the Commissioner's regulations as long as they implement the congressional mandate in a reasonable manner.** *Id.*, at 307, 88 S.Ct. 445. **[Emphasis added]**

In the adjudged decision of the Supreme Court of the United States in *C.I.R. v. Portland Cement Co. of Utah*, 450 U.S. 156, 157 (1981) it was ***held*** "This Court customarily defers to Treasury Regulations that "implement the congressional mandate in some reasonable manner." *United States v. Correll*, 389 U.S. 299, 307, 88 S.Ct. 445, 450 (1967). See also *C.I.R. ibid at 169*.

In the adjudged decision of the Supreme Court of the United States in *National Muffler Dealers Assoc. Inc. v. United States*, 440 U.S. 472, 477-78 (1979) citing *Correll, supra.* and the Court also pronounced *at 477*, to wit:

> We do this because **"Congress has delegated to the [Secretary of the Treasury and his delegate, the] Commissioner [of Internal Revenue], not to the courts, the task of prescribing 'all needful rules and regulations for the enforcement' of the Internal Revenue Code. 26 U.S.C. ẞ 7805(a)."** *United States v. Correll*, 389 U.S., at 307, 88 S.Ct. at 449. That delegation helps ensure that in "this area of limitless factual variations," ibid., like cases will be treated alike. It also helps guarantee that the rules will be written by **"masters of the subject,"** *United States v. Moore*, 95 U.S. 760, 763, 24 L.Ed. 588, 589 (1878), who will be responsible for putting the rules into effect. **[Emphasis added]**

It seems quite clear that the Court does not sit as a committee to perfect the administration of the tax laws; and, the IRS is to promulgate regulations under the statutory authority of Congress; and, the Courts exercise review over the IRS actions.

Therefore, the Hymes' Opposition is founded upon the filing in Docket 116 and until *this Court* makes a determination upon the will of Congress and the statutory authority of Congress in this instant case under the penalties of perjury including Docket 116, Auchterlonie's UNITED STATES' Motion is estopped.

Date:   June 20th, 2007

My Hand,

*[signature]*

My Hand,

*[signature: Donald Louis Hymes]*

**Certification**

Nelson P. Cohen
Acting United States Attorney
District of Alaska
Federal Bldg. & U.S. Courthouse
101 12th Avenue, Box 2
Fairbanks, Alaska 99701


Jennifer D. Auchterlonie
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683


Date: June 21, 2007


Rita MariNa Hymes