Rita MariNa Hymes and Donald Louis Hymes
2340 Ravenwood
Fairbanks, Alaska [99709]
907-479-6922

The United States of America

The United States

District Court of the United States

District of Alaska

**UNITED STATES OF AMERICA**

*Plaintiffs*

v.

**Rita MariNa Hymes, personal capacity**
**Donald Louis Hymes, personal capacity;**
*Defendants*

**Memorandum in Support of Motion to Compel Discovery Substantive Documents under the Will and Statutory Authority of Congress with Mandated Substantive Regulations**

Comes now Rita MariNa Hymes and Donald Louis Hymes ("the Hymes") with this Memorandum in Support of Motion to Compel Discovery Substantive Documents under the Will and Statutory of Congress with Mandated Substantive Regulations

The Hymes, to date, have not received any substantive documents under Discovery from Jennifer D. Auchterlonie ("Auchterlonie") to support the purported Claim in this instant Case and the Hymes Motion *this court* to compel same from Jennifer D. Auchterlonie and her unknown and undisclosed Client(s) including the USA.

The Hymes have been denied to date all opportunities and denied Due Process of Law, supported by *Ralph Biestline*, to have this instant Case "adjudicated on the merits" as **held** in *Lambert v. Blodgett*, 393 F.3d 943 (9th Cir. 2004), to wit:

> ... phrase *"adjudicated on the merits"* means a decision finally resolving the parties' claims that is **based on the substance of the claim advanced**, rather than on a procedural, or other, ground;

The Hymes have only received "administrative" documents, i.e. procedural documents to date from the "UNITED STATES OF AMERICA" ("USA), being an unknown and undisclosed entity; and, as Auchterlonie declared in her Declaration in Docket 1₫4, being **Attachment A.**

## STANDARD OF REVIEW
### Substantive Documents in Support of A Claim that have Merit
### 1. 26 U.S.C. § 7805 Mandates the Secretary to Prescribe Rules and Regulations Under the Will of Congress

In 26 U.S.C. § 7805 "[T]he Secretary *shall prescribe all needful rules and regulations for the enforcement of this title* [26 U.S.C.] "

The Court does not sit as a committee to perfect the administration of tax laws and the Court is only to assure that the Commission's regulation fall within his authority to implement the Congress's mandate; and, this is found in the adjudged decision of the Supreme Court in *United States v. Correll*, 389 U.S. 299, 306-307 (1967), to wit:

> **But we do not sit as a committee of revision to \*307 perfect the administration of the tax laws.** Congress has \*\*450 delegated to the Commissioner, not to the courts, the task of prescribing **'all needful rules and regulations for the enforcement'** of the **Internal Revenue Code. 26 U.S.C. s 7805(a).** In this area of limitless factual variations **'it is the province of Congress and the Commissioner, not the courts, to make the appropriate adjustments.'** Commissioner v. Stidger, 386 U.S. 287, 296, 87 S.Ct. 1065, 1071, 18 L.Ed.2d 53. **The rule of the judiciary in cases of this sort begins and ends with assuring that the Commissioner's regulations fall within his authority to implement the congressional mandate in some reasonable manner. *[Emphasis added]***

In the adjudged decision of *United States v. Cleveland Indians Baseball Co.*, 532 U.S. 200 (2001) it was *held*, to wit:

> **The Court does not sit as a committee of revision to perfect the administration of the tax laws.** *United States v. Correll*, 389 U.S. 299, 306-307. **Instead, it defers to the Commissioner's regulations as long as they implement the congressional mandate in a reasonable manner.** *Id.*, at 307, 88 S.Ct. 445. **[Emphasis added]**

26 U.S.C. § 7805 **and** also with the specific statutory grant identified such as 26 U.S.C. § 6012. The word "Authority" will be contained only in parenthesis "( )" and not brackets "[ ]."

The CFRs of that require the Congress statutory "Authority" citations are contained in 1 CFR § 21.40, 1 CFR § 21.52 and 1 CFR § 22.2 (in text or in parenthesis).

There also is a Congressional mandate in 44 U.S.C. § 1505 to publish documents that have *general applicability and legal effect*. Every document that has a *penalty* has *general applicability and legal effect*, i.e. must be published in the Federal Register, *ibid 1505 in (a)*.

### 4. The IRS Administers the Tax Laws with Regulations only in Title 26 of the CFRs and not in Title 27 of the CFRs (ATF)

The IRS has in the procedural regulation of 26 CFR § 601.101 stated that it will administer regulations only contained in Title 26 of the CFRs "The regulations relating to the taxes administered by the Service are contained in Title 26 of the Code of Federal Regulations."

Therefore any regulations contained in Title 27 are irrelevant and only regulations contained in Title 26 of the CFRs have any bearing on the Internal Tax Laws of the United States.

### 5. Non-Substantive Regulations Used by Agency are Void

Agency actions using non-substantive regulations are void, and this is held in the adjudged decision of *State of Ohio DHS v. U.S. DHHS*, 862 F.2d 1228, 1237 (1988)

### Individuals Who are Required to Make Returns of Income

Contained in 26 U.S.C. § 6012, Congress identifies that a Return must be made

under certain conditions. As the IRS must administer the income tax using *substantive regulations,* a search of all substantive regulations in Title 26 of the CFRs of "1.6012-xx yields one substantive regulation, being 1.6012-1 under the statutory authority of Congress, being "**Authority: Sec. 1445 (98 Stat. 655; 26 U.S.C. 1445), sec. 6012 (68A Stat. 732; 26 U.S.C. 6012), and 7805 (68A Stat. 917; 26 U.S.C. 7805) of the Internal Revenue Code of 1954)."**

As 1.6012-1 is a substantive regulation that has the force and effect of law, contained in said substantive regulation we find the following, to wit:

> (a) Individual citizen or resident--(1) In general. Except as provided in subparagraph (2) of this paragraph, **an income tax return must be filed by every individual for each taxable year beginning before January 1, 1973,** during which he receives $600 or more of gross income, and for each taxable year beginning after December 31, 1972, during which he **receives $750 or more of gross income, if such individual is:**
>
> **(i) A citizen of the United States, whether residing at home or abroad,**
>
> **(ii) A resident of the United States even though not a citizen thereof, or**
>
> **(iii) An alien bona fide resident of Puerto Rico during the entire taxable year.**
> **[Emphasis added]**

Under the substantive regulation of 1.6012-1, a man/woman must be either a "*citizen of the United States*", or "a *resident of the United States* even though not a citizen thereof", or an "*alien* bona fide resident of Puerto Rico." The Hymes absolutely are not "citizens of the United States" as contained in the public records as conclusive and legal evidence in 42 U.S.C. §§ 1981, 1982 and 1988 to have the including all of the Revised Statutes of 1878 of Titles XII (Judiciary), XXIV (Civil Rights) and LXX (Crimes).

This is in accord with 26 U.S.C. § 1 (Tax imposed) with the regulation of 26 CFR § 1.1-1 (a-c) Income tax on "Individuals," and "Individual" definition, being "citizens of the United States" in 5 U.S.C. § 552a (2).

This court shall take mandatory judicial Notice of all Code sections, all regulations in the CFRs and all of the Cases and in particular the holdings of the Supreme Court of the United States.

**Therefore**, *this court* must compel the USA and/or Auchterlonie to produce substantive documents under the will and statutory authority of Congress with mandated substantive regulations if the claim is valid and has *merit* or if denied, then *Ralph Biestline is holding the following, to wit:*

*1) that the Hymes will be denied all substantive documents; and,*

*2) that the Hymes will not have this instant Case "adjudicated on the merits" as held by the 9th circuit; and,*

*3) that the USA does not have to produce any substantive documents; and,*

*4) that the USA and/or Auchterlonie does no have to produce or identify under what will and statutory authority of Congress with substantive regulations that this bogus claim has been filed against the Hymes; and,*

*5) that the Hymes will be denied all Due Process of Law; and,*

*6) that this unlawful and illegal trial (sic) is nothing more than a judicial lynching.*

My Hand,

[signature]

My Hand
[signature] Donald Hymes

## Certification

This document and said attachments have been mailed first class via USPS to the following parties, to wit:

Nelson P. Cohen
United States Attorney
District of Alaska
Federal Bldg. & U.S. Courthouse
101 12th Avenue, Box 2
Fairbanks, Alaska 99701


Jennifer D. Auchterlonie
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683

Date: July 19th 2007

Rita Marina Hymes

NELSON P. COHEN
United States Attorney
District of Alaska
Federal Bldg. & U.S. Courthouse
101 12th Avenue, Box 2
Fairbanks, Alaska 99701
Telephone: (907) 456-0245

JENNIFER D. AUCHTERLONIE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 514-9593
Facsimile: (202) 307-0054
Email: Jennifer.D.Auchterlonie@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DONALD L. HYMES; RITA M. HYMES; ) <br> AURORA TRUST, ZENA D. HYMES ) <br> AND CHARLA HYMES TRUSTEES; ) <br> SUNSHINE TRUST, RITA M. HYMES ) <br> TRUSTEE; ZENA D. HYMES; CHARLA ) <br> HYMES; AND FAIRBANKS NORTH ) <br> STAR BOROUGH ) <br> ) <br> Defendants. ) <br> ) | Civil No. A05-0123 CV (RRB) <br><br> DECLARATION OF <br> JENNIFER D. AUCHTERLONIE |

I, Jennifer D. Auchterlonie, pursuant to the provisions of 28 U.S.C. § 1746 declare that:

1.     I am an attorney with the United States Department of Justice, Tax Division

2377415.1

*Attachment A*

- 2 -

located at Washington, D.C. I have been assigned to the above-captioned matter and am in possession of the Department of Justice files and a portion of the Internal Revenue Service administrative files concerning this matter. I have reviewed the Department of Justice files and the Internal Revenue Service administrative files in my possession in making the representations below.

2.  On January 5, 2007, in response to an informal request by defendants, I mailed defendants copies of the Forms 4340, Certificates of Assessments, Payments, and Other Specified Matters, with respect to the federal tax assessments sought to be reduced to judgment in this matter. Attached hereto as Exhibit A is a true and correct copy of the cover letter I mailed to defendants, transmitting the Forms 4340.

3.  On March 2, 2007, in response do defendants' formal request for production of documents, I mailed defendants copies of documents found in the IRS administrative files concerning this matter. The Bates stamp on those copies reflects that 989 pages of documents were produced to defendants on that date. Attached hereto as Exhibit B is a true and correct copy of the United States' Response to Defendants' First Request for Production of Documents, including the certificate of service, but not including the attached documents.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 9th day of April, 2007.

                                            s/ Jennifer D. Auchterlonie
                                            JENNIFER D. AUCHTERLONIE
                                            Trial Attorney, Tax Division
                                            U.S. Department of Justice The

1047465.1

- 3 -

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2007, a copy of the foregoing DECLARATION OF JENNIFER D. AUCHTERLONIE was served by regular U.S. mail on the following parties:

```
Donald L. Hymes              Rita M. Hymes
2340 Ravenwood               2340 Ravenwood
Fairbanks, Alaska 99709      Fairbanks, Alaska 99709

Sunshine Trust
Rita M. Hymes, Trustee
2340 Ravenwood
Fairbanks, Alaska 99709
```

                                          s/ Jennifer D. Auchterlonie
                                          JENNIFER D. AUCHTERLONIE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-9593
Email: Jennifer.D.Auchterlonie@usdoj.gov

1047465.1

In the adjudged decision of the Supreme Court of the United States in *C.I.R. v. Portland Cement Co. of Utah*, 450 U.S. 156, 157 (1981) it was **held "This Court customarily defers to Treasury Regulations that "implement the congressional mandate in some reasonable manner."** *United States v. Correll*, 389 U.S. 299, 307, 88 S.Ct. 445, 450 (1967). See also *C.I.R. ibid at 169.*

### 2. *Chrysler v. Brown* <u>Holdings</u> *On Only Substantive Regulations Have the "Force and Effect of Law"*

The Supreme Court of the United States in a land mark decision in the adjudged decision of *Chrysler v. Brown*, 441 U.S. 281, 282, 283 (1979) has <u>**held**</u> that only the <u>**substantive regulations have the force and effect of law and they must have a comment period**</u>, and that *interpretative regulations* (601.xx) and *administrative regulations* (301.xxx) do not have the force and effect of law as they <u>**both lack a comment period and statutory authority**</u>, to wit:

> Held:
> (a) The Act addresses formal agency action as well as acts of individual Government employees, and there is nothing in its \*\*1708 legislative history to show that Congress intended the phrase **"authorized by law"** to have a special, limited meaning different from the traditional understanding **that properly promulgated, substantive agency regulations have the "force and effect of law." In order for a regulation to have the "force and effect of law," it must be a "substantive" or "legislative-type" rule affecting individual rights and obligations (as do the regulations in the case at bar), and it must be the product of a congressional grant of legislative authority, promulgated in conformity with any procedural requirements imposed by Congress.** Pp. 1714- 1718.
>
> (c) . . . **Section 301 is a "housekeeping statute,"** authorizing rules of agency organization, procedure, or practice **as opposed to "substantive rules."** There is nothing in the legislative history to indicate that ß 301 is a substantive grant of legislative power to promulgate rules authorizing the release of trade secrets or confidential business information. **Thus, ß 301 does not authorize regulations** limiting the scope of the Trade Secrets Act. Pp. 1721-1723.
> \* \* \*
> (d) There is also a procedural defect in the OFCCP disclosure regulations that precludes courts from affording them the force and effect of law, since they were promulgated as "interpretative rules" without complying with the APA's requirement that interested persons be given general notice of an agency's proposed rulemaking and an opportunity to comment before a "substantive rule" is promulgated. An "interpretative regulation" cannot be the "authoriz[ation] by law" required by the Trade Secrets Act. Pp. 1723- 1725.

See *Chrysler ibid at 291, 292, 295, 296, <u>301, 302</u>, 312-316* (1979).

### 3. IRS Must Identify Statutory Authority of Congress in Substantive Regulations

The IRS agrees to abide in 26 CFR § 601.702(a) with the *mandate of Congress in 5 U.S.C. § 552(a)(1)(i)(A-E)* in total and further states in § 552(a)(2)(ii) that if any matter which imposes an obligation is not so published, it shall not adversely change or affect a person's rights.

And further in 26 CFR § 601.702(a)(1)(ii) there are *three types of regulations* identified in the CFRs used by the IRS; (1) part 601.xxx (Statement of Procedural Rules; and, (2), part 301 (Procedure and Administration Regulation); and, (3) part 1 of this chapter (Income Tax Regulations), in part 20 of this chapter (Estate Tax Regulations), and in part 31 of this chapter (Employment Tax Regulations), to wit:

> In addition, there are published in the Federal Register the rules set forth in this **part 601 (Statement of Procedural Rules)**, such as those in paragraph E of this section, relating to conference and practice requirements of the IRS;
> the regulations in **part 301** of this chapter **(Procedure and Administration Regulations)**;
> and the various *substantive regulations* under the Internal Revenue Code of 1986, such as **the regulations in part 1 of this chapter (Income Tax Regulations), in part 20 of this chapter (Estate Tax Regulations), and in part 31 of this chapter (Employment Tax Regulations).** *[Emphasis added]*

All of the *substantive regulations* promulgated under the will and statutory authority of Congress must have the word "*Authority*" at the bottom of the regulation, in the text of the regulation, or be listed in one of the three substantive regulation tables which are; (1) C.F.R. T. 26, Ch. I, Subch. A, Pt. 1; and, (2) C.F.R. T. 26, Ch. I, Subch. B, Pt. 20; and, (3) C.F.R. T. 26, Ch. I, Subch. C, Pt. 31; and for 301 type of regulation see table C.F.R. T. 26, Ch. I, Subch. F, Pt. 301 remembering that the 301 type have no force and effect of law as they have no comment period; and all are under the general grant of