Donald Louis Hymes
2340 Ravenwood Avenue
Fairbanks, Alaska 99709
Act. # 218303597

Internal Revenue Service
Ogden, Utah 84201-0030

6 December 2004

## ADMINISTRATIVE NOTICE

To Whom it May Concern

This is in response to your Letters **'WE Intend to Levy**, dated Nov. 15, 2004, and pertaining the year 2002.

**This document is not an interrogatory, it is a rebuttal!** This is an Administrative Notice to the Internal Revenue Service personnel which are involved with this action that **you are herein NOTICED,** that you have first hand knowledge, and are bound by and will be held to the provisions of the 1998 Act of Congress "Reorganization of Structure and Management of the Internal Revenue Service" and Treasury Directive 27-14 dated January 15, 1999. See Exhibit B and C.

I disagree with your Letter **'WE INTEND TO LEVY'** for the year 2002.
To date I have received NO response to my letter dated Nov. 11, 2004 in regards to your letter WE CHANGED YOUR ACCOUNT.

**You have failed to provide any source documents substantiating your claim.**

1. There is NO 1040 tax return.
2. There is NO substitute for return
3. There is NO FORM 23C
4. There is NOAMDISA
5. There is NO Non-Master file,
Nor anything else..........

Assessment Authority rests in the IRC, section 6201. Legal presumption of lawful authority of IRC Section 6201 is hereby refuted and rebutted and is not in accordance with Administrative Procedures of the Secretary.

**It appears that some employees of the IRS are trying to perpetrate fraud.** Furthermore, IRC 6331 directly cross-references to Title 27 part 70 (Bureau of Alcohol, Tobacco and Firearms). (See Exhibit R, page 4 of 4). I, Donald Louis Hymes, hereby certify that I did not operate in any excise taxable activity for the years 2000 and/or 2002.
In order to correctly proceed, you, the IRS, **MUST produce**
1.) a form **23 C Assessment Certificate** for the year in question which has been requested through

[Stamp:] You are hereby put on Notice that this letter must be filed as a permanent part of my IRS/IDA/AIMS/IMF/BMF record. If such record(s) has/have been deleted or substituted, this demand still applies.
Initial: _____

FOIA -[**it cannot be found**].
2.) **Notice** and Demand (Lien Completion) and Affidavit of Probable Cause, respectively, as evidence of lawful administrative procedures of the Secretary.

I challenge (but am not limited to) the existence of the underlying liability with respect to RRA98, Section 3401 and request the production of the DUE PROCESS documents named below, for evidence of proper PROCEDURAL DUE PROCESS (see Exhibit F). This request is made timely. I demand that you (IRS) produce the **PROPER** *Form 23C* (See exhibit E) in strict compliance with 26 CFR 301.6203 (See Exhibit J) for the alleged tax years in question. Also, you must produce NOTICE OF ASSESSMENT FORM 2162, pursuant to 26 USC 6303(a), certified and dated by an authorized Assessment Officer as required (See Exhibit J). Your letter **WE INTEND TO LEVY** is NOT signed nor is it documented. Iit is imperative that you include all other procedurally required supporting documents pursuant to 26 CFR 301.6203-1(See Exhibit J). I further demand a certified copy of any/all decisions amending, revoking, rendering obsolete otherwise effecting Form 23C authority of "Account 6110 Tax Assessments" with respect to Internal Revenue Manual 3(17)(63)(14).1. RACS 006 does not have the ability to determine the character-(KIND) of tax.

It is further **NOTICED AND DEMANDED** that you have a **certified** copy of Treasury Decision 1995 (See Exhibit E, 2 of 3) and any Treasury Decision amending, revoking, rendering obsolete or otherwise effecting Treasury Decision 1995.

**Item 1.** Is this the same Internal Revenue Service as referred to in 31 USCS, Section 132(a)(26), **"Puerto Rico special fund (Internal Revenue)"?** Please state statute or CFR for the basis of the assumed authority for the Internal Revenue Service to be taking action in Alaska. (See Exhibit A)

**Item 2.** I, Donald Louis Hymes, have **never** been assessed any tax!
If you, at the Internal Revenue believe otherwise, you are hereby put on notice with first hand knowledge and are obligated to provide a copy of the assessment (23 C) (See Exhibit E sample 23C page 1 of 3) with the signature of the Internal Revenue Service employee that made the assessment Non-Master File Assessment Voucher Form 5734 (See Exhibit, and Computation and Assessment of Miscellaneous Penalties Form 8278 with the signature of the Internal Revenue Service employee that made the assessment (See Exhibit E page 3 of 3) with the signature of the Internal Revenue Service employee that made the assessment ( See 26-USCA-6203) (See Exhibit F). **WITHOUT A VALID ASSESSMENT THERE CAN BE NO "TAX LIABILITY"**.

**Item 3.** Internal Revenue Service personnel have used false and fraudulent means to estimate gross income without a known taxable activity and **without** a **signed and verifiable 23C assessment certificate** (See Exhibit F) being in existence. They also, by ignoring proper procedural requirements (See Exhibit G-3 (17)(63)(14).1, page 1 of 1 and (34)(17)(46) 2.3, page 2 of 2) have **committed FRAUD** in order to gain an increase in case acquisition at any cost although there are no enforcement regulations which pertain too 26 USC. Title 17 Regulations pertain strictly to Alcohol, Tobacco and Firearms- See 27 CFR 250.11 (Exhibit H)- also, (See Exhibit 1-26 CFR 601.101). If you have any authoritative documented evidence to the contrary, please send it to me, Donald Louis Hymes immediately!!! (See 26 USCA 6203 and 26 CFR 301.6203) (See Exhibit J).

> You are hereby put on Notice that this letter must be filed as a permanent part of my IRS IMF/BMF office for service 23C record. If such record(s) has/have been deleted or substituted, this demand still applies.
> Initial: _____

**Item 5.** "The assessment is made when the appropriate official in the director's office for service

center) <u>signs</u> a summary record sheet which contains the taxpayer's name, address, the amount of tax, the type of tax and the taxable period." (See Exhibit F pages 2 of 8).

An Assessment occurs when a Revenue Service assessment officer <u>signs</u> a summary record which is supported by a <u>list that</u> identifies the taxpayer, the type of tax, the amount assessed, and the taxable year or period to which it relates. The assessment date is the day on which the summary record is **signed**."
(Exhibit F page 2 of 8)

It is also hereby noted that a NON-MASTER FILE (NMF) must be generated and signed to effect an assessments. "(2) Non-Master File accounts are a collection of revenue accounting transactions whose sole purpose is to provide a means for the assessment of taxes and collection of revenue." (See Exhibit K page 2 of 2). A sample Non-Master File assessment Voucher is included. (Se Exhibit K page 2 of 2).

No evidence of a valid assessment exists in this instance. Without a tax assessment there can be no tax levy, conversely, the basis of a tax levy has to be a tax assessment. If you have valid assessment documentation, please provide it to Donald Louis Hymes immediately!

**Item 6.** A true copy of the herein quoted support documents- 23C, Non-Master File- record of Transaction Code 494, and the Assessment Summary Record, are all appropriately signed and dated, must be provided.

**Item 7.** Title 26 CFR (Code of Federal Regulations) Section 601,101 states: *"The regulations relating to the taxes administered by the Service are contained in Title 26 of the Code of Federal Regulations. The regulation administered by the Bureau of Alcohol, Tobacco and Firearms are contained in Title 27 of the Code of Federal Regulations. See Section 601.101."*
(See Exhibit X- 2 pages)

**Item 8.** In the 1998/1999 U.S. Government Manual, on page 448 (See Exhibit O) a chart is reproduced which depicts the legitimate authority and functions of the various departments organized within the Department of the Treasury. Careful examination of this chart reveals that there is **<u>NO LEGITIMATE ENFORCEMENT POWER GRANTED TO THE INTERNAL REVENUE SERVICE BY CONGRESS.</u>** The Under Secretary for Enforcement and the Assistant Secretary for Enforcement oversee the Bureau of Alcohol, Tobacco and Firearms, the U.S. Custom Service, the U.S. Secret Service and the Federal Law Enforcement Training Center. <u>**This schematic is an accurate representation of the legitimate enforcement powers that were given by Congress to the Department of the Treasury.**</u> The absence of legitimate enforcement authority depicted here agrees with the parallel table of enforcement (See Exhibit O) as published in the Code of Federal Regulations and in the Federal Register. This also agrees with the explanation given by Dwight E. Avis in 1953 (See Exhibit Q page 1 of 3) regarding the fact that **<u>Alcohol and tobacco taxes are 100% enforcement tax</u>** and <u>**income taxes are 100 % voluntary.**</u> The definition of VOLUNTARY is given on page 1575 of Black's law Dictionary (Sixth Edition) (See Exhibit Q page 1 of 1).

**Item 9.** I, Donald Louis Hymes, have never been involved nor registered to do business in an Excise taxable activity such as the Industrial Alcohol Tax as consolidated into the Bureau of

[Stamp: You are hereby put on Notice that an SFR must be filed as item of the Bureau of my IRS/IDA/AIMS/IMF/BMF 23C record. If such record(s) has/have been deleted or substituted, this demand still applies. Initial: _____]

Internal Revenue as revealed by Executive Order 6166, referred to in Executive Order 6630 (See Exhibit P page 1 of 2) under the authority of the Attorney General for Collections authorized by Title III of the National Prohibition Act which was repealed by the 21st Amendment, (See 48 USC, Section 1402) (See Exhibit P page 2 of 2, History Ancillary Laws and Directives). As revealed in 48 USC, Section 1402, History, Ancillary Laws and Directives, all of Title 26.1 et. Seq. is exclusively based on the Industrial Alcohol Revenue from Title III of the National Prohibition Act, which was repealed and subsequently made applicable to the US Virgin Islands and Puerto Rico in 1935. It was then re-allocated to Title 26 USC in 1939 as evidenced by 48 USC 1402. (See CARLISLE ACT as amended).

**Item 10.** In 1953, the United States House of Representatives Subcommittee on Ways and Means interviewed Dwight E. Avis, head of the Bureau of Alcohol and Tobacco during an Investigation Hearing of the Internal Revenue Service. During this Hearing, Mr. Avis was asked about an Alcohol tax matter, which would go to the Appeals section. Mr. Avis replied: "There is no such thing. That is where this structure differs. Let me point this out now. Your income tax is a 100% voluntary tax, and your liquor tax is 100% enforced tax. Now he situation is as different as night and day. Consequently, your same rules just will not apply, and therefore the Alcohol and Tobacco tax has been handled here in this reorganization a little differently, because of the very nature of it than the overall tax problem. (See Exhibit Q, 3 pages).

There are 60 FOIA requests which have NOT been answered. I do believe there is a statutory 20 day time for the IRS to respond- either by furnishing the requested information or requesting an extension of time. **None** of which has been done to date. WHY DO YOU NOT ABIDE BY YOUR OWN RULES?

Sincerely,

Donald Louis Hymes

*[signature: Donald Louis Hymes]*


CC: Commissioner Mark Everson
    Sen. Ted Stephens
    Sen. Lisa Murkowski,
    District Director
    Taxpayer Advocacy

> You are hereby put on Notice that this letter must be filed as a permanent part of my IRS/IDA/AIMS/IMF/BMF 23C record. If such record(s) has/have been deleted or substituted, this demand still applies.
> Initial _____

70

Donald Louis Hymes
2340 Ravenwood Avenue
Fairbanks, Alaska 99709
Acct. #218303597

Martin Splinter
Settlement Officer
IRS
3310 El Camino Ave. Ste 170
Sacramento, CA 95821

*No Resp. rec'd*

11/22/2005

Mr. Splinter,

In response to your letter of Nov. 14, 2005.

I am herewith requesting a hearing as to the mathematical correctness of the 'assessments'. This was also stated on my original request for the due process hearing;

and discuss the matter as to

why a notice of lien was filed before I even received a response to my request for a due process hearing.


Sincerely,


Donald Louis Hymes

71

# Request for a Collection Due Process Hearing

Use this form to request a hearing with the IRS Office of Appeals only when you receive a **Notice of Federal Tax Lien Filing & Your Right To A Hearing Under IRC 6320**, a **Final Notice - Notice Of Intent to Levy & Your Notice Of a Right To A Hearing**, or a **Notice of Jeopardy Levy and Right of Appeal**. Complete this form and send it to the address shown on your lien or levy notice for expeditious handling. Include a copy of your lien or levy notice(s) to ensure proper handling of your request.

(Print) Taxpayer Name(s): Donald Louis Hymes

(Print) Address: 2340 Ravenwood Ave Topks, Alaska

Daytime Telephone Number: 907-479-6922  Type of Tax/Tax Form Number(s): 1040

Taxable Period(s): 1989, 1990, 1991, 1992, 1993

Social Security Number/Employer Identification Number(s): 218 30 3597

Check the IRS action(s) that you do not agree with. Provide specific reasons why you don't agree. If you believe that your spouse or former spouse should be responsible for all or a portion of the tax liability from your tax return, check here [ ] and attach Form 8857, Request for Innocent Spouse Relief, to this request.

✓ **Filed Notice of Federal Tax Lien** (Explain why you don't agree. Use extra sheets if necessary.)

1. mathematically incorrect
2. date of assessment

___ **Notice of Levy/Seizure** (Explain why you don't agree. Use extra sheets if necessary.)

I/we understand that the statutory period of limitations for collection is suspended during the Collection Due Process Hearing and any subsequent judicial review.

Taxpayer's or Authorized Representative's Signature and Date: Donald Hymes  11/29/05

Taxpayer's or Authorized Representative's Signature and Date: _____

**IRS Use Only:**

IRS Employee (Print): _____   IRS Received Date: _____

Employee Telephone Number: _____

Form **12153** (01-1999)    Catalog Number 26685D    **(Over)**    Department of the Treasury – Internal Revenue Service

Donald Louis Hymes
2340 Ravenwood Avenue
Fairbanks, Alaska 99709

Les L. Lucas
Appeals Team Manager
General Appeals Programs
Room 2790, M/S W680
Seattle, WA 98174

11/8/04

*NO RESPONSE*

*Cert mail #*
*7002 3150 0003 6565 9433*

Dear Mr. Lucas

This is in response to your DECISION LETTER CONCERNING EQUIVALENT HEARING (Letter 3210).

You state that the IRS followed all lawful procedures. I DISAGREE.

A Letter of Determination in my favor should have been issued.

Since you ruled in the IRS's favor, then I am now demanding that you supply me with ALL THE SOURCE DOCUMENTS you relied on in making your decision, including, but not limited to:

NMF

5734

8278

3198

3177

23C

You also need to justify the fact that you included in your figures an inheritance.

I expect to hear from you within 15 days of your receipt of this letter.

Sincerely,

Donald Louis Hymes

> You are hereby put on Notice that this letter must be filed as a permanent part of my IRS/IDA/AIMS/IMF/BMF 23C record. If such record(s) has/have been deleted or substituted, this demand still applies.
> Initial. _____

73

Donald Louis Hymes
2340 Ravenwood Avenue
Fairbanks, Alaska 99709
Act. # 218303597

Department of the Treasury
Internal Revenue Service
P.O. Box 9002
Holtsville, NY 9002



No response

11/12/2004

### ADMINISTRATIVE NOTICE

To Whom it May Concern

This is in response to your Letters **'WE CHANGED YOUR ACCOUNT'**, dated October 25th, 2004, and pertaining to the years 2000 and 2002.

**This document is not an interrogatory, it is a rebuttal!** This is an Administrative Notice to the Internal Revenue Service personnel which are involved with this action that **you are herein NOTICED**, that you have first hand knowledge, and are bound by and will be held to the provisions of the 1998 Act of Congress "Reorganization of Structure and Management of the Internal Revenue Service" and Treasury Directive 27-14 dated January 15, 1999. See Exhibit B and C.

**I disagree with your Letter 'WE CHANGED YOUR ACCOUNT' for the years 2000 and 2002.**

You state 'We changed your 2000 (2002) income tax return because of your recent audit.
**I disagree.**
1. There was no 1040 tax return.
2. I was not informed of any 'audit'.
3. You provide no paperwork to document your 'audit
4. There is no signature

**Please send me**
1. the tax returns for 2000 and 2002 that you used to 'audit'
2. The person - name and title, who conducted said 'audit
3. The delegation of authority pertaining to me and my account number for said person to conduct said 'audit'

Assessment Authority rests in the IRC, section 6201. Legal presumption of lawful authority of IRC Section 6201 is hereby refuted and rebutted and is not in accordance with Administrative Procedures of the Secretary.

**It appears that some employees of the IRS are trying to perpetrate fraud.** Furthermore, IRC 6331 directly cross-references to Title 27 part 70 (Bureau of Alcohol, Tobacco and Firearms).

7🗸

(See Exhibit R, page 4 of 4). I, Donald Louis Hymes, hereby certify that I did not operate in any excise taxable activity for the years 2000 and/or 2002.
In order to correctly proceed, you, the IRS, **MUST produce** a form **23 C Assessment Certificate** for the years in question which has been requested through FOIA for a number of years now-[so far with no success: **it cannot be found**. Notice and Demand (Lien Completion) and Affidavit of Probable Cause, respectively, as evidence of lawful administrative procedures of the Secretary.

I challenge (but am not limited to) the existence of the underlying liability with respect to RRA98, Section 3401 and request the production of the DUE PROCESS documents named below, for evidence of proper PROCEDURAL DUE PROCESS (see Exhibit F). This request is made timely. I demand that you (IRS) produce the **PROPER *Form 23C*** (See exhibit E) in strict compliance with 26 CFR 301.6203 (See Exhibit J) for the alleged tax years in question. Also, you must produce NOTICE OF ASSESSMENT FORM 2162, pursuant to 26 USC 6303(a), certified and dated by an authorized Assessment Officer as required (See Exhibit J), what you enclosed was an **'Income Tax Examination Changes'**- which is NOT signed nor is it documented. Include all other procedurally required supporting documents pursuant to 26 CFR 301.6203-1(See Exhibit J). I further demand a certified copy of any/all decisions amending, revoking, rendering obsolete otherwise effecting Form 23C authority of "Account 6110 Tax Assessments" with respect to Internal Revenue Manual 3(17)(63)(14).1. RACS 006 does not have the ability to determine the character-(KIND) of tax.

It is further **NOTICED AND DEMANDED** that you have a **certified** copy of Treasury Decision 1995 (See Exhibit E, 2 of 3) and any Treasury Decision amending, revoking, rendering obsolete or otherwise effecting Treasury Decision 1995.

**Item 1.** Is this the same Internal Revenue Service as referred to in 31 USCS, Section 132(a)(26), **"Puerto Rico special fund (Internal Revenue)"?** Please state statute or CFR for the basis of the assumed authority for the Internal Revenue Service to be taking action in Alaska. (See Exhibit A)

**Item 2.** I, Donald Louis Hymes, have **never** been assessed any tax!
If you, at the Internal Revenue believe otherwise, you are hereby put on notice with first hand knowledge and are obligated to provide a copy of the assessment (23 C) (See Exhibit E sample 23C page 1 of 3) with the signature of the Internal Revenue Service employee that made the assessment Non-Master File Assessment Voucher Form 5734 (See Exhibit, and Computation and Assessment of Miscellaneous Penalties Form 8278 with the signature of the Internal Revenue Service employee that made the assessment (See Exhibit E page 3 of 3) with the signature of the Internal Revenue Service employee that made the assessment ( See 26-USCA-6203) (See Exhibit F). **WITHOUT A VALID ASSESSMENT THERE CAN BE NO "TAX LIABILITY".**

**Item 3.** Internal Revenue Service personnel have used false and fraudulent means to estimate gross income without a known taxable activity and **without** a **signed and verifiable 23C assessment certificate** (See Exhibit F) being in existence. They also, by ignoring proper procedural requirements (See Exhibit G-3 (17)(63)(14).1, page 1 of 1 and (34)(17)(46) 2.3, page 2 of 2) have **committed FRAUD** in order to gain an increase in case acquisition at any cost although there are no enforcement regulations which pertain too 26 USC. Title 17 Regulations pertain strictly to Alcohol, Tobacco and Firearms- See 27 CFR 250.11 (Exhibit H)- also, (See Exhibit 1- 26 CFR 601.101). If you have any authoritative documented evidence to the contrary, please send it to me, Donald Louis Hymes immediately!!! (See 26 USCA 6203 and 26 CFR 301.6203) (See

-75

Exhibit J).

**Item 5.** "The assessment is made when the appropriate official in the director's office (or service center) <u>signs</u> a summary record sheet which contains the taxpayer's name, address, the amount of tax, the type of tax and the taxable period." (See Exhibit F pages 2 of 8).

An Assessment occurs when a Revenue Service assessment officer <u>signs</u> a summary record which is supported by a <u>list that</u> identifies the taxpayer, the type of tax, the amount assessed, and the taxable year or period to which it relates. The assessment date is the day on which the summary record is **signed**."
(Exhibit F page 2 of 8)

It is also hereby noted that a NON-MASTER FILE (NMF) must be generated and signed to effect an assessments. "(2) Non-Master File accounts are a collection of revenue accounting transactions whose sole purpose is to provide a means for the assessment of taxes and collection of revenue." (See Exhibit K page 2 of 2). A sample Non-Master File assessment Voucher is included. (Se Exhibit K page 2 of 2).

**No** evidence of a valid assessment exists in this instance. Without a tax assessment there can be no tax levy, conversely, the basis of a tax levy has to be a tax assessment. If you have valid assessment documentation, please provide it to Donald Louis Hymes immediately!

**Item 6.** A true copy of the herein quoted support documents- 23C, Non-Master File- record of Transaction Code 494, and the Assessment Summary Record, are all appropriately signed and dated, must be provided.

**Item 7.** Title 26 CFR (Code of Federal Regulations) Section 601,101 states: *"The regulations relating to the taxes administered by the Service are contained in Title 26 of the Code of Federal Regulations. The regulation administered by the Bureau of Alcohol, Tobacco and Firearms are contained in Title 27 of the Code of Federal Regulations. See Section 601.101."*
(See Exhibit X- 2 pages)

**Item 8.** In the 1998/1999 U.S. Government Manual, on page 448 (See Exhibit O) a chart is reproduced which depicts the legitimate authority and functions of the various departments organized within the Department of the Treasury. Careful examination of this chart reveals that there is **NO LEGITIMATE ENFORCEMENT POWER GRANTED TO THE INTERNAL REVENUE SERVICE BY CONGRESS.** The Under Secretary for Enforcement and the Assistant Secretary for Enforcement oversee the Bureau of Alcohol, Tobacco and Firearms, the U.S. Custom Service, the U.S. Secret Service and the Federal Law Enforcement Training Center. **This schematic is an accurate representation of the legitimate enforcement powers that were given by Congress to the Department of the Treasury.** The absence of legitimate enforcement authority depicted here agrees with the parallel table of enforcement (See Exhibit O) as published in the Code of Federal Regulations and in the Federal Register. This also agrees with the explanation given by Dwight E. Avis in 1953 (See Exhibit Q page 1 of 3) regarding the fact that **Alcohol and tobacco taxes are 100% enforcement tax** and **income taxes are 100 % voluntary.** The definition of VOLUNTARY is given on page 1575 of Black's law Dictionary (Sixth Edition) (See Exhibit Q page 1 of 1).

**Item 9.** I, Donald Louis Hymes, have never been involved nor registered to do business in an Excise taxable activity such as the Industrial Alcohol Tax as consolidated into the Bureau of Internal Revenue as revealed by Executive Order 6166, referred to in Executive Order 6630 (See Exhibit P page 1 of 2) under the authority of the Attorney General for Collections authorized by Title III of the National Prohibition Act which was repealed by the 21st Amendment, (See 48 USC, Section 1402) (See Exhibit P page 2 of 2, History Ancillary Laws and Directives). As revealed in 48 USC, Section 1402, History, Ancillary Laws and Directives, all of Title 26.1 et. Seq. is exclusively based on the Industrial Alcohol Revenue from Title III of the National Prohibition Act, which was repealed and subsequently made applicable to the US Virgin Islands and Puerto Rico in 1935. It was then re-allocated to Title 26 USC in 1939 as evidenced by 48 USC 1402. (See CARLISLE ACT as amended).

**Item 10.** In 1953, the United States House of Representatives Subcommittee on Ways and Means interviewed Dwight E. Avis, head of the Bureau of Alcohol and Tobacco during an Investigation Hearing of the Internal Revenue Service. During this Hearing, Mr. Avis was asked about an Alcohol tax matter, which would go to the Appeals section. Mr. Avis replied: "There is no such thing. That is where this structure differs. Let me point this out now. Your income tax is a 100% voluntary tax, and your liquor tax is 100% enforced tax. Now he situation is as different as night and day. Consequently, your same rules just will not apply, and therefore the Alcohol and Tobacco tax has been handled here in this reorganization a little differently, because of the very nature of it than the overall tax problem. (See Exhibit Q, 3 pages).

**Further,** to date I have submitted numerous FOIA requests, NONE of which have been answered. I do believe there is a statutory 20 day time for the IRS to respond- either by furnishing the requested information or requesting an extension of time. **None** of which has been done to date. WHY DO YOU NOT ABIDE BY YOUR OWN RULES?

Sincerely,

Donald Louis Hymes

CC: Commissioner Mark Everson
   Sen. Ted Stephens
   Sen. Lisa Murkowski,
   District Director
   Taxpayer Advocacy

77

Donald Louis Hymes
2340 Ravenwood Avenue
Fairbanks, Alaska 99709

David S. Schindel
Inspector General
IRS
1500 Pennsylvania Avenue, N.W.
Room 4436
Washington, D.C. 20220

*NO RESPONSE*

11/11/2004

Dear Mr. Schindel,

Thank you for time to review this matter.
Over the past 4 years I have been having a terrible time dealing with the IRS offices. Approximately 60 FOIA requests which have been submitted in that time have NOT been answered . There were 2 requests for an extension of time - but I never received any information.
I am enclosing a letter I have just received from Susan Hernandez, Acting Disclosure Officer of the Seattle Office and my response to her. Her reasoning is totally beyond my comprehension. Considering that the actions of the IRS offices do not follow what my IMF file shows, I believe I have every reason to try and find out why there is a discrepancy and who is responsible.
I also believe that the 20 day response rule for a FOIA request still stands.
I have also had trouble getting an appeals hearing. In April I was told by a Mr. Estoll that a hearing was denied as I had not responded in a timely manner. I believe there are 30 days to request a hearing and the request was mailed 18 days after receipt of the letter being appealed from.
My question then is, is this treatment by the IRS employees the norm or is it me?

Any help and or information you may be able to offer would be much appreciated.


Sincerely,

Donald Louis Hymes

78

Donald Louis Hymes
2340 Ravenwood Avenue
Fairbanks, Alaska 99709

Kristia Douts
Taxpayer Advocate
IRS
949 East 36th Avenue, A-405
Anchorage, AK 99508



11/11/2004

Dear Ms. Douts,

Senator Murkowski forwarded your response to her regarding my FOIA requests.
For your information I am enclosing correspondence I just received from Susan Hernandez, Disclosure Officer of the Seattle office and my response to her.

I don't know whether there is anything you can do. If yes, I would appreciate it, if not, please do take note of this letter.

I don't know whether this kind of treatment is standard for IRS employees, or whether it is just me.

Sincerely,

Donald Louis Hymes

79

Donald Louis Hymes
2340 Ravenwood Avenue
Fairbanks, Alaska 99709

Senator Lisa Murkowski
510 L Street, Suite 550
Anchorage, AK 99501-1956

11/11/2004

Dear Senator Murkowski,

First of all, congratulations on your re-election. Keep up the good work.

Thank you very much for contacting the IRS on my behalf. Regrettably, the information you received is not correct.
For your information I am enclosing correspondence I just received from Susan Hernandez, Disclosure Officer of the Seattle office and my response to her.

I don't know whether there is anything you can do. If yes, I would appreciate it, if not, please do take note of this letter.

I don't know whether this kind of treatment is standard for IRS employees, or whether it is just me.

Sincerely,

Donald Louis Hymes

80

Donald Louis Hymes
c/o 2340 Ravenwood Avenue
Fairbanks, Alaska 99709
Acct.: 218303597

Susan Hernandez
Acting Disclosure Officer
IRS
Seattle Disclosure Office
915 Second Avenue
Mail Stop W625
Seattle, WA 98174



*no response*

11/10/2004

Dear Ms. Hernandez,

In response to your letter dated Oct. 22, 2004 and received Nov. 3. 2004.

In your letter you allege that the FOIAs are broken down to evade assessment fees, and in order for you to process and respond to the FOIAs you returned to me I will have to pay 500.00. You further state that the statutory 20 day time limit will only start to run once you have received the 500.00

This raises a number of questions and I do hope you will be kind enough to respond:

1. Since there is a statutory 20 day time limit to answer a FOIA request, why were the FOIAs dated from May 15, 2004 to Sept. 1, 2004 and returned to me with your letter NOT answered within that time frame?
The May 15 request- even allowing for your 'received date' of either May 21 or Aug. 03 should have been answered no later than Aug. 23 and the last one dated Sept. 1, and stamped received Sept. 7 should have been answered no later than Sep. 27. Yet your letter is dated Oct 22, 2004 and none of those FOIAs (as well as numerous others over the years) were answered.
At NO time did I receive a request for an extension of time for any of the referenced FOIAs.
 *Yet Ms. Douts , Taxpayer advocate states in her letter to Sen. Murkowski that :
1. ALL FOIA requests are to be answered within the statutory 20 day time limit .
That was not and has not been so for a very long time.
2. Ms. Douts further alleges that there are times were an extension of time would be needed and that I was informed of all requests not answered within 20 days.
 That was not so.
3  She also states that the first 100 pages of A FOIA request is free and that *each additional page* of a FOIA  request is 0.20.
According to your letter that is not so, as MS. Douts did not include the search fee you claim needs to be paid.

If you and your office had answered the requests as you received them, there most likely would have been no need to  submit a number of the additional requests submitted.
If there is an 'aggregate number, it is strictly through your negligence of NOT following your own rules.



The requests submitted are strictly in response to the actions and in-actions of your office.

2. How and when did you determine that you would wait and see how many FOIA requests I would submit so you could inform me that they would only be answered if I paid a 500.00 fee?

3. Why did you wait FIVE (5) months to notify me that there would be a charge for 'aggregate' FOIA requests?

4. You state that the statutory time of 20 days will not start to run until such time that you receive the requested 500.00.
   Does not the statutory time start to run from the time you receive the request- in this case as long as 5 months ago?

5. Why, if there were more than 100 pages for any one request was I not notified, as I have in the past, of the fee due?

6. Why have so many FOIA requests not been answered by your office since 2001? (please see attachment)

7. What is it that is in your records that you do not want me to see/ find out?

I thank you for your time and expect your response within 10 days of your receipt of this letter

Sincerely,

Donald Louis Hymes


Encl.: list of unanswered FOIA requests

Cc:
David S. Schindel, Inspector General
Senator Lisa Murkowski
Kristia Douts, Taxpayer Advocate

**FREEDOM OF INFORMATION ACT**

Donald Louis Hymes
2340 Ravenwood Avenue
Fairbanks, Alaska 99709
Account #: 218303597

IRS
Seattle Disclosure Office
915 Second Avenue
Mail Stop W625
Seattle, WA  98174
10/27/2004

Dear Disclosure Officer

This is a request under the Freedom of Information Act, 5 USC 552, or regulation hereunder.  This is my firm promise to pay fees and costs for locating and duplicating the records requested below, ultimately determined in accordance with 26 CFR 601.702(F).  If some of this  request is exempt from release, please furnish me with those portions  reasonably able to be segregated.  I am waiving inspection of the requested records. I am attesting under penalty of perjury that I am a category E requester.

This request pertains to the years 2000, 2001, and 2002

Please send me a copy of the Individual Master File Specific pertaining to the years stated above and pertaining to the above named person and account number.

I  understand the penalties provided  in 5 USC 552a(i)(3) for requesting or obtaining access to records under false pretense.

Sincerely
Donald Louis Hymes

OCT 28 2004



**Internal Revenue Service**
949 East 36th Avenue, A-405
Anchorage, AK 99508

OCT 2 1 2004

The Honorable Lisa Murkowski
United States Senator
510 L Street, Suite 550
Anchorage, AK 99501

Dear Senator Murkowski:

This is in response to your September 8, 2004, letter on behalf of your constituent, Donald Louis Hymes of Fairbanks, Alaska.

Mr. Hymes had written requesting assistance with several Freedom of Information (FOIA) requests he submitted. We have researched this issue and found that the Seattle Disclosure office is currently working on 14 requests from Mr. Hymes. Some of the requests Mr. Hymes submitted need additional time because the Disclosure office has to request records from the service center in order to answer his questions. However, on those requests that are not completed within the 20-day time frame, letters were sent to Mr. Hymes informing him of this.

The Disclosure office does not charge for the first 100 pages of a FOIA request. However, there is a 20 cent charge for each additional page over 100. We hope you find this information useful.

If you have any questions, please contact myself or Coral Quimby, Senior Associate Advocate, at (907) 271-6877.

Sincerely,

Kristia Douts
Kristia Douts
Taxpayer Advocate

---

**The Office of the Taxpayer Advocate operates independently of any other IRS Office and reports directly to Congress through the National Taxpayer Advocate.**

**LISA MURKOWSKI**
ALASKA

MAJORITY DEPUTY WHIP

COMMITTEES:

ENERGY AND NATURAL RESOURCES
CHAIRMAN, SUBCOMMITTEE ON
WATER AND POWER

ENVIRONMENT AND PUBLIC WORKS
VETERANS' AFFAIRS
INDIAN AFFAIRS

# United States Senate
WASHINGTON, DC 20510-0203
(202) 224-6665
(202) 224-5301 FAX

1500 L STREET, SUITE 550
ANCHORAGE, AK 99501-1956
(907) 271-3735

101 12TH AVENUE, BOX 7
FAIRBANKS, AK 99701-6278
(907) 456-0233

P.O. BOX 21647
JUNEAU, AK 99802-1647
(907) 586-7400

130 TRADING BAY ROAD, SUITE 350
KENAI, AK 99611-7716
(907) 283-5808

540 WATER STREET, SUITE 101
KETCHIKAN, AK 99901-6378
(907) 225-6880

851 EAST WESTPOINT DRIVE, SUITE 307
WASILLA, AK 99654-7142
(907) 376-7665

October 29, 2004

Mr. Donald Louis Hymes
2340 Ravenwood Avenue
Fairbanks, AK 99709

Dear Mr. Hymes:

Enclosed is the response from the Internal Revenue Service to my inquiry in your behalf. It appears that your FOIA requests are being processed and will be sent to you as soon as the search for documents is completed.

Thank you for contacting my office. Please feel free to do so again.

Sincerely,

Lisa Murkowski
United States Senator

Enclosure

HOME PAGE AND WEB MAIL
MURKOWSKI.SENATE.GOV

**LISA MURKOWSKI**
ALASKA

MAJORITY DEPUTY WHIP

COMMITTEES:
ENERGY AND NATURAL RESOURCES
CHAIRMAN, SUBCOMMITTEE ON
WATER AND POWER

ENVIRONMENT AND PUBLIC WORKS
VETERANS' AFFAIRS
INDIAN AFFAIRS

# United States Senate
WASHINGTON, DC 20510–0203
(202) 224–6665
(202) 224–5301 FAX

510 L STREET, SUITE 550
ANCHORAGE, AK 99501–1956
(907) 271–3735

101 12TH AVENUE, BOX 7
FAIRBANKS, AK 99701–6278
(907) 456–0233

P.O. BOX 21647
JUNEAU, AK 99802–1647
(907) 586–7400

130 TRADING BAY ROAD, SUITE 350
KENAI, AK 99611–7716
(907) 283–5808

540 WATER STREET, SUITE 101
KETCHIKAN, AK 99901–6378
(907) 225–6880

851 EAST WESTPOINT DRIVE, SUITE 307
WASILLA, AK 99654–7142
(907) 376–7665

September 8, 2004

Ms. Kristia Douts
Taxpayer Advocate
Internal Revenue Service
949 E, 36th Avenue, MS A 10
Anchorage, AK 99508

Dear Ms. Douts:

    I am forwarding the enclosed correspondence from **Donald Louis Hymes** for an inquiry and appropriate handling. Please determine if the IRS is following the federal regulations regarding his request for information under the Freedom of Information Act. Please respond in that regard by letter or fax to my **Anchorage office**.

    Thank you for your assistance.

Sincerely,

*Lisa Murkowski*

Lisa Murkowski
United States Senator

Enclosure
Cc:    Mr. Donald Louis Hymes
         2340 Ravenwood Avenue
         Fairbanks, AK 99709

86

HOME PAGE AND WEB MAIL
MURKOWSKI.SENATE.GOV