

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

March 8, 2004

Donald Louis Hymes
2340 Ravenwood Avenue
Fairbanks, AK 99709

Dear Mr. Hymes:

This is in response to your Freedom of Information Act request dated February 12, 2004 and received in our office March 3, 2004.

The Freedom of Information Act prohibits the release of confidential tax information without proper identification from the taxpayer. Submitting two forms of identification bearing your signature or a notarized statement in which the notary swears to or affirms your identity. The penalty of perjury statement must state, "*I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).*" Your request did not include proper identification; however, we obtained this information from a previous request. Requests received after the date of this letter, however, will not be honored without proper identification.

There are no responsive documents that meet your specific request.

This completes all actions by our office pertaining to this request.

If you have any questions regarding this correspondence, Case Control Number DAH04-02516, please contact the Internal Revenue Service, Ogden Campus Disclosure Office, M/S 7000, PO Box 9941, Ogden, UT 84409 or call D. Haldeman, ID #7917707368, at 801-620-7650 between the hours of 8:00 a.m. and 4:30 p.m. Mountain Time.

Sincerely,

JaNean Ellis

JaNean Ellis
Disclosure Officer

Attachments:
Form 393

150

FREEDOM OF INFORMATION ACT REQUEST
REQUEST FOR NOTIFICATION AND ACCESS

Donald Louis Hymes
2340 Ravenwood Avenue
Fairbanks, Alaska 99709

Disclosure Officer
Internal Revenue Service Center

P.O.Box 9941 M/S 7000
Ogden, UT 84409

Dear Sir/Madam

1. This is a request under the Freedom of Information Act, 5 U.S.C. Section 552 and 26 USC 6103. This is my firm promise to pay fees for locating and duplicating the documents and information requested below.

2. If some of this request is exempt, please furnish those portions reasonably segregable, and provide an indexing, itemization and detailed justification concerning information, which you are not releasing.

3. This request pertains to the years 1988,1989,1990, 1991, 1992, 1993, 1994, 1995, 1996, 1997, 1998, 1999, 2000, 2001, and 2002.

4. Please send me a copy of the District Office delegation of authority for IRS employees to execute returns under Internal Revenue Code Section 6020 (a) and 6020(b) and 7602.

Dated this ___12___ day of February 2004

Respectfully,

Donald Louis Hymes

I understand the penalties provided in 5 U.S.C. Section 5542a(i)(3) for requesting or obtaining access to records under false pretenses.
This information is for personal use as per 26 CFR part 601.702 (c)(ix).
I am the individual making the request, this request falls under 26 CFR part 602.702(f)(3)()(i)(E), and this is my signature

151

# FREEDOM OF INFORMATION ACT REQUEST

Donald Louis Hymes
2340 Ravenwood Avenue
Fairbanks, Alaska 99709

acct # 218303597

Disclosure Officer
Internal Revenue Service
Ogden, UT 84201

NV resp

2/13/2004

Dear Officer,

This is a request under the Freedom of Information Act, 5 USC 552, or regulations thereunder. This is my firm promise to pay fees and costs for locating and duplicating the records requested below, ultimately determined in accordance with 26 CFR 601.702(f).

If some of this is exempt from release, please furnish me with those portions reasonably segregable. I am waiving personal inspection of the requested records.

I am attesting under penalty of perjury that I am a category E requester. PLEASE EXPEDITE THIS REQUEST.

This request pertains to the years 1989 to and including 1996.

Please send me a copy of the AMDISA File, which pertains to me.

Respectfully,

Donald Louis Hymes

FREEDOM OF INFORMATION ACT

Donald Louis Hymes
2340 Ravenwood Ave.
Fairbanks, Alaska 99709
Account # 218303597

NO resp

Disclosure Officer
Internal Revenue Service
Ogden, UT 84201

11 February 2004

Dear Disclosure Officer

This is a request under the Freedom of Information Act, 5 USC 552, or regulations thereunder. This is my firm promise to pay fees and costs for locating and duplicating the records requested below, ultimately determined in accordance with 26 CFR 601,702(F). If some of this request is exempt from release, please furnish me with those portions reasonably able to be segregated. I am waiving inspection of the requested records. I am attesting under penalty of perjury that I am a category E requester.
BACKGROUND: IRM (20) 100 Penalty Manual [Exhibit A].

1. This request pertains to the years 1989 to and including 2000.

2. Please send me Form 8278 for the above years that pertain to the above referenced account number and individual, that would have to have been created before any penalty could be created.

Donald Louis Hymes

153

DAHO4-2514

RECEIVED
JP04-03449
APR 0 2004
Ogden Disclosure Office
Internal Revenue Service

FREEDOM OF INFORMATION ACT

You are hereby put on Notice that this letter must be filed as a permanent part of my IRS/IDA/AIMS/IMF/BMF record(s) 23C record. If such record(s) has/have been deleted or substituted, this demand still applies.
Initial: ______

Donald Louis Hymes
2340 Ravenwood Ave.
Fairbanks, Alaska 99709
Account # 218303597

Disclosure Officer
Internal Revenue Service
Ogden, UT 94201

11 February 2004

Dear Disclosure Officer

This is a request under the Freedom of Information Act, 5 USC 552, or regulations thereunder. This is my firm promise to pay fees and costs for locating and duplicating the records requested below, ultimately determined in accordance with 26 CFR 601,702(F). If some of this request is exempt from release, please furnish me with those portions reasonably able to be segregated. I am waiving inspection of the requested records. I am attesting under penalty of perjury that I am a category E requester.
BACKGROUND: IRM (20) 100 Penalty Manual [Exhibit A].

1. This request pertains to the years 1989 to and including 2000.

2. Please send me Form 8278 for the above years that pertain to the above referenced account number and individual, that would have to have been created before any penalty could be created.

Donald Louis Hymes

2nd mailing 3/23/04 affidavit is attached was previously attached

RECEIVED IN CORRES
IPS - OSC -530
FEB 17 2004
OGDEN, UTAH

154




DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

January 30, 2004

Donald Hymes
2340 Ravenwood Ave
Fairbanks, AK 99709

Dear Mr. Hymes:

This is in reference to your Freedom of Information Act (FOIA) request(s) dated December 3, November 14, and December 9, 2003, and received in our office December 15, November 20, and December 31, 2003. We are unable to respond to your request by January 13, December 19, and January 29, 2003, which the 20 business-day period prescribed by law. You may expect a response by March 31, 2004. We apologize for any inconvenience this delay may cause. Since an administrative appeal is limited to a denial of records, it does not apply in this situation. However, you may instead file suit after the statutory time period for response has lapsed.

The FOIA process is not an additional avenue of recourse during administrative tax proceedings; it merely provides access to existing records. Extending the time period for our response to your request has no bearing on any ongoing tax matter such as the collection due process or an examination appeal.

**STATUTORY EXTENSION OF TIME FOR RESPONSE**

In certain situation, the FOIA allows us to invoke an additional ten-day statutory extension. To respond to your request, we require additional time to search for and collect the requested records from other locations. Therefore, we have extended the statutory response date (after which you can file suit), to January 28, 7, and Februsary 12, 2004, as provided for in the FOIA (5 U.S.C. 552(a)(6)(B)) and its regulations (31 C.F.R. 1.5(j)).

**ADDITIONAL EXTENSION OF TIME LIMIT**

We realize we will be unable to located and consider releasing the Internal Revenue Service records covered by your request by the expiration of the statutory period. Therefore, we extended the response date to March 31, 2004, by which time we reasonable believe we can provide a final response to your request.

If you agree to this extension, no reply to this letter is necessary. If we subsequently deny your request, you still have the right to file an appeal. You may wish to consider limiting the scope of your request so that we can process it more quickly. If you want to limit your request, please contact the individual named below.

Never answered
NO INFO

You are hereby put on Notice that this letter must be filed as a permanent part of my IRS/IDA/AIMS/IMF/BMF 23C record. If such record(s) has/have been deleted or substituted, this demand still applies.
Initial: ______

155



DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

January 30, 2004

Donald Hymes
2340 Ravenwood Ave
Fairbanks, AK 99709

Dear Mr. Hymes:

This is in reference to your Freedom of Information Act (FOIA) request(s) dated December 3, November 14, and December 9, 2003, and received in our office December 15, November 20, and December 31, 2003. We are unable to respond to your request by January 13, December 19, and January 29, 2003, which the 20 business-day period prescribed by law. You may expect a response by March 31, 2004. We apologize for any inconvenience this delay may cause. Since an administrative appeal is limited to a denial of records, it does not apply in this situation. However, you may instead file suit after the statutory time period for response has lapsed.

The FOIA process is not an additional avenue of recourse during administrative tax proceedings; it merely provides access to existing records. Extending the time period for our response to your request has no bearing on any ongoing tax matter such as the collection due process or an examination appeal.

**STATUTORY EXTENSION OF TIME FOR RESPONSE**

In certain situation, the FOIA allows us to invoke an additional ten-day statutory extension. To respond to your request, we require additional time to search for and collect the requested records from other locations. Therefore, we have extended the statutory response date (after which you can file suit), to January 28, 7, and Februsary 12, 2004, as provided for in the FOIA (5 U.S.C. 552(a)(6)(B)) and its regulations (31 C.F.R. 1.5(j)).

**ADDITIONAL EXTENSION OF TIME LIMIT**

We realize we will be unable to located and consider releasing the Internal Revenue Service records covered by your request by the expiration of the statutory period. Therefore, we extended the response date to March 31, 2004, by which time we reasonable believe we can provide a final response to your request.

If you agree to this extension, no reply to this letter is necessary. If we subsequently deny your request, you still have the right to file an appeal. You may wish to consider limiting the scope of your request so that we can process it more quickly. If you want to limit your request, please contact the individual named below.

Never answered

152

**IF YOU DO NOT AGREE TO THIS VOLUNTARY EXTENSION**

If you do not agree to this extension and do not want to modify the scope of your request, you may file suit. See 5 U.S.C. 552(a)(6)(C)(i) and 31 C.F.R. 1.5(j). To file suit you must petition the U.S. District Court where you live or work, where the records are located, or in the District of Columbia.

Your may file suit no earlier than January 28, 7, and Februsary 12, 2004. Your petition will be treated according to the Federal Rules of Civil Procedure applicable to actions against an agency of the United States. These procedures require that the IRS be notified of the pending suit, through service of process, which should be directed to:

Commissioner of Internal Revenue
Attention: CC:PA:DPL
1111 Constitution Avenue, N.W.
Washington, DC 20224

If you have questions regarding this correspondence, you may contact Linda Wilcox, badge number 91-05264 at (206) 220-6584 or by mail at: Internal Revenue Service, Disclosure Office, 915 2nd Ave, M/S W625, Seattle, WA 98174. Please refer to case number(s) 91-2004-01334, 01107, and 01458.

Sincerely,

Malia A. Berumen

Malia A. Berumen
Disclosure Officer, Seattle

157

You are hereby put on Notice that this letter must be filed as a permanent part of my IRS/IDA/AIMS/IMF/BMF 23C record. If such record(s) has/have been deleted or substituted, this demand still applies.
Initial: ________

11/04/04

Donald Louis Hymes
2340 Ravenwood Avenue
Fairbanks, Alaska 99709

Department of the Treasury
Internal Revenue Service
Ogden, UT 84201-0030

certified mail no: 7003 1010 0003 0123 4562

Re: account no: 218303597

**ADMINISTRATIVE NOTICE**

**To whom it may concern,**

This is in response to your correspondence dated 12/15/2003

**This document is not an interrogatory, it is a rebuttal!** This is an Administrative Notice to the Internal Revenue Service personnel which are involved with this action that you are herein NOTICED, have first hand knowledge, and are bound by and will be held to the provisions of the 1998 Act of Congress "Reorganization of Structure and Management of the Internal Revenue Service" and Treasury Directive 27-14 dated January 15, 1999. (See Exhibit B and C)

**I disagree with your unsigned letters 'WE INTEND TO LEVY......'** dated Dec. 15. 2003, pertaining to the years 1997 and 1999 (copies of which are herein enclosed). I disagree that Assessment authority rests in IRC. Section 6201 Legal presumption of lawful authority of IRC Section 6201 is hereby refuted and rebutted and is not in accordance with Administrative Procedures of the Secretary.

The authority of the Internal Revenue Service to issue a Levy is under Section 6331 of the Internal Revenue Code. According to IRC 6331 part (a): "Levy may be made upon accrued salary or wages of any officer, employee, or elected official, of the United States or the District of Columbia." (See Exhibit R).
I, Donald Louis Hymes, held none of the aforementioned offices for the year 1993. It appears that some employee of the IRS is trying to perpetrate fraud. Furthermore, IRC 6331 directly cross-references to Title 27 part 70 (Bureau of Alcohol, Tobacco, and Firearms). (See Exhibit R, page 4 of 4). I, Donald Louis Hymes, hereby certify that I did not operate in any excise taxable activity for the years 1989, 1990, 1991, 1992, or 1993 or any other years.

In order to correctly proceed, you, the IRS, **MUST** produce form 23C (see Exhibit E), Assessment certificate, the actual document, for the year in question. [which has been requested through FOIA for a number of years now, with no success- it cannot be found!].

Notice and Demand (Lien completion) and Affidavit of Probable Cause, respectively as evidence of lawful administrative procedures of the Secretary.

I challenge (but am not limited to) the existence of the underlying liability with respect to (RRA98) Section 3401 and request the production of the Due Process documents named below, for evidence of proper procedural due process (See Exhibit F). This request is made timely. I demand that you (IRS) produce the appropriate PROPER (Form 23C (See Exhibit E) in strict compliance with 26 CFR 301.6203 (See Exhibit J) for the alleged tax year in question. Also, you must produce "Notice of Assessment Form 2162, pursuant to 26 USC 6303(a), certified and dated by an authorized Assessment Officer as required (See Exhibit J). Include all other procedurally required supporting documents, pursuant to 26 CFR 301.6203-1 (See Exhibit J). I further demand a certified copy of any/all decisions amending, revoking, rendering obsolete or otherwise effecting Form 23C authority of "Account 6110 Tax Assessments" with respect to Internal Revenue Manual 3(17)(63)(14).1. RACS 006 does not have the ability to determine the character- (KIND) of tax.

It is further Noticed and Demanded that you have a Certified copy of Treasury Decision 1995 (See Exhibit E 2 of 3) and any Treasury Decisions amending, revoking, rendering obsolete or otherwise effecting Treasury Decision 1995.

**Item 1.** Is this the same Internal Revenue as referred to in 31 USCS, Section 1321(a)(26) **"Puerto Rico special fund (Internal Revenue)?"** Please state statute or CFR for the basis of the assumed authority for the Internal Revenue Service to be taking action in Alaska (See Exhibit A).

**Item 2.** I, Donald Louis Hymes, have ***never*** been assessed any tax! If you, at the Internal Revenue believe otherwise, you are hereby put on notice with first hand knowledge and are obligated to provide a copy of the assessment (23C) (See Exhibit E sample 23C page 1 of 3) with the signature of the Internal Revenue Service Employee that made the assessment, Non-Master File Assessment Voucher form 5734 (See Exhibit E page 3 of 3) with the signature of the Internal Revenue Service Employee that made the assessment, and Computation and Assessment of Miscellaneous Penalties form 8278 with the signature of the Internal Revenue Service Employee that made the assessment (See 26-USCA-6203)(See Exhibit F) **Without a valid assessment there can be no "tax liability".**

**Item 3.** Internal Revenue Service personnel have used false and fraudulent means to estimate gross income without a known taxable activity and without a **signed and verifiable 23C assessment certificate (See Exhibit F)** being in existence. They also, by ignoring proper procedural requirements (See Exhibit G-3 (17)(63)(14). 1 page 1 of 2 and (34)(17)(46)2.3 page 2 of 2) have **committed FRAUD** in order to gain an increase in cash acquisition at any cost, although there are no enforcement regulations which pertain to 26 USC. Title 27 Regulations pertain strictly to Alcohol, Tobacco and Firearms. See 27 CFR 250.11 (Exhibit H) (also see Exhibit 1-26 CFR 601.101). If you have any authoritative documented evidence too the contrary, please send it to Donald Louis

[illegible] put on Notice that this letter must be filed as a permanent part of my IRS/[illegible]/AIMS/IMF/BMF 23C record. If such record(s) has/have been deleted or substituted, this demand still applies.
Initial: ____________

159

Hymes immediately. (See 26 USCA 6203 and 26 CFR 301.6203-1)(See Exhibit J)
**Item 4.** The Internal Revenue Service personnel have violated their own procedure in this instant case and in accordance with Controlling Legal Authority titled "Record of Assessment- Form 23C, Administrative Procedure. (See Exhibit J). In the decision on the case of Bull v. U.S., 295 U*S 247, the US Supreme Court stated: **The tax is not owed until it has been assessed." (Exhibit F pages 1 of 8).** Without a tax assessment there can be no tax levy, conversely, the basis of a tax levy has to be a tax.

**Item 5.** "The assessmen6 is made when the appropriate official in he director's office (or service center) **signs** a summary record sheet which contains the taxpayer's name, address, the amount of tax, the type of tax and the taxable period." (Exhibit F page 2 of 8).

An assessment occurs when a Revenue Service assessment officer **signs a** summary record which is supported by a **list** that identifies the taxpayer, the type of tax, the amount assessed, and the taxable year or period to which it relates. The assessment date is the day on which the summary record is **signed."** (Exhibit F, page 2 of 8).

It is also hereby noted that a NON-MASTER FILE ( NMF) must be generated and signed to effect an assessment. "(2) Non-Master File accounts are a collection of revenue accounting transactions whose sole purpose is to provide a means for the assessment of taxes and collection of revenue" (See Exhibit K, page 2 of 2). A sample of Non-Master File assessment Voucher is included. (See K page 2 of 2)

No evidence of a valid assessment exists in this instance. Without a tax assessment there can be no tax levy, conversely, the basis of a tax levy has to be a tax assessment. If you have valid assessment documentation, please provide it to Donald Louis Hymes immediately.

**Item 6.** A true copy of the herein quoted support documents, 23C, Non-Master File, record of transaction code 494, and the assessment summary record are all appropriately signed and dated, must be provided.

**Item 7.** Title 26 CFR (Code of Federal Regulations), Section 601.101 states: "*The regulations relating to the taxes administered by the Service are contained in Title 26 of the Code of Federal Regulations. The regulation administered by the Bureau of Alcohol, Tobacco and Firearms are contained in Title 27 of the Code of Federal Regulations. See section 601.101" (See Exhibit F) Then examine CFR Parallel table of Enforcement. (See Exhibit X- 2 pages).'*

**Item 8.** In the 1998/1999 U.S. Government Manual, on page 448 (See Exhibit O) a chart is reproduced which depicts the legitimate authority and functions of the various departments organized within the Department of the Treasury. Careful examination of this chart reveals that there is no legitimate enforcement power granted to the Internal Revenue Service by Congress. The Under Secretary for Enforcement and the Assistant Secretary (Enforcement) oversee the Bureau of Alcohol, Tobacco and Firearms, the U.S.

You are hereby put on Notice that this letter must be filed as a permanent part of any IRS/IDA/AIMS/IMF/BMF 23C record. If such record(s) has/have been deleted or substituted, this demand still applies.
Initial: ____________

140

Customs Service, the U.S. Secret Service and the Federal Law Enforcement Training Center. **This schematic is an accurate representation of the legitimate enforcement powers that were given by Congress to the Department of the Treasury.** The absence of legitimate enforcement authority depicted here agrees with the parallel table of enforcement (Exhibit O) as published in the Code of Federal Regulations and in the Federal Register. This also agrees with the explanation given by Dwight E. Avis in 1953 (Exhibit Q page 1 of 3) regarding the fact that **Alcohol and tobacco taxes are 100% enforced tax** and **income taxes are 100% voluntary.** The definition of Voluntary is given on page 1575 of Black's Law Dictionary (Sixth Edition), ((Exhibit Q page 1 of 1).

**Item 9.** I, Donald Louis Hymes, have never been involved nor registered to do business in an Excise taxable activity such as the Industrial Alcohol Tax as consolidated into the Bureau of Internal Revenue as revealed by Executive Order 6166, referred to in Executive Order 6639 (See Exhibit p page 1 of 2), under the authority of the Attorney General for collections authorized by Title III of the National Prohibition Act which was repealed by the 21st amendment. [See 48 USC, Section 1402)(See Exhibit P page 2 of 2), History, Ancillary Laws and Directives]. As revealed in 48 USC, Section 1402, History, Ancillary Laws and Directives, all of Title 26.1 et. Seq. is exclusively based on the Industrial Alcohol Revenue fro Title III of the National Prohibition Act, which was repealed and subsequently made applicable to the US Virgin Islands federal territory. The national Prohibition Act was repealed in 1935 and reapplied to the US Virgin Islands and Puerto Rico in 1935. It was then re-allocated to Title 26 USC in 1939 as evidenced by 48 USC 1402. (See CARLISLE ACT as amended).

**Item 10.** In 1953, the United States House of Representatives Subcommittee on Ways and Means interviewed Dwight E. Avis, head of the Bureau of Alcohol and Tobacco during an Investigation Hearing of the internal Revenue Service. During this hearing Mr. Avis was asked about an Alcohol tax matter which would go to the Appeals section. Mr. Avis replied: "There is no such thing. That is where this structure differs. Let me point this out now. Your income tax is 100% voluntary tax, and your liquor tax is 100% enforced tax. Now the situation is as different as night and day. Consequently, your same rules just will not apply, and therefore the Alcohol and Tobacco tax has been handled here in this reorganization a little differently, because of the very nature of it than the overall tax problem. (See Exhibit Q- 3 pages).

Donald Louis Hymes

You are hereby put on Notice that this letter must be filed as a permanent part of my IRS/IDA/AIMS/IMF/BMF 23C record. If such record(s) has/have been deleted or substituted, this demand still applies.
Initial: __________

FREEDOM OF INFORMATION ACT REQUEST

Donald Louis Hymes
2340 Ravenwood Avenue
Fairbanks, Alaska 99709



Freedom of Information Act Request
Chief, Disclosure Branch
Bureau of Alcohol, Tobacco and Firearms
1200 Pennsylvania Avenue NW
Room 4406
Washington, DC 20226

Dear Chief,

1. This is a request under the Freedom of Information Act, 5 USC 552 and 31 CFR 1.5(g). This is my firm promise to pay fees and costs for locating and duplication the records requested below, ultimately determined by 27 CFR 71.25.
2. If portions of this request are exempt from release, please furnish me with those portions reasonably segregable. I am waiving personal inspection of the requested records.
3. I am attesting under penalty of perjury that I am a category A requestor. **PLEASE EXPEDITE THIS REQUEST.**
4. This request pertains to the years 1989, 1990, 1991, 1992, 1993, 1994, 1995, 1996, 1997, 1998, 1999.
5. Please send me a copy of all documents maintained in the system of records identified as "Criminal Investigation Report System-Treasury/ATF .003, concerning the Requestor.

Dated: 12/14/2003

Respectfully submitted
Donald Louis Hymes

I understand the penalties provided in 5 USC 552a(i)(3) for requesting or obtainin access to records under false pretenses.
Donald Louis Hymes, Requestor

FREEDOM OF INFORMATION ACT REQUEST

Donald Louis Hymes
2340 Ravenwood Avenue
Fairbanks, Alaska 99709
Acct.#: 218303597

NO LOSP

Linda Wilcox, Disclosure Officer
Internal Revenue Service
M/S W625/GLD:A6:SEA:D
915 2nd Ave
Seattle, WA 98174

3 December 2003 cert. mail #: 7002 3150 0003 6566 6837

Dear Ms. Wilcox,

1. This is a request under the Freedom of Information Act, 5 USC, 552. and regulations thereunder.
2. This is my firm promise to pay fees and costs for locating and duplicating the records requested below, ultimately determined in accordance with 26 CFR 601.702(f).
3. If some f this is exempt from release, please furnish me with those portions reasonable segregable. I am waiving personal inspection of the requested records.
4. I am attesting under penalty of perjury that I am a category E requester. PLEASE EXPEDITE THIS REQUEST.

BACKGROUND: Notice(s) of Lien were filed in the Fairbanks Recording District (see attachment 1), and noticed in the IMF file, (attachment 3). However, there is NO Abstract of Judgment, (see attachment 2).

This request pertains to the years 1995, 1996, 1997, and 1999 and the NOTICE (S) OF LIEN with the Docket locator Numbers:

a. 08252-999-00000-2
b. 29249-550-00223-7
c. 29247-740-00012-1
d. 29247-696-00019-1

Please send me a certified copy of the COURT ORDER (S) ordering/authorizing these liens.

Dated: 2 December 2003

Respectfully,
Donald Louis Hymes




DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

November 25, 2003

Donald Louis Hymes
2340 Ravenwood Ave
Fairbanks, AK 99709

Dear Mr. Hymes:

This is in response to your letter dated November 4, 2003, and received in this office on November 20, 2003, requesting information under the Freedom of Information Act request.

We are not familiar with "Abstract of Judgment" this document appears to be a document created by the court, not by the Internal Revenue Service. Therefore, there are no records responsive to your request.

If you have any questions, please reference case number 91-2004-01106, and contact Linda Wilcox, employee identification number 91-05264, at 915 2nd Ave, M/S W625, Seattle, WA 98174 or (206) 220-6584.

Sincerely,

Linda Wilcox
Disclosure Specialist, Seattle

164



**FREEDOM OF INFORMATION ACT REQUEST**

Donald Louis Hymes
c/o 2340 Ravenwood Ave.
Fairbanks, Alaska 99709
Acct.: 218303597

11/14/03
cert mail # 7002 0460 0000 4281 6640

Department of Treasury
IRS
FOIA Disclosure Officer]P.O.Box
P.O.Box 101500
Anchorage, Alaska 99510

NO RESP

Dear Disclosure Officer

This is a request under the Freedom of Information Act 5 USC 552, or regulations thereunder. This request is not an interrogatory. There are no questions asked in this request. Should you decide that thus request has been sent to the wrong office, please make certain that you forward this request to the proper office and notify me of same.
This s my firm promise to pay fees and costs for locating and duplicating the records requested below, ultimately determined in accordance with 26 CFR 601.702 (f).

BACKGROUND for requests. Someone form the Internal Revenue Service sent me a NOTICE OF FEDERAL TAX LIEN (attached and marked as Exhibit A) and I cannot read the name. The Notice of LIEN was signed 'FOR'
If some of this request is exempt from release, please furnish me with those portions reasonable segregable. I am waiving my inspection of the requested records.
I am attesting under penalty of perjury that I am a category E requester.
PLEASE EXPEDITE THIS REQUEST.

1. Please send me a copy of the documentation that shows the above employee's position with the Internal Revenue Service.
2. Please send me a copy of the documentation which shows the GS level of the individual who signed "FOR" Mike Walsh on the aforementioned NOTICE OF LIEN.
3. Please send me a copy of the above referenced individual's job description and appointment letter.
4. Please send me a copy of the letter of authority for the individual who signed FOR Mike Walsh on the above mentioned Exhibit A.
5. Please send me a copy of the delegation of authority order for the above named individual up to and including the District Director with a copy of the appointment le6tter.
6. Please send me a copy of all documents that disclose the identification number of the audit group and branch manager's name and title to which the requester's case was assigned.

Upon renaming, renumbering or redesigning records infra, consider this request as seeking those records as identified with my name your reply must be specific, not broad in form.

Donald Louis Hymes, Requester
[signature]

Notice ... filed as a permanent part of my IRS/IDA ... /IMF/BMF 23C record. If such record(s) has/have been deleted or superseded, this demand still applies
Initial: ______


165

**FREEDOM OF INFORMATION ACT REQUEST**

No Reply

Donald Louis Hymes
c/o 2340 Ravenwood Ave.
Fairbanks, Alaska 99709
Acct.: 218303597

cert mail #
7002 0460 0000 4281 6680

Department of Treasury
IRS
FOIA Disclosure Officer
P.O.Box 101500
Anchorage, Alaska 99510

Dear Disclosure Officer

1. This is a request under the Freedom of Information Act 5 USC 552,gulations thereunder. This is my firm promise to pay fees and costs for locating and duplicating the records requested below, ultimately determined in accordance with 26 CFR 601.702(f).
2. If some of this is exempt from release, please furnish me those portions reasonable segreable. I am waiving personal inspection of the requested records.
3. I am attesting under penalty of perjury that I am a category E requester. PLEASE EXPEDITE THIS REQUEST.
4. This request pertains to the years 1995,1996, 1997 and 1999.
5. Please send me a copy "CERTIFIED ABSTRACT OF THE JUDGMENT" for the liens indicated with the Docket Locator Number

a. 08252-999-00000-2
b. 29249-550-00223-7
c. 29247-740-00012-1
d. 29247-696-00019-1

as indicated on the IMF Transcript Specific attached to this request

Dated: 11/04/03

Respectfully,

Donald Louis Hymes, Requester
Donald Louis Hymes

You are hereby put on Notice that this letter must be filed as a permanent part of my IRS/IDA/AIMS/IMF/BMF 23C record. If such record(s) has/have been deleted or substituted, this demand still applies.
Initial: __________

**FREEDOM OF INFORMATION ACT REQUEST**

No Lyly

Donald Louis Hymes
c/o 2340 Ravenwood Avenue
Fairbanks, Alaska 99709
Acct.: 218303597

Department of Treasury
IRS
FOIA Disclosure Officer

Cert mail
7002 0460 0000 4281 66

11/10/2003

Dear Officer,

1. This is a request under the Freedom of Information Act, 5 USC 552, or regulations thereunder. This is my firm promise to pay fees and costs for locating and duplicating the records requested below, ultimately determined in accordance with 26 CFR.
2. If some of this is exempt from release, please furnish me with those portions reasonable segregable. I am waiving personal inspection of the requested records.
3. I am attesting under penalty of perjury that I am a category E requester. PLEASE EXPEDITE THIS REQUEST.
4. This request pertains to the years 1997 and 1999
5. Please send me a copy **"CERTIFIED ABSTRACT OF THE JUDGMENT"** for the lien indicated on the NOTICE OF FEDERAL LIEN, attached to this request.

Respectfully,

Donald Louis Hymes, Requester

Donald Louis Hymes

You are hereby put on Notice that this letter must be filed as a permanent part of my IRS/IDA/AIMS/IMF/BMF 23C record. If such record(s) has/have been deleted or substituted, this demand still applies.
Initial: ________

**FREEDOM OF INFORMATION ACT REQUEST**

No reply

Donald Louis Hymes
c/o 2340 Ravenwood Avenue
Fairbanks, Alaska 99709
Acct.: 218303597

7002 0460 0000 4281 6649

Department of Treasury
IRS
FOIA Disclosure Officer

11/10/2003

Dear Officer,

1. This is a request under the Freedom of Information Act, 5 USC 552, or regulations thereunder. This is my firm promise to pay fees and costs for locating and duplicating the records requested below, ultimately determined in accordance with 26 CFR.
2. If some of this is exempt from release, please furnish me with those portions reasonable segregable. I am waiving personal inspection of the requested records.
3. I am attesting under penalty of perjury that I am a category E requester. PLEASE EXPEDITE THIS REQUEST.
4. This request pertains to the years 1997 and 1999
5. Please send me a copy **"CERTIFIED ABSTRACT OF THE JUDGMENT"** for the lien indicated on the NOTICE OF FEDERAL LIEN, attached to this request.

Respectfully,

Donald Louis Hymes, Requester

**FREEDOM OF INFORMATION ACT REQUEST**

Donald Louis Hymes
c/o 2340 Ravenwood Ave.
Fairbanks, Alaska 99709
DOB: 12/30/34



US Department of Justice
940 Pennsylvania Avenue NW
Room LOC 115
Washington, DC 20530

10/27/2003

Dear Sir,

1. This is a request under the Freedom of Information Act 5 USC 552, or regulations thereunder. This is my firm promise to pay fees and costs for locating and duplicating the records requested below, ultimately determined in accordance with rules and regulations.
2. If some of this request is exempt from releas4,lese furnish me with those portions reasonably segregable. I am waiving personal inspection of the requested records.
3. i am attesting under penalty of perjury that I am a category E requester. PLEASE EXPEDITE THIS REQUEST.
4. This request pertains to the years 1990, 1991, 1992, 1993,1994, 1995, 19996, 1997,1998, 1999, 2000,2001, 2002.
5. BACKGROUND FOR ITEM #6:N The United States Attorney's Manual II, 6-4.270 reveals the united States Attorney has limited responsibility to prosecute offenses investigated by the IRS. Those offenses are: excise violations involving liquor tax; narcotics; stamp tax; firearms; wagering; and coin operated gaming and amusement machines ...A copy of the United States Attorney's Manual II Title 6-4.270 is attached hereto and incorporated herein by reference as EXHIBIT A.

Please send Requester a copy of the documents indicating the requester is/was involved in a taxable activity relevant to EXHIBIT A.

Dated: October 28, 2003

Respectfully,

Donald Louis Hymes

7002 3150 0003 6566 6950

Donald Louis Hymes
c/o 2340 Ravenwood Avenue
Fairbanks, Alaska 99709

No Reply

Disclosure Officer/District Director/ CEO
Internal Revenue Service
P.O.Box 9941 M/S 7000
Ogden, UT 84409

10/27/2003

Dear Disclosure Officer/District Director or CEO,

It appears to me that Revenue Officer Mr. MIKE WALSH is in violation of the Internal Revenue code at 26 USC, Section 6103 and of the federal regulations at 26 CFR, Section 301.6103, and could be liable for damages under 26 USC, Section 7431.

Section 12203 of the Restructuring and Reform Act of 1998 states that violations of the Internal Revenue code of 1986, Department of Treasury regulations, policies of the Internal Revenue Service (including the Internal Revenue Manuals), or violations of any right under the Constitution of the United States or various civil rights violations should be grounds for dismissal for the IRS employee(s). They must be charged with misconduct and terminated if there has been a judicial or final administrative determination that the employee committed any of these, and /or other acts or omissions. In the event of an unauthorized disclosure, there will be a formal request that the agent (officer) responsible be administratively sanctioned according to section 1203 of the Restructuring Act and Reform Act of 1998. A violation of the Internal Revenue Code at 26 USC, Section 6103 and of the CFR at Section 301.6103 would make said agent (officer) liable for damages under 26 USC, Section 7431.

This has recently been upheld in Federal Court. Case Number 99-8065 in the State of Florida, resulting in a $126,000 judgment against the IRS.

I suspect that the said Agent violated the Restructuring and Reform Act of 1998 in dealing with me.

Please send me the necessary paperwork to file a formal complaint so that I can list my grievance along with any helpful information in this area.

Respectfully yours,

Donald Louis Hymes



DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

February 4, 2003

Donald L. Hymes
2340 Ravenwood Avenue
Fairbanks, AK 99709

Dear Mr. Hymes:

This is in response to your Freedom of Information Act request dated September 3, 2002 and received in our office January 24, 2003.

In regard to item 5, no responsive documents were found.

If you have any questions regarding this correspondence, Case Control Number DAH03-01464, please contact the Internal Revenue Service, Ogden Campus Disclosure Office, M/S 7000, PO Box 9941, Ogden, UT 84409 or call D. Haldeman, ID #7916307368, at 801-620-7650 between the hours of 8:00 a.m. and 4:30 p.m. Mountain Time.

Sincerely,

JaNean Ellis

JaNean Ellis
Disclosure Officer

Attachments:
Form 393

171