INTERNAL REVENUE SERVICE

# ORIGINAL

IN THE MATTER OF RITA MARINA HYMES )

REFERENCE NUMER AP:G:SE:ANC:LVB     )

BEFORE LAREAN BEACH, HEARING OFFICER

Fairbanks, Alaska
January 28, 2003
9:00 o'clock a.m.

Present for attendance:    RITA MARINA HYMES
2340 Ravenwood Avenue
Fairbanks, Alaska  99709

MR. BOHM, MR. HYMES

MARY KLINK HUSTED,
Court Reporter

Also present:    WILLIAM FREELAND, IRS

EXHIBIT _E_

**LSS COURT REPORTING**
1873 Gilmore Trail
Fairbanks, Alaska  99712
Phone (907) 457-8314   Fax (907) 452-8157



1                        **IRS APPEALS HEARING**

2          Ms. Hymes appeared at the agreed upon time to meet

3     with Larean Beach of the IRS, accompanied by Ms. Husted,

4     court stenographer, and two witnesses, Mr. Bohm and Mr.

5     Hymes.

6          Ms. Beach stated that, based on a letter she had

7     written Ms. Hymes, only one observer could be present.  The

8     other observer, court stenographer and tape recorder were

9     not allowed according to an inner-office memo written by an

10    appeals officer, copy herewith included as Exhibit 1.  Ms.

11    Hymes asked whether an inner office memo took precedent

12    over Title 5.556(e) which does allow for witnesses, tape

13    recorders and a stenographer.  She was told, "Yes, in this

14    case."  As a matter of fact, Ms. Beach admitted that she

15    did not know what Title 5 was about.

16         When Ms. Hymes agreed to only one witness but asked

17    that it be the court stenographer, as Ms. Beach had

18    misstated and misrepresented facts in two of her letters to

19    Ms. Hymes already -- copies enclosed as Exhibit 2 -- Ms.

20    Beach said, "No," and that Ms. Hymes could appeal the

21    outcome of that hearing in court.  Ms. Hymes asked whether

22    this was Tax Court, adding that Tax Court, in fact, was not

23    "court."

24         Ms. Beach then terminated the "meeting."  Ms. Hymes

25    informed Ms. Beach that the meeting would reconvene at

1

1    10:00 o'clock a.m. at 1873 Gilmore Trail.

2         Administrative and Enforcement Authority of IRC

3    Indictments under Section 7201-7217, Implementing

4    Regulations 7201, 7202, 7203, 7204, 7205, 7206, **show NO**

5    **regulation.**

6         <u>United States v. Mersky</u>, No. 31, 361 U.S. 431:  An

7    administrative regulation, of course, is not a "statute."

8    While in practical effect, regulations may be called

9    "little laws," they are, at most, but offspring of statutes

10   ... it is the statute which provides for the punishment for

11   violations.  The result is that neither the statute nor the

12   regulation are complete without the other, and only

13   together do they have any force.  In effect, therefore, the

14   construction of one necessarily involves the construction

15   of the other.

16        **The hearing was terminated by Ms. Beach (because**

17   **there were two witnesses and a court stenographer present)**

18   **contrary to statute and regulation and court precedent.**

19        26 CFR, Chapter I (4-1-99 Edition):  (a) Income tax

20   on individuals.  (1) General Rule.  (1) Section 1 of the

21   Code imposes an income tax on the income of every

22   individual who is a citizen or resident of the United

23   States and, to the extent provided by Section 871(b) or

24   877(b), on the income of nonresident alien or individual.

25        **I am NOT a citizen or resident of the United States.**

2

1   **I am a citizen and resident of the State of Alaska.  What**

2   **is an "INDIVIDUAL"?  It is NOT defined in the Code.**

3        26 CFR, Chapter 1 (4-1-99 Edition) 1.1-2:  (2)

4   Citizens or residents of the United State liable to tax.

5   (3)  Who is a citizen.  Every person born or naturalized in

6   the United States and subject to its jurisdiction is a

7   citizen.

8        **Since I am a citizen of the State of Alaska, the U.S.**

9   **does NOT have jurisdiction over me.**

10       1.1(I) IT (4)  The terms United States Maritime

11  Commissions and Commissions shall mean the Secretary of

12  Commerce, the Maritime Administration or the *** [Maritime

13  Subsidy Board] as the context may IRS's financial statement

14  amounts for revenue, in total and by type of tax, were not

15  derived from its revenue general ledger accounting system

16  (RACS) or its master files of detailed individual taxpayer

17  records.  This is because RACS did not contain detailed

18  information by type of tax, such as individual income tax

19  or corporate tax, and the master file cannot summarize the

20  taxpayer information needed to support the amounts

21  identified in RACS.  As a result, the IRS relied on

22  alternative sources, such as Treasury schedules, to obtain

23  the summary total by type of tax needed for its financial

24  statement.

25       ATF officer.  An officer or employee of the Bureau of

3

1    Alcohol, Tobacco and Firearms (ATF) authorized to perform

2    any function relating to the administration or enforcement

3    of the part.

4        27 CFR, Chapter 1 (4-1-99 Edition)

5        Revenue Agent.  Any duly authorized Commonwealth

6    Internal Revenue Agent of the Department of the Treasury of

7    Puerto Rico.

8        **I have gone through the entire code.  There is no**

9    **Revenue Agent in Title 26, only in Title 27. 27 CFR,**

10   **Chapter 1 (4-1-01 Edition) states the same as above;**

11   **nothing has changed.**

12       Special agent in charge.  The principal officials

13   responsible for the ATF criminal enforcement program within

14   an ATF district.

15       OCCUPATIONAL OUTLOOK HANDBOOK, 2002-2003 Edition.

16   Tax Examiners, Collectors, and Revenue Agents.  Because

17   many States assess individual income taxes based on the

18   taxpayer's reported Federal adjust gross income, tax

19   examiners working for the Federal Government report to the

20   States any adjustments or corrections they make.

21       **NOT THE IRS.**

22       Revenue agents specialize in tax-related accounting

23   work for the U.S. Internal Revenue Service (IRS) and for

24   equivalent agencies at the State and local government

25   levels.  Similar to tax examiners, they audit returns for

4

1  accuracy.  However, revenue agents handle complicated

2  income, sales, and excise tax returns of business and large

3  corporations.

4      Entry-level revenue agents at the Federal level

5  usually audit tax returns of small businesses whose market

6  specializations are similar.  As they develop expertise in

7  an industry, such as construction, retail sales, or

8  finance, insurance, and real estate, revenue agents work

9  with tax returns of larger corporations.

10      Collectors, also called revenue officers in the IRS,

11  deal with delinquent accounts.

12      **Again, this appears in Title 27, NOT Title 26.**

13      Tax examiners, collectors, and revenue agents work

14  with confidential financial and personal information;

15  therefore, trustworthiness is crucial for maintaining

16  confidentiality for individuals and businesses.  Applicants

17  for Federal Government jobs must submit to a background

18  investigation.

19      Revenue agents need strong analytical, organiza-

20  tional, and time management skills.  They must also be able

21  to work independently because they spend so much time away

22  from their home office and must keep current with changes

23  in the tax code and laws.  Collectors need good

24  interpersonal and communication skills because they deal

25  directly with the public and because their reports are

1  scrutinized when the IRS must legally justify attempts to
2  seize assets.

3      The Federal Government maintains a high profile in
4  many areas of law enforcement.  The U.S. Department of
5  Justice is the largest employer of sworn Federal officers.
6  Federal Bureau of Investigation (FBI) agents are the
7  Government's principal investigators, responsible for
8  investigating violations of more that 260 statutes and
9  conducting sensitive national security investigations.

10     Special agents and inspectors employed by the U.S.
11 Department of the Treasury work for the Bureau of Alcohol,
12 Tobacco and Firearms, the Customs Service and the Secret
13 Service.

14     **NO IRS.  Only under Title 27.**

15     Tobacco and Firearms must have a bachelor's degree or
16 a minimum of 3 years' related work experience.

17     Section 7244, Extended Application of penalties
18 relating to officers of the Treasury Department:  All
19 provisions of law imposing fines, penalties or other
20 punishment for offenses committed by an internal revenue
21 officer or other officer of the Department of the Treasury,
22 or under any agency or office thereof, shall apply to all
23 persons whomsoever, employed, appointed, or acting under
24 the authority of any internal revenue law, or any revenue
25 provision of any law of the United States, when such

6

1    persons are designated or acting as officers or employees

2    in connection with such law, or are persons having the

3    custody or disposition of any public money.

4    PUBLIC LAW 105-206, July 22, 1988.  Section 1203,

5    Termination of Employment for Misconduct:  (3) violations

6    of Internal Revenue Code of 1986, Department of Treasury

7    regulations, or policies of the Internal Revenue Service

8    (including the Internal Revenue Manual) for the purpose of

9    retaliating against, or harassing a taxpayer...

10    **The IRS employee(s) cannot tape record, cannot have a**

11    **stenographer, but I can.  Ms. Beach failed to abide by the**

12    **mandates of Title 5.**

13    Title 18, Crimes and Criminal Procedure.  Part 1,

14    Crimes, Chapter 41, Extortion and Threats, Section 872,

15    Extortion by officers or employees of the United States.

16    Chapter 101, Records and Reports.  Section 2073,

17    False entries and reports of money or securities...

18    Part O, DEPARTMENT OF THE TREASURY EMPLOYEE RULES OF

19    CONDUCT, Subpart B, Rules of Conduct:  O.205, Care of

20    documents and data.  O.208, Falsification of official

21    records.  O.213, General conduct prejudicial to the

22    Government:  Employees shall not conceal, remove, alter,

23    destroy, mutilate or access data in the custody of the

24    Federal Government.

25    **See IMF for 1995-1999, hereto attached as Exhibit 3.**

O.208, Falsification of official records.  Employees shall not intentionally make false, misleading or ambiguous statements, orally or in writing, in connection with any matter of official interest.

**Larean Beach failed to inform Hymes of ALL appeals options.**

O.213, General conduct prejudicial to the Government. Employees shall not engage in criminal, infamous, dishonest or notoriously disgraceful conduct or any other conduct prejudicial to the Government.

**Ms. Beach "terminated" a meting which never even got started, based on an inner-office MEMO.**

SUBCHAPTER H. INTERNAL REVENUE PRACTICE.  26 CFR, Chapter I (4-1-90 Edition).  Part 601, Statement of Procedural Rules, Subpart A, General Procedural Rules 601.101, Introduction:  The Internal Revenue Service is the agency by which these functions are performed.  Within an internal revenue district the internal revenue laws are administered by a district director of internal revenue. The Director, Foreign Operations District, administers the internal revenue laws applicable to taxpayers residing or doing business abroad, foreign taxpayers deriving income form sources within the United States, and taxpayers who are required to withhold tax on certain payments to nonresident aliens and foreign corporations, provided the

8

1    books and records of those taxpayers are located outside
2    the United States.

3    **There are NO new regulations, so this stands!**

4    601.102  The regulations relating to the taxes
5    administered by the Service are contained in Title 26 of
6    the Code of Federal Regulations.  The regulations
7    administered by the Bureau of Alcohol, Tobacco and Firearms
8    are contained in Title 27 of the Code of Federal
9    Regulations.  See 601.301.

10   **There is NO revenue officer, NO agent, NO special**
11   **agent in Title 26, ONLY in Title 27.**

12   603.102  Classifications of taxes collected by the
13   Internal Revenue Service.  (b) Principal divisions.
14   Internal revenue taxes fall generally into the following
15   principal divisions: 1) Taxes collected by assessment. 2)
16   Taxes collected by means of revenue stamps.  (c) Assessed
17   taxes.  Taxes collected principally by assessment fall into
18   the following two main classes: 1) Taxes within the
19   jurisdiction of the U.S. Tax Court.  These include: (i)
20   Income and profits taxes imposed by Chapters 1 and 2 of the
21   1939 Code and taxes imposed by subtitle A of the 1954 Code,
22   relating to income taxes.

23   **Income = property.**

24   Title 15, Section 17: Labor of human beings is not a
25   commodity.

9

1    601.103, Summary of general tax procedure.  (a)

2    Collection procedure.  The Federal tax system is basically

3    one of self-assessment.  In general each taxpayer (or

4    person required to collect and pay over the tax) is

5    required to file a prescribed form of return which shows

6    the facts upon which tax liability may be determined and

7    assessed.

8         **That is a revenue officer or agent.**

9         26 CFR, Chapter I (4-1-01 Edition) 601.101

10   Introduction.  Within an internal revenue district the

11   internal revenue laws are administered by a district

12   director of internal revenue.  The Director, Foreign

13   Operations District, administers the internal revenue laws

14   applicable to taxpayers residing or doing business abroad,

15   foreign taxpayers deriving income from sources within the

16   United States, and taxpayers who are required to withhold

17   tax on certain payments to nonresident aliens and foreign

18   corporations, provided the books and records of those

19   taxpayers are located outside the United States.

20        601.102, Classification of taxes collected by the

21   Internal Revenue Service.  (a) Principal divisions.

22   Internal revenue taxes fall generally into the following

23   principal divisions: (1) Taxes collected by assessment.

24   (2)(b) Assessed taxes.  Taxes collected principally by

25   assessment fall into the following two main classes: (1)

1    taxes within the jurisdiction of the U.S. Tax Court.  These

2    include: (i) Income and profits taxes imposed by Chapters 1

3    and 2 of the 1939 Code and taxes -- imposed by subtitle A

4    of the 1954 Code relating to income taxes.

5        **To date there has been NO assessment form 23 C**

6    **despite at least two FOIA requests, hereto attached as**

7    **Exhibit 6.**

8        601.103, Summary of general tax procedure, p -- -o J;

9    11 --  (a) Collection procedure.  The Federal tax system is

10   basically one of self-assessment.  In general each taxpayer

11   (or person required to collect and pay over the tax) is

12   required to file a prescribed form of return which shows

13   the facts upon which tax liability may be determined and

14   assessed.

15       **Title 26 imposed tax subtitle "A" Income Tax.  Under**

16   **Subtitle A of Title 26, there are 31 sections.  Under which**

17   **of these do I fall?  Which income tax applies to me?**

18       Internal Revenue Code of 1954, Subtitle A, Income

19   Taxes (Page 275 of 368).  Section 861, Income from Sources

20   within the United States.  (2) Personal Services.

21   Compensation for labor or personal services performed in

22   the United States; except that compensation for labor --

23   **(not wages!)** -- or services performed in the United States

24   shall not be deemed to be income from sources within the

25   United States if...

11

1    **Labor is not income.**

2        1994 Code and 1939 Code, Section 861 119(a)(b)

3        1939:   Subtitle A, Taxes subject to the jurisdiction

4    of the Board of Tax Appeal (Page 53 of 168 pages), Section

5    110, Income from Sources within the United States: (3)

6    Personal Services.  Compensation for labor or personal

7    services performed in the United States **-- (Again, NOT**

8    **income) --** shall not be deemed to be income from sources

9    within the United States.

10       Submission Processing, Chapter 30, Work Planning and

11   Control, Section 123, Processing Timeliness: Cycles,

12   Criteria, and Critical Dates:  3.30.123.7.7 Form 730, Tax

13   on Wagering (Program #12700) Processing Specifications

14   (CSPC only).

15       3.30.123.1723  01-01-2002 Print Priorities.  1. The

16   BMP, IMP, and IRA Assessment dare (23C date) and the first

17   notice date is Monday of the second week following master

18   file posting.  LI BMP and IMP settlement notices, taxpayer

19   inquire letters (non-IDRS), and Sample Notices are to be

20   scheduled within normal priorities to ensure complete

21   printing, review, release, and mail-out by the close of

22   business on the Friday preceding the 23C date.

23       **To date I have received NO 23C.  See attached FOLA**

24   **exhibits.**

25       26 U.S.C.  Section 6103.  Confidentiality and

12

1  disclosure of returns and return information:    Returns and

2  return information shall be confidential.

3      **Who has or had access to returns or return**

4  **information under this section?   ...shall disclose any**

5  **return or return information under the provisions of this**

6  **section.**

7      (1) Return.   The term "return" means any tax or

8  information return.   (2) Return Information:   The term

9  "return information" means (A) a taxpayer's identity, the

10  nature, source, or amount of his income, payments,

11  receipts, deductions, exemptions, credits, assets,

12  liabilities, net worth, tax liability.   (5) Taxpayer

13  identity:   The term "taxpayer identity" means the name of a

14  person with respect to whom a return is filed, his mailing

15  address, his taxpayer identifying number (as described in

16  Section 6109), or a combination thereof.

17      **WHO signed the NOTICE of tax lien, WHO signed the**

18  **NOTICE of Levy and WHO filed them?   WHO put my number and**

19  **information in the public record and in front of other**

20  **people?**

21      IRS OPERATIONS:   Significant Challenges in Financial

22  Management and System Modernization:   IRS's financial

23  statement amounts to revenue, in total and by type of tax,

24  were not derived from its revenue general ledger accounting

25  system (RACS) or its master files of detailed individual

13

1    taxpayer records.  This is because RACS did not contain

2    detailed information by type of tax, such as individual

3    income tax or corporate tax and the master file cannot

4    summarize the taxpayer information needed to support the

5    amounts identified in RACS.  As a result, IRS relied on

6    alternative sources, such as Treasury schedules, to obtain

7    the summary total by type of tax needed for its financial

8    statement presentation.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## CERTIFICATE

STATE OF ALASKA              )
                             ) ss.
FOURTH JUDICIAL DISTRICT     )

1
2

3       I, MARY KLINK HUSTED, a Notary Public in and for the
State of Alaska, duly commissioned and sworn, do hereby
4  certify that a copy of the statement prepared by Rita
MariNa Hymes in the matter of Internal Revenue Appeal,
5  AP:G:SE:ANC:LVB to be read into the record at the appeals
hearing at 9:00 o'clock a.m., January 28, 2003, was
6  presented to me at 8:50 a.m.;

7       That, subsequent to the denial by the IRS for a formal
hearing with witnesses and a court reporter, she presented
8  the foregoing document to me for legal transcription,
having inserted an opening statement regarding the hearing;

9
        That the foregoing document is a true and accurate
10  transcription, prepared to the best of my ability, of Ms.
Hymes' statement, having been placed in legal format and
11  with only such editing as deemed appropriate for legal
formatting;

12      That appearances are as set forth on the title page;

13      That I was retained by Rita MariNa Hymes to appear,
record and transcribe the appeal hearing and, subsequently,
14  to prepare the foregoing document for her use;

15      That I do not have any interest in the outcome of this
case;
16
        And that I am a court reporter in and for the State of
17  Alaska, and was certified for transcript services by the
Administrative Office of the United States Courts on
18  February 16, 1994.

19
        DATED at Fairbanks, Alaska this 3rd day of February,
20  2003.

21                    SIGNED AND CERTIFIED BY:

22                    Mary Klink/Husted
                      NOTARY PUBLIC for Alaska
23                    My commission expires: 9-29-04

24

25



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

NOV 1 2 2004

Rita M. Hymes
2340 Ravenwood Ave
Fairbanks, AK 99709

Dear Ms. Hymes:

This is in response to your request for information under the Freedom of Information Act request dated September 16, 2004, and received in our office September 24, 2004. You were asking for copies of the security bond and Oath of Office of Larean Beach.

There are no documents responsive to your request for the security bond for Larean Beach. Enclosed is the requested copy of the Oath of Office for Larean Beach consisting of one page. We are enclosing a copy of Notice 393, which explains your appeals rights.

If you have questions regarding this correspondence, please contact A. Gilmore, employee badge number 91-06568 at (206) 220-5678, or write to Internal Revenue Service, Seattle Disclosure Office, 915 2nd Avenue, Mail Stop W625, Seattle, WA 98174. Please refer to case number 91-2004-03980. We are closing our case at this time.

Sincerely,

Amee Gilmore
Disclosure Specialist

Enclosures: (2)

STANDARD FORM 61
REVISED SEPTEMBER 1970
U.S. CIVIL SERVICE COMMISSION
F.P.M. CHAPTER 295
61-107

OMB APPROVAL NO. 50-R0118

# APPOINTMENT AFFIDAVITS

_Revenue Agent_                                 _9/30/85_
(Position to which appointed)                   (Date of appointment)

_IRS_               _Treasury_                   _Anchorage_
(Department or agency)   (Bureau or division)     (Place of employment)

I, _Larean V. Pierce_____, do solemnly swear (or affirm) that—

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

_(Signature of appointee)_

Subscribed and sworn (or affirmed) before me this _30th_ day of _September_ A.D. 19_85_,

at _Anchorage_                          _Alaska_
(City)                                  (State)

[SEAL]                                  _Pamela S. Johnson_
                                        (Signature of officer)

Commission expires_____        _Staffing Clerk_
(If by a Notary Public, the date of expiration      (Title)
of his Commission should be shown)

NOTE.—The oath of office must be administered by a person specified in 5 U.S.C. 2903. The words "So help me God" in the oath and the word "swear" wherever it appears above should be stricken out when the appointee elects to affirm rather than swear to the affidavits; only these words may be stricken and only when the appointee elects to affirm the affidavits.

☆U.S. GOVERNMENT PRINTING OFFICE: 1978-261-647/3589

From: Rita MariNa Hymes
      C/o 2340 Ravenwood Avenue
      Fairbanks, Alaska 99709
      Account no: 574142705

To: IRS
      General Appeals Programs
      Appeals Office
      605 West Fourth Avenue
      Suite 230 A, MS A680
      Anchorage, AK 99501

> You are hereby put on Notice that this letter must be filed as a permanent part of my IRS/IDA/AIMS/IMF/BMF 23C record. If such record(s) has/have been deleted or substituted, this demand still applies.
> Initial: _____

Certified mail no.: 7002 0860 0008 4327 2160

January 14, 2003

In re: AP: G: SE: ANC: LVB

Dear Ms. Beach,

This letter is to serve as my ten (10) day notice to you that I will have
    1.) A court stenographer,
    2.) A tape recorder
    3.) Witnesses
with me at the hearing scheduled for 9am on January 28th here in Fairbanks.

I need to protect my rights and assure a proper record of the proceedings- especially in light of your two (2) 'misunderstandings' to date, which make it all the more imperative that I preclude any possible future 'misunderstandings' on your part.

Further, a memo, as referred to in your letter to me, no matter who it is issued by, does not have the force of law.

Sincerely,

Rita MariNa Hymes

> You are hereby put on Notice that this letter must be filed as a permanent part of my IRS/IDA/AIMS/IMF/BMF 23C record. If such record(s) has/have been deleted or substituted, this demand still applies.
> Initial: _____

3

Rita MariNa Hymes
C/o 2340 Ravenwood Avenue
Fairbanks, Alaska 99709

Larean Beach
General Appeals Programs
Appeals Office
605 West Fourth Avenue
Suite 230A, MS A680
Anchorage, AK 99501

You are hereby put on Notice
that this letter must be filed as
a permanent part of my
IRS/IDA/AIMS/IMF/BMF
23C record. If such record(s)
has/have been deleted or
substituted, this demand still
applies.
Initial: _____

Thursday, January 09, 2003          *cF mail: 7006 1530*
                                              *0602 0511 3503*

Ref.: AP:G:SE:ANC:LVB

Dear Ms. Beach,

This is in response to your letter dated January 7, 2003.

In said letter you write:
*"I asked you to contact me within 10 days of that letter to confirm that you would attend...."*

Wow, I really must have misunderstood your letter of Dec. 18, 2002 (a copy for your convenience is hereby enclosed) in which you wrote:
*"If you are unable to attend, let me know within the next 10 days, and I will arrange another time."*

Nowhere in said letter did you ask that I confirm the appointment.

I apparently did not contact you that I would not attend, or that I wanted to change the time, which, according to your request then meant that yes, I would be there.

I sincerely hope this is not an indication of your future 'misunderstandings'.

Sincerely,
Rita MariNa Hymes

*Encl.: pg 1 Dec 18 Letter*

Internal Revenue Service
General Appeals Programs
Appeals Office
605 West Fourth Avenue
Suite 230A, MS A680
Anchorage, AK 99501

Date: January 7, 2003

Rita M Hymes
2340 Ravenwood Ave
Fairbanks, AK 99709-4543

**Person to Contact:**
  Larean Beach
  Employee ID Number: 91-06395
  Tel: (907) 271-2844
  Fax: (907) 271-2857
**Refer Reply to:**
  AP:G:SE:ANC:LVB
**In Re:**
  Due Process - Levy
**Tax Period(s) Ended:**
  12/1995 12/1996 12/1997 12/1998
  12/1999
**Date and Time of Hearing:**
  January 28, 2003 @ 9:00 AM
**Place:**
  Federal Building
  101 12th Avenue
  Room 160
  Fairbanks , AK 99701

Dear Ms. Hymes:

On December 18, 2002, I mailed a letter to you offering a hearing date for January 28, 2003 @ 9:00 A.M. in the Fairbanks IRS office. I asked that you contact me within 10 days of that letter to confirm that you would attend a hearing on that date. The response date was December 28, 2002. To date, I have not heard from you.

I want to be sure that you have an opportunity to participate in a Collection Due Process hearing, however, it is very costly for the government to send me to Fairbanks so I want to be sure that you are planning to attend the scheduled hearing.

I have enclosed a confirmation form and an envelope for your convenience. Please return the completed form to the Anchorage Appeals Office no later than January 15, 2003.

If, as of January 15th, I have not receive a written and signed confirmation from you stating that you will attend the scheduled hearing, I will not travel to Fairbanks and I will close your case based on the information in the file and any that you may have contributed.

If you have any questions, you may contact me using the address or telephone number shown above.

> that this letter must be filed as
> a permanent part of my
> IRS/IDA/AIMS/IMF/BMF
> 23C record. If such record(s)
> has/have been deleted or
> substituted, this demand still
> applies.
> Initial: _____

Sincerely,

Larean Beach

Larean Beach
Appeals Officer

Hymes, Rita M – 1995,1996, 1997, 1998, 1999 Forms 1040 (CDP hearing)  Page 1

**Internal Revenue Service**
General Appeals Programs
Appeals Office
605 West Fourth Avenue
Suite 230A, MS A680
Anchorage, AK 99501

**Department of the Treasury**

**Person to Contact:**
Larean Beach
Employee ID Number: 91-06395
Tel: (907) 271-2844
Fax: (907) 271-2857
**Refer Reply to:**
AP:G:SE:ANC:LVB
**In Re:**
Due Process - Levy
**Tax Period(s) Ended:**
12/1995 12/1996 12/1997 12/1998
12/1999
**Date and Time of Hearing:**
January 28, 2003 @ 9:00 AM
**Place:**
Federal Building
101 12th Avenue
Room 160
Fairbanks , AK 99701

Date: December 18, 2002

Rita M Hymes
2340 Ravenwood Ave
Fairbanks, AK 99709-4543

> You are hereby...
> that this letter must be filed as
> a permanent part of my
> IRS/IDA/AIMS/IMF/BMF
> 23C record. If such record(s)
> has/have been deleted or
> ~~destroyed~~, this demand still
> applies.
> initial: _____

Dear Ms. Hymes:

I scheduled the Collection Due Process Hearing you requested for the date and time shown above. If you are unable to attend, let me know within the next 10 days, and I will arrange another time. Please try to keep this appointment, because conferences are not held in your area often, and special arrangements must be made.

I am unable to meet with you on January 13, 2003 due to the fact that I have several hearings that I have previously scheduled for that week. The earliest time I would be able to travel to Fairbanks to hold a hearing would be January 28, 2003.

In your letter, attached to Form 12153 Request for a Collection Due Process Hearing, you stated:

- <u>that you intend to record the hearing:</u> On May 2, 2002, the Acting National Chief of Appeals issued a memo that prohibits any audio or stenographic recordings of Appeals conference or hearings. Therefore, you cannot record the hearing.

- <u>that you would bring two witnesses</u>: You may bring a witness to the hearing if that witness has information that has a direct bearing on the matters that can be legally considered at the hearing.

- <u>many arguments that have been determined by the Courts to be frivolous and without merit:</u> Those arguments cannot be raised at the hearing. I previously provided copies of court cases to you regarding this issue.

- <u>that you intended to raise at the hearing challenges to the existence or amount of the underlying tax liability.</u> In the letter I mailed to you on November 13, 2002, I explained to you that you could not raise the liability issue in a Collection

Hymes, Rita M – 1995,1996, 1997, 1998, 1999 Forms 1040 (CDP hearing) Page 1 of 2

Due Process Hearing because you had received Statutory Notices of Deficiencies for all tax periods for which you requested the hearing. Therefore you are precluded from raising liability issues by IRC §6330(c)(2)(B) and the liability issues will not be discussed during the Hearing on January 28, 2003.

The remaining issues that can be discussed at the Hearing are collection alternatives such as an installment agreement and those issues that have not been determined by the courts to be frivolous and without merit.

This conference will be informal. You may present information to support your position regarding collection alternatives. Statements of fact should be presented as affidavits or signed under penalties of perjury.

You can authorize an attorney, certified public accountant, or person enrolled to practice before the Internal Revenue Service to represent you at the conference. Your authorization should be made on a Form 2848 (Power of Attorney and Declaration of Representative), Form 8821 (Tax Information Authorization and Declaration of Representative), or a similar document.

I hope the Hearing will resolve your case. Call me if you have any questions or need additional information.

Sincerely,

Larean Beach

Larean Beach
Appeals Officer

You are hereby put on Notice that this letter must be filed as a permanent part of my IRS/IDA/AIMS/IMF/BMF 23C record. If such record(s) has/have been deleted or substituted, this demand still applies.
Initial: _____

Hymes, Rita M – 1995, 1996, 1997, 1998, 1999 Forms 1040 (CDP hearing) Page 2 of 2

From:
Rita MariNa Hymes
C/o 2340 Ravenwood Avenue
Fairbanks, Alaska 99709

To:

Larean Beach, Appeals Officer
IRS
905 West Fourth Avenue
Suite 230 A MS A680
Anchorage, Alaska

11/27/2002

Re: AP:G:SE:ANC:LVB

Dear Ms. Beach,

This letter is in response to your November 13, 2002 request for a meeting.
I will meet with you on Monday, January 13, 2003.  This meeting will have to be in
Fairbanks. The Fairbanks office is within a reasonable distance, whereas the Anchorage
office falls outside the statutory 150 Mile limit and having to travel to Anchorage would
create an undo hardship for me.
I am setting the meeting for January 13, 2003 to give you sufficient time to arrange for
the meeting to be held here in Fairbanks.

Sincerely,
Rita MariNa Hymes

You are _____
that this letter must be filed as
a permanent part of my
IRS/IDA/AIMS/IMF/BMF
23C record. If such record(s)
has/have been deleted or
substituted, this demand still
applies.
Initial: _____

Rita MariNa Hymes
C/o 2340 Ravenwood Avenue
Fairbanks. Alaska 99709

Area Manager
Department of Treasury
Internal Revenue Service
P.O.Box 9411 Stop 7000 OSC
Ogden, UT 84409

Dear Area Manager,

I am herewith enclosing transcripts with several of your offices.

THIS IS NOT A REQUEST TO AMEND OR MODIFY THE RECORD THE IRS IS
MAINTAINING UNDER MY NAME AND ACCOUNT NUMBER.

I am demanding that this information provided by you be added as a permanent part of
the file that you are maintaining under my name and account number.

Thank you
Rita MariNa Hymes

Jan 3/03