

**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

November 18, 2005

Rita MariNa Hymes
2340 Ravenwood Avenue
Fairbanks, AK 99709

Dear Mrs. Hymes:

This is in response to your request pursuant to the Freedom of Information Act (FOIA). The request was dated August 8, 2005 and addressed to the Fresno Disclosure Office. The Oakland Disclosure Office is helping the Fresno Disclosure Office with inventory. The request was forward to our office for response and received in our office on August 26, 2005.

We wrote to you on September 16, 2005, asking for more time to process your request for Internal Revenue Service records. We are continuing to process your request. If we are unable to respond by December 5, 2005, we will contact you and inform you of the status of your case. We are sorry for any inconvenience this delay may cause. The additional time is needed for retrieving documents and completing the final response letter. We will allow an additional 10 day period for response from the Record Support Services.

If you have questions regarding this correspondence, you may contact Kimberly Wilson, Disclosure Specialist, ID #7951527693, at 510-637-2330, or by mail at: Internal Revenue Service, Oakland Disclosure Office 14, 1301 Clay Street, Suite 840-S, Oakland, CA 94612. Please refer to case number 89-2005-07352.

Sincerely,

Kimberly Wilson
Disclosure Specialist

Enclosure

*No further correspondence Received*

EXHIBIT

192

08/05/05

Rita MariNa Hymes

2340 Ravenwood Avenue

Fairbanks, Alaska 99709

Acct No.: 574142705

*NO Resp*

To: R. John, Operation Manager

Innternal Revenue Service, ACS

P.O.Box 24017

Fresno, CA 93779-4017

### Notification of fraud perpetrated by alleged IRS agent.

Dear R. John:

It has come to my attention, through diligent research prepared by the Lawman group, that Les Lucas has fraudulently delivered false information to the Automated Collection Service in Fresno, causing the issuance of a fraudulent Notice of Levy for a Permanent Fund levy (see exhibit "A"). That notice was signed by you, R. John. It falsely claims that there is a debt owed and collectable, under 26 USC 6321, 6322, 6323, and 6331. It also deceptively leaves out paragraph (a) of IRC 6331 which shows that I am not subject to levy under 6331. I have previously notified Tim Paul in the Seattle office of that fraudulent claim and he refuses to respond. My response covered all years in question. Silence can only be equated with fraud, as per the following court cases and this is my first allegation of fraud.

*"Silence can only be equated with fraud where there is a legal or moral duty to speak, or where an inquiry left unanswered would be intentionally misleading... We cannot condone this shocking behavior by the IRS. Our revenue system is based on the good faith of the taxpayer and the taxpayers should be able to expect the same from the government in its enforcement and collection activities."* U.S. v. Tweel, 550 F.2d 297, 299. See also U.S. v. Prudden, 424 F.2d 1021, 1032; Carmine v. Bowen, 64 A. 932.

**Fraud:** *Deceit, deception, artifice, or trickery operating prejudicially on the rights of another, and so intended, by inducing him to part with property or surrender some legal right. 23 Am J2d Fraud § 2. <u>Anything calculated to deceive another to his prejudice and accomplishing the purpose, whether it be an act, a word, silence, the suppression of the truth, or other device contrary to the plain rules of common honesty.</u> 23 Am J2d Fraud § 2. An affirmation of a fact rather than a promise or statement of intent to do something in the future. Miller v Sutliff, 241 111 521, 89 NE 651.*

When the IRS says I am a taxpayer as defined in the code, the IRS is taking upon itself the burden of proof. I am not in receipt of any document that verifies that I am subject to and therefore liable for any tax the IRS is attempting to collect. In order that I can be informed of a tax which I may owe and make arrangement for that taxes' payment, the IRS agent must verify the following: (1) What is the revenue taxable activity that he has determined that I am involved in? (2) What statute, passed by Congress, and implementing regulation, authorizes a tax on the revenue taxable activity he alleges that I am involved in? (3) Is the tax that he is attempting to collect a direct tax under the rules of "apportionment", a corporate income (excise) tax, impost, custom, duty, or an excise tax?

Please furnish me with verified copies of all code sections along with the associated implementing regulations that you relied on and any IRS agents have provided, to establish that I am engaged in the revenue taxable activity queried in "(1)". If the IRS agents have not provided you with a certification that the debt is authentic, then you may be guilty of filing an unverified and fraudulent document in your computer system. See exhibit "F".

I have a burden placed on me by the United States Supreme Court to check the authority of any agent that I have dealings with. That same burden is also placed on you, the Operations Manager for ACS Services, by the US Supreme Court. Further, we are charged with knowing the government statutes and regulations pertaining to our dealings with the IRS agents. I am not willing to take a risk of not checking the authority of the IRS agents, and the ACS manager or supervisor should not take the risk of automatically assuming the IRS agent has acted under proper authority.

In **Federal Crop Insurance v. Merrill, 332 U.S. 380,** the Supreme Court ruled: *"Whatever the form in which the government functions, <u>anyone entering into an arrangement with the government</u> takes a risk of having accurately ascertained that he who purports to act for the*

3

*government stays within the bounds of his authority, even though the agent himself may be unaware of the limitations upon his authority."* Also see **Utah Power & Light Co. v. United States, 243 U.S. 389; United States v. Stewart, 311 U.S. 60 \*;** and generally, in re Floyd Acceptances, 7 Wall. 666.

*Continental Casualty Co. v. United States,* **113 F.2d 284 (5th Cir. 1940):**
*"Public officers are merely the agents of the public, whose powers and authority are defined and limited by law. Any act without the scope of the authority so defined does not bind the principal, and <u>all persons dealing with such agents</u> are charged with knowledge of the extent of their authority,"* **113 F.2d, at 286.**

*Lavin v. Marsh,* **644 F.2d 1378 (9th Cir. 1981):** *"Persons dealing with the government <u>are charged with knowing government statutes and regulations</u>, and they assume the risk that government agents may exceed their authority and provide misinformation,"* **644 F.2d, at 1383.**

    I am required by law to report a crime cognizable by the courts. I can be jailed or fined for failure to do so. **I am, hereby, reporting this as a crime committed by Les Lucas and possibly other revenue agents, to you, R. John**, a Supervisor of ACS, as an official who is required by your Oath of Office to uphold the law. The law also requires that you take prompt action to remedy a wrong done under "color of law". Your failure to rebut these allegations and statements of law, or failure to take action to remedy this Constitutional deprivation, may subject you to personal criminal and civil charges. See 18 USC sections 3 and 4, as listed in exhibit "G".

    Your choice is to remedy a wrong by immediately removing the fraudulent NOFTL or to show why the U.S. Supreme Court rulings and precedence law do not apply in this case. You will have to provide an implementing regulation under 26 CFR for USC 6321, 6322, 6323, and 6331.

*"Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under color of state law. Thus, '[o]n the merits, to establish personal liability in a 1983 action, <u>it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right</u>.' Id., at 166."* **HAFER v. MELO, 502 U.S. 21 (1991).**

*"Personal involvement in deprivation of constitutional rights is prerequisite to award of damages, but defendant may be personally involved in <u>constitutional deprivation by direct participation, failure to remedy wrongs after learning about it, creation of a policy or custom under which unconstitutional practices occur or gross negligence in managing subordinates who cause violation.</u>"* (Gallegos v. Haggerty, N.D. of New York, 689 F. Supp. 93 (1988).

Now that I know what the law states and the subsequent violations of law by the alleged IRS agent, I wish to perform my duty as a loyal and dedicated citizen of the United States. I have vowed to defend and protect the Constitution of the United States.

**TITLE 18--CRIMES AND CRIMINAL PROCEDURE**

    **PART I--CRIMES**

        **CHAPTER 1--GENERAL PROVISIONS**

**Sec. 4. Misprision of felony**

Whoever, having knowledge of the <u>actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States</u>, shall be fined under this title or imprisoned not more than three years, or both.

Please let me explain the evidence that our organization, the Lawmen, has been gathering to present to you. The first violation of law is the fraud committed by Les Lucas, of refusing to respond to any of my presented arguments.

Secondly, as you probably already know, in order to have the force of law on citizens, a statute must have a legislative regulation, in this case, implemented by the Secretary of the Treasury. Also, as you probably also know, a Code section gets its authority from a Statute At Large. Consequently, the Statute At Large, Code section, and implementing regulation are all required to have the force of law.

The question is answered by court rulings, as to what does and does not constitutes an "implementing regulation". A regulation, that only cites Treasury Decisions as its authority, is not an implementing regulation that applies to the general public.

Exhibits "H" and "K" clearly explain and verifies that fact.

In United States v. Mersky, 361 U.S. 431, 437-38, 80 S.Ct. 459 (1960), the Court had before it a statute which contained the words, *"The Secretary of the Treasury may by regulations ..."* Concerning this language, the Court stated:

*"Here the statute is not complete by itself since it merely declares the range of its operation and leaves to its progeny the means to be utilized in the effectuation of its command .... Once promulgated, these regulations, called for by the statute itself, have the force of law, and violations thereof incur criminal prosecutions, just as if all the details had been incorporated into the congressional language."*

The United States Supreme Court has stated this in numerous cases such as MERSKY and CALIFORNIA BANKERS:

*"The result is that neither the statute nor the regulations are complete without the other, and only together do they have any force. In effect, therefore, the construction of one necessarily involves the construction of the other. The charges in the information are founded on 1304 and its accompanying regulations, and the information was dismissed solely because its allegations did not state an offense under 1304, as amplified by the regulations. When the statute and regulations are so inextricably intertwined, the dismissal must be held to involve the construction of the statute."* **UNITED STATES v. MERSKY, 361 U.S. 431 (1960).**

*"Under the Act, the Secretary of the Treasury is authorized to prescribe by regulation certain recordkeeping and reporting requirements for banks and other financial institutions in this country. Because it has a bearing on our treatment of some of the issues raised by the parties, we think it important to note that the Act's civil and criminal penalties attach only upon violation of regulations promulgated by the Secretary; if the Secretary were to do nothing, the Act itself would impose no penalties on anyone."* **CALIFORNIA BANKERS ASSN. v. SHULTZ, 416 U.S. 21 (1974).**

See also United States v. Wayte, 549 F.Supp. 1376, 1385 (C.D.Cal. 1982) *("the defendant's argument that the court should view the applicable statute, regulations and proclamation as one statutory scheme is well founded").*

Thirdly, the Government Printing Office publishes the Table Of Parallel

Authorities, which are updated several times a year by the various departments of government, such as the Treasury Department. I cite the pertinent and applicable table portion below.

      Tim Paul,. Les Lucas and you have fraudulently cited IRC section 6321, 6322, 6323, and 6331 as authority to levy. The fraud is confirmed in the Table Of Parallel Authorities, which I list in sequence, covering sections 6301 through 6343. Note that <u>there are no regulations promulgated by the Secretary for USC 6321, 6322, 6323, or 6331 in Title 26 of the CFR, thus having no force of law</u>. Also see exhibit "J" for the government produced charts showing regulations in 26 CFR and 27 CFR. As you are probably aware, Title 26 of the CFR applies to income taxes and title 27 of the CFR applies to Alcohol, Tobacco, and Fire Arms taxes. Did Les Lucas tell you that I was liable under 26 USC 6321, 6322, 6323, and 6331? Why did you sign that notice of levy if you knew the requirements of law?

```
26 U.S.C.                                                    CFR parts
6301--6303.................................................27 Part 53
6301--6302.............................27 Parts 24--26, 270, 275
6301.......................................................27 Part 70
6302.............................................26 Parts 1, 20, 25, 31, 40;
                                    27 Parts 19, 251; 31 Parts 203, 214
6303.......................................................27 Part 70
6311......................................................26 Part 301
                                    27 Parts 19, 24, 25, 53, 70, 194, 270
6313--6314................................................27 Part 70
6313.........................................27 Parts 25, 45, 270, 275
6314......................................................27 Part 194
6321.......................................................27 Part 70
6323....................................................27 Part 70, 301
6325......................................................26 Part 401
                                                          27 Part 70
6326......................................................26 Part 301
                                                          27 Part 70
6331--6343.................................................27 Part 70
6343......................................................26 Part 301
```

The regulations that the Secretary has promulgated are in 27 CFR Part 70, which covers the Bureau of Alcohol, Tobacco, and Firearms. See exhibit "B" and exhibit "J".

      The following portion from the Table of Parallel Authorities also shows that 26 USC 6651 and 6601, penalty and fine statutes, have no force of law under title 26 CFR

7

with no implementing regulations:

```
6513--6514...........................................27 Part 70
6532.................................................27 Part 70
6601--6602...........................................27 Part 70
6601.........................................27 Parts 46, 194, 296
6611.................................................27 Part 70
6621--6622.....................................27 Parts 46, 70, 296
6621................................................27 Part 194
6651.....................................27 Parts 24, 25, 70, 194
```

[[Page 785]]

```
6653.................................................27 Part 70
6656--6658...........................................27 Part 70
6656.................................................27 Part 25
6657................................................27 Part 194
6662.................................................26 Part 1
```

Why did Les Lucas claim a penalty and fine against me that only has the force of law in title 27 of the Code of Federal Regulations?

Additionally, exhibit "B" is from 27 CFR part 70 and is from the government printing office. I have demanded to know why IRS agents have concluded that I owe taxes that are collectable under 27 CFR Part 70 and these IRS agents have refused to answer this question. It is a known fact that I do not deal in those commodities in Part 70 of the CFR. It is hard to believe that said IRS agents simply have no knowledge of the Internal Revenue Manual and the requirements of law. Further, said IRS agents cannot claim to have no knowledge of these violations since they have been informed by our membership on numerous occasions and they continue to perpetrate the same fraud on a daily basis. It is a felony to demand payment of taxes, which are not owed. See IRC 7214 (exhibit "C") quoted at the end of this letter.

The signer of the Notice of Levy, R. John, is not an ATF agent. No agent has presented a signed and dated certification. You <u>have provided a statutory authority on the Notice of Levy that has no force of law provided by implementing regulations</u>, under subtitle A or subtitle C of the Internal Revenue Code. You have provided no statutory authority that authorizes you to perform collection actions under 26 CFR (see exhibits "A", "B", "D", "E", "H", and "J").

Additionally, R. John, who signed the illegal Notice of Levy, is authorized by title, under IRC 7608, and is only authorized to collect taxes under subtitle "E" (Alcohol,

8

Tobacco, and Certain Excise Taxes, see exhibits "D" and "E"). You are already named as one of the main perpetrators of the fraud in our class action lawsuit, and, therefore, I need all names, titles, employee numbers, and addresses of all agents involved in this fraud, to check their credentials.

I wish to be a witness against the alleged IRS who directed you to sign and send this fraudulent Notice out. I therefore request that you give immediate attention to this matter. Please send me the required information, such as how to proceed and who to contact, necessary to file in criminal matters. Les Lucas is prima facially guilty of violating several provisions of Internal Revenue Code 7214 (see exhibit C), 31 USC Sec. 0.208 - Falsification of official records (see exhibit "F"), and mail fraud.

*"The petitioners stand in this litigation as the agents of the State, and they cannot assert their good faith as an excuse for delay in implementing the respondents' constitutional rights, when vindication of those rights has been rendered difficult or impossible by the actions of other state officials. Pp. 15-16."* COOPER v. AARON, 358 U.S. 1 (1958).

**In re Benny, 29 B.R. 754, 762 (N.D. Cal. 1983):** *"[A]n unlawful or unauthorized exercise of power does not become legitimated or authorized by reason of habitude."*
See also Umpleby, by and through Umpleby v. State, 347 N.W.2d 156, 161 (N.D. 1984).

The burden has fallen on Les Lucas to rebut the presumption that he has been misapplying the law. Our Lawman group is presently demanding that criminal charges be filed on at least 11 IRS agents. I demand to have the identity and address of the signer of the Notice of Lien revealed to me, so I can get criminal charges filed on this agent.
*"The law creates a presumption, <u>where the burden is on a party to prove a material fact peculiarly within his knowledge and he fails without excuse to testify</u>, that his testimony, if introduced, would be adverse to his interests."* citing Meier v CIR, 199 F 2d 392, 396 (8th Cir. 1952) (quoting 20 Am Jur, Evidence Sec 190, page 193.

Please respond to me within 15 days. Send the name(s), title(s), employee number (s), and address(es) of the agent(s) who issued, signed, certified, and delivered the fraudulent Notice of Levy to my employer. Include a copy of your Oath Of Office so that I can be assured that you will uphold the Constitution and laws of the United States. If you

refuse to provide those names, you may be charged with concealing persons and evidence in the commission of a crime. You may also be liable under 18 USC section 3 and 4. You may also be liable for civil actions for deprivation of my Constitutional rights of due process under the 14th and the 5th Amendments.

**COOPER v. AARON, 358 U.S. 1 (1958):**
*"The interpretation of the Fourteenth Amendment enunciated by this Court in the Brown case is the supreme law of the land, and Art. VI of the Constitution makes it of binding effect on the States "any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." P. 18."*

*"No state legislator or executive or judicial officer can war against the Constitution without violating his solemn oath to support it. P. 18."*

If you choose to remain silent, on this matter or refuse to sign your response, I will report you to a judge or other government official as being an accessory after the fact (see exhibit "G"). Silence can only be construed as fraud, as per **U.S. v. Tweel, 550 F.2d 297, 299.** See also **U.S. v. Prudden, 424 F.2d 1021, 1032; Carmine v. Bowen, 64 A. 932.** Silence or failure to report these crimes in writing to the Secretary of the Treasury, would place you in violation of 26 USC 7214 (8).

If you choose to claim that there is, in fact, no crime committed by the IRS agent (s), you will necessarily be required to produce the implementing legislative regulations, which confer the force of law for IRC 6321, 6322, 6323, and 6331 on my activities. Please note that there has not been an establishment of liability for alcohol, tobacco, and fire arms, in title 27 CFR on my taxable activities.

If you have any questions, you should write to me at the address at the top of this letter. I will need all correspondence from you in writing for my records. If an attorney prepares the response letter, I respectfully demand that you, the Operations Manager of ACS, sign the response since you the responsible party. Please return your initial response within 15 days or I will be forced to conclude that you refuse to answer.

Thanking you in advance for your cooperation in this matter.

10

Sincerely,

_____

Rita MariNa Hymes

Copy to the Secretary of the Treasury.

*Exhibit "A"*

**[Exhibit "A" will be a copy of the Notice of Levy that you have in your possession.]**

*Exhibit "B"*

**Exhibit "B" shows that 27 CFR Part 70 only gives authority for the collection of excise taxes by ATF agents, and not IRS agents. In order to confer authority for the collection of individual "income taxes", an implementing regulation would be found in 26 CFR of the Code of Federal Regulations.**

```
[Revised as of April 1, 2003]
From the U.S. Government Printing Office via GPO Access
[CITE: 27CFR70.1]

[Page 937-938]

              TITLE 27--ALCOHOL, TOBACCO PRODUCTS AND FIREARMS

   CHAPTER I--ALCOHOL AND TOBACCO TAX AND TRADE BUREAU, DEPARTMENT OF THE
                                  TREASURY

   PART 70--PROCEDURE AND ADMINISTRATION--Table of Contents

                           Subpart A--Scope

Sec. 70.1 General.


    (a) The regulations in Subparts C, D, and E of this part set forth
the procedural and administrative rules of the Bureau of Alcohol,
Tobacco and Firearms for:
    (1) The issuance and enforcement of summonses, examination of books
of account and witnesses, administration of oaths, entry of premises for
examination of taxable objects, granting of rewards for information,
canvass of regions for taxable objects and persons, and authority of ATF
officers.
    (2) The use of commercial banks for payment of excise taxes imposed
by 26 U.S.C. Subtitles E and F.
    (3) The preparing or executing of returns; deposits; payment on
notice and demand; assessment; abatements, credits and refunds;
limitations on assessment; limitations on credit or refund; periods of
limitation in judicial proceedings; interest; additions to tax,
additional amounts, and assessable penalties; enforced collection
activities; authority for establishment, alteration, and distribution of
stamps, marks, or labels; jeopardy assessment of alcohol, tobacco, and
```

/1

firearms taxes, and registration of persons paying a special tax.
   (4) <u>Distilled spirits, wines, beer, tobacco products, cigarette papers and tubes, firearms, ammunition, and explosives.</u>
   (b) The regulations in Subpart F of this part relate to the limitations imposed by 26 U.S.C. 6423, on the refund or credit of tax paid or collected in respect to any article of a kind subject to a tax imposed by Part I, Subchapter A of Chapter 51, I.R.C., or by any corresponding provision of prior internal revenue laws.
   (c) The regulations in Subpart G of this part implement 26 U.S.C. 5064, which permits payments to be made by the United States for amounts equal to the internal revenue taxes paid or determined and customs duties paid on <u>distilled spirits, wines, and beer</u>, previously withdrawn, that were lost, made unmarketable, or condemned by a duly authorized official as a result of disaster, vandalism, or malicious mischief. This subpart applies to disasters or other specified causes of loss, occurring on or after February 1, 1979. This subpart does not apply to distilled spirits, wines, and beer manufactured in Puerto Rico and brought into the United States.

[T.D. ATF-376, 61 FR 31031, June 19, 1996]

---------------

From the U.S. Government Printing Office via GPO Access
[CITE: 27CFR70.3]

[Page 938]

TITLE 27--ALCOHOL, TOBACCO PRODUCTS AND FIREARMS

CHAPTER I--ALCOHOL AND TOBACCO TAX AND TRADE BUREAU, DEPARTMENT OF THE TREASURY

PART 70--PROCEDURE AND ADMINISTRATION--Table of Contents

Subpart A--Scope

Sec. 70.3 Delegations of the Director.

   Most of the regulatory authorities of the Director contained in this part 70 <u>are delegated to appropriate ATF officers</u>. These ATF officers are specified in ATF Order 1130.19, Delegation Order--Delegation of the Director's Authorities in 27 CFR Part 70, Procedure and administration. ATF delegation orders, such as ATF Order 1130.19, are available to any interested person by mailing a request to the ATF Distribution Center, P.O. Box 5950, Springfield, Virginia 22150-5950, or by accessing the ATF web site (http://www.atf.treas.gov/).

[T.D. ATF-450, 66 FR 29022, May 29, 2001]

*Exhibit "C"*


**26 USC 7214- criminal offenses by IRS agents:**

**IRC Sec.7214. Offenses by officers and employees of the United States**

**(a) Unlawful acts of revenue officers or agents**

   **Any officer or employee of the United States acting <u>in connection</u>**

12

with any revenue law of the United States--
    (1) who is guilty of any extortion or willful oppression under color of law; or
    (2) who knowingly demands other or greater sums than are authorized by law, or receives any fee, compensation, or reward, except as by law prescribed, for the performance of any duty; or
    (3) who with intent to defeat the application of any provision of this title fails to perform any of the duties of his office or employment; or
    (4) who conspires or colludes with any other person to defraud the United States; or
    (5) who knowingly makes opportunity for any person to defraud the United States; or
    (6) who does or omits to do any act with intent to enable any other person to defraud the United States; or
    (7) who makes or signs any fraudulent entry in any book, or makes or signs any fraudulent certificate, return, or statement; or
    (8) who, having knowledge or information of the violation of any revenue law by any person, or of fraud committed by any person against the United States under any revenue law, fails to report, in writing, such knowledge or information to the Secretary; or
    (9) who demands, or accepts, or attempts to collect, directly or indirectly as payment or gift, or otherwise, any sum of money or other thing of value for the compromise, adjustment, or settlement of any charge or complaint for any violation or alleged violation of law, except as expressly authorized by law so to do;

shall be dismissed from office or discharged from employment and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both. The court may in its discretion award out of the fine so imposed an amount, not in excess of one-half thereof, for the use of the informer, if any, who shall be ascertained by the judgment of the court. The court also shall render judgment against the said officer or employee for the amount of damages sustained in favor of the party injured, to be collected by execution.

### Exhibit "D"

Note the excerpt from Table Of Parallel Authorities all apply to 27 CFR regulations. The Secretary has not promulgated regulations for USC 7608 in 26 CFR:

```
USC                                                              CFR Part
7601--7606.................................................27 Part 70
7602.................................................27 Parts 29, 46, 296
7606.........................27 Parts 24, 25, 44--46, 270, 275, 296
7608.................................................27 Parts 70, 296
7609.................................................27 Part 70
7610.................................................27 Part 70
```

From the top of **page 11572** of the **Federal Register:** *This section of the FEDERAL REGISTER contains documents other than rules or proposed rules that are applicable*

*to the public. Notices of hearings and investigations, committee meetings, agency decisions and rulings, delegations of authority, filing of petitions and applications and agency statements of organization and functions are examples of documents appearing in this section.*

Congress writes Codes for the District of Columbia, Puerto Rico, the insular territories and those contracting into their jurisdiction. Before such Codes can have applicability to any particular class of Citizens, among the union American States, an implementing regulation must be published in the **Federal Register,** pursuant to the **Federal Register Act** [60 Stat. 237, 6/11/46 44 U.S.C, 1501 et seq.]. This Act requires that any Act, Order, Regulation, Rule, or Notice, issued prescribed or promulgated by any federal agency, **having applicability to the general public** must be published in the **Federal Register,** before it has any force of law, and before any Citizen can be adversely affected by such document.  **5 U.S.C. Sec. 553(b)** and **(d)** requires that any substantive rule (a rule that defines particular duties of the parties and prescribes penalties for non-compliance) must be published at least 30 days before its effective date to provide an opportunity for public comment, prior to being promulgated into law.

*Exhibit "E"*

From the U.S. Code Online via GPO Access
[wais.access.gpo.gov]
[Laws in effect as of January 7, 2003]
[Document not affected by Public Laws enacted between
  January 7, 2003 and February 12, 2003]
[**CITE: 26USC7608**]

                TITLE 26--INTERNAL REVENUE CODE

              Subtitle F--Procedure and Administration

      CHAPTER 78--DISCOVERY OF LIABILITY AND ENFORCEMENT OF TITLE

                Subchapter A--Examination and Inspection

Sec. 7608. Authority of internal revenue enforcement officers

(a) <u>Enforcement of subtitle E and other laws pertaining to liquor, tobacco, and firearms</u>

    <u>Any investigator, agent, or other internal revenue officer by whatever term designated, whom the Secretary charges with the duty of enforcing any</u> of the criminal, <u>seizure, or forfeiture provisions of subtitle E or of any other law of the United States pertaining to the commodities subject to tax under such subtitle</u> for the enforcement of which the Secretary is responsible may--
        (1) carry firearms;
        (2) execute and serve search warrants and arrest warrants, and serve subpoenas and summonses issued under authority of the United States;
        (3) in respect to the performance of such duty, make arrests

14

without warrant for any offense against the United States committed in his presence, or for any felony cognizable under the laws of the United States if he has reasonable grounds to believe that the person to be arrested has committed, or is committing, such felony; and
    (4) in respect to the performance of such duty, make seizures of property subject to forfeiture to the United States.

(b) Enforcement of laws relating to <u>internal revenue other than subtitle E</u>

    (1) <u>Any criminal investigator of the Intelligence Division</u> of the Internal Revenue Service whom the Secretary charges with the duty of enforcing any of the criminal provisions of the internal revenue laws, any other criminal provisions of law relating to internal revenue for the enforcement of which the Secretary is responsible, or any other law for which the Secretary has delegated investigatory authority to the Internal Revenue Service, is, in the performance of his duties, authorized to perform the functions described in paragraph (2).
    (2) The functions authorized under this subsection to be performed by an officer referred to in paragraph (1) are--
        (A) to execute and serve search warrants and arrest warrants, and serve subpoenas and summonses issued under authority of the United States;
        (B) to make arrests without warrant for any offense against the United States relating to the internal revenue laws committed in his presence, or for any felony cognizable under such laws if he has reasonable grounds to believe that the person to be arrested has committed or is committing any such felony; and
        (C) to make seizures of property subject to forfeiture under the internal revenue laws.

[Code of Federal Regulations]
[Title 31, Volume 1]
[Revised as of July 1, 2001]
From the U.S. Government Printing Office via GPO Access
[CITE: 31CFR0.208]

### Exhibit "F"

TITLE 31--MONEY AND FINANCE: TREASURY

PART 0--DEPARTMENT OF THE TREASURY EMPLOYEE RULES OF CONDUCT--Table of Contents

Subpart B--Rules of Conduct

Sec. 0.208 Falsification of official records.

    Employees shall not intentionally make false, misleading or ambiguous statements, orally or in writing, in connection with any matter of official interest. Matters of official interest include among other things: Transactions with the public, government agencies or fellow employees; application forms and other forms that serve as a

15

basis for appointment, reassignment, promotion or other personnel
action; vouchers; leave records and time and attendance records; work
reports of any nature or accounts of any kind; affidavits; entry or
record of any matter relating to or connected with an employee's duties;
and reports of any moneys or securities received, held or paid to, for
or on behalf of the United States.

*Exhibit "G"*

## TITLE 18--CRIMES AND CRIMINAL PROCEDURE

### PART I--CRIMES

#### CHAPTER 1--GENERAL PROVISIONS

Sec. 4. Misprision of felony

Whoever, having knowledge of the <u>actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States</u>, shall be fined under this title or imprisoned not more than three years, or both.

## TITLE 18--CRIMES AND CRIMINAL PROCEDURE
### PART I--CRIMES
#### CHAPTER 1--GENERAL PROVISIONS

Sec. 3. Accessory after the fact

Whoever, knowing that an offense against the United States has been committed, receives, <u>relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact</u>.

Except as otherwise expressly provided by any Act of Congress, an accessory after the fact shall be imprisoned not more than one-half the maximum term of imprisonment or (notwithstanding section 3571) fined not more than one-half the maximum fine prescribed for the punishment of the principal, or both; or if the principal is punishable by life imprisonment or death, the accessory shall be imprisoned not more than 15 years."

16

*Exhibit "H"*

The U.S. 9th circuit court made a clear statement concerning the authority of Treasury Decisions in United States vs. Saunders, 951 F.2d 1065:

*"The Act requires the publication only of the following items in the Federal Register: (1) Presidential proclamations and Executive orders, <u>except those not having general applicability and legal effect or effective only against Federal agencies or persons in their capacity as officers, agents, or employees thereof;</u> (2) documents or classes of documents that the President may determine from time to time have general applicability and legal effect; and (3) documents or classes of documents that may be required so to be published by Act of Congress. 44 U.S.C. s 1505(a). The TDOs are not Presidential proclamations or documents cited for publication by the President or by an Act of Congress. <u>Nor are they orders having "general applicability and legal effect."</u> Rather, the TDOs fall squarely within section 1505(a)'s express exception for orders "<u>effective only against Federal agencies or persons in their capacity as officers, agents, or employees thereof.</u>" <u>The TDOs had no legal impact on, or significance for, the general public. They simply effected a shifting of responsibilities wholly internal to the Treasury Department.</u>",* 951 F.2d 1065 UNITED STATES of America; Charles L. Gresham, Revenue Officer of the Internal Revenue Service, Petitioners-Appellees, v. David O. SAUNDERS and Sharon Saunders, Respondents-Appellants. Nos. 91-35012, 91-35170. United States Court of Appeals, Ninth Circuit. Submitted Nov. 4, 1991.

*"… we sympathize with the taxpayer who in fact relies upon what he accepts as an authoritative interpretation of the laws and of Treasury Publications. But nonetheless it is for Congress and the courts and not the Treasury to declare the law applicable to a given situation."* (Carpenter v. United States 495 F 2d 175 at 184).

*Exhibit "J"*

Note: Title 26 CFR contains no part 70, as per the following table:

| Title 26--Internal Revenue   (This index contains parts 50 to 299) CHAPTER I--INTERNAL REVENUE SERVICE, DEPARTMENT OF THE TREASURY (Continued) |
|---|



FREEDOM OF INFORMATION ACT REQUEST


Rita MariNa Hymes
2340 Ravenwood Avenue
Fairbanks, Alaska 99709
account # 517142340


Disclosure Officer
Internal Revenue Service
M/S W625/GLD:A6:SEA:D
915 2nd Ave
Seattle, WA 98174

certified mail no:  7002 9460 0000 4281 6671


Dear Disclosure Officer

1. This is a request under the Freedom of Information Act, 5 USC 552, or regulations thereunder. This is my firm promise to pay fees and costs for locating and duplicating the records requested below, ultimately determined in accordance with 26 CFR 601.702(f).

2. If some of this request is exempt from release, please furnish me wit those portions reasonable segregable. I am waiving personal inspection of the requested records.

3. I am attesting under penalty of perjury that I am a category Other requester. PLEASE EXPEDITE THIS REQUEST.

4. This request pertains to the years 1989, 1990, 1991, 1992, 1993, 1994, 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002 and 2003.

5. Please send the document, *Individual Master File Specific* pertaining to the above years.

Dated: 3/14/2005

Rita MariNa Hymes



Rita MariNa Hymes
2340 Ravenwood Avenue
Fairbanks, Alaska 99709

T. Paul
Appeals Office
915 Second Avenue
Room 2790, MS W680
Seattle, WA 98174

7603 1010 0003 0123 4630

11/10/04

Dear T. Paul

I am in receipt of your letter dated November 4th and received today, November 10th.
I disagree with your statement that my hearing request was not filed timely. It was indeed filed timely, as you should be able to verify by the postmark. I find it interesting that you are so stringent on timelines- when your own offices do not abide by the timelines mandated by the IRS rules. This has been evidenced by numerous FOIA requests submitted over the past number of years that should have been answered within 20 days. Not only were they not answered within that time frame, but they were NEVER answered. There were a few requests for an extension of time, but no response to the FOIA request was ever sent.

Included please find some documents you may wish to preview before the scheduled telephonic hearing.

In view of the time constraints at this time:
1. Less than 8 days to your presently scheduled telephonic hearing;
2. I am mailing you documents which I am certain you will want time to review;
3. I will need to make sure I have a witness present.

Therefore, I would ask that you reschedule the presently scheduled 'telephonic' hearing with you on November 18th to a later date.

I am faxing this letter to you at 206.220.5925 and will mail a hard copy including the document packet today.

You may respond by calling or faxing me at 907.479.6922- I would prefer you fax your reply so there is no misunderstanding.

Thank

Rita MariNa Hymes

19



DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

OCT 2 6 2004

SMALL BUSINESS/SELF-EMPLOYED DIVISION



Rita MariNa Hymes
2340 Ravenswood Avenue
Fairbanks, AK 99709

Re: FOIA requests F-91-2004-03805

Dear Mr. Hymes:

This is in an interim response to your Freedom of Information Act request dated August 29, 2004, and received in our office September 2, 2004.

Please be advised that Department of Treasury regulation 26 CFR 601.702 (f)(11) provide that when the Service "reasonably believes that a requester or group of requesters is attempting to break down a request into a series of requests for the purpose of evading the assessment of fees, the IRS shall aggregate such requests and charge accordingly, upon notification to the requester and/or requesters." You have submitted multiple requests for access to IRS information under the Freedom of Information Act that appear to be a coordinated effort to access all IRS records pertaining to yourself or your client. Please be advised that we will consider aggregating requests for billing purposes. We will monitor the number of pages sent in response to your requests, including requests sent to other IRS offices, and a billing letter will be issued when the photocopy costs reach or exceed $10.00. There is no fee for the first 100 pages. Any pages exceeding 100 will be billed at the rate of .20 per page.

In response to items 1., 2., 3., please be advised that the Summary Record of Assessment (SRA) also known as Revenue Accounting Control System (RACS) Reports 006, which is computerized, replaced Form 23C (Assessment Certificate). Form 23C is no longer used unless the computerized system is not available. The SRA documents are the assessment documents, which are certified and signed by the assessment officer. The SRA is an aggregate record of assessment, which lists all taxes, interest, and penalties assessed for a given date. Identities of taxpayers are not provided on this form. Form 23C is prepared only when the RACS (Revenue Accounting Control System) is not available. However, even in these rare instances, the Form 23C as well as the RACS 006 lists only the summary of assessment amounts and, thus, lacks data specific to any particular person. A transcript of account (record of assessment) provides the identification of the taxpayer, the character of the liability assessed, the taxable period and, if applicable, the amount of the assessment, which meet all statutory requirements of Internal Revenue Code section 6203 and applicable