regulations. We have enclosed IMFOLT for tax years 1995, 1996, 1997, 1998, and 1999 consisting of 15 pages. The transcripts of account (record of assessment) provided herein are considered responsive to your request. There were no responsive records for the other tax years mentioned in your request.

In addition, our records indicate the Ogden Campus Disclosure Office has previously responded to your request for Form 23C's and/or transcripts on three other occasions (reply refer to 29-2002-03734, dated July 9, 2004, reply refer to 29-2002-03801, dated July 15, 2002 and reply refer to 29-2003-01462, dated February 10, 2003). If you desire copies of transcripts in the future, please use the enclosed Form 4506.

Research was conducted under our Master File and Non-Master File data bases and no records were found which would be responsive to items 4. , 6. and 7. of your request.

We have ordered the Substitute for Returns for tax years 1995 through 1999 in response to items 5. and 8. Our records indicated the Ogden Campus Disclosure Office tried to locate these records in response to your prior request dated September 3, 2002. They were unable to locate the documents because they had been charged out of the files unit. We will attempt to conduct a special search for the records.

Enclosed is Notice 393, which explains the Freedom of Information Act appeal rights.

Written inquiries should be sent to IRS, Seattle Disclosure Office, 915 Second Avenue, Mail Stop W625, Seattle, WA., 98174, or if you have any questions, please contact Disclosure Specialist, A. Gilmore, employee number 91-06568, of the Seattle Disclosure Office at (206) 220-5678.

Sincerely,

*A. Gilmore*
for Susan J. Hernandez
Acting Disclosure Officer, Seattle

Enclosures: Transcripts
Form 4506
Notice 393



DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

OCT 1 8 2004

Rita MariNa Hymes
2340 Ravenswood Avenue
Fairbanks, AK 99709

Re: FOIA request F-91-2005-00026

Dear Ms. Hymes:

This is in response to your Freedom of Information Act request dated September 20, 2004, received in our office September 30, 2004.

Your letter was directed to the Director Internal Revenue Service in Anchorage. Please be advised that there is no such position in the Anchorage office.

In response to items four and six, please be advised that delegations of authority issued by the Secretary of the Treasury would need to be requested from the Department of Treasury.

You requested a delegation order about specifically named employees (Mike Walsh and Pruitt). Delegations of Authority authorize Internal Revenue Service employees to do specific duties or activities and are generally issued by position or title, and not by employee's name. In rare circumstances delegation orders are issued to an employee by name.

We were unable to find the IRM you referred to in item five of your request. Therefore, we are unsure what file you are referring to.

Our office is not required to conduct research to determine which delegations you are seeking. You may access the following website (http://www.ustreas.gov/regs/) and conduct your own research to determine which delegation orders you are seeking.

Our office will process requests for delegations of authority by title or number, but will take no further action on this request.

*Susan Hernandez*

FREEDOM OF INFORMARION ACT REQUEST

Rita MariNa Hymes
2340 Ravenwood Avenue
Farbanks, Alaska 999709
acct# 574142507

Director
Internal Revenue Service
949 E 36th Avenue
Anchorage, AK 99508

9/20/2004

Dear Sir,

1. This is a request under the Freedom of Information Act 5 USC, section 552 and 26 CFR 6103. This is my firm promise to pay fees and costs for locating and duplicating the documents and information requested below, ultimately determined in accordance with rules and regulations.

2. If some of this request is exempt, please furnish those portions reasonably segregable and provide an indexing, itemization and detailed justification concerning information which you are not releasing.

3. This request pertains to the years 1995 to and including 1999.

4. Please send a copy of the delegation of authority order from the Secretary of the Traesury to you and all orders in between in the chain of authority, and subsequent delegation of authoriity order(s) from you to Mike Walsh and Pruitt.

5. Please provide me with the complete and annotated file of all delegation of authority containing the delegation made to your office and by your office as required to be maintained by IRM 243(11)MT 1230-21.

6. As a matter of clarification, I do not seek documents from the Delegation of Authority Handbook. I seek the signed orders which contain the names of the above individuals and the signature of the person authorized to delegate the authority.

Respectfully,

Rita MariNa Hymes, Requester



I understand the penalties provided in 5 USC, Section 552(a) for requesting or obtaining access to records under false pretense. This information is for personal use as per 26 CFR part 601.702 (c)(x).

Rita MariNa Hymes, Requester

23

FREEDOM OF INFORMATION ACT REQUEST

Rita MariNa Hymes
2340 Ravenwood Avenue
Fairbanks, Alaska 99709
Acct. No.: 574142705


*No Resp*

Assessment Officer
Internal Revenue Service
M/S W 625
915 2nd Avenue
Seattle, WA 98174

29 Aug 04

Dear Sir/ Madam

    This request is being made under authority of 26 CFR, Section 301.6203-1, which states that, "If the taxpayer requests a copy of such record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which sets forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed", and the Privacy Act at 5 USC, Section 552a for support documents for assessment certificates.

    **This request pertains to the years 1990 to and including 2002.**

    Please send me the following records:

1. Procedurally proper assessment certificates for the principal of each class of tax assessed;

2. Procedurally proper assessment certificates of the interest of each class of tax assessed;

3. Procedurally proper assessment certificates for the penalty for each class of tax assessed;

4. Any and all jeopardy assessments;

5. Any and all deficiency assessments;

6. Procedurally proper non-tax penalty assessments for such things as frivolous filing, etc.;

7. Procedurally proper assessments for non-tax penalty interest;

8. Support documents for each assessment.

    If classified, you may redact information on each assessment certificate not required to be disclosed by 26 CFR, Section 301.6203-1, other than the assessment officer signature, certification and date of execution.

Your response may be used in official forums. Therefore, please certify all documents with the Form 2866 Certificate of Official Record, or in the event there are no assessments for any given calendar year specified above, certify your response with the form 3050 Certificate of Lack of Records. You have my firm promise that I will pay the cost of certification and/or photocopying, up to an amount not to exceed $50 without prior written agreement. The requested documents are for my own use.

The current edition of the Internal Revenue Manual verifies the necessity of procedurally proper assessments for seven of the eight classes of tax administered by the Internal Revenue Service. Item #2 for each class stipulates, "All penalty [or principal or interest] assessments must be recorded on summary Records of Assessment [Assessment Certificate]. The Assessment Certificate is the legal document that permits collection activity."

Radinsky v. United States of America and United States of America v. Miller address the necessity of procedurally proper assessment certificates sufficiently to resolve any question concerning the lawful requirement for assessment certificates. DO NOT send documents other than the actual assessment certificates and support documents as computer generated compilations and other secondary documents are merely presumptive evidence where only procedurally proper assessment certificates constitute conclusive evidence of liability.

Please send the requested documents or certification that the requested documents do not exist within 20 days of the above date.

Sincerely,.

Rita MariNa Hymes


Under penalties of perjury, under the laws of the United States of America, I declare that I have examined this request and, to the best of knowledge and belief, the request contains all the relevant facts relating to the request and such facts are true, correct and complete.

Date:_____,2004

Rita MariNa Hymes

25

FREEDOM OF INFORMATIO ACT REQUEST
REQUEST FOR NOTIFICATION AND ACCESS

Rita MariNa Hymes
2340 Ravenwood Avenue
Fairbanks, Alaska 99709

Director

Internal Revenue Service
949 E 36th Avenue
Anchorage, AK 99508

*No response*

nternal evenue Servi

08/23/2004

Dear Sir,

1. This is a request under the Freedom of Information Act, 5 USC, Section 552 and 26 USC 6103. This is my firm promise to pay fees for locating and duplicating the documents and information requested below.

2. If some of tis request is exempt, please furnish those portions reasonbly segregable, and provide an indexing, itemization and detailed justification concerning information which you are not releasing.

3. This request pertains to the years 1998 to and including 2002.

4. Please send a copy of: 1. the delegation of authority order from you to D. Copulter and Mike Walsh; and from the Secretary of the Treasury to you and all orders in between in the chain of authority.

5. Please provide me with the complete and annotated file of all delegation of authority containing the delegation made to your office and by your office as required to be maintained by IRM 243(11)MT 1230-21.

6. As a matter of clarification I do not seek documents from the Delegation of Authority Handbook. I seek the signed orders which contain the names of the above individuals and the signature of the person authorized to deegate the authroity.

Respectfully,

Rita MariNa Hymes

26

Rita MariNa Hymes
2340 Ravenwood Avenue,
Fairbanks, Alaska 99709

*no reply*

Secretary of the Treasury
Internal Revenue Service
Attn: CC:DOM
Ben Franklin Station
Washington, DC 20044

August 11, 2004

Re.: request for general information

Greetings,

Thank you for taking a moment to issue the requested information letter. This request is made to satisfy a need for general information and does not meet the requirements of the applicable revenue procedure for requesting letter rulings or determination letters. The subject of this request is under the exclusive jurisdiction of the Associate Chief counsel, Domestic.

According 5o 26 CFR Part 31.3121(e)-1, the term "State", "United States" and "citizen" are defined as follows:

"(a) When used in this regulations in this subpart, the term 'State' includes the District of Columbia, the Commonwealth of Puerto Rico, the Virgin Islands, the Territories of Alaska and Hawaii before their admission as States, and (when used with respect to services performed after 1960) Guam and American Samoa.

(b) When used in the regulations in this subpart, the term 'United States' when used in a geographical sense, means the several states (including the Territories of Alaska and Hawaii before their admission as States), the District of Columbia, the Commonwealth of Puerto Rico, and the Virgin Islands. When used in the regulations in this subpart with respect to services performed after 1960, the term 'United States' also includes Guam and American Samoa when the term us used in a geographical sense,. The term 'citizen of the United States' includes a citizen of the Commonwealth pf Puerto Rico or the Virgin Islands and, effective January 1, 1961, a citizen of Guam or American Samoa'.

My request relating to this information is: Why were Alaska and Hawaii excluded from this definition of State and United States after their admission as states?

Best regards,

Rita MariNa Hymes

27

Rita MariNa Hymes
2340 Ravenwood Avenue,
Fairbanks, Alaska 99709

Secretary of the Treasury
Internal Revenue Service
Attn: CC:DOM
Ben Franklin Station
Washington, DC 20044

*No reply* (handwritten annotation)

11 August 2004

Re.: request for general information

Greetings,

    Thank you for taking a moment to issue the requested information letter. This request is made to satisfy a need for general information and does not meet the requirements of the applicable revenue procedure for requesting letter rulings or determination letters. The subject of this request is under the exclusive jurisdiction of the Associate Chief Counsel, Domestic.

    Which tax regulation imposes a penalty against an employer for not obtaining a signed Form W-4 from a new employee?

    Which tax regulation imposes a penalty against an employer for not withholding from an employee?

    Which tax regulation penalizes an employer for not obtaining disclosure of an individual's social; security number as a condition of employment?

Best regards,

Rita MariNa Hymes



Rita MariNa Hymes
2340 Ravenwood Avenue
Fairbanks, Alaska 99709
Act. # 574142705

Susan Meredith
Operations Manager, Automated Collection System
P.O.Box 24017
Fresno, CA 93779-4017



2/17/2004

## ADMINISTRATIVE NOTICE

Dear Ms. Meredith,

This is in response to your **REMINDER NOTICE**, Letter 3228, dated January 31, 2004.

**This document is not an interrogatory, it is a rebuttal!** This is an Administrative Notice to the Internal Revenue Service personnel which are involved with this action that **you herein NOTICED**, have first hand knowledge, and are bound by and will be held to the provisions of the 1998 Act of Congress "Reorganization of Structure and Management of the Internal Revenue Service" and Treasury Directive 27-14 dated January 15, 1999. See Exhibit B and C.

**I disagree with your REMINDER NOTICE dated January 31, 2004.**
I disagree that Assessment Authority rests in the IRC, section 6201. Legal presumption of lawful authority of IRC Section 6201 is hereby refuted and rebutted and is not in accordance with Administrative Procedures of the Secretary.

The Internal Revenue Service has no authority to take enforcement action on an unsubstantiated, unlawful- not by a court issued NOTICE OF LEVY. **The authority** of the Internal Revenue Service to issue a Levy is under Section 6331 of the Internal Revenue Code. According to IRC 6331 part (a): "Levy may be made upon accrued salary or wages of any officer, employee, or elected official, of the United States or the District of Columbia." (See Exhibit R)

I, Rita MariNa Hymes, held none of the aforementioned offices for the years 1995, 1996, 1997, 1998, and 1999 (or any other year(s), for that matter). **It appears that some employees of the IRS are trying to perpetrate fraud.** Furthermore, IRC 6331 directly cross-references to Title 27 part 70 (Bureau of Alcohol, Tobacco and Firearms). (See Exhibit R, page 4 of 4). I, Rita MariNa Hymes, hereby certify that I did not operate in any excise taxable activity for the years 1995, 1996, 1997, 1998 and 1999, [or any other year(s)].
In order to correctly proceed, you, the IRS, **MUST** produce a form **23 C Assessment Certificate** for the years in question (see Exhibit E), which has been requested through FOIA for a number of years now-[so far with no success: **it cannot be found**- including the IMF!!!!!!!!!!!!!!!!!!!!!];
**Notice** and Demand (Lien Completion) and Affidavit of Probable Cause, respectively, as evidence of lawful administrative procedures of the Secretary.

29

I challenge (but am not limited to) the existence of the underlying liability with respect to RRA98, Section 3401 and request the production of the DUE PROCESS documents named below, for evidence of proper PROCEDURAL DUE PROCESS (see Exhibit F). This request is made timely. I demand that you (IRS) produce the PROPER Form 23C (See exhibit E) in strict compliance with 26 CFR 301.6203 (See Exhibit J) for the alleged tax years in question. Also, you must produce NOTICE OF ASSESSMENT FORM 2162, pursuant to 26 USC 6303(a), certified and dated by an authorized Assessment Officer as required (See Exhibit J). Include all other procedurally required supporting documents pursuant to 26 CFR 301.6203-1(See Exhibit J). I further demand a certified copy of any/all decisions amending, revoking, rendering obsolete otherwise effecting Form 23C authority of "Account 6110 Tax Assessments" with respect to Internal Revenue Manual 3(17)(63)(14).1. RACS 006 does not have the ability to determine the character-(KIND) of tax.

It is further **NOTICED AND DEMANDED** that you have a **certified** copy of Treasury Decision 1995 (See Exhibit E, 2 of 3) and any Treasury Decision amending, revoking, rendering obsolete or otherwise effecting Treasury Decision 1995.

**Item 1.** Is this the same Internal Revenue Service as referred to in 31 USCS, Section 132(a)(26), **"Puerto Rico special fund (Internal Revenue)"?** Please state statute or CFR for the basis of the assumed authority for the Internal Revenue Service to be taking action in Alaska. (See Exhibit A)

**Item 2.** I, Rita MariNa Hymes, have **never** been assessed any tax! If you, at the Internal Revenue believe otherwise, you are hereby put on notice with first hand knowledge and are obligated to provide a copy of the assessment (23 C) (See Exhibit E sample 23C page 1 of 3) with the signature of the Internal Revenue Service employee that made the assessment Non-Master File Assessment Voucher Form 5734 (See Exhibit, and Computation and Assessment of Miscellaneous Penalties Form 8278 with the signature of the Internal Revenue Service employee that made the assessment (See Exhibit E page 3 of 3) with the signature of the Internal Revenue Service employee that made the assessment(See 26-USCA-6203) (See Exhibit F). **WITHOUT A VALID ASSESSMENT THERE CAN BE NO "TAX LIABILITY".**

**Item 3.** Internal Revenue Service personnel have used false and fraudulent means to estimate gross income without a known taxable activity and **without** a **signed and verifiable 23C assessment certificate** (See Exhibit F) being in existence. They also, by ignoring proper procedural requirements (See Exhibit G-3 (17)(63)(14).1, page 1 of 1 and (34)(17)(46) 2.3, page 2 of 2) have **committed FRAUD** in order to gain an increase in case acquisition at any cost although there are no enforcement regulations which pertain too 26 USC. Title 17 Regulations pertain strictly to Alcohol, Tobacco and Firearms- See 27 CFR 250.11 (Exhibit H)- also, (See Exhibit 1- 26 CFR 601.101). If you have any authoritative documented evidence to the contrary, please send it to me, Rita MariNa Hymes immediately!!! (See 26 USCA 6203 and 26 CFR 301.6203) (See Exhibit J).

**Item 5.** "The assessment is made when the appropriate official in the director's office (or service center) **signs** a summary record sheet which contains the taxpayer's name, address, the amount of tax, the type of tax and the taxable period." (See Exhibit F pages 2 of 8).

An Assessment occurs when a Revenue Service assessment officer **signs** a summary record which is supported by a **list that** identifies the taxpayer, the type of tax, the amount assessed, and the taxable year or period to which it relates. The assessment date is the day on which the summary

record is **signed**."
(Exhibit F page 2 of 8)

It is also hereby noted that a NON-MASTER FILE (NMF) must be generated and signed to effect an assessments. "(2) Non-Master File accounts are a collection of revenue accounting transactions whose sole purpose is to provide a means for the assessment of taxes and collection of revenue." (See Exhibit K page 2 of 2). A sample Non-Master File assessment Voucher is included. (Se Exhibit K page 2 of 2).

No evidence of a valid assessment exists in this instance. Without a tax assessment there can be no tax levy, conversely, the basis of a tax levy has to be a tax assessment. If you have valid assessment documentation, please provide it to Rita MariNa Hymes immediately!

**Item 6.** A true copy of the herein quoted support documents- 23C, Non-Master File- record of Transaction Code 494, and the Assessment Summary Record, are all appropriately signed and dated, must be provided.

**Item 7.** Title 26 CFR (Code of Federal Regulations) Section 601,101 states: *"The regulations relating to the taxes administered by the Service are contained in Title 26 of the Code of Federal Regulations. The regulation administered by the Bureau of Alcohol, Tobacco and Firearms are contained in Title 27 of the Code of Federal Regulations. See Section 601.101."* (See Exhibit X- 2 pages)

**Item 8.** In the 1998/1999 U.S. Government Manual, on page 448 (See Exhibit O) a chart is reproduced which depicts the legitimate authority and functions of the various departments organized within the Department of the Treasury. Careful examination of this chart reveals that there is **NO LEGITIMATE ENFORCEMENT POWER GRANTED TO THE INTERNAL REVENUE SERVICE BY CONGRESS.** The Under Secretary for Enforcement and the Assistant Secretary for Enforcement oversee the Bureau of Alcohol, Tobacco and Firearms, the U.S. Custom Service, the U.S. Secret Service and the Federal Law Enforcement Training Center. **This schematic is an accurate representation of the legitimate enforcement powers that were given by Congress to the Department of the Treasury.** The absence of legitimate enforcement authority depicted here agrees with the parallel table of enforcement (See Exhibit O) as published in the Code of Federal Regulations and in the Federal Register. This also agrees with the explanation given by Dwight E. Avis in 1953 (See Exhibit Q page 1 of 3) regarding the fact that **Alcohol and tobacco taxes are 100% enforcement tax** and **income taxes are 100 % voluntary.** The definition of VOLUNTARY is given on page 1575 of Black's law Dictionary (Sixth Edition) (See Exhibit Q page 1 of 1).

**Item 9.** I, Rita MariNa Hymes, have never been involved nor registered to do business in an Excise taxable activity such as the Industrial Alcohol Tax as consolidated into the Bureau of Internal Revenue as revealed by Executive Order 6166, referred to in Executive Order 6630 (See Exhibit P page 1 of 2) under the authority of the Attorney General for Collections authorized by Title III of the National Prohibition Act which was repealed by the 21st Amendment, (See 48 USC, Section 1402) (See Exhibit P page 2 of 2, History Ancillary Laws and Directives). As revealed in 48 USC, Section 1402, History, Ancillary Laws and Directives, all of Title 26.1 et. Seq. is exclusively based on the Industrial Alcohol Revenue from Title III of the National Prohibition Act,

31

which was repealed and subsequently made applicable to the US Virgin Islands and Puerto Rico in 1935. It was then re-allocated to Title 26 USC in 1939 as evidenced by 48 USC 1402. (See CARLISLE ACT as amended).

**Item 10.** In 1953, the United States House of Representatives Subcommittee on Ways and Means interviewed Dwight E. Avis, head of the Bureau of Alcohol and Tobacco during an Investigation Hearing of the Internal Revenue Service. During this Hearing, Mr. Avis was asked about an Alcohol tax matter, which would go to the Appeals section. Mr. Avis replied: "There is no such thing. That is where this structure differs. Let me point this out now. Your income tax is a 100% voluntary tax, and your liquor tax is 100% enforced tax. Now he situation is as different as night and day. Consequently, your same rules just will not apply, and therefore the Alcohol and Tobacco tax has been handled here in this reorganization a little differently, because of the very nature of it than the overall tax problem. (See Exhibit Q, 3 pages).

32



DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

COMMUNICATIONS AND LIAISON

AUG 08 2003

Rita MariNa Hymes
C/o 2340 Ravenwood Ave.
Fairbanks, Alaska 99709

Re: IRS/Baltimore Disclosure Office Case Control #: F2003-01555

Dear Ms. Hymes:

This is in response to your Freedom of Information Act (FOIA) request dated June 28, 2002. You requested copies of documents maintained in our system of records 49.007(2) and (4), Overseas Compliance Projects System, pertaining to you for 1990 through 1999, as well as blank forms applicable to the failure to file investigations. You also asked that we mark the blank forms "VOID" or otherwise invalidate the form prior to disclosure. Your request was addressed to the Assistant Commissioner (International). It was referred to our office for response since we are now responsible for processing FOIA requests for "international" records. We received it on July 22, 2003.

We have searched our records and can find no information responsive to your request in this system of records. The Office of Director, International, formerly Office of Assistant Commissioner (International), has jurisdiction over citizens residing overseas, resident aliens and nonresident aliens residing in the United States. Since you appear to be residing in the United States, there would be no information responsive to your request in this office. If you claim to be something other than a U.S. citizen residing in the United States, please submit a copy of your passport issued by a foreign government, or provide documentation that you resided outside the United States during the period of time that you have requested we search our records.

Until such time as you provide this documentation, we will take no further action on your request, and will close our file on this matter. If you seek access to your tax records, or need further assistance, please direct your request to your local Disclosure Office servicing your area. The address is: Los Angeles Disclosure Office, Internal Revenue Service, Mail Stop 6153, 300 N. Los Angeles St., Los Angeles, CA 90012-3363.

In response to your request for a copy of the blank forms applicable to the failure to file investigation, this office does not distribute blank forms or publications. If you wish to obtain copies of blank forms or publications, please call 1-800-829-3676. Forms and publications are also available on the internet at www.irs.gov.

Joan McClean

33



DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

February 3, 2003

Rita M. Hymes
2340 Ravenwood Avenue
Fairbanks, AK 99709

Dear Ms. Hymes:

This is in response to your Freedom of Information Act requests dated July 25, 2002 and September 4, 2002 and received in our office November 27, 2002.

In regard to item 5, we have made several attempts to obtain the documents you have requested for year 1997 and have been unable to secure them. We are sorry for any inconvenience this may cause you. Item 5 requesting a copy of the "Substitute for Return" requests the same document as the DLN 29210-120-25131-0. Because these requests duplicate each other, we would only provide documents for the request dated September 4th. If you still require these documents, please resubmit the request dated September 4th, in 120 days.

In regard to item 6, it is uncertain whose name you are referring to. However, under (b)(6) and (b)(7)(C) of the Freedom of Information Act, this information may be withheld.

In regard to item 7, is a form that contains only the account identification information for processing purposes. An SFR is prepared under the provisions of Part IV of the Internal Revenue Manual in order to establish an account on the Individual Master File; therefore there are no responsive documents.

If you have any questions regarding this correspondence, Case Control Number DAH03-00783 and DAH03-00784, please contact the Internal Revenue Service, Ogden Campus Disclosure Office, M/S 7000, PO Box 9941, Ogden, UT 84409 or call D. Haldeman, ID #7916307368, at 801-620-7650 between the hours of 8:00 a.m. and 4:30 p.m. Mountain Time.

Sincerely,

JaNean Ellis
Disclosure Officer

Attachments:
  Form 393

*[Handwritten annotations: "wow", and note: "...put on Notice that this letter must be filed as a permanent part of my IRS/IDA/AIMS/IMF/BMF 23C record. If such record(s) has/have been deleted or substituted, this demand still..."]*

FREEDOM OF INFORMATION ACT REQUEST

TO:
Disclosure Officer
Internal Revenue Service
PO Box 9411 Stop 7000 OSC
Ogden, Utah 84409

FROM: Rita M. Hymes
2340 Ravenwood Ave
Fairbanks, Alaska 99709
                Account 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

Dear Disclosure Officer:

1. This is a request under the Freedom of Information Act, 5 USC 552, or regulations thereunder. This is my firm promise to pay fees and costs for locating and duplicating the records requested below, ultimately determined in accordance with 26 CFR 601.702 (f).

2. If some of this request is exempt from release, please furnish me with those portions reasonable segregable. I am waiving personal inspection of the requested records.

3. I am attesting under penalty of perjury that I am a category Other requester. PLEASE EXPEDITE THIS REQUEST.

4. This request pertains to the years: 1997

5. Please send me a copy of the "Substitute for Return" prepared by the Internal Revenue Service that pertains to me.

6. Please send me a copy of the document that identifies the person who prepared the substitute for return in my case.

7. Please send me a copy of the documents upon which the audit function based the substitute return.

**DATED: September 4, 2002**

Respectfully,

Rita M. Hymes, Requester

You are hereby put on Notice that this letter must be filed as a permanent part of my IRS/IDA/AIMS/IMF/BMF 23C record. If such record(s) has/have been deleted or substituted, this demand still applies.
Initial: _____

RECEIVED IN CORREC
IRS - OSC / 570
NOV 0 6 2002
OGDEN, UTAH

FREEDOM OF INFORMATION ACT REQUEST

*No Reply*

From: Rita MariNa Hymes
C/o 2340 Ravenwood Avenue
Fairbanks, Alaska 99709

TO: Disclosure Officer
Internal Revenue Service
P.O.Box 9411 Stop 7000 OSC
Ogden, UT 84409

certified mail no.: 7002 0860 0008 4327 2191

2/16/2003

Account # 574142705

Dear Disclosure Officer,

1. This is a request under the Freedom of information Act, 5 USC,552 or regulations thereunder. This is my firm promise to pay fees and costs for locating and duplicating the records requested below, ultimately determined in accordance with 26 CFR 601.702(f).

2. If some of this request is exempt from release, please furnish me with those portions reasonable segregable. I am waiving personal inspection of the requested records.

3. This request pertains to the years 1995 to and including 2000.

4. BACKGROUND: See Exhibit A- Department of Treasury Internal Revenue Manual 5300, Balance Due Account Procedures at 2 of 2 section 5312(1) very clearly tells us that the IRS Form 23-C is the Assessment Certificate and this record, through supporting data, provides identification of the taxpayer by name and number, the taxable period, the nature of the tax, and the amount assessed. At section 5312(2) the assessment is the date that the Form 233-C is signed by the assessment officer, See Exhibit B- IRM 3(17)(63)(14).(1(2). All tax assessments must be recorded on Form 23-C Assessment Certificate. The Assessment Certificate must be signed by the Assessment Officer and dated. The Assessment Certificate is the legal document that permits collection activity. See Exhibit C- IRM 3.17.63.14.7 (10-01-2000) Account 6120 Individual Income Tax Assessments. Principal at paragraph (2)- All principal assessments must be recorded on Summary Record of Assessments (Assessment Certificate). See Exhibit D- Meyersdale Fuel Co. v. United States 44F 2d, 437 in the second column at the middle arrow again show the 23-C Assessment. See Exhibit E- blank 23-C Assessment Certificate. See Exhibit E- Filled out 23-C Assessment Certificate. See Exhibit G-RACS 006 Report.

NOTE: I am not requesting RACS 006 Report. See Exhibit H- GAO/T-AIMD-96-56 clearly tells us at page 2 of 3 that IRS' financial statement amounts for revenue in total and by type of tax were not derived from it's revenue general ledger accounting system (RACS), or its master files of detailed individual taxpayer records. RACS does not contain detailed information by type of tax such as individual income tax, or corporate tax, The master file cannot summarize the taxpayer information needed to support the amounts identified in RACS. As a result, IRS relied on alternative sources such as Treasury schedules, to obtain the summary total by type of tax needed for its financial statement presentation.

IRS asserts that the Treasury amounts were derived from IRS records; however, neither IRS or Treasury's records maintained any detailed information that could be tested to verify the accuracy of the figures.

36

NOTE:   I am not requesting Form 4340, Certificate of Assessments and Payments.

See <u>Exhibit I</u>-Form 4340, simply a worksheet which can be created at any time and relies upon the 23-C Assessment Certificate. A Form 4340 is created after a 23-C and must be supported by other documents.

NOTE:   I have read Handbook 1.3, Disclosure of Official Information, Chapter 13, Freedom of Information Act.

See <u>Exhibit J</u>-(1.3)133.5..6(08-31-2000) paragraph 4B and paragraph 7/ This is how I am requesting this information.

NOTE: I have read Handbook 1.3, Disclosure of Official Information, Chapter 13, Freedom of Information Act.

See <u>Exhibit K</u>-(1.3)113.3..7(08-19-1998) which had to be rewritten to conform with RRA98. I have read the complete section concerning 23-C Assessment Certificate.

5. Please send a certified copy of the Record of Assessment Form 23-C which is specific to ME and NO other, and which indicates the alleged liability. Any questions regarding exactly what I am requesting should be directed in writing to the above address.

6. Please certify all documents with the Form 2866 certificate of official record. If there are no specific documents pertaining to this request, certify your response with Form 3050, certificate of lack of records.

Respectfully,
Rita MariNa Hymes



DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

January 29, 2003

Rita M. Hymes
2340 Ravenwood Avenue
Fairbanks, AK 99709

> that this letter must be filed as a permanent part of my IRS/IDA/AIMS/IMF/BMF 23C record. If such record(s) has/have been deleted or substituted, this demand still applies.
> Initial: _____

Dear Ms. Hymes:

This is in response to your Freedom of Information Act requests dated July 1, 2002 and September 2, 2002 and received in our office November 27, 2002.

In regard to item 5, enclosed is a copy of the Substitute for Return for year 1999.

In regard to item 6, it is uncertain whose name you are referring to. However, under (b)(6) and (b)(7)(C) of the Freedom of Information Act, this information may be withheld.

In regard to item 7, is a form that contains only the account identification information for processing purposes. An SFR is prepared under the provisions of Part IV of the Internal Revenue Manual in order to establish an account on the Individual Master File; therefore there are no responsive documents.

If you have any questions regarding this correspondence, Case Control Number DAH03-00794, please contact the Internal Revenue Service, Ogden Campus Disclosure Office, M/S 7000, PO Box 9941, Ogden, UT 84409 or call D. Haldeman, ID #7916307368, at 801-620-7650 between the hours of 8:00 a.m. and 4:30 p.m. Mountain Time.

Sincerely,

JaNean Ellis
Disclosure Officer

Attachments:

*I specifically asked who*

EXHIBIT

# Form 1040 — Department of the Treasury—Internal Revenue Service
## U.S. Individual Income Tax Return 19[99]

(1)  IRS Use Only—Do not write or staple in this space.

291 2921033725342

For the year Jan. 1–Dec. 31, 1999, or other tax year beginning _____, 1999, ending _____    OMB No. 1545-0074

**Label** (See instructions on page 18.) Use the IRS label. Otherwise, please print or type.

Your first name and initial: **Rita M**
Last name: **Hymes P**
Your social security number: **574 14 7705**

If a joint return, spouse's first name and initial: _____
Last name: _____
Spouse's social security number: **918 30 3597**

Home address (number and street). If you have a P.O. box, see page 18. Apt. no.: _____

City, town or post office, state, and ZIP code. If you have a foreign address, see page 18.: _____

▲ **IMPORTANT!** ▲ You must enter your SSN(s) above.

**Presidential Election Campaign** (See page 18.)
Do you want $3 to go to this fund? . . . . . . . . . . . 3
If a joint return, does your spouse want $3 to go to this fund? . . . . . . . . . .

Yes / No  Note. Checking "Yes" will not change your tax or reduce your refund.

**Filing Status** — Check only one box.
1. ☐ Single
2. ☐ Married filing joint return (even if only one had income)
3. ☒ Married filing separate return. Enter spouse's social security no. above and full name here. ▶ **Donald L. Hymes**
4. ☐ Head of household (with qualifying person). (See page 18.) If the qualifying person is a child but not your dependent, enter this child's name here. ▶ _____
5. ☐ Qualifying widow(er) with dependent child (year spouse died ▶ 19___). (See page 18.)

**Exemptions**

6a ☐ Yourself. If your parent (or someone else) can claim you as a dependent on his or her tax return, do not check box 6a.
b ☐ Spouse
c Dependents:
| (1) First name  Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) ✓ if qualifying child for child tax credit (see page 19) |
|---|---|---|---|
| 11-29-00 | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |

If more than six dependents, see page 19.

No. of boxes checked on 6a and 6b: ___
No. of your children on 6c who:
• lived with you ___
• did not live with you due to divorce or separation (see page 19) ___
Dependents on 6c not entered above ___
Add numbers entered on lines above ▶ ___

d Total number of exemptions claimed . . . . . . . . . . .

**Income**

Attach Copy B of your Forms W-2 and W-2G here. Also attach Form(s) 1099-R if tax was withheld.

If you did not get a W-2, see page 20.

Enclose, but do not staple, any payment. Also, please use Form 1040-V.

| Line | Description | Amount |
|---|---|---|
| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 | |
| 8a | Taxable interest. Attach Schedule B if required | |
| 8b | Tax-exempt interest. DO NOT include on line 8a | |
| 9 | Ordinary dividends. Attach Schedule B if required | |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes (see page 21) | |
| 11 | Alimony received | |
| 12 | Business income or (loss). Attach Schedule C or C-EZ | |
| 13 | Capital gain or (loss). Attach Schedule D if required. If not required, check here ▶ ☐ | |
| 14 | Other gains or (losses). Attach Form 4797 | |
| 15a | Total IRA distributions . 15a ___  b Taxable amount (see page 22) | 15b |
| 16a | Total pensions and annuities 16a ___  b Taxable amount (see page 22) | 16b |
| 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E | |
| 18 | Farm income or (loss). Attach Schedule F | |
| 19 | Unemployment compensation | |
| 20a | Social security benefits . 20a ___  b Taxable amount (see page 24) | 20b |
| 21 | Other income. List type and amount (see page 24) | |
| 22 | Add the amounts in the far right column for lines 7 through 21. This is your total income ▶ | |

*[Stamp across form:] You are hereby put on Notice that this letter must be filed as a permanent part of my IRS/IDA/AIMS/IMF/BMF 23C record. If such record has/have been deleted or substituted, this demand still applies.*

**EXHIBIT** 26

**Adjusted Gross Income**

| 23 | IRA deduction (see page 26) | 23 | |
| 24 | Student loan interest deduction (see page 26) | 24 | |
| 25 | Medical savings account deduction. Attach Form 8853 | 25 | |
| 26 | Moving expenses. Attach Form 3903 | 26 | |
| 27 | One-half of self-employment tax. Attach Schedule SE | 27 | |
| 28 | Self-employed health insurance deduction (see page 28) | 28 | |
| 29 | Keogh and self-employed SEP and SIMPLE plans | 29 | |
| 30 | Penalty on early withdrawal of savings | 30 | |
| 31a | Alimony paid  b Recipient's SSN ▶ _____ | 31a | |
| 32 | Add lines 23 through 31a | 32 | 2 |
| 33 | Subtract line 32 from line 22. This is your adjusted gross income ▶ | 33 | |

For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see page 54.   Cat. No. 11320B   Form **1040** (1999)



**DEPARTMENT OF THE TREASURY**
**INTERNAL REVENUE SERVICE**
**WASHINGTON, D.C. 20224**

February 3, 2003

Rita M. Hymes
2340 Ravenwood Avenue
Fairbanks, AK 99709

*[handwritten: 20 days?]*

Dear Ms. Hymes:

This is in response to your Freedom of Information Act requests dated August 6, 2002 and September 5, 2002 and received in our office November 27, 2002.

In regard to item 5, we have made several attempts to obtain the documents you have requested for year 1998 and have been unable to secure them. We are sorry for any inconvenience this may cause you. Items 5 requesting a copy of the "Substitute for Return" requests the same document as the DLN 29210-120-25132-0. Because these requests duplicate each other, we would only provide documents for the request dated September 5th. If you still require these documents, please resubmit the request dated September 5th, in 120 days.

In regard to item 6, it is uncertain whose name you are referring to. However, under (b)(6) and (b)(7)(C) of the Freedom of Information Act, this information may be withheld.

In regard to item 7, is a form that contains only the account identification information for processing purposes. An SFR is prepared under the provisions of Part IV of the Internal Revenue Manual in order to establish an account on the Individual Master File; therefore there are no responsive documents.

If you have any questions regarding this correspondence, Case Control Number DAH03-00789 and DAH03-00790, please contact the Internal Revenue Service, Ogden Campus Disclosure Office, M/S 7000, PO Box 9941, Ogden, UT 84409 or call D. Haldeman, ID #7916307368, at 801-620-7650 between the hours of 8:00 a.m. and 4:30 p.m. Mountain Time.

*[stamp: You are hereby put on Notice that this letter must be filed as a permanent part of my IRS/IDA/AIMS/IMF/BMF 23C record. If such record(s) has/have been deleted or substituted, this demand still applies. Initial: _____]*

Sincerely,

*JaNean Ellis*
JaNean Ellis
Disclosure Officer

Attachments:
    Form 393

EXHIBIT _____