DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

July 16, 2002

MariNa Hymes
Ravenwood Avenue
Fairbanks, AK 99709

Dear Ms. Hymes:

This is in response to your Freedom of Information Act request dated May 20,
received in our office July 8, 2002

In regard to item 5, no responsive documents were found.

If you have any questions regarding this correspondence, Case Control N
DAH02-03802, please contact the Internal Revenue Service, Ogden Ca
Disclosure Office; M/S 7000, PO Box 9941, Ogden, UT 84409 or call D. Halde
ID #7916307368, at 801-620-7650 between the hours of 8:00 a.m. and 4:30
Mountain Time.

Attachments:
Form 393

Sincerely,

JaNean Ellis

JaNean Ellis
Disclosure Officer

EXHIBIT

(23 C)

You are hereby put on Notice
that this letter must be filed as
a permanent part of my
IRS/IDA/AIMS/IMF/BMF
23C record. If such record(s)
has/have been deleted or
substituted, this demand still
applies.
Initial: _____

# FREEDOM OF INFORMATION ACT REQUEST

TO:
Disclosure Officer
Internal Revenue Service
P.O.Box 9941, MS 7000 OSC
Ogden, Utah 84409                    certified mail no: 7000 1530 0004 8223 0365

From: Rita MariNa Hymes
C/o 2340 Ravenwood Avenue
Fairbanks, Alaska (99709)

Account # 574142705

Dear Disclosure Officer,

1. This is a request under the Freedom of Information Act, 5 USC 552, or
   regulations thereunder. This is my firm promise to pay fees and costs for locating
   and duplicating the records requested below, ultimately determined in accordance
   with 26 CFR 601.702(f).

2. If some of this request is exempt from release, please furnish me with those
   portions reasonably segregable. I am waiving personal inspection of the
   requested records.

3. I am attesting under penalty of perjury that I am a category E requester. PLEASE
   EXPEDITE THIS REQUEST.

4. This request pertains to the years 1995 to and including 1999.

5. Please send a copy of the Notice of Assessment Form 23C, which is specific to
   the above referenced account number and no other and which indicates the
   alleged liability.

Dated: 5/20/02                    **EXHIBIT** ~~C12k2~~

Respectfully,
Rita MariNa Hymes

> You are hereby put on Notice
> that this letter must be filed as
> a permanent part of my
> IRS/IDA/AIMS/IMF/BMF
> 23C record. If such record(s)
> has/have been deleted or
> substituted, this demand still
> applies.
> Initial: _____

# FREEDOM OF INFORMATION ACT REQUEST

TO:
Disclosure Officer
Internal Revenue Service
P.O.Box 9941, MS 7000 OSC
Ogden, Utah 84409                    certified mail no: 7000 1530 0004 8223 0324

From: Rita MariNa Hymes
c/o 2340 Ravenwood Avenue
Fairbanks, Alaska (99709)

*NO RESP*

Account # 574142705

Dear Disclosure Officer,

1. This is a request under the Freedom of Information Act, 5 USC 552, or regulations thereunder. This is my firm promise to pay fees and costs for locating and duplicating the records requested below, ultimately determined in accordance with 26 CFR 601.702(f).

2. If some of this request is exempt from release, please furnish me with those portions reasonably segregable. I am waiving personal inspection of the requested records.

3. I am attesting under penalty of perjury that I am a category E requester. PLEASE EXPEDITE THIS REQUEST.

4. This request pertains to the years 1995 to and including 1999.

5. Please send me a copy of all documents maintained in the System of Records Identified as Individual Master File (IMF) *specific and not literal;* Data Service, Treasury/IRS 24,030, which pertain to this requester.

Dated: 5.21.2002

Respectfully,

Rita MariNa Hymes

You are hereby put on Notice that this letter must be filed as a permanent part of my IRS/IDA/AIMS/IMF/BMF 23C record. If such record(s) has/have been deleted or substituted, this demand still applies.
Initial. _____



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

August 14, 2002

Donald Louis Hymes
2340 Ravenwood Avenue
Fairbanks, AK 99709

Dear Mr. Hymes:

This is in response to your Freedom of Information Act request dated July 1, 2002 and received in our office July 16, 2002

In regard to item 5, no responsive documents were found.

If you have any questions regarding this correspondence, Case Control Number DAH02-03917, please contact the Internal Revenue Service, Ogden Campus Disclosure Office, M/S 7000, PO Box 9941, Ogden, UT 84409 or call D. Haldeman, ID #7916307368, at 801-620-7650 between the hours of 8:00 a.m. and 4:30 p.m. Mountain Time.

Sincerely,

JaNean Ellis

JaNean Ellis
Disclosure Officer

Attachments:
  Form 393

149

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

July 16, 2002

MariNa Hymes
2600 Ravenwood Avenue
Fairbanks, AK 99709

Dear Ms. Hymes:

This is in response to your Freedom of Information Act request dated May 20,
received in our office July 8, 2002

In regard to item 5, no responsive documents were found.

If you have any questions regarding this correspondence, Case Control N
DAH02-03802, please contact the Internal Revenue Service, Ogden Ca
Disclosure Office, M/S 7000, PO Box 9941, Ogden, UT 84409 or call D. Halde
ID #7916307368, at 801-620-7650 between the hours of 8:00 a.m. and 4:30
Mountain Time.

Sincerely,

*JaNean Ellis*

JaNean Ellis
Disclosure Officer

Attachments:
Form 393

23C

You are hereby put on Notice
that this letter must be filed as
a permanent part of any
IRS/IDA/AIMS/IMF/BMP
23C record. If such record(s)
has/have been deleted or
substituted, this demand still
applies.
Initial: _____

75°
1



## FREEDOM OF INFORMATION ACT REQUEST

TO:
Disclosure Officer
Internal Revenue Service
P.O.Box 9941, MS 7000 OSC
Ogden, Utah 84409          certified mail no: 7000 1530 0004 8223 0365


From: Rita MariNa Hymes
C/o 2340 Ravenwood Avenue
Fairbanks, Alaska (99709)

Account # 574142705


Dear Disclosure Officer,

1. This is a request under the Freedom of Information Act, 5 USC 552, or
   regulations thereunder. This is my firm promise to pay fees and costs for locating
   and duplicating the records requested below, ultimately determined in accordance
   with 26 CFR 601.702(f).

2. If some of this request is exempt from release, please furnish me with those
   portions reasonably segregable. I am waiving personal inspection of the
   requested records.

3. I am attesting under penalty of perjury that I am a category E requester. PLEASE
   EXPEDITE THIS REQUEST.

4. This request pertains to the years 1995 to and including 1999.

5. Please send a copy of the Notice of Assessment Form 23C, which is specific to
   the above referenced account number and no other and which indicates the
   alleged liability.


Dated: 5/20/02

Respectfully,
Rita MariNa Hymes

151
2

From:
Rita MariNa Hymes
C/o 2340 Ravenwood Avenue
Fairbanks, Alaska (99709)
Account No: 574142705

Disclosure Officer
Internal Revenue Service
P.O.Box M/S 7000
Ogden, UT 84409

Dear Disclosure Officer

This is a request under the Freedom of Information Act, 5 USC 552, or regulations thereunder.  This is my firm promise to pay fees and costs for locating and duplicating the records requested below, ultimately determined in accordance with 26 CFR 601.702(f).

If some of this request is exempt from release, please furnish me with those portions reasonable segregable.  I am waiving personal inspection of the requested documents.

This request pertains to the yeas 1995 to and including 1999.

BACKGROUND:  A 'Notice of Federal Tax Lien', dated April 1,2002 (included herewith as Exhibit A) was filed in the Fairbanks Recording District.  Said Notice was signed for a J. Pruett. The signature of the person signing FOR Pruett is illegible.

1.  Please send me documentation showing who is authorized to sign a Notice of Federal Tax Lien.
2.  Please send me documentation showing the full name, title and GS /RO Grade of the person who signed FOR Pruett.
3.  Please send me documentation showing Pruett's full name, title and GS/RO grade.

Dated: 5-Jul-02

Respectfully,
Rita MariNa Hymes, Requester

I am attesting under penalty of perjury and the laws of the united states of America that I am the individual making this request.

Rita MariNa Hymes, Requester

*No resp*

# FREEDOM OF INFOMATION ACT REQUEST

TO:
Disclosure Officer
Internal Revenue Service
P.O.Box 9941 M/S 7000
Ogden, UT  84409          certified mail no: 7001 0320 0005 6371 6843 *3b*


FROM: Rita MariNa Hymes
        C/o 2340 Ravenwood Avenue
        Fairbanks, Alaska  (99709)
                    Account # 574142705


Dear Disclosure Officer:

1.      This is a request under the Freedom of Information Act, 5 USC 552, or
        regulations thereunder.  This is my firm promise to pay fees and costs for locating
        and duplicating the records requested below, ultimately determined in accordance
        with 26 CFR 601.702 (f).

2.      If some of this request is exempt from release, please furnish me with those
        portions reasonable segregable.  I am waiving personal inspection of the requested
        records.

3.      This request pertains to the years: 1995 to and including 1999

4.      Please send me a copy of all the documents maintained in the System of Records
        known as Returns and Information Processing D:R:R - Treasury / IRS Business
        Master File Specific (BMF): 24.046 which pertains to the above referenced
        account # and entity.

5.      Please send me a copy of all the documents with the Form 2866, certificate of official record.  If
        there are no specific documents pertaining to this request, certify your response
        with Form 3050, certificate of lack of records.

**DATED:  7/3/02**

                            Respectfully,
                            Rita MariNa Hymes, Requester



I am attesting under penalty of perjury and under the laws of the united states of America
that I am the individual making this request.

Rita MariNa Hymes

*15-3*

## FREEDOM OF INFORMATION ACT REQUEST

*NO resp*

TO:
Disclosure Officer
Internal Revenue Service
P.O.Box 9941, MS 7000 OSC
Ogden, Utah 84409                    certified mail no: 7000 1530 0004 8223 0324

From: Rita MariNa Hymes
c/o 2340 Ravenwood Avenue
Fairbanks, Alaska (99709)

Account # 574142705

Dear Disclosure Officer,

1. This is a request under the Freedom of Information Act, 5 USC 552, or regulations thereunder. This is my firm promise to pay fees and costs for locating and duplicating the records requested below, ultimately determined in accordance with 26 CFR 601.702(f).

2. If some of this request is exempt from release, please furnish me with those portions reasonably segregable. I am waiving personal inspection of the requested records.

3. I am attesting under penalty of perjury that I am a category E requester. PLEASE EXPEDITE THIS REQUEST.

4. This request pertains to the years 1995 to and including 1999.

5. Please send me a copy of all documents maintained in the System of Records Identified as Individual Master File (IMF) *specific and not literal;* Data Service, Treasury/IRS 24,030, which pertain to this requester.

Dated: 5.21.2002

Respectfully,

Rita MariNa Hymes

154

FREEDOM OF INFORMATION ACT REQUEST

TO:
Disclosure Officer
Internal Revenue Service
PO Box 9411 Stop 7000 OSC
Ogden, Utah 84409

FROM: Rita M. Hymes
        2340 Ravenwood Ave
        Fairbanks, Alaska 99709
                    Account 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

Dear Disclosure Officer:

1.      This is a request under the Freedom of Information Act, 5 USC 552, or
        regulations thereunder. This is my firm promise to pay fees and costs for
        locating and duplicating the records requested below, ultimately determined in
        accordance with 26 CFR 601.702 (f).

2.      If some of this request is exempt from release, please furnish me with those
        portions reasonable segregable. I am waiving personal inspection of the
        requested records.

3.      I am attesting under penalty of perjury that I am a category Other requester.
        PLEASE EXPEDITE THIS REQUEST.

4.      This request pertains to the years: 1999

5.      Please send me a copy of the "Substitute for Return" prepared by the Internal
        Revenue Service that pertains to me.

6.      Please send me a copy of the document that identifies the person who prepared
        the substitute for return in my case.

7.      Please send me a copy of the documents upon which the audit function based the
        substitute return.

**DATED: September 6, 2002**

                            Respectfully,

                            _____
                            Rita M. Hymes, Requester



## FREEDOM OF INFORMATION ACT REQUEST

TO:
Disclosure Officer
Internal Revenue Service
P.O.Box 9941, MS 7000 OSC
Ogden, Utah 84409

certified mail no: 7000 1530 0004 8223 0317

From: Rita MariNa Hymes
c/o 2340 Ravenwood Avenue
Fairbanks, Alaska (99709)

Account # 574142705

Dear Disclosure Officer,

1. This is a request under the Freedom of Information Act, 5 USC 552, or regulations thereunder. This is my firm promise to pay fees and costs for locating and duplicating the records requested below, ultimately determined in accordance with 26 CFR 601.702(f).

2. If some of this request is exempt from release, please furnish me with those portions reasonably segregable. I am waiving personal inspection of the requested records.

3. I am attesting under penalty of perjury that I am a category E requester. PLEASE EXPEDITE THIS REQUEST.

4. This request pertains to the years 1995 to and including 1999.

5. Please send me a copy of all the documents maintained in the System of Records Known as Returns and Information Processing D:R:R-Treasury/IRS Business Master File Specific (BMF): 24.046, which pertains to the above referenced SS#.

Dated: May 20, 2002

Respectfully,

Rita MariNa Hymes

156

PRIVACY ACT REQUEST FOR NOTIFICATION AND ACCESS

Concerning:
Rita Hymes
2340 Ravenwood Avenue
Fairbanks, Alaska 99709
IRS Reference No: 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

*No resp*

Person making request via attached Power-of-Attorney pursuant to 26 CFR § 301.6103(c)-1, 26 CFR § 601.502(a), 26 CFR § 601.502(b)(5)(ii) and Treasury Circular No. 230, at § 10.7(c)(1)(iv):
John B. Kotmair, Jr., Representative Number 2605-47815R
Post Office Box 91, Westminster, MD 21158

August 9, 2001                          Certified Mail No. 7099 3400 0020 1435 6166

Rodney J Strickland, Disclosure Officer
Internal Revenue Service Center
P.O. Box 9941, MS 7000 OSC
Ogden, UT 84409

Dear Mr. Strickland:

This is a request under the Privacy Act, 5 USC 552a.

This is my firm promise to pay costs up to $17.00 for duplicating the documents requested below, as required by 5 USC 552a(f)(5). If costs are expected to exceed the stated amount, please send me an estimate of costs. Please reply within 10 days of your receipt of this request and provide me with instructions on perfecting any errors, pursuant to IRM, Handbook No. 1272, (18)22(5). Otherwise, please process it in a timely manner pursuant to IRM, Handbook No. 1272, (18)22(4), not later than 30 days of your receipt, pursuant to IR Manual 1272, (18)22(15).

If you find this request imperfect in any way please provide me with a copy of all the rules necessary for me to perfect this request. In addition please advise me of any and all procedures required to exhaust all administrative remedies before requesting judicial review.

Please be advised that I am requesting records pursuant to 5 USC 552a(d)(1). I am not requesting any amendment of records.

Please forward copies of the authenticated documents, executed pursuant to IR Code Section 6065, related to the numbers on the attached Notice CP 504, dated July 16, 2001, for the year 1997. Please search the following system of records for the document(s) requested:

Page 1 of 3

157

Treasury/IRS 22.032,
  Individual Microfilm Retention Register, D:R:R;
Treasury/IRS 22.034,
  Individual Returns Files, Adjustments and Miscellaneous Documents File;
Treasury/IRS 22.060,
  Unit Ledger Cards;
Treasury/IRS 24.013,
  Combined Account Number File, Returns and Information Processing, D:R:R;
Treasury/IRS 24.029,
  Individual Account Number File (IANF), Returns and Information Processing;
Treasury/IRS 26.020,
  TDI (Taxpayer Delinquency Investigation Files);
Treasury/IRS 42.001,
  Examination Administrative File;
Treasury/IRS 42.008,
  Audit Information Management System (AIMS);
Treasury/IRS 42.021,
  Compliance Programs and Projects Files;
Treasury/IRS 46.004,
  Controlled Accounts -- Open and Closed;

As you're probably aware, certain systems of records identified in this request have been generally deemed exempt from notification and access under 5 U.S.C. § 552a(k)(2). In order to expedite processing of the request in light of this fact, I am hereby notifying you pursuant to IRM, Handbook No. 1272, (18)21(1)(j), that Ms. Hymes is being denied her rights to access which she would otherwise be entitled to under Federal law (5 USC § 552a(d)(1)) as a result of the maintenance of such material. In light of this notification, the only documents that survive my request are those specific documents that "...would reveal the identity of a source who furnished information to the Government under an express promise that the identity of the source would be held in confidence..." Therefore, please promptly provide copies of all requested documents, redacting any portions that identify a government informant.

I hereby declare that:

1.  I am not currently under suspension or disbarment from practice before the Internal Revenue Service or other practice of my profession by any other authority;

2.  I am aware of the regulations contained in Title 31 CFR part 10 concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries and others;

3.  I am authorized to represent the individual identified in the power of attorney;

4.  I am an individual described in Title 26 Code of Federal Regulation Part 600, at 26 CFR § 601.502(a)(1) and (2), §601.502(b)(5)(ii) and in Circular 230 at §10.7(c)(1)(iv); and





Rita Marina Hymes
c/o 2340 Ravenwood Avenue
Fairbanks, Alaska (99709)

*NO resp.*

August 8, 2001

Deborah Decker, Director
IRS Center
P.O.Box 9941, MS 1000
Ogden, UT 84409

re: request for information re: RITA M. HYMES TIN 574142705

Greetings,

Would you please be so kind and reference back to all the correspondence to you regarding this matter. The latest having been mailed to you on June 18, 2001. A I have received the green cards back, I am certain that you have received all those correspondences-however, should you inadvertently have misplaced or lost them, please be so kind and let me know and I will be glad to send copies of same. NOW- if you would be so kind to take a minute to answer them- I would appreciate it- especially in light of all the publicity the IRS has received in recent times, and all the promises made by the IRS to improve communication.

Thank you for your co-operation

Best regards,
Rita Marina Hymes
Secured Party

*154*

*NV resp*

Concerning:
Rita Hymes
2340 Ravenwood Avenue
Fairbanks, Alaska  99709
IRS Reference Number: 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

Person making response via attached Power-of-Attorney pursuant to 26 CFR § 301.6103(c)-1, 26 CFR § 601.502(a), 26 CFR § 601.502(b)(5)(ii) and Treasury Circular No. 230, at § 10.7(c)(1)(iv):
John B. Kotmair, Jr.,  Representative Number 2605-47815R
Post Office Box 91, Westminster, MD 21158

August 8, 2001                    Certified Mail No. 7099 3400 0020 1435 6173

Re:  "NOTICE OF INTENT TO LEVY", dated July 16, 2001, concerning 1997.

Deborah S. Decker, Director
Internal Revenue Service Center
P.O. Box 9941, MS 1000 OSC
Ogden, UT  84409

Dear Ms. Decker:

M̲ ̲ ̲Hymes has forwarded to me for response the enclosed "NOTICE OF INTENT TO LEVY" (Certified Mail No. P 904 322 157), dated July 16, 2001.  In addition to the deficiencies of the Notice itself, it appears that it has also been sent to Ms. Hymes in error.  The requirement for this Notice is set out in Internal Revenue Code (IRC) § 6331(d)(1), which states:

> "(d) Requirement of notice before levy.--
>
> (1) In general.--*Levy may be made under subsection (a)* upon the salary or wages or other property of any person with respect to any unpaid tax *only after the Secretary has notified such person in writing of his intention to make such levy*."
> [Emphasis added]

It can be seen that this notice is a necessary step before levy can be made pursuant to subsection (a), which states:

> "(a) Authority of Secretary.--If any *person liable to pay any tax* neglects or refuses to pay the same within 10 days *after notice and demand*, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax.  Levy may be made upon the accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia, by serving a notice of levy on the employer (as defined in section 3401(d)) of such officer, employee, or elected official.  If the Secretary makes a finding that the collection of such tax is in jeopardy, notice and demand for immediate payment

*160*

*1*

of such tax may be made by the Secretary and, upon failure or refusal to pay such tax, collection thereof by levy shall be lawful without regard to the 10-day period provided in this section." [Emphasis added]

This subsection establishes two further requirements that must be met before a levy can lawfully proceed. The first requirement is that the person **must be liable for** the tax. This requirement has not been met in Ms. Hymes's case. You are surely aware that there is no statute within Title 26 which makes Ms. Hymes personally liable for (or subject to) the tax you are attempting to (unlawfully) collect. Therefore, she could not possibly be liable for the tax referenced on your Notice. This lack of statutory liability removes her from the class of persons who are subject to have their property levied upon.

If you contend that Ms. Hymes has been made statutorily liable for the tax you are attempting to collect, then we demand that you cite such statute, and explain how such statute relates to her specifically. Unless and until you provide evidence of Ms. Hymes's statutory liability, any further attempts to collect the amounts referenced in your Notice must be considered to be willful actions, known to have no lawful basis, and thus, outside the scope of your lawful authority. You should be aware that in the case of <u>Bothke v. Fluor Engineers and Constructors, Inc., (713 F.2d 1405)</u>, the United States Court of Appeals for the Ninth Circuit held:

> "Second, the taxpayer must be liable for the tax. Id. Tax liability is a condition precedent to the demand. Merely demanding payment, even repeatedly, does not cause liability."

Another thing you may want to consider is that this Court also ruled that IRS employees, when acting outside their lawful authority, do not enjoy the immunity they are granted when acting within the scope of that authority. Therefore, actions taken outside of your limited lawful authority will expose you to liability in your personal capacity.

The second requirement to be met before a levy can be made is the sending of a Notice and Demand pursuant to IRC § 6303(a), which states:

> § 6303. Notice and demand for tax
>
> (a) General rule.--Where it is not otherwise provided by this title, the Secretary shall, as soon as practicable, and *within 60 days*, after the making of an assessment of a tax pursuant to section 6203, give notice to each *person liable for the unpaid tax*, stating the amount and demanding payment thereof. Such notice shall be left at the dwelling or usual place of business of such person, or shall be sent by mail to such person's last known address." [Emphasis added]

Ms. Hymes has no record of ever receiving this required Notice and Demand for tax. If you contend that such Notice has been sent, then forward a copy of this Notice, so that she can verify that this requirement has been met. Please also take note that this subsection again clearly establishes that this notice must be sent to the "*person liable* for the unpaid tax", and as previously mentioned, you have yet to provide any evidence that Ms. Hymes is statutorily liable for the tax at issue.

Furthermore, on November 7, 2000, I mailed to you a Petition for Abatement pursuant to IRC § 6404(a)(3) on behalf of Ms. Hymes, received by your office on November 12, 2000, and as of this date that petition has not been addressed.

In addition to the defects in the process referenced above, the Notice itself is defective. The most glaring of these defects is that the Notice is not signed under penalty of perjury as required by Internal Revenue Code (IRC) § 6065. The words used by Congress in enacting this statute leave no doubt that that this requirement applies to ALL returns, declarations, statements, and documents. Otherwise, Congress would have qualified this requirement by making it apply to the documents "required to be made *by the taxpayer* under any provision of the internal revenue laws". Since they did not qualify it in this way, the statute must be construed to include those documents required to be made by the Internal Revenue Service.

Next, this Notice does not comply with the requirements of IRC § 6331(d)(4), which states:

> "(d) Requirement of notice before levy.
>
> ... (4) Information included with notice.
>
> The notice required under paragraph (1) shall include a brief statement which sets forth in simple and nontechnical terms-
>
> > (A) the provisions of this title relating to levy and sale of property,
> >
> > (B) the procedures applicable to the levy and sale of property under this title,
> >
> > (C) the administrative appeals available to the taxpayer with respect to such levy and sale and the procedures relating to such appeals,
> >
> > (D) the alternatives available to taxpayers which could prevent levy on the property (including installment agreements under section 6159),
> >
> > (E) the provisions of this title relating to redemption of property and release of liens on property, and
> >
> > (F) the procedures applicable to the redemption of property and the release of a lien on property under this title."

I could not find this information anywhere in your Notice, thus rendering it invalid. Further, the Notice is also deficient in that it doesn't contain the information required to be included by IRC § 6330(a)(3), relating to due process hearings, thus prohibiting the initiation of any levy actions.

Finally, if you intend to levy against property belonging to Ms. Hymes, then be aware of IRC § 6502(b), which states:

> "(b) Date when levy is considered made.
>
> The *date on which a levy* on property or rights to property *is made shall be the date on which the notice of seizure* provided in section 6335(a) *is given*." [Emphasis added]

IRC § 6335(a) states:

> "(a) Notice of seizure.--As soon as practicable *after seizure of property*, *notice in writing shall be given* by the Secretary to the owner of the property (or, in the case of



personal property, the possessor thereof), or shall be left at his usual place of abode or business if he has such within the internal revenue district where the seizure is made. If the owner cannot be readily located, or has no dwelling or place of business within such district, the notice may be mailed to his last known address. Such notice shall specify the sum demanded and shall contain, in the case of personal property, an account of the property seized and, in the case of real property, a description with reasonable certainty of the property seized." [Emphasis added]

It is clear from these two sections that a levy is not considered made until AFTER the seizure of property, as only then can a notice of seizure be given. Further, in the case of <u>United States v. O'Dell, (160 F.2d 304)</u>, the Sixth Circuit Court of Appeals made the following statements:

"*Levy is not effected by mere notice.* Hollister v. Goodale, 8 Conn. 332, 21 Am.Dec. 674; Meyer v. Missouri Glass Co., 65 Ark. 286, 45 S.W. 1062, 67 Am.St.Rep. 927; Jones v. Howard, 99 Ga. 451, 27 S.E. 765, 59 Am.St.Rep. 231." [Emphasis added]

"*The method for accomplishing a levy* on a bank account *is the issuing of warrants of distraint,* the making of the bank a party, *and the serving with notice of levy, copy of the warrants of distraint, and notice of lien.* Cf. Commonwealth Bank v. United States, 6 Cir., 115 F.2d 327; United States v. Bank of United States, D.C., 5 F.Supp. 942, 944." [Emphasis added]

Therefore, any Notices of Levy which are not accompanied by copies of the warrants of distraint, and the notices of liens, are fraudulent on their face. Any attempt to use such fraudulent levies to seize Ms. Hymes's property is a violation of her rights and will be prosecuted to the fullest extent of the law.

In conclusion, the collection actions which you are taking against Ms. Hymes are unlawful for the reasons set out herein, and your continuation of such collection actions will henceforth be considered willful actions on your part. This letter will serve as evidence that you have been made aware of the unlawfulness of these actions, so that you can be held personally responsible for any damages your actions cause to Ms. Hymes. You should also be aware that IRC § 7214, shown in part below, prescribes criminal penalties for knowingly demanding greater sums than are authorized by law.

§ 7214. Offenses by officers and employees of the United States

"(a) Unlawful acts of revenue officers or agents.--Any officer or employee of the United States acting in connection with any revenue law of the United States--

... (2) who *knowingly demands other or greater sums than are authorized by law,* or receives any fee, compensation, or reward, except as by law prescribed, for the performance of any duty; or ...

shall be dismissed from office or discharged from employment and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both. The court may in its discretion award out of the fine so imposed an amount, not in excess of one-half thereof, for the use of the informer, if any, who shall be ascertained by the judgment of the court. The court also shall render judgment against the said officer or employee for the amount of damages sustained in favor of the party injured, to be collected by execution." [Emphasis added]



July 23, 2001

Rita Marina Hymes
c/o 2340 Ravenwood Avenue
Fairbanks. Alaska (99709)

*no resp·*

Deborah S. Decker, Director
Internal Revenue Service Center
P.O.Box 9941, MS 1000
Ogden, UT 84409          Cert mail no: 7099 3220 0006 3208 4351

Re: notice to levy dated July 16. 2001 in re: RITA M. HYMES, TIN 574142705

Ms. Decker,

How many letters does this make that you have failed to answer?
Not only have you not answered any of my previous correspondences for information. I am now
in receipt of a notice to levy.
I again have made a careful analysis of your examination changes report (see also previous
correspondence). I still do not find that it includes certain information requisite to the alleged tax
liability. With respect to (RRA98) Section 3401, I am (again) requesting the report. I am
requesting the production of these documents. together with the missing information as listed
herein:

1. the full name and employee number of the assessment officer of this tax period;

2. a complete facsimile of the assessment certificate for this tax period;

3. Furthermore, I am demanding that you produce the proper Form 23C in strict compliance with
26 CFR 301.6203 for the tax period included in your examination exchange report.

4. I am demanding that you produce the Notice of Assessment (Form 2162) as required by 26
USC 6303(a). This record must be certified and dated by an authorized assessment officer.

5. You must include all other supporting records as required by 26 CFR 301.6203-1.

6. I am also demanding that you produce each record of decisions amending, revoking, rendering
obsolete or otherwise affecting Form 23C, authority of "Account 6110 Tax Assessments" with
respect to Internal Revenue Manual 3(17)(63)(14).1.
NOTICE: Do not substitute these documents with RACS 006, as it fails to include the elements
which would determine the character or kind of tax with respect to the entity and tax modules
maintained by your agency about me, individually. If you do this, I will appeal this request.

165

1

7. Furthermore, if you have filed a Notice of Federal Tax Lien against my property, I demand that you produce a facsimile of any Treasury Decisions amending, revoking, rendering obsolete or otherwise effecting Treasure Decision 1995 pertaining to Assessed taxes- Notice and demand, Form 17."

Please also be advised of the following:

INTERNAL REVENUE MANUAL 3(17)(63)(14).1
Account 6110 Tax Assessments

(2)   All assessments must be recorded on Form 23C Assessment Certificate.  The Assessment Certificate must be signed by the Assessment Officer and dated.  The Assessment Certificate is the legal document that permits collection activity...

INTERNAL REVENUE MANUAL 3(17)(46)2.3
Certification

1.   All assessments must be certified by signature of an authorized official on Form 23C Assessment Certificate.  A signed Form 23C authorizes issuance of notices and other collection action...
2.   Some assessments are prescribed for expeditious action and can be certified on a daily basis. These assessments will require immediate preparation of Form 23C from RACS...
Form 23C is described in Document 7130, IRS Printed Product Catalog as:

23C-Assessment certificate-Summary Record of Assessments

Form 23C is used to officially assess tax liabilities.  The completed form is retained in the Service Center case file as a legal document to support the assessment made against the taxpayer.  This status notice is reissued to update the status notice file.  TR:R:A Internal Use.

The following excerpt was taken from the October 1999 IRM.

"1.3.13.3.7 Requests for Form 23C, Form 4340, Computer Generated Notices, and Delegation Orders

(2) Responses to requests for Form 23C which merely advise the requester that there is no Form 23C with (his or her ) name on it "open the door for the requesters to utilize a "no assessment response" when challenging a statutory notice of deficiency.

(a) To avoid this problem, Disclosure Officers should betaking the forms 23C or RACS Report-006, whichever is used (and related assessment records, such as Form 4340, Certificate of assessments and Payments, Form 8166, Revenue Accounting Control System Input Reconciliation Sheet, etc.) Available even though, technically speaking, the requester's name does not appear on them.
Note: Records should be made available to requesters which show the same information that would have been shown on Form 23C if one with the requester's name on had existed.