I shall expect an answer or abatement within 10 working days of your receipt of this letter.

Rita Marina Hymes
Secured Party for RITA M. HYMES

encl.: copy of notice to levy
cc: Ogden Service Center
Sen. Ted Stevens
Sen. Frank Myrkowski



**DEPARTMENT OF THE TREASURY**
**INTERNAL REVENUE SERVICE**
**WASHINGTON, D.C. 20224**

July 5, 2001

*never rec'd*

Rita MariNa Hymes
c/o 2340 Ravenwood Avenue
Fairbanks, AK 99709

Dear Ms. Hymes:

This is in response to your Freedom of Information Act and Privacy Act request dated May 30, 2001, and received in our office June 7, 2001.

We must ask for additional time to locate and consider releasing the Internal Revenue Service records covered in your Freedom of Information Act (FOIA) request dated May 30, 2001. We will try to respond within 30 days from the date of this letter. We are sorry for any inconvenience the delay may cause.

**IF YOU AGREE TO THIS VOLUNTARY EXTENSION**
If you agree to this extension of time, no reply to this letter is necessary. You will still have the right to file an appeal if we subsequently deny your request. You may wish to consider limiting the scope of your request so that we can process it more quickly. If you want to limit your request, please contact the person whose name and telephone number are shown below.

**IF YOU DO NOT AGREE TO THIS VOLUNTARY EXTENSION**
If you do not agree to this extension and do not want to modify the scope of your request, you may file suit. See 5 U.S.C. 552(a)(6)(C)(i). You may not appeal this letter. See revised FOIA regulations, at 31 C.F.R. 1.5(j) and 65 FEDERAL REGISTER 40503-40516 (June 30, 2000).

To file suit you must petition the U.S. District Court in the district in which you live or work, or where the records are located, or in the District of Columbia, to obtain a response to your request. Your petition will be treated according to the Federal Rules of Civil Procedure which apply to actions against any agency of the United States. These procedures require that the IRS be notified of the pending suit, through service of process, which should be directed to:

Commissioner of Internal Revenue
Attention: CC:PA:DPL
1111 Constitution Avenue, N.W.
Washington, D.C. 20224



Rita Marina Hymes
c/o 2340 Ravenwood Avenue
Fairbanks, Alaska (99709)

June 18, 2001                    Certified Mail No.   7000 1530 0001 0746 2703


Deborah S. Decker, Director
Internal Revenue Service Center
P.O.Box 9941, MS 1000
Ogden, UT 84409
Re.: REQUEST FOR YOUR TAX RETURN, dated 6/11/01 in re:
RITA M. HYMES, TIN 574142705

Dear Ms. Decker:

   Rita Marina Hymes is in receipt of a REQUEST FOR YOUR TAX RETURN from your office
(copy enclosed) that is deficient because it does not contain:
1.  As per RAA98: the full name, job title and identifying number of the person who generated
that REQUEST;

2. The OMB Number


   This document purports to be a REQUEST.  However, the correspondence alleges an  amount of
money due for the year  1999, but fails the statutory provisions of sections 6211 and 6212.
Therefore, it must be abated pursuant to Section 6404(a)(3).
You have previously been contacted about this matter and similar letters which Rita Marina
Hymes received from your office. To date, you have failed to reply to those letters and/or supply
the requested information and documentation.

   Regarding the requirement of Section 6501(c)(3), Rita Marina Hymes denies any requirement to
file a tax return under Subtitle A, Chapters 1 and/or 3, i.e., does not have any "Foreign Earned
Income," and is not a non resident alien, officer of a foreign corporation, or involved in any way
with a foreign tax exempt organization.

Internal Revenue Code Sections 6651(a)(1) and 6654(a) apply to Title 27 United States Code, and
section 6654 relates to Title 26 United States Code, Chapter 1, and as exemplified within 26 Code
of the Federal Regulations Part 600, Section 602.101, that the procedures relate to "Foreign Earned
Income". Rita Marina Hymes declares that she did not work outside of the States of the Union
 for the years cited within the NOTICE OF DEFICIENCY. Therefore, Internal Revenue Code
section 6654(3)(2)(C) is applicable to her.

   Further, according to 26 CFR, Section 1.861-1(a):

      "Part I (section 861 and following), subchapter N, Chapter 1 of the Code, and the

Treasury/IRS 22.032,
  Individual Microfilm Retention Register, D:R:R;
Treasury/IRS 22.034,
  Individual Returns Files, Adjustments and Miscellaneous Documents File;
Treasury/IRS 22.060,
  Unit Ledger Cards;
Treasury/IRS 24.013,
  Combined Account Number File, Returns and Information Processing, D:R:R;
Treasury/IRS 24.029,
  Individual Account Number File (IANF), Returns and Information Processing;
Treasury/IRS 26.020,
  TDI (Taxpayer Delinquency Investigation Files);
**Treasury/IRS 42.001,**
  Examination Administrative File;
Treasury/IRS 42.008,
  Audit Information Management System (AIMS);
Treasury/IRS 42.021,
  Compliance Programs and Projects Files;
Treasury/IRS 46.004,
  Controlled Accounts -- Open and Closed;

As you're probably aware, certain systems of records identified in this request have been generally deemed exempt from notification and access under 5 U.S.C. § 552a(k)(2). In order to expedite processing of the request in light of this fact, I am hereby notifying you pursuant to IRM, Handbook No. 1272, (18)21(1)(j), that Ms. Hymes is being denied her rights to access which she would otherwise be entitled to under Federal law (5 USC § 552a(d)(1)) as a result of the maintenance of such material. In light of this notification, the only documents that survive my request are those specific documents that "...would reveal the identity of a source who furnished information to the Government under an express promise that the identity of the source would be held in confidence..." Therefore, please promptly provide copies of all requested documents, redacting any portions that identify a government informant.

I hereby declare that:

1.  I am not currently under suspension or disbarment from practice before the Internal Revenue Service or other practice of my profession by any other authority;
2.  I am aware of the regulations contained in Title 31 CFR part 10 concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries and others;
3.  I am authorized to represent the individual identified in the power of attorney;
4.  I am an individual described in Title 26 Code of Federal Regulation Part 600, at 26 CFR § 601.502(a)(1) and (2), §601.502(b)(5)(ii) and in Circular 230 at §10.7(c)(1)(iv); and

170

regulations thereunder determine the sources of income for purposes of the income tax."

26 CFR, Section 1.861-8(a)(1) states, in part:
    "The rules contained in this section apply in determining taxable income of the taxpayer
  from specific sources and activities under other sections of the Code, referred to in this
section as operative sections. See paragraph (f)(1) of this section for a list and description of
operative sections."

The items of 'compensation' listed in the above referenced correspondence was not derived from
the taxable "sources" listed in 26 CFR section 1.861-8(f)(1) and are therefore not "taxable income"
as defined in the Internal Revenue Code.

   Rita Marina Hymes did not file an income tax return pursuant to "....subtitle A or B or
chapters 41, 42, 43 or 44.." of the Internal Revenue Code for the year in question.

    "P-1-156:
     "Keeping the taxpaying public informed by communicating provisions of the law in
understandable terms..";
    "P-1-179:
     "Since taxpayers must compute their taxes under a body of laws and regulations, some of
the provisions of which are complex, the Service has the responsibility of providing taxpayers with
all possible information to assist them in the performance of their obligations.." and:
    "P-1-180:
     "The Service recognizes the people's right to know about their tax laws and the manner in
which they are being administrated."

   As stated above, the purpose of this letter is to put you on notice that the correspondence from
your office:

   a) was not signed pursuant to section 6065;
   b) no OMB number was evidenced;
   c) the item of compensation listed within the correspondence were not derived from the taxable
sources listed in 26 CFR, Section 1.861-8(f)(1), and is therefore not "taxable income".


Under penalty of perjury I declare that the foregoing is true to the best of my knowledge and
belief.


Rita Marina Hymes



Secured Party



enclosure: request for your tax return

/7/



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

June 15, 2001

*NEVER RECIEVED*

Rita Hymes
c/o 2340 Ravenwood Avenue
Fairbanks, AK  99709

Dear Ms. Hymes:

This is in response to your Privacy Act request dated May 11, 2001, and received in our office May 21, 2001.

The notification and access provisions of the Privacy Act do not apply to certain system of records.  However, Privacy Act section 5 U.S.C. 552a(t)(2) requires the Service to consider the provisions of the Freedom of Information Act, which provides greater access to records.  Therefore, we are processing your request under the Freedom of Information Act.

This office is not required to decide what you consider to be "authenticated documents identifying the source."  However, the Notice of Deficiency sent to you for tax year 1999, included the Form 4549-CG, which identified the source of income to which the Notice relates.  They also show how the tax was computed.  Subsequent inquiries in this regard will not be considered.  The Act does not require agencies to give a requester information previously provided.

If you have any questions regarding this correspondence, Case Control Number KW0104304, contact Kenneth Wilder, #2999006383, at (801) 620-7643 between the hours of 8:00 a.m. and 4:30 p.m. Mountain Time.

Sincerely,

JaNean Ellis

JaNean Ellis
Disclosure Officer

Attachment(s):

*NU response*

*May 11, 2001*

## PRIVACY ACT REQUEST
## for notification and access

Concerning:    RITA HYMES
              c/o 2340 Ravenwood Avenue
              Fairbanks, Alaska (99709)

IRS Reference number: 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

Certified Mail No.  7000 1670 0011 1574 3539

Rodney Strickland, Disclosure Officer
Internal Revenue Center
P.O.Box 9941, MS 7000 OSC
Ogden, UT 84409

Dear Mr. Strickland:

This is a request under the Privacy Act, 5 U.S.C. 552a

   This is my firm promise to pay costs up to 17.00 for duplicating the documents requested below, as required by 5 U.S.C. 552a(f)(5). If costs are expected tp exceed the stated amount, please send me an estimate of costs. Please reply within ten (10) days of your receipt of this request and provide me with instructions on perfecting any errors, pursuant to IRM, Handbook No. 1272 (18)22(5). Otherwise, please process it in a timely manner pursuant to IRM, Handbook No. 1272 (18)22(4), not later than thirty (30) days of your receipt, pursuant to IRM 1272 (18)22(15).

   If you find this request imperfect in any way, please provide me with a copy of all the rules necessary for me to perfect this request. In addition, please provide me with any and all procedures required to exhaust all administrative remedies before requesting judicial review.

   Please be advised that I am requesting records pursuant to 5 U.S.C. 552(a)(d)(1). I am not requesting any amendment of records.

   Please forward copies of all the authenticated documents identifying the "source" from which the "income" relating to the "Income Tax Examination Changes" dated May 3, 2001 for the year 1999 was derived. Please search the following system of records for the documents requested:
1. Treasury/IRS  22.032,
      Individual Microfilm Retention Register, D:R:R;
2. Treasury/IRS 22.34, Individual Returns Files, Adjustments and Miscellaneous Documents  File.
3. Treasury/IRS  22.060,
      Unit Ledger Cards;
4.  Treasury/IRS  24.013,



Combined Account Number File, Returns and Information Processing, D:R:R;
5.  Treasury/IRS  24.029,
    Individual Account Number File (IANF), Returns and Information Processing;
6.  Treasury/IRS  26.020,
    TDI (Taxpayer Delinquency Investigation Files);
7.  Treasury/IRS  42.001,
    Examination Administrative File,
8.  Treasury/IRS 42.008,
    Audit Information Management System (AIMS);
9.  Treasury/IRS 42.021,
    Compliance Programs and Projects Files,
10. Treasury/IRS 46.004,
    Controlled Accounts–Open and Closed.

As you are probably aware, certain systems of records identified in this request have been generally deemed exempt from notification and access under 5 U.S.C., Section 552a(k)(2). In order to expedite processing of the request in light of this fact, I am hereby notifying you pursuant to IRM, Handbook No. 1272 (18)21(1)(j), that I am being denied my rights to access which I would otherwise be entitled to under Federal Law (5 U.S.C., Section 552a(d)(1) as a result of the maintenance of such material. In light of this notification, the only documents that survive my request are those specific documents that ".....would reveal the identity of a source who furnished information to the Government under an express promise that the identity of the source would be held in confidence..." Therefore, please promptly provide copies of all requested documents, redacting any portions that identify a government informant.

The foregoing is true to the best of my knowledge and belief.

Rita MariNa Hymes

Secured party

Subscribed and sworn to before me, a Notary Public of the State of Alaska, Fairbanks North Star Borough, this ___11___-day of May, 2001, that the above named individual did appear before me and was identified to be the individual executing this document.

Notary

My Commission Expires:  ___12-13-23.___

174

Concerning:
Rita Hymes
2340 Ravenwood Avenue
Fairbanks, Alaska 99709
IRS Reference Number: 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

*NU RESP*

Person making response via attached Power-of-Attorney pursuant to 26 CFR § 301.6103(c)-1, 26 CFR § 601.502(a), 26 CFR § 601.502(b)(5)(ii) and Treasury Circular No. 230, at § 10.7(c)(1)(iv):
John B. Kotmair, Jr., Representative Number 2605-47815R
Post Office Box 91, Westminster, MD 21158

January 17, 2001                          Certified Mail No. 7000 0520 0021 1881 6564

Deborah S. Decker, Director
Internal Revenue Service Center
P.O. Box 9941, MS 1000 OSC
Ogden, UT 84409

*C O P Y*

Dear Ms. Decker:

On November 7, 2000, Ms. Hymes responded to an alleged "Notice of Deficiency", dated October 20, 2000, for the years 1995, 1996, 1997 and 1998, requesting abatement of the alleged assessment against her pursuant to IRC § 6404(a)(3). As of this date, she has yet to receive any response from you that is pursuant to IR Manual 1218, "Policies of the Internal Revenue Service" as stated below and in the November 7, 2000 letter:

"P-1-156:
"Keeping the taxpaying public informed by communicating provisions of the law in understandable terms...";
"P-1-179:
"Since taxpayers must compute their taxes under a body of laws and regulations, some of the provisions of which are complex, the Service has the responsibility of providing taxpayers with all possible information to assist them in the performance of their obligations." and;
"P-1-180:
"The Service recognizes the people's right to know about their tax laws and the manner in which they are being administrated."

Therefore, please either respond to the specific statements and questions contained within the November 7, 2000, petition or **abate the assessment pursuant to § 6404(a)(3), Title 26, U.S. Code.**

If you contend that our appeal is without merit, we will accept your execution of the enclosed affidavit as a response. If I do not hear from you within 30 days from the receipt of this

Page 1 of 3

letter, it will be presumed that you, and all those within your office that are involved, are acting without authority. It will also be presumed that you are denying Ms. Hymes's Administrative Appeal rights.

I hereby declare that:

1.  I am not currently under suspension or disbarment from practice before the Internal Revenue Service or other practice of my profession by any other authority;
2.  I am aware of the regulations contained in Title 31 CFR part 10 concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries and others;
3.  I am authorized to represent the individual identified in the power of attorney;
4.  I am an individual described in Title 26 Code of Federal Regulation Part 600, at 26 CFR § 601.502(a)(1) and (2), §601.502(b)(5)(ii) and in Circular 230 at §10.7(c)(1)(iv); and
5.  the original attached Power-of-Attorney is valid under the laws of the State of Maryland.

Under penalty of perjury, I declare that the foregoing is true to the best of my knowledge and belief.

Sincerely,

John B. Kotmair, Jr.

Enclosures: Original Power-of-Attorney; copy of page one of the petition for abatement, dated November 7, 2000.

cc: Rita Hymes



Page 2 of 3



Your citing of Internal Revenue Code §§ 6651(a)(1) and 6654(a) within the attachments to the "NOTICE OF DEFICIENCY" are wrongfully applied pursuant to the Code of Federal Regulations Index. According to this Index these sections apply to Title 27 United States Code, and section 6654(A) relates to Title 26 United States Code Chapter 1, and as exemplified within 26 Code of Federal Regulations Part 600, Section 602.101, that the procedures relate to "Foreign Earned Income." Ms. Hymes declared to me that she did not work outside of the States of the Union for the years cited within the "NOTICE OF DEFICIENCY." Therefore, Internal Revenue Code § 6654(e)(2)(C) is applicable to her.

Further, according to 26 CFR § 1.861-1(a):

> "Part I (section 861 and following), Subchapter N, Chapter 1 of the Code, and the regulations thereunder determine the sources of income for purposes of the income tax."

26 CFR § 1.861-8(a)(1) states, in part:
> "The rules contained in this section apply in determining taxable income of the taxpayer from specific sources and activities under other sections of the Code, referred to in this section as operative sections. See paragraph (f)(1) of this section for a list and description of operative sections."

The items of income listed on the worksheets enclosed with the alleged "Notice of Deficiency" are not derived from the taxable "sources" listed in 26 CFR § 1.861-8(f)(1), and are therefore not "taxable income" as defined in the Internal Revenue Code.

Since Ms. Hymes did not file income tax returns made pursuant to ". . .subtitle A or B or chapter 41, 42, 43, or 44. . ." of the Internal Revenue Code for the years in question, would you please tell me what statutory procedure(s) you are proceeding under the authority of? Please respond pursuant to IR Manual 1218, "Policies of the Internal Revenue Service":

> "P-1-156:
> "Keeping the taxpaying public informed by communicating provisions of the law in understandable terms...";
> "P-1-179:
> "Since taxpayers must compute their taxes under a body of laws and regulations, some of the provisions of which are complex, the Service has the responsibility of providing taxpayers with all possible information to assist them in the performance of their obligations." and;
> "P-1-180:
> "The Service recognizes the people's right to know about their tax laws and the manner in which they are being administrated."

As stated above, the purpose of this letter is to put you on notice of the wrongful assessment procedures and the fact that the notice itself is deficient, by:

(a) not stating therein all of Ms. Hymes's appeal rights, i.e. section 6404(a)(3);
(b) the notice was not signed pursuant to section 6065;

Page 2 of 6    *Nov 7/2010*
*Decker, Director*
*IRS*

*177*

# PRIVACY ACT REQUEST
## FOR NOTIFICATION AND ACCESS

Concerning:

—

IRS Reference Numbe

Person making request via attached Power-of-Attorney pursuant to 26 CFR § 301.6103(c)-1, 26 CFR § 601.502(a), 26 CFR § 601.502(b)(5)(ii) and Treasury Circular No. 230, at § 10.7(c)(1)(iv):

                              __-47815R

—

November 8, 2000                    Certified Mail No. 7099 3400 0020 1436 3232

Rodney J Strickland, Disclosure Officer
Internal Revenue Service Center
P.O. Box 9941, MS 7000 OSC
Ogden, UT  84409

Dear Mr. Strickland:

This is a request under the Privacy Act, 5 USC 552a.

This is my firm promise to pay costs up to $17.00 for duplicating the documents requested below, as required by 5 USC 552a(f)(5). If costs are expected to exceed the stated amount, please send me an estimate of costs. Please reply within 10 days of your receipt of this request and provide me with instructions on perfecting any errors, pursuant to IRM, Handbook No. 1272, (18)22(5). Otherwise, please process it in a timely manner pursuant to IRM, Handbook No. 1272, (18)22(4), not later than 30 days of your receipt, pursuant to IR Manual 1272, (18)22(15).

If you find this request imperfect in any way please provide me with a copy of all the rules necessary for me to perfect this request. In addition please advise me of any and all procedures required to exhaust all administrative remedies before requesting judicial review.

Please be advised that I am requesting records pursuant to 5 USC 552a(d)(1). I am not requesting any amendment of records.

Please forward copies of all the authenticated documents identifying the "source" from which the "income" relating to the "NOTICE OF DEFICIENCY" dated October 20, 2000, for the years 1995 through and including 1998, was derived. Please search the following system of records for the document(s) requested:

Page 1 of 3



Concerning:
Rita Hymes
2340 Ravenwood Avenue
Fairbanks, Alaska 99709
IRS Reference Number: 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

Person making response via attached Power-of-Attorney pursuant to 26 CFR § 301.6103(c)-1, 26 CFR § 601.502(a), 26 CFR § 601.502(b)(5)(ii) and Treasury Circular No. 230, at § 10.7(c)(1)(iv):
John B. Kotmair, Jr., Representative Number 2605-47815R
Post Office Box 91, Westminster, MD 21158

November 7, 2000                    Certified Mail No. 7099 3400 0020 1436 3249

Re:    "NOTICE OF DEFICIENCY" dated October 20, 2000; and,
       IR Code § 6404(a)(3), "ABATEMENTS".

Deborah S. Decker, Director
Internal Revenue Service Center
P.O. Box 9941, MS 1000
Ogden, UT 84409

Dear Ms. Decker:

Ms. Hymes is in receipt of a document from your office (copy enclosed) that is deficient because it does not contain a "...declaration that it is made under the penalties of perjury" (Internal Revenue Code § 6065), and is void of any mention of appeal rights pursuant to Internal Revenue Code § 6404(a)(3). This document purports to be a "NOTICE OF DEFICIENCY," alleging various amounts of money due for the years 1995 through and include 1998, but fails the statutory provisions of §§ 6211 and 6212. Therefore, it must be abated pursuant to § 6404(a)(3). The following is my response to this unquestionably wrongful assessment procedure:

Please be advised that Ms. Hymes has related to me that she has not submitted any type of tax return forms for the years in question to the Internal Revenue Service for a "DEFICIENCY" to occur in. It is obviously absurd for you to claim that you have the authority to file returns for Ms. Hymes, create a "DEFICIENCY" within those returns, and then give her "NOTICE" of that "DEFICIENCY." According to the Internal Revenue Code, the correct procedure to follow when a required filing of a tax return is not made, is outlined in § 6501(c)(3).

Regarding the requirements of § 6501(c)(3), Ms. Hymes denies any requirement to file a tax return under Subtitle A, Chapters 1 and/or 3, i.e., does not have any "Foreign Earned Income," and is not a nonresident alien, officer of a foreign corporation, or involved in any way with a foreign tax exempt organization.

Page 1 of 6

Concerning:
Rita Hymes
2340 Ravenwood Avenue
Fairbanks, Alaska  99709
IRS Reference Number: 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

Person making response via attached Power-of-Attorney pursuant to 26 CFR § 301.6103(c)-1, 26 CFR § 601.502(a), 26 CFR § 601.502(b)(5)(ii) and Treasury Circular No. 230, at § 10.7(c)(1)(iv):
John B. Kotmair, Jr.,  Representative Number 2605-47815R
Post Office Box 91, Westminster, MD 21158

October 25, 2000                          Certified Mail No. 7099 3220 0007 5851 2493

Ms. Salinas, Tax Technician
Internal Revenue Service
1160 West 1200 South
Ogden, UT 84201

Re:   (i) Written Protest and Request for Appeals sent August 9,, 2000;
      (ii) Reply dated September 20, 2000.

Dear Ms. Salinas:

On August 9,, 2000, I forwarded to Deborah S. Decker, Director of the Ogden Service Center a written protest to the proposed assessment, dated July 20, 2000,  and requested an Appeals conference on behalf of Ms. Hymes.

In your letter, dated September 20, 2000, you state "We considered the information provided by Mr. John B. Kotmair, Jr., dated August 9,, 2000, concerning your income tax liability for the 1995, 1996, 1997 and 1998 shown above and found that it doesn't justify changing our previous determination."  Ms. Salinas, by what authority do you deny Ms. Hymes her right to a fair and impartial hearing before an Appeals officer?  26 CFR § 601.106, entitled "Appeals Functions", states in part:

> "(f) Conference and practice requirements
>
> > (5) Rule V
> > ... The protest and any new facts, law, or arguments presented therewith will be reviewed by the receiving office for the purpose of deciding whether further development or action is required *prior to referring the case to Appeals*." [emphasis added]

It is clear that your review of Ms. Hymes's Written Protest is to determine if any actions are needed *before* her case is transferred to Appeals, and is certainly not a substitute for an Appeals conference.  Therefore, it is your duty, now that you have performed your review, to forward her case to Appeals so that her conference can be arranged.  If you refuse to refer her

case to Appeals, in spite of your requirement to do so, then you are denying Ms. Hymes her rights to administrative appeal and due process.

All such violations of Ms. Hymes's rights will invalidate any collection actions taken in regards to these proposed assessments, as well as subject you personally to criminal and/or civil penalties. Please be advised that Ms. Hymes intends to prosecute all violations of her rights to the fullest extent possible.

You further state, "The United States Supreme Court consistently has ruled that the income tax laws are constitutional." Ms. Salinas, doesn't it embarrass you to repeat these same trite statements? Nowhere within Ms. Hymes's Written Protest is there any reference made to the tax laws being unconstitutional. In fact, we agree that the Internal Revenue Code, *as it is written*, is Constitutional, so there is no reason to discuss that issue any further. The problem stems from the fact that the Internal Revenue Service wrongfully *applies* the law outside of their limited and lawful authority.

You go on to state, "The Internal Revenue Service is charged with the responsibility for seeing that taxpayers comply with the internal revenue laws." Surely this is a misstatement. Or, is it your contention that the IRS does not have the responsibility to ensure that *everyone, including IRS employees*, comply with the law? If so, please inform me whose responsibility it is to ensure the IRS' compliance with the internal revenue laws.

Therefore, please reply within 14 days of your receipt of this letter by either granting the conference, or providing me with the citations of law, regulation, or agency policy supporting your actions. If you fail to reply as requested, it will be presumed that you are denying Ms. Hymes's due process and administrative appeal rights, and proceeding wrongfully.

I hereby declare that:

1. I am not currently under suspension or disbarment from practice before the Internal Revenue Service or other practice of my profession by any other authority;
2. I am aware of the regulations contained in Title 31 CFR part 10 concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries and others;
3. I am authorized to represent the individual identified in the power of attorney;
4. I am an individual described in Title 26 Code of Federal Regulation Part 600, at 26 CFR § 601.502(a)(1) and (2), §601.502(b)(5)(ii) and in Circular 230 at §10.7(c)(1)(iv); and
5. the original attached Power-of-Attorney is valid under the laws of the State of Maryland.

PRIVACY ACT
REQUEST FOR NOTIFICATION AND ACCESS



Concerning:
Rita Hymes
2340 Ravenwood Avenue
Fairbanks, Alaska  99709
IRS Reference Number: 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

Person making request via attached Power-of-Attorney pursuant to 26 CFR § 301.6103(c)-1, 26 CFR § 601.502(a), 26 CFR § 601.502(b)(5)(ii) and Treasury Circular No. 230, at § 10.7(c)(1)(iv):
John B. Kotmair, Jr.,  Representative Number 2605-47815R
Post Office Box 91, Westminster, MD 21158

October 11, 2000                    Certified Mail No. 7099 3220 0007 5851 1755

Rodney J Strickland, Disclosure Officer
Internal Revenue Service Center
P.O. Box 9941, MS 7000 OSC
Ogden, UT  84409

Dear Mr. Strickland:

This is a request under the Privacy Act, 5 USC 552a.

This is my firm promise to pay costs up to $17.00 for duplicating the documents requested below, as required by 5 USC 552a(f)(5).  If costs are expected to exceed the stated amount, please send me an estimate of costs.  Please reply within 10 days of your receipt of this request and provide me with instructions on perfecting any errors, pursuant to IRM, Handbook No. 1272, (18)22(5).  Otherwise, please process it in a timely manner pursuant to IRM, Handbook No. 1272, (18)22(4), not later than 30 days of your receipt, pursuant to IR Manual 1272, (18)22(15).

If you find this request imperfect in any way please provide me with a copy of all the rules necessary for me to perfect this request.  In addition please advise me of any and all procedures required to exhaust all administrative remedies before requesting judicial review.

Please be advised that I am requesting records pursuant to 5 USC 552a(d)(1).  I am not requesting any amendment of records.

(I)    Please send me copies of all Forms 5546 "Examination Return Charge-out", or any other related "charge-out" forms for the years 1995 through and including 1998, pertaining to Ms. Hymes.

Page 1 of 3

**(II)** In addition to the above, please also send me copies of any "AMDIS" computer prints for the years identified in item (I).

Please search the following systems of records for the documents requested in items (I) and (II):

        Treasury/IRS 42.001, Examination Administrative File.
        Treasury/IRS 42.008, Audit Information Management System (AIMS);

**(III)** Finally, please send me copies of all documents contained in the system of records, 42.008, "Audit Information Management System," pertaining to Ms. Hymes, specifically being those documents relating to the AIMS processing of the case for the years identified in item (I).

    As you're probably aware, certain systems of records identified in this request have been generally deemed exempt from notification and access under 5 U.S.C. § 552a(k)(2). In order to expedite processing of the request in light of this fact, I am hereby notifying you pursuant to IRM, Handbook No. 1272, (18)21(1)(j), that Ms. Hymes is being denied her rights to access which she would otherwise be entitled to under Federal law (5 USC § 552a(d)(1)) as a result of the maintenance of such material. In light of this notification, the only documents that survive my request are those specific documents that "...would reveal the identity of a source who furnished information to the Government under an express promise that the identity of the source would be held in confidence..." Therefore, please promptly provide copies of all requested documents, redacting any portions that identify a government informant.

    I hereby declare that:

1.    I am not currently under suspension or disbarment from practice before the Internal Revenue Service or other practice of my profession by any other authority;
2.    I am aware of the regulations contained in Title 31 CFR part 10 concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries and others;
3.    I am authorized to represent the individual identified in the power of attorney;
4.    I am an individual described in Title 26 Code of Federal Regulation Part 600, at 26 CFR § 601.502(a)(1) and (2), §601.502(b)(5)(ii) and in Circular 230 at §10.7(c)(1)(iv); and
5.    the original attached Power-of-Attorney is valid under the laws of the State of Maryland.

    The foregoing is true to the best of my knowledge and belief.

                Sincerely,

                John B. Kotmair, Jr.

*no res p'*

Concerning:
Rita Hymes
2340 Ravenwood Avenue
Fairbanks, Alaska 99709
IRS Reference Number: 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

Person making response via attached Power-of-Attorney pursuant to 26 CFR § 301.6103(c)-1, 26 CFR § 601.502(a), 26 CFR § 601.502(b)(5)(ii) and Treasury Circular No. 230, at § 10.7(c)(1)(iv):
John B. Kotmair, Jr., Representative Number 2605-47815R
Post Office Box 91, Westminster, MD 21158

October 10, 2000                    Certified Mail No. 7099 3220 0007 5851 1748

Re: Written protest, dated August 9, 2000, concerning the years 1995, 1996, 1997 and 1998.

Deborah S. Decker, Director
Internal Revenue Service Center
P.O. Box 9941, MS 1000 OSC
Ogden, UT 84409

Dear Ms. Decker:

On August 9, 2000, I submitted a written protest to the Letter 1862, dated July 20, 2000, for the years 1995, 1996, 1997 and 1998 to you on behalf of Ms. Hymes. I have enclosed a copy of page one for your reference. This protest was sent by Certified Mail No. 7099 3220 0006 5186 7492, and the Postal Service Form 3811 shows that you received it on August 16, 2000. As of this date, I have not received a response from you on this matter.

If you do not respond within 30 days of your receipt of this letter it will be presumed that you are denying Ms. Hymes's rights to Administrative Appeal and due process of law.

I hereby declare that:

1.  I am not currently under suspension or disbarment from practice before the Internal Revenue Service or other practice of my profession by any other authority;

2.  I am aware of the regulations contained in Title 31 CFR part 10 concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries and others;

3.  I am authorized to represent the individual identified in the power of attorney;

4.  I am an individual described in Title 26 Code of Federal Regulation Part 600, at 26 CFR § 601.502(a)(1) and (2), §601.502(b)(5)(ii) and in Circular 230 at §10.7(c)(1)(iv); and

Page 1 of 2

Concerning:
Rita Hymes
2340 Ravenwood Avenue
Fairbanks, Alaska 99709
IRS Reference Number: 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

Person making response via attached Power-of-Attorney pursuant to 26 CFR § 301.6103(c)-1, 26 CFR § 601.502(a), 26 CFR § 601.502(b)(5)(ii) and Treasury Circular No. 230, at § 10.7(c)(1)(iv):
John B. Kotmair, Jr., Representative Number 2605-47815R
Post Office Box 91, Westminster, MD 21158

August 9, 2000                                    Certified Mail No. 7099 3220 0006 5186 7492

Re: Letter 1862, dated July 20, 2000.

Deborah S. Decker, Director
Internal Revenue Service Center
P.O. Box 9941, MS 1000 OSC
Ogden, UT 84409

Dear Ms. Decker:

This letter is a written protest to the Letter 1862, dated July 20, 2000. It is submitted pursuant to instructions in Internal Revenue Service Publication 5, *"Appeal Rights and Preparation of Protests and Unagreed Cases."* I want to appeal the examination to the appeals office and I hereby request a conference on behalf of Ms. Hymes for the years you have proposed an adjustment: 1995, 1996 , 1997 and 1998. Since this appeal confines its subject matter to challenging the proposed assessment within the scope of the Internal Revenue Laws, as described in Publication 5, an appeals conference is an authorized and available appeal right to Ms. Hymes. Pursuant to IRM 8615, this letter is to serve as the statement of facts and statement of law relied on by the appellant, and the attachment is to serve as the schedule of disputed issues.

Your use of Letter 1862 must be in error. Ms. Hymes has informed me that he did not make or file any type of tax return for the years 1995, 1996 , 1997 and 1998 that could be "examined." Nor did he make any agreement with or request any assistance from anyone employed by the Internal Revenue Service pursuant to 26 U.S.C. § 6020(a) involving anything relating to those years. Therefore, how could there have been an examination of a tax return that never has existed?

>  "The taxpayer return is considered the account." Internal Revenue Manual Chapter 3, § 3(17)(46)1.2(10)(a).

Also, because you are basing this action on the provisions of Subtitle C, it is outside the authority of 26 U.S.C. § 6211, and subsequently § 6212; and in violation of §§ 6061 and 6065.

Page 1 of 3

Therefore, we insist that this notice be abated pursuant to 26 U.S.C. §§ 6213(b)(2) and 6404(a)(3).

If you are planning to continue pressing this claim of assessment, please cite the statutory authority that you claim to be acting in pursuance thereof.

Ms. Decker, for the above reasons you can consider this letter as a challenge to your authority. I believe the circumstantial facts involving this matter are reason enough to put you on notice that this is a wrongful assessment procedure. If you do not respond within 30 days of your receipt of this protest granting a conference, I demand that you forward Ms. Hymes's appeal rights. If the above enumerated facts are not rebutted individually, they will be presumed to be correct.

I declare that I have examined the statement of facts presented in this protest and in any accompanying schedules and, to the best of my knowledge and belief, it is true, correct, and complete.

I hereby declare that:

1. I am not currently under suspension or disbarment from practice before the Internal Revenue Service or other practice of my profession by any other authority;
2. I am aware of the regulations contained in Title 31 CFR part 10 concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries and others;
3. I am authorized to represent the individual identified in the power of attorney;
4. I am an individual described in Title 26 Code of Federal Regulation Part 600, at 26 CFR § 601.502(a)(1) and (2), §601.502(b)(5)(ii) and in Circular 230 at §10.7(c)(1)(iv); and
5. the original attached Power-of-Attorney is valid under the laws of the State of Maryland.

Under penalty of perjury, I declare that the foregoing is true to the best of my knowledge and belief.

John B. Kotmair, Jr.

Enclosures:    Original Power-of-Attorney; copy of Letter 1862 dated July 20, 2000; Schedule of Disputed Issues.

cc: Rita Hymes

Page 2 of 3