## Schedule of Disputed Issues

(1)  Ms. Hymes has not filed a tax return that could be examined. Without this a "deficiency" in the "tax shown by the taxpayer on his return" under 26 USC 6211 cannot be justified, nor can a deficiency assessment be made under 26 USC 6212.

(2)  Ms. Hymes has neither signed a tax return under 26 USC 6020(a) or substitute agreement, nor consented to provide any information for the purpose of preparing a return under 26 USC 6020(a).

(3)  The notice received by Ms. Hymes was not authenticated pursuant to 26 USC §§ 6061 and 6065.

(4)  According to the notice, certain amounts supporting the assessment were includable under Gross Income under Subtitle A, Title 26, United States Code. The form submitted to the Office of Management and Budget by the National Office of the Internal Revenue Service, for payment of Income Taxes by individuals under Subtitle A, applies (and is limited) to "foreign-earned income." Ms. Hymes has not engaged in any activity outside of a State of the union for the period of the notice. Due to the fact that Ms. Hymes does not have an income tax liability under Subtitle A, there can be no "deficiency" assessment under 26 USC 6212. Title 26, United States Code, Section 6212 restricts the sending of a deficiency notice to cases of tax returns filed under "subtitle A or B or chapter 41, 42, 43 or 44 [subtitle D]" of the Code.

(5)  According to the notice, certain amounts alleged to support the assessment were wages, which are limited to the provisions of Subtitle C of the Internal Revenue Code. As such, they are outside of the "deficiency" assessment authority in 26 USC §§ 6211 and 6212.

PRIVACY ACT REQUEST
FOR NOTIFICATION AND ACCESS

Concerning:
Rita Hymes
2340 Ravenwood Avenue
Fairbanks, Alaska 99709
IRS Reference Number: 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

Person making request via attached Power-of-Attorney pursuant to 26 CFR § 301.6103(c)-1, 26 CFR § 601.502(a), 26 CFR § 601.502(b)(5)(ii) and Treasury Circular No. 230, at § 10.7(c)(1)(iv):
John B. Kotmair, Jr., Representative Number 2605-47815R
Post Office Box 91, Westminster, MD 21158

COPY

August 8, 2000                          Certified Mail No. 7099 3220 0006 5186 7508

Rodney J Strickland, Disclosure Officer
Internal Revenue Service Center
P.O. Box 9941, MS 7000 OSC
Ogden, UT 84409

Dear Mr. Strickland:

    This is a request under the Privacy Act, 5 USC 552a.

    This is my firm promise to pay costs up to $17.00 for duplicating the documents requested below, as required by 5 USC 552a(f)(5). If costs are expected to exceed the stated amount, please send me an estimate of costs. Please reply within 10 days of your receipt of this request and provide me with instructions on perfecting any errors, pursuant to IRM, Handbook No. 1272, (18)22(5). Otherwise, please process it in a timely manner pursuant to IRM, Handbook No. 1272, (18)22(4), not later than 30 days of your receipt, pursuant to IR Manual 1272, (18)22(15).

    If you find this request imperfect in any way please provide me with a copy of all the rules necessary for me to perfect this request. In addition please advise me of any and all procedures required to exhaust all administrative remedies before requesting judicial review.

    Please be advised that I am requesting records pursuant to 5 USC 552a(d)(1). I am not requesting any amendment of records.

    Please forward a copy of Form 4665, "Report Transmittal," Form 4549-A, "Income Tax Examination Changes" and the complete Form 3213, "Engineer's Memorandum Report," (or similar forms) that were used by the tax examiner to make a determination of deficiency and

Page 1 of 3

proposed assessment for the years 1995 through and including 1998. Please also forward any similar or related forms not mentioned above.

Please search the following system of records for the documents requested:
Treasury/IRS 42.001, Examination Administrative File.

As you're probably aware, certain systems of records identified in this request have been generally deemed exempt from notification and access under 5 U.S.C. § 552a(k)(2). In order to expedite processing of the request in light of this fact, I am hereby notifying you pursuant to IRM, Handbook No. 1272, (18)21(1)(j), that Ms. Hymes is being denied her rights to access which she would otherwise be entitled to under Federal law (5 USC § 552a(d)(1)) as a result of the maintenance of such material. In light of this notification, the only documents that survive my request are those specific documents that "...would reveal the identity of a source who furnished information to the Government under an express promise that the identity of the source would be held in confidence..." Therefore, please promptly provide copies of all requested documents, redacting any portions that identify a government informant.

I hereby declare that:

1. I am not currently under suspension or disbarment from practice before the Internal Revenue Service or other practice of my profession by any other authority;
2. I am aware of the regulations contained in Title 31 CFR part 10 concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries and others;
3. I am authorized to represent the individual identified in the power of attorney;
4. I am an individual described in Title 26 Code of Federal Regulation Part 600, at 26 CFR § 601.502(a)(1) and (2), §601.502(b)(5)(ii) and in Circular 230 at §10.7(c)(1)(iv); and
5. the original attached Power-of-Attorney is valid under the laws of the State of Maryland.

The foregoing is true to the best of my knowledge and belief.

*John B. Kotmair, Jr.*
John B. Kotmair, Jr.

NU resp

COPY

Concerning:
Rita Hymes
2340 Ravenwood Ave.
Rairbanks AK 99709
IRS Reference Number: 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

Person making response via attached Power-of-Attorney pursuant to 26 CFR § 301.6103(c)-1, 26 CFR §§ 601.502(a)(1)and (2), 601.502(b)(5)(ii) and Treasury Department Circular No. 230, at § 10.7(a)(2):
John B. Kotmair, Jr.
P.O. Box 91, Westminster, MD 21158

May 29, 1997           Certified Mail No. P 148 403 403

Re: Attached Letter CP-515.


Deborah S. Decker, Director
Internal Revenue Service Center
PO Box 9941, MS 1000 OSC
Ogden, UT 84409

Dear Decker:

    Mrs. Hymes has given me Power-of-Attorney to represent her for the purposes of your inquiry. Therefore, all future correspondence should be forwarded to me. Please contain all communications to a written form, so that a permanent record can be maintained.

    Your CP-515 does not have an OMB Control Number as required in IRM 35(44)0, "Correspondence." It states at Section 35(44)1.6(1):

> "Public Law 96-511, 'Paperwork Reduction Act of 1980,' requires that public use forms and documents must be submitted to the Office of Management and Budget (OMB) for approval before the form or document may be issued.
> (a) The National Office is responsible for submitting all nationally approved forms to OMB. The regional offices are responsible for submitting all local use forms to OMB.
> (b) Upon approval, OMB assigns an OMB Number and Expiration Date to each item."

It continues at 35(44)1.6(2):

> "The Items which carry OMB information can be classified into two categories as follows:

Page 1 of 3.

190

"(a) information Collection Requests (ICRs)--An ICR is a form (letter, notice, etc.) which is used to request information from ten or more taxpayers, whether mandatory or voluntary, necessary to carry out the Internal Revenue laws of the United States. Each ICR is assigned a unique OMB Number. ICRs include, but are not limited to:
   1 major tax forms and instructions;
   2 public use forms;
   3 C, (SC), and (SC/SP) letters;
   4 draft and dictated letters; and
   5 CP notices.
"(b)  Documents Perfection Requests (DPRs)--Document Perfection Requests are also used to request information from ten or more taxpayers, whether mandatory or voluntary, necessary to carry out the Internal Revenue laws of the United States. The difference between ICRs and DPRs is the fact that each DPR is not assigned a unique OMB Number. The DPR will carry the OMB Number of the document it perfects. (e.g. Letter 999 is sent to the taxpayer to request information to perfect his Form 1040, U.S. Individual Income Tax Return. Letter 999 will carry the OMB Number which has been assigned to Form 1040). An Expiration Date is not required on DPRs. DPRs include, but are not limited to:
   1 public use forms;
   2 C, (SC), and (SC/SP) letters;
   3 draft and dictated letters;
   4 CP notices;
   5 Quick Notes; and
   6 CNOTEs."

Because of the lack of an OMB Control Number on your letter, I am unable to determine what statutory authority you are claiming to act in pursuance thereof; and as the United States Court of Appeals for the 9 Circuit stated in U.S. v. Smith, 866 F.2nd 1092 (1989), any government information request form not exhibiting an OMB Control Number is a "bootleg form" and can be ignored.

Even though this is the case at hand, we are giving you the courtesy of this letter to correct the errors within your correspondence. Therefore, we would appreciate your forwarding an OMB approved information request letter advising us of your claimed statutory authority for this investigative inquiry. If you are claiming that Mrs. Hymes is subject to some provision within the Internal Revenue Code, would you please cite in detail that provision and how it relates to her. I am enclosing an example of an ICR letter taken from IR Manual 39(69)0. Notice the select location for the display of the required OMB Control Number.

Please be advised that Mrs. Hymes is a citizen of the State of Alaska and not a taxpayer as that legal term is defined in IR Code Section 7701(a)(14). With reference to withholding, she is not an alien, foreign corporation, officer, director, stockholder or employee of a foreign corporation, withholding agent, nor a citizen of the United States living and working abroad or in a

Page 2 of 3.

possession of the United States. Mrs. Hymes does not reside in a federal enclave within any of the States and/or without the States of the Union, nor does she reside in any federal state.

If I do not hear from you within 30 days of your receipt of this letter, it will be presumed that your letter was sent in error and that the matter is closed.

I hereby declare that:
1. I am not currently under suspension or disbarment from practice before the Internal Revenue Service or other practice of my profession by any other authority;
2. I am aware of the regulations contained in Title 31 CFR part 10 concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries and others;
3. I am authorized to represent the individual identified in the power of attorney;
4. I am an individual described in Title 26 Code of Federal Regulation Part 600, at §601.502(a)(1) and (2), §601.502(b)(5)(ii), and Treasury Department Circular No. 230, at § 10.7(a)(2); and,
5. the original attached Power-of-Attorney is valid under the laws of the State of Maryland.

Under penalties of perjury, I declare that the foregoing is the truth to the best of my knowledge and belief.

John B. Kotmair, Jr.

Enclosures: Original Power-of-Attorney; Copy CP-515 dated March 24, 1997; 2 page sample of Letter 29(SC/SP)(Rev. 12-81), for IR Manual 3900, "SC Correspondex."

cc: Rita Hymes

Page 3 of 3.

FREEDOM OF INFORMATION ACT REQUEST

*No Response*

Donald Louis Hymes
C/o 2340 Ravenwood Avenue
Fairbanks, Alaska (99709)
Date of Birth: 12/30/34

Freedom of Information and Privacy Act
US Department of Justice
P.O.Box 227, Ben Franklin Station
Washington, DC 20044

Certified Mail No: 7000 1530 0004 8223 3929

July 1, 2002

Dear Officer,

This is a request under the Freedom of Information Act, 5 USC 552 or regulations thereunder. This is my firm promise to pay fees and costs for locating and duplicating the records requested below, ultimately determined in accordance with 26 CFR 601.702(f).

If some of this request is exempt from release, please furnish me with those portions reasonable segregable. I am waiving personal inspection of the requested records.

I am attesting under penalty of perjury that I am a category E requester. PLEASE EXPEDITE THIS REQUEST.

BACKGROUND: Requester was served with subpoenas dated 8/17/1999 (exhibit A) and 3/10/2000 (exhibit B).

Please send me a copy of the: REQUEST FOR GRAND JURY INVESTIGATION.

Respectfully,
Donald Louis Hymes, Requester


I am attesting under penalty of perjury and under the laws of the united states of America that I am the person making this request.

Dated; 1 July 2002

Donald Louis Hymes

| | |
|---|---|
| **Internal Revenue Service**<br>Appeals Office<br>3310 El Camino Ave. Ste. 170<br>Sacramento, CA 95821 | **Department of the Treasury**<br><br>**Person to Contact:**<br>Martin Splinter<br>  Employee ID Number: 77-01817<br>  Tel: 916-974-5805 |
| Date: November 14, 2005 | Fax: 916-974-5845<br>**Refer Reply to:**<br>AP:FW:SE:SAC:MJS |
| Donald Hymes<br>2340 Ravenwood Ave.<br>Fairbanks, AK 99709 | **In Re:**<br>Collection Due Process - Levy & Lein<br>**Social Security or Employer**<br>**Identification Number:**<br>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<br>**Tax Period(s) Ended:**<br>2000, 2002 |

We Received Your Request for A Collection Due Process Hearing
And We Need To Advise You On Procedures

Mr. Hymes:

I've received your request for a Collection Due Process (CDP) Hearing. The items that you mention in your CDP request are items that:
- Courts have determined are frivolous or groundless, or
- Appeals does not consider. These are moral, religious, political, constitutional, conscientious, or similar grounds.

Examples of arguments that are considered frivolous or groundless are provided in "The Truth About Frivolous Tax Arguments" on the IRS Internet website at http://www.irs.gov/pub/irs-utl/friv_tax.pdf. It is not a complete list of frivolous and groundless arguments.

Appeals does not provide a face-to-face conference if the only items you wish to discuss are those mentioned above. You may, however, have a telephone conference or discuss with us by correspondence any relevant challenges to the filing of the notice of federal tax lien or the proposed levy.

If you are interested in receiving a face-to-face conference, you must be prepared to discuss issues relevant to paying your tax liability. These include, for example, offering other ways to pay the taxes you owe, such as an installment agreement or offer in compromise. The Internal Revenue Manual determines whether Appeals can accept your proposal. If you wish to have a face-to-face conference, please write me within 15 days from the date of this letter and describe the legitimate issues you will discuss.

In the meantime, please contact me no later than November 30, 2005 to schedule the telephone conference. If this is not convenient for you, or you prefer to discuss these matters by correspondence, please let me know as soon as possible. If I don't hear from you by the above date, I will issue the required determination letter based on the information in the file.

Please contact me with any questions or concerns you have regarding this request or the Collection Due Process procedure itself. You'll find my telephone number listed above.

Sincerely,

*Marti Splt*

Martin Splinter
Settlement Officer