NELSON P. COHEN
United States Attorney
District of Alaska
Federal Bldg. & U.S. Courthouse
101 12th Avenue, Box 2
Fairbanks, Alaska 99701
Telephone: (907) 456-0245

JENNIFER D. AUCHTERLONIE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 514-9593
Facsimile: (202) 307-0054
Email: Jennifer.D.Auchterlonie@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Civil No. A05-0123 CV (RRB) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | UNITED STATES' MOTION FOR |
| | ) | SUMMARY JUDGMENT |
| DONALD L. HYMES; RITA M. HYMES; | ) | |
| AURORA TRUST, ZENA D. HYMES | ) | |
| AND CHARLA HYMES TRUSTEES; | ) | |
| SUNSHINE TRUST, RITA M. HYMES | ) | |
| TRUSTEE; ZENA D. HYMES; CHARLA | ) | |
| HYMES; AND FAIRBANKS NORTH | ) | |
| STAR BOROUGH | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

2690057.1

- 2 -

## INTRODUCTION

The United States of America, by and through its undersigned counsel, hereby moves for summary judgment in this matter pursuant to Fed. R. Civ. P. 56, on the grounds that there are no genuine issues of material fact as to (1) whether defendants Donald L. Hymes and Rita M. Hymes are indebted to the United States for unpaid assessed tax, penalties, and interest, plus additional unassessed penalties and interest as provided by law, and (2) whether the United States is entitled to foreclose its federal tax liens upon the real property of defendants Donald L. Hymes and Rita M. Hymes.  In support of its motion, the United States submits the following:

## STATEMENT OF FACTS

1.     Defendants' Federal Tax Liabilities

For his tax years 1989, 1990, 1991, 1992, 1993, 1997, 1999, 2000, and 2002, the IRS made assessments against Donald L. Hymes for unpaid income tax, interest, and penalties in the total amounts of $766.31, $3,441.77, $6,468.85, $68,449.62, $1,740.32, $788.79, $2,869.78, $5,270.52, and $7,622.08, respectively.  *See* Declaration of Jennifer D. Auchterlonie (Auchterlonie decl.), ¶¶ 2-10, Exs. A-I.  Despite timely notice and demand for payment, Donald L. Hymes has neglected, failed, or refused to pay those assessments.  *See id.*  As a result, as of September 14, 2007, Donald L. Hymes owes the United States $234,320.79 in unpaid tax, penalties, and interest, plus additional unassessed interest and penalties as provided by law, for his tax years 1989, 1990, 1991, 1992, 1993, 1997, 1999, 2000, and 2002.  *See* Declaration of IRS Revenue Agent Lynne Goldbach, (Goldbach decl.), ¶ 11, Ex. C.

- 3 -

For her tax years 1995, 1996, 1997, 1998, and 1999, the IRS made assessments against Rita M. Hymes for unpaid income tax, interest, and penalties in the total amounts of $1,790.19, $6,361.72, $1,195.53, $4,348.76, and $5,742.22, respectfully.  *See* Auchterlonie decl., ¶¶ 11-15, Exs. J-N.  Despite timely notice and demand for payment, Rita M. Hymes has neglected, failed, or refused to pay those assessments.  *See id.*  As a result, as of September 14, 2007, Rita M. Hymes owes the United States $28,580.29 in unpaid tax, penalties, and interest, plus additional unassessed interest and penalties as provided by law, for her tax years 1995, 1996, 1997, 1998 and 1999.  *See* Goldbach decl., ¶ 12, Ex. D.

Defendants Donald L. Hymes and Rita M. Hymes did not file federal income tax returns for any of the tax years at issue; consequently, the IRS prepared so-called substitutes for return for each of those years pursuant to 26 U.S.C. § 6020(b).  *See* Auchterlonie decl., ¶¶ 2-15, Exs. A-N. The basis for the IRS's assessments against Donald L. Hymes for the years at issue was certain unreported income determined by the IRS to have been received by Mr. Hymes for those years from, inter alia, his work in construction and as a real estate agent, Alaska Permanent Fund dividends, Social Security retirement benefits, the sale of certain real property, and a Teamster pension.  That determination was based on the results of the IRS examination of Mr. Hymes for those years, in which the IRS examined information returns filed by third parties (i.e., Forms 1099 and Forms W-2), as well as further information provided from IRS administrative summonses issued to third parties.  *See* Goldbach decl., ¶¶ 5-7, Ex. A.  The basis for the IRS's assessments against Rita M. Hymes for the years at issue was also certain unreported income determined by the IRS to have been received by Mrs. Hymes for those years from, inter alia, her

- 4 -

work for certain corporations (i.e., Einevoll, Inc., and Evelyn S., Inc.), and Alaska Permanent

Fund dividends.  That determination was based on the results of the IRS examination of Mrs.

Hymes for those years, in which the IRS examined information returns filed by third parties (i.e.,

Forms 1099).  *See* Goldbach decl., ¶¶ 5, 8-9, Ex. B.

        2.     <u>The Subject Property</u>

        The parcel of real property sought to be foreclosed in this action is located at 2340

Ravenwood, Fairbanks, Alaska (the subject property) and is legally described as follows:

> Lot Fifty(50) 0f Section Fourteen (14), Township One South, Range Two West,
> Fairbanks Meridian Subject to reservations, restrictions and easements of record.

Auchterlonie decl., ¶ 16, Ex. O.

        Defendants Donald L. Hymes and Rita M. Hymes purchased the subject property from

Martin S. Ondra and Mary R. Ondra by Statutory Warranty Deed recorded on December 20,

1974.  *Id.*  On February 23, 1988, Donald L. Hymes and Rita M. Hymes purported to transfer

their interest in the property by quitclaim deed to Zena D. Hymes and Charla Hymes.

Auchterlonie decl., ¶ 17, Ex. P.  On January 2, 1993, Zena D. Hymes and Charla Hymes

purported to transfer their interest in the property by quitclaim deed to Aurora Trust.

Auchterlonie decl., ¶ 18, Ex. Q.  On May 10, 1999,  Zena D. Hymes purported to transfer her

interest in the property by quitclaim deed to Sunshine Trust.  Auchterlonie decl., ¶ 19, Ex. R.

Despite these purported transfers, at all times, defendants Donald L. Hymes and Rita M. Hymes

continued to maintain possession and control over the subject property, where they reside to this

day.  In fact, in their answer to the amended complaint herein, defendants Donald L. Hymes and

Rita M. Hymes admit to having "perfect legal title" to the subject property.  Amended Answer,

- 5 -

Dkt. # 85, ¶ 13.

Zena D. Hymes, Charla Hymes, and the Aurora Trust were named as defendants in this action.  However, by motions filed at Dkt. Nos. 59 and 60, and the exhibits attached thereto, Zena D. Hymes and Charla Hymes represented that all of their interest in the subject property had been transferred to Rita M. Hymes, as Trustee of the Sunshine Trust, and all of their interest in the Sunshine Trust had been transferred to Donald L. Hymes.  Motions of Misjoinder, Dkt. Nos. 59, 60.  Accordingly, the Court ordered that Zena D. Hymes, Charla Hymes, and the Aurora Trust have no interest in the subject property and are dismissed as parties to this action.  Orders at Dkt. # 71, 72.  Additionally, defendant Fairbanks Northstar Borough filed a disclaimer of interest in this matter.  Disclaimer, Dkt. # 74.  Thus, only defendants Donald L. Hymes, Rita M. Hymes, and Sunshine Trust, Rita M. Hymes, Trustee, remain as defendants in this matter.  Of those remaining defendants, only Donald L. Hymes and Rita M. Hymes have claimed an interest in the subject property, by admitting in their answer to having legal title to the property. Amended Answer, Dkt. # 85, ¶ 13.  No claims have been made by or on behalf of Sunshine Trust herein.

On or about January 25, 1996, a delegate of the Secretary of Treasury recorded in the Recording District of Fairbanks, Fairbanks, Alaska, a Notice of Federal Tax Lien against Donald L. Hymes for his 1989, 1990, 1991, 1992 and 1993 tax years.  Auchterlonie decl, ¶ 20, Ex. S.

On or about November 3, 2003, a delegate of the Secretary of Treasury recorded in the Recording District of Fairbanks, Fairbanks, Alaska, a Notice of Federal Tax Lien against Donald L. Hymes for his 1997 and 1999 tax years.  Auchterlonie decl, ¶ 21, Ex. T.

- 6 -

On or about April 16, 2002, a delegate of the Secretary of Treasury recorded in the Recording District of Fairbanks, Fairbanks, Alaska, a Notice of Federal Tax Lien against Rita M. Hymes for her 1995, 1996, 1997, 1998 and 1999 tax years.  Auchterlonie decl, ¶ 22, Ex. U.

On or about August 23, 2004, a delegate of the Secretary of Treasury recorded in the Recording District of Fairbanks, Fairbanks, Alaska, a Notice of Federal Tax Lien against Sunshine Trust, Rita Hymes, Trustee, as nominee of Donald L. Hymes for his 1989, 1990, 1991, 1992, 1993, 1997 and 1999 tax years.  Auchterlonie decl, ¶ 23, Ex. V.

On or about August 23, 2004, a delegate of the Secretary of Treasury recorded in the Recording District of Fairbanks, Fairbanks, Alaska, a Notice of Federal Tax Lien against Sunshine Trust, Rita Hymes, Trustee, as nominee of Rita M. Hymes for her 1995, 1996, 1997, 1998, and 1999 tax years.  Auchterlonie decl, ¶ 24, Ex. W.

ISSUES

1.    Whether defendants Donald L. Hymes and Rita M. Hymes, are indebted to the United States for unpaid assessed tax, penalties, and interest, plus additional unassessed penalties and interest as provided by law, for the tax years set forth above.

2.    Whether the United States is entitled to foreclose its federal tax liens against the subject property.

SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed.

2690057.1

- 7 -

R. Civ. P. 56.  The party moving for summary judgment has the initial burden of showing the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant's burden is met by producing evidence which, if uncontroverted, would entitle the movant to judgment as a matter of law, the burden then shifts to the nonmoving party to set forth specific facts demonstrating that there is a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-250 (1986).  In this regard, Rule 56(e) of the Federal Rules of Civil Procedure provides that the nonmoving party "may not rest upon the mere allegations or denials" of his or her pleadings.  *See id.*  This burden placed on the nonmoving party is not negligible; indeed, "[i]f the evidence [proffered by the nonmoving party] is merely colorable or is not significantly probative, summary judgment may be granted."  *See id.* (citations omitted).  Conclusory allegations unsupported by specific factual data are insufficient to create a triable issue of fact so as to preclude summary judgment.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

ARGUMENT

1.    Defendants Donald L. Hymes and Rita M. Hymes are Indebted
      to the United States for Unpaid Federal Taxes, Penalties, and Interest.

Attached to the Declaration of Jennifer D. Auchterlonie as Exhibits A through N are true and correct copies of Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters (Form 4340), for each of the years at issue.  Those Forms 4340 show that Donald L. Hymes and Rita M. Hymes are indebted to the United States for unpaid assessed balances of tax,

- 8 -

penalties, and interest in the amounts set forth thereon.[1]  Additionally, the Declaration of IRS

Revenue Agent Lynne Goldbach and the Exhibits attached thereto provide further evidence of

the factual basis for the assessments shown on the Forms 4340.

Generated under seal and signed by an authorized delegate of the Secretary of the

Treasury, Forms 4340 are admissible into evidence as self-authenticating official records of the

United States, carrying a presumption of correctness.[2]  *See Hughes v. United States*, 953 F.2d

531, 540 (9th Cir. 1992); *Rossi v. United States*, 755 F. Supp. 314, 318 (D. Or. 1990); Fed. R.

Evid. 803(8) and 902(1).  The "23C" entries on the Forms 4340 show that the taxes at issue were

duly assessed and recorded.  *United States v. Chila*, 871 F.2d 1015, 1017 (11th Cir. 1989); *Rossi

v. United States*, 755 F. Supp. at 318.  The "Notice" entries on the Forms 4340 constitute proof

that adequate notice and demand was made.  *United States v. Chila*, 871 F.2d at 1019; *United

States v. Lorson Electric Co.*, 480 F.2d 554, 555-56 (2d Cir. 1973).

---

[1] The Forms 4340 do not reflect accrued but unassessed statutory interest and penalties
that continue to accrue on the tax liabilities for each of the years at issue, because those amounts
change from day to day.

[2] The presumption of correctness properly attaches to the Forms 4340 submitted in this
case because they are supported by the Declaration of IRS Revenue Agent Lynne Goldbach and
the Exhibits attached thereto.  In her Declaration, Ms. Goldbach stated that the determination by
the IRS that the Hymses received unreported income during the years at issue was based upon
certain information returns filed by third parties, such as Forms 1099 and Forms W-2, as well as
information received through issuance of IRS administrative summonses.  This Declaration, and
the supporting documents attached thereto, provides the minimal evidentiary foundation required
for the presumption of corrrectness to attach to the Forms 4340.  *See Hardy v. Commissioner*,
181 F.3d 1002, 1005 (9th Cir. 1999) (IRS worksheets based on information received from
taxpayer's employer and bank constituted minimal evidentiary foundation); *Palmer v. United
States*, 116 F.3d 1309, 1312 (9th Cir. 1997) (stating that IRS assessments "are normally entitled
to a presumption of correctness so long as they are supported by a minimal factual foundation.")
(citation omitted).

- 9 -

In sum, unless defendants come forward with contrary evidence in admissible form sufficient to rebut the presumption of correctness in favor of the information contained in the above-described Forms 4340, the United States is entitled to judgment as a matter of law for the unpaid assessed balances shown thereon, together with statutory interest and penalties accruing to the date of payment. *See Rossi v. United States, supra* (Form 4340 is "presumptive proof of a valid assessment"); Fed. R. Civ. P. 56(e). Because defendants have failed to produce any such evidence during the discovery phase of this case, based on the Court's Order granting the United States' motion for discovery sanctions, Dkt. # 123, no such evidence can be presented at this time. Accordingly, there can be no genuine dispute that defendants Donald L. Hymes and Rita M. Hymes are indebted to the United States for unpaid federal tax, interest, and penalties, as set forth in the Forms 4340.

      2.     The United States Is Entitled to Foreclose its
                  Federal Tax Liens Against the Subject Property.

Pursuant to 26 U.S.C. § 6321, the United States obtains a lien "upon all property and rights to property, whether real or personal, belonging to" any taxpayer who neglects or refuses to pay taxes after notice and demand. This lien arises as of the date of assessment and continues until the tax liability is extinguished. 26 U.S.C. § 6322. It is effective as against the taxpayer without the filing of a notice of lien. *See* 26 U.S.C. § 6323(a).

As shown by the Forms 4340 attached to the Declaration of Jennifer D. Auchterlonie, numerous federal tax assessments have been made against defendants Donald L. Hymes and Rita M. Hymes, and they have neglected to pay them after notice and demand. Statutory tax liens therefore arose as of the dates of the assessments and attached to all of their property and rights

- 10 -

to property, including the subject property.  Those liens remain in full force and effect as of the

date hereof, since, as shown by the Forms 4340, defendants Donald L. Hymes and Rita M.

Hymes have outstanding tax liabilities.

   As noted above in the Statement of Facts, although the record in this matter reflects

several purported transfers of the subject property via quitclaim deeds, only three defendants

remain that may claim an interest in that property:  Donald L. Hymes, Rita M. Hymes, and the

Sunshine Trust, Rita M. Hymes, Trustee.  Statement of Facts, *supra* p. 4-5.  In their answer,

Donald L. Hymes and Rita M. Hymes admitted to having "perfect legal title" to the subject

property.  Amended Answer, Dkt. # 85, ¶ 13.  No claim to the subject property has been made by

or on behalf of the Sunshine Trust.[3]  Additionally, although requested by the United States

through interrogatories and document requests, defendants Donald L. Hymes and Rita M. Hymes

refused to produce evidence establishing the validity of the Sunshine Trust (of which Rita M.

Hymes is the alleged trustee) or the legitimacy of any purported transfers of the subject property.

Thus, pursuant to the Court's Order granting the United States' motion for discovery sanctions,

Dkt. # 123, no such evidence can be presented at this time.  The record herein establishes that

defendants Donald L. Hymes and Rita M. Hymes maintain use and possession of the subject

property, in that they have represented to the Court that they live at that property and they

alleged in their answer that they are the legal owners of that property.  Accordingly, there is no

dispute–nor can there be–as to the fact that Donald L. Hymes and Rita M. Hymes are the true

---

[3] Defendant Sunshine Trust, Rita M. Hymes, Trustee, failed to file an answer or to
otherwise respond to the amended complaint in this matter, as required by Fed. R. Civ. P. 15(a).
Accordingly, on September 13, 2007, the United States requested entry of default against
Sunshine Trust.  Dkt. # 138.

- 11 -

legal owners of the subject property.

Section 7403 of the Internal Revenue Code, 26 U.S.C., provides authority for this Court

to order a judicial sale of the subject property to satisfy the unpaid tax liabilities of defendants

Donald L. Hymes and Rita M. Hymes:

> In any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or [her] delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability.

26 U.S.C. § 7403(a). All parties "having liens upon or claiming any interest in the property

involved in such action" have been named as defendants to this action as required by subsection

(b) of section 7403. Accordingly, the Court may proceed to adjudicate the merits of the claims

against the subject property, order a sale, and distribute the proceeds according to the priority of

the claims:

> The court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States.

26 U.S.C. § 7403(c); *see United States v. Rodgers*, 461 U.S. 677 (1983) (family home sold under

section 7403 to satisfy tax liens arising from husband's tax liability).

Here, as discussed above and supported by the record and the documents filed herewith,

all of the elements necessary for the Court to order a judicial sale under 26 U.S.C. § 7403 are

- 12 -

present.  Defendants Donald L. Hymes and Rita M. Hymes have refused and neglected to pay

their federal tax liabilities.  Liens for taxes have arisen against all of their property and rights to

property, including the subject property herein.  The tax liens against that property should be

foreclosed.  The subject property should be sold at auction with the proceeds to be distributed

first to the allowed costs of sale, and then to the United States, to be applied toward the unpaid

tax liabilities of defendants Donald L. Hymes and Rita M. Hymes until the funds are exhausted.

CONCLUSION

The summary judgment evidence shows that defendants Donald L. Hymes and Rita M.

Hymes are indebted to the United States for tax, interest, and penalties assessed for each of the

tax years at issue, plus additional interest and penalties as provided by law.  That evidence

further shows that the United States has valid liens that it is entitled to foreclose against the

subject property.  Based on the foregoing, there can be no genuine issue of material fact with

respect to the federal tax liabilities at issue, and the United States is entitled to judgment as a

matter of law reducing the assessments for those years to judgment and foreclosing its federal tax

liens against the subject property.

WHEREFORE the United States requests that the Court grant this Motion for Summary

Judgment and Order and Adjudge as follows:

(1)    that Donald L. Hymes is indebted to the United States for unpaid federal tax

liabilities in the amount of $234,320.79, plus additional interest and penalties accruing from

September 14, 2007, until paid, pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. §

1961(c);

- 13 -

(2)     that Rita M. Hymes is indebted to the United States for unpaid federal tax liabilities in the amount of $28,580.29, plus additional interest and penalties accruing from September 14, 2007, until paid, pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

(3)     that the United States has valid and subsisting federal tax liens, by virtue of the assessments set forth above, on all property and rights to property of Donald L. Hymes and Rita M. Hymes, both real and personal, tangible and intangible, including the subject property described above;

(4)     that defendant Sunshine Trust, Rita M. Hymes, Trustee, has no valid interest in the subject property;

(5)     that the federal tax liens against the subject property shall be foreclosed and the property sold at auction with the proceeds to be distributed first to the allowed costs of sale, and second, to the United States to be applied toward the unpaid tax liabilities of defendants Donald L. Hymes and Rita M. Hymes until the funds are exhausted; and

- 14 -

(6)     that the United States shall submit an appropriate proposed order of foreclosure

and judicial sale within 30 days of entry of judgment in this matter.

Dated this 14th day of September, 2007.

Respectfully Submitted,

NELSON P. COHEN
United States Attorney


s/ Jennifer D. Auchterlonie
JENNIFER D. AUCHTERLONIE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044-0683

2690057.1

- 15 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 14, 2007, a copy of the foregoing UNITED STATES'

MOTION FOR SUMMARY JUDGMENT was served by regular U.S. mail on the following

parties:

```
Donald L. Hymes          Rita M. Hymes
2340 Ravenwood           2340 Ravenwood
Fairbanks, Alaska 99709  Fairbanks, Alaska 99709

Sunshine Trust
Rita M. Hymes, Trustee
2340 Ravenwood
Fairbanks, Alaska 99709
```

s/ Jennifer D. Auchterlonie
JENNIFER D. AUCHTERLONIE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-9593
Email: Jennifer.D.Auchterlonie@usdoj.gov

2690057.1