Rita MariNa Hymes and Donald Louis Hymes
2340 Ravenwood
Fairbanks, Alaska [99709]
907-479-6922

**The United States of America**

**The United States**

**District Court of the United States**

**District of Alaska**

RECEIVED
OCT 9 2007
CLERK, U.S. DISTRICT COURT
FAIRBANKS, AK

**UNITED STATES OF AMERICA**

*Plaintiff*

v.

**Rita MariNa Hymes, personal capacity**
**Donald Louis Hymes, personal capacity;**
*Defendants*

**A05-123-CV(RRB)**

**MOTION TO EXTEND TIME TO RESPOND TO SUMMATY JUDGMENT**

Come now Rita MariNa Hymes and Donald Louis Hymes ("the Hymes") with the Motion to Extent Time to Respond to Summary Judgment.

**Genuine Issues of Material Fact Exist**

The Hymes are still getting the public documents to support the issues of material fact in which all judges, being de facto or de jure are *bound*.

**Courts Must Take Judicial Notice of Public Records**

No formal introduction of the public records of rules and regulations are required

1

and the courts of the United States are to take judicial notice. This holding is found in the adjudged decision of *Caha v. United States*, 152 U.S. 211, 221, 222 (1894), to wit:

> But we are of opinion that there was no necessity for a formal introduction in evidence of such rules and regulations. They are matters of which courts of the United States take judicial notice. . . .
> [T]he rules and regulations prescribed in pursuance of such authority become a mass of that body of public records of which the courts take judicial notice.

On judicial notice, see also *Lilly v. Grand Trunk Western R. Co.*, 317 U.S. 481, 488 (1943) and *The United States v. Heschmaker*, 63 U.S. 392, 405 (1859).

The courts are to give public acts ***legal effect***, and this is held in the adjudged decision of *Armstrong v. United States*, 80 U.S. 154, 156 (1871), to wit:

> This was a public act of which all courts of the United States are bound to take notice, and to which all courts are bound to give effect.

Regardless of whether the sovereign is *de jure* or *de facto,* determinations by the executive or legislative branch binds the judges, even if not formally put into evidence, and this is held in the adjudged decision of *Jones v. United States*, 137 U.S. 202, 212, 214 (1890), to wit:

> **Who is the sovereign, *de jure* or *de facto*, of a territory, is not a judicial, but a political question, the determination of which by the legislative and executive departments of any government conclusively binds the judges, as well as all other officers,** citizens, and subjects of that government. This principle has always been upheld by this court, and has been affirmed under a great variety of circumstances. Gelston v. Hoyt, 3 Wheat. 246, 324; U. S. v. Palmer, Id. 610; The Divina Pastora, 4 Wheat. 52; Foster v. Neilson, 2 Pet. 253, 307, 309; Keene v. McDonough, 8 Pet. 308; **84Garcia v. Lee, 12 Pet. 511, 520; Williams v. Insurance Co., 13 Pet. 415; U. S. v. Yorba, 1 Wall. 412, 423; U. S. v. Lynde, 11 Wall. 632, 638.
> \* \* \*
> **All courts of justice are bound to take judicial notice of the territorial extent of the jurisdiction exercised by the government whose laws they**

2

**administer**, or of its recognition or denial of the sovereignty of a foreign power, **as appearing from the public acts of the legislature and executive, although those acts are not formally put in evidence,** nor in accord with the pleadings.  U. S. v. Reynes, 9 How. 127; Kennett v. Chambers, 14 How. 38; Hoyt v. Russell, 117 U. S. 401, 404, 6 Sup. Ct. Rep. 881; Coffee v. Groover, 123 U. S. 1, 8 Sup. Ct. Rep. 1; State v. Dunwell, 3 R. I. 127; State v. Wagner, 61 Me. 178; Taylor v. Barclay, and Emperor of Austria v. Day, above cited; 1 Greenl. Ev. ß  6.  *[Emphasis added]*

Therefore, the Court shall take judicial Notice of all public records, adjudged decisions of all the courts, and documents, whether cited in this specific document or not.

Therefore the Hymes will be filing in a very extensive pleading on the issues of material/genuine facts presuming that an appeal to the Ninth Circuit Court of Appeals will probably be required,  including also that 28 U.S.C. § 132 establishes that the United States District Court is merely a territorial Court dressed up to appear as an Article III court, according the public records.  It, therefore, exercises no judicial Power of the United States under the Authority of the United States arising under Article III.

The Hymes incorporate all of their unrebutted affidavits, to date, in this instant case into this Pleading as issues of material facts.

The Hymes have the secured right to have all of the issues "adjudicated on the merits."

In the adjudged case of Lambert v. Blodgett, 393 F.3d 943, 969 (9th Cir. 2004), it was **_held_** that "adjudicated on the merits" means substance and not procedural, to wit:

(1) phrase "adjudicated on the merits" means a decision finally resolving the parties' claims that is based on the substance of the claim advanced, rather than on a procedural, or other, ground;

And further, *ibid at 968* citing Neal v. Puckett, 239 F.3d 683, 696 (5th Cir. 2001)

3

"defining adjudication on the merits as referring *"to whether a court's disposition of the case was substantive as opposed to procedural."* " *[Emphasis added]*

Therefore out of necessity, the Hymes are filing this Document with the right to amend which will be forthcoming and also using the 28 U.S.C. § 1746 out of necessity in this Pleading.

My Hand,

My Hand,

*/s/ Donald Louis Hymes*

### 28 U.S.C. § 1746

I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 9, 2007.

My Hand,

My Hand,

*/s/ Donald Louis Hymes*

## Certification

This document has been mailed first class via USPS to the following parties, to wit:

Nelson P. Cohen
United States Attorney
District of Alaska
Federal Bldg. & U.S. Courthouse
101 12th Avenue, Box 2
Fairbanks, Alaska 99701


Jennifer D. Auchterlonie
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683


Date: October, 9 , 2007

Rita MariNa Hymes