Rita MariNa Hymes and Donald Louis Hymes
2340 Ravenwood
Fairbanks, Alaska [99709]
907-479-6922



NOV 2 6 2007

**CLERK, U.S. DISTRICT COURT
FAIRBANKS, AK**

**The United States of America**

**The United States**

**District Court of the United States**

**District of Alaska**

**UNITED STATES OF AMERICA**

*Plaintiffs*

v.

**Rita MariNa Hymes, personal capacity
Donald Louis Hymes, personal capacity;**
*Defendants*

A05-123-CV(RRB)

**Reply
and
Renewed Motion to Transfer to an Article III Court of the United States
Or Dismiss this instant Case with prejudice**

Come now Rita MariNa Hymes and Donald Louis Hymes ("the Hymes") with this Reply and Renewed Motion to Transfer to an Article III Court of the United States ("Motion") or Dismiss this instant Case with prejudice.

Jennifer D. Auchterlonie ("Auchterlonie") who represents "UNITED STATES OF AMERICA" ("USA") as an unknown Plaintiff, presumably as found in 48 U.S.C. 1406f, i.e. "United States of America, scilicet, the President of the United States;" and, "United States of America, ss, the President of the United States."

Auchterlonie has with the United States District Court ("USDC") what is most

accurately denoted metaphorically as an incestuously relationship with the USDC therein.

Auchterlonie's response is entirely unintelligible, off point, non-responsive; and, it raises only shopworn arguments characteristic of the frivolous *ipse dixit* pontifications of Auchterlonie of the Department of Justice ("DoJ") that precludes all "Laws of the United States", precludes all adjudged decisions and holdings of the Supreme Court of the United States, precludes all statutory authority of Congress wherein Congress has specifically by and through 26 U.S.C. § 7805 mandated that the Internal Revenue Service ("IRS") use regulations, precludes the Federal Constitution as lawfully amended by the Electors of the several States, precludes the use of substantive regulations under the statutory authority of Congress that have the force and effect of law, precludes the public records of Congress, courts and the cfrs, and precludes the constitutional secured right of the Hymes to invoke a constitutional District Court of the United Sates arising under Article III in all Cases in Law and Equity exercising the judicial Power of the United States under the Authority of the United States for a Trial by Jury of their Peers.

Auchterlonie attempts to use fictional data from a computer input by anyone in this world that does not exclude Auchterlonie and then by the affixing of a "seal" (sic) by a mere flunky employee with some signature, it becomes the Gospel according to Saint John by and though the Federal Rules of Evidence Rule 803(10) and Rule 902(1). This ruse of creating "evidence" (sic) therein denying the Hymes the secured right to have a Trial by Jury of their Peers in a constitutional Court arising under Article III of the Federal Constitution.

Public Law 80-773, section 132, consolidated two inherently opposed court jurisdictions and renamed the result the United States District Court. This newly renamed

court no longer exercised the judicial Power of the United States from the Constitution arising under Article III, thereby removing it as an independent court of the judicial branch. Attempts to clothe the USDC, a legislative Article IV court, with Article III powers has been adjudicated by this Court on numerous occasions.

A territorial, i.e. legislative, court *is not* one of those mentioned in Article III of the constitution declaring that the judicial power of the United States shall be vested in one supreme court, and in such inferior courts as congress may from time to time establish, see *McAllister v. U.S.*, 141 U.S. 174(1891). The court said that "Congress must not only ordain and establish *inferior courts within a state*, and prescribe their jurisdiction" * * * "before they can be invested with any portion of the judicial power of the Union" and that "[t]hese [territorial] courts, then, are not constitutional courts, in which the judicial power conferred by the constitution on the general government can be deposited. *They are incapable of receiving it.* They are legislative courts . . .," *ibid* at 181 (emphasis added). "There is no exception to this rule in the constitution", *ibid* at 182,

The jurisdiction in the territorial courts exercises no part of the judicial Power of the United States conferred by the constitution. "The courts are the legislative courts of the territory, created in virtue of the clause which authorizes congress to make all needful rules and regulations respecting the territories belonging to the United States,' *ibid at* 183. It is "settled that courts in the territories, created under the plenary municipal authority that congress possesses over the territories of the United States, are not courts of the United States created under the authority conferred by that article [3]", *ibid,* at 184.

The courts created under the constitution and existing in the states are distinguished from those created by congress and existing in the territories. The courts in

the territories are not 'constitutional courts,' but are 'legislative courts,' created in virtue of the general right of sovereignty which exists in the government, or in virtue of that clause which enables congress to make all needful rules and regulations, respecting the territory belonging to the United States', *American Insurance Co. v. Canter,* 26 U.S. 511(1828).

Courts established for territories and insular possessions under Article IV, section 3, *cannot* be combined with courts established under Article III, section 2, and still exercise the judicial Power of the United States.

In *O'Donoghue at 532*, the often cited statement of Chief Justice Marshal is the core issue of the bright line that the founders of our constitutional Republic understood , that if Congress was able to commingle its administrative issues of either Article I or Article IV courts wherein they have plenary municipal authority with the constitutional courts specifically and unequivocally secured in Article III, the people of the United States would have surrendered their independent judiciary: "'The Judicial Department comes home in its effects to every man's fireside; it passes on his property, his reputation, his life, his all. Is it not, to the last degree important, that he should be rendered perfectly and completely independent, with nothing to influence or control him but God and his conscience? * * * I have always thought, from my earliest youth till now, that the greatest scourge an angry Heaven ever inflicted upon an ungrateful and a sinning people, was an ignorant, a corrupt, or a dependent Judiciary."

In a very early period of our history, it was said, in words as true to-day as they were then, that "if they (the people) value and wish to preserve their Constitution, they ought never to surrender the independence of their judges.'"

It is *well settled* that legislative or administrative courts are incapable of receiving Article III judicial Power of the United States *either directly or by appeal* in the several States and therefore they cannot be constitutional courts. *Keller v. Potomac Electric Co.*, 261 U.S. 428, 444 (1923) citing *Hayburn's Case* 2 Dall 410 (1792), *United States v. Ferreira*, 13 How. 40, 52 (1851); *Muskrat V. United States*, 219 U.S. 346, 360, 361 (1911); *Buckley v. Valeo*, 424 U.S. 1, 123 (1976); *Glidden Co. v. Zdanok*, 370 U.S. 530, 579-83 (1962); *Postum Cereal v. California Fig Nut*, 272 U.S. 693, 700 (1927); *Federal Radio Commission v. G.E. Co.*, 281 U.S. 464, 469 (1930); *American Insurance, supra at 546* and *O'Donoghue, supra. at 536*.

In *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982) it was *held* that "*Congress does not have the same power to create adjuncts to adjudicate constitutionally recognized rights* and state-created rights as it does to adjudicate rights that it creates." *Ibid at 60* "In sum, our Constitution unambiguously enunciates a fundamental principle--that the "judicial Power of the United States" must be reposed in an independent Judiciary."

*Ibid at 62*, the Court identified "Referring to our precedents upholding the validity of "legislative courts," . . . suggest that "the plenary grants of power in Article I permit Congress to establish non-Article III tribunals in 'specialized areas having particularized needs and warranting distinctive treatment'" citing *Palmore, supra. at 408. Ibid in Northern Pipeline at 75* "Thus our reference in Palmore to *"specialized areas having particularized needs"* referred *only to geographic areas*, such as the *District of Columbia or territories outside the States of the Federal Union.* In light of the clear commands of Art. III, nothing held or said in Palmore can be *taken to mean that in every area in which*

*Congress may legislate, "it may also create non-Art. III courts* with Art. III powers." (emphasis added)

*Ibid in Northern Pipeline at 80-81* "Together, these cases establish two principles that aid us in determining the extent to which Congress may constitutionally vest traditionally judicial functions in non-Art. III officers. First, it is clear that when *Congress creates a substantive federal right*, it possesses substantial discretion to prescribe the manner in which that right may be adjudicated--including the assignment to an adjunct of some functions historically performed by judges. [FN32] Thus Crowell recognized that Art. III does not require "all determinations of fact [to] be made by judges," 285 U.S., at 51, 52 S.Ct., at 292; with respect to congressionally created rights, some factual determinations may be made by a specialized factfinding tribunal designed by Congress, without constitutional bar, id., at 54, 52 S.Ct., at 293. Second, the functions of the adjunct must be limited in such a way that "the essential attributes" of judicial power are retained in the Art. III court." (emphasis added) See also *ibid at 82-83.*

The Hymes do not disagree with *Northern Pipeline at 80, supra.*, when Congress creates a federal right, all access to any remedy can be denied as held in *U.S. v. Babcock*, 250 U.S. 328, 331(1918), 'The United States, when it creates right in individuals against itself, is under no obligation to provide a remedy through the courts." It may also limit the individual to administrative remedies, see *Tutan v. U.S.*, 270 U.S. 568, 576(1925).

But within the several States the creation of a "federal right" does not and should not support the demise of all Article III courts exercising the judicial Power of the United States in the several States.

In *Northern Pipeline, supra. at 82* "Indeed, the validity of this proposition was

expressly denied in *Crowell*, when the Court rejected "the untenable assumption that the **constitutional courts may be deprived in all cases of the determination of facts upon evidence even though a constitutional right may be involved.**" *Ibid at 84 "No comparable justification exists, however, when the right being adjudicated is not of congressional creation."* (emphasis added)

In *Crowell v. Benson*, 285 U.S. 22 (1932) the Court pronounced "In *cases brought to enforce constitutional rights*, the judicial power of the United States *necessarily extends to the independent determination of all questions, both of fact and law*, necessary to the performance of that supreme function. The case of confiscation is illustrative, the ultimate conclusion almost invariably depending upon the decisions of questions of fact. This court has held the owner to be entitled to 'a fair opportunity for submitting that issue to a judicial tribunal for determination upon its own independent judgment as to both law and facts.'" *Ibid at 64* "We think that the essential independence of the exercise of the judicial power of the United States, in the enforcement of *constitutional rights requires* that the federal court should determine such an issue upon its *own record and the facts elicited before it*." See also *United States v. Raddatz*, 447 U.S. 667, 682 (1980).

The Hymes have *never,* after extreme due diligence, been allowed to present or dispute one fact or issue under the Laws of the United States in any Article III court of the United States to date. As stated in *Raddatz, supra.,* "Generally, the ultimate fact finder in administrative proceedings is a commission or board, and *such trier has not heard the witnesses testify.*" (Emphasis added). Plaintiff agrees that in an administrative proceedings a witnesses may not be required to testify, but this has no application to cases

under Article III which the Hymes are entitled to.

"Congress may not give away Article III "judicial" power to any Article I judge" *Clinton v. City of New York*, 524 U.S. 417, 482 (1998)

When constitutional courts are consolidated with administrative courts, the results are legislative courts exercising the plenary municipal authority of Congress. This action violates the authority inherent in Article III because the judicial power of the United States was established within independent courts, then extinguished by section 132 for the District Courts and displaced with courts of limited legislative municipal authority, i.e., USDC.

In *Martin v. Hunter's Lessee*, 14 U.S. 304, 339(1816) and *The Moses Taylor*, 71 U.S. 411, 428-30(1866), it was adjudicated by this Court that *all* of the Article III judicial Power *must be vested in some court* by Congress and to withhold any judicial Power would defeat the Constitution and the separation of powers doctrine. See also *Eisentrager v. Forrestal*, 175 F.2d 961, 966(1949) and *Veith v. Jubelirer*, 541 U.S. 267, 277-78(2004). *A fortiori* the result of the H.R. 3214 consolidation in Section 132 created a tribunal known as the United States District Court that precluded the existence of the District Court of the United States. The Article III judicial power, independent of Congress, was legislated to be nonexistent or dormant and inaccessible to the *People of the United States* within the several States.

The historical significance of the term 'District Courts of the United States' "describes the constitutional courts created under Article III of the Constitution," *Mookini v. U.S.*, 303 U.S. 201, 205(1938). And this Court has "often held that vesting a territorial court with jurisdiction similar to that vested in the District Courts of the United States

does not make it a 'District Court of the United States.'" *Id.*, (cites omitted).

This doctrine was statutorily established in the August 24, 1937 act of 50 Stat. 752, ch.754, s.5 and describes the term "court of the United States." None of the references in that act, or as currently defined in 28 U.S.C. § 451, include the exact term of "District Court of the United States." There is reference to the "District Court of the United States for the District of Columbia", which is obviously a court established under Article I. Instead references are to "courts of appeals, district courts constituted by chapter 5 of this title" and "[t]he terms "district court" and "district court of the United States" mean the courts constituted by chapter 5 of this title."

It is important to note the lack of capital letters for proper nouns establishes that the "district court of the United States" is not the same term as 'District Court of the United States.' Only the latter is created under Article III, section 2, Cf. *Mookini, supra.* The former is a legislative or administrative court exercising Article IV, section 4 legislative powers. *A fortiori* the term "court of the United States", as defined today, represents courts that do not exercise the judicial Power of the United States by authority of the United States under Article III.

Congress has not been delegated authority to remove the Article III judicial Power from the judiciary. In *Alden v. Maine*, 527 U.S. 706, 739 (1999) citing *Martin* at 326, "The Federal Government, by contrast, can claim no powers which are not granted to it by the constitution, and the powers actually granted must be as such as are expressly given, or given by necessary implication." Congress has impugned the separation of powers doctrine under the Constitution and violated Article III by removing the independent judiciary from Government.

There being no Article III courts available to citizens of the several States means the judicial Power of the United States has been extracted and made inaccessible. Is there a reason to justify no access to an Article III court in one of the several States? The Hymes are not claiming to adjudicate any "federally created rights", i.e. benefits.

Congress enacts "laws of Congress" in the District, territories and possessions of the United States wherein Congress has plenary municipal authority acting the capacity of one of the several States and the federal government. The source of the plenary power of Congress for "laws of Congress" is Article I for the District and Article IV for the territories.

Under the plenary power of Congress within the District, Congress can clothe courts that are deemed to possess the Article III judicial Power of the United States. See *Palmore v. United States*, 411 U.S. 389, 405, 408 (1973); *O'Donoghue v. United States*, 289 U.S. 516, 545, 546-547, 551 (1933). Outside of the District, Congress's special powers of Article I Section 8 precludes the vesting of the judicial Power of the United States in inferior Courts of the United States. See *O'Donoghue v. United States*, 289 U.S. 516, 546 (1933). "The laws of Congress in respect to those matters do not extend into the territorial limits of the states, but have force only in the District of Columbia, and other places that are within the exclusive jurisdiction of the national government." *Caha v. United States*, 152 U.S. 211, 215 (1894).

In the territories Congress under the "laws of Congress" can create legislative courts under Article IV and even clothe these courts with the appearance of Article III courts of the United States exercising the judicial Power of the United States under the Authority of the United States, but they are not Courts of the United States arising under

Article III exercising the judicial Power of the United States, as these territorial courts are incapable of receiving the judicial Power of the United States. In the territories, Congress exercises the combined powers of a general and of a state government. See *Palmore v. United States*, 411 U.S. 389, 398-399 (1973); *O'Donoghue v. United States*, 289 U.S. 516, 539 (1933); *American Insurance Co. v., Canter*, 26 U.S. 511, 546 (1828).

In *O'Donoghue, supra. at 530* "The Constitution, in distributing the powers of the government, creates three distinct and separate departments-the legislative, the executive, and the judicial. This separation is not merely a matter of convenience or of governmental mechanism. Its object is basic and vital . . . namely, to preclude a commingling of these essentially different powers of government in the same hands".

As a matter of law, with constitutional secured rights, both the issues of law and facts must be adjudicated in constitutional courts arising under Article III. As the law has never been disclosed to the Hymes and the facts have not been determined in a constitutional court against them flows *a fortiori* that the Hymes are being subjected to only "laws of Congress" wherein Congress has plenary municipal power in only certain geographical areas confined to the District, territories and possession in a legislative court, i.e. territorial court under Article IV and can withhold access to constitutional courts and even any remedy. But the Hymes are not domiciled in the District, a territory or possession.

The only source of the "judicial Power of the United States" is the Constitution of the United States and this has long ago been well settled that the "The Constitution must have given to the court the capacity to take it, *and an act of Congress must have supplied it....* " (emphasis in original) as pronounced in *Finley v. United States*,

490 U.S. 545, 547, 548 (1989).

In Title 28 U.S.C., § 132 is in opposition to the judicial Power of the United States in Article III as Congress in §132(c) posits a judicial power as "judicial power of a district court", which is only a statutory judicial power granted by Congress and not from the source of the Constitution, which is the source of the judicial Power of the Unites States as it the only source of legislative or executive Power from the Constitution. This is not equal to the mandate of judicial Power of the United States arising under Article III. This legislative court's judicial power is controlled, as stated in §132(c), by a combination of "by law" or "rule" or "order of court." This is in violation of the separation of power in which no other Branch of Government can control another branch, which is the case in this particle code section.

***Therefore***, all of Auchterlonie's actions under the guise of USA, being the "President of the United States", as defined by Congress in title 48 United States Code, are filed into the USDC, being a territorial court given the appearance of an bona fide Article III court of the United States in all Cases in Law and Equity exercising the judicial Power of the United States under the Authority of the United States, is unconstitutional, illegal and unlawful for the Hymes having filed their objections and pleadings into a District Court of the United States.

***And further***, as this USDC does not have cognizance of this class of Case as a Court of the United States within the several States of the Union or arising under Article III, which the Hymes have not waived, who are not "citizens of the United States"; therefore, this instant Case can either be ***dismissed with prejudice*** or ***transferred into a District Court of the United States arising under Article III*** with Officers of the United

States appointed arising under Article II Section 2 Clause 2 with Civil Commissions under the seal of the United States as mandated by the public record at 1 Stat. 68, being a Law of the United States.

*And further,* as all of the previously filed Attachments are *public records of all Dockets*, they are entered under the Rules of Evidence Rule 902 of the Federal Civil Rules as self-authenticating.

My Hand,

My Hand,

Donald Louis Hypnell

This document and said attachments have been mailed first class via USPS to the following parties, to wit:

Nelson P. Cohen
United States Attorney
District of Alaska
Federal Bldg. & U.S. Courthouse
101 12th Avenue, Box 2
Fairbanks, Alaska 99701


Jennifer D. Auchterlonie
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683

Date: November 26, 2007

Rita MariNa Hymes