Rita MariNa Hymes
Donald Louis Hymes
2340 Ravenwood Avenue
Fairbanks, Alaska [99709]
907-479-6922

**The United States of America**

**The United States**

**District Court of the United States**

**District of Alaska**

**UNITED STATES OF AMERICA**

*Plaintiff*

**v.**

**Rita M. Hymes, personal capacity**
**Donald L. Hymes, personal capacity;**

*Defendants*

**A05-123-CV(RRB)**

**Motion for Reconsideration Precluding Docket 153**

Come now Rita MariNa Hymes and Donald Louis Hymes ("the Hymes") with this

Motion for Reconsideration, under the law of necessity, Pleading into a territorial (legislative,

but not Article I) court (see docket 153 with public record attachments), being the United States

District Court ("USDC"), giving judicial Notice to Judge Ralph R. Beistline (Beistline) that the

Hymes have filed their Pleading *only* into a District Court of the United States arising under

Article III of the Federal Constitution in all Cases in Law and Equity exercising the judicial

Power of the United States under the Authority of the United States.

Beistline's ORDER at Docket 159 is totally frivolous, off-point and without merit. *In Re*

*Hicks*, 241 B.R. 456, 459 (D. Ariz. 1999), appealed in an unpublished opinion, is for

"taxpayers". There is no probative evidence of "Certificates of Assessment and Payments" in the record in this territorial USDC. The USDC is precluded from making determinations of who is a "taxpayer". In the CODE, at 28 U.S.C. § 2201, flows *a fortiori* that affirms that no legal duty exists as the known and definite law (26 U.S.C. § 6012 and 26 CFR § 1.6012-1 substantive regulation plead) must exist with a legal duty (requires two parties for a legal duty to exist, i.e. taxpayers) established in said law for "taxpayers" as held in *Cheek v. United States*, 498 U.S. 192 (1991). The Hymes have not made any such stipulation and deny same. *U.S. v. Wilfley*, WL 685283 (D. Or. 1997) is unpublished and not binding precedent. See 9th Circuit Rule 36-3, and is also precluded, as this is only for "taxpayers" and the IRS, not UNITED STATES OF AMERICA ("USA").

Beistline *holds* that the Hymes are "*indebted to Plaintiff for unpaid assessed tax*". Beistline must *finally* disclose who the Plaintiff is in this instant Case as the Hymes have been denied, under discovery, by Jennifer D. Auchterlonie ("Auchterlonie") and upheld by Beistline, to disclose who the *real party of interest i.e. Plaintiff is in this instant administrative proceedings*. Is this "assessed tax" due to "The United States of America" in the Articles of Confederation; or to "UNITED STATES OF AMERICA", whatever that is, (President of the United States in Title 48 U.S.C.); or to the "United States", of which there are three according to the holding of *Hooven & Allison Co.*, 324 U.S. 652, 671, 672 (1945) and of which only one is the several States united by and under the Federal Constitution (Beistline needs to state which one is applicable); or, the Internal Revenue; or, the Internal Revenue Service.

There has not been one scintilla of evidence with any party with first hand knowledge of any CODE, substantive regulations as mandated by 26 U.S.C. § 7805, substantive regulations as mandated by 5 U.S.C. § 552(1) or one "substantive regulations." The mandatory procedures, as

already plead for "taxpayers", have not been followed in this instant Case by the IRS or any of the other unknown entities in this instant Case, of which the Hymes have plead in great detail with "public records" of Congress and the CFRs.

In the adjudged decision of the Supreme Court of the United States in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) in a motion for summary judgment "The *evidence of the non-movant is to be believed*, and all justifiable inferences are to be drawn in his favor." See *United States v. Diebold, Incorporated*, 369 U.S. 654, 654 (1962) (per curiam); *Atlantic Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328, 332 [FN 2] (1990); *I.N.S. v. Abudu* 485 U.S. 94, 101 (1988); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986); *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157-158 (1970); *Hunt v. Cromartie, et al.*, 526 U.S. 541, 552 (1999); *Miller v. Glenn Miller Productions, Inc.*, 454 F.3d 975, 987 (9th Cir. 2006); *Pecarovich v. Allstate Ins. Co.*, 309 F.3d 652, 659 (9th Cir. 2002); *Fielder v. UAL Corp.*, 218 F.3d 973, 989-990 (9th Cir 2000); *Lake Nacimiento Ranch Co. v. San Luis Obispo County*, 841 F.2d 872, 876 (9th Cir. 1987) "The district court properly required the Ranch to make "sufficient showings" supporting the essential elements of its case whenever the Ranch would have carried the burden of proof at trial."

In the adjudged decision of the Supreme Court of the United States in *Scott v. Harris*, 127 S.Ct. 1769, 1774-1775 (2007), to wit:

> As this case was decided on summary judgment, there have not yet been factual findings by a judge or jury, and respondent's version of events (unsurprisingly) differs substantially from Scott's version. *When things are in such a posture, courts are required to view the facts and draw reasonable inferences "in the light most favorable to the party opposing the [summary judgment] motion*." *1775 United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962) (per curiam); *[Emphasis added]*

In the adjudged decision of the Supreme Court of the United States in *Eastman Kodak Co. v. Image technical Services, Inc.*, 504 U.S. 451, 466 [FN 10] "Recognizing that on summary

judgment we may examine the record *de novo* without relying on the lower courts' understanding."

It has been settled that hearsay evidence is unreliable and by its own nature incompetent and inadmissible, especially if first hand knowledge of facts can be obtained. In the adjudged decision of the Supreme Court of the United States of the well settled rule pronounced in *Donnelly v. United States*, 228 U.S. 243, 276-277 citing *Queen v. Hepburn*, 7 Cranch 290, 295 (1813), to wit:

> **461 *Queen v. Hepburn* (1813) 7 Cranch, 290, 295, 3 L. ed. 348, 349**, was a suit in which the petitioners claimed freedom, and certain depositions were rejected by the trial court as hearsay. This court, speaking through Chief Justice Marshall, said: *'These several opinions of the court [meaning the trial court] depend on one general principle, the decision of which determines them all. It is this: that hearsay evidence is incompetent to establish any specific fact, which fact is in its nature susceptible of being proved by witnesses who speak from their own knowledge...* . It was very justly observed by a great judge [FN4] that *'all questions upon the rules of evidence are of vast importance to all orders and degrees of men; our lives, our liberty, and our property are all concerned in the support of these rules, which have been matured by the wisdom of ages, and are no revered from their antiquity and the good sense in which they are founded.' One of these rules is that 'hearsay' evidence is in its own nature inadmissible.* That this species of testimony supposes some better testimony which might be adduced in the particular case is not the sole ground of its exclusion. *It intrinsic weakness, its incompetency to satisfy the mind of the existence of the fact, and the frauds which might be practised under its cover, combine to support the rule that hearsay evidence is totally inaddmissible. . . . The danger of admitting hearsay evidence is sufficient to admonish courts of justice against lightly yielding to the *277 introduction of fresh exceptions to an old and well-established rule, the value of which is felt and acknowledged by all.* If the circumstance that the eyewitnesses of any fact be dead should justify the introduction of testimony to establish that fact from hearsay, no man could feel safe in any property, a claim to which might be supported by proof so easily obtained. . . . This court is not inclined to extend the exceptions further than they have already been carried.'
>
> FN4  The reference is to the opinion of Lord Kenyon, Ch. J., in Rex v. Eriswell (1790) 3 T. R. 721.
>
> *This decision was adhered to in Davis v. Wood* (1816) 1 Wheat. 6, 8, 4 L. ed. 22, 23; *Scott v. Ratliffe* (1831) 5 Pet. 81, 86, 8 L. ed. 54, 55; *Ellicott v. Pearl* (1836) 10 Pet. 412, 436, 437, 9 L. ed. 475, 485, 486; *Wilson v. Simpson* (1850) 9 How. 109, 121, 13 L. ed. 66, 71; *Hopt v. Utah* (1884) 110 U. S. 574, 581, 28 L. ed. 262, 265, 4 Sup. Ct. Rep. 202, 4 Am. Crim. Rep. 417. And see *United States v. Mulholland*, 50 Fed. 413, 419. *[Emphasis added]*

See also *Hopt v. People*, 110 U.S. 574, 582 (1884); *Scott's Lessee v. Ratliffe*, 30 U.S. 81 (1831); *Wong Yee Toon v. Stump*, 233 F. 194, 197 (4th Cir. 1916); *Hauger v. United States*, 173 F. 54, 58-59 (4th Cir. 1909); *Hanfelt v. United States*, 53 F.2d 811, 813 (8th Cir. 1931).

This instant Case must be put to Trial by Jury by Hymes's peers.  The Hymes incorporate *all of the pleadings in this instant Case, of which there are so many material issues of fact in dispute, as already plead.  The Hymes object, protest and take exception that a mere Rule 803 of Hearsay Evidence (sic) is sufficient for a summary judgment.  Beistline must vacate his administrative ORDER.*

My Hand,

_____

_____

### Certification

This document and said attachments have been mailed first class via USPS to the following parties, to wit:

Nelson P. Cohen
United States Attorney
District of Alaska
Federal Bldg. & U.S. Courthouse
101 12th Avenue, Box 2
Fairbanks, Alaska 99701

Jennifer D. Auchterlonie
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683

Date: January 23, 2008

Rita MariNa Hymes