Rita MariNa Hymes and Donald Louis Hymes
2340 Ravenwood
Fairbanks, Alaska [99709]
907-479-6922

RECEIVED

FEB 2 6 2008

CLERK, U.S. DISTRICT COURT
FAIRBANKS, AK

**The United States of America**

**The United States**

**District Court of the United States**

**District of Alaska**

**UNITED STATES OF AMERICA**

*Plaintiff*
**v.**

**Rita M. Hymes, personal capacity**
**Donald L. Hymes, personal capacity;**
*Defendants*

**A05-123-CV(RRB)**

**Motion/Demand under Rule 60(b)(3) & 60(4)**

Come now Rita MariNa Hymes and Donald Louis Hymes ("the Hymes") with this Motion/Demand under Rule 60(b)(3) and Rule 60(4) under the law of necessity Pleading into a territorial (legislative, but not Article I) court with all previous public record attachments and affidavits incorporated of which this court shall take judicial Notice, being the United States District Court ("USDC").

And further, giving judicial Notice to Judge Ralph R. Beistline (Beistline) that the Hymes have filed their Pleading *only* into a District Court of the United States arising under Article III of the Federal Constitution in all Cases in Law and Equity, exercising the judicial Power of the United States under the Authority of the United States being only a constitutional court.

"JENNIFER D. AUCHTERLONIE" ("Auchterlonie"), has refused to disclose her status as an attorney or counselor-at-law, if it even exists in any of the several States, the District, any possession or territory of the United States, and her Bar Card association; and her pecuniary interest, cooperative agreements, memorandum of understanding in this instant Case. To which the Hymes object, protest and take exception and as a *matter of law* under Rule 60(3) & 60(4), which is fraud (intrinsic), misrepresentation, misconduct by Auchterlonie and the judgment (Order) is void.

Auchterlonie purports to represent the "UNITED STATES OF AMERICA" ("USA") and a "United States" of which the Supreme Court of the United States has held that there are three (3), of which only one is the several States under the Federal Constitution. As Auchterlonie represents one entity, in this instant Case being the USA, as the party of interest, but then magically moves to the United States; therefore, it is conclusive that Auchterlonie represents at a minimum two entities and that there must exist, as a *matter of law,* a contractual or fiduciary relationship between the USA and United States, which to date Auchterlonie refuses to disclose with the aid and assistance of Beistline, who presides in this instant Case in the USDC, being a mere Employee of the Government of the United States precluding being an Officer of the United States appointed by and with the consent of Congress arising under Article 2 Section 2 Clause 2 of the Federal Constitution with a Civil Commission under the seal of the United States for all officers of the United States mandated by 1 Stat 68 §§ 3,4 and arising under Article VI of the Federal Constitution. Auchterlonie has refused to disclose same to the Hymes and the Hymes object, protest and take exception and as a *matter of law* under Rule 60(3) & 60(4), which is fraud (intrinsic), misrepresentation, misconduct by Auchterlonie and the judgment (Order) is void. On Auchterlonie's "UNITED STATES' [PROPOSED] ORDER OF

FORECLOSURE AND JUDICIAL SALE" ("*Sale Document*"), she states as true that the Hymes are indebted to the "United States", but on the Complaint, the entity is "USA" and not "United States. To which the Hymes object, protest and take exception and as a *matter of law* under Rule 60(3) & 60(4), which is fraud (intrinsic), misrepresentation, misconduct by Auchterlonie and the judgment (Order) is void.

### I. Courts Must Take Judicial Notice of Public Records

No formal introduction of the public records of rules and regulations is required and the courts of the United States are to take judicial notice. This holding is found in the adjudged decision of *Caha v. United States*, 152 U.S. 211, 221, 222 (1894), to wit:

> But we are of the opinion that there was no necessity for a formal introduction in evidence of such rules and regulations. They are matters of which courts of the United States take judicial notice.
> . . .
> [T]he rules and regulations prescribed in pursuance of such authority become a mass of that body of public records of which the courts take judicial notice.

On judicial notice, see also *Lilly v. Grand Trunk Western R. Co.*, 317 U.S. 481, 488 (1943) and *The United States v. Heschmaker*, 63 U.S. 392, 405 (1859).

The courts are to give public acts *legal effect*, and this is held in the adjudged decision of *Armstrong v. United States*, 80 U.S. 154, 156 (1871), to wit:

> This was a public act of which all courts of the United States are bound to take notice, and to which all courts are bound to give effect.

Regardless of whether the sovereign is *de jure* or *de facto,* determinations by the executive or legislative branch binds the judges, *even if not formally put into evidence*, and this is held in the adjudged decision of *Jones v. United States*, 137 U.S. 202, 212, 214 (1890), to wit:

> **Who is the sovereign, *de jure* or *de facto*, of a territory, is not a judicial, but a political question, the determination of which by the legislative and executive departments of any government conclusively binds the judges,** as well as all other officers, citizens, and subjects of that government. This principle has always been upheld by this court, and has been affirmed under a great variety of circumstances. Gelston v. Hoyt, 3 Wheat. 246, 324; U. S. v. Palmer, Id. 610; The Divina Pastora, 4 Wheat. 52; Foster v. Neilson, 2 Pet. 253, 307, 309; Keene v.

McDonough, 8 Pet. 308; **84Garcia v. Lee,  12 Pet. 511, 520; Williams v. Insurance Co., 13 Pet. 415; U. S. v. Yorba, 1 Wall. 412, 423; U. S. v. Lynde, 11 Wall. 632, 638.

\* \* \*

**All courts of justice are bound to take judicial notice of the territorial extent of the jurisdiction exercised by the government whose laws they administer,** or of its recognition or denial of the sovereignty of a foreign power, **as appearing from the public acts of the legislature and executive, although those acts are not formally put in evidence,** nor in accord with the pleadings.  U. S. v. Reynes, 9 How. 127; Kennett v. Chambers, 14 How. 38; Hoyt v. Russell, 117 U. S. 401, 404, 6 Sup. Ct. Rep. 881; Coffee v. Groover, 123 U. S. 1, 8 Sup. Ct. Rep. 1; State v. Dunwell, 3 R. I. 127; State v. Wagner, 61 Me. 178; Taylor v. Barclay, and Emperor of Austria v. Day, above cited; 1 Greenl. Ev. ß 6.  *[Emphasis added]*

Therefore, the Court shall take judicial Notice of all public records including United States Code, Code of Federal Regulations, Laws of the United States, laws of Congress, Acts of Congress, adjudged decisions of all the courts, and documents, whether or not cited in this specific document.

## II. Congress' Statutory Scheme

Congress mandates that each agency must be in compliance with 5 U.S.C. § 552(a)(1) to publish in the Federal Register, including but not limited to the "substantive rules" (Regulation and rule have the same meaning – 1 CFR § 1.1 Definitions), otherwise a person may not be adversely affected.    Internal Revenue Service ("IRS"), whose creation and existence is unknown, has in 26 CFR § 601.702(a) acknowledged 5 U.S.C. § 552(a)(1) and agreed to abide by same under the statutory Authority of 5 U.S.C. §§ 301 and 552; and 39 U.S.C. § 3220.

In 26 CFR § 601.702(a), the IRS discloses the three types of regulations that will be used when in compliance with 5 U.S.C. § 552(a)(1):

1.      Part 601 – Statement of Procedural Rules; and,

2.      Part 301 – Procedure and Administrative Regulations; and,

3.      Substantive regulations under the Internal Revenue Code of 1986 consisting of:

a.      Part 1 of this chapter "Income Tax Regulations"; and,

b.    Part 20 of this chapter (Estate Tax Regulations); and,

c.    Part 31 of this chapter (Employment Tax Regulations).

In the ***holding*** of the adjudged decision of the Supreme Court of the United States in *Chrysler v. Brown*, 441 U.S. 281, 281-283 (1979) only ***substantive regulations under the statutory Authority of Congress have the force and effect of law, which also have a comment period***. Also in the holding of *Chrysler* this ***precludes all Procedural Rules (601) and all Administrative Regulations (301) as having the force and effect of law.***

Under the statutory authority of Congress in 26 U.S.C. § 7805 is the mandate to prescribe all needful rules and ***regulations for the enforcement of this title [Title 26]*** relation to the "internal revenue", to wit:

> **Authorization.**--Except where such authority is expressly given by this title to any person other than an officer or employee of the Treasury Department, **the Secretary shall prescribe all needful rules and *regulations for the enforcement of this title*,** including all rules and regulations as may be necessary by reason of any alteration of law in relation to internal revenue. *[Emphasis added]*

In prescribing the rules and regulations for the administration of the internal revenue, the regulations must effectuate the will of Congress as expressed by statute.

The pronouncement by the Supreme Court of the United States in the adjudged decision of *Dixon v. United States*, 381 U.S. 68, 74 (1965) is that a regulation can not alter a statute and the statute must carry into effect the will of congress, expressed by the statute and if it does not do this, it is a mere nullity, to wit:

> Indeed, long before the tax year here in question this Court had made it clear that 'The power of an administrative officer or board to administer a federal statute and to prescribe **rules and regulations to that end is not the power to make law * * * but the power to adopt regulations to carry into effect the will of Congress as expressed by the statute. A regulation which does not do this, but operates to create a rule out of harmony with the statute, is a mere nullity.'** Manhattan General Equipment Co. v. Commissioner of Internal Revenue, supra, 297 U.S. at 134, [FN7] 56 S.Ct. at 400.
>
> * * *
>
> 'The statute defines the rights of the taxpayer and fixes a standard by which such rights are to be measured. The regulation constitutes only a step in the administrative process. It does not, and could not, *75 alter the statute. **[Emphasis added]**

See also *Lynch v. Tilden Produce Co.*, 265 U.S. 315, 320-322; *Manhattan General Equipment Co. v. C.I.R.*, 297 U.S. 129, 134 (1936); *Guardians Ass'n v. Civil Service Com'n of City of New York*, 463 U.S. 582, 616 (1983); *Ernst & Ernst*, 425 U.S. 185, 213 (1976); *U.S. v. Larionoff*, 431 U.S. 864, 873 (1977); *Legal Environmental Assistance Foundation, Inc. v. U.S. Environmental Protection Agency*, 118 F.3d 1467, 1473 (11 Cir. 1997).

In the adjudged decision of the *In re Managed Care Litigation*, 135 F.Supp.2d 1253, 1271 (11th Cir. 2001) *citing Dixon, supra. Ibid at 1271* and in *Managed Care at 1271, Stewart v. Berstein*, 769 F.2d 1088, 1093 (5th Cir. 1985; "[T]he federal regulations can not themselves create a cause of action; this is a job for the legislature"; "[N]o implied private right of action can be found from regulations standing alone" citing *Sandoval v. Hagan*, 7 F.Supp.2d 1234, 1256 n.20 (N.D.Ala. 1998).

It seems quite clear that the statutory authority to promulgate regulations is posited in 26 U.S.C. § 7805 for the IRS; and, that the regulations must put into effect the will of Congress or the regulation is a nullity.

### A. The Court is to Assure that 26 U.S.C. § 7805 IRS Regulations Fall Within Congressional Mandate

The Court does not sit as a committee to perfect the administration of tax laws and the Court is only to assure that the Commission's regulation fall within his authority to implement the Congress's mandate; and, this is found in the adjudged decision of the Supreme Court in *United States v. Correll*, 389 U.S. 299, 306-307 (1967), to wit:

> **But we do not sit as a committee of revision to \*307 perfect the administration of the tax laws.** Congress has \*\*450 delegated to the Commissioner, not to the courts, the task of prescribing 'all needful rules and regulations for the enforcement' of the Internal Revenue Code. 26 U.S.C. s 7805(a). In this area of limitless factual variations '**it is the province of Congress and the Commissioner, not the courts, to make the appropriate adjustments.**' Commissioner v. Stidger, 386 U.S. 287, 296, 87 S.Ct. 1065, 1071, 18 L.Ed.2d 53. **The rule of the judiciary in cases of this sort begins and ends with assuring that the Commissioner's regulations fall**

**within his authority to implement the congressional mandate in some reasonable manner. [Emphasis added]**

See *U.S. v. Carwright*, 411 U.S. 546, 550 (1973); *Bingler v. Johnson*, 394 U.S. 741, 749-751 (1969); *Bob Jones Univ. v. U.S. Goldsboro Christian Schools, Inc.*, 461 U.S. 574, 596 (1983).

In the adjudged decision of *United States v. Cleveland Indians Baseball Co.*, 532 U.S. 200 (2001) it was *held*, to wit:

> **The Court does not \*\*1436 sit as a committee of revision to perfect the administration of the tax laws.** *United States v. Correll*, 389 U.S. 299, 306-307, 88 S.Ct. 445, 19 L.Ed.2d 537. **Instead, it defers to the Commissioner's regulations as long as they implement the congressional mandate in a reasonable manner.** *Id.,* at 307, 88 S.Ct. 445. **[Emphasis added]**

In the adjudged decision of the Supreme Court of the United States in *C.I.R. v. Portland Cement Co. of Utah*, 450 U.S. 156, 157 (1981) it was *__held__* "This Court customarily defers to Treasury Regulations that "implement the congressional mandate in some reasonable manner." *United States v. Correll*, 389 U.S. 299, 307, 88 S.Ct. 445, 450 (1967). See also *C.I.R. ibid at 169.*

In the adjudged decision of the Supreme Court of the United States in *National Muffler Dealers Assoc. Inc. v. United States*, 440 U.S. 472, 477-78 (1979) citing *Correll, supra.* and the Court also pronounced *at 477*, to wit:

> We do this because **"Congress has delegated to the [Secretary of the Treasury and his delegate, the] Commissioner [of Internal Revenue], not to the courts, the task of prescribing 'all needful rules and regulations for the enforcement' of the Internal Revenue Code. 26 U.S.C. ß 7805(a)."** *United States v. Correll*, 389 U.S., at 307, 88 S.Ct. at 449. That delegation helps ensure that in "this area of limitless factual variations," ibid., like cases will be treated alike. It also helps guarantee that the rules will be written by **"masters of the subject,"** *United States v. Moore*, 95 U.S. 760, 763, 24 L.Ed. 588, 589 (1878), who will be responsible for putting the rules into effect. **[Emphasis added]**

It seems quite clear that the Court does not sit as a committee to perfect the administration of the tax laws; and, the IRS is to promulgate regulations under the statutory authority of Congress; and, the Courts exercise review over the IRS actions.

### B. Regulations relating to Taxes Administered only in Tile 26 CFRs

In the regulation 26 CFR § 601.101 under the statutory Authority of 5 U.S.C. §§ 301, 552 and 39 U.S.C. § 3220 "***The regulations to the taxes administered by the service are contained in Title 26 of the Code of Federal Regulations***." This precludes any regulations in Title 27 of the CFRs for individual income taxes being used by the IRS.

### C. IRS is an Agency Subject to Publishing in the CFRs

In the regulation 26 CFR § 601.101 under the statutory Authority of 5 U.S.C. §§ 301, 552 and 39 U.S.C. § 3220 the IRS is declared to be an "agency."

### D. Statutory Authority in Code of Federal Regulations Required

In the Code of Federal Regulations ("CFR") the statutory Authority Citations must be included, to wit:

1.    1 CFR § 1.1 – Definitions - . . . "Document having ***general applicability and legal effect [see 552 U.S.C. § 552(a)(1)*** means any document ***issued under proper authority*** prescribing a penalty or ***course of conduct, conferring a right, privilege, authority, or immunity, or imposing an obligation, and relevant or applicable to the general public,*** members of a class, or persons in a locality, as distinguished from named individuals or organizations; . . .; and,

2.    1 CFR § 2.5 – Publication of statutes, regulations and related documents; and,

3.    1 CFR § 5.1 – Publication policy "(a)(2) - Documents required to be published therein by law" and "(a)(c) – In prescribing regulations . . . authority citations . . ."; and,

4.    1 CFR § 5.2 – Document required to be filed for public inspection and published – "(b) Each document or class of documents required to be published by act of

Congress. (c) Each document having general applicability and legal effect.

5.    1 CFR § 21.21 – General requirements: Reference – "(b) Each document that contains a reference to material published in the Code shall include the Code citation as part of the reference" under the statutory Authority of 44 U.S.C. § 1506; and,

6.    1 CFR § 21.40 – General requirements: Authority citations – "Each section in a document **subject to codification** must include, or be covered by, *__a complete citation of the authority under which the section is issued__*, including--    (a) General or specific *__authority delegated by statute__*;  and (b) Executive delegations, if any, necessary **to link the statutory authority to the issuing agency.**" *[Emphasis added]*; and,

7.    1 CFR § 21.41 – Agency responsibility – "(a) Each issuing agency is responsible for the accuracy and integrity of the citations of authority in the documents it issues."; and,

8.    1 CFR § 21.43 – Placing and amending authority citations – under the statutory Authority of 44 U.S.C. 1506.; and,

9.    1 CFR § 21.45 – Non statutory authority – prescribes the placement of non statutory authorities under the statutory Authority of 44 U.S.C. 1506; and,

10.   1 CFR § 21.52 – Statutory material – "(a) United States Code.  All citations to statutory authority shall include a United States Code citation, where available. . ." under the statutory Authority of 44 U.S.C. 1506; and,

11.   1 CFR § 22.1 – Name of issuing agency and subdivision – "(a) The name of the agency issuing a notice shall be placed at the beginning of the document." under

the statutory Authority of 44 U.S.C. 1506; and,

12.     1 CFR 22.2 – Authority citation  - "The ***authority under which an agency issues***

***a notice shall be cited*** in narrative form ***within text*** or ***in parentheses on a***

***separate line following text***"; and,

### E.  Identifying the Substantive Regulations in the CFRs with the Statutory Authority of Congress that Have the Force and Effect of Law

In the CFRs, to find the regulation(s) that qualify as ***substantive regulations having the***

***force and effect of law under the statutory Authority of Congress***, each individual regulation

must be tested to see if it is listed in one of the three substantive regulation tables in the CFRs

under mandatory general regulations statutory Authority of  26 U.S.C. § 7803 with the other

specific statutory Authority/Authorities within one of these three substantive regulation tables

being, to wit:

(1) C.F.R. T. 26, Ch. I, Subch. A, Pt. 1; and,

(2) C.F.R. T. 26, Ch. I, Subch. B, Pt. 20; and,

(3) C.F.R. T. 26, Ch. I, Subch. C, Pt. 31; and,

The ***other means of identifying a substantive regulation with the force and effect of law***

is to inspect the bottom of the regulation for the word ***Authority,***  and then the Code citation(s)

authority that ***must follow***.

There is another table of authorities published in the CFRs, being C.F.R. T. 26, Ch. I,

Subch. F, Pt. 301 for type 301 "administrative" issues under 301.xx having no comment period,

precluded from being a substantive regulations under the statutory Authority of Congress.  See

the ***holding*** of the adjudged decision of the Supreme Court of the United States in *Chrysler v.*

*Brown*, 441 U.S. 281, 281-283 (1979).  This is often cited by DoJ and courts for consumption for

the ignorant.

### F. The Statutory Duty to File an Individual Income Tax Return

The cases that pronounce or hold that "taxpayers", i.e. Individuals, must file Returns is posited in 26 U.S.C. § 6012. This duty is not required to be disclosed to a person indicted, to wit: *United States v. Vroman*, 975 F.2d 669, 670-671 (9th Cir. 1992); *United States v.* Hicks, 947 F.2d 1356, 1360 (9th Cir. 1991); *United States v. Bower*, 920 F.2d 220, 222 (4th Cir. 1990); *United States v. Drefke*, 707 F.2d 978, 981 (8th Cir. 1983); *United States v. Kahl*, 583 F.2d 1351, 1355 (5th Cir. 1978); *United States v. Spine*, 945 F.2d 143, 149 (6th Cir. 1991); *United States v. Stierhoff*, 500 F. Supp. 2d 55, 62-63 (D. R.I. 2007); *United States v. Washington*, 947 F. Supp. 87, 91 (S.D. N.Y.1996); Case and other unpublished Cases such as *United States v. Gaumer*, 27 F.3d 568, 572 (6th Cir. 1994); and in the Case 1-06-cr-42 in the USDC for the District of Rhode Island of UNITED STATES OF AMERICA v. Neil Stierhoff Docket 89 pages 5-6 under the signatures of the Department of Justice John N. Kane and Thomas G. Voracek and Docket 101 pages 10-11 under the signature of USDC Judge Mary M. Lisi.

"*The government was not required to cite 26 U.S.C. § 6012 in the indictment* in order to give Vroman notice of the charges filed against him." *[Emphasis added]* *United States v. Vroman*, 975 F.2d 669, 670-671 (9th Cir. 1992).

In the adjudged case of *United States v.* Hicks, 947 F.2d 1356, 1360 (9th Cir. 1991), to wit:

> *It is the tax code itself, without reference to regulations, that imposes the duty to file a tax return.*
>
> * * *
>
> However, even if we suppose that the duty to file tax returns can be understood only with reference to regulations, the *IRS has duly promulgated sufficient regulations,* e.g.,26 C.F.R. ß ß 1.6011-1, *1.6012-1, to make that duty clear.*
>
> * * *
>
> *The code requires that persons such as Hicks make a return. 26 U.S.C. § 6012.* While it is true that the regulations state that filing a Form 1040 is the preferred manner of making a return, it is *by no means the only manner of filing. 26 C.F.R. 1.6012-1(a)(6). [Emphasis added]*

In the adjudged decision of *United States v. Bennett*, 100 A.F.T.R.2d 2007-6127, *6 (D.

Hawaii 2007), to wit:

> Bennett challenges *26 U.S.C. § 6012* as unconstitutionally vague and ambiguous, arguing that it is unclear *"what return is required, when it must be made, who must make it, and where it must be filed."* Second Motion at 9. The Ninth Circuit has opined, however, that the duty to file a tax return has been made clear with duly promulgated regulations. *Hicks, 947 F.2d at 1360* (*"the IRS has duly promulgated sufficient regulations, e.g., C.F.R. §§ 1.6011-1, 1.6012-1, to make [the duty to file a tax return] clear"*).

### G. The Substantive Regulation of 26 CFR § 1-6012-1

26 CFR § 1-6012-1, under Congress' statutory scheme, is a ***substantive regulation that***

***has the force and effect of law.*** In the adjudged decision of *United States v. Hicks*, 947 F.2d

1356, 1360 (9th Cir. 1991) pronouncement, to wit:

> ***It is the tax code itself, without reference to regulations, that imposes the duty to file a tax return.*** *See United States v. Bowers*, 920 F.2d 220, 222 (4th Cir.1990) (upholding defendants' conviction under 26 U.S.C. ß 7201). However, even if we suppose that the duty to file tax returns can be understood only with reference to regulations, **the IRS has duly promulgated sufficient regulations, *e.g.,* 26 C.F.R. ß ß 1.6011-1, 1.6012-1, to make that duty clear.**
> \* \* \*
> ***The code requires that persons such as Hicks make a return. 26 U.S.C. ß 6012. [Emphasis added]***

In the tax court cases of *McCart v. Commissioner of Internal Revenue*, T.C. Memo. 1993-

96 "OMB control numbers 1545-0675, 1545-0085, etc., which are assigned to **sec. *1.6012-1,***

***Income Tax Regs. (persons required to file income tax returns)."* [emphasis added]* and citing

*Hicks supra.* that a Federal Income tax return must be filed.

In *United States v. Bennett*, *WL 2790744* (100 A.F.T.R.2d 2007-6127), *3 (D. Hawaii

2007), to wit:

> Moreover, the Ninth Circuit has already rejected an argument similar to Bennett's. In ***United States v. Hicks*, 947 F.2d 1356 (9th Cir.1991),** the defendant challenged his duty to file an income tax return. He argued that because IRS Form 1040 had not been promulgated pursuant to the APA, he did not have to file any tax return. *Id.* at 1360.The Ninth Circuit rejected this argument:
> [Defendant]'s argument is meritless. It confuses law with regulations with respect to such law. ***It is the tax code itself, without reference to regulations, that imposes the duty to file a tax return.*** However, even if we suppose that the duty to file tax returns can be understood only with reference to regulations, ***the IRS has duly promulgated sufficient regulations,*** e.g.,*26 C.F.R. §§ 1.6011-1, 1.6012-1 , to make that duty clear. [Emphasis added]*

In the substantive regulation of 26 CFR § 1-6012-1 it is made quite clear who has the duty to file income tax returns, to wit:

> **(a) Individual citizen or resident--(1) In general.** Except as provided in subparagraph (2) of this paragraph, *an income tax return must be filed by every individual* for each taxable year beginning before January 1, 1973, during which he receives $600 or more of gross income, and for each taxable year beginning after December 31, 1972, during which he receives $750 or more of gross income, *if such individual is:*
>
> (i) *A citizen of the United States*, whether residing at home or abroad,
>
> (ii) A *resident of the United States* even though not a citizen thereof, or
>
> (iii) An *alien bona fide resident of Puerto Rico* during the entire taxable year.    *[Emphasis added]*

### III. Does Auchterlonie's Sale Document comply with the Statutory Authority of Congress?

As the IRS *exercises no executive Power of the United States arising under the Federal Constitution with Laws of the United States arising under Article VI*, but it is a mere agency and mandated to use regulations under the statutory Authority of Congress.

*Auchterlonie has no grant of executive Power of the United States to circumvent all of the statutory Authorities of Congress and substantive regulations that have the force and effect of law concerning the Hymes, which would also preclude the existence of the IRS.*

Testing each of the CODE sections of Auchterlonie's Sale Document exposes the lack of jurisdiction; and, intentional and willful fraud, which, as a *matter of law* under Rule 60(3) & 60(4), incorporates fraud (intrinsic and extrinsic), misrepresentation, misconduct by Auchterlonie and the judgment (Order) is void. These violations have to date been supported by various other persons of the IRS and Beistline.

### IV. Test of 26 U.S.C. § 7402 – Jurisdiction Page 2 Sale Document

First, 26 U.S.C. § 7402 is not a Law of the United States arising under Article VI of the

Federal Constitution and it doesn't even rise to the ruse of "positive law" (sic).

The Hymes have been filing Pleadings into a "Court of the United States arising under Article III in all Cases in Law and Equity exercising the judicial Power of the United States under the Authority of the United States" (hereafter "District Court of the United States"). The Hymes *did not* and have not been filing into the *United States District Court* ("USDC"), which was established in 1948 in Title 28 U.S.C. § 132 wherein in I *ibid.* a **statutory** "judicial power of a district court" is controlled by "by law, or rule or order of court" as evidenced by the *public record*, being **Attachment 1**.

The source of the "*judicial Power of the United States*" is only from the Constitution of the United States in all Cases in Law and Equity under the Authority of the United States; and, in the adjudged decision it is long ago been well settled that the "The Constitution must have given to the court the capacity to take it, *and an act of Congress must have supplied it....* " [emphasis in original] as pronounced in *Finley v. United States*, 490 U.S. 545, 547, 548 (1989), to wit:

> **It remains rudimentary law that "[a]s regards all courts of the United States inferior to this tribunal, two things are necessary to create jurisdiction, whether original or appellate. The Constitution must have given to the court the capacity to take it, *and an act of Congress must have supplied it....* To the extent that such action is not taken, the power lies dormant."** *The Mayor v. Cooper*, 6 Wall. 247, 252, 18 L.Ed. 851 (1868) (emphasis added); accord, *Christianson v. Colt Industries Operating Co.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 2179, 100 L.Ed.2d 811 (1988); *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379-380, 101 S.Ct. 669, 676-677, 66 L.Ed.2d 571 (1981); *Kline v. Burke Construction Co.*, 260 U.S. 226, 233-234, 43 S.Ct. 79, 82-83, 67 L.Ed. 226 (1922); *Case of the Sewing Machine Companies*, 18 Wall. 553, 577-578, 586-587, 21 L.Ed. 914 (1874); *Sheldon v. Sill*, 8 How. 441, 449, 12 L.Ed. 1147 (1850); *Cary v. Curtis*, 3 How. 236, 245, 11 L.Ed. 576 (1845); *McIntire v. Wood*, 7 Cranch 504, 506, 3 L.Ed. 420 (1813 *[Emphasis added]*

"Their concurrence is necessary to vest it. It is the duty of Congress to act for that purpose up to the limits of the granted power" as pronounced in *The Mayor v. Cooper*, 73 U.S. 247, 252 (1867).

In *Martin v. Hunter's Lessee*, 14 U.S. 304 (1816), an on-point case on judicial Power, pronounced firmly that the "judicial Power" shall be vested in courts of the United States, as our constitutional Republic exists only if  there exist courts of the United States exercising the judicial Power of the United States. Otherwise, the people of the several States will be bound under the executive Power of the United States and the legislative Power of the United States, with no means to "expound and enforce them" *ibid at 329* and it follows that Article VI, the supreme Law of the Land becomes a nullity.     Is the "shall be vested" not absolutely of mandatory equal importance to the "shall be vested" in the executive and legislative departments? The answer is yes. See *Martin ibid at 324 et seq.*   In the adjudged Case of *Alden v. Maine*, 527 U.S. 706, 739 (1999) citing *Martin at 326*   "The Federal Government, by contrast," can claim no powers which are not granted to it by the constitution, and the powers actually granted must be as such as are expressly given, or given by necessary implication."

The 1948 Title 28 U.S.C. § 132 did combine a territorial court with supposedly an Article III court of the United States to give the ***appearance*** of an Article III court in the several States as stated in the 28 U.S.C. § 132 Reviser's Notes of the ***public record***, being **Attachment 1**.

It is well settled that the reviser's notes are authoritative in interpreting the Code, *supra*.  See *United States v. National City Lines,* 337 U.S. 78, 81 (1949); *Stainback v. Mo Hock Ke Lok* Po, 336 U.S. 368 n. 12 (1949);  *Aberdeen & Rockfish R. Co. v. Students Challenging Regulatory Agency*, 422 U.S. 289, 309 (1975); *Western Pac. R. Corp. v. Western Pac. R. Co.*, 345 U.S. 247, 254-255 (1953);  *Pope v. Atlantic Coast Line R. Co.*, 345 U.S. 379, 384 (1953);  *Tivoli Realty v. Paramount Pictures*, 80 F.Supp. 278, 280 (D. Del. 1950);  *United States v. Thompson*, 319 F.2d 665, 669 (1963) (2nd Cir. 1963); *United States ex rel. Almeida*, 195 F.2d 815 (3rd Cir. 1952); *Adamowski v. Bard*, 193 F.2d 578, 581 (3rd Cir. 1952);  *United States ex rel. Auld v. Warden of*

*New Jersey State Penitentiary*, 187 F.2d 615 n. 1 (3rd Cir. 1951); *Lake v. New York Life Ins. Co.*, 218 F.2d 394, 398 (4th Cir. 1955); *Government Nat. Mortg. Ass/n v. Terry*, 608 F.2d 614, 618 n. 5 (5th Cir. 1979); *Acron Investments, Inc. v. Federal Sav. & Loan Ins. Corp.*, 363 F.2d 236, 240 (9th Cir. 1966); *Ragsdale v. Price*, 185 F.Supp. 263, 265 (M.D. Tenn. 1960); *Wham-O-Mfg. Co. v. Paradise Mfg. Co.*, 327 F.2d 748, 752 (9th Cir. 1964); *Stauffer et al. v. Exley*, 184 F.2d 962, 964 (9th Cir. 1950); *King v. United States*, 390 F.2d 894, 913 (Ct.Cl. 1968) [28 U.S.C. 2201-02]; *Matter of Contest of General election on Nov. 8, 1977*, 264 N.W.2d 401, 405-405 (Sup. Ct. Minn. 1978); *United States v. Klock*, 100 F.Supp. 230, 233 (N.D. N.Y. 1951); *State ex rel. v. Shoemaker*, 39 N.W.2d 524, 528 (Sup. Ct. S.D. 1949); *Glenn v. United States*, 129 F.Supp. 914, 917 (S.D. Cal. 1955).

It is also settled, that even if the USDC, which is inextricably intertwined with a Article IV territorial court, was a true "District Court of the United States", this does not make it a constitutional court arising under Article III, as pronounced in *Mookini v. United States*, 303 U.S. 201, (1938), to wit:

> The term **'District Courts of the United States,'** as used in the rules, without an addition expressing a wider connotation, has its historic significance. **It describes the constitutional courts created under article 3 of the Constitution. *Courts of the Territories are legislative courts*, properly speaking, and are not District Courts of the United States. We have often held that vesting a territorial court with jurisdiction similar to that vested in the District Courts of the United States does not make it a 'District Court of the United States.'** (important case cites omitted due to space limitations) *[Emphasis added]*

Within the several States of the Union there can't be a territorial court or a territorial court dressed up to appear as an Article III court. It has been well settled that the territorial courts, being legislative courts, are incapable of receiving Article III judicial Power of the United States, and derive their power from Article IV as pronounced in *The American Insurance Company v. 356 Bales of Cotton*, 26 U.S. 511, 546 (1828), to wit:

> These Courts [territorial courts], then, *are not constitutional Courts, in which the judicial*

*power conferred by the Constitution on the general government, can be deposited. They are incapable of receiving it.* They are **legislative Courts,** created in virtue of the general right of sovereignty which exists in the government, or in virtue of that clause which enables Congress to make all *needful rules and regulations,* respecting the territory belonging to the United States. The **jurisdiction with which they are invested, is not a part of that judicial power which is defined in the 3d article of the Constitution, but is conferred by Congress,** in the execution of those general powers which that body possesses over the territories of the United States.  * * * In legislating for them, **Congress exercises the combined powers of the *general, and of a state government*.** *[Emphasis added]*

It is been held in *O'Donoghue v. United States,* 289 U.S. 516, 531- 550 (1933) that

Congress can vest the courts in the "District" with both non-judicial functions and Article III

judicial Power of the United States, citing *Keller v. Potomac Electric Power Co.,* 261 U.S. 428,

442 (1923), "but adds that this may not be done with any federal court *established* under Article

III of the Constitution" *O'Donoghue at 551. [Emphasis added]* This is in accord with *Postum*

*Cereal Co. v. California Fig Nut Co.,* 272 U.S. 693 (1927) *at 700* "Such legislative or

administrative jurisdiction, it is well settled, cannot be conferred on this court either directly or

by appeal" for federal courts *established* and exercising the judicial Power of the United States

arising under Article III §§ 1,2. *Postum ibid* is in accord with *Palmore v. United States,* 411 U.S.

389 (1973) as this Case was within the boundaries of the District and not in the several States

holding that not every "Act of Congress or a law", not "Laws of the United States" must be

presided over by a judge arising under Article III.     An essential element of *Palmore* is the

"federal question" where Congress in 18 Stat. 470 in 1875 purportedly amended the Judiciary

Act of 1789 Section 11 by replacing "*an alien is a party*" with "*foreign states, citizens or*

*subjects*" in 18 Stat. 470.  As to whether this change is completely arising under Article III

judicial Power of the United States has not been determined, i.e. pendent jurisdiction, but it did

allow "corporations"; and, fictional "citizens of the United States" to have the same rights "*as*

*enjoyed by white citizens*", which Congress established by statute 14 Stat. 27 of 1866, being

**Attachment 2,** amending same as found today in the public records of 42 U.S.C. §1981, being

**Attachment 3** (from Westlaw); and, 42 U.S.C. §1982, being **Attachment 4** (from Westlaw); and, 42 U.S.C. § 1988, being **Attachment 5** (from Westlaw); and with the Revised Statutes of 1878 Title XXIV included in 42 U.S.C. § 1988, being **Attachment 6**, giving the appearance of standing in the federal courts exercising the judicial Power of the United States.

This **_citizen of the United States_** was memorialized in the Fourteenth Amendment so as to establish this **_fictional status_** as a **_political question_** and beyond the reach of the Courts of the United States arising under Article III and to **_preclude a subsequent Congress from repealing 14 Stat. 27_** and **_it progeny_**. This is pronounced in the adjudged decision of *United States v. Wong Kim Ark.*, 169 U.S. 649, 675, 676 (1898), to wit:

> *At 675 –* Act April 9, 1866, c. 31, ß 1 (14 Stat. 27).
> The same congress, shortly afterwards, evidently thinking it unwise, and perhaps unsafe, to leave so important a *declaration of rights to depend upon an ordinary act of legislation*, which *might be repealed by any subsequent congress, framed the fourteenth amendment of the constitution*, and on June 16, 1866, by joint resolution, proposed it to the legislatures of the several states; and on July 28, 1868, the secretary of state issued a proclamation showing it to have been ratified by the legislatures of the requisite number of states. 14 Stat. 358; 15 Stat. 708.
> * * *
> *At 676 –* It is declaratory in form, and enabling and extending in effect. Ins main purpose doubtless was, as has been often recognized by this court, *to establish citizenship of free negroes* . . . *[Emphasis added]*

Congress was not granted the legislative Power arising under the Federal Constitution to **_issue a declaratory status establishing a citizen standing for a particular class or race of people "as enjoyed by white citizens._** Congress was granted the legislative Power arising under the Federal Constitution Article I Section 8 Clause 4 "To establish a uniform Rule of Naturalization." Naturalization Certificates issued under the legislative Power of Congress identify this status as a "citizen of the United States of America."

**_The Political Status, Citizen Status and Allegiance of Rita MariNa Hymes and Donald Louis Hymes precludes the fictional "citizen of the United States"_** as evidenced by the **_certified_**

*copy of* Rita MariNa Hymes Naturalization Certificate. She is a "citizen of the United States of America", being **Attachment 7**.

There is filed into the public record in the Fairbanks Recording District in Fairbanks, Alaska the "*Certificate of Political Status, Citizen Status and Allegiance*" *of Rita MariNa Hymes*, being **Attachment 8**, which precludes the fictional declaratory status for negroes as a "citizen of the United States" to have the same rights as "enjoyed by white citizens" remembering that Rita MariNa Hymes is a *white citizen*.

There is filed into the public record in the Fairbanks Recording District in Fairbanks, Alaska the "*Certificate of Political Status, Citizen Status and Allegiance*" *of Donald Louis Hymes*, being **Attachment 9**, which precludes the fictional declaratory status for negroes as a "citizen of the United States" to have the same rights as "enjoyed by white citizens" remembering that Donald Louis Hymes is a *white citizen*.

The Hymes have relied upon the public records, which conclusively prove that the USDC is not a constitutional court arising under Article III of the Federal Constitution in all Cases in Law and Equity exercising the judicial Power of the United States under the Authority of the United States under 28 U.S.C. § 132 or Auchterlonie's claim of 26 U.S.C. § 7402 *has failed*. The Hymes have never waived their secured right in the Federal Constitution to have an Article III constitutional court; and, the Hymes are not "citizens of the United States", which under Congress' statutory scheme  clearly identifies the entities required to file income tax returns being either a "citizen of the United States", "resident of the United States, or alien bona fide resident of Puerto Rico";  and, therefore as a *matter of law* under Rule 60(3) & 60(4), which is fraud (intrinsic and extrinsic), misrepresentation, misconduct by Auchterlonie and the judgment (Order) is void, including the pleadings of Auchterlonie.

### V. Test of Auchterlonie's 26 U.S.C. § 7403 under the Congress' Statutory Scheme

Auchterlonie's *ipse dixit* pontification claims that under 26 U.S.C. § 7403 an "Action to enforce lien or subject property to payment of tax" can be used against the Hymes and the Hymes' private property.

As Auchterlonie is bound by Congress' statutory scheme, then the next step is to validate what substantive regulations are involved for enforcement. There is one substantive regulation under the statutory authority of 26 U.S.C. § 7403 being 27 CFR § 70.192 – "Action to enforce lien or to subject property to payment of tax" being **Attachment 10**. This CFR is in the Alcohol, Tobacco Products and Firearms ("ATF") Title of the CFRs, which has absolutely nothing to do with the Hymes. The IRS is bound to use only Title 26 regulations as published in the Federal Register being 26 CFR § 601.101 under the statutory Authority of 5 U.S.C. §§ 301, 552 and 39 U.S.C. § 3220 "***The regulations to the taxes administered by the service are contained in Title 26 of the Code of Federal Regulations***." The IRS is bound to enforcement using only regulations under the Congress' statutory scheme as found in the public record of 26 U.S.C. § 7805.

***Auchterlonie fails Congress' statutory scheme for the IRS***. The Hymes object, protest and take exception to Auchterlonie's fraud and therefore, as a *matter of law* under Rule 60(3) & 60(4) which is fraud (intrinsic and extrinsic), misrepresentation, misconduct by Auchterlonie and the judgment (Order) is void including the pleadings of Auchterlonie.

### VI. Test of Auchterlonie's 26 U.S.C. § 6601 under the Congress' Statutory Scheme

Auchterlonie's *ipse dixit* pontification claims that under 26 U.S.C. § 6601 an "Interest on underpayment, nonpayment, or extensions of time for payment, of tax" can be used against the Hymes and the Hymes' private property.

As Auchterlonie is bound by Congress' statutory scheme, then the next step is to validate what substantive regulations are involved for enforcement.    Under the Congress' statutory scheme of 26 U.S.C. § 6601 there are two substantive regulations being (1) 27 CFR Sec. 31.110 – Interest on unpaid tax being **Attachment 11**; and, (2) 27 CFR Sec. 70.90 – Interest on underpayments being **Attachment 12**.    Both of these CFRs are in the ATF CFRs and have nothing to do with the Hymes. The IRS is bound to use only Title 26 regulations as published in the Federal Register being 26 CFR § 601.101 under the statutory Authority of 5 U.S.C. §§ 301, 552 and 39 U.S.C. § 3220 "***The regulations to the taxes administered by the service are contained in Title 26 of the Code of Federal Regulations***."    The IRS is bound to enforcement using only regulations under the Congress' statutory scheme as found in the public record of 26 U.S.C. § 7805.

*Auchterlonie fails Congress' statutory scheme for the IRS*.    The Hymes object, protest and take exception to Auchterlonie's fraud and therefore as a *matter of law* under Rule 60(3) & 60(4) which is fraud (intrinsic and extrinsic), misrepresentation, misconduct by Auchterlonie and the judgment (Order) is void including the pleadings of Auchterlonie.

## VII.  Test of Auchterlonie's 26 U.S.C. § 6621 under the Congress' Statutory Scheme

Auchterlonie's *ipse dixit* pontification claims that under 26 U.S.C. § 6621    a "Determination of rate of interest" can be used against the  Hymes and the Hymes' private property.

As Auchterlonie is bound by Congress' statutory scheme, then the next step is to validate what substantive regulations are involved for enforcement.    Under the Congress' statutory scheme of 26 U.S.C. § 6621 there is one substantive regulations being (1) 27 CFR Sec. 31.110 – Interest on unpaid tax being **Attachment 11**.    This CFR is in the ATF CFRs and has nothing to

do with the Hymes. The IRS is bound to use only Title 26 regulations as published in the Federal Register being 26 CFR § 601.101 under the statutory Authority of 5 U.S.C. §§ 301, 552 and 39 U.S.C. § 3220 "***The regulations to the taxes administered by the service are contained in Title 26 of the Code of Federal Regulations***." The IRS is bound to enforcement using only regulations under the Congress' statutory scheme as found in the public record of 26 U.S.C. § 7805.

*Auchterlonie fails Congress' statutory scheme for the IRS*. The Hymes object, protest and take exception to Auchterlonie's fraud and therefore as a *matter of law* under Rule 60(3) & 60(4) which is fraud (intrinsic and extrinsic), misrepresentation, misconduct by Auchterlonie and the judgment (Order) is void including the pleadings of Auchterlonie.

**VIII. Test of Auchterlonie's 26 U.S.C. § 6622 under the Congress' Statutory Scheme**

Auchterlonie's *ipse dixit* pontification claims that under 26 U.S.C. § 6622 that an "Interest compounded daily" can be used against the Hymes and the Hymes' private property.

As Auchterlonie is bound by Congress' statutory scheme, then the next step is to validate what substantive regulations are involved for enforcement. Under the Congress' statutory scheme of 26 U.S.C. § 6622 there is one substantive regulations being (1) 27 CFR Sec. 70.94 – "Interest compounded daily" being **Attachment 13**. This CFR is in the ATF CFRs and has nothing to do with the Hymes. The IRS is bound to use only Title 26 regulations as published in the Federal Register being 26 CFR § 601.101 under the statutory Authority of 5 U.S.C. §§ 301, 552 and 39 U.S.C. § 3220 "***The regulations to the taxes administered by the service are contained in Title 26 of the Code of Federal Regulations***." The IRS is bound to enforcement using only regulations under the Congress' statutory scheme as found in the public record of 26 U.S.C. § 7805.

*Auchterlonie fails Congress' statutory scheme for the IRS*.  The Hymes object, protest and take exception to Auchterlonie's fraud and therefore as a *matter of law* under Rule 60(3) & 60(4) which is fraud (intrinsic and extrinsic), misrepresentation, misconduct by Auchterlonie and the judgment (Order) is void including the pleadings of Auchterlonie.

**IX. Test of Auchterlonie's 26 U.S.C. § 6323 under the Congress' Statutory Scheme**

Auchterlonie's *ipse dixit* pontification claims that under 26 U.S.C. § 6323 an "Interest compounded daily" can be used against the Hymes and the Hymes' private property.

As Auchterlonie is bound by Congress' statutory scheme, then the next step is to validate what substantive regulations are involved for enforcement.   Under the Congress' statutory scheme of 26 U.S.C. § 6323 there are eleven (11) substantive regulations being the following:

(1) 27 CFR Sec. 70.143 – "Definitions" being **Attachment 14**; and,

(2) 27 CFR § 70.144 – "Special rules." Being **Attachment 15**; and,

(3) 27 CFR § 70.145 – "Purchasers, holders of security interests, mechanic's lienors, and judgment lien creditors." being **Attachment 16**; and,

(4) 27 CFR § 70.146 – "45-day period for making disbursements" being    **Attachment 17**; and,

(5) 27 CFR § 70.147 – "Priority of interest and expenses" being **Attachment 18**;  and,

(6) 27 CFR § 70.148 – "Place for filing notice; form" being **Attachment 19**; and, (7)    27 CFR § 70.149 – "Refiling of notice of tax lien" being **Attachment 20**; and,        (8)  27 CFR § 70.231 – "Protection for certain interests even though notice filed" being **Attachment 21**; and,

(9) 27 CFR § 70.232 – "Protection for commercial transactions financing  agreements" being **Attachment 22**; and,

(10) 27 CFR § 70.233 – "Protection for real property construction or        improvement

financing agreements" being **Attachment 23**; and,

 (11) 27 CFR 70.234 – "Protection for obligatory disbursement agreements" being **Attachment 24**.

 These substantive CFRs are in the ATF regulations and have nothing to do with the Hymes. The IRS is bound to use only Title 26 regulations as published in the Federal Register being 26 CFR § 601.101 under the statutory Authority of 5 U.S.C. §§ 301, 552 and 39 U.S.C. § 3220 "***The regulations to the taxes administered by the service are contained in Title 26 of the Code of Federal Regulations***." The IRS is bound to enforcement using only regulations under the Congress' statutory scheme as found in the public record of 26 U.S.C. § 7805.

 ***Auchterlonie fails Congress' statutory scheme for the IRS***. The Hymes object, protest and take exception to Auchterlonie's fraud and therefore as a *matter of law* under Rule 60(3) & 60(4) which is fraud (intrinsic and extrinsic), misrepresentation, misconduct by Auchterlonie and the judgment (Order) is void including the pleadings of Auchterlonie.

 Including, but not limited to the facts and issues of law as a *matter of law*, this instant Case should be dismissed with prejudice. The Hymes reserve the right to amend this Rule 60 Motion to Dismiss.

My Hand,

My Hand,

Donald Louis Hymes

**Certification**

This document and said attachments have been mailed first class via USPS to the following parties, to wit:

Nelson P. Cohen
United States Attorney
District of Alaska
Federal Bldg. & U.S. Courthouse
101 12th Avenue, Box 2
Fairbanks, Alaska 99701


Jennifer D. Auchterlonie
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683


Date: February 26, 2008


Rita MariNa Hymes