# ATTACHMENT

3

Effective: [See Text Amendments]

United States Code Annotated
 Title 42. The Public Health and Welfare
  Chapter 21. Civil Rights
   Subchapter I. Generally

§ 1981. Equal rights under the law

(a) Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) Protection against impairment

The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

CREDIT(S)

(R.S. § 1977; Pub.L. 102-166, Title I, § 101, Nov. 21, 1991, 105 Stat. 1071.)

HISTORICAL AND STATUTORY NOTES

Revision Notes and Legislative Reports

1991 Acts. House Report No. 102-40(Parts I and II), Interpretive Memorandum, and Statement by President, see 1991 U.S. Code Cong. and Adm. News, p. 549.

Codifications"r.

R.S. § 1977 is from Act May 31, 1870, c. 114, § 16, 16 Stat. 144.

Section was formerly classified to section 41 of Title 8, Aliens and Nationality.

Amendments

1991 Amendments. Subsecs. (a) to (c). Pub.L. 102-166 § 101, designated existing text as subsec. (a) and added subsecs. (b) and (c).

Effective and Applicability Provisions

1991 Acts. Section 402 of Pub.L. 102-166 provided that:

"(a) In general.--Except as otherwise specifically provided, this Act and the amendments made by this Act [enacting section 1981a of this title and sections 601 and 1201 to 1224 of Title 2, The Congress, amending this section,

sections 1988, 2000e, 2000e-1, 2000e-2, 2000e-4, 2000e-5, 2000e-16, 12111, 12112 and 12209 of this title and section 626 of Title 29, Labor, enacting provisions set out as notes under this section and sections 2000e and 2000e-4 of this title and amending provisions set out as a note under section 1a-5 of Title 16, Conservation] shall take effect upon enactment [probably means the date of enactment of Pub. L. 102-166, which was approved Nov. 21, 1991].

"(b) Certain disparate impact cases.--Notwithstanding any other provision of this Act, nothing in this Act shall apply to any disparate impact case for which a complaint was filed before March 1, 1975, and for which an initial decision was rendered after October 30, 1983."

Short Title

1991 Amendments. Section 1 of Pub. L. 102-166 provided that: "This Act [enacting section 1981a of this title and sections 601 and 1201 to 1224 of Title 2, The Congress, amending this section, sections 1988, 2000e, 2000e-1, 2000e-2, 2000e-4, 2000e-5, 2000e-16, 12111, 12112 and 12209 of this title and section 626 of Title 29, Labor, enacting provisions set out as notes under this section and sections 2000e and 2000e-4 of this title, and amending provisions set out as a note under section 1a-5 of Title 16, Conservation] may be cited as the 'Civil Rights Act of 1991'."

1976 Amendments. Pub. L. 94-559, § 1, Oct. 19, 1976, 90 Stat. 2641, which amended section 1988 of this title, is known as "The Civil Rights Attorney's Fees Awards Act of 1976" see Short Title of 1976 Amendment note set out under section 1988 of this title.

Severability of Provisions

Section 401 of Pub. L. 102-166 provided that: "If any provision of this Act, or an amendment made by this Act [Pub. L. 102-166, Nov. 21, 1991, 105 Stat. 1071, for distribution of this Act to the Code, see Short Title of 1991 Amendments note set out under this section and Tables], or the application of such provision to any person or circumstances is held to be invalid, the remainder of this Act and the amendments made by this Act, and the application of such provision to other persons and circumstances, shall not be affected."

Alternative Means of Dispute Resolution

Section 118 of Pub. L. 102-166 provided that: "Where appropriate and to the extent authorized by law, the use of alternative means of dispute resolution, including settlement negotiations, conciliation, facilitation, mediation, factfinding, minitrials, and arbitration, is encouraged to resolve disputes arising under the Acts or provisions of Federal law amended by this title [enacting section 1981a of this title and section 601 of Title 2, The Congress, amending this section, sections 1988, 2000e, 2000e-1, 2000e-2, 2000e-4, 2000e-5, 2000e-16, 12111 and 12112 of this title, and section 626 of Title 29, Labor, and enacting provisions set out as notes under this section and section 2000e and 2000e-4 of this title]."

Congressional Findings

Section 2 of Pub. L. 102-166 provided that: "The Congress finds that--

"(1) additional remedies under Federal law are needed to deter unlawful harassment and intentional discrimination in the workplace;

"(2) the decision of the Supreme Court in Wards Cove Packing Co. v. Atonio, 490 U.S. 642 (1989) has weakened the scope and effectiveness of Federal civil rights protections; and

"(3) legislation is necessary to provide additional protections against unlawful discrimination in employment."

Construction of 1991 Amendments

Section 116 of Pub. L. 102-166 provided that: "Nothing in the amendments made by this title [enacting section

1981a of this title and section 601 of Title 2, The Congress, amending this section, sections 1988, 2000e, 2000e-1, 2000e-2, 2000e-4, 2000e-5, 2000e-16, 12111 and 12112 of this title, and section 626 of Title 29, Labor, and enacting provisions set out as notes under this section and sections 2000e and 2000e-4 of this title] shall be construed to affect court-ordered remedies, affirmative action, or conciliation agreements, that are in accordance with the law."

Legislative History for 1991 Amendments

Section 105(b) of Pub. L. 102-166 provided that: "No statements other than the interpretive memorandum appearing at Vol. 137 Congressional Record S 15276 (daily ed. Oct. 25, 1991) shall be considered legislative history of, or relied upon in any way as legislative history in construing or applying, any provision of this Act [Pub. L. 102-166, Nov. 21, 1991, 105 Stat. 1071, Civil Rights Act of 1991, for distribution of which to the Code, see Short Title of 1991 Amendments note set out under this section and Tables] that relates to Wards Cove--Business necessity/cumulation/alternative business practice."

Purposes of 1991 Amendments

Section 3 of Pub. L. 102-166 provided that: "The purposes of this Act [Pub. L. 102-166, Nov. 21, 1991, 105 Stat. 1071, Civil Rights Act of 1991, for distribution of which to the Code, see Short Title of 1991 Amendment note set out under this section and Tables] are--

"(1) to provide appropriate remedies for intentional discrimination and unlawful harassment in the workplace;

"(2) to codify the concepts of 'business necessity' and 'job related' enunciated by the Supreme Court in Griggs v. Duke Power Co., 401 U.S. 424 (1971), and in the other Supreme Court decisions prior to Wards Cove Packing Co. v. Atonio, 490 U.S. 642 (1989);

"(3) to confirm statutory authority and provide statutory guidelines for the adjudication of disparate impact suits under title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e et seq.) [section 2000e et seq. of this title]; and

"(4) to respond to recent decisions of the Supreme Court by expanding the scope of relevant civil rights statutes in order to provide adequate protection to victims of discrimination."

EXECUTIVE ORDERS

EXECUTIVE ORDER NO. 13050

Ex. Ord. No. 13050, June 13, 1997, 62 F.R. 32987, relating to the President's Advisory Board on Race, was revoked by Ex. Ord. No. 13138, Sept. 30, 1999, 64 F.R. 53879, set out as a note under section 14 of Appendix 2 to Title 5.