ATTACHMENT

14

**27 CFR § 70.143**

**Effective: [See Text Amendments]**

Code of Federal Regulations Currentness
 Title 27. Alcohol, Tobacco Products and Firearms
  Chapter 1. Alcohol and Tobacco Tax and Trade Bureau, Department of the Treasury (Refs & Annos)
   Subchapter F. Procedures and Practices
    Part 70. Procedure and Administration (Refs & Annos)
     Subpart D. Collection of Excise and Special (Occupational) Tax (Refs & Annos)
      Lien for Taxes

**§ 70.143 Definitions.**

(a) Security interest--

(1) In general. The term security interest means any interest in property acquired by contract for the purpose of securing payment or performance of an obligation or indemnifying against loss or liability. A security interest exists at any time:

(i) If, at such time, the property is in existence and the interest has become protected under local law against a subsequent judgment lien (as provided in paragraph (a)(2) of this section) arising out of an unsecured obligation; and

(ii) To the extent that, at such time, the holder has parted with money or money's worth (as defined in paragraph (a)(3) of this section). For purposes of paragraph (a)(1) of this section, a contract right (as defined in § 70.232(c)(2)(i) of this part) is in existence when the contract is made. An account receivable (as defined in § 70.232(c)(2)(ii) of this part) is in existence when, and to the extent, a right to payment is earned by performance. A security interest must be in existence, within the meaning of paragraph (a) of this section, at the time as of which its priority against a tax lien is determined. For example, to be afforded priority under the provisions of § 70.145(a) of this part, a security interest must be in existence within the meaning of paragraph (a) of this section before a notice of lien is filed.

(2) Protection against a subsequent judgment lien. For purposes of paragraph (a) of this section, a security interest is deemed to be protected against a subsequent judgment lien on:

(i) The date on which all actions required under local law to establish the priority of a security interest against a judgment lien have been taken, or

(ii) If later, the date on which all required actions are deemed effective, under local law, to establish the priority of the security interest against a judgment lien.

For purposes of paragraph (a)(2) of this section, the dates described in paragraphs (a)(2) (i) and (ii) of this section shall be determined without regard to any rule or principle of local law which permits the relation back or the making of any requisite action retroactive to a date earlier than the date on which the action is actually performed. For purposes of paragraph (a) of this section, a judgment lien is a lien held by a judgment lien creditor as defined in paragraph (g) of this section.

(3) Money or money's worth. For purposes of paragraph (a) of this section, the term "money or money's worth" includes money, a security (as defined in paragraph (d) of this section), tangible or intangible property, services, and other consideration reducible to a money value. Money or money's worth also includes any consideration which otherwise would constitute money or money's worth under the preceding sentence which was parted with before the security interest would otherwise exist if, under local law, past consideration is sufficient to support an agreement giving rise to a security interest. A relinquishing or promised relinquishment of dower, curtesy, or of a statutory estate created in lieu of dower or curtesy, or of other marital rights is not a consideration in money or money's worth. Nor is love and affection, promise of marriage, or any other consideration not reducible to a money value a consideration in money or money's worth.

(4) Holder of a security interest. For purposes of paragraph (a) of this section, the holder of a

security interest is the person in whose favor there is a security interest. For provisions relating to the treatment of a purchaser of commercial financing security as a holder of a security interest, see § 70.232(e) of this part.

(b) Mechanic's lienor. The term mechanic's lienor means any person who under local law has a lien on real property (or on the proceeds of a contract relating to real property) for services, labor, or materials furnished in connection with the construction or improvement (including demolition) of the property. A mechanic's lienor is treated as having a lien on the later of:

(1) The date on which the mechanic's lien first becomes valid under local law against subsequent purchasers of the real property without actual notice, or

(2) The date on which the mechanic's lienor begins to furnish the services, labor, or materials.

(c) Motor vehicle.

(1) The term motor vehicle means a self-propelled vehicle which is registered for highway use under the laws of any State, the District of Columbia, or a foreign country.

(2) A motor vehicle is "registered for highway use" at the time of a sale if immediately prior to the sale it is so registered under the laws of any State, the District of Columbia, or a foreign country. Where immediately prior to the sale of a motor vehicle by a dealer, the dealer is permitted under local law to operate it under a dealer's tag, license, or permit issued to the dealer, the motor vehicle is considered to be registered for highway use in the name of the dealer at the time of the sale.

(d) Security. The term security means any bond, debenture, note, or certificate or other evidence of indebtedness, issued by a corporation or a government or political subdivision thereof, with interest coupons or in registered form, share of stock, voting trust certificate, or any certificate of interest or participation in, certificate of deposit or receipt for, temporary or interim certificate for, or warrant or right to subscribe to or purchase, any of the foregoing; negotiable instrument; or money.

(e) Tax lien filing. The term tax lien filing means the filing of notice of the lien imposed by 26 U.S.C. 6321 in accordance with § 70.148 of this part.

(f) Purchaser--

(1) In general. The term purchaser means a person who, for adequate and full consideration in money or money's worth (as defined in paragraph (f)(3) of this section), acquires an interest (other than a lien or security interest) in property which is valid under local law against subsequent purchasers without actual notice.

(2) Interest in property. For purposes of paragraph (f) of this section, each of the following interests is treated as an interest in property, if it is not a lien or security interest:

(i) A lease of property.

(ii) A written executory contract to purchase or lease property.

(iii) An option to purchase or lease property and any interest therein, or

(iv) An option to renew or extend a lease of property.

(3) Adequate and full consideration in money or money's worth. For purposes of paragraph (f) of this section, the term "adequate and full consideration in money or money's worth" means a consideration in money or money's worth having a reasonable relationship to the true value of the interest in property acquired. See paragraph (a)(3) of this section for definition of the term "money or money's worth." Adequate and full consideration in money or money's worth may include the consideration in a bona fide bargain purchase. The term also includes the consideration in a transaction in which the purchaser has not completed performance of an obligation, such as the consideration in an installment purchase contract where the purchaser has not completed the installment

payments.

(g) Judgment lien creditor. The term judgment lien creditor means a person who has obtained a valid judgment, in a court of record and of competent jurisdiction, for the recovery of specifically designated property or for a certain sum of money. In the case of a judgment for the recovery of a certain sum of money, a judgment lien creditor is a person who has perfected a lien under the judgment on the property involved. A judgment lien is not perfected until the identity of the lienor, the property subject to the lien, and the amount of the lien are established. Accordingly, a judgment lien does not include an attachment or garnishment lien until the lien has ripened into judgment, even though under local law the lien of the judgment relates back to an earlier date. If recording or docketing is necessary under local law before a judgment becomes effective against third parties acquiring liens on real property, a judgment lien under such local law is not perfected with respect to real property until the time of such recordation or docketing. If, under local law, levy or seizure is necessary before a judgment lien becomes effective against third parties acquiring liens on personal property, then a judgment lien under such local law is not perfected until levy or seizure of the personal property involved. The term "judgment" does not include the determination of a quasi-judicial body or of an individual acting in a quasi-judicial capacity such as the action of State taxing authorities.

(Authority: 26 U.S.C. 6323)

[T.D. ATF-301, 55 FR 47616, Nov. 14, 1990]

SOURCE: T.D. ATF-6, 38 FR 32445, Nov. 26, 1973; 52 FR 5961, Feb. 27, 1987; 52 FR 19314, May 22, 1987; T.D. ATF-251, 52 FR 19314, May 22, 1987; 55 FR 47605, Nov. 14, 1990; T.D. ATF-301, 55 FR 47611, Nov. 14, 1990; 57 FR 40327, Sept. 3, 1992; T.D. ATF-376, 61 FR 31030, June 19, 1996; T.D. ATF-379, 61 FR 31426, June 20, 1996, unless otherwise noted.

AUTHORITY: 5 U.S.C. 301 and 552; 26 U.S.C. 4181, 4182, 5146, 5203, 5207, 5275, 5367, 5415, 5504, 5555, 5684(a), 5741, 5761(b), 5802, 6020, 6021, 6064, 6102, 6155, 6159, 6201, 6203, 6204, 6301, 6303, 6311, 6313, 6314, 6321, 6323, 6325, 6326, 6331-6343, 6401-6404, 6407, 6416, 6423, 6501-6503, 6511, 6513, 6514, 6532, 6601, 6602, 6611, 6621, 6622, 6651, 6653, 6656-6658, 6665, 6671, 6672, 6701, 6723, 6801, 6862, 6863, 6901, 7011, 7101, 7102, 7121, 7122, 7207, 7209, 7214, 7304, 7401, 7403, 7406, 7423, 7424, 7425, 7426, 7429, 7430, 7432, 7502, 7503, 7505, 7506, 7513, 7601-7606, 7608-7610, 7622, 7623, 7653, 7805.

27 C. F. R. § 70.143, 27 CFR § 70.143

Current through February 14, 2008; 73 FR 8785

Copr. © 2008 Thomson/West

END OF DOCUMENT