ATTACHMENT

21

27 CFR 70.231

**Effective: March 31, 2006**

Code of Federal Regulations <u>Currentness</u>
 Title 27. Alcohol, Tobacco Products and Firearms
  Chapter I. Alcohol and Tobacco Tax and Trade Bureau, Department of the Treasury **(Refs & Annos)**
   Subchapter F. Procedures and Practices
    Part 70. Procedure and Administration **(Refs & Annos)**
     Subpart D. Collection of Excise and Special (Occupational) Tax **(Refs & Annos)**
      Limitations
       Limitations on Liens

**§ 70.231 Protection for certain interests even though notice filed.**

(a) Securities. Even though a notice of a lien imposed by 26 U.S.C. 6321 is filed in accordance with § 70.148 of this part, the lien is not valid with respect to a security (as defined in § 70.143(d) of this part) against.

(1) A purchaser (as defined in § 70.143(f) of this part) of the security who at the time of purchase did not have actual notice or knowledge (as defined in § 70.144(a) of this part) of the existence of the lien.

(2) A holder of a security interest (as defined in § 70.143(a) of this part) in the security who did not have actual notice or knowledge (as defined in § 70.144(a) of this part) of the existence of the lien at the time the security interest came into existence or at the time such security interest was acquired from a previous holder for a consideration in money or money's worth (as defined in § 70.143(a) of this part); or

(3) A transferee of an interest protected under paragraph (a)(1) or (2) of this section to the same extent the lien is invalid against the transferor to the transferee. For purposes of this paragraph, no person can improve that person's position with respect to the lien by reacquiring the interest from an intervening purchaser or holder of a security interest against whom the lien is invalid

(b) Motor vehicles--

(1) In general. Even though a notice of a lien imposed by 26 U.S.C. 6321 is filed in accordance with § 70.148 of this part, the lien is not valid against a purchaser (as defined in § 70.143(f) of this part) of a motor vehicle (as defined in § 70.143(c) of this part) if:

(i) At the time of purchase, the purchaser did not have actual notice or knowledge (as defined in § 70.144(a) of this part) of the existence of the lien; and

(ii) Before the purchaser obtains such notice or knowledge, the purchaser has acquired actual possession of the motor vehicle and has not thereafter relinquished actual possession to the seller or seller's agent.

(2) Cross reference. For provisions relating to additional circumstances in which the lien imposed by 26 U.S.C. 6321 may not be valid against the purchaser of tangible personal property (including a motor vehicle) purchased at retail, see paragraph (c) of this section.

(c) Personal property purchased at retail--

(1) In general. Even though a notice of a lien imposed by 26 U.S.C. 6321 is filed (with respect to any tax imposed under the provisions of 26 U.S.C. enforced and administered by the Bureau) in accordance with § 70.148 of this part, the lien is not valid against a purchaser (as defined in § 70.143(f) of this part) of tangible personal property purchased at a retail sale (as defined in paragraph (c)(2) of this section) unless at the time of purchase the purchaser intends the purchase to (or knows that the purchase will) hinder, evade, or defeat the collection of any tax imposed by the provisions of 26 U.S.C. enforced and administered by the Bureau.

(2) Definition of retail sale. For purposes of paragraph (c) of this section, the term "retail sale" means a sale, made in the ordinary course of the seller's trade or business of tangible personal property of which the seller is the

owner. Such term includes a sale in customary retail quantities by a seller who is going out of business, but does not include a bulk sale or an auction sale in which goods are offered in quantities substantially greater than are customary in the ordinary course of the seller's trade or business or an auction sale of goods the owner of which is not in the business of selling such goods.

(d) Personal property purchased in casual sale--

(1) In general. Even though a notice of a lien imposed by 26 U.S.C. 6321 is filed in accordance with § 70.148 of this part, the lien is not valid against a purchaser (as defined in § 70.143(f) of this part) of household goods, personal effects, or other tangible personal property of a type described in § 70.241 of this part (which includes wearing apparel, school books, fuel, provisions, furniture, arms for personal use, livestock, and poultry (whether or not the seller is the head of a family); and books and tools of a trade, business, or profession (whether or not the trade, business, or profession of the seller)), purchased, other than for resale, in a casual sale for less than $250 (excluding interest and expenses described in § 70.147 of this part). For purposes of this paragraph, a casual sale is a sale not made in the ordinary course of the seller's trade or business.

(2) Limitation. This paragraph applies only if the purchaser does not have actual notice or knowledge (as defined in § 70.144(a) of this part).

(i) Of the existence of the tax lien, or

(ii) That the sale is one of a series of sales.

For purposes of paragraph (d)(2)(ii) of this section, a sale is one of a series of sales if the seller plans to dispose of, in separate transactions, substantially all of the seller's household goods, personal effects, and other tangible personal property described in § 70.241 of this part.

(e) Personal property subject to possessory liens. Even though a notice of a lien imposed by 26 U.S.C. 6321 is filed in accordance with § 70.148 of this part, the lien is not valid against a holder of a lien on tangible personal property which under local law secures the reasonable price of the repair or improvement of the property if the property is, and has been, continuously in the possession of the holder of the lien from the time the possessory lien arose. For example, if local law gives an automobile mechanic the right to retain possession of an automobile the mechanic has repaired as security for payment of the repair bill and the mechanic retains continuous possession of the automobile until such lien is satisfied, a tax lien filed in accordance with 26 U.S.C. 6323(f)(1) which has attached to the automobile will not be valid to the extent of the reasonable price of the repairs. It is immaterial that the notice of tax lien was filed before the mechanic undertook the work or that the mechanic knew of the lien before undertaking the work.

(f) Real property tax and special assessment liens. Even though a notice of a lien imposed by 26 U.S.C. 6321 is filed in accordance with § 70.148 of this part, the lien is not valid against the holder of another lien upon the real property (regardless of when such other lien arises), if such other lien is entitled under local law to priority over security interests in real property which are prior in time and if such other lien on real property secures payment of:

(1) A tax of general application levied by any taxing authority based upon the value of the property, or

(2) A special assessment imposed directly upon the property by any taxing authority, if the assessment is imposed for the purpose of defraying the cost of any public improvement, or

(3) Charges for utilities or public services furnished to the property by the United States, a State or political subdivision thereof, or an instrumentality of any one or more of the foregoing.

(g) Residential property subject to a mechanic's lien for certain repairs and improvements. Even though a notice of lien imposed by 26 U.S.C. 6321 is filed in accordance with § 70.148 of this part, the lien is not valid against a mechanic's lienor (as defined in § 70.143(b) of this part) who holds a lien for the repair

or improvement of a personal residence if:

(1) The residence is occupied by the owner and contains no more than four dwelling units, and

(2) The contract price on the prime contract with the owner for the repair or improvement (excluding interest and expenses described in § 70.147 of this part) is not more than $1,000. For purposes of this paragraph, the amounts of subcontracts under the prime contract with the owner are not to be taken into consideration for purposes of computing the $1,000 prime contract price. It is immaterial that the notice of tax lien was filed before the contractor undertakes the work or that the contractor knew of the lien before undertaking the work.

(h) Attorney's liens--

(1) In general. Even though notice of a lien imposed by 26 U.S.C. 6321 is filed in accordance with § 70.148 of this part, the lien is not valid against an attorney who, under local law, holds a lien upon, or a contract enforceable against, a judgment or other amount in settlement of a claim or of a cause of action. The priority afforded an attorney's lien under this paragraph shall not exceed the amount of the attorney's reasonable compensation for obtaining the judgment or procuring the settlement. For purposes of this paragraph, reasonable compensation means the amount customarily allowed under local law for an attorney's service for litigating or settling a similar case or administrative claim. However, reasonable compensation shall be determined on the basis of the facts and circumstances of each individual case. It is immaterial that the notice of tax lien is filed before the attorney undertakes the work or that the attorney knows of the tax lien before undertaking the work. This paragraph does not apply to an attorney's lien which may arise from the defense of a claim or cause of action against a taxpayer except to the extent such lien is held upon a judgment or other amount arising from the adjudication or settlement of a counterclaim in favor of the taxpayer. In case of suits against the taxpayer, see § 70.150(d)(2) of this part for rules relating to the subordination of the tax lien to facilitate tax collection.

(2) Claim or cause of action against the United States. Paragraph (h)(1) of this section does not apply to an attorney's lien with respect to:

(i) Any judgment or other fund resulting from the successful litigation or settlement of an administrative claim or cause of action against the United States to the extent that the United States, under any legal or equitable right, offsets its liability under the judgment or settlement against any liability of the taxpayer to the United States, or

(ii) Any amount credited against any liability of the taxpayer in accordance with 26 U.S.C. 6402

(i) Certain insurance contracts. Even though a notice of a lien imposed by 26 U.S.C. 6321 (with respect to any tax imposed under the provisions of 26 U.S.C. enforced and administered by the Bureau) is filed in accordance with § 70.148 of this part, the lien is not valid with respect to a life insurance, endowment, or annuity contract, against an organization which is the insurer under the contract, at any time:

(1) Before the insuring organization has actual notice or knowledge (as defined in § 70.144(a) of this part) of the existence of the tax lien.

(2) After the insuring organization has actual notice or knowledge of the lien (as defined in § 70.144(a) of this part) with respect to advances (including contractual interest thereon as provided in § 70.147(a) of this part) required to be made automatically to maintain the contract in force under an agreement entered into before the insuring organization had such actual notice or knowledge, or

(3) After the satisfaction of a levy pursuant to 26 U.S.C. 6332(b), unless and until the appropriate TTB officer delivers to the insuring organization a notice (for example, another notice of levy, a letter, etc.) executed after the date of such satisfaction, that the lien exists

Delivery of the notice described in paragraph (i)(3) of this section may be made by any means, including regular mail, and delivery of the notice shall be effective only from the time of actual receipt of the notification by the insuring organization. The provisions of this paragraph are applicable to matured as well as unmatured insurance contracts.

(j) Passbook loans--

(1) In general. Even though a notice of a lien imposed by 26 U.S.C. 6321 is filed in accordance with § 70.148 of this part, the lien is not valid against an institution described in 26 U.S.C. 581 or 591 to the extent of any loan made by the institution which is secured by a savings deposit, share, or other account evidenced by a passbook (as defined in paragraph (j)(2) of this section) if the institution has been continuously in possession of the passbook from the time the loan is made. This paragraph applies only to a loan made without actual notice or knowledge (as defined in § 70.144(a) of this part) of the existence of the lien. Even though an original passbook loan is made without actual notice or knowledge of the existence of the lien, this paragraph does not apply to any additional loan made after knowledge of the lien is acquired by the institution even if it continues to retain the passbook from the time the original passbook loan is made.

(2) Definition of passbook. For purposes of paragraph (j) of this section, the term "passbook" includes:

(i) Any tangible evidence of a savings deposit, share, or other account which, when in the possession of the bank or other savings institution, will prevent a withdrawal from the account to the extent of the loan balance, and

(ii) Any procedure or system, such as an automatic data processing system, the use of which by the bank or other savings institution will prevent a withdrawal from the account to the extent of the loan balance.

(Authority: 26 U.S.C. 6323)

[T.D. ATF-301, 55 FR 47642, Nov. 14, 1990; T.D. ATF-450, 66 FR 29025, May 29, 2001; T.D. TTB-44, 71 FR 16959, April 4, 2006]

SOURCE: T.D. ATF-6, 38 FR 32445, Nov. 26, 1973; 52 FR 5961, Feb. 27, 1987; 52 FR 19314, May 22, 1987; T.D. ATF-251, 52 FR 19314, May 22, 1987; 55 FR 47605, Nov. 14, 1990; T.D. ATF-301, 55 FR 47611, Nov. 14, 1990; 57 FR 40327, Sept. 3, 1992; T.D. ATF-376, 61 FR 31030, June 19, 1996; T.D. ATF-379, 61 FR 31426, June 20, 1996, unless otherwise noted.

AUTHORITY: 5 U.S.C. 301 and 552; 26 U.S.C. 4181, 4182, 5146, 5203, 5207, 5275, 5367, 5415, 5504, 5555, 5684(a), 5741, 5761(b), 5802, 6020, 6021, 6064, 6102, 6155, 6159, 6201, 6203, 6204, 6301, 6303, 6311, 6313, 6314, 6321, 6323, 6325, 6326, 6331-6343, 6401-6404, 6407, 6416, 6423, 6501-6503, 6511, 6513, 6514, 6532, 6601, 6602, 6611, 6621, 6622, 6651, 6653, 6656-6658, 6665, 6671, 6672, 6701, 6723, 6801, 6862, 6863, 6901, 7011, 7101, 7102, 7121, 7122, 7207, 7209, 7214, 7304, 7401, 7403, 7406, 7423, 7424, 7425, 7426, 7429, 7430, 7432, 7502, 7503, 7505, 7506, 7513, 7601-7606, 7608-7610, 7622, 7623, 7653, 7805.

27 C. F. R. § 70.231, 27 CFR § 70.231

Current through February 14, 2008; 73 FR 8785

Copr. © 2008 Thomson/West

END OF DOCUMENT