ATTACHMENT

22

27 CFR § 70.232
**Effective: [See Text Amendments]**

Code of Federal Regulations Currentness
  Title 27. Alcohol, Tobacco Products and Firearms
    Chapter I. Alcohol and Tobacco Tax and Trade Bureau, Department of the Treasury (Refs & Annos)
      Subchapter F. Procedures and Practices
        Part 70 Procedure and Administration (Refs & Annos)
          Subpart D. Collection of Excise and Special (Occupational) Tax (Refs & Annos)
            Limitations
              Limitations on Liens

### § 70.232 Protection for commercial transactions financing agreements.

(a) In general. Even though a notice of a lien imposed by 26 U.S.C. 6321 is filed in accordance with § 70.148 of this part, the lien is not valid with respect to a security interest which:

(1) Comes into existence after the tax lien filing.

(2) Is in qualified property covered by the terms of a commercial transactions financing agreement entered into before the tax lien filing, and

(3) Is protected under local law against a judgment lien arising, as of the time of the tax lien filing, out of an unsecured obligation.

See § 70.143 (a) and (e) of this part for definitions of the terms "security interest" and "tax lien filing," respectively. For purposes of this section a judgment lien is a lien held by a judgment lien creditor as defined in § 70.143(g) of this part.

(b) Commercial transactions financing agreement. For purposes of this section, the term "commercial transactions financing agreement" means a written agreement entered into by a person in the course of such person's trade or business —

(1) To make loans to the taxpayer (whether or not at the option of the person agreeing to make such loans) to be secured by commercial financing security acquired by the taxpayer in the ordinary course of the taxpayer's trade or business, or

(2) To purchase commercial financing security (other than inventory) acquired by the taxpayer in the ordinary course of the taxpayer's trade or business.

Such an agreement qualifies as a commercial transactions financing agreement only with respect to loans or purchases made under the agreement before the 46th day after the date of tax lien filing or the time when the lender or purchaser has actual notice or knowledge (as defined in § 70.144(a) of this part) of the tax lien filing, if earlier. For purposes of this paragraph, a loan or purchase is considered to have been made in the course of the lender's or purchaser's trade or business if such person is in the business of financing commercial transactions (such as a bank or commercial factor) or if the agreement is incidental to the conduct of such person's trade or business. For example, if a manufacturer finances the accounts receivable of one of its customers, the manufacturer is considered to engage in such financing in the course of its trade or business. The extent of the priority of the lender or purchaser over the tax lien is the amount of the disbursement made before the 46th day after the date the notice of tax lien is filed, or made before the day (before such 46th day) on which the lender or purchaser has actual notice or knowledge of the filing of the notice of the tax lien.

(c) Commercial financing security —

(1) In general. The term "commercial financing security" means:

(i) Paper of a kind ordinarily arising in commercial transactions,

(ii) Accounts receivable (as defined in paragraph (c)(2) of this section),

(iii) Mortgages on real property, and

(iv) Inventory.

For purposes of this subparagraph, the term "paper of a kind ordinarily arising in commercial transactions" in general includes any written document customarily used in commercial transactions. For example, such written documents include paper giving contract rights (as defined in paragraph (c)(2) of this section), chattel paper, documents of title to personal property and negotiable instruments or securities. The term "commercial financing security" does not include general intangibles such as patents or copyrights. A mortgage on real estate (including a deed of trust, contract for sale, and similar instrument) may be commercial financing security if the taxpayer has an interest in the mortgage as a mortgagee or assignee. The term "commercial financing security" does not include a mortgage when the taxpayer is the mortgagor of realty owned by the taxpayer. For purposes of this subparagraph, the term "inventory" includes raw materials and goods in process as well as property held by the taxpayer primarily for sale to customers in the ordinary course of the taxpayer's trade or business.

(2) Definitions. For purposes of §§ 70.143 and 70.146 of this part, and this section:

(i) A contract right is any right to payment under a contract not yet earned by performance and not evidenced by an instrument or chattel paper; and

(ii) An account receivable is any right to payment for goods sold or leased or for services rendered which is not evidenced by an instrument or chattel paper.

(d) Qualified property. For purposes of paragraph (a) of this section, qualified property consists solely of commercial financing security acquired by the taxpayer-debtor before the 46th day after the date of tax lien filing. Commercial financing security acquired before such day may be qualified property even though it is acquired by the taxpayer after the lender received actual notice or knowledge of the filing of the tax lien. For example, although the receipt of actual notice or knowledge of the filing of the notice of the tax lien has the effect of ending the period within which protected disbursements may be made to the taxpayer, property which is acquired by the taxpayer after the lender receives actual notice or knowledge of such filing and before such 46th day, which otherwise qualifies as commercial financing security, becomes commercial financing security to which the priority of the lender extends for loans made before the lender received the actual notice or knowledge. An account receivable (as defined in paragraph (c)(2)(ii) of this section) is acquired by a taxpayer at the time, and to the extent, a right to payment is earned by performance. Chattel paper, documents of title, negotiable instruments, securities, and mortgages on real estate are acquired by a taxpayer when the taxpayer obtains rights in the paper or mortgage. Inventory is acquired by the taxpayer when title passes to the taxpayer. A contract right (as defined in paragraph (c)(2)(i) of this section) is acquired by a taxpayer when the contract is made. Identifiable proceeds, which arise from the collection or disposition of qualified property by the taxpayer, are considered to be acquired at the time such qualified property is acquired if the secured party has a continuously perfected security interest in the proceeds under local law. The term "proceeds" includes whatever is received when collateral is sold, exchanged, or collected. For purposes of this paragraph, the term "identifiable proceeds" does not include money, checks and the like which have been commingled with other cash proceeds. Property acquired by the taxpayer after the 45th day following tax lien filing, by the expenditure of proceeds, is not qualified property.

(e) Purchaser treated as acquiring security interest. A person who purchases commercial financing security, other than inventory, pursuant to a commercial transactions financing agreement is treated, for purposes of this section, as having acquired a security interest in the commercial financing security. In the case of a bona fide purchase at a discount, a purchaser of commercial financing security who satisfies the requirements of this section has priority over the tax lien to the full extent of the security.

(Authority: **26 U.S.C. 6323**)

[T.D. ATF-301, 55 FR 47644, Nov. 14, 1990]

SOURCE: T.D. ATF-6, **38 FR 32445**, Nov. 26, 1973; **52 FR 5961**, Feb. 27, 1987; **52 FR 19314**, May 22, 1987; T.D. ATF-251, **52 FR 19314**, May 22, 1987; 55 FR 47605, Nov. 14, 1990; T.D. ATF-301, 55 FR

47611, Nov. 14, 1990; 57 FR 40327, Sept. 3, 1992; T.D. ATF-376, 61 FR 31030, June 19, 1996; T.D. ATF-379, 61 FR 31426, June 20, 1996, unless otherwise noted.

AUTHORITY: 5 U.S.C. 301 and 552; 26 U.S.C. 4181, 4182, 5146, 5203, 5207, 5275, 5367, 5415, 5504, 5555, 5684(a), 5741, 5761(b), 5802, 6020, 6021, 6064, 6102, 6155, 6159, 6201, 6203, 6204, 6301, 6303, 6311, 6313, 6314, 6321, 6323, 6325, 6326, 6331-6343, 6401-6404, 6407, 6416, 6423, 6501-6503, 6511, 6513, 6514, 6532, 6601, 6602, 6611, 6621, 6622, 6651, 6653, 6656-6658, 6665, 6671, 6672, 6701, 6723, 6801, 6862, 6863, 6901, 7011, 7101, 7102, 7121, 7122, 7207, 7209, 7214, 7304, 7401, 7403, 7406, 7423, 7424, 7425, 7426, 7429, 7430, 7432, 7502, 7503, 7505, 7506, 7513, 7601-7606, 7608-7610, 7622, 7623, 7653, 7805.

27 C. F. R. § 70.232, 27 CFR § 70.232

Current through February 14, 2008; 73 FR 8785

Copr. © 2008
Thomson/West

END OF DOCUMENT