ATTACHMENT


24

**Effective: [See Text Amendments]**

Code of Federal Regulations Currentness
   Title 27. Alcohol, Tobacco Products and Firearms
      Chapter I. Alcohol and Tobacco Tax and Trade
      Bureau, Department of the Treasury (Refs &
      Annos)
         Subchapter F. Procedures and Practices
            Part 70. Procedure and Administration
            (Refs & Annos)
               Subpart D. Collection of Excise and
               Special (Occupational) Tax (Refs &
               Annos)
                  Limitations
                     Limitations on Liens

### § 70.234 Protection for obligatory disbursement agreements.

(a) In general. Even though a notice of a lien imposed by 26 U.S.C. 6321 is filed in accordance with § 70.148 of this part, the lien is not valid with respect to security interest which:

(1) Comes into existence after the tax lien filing.

(2) Is in qualified property covered by the terms of an obligatory disbursement agreement entered into before the tax lien filing, and

(3) Is protected under local law against a judgment lien arising, as of the time of tax lien filing, out of an unsecured obligation.

See § 70.143 (a) and (c) of this part for definitions of the terms "security interest" and "tax lien filing." For purposes of this section, a judgment lien creditor as defined in § 70.143(g) of this part.

(b) Obligatory disbursement agreement. For purposes of this section, the term "obligatory disbursement agreement" means a written agreement, entered into by a person in the course of the person's trade or business, to make disbursements. An agreement is treated as an obligatory disbursement agreement only with respect to disbursements which are required to be made by reason of the intervention of the rights of a person other than the taxpayer. The obligation to pay must be conditioned upon an event beyond the control of the obligor. For example, the provisions of this section are applicable where an issuing bank obligates itself to honor drafts or other demands for payment on a letter of credit and a bank, in good faith, relies upon that letter of credit in making advances. The provisions of this section are also applicable, for example, where a bonding company obligates itself to make payments to indemnify against loss or liability and, under the terms of the bond, makes a payment with respect to a loss. The priority described in this section is not applicable, for example, in the case of an accommodation endorsement by an endorser who assumes the obligation other than in the course of the endorser's trade or business.

(c) Qualified property. Except as provided under paragraph (d) of this section, the term "qualified property," for purposes of this section, means property subject to the lien imposed by 26 U.S.C. 6321 at the time of tax lien filing and, to the extent that the acquisition is directly traceable to the obligatory disbursement, property acquired by the taxpayer after tax lien filing.

(d) Special rule for surety agreements. Where the obligatory disbursement agreement is an agreement insuring the performance of a contract of the taxpayer and another person, the term "qualified property" shall be treated as also including:

(1) The proceeds of the contract the performance of which was insured, and

(2) If the contract the performance of which was insured is a contract to construct or improve real property, to produce goods, or to furnish services, any tangible personal property used by the taxpayer in the performance of the insured contract.

For example, a surety company which holds a security interest, arising from cash disbursements made after tax lien filing under a payment or performance bond on a real estate construction project, has priority over the tax lien with respect to the proceeds of the construction contract and, in addition, with respect to any tangible personal property used by the taxpayer in the construction project if its security interest in the tangible personal property is protected under local law against a judgment lien arising, as of the time the tax lien was

filed, out of an unsecured obligation

(Authority: **26 U.S.C. 6323**)

[T.D. ATF-301, 55 FR 47645, Nov. 14, 1990]

SOURCE: T.D. ATF-6, 38 FR 32445, Nov. 26, 1973;
52 FR 5961, Feb. 27, 1987; 52 FR 19314, May 22,
1987; T.D. ATF-251, 52 FR 19314, May 22, 1987;
55 FR 47605, Nov. 14, 1990; T.D. ATF-301, 55 FR
47611, Nov. 14, 1990, 57 FR 40327, Sept. 3, 1992;
T.D. ATF-376, 61 FR 31030, June 19, 1996; T.D.
ATF-379, 61 FR 31426, June 20, 1996, unless
otherwise noted.

AUTHORITY: 5 U.S.C. 301 and 552; 26 U.S.C.
4181, 4182, 5146, 5203, 5207, 5275, 5367, 5415,
5504, 5555, 5684(a), 5741, 5761(b), 5802, 6020,
6021, 6064, 6102, 6155, 6159, 6201, 6203, 6204,
6301, 6303, 6311, 6313, 6314, 6321, 6323, 6325,
6326, 6331-6343, 6401-6404, 6407, 6416, 6423,
6501-6503, 6511, 6513, 6514, 6532, 6601, 6602,
6611, 6621, 6622, 6651, 6653, 6656-6658, 6665,
6671, 6672, 6701, 6723, 6801, 6862, 6863, 6901,
7011, 7101, 7102, 7121, 7122, 7207, 7209, 7214,
7304, 7401, 7403, 7406, 7423, 7424, 7425, 7426,
7429, 7430, 7432, 7502, 7503, 7505, 7506, 7513,
7601-7606, 7608-7610, 7622, 7623, 7653, 7805.

27 C. F. R. § 70.234, 27 CFR § 70.234

Current through February 14, 2008; 73 FR 8785

Copr. © 2008
Thomson/West

END OF DOCUMENT