Rita MariNa Hymes and Donald Louis Hymes
2340 Ravenwood
Fairbanks, Alaska [99709]
907-479-6922

The United States of America

The United States

District Court of the United States

District of Alaska

UNITED STATES OF AMERICA

*Plaintiffs*
v.

Rita M. Hymes, personal capacity
Donald L. Hymes, personal capacity;
*Defendants*

A05-123-CV(RRB)

Motion to Vacate Judgment
under Rule 60(b)(3) & 60(4)

Come now Rita MariNa Hymes and Donald Louis Hymes ("the Hymes") with this Motion to Vacate Judgment under the law of necessity Pleading into a territorial (legislative, but not Article I) court with all previous public record attachments and affidavits incorporated of which this court shall take judicial Notice, being the United States District Court ("USDC").

And further, giving judicial Notice to Judge Ralph R. Beistline ("Beistline") that the Hymes have filed their Pleading *only* into a District Court of the United States arising under Article III of the Federal Constitution in all Cases in Law and Equity exercising the judicial Power of the United States under the Authority of the United States being only a constitutional court.

Beistline has *sua sponte* entered at Docket 171 a "UNITED STATES' ORDER OF FORECLOSURE AND JUDICIAL SALE" **with no Motion** from "JENNIFER D. AUCHTERLONIE" ("Auchterlonie"), who has refused to disclose her status as an attorney or counselor-at-law if it even exists in any of the several States, the District, any possession or territory of the United States and her Bar Card association; and her pecuniary interest, cooperative agreements, memorandum of understanding in this instant Case. In Beistline's Docket 171, Beistline *sua sponte* ORDER, devoid of any Motion by Auchterlonie, conclusively ORDER's and makes an *ipse dixit* Pontification that the Hymes are "indebted to the United States."

The Complaint has been filed in the name of "UNITED STATES OF AMERICA" ("USA") and now Beistline has recast, transmuted or morphed "USA" into "United States", **which is not the party filing the Complaint as evidenced by the public records of the Case and also on the Docket 171 signed by Beistline, the "UNITED STATES OF AMERICA" is the Plaintiff, but the judgment is to the "United States."**. The initial Summons under Rule 4 of the *Fed.R.Civ.P.* requires the name of the Plaintiff, and the *"United States"* is not listed.

Beistline must not be communicating with **Judge John W. Segwick of the District of Alaska,** as from the very same United States District Court ("USDC") comes a decision directly opposing the actions of Beistline, supported and in accord with many cases of various circuits.

In the **unpublished case** of *Doe v. State of Alaska*, 122 F.3d 1070 (9th Cir. 1997) although not to be cited, but within same are some very enlightening issues that Beistline, by his *ipse dixit* pronouncements in the Hymes Case, is in total opposition to same.

In *State of Alaska, supra.*, we find first this under the "Analysis" of the use of pseudonyms: "We review for abuse of discretion whether to allow pseudonymous filing. *See*

*James v. Jacobson*, 6 F.3d 233, 239 (4th Cir.1993); *Doe v. Frank,* 951 F.2d 320, 323 (11th Cir.1992)." These are adjudged decisions from two other circuits, being the 4th Circuit and the 11th Circuit. And further, in *State of Alaska, supra.*, "We [9[th] Circuit] will reverse if a court's decision is unsupported by the facts or the law", which in the Hymes Case Beistline's judgment and Orders are unsupported by facts and the law citing *In re Sternberg*, 85 F.3d 1400, 1405 (9th Cir.1996), to wit:

> A trial court may abuse its discretion in several ways. *A trial court abuses its discretion if it fails to apply the correct law or if it bases its decision on a clearly erroneous finding of a material fact. Cox,* 904 F.2d at 1401;*Engleson v. Burlington N. R.R. Co.,* 972 F.2d 1038, 1043 (9th Cir.1992). *A trial court also abuses its discretion if it applies the correct law to facts which are not clearly erroneous but rules in an irrational manner. Id.,* 972 F.2d at 1043. *[Emphasis added]*

And further in *State of Alaska, supra.*, there is a presumption that a Plaintiff must file in their true name with constitutional dimensions to assure fair factual findings and legal conclusions, to wit:

> *There is a presumption that a plaintiff must file the complaint in his or her own name.* Coe v. United States Dist. Court, 676 F.2d 411, 415 (10th Cir.1982); Fed.R.Civ.P. 10(a). *The presumption has a constitutional dimension: the First Amendment gives the public a right of access to judicial processes and records.* Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 576 (1980); Doe v. Stegall, 653 F.2d 180, 185 (5th Cir.1981). *This access helps to assure fair factual findings and legal conclusions; discourages corruption, bias and perjury; enhances public confidence in the administration of law;* and provides therapeutic and cathartic value to the community. *See* Joan Steinman, *Public Trial, Pseudonymous Parties: When Should Litigants Be Permitted to Keep Their Identities Confidential?,* 37 Hastings L.Rev. 1, 18-20 (1985). *[Emphasis added]*

And further in *State of Alaska, supra.*, "A litigant may overcome the presumption by demonstrating a social interest in favor of protecting his identity. *Coe,* 676 F.2d at 418; *Doe v. Goldman,* 169 F.R.D. 138, 139 (D.Nev.1996)", which, as a *matter of law*, can have no application to any lawful and legal government against an of the citizens of the several States. Of course a case could be made if the USA, who or whatever it is, by and with the assistance of the IRS, Auchterlonie, one of three of the "United States", yet to be disclosed, along with its

relationship to the USA and Beistline would like to continue the raping and pillage of the people under the guise of a lawful and legal constitutional Republic to use a fictitious name.

***In the cited Case of Rowe v. Burton, 884 F.Supp. 1372 (D. Alaska 1994) by Judge John Sedwick we find that Beistline is in total opposition.***

In *Rowe, ibid. at 1385* Sedwick pronounces that "Generally, a person is required to disclose one's identity to commence a lawsuit" and ". . . a party may initiate a lawsuit by filing a complaint. Fed. R.Civ.P." And further in *Rowe, ibid at 1385* "Rule 10(a) requires that the complaint state the title of the action, which "shall include the names of all the parties.""

Sedwick continues in *Rowe, ibid at 1385* to state that ". . . lawsuits are public events and the public has a legitimate interest in know the facts involved in them. Among those facts is the identity of the parties." Citing *Doe v. Deschamps*, 64 F.R.D. 652 (D.Mont. 1974). Sedwick continues that courts have recognized exceptions to the requirement in limited "matters of a sensitive and highly person nature" citing *Doe v. Deschamps*, 64 F.R.D. at 653; *see also* *1386 *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir.1979).

Sedwick continues on in *Rowe, ibid at 1386* to cite issues that have been acceptable to use pseudonyms, to wit:

> Plaintiffs have been allowed to proceed anonymously in matters involving ***abortion***,[FN29] ***birth control***,[FN30] ***welfare cases involving illegitimate children***,[FN31] and ***homosexuality***[FN32]. Such situations share a need to shelter the anonymous plaintiff from "*social stigmatization, real danger of physical harm, or where the injury litigated against would occur as a result of the disclosure of the plaintiff's identity.*" *Doe v. Hallock*, 119 F.R.D. 640, 644 (S.D.Miss.1987).
> FN29.*Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *Doe v. Deschamps*, 64 F.R.D. 652 (D.Mont.1974).
> FN30.*Poe v. Ullman*, 367 U.S. 497, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1961).
> FN31.*Doe v. Carleson*, 356 F.Supp. 753 (N.D.Cal.1973).
> FN32.*Webster v. Doe*, 486 U.S. 592, 108 S.Ct. 2047, 100 L.Ed.2d 632 (1988); *Doe v. United Serv. Life Ins. Co.*, 123 F.R.D. 437 (S.D.N.Y.1988); *Doe v. Chafee*, 355 F.Supp. 112 (N.D.Cal.1973).

The Hymes find in their instant Case no issues of *abortion, birth control, welfare cases involving illegitimate children or homosexuality*. Is the USA involved in any of these or "*social stigmatization*" by its unlawful and illegal actions against the Hymes? Remembering that the Hymes have been denied all Discovery under the FRCP *affirmed by Beistline* and in some of the appearance of Discovery proffered by Auchterlonie, being **Attachment A** - "UNITED STATES' RESPONSE TO DEFENDANTS' FIRST SET OF REQUEST FOR ADMISSION" in which Auchterlonie invokes *38 times that* the *United States,* answering the Hymes Discovery "contains argumentative, scandalous, indecent, and impertinent matter calculated to annoy, *embarrass*, and *oppress the United States in the eyes of the Court*, the *ultimate fact finder* at the trial of this matter, the *news media* and *the public*, all in violation of the principles expressed in the Federal Rules of Civil Procedure 7(b)(2), 11, 12(f) and 26." The Hymes are totally mystified as to what issues of providing Discovery would *embarrass*, and *oppress the United States in the eyes of Court*. Is the USA or "United States" involved in issues of abortion, birth control, welfare cases involving illegitimate children, homosexuality or social stigmatization? The Hymes most definitely are getting "screwed" by Beistline, USA, United States and Auchterlonie by the blatant and conclusive actions of no evidence provided with any first hand knowledge and a complete denial of Due Process of Law by a fictitious something or other, of which Beistline and Auchterlonie may, could and probably have a pecuniary interest in the outcome of this instant Case.

Sedwick continues in *Rowe, ibid at 1386* "These interests are rendered meaningless if discarded when controversial issues are raised by litigation. For this reason, courts are reluctant to grant a litigant a "cloak of anonymity." Citing "*United States v. Doe,* 655 F.2d 920, 922, n. 1 (9th Cir.1981); *Doe v. Rostker,* 89 F.R.D. 158, 162 (N.D.Cal.1981) ("There must be a strong

social interest in concealing the identity of the plaintiff.")"

Sedwick continues in *Rowe, ibid at 1386*, to wit:

> **Courts have refused requests to proceed anonymously in actions involving economic matters,[FN33] challenges to selective service registration,[FN34] sexual harassment under Title VII,[FN35] termination of employment due to alcoholism,[FN36] and AIDS[FN37].**
> FN33. *Doe v. Deschamps*, 64 F.R.D. 652 (D.Mont.1974).
> FN34. *Doe v. Rostker*, 89 F.R.D. 158 (N.D.Cal.1981).
> FN35. *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir.1979); *Doe v. Hallock*, 119 F.R.D. 640 (S.D.Miss.1987).
> FN36. *Doe v. Frank*, 951 F.2d 320 (11th Cir.1992).
> FN37. *Doe v. Prudential Ins. Co. of America*, 744 F.Supp. 40 (D.R.I.1990). *[Emphasis added]*

Sedwick did not address the issue of an appearance of a lawful government such as proffered by Beistline under the "cloak of anonymity", but as the issues listed by Sedwick are minutiae when compared to the purported lawful and legal taxation, the taking of private property by someone or something yet unidentified and the constitutionally secured rights of the Hymes.

In the adjudged decision of *Roe v. State of New York*, 49 F.R.D. 279, 281, 282 (S.D. N.Y. 1970) *at 281* that under Fed. R. Civ. P. 3 provides: "A civil action is commenced by filing a complaint with the court." And further *at 281*, Fed. R. Civ. P. 10(a) requires that in the complaint "the title of the action shall include the names of all of the parties." **_The "United States" is not listed in the Complaint as one of the parties_**.

And further in *Roe, ibid. at 281* "It is concluded that no action has been commenced by the filing of this complaint and therefore that this Court has nothing before it on which to act." And further in *Roe, ibid. at 282* a fictitious party should notify the court and secure the court's consent with no harm being done to the public interest, to wit:

> ***To obviate any possibility that the parties and the issues raised are fictitious*** and that the jurisdiction of the court is being invoked to decide moot questions, a plaintiff who desires to use a name other than his own should, ***before the case is presented in court, acquaint the court of his desires, establish the fact that the parties and issues are real although the names used are fictitious, and secure the court's consent, as was done in these cases.*** The ***privilege of using fictitious names in actions*** should

be granted only in the rare case where *the nature of the issue litigated and the interest of the parties demand it and no harm can be done to the public interest.*' *[Emphasis added]*

Most conclusively, if this Complaint is founded from the authority granted of the Federal Constitution and is actually the real constitutional government in our constitutional Republic, there can absolutely be no claim of protection of it's identity under any circumstances.

Auchterlonie most certainly could have had an *ex parte* communication and obtained such permission from Beistline, but the Hymes were never notified. The Hymes took this issue to the 9th Circuit and they stated they had no jurisdiction to determine the issue of "United States" and "UNITED STATES OF AMERICA".

Clearly, if there is no real party of interest in the Complaint, then the Complaint must be dismissed as was done in *Roe, ibid at 282*, to wit:

> *If no action had been commenced by the filing of this complaint, then the subsequent disclosure of the true names of plaintiffs did not change the situation.*
> By granting the present motion, I would not wish to put form before substance or to penalize litigants for minor or technical lapses of procedure. It seems to me, however, that there is here a defect of substance. *Sound public policy would appear to require that a complaint identify by true name at least one plaintiff if the filing is to commence an action; if the complaint fails to identify by true name at least one plaintiff then its filing is not effective to commence an action. [Emphasis added]*

In the adjudged decision of *Roe v. Bopup*, 500 F.Supp. 127, 130 (E.D. Wash. 1980) affirmed the decision in *Roe v. State of New York*, 49 F.R.D. 279, 281, 282 (S.D. N.Y. 1970), to wit:

> The decision whether to permit the use of fictitious names is one that is left to the discretion of the trial court, *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979). There the court noted that *"identifying a plaintiff only by a pseudonym is an unusual procedure, to be allowed only where there is an important privacy interest to be recognized."* Lindsey, supra, at p. 1125; see *Doe v. Deschamps*, 64 F.R.D. 652 (D.Mont.1974). *[Emphasis added]*

The use of fictitious names will not be sufficient in a judgment file as held in the adjudged decision of *Buxton v. Ullman*, 156 A.2d 508, 514, 515 (Sup. Ct. Errors Conn. 1959), to wit:

> Practice Book, § 199 states, among other things, that *'[i]n the captions of pleas, answers, etc., the parties may be described as John Doe v. Richard Roe et al., but this will not be*

*sufficient in a judgment file, which \*60 must give all the data necessary for use in drawing the execution.' Because of the intimate and distressing \*\*515 details alleged in these complaints, it is understandable that the parties who are allegedly medical patients would wish to be anonymous. **To obviate any possibility that the parties and the issues raised are fictitious and that the jurisdiction of the court is being invoked to decide moot questions, a plaintiff who desires to use a name other than his own should, before the case is presented in court, acquaint the court of his desires, establish the fact that the parties and issues are real although the names used are fictitious, and secure the court's consent, as was done in these cases. The privilege of using fictitious names in actions should be granted only in the rare case where the nature of the issue litigated and the interest of the parties demand it and no harm can be done to the public interest. [Emphasis added]***

See also *Brock v. A-1 Auto Service, Inc.*, 728 A.2d 1167, 1169 (Superior Ct. Conn. 1998): ". . . but this will not be sufficient in a judgment file, which must give all the data necessary for use in the drawing any execution that may be necessary." Further, in *Brock, ibid. at 1169* "by their real names, so that they may be identified."

In the adjudged decision of *Coe v. USDC for the District of Colorado*, 676 F.2d 411, 415, 416 (10th Cir. 1982) that the Federal Rules of Civil Procedure have no means to use fictitious names or anonymous plaintiffs and the public has a right to know the real party of interest except in very unusual cases, to wit:

> *Every pleading must contain the names of the parties thereto, if these are known.* [FN1] *In the federal courts it is held that the "real party in interest" is the one who, under applicable substantive law, has the legal right to bring the suit.* Boeing Airplane Co. v. Perry, 322 F.2d 589 (10th Cir. 1963), cert. denied, 375 U.S. 984, 84 S.Ct. 516, 11 L.Ed.2d 472 (1964). *There is no provision in the Federal Rules of Civil Procedure for suit against persons under fictitious names, and there are likewise no provisions for anonymous plaintiffs.* In Lindsey v. Dayton-Hudson Corp., 592 F.2d 1118 (10th Cir. 1979) this court observed, inter alia :
>> FN1. U.S.C.A. Rules of Civil Procedure, rule 10(a) provides: "Every pleading shall contain a caption setting forth the name of the court, the title of the action, the file number, and a designation as in Rule 7(a). In the complaint the title of the action shall include the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties."
> **This use of pseudonyms concealing plaintiffs' real names has no explicit sanction in the federal rules.** Indeed it seems contrary to Fed.R.Civ.P. 10(a) *which requires the names of all parties to appear in the complaint. Such use obviously may cause problems to defendants engaging in discovery and establishing their defenses, and in fixing res judicata effects of judgments.* Yet the Supreme Court has given the practice implicit recognition in the abortion cases, Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), and Doe v. Bolton, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973), with minimal discussion. Most of the cases permitting the practice have involved abortion, birth control, and welfare prosecutions involving abandoned or illegitimate children. We have found only a few cases where the propriety of the technique was discussed.
> **Doe v. Deschamps, 64 F.R.D. 652 (D.Mont.1974) cites most of the cases. It holds that the**

> public generally has a right to know, refuses to permit it except in unusual cases, and rules that it will not be permitted in an action involving plaintiff's future professional and economic life. *416Roe v. State of New York,* 49 F.R.D. 279 (S.D.N.Y.1970), concluded that where only fictitious names were used for plaintiffs the filing of the complaint would be ineffective to commence an action. It recognized that if an action were commenced properly, the court could issue protective orders in appropriate cases to shield the identity of the plaintiffs. *Roe v. Ingraham,* 364F.Supp. 536, 541 n.7 (S.D.N.Y.1973), recognized the procedure as proper where "if plaintiffs are required to reveal their identity prior to the adjudication of the merits of their privacy claim, they will already have sustained the injury which by this litigation they seek to avoid." *Doe v. Boyle,* 60 F.R.D. 507 (E.D.Va.1973), *refused to permit a suit under the tax laws to be carried on in a fictitious name because it involved personal privileges under the Fifth Amendment. Additionally the court was concerned that after judgment numerous persons might claim to be John Doe. [Emphasis added]*

In the adjudged decision of *M.M. v. Zavaras,* 939 F.Supp. 799, 801(D.Colo 1996) clearly pronounces that there is no authority for an

> . . . unidentified plaintiff attempting to use a pseudonym and *completely ignores both controlling Tenth Circuit decisions* and published decisions of this court. E.g., *Coe v. United States District Court,* 676 F.2d 411 (10th Cir.1982); *Doe v. United States Dep't. of Justice,* 93 F.R.D. 483 (D.Colo.1982); *Lorenz v. United States Nuclear Regulatory Comm'n,* 516 F.Supp. 1151 (D.Colo.1981). The use of pseudonyms concealing plaintiffs' real names has no explicit sanction in the federal rules. Indeed it seems contrary to Fed.R.Civ.P. 10(a) which requires the names of all parties to appear in the complaint. 676 F.2d at 411. Moreover, *there is no express congressional grant of a right to proceed anonymously. [Emphasis added]*

In a "Table of Decisions Without Reported Opinions" from **John W. Sedwick, District Judge,** in the

The "real party in interest" under substantive law is the only one with a legal right for relief as pronounced *In re Comcoach Corp.* 698 F.2d 571, 573 (2nd Cir. 1983), to wit:

> Generally, the "real party in interest" is the one who, under the applicable substantive law, has the legal right which is sought to be enforced or is the party entitled to bring suit. *Coe v. United States District Court for the District of Colorado,* 676 F.2d 411, 415 (10th Cir.1982); see *Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.,* 630 F.2d 250, 256-57 (5th Cir.1980); *Virginia Electric & Power Co. v. Westinghouse ElectricCorp.,* 485 F.2d 78, 83 (4th Cir.1973), cert. denied,415 U.S. 935, 94 S.Ct. 1450, 39 L.Ed.2d 493 (1974); *Weniger v. Union Center Plaza Associates,* 387 F.Supp. 849, 855 (S.D.N.Y.1974); see generally 3A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 17.07 (2d ed. 1979); 6 C. Wright & A. Miller, *Federal Practice and Procedure* §§ 1543-1544 (1971). *[Emphasis added]*

In the adjudged decision of *Doe v. Boyle,* 60 F.R.D. 507 (E.D. Virginia 1973), that the 5th Amendment protects only real people in a tax case, and *as a matter of law* the inverse is also true

as the 5th Amendment can be invoked only in issues with a lawful government and not fictions or pseudonyms, to wit:

> **The Fifth Amendment protects people, not aliases. The standard for application of the Fifth Amendment privilege is whether 'the claimant is confronted by substantial and 'real,' and not merely trifling or imaginary, hazards of incrimination.'** *Marchetti v. United States* 390 U.S. 39, 53, 88 S.Ct. 697, 705, 19 L.Ed.2d 889 (1968). *While the Court accepts the representation of plaintiff's counsel that plaintiff is indeed confronted by a real hazard of incrimination, said representation could not alone, in view of the personal nature of the Fifth Amendment right carry plaintiff's burden of proof on this issue.* Should the Court proceed in this matter in its present posture, and should plaintiff prevail, numerous persons could appear after judgment claiming to be John Doe. *That prospect offends the sacred nature of the Fifth Amendment guaranty of personal liberty. [Emphasis added]*"

Including, but not limited to the facts and issues of law that no fictitious entity or pseudonyms, as a *matter of law,* can have standing. This includes when not even listed in the Complaint as one of the parties. Therefore, this instant Case should be dismissed with prejudice. The Hymes reserve the right to amend this Motion to Vacate.

My Hand,

My Hand,

### Certification

This document and said attachments have been mailed first class via USPS to the following parties, to wit:

Nelson P. Cohen
United States Attorney
District of Alaska
Federal Bldg. & U.S. Courthouse
101 12th Avenue, Box 2
Fairbanks, Alaska 99701

Jennifer D. Auchterlonie
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683

Date: March 10, 2008

Rita MariNa Hymes