NELSON P. COHEN
United States Attorney
District of Alaska
Federal Bldg. & U.S. Courthouse
101 12th Avenue, Box 2
Fairbanks, Alaska  99701
Telephone: (907) 456-0245

JENNIFER D. AUCHTERLONIE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044-0683
Telephone: (202) 514-9593
Facsimile: (202) 307-0054
Email: Jennifer.D.Auchterlonie@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Civil No. A05-0123 CV (RRB) |
| Plaintiff, ) | |
| ) | |
| v. ) | UNITED STATES' RESPONSE TO |
| ) | DEFENDANTS' MOTION TO VACATE |
| DONALD L. HYMES; RITA M. HYMES; ) | JUDGMENT AND MOTION FOR STAY |
| AURORA TRUST, ZENA D. HYMES ) | PENDING APPEAL |
| AND CHARLA HYMES TRUSTEES; ) | |
| SUNSHINE TRUST, RITA M. HYMES ) | |
| TRUSTEE; ZENA D. HYMES; CHARLA ) | |
| HYMES; AND FAIRBANKS NORTH ) | |
| STAR BOROUGH ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

      The United States of America, by and through its undersigned counsel, hereby submits

this response in opposition to the following motions filed by defendants:  (1) "Motion to Vacate

- 2 -

Judgment under Rule 60(b)(3) & 60(4)" (Dkt. # 172) and (2) "Motion for Expedited Consideration for Stay of Execution of 'United States' Order of Foreclosure and Judicial Sale' and 'Judgment in a Civil Case' under Rules 62(b) and 62(c)" (Dkt. # 175). As set forth below, defendants have not shown that they are entitled to relief from judgment under Fed. R. Civ. P. 60(b) or to a stay of either the judgment or the foreclosure order in this case. Accordingly, defendants' motions should be denied.

    1.    <u>Defendants' Motion to Vacate Judgment under Fed. R. Civ. P. 60(b)</u>

The United States notes at the outset that defendants' motion to vacate judgment is almost entirely unintelligible, and it generally raises only shopworn arguments characteristic of frivolous tax-protestor rhetoric that has been universally rejected by this and other courts. As the Court of Appeals for the Fifth Circuit has aptly stated, there is "no need to refute [such] arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." *Crain v. Commissioner*, 737 F.2d 1417, 1417 (5th Cir. 1984).

Fed. R. Civ. P. 60(b) provides for relief from a final judgment or order upon motion and "upon such terms as are just" for, *inter alia*, the following reasons: fraud, misrepresentation, misconduct, or because the judgment is void. *See* Fed. R. Civ. P. 60(b)(3), (4), cited in defendants' motion. Although not altogether clear, defendants appear to seek relief from the Order of Foreclosure and Judicial Sale, entered on March 5, 2008, at Dkt. # 171, because, according to defendants, that order was entered without a corresponding motion.[1] Contrary to

---

[1] Defendants also seek relief from that order on the grounds that the named plaintiff in this matter, the United States of America, is merely a pseudonym. As defendants' allegations on

- 3 -

defendants' assertion, there is no defect in the procedural correctness of the entry of the Order of Foreclosure and Judicial Sale. That is because the United States presented its case for entry of that Order in its motion for summary judgment, filed on September 14, 2007, at Dkt. # 139. *See* Dkt. # 139, pp. 2, 4-6, 9-14. At the close of its motion for summary judgment, the United States requested that the Court grant judgment in favor of the United States and order, *inter alia*, "that the United States shall submit an appropriate proposed order of foreclosure and judicial sale within 30 days of entry of judgment in this matter." *Id.* at p. 14.

     Although defendants filed an opposition to the United States' motion for summary judgment, Dkt. # 158, defendants failed to raise an intelligible defense to the United States' foreclosure claim, or any other claim of the United States in this matter, and the Court entered an order granting the United States' motion for summary judgment on January 16, 2008. Dkt. # 159. The United States subsequently filed and served the proposed order of foreclosure and judicial sale on February 14, 2008, Dkt. # 163, then re-filed and re-served the same document after the United States was informed that it used the wrong CM/ECF entry for the document on February 21, 2008, Dkt. # 164. That order was entered by the Court on March 5, 2008. Dkt. # 171. Although defendants filed several documents with the Court during the time that the proposed order of foreclosure and judicial sale was lodged, *see* Dkt. ## 165-168, defendants did not raise any objection to that proposed order.

---

this point are utterly indecipherable, the United States cannot offer any response other than to state that the United States is plainly not a pseudonym and defendants have failed to establish otherwise.

- 4 -

Given the procedural correctness of the Court's consideration and entry of the United States' proposed order of foreclosure and judicial sale, and defendants' failure to challenge the right of the United States to foreclose its federal tax liens against the subject property at any stage in this matter, defendants have failed to establish any legal or factual basis for relief from that order under Fed. R. Civ. P. 60(b). Accordingly, the United States respectfully requests that the Court deny defendants' motion to vacate judgment.

2. <u>Defendants' Expedited Motion for Stay of the Foreclosure Order and the Judgment.</u>

Subsequent to the filing of defendants' motion to vacate judgment, defendants filed a one-sentence motion for stay in which defendants stated as follows:

> Come now the Defendants, Donald Louis Hymes and Rita MariNa Hymes and ask that this court issue an expedited order for a stay of execution of the Judgment in a Civil Case signed March 3, 2008 and United States' Order of Foreclosure and Judicial Sale, signed on March 4, 2008, pending the court's ruling on Defendants' Motion to Vacate, under Rule 62(b), filed on March 10, 2008, and the possible appeal to the Ninth Circuit Court of Appeals, under Rule 62(c).

In seeking a stay of the Court's Order of Foreclosure and Judicial Sale, defendants have not offered to post a supersedeas bond, provided proof of the value of their property or proof of insurance, or otherwise offered adequate protection of the government's interests.[2] As a result, defendants' motion for stay should be denied.

---

[2] Defendants cite Fed. R. Civ. P. 62(c) in their motion for stay; however, subsection (c) of Rule 62 deals with injunction cases. For a stay pending the Court's decision on defendants' motion to vacate judgment under Rule 60(b), subsection (b) of Rule 62 applies, and for a stay pending appeal, subsection (d) of Rule 62 applies. With respect to a stay pending the Court's decision on defendants' motion to vacate judgment, because no sale date is currently set and no advertisement of a sale has yet been made, it is highly unlikely that the United States will sell the subject property before the Court has entered an order on defendants' motion to vacate judgment.

- 5 -

Fed. R. Civ. P. 62(d) allows an appellant to obtain a stay of execution of judgment pending appeal by posting a satisfactory supersedeas bond.  Rule 62(d) provides:

> Stay Upon Appeal. When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

The purpose of a supersedeas bond is to secure the appellee from loss resulting from the stay of execution.  *Federal Prescription Service, Inc. v. American Pharmaceutical Association*, 636 F.2d 755, 759 (D.C. Cir. 1980); *see also Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979).  Ultimately, district courts have inherent discretionary authority in setting supersedeas bonds.  *See Miami International Realty Co. v. Paynter*, 807 F.2d 871 (10th Cir. 1986).  Because the stay operates for the appellant's benefit and deprives the appellee of the immediate benefit of its judgment, however, a supersedeas bond in the full amount of the judgment, costs of the appeal, interest, and damages for delay should be the norm.  *See Poplar Grove Planting and Refining Co., Inc.*, 600 F.2d at 1191; *United States v. Goltz*, Civ. Action No. SA-06-CA-503-XR, 2007 Westlaw 295558, at *2 (W.D. Tex. Jan. 25, 2007).  It is incumbent upon the moving party to show good cause for any departure from this general rule.  *Poplar Grove Planting and Refining Co., Inc.*, *supra*.

Defendants request the Court to grant them a stay pending further litigation, including appeal, apparently without having to post a supersedeas bond.  Defendants provide no evidence of the value of the subject property in relation to the amount of the judgment in this case, and provide no proof of hazard insurance.  The government is thus at risk with respect to possible

- 6 -

deterioration or loss with respect to the subject property pending the outcome of an appeal. Furthermore, defendants offer no guarantee of payment of local property taxes during the period of approximately two years it is likely for the Ninth Circuit to rule on an appeal.

Because of the above-stated concerns, the United States requests the Court to deny defendants' motion for stay.[3]  In the alternative, the Court should grant a stay of execution only if defendants comply with the following conditions:

1.   Post a supersedeas bond to secure the following: (a) payment of appeal costs; (b) payment of all local property taxes and special assessments on the subject property for at least two years; (c) payment of hazard insurance for at least two years adequate to replace all existing improvements on the subject property; and (d) payment of the full amount of the judgment plus statutory accruals of interest and penalties for at least two years.

2.   Make the United States an additional insured on the hazard insurance policy described in paragraph 1 above and provide the Court and government counsel with prompt evidence of compliance with this requirement.

---

[3] Looking beyond the issue of the supersedeas bond, a stay pending appeal is extraordinary relief and should be entered only when four conditions are met: (1) the movant establishes a likelihood of success on the merits; (2) the movant would suffer irreparable injury if a stay is not granted; (3) the movant shows that the stay would not substantially harm the other party; and (4) the movant demonstrates that the stay would serve the public interest. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *NRDC v. Winter*, 502 F.3d 859, slip op. 6-7 (9th Cir. 2007). While each part must be met, the movant need not always show a strong likelihood of success on the merits; instead, the movant "may be entitled to prevail if he can demonstrate a substantial case on the merits and the second and fourth factors militate in his favor." *Winter*, slip op. 7. Defendants have made no showing with respect to any of the four factors in their motion.

- 7 -

3.  Do not attempt to sell, assign, transfer, convey, encumber, or otherwise affect title to the subject property.

4.  Do not damage or commit waste with respect to the subject property.

5.  File all required federal income tax returns on a current basis and pay all current amounts due, and provide the Court and government counsel with prompt evidence of compliance with this requirement.

## CONCLUSION

Based on the foregoing, the United States respectfully requests that the Court deny defendants' motion to vacate judgment at Dkt. # 172 and defendants' expedited motion for stay at Dkt. # 175. In the alternative, the United States requests that the Court grant a stay only upon the enumerated conditions described above.

Dated this 21st day of March, 2008.

        Respectfully Submitted,

        NELSON P. COHEN
        United States Attorney

        s/ Jennifer D. Auchterlonie
        JENNIFER D. AUCHTERLONIE
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 683
        Ben Franklin Station
        Washington, D.C. 20044-0683

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2008, a copy of the foregoing UNITED STATES' RESPONSE TO DEFENDANTS' MOTION TO VACATE JUDGMENT AND MOTION FOR STAY PENDING APPEAL  was served by regular U.S. mail on the following parties:

```
Donald L. Hymes          Rita M. Hymes
2340 Ravenwood           2340 Ravenwood
Fairbanks, Alaska 99709  Fairbanks, Alaska 99709
```

s/ Jennifer D. Auchterlonie
JENNIFER D. AUCHTERLONIE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-9593
Email: Jennifer.D.Auchterlonie@usdoj.gov