Rita MariNa Hymes and Donald Louis Hymes
2340 Ravenwood
Fairbanks, Alaska [99709]
907-479-6922



MAR 2 4 2008

CLERK, U.S. DISTRICT COURT
FAIRBANKS, AK

The United States of America

The United States

District Court of the United States

District of Alaska

UNITED STATES OF AMERICA

*Plaintiff*
v.

**Rita M. Hymes, personal capacity**
**Donald L. Hymes, personal capacity;**
*Defendants*

A05-123-CV(RRB)

**Motion to Vacant Judgment Amended #1**

Come now Rita MariNa Hymes and Donald Louis Hymes ("the Hymes") with this Motion to Vacate Judgment Amended #1 under the law of necessity Pleading into a territorial (legislative, but not Article I) court with all previous public record attachments and affidavits incorporated of which this court shall take judicial Notice, being the United States District Court ("USDC").

And further, giving judicial Notice to Judge Ralph R. Beistline (Beistline) that the Hymes have filed their Pleading *only* into a District Court of the United States arising under Article III of the Federal Constitution in all Cases in Law and Equity exercising the judicial Power of the United States under the Authority of the United States being only a constitutional court.

Motion to Vacate                                   Page 1 of 11

The Hymes reserved the right to Amend their Motion to Vacate and do so exercise that reserved right.

Jennifer D. Auchterlonie (Auchterlonie), who has refused to date to even provide any evidence that she has ever passed any Bar Exam or test of any type to hopefully establish some intelligible minutiae to comprehend and plead.

The Hymes have to date been unable to understand whom/what ever Auchterlonie purports to represent and Docket 177 shocks the conscience with her totally unintelligible nonsensical repeated boilerplate benighted cants of "almost entirely unintelligible, and it generally raises only shopworn arguments characteristic of frivolous tax-protestor rhetoric that has been universally rejected by this and other courts."

Auchterlonie starts off Docket 177 with "The *United States of America*, by and through its undersigned counsel" and then transmutes, recasts or morphs this into "*United States*." Unbelievable that any sane party would even attempt to sign their name to this as this is conclusive and material evidence of total fraud and deception raising serious issues of criminal intent and false securities by Auchterlonie and others of her ilk.

Auchterlonie then continues her contumacious sophism, that lacks all deference to deductive logic, a syllogism or *a fortiori* as evidenced in the footnotes at Docket 177 on pages 2 & 3: "Defendants also seek relief from that order on the grounds that the named plaintiff in this matter, the *United States of America*, is merely a pseudonym. As defendants' allegations on this point are utterly indecipherable, the United States cannot offer any response other than to state that the *United States* is plainly not a pseudonym and defendants have failed to establish otherwise."

The fact that Auchterlonie impeaches herself is indisputable and conclusive in sixty-two

(62) words (two consecutive sentences) and does not qualify for the simplest and most basic syllogism changing words from "United States of America" as a pseudonym to "United States" as a pseudonym. The Hymes are simply speechless! Even a 3rd or 4th grader couldn't be sold on this preposterous lie that a "United States of America" equals a "United States."

Docket 177 is totally off point. The Supreme Court of the United States has, by it's repeated adjudications, stated that if *dicta* or general expressions are not directly on-point they ought not to control subsequent suits starting with *Cohens v. Virginia*, 19 U.S. 264, 399-400 (1821), to wit:

> It is a maxim not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, **but ought not to control the judgment in a subsequent suit when the very point is presented for decision.** (emphasis added)

See also *Central Virginia Community v. Katz*, 126 S.Ct. 990, 996 (2006); *Jean v. Nelson*, 472 U.S. 846, 872 (1985); *Zenith Radio Corp. v. U.S.*, 437 U.S. 443, 462 (1978); *People of Puerto Rico v. Shell Co.*, 302 U.S. 253, 269 (1937); *Oska Shosen Kaisha Line v. U.S.*, 300 U.S. 98, 103 (1937); *Humphrey's Ex'r v. U.S.*, 295 U.S. 602, 627 (1935); *Myers v. U.S.*, 272 U.S. 52, 142 (1926); *Joplin Mercantile Co. v. U.S.*, 236 U.S. 531, 538 (1915); *Downes v. Bidwell*, 1982 U.S. 244, 258 (1901); *French v. Barber Asphalt Pav. Co.*, 181 U.S. 324, 367 (1901); *U.S. v. Wong Kim Ark*, 169 U.s. 649, 679 (1898); *Pollock v. Farmers' Loan & Trust Co.*, 157 U.S. 429, 574 (1895); *Leisy v. Hardin*, 135 U.s. 100, 135 (1890); *Carroll v. Carroll's Lessee*, 57 U.s. 275, 287 (1853).

Perhaps, Auchterlonie should, by *ipse dixit* pontification, amend the Federal Constitution arising under Article II section 1 clause 8 replacing "United States" with "UNITED STATES OF AMERICA", to wit:

> Before he enters on the Execution of his Office, he shall take the following Oath or Affirmation:--

"I do solemnly swear (or affirm) that I will faithfully execute the Office of President of the *United States*, and will to the best of my Ability, preserve, protect and defend the Constitution of the *United States*." *[Emphasis added]*

In the adjudged Case of *Senate Select Committee on Presidential Campaign Activities v. Nixon*, 366 F.Supp. 51, 56 (D.C. D.C. 1973), to wit:

One of the four statutory bases of jurisdiction cited by plaintiffs is 28 U.S.C. § 1345 which reads:
*§ 1345. United States as plaintiff*
Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings *commenced by the United States*, or by any agency or officer thereof expressly authorized to sue by Act of Congress.
Plaintiffs have disclaimed any attempt to classify themselves as an "agency or officer" within the meaning of this section. *Rather they purport to bring suit in the name of the United States.* Reference, however, to common practice and related statutory provisions belies the soundness of such a claim. Title 28 U.S.C. § 516, in language similar to that of § 1345, *reserves to the Attorney General and Department of Justice authority to litigate as United States. § 516. Conduct of Litigation reserved to Department of Justice*
Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General.

While this section does not require a congressional litigant to be represented by the Justice Department, it does deny such a *litigant the right to sue as the United States* when jurisdiction derives from § 1345.[FN8] The practice has never *57 been otherwise and the two cases cited by plaintiffs do not so hold.[FN9] Section 1345 is simply inapplicable here. *[Emphasis added]*

In the adjudged decision of *U.S. v. American Tel. & Tel. Co.*, 551 F.2d 384, 388, 389 " (D.C. D.C. 1976) "The complaint alleges jurisdiction under 28 U.S.C. s 1345, which gives jurisdiction over suits brought by the United States. Although this suit was brought in the *name of the United States* against AT&T, . . ." citing *Nixon, supra.*

In the adjudged decision of *Brooks v. Nez Perce County*, 394 F.Supp. 869, 872 (D.C. Idaho 1975) "the right to sue, does not alter the fact that this action was not *'commenced by the United States'* . . ." citing *Nixon, supra.*

This case clearly and succinctly states in plain English "*commenced by the United States*" under 28 U.S.C. § 1345 or under 28 U.S.C. § 516 the "reserves to the Attorney General and *Department of Justice authority to litigate as United States. § 516.*" *[Emphasis added]*

The Hymes do as an Offer of Proof that Auchterlonie does invoke the CODE jurisdiction

of 28 U.S.C. § 1345 and hereby attach a copy of Docket 78 Exhibit A, being **Attachment A** consisting of 9 pages total to this instant Case. In **Attachment A page 3** No. 3 "The Court has jurisdiction over this action pursuant to I.R.C. § 7402 and 28 U.S.C. §§ 1340 and *1345*."

*[Emphasis added]*

> 28 U.S.C. § 1345 that Auchterlonie invokes states, to wit:
>
> **Sec. 1345.** *United States as plaintiff*
> Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings *commenced by the United States,* **or by any agency or officer thereof expressly authorized to sue by Act of Congress.** *[Emphasis added]*

Even though this is an "Act of Congress" and not a "Law of the United States", it is indisputable that only "United States" is a Plaintiff and not "UNITED STATES OF AMERICA" under 28 U.S.C. §§ 516 or 1345.

Including, but not limited to the facts and issues of law that Congress' statutory authority to commence a civil case under 28 U.S.C. § 1345 is authorized only as the "United States, which Auchterlonie proffered as true and correct under her signature in **Attachment A** and this was accepted by *this Court* as true and correct.

Therefore, as a *matter of law* this instant Case was not commenced by the "United States" under the statutory authority of Congress of 28 U.S.C. § 1345, which is mandatory, but with a "UNITED STATES OF AMERICA", without any statutory authority of Congress, being a fiction in law and yet to be disclosed.

Therefore, this instant Case should be dismissed with prejudice as *this Court* lacks the mandatory statutory jurisdictional grant. "Jurisdiction fails" if the cause is not one described by any jurisdictional statute." See *Senate Select Committee on Presidential Campaign Activities v. Nixon*, 366 F.Supp. 51, 56 (D.C. D.C. 1973) FN 5 for holdings of the adjudged decisions of the Supreme Court of the United States.

The Hymes reserve the right to amend this Motion to Vacate.

My Hand,

*[signature]*

My Hand,

*[signature]*