# EXHIBIT A

DEBORAH M. SMITH
Acting United States Attorney
District of Alaska
Federal Bldg. & U.S. Courthouse
101 12th Avenue, Box 2
Fairbanks, Alaska 99701
Telephone: (907) 456-0245

JENNIFER D. AUCHTERLONIE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 514-9593
Facsimile: (202) 307-0054
Email: Jennifer.D.Auchterlonie@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. DONALD L. HYMES; RITA M. HYMES; AURORA TRUST, ZENA D. HYMES AND CHARLA HYMES TRUSTEES; SUNSHINE TRUST, RITA M. HYMES, TRUSTEE; ZENA D. HYMES; CHARLA HYMES; AND FAIRBANKS NORTH STAR BOROUGH, Defendants. | Civil No. A05-0123 CV (RRB)<br><br>AMENDED COMPLAINT TO REDUCE FEDERAL TAX ASSESSMENTS TO JUDGMENT AND FORECLOSE FEDERAL TAX LIENS |

1. This is a civil action brought by the United States of America to reduce to judgment federal tax assessments against defendants Donald L. Hymes and Rita M. Hymes and to

- 1 -

**Attachment A - page 2 of 9**

foreclose federal tax liens against certain real property.

2. This action is brought at the direction of the Attorney General of the United States and at the request and with the authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, pursuant to Sections 7401 and 7403 of the Internal Revenue Code (I.R.C.) of 1986 (26 U.S.C.).

3. The Court has jurisdiction over this action pursuant to I.R.C. § 7402 and 28 U.S.C. §§ 1340 and 1345.

4. Venue is proper in the District of Alaska pursuant to 28 U.S.C. §§ 1391(b) and 1396 because defendants Donald L. Hymes and Rita M Hymes reside in this judicial district and the real property on which the United States seeks foreclosure is located in this judicial district.

## DEFENDANTS

5. Defendant Donald L. Hymes currently resides at 2340 Ravenwood, Fairbanks, Alaska.

6. Defendant Rita M. Hymes currently resides at 2340 Ravenwood, Fairbanks, Alaska.

7. Defendant Aurora Trust, Zena D. Hymes and Charla Hymes, Trustees, was named as a defendant in this action because it may claim an interest in the real property that is the subject of this action. However, Aurora Trust was dismissed as a defendant by order entered July 3, 2006.

8. Defendant Sunshine Trust, Rita M. Hymes, Trustee, is named as a defendant in this action because it may claim an interest in the real property that is the subject of this action.

9. Defendant Zena D. Hymes was named as a defendant in this action because she may claim an interest in the real property that is the subject of this action. However, Zena D. Hymes was dismissed as a defendant by order entered July 3, 2006.

- 2 -

**Attachment A - page 3 of 9**

10. Defendant Charla Hymes was named as a defendant in this action because she may claim an interest in the real property that is the subject of this action. However, Charla Hymes was dismissed as a defendant by order entered July 3, 2006.

11. Defendant Fairbanks North Star Borough is named as a defendant in this action because it may claim an interest in the real property that is the subject of this action. However, Fairbanks North Star Borough disclaimed any interest in the subject property on July 10, 2006.

## THE SUBJECT PROPERTY

12. The parcel of real property that is the subject of the action is located at 2340 Ravenwood, Fairbanks, Alaska and is legally described as follows:

> Lot Fifty(50) 0f Section Fourteen (14), Township One South, Range Two West, Fairbanks Meridian Subject to reservations, restrictions and easements of record

## TRANSFERS OF THE SUBJECT PROPERTY

13. Defendants Donald L. Hymes and Rita M. Hymes purchased the subject property from Martin S. Ondra and Mary R. Ondra by Statutory Warranty Deed on December 20, 1974.

14. On February 23, 1988, Donald L. Hymes and Rita M. Hymes purported to transfer their interest in the property by Quitclaim Deed to Zena D. Hymes and Charla Hymes.

15. On January 2, 1993, Zena D. Hymes and Charla Hymes transferred their interest in the property by Quitclaim Deed to Aurora Trust.

16. On May 10, 1999, Zena D. Hymes transferred her interest in the property by Quitclaim Deed to Sunshine Trust.

///

///

- 3 -

Attachment A - page 4 of ;9

## FIRST CLAIM FOR RELIEF:
## REDUCE INCOME TAX ASSESSMENTS
## AGAINST DONALD L. HYMES TO JUDGMENT

17. The United States realleges and incorporates the allegations contained in paragraphs 1 through 16, inclusive, as if fully set forth herein.

18. On the dates set forth below, a delegate of the Secretary of the Treasury made assessments against Donald L. Hymes for federal income taxes, penalties, interest, and other statutory additions for the tax periods set forth below:

| Tax Period | Assessed Balance | Assessment Date | Balance Due |
|---|---|---|---|
| 198912 | $ 511.00 | 06-05-1995 | 1,643.12 |
| 199012 | $ 2,489.00 | 06-05-1995 | 7,611.33 |
| 199112 | $ 5,124.00 | 06-05-1995 | 14,408.91 |
| 199212 | $ 58,186.00 | 06-05-1995 | 153,225.12 |
| 199312 | $ 1,583.00 | 06-05-1995 | 3,916.37 |
| 199712 | $ 516.00 | 12-24-2001 | 951.30 |
| 199912 | $ 518.75 | 11-12-2001 | 3,944.74 |
| 200012 | $ 3,838.86 | 10-25-2004 | 5,544.70 |
| 200212 | $ 6,657.03 | 10-25-2004 | 8,211.20 |
| | | | $199,456.79 |

19. Proper notice of the assessments set forth in paragraph 18, above, has been given to, and demand for payment has been made on, defendant Donald L. Hymes.

20. Despite timely notice and demand for payment of the assessments described in paragraph 18, above, defendant Donald L. Hymes has neglected, failed or refused to fully pay these assessments and there remains due and owing as of June 1, 2005, a balance of $199,456.79 plus accrued but unassessed interest, penalties and other additions, as provided by

- 4 -

law, less any payments or credits received.

## SECOND CLAIM FOR RELIEF: REDUCE INCOME TAX ASSESSMENTS AGAINST RITA M. HYMES TO JUDGMENT

21. The United States realleges and incorporates the allegations contained in paragraphs 1 through 20, inclusive, as if fully set forth herein.

22. On the dates set forth below, a delegate of the Secretary of the Treasury made assessments against Rita M. Hymes for federal income taxes, penalties, interest, and other statutory additions for the tax periods set forth below:

| Tax Period | Assessed Balance | Assessment Date | Balance Due |
|---|---|---|---|
| 199512 | $ 1,760.19 | 04-09-2001 | $ 1,760.19 |
| 199612 | $ 6,331.72 | 04-09-2001 | $ 6,331.72 |
| 199712 | $ 1,165.92 | 04-09-2001 | $ 1,165.92 |
| 199812 | $ 4,037.38 | 04-09-2001 | $ 4,037.38 |
| 199912 | $ 5,254.69 | 12-24-2001 | $ 5,254.69 |
| | | | $ 18,549.90 |

23. Proper notice of the assessments set forth in paragraph 22, above, has been given to, and demand for payment has been made on, defendant Rita M. Hymes.

24. Despite timely notice and demand for payment of the assessments described in paragraph 22, above, defendant Rita M. Hymes has neglected, failed or refused to fully pay these assessments and there remains due and owing as of April 1, 2002, a balance of $18,549.90 plus accrued but unassessed interest, penalties and other additions, as provided by law, less any payments or credits received.

**THIRD CLAIM FOR RELIEF:**
**FORECLOSE THE FEDERAL TAX LIENS ON PROPERTY HELD BY**
**AURORA TRUST AND SUNSHINE TRUST**
**AS NOMINEES/ALTER-EGOS OF DONALD AND RITA HYMES**

25. The United States realleges paragraphs 1 through 24.

26. Despite the purported transfers of the subject property described in paragraphs 14, 15 and 16, above, Donald L. Hymes and Rita M. Hymes continue to enjoy the use of and continue to exercise dominion and control over the subject property such that to the extent Sunshine Trust holds title to the property, it holds title as the nominee and/or alter-ego of Donald and Rita Hymes.

27. On or about June 14, 2004, a delegate of the Secretary of Treasury recorded in the Recording District of Fairbanks, Fairbanks, Alaska, a Notice of Federal Tax Lien against Aurora Trust, Zena Hymes and Charla Hymes, Trustees, as nominee and /or alter-ego of Donald L. Hymes for the 1989, 1990, 1991, 1992, 1993, 1997 and 1999 tax years.

28. On or about August 23, 2004, a delegate of the Secretary of Treasury recorded in the Recording District of Fairbanks, Fairbanks, Alaska, a Notice of Federal Tax Lien against Sunshine Trust, Rita Hymes, Trustee, as nominee and /or alter-ego of Donald L. Hymes for the 1989, 1990, 1991, 1992, 1993, 1997 and 1999 tax years.

29. On or about April 1, 2002, a delegate of the Secretary of Treasury recorded in the Recording District of Fairbanks, Fairbanks, Alaska, a Notice of Federal Tax Lien against Rita M. Hymes for the 1995, 1996, 1997, 1998 and 1999.

30. On or about February 25, 1996, a delegate of the Secretary of Treasury recorded in the Recording District of Fairbanks, Fairbanks, Alaska, a Notice of Federal Tax Lien against Donald L. Hymes for the 1989, 1990, 1991, 1992 and 1993 tax years.

WHEREFORE, the plaintiff United States requests entry of judgment in its favor as follows:

(a) That the Court determine that the United States has valid and subsisting federal tax liens on all property and rights to property of defendants Donald L. Hymes and Rita M. Hymes including the property described in paragraph 12, above;

(b) That the Court enter judgment against Donald L. Hymes and in favor of the United States in the amount of $199,456.79 less any credits for payments for unpaid federal income taxes for the 1989, 1990, 1991, 1992, 1993, 1997, 1999, 2000 and 2002 tax years;

(c) That the Court enter judgment against Rita M. Hymes and in favor of the United States in the amount of $18,549.90 less any credits for payments for unpaid federal income taxes for the 1995, 1996, 1997, 1998, and 1999 tax years;

(d) That the Court determine that the Sunshine Trust is the alter ego and/or nominee of Donald L. Hymes and Rita M. Hymes, the true and beneficial owners of the property described in paragraph 12, above, and disregard the purported interest of the Sunshine Trust in said property;

(e) That the federal tax liens against the interests of defendants Donald L. Hymes and Rita M. Hymes in the real property described in paragraph 12 be foreclosed, that the real property be ordered sold, and that the proceeds from such sale be distributed in accordance with the Court's findings as to the validity and priority of the liens and claims of all parties;

(f) That to the extent proceeds from the sale of the real property distributed to the United States fail to satisfy the tax liens against defendants Donald L. Hymes and Rita M. Hymes, a deficiency judgment in that amount be entered against the defendants; and

(g) That the United States be awarded its costs and such other further relief as is just and proper.

        Respectfully Submitted,

        DEBORAH M. SMITH
        Acting United States Attorney


        s/ Jennifer D. Auchterlonie
        JENNIFER D. AUCHTERLONIE
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 683
        Ben Franklin Station
        Washington, D.C. 20044-0683
        (202) 514-9593