Rita MariNa Hymes and Donald Louis Hymes
2340 Ravenwood
Fairbanks, Alaska [99709]
907-479-6922



MAR 2 4 2008

**CLERK, U.S. DISTRICT COURT
FAIRBANKS, AK**

**The United States of America**

**The United States**

**District Court of the United States**

**District of Alaska**

**UNITED STATES OF AMERICA**

*Plaintiff*
**v.**

**Rita M. Hymes, personal capacity
Donald L. Hymes, personal capacity;**
*Defendants*

**A05-123-CV(RRB)**

**Motion to Vacant Judgment as Amended #2**

Come now Rita MariNa Hymes and Donald Louis Hymes ("the Hymes") with this Motion to Vacate Judgment as Amended #2 under the law of necessity Pleading into a territorial (legislative, but not Article I) court with all previous public record attachments and affidavits incorporated of which this court shall take judicial Notice, being the United States District Court ("USDC").

And further, giving judicial Notice to Beistline that the Hymes have filed their Pleading *only* into a District Court of the United States arising under Article III of the Federal Constitution in all Cases in Law and Equity exercising the judicial Power of the United States under the Authority of the United States being only a constitutional court.

The Hymes reserved the right to Amend their Motion to Vacate and do so exercise that reserved right.

*Jennifer D. **Auchterlonie (Auchterlonie** and Judge Ralph R. Beistline (Beistline) are working in concert to violate the Hymes' 5th Amendment rights not to incriminate themselves. The information contained on the Form 1040 can be used against the Hymes and the Hymes would be committing perjury by  signing a document that they know to be fraudulent and do not understand each and every obligation created therein.*

Beistline has and is mandating by and through his ORDERS in this Civil Case and in a parallel  criminal Case of Donald Louis Hymes; and, Authterlonie by and through her *ipse dixit* pontifications in this instant Case that the Hymes are mandated to submit Form 1040s under the OMB number of 1545-0074 as found in 26 CFR 602.101 under the statutory authority of 26 U.S.C. § 7805.

Just on the one issue of the Statutory Authority of 26 U.S.C. § 6065 it is clear that no substantive regulations exist today to force the Hymes to sign under the penalties of perjury, not to mention that under the statutory authority of Congress an "Oath" with a real Notary Public was prohibited.   The following is offered as an Offer of Proof and *this Court* shall take mandatory judicial Notice of all "act of Congress", Codes, substantive regulations, decisions of courts of record including the Supreme Court of the United States and all of the complete statutory scheme of Congress concerning the "internal revenue" and the "Internal Revenue Service."

First, as already plead under the statutory authority of Congress 5 U.S.C. § 552(a)(1) excerpt, to wit:

United States Code Annotated
Title 5.  Government Organization and Employees
 Part I. The Agencies Generally

Chapter 5. Administrative Procedure
Subchapter II. Administrative Procedure

**ß 552. Public information;  agency rules, opinions, orders, records, and proceedings**

(a) Each agency shall make available to the public information as follows:

(1) Each agency shall separately state and currently publish in the Federal Register for the guidance of the public--

(A) descriptions of its central and field organization and the established places at which, the employees (and in the case of a uniformed service, the members) from whom, and the methods whereby, the public may obtain information, make submittals or requests, or obtain decisions;

(B) statements of the general course and method by which its functions are channeled and determined, including the nature and requirements of all formal and informal procedures available;

(C) rules of procedure, descriptions of forms available or the places at which forms may be obtained, and instructions as to the scope and contents of all papers, reports, or examinations;

(D) *substantive rules of general applicability adopted as authorized by law,* and statements of general policy or interpretations of general applicability formulated and adopted by the agency; and

(E) each amendment, revision, or repeal of the foregoing.

*Except to the extent that a person has actual and timely notice of the terms thereof, a person may not in any manner be required to resort to, or be adversely affected by, a matter required to be published in the Federal Register and not so published. For the purpose of this paragraph, matter reasonably available to the class of persons affected thereby is deemed published in the Federal Register when incorporated by reference therein with the approval of the Director of the Federal Register. [Emphasis added]*

The IRS has published, as a public record in the Federal Register, the knowledge of Congress' statutory mandate of 5 U.S.C. § 552(a)(1) and further, published "substantive regulations" as evidenced in 26 CFR § 601.702(a)(1) excerpt, to wit:

Code of Federal Regulations
Title 26. Internal Revenue
Chapter I. Internal Revenue Service, Department of the Treasury
Subchapter H. Internal Revenue Practice
Part 601. Statement of Procedural Rules
Subpart G. Records (Note)

**ß 601.702 Publication, public inspection, and specific requests for records.**

(a) **Publication in the Federal Register--(1) Requirement.** (i) Subject to the application of the exemptions and exclusions described in the Freedom of Information Act, 5 U.S.C. 552(b) and (c), and subject to the limitations provided in paragraph (a)(2) of this section, *the IRS is required under 5 U.S.C. 552(a)(1),* to state separately and publish currently in the Federal Register for the guidance of the public the following information--

(A) Descriptions of its central and field organization and the established places at which, the persons from whom, and the methods whereby, the public may obtain information, make submittals or requests, or obtain decisions, from the IRS;

(B) Statement of the general course and method by which its functions are channeled and determined, including the nature and requirements of all formal and informal procedures which are available;

(C) Rules of procedure, descriptions of forms available or the places at which forms may be obtained, and instructions as to the scope and contents of all papers, reports, or examinations;

(D) *Substantive rules of general applicability adopted as authorized by law,* and statements of general policy or interpretations of general applicability formulated and adopted by the IRS; and

(E) Each amendment, revision, or repeal of matters referred to in paragraphs (a)(1)(i)(A) through (D) of this section.

**(ii)** Pursuant to the foregoing requirements, the Commissioner publishes in the Federal Register from time to time a statement, which is not codified in this chapter, on the organization and functions of the IRS, and such amendments as are needed to keep the statement on a current basis. *In addition, there are published in the Federal Register the rules set forth in this part 601 (Statement of Procedural Rules),* such as those in paragraph E of this section, relating to conference and practice requirements of the IRS; *the regulations in part 301 of this chapter (Procedure and Administration Regulations)*; and <u>*the various substantive regulations under the Internal Revenue Code of 1986, such as the regulations in part 1 of this chapter (Income Tax Regulations),*</u> *in part 20 of this chapter (Estate Tax Regulations), and in part 31 of this chapter (Employment Tax Regulations).*

**(2) Limitations—(i) Incorporation by reference in the Federal Register.** Matter which is reasonably available to the class of persons affected thereby, whether in a private or public publication, shall be deemed published in the Federal Register for purposes of paragraph (a)(1) of this section when it is incorporated by reference therein with the approval of the Director of the Office of the Federal Register. The matter which is incorporated by reference must be set forth in the private or public publication substantially in its entirety and not merely summarized or printed as a synopsis. Matter, the location and scope of which are familiar to only a few persons having a special working knowledge of the activities of the IRS, may not be incorporated in the Federal Register by reference. *Matter may be incorporated by reference in the Federal Register only pursuant to the provisions of 5 U.S.C. 552(a)(1) and 1 CFR part 20.*

**(ii) Effect of failure to publish.** Except to the extent that a person has actual and timely notice of the terms of any matter referred to in *paragraph (a)(1) of this section which is required to be published in the Federal Register, such person* is not required in any manner to resort to, or *be adversely affected by, such matter if it is not so published or is not incorporated by reference therein pursuant to paragraph (a)(2)(i) of this section. Thus, for example, any such matter which imposes an obligation and which is not so published or incorporated by reference shall not adversely change or affect a person's rights. [Emphasis added]*

The Federal Register also mandates that the statutory authority be shown to have the force and effect of law.

## Code of Federal Regulations
## Agency Requirements

### 1 CFR § 1.1 – Documents Having Legal Effect to be Published

As contained in the public record of 1 CFR § 1.1, a ***document*** includes any rule, regulation, notice or similar instrument issued, prescribed or promulgated by an agency. And this ***document*** having general applicability and ***legal effect issued under proper authority*** prescribing a penalty or course of conduct, conferring a right, privilege, authority or immunity or ***imposing an obligation***, and relevant or applicable to the general public, members of a class, or persons shall be filed with the Office of the Federal Register with a ***regulation and rule having the same meaning***, to wit:

1 CFR § 1.1 Definitions.

As used in this chapter, unless the context requires otherwise--

Administrative Committee means the Administrative Committee of the Federal Register established under section 1506 of title 44, United States Code;

**Agency means each authority,** whether or not within or subject to review by another agency, of the United States, other than the Congress, the courts, the District of Columbia, the Commonwealth of Puerto Rico, and the territories and possessions of the United States;

**Document includes** any Presidential proclamation or Executive order, and any **rule, regulation,** order, certificate, code of fair competition, license, **notice, or similar instrument issued, prescribed, or promulgated by an agency;**

**Document having general applicability and legal effect means any document issued under proper authority prescribing a penalty or course of conduct, conferring a right, privilege, authority, or immunity, or imposing an obligation, and relevant or applicable to the general public, members of a class, or persons in a locality,** as distinguished from named individuals or organizations; and

**Filing means** making a document available for public inspection at the Office of the Federal Register during official business hours. A document is filed only after it has been received, processed and assigned a publication date according to the schedule in part 17 of this chapter.

***Regulation and rule have the same meaning.***

**1 CFR § 2.5 – Documents and Regulations to be Published**

As contained in the public record of 1 CFR § 2.5, all agency *documents*, *regulations*, and

notices of proposed rulemaking and other notices are to be published in the CFRs, to wit:

> 1 CFR § 2.5 - **Publication of statutes, regulations, and related documents.**
> (a) The Director of the Federal Register is responsible for the central filing of the **original acts enacted by Congress** and the **original documents** containing Executive orders and proclamations of the President, other Presidential documents, **regulations, and notices of proposed rulemaking and other notices**, submitted to the Director by officials of the **executive branch** of the Federal Government.
> (b) Based on the **acts** and **documents** filed under paragraph (a) of this section, the Office of the Federal Register publishes the "slip laws," the "United States Statutes at Large," the daily **Federal Register** and the **"Code of Federal Regulations."**
> (c) . . . *[Emphasis added]*

**1 CFR § 5.1 – Publication Policy**

Pursuant to Title 44 Chapter 15 documents required by law to be published prescribing

regulations with the authority citations, to with:

> Sec. 5.1 **Publication policy.**
> (a) Pursuant to chapter 15 of title 44, United States Code, and this chapter, the Director of the Federal Register shall publish a serial publication called the Federal Register to contain the following:
> (1) Executive orders, proclamations, and other Presidential documents.
> (2) **Documents required to be published therein by law.**
> (3) Documents accepted for publication under Β 5.3.
>
> (b) Each document required or authorized to be filed for publication shall be published in the Federal Register as promptly as possible, within limitations imposed by considerations of accuracy, usability, and reasonable costs.
>
> (c) In **prescribing regulations** governing headings, preambles, effective dates, **authority citations**, and similar matters of form, the Administrative Committee does not intend to affect the validity of any document that is filed and published under law. *[Emphasis added]*

**1 CFR § 5.2 – Documents to be Published Having Legal Effect**

As contained in the public record of 1 CFR § 5.2, it is self-evident that all *documents* that

have *general application and legal effect* are to be filed for public inspection, to wit:

> 1 CFR § 5.2 **Documents required to be filed** for **public inspection** and published.
> (a) . . .
> (b) Each document or class of documents required to be published by act of Congress.
> (c) **Each document having general applicability and legal effect.** *[Emphasis added]*

## 1 CFR § 21.21 – General requirements: References

In 1 CFR § 21.21 (b) "Each document that contains a reference to material published in the Code shall include the ***Code citation*** as a part of the reference" ***[Emphasis added]***

## 1 CFR § 21.40 – Statutory Authority to be Cited

As contained in the public record within the CFRs in 1 CFR § 21.40, it is self-evident that the substantive regulation must have the statutory authority indicated and attached, to wit:

> **1 CFR § 21.40 General requirements:  Authority citations.**  Each section in a document subject to codification must include, or be covered by, **a complete citation of the authority under which the section is issued**, including--
> (a) **General or specific authority delegated by statute;  and**
> (b) Executive delegations, if any, necessary to link the **statutory authority to the issuing agency.** ***[Emphasis added]***

## 1 CFR § 21.41 – Agency is Responsible for It's Regulations

As contained in the public record within the CFRs, the agency (being the IRS) is clearly responsible for the correctness of its substantive regulations, to wit:

> 1 CFR § 21.41 Agency responsibility.
> (a) Each issuing **agency is responsible for the accuracy and integrity of the citations of authority** in the documents it issues.
> (b) Each issuing agency **shall formally amend the citations** of authority in its codified material to reflect any changes therein. ***[Emphasis added]***

## 1 CFR § 21.43 – Placing and amending Authority Citations

1 CFR § 21.43 states the requirements in placing and amending the authority citations in the CFRs.

## 1 CFR § 21.45 – Nonstatutory Authority

1 CFR § 21.45 prescribes the placement of nonstatutory authority, to wit:

> **Citation to a nonstatutory document as authority shall be placed after the statutory citations.**  ***For example:***
> Authority: Sec. 9, Pub.L. 89-670, 80 Stat. 944 (49 U.S.C. 1657).  E.O. 11222, 30 FR 6469;  3 CFR, 1965 Comp., p. 10 ***[Emphasis added]***

**1 CFR § 21.52 – All Statutory Authorities to be Cited**

As contained in the public record within the CFRs, all citations to statutory authority

shall include a United States Code citation, to wit:

1 CFR § 21.52 Statutory material.

(a) **United States Code.** *All citations to statutory authority shall include a United States Code citation,* where available.  Citations to titles of the United States Code, whether or not enacted into positive law, may be cited without Public Law or U.S. Statutes at Large citation.  For example: Authority:  10 U.S.C. 501.
(b) . . .  *[Emphasis added]*

**1 CFR § 22.1 – Agency Promulgating Regulations to be Identified**

As contained in the public record within the CFRs, the issuing agency shall be identified,

to wit:

1 CFR § 22.1 Name of issuing agency and subdivision.

(a) **The name of the agency issuing a notice shall be placed at the beginning of the document.**

(a) Whenever a **specific bureau, service, or similar unit within an agency issues a notice,** the name of that bureau, service, or unit shall be placed on a separate line below the name of the agency.
(b) . . . *[Emphasis added]*

**1 CFR § 22.2 – Authority Citation Must be Cited**

As contained in the public record of 1 CFR § 22.2, the following clearly mandates that

the authority be cited in narrative form within text or contained in parenthesis at the end of the

text in order that a substantive regulation may be identified and validated, to wit:

1 CFR 22.2 **Authority citation.**
The **authority** under which an agency issues a notice shall be **cited in narrative form within text** or in **parentheses** on a **separate line following text**. *[Emphasis added]*

Now with all of these public records from the Federal r egister, it is further enforced by

the *holding* in the adjudged decision of the Supreme Court of the United States in

It has been held in the adjudged decision of the Supreme Court of the United States and

citing other adjudged decisions of the Supreme Court of the United States that only a substantive

regulation has the *force and effect of law* and it has a specific process accorded to it by the

Administrative Procedures Act ("APA") to have *force and effect of law*" which must be followed explicitly. This is found in the adjudged decision of *Chrysler Corp. v. Brown*, 441 U.S. 281, 295, 296, 301-303 (1979), to wit:

### *Held*:

1. The FOIA is exclusively a disclosure statute and affords petitioner no private right of action to enjoin agency disclosure. The language, logic, and history of the FOIA show that its provisions exempting specified material from disclosure were only meant to permit the agency to withhold certain information, and were not meant to mandate nondisclosure. Congressional concern was with the *agency's* need or preference for confidentiality; the FOIA by itself protects the interest in confidentiality of private entities submitting information only to the extent that this interest is endorsed by the agency collecting the information. Pp. 1711-1714.

2. The type of disclosure threatened in this case is not "authorized by law" within the meaning of the Trade Secrets Act on the theory that the OFCCP regulations relied on by DLA were the source of that authorization. Pp. 1714- 1725.

(a) The Act addresses formal agency action as well as acts of individual Government employees, and there is nothing in its **1708 legislative history to show that Congress intended the phrase "authorized by law" to have a special, limited meaning different from the traditional understanding that properly promulgated, *substantive agency regulations* have the "*force and effect of law.*" In order for a regulation to have the "**force and effect of law,**" it must be a "*substantive*" or "*legislative-type*" *rule affecting individual rights and obligations* (as do the regulations in the case at bar), and *it must be the product of a congressional grant of legislative authority, promulgated in conformity with any procedural requirements imposed by Congress.* Pp. 1714-1718.

(b) The disclosure regulations at issue in this case cannot be based on ß 201 of Executive Order 11246, as amended, and a regulation which permits units in the Department of Labor to promulgate supplemental *283 disclosure regulations consistent with the FOIA. Since materials that are exempt from disclosure under the FOIA are outside the ambit of that Act, the Government cannot rely on the FOIA as congressional authorization for disclosure regulations that permit the release of information within the Act's exemptions. In order for regulations adopted under ß 201 of Executive Order 11246--which speaks in terms of rules and regulations "necessary and appropriate" to achieve the Executive Order's purposes of ending discrimination by the Federal Government and those who deal with it--to have the "force and effect of law," *there must be a nexus between the regulations and some delegation of the requisite legislative authority by Congress.* When Congress enacted statutes which arguably authorized the Executive Order (the Federal Property and Administration Services Act of 1949, Titles VI and VII of the Civil Rights Act of 1964, and the Equal Employment Opportunity Act of 1972), it was not concerned with public disclosure of trade secrets or confidential business information, and it is not possible to find in these statutes a delegation of the disclosure authority asserted by the Government here. Also, one cannot readily pull from the logic and purposes of the Executive Order any concern with the public's access to information in Government files or the importance of protecting trade secrets or confidential business statistics. Pp. 1718-1721.

(c) Legislative authority for the OFCCP disclosure regulations cannot be found in 5 U.S.C. ß 301, which authorizes heads of Government departments to prescribe regulations to govern internal departmental affairs and the custody and use of its records, and which provides that it does not authorize withholding information from the public or limiting the availability of records to the public. Section 301 is a "**housekeeping statute,**" authorizing rules of agency organization, procedure, or practice as opposed to "**substantive rules.**" There is nothing in the legislative

history to indicate that ß 301 is a **substantive grant of legislative power to promulgate** rules authorizing the *release* of trade secrets or confidential business information.    Thus, ß 301 does not authorize regulations limiting the scope of the Trade Secrets Act. Pp. 1721-1723.

(d) *There is also a procedural defect in the OFCCP disclosure regulations that precludes courts from affording them the force and effect of law, since they were promulgated as "interpretative rules" without complying with the APA's requirement that interested persons be given general notice of an agency's proposed rulemaking and an opportunity to comment before a "substantive rule" is promulgated.    An "interpretative regulation" cannot be the "authoriz[ation] by law"* required by the Trade Secrets Act. Pp. 1723- 1725.

## Validation of the Substantive Regulation of 26 U.S.C. § 6065 and 26 CFR § 1.6065-1

### The Year of 1954

To establish the timeline and statutory authority, we must first go to the 1954 IRS Code

to find the following as evidenced by this excerpt from the 1054 Code of 26 U.S.C. § 6065 and

as attached as an Offer of Proof being **Attachment B**, to wit:

SEC. 6065. VERIFICATION OF RETURNS.
(a) PENALTIES OF PERJURY.—Except as otherwise provided by the Secretary or his delegate, any return, declaration, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury.
(b) *OATH.*—The Secretary or his delegate may by regulations re- quire that any return, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall be verified by an oath. *This subsection shall not apply to returns and declarations with respect to income taxes made by individuals. [Emphasis added]*

### The Year of 1960

In 1960 the substantive regulations, under the statutory authority of 26 CFR § 6065 for 26

CFR § 1.6065-1, were published in the Federal Register, as were all of the IRS regulations, and

were republished in 1960 under T.D. 6500 and, as an Offer of Proof being **Attachment B**  25

FR 11402, 25 FR 11421 and 25 FR 12132 with the 6065 section, to wit:

§ 1.6065 Statutory provisions; verification of returns.
SEC. 6065. *Verification of returns --*
*(a) Penalties of perjury.* Except as otherwise provided by the Secretary or his delegate, any return, declaration, statement, or other document *required to be made* under any provision of the *Internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury.*

(b) *Oath.* The Secretary or his delegate may by regulations require that any return, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall be verified by an oath. *This subsection shall not apply to returns and*

*declaration with respect to income taxes made by individuals. [Emphasis added]*

### The Date of October 4, 1976

On October 4, 1976 the statutory authority for 26 U.S.C. § 6065(b) for the "Oath" was removed by "***striking out***," as evidenced by P.L. 94-455, title XIX, § 1906(a)(6),(b) and as an Offer of Proof of 90 Stat. 1824, being **Attachment C**, to wit:

> (6) Amendments of section 6065.--Section 6065
> // 26 USC 6065. // (relating to verification of returns) is amended by ***striking out subsection (b) (relating to verification by oath),*** and by striking out in subsection (a) the following: "(a) *Penalties of Perjury.--*".

### The Date of October 18, 1976

The Unsworn Declaration of 28 U.S.C. § 1746 under P.L., just 14 days after the removal of the "Oath" of 26 U.S.C. § 6065, was created.

There is are two instances in the procedural regulation under 26 CFR 601.702 under the statutory authority of 5 U.S.C. §§ 301 and 502 and for Subpart I under 39 U.S.C. 3220 for an Unsworn Declaration of 28 U.S.C. § 1746, which is for requesting information, to wit:

> 26 CFR § 601.702(c)(5)(iii)(A)(3) The presentation in person or the submission by mail of a notarized statement, or a statement made under penalty of perjury in accordance with 28 U.S.C. 1746, swearing to or affirming such person's identity.
> * * *
> 26 CFR § 601.702©(5)(iii)(C) – A person requesting access to records of a partnership or a subchapter S Corporation shall provide a notarized statement, or a statement made under penalty of perjury in accordance with 28 U.S.C. 1746, that the requester was a member of the partnership or subchapter S corporation for a part of each of the years included in the request.

There are several instances of regulations in 28 CFRs with 28 U.S.C. § 9.4 for Petitions for judicial forfeiture remission or mitigation of a judicial forfeiture addressed to the Attorney General, but the statutory authority has nothing to do with Title 26 of the United States Code.

### 26 CFR § 1.6065-2T - March 24th, 2008 – Current Date

Upon inspection of the most current substantive regulation table Part I for Individual Income Taxes we find that the only substantive regulation listed is *26 CFR 1.6065-2T,* which is

a temporary substantive regulation, and it is not available, evidently having expired or never existed in reality but as ruse, though listed in the substantive regulation table of *C.F.R. T. 26, Ch. I, Subch. A, Pt. 1* and as an Offer of Proof of same being **Attachment D** of *C.F.R. T. 26, Ch. I, Subch. A, Pt. 1.*

26 CFR § 1.6065-1 - March 24th , 2008 – Current Date

The *once substantive regulation published in* **Attachment B**  25 FR 11402, 25 FR 11421 and 25 FR 12132 exists today, but it has no statutory authority in the substantive regulation table of *C.F.R. T. 26, Ch. I, Subch. A, Pt. 1* and as an Offer of Proof being **Attachment D** of *C.F.R. T. 26, Ch. I, Subch. A, Pt. 1.*

And further the current *26 CFR 1.6065-1* has no statutory "Authority" required by Congress at the bottom of the regulation either and as an Offer of Proof of same of 26 CFR 1.6065-1, being **Attachment E**.

At the bottom of 26 CFR § 1.6065-1 we find "[T.D. 6500, 25 FR 12108, Nov. 26, 1960] as evidenced by the Offer of Proof of **Attachment E** of 26 CFR § 1.6065-1.   Upon reverting back to the **Attachment B** 25 FR 11402, 25 FR 11421 and 25 FR 12132 of 1960, the statutory authority not longer exists due to the change in 1976 evidenced by 90 Stat. 1824, being **Attachment C**.

And further, 26 CFR § 1.6065-1 has never been republished as a substantive regulation since 1960 and the current 26 CFR § 1.6065-1 fails to disclose any statutory authority either in the substantive regulations table of **Attachment D** of *C.F.R. T. 26, Ch. I, Subch. A, Pt. 1.* or at the bottom of 26 CFR 1.6065-1, being **Attachment E**.

The current 26 CFR § 1.6065-1 is shown as the authority in 26 CFR § 602.101 under the general requirement regulations and statutory authority of 26 U.S.C. § 7805 at the bottom of this

very long regulations list in compliance with the PRA with the form identified as OMB 1545-0123 for 26 CFR § 1.6065-1 and as an Offer of Proof the excerpt of 26 CFR § 602.101, being **Attachment F**. This Form OMB 1545-0123 is titled "U.S. Corporation Income Tax Return" and as an Offer of Proof of same, being **Attachment G.**

Therein lies the conclusive Proof that there are no ***substantive regulation under 26 U.S.C. § 6065 for the penalties of perjury***,

Beistline and Auchterlonie have and are violating the 5th Amendment right of the Hymes to not give evidence against themselves.

Will Beistline ORDER in open Court that Donald Louis Hymes must sign a Form 1040 with OMB 1545-0074 with a Notary Public in and for the State of Alaska or be incarcerated, when there is no statutory authority for same. Or will Beistline swear in Donald Louis Hymes in open Court and use a seal that he possesses to validate the signature of Donald Louis Hymes acting as a Notary Public under threat of incarceration?

Can the Hymes be forced to sign under the penalties of perjury not just as true and correct, but true, correct and complete when they have knowledge, that in signing said Form 1040, that they are committing perjury, are not "citizens of the United States" and do not understand each and every item on the Form 1040. Perhaps Beistline and/or Auchterlonie would provide all of the documents in support of the Form 1040 and applicable substantive regulations to the Hymes.

Therefore, this instant Case should be dismissed with prejudice as *this Court* is attempting to coerce the Hymes, by the sale of the Hymes property and incarceration of Donald Louis Hymes, to sign Form (s) 1040, that they know require the Hymes to commit perjury.

And further, there is no statutory authority for the Hymes to sign a Form 1040 under the statutory authority of 26 U.S.C. § 6065 or 26 CFR § 1.6065-1. This is a violation of the Hymes secured right to not give evidence to incriminate themselves.

And further if Auchterlonie could restrain herself from the automatic boilerplate fraud, the Hymes are sure that she could provide the statutory authority and substantive regulations to be used for the Unsworn Declaration of 26 U.S.C.§ 6065 and 26 CFR § 1.6065-1.

The Hymes reserve the right to amend this Motion to Vacate.


My Hand,


My Hand,