# ATTACHMENT

A

RECEIVED

MAR 2 7 2008

CLERK, U.S. DISTRICT COURT
FAIRBANKS, AK

**RULES AND REGULATIONS**

# Title 26—INTERNAL REVENUE

## Chapter I—Internal Revenue Service, Department of the Treasury

### SUBCHAPTER H—INTERNAL REVENUE PRACTICE

### PART 601—STATEMENT OF PROCEDURAL RULES

#### Republication

In order to facilitate its distribution and use, Part 601 of Chapter I of Title 26, Code of Federal Regulations is hereby republished. This republication is a compilation reflecting amendments to such part subsequent to January 1, 1961 and includes the latest amendment to the part dated September 14, 1967 (32 F.R. 13058).

The compilation as set forth below contains no substantive changes.

SHELDON S. COHEN,
*Commissioner of Internal Revenue.*

Subpart A—General Procedural Rules

Sec.
601.101 Introduction.
601.102 Classification of taxes collected by the Internal Revenue Service.
601.103 Summary of general tax procedure.
601.104 Collection functions.
601.105 Examination of returns and claims for refund, credit or abatement; determination of correct tax liability.
601.106 Appellate functions.
601.107 Excess Profits Tax Council; appellate functions and procedures under section 722 of the Internal Revenue Code of 1939.
601.108 Review of overpayments exceeding $100,000.
601.109 Bankruptcy and receivership cases.

Subpart B—Rulings and Other Specific Matters

601.201 Rulings and determination letters.
601.202 Closing agreements.
601.203 Offers in compromise.
601.204 Changes in accounting periods and in methods of accounting.
601.205 Tort claims.

Subpart C—Provisions Relating to Distilled Spirits, Wines, Beer, Cigars, Cigarettes, and Cigarette Papers and Tubes and Certain Firearms

DISTILLED SPIRITS, WINES, AND BEER

601.301 Imposition of taxes, qualification requirements, and regulations.
601.302 Taxes.
601.303 Claims.
601.304 Preparation and filing of claims.
601.305 Offers in compromise.
601.306 Application for approval of interlocking directors and officers under section 8 of the Federal Alcohol Administration Act.
601.307 Rulings.
601.308 Conferences.
601.309 Representatives.
601.310 Forms.

CIGARS, CIGARETTES, AND CIGARETTE PAPERS AND TUBES

601.311 Imposition of taxes; regulations.
601.312 Qualification and bonding requirements.
601.313 Collection of taxes.
601.314 Assessments.
601.315 Claims.
601.316 Offers in compromise.
601.317 Rulings.
601.318 Forms.

FIREARMS

Sec.
601.319 Applicable laws.
601.320 Taxes relating to machine guns and certain other firearms.
601.321 Interstate traffic in firearms and ammunition.
601.322 Rulings.
601.323 Assessments.
601.324 Claims.
601.325 Offers in compromise.

SEIZED PROPERTY

601.326 Seizure and forfeiture of personal property.

OFFERS IN COMPROMISE

601.327 Offers in compromise.

RULINGS

601.328 Rulings.

Subpart D—Provisions Special to Certain Employment and Excise Taxes

601.401 Employment taxes.
601.402 Sales taxes collected by return.
601.403 Miscellaneous excise taxes collected by return.
601.404 Miscellaneous excise taxes collected by sale of revenue stamps.

Subpart E—Conference and Practice Requirements

601.501 Scope of conference and practice requirements; definitions.

GENERAL REQUIREMENTS

601.502 Requirements for conference—recognition to practice and, in certain cases, power of attorney or tax information authorization.
601.503 Requirements for filing evidence of recognition, power of attorney, and tax information authorization.
601.504 Requirements for execution, attestation, acknowledgment or witnessing, and certification of copies of power of attorney and tax information authorization.
601.505 Requirements for changing representation.
601.506 Notices to be given to recognized representatives; delivery of refund checks to recognized representatives.
601.507 Evidence required to substantiate facts alleged in conferences.
601.508 Contest between representatives of a taxpayer.
601.509 Power of attorney or tax information authorization not required in cases docketed in the Tax Court of the United States.

REQUIREMENTS FOR ALCOHOL AND TOBACCO TAX ACTIVITIES

601.521 Requirements for conference and representation in conference.
601.522 Power of attorney.
601.523 Tax information authorization.
601.524 Execution and filing powers of attorney and tax information authorizations.
601.525 Certification of copies of documents.
601.526 Revocation of powers of attorney and tax information authorizations.
601.527 Other provisions applied to representation in alcohol and tobacco tax activities.

Subpart F—Rules, Regulations, and Forms

601.601 Rules and regulations.
601.602 Forms and instructions.

Subpart G—Records

601.701 Publicity of information.
601.702 Publication and public inspection.

AUTHORITY: The provisions of this Part 601 issued under 5 U.S.C. 301 and 552.

## Subpart A—General Procedural Rules

### § 601.101 Introduction.

(a) *General.* The Internal Revenue Service is a branch of the Treasury Department under the immediate direction of the Commissioner of Internal Revenue. The Commissioner has general superintendence of the assessment and collection of all taxes imposed by any law providing internal revenue and also of other functions relating to the administration and enforcement of laws applicable to alcohol and certain firearms which are in addition to those related to taxes. The Internal Revenue Service is the agency by which these functions are performed. Within an internal revenue district the internal revenue laws are administered by a district director of internal revenue. The Director of International Operations administers the internal revenue laws applicable to taxpayers residing or doing business abroad, foreign taxpayers deriving income from sources within the United States and taxpayers who are required to withhold tax on certain payments to nonresident aliens and foreign corporations. For purposes of these procedural rules any reference to a district director or a district office includes the Director of International Operations or the Office of International Operations, if appropriate. Generally, the procedural rules of the Service are based on the Internal Revenue Code of 1939 and the Internal Revenue Code of 1954, and the procedural rules in this part apply to the taxes imposed by both Codes except to the extent specifically stated or where the procedure under one Code is incompatible with the procedure under the other Code. Reference to sections of the Code are references to the Internal Revenue Code of 1954, unless otherwise expressly indicated.

(b) *Scope.* This part sets forth the procedural rules of the Internal Revenue Service respecting all taxes administered by the Service, and supersedes the previously published statement (26 CFR (1949 ed.), Part 300-End) Parts 600 and 601) with respect to such procedural rules. Subpart A provides a descriptive statement of the general course and method by which the Service's functions are channeled and determined, insofar as such functions relate generally to the assessment and collection of internal revenue taxes. Certain provisions special to particular taxes are separately described in Subpart D of this part. Conference and practice requirements of the Internal Revenue Service are contained in Subpart E of this part. Specific matters not generally involved in the assessment and collection functions are separately described in Subpart B of this part. A description of the rulemaking functions of the Treasury Department with respect to internal revenue tax matters is contained in Subpart F of this part. The procedural rules of the Service with respect to distilled spirits, wines,

provisions regarding the publicizing of information by Federal agencies. Generally, such section divides agency information into three major categories and provides methods by which each category is to be made available to the public. The three major categories, for which the disclosure requirements of the Internal Revenue Service are set forth in § 601.702, are as follows:

(1) Information required to be published in the FEDERAL REGISTER;

(2) Information required to be made available for public inspection and copying or, in the alternative, to be published and offered for sale; and

(3) Information required to be made available to any member of the public upon specific request.

The revised provisions of section 552 are intended to protect, subject to specified safeguards, the right of the public to information. Section 552 is not authority to withhold information from Congress.

(b) *Exemptions*—(1) *In general.* Under 5 U.S.C. 552(b), the disclosure requirements of section 552 do not apply to certain matters described in nine specific exemptions, as follows:

(i) Matters specifically required by Executive order to be kept secret in the interest of the national defense or foreign policy;

(ii) Matters related solely to the internal personnel rules and practices of an agency, such as staff manuals or instructions, or parts thereof, which set forth guidelines, operating rules, or other criteria for officers or employees in auditing or inspection procedures, or in the selection or handling of cases, such as operational tactics, allowable tolerances, or criteria for the defense, prosecution, or settlement of cases;

(iii) Matters specifically exempted from disclosure by statute, as described in subparagraph (2) of this paragraph;

(iv) (*a*) Trade secrets and (*b*) commercial, financial, or other information, which is privileged or confidential and thus would not customarily be made public by the person from whom it is obtained, such as business sales statistics, inventories, customer lists, scientific or manufacturing processes or developments, personal correspondence, or matter which the agency has obligated itself in good faith not to disclose;

(v) Interagency or intraagency memorandums or letters which would not be available by law to a party in litigation with an agency, including communications (such as internal drafts, memorandums between officials or agents or opinions and interpretations prepared by agency staff personnel or consultants for the use of the agency, and records of the deliberations of the agency or staff groups) which the agency has received from another agency, or which the agency generates, in the process of issuing an order, decision, ruling, or regulation, drafting proposed legislation, or otherwise carrying out its functions and responsibilities, if such communications would not routinely be available to such party through use of the discovery process;

(vi) Personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of the personal privacy of any officer or employee of an agency or of any other person;

(vii) Investigatory files compiled for any law enforcement purpose, including files prepared in connection with related Government litigation and adjudicative proceedings, except to the extent available by law to a party other than an agency;

(viii) Matters contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(ix) Geological and geophysical information and data, including maps, concerning wells, such as seismic reports and other exploratory findings of oil companies.

(2) *Matters specifically exempted from disclosure by statute.* For purposes of subparagraph (1)(iii) of this paragraph, statutory provisions which either specifically exempt certain matters from disclosure by officers or employees of the Internal Revenue Service or specifically provide for disclosure under appropriate circumstances include the following sections of the Code and the regulations thereunder:

(i) Section 4102, relating to inspection by certain State or local government officers of records with respect to taxes on petroleum products;

(ii) Section 4773, relating to inspection by certain Government officials of records with respect to narcotic drugs and marihuana;

(iii) Section 4775, relating to requests for names of persons listed as special taxpayers under the provisions of the Code dealing with narcotic drugs and marihuana;

(iv) Section 6103, relating to publicity of certain returns and disclosure of information as to persons filing income tax returns;

(v) Section 6104, relating to publicity of information required from certain exempt organizations and certain trusts;

(vi) Section 6105, relating to publication in the FEDERAL REGISTER of compilation of relief from excess profits tax cases;

(vii) Section 6106, relating to publicity of unemployment tax returns;

(viii) Section 6107, relating to the keeping of lists of special taxpayers for public inspection;

(ix) Section 6108, relating to the publication of statistics of income;

(x) Section 7213, relating to penalties for unauthorized disclosure of information by Federal officers or employees or other persons; and

(xi) Section 7237(c), relating to penalties for unlawful disclosure of information on returns or order forms pertaining to narcotic drugs or marihuana.

A reference in this subparagraph to a provision of the Code will be considered to be a reference also to any corresponding provisions of prior law and the reg-

ulations promulgated thereunder. See also 18 U.S.C. 1905, which provides penalties for the unlawful disclosure by Federal officers or employees of certain information coming to them in the course of their employment. See paragraph (d) of § 601.702 for special rules pertaining to the disclosure of information in the case of certain specified matters.

(3) *Application of exemptions.* Even though an exemption described in subparagraph (1) of this paragraph may be fully applicable to a matter in a particular case, the Internal Revenue Service may, if not precluded by law, elect under the circumstances of that case not to apply the exemption to such matter. The fact that the exemption is not applied by the Service in that particular case has no precedential significance as to the application of the exemption to such matter in other cases but is merely an indication that in the particular case involved the Service finds no compelling necessity for applying the exemption to such matter.

§ 601.702  Publication and public inspection.

(a) *Publication in the Federal Register*—(1) *Requirement.* Subject to the application of the exemptions described in paragraph (b) of § 601.701 and subject to the limitations provided in subparagraph (2) of this paragraph, the Internal Revenue Service is required under 5 U.S.C. 552(a)(1) to separately state and currently publish in the FEDERAL REGISTER for the guidance of the public the following information:

(i) Descriptions of its central and field organization and the established places at which, the persons from whom, and the methods whereby, the public may obtain information, make submittals or requests, or obtain decisions, from the Service;

(ii) Statements of the general course and method by which its functions are channeled and determined, including the nature and requirements of all formal and informal procedures which are available;

(iii) Rules of procedure, descriptions of forms available or the places at which forms may be obtained, and instructions as to the scope and contents of all papers, reports, or examinations;

(iv) Substantive rules of general applicability adopted as authorized by law, and statements of general policy or interpretations of general applicability formulated and adopted by the Service; and

(v) Each amendment, revision, or repeal of matters referred to in subdivisions (i) through (iv) of this subparagraph.

Pursuant to the foregoing requirements, the Commissioner publishes in the FEDERAL REGISTER from time to time a statement, which is not codified in this chapter, on the organization and functions of the Internal Revenue Service, and such amendments as are needed to keep the statement on a current basis. In addition, there are published in the FEDERAL REGISTER the rules set forth in this

Attachment A - page 2 of 3