NELSON P. COHEN
United States Attorney
District of Alaska
Federal Bldg. & U.S. Courthouse
101 12th Avenue, Box 2
Fairbanks, Alaska  99701
Telephone: (907) 456-0245

JENNIFER D. AUCHTERLONIE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044-0683
Telephone: (202) 514-9593
Facsimile: (202) 307-0054
Email: Jennifer.D.Auchterlonie@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Civil No. A05-0123 CV (RRB) |
| Plaintiff, ) | |
| ) | |
| v. ) | UNITED STATES' RESPONSE TO |
| ) | DEFENDANTS' AMENDED MOTIONS |
| DONALD L. HYMES; RITA M. HYMES; ) | TO VACATE JUDGMENT AT DOCKET |
| AURORA TRUST, ZENA D. HYMES ) | NOS. 178, 182, AND 186 |
| AND CHARLA HYMES TRUSTEES; ) | |
| SUNSHINE TRUST, RITA M. HYMES ) | |
| TRUSTEE; ZENA D. HYMES; CHARLA ) | |
| HYMES; AND FAIRBANKS NORTH ) | |
| STAR BOROUGH ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

The United States of America, by and through its undersigned counsel, hereby submits

this response in opposition to the following motions filed by defendants:  (1) "Motion to Vacant

- 2 -

[sic] Judgment Amended # 1" (Dkt. # 178); (2) "Motion to Vacant [sic] Judgment as Amended # 2" (Dkt. # 182); and (3) "Motion to Vacate Judgment as Amended # 3" (Dkt. # 186).

The United States notes at the outset that defendants' motions are almost entirely unintelligible, patently frivolous, and generally raise only shopworn arguments characteristic of frivolous tax-protestor rhetoric that has been universally rejected by this and other courts.  As the Court of Appeals for the Fifth Circuit has aptly stated, there is "no need to refute [such] arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  *Crain v. Commissioner*, 737 F.2d 1417, 1417 (5th Cir. 1984).

    1.    <u>Defendants' Motion at Docket # 178</u>

Although not altogether clear, in defendants' motion at Docket # 178, defendants appear to seek dismissal of this action for lack of jurisdiction.  *See* Dkt. # 178, p. 5.  Defendants have previously challenged the Court's jurisdiction in this matter on several occasions, including defendants' motion to dismiss at Docket # 116, defendants' motion to dismiss at Docket # 153, and defendants' motion to dismiss at Docket # 155.  Each time defendants raised such a challenge, the United States responded, citing the jurisdictional basis for this suit as set forth in the amended complaint herein, which is 26 U.S.C. §§ 7402 and 28 U.S.C. §§ 1340 and 1345.  *See* Dkt. ## 118, 154, and 157.  The Court has denied all of defendants' previous motions challenging jurisdiction.  *See* Dkt. ## 124, 159.

The Court's jurisdiction in this matter has been well established, from the time the complaint was filed and through all of the Court's prior orders denying defendants claims of lack

- 3 -

of jurisdiction.  The statutory basis for this suit is set forth in 26 U.S.C. §§ 7402 and 28 U.S.C. §§ 1340 and 1345.  Thus, defendants' motion at Docket # 178 should be denied and the Court should order that defendants are not permitted to cause further delay in this action by filing motions on grounds that have already been denied by prior orders of the Court in this matter.

  2.  Defendants' Motions at Docket ## 182 and 186

  While not altogether clear, defendants appear to generally complain in these motions that they are not required to file federal income tax returns, that they have a right to refuse to fill out a federal income tax return under the Fifth Amendment to the United States Constitution, and that they are not required to sign a federal income tax return under penalties of perjury.  Defendants are incorrect.

  First, the legal requirement to file a federal income tax return is set forth in 26 U.S.C § 6012.

  Second, it is well established that there is no constitutional right to refuse to fill out a federal income tax return on the ground that it violates the Fifth Amendment privilege against self-incrimination.  This was established by the U.S. Supreme Court in *United States v. Sullivan*, 274 U.S. 259, 264 (1927), wherein the Court rejected the taxpayer's Fifth Amendment claim, stating that the taxpayer "could not draw a conjurer's circle around the whole matter by his own declaration that to write any word upon the government blank would bring him into danger of the law."  The same ruling was made in *United States v. Schiff*, 612 F.2d 73, 83 (2nd Cir. 1979), in which the Court of Appeals stated, "the questions in the income tax return are neutral on their face and directed to the public at large . . . [h]ence privilege may not be claimed against all

- 4 -

disclosure on an income tax return." *Id.* (citations omitted).  Thus, the failure to comply with the filing and reporting requirements of the federal tax laws cannot be excused based upon blanket assertions of the Fifth Amendment privilege against compelled self-incrimination.

Third, the legal requirement to sign a federal income tax return under penalties of perjury is set forth in 26 U.S.C. § 6065.  That there may be no Treasury Regulation requiring returns to be signed under penalties of perjury is irrelevant because the Internal Revenue Code plainly requires it in Section 6065.

Accordingly, defendants motions at Docket ## 182 and 186 are entirely lacking in any legal or factual support and should be denied.

WHEREFORE, based on the foregoing, the United States respectfully requests that the Court deny defendants' motions at Docket ## 178, 182, and 186.

Dated this 7th day of April, 2008.

    Respectfully Submitted,

    NELSON P. COHEN
    United States Attorney


    s/ Jennifer D. Auchterlonie
    JENNIFER D. AUCHTERLONIE
    Trial Attorney, Tax Division
    U.S. Department of Justice
    P.O. Box 683
    Ben Franklin Station
    Washington, D.C.  20044-0683

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2008, a copy of the foregoing UNITED STATES' RESPONSE TO DEFENDANTS' AMENDED MOTIONS TO VACATE JUDGMENT AT DOCKET NOS. 178, 182, AND 186 was served by regular U.S. mail on the following parties:

```
Donald L. Hymes          Rita M. Hymes
2340 Ravenwood           2340 Ravenwood
Fairbanks, Alaska 99709  Fairbanks, Alaska 99709
```

        s/ Jennifer D. Auchterlonie
        JENNIFER D. AUCHTERLONIE
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 683, Ben Franklin Station
        Washington, D.C. 20044
        Telephone: (202) 514-9593
        Email: Jennifer.D.Auchterlonie@usdoj.gov