

Rita MariNa Hymes
Donald Louis Hymes
2340 Ravenwood
Fairbanks, Alaska [99709]
907-479-6922

The United States of America

The United States

District Court of the United States

District of Alaska

UNITED STATES OF AMERICA

*Plaintiff*

**v.**

**Rita M. Hymes, personal capacity**
**Donald L. Hymes, personal capacity;**
*Defendants*

**Reply and Opposition to Docket 191**

Come now Rita MariNa Hymes and Donald Louis Hymes ("the Hymes") with this Reply

and Opposition to Docket 191 per ORDER at Docket 193 under the law of necessity Pleading

into a territorial  (legislative, but not Article I) court with all previous public record attachments

and affidavits incorporated of which this court shall take judicial Notice, being the United States

District Court ("USDC").

And further, giving judicial Notice to Beistline that the Hymes have filed their Pleading

*only* into a District Court of the United States arising under Article III of the Federal Constitution

in all Cases in Law and Equity exercising the judicial Power of the United States under the

Authority of the United States being only a constitutional court.

JENNIFER D. AUCHTERLONIE ("Auchterlonie") presumes that the Hymes are blinded

by the glare of Auchterlonie hubris being  "***That there may be no Treasury Regulation***



*requiring returns to be signed under penalties of perjury is irrelevant* because the ***Internal Revenue Code plainly requires it in Section 6065***."

Auchterlonie erroneously conflated preclusion of law of these mandatory "Acts of Congress" and of the Federal Register to publish all documents that have ***general applicability and legal effect   i.e. substantive regulations*** with Auchterlonie's *ipse dixit* pontifications of ***Treasury Regulations are irrelevant.*** This provides great clarification and meaning to Auchterlonie's continual evasion of all discovery of the Hymes to protect her illegal, unlawful and fraudulent actions by stating: "contains argumentative, scandalous, indecent, and impertinent matter calculated to annoy, ***embarrass***, and ***oppress the United States in the eyes of the Court***, the ***ultimate fact finder*** at the trial of this matter, the ***news media*** and ***the public***, all in violation of the principles expressed in the Federal Rules of Civil Procedure 7(b)(2), 11, 12(f) and 26."

In 1935 at 49 Stat. 500 there an Act of Congress was enacted, known as the "Federal Register Act"; and as to the contents therein of 49 Stat. 500 *et seq.*, the Hymes provide as an Offer of Proof, being **Attachment A** – 49 Stat. 500 – Federal Register Act of 1935. This excerpt is required to expose the unlawful and illegal *ipse dixit* pontifications of UNITED STATES OF AMERICA to wit:

> **SEC. 4.** As used in this Act, unless the context otherwise requires, the term "document" means any Presidential proclamation or Executive order and any order, regulation, rule, certificate, code of fair competition, license, notice, or similar instrument issued, prescribed, or promulgated by a Federal agency; the terms "Federal agency" or "agency" mean the President of the United States, or any executive department, independent board, establishment, bureau, agency, institution, commission, or separate office of the administrative branch of the Government of the United States but not the legislative or judicial branches of the Government; and the term" person" means any individual, partnership, association, or corporation.
>
> **SEC. 5.** (a) ***There shall be published in the Federal Register*** (1) ***all Presidential proclamations and Executive orders, except such as have no general applicability and legal effect or are effective only against Federal agencies or persons in their capacity as officers, agents, or employees thereof*** (2) such documents or classes of ***documents as the President shall determine from time to time have general applicability and legal effect***; and (3) ***such documents or classes of documents as may be required so to be published by Act of the Congress***: *Provided,* That for

the purposes of this Act _every document or order which shall prescribe a penalty shall be deemed to have general applicability and legal effect._

(b) In addition to the foregoing there shall also be published in the Federal Register _such other documents or classes of documents as may be authorized to be published pursuant hereto by regulations prescribed hereunder with the approval of the President,_ but in no case shall comments or news items of any character whatsoever be authorized to be published in the Federal Register.

SEC. 6. There is established a permanent Administrative Committee of three members consisting of the Archivist or Acting Archivist. who shall be chairman, _an officer of the Department of Justice designated by the Attorney General,_ and the Public Printer or Acting Public Printer. The Director of the Division shall act as secretary of the committee. _The committee shall prescribe, with the approval of the President, regulations for carrying out the provisions of this Act._ Such regulations shall provide, among other things: (a) The manner of certification of copies required to be certified under section 2, which certification may be permitted to be based upon confirmed communications from outside of the District _of_ Columbia; (b) the documents which shall be authorized pursuant to section 5 (b) to be published in the Federal Register; (c) the manner and form in which the Federal Register shall be printed. reprinted, compiled, indexed, bound, and distributed; (d) the number of copies of the Federal Register, which shall be printed, reprinted, and compiled, the number which shall be distributed without charge to Members of Congress, officers and employees of the United States. or any Federal agency for their official use, and the number which shall be available for distribution to the public; and (e) the prices to be charged for individual copies of, and subscriptions to, the Federal Register and reprints and bound volumes thereof. _[Emphasis added]_

This excerpt is exceptionally important as: "There **shall be published in the Federal Register** . . . **all Presidential proclamations and Executive orders** . . . _such documents or classes of documents as may be required so to be published by Act of the Congress_ . . . every document or order _which shall prescribe a penalty shall be deemed to have general applicability and legal effect._"

In an Act of Congress "To amend certain titles of the United States Code, and for other purposes" starting at 65 Stat. 710 of October 31, 1951, the Hymes provide as an Offer of Proof of the delegation authority of the President of the United States any function which is vested in the President by law, or function which such officer is required or authorized by to perform with such designation and authorization shall be published in the Federal Register evidenced by the excerpt of 65 Stat. 710-713 and 730, being **Attachment B**.

The relevant parts referenced in Executive Order 10530 by Dwight D. Eisenhower, The White House, May 10, 1954 of section 301 of title 3 of the United States Code (65 Stat 713)

wherein the Executive Order *shall be published in the Federal Register* of **Attachment B,** to

wit:

> "§ 301. **General authorization to delegate functions; publication of delegations** "*The President of the United States is authorized to designate and empower the head of any department or agency in the executive branch, or any official thereof who is required to be appointed by and with the advice and consent of the Senate, to perform without approval, ratification, or other action by the President* (1) *any function which is vested in the President by law,* or (2) *any function which such officer is required or authorized by law to perform only with or subject to the approval, ratification, or other action of the President: Provided,* That nothing contained herein shall relieve the President of his responsibility in office for the acts of any such head or other official designated by him to perform such functions. Such designation and authorization shall be in writing, *shall be published in the Federal Register,* shall be subject to such terms, conditions, and limitations as the President may deem advisable, and shall be revocable at any time by the President in whole or in part.

And further, in the public record Executive Order 10530 by Dwight D. Eisenhower, The

White House, May 10, 1954, was so published in the Federal Register at 19 FR 2709-2712 and

the Hymes, as an Offer of Proof of said Federal Register provide **Attachment C.**

Contained in 19 FR 2709-2712, being **Attachment C**, at 19 FR 2712 so published is the

following excerpt of Section 6, to wit:

> PART V.   THE ATTORNEY GENERAL AND THE ADMINISTRATOR OF GENERAL SERVICES
>
> SEC. 6.  *The Attorney General* and the Administrator of General Services are hereby *designated and empowered jointly to perform the following-described functions without the approval, ratification, or other action of the President*:
>
> (a)  The authority vested in the President by section 5(a) of the act of July 26, 1935, ch. 417, 49 Stat. 501, as amended (44 U. S. C. 305(a)), *to determine from time to time the documents or classes of documents having general applicability and legal effect*.
>
> (b)  The authority vested in the President by sections 6, 11(a), and 11(f) of said act, as amended (44 U. S. C. 306; 311(a); and 311(f)), to approve (or disapprove), respectively, (1) regnlations, prescribed by the Administrative Committee of the Federal Register, for carrying out the provisions of that act (including the regulations referred to in section 5(b) of the act, authorizing publication in the FEDERAL REGISTER of certain documents or classes of documents), (2) actions of the Administrative Committee of the Federal Register requiring, from time to time, the preparation and publication in special or supplemental editions of the FEDERAL REGISTER of complete codifications of the documents, described in the said section 11(a), of each agency of the Government, and (3) regulations, prescribed by the Administrative Committee of the Federal Register, for carrying out the provisions of section 11 of the said act, as amended.

In the Federal Register 19 FR 2712 Section 6 is conclusive and legal evidence of the

delegation of the President of the United States to the Attorney General and the Administrator of

General Service jointly "*to determine from time to time the documents or classes of documents having general applicability and legal effect*."

**Income**
**26 U.S.C. § 861**
**26 CFR § 1.861-8 – Computation of taxable income from sources within the United States and from other sources and activities.**

Regulation 26 CFR § 1.861-8 has **general applicability and legal effect** and this is validated by

It is unconstitutional to have the Attorney General and the Administrator of General Services to *censor, withhold and/or screen the documents that have general applicability and legal effect*. This establishes the Attorney General and the Administrator of General Services as **DICTATORS**. In a constitutional Republic there are three different branches of government as pronounced in *Martin v. Hunter's Lessee*, 14 U.S. 304, 329 (1816): "The object of the constitution is to establish three great departments of government: the legislative, the executive, and the judicial department. The *first was to pass laws*, the *second to approve and execute them*, and the *third expound and enforce them*." Only the Courts of the United States arising under Article III are empowered to declare a "Law of the United States" unconstitutional or parts there once passed by Congress.

It is w*ell settled law that only the judicial department declares the law* as held and pronounced in the adjudged decision of the Supreme Court of the United States in *Marbury v. Madison*, 1 Cranch 137, 177 (1803) "(i)t is emphatically the province and duty of the judicial department to say what the law is." See also *United States v. Morrison*, 529 U.S. 598, 607 (2000); *Plaut v. Spendthrift Farm, Inc*, 514 U.S. 211, 211 (1995); *Harper v. Virginia Dept. of Taxation*, 509 U.S. 86, 107 (1993).

Here, in 19 FR 2712 section 6, the ***Attorney General***, being in the Executive Branch of Government, ***not only prosecutes people under the statutory authority of the documents having general applicability and legal effect published in the Federal Register***, but also the very same ***Attorney General does "determine from time to time the documents or classes of documents having general applicability and legal effect" that WILL or WILL NOT be published in the Federal Register***.

The Federal Register Act of 1935 at 49 Stat. 500 *et seq.*, 65 Stat. 710 of October 31, 1951, the Executive Order 10530 by Dwight D. Eisenhower  and 19 FR 2712 are unconstitutional.

The Federal Register Act of 1935 at 49 Stat. 500 *et seq.* was first published (**Attachment D**) in the Federal Register at 2 FR 2454-2456 November 12, 1937 with  the text contained therein specifically including, but not limited to the definitions of "document", "Federal agency", "agency" mean "the President of the United States", etc in Section 4; and, in Section 5 "(2) such documents or classes of documents as the President shall determine from time to time have **general applicability and legal effect**;" and "(3) such documents or classes of documents as many be required so to be published by Act of the Congress."

### 1 CFR § 1.1 - Definitions

Currently in the Federal Register, as evidenced by the Offer of Proof in **Attachment E,** published in FR 37 FR 23602-26614, November 4, 1972 in 1 CFR § 1.1 – Definitions at 37 FR 23604 including but not limited to Documents *having general and legal effect*, to wit:

> ***Agency means each authority***, whether or not within or subject to review by another agency, ***of the United States,*** other than the Congress, the courts, the District of Columbia, the Commonwealth of Puerto Rico, and the territories and possessions of the United States;

> Document includes any Presidential proclamation or Executive order, and any rule, regulation,

order, certificate, code of fair competition, license, notice, or similar instrument issued, prescribed, or *__promulgated by an agency__*

*__Document having general applicability and legal effect means any document issued under proper authority__* prescribing a *__penalty or course of conduct, conferring a right, privilege, authority, or immunity, or imposing an obligation, and relevant or applicable to the general public, members of a class,__* or persons in a locality, as distinguished from named individuals or organizations; and *[Emphasis added]*

## Cases under 1 CFR 1.1

In *United States v. Mowat,* 582 F.2d 1194, 1199 (9th Cir. 1978) pronounces that the Navy, having subscribed to "Substantive rules of general applicability adopted as authorized by law" (same words in 5 U.S.C. § 551(a)(1)(D) by the IRS),  gives legal effect to documents defined in 1 CFR § 1.1 as having general applicability and legal effect.

In *Wiggins Brothers, Inc. v. Dept. of Energy*, 667 F.2d 77, 89 (Temp. Emer. Ct. App. 1981) failure to publish in the CFRs "may be important in the proceedings to impose criminal penalties bases on criminal conduct."

In *Walton v. United States*, 184 F.Supp.2d 773, 776 (D.C. N.D Ill 2002) pronounces that "Acts of Congress" are precluded from 1 CFR § 1.1, but it does not preclude agencies such as the IRS from Documents having general applicability and legal effect.

## 1 CFR § 5.2 – Documents required to be filed for Public Inspection and Published

Currently in the Federal Register, as evidenced by the Offer of Proof in **Attachment E,** published in FR 37 FR 23602-26614, November 4, 1972 in 1 CFR § 5.2 – Documents required to be filed for public inspection and published in the Federal Register at 37 FR 23604 of documents required to be published by act of Congress and documents having general applicability and legal effect, to wit:

*__The following documents are required to be filed for public inspection__* with the Office of the Federal Register and published in the Federal Register:

(a) Presidential proclamations and Executive orders in the numbered series, and each other document that the President submits for publication or orders to be published.

**(b)** *Each document or class of documents required to be published by act of Congress.*

**(c)** *Each document having general applicability and legal effect.* *[Emphasis added]*

### 1 CFR § 8.1 – Policy

Currently in the Federal Register, as evidenced by the Offer of Proof in **Attachment E,** published in FR 37 FR 23602-26614, November 4, 1972 in 1 CFR § 8.1 – Policy at 37 FR 23605 under Chapter 15 of the Federal Register and Code of Federal Regulations of Title 44 of the United States Code the Director of the Federal Register *shall publish* * * * *[the] "Code of Federal Regulations", to contain each Federal regulations of general applicability and legal effect.",* to wit:

(a) Pursuant to Chapter 15 of Title 44, United States Code, the Director of the Federal Register shall publish periodically a special edition of the Federal Register to present a compact and practical code called the **"Code of Federal Regulations",** *to contain each Federal regulation of general applicability and legal effect.*

(b) The Administrative Committee intends that every practical means be used to keep the Code *as current and readily usable as possible,* within limitations imposed by dependability and reasonable costs. *[Emphasis added]*

### Cases on 1 CFR § 8.1

In *Brock v. Cathedral Bluffs Shale Oil Co. et al.,* 796 F.2d 533, 538, 539, citing *Brennan v. Ace hardware Corp.,* 495 F.2d 368, 376 (8th Cir. 1974), to wit:

*Failure to publish in the Federal Register is indication that the statement in question was not meant to be a regulation, see *539 Brennan v. Ace Hardware Corp.,* 495 F.2d 368, 376 (8th Cir.1974), since the Administrative Procedure Act requires regulations to be so published. See 5 U.S.C. §§ 552(a)(1)(D),* 553(d) (1982).

*Ibid in Brock at 538* clearly defines that regulations "having general applicability and legal effect" shall be published, to wit:

The real dividing point between regulations and general statements of policy is publication in the Code of Federal Regulations, which the statute authorizes to contain only documents *"having general applicability and legal effect,"* 44 U.S.C. § 1510 (1982) (emphasis added), **and which the governing regulations provide shall contain only** *"each Federal regulation of general applicability and current or future effect,"* 1 C.F.R. § 8.1 (1986) *[Emphasis added]*

In *Richardson v. Bank of America*, 643 S.E.2d 410, 419, 420 (Ct App. N.C. 2007) citing 1 CFR § 8.1 (a) and *Brock v. Cathedral Bluffs Shale Oil Co. et al.*, 796 F.2d 533, 539 comes to the conclusion if there is no regulation published having "general applicability and legal effect" in the CFRs, i.e. the Federal Register ". . . ***therefore never had the force of law***."

In *American Portland Cement Alliance v. Environ. Protection Agency*, 101 F.3d 772 (U.S. Ct. Appeals, D.C. 1996) was in accord with and citing *Brock v. Cathedral Bluffs Shale Oil Co. et al.*, 796 F.2d 533, 538, 539, *supra*.

In the Act of Congress codified at 44 U.S.C. § 1505(a) it states "***There shall be published in the Federal Register***", to wit:

> **(1)** Presidential proclamations and Executive orders, except those not having general applicability and legal effect or effective only against Federal agencies or persons in their capacity as officers, agents, or employees thereof;
>
> **(2)** documents or classes of documents that the President may determine from time to time have *general applicability and legal effect*; and
>
> **(3)** *documents or classes of documents that may be required so to be published by Act of Congress.* [Emphasis added]

In Act of Congress codified at 44 U.S.C. § 1510 preparing from time to time special editions of "***documents of each agency of the Government having general applicability and legal effect***" relied upon by an agency to the discharge of its activities or functions, to wit:

> **(a)** The Administrative Committee of the Federal Register, *with the approval of the President*, may require, from time to time as it considers necessary, the preparation and publication in special or supplemental editions of the Federal Register of complete codifications of *the documents of each agency of the Government having general applicability and legal effect, issued or promulgated by the agency by publication in the Federal Register* or by filing with the Administrative Committee, and *are relied upon by the agency as authority for, or are invoked or used by it in the discharge of, its activities or functions*, and are in effect as to facts arising on or after dates specified by the Administrative Committee. *[Emphasis added]*

### Congress Mandates Agencies to Publish in the Federal Register Substantive Rules of General Applicability adopted as Authorized by law and Policies of General Applicability

Congress mandates to agencies to publish in the Federal Register *by law substantive*

*rules of general applicability* so the public has timely notice and the most important of the regulations are the substantive rules in 5 U.S.C. § 552(a)(1)(D) and if not so published a person's rights can't be affected, to wit:

> (D) *substantive rules of general applicability adopted as authorized by law*, and statements of general policy or interpretations of *general applicability formulated and adopted by the agency*; and
> (E) each amendment, revision, or repeal of the foregoing.
>
> *Except to the extent that a person has actual and timely notice of the terms thereof, a person may not in any manner be required to resort to, or be adversely affected by, a matter required to be published in the Federal Register and not so published. [Emphasis added]*

The Internal Revenue Service has acknowledged and accepted this mandate of Congress to publish *substantive rules of general applicability* __*authorized by law*__ of 5 U.S.C. § 552(a)(1)(D) in 26 CFR § 601.702(a) and as published in the Federal Register the Petitioner as an Offer of Proof being **Attachment F** – 67 FR 69673-69688 (2002) of 26 CFR § 601.702 of 552(a)(1) "various substantive regulations under the Internal Revenue Code of 1986), such as various substantive regulations in part 1 (Individual Income Regulations)"; and, "part 20 of this chapter (Estate Tax Regulations)," and "part 31 of this chapter (Employment Tax Regulations)" with the republishing of 26 CFR § 601.702 starting at 67 FR 69675.

Important excerpts of this Offer of Proof being **Attachment F** include, but not limited to 67 FR 69675 *et seq.* of 26 CFR § 601.702 are, to wit:

> **Authority:** 5 U.S.C. 301 and 552.
> **§ 601.701 [Removed]**
> **Par. 2.** Section 601.701 is removed.
> **Par. 3.** Section 601.702 is revised to read as follows:
> **§ 601.702 Publication, public inspection,**
> **and specific requests for records.**
> (a) *Publication in the* **Federal**
> **Register**—(1) *Requirement.* (i) Subject to the application of the exemptions and exclusions described in the Freedom of Information Act, 5 U.S.C. 552(b) and (c), and subject to the limitations provided in paragraph (a)(2) of this section, ___the IRS is required under 5 U.S.C.___ ___552(a)(1), to state separately and publish currently in the___ **Federal Register** ___for the guidance of___ ___the public the following information___     (A) Descriptions of its central and field organization and the established places at which, the persons from whom, and the methods whereby, the public may obtain information, make submittals or requests, or obtain decisions, from the IRS;
> (B) Statement of the general course and method by which its functions are channeled and determined, including the nature and requirements of all formal and informal procedures which are

available;

(C) *Rules of procedure,* descriptions of forms available or the places at which forms may be obtained, and instructions as to the scope and contents of all papers, reports, or examinations;

(D) *Substantive rules of general applicability adopted as authorized by law,* and statements of general policy or interpretations of general applicability formulated and adopted by the IRS; and

(E) Each amendment, revision, or repeal of matters referred to in paragraphs (a)(1)(i)(A) through (D) of this section.

(ii) Pursuant to the foregoing requirements, the Commissioner publishes in the **Federal Register** from time to time a statement, which is not codified in this chapter, on the organization and functions of the IRS, and such amendments as are needed to keep the statement on a current basis. In addition, *there are published in the* **Federal Register** the rules set forth in this *part 601 (Statement of Procedural Rules),* such as those in paragraph E of this section, relating to conference and practice requirements of the IRS; *the regulations in part 301 of this chapter (Procedure and Administration Regulations);* and the *various substantive regulations* under the **Internal Revenue Code of 1986,** *such as the regulations in part 1 of this chapter (Income Tax Regulations),* in part 20 of this chapter (Estate Tax Regulations), and in part 31 of this chapter (Employment Tax Regulations).

(2) *Limitations.* (i) *Incorporation by reference in the* **Federal Register.** Matter which is reasonably available to the class of persons affected thereby, whether in a private or public publication, shall be deemed published in the **Federal Register** for purposes of paragraph (a)(1) of this section when it is incorporated by reference therein with the approval of the Director of the Office of the Federal Register. The matter which is incorporated by reference must be set forth in the private or public publication substantially in its entirety and not merely summarized or printed as a synopsis. Matter, the location and scope of which are familiar to only a few persons having a special working knowledge of the activities of the IRS, may not be incorporated in the **Federal Register** by reference. Matter may be incorporated by reference in the **Federal Register** only pursuant to the provisions of 5 U.S.C. 552(a)(1) and 1 CFR part 20.

(ii) *Effect of failure to publish.* Except to the extent that a person *has actual and timely notice of the terms of any matter referred to in paragraph (a)(1) of this section which is required to be published in the* **Federal Register,** *such person is not required in any manner to resort to, or be adversely affected by, such matter if it is not so published or is not incorporated by reference therein pursuant to paragraph (a)(2)(i) of this section.* Thus, for example, *any such matter which imposes an obligation and which is not so published or incorporated by reference shall not adversely change or affect a person's rights.* [Emphasis added] [Note: "Federal Register" is bold in original.]

## Statutory Authority of Congress in 26 U.S.C. § 7805 for Regulations for IRS

Under the statutory authority of Congress in 26 U.S.C. § 7805 is the mandate to prescribe

*all needful rules and regulations* in relation to the internal revenue, to wit:

> Authorization.--Except where such authority is expressly given by this title to any person other than an officer or employee of the Treasury Department, *the Secretary shall prescribe all needful rules and regulations for the enforcement of this title,* including all rules and regulations as may be necessary by reason of any alteration of law in relation to internal revenue.  **[Emphasis added**

In prescribing the rules and regulations for the administration of the internal revenue, the

regulations must effectuate the will of Congress as expressed by statute.

The pronouncement by the Supreme Court of the United States in the adjudged decision of *Dixon v. United States*, 381 U.S. 68, 74 (1965) is that a regulation can not alter a statute and the statute must carry into the effect the will of congress expressed by the statute and if it does not do this, it is a mere nullity, to wit:

> Indeed, long before the tax year here in question this Court had made it clear that 'The power of an administrative officer or board to administer a federal statute and to prescribe **rules and regulations to that end is not the power to make law \* \* \* but the power to adopt regulations to carry into effect the will of Congress as expressed by the statute. A regulation which does not do this, but operates to create a rule out of harmony with the statute, is a mere nullity.**' Manhattan General Equipment Co. v. Commissioner of Internal Revenue, supra, 297 U.S. at 134. [FN7] 56 S.Ct. at 400.
>
> \* \* \*
>
> 'The statute defines the rights of the taxpayer and fixes a standard by which such rights are to be measured. The regulation constitutes only a step in the administrative process. It does not, and could not, \*75 alter the statute. **[Emphasis added]**

See also *Lynch v. Tilden Produce Co.*, 265 U.S. 315, 320-322; *Manhattan General Equipment Co. v. C.I.R.*, 297 U.S. 129, 134 (1936); *Guardians Ass'n v. Civil Service Com'n of City of New York*, 463 U.S. 582, 616 (1983); *Ernst & Ernst*, 425 U.S. 185, 213 (1976); *U.S. v. Larionoff*, 431 U.S. 864, 873 (1977); *Legal Environmental Assistance Foundation, Inc. v. U.S. Environmental Protection Agency*, 118 F.3d 1467, 1473 (11 Cir. 1997).

In the adjudged decision of the *In re Managed Care Litigation*, 135 F.Supp.2d 1253, 1271 (11th Cir. 2001) *citing Dixon, supra. Ibid at 1271* and in *Managed Care at 1271, Stewart v. Berstein*, 769 F.2d 1088, 1093 (5th Cir. 1985; "[T]he federal regulations can not themselves create a cause of action; this is a job for the legislature"; "[N]o implied private right of action can be found from regulations standing alone" citing *Sandoval v. Hagan*, 7 F.Supp.2d 1234, 1256 n.20 (N.D.Ala. 1998).

It seems quite clear that the statutory authority to promulgate regulations is posited in 26 U.S.C. § 7805 for the IRS; and, that the regulations must put into effect the will of Congress or the regulation is a nullity.

## Court is to Assure that 26 U.S.C. § 7805 IRS Regulations
## Fall Within Congressional Mandate

The Court does not sit as a committee to perfect the administration of tax laws and the Court is only to assure that the Commission's regulation fall within its authority to implement the Congress's mandate; and, this is found in the adjudged decision of the Supreme Court in *United States v. Correll*, 389 U.S. 299, 306-307 (1967), to wit:

> But we do not sit as a committee of revision to *307 perfect the administration of the tax laws. Congress has **450 delegated to the Commissioner, not to the courts, the task of prescribing '*all needful rules and regulations for the enforcement*' of the Internal Revenue Code. 26 U.S.C. s 7805(a). In this area of limitless factual variations 'it is the province of Congress and the Commissioner, not the courts, to make the appropriate adjustments.' Commissioner v. Stidger, 386 U.S. 287, 296, 87 S.Ct. 1065, 1071, 18 L.Ed.2d 53. The rule of the judiciary in cases of this sort begins and ends with assuring that the Commissioner's regulations fall within his authority to implement the congressional mandate in some reasonable manner. [Emphasis added]

See *U.S. v. Carwright*, 411 U.S. 546, 550 (1973); *Bingler v. Johnson*, 394 U.S. 741, 749-751 (1969); *Bob Jones Univ. v. U.S. Goldsboro Christian Schools, Inc.*, 461 U.S. 574, 596 (1983).

In the adjudged decision of *United States v. Cleveland Indians Baseball Co.*, 532 U.S. 200 (2001) it was **held**, to wit:

> The Court does not **1436 sit as a committee of revision to perfect the administration of the tax laws. *United States v. Correll*, 389 U.S. 299, 306-307, 88 S.Ct. 445, 19 L.Ed.2d 537. Instead, it defers to the Commissioner's regulations as long as they implement the congressional mandate in a reasonable manner. *Id.*, at 307, 88 S.Ct. 445. [Emphasis added]

In the adjudged decision of the Supreme Court of the United States in *C.I.R. v. Portland Cement Co. of Utah*, 450 U.S. 156, 157 (1981) it was **held** "This Court customarily defers to Treasury Regulations that "implement the congressional mandate in some reasonable manner." *United States v. Correll*, 389 U.S. 299, 307, 88 S.Ct. 445, 450 (1967). See also *C.I.R. ibid at 169.*

In the adjudged decision of the Supreme Court of the United States in *National Muffler Dealers Assoc. Inc. v. United States*, 440 U.S. 472, 477-78 (1979) citing *Correll, supra.* and the Court also pronounced *at 477*, to wit:

> We do this because **"Congress has delegated to the [Secretary of the Treasury and his delegate, the] Commissioner [of Internal Revenue], not to the courts, the task of prescribing 'all needful rules and regulations for the enforcement' of the Internal Revenue Code. 26 U.S.C. ß 7805(a)."** *United States v. Correll*, 389 U.S., at 307, 88 S.Ct. at 449.   That delegation helps ensure that in "this area of limitless factual variations," ibid., like cases will be treated alike. It also helps guarantee that the rules will be written by **"masters of the subject,"** *United States v. Moore*, 95 U.S. 760, 763, 24 L.Ed. 588, 589 (1878), who will be responsible for putting the rules into effect.  **[Emphasis added]**

It seems quite clear that the Court does not sit as a committee to perfect the administration of the tax laws; and, the IRS is to promulgate regulations under the statutory authority of Congress; and, the Courts exercise review over the IRS actions.

### How are the Substantive Regulations Identified in the Code of Federal Regulations from the Other Types of Regulations

All of the **substantive regulations** promulgated under the statutory authority will have the word "**Authority**" at the bottom of the regulation, in the text of the regulation, or be listed in one of the three substantive regulation tables which are; (1) C.F.R. T. 26, Ch. I, Subch. A, Pt. 1; and, (2) C.F.R. T. 26, Ch. I, Subch. B, Pt. 20; and, (3) C.F.R. T. 26, Ch. I, Subch. C, Pt. 31; and for 301 type of regulation see table C.F.R. T. 26, Ch. I, Subch. F, Pt. 301; and all are under the general grant of 26 U.S.C. § 7805 **and** also with the specific statutory grant identified such as 26 U.S.C. § 6012.   The word "Authority" will be contained only in parenthesis "( )" and not brackets "[ ]."

The CFRs of that require the statutory "Authority" citations of the Code are contained in 1 CFR § 21.40, 1 CFR § 21.52 and 1 CFR § 22.2 (in text or in parenthesis).

***There is NO Statutory Authority or Regulation in the CFRs or in the Federal Register of "general applicability and legal effect" to Authorize the IRS or Department of Justice for Penalties of Perjury Mandate of 26 U.S.C. § 6065, 26 CFR § 1.6065-1 or 26 CFR 1.6065-2T***

_**with the Form 1040, OMB 1545-0074**_

_**The issue is that there is absolutely no current substantive regulation, i.e. rule under the statutory authority of 26 CFR § 6065 – Verification of Returns for the Form 1040 (OMB - 1545-0074), no Federal Register published mandated for "general applicability and legal effect" of 26 U.S.C. § 6065, 26 CFR 1.6065-1 and 1.6065-2T.**_

The IRS, the Prosecutor of the Department of Justice, being Auchterlonie, or others of her office (sic) and Judge Ralph Beistline are committing fraud of the highest level against the Hymes in this instant Case.

### Validation of the Code Authority of 26 U.S.C. § 6065 and Substantive Regulation of 26 CFR § 1.6065-1

### The Year of 1954

To establish the timeline and statutory authority, we must first go to the 1954 IRS Code to find the following, as evidenced by **Attachment G,** – this excerpt from the 1954 Code of 26 U.S.C. § 6065 and  attached as an Offer of Proof, to wit:

> **SEC. 6065. VERIFICATION OF RETURNS.**
> (a) PENALTIES OF PERJURY.—Except as otherwise provided by the Secretary or his delegate, any return, declaration, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury.
> (b) *OATH.*—The Secretary or his delegate may by regulations require that any return, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall be verified by an oath. *This subsection shall not apply to returns and declarations with respect to income taxes made by individuals. [Emphasis added]*

### The Year of 1960

In 1960 the substantive regulations under the statutory authority of 26 CFR § 6065 for 26 CFR § 1.6065-1 was published in the Federal Register as were all of the IRS regulations were republished in 1960 under T.D. 6500 and as an Offer of Proof being the excerpt **Attachment H -** 25 FR 11402, 25 FR 11421 and 25 FR 12132 (1960) with the 6065 section, to wit:

> **§ 1.6065 Statutory provisions;  verification of returns.**

**SEC. 6065.** *Verification of returns --*
*(a) Penalties of perjury.* Except as otherwise provided by the Secretary or his delegate, any return, declaration, statement, or other document *required to be made* under any provision of the *Internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury.*

**(b)** *Oath.* The Secretary or his delegate may by regulations require that any return, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall be verified by an oath. *This subsection shall not apply to returns and declaration with respect to income taxes made by individuals. [Emphasis added]*

## The Date of October 4, 1976

On October 4, 1976 the statutory authority for 26 U.S.C. § 6065(b) for the "Oath" was removed by "*striking out,*" as evidenced by P.L. 94-455, title XIX, § 1906(a)(6),(b) and as an Offer of Proof of 90 Stat. 1824, being **Attachment I**, to wit:

> (6) Amendments of section 6065.--Section 6065
> // 26 USC 6065. // (relating to verification of returns) is amended by *striking out subsection (b) (relating to verification by oath),* and by striking out in subsection (a) the following: "(a) *Penalties of Perjury.--".*

## The Date of October 18, 1976

The Unsworn Declaration of 28 U.S.C. § 1746 under P.L. just 14 days after the removal of the "Oath" of 26 U.S.C. § 6065 was created.

There are two instances in the procedural regulation under 26 CFR 601.702 under the statutory authority of 5 U.S.C. §§ 301 and 502 and for Subpart I under 39 U.S.C. 3220 for an Unsworn Declaration of 28 U.S.C. § 1746, which is for requesting information, to wit:

> 26 CFR § 601.702(c)(5)(iii)(A)(3) The presentation in person or the submission by mail of a notarized statement, or a statement made under penalty of perjury in accordance with 28 U.S.C. 1746, swearing to or affirming such person's identity.
> * * *
> 26 CFR § 601.702(5)(iii)(C) – A person requesting access to records of a partnership or a subchapter S Corporation shall provide a notarized statement, or a statement made under penalty of perjury in accordance with 28 U.S.C. 1746, that the requester was a member of the partnership or subchapter S corporation for a part of each of the years included in the request.

There are several instances of regulations in 28 CFRs with 28 U.S.C. § 9.4 for Petitions for judicial forfeiture remission or mitigation of a judicial forfeiture addressed to the Attorney

General, but the statutory authority has nothing to do with Title 26 of the United States Code.

## 26 CFR § 1.6065-1 - 2008 – Current Date

The *once substantive regulation 26 CFR § 1.6065-1 published in* **Attachment H** - 25 FR 11402, 25 FR 11421 and 25 FR 12132 (1960) exists today but with no statutory authority and it is NOT listed in the current substantive regulation table of *C.F.R. T. 26, Ch. I, Subch. A, Pt. 1* (Individual Income Tax) and as an Offer of Proof being **Attachment J** of *C.F.R. T. 26, Ch. I, Subch. A, Pt. 1.*

And further, the current *26 CFR 1.6065-1* has no statutory "Authority" required by Congress at the bottom of the regulation either and as an Offer of Proof of same of 26 CFR 1.6065-1, being **Attachment K**.

At the bottom of the current 26 CFR § 1.6065-1 we find "[T.D. 6500, 25 FR 12108, Nov. 26, 1960] as evidenced by the Offer of Proof of **Attachment K** of 26 CFR § 1.6065-1.   Upon reverting back to the **Attachment H**  - 25 FR 11402, 25 FR 11421 and 25 FR 12132 of 1960, the statutory authority not longer exists due to the change in 1976 evidenced by 90 Stat. 1824, being **Attachment I**.

And further, 26 CFR § 1.6065-1 has never been republished as a substantive regulation since 1960 and the current 26 CFR § 1.6065-1 fails to disclose any statutory authority to have "*general applicability and legal effect*" either in the substantive regulations table of **Attachment J** of *C.F.R. T. 26, Ch. I, Subch. A, Pt. 1.* or of **Attachment K** at the bottom of 26 CFR 1.6065-1.

The current 26 CFR § 1.6065-1 is shown as the authority in 26 CFR § 602.101 under the general requirement regulations and statutory authority of 26 U.S.C. § 7805 at the bottom of this very long regulations list in compliance with the PRA with the form identified as OMB 1545-

0123 for 26 CFR § 1.6065-1 and as an Offer of Proof the excerpt of 26 CFR § 602.101, being **Attachment L**. This Form OMB 1545-0123 for use with 26 CFR § 1.6065-1 is titled "U.S. Corporation Income Tax Return" and as an Offer of Proof of same, being **Attachment M.**

    *26 CFR § 1.6065-1 is precluded from having <u>general applicability and legal effect</u>* as it is not published in the Federal Register as mandated, and also is precluded from being used with the Form 1040 with OMB 1545-0074 and the perjury statement at the bottom of the Form 1040 OMB 1545-0074.

### Regulations Such as 26 CFR 1.6065-1 are Invalidate if Statute Changes or In Conflict

    As 26 U.S.C. § 6065(b) has been stricken in 1976 and there has been no republishing in the Federal Register for 26 CFR § 1.6065-1, this invalidates 26 CFR § 1.6065-1 therefore **flows *a fortiori* that *26 CFR § 1.6065-1 is precluded from general application and legal effect with the Form 1040 with OMB 1545-0074*.**

    In the adjudged decision of *Scofield v. Lewis*, 251 F.2d 128, 132 (5th Cir. 1958) "A Regulation, valid when promulgated, becomes invalid upon the enactment of a statute in conflict with the Regulation." *Citing Miller v. United States*, 294 U.S. 435.  See *Citizen's Nat. Bank of Waco v. United States*, 417 F.2d 675, 679 (5th Cir. 1969)

    In the adjudged decision of *Smith v. C.I.R.*, 332 F.2d 671, 673 (9th Cir. 1964) "The Commissioner may not prescribe any regulations which are not consistent with the statute; or which may add a restriction to the statute which is not there."

    In the adjudged decision of *National Life Acc. Ins. Co. v. United States*, 524 F.2d 559, 560 (6th Cir. 1975) "Nor may the Commissioner add a restriction to the statute which is not contained in the statues" *citing Smith v. C.I.R.*, 332 F.2d 671, 673 (9th Cir. 1964). *Ibid at 560*

"Finding as we do that this regulation is an attempt to extend the meaning of the statute, we hold that it is invalid."

In the adjudged decision of the Supreme Court of the United States, to wit:

*We recognize that this Court is not in the business of administering the tax laws of the Nation. Congress has delegated that task to the Secretary of the Treasury, 26 U.S.C. s 7805(a), and regulations promulgated under his authority,* if found to 'implement the congressional mandate in some reasonable manner,' must be upheld.  *United States v. Correll,* 389 U.S. 299, 307, 88 S.Ct. 445, 449, 19 L.Ed.2d 537 (1967).  See *Bingler v. Johnson, 394* U.S. 741, 749--751, 89 S.Ct. 1439, 1444, 22 L.Ed.2d 695 (1969); *Commissioner v. South Texas Lumber Co.,* 333 U.S. 496, 501, 68 S.Ct. 695, 698, 92 L.Ed. 831 (1948).  *But that principle is to set the framework for judicial analysis; it does not displace it.*

### 26 CFR § 1.6065-2T — Current Date – A Fraud and Invalidate Also

Upon inspection of the most current substantive regulation table *C.F.R. T. 26, Ch. I, Subch. A, Pt. 1* - Part I for Individual Income Taxes we find that the only *purportedly* substantive regulation listed is *26 CFR 1.6065-2T,* which is a temporary substantive regulation as an Offer of Proof of same being the current substantive table **Attachment J** - *C.F.R. T. 26, Ch. I, Subch. A, Pt. 1.*

### 26 CFR § 1.6065-2T was Published in 1993 in 58 FR 68295

26 CFR § 1.6065-2T was first published as a temporary regulation, which the Hymes evidence as an Offer of Proof being **Attachment N** - 58 FR 68295 (TD 8510) on December 27, 1993 concerning only the issue of "TeleFile Voice Signature Test" and only for the two years of 1992 and 1993.  See pages 4 and 5 of **Attachment N**.

### 26 CFR § 1.6065-2T was *Removed* July 18, 2000 in 65 FR 44437-44438

As an Offer of Proof in **Attachment O** -  Federal Register of July 18, 2000 in 65 FR 44437-44438 clearly as published lists that 26 CFR § 1.6065-2T was removed "Because the temporary regulations applied only to 1992 and 1993 calendar year returns, the IRS has decided to remove them."

Therefore the current substantive regulation table being **Attachment J** of Treas. Reg. T. 26, Ch. I, Subch. A, Pt. 1 *is a fraud* concerning the listing of substantive regulation *26 CFR § 1.6065-2T* to create the fraudulent illusion that there is substantive regulations in support of the Unsworn Declaration of 26 U.S.C. § 6065 for the Form 1040. Therefore as 26 CFR § 1.6065-1 is invalidate and 26 CFR § 1.6065-2T is actually removed **flows *a fortiori*** there is no *general applicability and legal effect* for the jurat under the penalties for 26 U.S.C. § 6065 with the Form 1040 with OMB 1545-0074.

### The 2005 Year Form 1040 Submitted to the OMB for # 1545-0074 – No Code Authority for 26 U.S.C. 6065 Listed for 2005 Year And No Authority for regulations 1.6065-1 or 1.6065-2T Listed for 2005 Year

For the conclusive and legal evidence of the Fraud of the IRS, IRS agents/officers and *Department of Justice employees* concerning the Form 1040 for OMB number 1545-0074 the Petitioner as an Offer of Proof being **Attachment P** of the Year of 2005 the 83i  under the signature of the IRS and OMB representatives used by the IRS for submission to the OMB for OMB number 1545-0074 with the required certification, the *regulations that will be attached to OMB number 1545-0074 are listed* and the statutory authorities of the Form 1040 with OMB number 1545-0074 are listed, which was  obtained by FOIA.

That the Form 1040 OMB # 1545-0074 is  for Individual Income Tax for "Individuals or households" is shown in this Offer of Proof, Box 11 of **Attachment P, page 4**.

And further, the Form 1040 is *mandatory* in the collection of information, see **Attachment P** on **page 2** "OBLIGATION TO RESP: P *Mandatory*"; and, in the Paperwork Reduction Act Submission in Box 12 "c. P *Mandatory*" on **page 4**.  Continuing on in **Attachment P** is the evidence of the compliance with the regulations of 5 CFR 1320.9 and 5 CFR 1320.8(b)(3) under the statutory authority of the Paperwork Reduction Act and specifically

44 U.S.C. § 3506(c) and in particular 44 U.S.C. § 3506(c)(1)(B) as found on **Attachment P –**

**page 5**.

It is conclusive and legal evidence that there is ___no statutory authority of 26 U.S.C. §___

___6065 as___ evidenced by it's *absence* in **Attachment P – page 13 for the OMB 1545-0074, Form**

**1040** of "**The following are citations to U.S.C.**"

And further, conclusive and legal evidence that there are ___no regulations listed under the___

___authority of 26 U.S.C. § 6065 being either 26 CFR § 1.6065-1 or 26 CFR § 1.6065-2T having___

___"general applicability and legal effect"___ for the Form 1040 OMB # 1545-0074 as evidenced by

the ___absence___ of both of these regulations in the list of regulations and any other regulation in the

form of "1.6065-xx" in **Attachment P – pages 11 & 12**.

### What "general applicability and legal effect" Has Been Published in the Federal Register for it to be "Mandatory" to Fill Out a Form 1040 with OMB 1545-0074

### Year of 2006
### 71 FR 71040

The ___general applicability and legal effect___ of it being ___mandatory___ to fill out a Form 1040

with OMB 1545-0074 is irrevocably conflated 26 CFR § 1.170A-11(b)(2), OMB 1545-1868 and

OMB 1545-0123 (U.S. Corporation Income tax Return being **Attachment M**) with this excerpt

from 71 FR 71040, to wit:

> **Paperwork Reduction Act**
> The collection of information contained in these regulations has been reviewed and approved by
> the Office of Management and Budget *in accordance with the Paperwork Reduction Act of 1995
> (44 U.S.C. 3507(d)) under control number 1545–1868*. The collection of information in these
> final regulations is in § 1.170A–11(b)(2). The ___information required in § 1.170A–11(b)(2)___
> ___concerning the date on which a corporation's board of directors authorizes a certain type of___
> ___charitable contribution___ assists the IRS in determining the deductibility of such contributions.
> ___Responses to this collection of information are mandatory.___

The Hymes, as an Offer of Proof submit **Attachment Q – 71 FR 71040** of the ___general___

___applicability and legal effect___ including all of 71 FR 71040 and the excerpt *supra.* for