corporations.    Note that 26 CFR § 1.170A-11 is not a substantive regulation having **_general_**

**_applicability and legal effect_** as evidenced by it's absence in the substantive regulation table in

**Attachment J** of *C.F.R. T. 26, Ch. I, Subch. A, Pt. 1.*

**Year of 2003**
**65 FR 4918**

The **_general applicability and legal effect_** of it being **_mandatory_** to fill out a Form 1040

with OMB 1545-0074 is irrevocably conflated with 26 CFR §§§§ 1.48– 12(d)(7)(iv), 1.152–3(c),

1.611–3(h) and 1.852–9(c)(1); **_and,_** OMB 1545-1868 with this excerpt from 65 FR 4918, to wit:

> **SUMMARY:** This document contains final regulations that eliminate regulatory impediments to
> the electronic filing of Form 1040, "U.S. Individual Income Tax Return." *These regulations*
> *affect taxpayers who file Form 1040 and who are required to file any of the following forms:*
> *Form 56, "Notice Concerning Fiduciary Relationship"; Form 2120, "Multiple Support*
> *Declaration"; Form 2439, "Notice to Shareholder of Undistributed Long-Term Capital*
> *Gains"; Form 3468, "Investment Credit"; and Form T (Timber), "Forest Activities*
> *Schedules."*
> **DATES:** *Effective Date:* These regulations are effective January 31, 2003.
> **FOR FURTHER INFORMATION CONTACT:**
> Joseph P. Dewald, (202) 622–4910 (not a toll-free number).
> **SUPPLEMENTARY INFORMATION:**
> **Paperwork Reduction Act**
> The collection of information contained in these final regulations has been reviewed and approved
> by the Office of Management and Budget *in accordance with the Paperwork Reduction Act of*
> *1995 (44 U.S.C. 3507(d)) under control number 1545–1783.* The collection of information in
> these final regulations is in §§ 1.48– 12(d)(7)(iv), 1.152–3(c), 1.611–3(h), 1.852–9(c)(1), and
> 301.6903–1(b). Responses to this collection of information are mandatory.

The Hymes, as an Offer of Proof submit **Attachment R** – 65 FR 4918 of the **_general_**

**_applicability and legal effect_** including all of 65 FR 4918 if these **_any_** of these Forms are filed, to

wit:

> 1.    *Form 56, "Notice Concerning Fiduciary Relationship"; or,*
> 2.    *Form 2120, "Multiple Support Declaration"; or,*
> 3.    *Form 2439, "Notice to Shareholder of Undistributed Long-Term*
> *Capital Gains"; or,*
> 4.    *Form 3468, "Investment Credit"; or,*
> 5.    *Form T (Timber), "Forest Activities Schedules.'*

Note that none of these regulations being 26 CFR §§§§ 1.48– 12(d)(7)(iv), 1.152–3(c),

1.611–3(h) and 1.852–9(c)(1) is a substantive regulation having **_general applicability and legal_**

*effect* as evidenced by their absence in the substantive regulation table in **Attachment J** of

*C.F.R. T. 26, Ch. I, Subch. A, Pt. 1.*

**Year 2002**
**67 FR 20038**

The Hymes submit as an Offer of Proof **Attachment S** – 67 FR 20038 that has *general*

*applicability and legal effect* of it being *mandatory* to fill out a Form 1040 OMB 1545-00074 is

of the same ilk as 65 FR 4918, *supra* with OMB 1545-1783 is irrevocably conflated with

numerous regulations and proposed regulations *and "who are required to file any of the*

*following forms"*, to wit:

> SUMMARY: This document contains regulations designed to eliminate regulatory impediments to
> the electronic filing of Form 1040, "U.S. Individual Income Tax Return." *These regulations*
> *generally affect taxpayers who file Form 1040 electronically and who are required to file any of*
> *the following forms: Form 56, "Notice Concerning Fiduciary Relationship"; Form 2120,*
> *"Multiple Support Declaration"; Form 2439, "Notice to Shareholder of Undistributed Long-*
> *Term Capital Gains"; Form 3468, "Investment Credit"; and Form T (Timber), "Forest*
> *Activities Schedules."* The text of the temporary regulations also serves as the text of the proposed
> regulations set forth in the notice of proposed rulemaking on this subject in the Proposed Rules
> section in this issue of the Federal Register.

**Year 1999**
**64 FR 69903**

The *general applicability and legal effect* of it being *mandatory* to fill out a Form 1040

OMB 1545-00074 as evidenced by 64 FR 69903 *et seq.* is irrevocably conflated with numerous

regulations and proposed regulations concerning partnerships, to wit:

> ACTION: Final regulations.

> SUMMARY: This document finalizes regulations relating to the optional adjustments to the basis
> of partnership property following *certain transfers of partnership interests under section 743, the*
> *calculation of gain or loss under section 751(a) following the sale or exchange of a partnership*
> *interest, the allocation of basis adjustments among partnership assets under section 755, the*
> *allocation of a partner's basis in its partnership interest to properties distributed to the partner*
> *by the partnership under section 732(c), and the computation of a partner's proportionate share*
> *of the adjusted basis of depreciable property (or depreciable real property) under section 1017.*
> *The changes will affect partnerships and partners where there are transfers of partnership*
> *interests, distributions of property, or elections under sections 108(b)(5) or (c).* In addition, the
> final regulations under section 732(c) reflect changes to the law made by the Taxpayer Relief Act
> of 1997.
>                                          * * *

Paperwork Reduction Act

The collections of information in these final regulations have been reviewed and approved by the Office of Management and Budget in accordance with the Paperwork Reduction Act (44 U.S.C. 3507) under control number 1545-1588. Responses to these collections of information are *mandatory for partnerships that have made an election under section 754 and for which a section 743 transfer has been made, and for partnerships which distribute property in a transaction subject to section 732(d).*

The Hymes, as an Offer of Proof, submit **Attachment T** – 64 FR 69903 of the *general applicability and legal effect* for partnership issues of *No* consequence to the Petitioner, so therefore no further investigation will be presented or required.

<u>*Wages*</u>
**26 U.S.C. § 3401 and regulations of *"general applicability and legal effect"* i.e. substantive regulations**

As evidenced as an Offer of Proof the regulations with *general application and legal effect* published in the Federal Register in 1960 being **Attachment U** – 25 FR 11402-11422 (1960) contained no substantive regulations for 26 CFR 1.3401-x but there were substantive regulations for Nonresident Aliens and Foreign Corporations starting at 1.1441-1 and ending at 1.1465-1 as evidenced in **Attachment U** at 25 FR 11419.

The Hymes submit as an Offer of Proof that there are still no 26 CFR § 1.3401-x substantive regulations for *"wages"* in the current table of *general applicability and legal effect, i.e. the current substantive regulation table* **Attachment J** being *C.F.R. T. 26, Ch. I, Subch. A, Pt.* But under the current **Attachment J** of *C.F.R. T. 26, Ch. I, Subch. A, Pt. 1* pages 10 and 11 there are regulations of *general applicability and legal effect for "wages"* concerning *"nonresident aliens and foreign corporations" issued under the Authority of 26 U.S.C. §1441* and the **Authority of *26 U.S.C. § 3401(a)(6)*** – "Wages (a)(6) for such services, performed by a nonresident alien individual, as may be designated by regulations prescribed by the Secretary;", to wit:

AUTHORITY:Section 1.1441-2 also issued under 26 U.S.C. 1441(c)(4) and *26 U.S.C. 3401(a)(6).*
AUTHORITY:Section 1.1441-3 also issued under 26 U.S.C. 1441(c)(4), *26 U.S.C. 3401(a)(6)* and

26 U.S.C. 7701(l).
AUTHORITY:Section 1.1441-4 also issued under 26 U.S.C. 1441(c)(4) and *26 U.S.C. 3401(a)(6)*.
AUTHORITY:Section 1.1441-5 also issued under 26 U.S.C. 1441(c)(4), *26 U.S.C. 3401(a)(6)* and
26 U.S.C. 7701(b)(11).
AUTHORITY:Section 1.1441-6 also issued under 26 U.S.C. 1441(c)(4) and *26 U.S.C. 3401(a)(6)*.
AUTHORITY:Section 1.1441-7 also issued under 26 U.S.C. 1441(c)(4), *26 U.S.C. 3401(a)(6)* and
26 U.S.C. 7701(l).
AUTHORITY:Section 1.1461-1 also issued under 26 U.S.C. 1441(c)(4) and *26 U.S.C. 3401(a)(6)*.
AUTHORITY:Section 1.1461-2 also issued under 26 U.S.C. 1441(c)(4) and *26 U.S.C. 3401(a)(6)*.
AUTHORITY:Section 1.1462-1 also issued under 26 U.S.C. 1441(c)(4) and *26 U.S.C. 3401(a)(6)*.

**Income**
**26 U.S.C. § 861 – Income from sources within the United States**
**26 CFR § 1.861-8 – Computation of taxable income from sources within the United States**
**and from other sources and activities.**

The regulation 26 CFR § 1.861-8 – "Computation of taxable income from sources within

the United States and from other sources and activities" has *general applicability and legal*

*effect*, i.e. it is a *substantive regulation* and this is evidenced by the Offer of Proof submitted by

the Hymes, of the latest substantive regulation table **Attachment J** of *C.F.R. T. 26, Ch. I,*

*Subch. A, Pt. 1* on page 15 of 26, to wit: "AUTHORITY: Section 1.861-8 also issued under 26

U.S.C. 882(c)" This statutory authority for the 26 CFR 1.861-8 also incorporates the general

required grant for promulgating regulations of 26 U.S.C. § 7805 as evidenced by *C.F.R. T. 26,*

*Ch. I, Subch. A, Pt. 1* on page 1 "AUTHORITY: 26 U.S.C. 7805, unless otherwise noted."

Therefore, for *general applicability and legal effect*, i.e. as a *substantive regulation* the

statutory (code) Authority is found in 26 U.S.C. 882(c), which is 26 U.S.C. § 882. - "Tax on

income of foreign corporation connected with United States business."

As further evidence that the 26 U.S.C. § 861 *income* is *associated with only foreign*

*corporations and foreign tax credits*, the Hymes submit the numerous Federal Register cites and

*general applicability and legal effect* as an Offer of Proof being **Attachment V** – 26 CFR §

1.861-8 - "Computation of taxable income from sources within the United States and from other

sources and activities."

Contained within 26 CFR § 1.861-8(a) In general-(1) Scope go to "See paragraph (f)(1)

of this section for a list and description of operative sections." Contained in 1.861-8(f)(1) are the

application of "income", which is only for *foreign corporation, foreign income, foreign tax*

*credits, DISC and FSC taxable income and various options within this limited scope*, to wit:

**(f) Miscellaneous matters--(1) Operative sections.**
    **(i) Overall limitation to the foreign tax credit**
    **(ii) [Reserved]**
    **(iii) DISC and FSC taxable income.**
    **(iv) Effectively connected taxable income.** Nonresident alien individuals and foreign corporations engaged in trade or business within the United States . . .
    **(v) Foreign base company income.**
    **(vi) Other operative sections.** The rules provided in this section also apply in determining--
        (A) The amount of foreign source items of tax preference under section 58(g) determined for purposes of the minimum tax;
        (B) The amount of foreign mineral income under section 901(e);
        (C) [Reserved]
        (D) The amount of foreign oil and gas extraction income and the amount of     foreign oil related income under section 907;
        (E) The tax base for individuals entitled to the benefits of section 931 and the     section 936 tax credit of a domestic corporation that has an election in effect     under section 936;
        (F) The exclusion for income from Puerto Rico for bona fide residents of Puerto Rico under section 933;
        (G) The limitation under section 934 on the maximum reduction in income tax     liability incurred to the Virgin Islands;
        (H) The income derived from the U.S. Virgin Islands or from a section 935 possession (as defined in § 1.935-1(a)(3)(i)).
        (I) The special deduction granted to China Trade Act corporations under section 941;
        (J) The amount of certain U.S. source income excluded from the subpart F     income of a controlled foreign corporation under section 952(b);
        (K) The amount of income from the insurance of U.S. risks under section 953(b)(5);
        (L) The international boycott factor and the specifically attributable taxes and     income under section 999; and
        (M) The taxable income attributable to the operation of an agreement vessel     under section 607 of the Merchant Marine Act of 1936, as amended, and the   Capital Construction Fund Regulations thereunder (26 CFR, part 3). See 26 CFR     3.2(b)(3).

**26 U.S.C. § 6012 – Persons required to make returns of income**
**26 CFR § 1.6012-1 – Individuals required to make returns of income.**

The cases that pronounce or hold that "taxpayers", i.e. Individuals, must file Returns is

posited in 26 U.S.C. § 6012 but this duty is not required to be disclosed to a person indicted, to

wit: *United States v. Vroman*, 975 F.2d 669, 670-671 (9th Cir. 1992); *United States v.* Hicks, 947

F.2d 1356, 1360 (9th Cir. 1991); *United States v. Bower*, 920 F.2d 220, 222 (4th Cir. 1990);

**Reply and Opposition to Docket 191          Page 26 of 44**

*United States v. Drefke*, 707 F.2d 978, 981 (8ᵗʰ Cir. 1983); *United States v. Kahl*, 583 F.2d 1351, 1355 (5ᵗʰ Cir. 1978); *United States v. Spine*, 945 F.2d 143, 149 (6ᵗʰ Cir. 1991); *United States v. Stierhoff*, 500 F.Supp. 2d 55, 62-63 (D. R.I. 2007); *United States v. Washington*, 947 F.Supp. 87, 91 (S.D. N.Y.1996); Case and other unpublished Cases such as *United States v. Gaumer*, 27 F.3d 568, 572 (6ᵗʰ Cir. 1994); and in the Case 1-06-cr-42 in the USDC for the District of Rhode Island of UNITED STATES OF AMERICA v. Neil Stierhoff Docket 89 pages 5-6 under the signatures of the Department of Justice John N. Kane and Thomas G. Voracek and Docket 101 pages 10-11 under the signature of USDC Judge Mary M. Lisi.

The Hymes submit as an Offer of Proof that *general applicability and legal effect* 26 CFR § 1.6012-1(a) **Attachment W** that was published in the Federal Register on November 10, 1970 as 35 FR 17329-17331 including but not limited to the excerpt of § 1.6012-1(a)(1) at 35 FR 17330, to wit:

> **(1)** *In general.* **Except as provided in subparagraph (2)** of this paragraph, an income tax return *must be filed by every individual* for each taxable year beginning before January 1, -1973, during which he receives $600 or more of gross income, and for each taxable year beginning after December 31, 1972, during which he receives $750 or more of gross income, if such **individual is** –
> (i) *A citizen of the United States,* whether residing at home or abroad,
> (ii) A *resident of the United States* even though not a citizen thereof, or
> (iii) An *alien bona fide resident of Puerto Rico* during the entire taxable year.
> *[Emphasis added]*

This particular section of the *general applicability and legal effect* of 26 CFR 1.6012(a)(1) has not been amended until April 9 of 2008 and the Hymes submit as a Offer of Proof of the *general applicability and legal effect*, i.e. *substantive regulation* change in **Attachment X** – Federal Register publishing of 73 FR 19350-19377 on April 9, 2008 and including but not limited the to the change made in 1.6012(a)(1)(iii) of an alien bona fide resident of Puerto Rico by the addition of possessions of 1.931-1(c)(1) being Guam, American Samoa, or Northern Mariana Islands to (iii) at **Attachment X** – page 28 of 29 at 73 FR 19376,

to wit:

**§ 1.6012–1 Individuals required to make
returns of information.**
(a) * * *
(1) * * *
(iii) An alien bona fide resident of Puerto Rico or any section 931 possession, as defined in §
1.931–1(c)(1), during the entire taxable year.
* * * * *

## Federal Regulations Govern

In the adjudged case of *Dodd v. United States*, 223 F.Supp. 785, 787 (D.C. N.J. 1963)
"For Federal tax purposes, the Federal Regulations govern." *Lyeth v. Hoey*, 305 U.S. 188
(1938)." See also *In re McGauley's Estate*, 504 F.2d 1030, 1032 (2nd Cir. 1974) *citing Lyeth v.
Hoey*, 305 U.S. 188 (1938); *U.S. Trust Co. of New York v. C.I.R.*, 321 F.2d 908, 910-911 (2nd
Cir. 1963) *citing Lyeth v. Hoey*, 305 U.S. 188 (1938); *Citizens and Southern Nat. Bank v. United
States*, 451 F.2d 221, 227 (5th Cir. 1971) *citing Lyeth v. Hoey*, 305 U.S. 188 (1938); *Estate of
Millikin v. C.I.R.*, 106 F.3d 1263,1268-1269 (6th Cir. 1997); *Kostrikin v. United States*, 106
F.Supp. 2d 1005, 1009 (E.D.C. Cal. 2000).

## Auchterlonie's Two Case Cites

Auchterlonie's Case cites are totally off-point.

The cited case by Auchterlonie of *United States v. Sullivan*, 274 U.S. 259, 264 is totally
off-point as *at 263:* "gains from illicit traffic in liquor were subject to the income tax." Liquor
was a **regulated and licensed enterprise** and of course it was subject to controls such as a tax
return being required and would not be exempt under the 5th Amendment.

The cited case of *United States v. Schiff*, 612 F.2d 73, 83 (2nd Cir. 1979) also is totally
off-point as this was a new issue of allowing into evidence a video tape and it was ruled that it
was prejudicial and the judgment was reversed and remanded for a new trial. *At 83,* "Only those
who assert as to each particular question that the answer to that question would tend to

**Reply and Opposition to Docket 191**        Page 28 of 44

incriminate them are protected" and as the income tax return are neutral and directed at the public at large rather than a "selective group" precludes the 5th Amendment protections.

The Hymes have provided the *only four examples of the "mandatory" requirement for the Form 1040 with OMB 1545-0074* with the **general applicability and legal effect** if **other forms are filed, then the Form 1040 with OMB 1545-0074 is required to be filed** at **Attachments Q, R, S and T.** The "*mandatory*" requirement of the Form 1040 with OMB 1545-0074 under the signature of the IRS authorized representative and the OMB authorized representative at **Attachment P** is conclusive and legal evidence that the Hymes would be giving evidence against themselves. Being required as "*mandatory*" as evidenced in **Attachment P** to provide under the penalties of perjury information is absolutely no different that being in a court room and being *mandated* to testify when you have sworn to tell the truth, the whole truth and nothing but the truth. What is not disclosed in **Attachment P** is that other Forms must be mandated as a preface to be required to file a Form 1040 under OMB 1545-0074.

Auchterlonie did not address the issues of *UNITED STATES OF AMERICA* and *United States* not being a real party of interest, but yet would be awarded the Hymes' property.

**The "United States" is not a real party of Interest in this Instant Case**

Perhaps Auchterlonie of the Department of Justice should, by *ipse dixit* pontification, amend the Federal Constitution arising under Article II section 1 clause 8 replacing "United States" with "UNITED STATES OF AMERICA", to wit:

> Before he enter on the Execution of his Office, he shall take the following Oath or Affirmation:--
> ``I do solemnly swear (or affirm) that I will faithfully execute the Office of President of the *United States,* and will to the best of my Ability, preserve, protect and defend the Constitution of the *United States.*" *[Emphasis added]*

In the adjudged Case of *Senate Select Committee on Presidential Campaign Activities v. Nixon,* 366 F.Supp. 51, 56 (D.C. D.C. 1973), to wit:

One of the four statutory bases of jurisdiction cited by plaintiffs is 28 U.S.C. § 1345 which reads:

*§ 1345. United States as plaintiff*
Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings *commenced by the United States*, or by any agency or officer thereof expressly authorized to sue by Act of Congress.

Plaintiffs have disclaimed any attempt to classify themselves as an "agency or officer" within the meaning of this section. *Rather they purport to bring suit in the name of the United States.* Reference, however, to common practice and related statutory provisions belies the soundness of such a claim. Title 28 U.S.C. § 516, in language similar to that of § 1345, *reserves to the Attorney General and Department of Justice authority to litigate as United States. § 516. Conduct of Litigation reserved to Department of Justice*
Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General.

While this section does not require a congressional litigant to be represented by the Justice Department, it does deny such a *litigant the right to sue as the United States* when jurisdiction derives from § 1345.[FN8] The practice has never *57 been otherwise and the two cases cited by plaintiffs do not so hold.[FN9] Section 1345 is simply inapplicable here. *[Emphasis added]*

In the adjudged decision of *U.S. v. American Tel. & Tel. Co.*, 551 F.2d 384, 388, 389 " (D.C. D.C. 1976) "The complaint alleges jurisdiction under 28 U.S.C. s 1345, which gives jurisdiction over suits brought by the United States. Although this suit was brought in the *name of the United States* against AT&T, . . ." citing *Nixon, supra.*

In the adjudged decision of *Brooks v. Nez Perce County*, 394 F.Supp. 869, 872 (D.C. Idaho 1975) "the right to sue, does not alter the fact that this action was not *'commenced by the United States'* . . ." citing *Nixon, supra.*

This case clearly and succinctly states in plain English "*commenced by the United States*" under 28 U.S.C. § 1345 or under 28 U.S.C. § 516 the "reserves to the Attorney General and *Department of Justice authority to litigate as United States*. § 516." *[Emphasis added]*

Even though this is an "Act of Congress" and not a "Law of the United States", it is indisputable that only "United States" is a Plaintiff and not "UNITED STATES OF AMERICA" under 28 U.S.C. §§ 516 or 1345.

Therefore, as a *matter of law*, this instant Case was not commenced by the "United States" under the statutory authority of Congress of 28 U.S.C. § 1345, which is

mandatory, but with a "UNITED STATES OF AMERICA", without any statutory authority of Congress, being a fiction in law and yet to be disclosed.

Therefore, this instant Case should be dismissed with prejudice as *this Court* lacks the mandatory statutory jurisdictional grant "jurisdiction fails" if the cause is not one described by any jurisdictional statute." See *Senate Select Committee on Presidential Campaign Activities v. Nixon*, 366 F.Supp. 51, 56 (D.C. D.C. 1973) FN 5 for holdings of the adjudged decisions of the Supreme Court of the United States.

In the **unpublished case** of *Doe v. State of Alaska*, 122 F.3d 1070 (9th Cir. 1997) although not to be cited, but within same is some very enlightening issues that Auchterlonie supports openly.

In *State of Alaska, supra.,* we find first this under the "Analysis" of the use of pseudonyms "We review for abuse of discretion whether to allow pseudonymous filing. *See James v. Jacobson*, 6 F.3d 233, 239 (4th Cir.1993); *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir.1992)." These are adjudged decisions from two other circuits, being the 4th Circuit and the 11th Circuit. And further in *State of Alaska, supra.,* "We [9th Circuit] will reverse if a court's decision is unsupported by the facts or the law", which in the Petitioner's Case Biestline's Orders are unsupported by facts and the law citing *In re Sternberg*, 85 F.3d 1400, 1405 (9th Cir.1996), to wit:

> A trial court may abuse its discretion in several ways. *A trial court abuses its discretion if it fails to apply the correct law or if it bases its decision on a clearly erroneous finding of a material fact. Cox,* 904 F.2d at 1401;*Engleson v. Burlington N. R.R. Co.,* 972 F.2d 1038, 1043 (9th Cir.1992). *A trial court also abuses its discretion if it applies the correct law to facts which are not clearly erroneous but rules in an irrational manner. Id.,* 972 F.2d at 1043. *[Emphasis added]*

And further in *State of Alaska, supra.*, there is a presumption that a Plaintiff must file in their true name with constitutional dimensions to assure fair factual findings and legal conclusions, to wit:

> *There is a presumption that a plaintiff must file the complaint in his or her own name.* Coe
> *v. United States Dist. Court,* 676 F.2d 411, 415 (10th Cir.1982); Fed.R.Civ.P. 10(a). *The*
> *presumption has a constitutional dimension: the First Amendment gives the public a right of*
> *access to judicial processes and records.* Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555,
> 576 (1980); *Doe v. Stegall,* 653 F.2d 180, 185 (5th Cir.1981). *This access helps to assure fair*
> *factual findings and legal conclusions; discourages corruption, bias and perjury; enhances*
> *public confidence in the administration of law;* and provides therapeutic and cathartic value to
> the community. *See* Joan Steinman, *Public Trial, Pseudonymous Parties: When Should Litigants*
> *Be Permitted to Keep Their Identities Confidential?,* 37 Hastings L.Rev. 1, 18-20 (1985).
> *[Emphasis added]*

And further in *State of Alaska, supra.*, "A litigant may overcome the presumption by demonstrating a social interest in favor of protecting his identity. *Coe,* 676 F.2d at 418; *Doe v. Goldman,* 169 F.R.D. 138, 139 (D.Nev.1996)", which as a *matter of law* can have no application to any lawful and legal government against an of the citizens of the several States. Of course a case could be made if the USA, who or whatever it is, by and with the assistance of the IRS, Auchterlonie, one of three of the "United States" yet to be disclosed, along with its relationship to the USA and Beistline would like to continue the raping and pillage of the people under the guise of a lawful and legal constitutional Republic to use a fictitious name. In *Rowe, ibid. at 1385* Sedwick pronounces that "Generally, a person is required to disclose one's identity to commence a lawsuit" and ". . . a party by initiate a lawsuit by filing a complaint. Fed. R.Civ.P." And further in *Rowe, ibid at 1385* "Rule 10(a) requires that the complaint state the title of the action, which "shall include the names of all the parties.""

Sedwick continues in *Rowe, ibid at 1385* to state that ". . . lawsuits are public events and the public has a legitimate interest in know the facts involved in them. Among those facts is the identity of the parties." Citing *Doe v. Deschamps,* 64 F.R.D. 652 (D.Mont. 1974). Sedwick continues with courts have recognized exceptions to the requirement in limited "matters of a

**Reply and Opposition to Docket 191**        Page 32 of 44

sensitive and highly person nature" citing *Doe v. Deschamps*, 64 F.R.D. at 653; *see also* **\*1386**

*Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707 (5th

Cir.1979).

Sedwick continues on in *Rowe, ibid at 1386* to cite issues that have been acceptable to

use pseudonyms, to wit:

> Plaintiffs have been allowed to proceed anonymously in matters involving *abortion*,[FN29] *birth control*,[FN30] *welfare cases involving illegitimate children*,[FN31] and *homosexuality* [FN32]. Such situations share a need to shelter the anonymous plaintiff from *"social stigmatization, real danger of physical harm, or where the injury litigated against would occur as a result of the disclosure of the plaintiff's identity." Doe v. Hallock,* 119 F.R.D. 640, 644 (S.D.Miss.1987).
> > FN29.*Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *Doe v. Deschamps,* 64 F.R.D. 652 (D.Mont.1974).
> > FN30.*Poe v. Ullman,* 367 U.S. 497, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1961).
> > FN31.*Doe v. Carleson,* 356 F.Supp. 753 (N.D.Cal.1973).
> > FN32.*Webster v. Doe,* 486 U.S. 592, 108 S.Ct. 2047, 100 L.Ed.2d 632 (1988); *Doe v. United Serv. Life Ins. Co.,* 123 F.R.D. 437 (S.D.N.Y.1988); *Doe v. Chafee,* 355 F.Supp. 112 (N.D.Cal.1973).

The Hymes find in this instant Case no issues of **abortion, birth control, welfare cases**

**involving illegitimate children or homosexuality.** Is the USA involved in any of these or *"social*

*stigmatization*" by it's unlawful and illegal actions against the Petitioner? Is the USA or "United

States" involved in issues of abortion, birth control, welfare cases involving illegitimate children,

homosexuality or social stigmatization?

Sedwick continues in *Rowe, ibid at 1386* "These interests are rendered meaningless if

discarded when controversial issues are raised by litigation. For this reason, courts are reluctant

to grant a litigant a "cloak of anonymity." Citing *"United States v. Doe,* 655 F.2d 920, 922, n. 1

(9th Cir.1981); *Doe v. Rostker,* 89 F.R.D. 158, 162 (N.D.Cal.1981) ("There must be a strong

social interest in concealing the identity of the plaintiff.")"

Sedwick continues in *Rowe, ibid at 1386,* to wit:

> **Courts have refused requests to proceed anonymously in actions involving economic matters,[FN33] challenges to selective service registration,[FN34] sexual harassment under Title VII, [FN35] termination of employment due to alcoholism,[FN36] and AIDS [FN37].**

FN33. *Doe v. Deschamps*, 64 F.R.D. 652 (D.Mont.1974).
FN34. *Doe v. Rostker*, 89 F.R.D. 158 (N.D.Cal.1981).
FN35. *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599
F.2d 707 (5th Cir.1979); *Doe v. Hallock*, 119 F.R.D. 640 (S.D.Miss.1987).
FN36. *Doe v. Frank*, 951 F.2d 320 (11th Cir.1992).
FN37. *Doe v. Prudential Ins. Co. of America*, 744 F.Supp. 40 (D.R.I.1990). *[Emphasis added]*

Sedwick did not address the issue of the appearance of a lawful government such as proffered by Beistline under the "cloak of anonymity", but as the issues listed by Sedwick are minutiae when compared to the purported lawful and legal taxation, the taking of private property by someone or something yet unidentified and the constitutional secured rights of the Hymes.

In the adjudged decision of *Roe v. State of New York*, 49 F.R.D. 279, 281, 282 (S.D. N.Y. 1970) *at 281* that under Fed. R. Civ. P. 3 provides "A civil action is commenced by filing a complaint with the court." And further *at 281*, Fed. R. Civ. P. 10(a) requires that in the complaint "the title of the action shall include the names of all of the parties." ***The "United States" is not listed in the Complaint as one of the real parties of interest***.

And further in *Roe, ibid. at 281* "It is concluded that no action has been commenced by the filing of this complaint and therefore that this Court has nothing before it on which to act." And further in *Roe, ibid. at 282* a fictitious party should notify the court and secure the court's consent with no harm being done to the public interest, to wit:

> ***To obviate any possibility that the parties and the issues raised are fictitious*** and that the jurisdiction of the court is being invoked to decide moot questions, a plaintiff who desires to use a name other than his own should, ***before the case is presented in court, acquaint the court of his desires, establish the fact that the parties and issues are real although the names used are fictitious, and secure the court's consent, as was done in these cases.*** The ***privilege of using fictitious names in actions*** should be granted only in the rare case where ***the nature of the issue litigated and the interest of the parties demand it and no harm can be done to the public interest.*** *[Emphasis added]*

Most conclusively, if this Indictment is founded from the authority granted of the Federal Constitution and is actually the real constitutional government in our constitutional Republic, there absolutely can be no claim of protection of it's identity under any circumstances.

Auchterlonie or others of the Department of Justice most certainly could have had an *ex parte* communication and obtained such permission from Beistline, but the Hymes were never notified.

Clearly, if there is no real party of interest in the Indictment, then the Indictment must be dismissed as was done in *Roe, ibid at 282*, to wit:

> *If no action had been commenced by the filing of this complaint, then the subsequent disclosure of the true names of plaintiffs did not change the situation.*
> By granting the present motion, I would not wish to put form before substance or to penalize litigants for minor or technical lapses of procedure. It seems to me, however, that there is here a defect of substance. *Sound public policy would appear to require that a complaint identify by true name at least one plaintiff if the filing is to commence an action; if the complaint fails to identify by true name at least one plaintiff then its filing is not effective to commence an action. [Emphasis added]*

In the adjudged decision of *Roe v. Bopup*, 500 F.Supp. 127, 130 (E.D. Wash. 1980) affirmed the decision in *Roe v. State of New York*, 49 F.R.D. 279, 281, 282 (S.D. N.Y. 1970), to wit:

> The decision whether to permit the use of fictitious names is one that is left to the discretion of the trial court, *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979). There the court noted that *"identifying a plaintiff only by a pseudonym is an unusual procedure, to be allowed only where there is an important privacy interest to be recognized."* Lindsey, supra, at p. 1125; see *Doe v. Deschamps, 64 F.R.D.* 652 (D.Mont.1974). *[Emphasis added]*

The use of fictitious names will not be sufficient in a judgment file as held in the adjudged decision of *Buxton v. Ullman*, 156 A.2d 508, 514, 515 (Sup. Ct. Errors Conn. 1959), to wit:

> Practice Book, § 199 states, among other things, that *'[i]n the captions of pleas, answers, etc., the parties may be described as John Doe v. Richard Roe et al., but this will not be sufficient in a judgment file, which *60 must give all the data necessary for use in drawing the execution.'* Because of the intimate and distressing **515 details alleged in these complaints, it is understandable that the parties who are allegedly medical patients would wish to be anonymous. *To obviate any possibility that the parties and the issues raised are fictitious and that the jurisdiction of the court is being invoked to decide moot questions, a plaintiff who desires to use*

*a name other than his own should, before the case is presented in court, acquaint the court of his desires, establish the fact that the parties and issues are real although the names used are fictitious, and secure the court's consent, as was done in these cases. The privilege of using fictitious names in actions should be granted only in the rare case where the nature of the issue litigated and the interest of the parties demand it and no harm can be done to the public interest. [Emphasis added]*

See also *Brock v. A-1 Auto Service, Ince,* 728 A.2d 1167, 1169 (Superior Ct. Conn. 1998) on ". . . but this will not be sufficient in a judgment file, which must give all the data necessary for use in the drawing any execution that may be necessary." And further in *Brock, ibid. at 1169* "by their real names, so that they may be identified."

In the adjudged decision of *Coe v. USDC for the District of Colorado,* 676 F.2d 411, 415, 416 (10th Cir. 1982) that the Federal Rules of Civil Procedure have no means to use fictitious names or anonymous plaintiffs and the public has a right to know the real party of interest except in very unusual cases, to wit:

> *Every pleading must contain the names of the parties thereto, if these are known.* [FN1] *In the federal courts it is held that the "real party in interest" is the one who, under applicable substantive law, has the legal right to bring the suit.* Boeing Airplane Co. v. Perry, 322 F.2d 589 (10th Cir. 1963), cert. denied, 375 U.S. 984, 84 S.Ct. 516, 11 L.Ed.2d 472 (1964). *There is no provision in the Federal Rules of Civil Procedure for suit against persons under fictitious names, and there are likewise no provisions for anonymous plaintiffs.* In Lindsey v. Dayton-Hudson Corp., 592 F.2d 1118 (10th Cir. 1979) this court observed, inter alia :
>> FN1. U.S.C.A. Rules of Civil Procedure, rule 10(a) provides: "Every pleading shall contain a caption setting forth the name of the court, the title of the action, the file number, and a designation as in Rule 7(a). In the complaint the title of the action shall include the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties."
>
> **This use of pseudonyms concealing plaintiffs' real names has no explicit sanction in the federal rules.** Indeed it seems contrary to Fed.R.Civ.P. 10(a) *which requires the names of all parties to appear in the complaint. Such use obviously may cause problems to defendants engaging in discovery and establishing their defenses, and in fixing res judicata effects of judgments.* Yet the Supreme Court has given the practice implicit recognition in the abortion cases, Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), and Doe v. Bolton, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973), with minimal discussion. Most of the cases permitting the practice have involved abortion, birth control, and welfare prosecutions involving abandoned or illegitimate children. We have found only a few cases where the propriety of the technique was discussed.
>
> **Doe v. Deschamps, 64 F.R.D. 652 (D.Mont.1974) cites most of the cases. It holds that the public generally has a right to know, refuses to permit it except in unusual cases, and rules that it will not be permitted in an action involving plaintiff's future professional and economic life.** *416Roe v. State of New York,* 49 F.R.D. 279 (S.D.N.Y.1970), **concluded that where only fictitious names were used for plaintiffs the filing of the complaint would be ineffective to commence an action. It recognized that if an action were commenced properly,**

the court could issue protective orders in appropriate cases to shield the identity of the plaintiffs. *Roe v. Ingraham*, 364F.Supp. 536, 541 n.7 (S.D.N.Y.1973), **recognized the procedure as proper where "if plaintiffs are required to reveal their identity prior to the adjudication of the merits of their privacy claim, they will already have sustained the injury which by this litigation they seek to avoid."** *Doe v. Boyle*, 60 F.R.D. 507 (E.D.Va.1973), *refused to permit a suit under the tax laws to be carried on in a fictitious name because it involved personal privileges under the Fifth Amendment. Additionally the court was concerned that after judgment numerous persons might claim to be John Doe. [Emphasis added]*

In the adjudged decision of *M.M. v. Zavaras*, 939 F.Supp. 799, 801(D.Colo 1996) clearly pronounces that there is no authority for an

. . . unidentified plaintiff attempting to use a pseudonym and *completely ignores both controlling Tenth Circuit decisions* and published decisions of this court. E.g., *Coe v. United States District Court*, 676 F.2d 411 (10th Cir.1982); *Doe v. United States Dep't. of Justice*, 93 F.R.D. 483 (D.Colo.1982); *Lorenz v. United States Nuclear Regulatory Comm'n*, 516 F.Supp. 1151 (D.Colo.1981). The use of pseudonyms concealing plaintiffs' real names has no explicit sanction in the federal rules. Indeed it seems contrary to Fed.R.Civ.P. 10(a) which requires the names of all parties to appear in the complaint. 676 F.2d at 411. Moreover, *there is no express congressional grant of a right to proceed anonymously. [Emphasis added]*

In the "Table of Decisions Without Reported Opinions" from ***John W. Sedwick, District Judge.***

The "real party in interest" under substantive law is the only one with a legal right for relief as pronounced *In re Comcoach Corp.* 698 F.2d 571, 573 (2nd Cir. 1983), to wit:

**Generally, the "real party in interest" is the one who, under the applicable substantive law, has the legal right which is sought to be enforced or is the party entitled to bring suit.** *Coe v. United States District Court for the District of Colorado*, 676 F.2d 411, 415 (10th Cir.1982); *see Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.*, 630 F.2d 250, 256-57 (5th Cir.1980); *Virginia Electric & Power Co. v. Westinghouse ElectricCorp.*, 485 F.2d 78, 83 (4th Cir.1973), *cert. denied*,415 U.S. 935, 94 S.Ct. 1450, 39 L.Ed.2d 493 (1974); *Weniger v. Union Center Plaza Associates*, 387 F.Supp. 849, 855 (S.D.N.Y.1974); *see generally* 3A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 17.07 (2d ed. 1979); 6 C. Wright & A. Miller, *Federal Practice and Procedure* §§ 1543-1544 (1971). *[Emphasis added]*

In the adjudged decision of *Doe v. Boyle*, 60 F.R.D. 507 (E.D. Virginia 1973) that the 5th Amendment protects only real people in a tax case and *as a matter of law* the inverse is also true as the 5th Amendment can be invoked only in issues with a lawful government and not fictions or pseudonyms, to wit:

**The Fifth Amendment protects people, not aliases. The standard for application of the Fifth Amendment privilege is whether 'the claimant is confronted by substantial and 'real,'**

**and not merely trifling or imaginary, hazards of incrimination.'** *Marchetti v. United States* 390 U.S. 39, 53, 88 S.Ct. 697, 705, 19 L.Ed.2d 889 (1968). *While the Court accepts the representation of plaintiff's counsel that plaintiff is indeed confronted by a real hazard of incrimination, said representation could not alone, in view of the personal nature of the Fifth Amendment right carry plaintiff's burden of proof on this issue.* Should the Court proceed in this matter in its present posture, and should plaintiff prevail, numerous persons could appear after judgment claiming to be John Doe. *That prospect offends the sacred nature of the Fifth Amendment guaranty of personal liberty. [Emphasis added]"*

The Hymes have provided evidence of the *general applicability and legal effect* to conclusively prove that *regulations* are *not irrelevant as claimed by Auchterlonie.* If the *ipse dixit* pontification were true the Administrative State and it's hordes of agencies would crumble out of existence.

Auchterlonie *has not followed the mandated procedures* for an the agency known as the IRS. Having the Attorney General censor all issues that have *general applicability and legal effect* is totally unconstitutional and a violation of the separation of powers and should be overturned;

and,

All of Auchterlonie claims are all unconstitutional. That *regulations are irrelevant* is clearly not in accord with the Federal Register and mandates of Congress on *general applicability and legal evidence, i.e. substantive regulations for the IRS and the Department of Justice;*

and,

To fill out as *mandatory* a Form 1040 under OMB 1545-0074, when the Hymes have knowledge that they would be giving evidence against themselves in violation of the 5th Amendment;

and,

This would also be forcing the Hymes *under the penalties to give evidence that they know to be untrue and false by their signature on a Form 1040 under OMB 1545-0074;*

and,

The UNITED STATES OF AMERICA and the United States are not the same parties. According to Auchterlonie the property of the Hymes would be mandated under judgment to the "United States", who made no appearance in the Complaint as a real party of interest

*Therefore*, for the above issues of law and fact, this judicial sale judgment should be vacated and this instant Case dismissed with prejudice. Has Auchterlonie followed the mandated *general applicability and legal effect, i.e. substantive regulations,* \ to take the personal and private property of the Hymes. Is the Department of Justice, i.e. Auchterlonie exempted from *general applicability and legal effect, i.e. substantive regulations* and the Rules of Court?

The Hymes are of the belief that Auchterlonie should be *sanctioned* for proffering under her signature as true the statement that regulations are irrelevant, not to mention all of the other false statements under her signature.

My Hand,

My Hand,

**Certification**

This document and said attachments have been mailed first class via USPS to the following parties, to wit:

Nelson P. Cohen
United States Attorney
Federal Bldg. & U.S. Courthouse
101 12th Avenue, Box 2
Fairbanks, Alaska 99701

Jennifer D. Auchterlonie
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683

Date: April 23, 2008

Rita MariNa Hymes