(f) *Public Papers of the Presidents of the United States.* See §§ 10.5 and 10.6 of this chapter.

(g) *Weekly Compilation of Presidential Documents.* See § 10.12 of this chapter.

### Subpart B—Special Assistance

§ 15.10  Information on drafting and publication.

The Director of the Federal Register may prepare, and distribute to agencies, information and instructions designed to promote effective compliance with the purposes of Chapter 15 of Title 44, United States Code, sections 553-554 of Title 5, United States Code, related statutes, and this chapter. The Director may also develop and conduct programs of technical instruction.

### Subpart C—Supplemental Printing and Editorial Services

§ 15.15  Purpose.

The Director of the Federal Register may provide special services to agencies to promote efficiency and economy through the use of printing and editorial facilities developed in editing and publishing Federal Register publications.

§ 15.16  Use of Federal Register standing type.

Type used in printing the FEDERAL REGISTER is available for reuse by agencies in making reprints, on their own requisition, by submitting a printing and binding requisition on Standard Form 1 to the Office of the Federal Register for forwarding to the Government Printing Office.

§ 15.17  Special editorial service.

Upon written request by an appropriate agency official, the staff of the Office of the Federal Register may compile and collate Code units, as of a given date, to assist an issuing agency to prepare a document for publication in the FEDERAL REGISTER.

§ 15.18  Supplemental loose-leaf services.

The Director of the Federal Register may cooperate with agencies in developing supplemental loose-leaf services for special items in which the need would justify the cost.

## PART 16—AGENCY REPRESENTATIVES

Sec.
16.1  Designation.
16.2  Liaison duties.
16.3  Certifying duties.
16.4  Authorizing duties.

AUTHORITY: 44 U.S.C. 1506; sec. 6, E.O. 10530, 19 FR 2709; 3 CFR 1954-1958 Comp. p. 189.

§ 16.1  Designation.

(a) Each agency shall designate, from its officers or employees, persons to serve in the following capacities with relation to the Office of the Federal Register:

(1) A liaison officer and an alternate.
(2) A certifying officer and an alternate.
(3) An authorizing officer and an alternate.

The same person may be designated to serve in one or more of these positions.

(b) In choosing its liaison officer, each agency should consider that this officer will be the main contact between that agency and the Office of the Federal Register and that the liaison officer will be charged with the duties set forth in § 16.2. Therefore, the agency should choose a person who is directly involved in the agency's regulatory program.

(c) Each agency shall notify the Director of the name, title, address, and telephone number of each person it designates under this section and shall promptly notify the Director of any changes.

§ 16.2  Liaison duties.

Each liaison officer shall—

(a) Represent his agency in all matters relating to the submission of documents to the Office of the Federal Register, and respecting general compliance with this chapter;

(b) Be responsible for the effective distribution and use within his agency of FEDERAL REGISTER information on document drafting and publication assistance authorized by § 15.10 of this chapter; and

(c) Promote his agency's participation in the technical instruction authorized by § 15.10 of this chapter.

§ 16.3  Certifying duties.

The certifying officer is responsible for attaching the required number of true copies of each original document submitted by his agency to the Office of the Federal Register and for making the certification required by §§ 18.5 and 16.6 of this chapter.

§ 16.4  Authorizing duties.

The authorizing officer is responsible for furnishing, to the Director of the Federal Register, a current mailing list of officers or employees of his agency who are authorized to receive the FEDERAL REGISTER, the Code of Federal Regulations, and the Weekly Compilation of Presidential Documents for official use.

## PART 17—PUBLICATION SCHEDULES

Sec.
17.1  Receipt and processing.

REGULAR SCHEDULE

17.2  Procedure and timing for regular schedule.

EMERGENCY SCHEDULE

17.3  Criteria for emergency schedule.
17.4  Procedure and timing for emergency schedule.
17.5  Transmittal from distant points.

DEFERRED SCHEDULE

17.6  Criteria.

AUTHORITY: 44 U.S.C. 1506; sec. 6, E.O. 10530, 19 FR 2709; 3 CFR 1954-1958 Comp. p. 189.

§ 17.1  Receipt and processing.

Unless special arrangements are made with the Director of the Federal Register, the Office of the Federal Register receives documents only during official working hours. Upon receipt, each document shall be held for confidential processing until it is filed for public inspection.

REGULAR SCHEDULE

§ 17.2  Procedure and timing for regular schedule.

(a) Each document received shall be assigned to the regular schedule unless the issuing agency makes special arrangements otherwise. Receipt of a document in the ordinary course of business is considered to be a request for publication on the regular schedule.

(b) The regular schedule for publication is as follows:

| Received | Filed | Published |
|---|---|---|
| Monday | Wednesday | Thursday. |
| Tuesday | Thursday | Friday. |
| Wednesday | Friday | Monday. |
| Thursday | Monday | Tuesday. |
| Friday | Tuesday | Wednesday. |

Where a legal Federal holiday intervenes, one additional work day is added.

EMERGENCY SCHEDULE

§ 17.3  Criteria for emergency schedule.

The emergency schedule is designed to provide the fastest possible publication of a document involving the prevention, alleviation, control, or relief of an emergency situation.

§ 17.4  Procedure and timing for emergency schedule.

(a) Each agency requesting publication on the emergency schedule shall briefly describe the emergency and the benefits to be attributed to immediate publication in the FEDERAL REGISTER. The request shall be made by letter if time permits.

(b) The Director of the Federal Register shall assign a document to the emergency schedule whenever he concurs with a request for that action and it is feasible. The Director shall confirm the assignment as soon as possible.

(c) Each document assigned to the emergency schedule shall be published as soon as possible.

§ 17.5  Transmittal from distant points.

The text of a document assigned to the emergency schedule may be transmitted from a distant field installation to the Washington Office of the agency concerned by telecommunication. A certified transcription of the text may be filed in advance of receipt of the original document. The agency must file the original document at the earliest possible time. In such a case, the publication date is based on receipt of the certified transcribed copies by the Office of the Federal Register.

§ 17.6  Criteria.

A document may be assigned to the deferred schedule under the following conditions:

(a) There are technical problems, unusual tabulations, or illustrations, or the document is of such size as to require extraordinary processing time.

(b) The agency concerned requests a deferred publication date.

## PART 18—PREPARATION AND TRANSMITTAL OF DOCUMENTS GENERALLY

Sec.
18.1  Original and copies required.
18.2  Prohibition on combined documents.
18.3  Submission of documents and letters of transmittal.
18.4  Form of document.
18.5  Certified copies.
18.6  Form of certification.
18.7  Signature.
18.8  Seal.
18.9  Style.
18.10 Illustrations and tabular material.
18.11 Forms.
18.12 Preamble requirements.
18.13 Withdrawal of filed documents.
18.14 Correction of errors in documents.
18.15 Correction of errors in printing.
18.16 Highlights.
18.17 Effective dates and time periods.

AUTHORITY: 44 U.S.C. 1506; sec. 6, E.O. 10530, 19 FR 2709; 3 CFR 1954-1958 Comp. p. 189.

### § 18.1  Original and copies required.

(a) Except as provided in § 19.2 of this subchapter for Executive orders and proclamations, each agency submitting a document to be filed and published in the FEDERAL REGISTER shall send an original and two duplicate originals or certified copies. However, if the document is printed or processed on both sides, the agency shall send, in addition to the original, three duplicate originals or certified copies.

(b) In the case of a document issued outside of the District of Columbia, an agency may submit certified text in place of the original. However, it must replace the certified text with the original document as soon as practicable for filing as required by Chapter 15 of Title 44, United States Code.

### § 18.2  Prohibition on combined documents.

(a) The Director of the Federal Register may not accept a document for filing and publication if it combines material that must appear under more than one category in the FEDERAL REGISTER. For example, a document may not contain both rule making and notice of proposed rule making material.

(b) Where two related documents are to be published in the same FEDERAL REGISTER issue, the agency may arrange with the Office of the Federal Register for the insertion of cross-references in each document.

### § 18.3  Submission of documents and letters of transmittal.

(a) Each document authorized or required by law to be filed with the Office of the Federal Register, published in the FEDERAL REGISTER, or filed with the Administrative Committee shall be sent to the Director of the Federal Register.

(b) Except for cases involving special handling or treatment, there is no need for a letter of transmittal for a document submitted for filing and FEDERAL REGISTER publication.

### § 18.4  Form of document.

(a) Except as provided in paragraph (b) of this section, to be eligible for filing and publication in the FEDERAL REGISTER, a document must be typewritten on white bond paper approximately 8 by 10½ inches in size, double spaced, with a left-hand margin of approximately 1½ inches and a right-hand margin of approximately 1 inch.

(b) A printed or processed document may be accepted for filing and publication if it is suitable as an archival original. However, a photostatic copy may not be accepted as an original document.

(c) A document in the form of a letter may not be accepted for filing or publication in the rules and regulations, proposed rule making, or notices categories of the FEDERAL REGISTER.

### § 18.5  Certified copies.

(a) The certified copies or duplicate originals of each document must be attached to the original. Each copy or duplicate must be entirely clear and legible.

(b) Copies of a typewritten original may be the first two carbon copies of the ribbon original, positive photostats on paper with a matte surface, or electrostatic copies.

(c) Publication dates are determined at the time when clear and legible copies are received.

### § 18.6  Form of certification.

Each copy of each document submitted for filing and publication, except a Presidential document or a duplicate original, must be certified substantially as follows:

(Certified to be a true copy of the original)

signed by a certifying officer designated under § 16.1 of this chapter.

### § 18.7  Signature.

The original and each duplicate original document must be signed in ink, with the name and title of the official signing the document typed or stamped beneath his signature. Initialed or impressed signatures may not be accepted.

### § 18.8  Seal.

Use of a seal on an original document or certified copy is optional with the issuing agency.

### § 18.9  Style.

Each agency submitting a document for filing and publication shall prepare it in accordance with the following:

(a) Punctuation, capitalization, spelling, and other matters of style must conform, in general, to the current edition of the U.S. Government Printing Office Style Manual.

(b) The spelling of geographic names must conform to the decisions of the Board on Geographic Names, established by section 2 of the act of July 25, 1947, 61 Stat. 456 (43 U.S.C. 364a).

(c) Descriptions of land must conform, so far as practicable, to the current edition of the "Specifications for Descriptions of Tracts of Land for Use in Executive Orders and Proclamations" prepared by the Bureau of Land Management, Department of the Interior.

### § 18.10  Illustrations and tabular material.

(a) An original drawing, or a clear reproduction, of each map, chart, graph, or other illustration that is found to be a necessary part of a document to be filed and published may be accepted only after submission to the Director of the Federal Register at least 6 working days before the date on which publication is desired.

(b) A clear and legible reproduction of the original illustration, approximately 8 by 10½ inches, shall be included in the original document and each certified copy.

(c) Tabular material consisting of more than two typewritten pages that is to be a part of a document to be filed and published shall be submitted to the Director at least 6 working days before the date on which publication is desired.

### § 18.11  Forms.

Except when considered necessary by the Director of the Federal Register, tabulated blank forms for applications, registrations, reports, contracts, and similar items, and the instructions for preparing the forms, may not be published in full. In place thereof, the agency concerned shall submit for publication a simple statement describing the purpose and use of each form and stating the places at which copies may be obtained.

### § 18.12  Preamble requirements.

Each notice of proposed rule making and final rule making document shall conform to the following:

(a) There must be a clear preamble statement that describes the contents of the document in a manner sufficient to apprise a reader, who is not an expert in the subject area, of the general subject matter of the rule making document.

(b) To the extent practicable, the preamble statement for a proposed rule making document should also discuss the major issues involved in, and the reasons for, the proposed rules.

(c) To the extent practicable, the preamble statement for a rule or regulation that was preceded by a notice of proposed rule making, should also indicate in general terms the principal differences, if any, between the rules as proposed and the rules as adopted.

### § 18.13  Withdrawal of filed documents.

A document that has been filed with the Office of the Federal Register and placed on public inspection as required by this chapter, may be withdrawn from publication by the submitting agency only by a timely written instrument revoking that document, signed by a duly authorized representative of the agency. Both the original and the revoking document shall remain on file.

§ 18.14 Correction of errors in documents.

After a document has been filed for public inspection and publication, a substantive error in the text may be corrected only by the filing of another document effecting the correction.

§ 18.15 Correction of errors in printing.

Typographical or clerical errors made in the printing of the FEDERAL REGISTER shall be corrected by insertion of an appropriate notation or a reprinting in the FEDERAL REGISTER published without further agency documentation, if the Director of the Federal Register determines that—

(a) The error would tend to confuse or mislead the reader; or

(b) The error would affect text subject to codification.

§ 18.16 Highlights.

(a) Except as provided in paragraph (b) of this section, each agency which submits a document for publication in the FEDERAL REGISTER shall furnish with the document two copies of a descriptive catchword or phrase and a brief statement that:

(1) Names the agency issuing the document;

(2) Identifies the principal subject of the document; and

(3) States any important dates, such as closing date for comments, hearing date, or effective date.

The language of the statement submitted under this section and the headings required by Parts 17 and 22 of this chapter may be the same whenever appropriate. The following are examples of the kinds of statements intended by this requirement:

DETERGENTS—Proposed FTC labeling and advertising requirements for synthetic detergents—comment period ends 4-19-72; public hearing 4-26-72.

COAL MINE SAFETY—Interior Department procedures to assess civil penalties for violations—effective 1-16-73.

(b) A statement need not be submitted with a document that is making nonsubstantive changes that are corrective or editorial in nature. The Director of the Federal Register may grant additional exceptions to the requirements of this section. The Director shall publish once each month in the FEDERAL REGISTER a list of the classes of documents exempted under this section during the preceding month, stating the agency involved and the document or class of documents.

(c) Selected statements submitted under this section shall be included in a highlights listing which will be printed in a prominent place in the daily FEDERAL REGISTER. The Director shall exercise final editorial control over the wording of each statement and make the final determination as to its inclusion in the highlights listing.

(d) Neither failure to submit a statement under this section, nor failure to print such a statement in the highlights listing in the FEDERAL REGISTER affects the legal status of a document printed in the FEDERAL REGISTER. Highlights listings printed in the FEDERAL REGISTER are intended solely to serve as an aid to readers and the wording of a listed item is not intended to interpret the language of the document. FEDERAL REGISTER readers should continue to use the Table of Contents to identify the documents published in each issue and the text of a document to determine its legal effect.

§ 18.17 Effective dates and time periods.

(a) Whenever practicable, each document submitted for publication in the FEDERAL REGISTER should set forth dates certain. Thus, a document should state "all comments received before July 3, 1972, will be considered" or "this amendment takes effect July 3, 1972," rather than stating a time period measured by a certain number of days after publication in the FEDERAL REGISTER. Where a document does contain a time period rather than a date certain, the FEDERAL REGISTER staff will insert a date certain to be computed as set forth in paragraph (b) of this section.

(b) Dates certain will be computed by counting the day after the publication day as one, and by counting each succeeding day, including Saturdays, Sundays, and holidays. However, where the final count would fall on a Saturday, Sunday, or holiday, the date certain will be the next succeeding Federal business day.

PART 19—EXECUTIVE ORDERS AND PRESIDENTIAL PROCLAMATIONS

Sec.
19.1 Form.
19.2 Routing and approval of drafts.
19.3 Routing and certification of originals and copies.
19.4 Proclamations calling for the observance of special days or events.
19.5 Proclamations of treaties excluded.
19.6 Definition.

NOTE: The provisions of this Part 19 derived from sections 1 to 6 of Executive Order 11030, 27 FR 5847, 3 CFR 1959–1963 Comp., p. 610, and E.O. 11354, 32 FR 7695, 1966–1970 Comp., p. 652.

§ 19.1 Form.

Proposed Executive orders and proclamations shall be prepared in accordance with the following requirements:

(a) The order or proclamation shall be given a suitable title.

(b) The order or proclamation shall contain a citation of the authority under which it is issued.

(c) Punctuation, capitalization, spelling, and other matters of style shall, in general, conform to the most recent edition of the U.S. Government Printing Office Style Manual.

(d) The spelling of geographic names shall conform to the decisions of the Board on Geographic Names, established by section 2 of the act of July 25, 1947, 61 Stat. 456 (43 U.S.C. 364a).

(e) Descriptions of tracts of land shall conform, so far as practicable, to the most recent edition of the "Specifications for Descriptions of Tracts of Land for Use in Executive Orders and Proclamations," prepared by the Bureau of Land Management, Department of the Interior.

(f) Proposed Executive orders and proclamations shall be typewritten on paper approximately 8 x 13 inches, shall have a left-hand margin of approximately 1½ inches and a right-hand margin of approximately 1 inch, and shall be double-spaced except that quotations, tabulations, and descriptions of land may be single-spaced.

(g) Proclamations issued by the President shall conclude with the following-described recitation:

IN WITNESS WHEREOF, I have hereunto set my hand this _____ day of _____, in the year of our Lord _____ and of the Independence of the United States of America the _____.

§ 19.2 Routing and approval of drafts.

(a) A proposed Executive order or proclamation shall first be submitted, with seven copies thereof, to the Director of the Office of Management and Budget, together with a letter, signed by the head or other properly authorized officer of the originating Federal agency, explaining the nature, purpose, background, and effect of the proposed Executive order or proclamation and its relationship, if any, to pertinent laws and other Executive orders or proclamations.

(b) If the Director of the Office of Management and Budget approves the proposed Executive order or proclamation, he shall transmit it to the Attorney General for his consideration as to both form and legality.

(c) If the Attorney General approves the proposed Executive order or proclamation, he shall transmit it to the Director of the Office of the Federal Register, National Archives and Records Service, General Services Administration: Provided, That in cases involving sufficient urgency the Attorney General may transmit it directly to the President: And provided further, That the authority vested in the Attorney General by this section may be delegated by him, in whole or in part, to the Deputy Attorney General, Solicitor General, or to such Assistant Attorney General as he may designate.

(d) After determining that the proposed Executive order or proclamation conforms to the requirements of § 19.1 and is free from typographical or clerical error, the Director of the Office of the Federal Register shall transmit it and three copies thereof to the President.

(e) If the proposed Executive order or proclamation is disapproved by the Director of the Office of Management and Budget or by the Attorney General, it shall not thereafter be presented to the President unless it is accompanied by a statement of the reasons for such disapproval.

§ 19.3 Routing and certification of originals and copies.

(a) If the order or proclamation is signed by the President, the original and two copies shall be forwarded to the Di-

Attachment 5 - page 9 of 14

rector of the Federal Register for publication in the FEDERAL REGISTER.

(b) The Office of the Federal Register shall cause to be placed upon the copies of all Executive orders and proclamations forwarded as provided in paragraph (a) of this section the following notation, to be signed by the Director or by some person authorized by him to sign such notation: "Certified to be a true copy of the original."

§ 19.4  Proclamations calling for the observance of special days or events.

Except as may be otherwise provided by law, responsibility for the preparation and presentation of proposed proclamations calling for the observance of special days, or other periods of time, or events, shall be assigned by the Director of the Office of Management and Budget to such agencies as he may consider appropriate. Such proposed proclamations shall be submitted to the Director at least 60 days before the date of the specified observance.

§ 19.5  Proclamations of treaties excluded.

Consonant with the provisions of Chapter 15 of Title 5 of the United States Code (44 U.S.C. 1511), nothing in these regulations shall be construed to apply to treaties, conventions, protocols, or other international agreements, or proclamations thereof by the President.

§ 19.6  Definition.

The term "Presidential proclamations and Executive orders," as used in Chapter 15 of Title 5 of the United States Code (44 U.S.C. 1505(a)), shall, except as the President or his representative may hereafter otherwise direct, be deemed to include such attachments thereto as are referred to in the respective proclamations or orders.

PART 20—HANDLING OF UNITED STATES GOVERNMENT ORGANIZATION MANUAL STATEMENTS

Sec.
20.1  Liaison officers.
20.2  Preparation of agency statements.
20.3  Organization.
20.4  Description of program activities.
20.5  Sources of information.
20.6  Form, style, arrangement, and apportionment of space.
20.7  Deadline dates.

AUTHORITY: 44 U.S.C. 1506; sec. 6, E.O. 10530, 19 FR 2709; 3 CFR 1954-1958 Comp. p. 189.

§ 20.1  Liaison officers.

Each of the following shall appoint an officer to maintain liaison with the Office on matters relating to the United States Government Organization Manual:

(a) Agencies of the legislative and judicial branches.

(b) Executive agencies that do not have a liaison officer designated under § 16.1 of this chapter or who wish to appoint a liaison officer for Manual matters other than the one designated under such § 16.1.

(c) Quasi-official agencies represented in the Manual.

(d) Any other agency that the Director believes should be included in the Manual.

Each liaison officer will insure his agency's compliance with Part 9 of this chapter and this Part 20.

§ 20.2  Preparation of agency statements.

In accordance with schedules established under § 20.7 each agency shall submit for publication in the Manual an official draft of the information required by § 9.2 of this chapter and this Part 20.

§ 20.3  Organization.

(a) Information about lines of authority and organization may be reflected in a chart if the chart clearly delineates the agency's organizational structure. Charts must be submitted in duplicate in the form of clear prints suitable for photographing. Charts should be prepared so as to be perfectly legible when reduced to the size of a Manual page. Charts that do not meet this requirement will not be included in the Manual.

(b) Listings of heads of operating units should be arranged wherever possible to reflect relationships between units.

(c) Verbal descriptions of organization that duplicate information conveyed by charts or by lists of officials will not be published in the Manual.

§ 20.4  Description of program activities.

Descriptions should state clearly the public purposes that the agency serves, and the programs that carry out those purposes. Detailed descriptions of the responsibilities of individuals will not be accepted for publication in the Manual.

§ 20.5  Sources of information.

Pertinent sources of information useful to the public, in areas of public interest such as employment, consumer activities, contracts, services to small business, and other topics of public interest should be provided with each agency statement. These sources of information shall plainly identify the places at which the public may obtain information or make submittals or requests.

§ 20.6  Form, style, arrangement and apportionment of space.

The form, style, and arrangement of agency statements and other material included in the Manual and the apportionment of space therein shall be determined by the Director of the Federal Register. The U.S. Government Printing Office Style Manual is the applicable reference work in determining style.

§ 20.7  Deadline dates.

The Manual is published on a schedule designed to provide the public with information about their Government on a timely basis. Therefore, agencies must comply with the deadline dates established by the Director of the Federal Register for transmittal of statements and charts and for the verification of proofs. Failure to do so may result in publication of an outdated statement or the omission of important material, thus depriving members of the public of information they have a right to expect in a particular edition of the Manual.

PART 21—PREPARATION OF DOCUMENTS SUBJECT TO CODIFICATION

Subpart A—General

Sec.
21.1  Drafting.
21.2  [Reserved]
21.3  [Reserved]
21.4  Descriptions of organization.
21.5  Separate documents for each title and chapter amended.
21.6  Notice of expiration of codified material.

CODE STRUCTURE

21.7  Titles and subtitles.
21.8  Chapters and subchapters.
21.9  Parts, subparts, and undesignated center heads.
21.10  Sections.

NUMBERING

21.11  Divisions of the Code of Federal Regulations.
21.12  Reservation of numbers.
21.13  Addition of new units between existing units.
21.14  Keying to agency numbering systems.
21.15  Statements of policy and interpretations.

HEADINGS

21.16  Required Code headings.
21.17  Additional captions.
21.18  Tables of contents.
21.19  Composition of part headings.

AMENDMENTS

21.20  General requirements.

REFERENCES

21.21  General requirements.
21.22  References between or within titles.
21.23  Parallel citations of Code and FEDERAL REGISTER.
21.24  References to 1938 Edition of Code.

EFFECTIVE DATE STATEMENT

21.30  General.

Subpart B—Citations of Authority

21.40  General requirements.
21.41  Agency responsibility.
21.42  Exceptions.

PLACEMENT

21.43  Coverage.
21.44  Documents involving various amendments.
21.45  Nonstatutory authority.

FORM

21.51  General.
21.52  Statutory materials.
21.53  Nonstatutory materials.

AUTHORITY: 44 U.S.C. 1506; sec. 6, E.O. 10530, 19 FR 2709; 3 CFR 1954-1958 Comp. p. 189.

Subpart A—General

§ 21.1  Drafting.

(a) Each agency that prepares a document that is subject to codification shall draft it as an amendment to the

Code of Federal Regulations, in accordance with this subchapter, before submitting it to the Office of the Federal Register.

(b) The agency shall place a promulgation statement in the document precisely describing the relationship of the new provisions to the Code.

§§ 21.2, 21.3 [Reserved]

§ 21.4 Descriptions of organization.

The Director of the Federal Register may designate documents submitted under section 552(a)(1)(A) of Title 5, United States Code, as "documents subject to codification" under special agreement with the issuing agency. The agreement must be in writing, signed by the head of the agency, or his designee, and stating that—

(a) Publication in the Code is necessary or desirable for the effective discharge of the agency's functions or activities; and

(b) Publication in the Code may be discontinued by the Administrative Committee for failure of the agency to keep publication current.

§ 21.5 Separate documents for each title and chapter amended.

Whenever an agency is taking an action that will amend more than one title, or more than one chapter, of the Code of Federal Regulations, it shall prepare a separate document for each title and each chapter that is to be amended.

§ 21.6 Notice of expiration of codified material.

(a) Whenever a document subject to codification expires after a specified period by its own terms or by law, the issuing agency shall submit a notification by document for publication in the FEDERAL REGISTER.

(b) If the preparation of the document is not practicable, the agency shall send a timely notice, in writing, to the Director of the Federal Register, stating that the document is no longer in effect, citing the pertinent terms.

CODE STRUCTURE

§ 21.7 Titles and subtitles.

(a) The major divisions of the Code are titles, each of which brings together broadly related Government functions.

(b) Subtitles may be used to distinguish between materials emanating from an overall agency and the material issued by its various components. Subtitles may also be used to group chapters within a title.

§ 21.8 Chapters and subchapters.

(a) The normal divisions of a title are chapters, assigned to the various agencies within a title descriptive of the subject matter covered by the agencies' regulations.

(b) Subchapters may be used to group related parts within a chapter.

§ 21.9 Parts, subparts, and undesignated center heads.

(a) The normal divisions of a chapter are parts, consisting of a unified body of regulations applying to a specific function of an issuing agency or devoted to specific subject matter under the control of that agency.

(b) Subparts or undesignated center heads may be used to group related sections within a part. Undesignated center heads may also be used to group sections within a subpart.

§ 21.10 Sections.

(a) The normal divisions of a part are sections. Sections are the basic units of the Code.

(b) When internal division is necessary, a section may be divided into paragraphs, and paragraphs may be further subdivided using the lettering indicated in § 21.11.

NUMBERING

§ 21.11 Divisions of the Code of Federal Regulations.

(a) Titles are numbered consecutively in Arabic throughout the Code.

(b) Subtitles are lettered consecutively in capitals throughout the title.

(c) Chapters are numbered consecutively in Roman capitals throughout each title.

(d) Subchapters are lettered consecutively in capitals throughout the chapter.

(e) Parts are numbered in Arabic throughout each title.

(f) Subparts may be lettered in capitals or be undesignated.

(g) Sections are numbered in Arabic throughout each part. A section number includes the number of the part followed by a decimal point and the number of the section. For example, the section number for section 15 of Part 21 is "§ 21.15".

(h) The lettering for divisions of a section is as follows:

| Division | Illustrative lettering |
|---|---|
| Paragraph | (a), (b), etc. |
| Further subdivision of a paragraph | (1), (2), etc.<br>(i), (ii), etc.<br>(A), (B), etc.<br>(*1*), (*2*), etc.<br>(*i*), (*ii*), etc. |

§ 21.12 Reservation of numbers.

In a case where related parts or related sections are grouped under a heading, numbers shall be reserved at the end of each group to allow for expansion.

§ 21.13 Addition of new units between existing units.

(a) Whenever it is necessary to introduce a new part or section between existing consecutive parts or sections, the new part or section shall be designated by the addition of a lower case letter to the number of the preceding part or section. For example, a part inserted between Parts 31 and 32 is numbered "31a", and a section inserted between § 31.1 and § 31.2 is numbered "§ 31.1a".

(b) Whenever it is necessary to insert a paragraph between existing consecutive paragraphs, and revision of the entire paragraph is not desired, the new paragraph shall be designated by the addition of a hyphen and an Arabic number to the letter designating the preceding paragraph. For example, a paragraph inserted between paragraph (a) and (b) is designated "(a-1)".

§ 21.14 Keying to agency numbering systems.

The Director of the Federal Register may allow the keying of section numbers to correspond to a particular numbering system used by an agency only when, in his opinion, the keying will benefit both that agency and the public.

§ 21.15 Statements of policy and interpretations.

(a) Whenever a statement of general policy or an interpretation, submitted pursuant to section 552(a)(1)(D) of Title 5, United States Code, applies to an entire part, it shall be included in or appended to that part.

(b) Whenever a statement of general policy or an interpretation applies to a specific section it shall be appended to that section.

(c) Statements of policy and interpretations that are broader in scope than those covered by paragraphs (a) and (b) of this section shall be assigned to a part or group of parts within the chapter affected.

HEADINGS

§ 21.16 Required Code headings.

(a) The title, chapter, and part headings, in that order, shall be set forth in full on separate lines at the beginning of each document. Subtitle, subchapter, and subpart headings shall, if applicable, also be set forth.

(b) Each section shall have a brief descriptive heading, preceding the text, on a separate line.

§ 21.17 Additional captions.

(a) For the purpose of publication in the FEDERAL REGISTER, a brief caption more specifically describing the scope of a document constituting a partial amendment of the material in a part shall be provided immediately below the part heading.

(b) An agency that uses regulation numbers or other identifying symbols shall place them in brackets centered immediately above the part heading.

§ 21.18 Tables of contents.

A table of contents shall be used at the beginning of the part whenever a new part is introduced, an existing part is completely revised, or a group of sections is revised or added and set forth as a subpart or otherwise separately grouped under a center head. The table shall follow the part heading and precede the text of the regulations in that part. It shall also list the headings for the subparts, undesignated center headings, and sections in the part.

§ 21.19 Composition of part headings.

Each part heading shall indicate briefly the general subject matter of the part. Phrases such as "Regulations under the Act of July 28, 1955" or other expressions that are not descriptive of the sub-

ject matter may not be used. Introductory expressions such as "Regulations governing" and "Rules applicable to" may not be used.

## AMENDMENTS

### § 21.20 General requirements.

(a) Each amendatory document shall identify in specific terms the unit amended, and the extent of the changes made.

(b) The number and heading of each section amended shall be set forth in full on a separate line.

## REFERENCES

### § 21.21 General requirements.

(a) Each reference to the Code of Federal Regulations shall be in terms of the specific titles, chapters, parts, sections, and paragraphs involved. Ambiguous references such as "herein", "above", "below", and similar expressions may not be used.

(b) Each document that contains a reference to material published in the Code shall include the Code citation as a part of the reference.

### § 21.22 References between or within titles.

Unless the meaning is otherwise precisely expressed and an undue or awkward repetition would result, the following references shall be used:

(a) *Between titles.* When reference is made to material codified in a title other than that in which the reference occurs, the short form of citation shall be used. For example, a reference within Title 41 to § 2.4 of Title 1 is "1 CFR 2.4".

(b) *Within titles.* When reference is made to material codified in the same title, the following forms shall be used, as appropriate:

    Chapter _____ of this title.
    Part _____ of this title.
    § _____ of this title.

(c) *Within chapters.* When reference is made to material codified in the same chapter, the following forms shall be used, as appropriate:

    Part _____ of this chapter.
    § _____ of this chapter.

(d) *Within sections.* When reference is made to material codified in the same section, the following forms shall be used, as appropriate:

    Paragraph (_____) of this section.

### § 21.23 Parallel citations of Code and Federal Register.

For parallel reference, the Code of Federal Regulations and the FEDERAL REGISTER may be cited in the following forms, as appropriate:

    _____ CFR _____ (_____ FR _____).
    § _____ of this chapter (_____ FR _____).

### § 21.24 References to 1938 edition of Code.

When reference is made to material codified in the 1938 edition of the Code of Federal Regulations, or a supplement thereto, the following forms may be used, as appropriate:

    _____ CFR, 1938 Ed., _____
    _____ CFR, 1943, Cum. Supp., _____
    _____ CFR, 1946 Supp., _____

## EFFECTIVE DATE STATEMENT

### § 21.30 General.

Each document subject to codification shall include a clear statement as to the date or dates upon which its contents become effective.

## Subpart B—Citations of Authority

### § 21.40 General requirements.

(a) Each section in a document subject to codification shall include, or be covered by, a complete citation of the authority under which the section is issued, including—

(1) General or specific authority delegated by statute; and

(2) Executive delegations, if any, necessary to link the statutory authority to the issuing agency.

### § 21.41 Agency responsibility.

(a) Each issuing agency is responsible for the accuracy and integrity of the citations of authority in the documents it issues.

(b) Each issuing agency shall formally amend the citations of authority in its codified material to reflect any changes therein.

### § 21.42 Exceptions.

The Director of the Federal Register may make exceptions to the requirements of this subpart relating to placement and form of citations of authority whenever he determines that strict application would impair the practical use of the citations.

## PLACEMENT

### § 21.43 Coverage.

(a) *Single section.* Authority covering a single section shall be cited in parentheses on a separate line immediately following the text of the section. For example:

(Sec. 5, Pub. L. 89-670, 80 Stat. 935 (49 U.S.C. 1654))

(b) *Blanket coverage.* Authority covering two or more consecutive sections shall be cited following the word "AUTHORITY" and placed as a text note immediately preceding the first section of the group. For example:

AUTHORITY: Sec. 5, Pub. L. 89-670, 80 Stat. 935 (49 U.S.C. 1654).

(c) *Combined blanket and separate coverage.* Whenever individual sections within a group covered by a blanket citation reflect additional authority, a combined form shall be used. For example:

AUTHORITY: Sec. 5, Pub. L. 89-670, 80 Stat. 935 (49 U.S.C. 1654), unless otherwise noted.

(d) *Combined blanket coverage.* Whenever a group of two or more consecutive sections within a broader group covered by a blanket citation reflects the same additional authority, a combined blanket citation shall be used. For example:

AUTHORITY: Sec. 5, Pub. L. 89-670, 80 Stat. 935 (49 U.S.C. 1654). §§ 7.1 to 7.11 also issued under sec. 312, Pub. L. 85-726, 72 Stat. 752 (49 U.S.C. 1354).

### § 21.44 Documents involving various amendments.

(a) Whenever a document prescribes several amendments issued under common authority, the citation to that authority shall be placed in parentheses on a separate line after the last amendment.

(b) Whenever a document prescribes several amendments issued under varying authorities, each amendment shall be followed by the appropriate citation in parentheses on a separate line.

### § 21.45 Nonstatutory authority.

Citation to a document as authority shall be placed after the statutory citations. For example:

AUTHORITY: Sec. 9, Pub. L. 89-670, 80 Stat. 944 (49 U.S.C. 1657), E.O. 11322, 30 FR 6469, 3 CFR 1965 Comp.

## FORM

### § 21.51 General.

(a) Formal citations of authority shall be in the shortest form compatible with positive identification and ready reference.

(b) The Office of the Federal Register shall assist agencies in developing model citations.

### § 21.52 Statutory materials.

(a) *Public laws.* Citations to current public laws shall include reference to the volume and page of the U.S. Statutes at Large to which they have been assigned. For example:

Sec. 5, Pub. L. 89-670, 80 Stat. 935 (49 U.S.C. 1654)

(b) *U.S. Statutes at Large.* Citations to the U.S. Statutes at Large shall refer to section, page, and volume. The page number should refer to the page on which the section cited begins. If the cited material is contained in a title of the United States Code that has not been positively enacted, the parallel United States Code citation shall also be given. For example:

Sec. 5, Pub. L. 89-670, 80 Stat. 935 (49 U.S.C. 1654); sec. 312, Pub. L. 85-726, 72 Stat. 752 (49 U.S.C. 1354)

(c) *Positive law titles of the United States Code.* Citations to titles of the United States Code that have been enacted into positive law (such as 1, 5, 10, etc.) shall be cited as follows, without public law or U.S. Statutes at Large citation:

10 U.S.C. 501.

### § 21.53 Nonstatutory materials.

Nonstatutory documents shall be cited by document designation and by FEDERAL REGISTER volume and page, followed, if possible, by the parallel citation to the Code of Federal Regulations. For example:

Special Civil Air Reg. SR-422A, 23 FR 6703, 14 CFR Part 4b, E.O. 11130, 28 FR 12789; 3 CFR 1959-1963 Comp.

**RULES AND REGULATIONS**

## PART 22—PREPARATION OF NOTICES AND RULE MAKING PROPOSALS

NOTICES IN GENERAL

Sec.
22.1 Name of issuing agency and subdivision.
22.2 Authority citation.

NOTICES OF PROPOSED RULE MAKING

22.5 General requirements.
22.6 Code designation.
22.7 Codification.

AUTHORITY: 44 U.S.C. 1506; sec. 6, E.O. 10530, 19 FR 2709; 3 CFR 1954–1958 Comp. p. 189.

NOTICES IN GENERAL

§ 22.1 Name of issuing agency and subdivision.

(a) The name of the agency issuing a notice shall be placed at the beginning of the document.

(b) Whenever a specific bureau, service, or similar unit within an agency issues a notice, the name of that bureau, service, or unit shall be placed on a separate line below the name of the agency.

(c) An agency that uses file numbers, docket numbers, or similar identifying symbols shall place them in brackets immediately below the other headings required by this section.

(d) A suitable short title identifying the subject shall be provided beginning on a separate line immediately after the other required caption or captions. Whenever appropriate, an additional brief caption indicating the nature of the document shall be used.

§ 22.2 Authority citation.

The authority under which an agency issues a notice shall be cited in narrative form within text or in parentheses on a separate line following text.

NOTICES OF PROPOSED RULE MAKING

§ 22.5 General requirements.

Each notice of proposed rule making required by section 553 of title 5, United States Code, or any other statute, and any similar notice voluntarily issued by an agency shall include a statement of—
(a) The time, place, and nature of public rule making proceedings; and
(b) Reference to the authority under which the regulatory action is proposed.

§ 22.6 Code designation.

The area of the Code of Federal Regulations directly affected by a proposed regulatory action shall be identified by placing the appropriate CFR citation in brackets immediately below the name of the issuing agency. For example:

[1 CFR Part 22]

§ 22.7 Codification.

Any part of a notice of proposed rule making document that contains the full text of a proposed regulation shall also conform to the pertinent provisions of Part 21 of this chapter.

[FR Doc.72–18989 Filed 11–3–72;8:51 am]

## Chapter II—Office of the Federal Register

## PART 51—INCORPORATION BY REFERENCE

The purpose of this amendment is to adopt a revised regulation governing the incorporation by reference of material outside the Code of Federal Regulations in Federal Register documents. This amendment is based on a notice of proposed rule making published in the FEDERAL REGISTER on April 4, 1972 (37 F.R. 6805).

Several of the commenters expressed general opposition to the use of "incorporation by reference" in Federal Register documents and recommended against adoption of proposed Part 51. With respect to these comments, it should be pointed out that specific congressional authority for the use of incorporation by reference has existed since 1967 (5 U.S.C. 552(a)) and that proposed Part 51 is for the most part a revision of 1 CFR Part 20, which was originally adopted the same year. Thus, adoption of Part 51 is not an invitation to increased usage of incorporation by reference. Actually, as was discussed in the notice of proposed rule making, in several respects revised Part 51 imposes more restrictions and places more control in the Director of the Federal Register than did the previous regulations.

One commenter suggested that the proposed regulations appear to apply to notice of proposed rule making documents although 5 U.S.C. 552(a) applies only to final rule making documents. To clarify this, a new paragraph (e) has been added to § 51.1. This new provision also encourages agencies to consult with the office of the Federal Register with respect to the requirements of Part 51 before submission of proposed rule making documents. In this way agencies can avoid problems that might surface after a document has gone through notice and public comment.

Another commenter pointed out that the use of incorporation by reference in a proposed rule making document can affect the reasonableness of the time period for public comment. This commenter made the valid point that sometimes it takes weeks to obtain a technical document proposed to be incorporated by reference and that little time may be left for review and submission of comments. While this comment is outside the scope of the proposed regulation, agencies are urged to consider this factor in establishing the comment period.

One commenter pointed out that, as proposed, § 51.10(c) would require the republication of a document or a portion thereof, whenever a document containing an incorporation by reference is published in the FEDERAL REGISTER without the Director's advance approval. The commenter suggested that a more flexible approach might be warranted since the incorporation by reference might well be one that the Director would be willing to approve after publication and that in such a case republication would serve no useful purpose. Section 51.10(c) has been rewritten to make it clear that the mere publication in the FEDERAL REGISTER of a document containing an incorporation by reference is not of itself approval by the Director of that incorporation. In such a situation, the Director will review the document after publication and the proper corrective action can be worked out between the agency and the Director.

In consideration of the foregoing, and after considering all relevant comments received, Part 51 is adopted as proposed with the following changes:

1. A new paragraph (e) is added to § 51.1.
2. A new paragraph (c) is added to § 51.10.
3. Section 51.12 is revised.

*Effective date.* This amendment is effective January 2, 1973.

FRED J. EMERY,
*Director of the Federal Register.*

GENERAL

Sec.
51.1 Policy.
51.2 Matter eligible.
51.3 Distinctions.
51.4 Elements on which approval may be based.
51.5 Filing.

DRAFTING STANDARDS

51.6 Language of incorporation.
51.7 Identification and description.
51.8 Statement of availability.

PUBLICATION PROCEDURES

51.10 Advance consultation.
51.11 Letter transmitting final document.
51.12 Stamp of approval.

AUTHORITY: The provisions of this Part 51 issued under 5 U.S.C. 552(a).

GENERAL

§ 51.1 Policy.

(a) Section 552(a) of Title 5, United States Code, provides, in part, that "matter reasonably available to the class of persons affected thereby is deemed published in the FEDERAL REGISTER when incorporated by reference therein with the approval of the Director of the Federal Register."

(b) The Director will strictly interpret the language quoted in paragraph (a) of this section to provide fairness and uniformity in administrative proceedings involving publication in the FEDERAL REGISTER.

(c) The Director will interpret and apply the language quoted in paragraph (a) of this section with full regard to the significance of related instruments governing publication in the FEDERAL REGISTER and the Code of Federal Regulations. Related instruments include—
(1) Subchapter II of Chapter 5 of Title 5, United States Code;
(2) Chapter 15 of Title 44, United States Code;
(3) Chapter I of this title; and

(4) Special statutory provisions listed in appendix B to Chapter I of this title, that require publication in the FEDERAL REGISTER.

(d) The Director will assume that the language quoted in paragraph (a) of this section is—

(1) Designed to cover the limited purposes of section 552(a) of title 5, United States Code;

(2) Intended to benefit both the Federal Government and the members of the classes affected by reducing the volume of matter printed in the FEDERAL REGISTER; and

(3) Not intended to detract from the legal or practical attributes of the system established under the basic instruments listed in paragraph (c) of this section.

(e) While the requirements of 5 U.S.C. 552(a) and of this part apply to a final rule making document, issuing agencies are encouraged to consult the Office of the Federal Register with respect to the requirements of this part before submitting for publication a notice of proposed rule making document that contains an incorporation by reference.

§ 51.2 Matter eligible.

To be eligible for incorporation by reference, under section 552(a) of Title 5, United States Code, in a document to be published in the FEDERAL REGISTER, material must conform to the policy stated in § 51.1 and be in the nature of published data, criteria, standards, specifications, techniques, illustrations, or other published information reasonably available to the members of the class that would be affected by the publication.

§ 51.3 Distinctions.

(a) *Ordinary references.* For the purposes of this part, informational references and cross references that do not purport to incorporate outside matter within a FEDERAL REGISTER document are not considered to be legal incorporations by reference under section 552(a) of Title 5, United States Code.

(b) *Regulations governing availability of agency issuances.* Regulations governing the availability of agency issuances are not considered to be legal incorporation by reference under section 552(a) of Title 5, United States Code.

§ 51.4 Elements on which approval may be based.

The Director of the Federal Register will approve an incorporation by reference only when the following considerations are favorable and reasonably stable:

(a) The matter is eligible.

(b) Incorporation will substantially reduce the volume of material published in the FEDERAL REGISTER.

(c) The matter incorporated is in fact available to the extent necessary to afford fairness and uniformity in the administrative process.

(d) The incorporating document is drafted and submitted for publication in accordance with this part.

§ 51.5 Filing.

Copies of material approved for incorporation by reference including copies of all amendments or revisions to that material, shall be filed with the Office of the Federal Register.

DRAFTING STANDARDS

§ 51.6 Language of incorporation.

(a) The language incorporating material by reference shall be as precise and complete as possible.

(b) The words expressing the incorporation shall make it clear that the incorporation by reference is intended and completed by the document in which it appears.

§ 51.7 Identification and description.

(a) Each incorporation by reference shall include an identification and subject description of the matter incorporated, in terms as precise and useful as practicable within the limits of reasonable brevity.

(b) Titles, dates, editions, numbers, authors, and publishers shall be stated whenever they would contribute to clear identification.

(c) A brief subject description shall be included to inform the user of his potential need to obtain the matter incorporated.

§ 51.8 Statement of availability.

(a) *Information.* Each incorporation by reference shall include a statement covering the availability of the material incorporated, including current information as to where and how copies of it may be examined and be readily obtained with maximum convenience to the user.

(b) *Official showing.* Inclusion of the statement required by paragraph (a) of this section constitutes an official showing by the issuing agency that the material incorporated is, in fact, reasonably available to the class of persons affected.

(c) *Future amendments or revisions.* In any case in which incorporated material will be subject to change, the statement required by paragraph (a) of this section shall set forth that information. However, the incorporation of material in a FEDERAL REGISTER document by reference is limited to the material as it exists on the effective date of the document. Future amendments or revisions of material incorporated by reference are not included. They may be added as they become available, or at any later time, by the issuance of an amendatory document. Separate approval of the Director of the incorporation of each amendment whose original incorporation was approved need not be obtained if all other requirements of this part are met.

PUBLICATION PROCEDURES

§ 51.10 Advance consultation.

(a) To avoid delay, each issuing agency shall consult in advance with the Director of the Federal Register regarding the approval of any specific incorporation by reference. The consultation should take place at least 10 working days before the proposed date of submission of the document.

(b) After completion of the consultation, the Director will notify the agency of his decision, at least 5 working days before the proposed date of submission of the document.

(c) Publication in the FEDERAL REGISTER of a document containing an incorporation by reference does not, of itself, constitute approval by the Director of the incorporation by reference.

§ 51.11 Letter transmitting final document.

Each agency submitting a document under this part shall send with it a letter of transmittal covering the matter of incorporation by reference and referring specifically to the advance consultation.

§ 51.12 Stamp of approval.

(a) Whenever the Director of the Federal Register accepts a document under this part a statement will be printed in the FEDERAL REGISTER as part of the document substantially as follows:

Incorporation by reference provisions approved by the Director of the Federal Register _____
(date)

[FR Doc.72-18800 Filed 11-3-72;8:51 am]

Attachment 5 - page 14 of 14