# ATTACHMENT

# Q

## PART 602—OMB CONTROL NUMBERS UNDER THE PAPERWORK REDUCTION ACT

■ **Par. 4.** The authority citation for part 602 continues to read as follows:

**Authority:** 26 U.S.C. 7805.

■ **Par. 5.** In § 602.101, paragraph (b) is amended by revising the following entry in to the table to read as follows:

**§ 602.101  OMB control numbers.**

\* \* \* \* \*

(b) \* \* \*

| CFR part or section where identified and described | Current OMB control No. |
|---|---|
| \*   \*   \*   \*   \* | |
| 1.45G–1T | 1545–2031 |
| \*   \*   \*   \*   \* | |

**LaNita Van Dyke,**
*Chief, Publications and Regulations Branch, Legal Processing Division, Associate Chief Counsel, (Procedure and Administration).*
[FR Doc. E6–20799 Filed 12–7–06; 8:45 am]
**BILLING CODE 4830-01-P**

---

## DEPARTMENT OF THE TREASURY

### Internal Revenue Service

### 26 CFR Parts 1, 301 and 602

**[TD 9300]**

### Guidance Necessary to Facilitate Business Electronic Filing

**AGENCY:** Internal Revenue Service (IRS), Treasury.

**ACTION:** Final regulations and removal of temporary regulations.

**SUMMARY:** This document contains final regulations designed to eliminate regulatory impediments to the electronic filing of certain income tax returns and other forms. These regulations affect business taxpayers who file income tax returns electronically. This document also makes conforming changes to certain current regulations.

**DATES:** *Effective Date:* These regulations are effective on December 8, 2006.

*Applicability Date:* These regulations apply with respect to taxable years beginning after December 31, 2002. The applicability of §§ 1.170A–11T, 1.556–2T, 1.565–1T, 1.936–7T, 1.1017–1T, 1.1368–1T, 1.1377–1T, 1.1502–21T(b)(3)(i) and (b)(3)(ii)(B), 1.1502–75T, 1.1503–2T, 1.6038B–1T(b)(1)(ii) and 301.7701–3T will expire on December 8, 2006.

**FOR FURTHER INFORMATION CONTACT:** Nathan Rosen, (202) 622–4910 (not a toll-free number).

**SUPPLEMENTARY INFORMATION:**

### Paperwork Reduction Act

The collection of information contained in these regulations has been reviewed and approved by the Office of Management and Budget in accordance with the Paperwork Reduction Act of 1995 (44 U.S.C. 3507(d)) under control number 1545–1868. The collection of information in these final regulations is in § 1.170A–11(b)(2). The information required in § 1.170A–11(b)(2) concerning the date on which a corporation's board of directors authorizes a certain type of charitable contribution assists the IRS in determining the deductibility of such contributions. Responses to this collection of information are mandatory.

An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless the collection of information displays a valid control number assigned by the Office of Management and Budget.

The estimated annual burden per respondent is .25 hours.

Comments concerning the accuracy of this burden estimate and suggestions for reducing this burden should be sent to the Internal Revenue Service, Attn: IRS Reports, Clearance Officer, SE:W:CAR:MP:T:T:SP, Washington, DC 20224, and to the Office of Management and Budget, Attn: Desk Officer for the Department of the Treasury, Office of Information and Regulatory Affairs, Washington, DC 20503.

Books and records relating to a collection of information must be retained as long as their contents may become material in the administration of any internal revenue law. Generally, tax returns and tax return information are confidential, as required by 26 U.S.C. 6103.

### Background

This document contains amendments to 26 CFR part 1 and 26 CFR part 301 designed to eliminate regulatory impediments to the electronic submission of tax returns and other forms filed by corporations, partnerships, other business entities, and their owners.

In 1998, Congress enacted the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. No. 105–206 (112 Stat. 685) (1998). RRA 1998 states a Congressional policy to promote the paperless filing of Federal tax returns. Section 2001(a) of RRA 1998 set a goal for the IRS to have at least 80 percent of all Federal tax and information returns filed electronically by 2007. Section 2001(b) of RRA 1998 requires the IRS to establish a 10-year strategic plan to eliminate barriers to electronic filing.

### Finalization of December 2003 Regulations Facilitating Electronic Filing

On December 19, 2003, the IRS and Treasury published in the **Federal Register** (TD 9100, 2004–1 C.B. 297 [68 FR 70701]) temporary and final regulations modifying the regulations under sections 170, 556, 565, 936, 1017, 1368, 1377, 1502, 1503, 6038B and 7701 of the Internal Revenue Code. In the same issue of the **Federal Register**, the IRS and Treasury published a notice of proposed rulemaking (REG–116664–01, 2004–1 C.B. 319 [68 FR 70747]) proposing to amend regulations under the code sections noted in the previous sentence. The temporary, final, and proposed regulations published on December 19, 2003, are collectively referred to as the December 2003 Regulations.

The December 2003 Regulations generally affect taxpayers who must file any of the following forms: Form 926, "Return by a U.S. Transferor of Property to a Foreign Corporation"; Form 972, "Consent of Shareholder To Include Specific Amount in Gross Income"; Form 973, "Corporation Claim for Deduction for Consent Dividends"; Form 982, "Reduction of Tax Attributes Due to Discharge of Indebtedness (and Section 1082 Basis Adjustment)"; Form 1120, "U.S. Corporation Income Tax Return"; Form 1120S, "U.S. Income Tax Return for an S Corporation"; Form 1122, "Authorization and Consent of Subsidiary Corporation To Be Included in a Consolidated Income Tax Return"; Form 5471, "Information Return of U.S. Persons With Respect To Certain Foreign Corporations"; Form 5712–A, "Election and Verification of the Cost Sharing or Profit Split Method Under Section 936(h)(5)"; and Form 8832, "Entity Classification Election."

Prior to the changes adopted by the December 2003 Regulations, certain regulations under the code sections cited above impeded electronic filing of returns. Some of these regulations, for example, impeded electronic filing by requiring taxpayers to include third-party signatures on their tax returns or by requiring taxpayers to attach documents or statements generated by a third party. Other regulations required a taxpayer to sign an IRS form and file it as an attachment to the taxpayer's income tax return. To address certain situations in which regulations required

taxpayers to attach documents or statements to their tax returns, for example, the December 2003 Regulations allowed taxpayers to retain such items in their books and records. Taxpayers would be obligated, of course, to make the items available for inspection by the IRS.

The IRS received no comments responding to the December 2003 Regulations, and no public hearing regarding the proposed regulations was requested or held. Accordingly, the temporary and proposed regulations are adopted with no substantive change by this Treasury decision, and the corresponding temporary regulations are removed. These final regulations make certain non-substantive changes to the December 2003 Regulations as described below.

Section 556 was repealed by the American Jobs Creation Act, Pub. L. No. 108–357 (118 Stat. 1418), effective for taxable years of foreign corporations beginning after December 31, 2004, and effective for taxable years of United States shareholders with or within which such taxable years of foreign corporations end. The provision in the December 2003 Regulations eliminating an electronic filing impediment under section 556 applied to tax years ending before the repeal of section 556. Therefore, these final regulations amend section 1.556–2 of the Income Tax Regulations despite the repeal of section 556 itself.

These final regulations remove certain portions of section 1.1502–21T and place such language in sections 1.1502–21(b)(3)(i) and (b)(3)(ii)(B), so as to eliminate impediments to the electronic filing of Form 1120. Other portions of that temporary regulation, however, predate the December 2003 Regulations or relate to matters other than electronic filing, and this document does not revise those portions.

The regulations as finalized by this Treasury decision clarify that references in the following regulations to tax return due dates include extensions of such due dates: See 1.565–1(b)(3), 1.936–7(b), Q. & A. 1, 1.1368–1(f)(5)(iii) and (g)(2)(iii) and 1.1503–2(g)(2)(i) and (iv)(B)(3)*(iii)*.

*January 2006 Final Regulations Facilitating Electronic Filing*

On January 23, 2006, the IRS and Treasury released TD 9243, (TD 9243, 2006–8 I.R.B. 475 [71 FR 4276]) (the January 2006 Final Regulations) which, among other things, removed an impediment to electronic filing of Form 926. In the December 2003 Regulations, the IRS and Treasury had previously amended both sections 1.6038B–1(b)(1)(i) and 1.6038B–1(b)(1)(ii) of the Income Tax Regulations to eliminate an impediment to electronic filing of Form 926. The January 2006 Final Regulations amended section 1.6038B–1(b)(1)(i) and removed temporary regulations section 1.6038B–1T(b)(1)(i). Therefore, because the amendment in the December 2003 Regulations to 1.6038B–1T(b)(1)(i) has already been adopted in final regulations, these final regulations amend 1.6038B–1(b)(1)(ii) and remove 1.6038B–1T(b)(1)(ii), but do not address section 1.6038B–1(b)(1)(i).

*May 2006 Regulations Facilitating Electronic Filing*

On May 26, 2006, the IRS and Treasury Department released TD 9264 (the May 2006 Regulations), which contained numerous temporary regulations amending or replacing final regulations. Some of these final regulations had required taxpayers to provide detailed information about a transaction. In other cases, the scope of various reporting requirements was not clear. The May 2006 Regulations simplified, clarified or, in some cases, eliminated these reporting burdens.

The May 2006 Regulations also eliminated regulatory impediments to the electronic filing of certain statements that taxpayers are required to include on or with their Federal income tax returns. In some cases, this impediment was removed by deleting the requirement that the taxpayer sign such statement. In other cases, where the taxpayer and a third party were both required to sign such statement, this impediment was removed by requiring each party to indicate on such statement that it had entered into an agreement with the other party addressing the substantive matters covered by the final regulations. Requiring such a statement from the parties in place of the dual signatures eliminates an e-file impediment, but to protect the Service's interests, the May 2006 regulations require each party to keep either the original or a copy of the underlying agreement in its records.

**Special Analyses**

It has been determined that this Treasury decision is not a significant regulatory action as defined in Executive Order 12866. Therefore, a regulatory assessment is not required. It also has been determined that section 553(b) of the Administrative Procedure Act (5 U.S.C. chapter 5) does not apply to these regulations. It is hereby certified that the collection of information in these regulations will not have a significant economic impact on a substantial number of small entities. This certification is based on the fact that the collection of information in these regulations involves an insignificant expenditure of time by taxpayers, as noted above under the heading "Paperwork Reduction Act." Accordingly, a Regulatory Flexibility Analysis under the Regulatory Flexibility Act (5 U.S.C. chapter 6) is not required. Pursuant to section 7805(f) of the Code, the December 2003 Regulations and the December 2003 notice of proposed rulemaking were submitted to the Chief Counsel for Advocacy of the Small Business Administration for comment on their impact on small business.

**Drafting Information**

The principal author of these regulations is Nathan Rosen, Office of Associate Chief Counsel (Procedure and Administration), Administrative Provisions and Judicial Practice Division.

**List of Subjects**

*26 CFR Part 1*

Income taxes, Reporting and recordkeeping requirements.

*26 CFR Part 301*

Employment taxes, Estate taxes, Excise taxes, Gift taxes, Income taxes, Penalties, Reporting and recordkeeping requirements.

*26 CFR Part 602*

Reporting and recordkeeping requirements.

**Adoption of Amendments to the Regulations**

■ Accordingly, 26 CFR parts 1, 301 and 602 are amended as follows:

**PART 1—INCOME TAXES**

■ **Paragraph 1.** The authority citation for part 1 continues to read, in part, as follows:

Authority: 26 U.S.C. 7805 * * *

■ **Par. 2.** Section 1.170A–11 is amended by revising paragraph (b)(2) to read as follows:

**§ 1.170A–11   Limitation on, and carryover of, contributions by corporations.**

\* \* \* \* \*

(b) * * *

(2) The election must be made at the time the return for the taxable year is filed, by reporting the contribution on the return. There shall be attached to the return when filed a written declaration stating that the resolution authorizing the contribution was adopted by the board of directors during the taxable

year. For taxable years beginning before January 1, 2003, the declaration shall be verified by a statement signed by an officer authorized to sign the return that it is made under penalties of perjury, and there shall also be attached to the return when filed a copy of the resolution of the board of directors authorizing the contribution. For taxable years beginning after December 31, 2002, the declaration must also include the date of the resolution, the declaration shall be verified by signing the return, and a copy of the resolution of the board of directors authorizing the contribution is a record that the taxpayer must retain and keep available for inspection in the manner required by § 1.6001–1(e).

\* \* \* \* \*

### § 1.170A–11T  [Removed]

■ Par. 3. Section 1.170A–11T is removed.

■ Par. 4. Section 1.556–2 is amended by revising paragraphs (e)(2)(vii) and (e)(3) to read as follows:

### § 1.556–2  Adjustments to taxable income.

\* \* \* \* \*

(e) \* \* \*

(2) \* \* \*

(vii) In the case of a return for a taxable year beginning before January 1, 2003, a copy of the contract, lease, or rental agreement;

\* \* \* \* \*

(3) If the statement described in § 1.556–2(e)(2) is attached to a taxpayer's income tax return for a taxable year beginning after December 31, 2002, a copy of the applicable contract, lease or rental agreement is not required to be submitted with the return, but must be retained by the taxpayer and kept available for inspection in the manner required by § 1.6001–1(e).

\* \* \* \* \*

### § 1.556–2T  [Removed]

■ Par. 5. Section 1.556–2T is removed.

■ Par. 6 Section 1.565–1 is amended by revising paragraph (b)(3) to read as follows:

### § 1.565–1  General rule.

\* \* \* \* \*

(b) \* \* \*

(3) A consent may be filed at any time not later than the due date (including extensions) of the corporation's income tax return for the taxable year for which the dividends paid deduction is claimed. With such return, and not later than the due date (including extensions) thereof, the corporation must file Forms 972 for each consenting shareholder, and a return on Form 973 showing by classes the stock outstanding on the first and last days of the taxable year, the dividend rights of such stock, distributions made during the taxable year to shareholders, and giving all the other information required by the form. For taxable years beginning before January 1, 2003, the Form 973 filed with the corporation's income tax return shall contain or be verified by a written declaration that is made under the penalties of perjury and the Forms 972 filed with the return must be duly executed by the consenting shareholders. For taxable years beginning after December 31, 2002, the Form 973 filed with the corporation's income tax return shall be verified by signing the return and the Forms 972 filed with the return must be duly executed by the consenting shareholders or, if unsigned, must contain the same information as the duly executed originals. If the corporation submits unsigned Forms 972 with its return for a taxable year beginning after December 31, 2002, the duly executed originals are records that the corporation must retain and keep available for inspection in the manner required by § 1.6001–1(e).

\* \* \* \* \*

### § 1.565–1T  [Removed]

■ Par. 7. Section 1.565–1T is removed.

■ Par. 8. Section 1.936–7 is amended by revising paragraph (b), Q. & A. 1, to read as follows:

### § 1.936–7  Manner of making election under section 936(h)(5); special election for export sales; revocation of election under section 936(a).

\* \* \* \* \*

(b) *Manner of making election.*

Q. 1: How does a possessions corporation make an election to use the cost sharing method or profit split method?

A. 1: A possessions corporation makes an election to use the cost sharing or profit split method by filing Form 5712–A ("Election and Verification of the Cost Sharing or Profit Split Method Under Section 936(h)(5)") and attaching it to its tax return. Form 5712–A must be filed on or before the due date (including extensions) of the tax return of the possessions corporation for its first taxable year beginning after December 31, 1982. The electing corporation must set forth on the form the name and the taxpayer identification number or address of all members of the affiliated group (including foreign affiliates not required to file a U.S. tax return). All members of the affiliated group must consent to the election. For elections filed with respect to taxable years beginning before January 1, 2003, an authorized officer of the electing corporation must sign the statement of election and must declare that he has received a signed statement of consent from an authorized officer, director, or other appropriate official of each member of the affiliated group. Elections filed for taxable years beginning after December 31, 2002, must incorporate a declaration by the electing corporation that it has received a signed consent from an authorized officer, director, or other appropriate official of each member of the affiliated group and will be verified by signing the return. The election is not valid for a taxable year unless all affiliates consent. A failure to obtain an affiliate's written consent will not invalidate the election out if the possessions corporation made a good faith effort to obtain all the necessary consents or the failure to obtain the missing consent was inadvertent. Subsequently created or acquired affiliates are bound by the election. If an election out is revoked under section 936(h)(5)(F)(iii), a new election out with respect to that product area cannot be made without the consent of the Commissioner. The possessions corporation shall file an amended Form 5712–A with its timely filed (including extensions) income tax return to reflect any changes in the names or number of the members of the affiliated group for any taxable year after the first taxable year to which the election out applies. By consenting to the election out, all affiliates agree to provide information necessary to compute the cost sharing payment under the cost sharing method or combined taxable income under the profit split method, and failure to provide such information shall be treated as a request to revoke the election out under section 936(h)(5)(F)(iii).

\* \* \* \* \*

### § 1.936–7T  [Removed]

■ Par. 9. Section 1.936–7T is removed.

■ Par. 10. Section 1.1017–1 is amended by revising paragraph (g)(2)(iii)(B) to read as follows:

### § 1.1017–1  Basis reductions following a discharge of indebtedness.

\* \* \* \* \*

(g) \* \* \*

(2) \* \* \*

(iii) \* \* \*

(B) *Taxpayer's requirement.* For taxable years beginning before January 1, 2003, statements described in § 1.1017–1(g)(2)(iii)(A) must be attached to a taxpayer's timely filed (including extensions) Federal income tax return

for the taxable year in which the taxpayer has COD income that is excluded from gross income under section 108(a). For taxable years beginning after December 31, 2002, taxpayers must retain the statements and keep them available for inspection in the manner required by § 1.6001–1(e), but are not required to attach the statements to their returns.

\* \* \* \* \*

§ 1.1017–1T  [Removed]

■ Par. 11. Section 1.1017–1T is removed.

■ Par. 12. Section 1.1368–1 is amended by revising paragraphs (f)(5)(iii) and (g)(2)(iii) to read as follows:

§ 1.1368–1  Distributions by S corporations.

\* \* \* \* \*

(f) \* \* \*
(5) \* \* \*

(iii) *Corporate statement regarding elections.* A corporation makes an election for a taxable year under § 1.1368–1(f) by attaching a statement to a timely filed (including extensions) original or amended return required to be filed under section 6037 for that taxable year. In the statement, the corporation must identify the election it is making under § 1.1368–1(f) and must state that each shareholder consents to the election. In the case of elections for taxable years beginning before January 1, 2003, an officer of the corporation must sign under penalties of perjury the statement on behalf of the corporation. In the case of elections for taxable years beginning after December 31, 2002, the statement described in this paragraph (f)(5)(iii) shall be verified by signing the return. A statement of election to make a deemed dividend under § 1.1368–1(f) must include the amount of the deemed dividend that is distributed to each shareholder.

\* \* \* \* \*

(g) \* \* \*
(2) \* \* \*

(iii) *Time and manner of making election.* A corporation makes an election under § 1.1368–1(g)(2)(i) for a taxable year by attaching a statement to a timely filed (including extensions) original or amended return required to be filed under section 6037 for a taxable year (without regard to the election under § 1.1368–1(g)(2)(i)). In the statement, the corporation must state that it is electing for the taxable year under § 1.1368–1(g)(2)(i) to treat the taxable year as if it consisted of separate taxable years. The corporation also must set forth facts in the statement relating to the qualifying disposition (*e.g.*, sale, gift, stock issuance, or redemption), and state that each shareholder who held stock in the corporation during the taxable year (without regard to the election under § 1.1368–1(g)(2)(i)) consents to this election. For purposes of this election, a shareholder of the corporation for the taxable year is a shareholder as described in section 1362(a)(2). A single election statement may be filed for all elections made under § 1.1368–1(g)(2)(i) for the taxable year. An election made under § 1.1368–1(g)(2)(i) is irrevocable. In the case of elections for taxable years beginning before January 1, 2003, the statement through which a corporation makes an election under § 1.1368–1(g)(2)(i) must be signed by an officer of the corporation under penalties of perjury. In the case of elections for taxable years beginning after December 31, 2002, the statement described in the preceding sentence shall be verified by signing the return.

\* \* \* \* \*

§ 1.1368–1T  [Removed]

■ Par. 13. Section 1.1368–1T is removed.

■ Par. 14. Section 1.1377–1 is amended by revising paragraph (b)(5)(i)(C) to read as follows:

§ 1.1377–1  Pro rata share.

\* \* \* \* \*

(b) \* \* \*
(5) \* \* \*
(i) \* \* \*

(C) The signature on behalf of the S corporation of an authorized officer of the corporation under penalties of perjury, except that for taxable years beginning after December 31, 2002, the election statement described in § 1.1377–1(b)(5)(i) of this section shall be verified, and the requirement of this paragraph (b)(5)(i)(C) is satisfied, by the signature on the Form 1120S filed by the S corporation.

\* \* \* \* \*

§ 1.1377–1T  [Removed]

■ Par. 15. Section 1.1377–1T is removed.

■ Par. 16. Section 1.1502–21 is amended by revising paragraphs (b)(3)(i) and (b)(3)(ii)(B) to read as follows:

§ 1.1502–21  Net operating losses.

\* \* \* \* \*

(b) \* \* \*

(3) *Special rules*—(i) *Election to relinquish carryback.* A group may make an irrevocable election under section 172(b)(3) to relinquish the entire carryback period with respect to a CNOL for any consolidated return year. Except as provided in § 1.1502–21(b)(3)(ii)(B), the election may not be made separately for any member (whether or not it remains a member), and must be made in a separate statement entitled "THIS IS AN ELECTION UNDER § 1.1502–21(b)(3)(i) TO WAIVE THE ENTIRE CARRYBACK PERIOD PURSUANT TO SECTION 172(b)(3) FOR THE [insert consolidated return year] CNOLs OF THE CONSOLIDATED GROUP OF WHICH [insert name and employer identification number of common parent] IS THE COMMON PARENT." The statement must be filed with the group's income tax return for the consolidated return year in which the loss arises. If the consolidated return year in which the loss arises begins before January 1, 2003, the statement making the election must be signed by the common parent. If the consolidated return year in which the loss arises begins after December 31, 2002, the election may be made in an unsigned statement.

(ii) \* \* \*

(B) *Acquisition of member from another consolidated group.* If one or more members of a consolidated group becomes a member of another consolidated group, the acquiring group may make an irrevocable election to relinquish, with respect to all consolidated net operating losses attributable to the member, the portion of the carryback period for which the corporation was a member of another group, provided that any other corporation joining the acquiring group that was affiliated with the member immediately before it joined the acquiring group is also included in the waiver. This election is not a yearly election and applies to all losses that would otherwise be subject to a carryback to a former group under section 172. The election must be made in a separate statement entitled "THIS IS AN ELECTION UNDER § 1.1502–21(b)(3)(ii)(B)(*2*) TO WAIVE THE PRE-[insert first taxable year for which the member (or members) was not a member of another group] CARRYBACK PERIOD FOR THE CNOLs attributable to [insert names and employer identification number of members]." The statement must be filed with the acquiring consolidated group's original income tax return for the year the corporation (or corporations) became a member. If the year in which the corporation (or corporations) became a member begins before January 1, 2003, the statement must be signed by the common parent and each of the members to which it applies. If the year in which the corporation (or corporations) became a member begins after December 31, 2002,

the election may be made in an unsigned statement.

\* \* \* \* \*

■ Par. 17. Section 1.1502–21T is amended by revising paragraphs (a) through (b)(3)(ii)(B) to read as follows:

### § 1.1502–21T  Net operating losses (temporary).

(a) through (b)(3)(ii)(B) [Reserved]. For further guidance, see § 1.1502–21(a) through (b)(3)(ii)(B).

\* \* \* \* \*

■ Par. 18. Section 1.1502–75 is amended by revising paragraph (h)(2) to read as follows:

### § 1.1502–75  Filing of consolidated returns.

\* \* \* \* \*

(h) \* \* \*

(2) *Filing of Form 1122 for first year.* If, under the provisions of paragraph (a)(1) of this section, a group wishes to file a consolidated return for a taxable year, then a Form 1122 ("Authorization and Consent of Subsidiary Corporation To Be Included in a Consolidated Income Tax Return") must be executed by each subsidiary. For taxable years beginning before January 1, 2003, the executed Forms 1122 must be attached to the consolidated return for the taxable year. For taxable years beginning after December 31, 2002, the group must attach either executed Forms 1122 or unsigned copies of the completed Forms 1122 to the consolidated return. If the group submits unsigned Forms 1122 with its return, it must retain the signed originals in its records in the manner required by § 1.6001–1(e). Form 1122 is not required for a taxable year if a consolidated return was filed (or was required to be filed) by the group for the immediately preceding taxable year.

\* \* \* \* \*

### § 1.1502–75T  [Removed]

■ Par. 19. Section 1.1502–75T is removed.

■ Par. 20. Section 1.1503–2 is amended by revising paragraphs (g)(2)(i), (g)(2)(iv)(B)(*3*)(*iii*) and (g)(2)(vi)(B) to read as follows:

### § 1.1503–2  Dual consolidated loss.

\* \* \* \* \*

(g) \* \* \*

(2) \* \* \*

(i) *In general.* Paragraph (b) of this section shall not apply to a dual consolidated loss if the consolidated group, unaffiliated dual resident corporation, or unaffiliated domestic owner elects to be bound by the provisions of this paragraph (g)(2). In order to elect relief under this paragraph (g)(2), the consolidated group, unaffiliated dual resident corporation, or unaffiliated domestic owner must attach to its timely filed (including extensions) U.S. income tax return for the taxable year in which the dual consolidated loss is incurred an agreement described in paragraph (g)(2)(i)(A) of this section. The agreement must be signed under penalties of perjury by the person who signs the return. For taxable years beginning after December 31, 2002, the agreement attached to the income tax return of the consolidated group, unaffiliated dual resident corporation or unaffiliated domestic owner pursuant to the preceding sentence may be an unsigned copy. If an unsigned copy is attached to the return, the consolidated group, unaffiliated dual resident corporation, or unaffiliated domestic owner must retain the original in its records in the manner specified by § 1.6001–1(e). The agreement must include the following items, in paragraphs labeled to correspond with the items set forth in paragraph (g)(2)(i)(A) through (F) of this section.

(A) A statement that the document submitted is an election and an agreement under the provisions of paragraph (g)(2) of this section.

(B) The name, address, identifying number, and place and date of incorporation of the dual resident corporation, and the country or countries that tax the dual resident corporation on its worldwide income or on a residence basis, or, in the case of a separate unit, identification of the separate unit, including the name under which it conducts business, its principal activity, and the country in which its principal place of business is located.

(C) An agreement by the consolidated group, unaffiliated dual resident corporation, or unaffiliated domestic owner to comply with all of the provisions of § 1.1503–2(g)(2)(iii)-(vii).

(D) A statement of the amount of the dual consolidated loss covered by the agreement.

(E) A certification that no portion of the dual resident corporation's or separate unit's losses, expenses, or deductions taken into account in computing the dual consolidated loss has been, or will be, used to offset the income of any other person under the income tax laws of a foreign country.

(F) A certification that arrangements have been made to ensure that no portion of the dual consolidated loss will be used to offset the income of another person under the laws of a foreign country and that the consolidated group, unaffiliated dual resident corporation, or unaffiliated domestic owner will be informed of any such foreign use of any portion of the dual consolidated loss.

\* \* \* \* \*

(iv) \* \* \*

(B) \* \* \*

(*3*) \* \* \*

(*iii*) The unaffiliated domestic corporation or new consolidated group must file, with its timely filed (including extensions) income tax return for the taxable year in which the event described in paragraph (g)(2)(iv)(B)(*1*) or (*2*) of this section occurs, an agreement described in paragraph (g)(2)(i) of this section (new (g)(2)(i) agreement), whereby it assumes the same obligations with respect to the dual consolidated loss as the corporation or consolidated group that filed the original (g)(2)(i) agreement with respect to that loss. The new (g)(2)(i) agreement must be signed under penalties of perjury by the person who signs the return and must include a reference to this paragraph (g)(2)(iv)(B)(*3*)(*iii*). For taxable years beginning after December 31, 2002, the agreement attached to the return pursuant to the preceding sentence may be an unsigned copy. If an unsigned copy is attached to the return, the corporation or consolidated group must retain the original in its records in the manner specified by § 1.6001–1(e).

\* \* \* \* \*

(vi) \* \* \*

(B) *Annual certification.* Except as provided in § 1.1503–2(g)(2)(vi)(C), until and unless Form 1120 or the Schedules thereto contain questions pertaining to dual consolidated losses, the consolidated group, unaffiliated dual resident corporation, or unaffiliated domestic owner must file with its income tax return for each of the 15 taxable years following the taxable year in which the dual consolidated loss is incurred a certification that the losses, expenses, or deductions that make up the dual consolidated loss have not been used to offset the income of another person under the tax laws of a foreign country. For taxable years beginning before January 1, 2003, the annual certification must be signed under penalties of perjury by a person authorized to sign the agreement described in § 1.1503–2(g)(2)(i). For taxable years beginning after December 31, 2002, the certification is verified by signing the return with which the certification is filed. The certification for a taxable year must identify the dual consolidated loss to which it pertains by setting forth the taxpayer's year in which the loss was incurred and the amount of such loss. In addition, the certification must warrant that

arrangements have been made to ensure that the loss will not be used to offset the income of another person under the laws of a foreign country and that the taxpayer will be informed of any such foreign use of any portion of the loss. If dual consolidated losses of more than one taxable year are subject to the rules of this paragraph (g)(2)(vi)(B), the certifications for those years may be combined in a single document but each dual consolidated loss must be separately identified.

* * * * *

§ 1.1503–2T  [Removed]

■ Par. 21. Section 1.1503–2T is removed.
■ Par. 22. Section 1.6038B–1 is amended by revising paragraph (b)(1)(ii) to read as follows:

§ 1.6038B–1  Reporting of certain transfers to foreign corporations.

* * * * *

(b) * * *

(1) * * *

(ii) *Reporting by corporate transferor.* For transfers by corporations in taxable years beginning before January 1, 2003, Form 926 must be signed by an authorized officer of the corporation if the transferor is not a member of an affiliated group under section 1504(a)(1) that files a consolidated Federal income tax return and by an authorized officer of the common parent corporation if the transferor is a member of such an affiliated group. For transfers by corporations in taxable years beginning after December 31, 2002, Form 926 shall be verified by signing the income tax return to which the form is attached.

* * * * *

■ Par. 23. Section 1.6038B–1T is amended by revising paragraphs (a) through (b)(3) to read as follows:

§ 1.6038B–1T  Reporting of certain transactions to foreign corporations (Temporary).

(a) through (b)(3) [Reserved]. For further guidance, see § 1.6038B–1(a) through (b)(3).

* * * * *

PART 301—PROCEDURE AND ADMINISTRATION

■ Par. 24. The authority citation for part 301 continues to read, in part, as follows:

Authority: 26 U.S.C. 7805 * * *

■ Par. 25. Section 301.7701–3 is amended by revising paragraph (c)(1)(ii) to read as follows:

§ 301.7701–3  Classification of certain business entities.

* * * * *

(c) * * * (1) * * *

(ii) *Further notification of elections.* An eligible entity required to file a Federal tax or information return for the taxable year for which an election is made under § 301.7701–3(c)(1)(i) must attach a copy of its Form 8832 to its Federal tax or information return for that year. If the entity is not required to file a return for that year, a copy of its Form 8832 ("Entity Classification Election") must be attached to the Federal income tax or information return of any direct or indirect owner of the entity for the taxable year of the owner that includes the date on which the election was effective. An indirect owner of the entity does not have to attach a copy of the Form 8832 to its return if an entity in which it has an interest is already filing a copy of the Form 8832 with its return. If an entity, or one of its direct or indirect owners, fails to attach a copy of a Form 8832 to its return as directed in this section, an otherwise valid election under § 301.7701–3(c)(1)(i) will not be invalidated, but the non-filing party may be subject to penalties, including any applicable penalties if the Federal tax or information returns are inconsistent with the entity's election under § 301.7701–3(c)(1)(i). In the case of returns for taxable years beginning after December 31, 2002, the copy of Form 8832 attached to a return pursuant to this paragraph (c)(1)(ii) is not required to be a signed copy.

* * * * *

§ 301.7701–3T  [Removed]

■ Par. 26. Section 301.7701–3T is removed.

PART 602—OMB CONTROL NUMBERS UNDER THE PAPERWORK REDUCTION ACT

■ Par. 27. The authority citation for part 602 continues to read as follows:

Authority: 26 U.S.C. 7805.

■ Par. 28. In § 602.101, paragraph (b) is amended by removing the entry for "1.170A–11T" and revising the entry for "1.170A–11" to read as follows:

§ 602.101  OMB Control numbers.

* * * * *

(b) * * *

| CFR part or section where identified and described | Current OMB control No. |
|---|---|
| * * * * * | |
| 1.170A–11 | 1545–0123 |
| | 1545–0074 |
| | 1545–1868 |
| * * * * * | |

Linda Kroening,
*Deputy Commissioner for Services and Enforcement.*
Approved: December 1, 2006.
Eric Solomon,
*Acting Deputy Assistant Secretary of the Treasury (Tax Policy).*
[FR Doc. E6–20734 Filed 12–7–06; 8:45 am]
BILLING CODE 4830–01–P

DEPARTMENT OF THE TREASURY

Internal Revenue Service

26 CFR Parts 1 and 602

[TD 9286]

RIN 1545–BE91

Railroad Track Maintenance Credit; Correction

AGENCY: Internal Revenue Service (IRS), Treasury.

ACTION: Correction to temporary regulations.

SUMMARY: This document contains corrections to temporary regulations (TD 9286) that were published in the Federal Register on Friday, September 8, 2006 (71 FR 53009) providing rules for claiming the railroad track maintenance credit under section 45G of the Internal Revenue Code for qualified railroad track maintenance expenditures paid or incurred by a Class II railroad or Class III railroad and other eligible taxpayers during the taxable year.

DATES: This correction is effective September 8, 2006.

FOR FURTHER INFORMATION CONTACT: Winston H. Douglas, (202) 622–3110 (not a toll-free number).

SUPPLEMENTARY INFORMATION:

Background

The correction notice that is the subject of this document is under section 45G of the Internal Revenue Code.

Need for Correction

As published, temporary regulations (TD 9286) contain errors that may prove to be misleading and are in need of clarification.

Correction of Publication

Accordingly, the publication of the temporary regulations (TD 9286), which was the subject of FR Doc. E6–14858, is corrected as follows: