# ATTACHMENT

S

111.03  *Nonconvulsive epilepsy.* * * *

\* \* \* \* \*

**113.00  Neoplastic Diseases, Malignant**

\* \* \* \* \*

B. *Documentation.* * * * If an operative procedure has been performed, the evidence should include a copy of the operative note and the report of the gross and microscopic examination of the surgical specimen, along with all pertinent laboratory reports or reports from appropriate medically acceptable imaging. Medically acceptable imaging includes, but is not limited to, x-ray imaging, computerized axial tomography (CAT scan) or magnetic resonance imaging (MRI), with or without contrast material, myelography, and radionuclear bone scans. "Appropriate" means that the technique used is the proper one to support the evaluation and diagnosis of the impairment. * * *

\* \* \* \* \*

**114.00  Immune System**

\* \* \* \* \*

B. * * *

\* \* \* \* \*

The documentation needed to establish the existence of a connective tissue disorder is medical history, physical examination, selected laboratory studies, appropriate medically acceptable imaging, and, in some instances, tissue biopsy. Medically acceptable imaging includes, but is not limited to, x-ray imaging, computerized axial tomography (CAT scan) or magnetic resonance imaging (MRI), with or without contrast material, myelography, and radionuclear bone scans. "Appropriate" means that the technique used is the proper one to support the evaluation and diagnosis of the impairment. * * *

\* \* \* \* \*

114.08  *Human immunodeficiency virus (HIV) infection.*

\* \* \* \* \*

N. * * *

6. Sinusitis documented by appropriate medically acceptable imaging.

\* \* \* \* \*

[FR Doc. 02–9737 Filed 4–23–02; 8:45 am]
**BILLING CODE 4191–02–P**

---

**DEPARTMENT OF THE TREASURY**

**Internal Revenue Service**

**26 CFR Parts 1, 301 and 602**

**[TD 8989]**

**RIN 1545–AY56**

**Guidance Necessary To Facilitate Electronic Tax Administration**

**AGENCY:** Internal Revenue Service (IRS), Treasury.
**ACTION:** Final and temporary regulations.

**SUMMARY:** This document contains regulations designed to eliminate regulatory impediments to the electronic filing of Form 1040, "U.S. Individual Income Tax Return." These regulations generally affect taxpayers who file Form 1040 electronically and who are required to file any of the following forms: Form 56, "Notice Concerning Fiduciary Relationship"; Form 2120, "Multiple Support Declaration"; Form 2439, "Notice to Shareholder of Undistributed Long-Term Capital Gains"; Form 3468, "Investment Credit"; and Form T (Timber), "Forest Activities Schedules." The text of the temporary regulations also serves as the text of the proposed regulations set forth in the notice of proposed rulemaking on this subject in the Proposed Rules section in this issue of the **Federal Register**.

**EFFECTIVE DATE:** These regulations are effective April 24, 2002.

**FOR FURTHER INFORMATION CONTACT:** James C. Gibbons, (202) 622–4910 (not a toll-free number).

**SUPPLEMENTARY INFORMATION:**

**Paperwork Reduction Act**

These regulations are being issued without prior notice and public procedure pursuant to the Administrative Procedure Act (5 U.S.C. 553). For this reason, the collections of information contained in these regulations have been reviewed and, pending receipt and evaluation of public comments, approved by the Office of Management and Budget under control number 1545–1783. Responses to these collections of information are mandatory.

An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless the collection of information displays a valid OMB control number.

For further information concerning these collections of information, and where to submit comments on the collections of information and the accuracy of the estimated burden, and suggestions for reducing this burden, please refer to the preamble to the cross-referencing notice of proposed rulemaking published in the Proposed Rules section of this issue of the **Federal Register**.

Books or records relating to a collection of information must be retained as long as their contents may become material in the administration of any internal revenue law. Generally, tax returns and tax return information are confidential, as required by 26 U.S.C. 6103.

**Background**

This document contains amendments to the Income Tax Regulations (26 CFR part 1) and the Procedure and Administration Regulations (26 CFR part 301) designed to eliminate regulatory impediments to the electronic filing of Form 1040.

In 1998, Congress enacted the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Public Law 105–206 (112 Stat. 685) (1998). Section 2001(a) of RRA 1998 states that the policy of Congress is that paperless filing should be the preferred and most convenient means of filing Federal tax returns. Section 2001(a) of RRA 1998 also sets a long-range goal for the IRS to have at least 80 percent of all Federal tax returns filed electronically by 2007. Section 2001(b) of RRA 1998 requires the IRS to establish a 10-year strategic plan to eliminate barriers to electronic filing. To the extent practicable, this plan is to provide for electronic filing of electronically prepared returns for taxable years beginning after 2001.

The temporary regulations amend the Procedure and Administration Regulations to provide a regulatory statement of IRS authority to prescribe what return information or documentation must be filed with a return, statement or other document required to be made under any provision of the internal revenue laws or regulations. The regulations give the IRS maximum flexibility in prescribing (1) what needs to be filed in support of a return or claim, and (2) the form of the filing, *e.g.*, electronic versus paper. The regulations permit the IRS to prescribe required return information in forms, instructions, or other appropriate guidance.

In addition, the IRS identified five regulatory provisions that impede electronic filing by requiring the taxpayer to either include a third-party signature, or attach a document generated by a third party. The temporary regulations amend those provisions to eliminate the impediments.

Although the regulatory impediments to the electronic filing of Form 1040 are eliminated by the temporary regulations, the IRS may instruct a taxpayer who files Form 1040 on paper to attach a document that would not be required in the case of a Form 1040 filed electronically.

**Explanation of Provisions**

*1. General Provision*

Section 6001(a) of the Internal Revenue Code (Code) provides that every person liable for any tax, or for the collection thereof, will keep such records, render such statements, make such returns, and comply with such

rules and regulations as the Secretary may from time to time prescribe. The Secretary may require any person, by notice served upon such person or by regulations, to make such returns, render such statements, or keep such records, as the Secretary deems sufficient to show whether or not such person is liable for tax.

Section 6011(a) of the Code provides that any person liable for any tax, or for the collection thereof, will make a return or statement according to the forms and regulations prescribed by the Secretary. Every person required to make a return or statement shall include therein the information required by such forms and regulations.

The temporary regulations amend the general provisions under § 301.6011–1 of the Procedure and Administration Regulations to provide a regulatory statement of the Secretary's authority to prescribe in forms, instructions, or other appropriate guidance what information or documentation must be filed with any return or statement required to be made or other document required to be furnished under any provision of the internal revenue laws or regulations. Under this authority, the IRS may change forms and instructions to eliminate nonstatutory impediments, such as third-party signature or document requirements, to the electronic filing of Form 1040.

*2. Form T (Timber): Forest Activities Schedules*

Section 611 of the Code generally provides a reasonable allowance for depletion and for depreciation of improvements in computing taxable income from timber. See §§ 1.611–1(a) and 1.611–5(a) of the Income Tax Regulations. Section 1.611–3(h) provides that a taxpayer claiming a deduction for depletion of timber or for depreciation of plant and other improvements must attach to the taxpayer's income tax return a filled-out Form T for the taxable year covered by the income tax return. This section specifically provides that the information required by Form T will include a map, where necessary, to show clearly timber and land acquired, timber cut, and timber and land sold.

The attachment of a map to Form T is a regulatory impediment to the electronic filing of Form 1040 because it is a diagram not easily incorporated into an electronic return. It is also often generated by a third party. To enable the electronic filing of Form T, the temporary regulations remove the requirement that a taxpayer attach a map to substantiate the claimed depletion and depreciation. Instead, the temporary regulations require the taxpayer to be prepared to furnish a map, where necessary, to substantiate any claimed depletion or depreciation.

*3. Form 56: Notice Concerning Fiduciary Relationship*

Section 6903(b) of the Code requires a fiduciary to give notice of his or her qualification as a fiduciary to the IRS in accordance with regulations prescribed by the Secretary. Section 301.6903–1(b) of the Procedure and Administration Regulations provides that satisfactory evidence of the authority of the fiduciary to act for any other person in a fiduciary capacity must be filed with and made a part of the notice. Form 56, the notice concerning fiduciary relationship, requires a fiduciary to attach a certified copy of the document creating the fiduciary relationship. The attachment of evidence of fiduciary relationship is a regulatory impediment to the electronic filing of Form 56 because the evidence is a document generated by a third party.

To eliminate the barrier to electronic filing, Form 56 should be filed separately from Form 1040. Further, to enable the electronic filing of Form 56, the temporary regulations remove the requirement that the fiduciary attach the evidence of fiduciary relationship to Form 56. Instead, the temporary regulations require the fiduciary to be prepared to furnish the evidence to substantiate the fiduciary relationship.

*4. Form 2120: Multiple Support Declaration*

Section 152(c) of the Code provides that a taxpayer will be treated as having contributed over half of the support of an individual for a calendar year if: (1) No one person contributed over half of the individual's support; (2) each person in the group that collectively contributed more than half of the support of the individual would have been entitled to claim the individual as a dependent but for the fact that the person did not contribute over half of the individual's support; (3) the taxpayer claiming the individual as a dependent contributed more than 10 percent of the individual's support; and (4) every other person in the group who contributed more than 10 percent of the support files a written declaration that the person will not claim the individual as a dependent for any taxable year beginning in such calendar year. Section 1.152–3(a)(4) and (c) of the Income Tax Regulations requires that a taxpayer claiming an individual as a dependent attach to the taxpayer's income tax return a written declaration of waiver signed by the other persons described in section 152(c)(2). Form 2120 is used to make these waiver declarations.

Attaching the Form 2120 with third-party waiver declarations to Form 1040 is a regulatory impediment to the electronic filing of Form 1040 because third-party signatures are not easily incorporated into an electronic return. Therefore, the temporary regulations eliminate the requirement to attach the waiver declarations. Under the temporary regulations, a taxpayer claiming an individual as a dependent under a multiple support agreement is still required to obtain the waiver declarations but is no longer required to attach them to the taxpayer's income tax return. Instead, the temporary regulations require the taxpayer to attach a statement that (1) identifies the other persons described in section 152(c)(2) and (2) indicates that the taxpayer obtained waiver declarations from these persons. The temporary regulations will also require the taxpayer to retain the waiver declarations.

*5. Form 2439: Notice to Shareholder of Undistributed Long-Term Capital Gains*

Under § 1.852–4(b)(2) of the Income Tax Regulations, a person who is a shareholder of a regulated investment company at the close of the company's taxable year must include undistributed capital gain in long-term capital gain. Section 1.852–9(a)(1) requires the regulated investment company to give its shareholders notice of a designation of undistributed capital gains. The regulations provide that mailed copies of Form 2439 (copies B and C) constitute appropriate notice to shareholders. Section 1.852–9(c) requires the shareholder to attach copy B of Form 2439 to the shareholder's return for the taxable year in which the undistributed capital gain is includible in gross income.

Attaching copy B of Form 2439 to the shareholder's income tax return prevents electronic filing of Form 1040 because copy B is a document generated by a third party. Therefore, the temporary regulations remove the requirement that the shareholder attach a copy of Form 2439 to Form 1040 but require that the shareholder retain a copy of Form 2439.

A shareholder who files Form 1040 electronically will supply information from the shareholder's copy of the Form 2439. However, a shareholder who files Form 1040 on paper will continue to attach a copy of Form 2439 to the shareholder's paper Form 1040 in accordance with Form 2439 instructions.

*6. Form 3468: Investment Credit*

Section 47 of the Code generally provides a credit for rehabilitation expenditures incurred for a qualified rehabilitated building or a certified historic structure. Section 1.48–12(d)(7)(i) of the Income Tax Regulations provides that a taxpayer claiming the credit for rehabilitation of a certified historic structure must file Form 3468 with Form 1040. Form 3468 requires a copy of the final certification of completed work issued by the Secretary of the Interior. In addition, for returns filed after January 9, 1989, the taxpayer must submit evidence that the building is a certified historic structure. This status is evidenced by the final certification of completed work issued by the Secretary of the Interior. If the Secretary of the Interior has not issued a certification at the time the tax return is filed, § 1.48–12(d)(7)(ii) provides that the taxpayer must attach (1) a copy of the first page of the certification application, with an indication that it has been received by the Secretary of the Interior or designate, and (2) proof that the building is a certified historic structure (or that such status has been requested). In addition, the taxpayer is required to submit a copy of the certification as an attachment to Form 3468 accompanying the first income tax return filed after certification.

Attaching the certification impedes electronic filing of Form 3468 because it is a document generated by a third party. Therefore, the temporary regulations revise § 1.48–12(d)(7) to eliminate this requirement. For a return filed for a taxable year beginning after December 31, 2001, the taxpayer is required to provide on Form 3468 the NPS project number assigned by, and the date of the final certification of completed work received from, the Secretary of the Interior. For a taxpayer who has not received certification by the time the income tax return is filed for a year in which the credit is claimed, the current rules applicable to returns filed before receipt of the certification remain unchanged. However, the temporary regulations eliminate the requirement that the certification be attached to the first income tax return filed after its receipt. Instead, the taxpayer is required to provide the NPS project number assigned by, and the date of the final certification of completed work received from, the Secretary of the Interior on Form 3468 accompanying the first income tax return filed after certification.

Every taxpayer claiming the credit for rehabilitation of a certified historic structure must provide the required information on Form 3468 (or its successor) filed with the taxpayer's return and retain a copy of the certification. For a building owned by a pass-through entity (i.e., a partnership, S corporation, estate, or trust), only the pass-through entity, not the partner, shareholder or beneficiary, must provide on Form 3468 the NPS project number assigned by, and the date of the final certification of completed work received from, the Secretary of the Interior. However, each partner, shareholder, or beneficiary claiming a credit for qualified rehabilitation expenditures from a pass-through entity must provide the employer identification number of that entity on Form 3468 (or its successor).

**Special Analyses**

It has been determined that this Treasury decision is not a significant regulatory action as defined in Executive Order 12866. Therefore, a regulatory assessment is not required. It also has been determined that section 553(b) of the Administrative Procedure Act (5 U.S.C. chapter 5) does not apply to these regulations. It is hereby certified that the collection of information in these regulations will not have a significant economic impact on a substantial number of small entities. This certification is based upon the fact that the persons responsible for recordkeeping are principally individuals, and the burden is not significant as described earlier in the preamble. Therefore, a Regulatory Flexibility Analysis under the Regulatory Flexibility Act (5 U.S.C. chapter 6) is not required. Pursuant to section 7805(f) of the Internal Revenue Code, these temporary regulations will be submitted to the Chief Counsel for Advocacy of the Small Business Administration for comment on their impact on small business.

**Drafting Information**

The principal author of these regulations is Sara Paige Shepherd, Office of Associate Chief Counsel (Procedure and Administration), Administrative Provisions and Judicial Practice Division. However, other personnel from the IRS and the Treasury Department participated in the development of the regulations.

**List of Subjects**

*26 CFR Part 1*

Income taxes, Reporting and recordkeeping requirements.

*26 CFR Part 301*

Employment taxes, Estate taxes, Excise taxes, Gift taxes, Income taxes, Penalties, Reporting and recordkeeping requirements.

*26 CFR Part 602*

Reporting and recordkeeping requirements.

**Adoption of Amendments to the Regulations**

Accordingly, 26 CFR parts 1, 301 and 602 are amended as follows:

**PART 1—INCOME TAXES**

1. The authority citation for part 1 continues to read in part as follows:

   **Authority:** 26 U.S.C. 7805 * * *

2. In § 1.48–12, paragraph (d)(7)(iii) is added to read as follows:

**§ 1.48–12  Qualified rehabilitated building; expenditures incurred after December 31, 1981.**

\* \* \* \* \*

(d) * * *

(7) * * *

(iii) *Effective dates.* Paragraph (d)(7)(i) of this section applies to returns for taxable years beginning before January 1, 2002. The requirement in the fourth sentence of paragraph (d)(7)(ii) of this section applies only if the first income tax return filed after receipt by the taxpayer of the certification is for a taxable year beginning before January 1, 2002. For rules applicable to returns for taxable years beginning after December 31, 2001, see § 1.48–12T(d)(7)(iii).

3. Section 1.48–12T is revised to read as follows:

**§ 1.48–12T  Qualified rehabilitated building; expenditures incurred after December 31, 1981 (temporary).**

(a) through (d)(7)(ii) [Reserved] For further guidance, see § 1.48–12(a) through (d)(7)(ii).

(iii) *Returns for taxable years beginning after December 31, 2001*—(A) *In general.* Except as otherwise provided in § 1.48–12(d)(7)(ii) and this paragraph (d)(7)(iii), a taxpayer claiming the credit for rehabilitation of a certified historic structure (within the meaning of section 47(c)(3) and § 1.48–12(d)(1)) for a taxable year beginning after December 31, 2001, must provide with the return for the taxable year in which the credit is claimed, the NPS project number assigned by, and the date of the final certification of completed work received from, the Secretary of the Interior. If a credit (including a credit for a taxable year beginning before January 1, 2002) is claimed under the late certification procedures of § 1.48–12(d)(7)(ii) and the first income tax return filed by the taxpayer after receipt of the certification is for a taxable year beginning after

December 31, 2001, the taxpayer must provide the NPS project number assigned by, and the date of the final certification of completed work received from, the Secretary of the Interior with that return.

(B) *Reporting and recordkeeping requirements.* The information required under paragraph (d)(7)(iii)(A) of this section must be provided on Form 3468 (or its successor) filed with the taxpayer's return. In addition, the taxpayer must retain a copy of the final certification of completed work for as long as its contents may become material in the administration of any internal revenue law.

(C) *Passthrough entities.* In the case of a credit for qualified rehabilitation expenditures of a partnership, S corporation, estate, or trust, the requirements of this paragraph (d)(7)(iii) apply only to the entity. Each partner, shareholder or beneficiary claiming a credit for such qualified rehabilitation expenditures from a passthrough entity must, however, provide the employer identification number of the entity on Form 3468 (or its successor).

(D) *Effective dates.* This paragraph (d)(7)(iii) applies to returns and records for taxable years beginning after December 31, 2001. For rules applicable to returns and records for taxable years beginning before January 1, 2002, see § 1.48–12(d)(7)(i) and the fourth sentence of § 1.48–12(d)(7)(ii).

(e) through (f)(3) [Reserved]. For further guidance, see § 1.48–12(e) through (f)(3).

§ 1.152–3  [Amended]

4. In § 1.152–3, paragraph (c) is removed and reserved.

5. Section 1.152–3T is added to read as follows:

§ 1.152–3T  Multiple support agreements (temporary).

(a) through (b) [Reserved]. For further guidance, see § 1.152–3(a) and (b).

(c)(1) The member of a group of contributors who claims an individual as a dependent for a taxable year beginning before January 1, 2002, under the multiple support agreement provisions of section 152(c) must attach to the member's income tax return for the year of the deduction a written declaration from each of the other persons who contributed more than 10 percent of the support of such individual and who, but for the failure to contribute more than half of the support of the individual, would have been entitled to claim the individual as a dependent.

(2) The taxpayer claiming an individual as a dependent for a taxable year beginning after December 31, 2001, under the multiple support agreement provisions of section 152(c) must provide with the income tax return for the year of the deduction—

(i) A statement identifying each of the other persons who contributed more than 10 percent of the support of the individual and who, but for the failure to contribute more than half of the support of the individual, would have been entitled to claim the individual as a dependent; and

(ii) A statement indicating that the taxpayer obtained a written declaration from each of the persons described in section 152(c)(2) waiving the right to claim the individual as a dependent.

(3) The taxpayer claiming the individual as a dependent for a taxable year beginning after December 31, 2001, must retain the waiver declarations and should be prepared to furnish the waiver declarations and any other information necessary to substantiate the claim of the taxpayer. Other information that will substantiate the dependency claim of the taxpayer may include a statement showing the names of all contributors (whether or not members of the group described in section 152(c)(2)) and the amount contributed by each to the support of the claimed dependent.

§ 1.611–3  [Amended]

6. In § 1.611–3, paragraph (h) is removed and reserved.

7. Section 1.611–3T is added to read as follows:

§ 1.611–3T  Rules applicable to timber (temporary).

(a) through (g) [Reserved]. For further guidance, see § 1.611–3(a) through (g).

(h) *Reporting and recordkeeping requirements*—(1) *Taxable years beginning before January 1, 2002.* A taxpayer claiming a deduction for depletion of timber for a taxable year beginning before January 1, 2002, shall attach to the income tax return of the taxpayer a filled-out Form T (Timber) for the taxable year covered by the income tax return, including the following information—

(i) A map where necessary to show clearly timber and land acquired, timber cut, and timber and land sold;

(ii) Description of, cost of, and terms of purchase of timberland or timber, or cutting rights, including timber or timber rights acquired under any type of contract;

(iii) Profit or loss from sale of land, or timber, or both;

(iv) Description of timber with respect to which claim for loss, if any, is made;

(v) Record of timber cut;

(vi) Changes in each timber account as a result of purchase, sale, cutting, reestimate, or loss;

(vii) Changes in improvements accounts as the result of additions to or deductions from capital and depreciation, and computation of profit or loss on sale or other disposition of such improvements;

(viii) Operation data with respect to raw and finished material handled and inventoried;

(ix) Statement as to application of the election under section 631(a) and pertinent information in support of the fair market value claimed thereunder;

(x) Information with respect to land ownership and capital investment in timberland; and

(xi) Any other data which will be helpful in determining the reasonableness of the depletion or depreciation deductions claimed in the return.

(2) *Taxable years beginning after December 31, 2001.* A taxpayer claiming a deduction for depletion of timber on a return filed for a taxable year beginning after December 31, 2001, shall attach to the income tax return of the taxpayer a filled-out Form T (Timber) for the taxable year covered by the income tax return. In addition, the taxpayer must retain records sufficient to substantiate the right of the taxpayer to claim the deduction, including a map, where necessary, to show clearly timber and land acquired, timber cut, and timber and land sold for as long as their contents may become material in the administration of any internal revenue law.

§ 1.852–9  [Amended]

8. In § 1.852–9, paragraph (c)(1) is removed and reserved.

9. Section 1.852–9T is added to read as follows:

§ 1.852–9T  Special procedural requirements applicable to designation under section 852(b)(3)(D) (temporary).

(a) through (b)(3) [Reserved]. For further guidance, see § 1.852–9(a) through (b)(3).

(c) *Shareholders*—(1)(i) *Return requirements for taxable years beginning before January 1, 2002.* For taxable years beginning before January 1, 2002, the copy B of Form 2439 furnished to a shareholder by the regulated investment company or by a nominee, as provided in § 1.852–9(a) or (b) shall be attached to the income tax return of the shareholder for the taxable year in which the amount of undistributed capital gains is includible in gross income as provided in § 1.852–4(b)(2).

(ii) *Recordkeeping requirements for taxable years beginning after December 31, 2001.* For taxable years beginning after December 31, 2001, the shareholder shall retain a copy of Form 2439 for as long as its contents may become material in the administration of any internal revenue law.

(c)(2) through (d) [Reserved] For further guidance, see § 1.852–9(c)(2) through (d).

\* \* \* \* \*

## PART 301—PROCEDURE AND ADMINISTRATION

10. The authority citation for part 301 continues to read as follows:

**Authority:** 26 U.S.C. 7805 \* \* \*

### § 301.6011–1 [Removed]

11. Section 301.6011–1 is removed.

12. Section 301.6011–1T is added to read as follows:

### § 301.6011–1T General requirement of return, statement or list (temporary).

(a) For provisions requiring returns, statements, or lists, see the regulations relating to the particular tax.

(b) The Secretary may prescribe in forms, instructions, or other appropriate guidance the information or documentation required to be included with any return or any statement required to be made or other document required to be furnished under any provision of the internal revenue laws or regulations.

### § 301.6903–1 [Amended]

13. In § 301.6903–1, paragraph (b) is removed and reserved.

14. Section 301.6903–1T is added to read as follows:

### § 301.6903–1T Notice of fiduciary (temporary).

(a) [Reserved] For further guidance, see § 301.6903–1(a).

(b) *Manner of notice*—(1) *Notices filed before April 24, 2002.* This paragraph (b)(1) applies to notices filed before April 24, 2002. The notice shall be signed by the fiduciary, and shall be filed with the Internal Revenue Service office where the return of the person for whom the fiduciary is acting is required to be filed. The notice must state the name and address of the person for whom the fiduciary is acting, and the nature of the liability of such person; that is, whether it is a liability for tax, and, if so, the type of tax, the year or years involved, or a liability at law or in equity of a transferee of property of a taxpayer, or a liability of a fiduciary under section 3467 of the Revised Statutes, as amended (31 U.S.C. 192) in respect of the payment of any tax from the estate of the taxpayer. Satisfactory evidence of the authority of the fiduciary to act for any other person in a fiduciary capacity must be filed with and made a part of the notice. If the fiduciary capacity exists by order of court, a certified copy of the order may be regarded as satisfactory evidence. When the fiduciary capacity has terminated, the fiduciary, in order to be relieved of any further duty or liability as such, must file with the Internal Revenue Service office with whom the notice of fiduciary relationship was filed written notice that the fiduciary capacity has terminated as to him, accompanied by satisfactory evidence of the termination of the fiduciary capacity. The notice of termination should state the name and address of the person, if any, who has been substituted as fiduciary. Any written notice disclosing a fiduciary relationship which has been filed with the Commissioner under the Internal Revenue Code of 1939 or any prior revenue law shall be considered as sufficient notice within the meaning of section 6903. Any satisfactory evidence of the authority of the fiduciary to act for another person already filed with the Commissioner or district director need not be resubmitted.

(2) *Notices filed on or after April 24, 2002.* This paragraph (b)(2) applies to notices filed on or after April 24, 2002. The notice shall be signed by the fiduciary, and shall be filed with the Internal Revenue Service Center where the return of the person for whom the fiduciary is acting is required to be filed. The notice must state the name and address of the person for whom the fiduciary is acting, and the nature of the liability of such person; that is, whether it is a liability for tax, and if so, the type of tax, the year or years involved, or a liability at law or in equity of a transferee of property of a taxpayer, or a liability of a fiduciary under 31 U.S.C. 3713(b), in respect of the payment of any tax from the estate of the taxpayer. The fiduciary must retain satisfactory evidence of his or her authority to act for any other person in a fiduciary capacity as long as the evidence may become material in the administration of any internal revenue law.

(c) through (e) [Reserved]. For further guidance, see § 301.6903–1(c) through (e).

## PART 602—OMB CONTROL NUMBERS UNDER THE PAPERWORK REDUCTION ACT

15. The authority citation for part 602 continues to read as follows:

**Authority:** 26 U.S.C. 7805.

16. In § 602.101, paragraph (b) is amended by adding the following entries in numerical order to the table to read as follows:

### § 602.101 OMB Control numbers.

\* \* \* \* \*

(b) \* \* \*

| CFR part or section where identified and described | Current OMB control No. |
|---|---|
| \* \* \* \* \* | |
| 1.48–12T | 1545–0155<br>1545–1783 |
| \* \* \* \* \* | |
| 1.152–3T | 1545–0071<br>1545–1783 |
| \* \* \* \* \* | |
| 1.611–3T | 1545–0007<br>1545–0099,<br>1545–1784 |
| \* \* \* \* \* | |
| 1.852–9T | 1545–0074<br>1545–0123<br>1545–0144<br>1545–0145<br>1545–1783 |
| \* \* \* \* \* | |
| 301.6903–1T | 1545–0013<br>1545–1783 |
| \* \* \* \* \* | |

Approved: March 22, 2002.

**Robert E. Wenzel,**
*Deputy Commissioner of Internal Revenue.*

**Mark Weinberger,**
*Assistant Secretary of the Treasury (Tax Policy).*

[FR Doc. 02–9819 Filed 4–23–02; 8:45 am]

**BILLING CODE 4830–01–P**

---

## DEPARTMENT OF TRANSPORTATION

### Coast Guard

### 33 CFR Part 117

[CGD13–02–004]

RIN 2115–AE47

### Drawbridge Operations Regulations; Youngs Bay, OR

**AGENCY:** Coast Guard, DOT.

**ACTION:** Notice of temporary deviation from regulations.

**SUMMARY:** The Commander, Thirteenth Coast Guard District has issued a temporary deviation from the regulations governing the operation of the Old Youngs Bay Drawbridge across Youngs Bay, mile 2.4, at Astoria,