# ATTACHMENT

W

PAR. 4. Section 31.3401(a)(12)-1 is amended by revising paragraph (a) thereof to read as follows:

§ 31.3401(a)(12)-1 Payments from or to certain tax-exempt trusts, or under or to certain annuity plans or bond purchase plans.

(a) *Payments from or to certain tax-exempt trusts.* The term "wages" does not include any payment made—

(1) By an employer, on behalf of an employee or his beneficiary, into a trust, or

(2) To, or on behalf of, an employee or his beneficiary from a trust,

if at the time of such payment the trust is exempt from tax under section 501(a) as an organization described in section 401(a). A payment made to an employee of such a trust for services rendered as an employee of the trust and not as a beneficiary thereof is not within this exclusion from wages. Also, since supplemental unemployment compensation benefits are treated under paragraph (b)(14) of § 31.3401(a)-1 as if they were wages for purposes of this chapter, this section does not apply to such benefits.

PAR. 5. Section 31.3401(b)-1 is amended by redesignating paragraph (c) thereof as paragraph (d) and inserting a new paragraph (c). These redesignated and inserted provisions read as follows:

§ 31.3401(b)-1 Payroll period.

* * * * *

(c) The term "payroll period" also means the period of accrual of supplemental unemployment compensation benefits for which a payment of such benefits is ordinarily made. Thus if benefits are ordinarily accrued and paid on a monthly basis, the payroll period is deemed to be monthly.

(d) The term "miscellaneous payroll period" means a payroll period other than a daily, weekly, biweekly, semimonthly, monthly, quarterly, semiannual, or annual payroll period.

PAR. 6. Section 31.3401(c)-1 is amended by redesignating paragraph (g) thereof as paragraph (h) and inserting a new paragraph (g). These redesignated and inserted provisions read as follows:

§ 31.3401(c)-1 Employee.

* * * * *

(g) The term "employee" includes every individual who receives a supplemental unemployment compensation benefit which is treated under paragraph (b)(14) of § 31.3401(a)-1 as if it were wages.

(h) Although an individual may be an employee under this section, his services may be of such a nature, or performed under such circumstances, that the remuneration paid for such services does not constitute wages within the meaning of section 3401(a).

PAR. 7. Section 31.3401(d)-1 is amended by revising paragraph (g) thereof and redesignating it as paragraph (h), and by inserting a new paragraph (g). These revised, redesignated, and inserted provisions read as follows:

§ 31.3401(d)-1 Employer.

* * * * *

(g) The term "employer" also means a person making a payment of a supplemental unemployment compensation benefit which is treated under paragraph (b)(14) of § 31.3401(a)-1 as if it were wages. For example, if supplemental unemployment compensation benefits are paid from a trust which was created under the terms of a collective bargaining agreement, the trust shall generally be deemed to be the employer. However, if the person making such payment is acting solely as an agent for another person, the term "employer" shall mean such other person and not the person actually making the payment.

(h) It is a basic purpose to centralize in the employer the responsibility for withholding, returning, and paying the tax, and for furnishing the statements required under section 6051 and § 31.-6051-1. The special definitions of the term "employer" in paragraphs (e), (f), and (g) of this section are designed solely to meet special or unusual situations. They are not intended as a departure from the basic purpose.

PAR. 8. The following new sections are added immediately after § 31.3402(n)-1.

§ 31.3402(o) Statutory provisions; income tax collected at source; extension of withholding to certain payments other than wages.

SEC. 3402. *Income tax collected at source.* * * *

(o) *Extension of withholding to certain payments other than wages*—(1) *General rule.* For purposes of this chapter (and so much of subtitle F as relates to this chapter)—

(A) Any supplemental unemployment compensation benefit paid to an individual, and

(B) Any payment of an annuity to an individual, if at the time the payment is made a request that such annuity be subjected to withholding under this chapter is in effect,

shall be treated as if it were a payment of wages by an employer to an employee for a payroll period.

(2) *Definitions*—(A) *Supplemental unemployment compensation benefits.* For purposes of paragraph (1), the term "supplemental unemployment compensation benefits" means amounts which are paid to an employee, pursuant to a plan to which the employer is a party, because of an employee's involuntary separation from employment (whether or not such separation is temporary), resulting directly from a reduction in force, the discontinuance of a plant or operation, or other similar conditions, but only to the extent such benefits are includible in the employee's gross income.

(B) *Annuity.* For purposes of this subsection, the term "annuity" means any amount paid to an individual as a pension or annuity, but only to the extent that the amount is includible in the gross income of such individual.

(3) *Request for withholding.* A request that an annuity be subject to withholding under this chapter shall be made by the payee in writing to the person making the annuity payments, shall be accompanied by a withholding exemption certificate, executed in accordance with the provisions of subsection (f)(2), and shall take effect as provided in subsection (f)(3). Such a request may, notwithstanding the provisions of subsection (f)(4), be terminated by furnishing to the person making the payments a written statement of termination which shall be treated as a withholding exemption certificate for purposes of subsection (f)(3)(B).

[Sec. 3402(o) as added by sec. 805(g), Tax Reform Act 1969 (83 Stat. 708)]

§ 31.3402(o)-1 Extension of withholding to certain payments other than wages.

(a) *Supplemental unemployment compensation benefits.* Withholding of income tax is required under section 3402(o) with respect to payments of supplemental unemployment compensation benefits made after December 31, 1970, which are treated under paragraph (b)(14) of § 31.3401(a)-1 as if they were wages.

(b) *Withholding exemption certificates.* For purposes of section 3402(f)(2) and (3) and the regulations thereunder (relating to withholding exemption certificates), in the case of supplemental unemployment compensation benefits an employment relationship shall be considered to commence with either the date on which such benefits begin to accrue or January 1, 1971, whichever is later, and the withholding exemption certificate furnished the employer with respect to such commencement of employment shall be considered the first certificate furnished the employer. The withholding exemption certificate furnished by the employee to his former employer (with whom his employment has been involuntarily terminated, within the meaning of paragraph (b)(14)(ii) of § 31.3401(a)-1) shall be treated as meeting the requirements of section 3402(f)(2)(A) and the regulations thereunder if such former employer furnishes such certificate to the employee's current employer, as defined in paragraph (g) of § 31.3401(d)-1, or if such former employer is the agent of such current employer with respect to the employee's withholding exemption certificate. However, the preceding sentence shall not be applicable if such employee furnishes a new withholding exemption certificate to such current employer (or his agent), provided that such withholding exemption certificate meets the requirements of section 3402(f)(2)(A) and the regulations thereunder. See the definitions of payroll period in paragraph (c) of § 31.3401(b)-1 and of employee in paragraph (g) of § 31.3401(c)-1.

[FR. Doc. 70-15211; Filed, Nov. 10, 1970; 8:46 a.m.]

[T.D. 7069]

PART 1—INCOME TAX; TAXABLE YEARS BEGINNING AFTER DECEMBER 31, 1953

PART 301—PROCEDURE AND ADMINISTRATION

Filing Requirements for Individuals

On August 1, 1970, notice of proposed rule making with respect to the amendment of the Income Tax Regulations (26

Attachment W - page 1 of 3

CFR Part 1) and the Regulations on Procedure and Administration (26 CFR Part 301) under section 6012 of the Internal Revenue Code of 1954 to reflect the changes made by section 941 of the Tax Reform Act of 1969 (83 Stat. 726) was published in the FEDERAL REGISTER (35 F.R. 12343). No objection to the rules proposed having been received from the public during the 30-day period presented in the notice, the regulations as proposed are hereby adopted.

(Sec. 7805, Internal Revenue Code of 1954, (68A Stat. 917; 26 U.S.C. 7805)

[SEAL]  RANDOLPH W. THROWER,
*Commissioner of Internal Revenue.*

Approved: October 28, 1970.

JOHN S. NOLAN,
*Acting Assistant Secretary of the Treasury.*

In order to conform the Income Tax Regulations (26 CFR Part 1) and the regulations on Procedure and Administration (26 CFR Part 301) under section 6012(a)(1) of the Internal Revenue Code of 1954 to section 941 of the Tax Reform Act of 1969 (83 Stat. 726), such regulations are amended as follows:

PARAGRAPH 1. Section 1.6012 is amended by revising paragraph (1) of section 6012(a) and the historical note to read as follows:

§ 1.6012  *Statutory provisions; persons required to make returns of income.*

SEC. 6012. *Persons required to make returns of income*—(a) *General rule.* Returns with respect to income taxes under subtitle A shall be made by the following:

[Applicable to taxable years beginning after Dec. 31, 1969, and before Jan. 1, 1973]

(1) (A) Every individual having for the taxable year a gross income of $600 or more, except that a return shall not be required of an individual (other than an individual referred to in section 142(b))—
(i) Who is not married (determined by applying section 143(a)) and for the taxable year has a gross income of less than $1,700, or
(ii) Who is entitled to make a joint return under section 6013 and whose gross income, when combined with the gross income of his spouse, is, for the taxable year, less than $2,300 but only if such individual and his spouse, at the close of the taxable year, had the same household as their home.
Clause (ii) shall not apply if for the taxable year such spouse makes a separate return or any other taxpayer is entitled to an exemption for such spouse under section 151(e).
(B) The $1,700 amount specified in subparagraph (A)(i) shall be increased to $2,300 in the case of an individual entitled to an additional personal exemption under section 151(c)(1), and the $2,300 amount specified in subparagraph (A)(ii) shall be increased by $600 for each additional personal exemption to which the individual or his spouse is entitled under section 151(c);

[Applicable to taxable years beginning after Dec. 31, 1972]

(1) (A) Every individual having for the taxable year a gross income of $750 or more, except that a return shall not be required of an individual (other than an individual referred to in section 142(b))—
(i) Who is not married (determined by applying section 143(a)) and for the taxable year has a gross income of less than $1,750, or
(ii) Who is entitled to make a joint return under section 6013 and whose gross income, when combined with the gross income of his spouse, is, for the taxable year, less than $2,500 but only if such individual and his spouse, at the close of the taxable year, had the same household as their home.
Clause (ii) shall not apply if for the taxable year such spouse makes a separate return or any other taxpayer is entitled to an exemption for such spouse under section 151(e).
(B) The $1,750 amount specified in subparagraph (A)(i) shall be increased to $2,500 in the case of an individual entitled to an additional personal exemption under section 151(c)(1), and the $2,500 amount specified in subparagraph (A)(ii) shall be increased by $750 for each additional personal exemption to which the individual or his spouse is entitled under section 151(c).

* * * * *

[Sec. 6012 as amended by sec. 72(a), Technical Amendments Act 1958 (72 Stat. 1660); sec. 206(b)(1), Rev. Act 1964 (78 Stat. 40); sec. 941, Tax Reform Act 1969 (83 Stat. 726)]

PAR. 2. Paragraph (a) of § 1.6012-1 is amended by revising subparagraphs (1), (2), and (4) thereof to read as follows:

§ 1.6012-1  *Individuals required to make returns of income.*

(a) *Individual citizen or resident*—(1) *In general.* Except as provided in subparagraph (2) of this paragraph, an income tax return must be filed by every individual for each taxable year beginning before January 1, 1973, during which he receives $600 or more of gross income, and for each taxable year beginning after December 31, 1972, during which he receives $750 or more of gross income, if such individual is—
(i) A citizen of the United States, whether residing at home or abroad,
(ii) A resident of the United States even though not a citizen thereof, or
(iii) An alien bona fide resident of Puerto Rico during the entire taxable year.

(2) *Special rules.* (i) For taxable years beginning before January 1, 1970, an individual who is described in subparagraph (1) of this paragraph and who has attained the age of 65 before the close of his taxable year must file an income tax return only if he receives $1,200 or more of gross income during his taxable year.
(ii) For taxable years beginning after December 31, 1969, and before January 1, 1973, an individual described in subparagraph (1) of this paragraph (other than an individual referred to in section 142(b))—
(a) Who is not married (as determined by applying section 143(a) and the regulations thereunder) must file an income tax return only if he receives $1,700 or more of gross income during his taxable year, except that if such an individual has attained the age of 65 before the close of his taxable year an income tax return must be filed by such individual only if he receives $2,300 or more of gross income during his taxable year.
(b) Who is entitled to make a joint return under section 6013 and the regulations thereunder must file an income tax return only if his gross income received during his taxable year, when combined with the gross income of his spouse received during his taxable year, is $2,300 or more. However, if such individual or his spouse has attained the age of 65 before the close of the taxable year an income tax return must be filed by such individual only if their combined gross income is $2,900 or more. If both the individual and his spouse have attained the age of 65 before the close of the taxable year such return must be filed only if their combined gross income is $3,500 or more. However, this subdivision (ii)(b) shall not apply if the individual and his spouse did not have the same household as their home at the close of their taxable year, if such spouse files a separate return for a taxable year which includes any part of such individual's taxable year, or if any other taxpayer is entitled to an exemption for such individual or his spouse under section 151(e) for such other taxpayer's taxable year beginning in the calendar year in which such individual's taxable year begins. For example, a married student more than half of whose support is furnished by his father must file an income tax return if he receives $600 or more of gross income during his taxable year.
(iii) For taxable years beginning after December 31, 1972, an individual described in subparagraph (1) of this paragraph (other than an individual referred to in section 142(b))—
(a) Who is not married (as determined by applying section 143(a) and the regulations thereunder) must file an income tax return only if he receives $1,750 or more of gross income during his taxable year, except that if such an individual has attained the age of 65 before the close of his taxable year an income tax return must be filed by such individual only if he receives $2,500 or more of gross income during his taxable year.
(b) Who is entitled to make a joint return under section 6013 and the regulations thereunder must file an income tax return only if his gross income received during his taxable year, when combined with the gross income of his spouse received during his taxable year, is $2,500 or more. However, if such individual or his spouse has attained the age of 65 before the close of the taxable year an income tax return must be filed by such individual only if their combined gross income is $3,250 or more. If both the individual and his spouse attain the age of 65 before the close of the taxable year such return must be filed only if their combined gross income is $4,000 or more. However, this subdivision (iii)(b) shall not apply if the individual and his spouse did not have the same household as their home at the close of their taxable year, if such spouse files a separate return for a taxable year which includes any part of such individual's taxable year, or if any other taxpayer is entitled to an exemption for the taxpayer or his spouse under section 151(e) for such other taxpayer's taxable year

beginning in the calendar year in which such individual's taxable year begins. For example, a married student more than half of whose support is furnished by his father must file an income tax return if he receives $750 or more of gross income during the taxable year.

(iv) For purposes of section 6012(a)(1)(A)(ii) and subdivisions (ii)(b) and (iii)(b) of this subparagraph, an individual and his spouse are considered to have the same household as their home at the close of a taxable year if the same household constituted the principal place of abode of both the individual and his spouse at the close of such taxable year (or on the date of death, if the individual or his spouse died within the taxable year). The individual and his spouse will be considered to have the same household as their home at the close of the taxable year notwithstanding a temporary absence from the household due to special circumstances, as, for example, in the case of a nonpermanent failure on the part of the individual and his spouse to have a common abode by reason of illness, education, business, vacation, or military service. For example, A, a calendar-year individual under 65 years of age, is married to B, also under 65 years of age, and is a member of the Armed Forces of the United States. During 1970 A is transferred to an overseas base. A and B give up their home, which they had jointly occupied until that time; B moves to the home of her parents for the duration of A's absence. They fully intend to set up a new joint household upon A's return. Neither A nor B must file a return for 1970 if their combined gross income for the year is less than $2,300 and if no other taxpayer is entitled to a dependency exemption for A or B under section 151(e).

(v) In the case of a short taxable year referred to in section 443(a)(1), an individual described in subparagraph (1) of this paragraph shall file an income tax return if his gross income received during such short taxable year equals or exceeds his own personal exemption allowed by section 151(b) (prorated as provided in section 443(c)) and, when applicable, his additional exemption for age 65 or more allowed by section 151(c)(1) (prorated as provided in section 443(c)).

* * * * *

(4) *Return of income of minor.* A minor is subject to the same requirements and elections for making returns of income as are other individuals. Thus, for example, for a taxable year beginning after December 31, 1972, a return must be made by or for a minor who has an aggregate of $1,750 of gross income from funds held in trust for him and from his personal services, regardless of the amount of his taxable income. The return of a minor must be made by the minor himself or must be made for him by his guardian or other person charged with the care of the minor's person or property. See paragraph (b)(3) of § 1.6012-3. See § 1.73-1 for inclusion in the minor's gross income of amounts received for his personal services. For the amount of tax which is considered to have been properly assessed against the parent, if not paid by the child, see section 6201(c) and paragraph (c) of § 301.6201-1 of this chapter (Regulations on Procedure and Administration).

* * * * *

PAR. 3. Section 301.6012 is amended by revising paragraph (1) of section 6012 (a) and the historical note to read as follows:

§ 301.6012 *Statutory provisions; persons required to make returns of income.*

SEC. 6012. *Persons required to make returns of income*—(a) *General rule.* Returns with respect to income taxes under subtitle A shall be made by the following:

[Applicable to taxable years beginning after Dec. 31, 1969, and before Jan. 1, 1973]

(1) (A) Every individual having for the taxable year a gross income of $600 or more, except that a return shall not be required of an individual (other than an individual referred to in section 142(b))—

(i) Who is not married (determined by applying section 143(a)) and for the taxable year has a gross income of less than $1,700, or

(ii) Who is entitled to make a joint return under section 6013 and whose gross income, when combined with the gross income of his spouse, is, for the taxable year, less than $2,300 but only if such individual and his spouse, at the close of the taxable year, had the same household as their home.

Clause (ii) shall not apply if for the taxable year such spouse makes a separate return or any other taxpayer is entitled to an exemption for such spouse under section 151(e).

(B) The $1,700 amount specified in subparagraph (A)(i) shall be increased to $2,300 in the case of an individual entitled to an additional personal exemption under section 151(c)(1), and the $2,300 amount specified in subparagraph (A)(ii) shall be increased by $600 for each additional personal exemption to which the individual or his spouse is entitled under section 151(c);

[Applicable to taxable years beginning after Dec. 31, 1972]

(1) (A) Every individual having for the taxable year a gross income of $750 or more, except that a return shall not be required of an individual (other than an individual referred to in section 142(b))—

(i) Who is not married (determined by applying section 143(a)) and for the taxable year has a gross income of less than $1,750, or

(ii) Who is entitled to make a joint return under section 6013 and whose gross income, when combined with the gross income of his spouse, is, for the taxable year, less than $2,500 but only if such individual and his spouse, at the close of the taxable year, had the same household as their home.

Clause (ii) shall not apply if for the taxable year such spouse makes a separate return or any other taxpayer is entitled to an exemption for such spouse under section 151(e).

(B) The $1,750 amount specified in subparagraph (A)(i) shall be increased to $2,500 in the case of an individual entitled to an additional personal exemption under section 151(c)(1), and the $2,500 amount specified in subparagraph (A)(ii) shall be increased by $750 for each additional personal exemption to which the individual or his spouse is entitled under section 151(c);

* * * * *

(Sec. 6012 as amended by sec. 72(a), Technical Amendments Act 1958 (72 Stat. 1660); sec. 206(b)(1), Rev. Act 1964 (78 Stat. 40); sec. 941, Tax Reform Act 1969 (83 Stat. 726))

[F.R. Doc. 70-15212; Filed, Nov. 10, 1970; 8:46 a.m.]

[T.D. 7067]

## PART 13—TEMPORARY INCOME TAX REGULATIONS UNDER THE TAX REFORM ACT OF 1969

### Special Rule for Withholding Agents of Foreign Tax-Exempt Organizations for Calendar Year 1970

The following regulations relate to the application for calendar year 1970 of section 1443(b) of the Internal Revenue Code of 1954, as added by section 101(j) of the Tax Reform Act of 1969 (83 Stat. 528) to any person required to deduct and withhold any tax imposed on a foreign private foundation by section 4948(a).

The regulations set forth herein are temporary and are designed to provide rules whereby any person within the United States who makes payment of any item of gross investment income, as defined in section 4940(c)(2), to any foreign organization may rely on the certified statement of such organization that it is not a private foundation and thereby be relieved of the liability for withholding any tax imposed under section 4948 (a). The procedure for certification by the foreign organization is also set forth. The regulations are effective until the issuance of final regulations to be prescribed by the Commissioner and approved by the Secretary or his delegate.

In order to provide such temporary regulations under section 1443(b) of the Internal Revenue Code of 1954, the following regulations are adopted:

§ 13.14 *Special rule for withholding agents of foreign tax-exempt organizations for calendar year 1970.*

(a) Any person required under section 1443(b) to deduct and withhold any tax imposed by section 4948(a) on any foreign organization for any period after December 31, 1969, and before January 1, 1971, shall not be liable for such tax if such person receives a certified statement from the foreign organization prior to December 1, 1970, stating that either—

(1) Such foreign organization has properly filed the notice described in section 508(b) and the regulations thereunder and has not been notified by the Commissioner or his delegate by the 30th day after the day on which the notice is filed that such notice has failed to establish that such foreign organization is not a private foundation, or

(2) The presumption contained in section 508(b) does not apply to such foreign organization by reason of section 508(c) and the regulations thereunder. If a certified statement is not received prior to December 1, 1970, by any person required to deduct and withhold any tax imposed by section 4948(a) with respect to any foreign organization, then such person shall be liable for all such