# ATTACHMENT

**X**



Wednesday,
April 9, 2008

Part IV

# Department of the Treasury

Internal Revenue Service

26 CFR Parts 1 and 301
Source Rules Involving U.S. Possessions
and Other Conforming Changes; Final
Rule

# DEPARTMENT OF THE TREASURY

## Internal Revenue Service

### 26 CFR Parts 1 and 301

**[TD 9391]**

**RIN 1545–BF85**

### Source Rules Involving U.S. Possessions and Other Conforming Changes

**AGENCY:** Internal Revenue Service (IRS), Treasury.

**ACTION:** Final regulations and removal of temporary regulations.

**SUMMARY:** This document contains final regulations that provide rules under section 937(b) of the Internal Revenue Code (Code) for determining whether income is derived from sources within a U.S. possession or territory specified in section 937(a)(1) (generally referred to in this preamble as a "territory") and whether income is effectively connected with the conduct of a trade or business within a territory. The final regulations also provide guidance under sections 876, 881, 884, 931, 932, 933, 934, 935, 957, and 6688 of the Code to reflect amendments made by the Tax Reform Act of 1986, Public Law 99–514 (100 Stat. 2085) (the 1986 Act) and the American Jobs Creation Act of 2004, Public Law 108–357 (118 Stat. 1418) (the 2004 Act). Conforming changes are also made to regulations under sections 1, 170A, 861, 871, 901, 1402, 6038, 6046, and 7701 of the Code.

**DATES:** *Effective Date:* These regulations are effective on April 9, 2008.

*Applicability Date:* For dates of applicability, see §§ 1.1–1(d), 1.170A–1(k), 1.861–3(d), 1.861–8(h), 1.871–1(d), 1.876–1(f), 1.881–1(f), 1.881–5(i), 1.884–0(b), 1.901–1(j), 1.931–1(d), 1.932–1(j), 1.933–1(e), 1.934–1(e), 1.935–1(g), 1.937–2(l), 1.937–3(f), 1.957–3(d), 1.1402(a)–12(c), 1.6038–2(m), 1.6046–1(l), 301.6688–1(d), 301.7701(b)–9(b)(5).

**FOR FURTHER INFORMATION CONTACT:**
J. David Varley (202) 435–5262 (not a toll-free number).

**SUPPLEMENTARY INFORMATION:**

## Background

On April 11, 2005, the Treasury Department and the IRS published in the **Federal Register** temporary regulations (TD 9194, 70 FR 18920, as corrected at 70 FR 32589–01), which provided rules to implement section 937 and to conform existing regulations to other legislative changes with respect to the territories. A notice of proposed rulemaking (REG–159243–03, 70 FR 18949) cross-referencing the temporary

regulations was published in the **Federal Register** on the same day. Written comments were received in response to the notice of proposed rulemaking and a public hearing on the proposed regulations was held on July 21, 2005.

After consideration of the comments, the Treasury Department and the IRS on January 31, 2006, published in the **Federal Register** final regulations (TD 9248, 71 FR 4996, as corrected at 71 FR 14099) under section 937(a) concerning the determination of bona fide residency in the territories. Following further comments and consideration, the Treasury Department and the IRS on November 14, 2006, published in the **Federal Register** final regulations (TD 9297, 71 FR 66232, as corrected at 71 FR 75882) under section 937(a) providing additional rules for determining bona fide residency in the territories.

The proposed regulations relating to source and effectively connected income with respect to the territories (specifically, §§ 1.937–2 and 1.937–3) as well as the other rules concerning the territories are adopted as amended by this Treasury decision, and the corresponding temporary regulations are removed.

## Explanation of Provisions and Summary of Comments

The final regulations under Code section 937(b) provide rules for determining whether income is from sources within a territory and whether income is effectively connected with the conduct of a trade or business within a territory (territory ECI). Section 937(b)(1) provides that, except as provided in regulations, rules similar to the rules for determining whether income is from sources within the United States or is effectively connected with the conduct of a trade or business within the United States will apply for purposes of determining whether income is from sources within a specified territory or effectively connected with the conduct of a trade or business in any such territory. Section 937(b)(2) provides that, except as provided in regulations, any U.S. source income or U.S. effectively connected income will not be treated as territory source income or as territory ECI.

The U.S. tax consequences of classifying income as being from sources within a territory or as being territory ECI vary from territory to territory. The final regulations under Code sections 931 through 935 contain rules implementing the operative substantive and procedural provisions of U.S. income tax law specifically

applicable to each territory, including the rules regarding the filing requirements and the determination of the income tax liability of bona fide residents and other persons with territory source income. In addition to the rules under Code sections 937(b) and 931 through 935, the final regulations provide conforming changes to rules under related provisions of the Code.

The Treasury Department and the IRS recognize that the interaction of section 937 and other sections of the Code relating to the territories requires a balance between implementing the policies Congress intended in section 937(b) while recognizing the territories' efforts to retain and attract workers and businesses. As discussed in more detail in this preamble, the final regulations seek to achieve this balance. For example, the final regulations allow an individual to elect, under the special gain rule that applies to property owned by an individual before the individual became a bona fide resident of the territory, to treat as territory source the portion of the gain that accrued while the individual was a bona fide resident of the territory. The Treasury Department and the IRS will continue to consider comments received and anticipate that additional changes to the final regulations may be made.

## I. Territory Source Income and Territory ECI

### A. Territory Source Income

Section 937(b)(1) expressly grants the Treasury Department and the IRS the regulatory authority to provide exceptions to the general territory source rule, which otherwise applies sourcing principles similar to those of the U.S. source rules. The legislative history to section 937 indicates that Congress intended that the Treasury Department and the IRS use this authority to provide exceptions to the general rules regarding territory source income and territory ECI as appropriate. H.R. Conf. Rep. 108–755, at 795 (2004). The legislative history indicates that Congress anticipated that the regulatory authority would be used to continue the existing treatment of income from the sale of goods manufactured in a territory and to prevent abuse, such as acquiring residence in a territory just prior to the disposition of appreciated property in order to avoid U.S. tax on such disposition. *Id.*

Under the temporary and proposed regulations, except as otherwise specifically provided, the principles of sections 861 through 865 and the regulations under those provisions

**Attachment X - page 2 of 29**

generally apply for purposes of determining the gross and taxable income from sources within and without a territory. The temporary and proposed regulations further state that in the application of such principles, the name of the relevant territory will be used instead of the term "United States"; the term "bona fide resident of" followed by the name of the relevant territory will be used instead of the term "United States resident"; and the term "domestic" will be construed to mean created or organized in the relevant territory.

The temporary and proposed regulations also provide exceptions to the general rule for determining whether income is from sources within a territory. In accordance with the legislative history to the 2004 Act, the temporary and proposed regulations preserve the manufacturing-sales income rules in § 1.863–3(f). In addition, the temporary and proposed regulations provide special rules preventing dividends and interest paid by certain closely held territory corporations from being territory source income. Similarly, the temporary and proposed regulations provide that gains from dispositions of appreciated property owned by an individual prior to becoming a resident is not territory source income under a special 10-year look-back rule, and there are special rules regarding compensation for military service. As discussed in more detail in part I.C., the temporary and proposed regulations also reflect section 937(b)(2), which is the statutory exception to the general territory source rule.

### 1. General Territory Source Rule

In response to the temporary and proposed regulations, commentators requested further guidance regarding the application of the general rule for determining whether income is from sources within a territory. In particular, commentators questioned whether, in applying the principles of section 861 through 865, the only permissible modifications to the U.S. source rules were the substitutions described in § 1.937–2T(b).

The Treasury Department and the IRS agree that the general rule for determining whether income is from sources within a territory should be modified to provide greater flexibility in applying the principles of sections 861 through 865 as well as to prevent abuse. Consequently, the final regulations provide that it generally will be sufficient to make certain specified substitutions described in § 1.937–2(b) when determining whether income is

from within or without a territory. However, the final regulations provide that additional substitutions may be necessary to accomplish the intent of section 937(b).

The final regulations also provide a necessary limitation and rule of application to reflect the Congressional intent in enacting the rules of section 937(b)(1). Under this limiting rule, in no event will a bona fide resident of a territory or other person have, as a result of the application of the principles of the U.S. source rules, more income from sources within the relevant territory than the amount of income from sources within the United States that a similarly situated U.S. person who is not a bona fide resident of a territory would have under the U.S. source rules.

Conforming amendments are made to the territory ECI rules to reflect these amendments to the territory source rules. See part I.B. Taxpayers may choose to apply the amendments to the territory source and ECI rules retroactively to open taxable years ending after October 22, 2004.

### 2. Space and Ocean Income and International Communications Income

Section 863(d) provides that income derived from space or ocean activity is sourced within the United States if it is derived by a U.S. person and is sourced without the United States if derived by a foreign person. Section 863(e) generally provides that income derived from international telecommunications activity by a U.S. person is treated as one-half from sources within the United States and one-half from sources without the United States. Commentators specifically requested greater clarity regarding how the principles of sections 863(d) and (e) were to be applied to determine whether income from space and ocean activity and international communications is from sources within a territory.

The Treasury Department and IRS agree that the kinds of further modifications to the general rule that are discussed in part I.A.1 would be specifically warranted with respect to applying the principles of the space and ocean and international communications source rules in the territories. Consequently, the final regulations provide that in applying the principles of section 863(d) and (e) to determine whether a bona fide resident's income is within or without a territory, the term "bona fide resident of a possession" will be used instead of the term "United States person."

### 3. Transportation income

Under section 863(c)(1), transportation income is treated as U.S. source if it is attributable to transportation beginning and ending in the United States. However, section 863(c)(2) provides that if the transportation begins or ends in the United States but is not described in section 863(c)(1), then one-half of the income is U.S. source (the 50–50 source rule). Section 863(c)(2) provides an exception to the 50–50 source rule in the case of transportation income derived from personal services of a taxpayer, unless such income is attributable to transportation that begins (or ends) in the United States and ends (or begins) in a territory. In the case of transportation income derived in connection with a vessel, the rules of section 863(c)(2) apply only in the case of taxpayers who are citizens or resident aliens.

Commentators argued that the rules of section 863(c)(2) should not apply to transportation income derived from personal services of bona fide residents of the U.S. Virgin Islands. These commentators argued that the application of these rules to a bona fide resident of the U.S. Virgin Islands is contrary to Congressional intent in enacting section 934(b), as interpreted by the commentators. Accordingly, they maintained, the Treasury Department and the IRS should exercise their regulatory authority under section 937(b)(1) to provide that transportation income that is derived from personal services of a bona fide resident of the U.S. Virgin Islands and that otherwise would be sourced under the 50–50 source rule principles of section 863(c)(2), should be sourced entirely within the U.S. Virgin Islands, regardless of the beginning or endpoint of the transportation to which the income is attributable.

The Treasury Department and the IRS believe that their regulatory authority under section 937(b)(1) does not extend to deviating from the source rules of section 863(c)(2). Congress clearly contemplated territorial tax issues when enacting section 863(c) as it provided special source rules in the case of transportation income derived from transportation between the United States and the territories. See H.R. Conf. Rep. 98–861, at 1622 (1984). Congress intended that these rules also would apply for purposes of determining the source of income in territories that mirror the U.S. income tax. *Id.* When section 863(c)(2) was amended by the 1986 Act, the same legislation that enacted sections 932 and 934(b)

**Attachment X - page 3 of 29**

applicable to the U.S. Virgin Islands, Congress preserved the special 50–50 source rule applicable to transportation between the United States and a territory and specifically applied the rule to such income that is derived from personal services. See H.R. Conf. Rep. 99–841, at II–599 (1986).

Furthermore, the commentators premised their argument for changing the source of transportation income on section 934, which only applies to the U.S. Virgin Islands. In the 2004 Act, Congress sought to rationalize the source of income rules applicable to the territories. See H.R. Conf. Rep. 108–755, at 794 (2004). Thus, the rules set forth in section 937 for determining bona fide residency and source of income are intended to apply uniformly to the territories rather than to provide tailored exceptions applicable to only certain territories such as the U.S. Virgin Islands.

Consequently, § 1.937–2 does not incorporate special rules with respect to transportation income between the United States and the U.S. Virgin Islands.

### 4. De Minimis Rule

Section 861(a)(3) generally provides that compensation for labor or personal services performed in the United States is U.S. source income. Under the principles of section 861(a)(3), income from services performed in a territory is treated as territory source income. However, while section 861(a)(3) provides a de minimis exception to this general rule for services performed by nonresident aliens in the United States for minimal compensation over a short period of time, the temporary and proposed regulations specifically provide that the de minimis exception does not apply for determining whether income from services is from sources within a territory. Consequently, a U.S. citizen or resident alien who is not a bona fide resident of the U.S. Virgin Islands, for example, may have to file an income tax return with and pay tax to the U.S. Virgin Islands under section 932(a) even if the individual is engaged in only de minimis personal services in the territory. In this regard, the temporary and proposed regulations carry over the pre-existing rules in former § 1.863–6 for determining income within and without a territory. See § 1.863–6 (2004).

Several commentators requested a de minimis exception to the general rules for the sourcing of income from personal services in a territory. The Treasury Department and the IRS agree that such a rule reduces taxpayer burden and promotes efficient tax administration. Accordingly, the final regulations eliminate the rule in the temporary and proposed regulations that specifically provides that in applying the principles of section 861(a)(3), the de minimis exception does not apply. An example in the final regulations illustrates that a U.S. citizen or resident who is not a bona fide resident of a territory but who performs services in a territory temporarily for no more than 90 days during the taxable year and for no more than $3000 (in the aggregate) generally will not have income from sources within the territory.

### 5. Gains From Certain Dispositions of Personal Property

The temporary and proposed regulations provide a special rule for gains from dispositions of certain property held by a U.S. person prior to becoming a resident of a territory. See § 1.937–2T(f)(1). Under this rule, gains from dispositions of such property within 10 years after becoming a territory resident generally are treated as income from sources outside of the territory. The special gain rule supplements, and does not supersede, the similar special gain rule of section 1277(e) of the 1986 Act, which applies to individuals who become residents of American Samoa, Guam, or the Northern Mariana Islands (NMI) (collectively, the Pacific territories).

Commentators noted that the special gain rule characterizes all gain from property of former U.S. residents as non-territory source income, including any gain attributable to appreciation that occurs while the individual is a bona fide resident of the relevant territory. For example, if a U.S. citizen and lifelong resident of a territory who owns stock in a corporation moves to the United States for a few years and then re-establishes bona fide residence in the territory and sells the stock within 10 years, most of the appreciation in the stock may be attributable to the period in which the individual was a bona fide resident of the territory. However, under the special gain rule, because of the period of U.S. residence, none of the gain would qualify as territory source income.

The Treasury Department and the IRS agree that the special gain rule should be modified to target more precisely gain attributable to appreciation occurring during the time that an individual was not a bona fide resident of the relevant territory. Accordingly, the final regulations provide that an individual may elect to split the source of gains from the sale or other disposition of appreciated property subject to the special gain rule by using a mark-to-market allocation in the case of marketable securities and a time-based allocation in the case of other personal property. This election will more accurately target the abuse that the special gain rule was intended to address. The election also operates to modify the special gain rule of the 1986 Act, as authorized therein. Individuals may retroactively apply the election to dispositions made after April 11, 2005.

### B. Territory ECI

Section 937(b)(1) provides that rules similar to those for determining whether income is effectively connected within the conduct of a trade or business within the United States should also apply in determining whether income is territory ECI, except as provided in regulations. Accordingly, the temporary and proposed regulations generally provide that the principles of section 864(c)(4) apply for purposes of determining whether any income from sources without a territory (U.S. source or other non-territory source income) is treated as territory ECI.

Section 864(c)(4) limits the types of income from foreign sources that can be effectively connected income to certain rents or royalties; dividends or interest connected with the conduct of a banking or financial business; gain from the sale or exchange of inventory; and insurance company income. Personal services income that is foreign source cannot be effectively connected income under section 864(c)(4).

Commentators requested that, instead of applying the principles of section 864(c)(4), the final regulations adopt the principles of section 864(c)(2) and (c)(5) for purposes of determining whether income from sources without a territory is territory ECI. This would expand the types of non-territory source income that could be treated as territory ECI and particularly would include income from personal services. For territories such as the U.S. Virgin Islands this would mean that additional types of non-territory source income may be eligible for reductions of territorial income tax because section 934(b) allows the U.S. Virgin Islands to reduce its territorial income tax on income that is effectively connected with the conduct of a trade or business in the U.S. Virgin Islands. These commentators believe that Congress intended for section 934 (and similar provisions applicable to other territories) to promote economic activity in the territories and that the section 937 regulations should better reflect the policy choices that these commentators believe were made in section 934(b).

**Attachment X – page 4 of 29**

Congress provided in section 937(b)(1) that rules similar to those for determining whether income is effectively connected with the conduct of a trade or business within the United States should also apply in determining whether income is territory ECI, except as provided in regulations. The legislative history to section 937 indicates that Congress was concerned about U.S. citizens and residents claiming to be exempt from U.S. tax on their worldwide income and claiming reductions from territorial income tax when they did not live and work in the territories. H.R. Conf. Rep. 108–755, at 793–94. Adopting the principles of section 864(c)(2) and (c)(5) to determine whether income is territory ECI would allow personal services income derived from sources outside a territory (for example, U.S. source income) to be treated as territory ECI, contrary to Congressional intent. The Treasury Department and the IRS do not believe their regulatory authority extends to prescribing the use of the principles of section 864(c)(2) and (c)(5) for purposes of determining whether income for sources without a territory is territory ECI.

Furthermore, section 934 does not provide a basis for interpreting the regulatory authority under section 937(b) in such a liberal manner. In enacting section 937, Congress amended the rules related to the territories notwithstanding section 934. Moreover, the legislative history to section 934 does not reflect these commentators' view of Congressional intent in enacting section 934. Even while recognizing the goal of encouraging economic development in the U.S. Virgin Islands through appropriate territorial income tax reductions, the legislative history of section 934 indicates that the statute was enacted in part because of concerns that certain territorial income tax programs, which were intended to provide incentives to corporations and residents of the U.S. Virgin Islands that made new investments in the U.S. Virgin Islands, were having the effect of reducing the tax liability attributable to not only income from sources within the territory but also income from sources within the United States. S. Rep. No. 1767, 86th Cong. 2nd Sess. 4 (1960); see also H.R. Rep. No. 99–426, at 485–486 (1985); and S. Rep. No. 99–313, at 479 (1986). The legislative history to section 934 indicates that economic development in the U.S. Virgin Islands should not be attained by granting tax reductions to taxpayers (other than certain U.S. Virgin Islands corporations) with respect to income

derived from investments from sources outside of the territories. *Id.*

Other commentators suggested that U.S. source services income should be treated differently from other non-territory source services income. Specifically, they suggested that the rules of section 864(c)(4) should apply to U.S. source personal services income while the principles of section 864(c)(2) and (c)(5) should apply to other non-territory source personal services income. The Treasury Department and the IRS note that the legislative history to section 937 indicates that Congress was concerned about U.S. citizens and residents claiming reduced rates of territorial income taxation on personal services income by individuals that were not living and working in the territories. H.R. Conf. Rep. 108–755, at 793–94. Congress also expressed concern about possible opportunities for erosion of the U.S. tax base associated with the territory ECI rule. *Id.*

For these reasons, the Treasury Department and IRS have not adopted the commentators' suggestions regarding the determination of whether income is effectively connected with the conduct of a trade or business in a territory under section 937(b)(1). Accordingly, the general rule in the temporary and proposed regulations for determining territory ECI is adopted in the final regulations with minor modifications.

Similar to the modifications made to the general rule for determining whether income is from sources within a territory, the final regulations amend the general territory ECI rule to provide that additional substitutions beyond the routine substitution of the name of the relevant territory for the term "United States" may be necessary in some cases to accomplish the intent of section 937(b)(1). The final regulations also adopt a limitation similar to its counterpart in the general territory source rule, precluding any application of the principles of section 864(c) from resulting in a greater amount of territory ECI than the amount of U.S. effectively connected income that a similarly situated U.S. person who is not a bona fide resident of a territory would have under U.S. rules. Taxpayers may choose to apply these rules in § 1.937–3(b) retroactively to open taxable years ending after October 22, 2004.

### C. U.S. Income Rule

Section 937(b)(2) provides that notwithstanding the general territory source rule, any income from sources within the United States or effectively connected with the conduct of a trade or business within the United States is not treated as income from sources

within a territory or as territory ECI (the U.S. income rule). The legislative history to section 937(b)(2) indicates that Congress wanted the Treasury Department and the IRS to create regulatory exceptions to the general rules for determining territory source and territory ECI and to the U.S. income rule "as appropriate." H.R. Conf. Rep. 108–755, at 794. Congress anticipated that these exceptions would be used "to prevent abuse." *Id.* at 795. Congress was "concerned that the general rules for determining whether income is effectively connected with the conduct of a trade or business in a [territory] present numerous opportunities for erosion of the U.S. tax base." *Id.* at 794.

The temporary and proposed regulations generally adopt the U.S. income rule without exception. However, the temporary and proposed regulations tighten the provision by adding an anti-conduit rule to prevent the avoidance of the U.S. income rule.

In response to the temporary and proposed regulations, commentators requested that the Treasury Department and the IRS exercise their regulatory authority to provide additional exceptions to the U.S. income rule.

### 1. Scope of the U.S. Income Rule

Numerous commentators argued that the scope of the U.S. income rule should be narrowed. The commentators argued that without additional regulatory exceptions, the U.S. income rule will hamper efforts to promote private sector economic development in the territories because it does not permit a territory to provide tax reductions for U.S. source business income even if all of the activity generating that income occurs in the territory. In addition, these commentators argued that Congress intended to encourage the economic development of the territories by allowing, for example, the U.S. Virgin Islands to provide territory tax incentives under section 934 with respect to income effectively connected with the conduct of a trade or business in the U.S. Virgin Islands, even where that income is from U.S. sources.

Commentators proposed various amendments to the general scope of the U.S. income rule. For example, one commentator essentially suggested that the U.S. income rule should not apply to income that is already treated as territory ECI under the general rule of section 937(b)(1), which applies the principles of section 864(c)(4) to income from U.S. sources. Thus, under this suggestion, the U.S. income rule would have no application to the determination of whether U.S. source income may be treated as territory ECI.

**Attachment X - page 5 of 29**

The commentator further argued that Congress was only concerned about U.S. source personal services income being treated as territory ECI and that such income is already prevented from being treated as territory ECI if the principles of section 864(c)(4) apply under the general rule.

This purportedly limited purpose for enacting section 937(b)(2) is difficult to reconcile with the statute's breadth, as a broad application to U.S. source income appears to be the most significant effect of the U.S. income rule. If adopted, such a rule would render the U.S. income rule largely unnecessary. The legislative history to section 937 indicates that Congress clearly intended that the U.S. income rule would apply to prevent U.S. source income from being treated as territory ECI. The legislative history also indicates that Congressional concern about the erosion of the U.S. tax base through the source and effectively connected income rules was a more general concern and not limited to personal services income. Consequently, the Treasury Department and the IRS do not believe that their regulatory authority under section 937(b)(2) extends to providing such a broad exception to the U.S. income rule.

Other commentators suggested that the U.S. income rule should apply only when an item of income is U.S. source or attributable to a U.S. permanent establishment, as determined under the U.S. model treaty rules, as opposed to income effectively connected with the conduct of a U.S. trade or business. In the case of territory source income or territory ECI, this suggested change would essentially limit the application of the U.S. income rule to income that is attributable to a fixed place of business in the United States.

This suggestion would permit a trade or business to carry on significant activities in the United States as long as it does not do so through a fixed physical location, such as an office, branch, factory, or place of management, or as long as it maintains a facility in the U.S. that is used for certain permissible activities such as storing, displaying, or delivering goods, purchasing or collecting information, or other activities of a preparatory or auxiliary nature, such as advertising or supplying information. See U.S. Treasury Department, Model Income Tax Treaty art. 5 (2006). A territory business could also utilize independent agents to carry on business in the United States without triggering the U.S. income rule. Id.

If the U.S. income rule did not apply, income attributable to these activities could be eligible for territory tax

incentives, a result that potentially could lead to an erosion of the U.S. tax base with respect to income that is from U.S. sources or effectively connected with the conduct of a U.S. trade or business. In light of the Congressional concerns with U.S. base erosion and the consequent lack of authority to provide such a broad regulatory exception, the final regulations do not adopt a permanent establishment standard as part of the U.S. income rule.

Some commentators similarly suggested that the U.S. income rule should apply only when an item of income is both U.S. source and attributable to a U.S. office or fixed place of business. Thus, any U.S. source income not effectively connected with a trade or business in the United States could be treated as territory ECI and therefore qualify for tax incentives in certain territories. This suggested change also would render the U.S. income rule inapplicable to all territory source income that is effectively connected with the conduct of a U.S. trade or business. The legislative history to section 937 does not suggest that Congress intended the Treasury Department to exercise its regulatory authority to allow income earned by a U.S. trade or business to receive territory tax benefits. Therefore, the Treasury Department and the IRS do not believe there is adequate regulatory authority to adopt this suggestion.

Other commentators requested exceptions to the U.S. income rule for certain classes of non-territory source income that may otherwise be territory ECI. For example, commentators requested that insurance income from insuring U.S. risks, interest income from U.S. payors to finance centers, or rents and royalties from the use of intangible property in the United States be excepted from the scope of the U.S. income rule to the extent income is territory ECI. These commentators asserted that, notwithstanding that such income is generally U.S. source, the economic activity that gives rise to the income occurs in the territories. Accordingly, these commentators argued, this income does not provide the opportunities to erode the U.S. tax base that the U.S. income rule was intended to prevent.

Even though the activities giving rise to these classes of income may result from sufficient economic activity in the territory so that the income otherwise would constitute territory ECI, the Treasury Department and the IRS note that these classes of income often arise in part from U.S.-based activities such as marketing. Thus, the Treasury Department and the IRS do not believe

that their regulatory authority extends to removing income derived from the specified activities from the express coverage of the U.S. income rule under section 937(b)(2). However, the final regulations do provide additional examples illustrating that income from personal services that, for example, lead to the development of intangible property is not subject to the U.S. income rule if such services income is from territory sources. See part I.C.2.

**2. Examples Illustrating the U.S. Income Rule**

Although the proposed and temporary regulations include several examples applying section 937(b) and temporary regulations §§ 1.937–2T and –3T, comments received by the Treasury Department and the IRS indicated a need for additional examples illustrating the operation of the U.S. income rule. In Notice 2006–76 (2006–38 IRB 459) (see § 601.601(d)(2)(ii)(*b*)), the Treasury Department and the IRS provided two additional examples in response to this concern and explained that taxpayers may treat the examples set forth in the notice as illustrative of the rules in the temporary regulations. The Treasury Department and the IRS also signaled in the notice that these two additional examples, or substantially similar examples, would be included in the final regulations.

Commentators responded positively to the publication of the examples in Notice 2006–76, and the Treasury Department and the IRS did not receive any substantive questions or comments. Accordingly, the examples in Notice 2006–76 are included in the final regulations.

The final regulations also provide a new example with respect to the provision of contingent-payment contractual terms for services performed in a territory. This example clarifies that compensation income received for providing personal services that lead to the development of intangible property for the service recipient is not subject to the U.S. income rule to the extent that the compensation income is from sources within the territory.

**II. Operative Provisions**

*A. American Samoa*

Under section 931(a), income from sources in a section 931 possession generally is excluded from the gross income of a bona fide resident of a section 931 possession. (American Samoa currently is the only section 931 possession because it is the only territory that has entered into an implementing agreement under sections

1271(b) and 1277(b) of the 1986 Act.) However, under section 931(d), the exclusion does not apply to amounts received for services performed as an employee of the United States or any agency thereof. The final regulations clarify that for this purpose under current law, an employee of the government of a section 931 possession is not an employee of the United States or of an agency of the United States. Thus, compensation received as an employee of the territorial government of a section 931 possession is properly excluded from U.S. gross income. A conforming clarification with respect to Puerto Rico is included in the final regulations under section 933.

The effect of this rule will be mainly administrative. Employees of the territorial government now will report their compensation as gross income on only the territorial income tax return and thus, depending on their other income, may be spared a U.S. filing obligation, and all tax on such compensation will be paid directly to the territorial government rather than potentially through a cover-over mechanism under section 7654. The Treasury Department and the IRS believe that this change will reduce overall taxpayer burden and enhance the efficiency of Federal tax administration, while also more fully reflecting the independent operation of the territorial taxing authority.

Rev. Rul. 56–127 (1956–1 CB 323) (see § 601.601(d)(2)(ii)(*b*)), which held under prior law that employees of the government of American Samoa are considered employees of the United States or an agency thereof, is no longer determinative and is obsoleted by this Treasury decision.

### B. Guam and the Northern Mariana Islands

Although section 935 was repealed by the 1986 Act, neither Guam nor the NMI has agreed to the entry into force of the implementing agreement required under sections 1271(b) and 1277(b) of the 1986 Act, and therefore neither of those territories is a section 931 possession as defined in § 1.931–1(c)(1). Rather, section 935 remains in effect with respect to bona fide residents of Guam and the NMI. The final regulations under section 935 generally retain the provisions of the temporary and revised regulations without modification.

### C. Puerto Rico

The final regulations generally retain the provisions of the temporary and proposed regulations under section 933 without modification. However, the final regulations explicitly provide that

for purposes of the section 933 exclusion, employees of the Puerto Rico territorial government are not treated as employees of the United States or of a Federal agency. This language, which comports with the consistent historical understanding that the compensation of such employees is excludable from Federal gross income, is added only for conformity with the revision being made to the final section 931 regulations to address certain obsolete guidance with respect to American Samoa, as explained in part II.A.

### D. United States Virgin Islands

Section 932(c) generally provides that an individual (whether a U.S. citizen or alien) who is a bona fide resident of the U.S. Virgin Islands must file an income tax return with the U.S. Virgin Islands tax authorities. If the individual properly reports income from all sources identifying the source of each item of income on this return and pays all tax properly due with respect to such income, then such income is excluded from gross income for Federal income tax purposes. Consequently, such individuals have a Federal income tax return filing obligation if they fail to report or properly identify the source of any of their income on their U.S. Virgin Islands income tax return or if they fail to pay all of the tax properly due with respect to their income. The temporary and proposed regulations reflect this statutory filing regime.

Commentators asked for additional guidance with respect to the U.S. filing obligations of individuals who take the position that they are bona fide residents of the U.S. Virgin Islands and file their income tax returns with the U.S. Virgin Islands under section 932(c). In particular, commentators asked for clarification with respect to correcting inadvertent errors on U.S. Virgin Islands income tax returns, determining the amount of any residual Federal income tax liability for individuals who fail to pay all the tax properly due to the U.S. Virgin Islands, and clarification of the application of the statute of limitations on assessments of Federal income tax by the IRS.

Although the final regulations generally continue to reflect the statutory regime under 932(c) as set forth in the temporary and proposed regulations, the Treasury Department and the IRS agree that additional guidance with respect to the Federal filing requirements and obligations under section 932(c) is warranted. The final regulations provide an example illustrating that a bona fide resident of the U.S. Virgin Islands will not be subject to any U.S. filing requirement if,

in order to correct a return previously filed with the U.S. Virgin Islands, that individual timely files an amended return with the U.S. Virgin Islands. The Treasury Department and the IRS believe that individuals generally should first avail themselves of similar administrative remedies that the U.S. Virgin Islands may provide.

The final regulations also provide a new rule for purposes of determining the residual Federal income tax liability, if any, of individuals who are bona fide residents of the U.S. Virgin Islands. Under this new rule, such individuals are allowed a credit for amounts already paid to the U.S. Virgin Islands. Thus, their residual Federal income tax liability should equal the difference between their entire income tax liability and the amount of income tax already paid to the U.S. Virgin Islands.

Section 932(b) provides a similar credit for U.S. citizens and resident aliens who are not bona fide residents of the U.S. Virgin Islands. If such individuals have income from sources within the U.S. Virgin Islands or income that is effectively connected with the conduct of a trade or business in the U.S. Virgin Islands, then sections 932(a) and (b) generally require such individuals to file an income tax return with both the IRS and the U.S. Virgin Islands tax authorities, paying an applicable percentage of taxes attributable to such income to the U.S. Virgin Islands. The individual may claim a credit for the tax required to be paid to the U.S. Virgin Islands, so that only the balance is due to the United States. Like the temporary and proposed regulations, the final regulations reflect these statutory rules. In the event that an individual who is not a bona fide resident pays more tax to the U.S. Virgin Islands than is required, Rev. Proc. 2006–23 (2006–1 CB 900) (see § 601.601(d)(2)(ii)(*b*)) provides procedures for requesting U.S. competent authority assistance for resolving inconsistent tax treatment with respect to such payments by the IRS and the U.S. Virgin Islands tax authorities.

With respect to the Federal statute of limitations, the final regulations incorporate the interim rules announced in Notice 2007–31 (2007–16 IRB 971) under the authority of section 7654(e). Accordingly, the final regulations under section 932(c) provide that the Federal statute of limitations under section 6501(a) for a U.S. citizen or resident alien who claims to be a bona fide resident of the U.S. Virgin Islands generally will start running upon the filing of an income tax return with the U.S. Virgin Islands. This general rule

applies as long as the IRS and U.S. Virgin Islands have in place an agreement for the automatic exchange of information satisfying the requirements of the Commissioner of the IRS. Because the working arrangement announced in Notice 2007–31 satisfies this condition, this general rule applies to years ending on or after December 31, 2006. In the event that the working arrangement is terminated and in the absence of a successor agreement, an individual claiming to be a bona fide resident of the U.S. Virgin Islands generally must file an income tax return with the IRS in order to start the Federal statute of limitations period. In such circumstances, however, the Commissioner may by administrative pronouncement specify other rules for this purpose. For years ending before December 31, 2006, the U.S. filing requirements provided in Notice 2007–19 (2007–11 IRB 689) continue to apply. See § 601.601(d)(2)(ii)(*b*).

The temporary and proposed regulations amend the regulations under section 6688 (concerning assessable penalties with respect to information reporting under section 7654) to conform to changes made by the 2004 Act. The temporary and proposed regulations provide that the penalty applies to individuals who are subject to reporting requirements promulgated under the authority of section 937(c) (concerning individuals who become or cease to be bona fide residents of a territory) or section 7654 (concerning the coordination of United States and territorial income taxes). This information reporting includes the requirement to file Form 8689, "Allocation of Individual Income Tax to the U.S. Virgin Islands," and the requirement to file Form 8898, "Statement for Individuals Who Begin or End Residence in a U.S. Possession."

One commentator noted that section 6688 applies only to "individuals described in section 7654(a)" and therefore should not extend to Form 8689, which is required of only U.S. citizens or residents (other than bona fide residents of the U.S. Virgin Islands) who have income derived from sources within the U.S. Virgin islands or effectively connected with the conduct of a trade or business in the U.S. Virgin Islands, or spouses who file joint returns with such individuals. The Treasury Department and the IRS agree that such individuals are not described in section 7654(a), which generally applies only to bona fide residents of an applicable territory. The final regulations under section 6688 are amended accordingly.

## E. Application of Subpart F to Bona Fide Residents of a Territory

In general, corporations created or organized in a territory are treated as foreign corporations for Federal income tax purposes, including the subpart F provisions relating to controlled foreign corporations. Section 957(c), however, provides a significant exception for bona fide residents of Puerto Rico and section 931 possessions. In cases where the exception applies, such an individual is not treated as a U.S. person for purposes of subpart F. Consequently, such an individual is not treated as a U.S. shareholder under section 951(b), and where such individuals own more than 50 percent of the vote or value of a corporation created or organized under the laws of Puerto Rico (a Puerto Rico corporation) or a section 931 possession (a section 931 corporation), as the case may be, such a corporation is not treated as a controlled foreign corporation under section 957(a).

In the case of a bona fide resident of Puerto Rico, the exception applies under section 957(c)(1) with respect to a Puerto Rico corporation if a dividend received by such individual during the taxable year from such corporation would, for purposes of section 933(1), be treated as income derived from sources within Puerto Rico. With respect to bona fide residents of a section 931 possession, the exception applies under section 957(c)(2) with respect to a corporation organized or created in the section 931 possession if: (1) 80 percent or more of the gross income of the corporation during the three-year testing period ending at the close of the taxable year (or applicable part) was derived from sources within such territory or was effectively connected with the conduct of a trade or business in such a territory; and (2) 50 percent of more of the gross income of the corporation for such period (or part) was derived from the active conduct of a trade or business within such territory (the 80/50 conditions).

For purposes of determining whether income is from sources within Puerto Rico, the temporary and proposed regulations generally apply the territory source rules in § 1.937–2T, including the special rules for determining whether dividends to individuals who own more than 10 percent of the total voting of a territory corporation are from sources within the relevant territory. Those dividend source rules treat only a ratable portion of any dividend paid or accrued by a territory corporation to such a shareholder as territory source income unless the corporation meets the same 80/50 conditions as those applied under section 957(c)(2). Consequently, under the temporary and proposed regulations, unless a Puerto Rico corporation's gross income is derived entirely from sources within Puerto Rico, the corporation must meet the same 80/50 conditions applicable to a section 931 corporation in order for section 957(c)(1) to apply.

Commentators from Puerto Rico objected to the effect of the temporary and proposed regulations with respect to the application of section 957(c)(1). The commentators noted that since 1986, all dividends from Puerto Rico corporations were treated as income from sources within Puerto Rico, and therefore such corporations were not treated as controlled foreign corporations for 10 percent shareholders who were bona fide residents of Puerto Rico. Commentators noted that the legislative history to neither the 2004 Act nor the 1986 Act, which amended section 957(c) by applying the 80/50 conditions with respect to section 931 corporations but did not specifically apply those conditions to Puerto Rico corporations, makes any reference to Congressional intent to apply the 80/50 conditions to Puerto Rico corporations.

The Treasury Department and the IRS believe that given the distinct statutory tests under sections 957(c)(1) and (c)(2), the 80/50 conditions should apply only to section 931 corporations. Therefore, the final regulations provide that the special dividend source rules of § 1.937–2(g)(1) (including the 80/50 conditions) will not apply when determining, for purposes of section 957(c)(1), whether a dividend received by the Puerto Rico corporation during the taxable year would be treated under section 933(1) as derived from sources within Puerto Rico. Rather, the principles of section 861(a)(2)(A) under the general territory source rules will apply, and consequently dividends from Puerto Rico corporations generally will be treated as income from sources within Puerto Rico for purposes of applying section 957(c)(1) unless the U.S. income rule prevents the dividends from being sourced to Puerto Rico because, for example, the dividends are from sources within the United States under section 861(a)(2)(B).

The temporary and proposed regulations contain related rules under sections 6038 and 6046 with respect to information reporting requirements concerning certain foreign corporations owned by a United States person who is a bona fide resident of Puerto Rico or a section 931 possession. Under the temporary regulations, the special definition of United States person under

section 957(c) also applies for purposes of sections 6038 and 6046. However, because the final regulations no longer apply the 80/50 conditions to bona fide residents of Puerto Rico (for purposes of subpart F), the Treasury Department and the IRS are concerned that such individuals may no longer have to provide information concerning their controlled foreign corporations, including those formed in Puerto Rico.

The Treasury Department and the IRS believe that the information required under sections 6038 and 6046 is necessary for purposes of determining whether such individuals have a Federal income tax liability. Thus, the final regulations continue to apply the 80/50 conditions of § 1.937–2(g)(1) when defining United States person for purposes of the information reporting requirements under sections 6038 and 6046.

With respect to bona fide residents of a section 931 possession, the final regulations continue to apply the same exception (with the 80/50 conditions) for purposes of section 957(c) and sections 6038 and 6046.

*F. Entity Status*

With respect to section 935 possessions and the U.S. Virgin Islands (mirror code territories), the temporary and proposed regulations contain special rules requiring consistent treatment of certain business entities for U.S. and mirror code tax purposes. The rules generally apply to elections under section 1362(a) (subchapter S corporations), § 301.7701–3(c) (eligible entities), and other similar elections. The rules provide, among other things, that if an entity files an election with the IRS but not with the relevant mirror code territory, then the appropriate tax authority of the mirror code territory may, at its discretion, deem the election also to have been made for mirror code tax purposes. Similarly, if any such election is filed in a mirror code territory but not with the IRS, the Commissioner may, at his or her discretion, deem the election to have been made for U.S. Federal income tax purposes.

The Treasury Department and the IRS specifically requested comments relating to elections that should be specifically mentioned or excluded from the entity status election rules. Commentators requested two limited exceptions to the requirement for making consistent elections in the case of a U.S. entity that files an election with the IRS but not with the relevant mirror code territory.

The first comment related to a U.S. entity that elects to be treated as a real estate mortgage investment conduit under section 860D(b) (a REMIC) for U.S. tax purposes. The commentator noted that a REMIC would be classified as a foreign corporation for mirror code tax purposes unless it either files an election in the mirror code territory or the appropriate tax authority of the relevant mirror code territory exercises his or her discretion to treat the entity as if an election had been made. The commentator requested that the entity consistency rules be restricted so as not to apply to a publicly traded REMIC unless five percent or more of the REMIC's ownership is held by a bona fide resident of the relevant territory or a corporation created or organized in the relevant territory.

The second comment similarly requested an exception to the consistent election requirement in the case of a U.S. corporation that, prior to the temporary and proposed regulations, made an election with the IRS under section 1362(a) to be an S corporation but had a shareholder who was a bona fide resident of a mirror code territory who treated the entity as a foreign C corporation for purposes of the individual's taxation in the territory. The commentator requested that such individuals be allowed under these circumstances to make a one-time election in the mirror code territory to treat the U.S. entity for purposes of mirror code taxation as either a domestic S corporation or a foreign C corporation (as it would be in the absence of an affirmative election under section 1362(a) by the entity or a deemed election by the mirror code tax authority).

The Treasury Department and the IRS are concerned about the possibility of inappropriate tax results from inconsistent treatment of entities in the United States and mirror code jurisdictions and believe that this problem exists even in circumstances in which the owners of the entity hold less than five percent of the interests in the entity. Furthermore, the Treasury Department and the IRS believe that treating the entity consistently in the territory and the United States should not impose an undue burden on the entity. Thus, the Treasury Department and the IRS do not believe that a special exception in the entity consistency rules is necessary in either case.

As provided in the temporary and proposed regulations, which are finalized here without change, the ability of the tax authority in a mirror code jurisdiction to deem an election to have been made for territorial tax purposes is discretionary. The Treasury Department and the IRS anticipate that,

to the extent the entity status rules apply, this discretion will be exercised in situations where taxpayers treat a business entity in an inconsistent manner with the result that it reduces their overall tax liability below what otherwise would be due in the absence of the mirror system. In addition, and as a general matter, the Treasury Department and the IRS encourage taxpayers to take consistent positions in both jurisdictions or, if this is not possible, to seek available administrative assistance from the relevant jurisdiction including, for example, requesting a pre-filing or similar agreement with respect to an entity's classification as well as requesting competent authority assistance concerning any inconsistent positions taken by the IRS and a territory with respect to the entity classification of an entity. See, for example, Rev. Proc. 2007–17 (2007–4 IRB 368) (IRS pre-filing agreement procedures) and Rev. Proc. 2006–23 (2006–1 CB 900) (U.S. competent authority assistance procedures with respect to the territories). See § 601.601(d)(2)(ii)(b).

### III. Miscellaneous Changes

The final regulations also reflect various nonsubstantive stylistic edits to the proposed and temporary regulations to enhance clarity and readability.

**Effect on Other Documents**

Rev. Rul. 56–127 (1956–1 CB 323) is obsolete as of April 9, 2008.

**Special Analyses**

It has been determined that this Treasury decision is not a significant regulatory action as defined in Executive Order 12866. Therefore, a regulatory assessment is not required. It also has been determined that section 553(b) of the Administrative Procedure Act (5 U.S.C. chapter 5) does not apply to these regulations. Because the regulations do not impose a collection of information on small entities, the Regulatory Flexibility Act (5 U.S.C. chapter 6) does not apply. Pursuant to section 7805(f) of the Internal Revenue Code, the notice of proposed rulemaking preceding these regulations was submitted to the Chief Counsel for Advocacy of the Small Business Administration for comment on its impact on small business.

**Drafting Information**

The principal author of these regulations is J. David Varley, Office of the Associate Chief Counsel (International), IRS. However, other personnel from the IRS and Treasury

**Attachment X - page 9 of 29**

Department participated in their development.

**List of Subjects**

*26 CFR Part 1*

Income taxes, Reporting and recordkeeping requirements.

*26 CFR Part 301*

Employment taxes, Estate taxes, Excise taxes, Gift taxes, Income taxes, Penalties, Reporting and recordkeeping requirements.

**Adoption of Amendments to the Regulations**

■ Accordingly, 26 CFR parts 1 and 301 are amended as follows:

**PART 1—INCOME TAXES**

■ **Paragraph 1.** The authority citation for part 1 is amended by adding entries in numerical order to read in part as follows:

**Authority:** 26 U.S.C. 7805 * * *
Section 1.931–1 also issued under 26 U.S.C. 7654(e).
Section 1.932–1 also issued under 26 U.S.C. 7654(e). * * *
Section 1.934–1 also issued under 26 U.S.C. 934(b)(4). * * *
Section 1.935–1 also issued under 26 U.S.C. 7654(e). * * *
Section 1.937–2 also issued under 26 U.S.C. 937(b).
Section 1.937–3 also issued under 26 U.S.C. 937(b). * * *
Section 1.957–3 also issued under 26 U.S.C. 957(c). * * *

■ **Par. 2.** Section 1.1–1 is amended by revising the second sentence of paragraph (b) and adding a new paragraph (d) to read as follows:

**§ 1.1–1  Income tax on individuals.**
\*      \*      \*      \*      \*

(b) * * * Pursuant to section 876, a nonresident alien individual who is a bona fide resident of a section 931 possession (as defined in § 1.931–1(c)(1) of this chapter) or Puerto Rico during the entire taxable year is, except as provided in section 931 or 933 with respect to income from sources within such possessions, subject to taxation in the same manner as a resident alien individual. * * *

\*      \*      \*      \*      \*

(d) *Effective/applicability date.* The second sentence of paragraph (b) of this section applies to taxable years ending after April 9, 2008.

■ **Par. 3.** Section 1.170A–1 is amended by revising paragraph (j)(9) and the heading for paragraph (k) and adding a new sentence at the end of paragraph (k) to read as follows:

**§ 1.170A–1  Charitable, etc., contributions and gifts; allowance of deduction.**
\*      \*      \*      \*      \*

(j)(9) Charitable contributions paid by bona fide residents of a section 931 possession as defined in § 1.931–1(c)(1) or Puerto Rico are deductible only to the extent allocable to income that is not excluded under section 931 or 933. For the rules for allocating deductions for charitable contributions, see the regulations under section 861.

\*      \*      \*      \*      \*

(k) *Effective/applicability date.* * * * Paragraph (j)(9) of this section is applicable for taxable years ending after April 9, 2008.

**§ 1.170A–1T  [Removed]**

■ **Par. 4.** Section 1.170A–1T is removed.
■ **Par. 5.** Section 1.861–3 is amended by revising paragraph (a)(2) and revising the heading for paragraph (d) and adding a new sentence at the end of paragraph (d) to read as follows:

**§ 1.861–3  Dividends.**
\*      \*      \*      \*      \*

(a) * * *
(2) *Dividend from a domestic corporation.* A dividend described in this paragraph (a)(2) is a dividend from a domestic corporation other than a corporation that has an election in effect under section 936. See paragraph (a)(5) of this section for the treatment of certain dividends from a DISC or former DISC.

\*      \*      \*      \*      \*

(d) *Effective/applicability date.* * * * Paragraph (a)(2) of this section applies to taxable years ending after April 9, 2008.

**§ 1.861–3T  [Removed]**

■ **Par. 6.** Section 1.861–3T is removed.
■ **Par. 7.** Section 1.861–8 is amended by adding paragraphs (f)(1)(vi)(E), (f)(1)(vi)(F), (f)(1)(vi)(H), and (h) to read as follows:

**§ 1.861–8  Computation of taxable income from sources within the United States and from other sources and activities.**
\*      \*      \*      \*      \*

(f) * * *
(1) * * *
(vi) * * *
(E) The tax base for individuals entitled to the benefits of section 931 and the section 936 tax credit of a domestic corporation that has an election in effect under section 936;
(F) The exclusion for income from Puerto Rico for bona fide residents of Puerto Rico under section 933;

\*      \*      \*      \*      \*

(H) The income derived from the U.S. Virgin Islands or from a section 935

possession (as defined in § 1.935–1(a)(3)(i)).

\*      \*      \*      \*      \*

(h) *Effective/applicability date.* Paragraphs (f)(1)(vi)(E), (f)(1)(vi)(F), and (f)(1)(vi)(H) of this section apply to taxable years ending after April 9, 2008.
■ **Par. 8.** Section 1.871–1 is amended by revising paragraph (b)(1)(iii) and revising the heading for paragraph (c) and adding a new sentence at the end of paragraph (c) to read as follows:

**§ 1.871–1  Classification and manner of taxing alien individuals.**
\*      \*      \*      \*      \*

(b) * * *
(1) * * *
(iii) Nonresident alien individuals who are bona fide residents of a section 931 possession (as defined in § 1.931–1(c)(1) of this chapter) or Puerto Rico during the entire taxable year. An individual described in paragraph (b)(1)(i) or (ii) of this section is subject to tax pursuant to the provisions of subpart A (section 871 and following), part II, subchapter N, chapter 1 of the Code, and the regulations under those provisions. The provisions of subpart A do not apply to individuals described in this paragraph (b)(1)(iii), but such individuals, except as provided in section 931 or 933, are subject to the tax imposed by section 1 or 55. See § 1.876–1.

\*      \*      \*      \*      \*

(c) *Effective/applicability date.* * * * Paragraph (b)(1)(iii) of this section applies to taxable years ending after April 9, 2008.
■ **Par. 9.** Section 1.876–1 is revised to read as follows:

**§ 1.876–1  Alien residents of Puerto Rico, Guam, American Samoa, or the Northern Mariana Islands.**

(a) *Scope.* Section 876 and this section apply to any nonresident alien individual who is a bona fide resident of Puerto Rico or of a section 931 possession during the entire taxable year.

(b) *In general.* An individual to whom this section applies is, in accordance with the provisions of section 876, subject to tax under sections 1 and 55 in generally the same manner as an alien resident of the United States. See §§ 1.1–1(b) and 1.871–1. The tax generally is imposed upon the taxable income of such individual, determined in accordance with section 63(a) and the regulations under that section, from sources both within and without the United States, except for amounts excluded from gross income under the provisions of section 931 or 933. For determining the form of return to be

**Attachment X - page 10 of 29**

used by such an individual, see section 6012 and the regulations under that section.

(c) *Exceptions*. Though subject to the tax imposed by section 1, an individual to whom this section applies will nevertheless be treated as a nonresident alien individual for the purpose of many provisions of the Internal Revenue Code (Code) relating to nonresident alien individuals. Thus, for example, such an individual is not allowed the standard deduction (section 63(c)(6)); is subject to withholding of tax at source under chapter 3 of the Code (for example, section 1441(e)); is generally excepted from the collection of income tax at source on wages for services performed in the possession (section 3401(a)(6)); is not allowed to make a joint return (section 6013(a)(1)); and, if described in section 6072(c), must pay his first installment of estimated income tax on or before the 15th day of the 6th month of the taxable year (section 6654(j) and (k)) and must pay his income tax on or before the 15th day of the 6th month following the close of the taxable year (sections 6072(c) and 6151(a)). In addition, under section 152(b)(3), an individual is not allowed a deduction for a dependent who is a resident of the relevant possession unless the dependent is a citizen or national of the United States.

(d) *Credits against tax*. (1) Certain credits under the Internal Revenue Code are available to any taxpayer subject to the tax imposed by section 1, including individuals to whom this section applies. For example, except as otherwise provided under section 931 or 933, the credits provided by the following sections are allowable to the extent provided under such sections against the tax determined in accordance with this section—

(i) Section 23 (relating to the credit for adoption expenses);

(ii) Section 31 (relating to the credit for tax withheld on wages);

(iii) Section 33 (relating to the credit for tax withheld at source on nonresident aliens); and

(iv) Section 34 (relating to the credit for certain uses of gasoline and special fuels).

(2) Certain credits under the Internal Revenue Code are not available to nonresident aliens or are subject to limitations based on such factors as principal place of abode in the United States. For example, the credits provided by the following sections are not allowable against the tax determined in accordance with this section except to the extent otherwise provided under such sections—

(i) Section 22 (relating to the credit for the elderly and disabled);

(ii) Section 25A (relating to the Hope Scholarship and Lifetime Learning Credits); and

(iii) Section 32 (relating to the earned income credit).

(e) *Definitions*. For purposes of this section—

(1) "Bona fide resident" is defined in § 1.937–1; and

(2) "Section 931 possession" is defined in § 1.931–1(c)(1).

(f) *Effective/applicability date*. This section applies to taxable years ending after April 9, 2008.

### § 1.876–1T [Removed]

■ **Par. 10.** Section 1.876–1T is removed.

■ **Par. 11.** Section 1.881–1 is amended by revising the last sentence of paragraph (c) and the heading of paragraph (f) to read as follows:

### § 1.881–1 Manner of taxing foreign corporations.

\* \* \* \* \*

(c) \* \* \* However, for special rules relating to possessions of the United States, see § 1.881–5.

\* \* \* \* \*

(f) *Effective/applicability date*. \* \* \*

■ **Par. 12.** Section 1.881–5 is amended as follows:

■ 1. Revise paragraphs (a), (b), (c), (d), (e), (f), (f)(1), (f)(2), (f)(3), (f)(5), (f)(6), (f)(7), (g), (h), and (i).

■ 2. Remove paragraph (f)(8).

The revisions read as follows:

### § 1.881–5 Exception for certain possessions corporations.

(a) *Scope*. Section 881(b) and this section provide special rules for the application of sections 881 and 884 to certain corporations created or organized in possessions of the United States. Paragraph (g) of this section provides special rules for the application of sections 881 and 884 to corporations created or organized in the United States for purposes of determining tax liability incurred to certain possessions that administer income tax laws that are identical (except for the substitution of the name of the possession for the term "United States" where appropriate) to those in force in the United States. See § 1.884–0(b) for special rules relating to the application of section 884 with respect to possessions of the United States.

(b) *Operative rules*. (1) Corporations described in paragraphs (c) and (d) of this section are not treated as foreign corporations for purposes of section 881. Accordingly, they are exempt from the tax imposed by section 881(a).

(2) For corporations described in paragraph (e) of this section, the rate of

tax imposed by section 881(a) on U.S. source dividends received is 10 percent (rather than the generally applicable 30 percent).

(c) *U.S. Virgin Islands and section 931 possessions*. A corporation created or organized in, or under the law of, the U.S. Virgin Islands or a section 931 possession is described in this paragraph (c) for a taxable year when the following conditions are satisfied—

(1) At all times during such taxable year, less than 25 percent in value of the stock of such corporation is beneficially owned (directly or indirectly) by foreign persons;

(2) At least 65 percent of the gross income of such corporation is shown to the satisfaction of the Commissioner upon examination to be effectively connected with the conduct of a trade or business in such a possession or the United States for the 3-year period ending with the close of the taxable year of such corporation (or for such part of such period as the corporation or any predecessor has been in existence); and

(3) No substantial part of the income of such corporation for the taxable year is used (directly or indirectly) to satisfy obligations to persons who are not bona fide residents of such a possession or the United States.

(d) *Section 935 possessions*. A corporation created or organized in, or under the law of, a section 935 possession is described in this paragraph (d) for a taxable year when the following conditions are satisfied—

(1) At all times during such taxable year, less than 25 percent in value of the stock of such corporation is owned (directly or indirectly) by foreign persons; and

(2) At least 20 percent of the gross income of such corporation is shown to the satisfaction of the Commissioner upon examination to have been derived from sources within such possession for the 3-year period ending with the close of the preceding taxable year of such corporation (or for such part of such period as the corporation has been in existence).

(e) *Puerto Rico*. A corporation created or organized in, or under the law of, Puerto Rico is described in this paragraph (e) for a taxable year when the conditions of paragraphs (c)(1) through (c)(3) of this section are satisfied (using the language "Puerto Rico" instead of "such a possession").

(f) *Definitions and other rules*. For purposes of this section—

(1) "Section 931 possession" is defined in § 1.931–1(c)(1); and

(2) "Section 935" possession is defined in § 1.935–1(a)(3)(i).

**Attachment X - page 11 of 29**

(3) *Foreign person* means any person other than—

(i) A United States person (as defined in section 7701(a)(30) and the regulations under that section); or

(ii) A person who would be a United States person if references to the United States in section 7701 included references to a possession of the United States.

\* \* \* \* \*

(5) *Source.* The rules of § 1.937–2 will apply for determining whether income is from sources within a possession.

(6) *Effectively connected income.* The rules of § 1.937–3 (other than paragraph (c) of that section) will apply for determining whether income is effectively connected with the conduct of a trade or business in a possession.

(7) *Indirect ownership.* The rules of section 318(a)(2) will apply except that the language "5 percent" will be used instead of "50 percent" in section 318(a)(2)(C).

(g) *Mirror code jurisdictions.* For purposes of applying mirrored section 881 to determine tax liability incurred to a section 935 possession or the U.S. Virgin Islands—

(1) The rules of paragraphs (b) through (d) of this section will not apply; and

(2) A corporation created or organized in, or under the law of, such possession or the United States will not be considered a foreign corporation.

(h) *Example.* The principles of this section are illustrated by the following example:

*Example.* X is a corporation organized under the law of the U.S. Virgin Islands with a branch located in State F. At least 65 percent of the gross income of X is effectively connected with the conduct of a trade or business in the U.S. Virgin Islands and no substantial part of the income of X for the taxable year is used to satisfy obligations to persons who are not bona fide residents of the United States or the U.S. Virgin Islands. Seventy-four percent of the stock of X is owned by unrelated individuals who are residents of the United States or the U.S. Virgin Islands. Y, a corporation organized under the law of State D, and Z, a partnership organized under the law of State F, each own 13 percent of the stock of X. A, an unrelated foreign individual, owns 100 percent of the stock of corporation Y. B and C, unrelated foreign individuals, each own a 50 percent interest in partnership Z. Thus, the condition of paragraph (c)(1) of this section is not satisfied, because 26 percent of X is owned indirectly by foreign persons (A, B, and C). Accordingly, X is treated as a foreign corporation for purposes of section 881.

(i) *Effective/applicability dates.* Except as otherwise provided in this paragraph (i), this section applies to payments made in taxable years ending

after April 9, 2008. If, on or after April 9, 2008, there takes effect an increase in the Commonwealth of Puerto Rico's withholding tax generally applicable to dividends paid to United States corporations not engaged in a trade or business in the Commonwealth to a rate greater than 10 percent, the rules of paragraphs (b)(2) and (e) of this section will not apply to dividends received on or after the effective date of the increase. Paragraph (f)(4) of this section applies to payments made after January 31, 2006. Taxpayers may choose to apply paragraph (f)(4) of this section to payments made after October 22, 2004.

■ **Par. 13.** Section 1.884–0 is amended by revising paragraph (b) to read as follows:

**§ 1.884–0  Overview of regulation provisions for section 884.**

\* \* \* \* \*

(b) *Special rules for U.S. possessions.* (1) Section 884 does not apply to a corporation created or organized in, or under the law of, American Samoa, Guam, the Northern Mariana Islands, or the U.S. Virgin Islands, provided that the conditions of § 1.881–5(c)(1) through (c)(3) are satisfied with respect to such corporation. The preceding sentence applies for taxable years ending after April 11, 2005.

(2) Section 884 does not apply for purposes of determining tax liability incurred to a section 935 possession or the U.S. Virgin Islands by a corporation created or organized in, or under the law of, such possession or the United States. The preceding sentence applies for taxable years ending after April 9, 2008.

\* \* \* \* \*

**§ 1.884–0T  [Removed]**

■ **Par. 14.** Section 1.884–0T is removed.

■ **Par. 15.** Section 1.901–1 is amended by revising paragraph (g) and adding new paragraph (j) to read as follows:

**§ 1.901–1  Allowance of credit for taxes.**

\* \* \* \* \*

(g) *Taxpayers to whom credit not allowed.* Among those to whom the credit for taxes is not allowed are the following:

(1) Except as provided in section 906, a foreign corporation.

(2) Except as provided in section 906, a nonresident alien individual who is not described in section 876 (see sections 874(c) and 901(b)(4)).

(3) A nonresident alien individual described in section 876 other than a bona fide resident (as defined in section 937(a) and the regulations under that section) of Puerto Rico during the entire

taxable year (see sections 901(b)(3) and (4)).

(4) A U.S. citizen or resident alien individual who is a bona fide resident of a section 931 possession (as defined in § 1.931–1(c)(1)), the U.S. Virgin Islands, or Puerto Rico, and who excludes certain income from U.S. gross income to the extent of taxes allocable to the income so excluded (see sections 931(b)(2), 933(1), and 932(c)(4)).

\* \* \* \* \*

(j) *Effective/applicability date.* Paragraph (g) of this section applies to taxable years ending after April 9, 2008.

**§ 1.901–1T  [Removed]**

■ **Par. 16.** Section 1.901–1T is removed.

■ **Par. 17.** Section 1.931–1 is revised to read as follows:

**§ 1.931–1  Exclusion of certain income from sources within Guam, American Samoa, or the Northern Mariana Islands.**

(a) *General rule.* (1) An individual (whether a United States citizen or an alien), who is a bona fide resident of a section 931 possession during the entire taxable year, will exclude from gross income the income derived from sources within any section 931 possession and the income effectively connected with the conduct of a trade or business by such individual within any section 931 possession, except amounts received for services performed as an employee of the United States or any agency thereof. For purposes of section 931(d) and this section, an employee of the government of a section 931 possession will not be considered an employee of the United States or of an agency of the United States.

(2) The following example illustrates the application of the general rule in paragraph (a)(1) of this section:

*Example.* D, a United States citizen, files returns on a calendar year basis. In April 2008, D moves to American Samoa, where he purchases a house and accepts a permanent position with a local employer. For the remainder of the year and for the following three taxable years, D continues to live and work in American Samoa and has a closer connection to American Samoa than to the United States or any foreign country. Assuming that D otherwise meets the requirements under section 937(a) and § 1.937–1(b) and (f)(1) (year-of-move exception), D is considered a bona fide resident of American Samoa for 2008. Accordingly, under section 931 and paragraph (a)(1) of this section, D should exclude from his 2008 Federal gross income any income from sources within American Samoa and any income that is effectively connected with the conduct of a trade or business within American Samoa, as determined under section 937(b) and §§ 1.937–2 and 1.937–3, as applicable.

**Attachment X - page 12 of 29**

(b) *Deductions and credits.* In any case in which any amount otherwise constituting gross income is excluded from gross income under the provisions of section 931, there will not be allowed as a deduction from gross income any items of expenses or losses or other deductions (except the deduction under section 151, relating to personal exemptions), or any credit, properly allocable to, or chargeable against, the amounts so excluded from gross income. For purposes of the preceding sentence, the rules of § 1.861–8 will apply (with creditable expenditures treated in the same manner as deductible expenditures).

(c) *Definitions.* For purposes of this section—

(1) The term *section 931 possession* means a possession that is a specified possession and that has entered into an implementing agreement, as described in section 1271(b) of the Tax Reform Act of 1986, Public Law 99–514 (100 Stat. 2085), with the United States that is in effect for the entire taxable year;

(2) The term *specified possession* means Guam, American Samoa, or the Northern Mariana Islands;

(3) The rules of § 1.937–1 will apply for determining whether an individual is a bona fide resident of a section 931 possession;

(4) The rules of § 1.937–2 will apply for determining whether income is from sources within a section 931 possession; and

(5) The rules of § 1.937–3 will apply for determining whether income is effectively connected with the conduct of a trade or business within a section 931 possession.

(d) *Effective/applicability date.* This section applies to taxable years ending after April 9, 2008.

### § 1.931–1T    [Removed]

■ Par. 18. Section 1.931–1T is removed.

■ Par. 19. Section 1.932–1 is revised to read as follows:

### § 1.932–1   Coordination of United States and Virgin Islands income taxes.

(a) *Scope*—(1) *In general.* Section 932 and this section set forth the special rules relating to the filing of income tax returns and income tax liabilities of individuals described in paragraph (a)(2) of this section. Paragraph (h) of this section also provides special rules requiring consistent treatment of business entities in the United States and in the United States Virgin Islands (Virgin Islands).

(2) *Individuals covered.* This section will apply to any individual who—

(i) Is a bona fide resident of the Virgin Islands during the entire taxable year;

(ii)(A) Is a citizen or resident of the United States (other than a bona fide resident of the Virgin Islands) during the entire taxable year; and

(B) Has income derived from sources within the Virgin Islands, or effectively connected with the conduct of a trade or business within the Virgin Islands, for the taxable year; or

(iii) Files a joint return for the taxable year with any individual described in paragraph (a)(2)(i) or (ii) of this section.

(3) *Definitions.* For purposes of this section—

(i) The rules of § 1.937–1 will apply for determining whether an individual is a bona fide resident of the Virgin Islands;

(ii) The rules of § 1.937–2 will apply for determining whether income is from sources within the Virgin Islands; and

(iii) The rules of § 1.937–3 will apply for determining whether income is effectively connected with the conduct of a trade or business within the Virgin Islands.

(b) *U.S. individuals with Virgin Islands income*—(1) *Dual filing requirement.* Subject to paragraph (d) of this section, an individual described in paragraph (a)(2)(ii) of this section must make an income tax return for the taxable year to the United States and file a copy of such return with the Virgin Islands. Such individuals must also attach Form 8689, "Allocation of Individual Income Tax to the U.S. Virgin Islands," to the U.S. income tax return and to the income tax return filed with the Virgin Islands.

(2) *Tax payments.* (i) Each individual to whom this paragraph (b) applies for the taxable year must pay the applicable percentage of the taxes imposed by this chapter for such taxable year (determined without regard to paragraph (b)(2)(ii) of this section) to the Virgin Islands.

(ii) A credit against the tax imposed by this chapter for the taxable year will be allowed in an amount equal to the taxes that are required to be paid to the Virgin Islands under paragraph (b)(2)(i) of this section and are so paid. Such taxes will be considered creditable in the same manner as taxes paid to the United States (for example, under section 31) and not as taxes paid to a foreign government (for example, under sections 27 and 901).

(iii) For purposes of this paragraph (b)(2)—

(A) The term *applicable percentage* means the percentage that Virgin Islands adjusted gross income bears to adjusted gross income;

(B) The term *Virgin Islands adjusted gross income* means adjusted gross income determined by taking into account only income derived from sources within the Virgin Islands and deductions properly apportioned or allocable to such income. For purposes of the preceding sentence, the rules of § 1.861–8 will apply; and

(C) Pursuant to § 1.937–2(a), the rules of § 1.937–2(c)(1)(ii) and (c)(2) do not apply.

(c) *Bona fide residents of the Virgin Islands.* Subject to paragraph (d) of this section, an individual described in paragraph (a)(2)(i) of this section will be subject to the following income tax return filing requirements.

(1) *Virgin Islands filing requirements.* An individual to whom this paragraph (c) applies must file an income tax return for the taxable year with the Virgin Islands. On this return, the individual must report income from all sources and identify the source of each item of income shown on the return.

(2) *U.S. filing requirements.* (i) For purposes of calculating the income tax liability to the United States of an individual to whom this paragraph (c) applies, gross income will not include any amount included in gross income on the return filed with the Virgin Islands pursuant to paragraph (c)(1) of this section, and deductions and credits allocable to such income will not be taken into account, provided that—

(A) The individual fully satisfied the reporting requirements of paragraph (c)(1) of this section; and

(B) The individual fully paid the tax liability referred to in section 934(a) to the Virgin Islands with respect to such income.

(ii) For purposes of the U.S. statute of limitations under section 6501(a), an income tax return filed with the Virgin Islands by an individual who takes the position that he or she is a bona fide resident of the Virgin Islands described in paragraph (a)(2)(i) of this section (or an individual who files a joint return with such an individual under paragraph (d) of this section) will be deemed to be a U.S. income tax return, provided that the United States and the Virgin Islands have entered into an agreement for the routine exchange of income tax information satisfying the requirements of the Commissioner. The working arrangement announced in Notice 2007–31 satisfies the condition of the preceding sentence. See Notice 2007–31 (2007–16 IRB 971) (applicable to taxable years ending on or after December 31, 2006, unless and until arrangement terminates). In the absence of such an agreement, individuals to whom this paragraph (c) applies generally must file an income tax return for the taxable year with the United States to begin the period of limitations

**19362**    **Federal Register** / Vol. 73, No. 69 / Wednesday, April 9, 2008 / Rules and Regulations

for Federal income tax purposes as provided in section 6501(a), and in such circumstances the Commissioner may by revenue procedure, notice, or other administrative pronouncement specify U.S. filing and other information reporting requirements for such individuals. For taxable years ending before December 31, 2006, the rules provided in section 3 of Notice 2007–19 [2007–11 IRB 689] will apply. See § 601.601(d)(2)(ii)(*b*).

(3) *U.S. tax payments.* In the case of an individual who is required to file an income tax return with the United States as a consequence of failing to satisfy the requirements of paragraphs (c)(2)(i)(A) and (B) of this section, there will be allowed as a credit against the tax imposed by this chapter for the taxable year an amount equal to the amount of the tax liability referred to in section 934(a) to the extent paid to the Virgin Islands. Such taxes shall be considered creditable in the same manner as taxes paid to the United States (for example, under section 31) and not as taxes paid to a foreign government (for example, under sections 27 and 901).

(d) *Joint returns.* In the case of married persons, if one or both spouses is an individual described in paragraph (a)(2) of this section and they file a joint return of income tax, the spouses must file their joint return with, and pay the tax due on such return to, the jurisdiction (or jurisdictions) where the spouse who has the greater adjusted gross income for the taxable year would be required under paragraph (b) or (c) of this section to file a return if separate returns were filed and all of their income were the income of such spouse. For this purpose, adjusted gross income of each spouse is determined under section 62 and the regulations under that section but without regard to community property laws; and, if one of the spouses dies, the taxable year of the surviving spouse will be treated as ending on the date of such death.

(e) *Place for filing returns*—(1) *U.S. returns.* Except as otherwise provided for returns filed under paragraph (c)(4) of this section, a return required under the rules of paragraphs (b) and (c) of this section to be filed with the United States must be filed as directed in the applicable forms and instructions.

(2) *Virgin Islands returns.* A return required under the rules of paragraphs (b) and (c) of this section to be filed with the Virgin Islands must be filed as directed in the applicable forms and instructions.

(f) *Tax accounting standards*—(1) *In general.* A dual filing taxpayer must use the same tax accounting standards on

the returns filed with the United States and the Virgin Islands. A taxpayer who has filed a return only with the United States or only with the Virgin Islands as a single filing taxpayer for a prior taxable year and is required to file a return only with the other jurisdiction as a single filing taxpayer for a later taxable year may not, for such later taxable year, use different tax accounting standards unless the second jurisdiction consents to such change. However, such change will not be effective for returns filed thereafter with the first jurisdiction unless before such later date of filing the taxpayer also obtains the consent of the first jurisdiction to make such change. Any request for consent to make a change pursuant to this paragraph (f) must be made to the office where the return is required to be filed under paragraph (e) of this section and in sufficient time to permit a copy of the consent to be attached to the return for the taxable year.

(2) *Definitions.* For purposes of this paragraph (f), the terms—

(i) *Dual filing taxpayer* means a taxpayer who is required to file returns with the United States and the Virgin Islands for the same taxable year under the rules of paragraph (b) or (c) of this section;

(ii) *Single filing taxpayer* means a taxpayer who is required to file a return only with the United States (because the individual is not described in paragraph (a)(2) of this section) or only with the Virgin Islands (because the individual is described in paragraph (a)(2)(i) of this section and satisfies the conditions of paragraphs (c)(2)(i) and (ii) of this section) for the taxable year; and

(iii) *Tax accounting standards* includes the taxpayer's accounting period, methods of accounting, and any election to which the taxpayer is bound with respect to the reporting of taxable income.

(g) *Extension of territory*—(1) *Section 932(a) taxpayers*—(i) *General rule.* With respect to an individual to whom section 932(a) applies for a taxable year, for purposes of taxes imposed by Chapter 1 of the Internal Revenue Code (Code), the United States generally will be treated, in a geographical and governmental sense, as including the Virgin Islands. The purpose of this rule is to facilitate the coordination of the tax systems of the United States and the Virgin Islands. Accordingly, the rule will have no effect where it is manifestly inapplicable or its application would be incompatible with the intent of any provision of the Code.

(ii) *Application of general rule.* Contexts in which the general rule of

paragraph (g)(1)(i) of this section apply include—

(A) The characterization of taxes paid to the Virgin Islands. An individual to whom section 932(a) applies may take income tax required to be paid to the Virgin Islands under section 932(b) into account under sections 31, 6315, and 6402(b) as payments to the United States. Taxes paid to the Virgin Islands and otherwise satisfying the requirements of section 164(a) will be allowed as a deduction under that section, but income taxes required to be paid to the Virgin Islands under section 932(b) will be disallowed as a deduction under section 275(a);

(B) The determination of the source of income for purposes of the foreign tax credit (for example, sections 901 through 904). Thus, for example, after an individual to whom section 932(a) applies determines which items of income constitute income from sources within the Virgin Islands under the rules of section 937(b), such income will be treated as income from sources within the United States for purposes of section 904;

(C) The eligibility of a corporation to make a subchapter S election (sections 1361 through 1379). Thus, for example, for purposes of determining whether a corporation created or organized in the Virgin Islands may make an election under section 1362(a) to be a subchapter S corporation, it will be treated as a domestic corporation and a shareholder to whom section 932(a) applies will not be treated as a nonresident alien individual with respect to such corporation. While such an election is in effect, the corporation will be treated as a domestic corporation for all purposes of the Internal Revenue Code. For the consistency requirement with respect to entity status elections, see paragraph (h) of this section;

(D) The treatment of items carried over from other taxable years. Thus, for example, if an individual to whom section 932(a) applies has for a taxable year a net operating loss carryback or carryover under section 172, a foreign tax credit carryback or carryover under section 904, a business credit carryback or carryover under section 39, a capital loss carryover under section 1212, or a charitable contributions carryover under section 170, the carryback or carryover will be reported on the return filed in accordance with paragraph (b)(1) of this section, even though the return of the taxpayer for the taxable year giving rise to the carryback or carryover was required to be filed with the Virgin Islands under section 932(c); and

(E) The treatment of property exchanged for property of a like kind

**Attachment X - page 14 of 29**