# ATTACHMENT

# E

RECEIVED MAY 0 6 2008 CLERK, U.S. DISTRICT COURT FAIRBANKS, AK

23602

RULES AND REGULATIONS

# Title 1—GENERAL PROVISIONS

## Chapter I—Administrative Committee of the Federal Register

### REVISION OF REGULATIONS

This document effects a complete revision of the regulations of the Administrative Committee of the Federal Register. The purpose of this revision is to make the FEDERAL REGISTER a more meaningful and more useful publication. With the enactment of the Administrative Procedure Act in 1946, Congress provided an opportunity for general participation in the administrative actions of the Federal Government. However, in order to participate effectively, citizens must be able to understand the actions, both proposed and final, as published in the FEDERAL REGISTER. Unfortunately, in many instances, documents are being written so that the criticisms by Rudolph Flesch in his 1946 book, "The Art of Plain Talk," are still valid. In a chapter entitled "How To Read the FEDERAL REGISTER," Mr. Flesch quotes several virtually unintelligible documents and reaches this conclusion:

Slowly we begin to understand. The FEDERAL REGISTER is not supposed to be read at all. It simply prints things so that some day, somewhere, some government official can say: "Yes, but it says in the FEDERAL REGISTER * * *". All this government stuff, in other words, is not reading matter, but prefabricated parts of quarrels.

Today, interest in the FEDERAL REGISTER is at an all-time high. Consumer groups and other public-interest oriented organizations regularly examine its contents to keep up with the administrative rulings of the Federal Government. The Administrative Committee of the Federal Register feels that affirmative action is required to make the FEDERAL REGISTER more meaningful to readers and believes that the new requirements contained in this revision will further that purpose.

Following is a summary of the most significant changes in existing regulations effected by this revision:

1. Requirement for a preamble in each document that describes the contents of the document in a manner sufficient to apprise a reader who is not an expert in the subject area of the general subject matter of the document.

2. Requirement for setting forth specific effective dates and action dates.

3. Changes in publication dates of the daily FEDERAL REGISTER.

4. Staggered publication of the Code of Federal Regulations.

In general, the responses to the three proposals published by the Administrative Committee on which these amendments are based were almost completely favorable. Two of the proposals published on July 27, 1972, at 37 F.R. 15006, related to limited subject areas (effective dates and time periods and staggered publication of the Code of Federal Regulations) and because of overwhelmingly favorable comments received may be disposed of quickly.

*Effective dates and time periods.* There was no significant opposition to the Committee's proposal that to the extent practical each document submitted for publication in the FEDERAL REGISTER should set forth dates certain as opposed to dates based on publication which must be computed by each interested party. Nor was there any significant objection to the computation method proposed to be used by the staff of the FEDERAL REGISTER for inserting a date certain where a document does contain a time period based on the publication date.

In commenting on this proposal, a large number of commentors indicated that too often Federal agencies allow inadequate time periods for commenting on proposed regulations. Several commenters stated that for most proposals of any significance a 45-day comment period should be considered the minimal. While outside the scope of this proposal, the Administrative Committee calls these comments to the attention of regulatory agencies since it is apparent that many persons feel that in the past they have not had adequate time to analyze and comment on proposed Federal actions.

*Staggered publication of the Code of Federal Regulations.* The proposal to stagger the publication of the Code of Federal Regulations also received almost unanimous support. There was some concern that it would be more difficult to check on changes to a particular Code of Federal Regulations volume since the current finding aids (the General Index and List of Sections Affected) are based on the annual Code of Federal Regulations. The Office of the Federal Register will revise the coverage of these finding aids so that Code of Federal Regulations users will have no difficulty at any time determining the regulations currently in effect.

*The proposed general revision of the Administrative Committee's Regulations.* The remaining changes in the present regulations of the Administrative Committee of the Federal Register are based on the notice of proposed rule making published in the FEDERAL REGISTER on April 4, 1972 (37 F.R. 6805).

*Adequate preambles.* Not surprisingly, virtually all of the comments received from outside the Federal establishment enthusiastically supported the Committee's proposal that each rule making document contain adequate preamble statements that summarize the contents of the document and discuss such things as the substance of the proposed rules, major issues involved, and basis and purpose thereof, etc. The comments received from Federal rule making agencies generally supported the proposed requirement although several felt that the proposal went beyond the requirements of the Administrative Procedure Act (5 U.S.C. 551–555). Others questioned the authority for the Director of the Federal Register to return a document to a Federal agency when it is signed by a qualified official of the agency.

With respect to the first point, as was discussed in the preamble to the notice of proposed rule making and in the amendment adopting the "Highlights" requirement (36 F.R. 5203), the Administrative Committee believes that the proposed requirements are clearly within the spirit and intent of the Federal Register Act (44 U.S.C. 1501–1511) and the Administrative Procedure Act.

One Federal agency recommended that the required preamble statement should describe the contents of the document "in a manner sufficient to apprise a reader, who is not an expert, of the general subject matter of such rules." The Committee believes this language expresses its intent even better than the language proposed and has incorporated it in a revised § 18.12 so that it applies to both notices of proposed rule making and final rules. Also, as suggested by several comments, § 18.12, as adopted, requires that to the extent practicable each proposed rule making preamble should discuss the reasons for the proposed rule.

Where a final rule was preceded by a notice of proposed rule making, § 18.12, as adopted, also requires that the preamble "indicate in general terms the principal differences, if any, between the rules as proposed and the rules as adopted." This requirement (as commenters suggested) has been substituted for the proposed requirement that the preamble discuss "the disposition of the significant comments received."

The provision concerning the return of documents by the Director of the Federal Register to agencies has been transferred from section 18.12 to a more appropriate location, section 2.4, which relates to the general authority of the Director. It should be pointed out that throughout the years since the beginning of the FEDERAL REGISTER, the Director has exercised this authority many times. This does not mean that the Director is substituting his judgment for that of the issuing agency. In most cases, questions concerning the adequacy of documents are handled informally to the satisfaction of both the agency and the Office of the Federal Register. Only in an extreme case, when a document is patently inadequate, would the Director return the document.

*Liaison officers.* Several agencies questioned the proposed change concerning liaison officers to the extent that it appeared to inject the Director of the Federal Register into the internal affairs of an agency. This, of course, was not the intent of the proposal. As adopted, § 16.1(b) has been modified to simply recommend that each agency choose as its liaison officer a person who is directly involved in the agency's regulatory program. In this way the officer will be in the best position to serve both his agency and the Office of the Federal Register.

*Publication dates.* There were only two significant objections to the proposal that the FEDERAL REGISTER be published Monday through Friday rather than Tuesday through Saturday, as it has been for over 35 years. Several commenters were concerned that the former Saturday issue, which would now carry a Monday date, might not be put in the mails un-

til Monday rather than early Saturday morning, as is presently the case. As the preamble to the notice of proposed rule making stated, adoption of the new publication schedule would not change existing work schedules. The FEDERAL REGISTER bearing the Monday dateline will be printed and deposited at the post office before 9 a.m. on Saturday.

The other objection concerned certain agricultural marketing documents that have for many years been published in the Saturday FEDERAL REGISTER in advance of the new crop-week which begins on Sunday. While the Committee recognizes that elimination of the Saturday FEDERAL REGISTER will require certain adjustments in this particular regulatory area, it believes that the overall benefits justify this one inconvenience. Furthermore, any person depending on the FEDERAL REGISTER for notice of a particular action would be hard pressed to obtain copies of a Saturday FEDERAL REGISTER before the beginning of a time period commencing on Sunday. Therefore, while the practice of publishing such documents on a Saturday may have provided pro forma compliance with some legal requirement, the Committee believes that publication of the same class of documents in the Friday FEDERAL REGISTER will better serve to provide actual notice to those persons affected.

*Inclusion of dates in the Highlights listing.* The response to the Committee's request for advice on the advisability of continuing to publish significant dates in the Highlights listing was mixed. After considering all the comments received, the Committee has decided to continue the use of important dates in the Highlights listing where practicable.

Except for a few minor reorganization and other nonsubstantive changes, 1 CFR Chapter I, set forth below, conforms to the notices of proposed rule making referred to above.

In consideration of the foregoing, 1 CFR Chapter I is amended to read as set forth below:

*Effective date.* Except for the provisions of § 8.3, which take effect immediately, this amendment is effective January 2, 1973.

ADMINISTRATIVE COMMITTEE OF
THE FEDERAL REGISTER,

JAMES B. RHOADS,
*Archivist of the United
States, Chairman.*

H. J. HUMPHREY,
*Acting Public Printer,
Member.*

MARY O. EASTWOOD,
*Representative of the
Attorney General,
Member.*

Approved:

RICHARD G. KLEINDIENST,
*Attorney General.*

A. SAMPSON,
*Acting Administrator of
General Services.*

SUBCHAPTER A—GENERAL
PART 1—DEFINITIONS

§ 1.1 Definitions.

As used in this chapter, unless the context requires otherwise—

"Administrative Committee" means the Administrative Committee of the Federal Register established under section 1506 of title 44, United States Code;

"Agency" means each authority, whether or not within or subject to review by another agency, of the United States, other than the Congress, the courts, the District of Columbia, the Commonwealth of Puerto Rico, and the territories and possessions of the United States;

"Document" includes any Presidential proclamation or Executive order, and any rule, regulation, order, certificate, code of fair competition, license, notice, or similar instrument issued, prescribed, or promulgated by an agency;

"Document having general applicability and legal effect" means any document issued under proper authority prescribing a penalty or course of conduct, conferring a right, privilege, authority, or immunity, or imposing an obligation, and relevant or applicable to the general public, members of a class, or persons in a locality, as distinguished from named individuals or organizations; and

"Regulation" and "rule" have the same meaning.

(44 U.S.C. 1506; sec. 6, E.O. 10530, 19 FR 2709; 3 CFR 1954–1958 Comp. p. 189)

PART 2—GENERAL INFORMATION

Sec.
2.1 Scope and purpose.
2.2 Administrative Committee of the Federal Register.
2.3 Office of the Federal Register; location; office hours.
2.4 General authority of Director.
2.5 Publication of statutes, regulations, and related documents.
2.6 Unrestricted use.

AUTHORITY: 44 U.S.C. 1506; sec. 6, E.O. 10530, 19 FR 2709; 3 CFR 1954–1958 Comp. p. 189.

§ 2.1 Scope and purpose.

(a) This chapter sets forth the policies, procedures, and delegations under which the Administrative Committee of the Federal Register carries out its general responsibilities under Chapter 15 of Title 44, United States Code.

(b) A primary purpose of this chapter is to inform the public of the nature and uses of FEDERAL REGISTER publications.

§ 2.2 Administrative Committee of the Federal Register.

(a) The Administrative Committee of the Federal Register is established by section 1506 of Title 44, United States Code.

(b) The Committee consists of—

(1) The Archivist, or Acting Archivist, of the United States, who is the Chairman;

(2) An officer of the Department of Justice designated by the Attorney General; and

(3) The Public Printer or Acting Public Printer.

(c) The Director of the Federal Register is the Secretary of the Committee.

(d) Any material required by law to be filed with the Committee, and any correspondence, inquiries, or other material intended for the Committee or which relate to Federal Register publications shall be sent to the Director of the Federal Register.

§ 2.3 Office of the Federal Register; location; office hours.

(a) The Office of the Federal Register is a component of the National Archives and Records Service of the General Services Administration.

(b) The Office is located at 633 Indiana Avenue NW., Washington, D.C.

(c) The mailing address is: Office of the Federal Register, National Archives and Records Service, Washington, D.C. 20408.

(d) Office hours are 8:45 a.m. to 5:15 p.m., Monday through Friday, except for official Federal holidays.

§ 2.4 General authority of Director.

(a) The Director of the Federal Register is delegated authority to administer generally this chapter, the related provisions of Chapter 15 of Title 44, United States Code, and the pertinent provisions of statutes and regulations contemplated by section 1505 of Title 44, United States Code.

(b) The Director may return to the issuing agency any document submitted for publication in the FEDERAL REGISTER, or a special edition thereof, if in his judgment the document does not meet the minimum requirements of this chapter.

§ 2.5 Publication of statutes, regulations, and related documents.

(a) The Director of the Federal Register is responsible for the central filing of the original acts enacted by Congress and the original documents containing Executive orders and proclamations of the President, other Presidential documents, regulations, and notices of proposed rule making and other notices, submitted to the Director by officials of the executive branch of the Federal Government.

(b) Based on the acts and documents filed under paragraph (a) of this section, the Office of the Federal Register publishes the "slip laws," the "United States Statutes at Large," the daily FEDERAL REGISTER, and the "Code of Federal Regulations."

(c) Based on source materials that are officially related to the acts and documents filed under paragraph (a) of this section, the Office also publishes the "United States Government Organization Manual," the "Public Papers of the Presidents of the United States," and the "Weekly Compilation of Presidential Documents."

23604

## RULES AND REGULATIONS

### § 2.6 Unrestricted use.

Any person may reproduce or republish, without restriction, any material appearing in any regular or special edition of the FEDERAL REGISTER.

## PART 3—SERVICES TO THE PUBLIC

Sec.
3.1 Information services.
3.2 Public inspection of documents.
3.3 Reproductions and certified copies of acts and documents.
3.4 Availability of Federal Register publications.

AUTHORITY: 44 U.S.C. 1506; sec. 6, E.O. 10530, 19 F.R. 2709; 3 CFR 1954–1958 Comp. p. 189.

### § 3.1 Information services.

Except in cases where the time required would be excessive, information concerning the publications described in § 2.5 of this chapter and the original acts and documents filed with the Office of the Federal Register is provided by the staff of that Office. However, the staff may not summarize or interpret substantive text of any act or document.

### § 3.2 Public inspection of documents.

(a) Current documents filed with the Office of the Federal Register pursuant to law are available for public inspection in Room 405, 633 Indiana Avenue NW., Washington, D.C., during the Office of the Federal Register office hours. There are no formal inspection procedures or requirements.

(b) The Director of the Federal Register shall cause each document received by the office to be filed for public inspection not later than the working day preceding the publication day for that document.

(c) The Director shall cause to be placed on the original and certified copies of each document a notation of the day and hour when it was filed and made available for public inspection.

(d) Manual, typewritten, or other copies of documents or excerpts may be made at the inspection desk.

### § 3.3 Reproductions and certified copies of acts and documents.

The regulations for the public use of records in the National Archives (41 CFR Part 105–61) govern the furnishing of reproductions of acts and documents and certificates of authentication for them. Section 105–61.108 of those regulations provides for the advance payment of appropriate fees for reproduction services and for certifying reproductions.

### § 3.4 Availability of Federal Register publications.

(a) The publications described in § 2.5 of this chapter are published by the Government Printing Office and are sold by the Superintendent of Documents, Government Printing Office, Washington, D.C. 20402. They are not available for free distribution to the public.

(b) Federal Register publications are available through subscription, as follows:

(1) *Slip laws.* In accordance with section 709 of title 44, United States Code, printed slip form copies of public and private laws are available from the Superintendent of Documents, individually or by subscription service on a yearly basis.

(2) *U.S. Statutes at Large.* In accordance with section 728 of title 44, United States Code, copies of the United States Statutes at Large are available from the Superintendent of Documents.

(3) *Federal Register.* Daily issues are furnished to subscribers on a monthly or yearly basis, at a price determined by the Administrative Committee and paid in advance to the Superintendent of Documents. Limited quantities of current or recent copies may be obtained from the Superintendent of Documents at a price determined by him.

(4) *Code of Federal Regulations.* Subscription services on a yearly basis to the volumes comprising the Code, and individual copies thereof, are sold by the Superintendent of Documents at prices determined by him, under the general direction of the Administrative Committee.

(5) *U.S. Government Organization Manual.* Placed on sale by the Superintendent of Documents at a price determined by him, under the general direction of the Administrative Committee.

(6) *Public Papers of the Presidents of the United States.* Annual volumes are placed on sale by the Superintendent of Documents at a price determined by him, under the general direction of the Administrative Committee.

(7) *Weekly Compilation of Presidential Documents.* Placed on sale by the Superintendent of Documents at a price determined by him, under the general direction of the Administrative Committee.

## SUBCHAPTER B—THE FEDERAL REGISTER
## PART 5—GENERAL

Sec.
5.1 Publication policy.
5.2 Documents required to be filed and published.
5.3 Publication of other documents.
5.4 Publication not authorized.
5.5 Supplement to the Code of Federal Regulations.
5.6 Daily publication.
5.7 Delivery and mailing.
5.8 Form of citation.
5.9 Categories of documents.

AUTHORITY: 44 U.S.C. 1506; sec. 6, E.O. 10530, 19 FR 2709; 3 CFR 1954–1958 Comp. p. 189.

### § 5.1 Publication policy.

(a) Pursuant to Chapter 15 of Title 44, United States Code, and this chapter, the Director of the Federal Register shall publish a serial publication called the "FEDERAL REGISTER" to contain the following:

(1) Executive orders, proclamations, and other Presidential documents.

(2) Documents required to be published therein by law.

(3) Documents accepted for publication under § 5.3.

(b) Each document required or authorized to be filed for publication shall be published in the FEDERAL REGISTER as promptly as possible, within limitations imposed by considerations of accuracy, usability, and reasonable costs.

(c) In prescribing regulations governing headings, preambles, effective dates, authority citations, and similar matters of form, the Administrative Committee does not intend to affect the validity of any document that is filed and published under law.

### § 5.2 Documents required to be filed and published.

The following documents are required to be filed with the Office of the Federal Register and published in the FEDERAL REGISTER:

(a) Presidential proclamations and Executive orders in the numbered series, and each other document that the President submits for publication or orders to be published.

(b) Each document or class of documents required to be published by act of Congress.

(c) Each document having general applicability and legal effect.

### § 5.3 Publication of other documents.

Whenever the Director of the Federal Register considers that publication of a document not covered by § 5.2 would be in the public interest, he may allow that document to be filed with the Office of the Federal Register and published in the FEDERAL REGISTER.

### § 5.4 Publication not authorized.

(a) Chapter 15 of Title 44, United States Code, does not apply to treaties, conventions, protocols, or other international agreements, or proclamations thereof by the President.

(b) Chapter 15 of Title 44, United States Code, prohibits the publication in the FEDERAL REGISTER of comments or news items.

(c) The Director of the Federal Register may not accept any document for filing and publication unless it is the official action of the agency concerned. Chapter 15 of Title 44, United States Code, does not authorize or require the filing and publication of other papers from an agency.

### § 5.5 Supplement to the Code of Federal Regulations.

The FEDERAL REGISTER serves as a daily supplement to the Code of Federal Regulations. Each document that is subject to codification and published in a daily issue shall be keyed to the Code of Federal Regulations.

### § 5.6 Daily publication.

There shall be an edition of the FEDERAL REGISTER for each official Federal working day.

### § 5.7 Delivery and mailing.

The Government Printing Office shall distribute the FEDERAL REGISTER by delivery or by deposit at a post office at or before 9 a.m. on the publication day, except that each FEDERAL REGISTER dated for a Monday shall be deposited at a post office at or before 9 a.m. on the preceding Saturday.

### § 5.8  Form of citation.

Without prejudice to any other form of citation, FEDERAL REGISTER material may be cited by volume and page number, and the short form "FR" may be used for "FEDERAL REGISTER". For example, "37 FR 6803" refers to material beginning on page 6803 of volume 37 of the daily issues.

### § 5.9  Categories of documents.

Each document published in the FEDERAL REGISTER shall be placed under one of the following categories, as indicated:

(a) *The President.* Containing each Executive order or Presidential proclamation, and each other Presidential document that the President submits for publication or orders to be published.

(b) *Rules and regulations.* Containing each document subject to codification, except those covered by paragraph (a) of this section.

(c) *Proposed rule making.* Containing each notice of proposed rule making submitted pursuant to section 553 of Title 5, United States Code, or any other law, and each notice of a similar nature voluntarily submitted by an issuing agency.

(d) *Notices.* Containing miscellaneous documents not covered by paragraph (a), (b), or (c) of this section, such as notices of hearings that are not included under proposed rule making documents and documents accepted for publication on the basis of public interest.

## PART 6—INDEXES AND ANCILLARIES

Sec.
6.1  Index to daily issues.
6.2  Analytical subject indexes.
6.3  Daily lists of parts affected.
6.4  Monthly list of sections affected.
6.5  Index-digests and guides.

AUTHORITY: 44 U.S.C. 1506; sec. 6, E.O. 10530, 19 FR 2709; 3 CFR 1954–1958 Comp, p. 189.

### § 6.1  Index to daily issues.

Each daily issue of the FEDERAL REGISTER shall be appropriately indexed.

### § 6.2  Analytical subject indexes.

Analytical subject indexes covering the contents of the FEDERAL REGISTER shall be published as currently as practicable, and shall be cumulated and separately published at least once each calendar year.

### § 6.3  Daily lists of parts affected.

(a) Each daily issue of the FEDERAL REGISTER shall carry a numerical list of the parts of the Code of Federal Regulations specifically affected by documents published in that issue.

(b) Beginning with the second issue of each month, each daily issue shall also carry a cumulated list of the parts affected by documents published during that month.

### § 6.4  Monthly lists of sections affected.

A monthly list of sections of the Code of Federal Regulations affected shall be separately published on a cumulative basis during each calendar year. The list shall identify the sections of the Code specifically affected by documents published in the FEDERAL REGISTER during the period it covers.

### § 6.5  Index-digests and guides.

(a) The Director of the Federal Register may cause to be prepared and published, yearly or at other intervals as necessary to keep them current and useful, index-digests and similar guides, based on laws, Presidential documents, regulations, and notice materials published by the Office and which serve a need of users of the FEDERAL REGISTER.

(b) Each digest and guide is considered to be a special edition of the FEDERAL REGISTER whenever the public need requires special printing or special binding in substantial numbers.

## PART 7—DISTRIBUTION WITHIN FEDERAL GOVERNMENT

Sec.
7.1  Members of Congress.
7.2  The Judiciary.
7.3  Executive agencies.
7.4  Requisitions for quantity overruns of specific issues.
7.5  Requisitions for quantity overruns of separate Part II issues.
7.6  Extra copies.

AUTHORITY: 44 U.S.C. 1506; sec. 6, E.O. 10530, 19 FR 2709; 3 CFR 1954–1958 Comp, p. 189.

### § 7.1  Members of Congress.

Each Senator and each Member of the House of Representatives is entitled to not more than five copies of each daily issue of the FEDERAL REGISTER, without charge.

### § 7.2  The Judiciary.

(a) *The Supreme Court.* The Supreme Court is entitled to the number of copies of each daily issue of the FEDERAL REGISTER that it needs for official use, without charge.

(b) *Other courts.* Each other constitutional or legislative court of the United States is entitled to the number of copies of each daily issue of the FEDERAL REGISTER that it needs for official use, without charge, based on a written authorization submitted to the Director of the Federal Register by the Director of the Administrative Office of the U.S. Courts specifying the number needed.

### § 7.3  Executive agencies.

(a) Each Federal executive agency is entitled to the number of copies of each daily issue of the FEDERAL REGISTER that it needs for official use, without charge.

(b) The person in each agency concerned who is authorized under §§ 16.1 and 16.4 of this chapter to list the officers and employees of that agency who need the FEDERAL REGISTER for daily use shall send a written request to the Director of the Federal Register for placement of the names of those officers and employees on the mailing list.

### § 7.4  Requisitions for quantity overruns of specific issues.

(a) To meet its needs for special distribution of the FEDERAL REGISTER in substantial quantity, any agency may request an overrun of a specific issue.

(b) An advance printing and binding requisition on Standard Form 1 must be submitted by the agency directly to the Government Printing Office, to be received not later than 12 noon on the working day before publication.

### § 7.5  Requisitions for quantity overruns of separate Part issues.

(a) Whenever it is determined by the Director of the Federal Register to be in the public interest, one or more documents may be published as a separate Part (e.g., Part II, Part III) of the FEDERAL REGISTER.

(b) Advance arrangements for this service must be made with the Office of the Federal Register.

(c) Any agency may request an overrun of such a separate Part by submitting an advance printing and binding requisition on Standard Form 1 directly to the Government Printing Office, to be received not later than 12 noon on the working day before the publication date.

### § 7.6  Extra copies.

An agency may order limited quantities of extra copies of a specific issue of the FEDERAL REGISTER, for official use, from the Superintendent of Documents, to be paid for by that agency.

## SUBCHAPTER C—SPECIAL EDITIONS OF THE FEDERAL REGISTER

## PART 8—CODE OF FEDERAL REGULATIONS

Sec.
8.1  Policy.
8.2  Orderly development.
8.3  Periodic updating.
8.4  Indexes.
8.5  Ancillaries.
8.6  General format and binding.
8.7  Agency cooperation.
8.8  Official distribution.
8.9  Form of citation.

AUTHORITY: 44 U.S.C. 1506; sec. 6, E.O. 10530, 19 FR 2709; 3 CFR 1954–1958 Comp, p. 189.

### § 8.1  Policy.

(a) Pursuant to Chapter 15 of Title 44, United States Code, the Director of the Federal Register shall publish periodically a special edition of the FEDERAL REGISTER to present a compact and practical code called the "Code of Federal Regulations", to contain each Federal regulation of general applicability and current or future effect.

(b) The Administrative Committee intends that every practical means be used to keep the Code as current and readily usable as possible, within limitations imposed by dependability and reasonable costs.

### § 8.2  Orderly development.

To assure orderly development of the Code of Federal Regulations along practical lines, the Director of the Federal Register may establish new titles in the Code and rearrange existing titles and subordinate assignments. However, before taking an action under this section, the Director shall consult with each agency directly affected by the proposed change.

### § 8.3 Periodic updating.

(a) *Criteria.* Each book of the Code shall be updated at least once each calendar year. If no change in its contents has occurred during the year, a simple notation to that effect may serve as the supplement for that year. More frequent updating of any unit of the Code may be made whenever the Director of the Federal Register determines that the content of the unit has been substantially superseded or otherwise determines that such action would be consistent with the intent and purpose of the Administrative Committee as stated in § 8.1.

(b) *Staggered publication.* The Code will be produced over a 12-month period under a staggered publication system to be determined by the Director of the Federal Register.

(c) *Cutoff dates.* Each updated Title of the Code will reflect each amendment to that Title published in the FEDERAL REGISTER on or before the "As of" date. Thus, each Title updated as of July 1 each year will reflect all amendatory documents appearing in the daily FEDERAL REGISTER on or before July 1.

### § 8.4 Indexes.

A subject index to the entire Code shall be annually revised and separately published. An agency-prepared index for any individual book may be published with the approval of the Director of the Federal Register.

### § 8.5 Ancillaries.

The Code shall provide, among others, the following-described finding aids:

(a) *Parallel tables of statutory authority and rules.* In Title 2 of the Code of Federal Regulations or at such other place as the Director of the Federal Register considers appropriate, numerical lists of all sections of the current edition of the United States Code (except section 301 of Title 5) which are cited by issuing agencies as rule making authority for currently effective regulations in the Code of Federal Regulations. The lists shall be arranged in the order of the titles and sections of the United States Code with parallel citations to the pertinent titles and sections of the Code of Federal Regulations.

(b) *Parallel tables of Presidential documents and agency rules.* In Title 3 of the Code of Federal Regulations, or at such other place as the Director of the Federal Register considers appropriate, tables of proclamations, Executive orders, and similar Presidential documents which are codified, cited as authority, quoted, cited in text, or included or referred to in currently effective regulations as published in the Code of Federal Regulations.

(c) *List of sections affected.* Following the text of each book or cumulative supplement, a numerical list of sections which are affected by documents published in the FEDERAL REGISTER. (A separate volume, "List of Sections Affected, 1949–1963" lists all sections of the Code which have been affected by documents published during the period January 1, 1949 to December 31, 1963.) Listings shall refer to FEDERAL REGISTER pages and shall be designed to enable the user of the Code to assure himself of the precise text that was in effect on a given date in the period covered.

### § 8.6 General format and binding.

The Director of the Federal Register shall provide for the binding of the Code into as many separate books as are indicated by the needs of users and compatible with the facilities of the Government Printing Office.

### § 8.7 Agency cooperation.

Each agency shall cooperate in keeping publication of the Code current by complying promptly with deadlines set by the Director of the Federal Register and the Public Printer.

### § 8.8 Official distribution.

(a) The Code shall be distributed to the following, without charge:

(1) *Congress.* To each committee of the Senate and House of Representatives in the quantity needed for official use, upon the written authorization of the committee chairman or his delegate, to the Director of the Federal Register.

(2) *Supreme Court.* To the Supreme Court in the quantity needed for official use.

(3) *Other courts.* To other constitutional and legislative courts of the United States, in the quantity needed for official use, upon the written authorization of the Director of the Administrative Office of the U.S. Courts to the Director of the Federal Register.

(4) *Executive agencies.* To officials, libraries, and major organizational units of the executive agencies in the quantity needed for official use, upon the written authorization of the authorizing officer or his alternate designated under § 16.1 of this chapter.

(b) Legislative, judicial, and executive agencies of the Federal Government may obtain selected units of the Code, as needed in substantial quantity for special distribution, by the timely submission of a printing and binding requisition to the Government Printing Office on Standard Form 1.

### § 8.9 Form of citation.

The Code of Federal Regulations may be cited by title and section, and the short form "CFR" may be used for "Code of Federal Regulations." For example, "1 CFR 10.2" refers to Title 1, Code of Federal Regulations, Part 10, section 2.

## PART 9—U.S. GOVERNMENT ORGANIZATION MANUAL

Sec.
9.1 Publication required.
9.2 Scope.
9.3 Distribution to Government agencies.

AUTHORITY: 44 U.S.C. 1506; sec. 6, E.O. 10530, 19 FR 2709; 3 CFR 1954–1958 Comp. p. 189.

### § 9.1 Publication required.

The Director of the Federal Register shall separately publish annually or at times designated by the Administrative Committee of the Federal Register a special edition of the FEDERAL REGISTER called the "United States Government Organization Manual" or any other title that the Administrative Committee of the Federal Register considers appropriate. The Director of the Federal Register may issue special supplements to the Manual when he considers such supplementation to be in the public interest.

### § 9.2 Scope.

(a) The Manual shall contain appropriate information about the Executive, Legislative, and Judicial branches of the Federal Government, which for the major Executive agencies shall include—

(1) Descriptions of the agency's public purposes, programs and functions;

(2) Established places and methods whereby the public may obtain information and make submittals or requests; and

(3) Lists of officials heading major operating units.

(b) Brief information about quasi-official agencies and supplemental information that in the opinion of the Director of the Federal Register is of enough public interest to warrant inclusion shall also be published in the Manual.

### § 9.3 Distribution to Government agencies.

(a) The Manual shall be distributed to the following, in the quantities indicated, without charge:

(1) *Members of Congress.* Each Senator and each Member of the House of Representatives shall be furnished two copies, and is entitled to not more than 10 additional copies upon his written authorization to the Director of the Federal Register.

(2) *Congressional committees.* Each committee is entitled to the quantity needed for official use, upon the written request of the chairman of the committee, or his delegate, to the Director, for placement on the mailing list.

(3) *Supreme Court.* The Supreme Court is entitled to 18 copies.

(4) *Other courts.* Each other constitutional or legislative court is entitled to one copy, upon the written authorization of the Director of the Administrative Office of the U.S. Courts to the Director of the Federal Register.

(5) *Executive agencies.* The head of each executive agency and each liaison officer designated under § 16.1 or § 20.1 of this chapter is entitled to one copy.

(b) Legislative, judicial, and executive agencies of the Federal Government may obtain additional copies of the Manual, at cost, for official use by submission, before the press run, of a printing and binding requisition to the Government Printing Office on Standard Form 1. After the press run, each request for extra copies of the Manual must be addressed to the Superintendent of Documents, to be paid for by the agency or official making the request.

# PART 10—PRESIDENTIAL PAPERS

### Subpart A—Annual Volumes

Sec.
10.1 Publication required.
10.2 Coverage of prior years.
10.3 Scope and sources.
10.4 Format, indexes, and ancillaries.
10.5 Distribution to Government agencies.
10.6 Extra copies.

### Subpart B—Weekly Compilation

10.10 Publication required.
10.11 Format and indexes.
10.12 Distribution to Government agencies.

AUTHORITY: 44 U.S.C. 1506; sec. 6, E.O. 10530, 19 FR 2709; 3 CFR 1954–1958 Comp. p. 189.

### Subpart A—Annual Volumes

§ 10.1 Publication required.

The Director of the Federal Register shall publish, at the end of each calendar year, a special edition of the FEDERAL REGISTER called the "Public Papers of the Presidents of the United States." Unless the amount of material requires otherwise, each volume shall cover one calendar year.

§ 10.2 Coverage of prior years.

After consulting with the National Historical Publications Commission on the need therefor, the Administrative Committee may authorize the publication of volumes of papers of the Presidents covering specified years before 1957.

§ 10.3 Scope and sources.

(a) The basic text of each volume shall consist of oral statements by the President or of writings subscribed by him, and selected from—
  (1) Communications to the Congress;
  (2) Public addresses;
  (3) Transcripts of news conferences;
  (4) Public letters;
  (5) Messages to heads of State;
  (6) Statements released on miscellaneous subjects; and
  (7) Formal executive documents promulgated in accordance with law.
(b) In general, ancillary text, notes, and tables shall be derived from official sources.

§ 10.4 Format, indexes, and ancillaries.

(a) Each annual volume, divided into books whenever appropriate, shall be separately published in the binding and style that the Administrative Committee considers suitable to the dignity of the Office of the President of the United States.
(b) Each volume shall be appropriately indexed and contain appropriate ancillary information respecting significant Presidential documents not printed in full text.

§ 10.5 Distribution to Government agencies.

(a) The Public Papers of the Presidents of the United States shall be distributed to the following, in the quantities indicated, without charge:
  (1) Members of Congress. Each Senator and each Member of the House of Representatives is entitled to one copy of each annual volume published during his term of office, upon his written request to the Director of the Federal Register.
  (2) Supreme Court. The Supreme Court is entitled to 12 copies of each annual volume.
  (3) Executive agencies. The head of each executive agency is entitled to one copy of each annual volume upon application to the Director.
(b) Legislative, judicial, and executive agencies of the Federal Government may obtain copies of the annual volumes, at cost, for official use, by the timely submission of a printing and binding requisition to the Government Printing Office on Standard Form 1.

§ 10.6 Extra copies.

Each request for extra copies of the annual volumes must be addressed to the Superintendent of Documents, to be paid for by the agency or official making the request.

### Subpart B—Weekly Compilation

§ 10.10 Publication required.

The Director of the Federal Register shall publish a special edition of the FEDERAL REGISTER called the "Weekly Compilation of Presidential Documents."

§ 10.11 Format and indexes.

(a) The Weekly Compilation shall be published in the binding and style that the Administrative Committee considers suitable for public and official use.
(b) The Director of the Federal Register shall provide indexes and any other finding aids that he considers appropriate for effective use.

§ 10.12 Distribution to Government agencies.

(a) The Weekly Compilation shall be distributed regularly to Members of the Senate and House of Representatives and to officials of the legislative, judicial, and executive branches of the Federal Government in the quantities needed for official use.
(b) Requests for copies shall be made in writing by the authorizing officer to the Director of the Federal Register.
(c) Special needs for selected issues in substantial quantity shall be filled by the timely submission of a printing and binding requisition to the Government Printing Office on Standard Form 1.

## SUBCHAPTER D—PREPARATION, TRANSMITTAL, AND PROCESSING OF DOCUMENTS

# PART 15—SERVICES TO FEDERAL AGENCIES

### Subpart A—General

Sec.
15.1 Cooperation.
15.2 Information services.
15.3 Staff assistance.
15.4 Reproduction of certified copies of acts and documents.
15.5 Official subscriptions and requisitions of Federal Register publications.

### Subpart B—Special Assistance

15.10 Information on drafting and publication.

### Subpart C—Supplemental Printing and Editorial Services

15.15 Purpose.
15.16 Use of Federal Register standing type.
15.17 Special editorial service.
15.18 Supplemental loose-leaf services.

AUTHORITY: 44 U.S.C. 1506; sec. 6, E.O. 10530, 19 FR 2709; 3 CFR 1954–1958 Comp. p. 189.

### Subpart A—General

§ 15.1 Cooperation.

The Director of the Federal Register shall assist each agency in complying with the pertinent publication laws to assure efficient public service in promulgating administrative documents having the effect of legal notice or of law.

§ 15.2 Information services.

The Director of the Federal Register shall provide for the answering of each appropriate inquiry presented in person, by telephone, or in writing. Each written communication and each matter involving classified material or the Administrative Committee shall be sent to the Director, Office of the Federal Register, National Archives and Records Service, Washington, DC 20408.

§ 15.3 Staff assistance.

The staff of the Office of the Federal Register shall provide informal assistance and advice to officials of the various agencies with respect to general or specific programs of regulatory drafting, procedures, and promulgation practices.

§ 15.4 Reproduction of certified copies of acts and documents.

The Director of the Federal Register shall furnish to requesting agencies, without charge, reproductions or certified copies of original acts and documents filed with that Office that are needed for official use. However, in a case involving voluminous material or numerous copies, the requesting agency may be required to reimburse the cost of reproduction.

§ 15.5 Official subscriptions and requisitions of Federal Register publications.

The following governs the availability of Federal Register publications for official use.

(a) Slip laws. Single copies may be obtained from the House or Senate Document Room, U.S. Congress. Quantity overruns of any slip law may be obtained by the timely submission of a requisition to the Government Printing Office on Standard Form 1.

(b) U.S. Statutes at Large. Written requests should be directed to the Joint Committee on Printing, United States Capitol, Washington, D.C. 20510. General provisions relating to the distribution of the U.S. Statutes at Large are set forth in section 728 of Title 44, United States Code.

(c) Federal Register. See §§ 7.1 to 7.6 of this chapter.

(d) Code of Federal Regulations. See § 8.8 of this chapter.

(e) U.S. Government Organization Manual. See § 9.3 of this chapter.

(f) *Public Papers of the Presidents of the United States.* See §§ 10.5 and 10.6 of this chapter.

(g) *Weekly Compilation of Presidential Documents.* See § 10.12 of this chapter.

### Subpart B—Special Assistance

**§ 15.10 Information on drafting and publication.**

The Director of the Federal Register may prepare, and distribute to agencies, information and instructions designed to promote effective compliance with the purposes of Chapter 15 of Title 44, United States Code, sections 553–554 of Title 5, United States Code, related statutes, and this chapter. The Director may also develop and conduct programs of technical instruction.

### Subpart C—Supplemental Printing and Editorial Services

**§ 15.15 Purpose.**

The Director of the Federal Register may provide special services to agencies to promote efficiency and economy through the use of printing and editorial facilities developed in editing and publishing Federal Register publications.

**§ 15.16 Use of Federal Register standing type.**

Type used in printing the FEDERAL REGISTER is available for reuse by agencies in making reprints, on their own requisition, by submitting a printing and binding requisition on Standard Form 1 to the Office of the Federal Register for forwarding to the Government Printing Office.

**§ 15.17 Special editorial service.**

Upon written request by an appropriate agency official, the staff of the Office of the Federal Register may compile and collate Code units, as of a given date, to assist an issuing agency to prepare a document for publication in the FEDERAL REGISTER.

**§ 15.18 Supplemental loose-leaf services.**

The Director of the Federal Register may cooperate with agencies in developing supplemental loose-leaf services for special items in which the need would justify the cost.

### PART 16—AGENCY REPRESENTATIVES

Sec.
16.1 Designation.
16.2 Liaison duties.
16.3 Certifying duties.
16.4 Authorizing duties.

AUTHORITY: 44 U.S.C. 1506; sec. 6, E.O. 10530, 19 FR 2709; 3 CFR 1954–1958 Comp. p. 189.

**§ 16.1 Designation.**

(a) Each agency shall designate, from its officers or employees, persons to serve in the following capacities with relation to the Office of the Federal Register:

(1) A liaison officer and an alternate.
(2) A certifying officer and an alternate.
(3) An authorizing officer and an alternate.

The same person may be designated to serve in one or more of these positions.

(b) In choosing its liaison officer, each agency should consider that this officer will be the main contact between that agency and the Office of the Federal Register and that the liaison officer will be charged with the duties set forth in § 16.2. Therefore, the agency should choose a person who is directly involved in the agency's regulatory program.

(c) Each agency shall notify the Director of the name, title, address, and telephone number of each person it designates under this section and shall promptly notify the Director of any changes.

**§ 16.2 Liaison duties.**

Each liaison officer shall—

(a) Represent his agency in all matters relating to the submission of documents to the Office of the Federal Register, and respecting general compliance with this chapter;

(b) Be responsible for the effective distribution and use within his agency of FEDERAL REGISTER information on document drafting and publication assistance authorized by § 15.10 of this chapter; and

(c) Promote his agency's participation in the technical instruction authorized by § 15.10 of this chapter.

**§ 16.3 Certifying duties.**

The certifying officer is responsible for attaching the required number of true copies of each original document submitted by his agency to the Office of the Federal Register and for making the certification required by §§ 18.5 and 18.6 of this chapter.

**§ 16.4 Authorizing duties.**

The authorizing officer is responsible for furnishing, to the Director of the Federal Register, a current mailing list of officers or employees of his agency who are authorized to receive the FEDERAL REGISTER, the Code of Federal Regulations, and the Weekly Compilation of Presidential Documents for official use.

### PART 17—PUBLICATION SCHEDULES

Sec.
17.1 Receipt and processing.

REGULAR SCHEDULE

17.2 Procedure and timing for regular schedule.

EMERGENCY SCHEDULE

17.3 Criteria for emergency schedule.
17.4 Procedure and timing for emergency schedule.
17.5 Transmittal from distant points.

DEFERRED SCHEDULE

17.6 Criteria.

AUTHORITY: 44 U.S.C. 1506; sec. 6, E.O. 10530, 19 FR 2709; 3 CFR 1954–1958 Comp. p. 189.

**§ 17.1 Receipt and processing.**

Unless special arrangements are made with the Director of the Federal Register, the Office of the Federal Register receives documents only during official working hours. Upon receipt, each document shall be held for confidential processing until it is filed for public inspection.

REGULAR SCHEDULE

**§ 17.2 Procedure and timing for regular schedule.**

(a) Each document received shall be assigned to the regular schedule unless the issuing agency makes special arrangements otherwise. Receipt of a document in the ordinary course of business is considered to be a request for publication on the regular schedule.

(b) The regular schedule for publication is as follows:

| Received | Filed | Published |
|---|---|---|
| Monday | Wednesday | Thursday. |
| Tuesday | Thursday | Friday. |
| Wednesday | Friday | Monday. |
| Thursday | Monday | Tuesday. |
| Friday | Tuesday | Wednesday. |

Where a legal Federal holiday intervenes, one additional work day is added.

EMERGENCY SCHEDULE

**§ 17.3 Criteria for emergency schedule.**

The emergency schedule is designed to provide the fastest possible publication of a document involving the prevention, alleviation, control, or relief of an emergency situation.

**§ 17.4 Procedure and timing for emergency schedule.**

(a) Each agency requesting publication on the emergency schedule shall briefly describe the emergency and the benefits to be attributed to immediate publication in the FEDERAL REGISTER. The request shall be made by letter if time permits.

(b) The Director of the Federal Register shall assign a document to the emergency schedule whenever he concurs with a request for that action and it is feasible. The Director shall confirm the assignment as soon as possible.

(c) Each document assigned to the emergency schedule shall be published as soon as possible.

**§ 17.5 Transmittal from distant points.**

The text of a document assigned to the emergency schedule may be transmitted from a distant field installation to the Washington Office of the agency concerned by telecommunication. A certified transcription of the text may be filed in advance of receipt of the original document. The agency must file the original document at the earliest possible time. In such a case, the publication date is based on receipt of the certified transcribed copies by the Office of the Federal Register.

**§ 17.6 Criteria.**

A document may be assigned to the deferred schedule under the following conditions:

(a) There are technical problems, unusual tabulations, or illustrations, or the document is of such size as to require extraordinary processing time.

(b) The agency concerned requests a deferred publication date.

## PART 18—PREPARATION AND TRANSMITTAL OF DOCUMENTS GENERALLY

Sec.
18.1   Original and copies required.
18.2   Prohibition on combined documents.
18.3   Submission of documents and letters of transmittal.
18.4   Form of document.
18.5   Certified copies.
18.6   Form of certification.
18.7   Signature.
18.8   Seal.
18.9   Style.
18.10  Illustrations and tabular material.
18.11  Forms.
18.12  Preamble requirements.
18.13  Withdrawal of filed documents.
18.14  Correction of errors in documents.
18.15  Correction of errors in printing.
18.16  Highlights.
18.17  Effective dates and time periods.

AUTHORITY: 44 U.S.C. 1506; sec. 6, E.O. 10530, 19 FR 2709; 3 CFR 1954–1958 Comp. p. 189.

### § 18.1 Original and copies required.

(a) Except as provided in § 19.2 of this subchapter for Executive orders and proclamations, each agency submitting a document to be filed and published in the FEDERAL REGISTER shall send an original and two duplicate originals or certified copies. However, if the document is printed or processed on both sides, the agency shall send, in addition to the original, three duplicate originals or certified copies.

(b) In the case of a document issued outside of the District of Columbia, an agency may submit certified text in place of the original. However, it must replace the certified text with the original document as soon as practicable for filing as required by Chapter 15 of Title 44, United States Code.

### § 18.2 Prohibition on combined documents.

(a) The Director of the Federal Register may not accept a document for filing and publication if it combines material that must appear under more than one category in the FEDERAL REGISTER. For example, a document may not contain both rule making and notice of proposed rule making material.

(b) Where two related documents are to be published in the same FEDERAL REGISTER issue, the agency may arrange with the Office of the Federal Register for the insertion of cross-references in each document.

### § 18.3 Submission of documents and letters of transmittal.

(a) Each document authorized or required by law to be filed with the Office of the Federal Register, published in the FEDERAL REGISTER, or filed with the Administrative Committee shall be sent to the Director of the Federal Register.

(b) Except for cases involving special handling or treatment, there is no need for a letter of transmittal for a document submitted for filing and FEDERAL REGISTER publication.

### § 18.4 Form of document.

(a) Except as provided in paragraph (b) of this section, to be eligible for filing and publication in the FEDERAL REGISTER, a document must be typewritten on white bond paper approximately 8 by 10½ inches in size, double spaced, with a left-hand margin of approximately 1½ inches and a right-hand margin of approximately 1 inch.

(b) A printed or processed document may be accepted for filing and publication if it is suitable as an archival original. However, a photostatic copy may not be accepted as an original document.

(c) A document in the form of a letter may not be accepted for filing or publication in the rules and regulations, proposed rule making, or notices categories of the FEDERAL REGISTER.

### § 18.5 Certified copies.

(a) The certified copies or duplicate originals of each document must be attached to the original. Each copy or duplicate must be entirely clear and legible.

(b) Copies of a typewritten original may be the first two carbon copies of the ribbon original, positive photostats on paper with a matte surface, or electrostatic copies.

(c) Publication dates are determined at the time when clear and legible copies are received.

### § 18.6 Form of certification.

Each copy of each document submitted for filing and publication, except a Presidential document or a duplicate original, must be certified substantially as follows:

(Certified to be a true copy of the original)

signed by a certifying officer designated under § 16.1 of this chapter.

### § 18.7 Signature.

The original and each duplicate original document must be signed in ink, with the name and title of the official signing the document typed or stamped beneath his signature. Initialed or impressed signatures may not be accepted.

### § 18.8 Seal.

Use of a seal on an original document or certified copy is optional with the issuing agency.

### § 18.9 Style.

Each agency submitting a document for filing and publication shall prepare it in accordance with the following:

(a) Punctuation, capitalization, spelling, and other matters of style must conform, in general, to the current edition of the U.S. Government Printing Office Style Manual.

(b) The spelling of geographic names must conform to the decisions of the Board on Geographic Names, established by section 2 of the act of July 25, 1947, 61 Stat. 456 (43 U.S.C. 364a).

(c) Descriptions of land must conform, so far as practicable, to the current edition of the "Specifications for Descriptions of Tracts of Land for Use in Executive Orders and Proclamations" prepared by the Bureau of Land Management, Department of the Interior.

### § 18.10 Illustrations and tabular material.

(a) An original drawing, or a clear reproduction, of each map, chart, graph, or other illustration that is found to be a necessary part of a document to be filed and published may be accepted only after submission to the Director of the Federal Register at least 6 working days before the date on which publication is desired.

(b) A clear and legible reproduction of the original illustration, approximately 8 by 10½ inches, shall be included in the original document and each certified copy.

(c) Tabular material consisting of more than two typewritten pages that is to be a part of a document to be filed and published shall be submitted to the Director at least 6 working days before the date on which publication is desired.

### § 18.11 Forms.

Except when considered necessary by the Director of the Federal Register, tabulated blank forms for applications, registrations, reports, contracts, and similar items, and the instructions for preparing the forms, may not be published in full. In place thereof, the agency concerned shall submit for publication a simple statement describing the purpose and use of each form and stating the places at which copies may be obtained.

### § 18.12 Preamble requirements.

Each notice of proposed rule making and final rule making document shall conform to the following:

(a) There must be a clear preamble statement that describes the contents of the document in a manner sufficient to apprise a reader, who is not an expert in the subject area, of the general subject matter of the rule making document.

(b) To the extent practicable, the preamble statement for a proposed rule making document should also discuss the major issues involved in, and the reasons for, the proposed rules.

(c) To the extent practicable, the preamble statement for a rule or regulation that was preceded by a notice of proposed rule making, should also indicate in general terms the principal differences, if any, between the rules as proposed and the rules as adopted.

### § 18.13 Withdrawal of filed documents.

A document that has been filed with the Office of the Federal Register and placed on public inspection as required by this chapter, may be withdrawn from publication by the submitting agency only by a timely written instrument revoking that document, signed by a duly authorized representative of the agency. Both the original and the revoking document shall remain on file.

Attachment E - page 8 of 14

**§ 18.14   Correction of errors in documents.**

After a document has been filed for public inspection and publication, a substantive error in the text may be corrected only by the filing of another document effecting the correction.

**§ 18.15   Correction of errors in printing.**

Typographical or clerical errors made in the printing of the FEDERAL REGISTER shall be corrected by insertion of an appropriate notation or a reprinting in the FEDERAL REGISTER published without further agency documentation, if the Director of the Federal Register determines that—

(a) The error would tend to confuse or mislead the reader; or

(b) The error would affect text subject to codification.

**§ 18.16   Highlights.**

(a) Except as provided in paragraph (b) of this section, each agency which submits a document for publication in the FEDERAL REGISTER shall furnish with the document two copies of a descriptive catchword or phrase and a brief statement that:

(1) Names the agency issuing the document;

(2) Identifies the principal subject of the document; and

(3) States any important dates, such as closing date for comments, hearing date, or effective date.

The language of the statement submitted under this section and the headings required by Parts 17 and 22 of this chapter may be the same whenever appropriate. The following are examples of the kinds of statements intended by this requirement:

DETERGENTS—Proposed FTC labeling and advertising requirements for synthetic detergents—comment period ends 4-19-72; public hearing 4-26-72.

COAL MINE SAFETY—Interior Department procedures to assess civil penalties for violations—effective 1-16-73.

(b) A statement need not be submitted with a document that is making nonsubstantive changes that are corrective or editorial in nature. The Director of the Federal Register may grant additional exceptions to the requirements of this section. The Director shall publish once each month in the FEDERAL REGISTER a list of the classes of documents exempted under this section during the preceding month, stating the agency involved and the document or class of documents.

(c) Selected statements submitted under this section shall be included in a highlights listing which will be printed in a prominent place in the daily FEDERAL REGISTER. The Director shall exercise final editorial control over the wording of each statement and make the final determination as to its inclusion in the highlights listing.

(d) Neither failure to submit a statement under this section, nor failure to print such a statement in the highlights listing in the FEDERAL REGISTER affects the legal status of a document printed in the FEDERAL REGISTER. Highlights listings printed in the FEDERAL REGISTER are intended solely to serve as an aid to readers and the wording of a listed item is not intended to interpret the language of the document. FEDERAL REGISTER readers should continue to use the Table of Contents to identify the documents published in each issue and the text of a document to determine its legal effect.

**§ 18.17   Effective dates and time periods.**

(a) Whenever practicable, each document submitted for publication in the FEDERAL REGISTER should set forth dates certain. Thus, a document should state "all comments received before July 3, 1972, will be considered" or "this amendment takes effect July 3, 1972," rather than stating a time period measured by a certain number of days after publication in the FEDERAL REGISTER. Where a document does contain a time period rather than a date certain, the FEDERAL REGISTER staff will insert a date certain to be computed as set forth in paragraph (b) of this section.

(b) Dates certain will be computed by counting the day after the publication day as one, and by counting each succeeding day, including Saturdays, Sundays, and holidays. However, where the final count would fall on a Saturday, Sunday, or holiday, the date certain will be the next succeeding Federal business day.

---

## PART 19—EXECUTIVE ORDERS AND PRESIDENTIAL PROCLAMATIONS

Sec.
19.1   Form.
19.2   Routing and approval of drafts.
19.3   Routing and certification of originals and copies.
19.4   Proclamations calling for the observance of special days or events.
19.5   Proclamations of treaties excluded.
19.6   Definition.

NOTE: The provisions of this Part 19 derived from sections 1 to 6 of Executive Order 11030, 27 FR 5847, 3 CFR 1959-1963 Comp., p. 610, and E.O. 11354, 32 FR 7695, 1966-1970 Comp., p. 652.

**§ 19.1   Form.**

Proposed Executive orders and proclamations shall be prepared in accordance with the following requirements:

(a) The order or proclamation shall be given a suitable title.

(b) The order or proclamation shall contain a citation of the authority under which it is issued.

(c) Punctuation, capitalization, spelling, and other matters of style shall, in general, conform to the most recent edition of the U.S. Government Printing Office Style Manual.

(d) The spelling of geographic names shall conform to the decisions of the Board on Geographic Names, established by section 2 of the act of July 25, 1947, 61 Stat. 456 (43 U.S.C. 364a).

(e) Descriptions of tracts of land shall conform, so far as practicable, to the most recent edition of the "Specifications for Descriptions of Tracts of Land for Use in Executive Orders and Proclamations," prepared by the Bureau of Land Management, Department of the Interior.

(f) Proposed Executive orders and proclamations shall be typewritten on paper approximately 8 x 13 inches, shall have a left-hand margin of approximately 1½ inches and a right-hand margin of approximately 1 inch, and shall be double-spaced except that quotations, tabulations, and descriptions of land may be single-spaced.

(g) Proclamations issued by the President shall conclude with the following-described recitation:

IN WITNESS WHEREOF, I have hereunto set my hand this _____ day of _____, in the year of our Lord _____ and of the Independence of the United States of America the _____.

**§ 19.2   Routing and approval of drafts.**

(a) A proposed Executive order or proclamation shall first be submitted, with seven copies thereof, to the Director of the Office of Management and Budget, together with a letter, signed by the head or other properly authorized officer of the originating Federal agency, explaining the nature, purpose, background, and effect of the proposed Executive order or proclamation and its relationship, if any, to pertinent laws and other Executive orders or proclamations.

(b) If the Director of the Office of Management and Budget approves the proposed Executive order or proclamation, he shall transmit it to the Attorney General for his consideration as to both form and legality.

(c) If the Attorney General approves the proposed Executive order or proclamation, he shall transmit it to the Director of the Office of the Federal Register, National Archives and Records Service, General Services Administration: Provided, That in cases involving sufficient urgency the Attorney General may transmit it directly to the President: And provided further, That the authority vested in the Attorney General by this section may be delegated by him, in whole or in part, to the Deputy Attorney General, Solicitor General, or to such Assistant Attorney General as he may designate.

(d) After determining that the proposed Executive order or proclamation conforms to the requirements of § 19.1 and is free from typographical or clerical error, the Director of the Office of the Federal Register shall transmit it and three copies thereof to the President.

(e) If the proposed Executive order or proclamation is disapproved by the Director of the Office of Management and Budget or by the Attorney General, it shall not thereafter be presented to the President unless it is accompanied by a statement of the reasons for such disapproval.

**§ 19.3   Routing and certification of originals and copies.**

(a) If the order or proclamation is signed by the President, the original and two copies shall be forwarded to the Di-

rector of the Federal Register for publication in the FEDERAL REGISTER.

(b) The Office of the Federal Register shall cause to be placed upon the copies of all Executive orders and proclamations forwarded as provided in paragraph (a) of this section the following notation, to be signed by the Director or by some person authorized by him to sign such notation: "Certified to be a true copy of the original."

§ 19.4 Proclamations calling for the observance of special days or events.

Except as may be otherwise provided by law, responsibility for the preparation and presentation of proposed proclamations calling for the observance of special days, or other periods of time, or events, shall be assigned by the Director of the Office of Management and Budget to such agencies as he may consider appropriate. Such proposed proclamations shall be submitted to the Director at least 60 days before the date of the specified observance.

§ 19.5 Proclamations of treaties excluded.

Consonant with the provisions of Chapter 15 of Title 5 of the United States Code (44 U.S.C. 1511), nothing in these regulations shall be construed to apply to treaties, conventions, protocols, or other international agreements, or proclamations thereof by the President.

§ 19.6 Definition.

The term "Presidential proclamations and Executive orders," as used in Chapter 15 of Title 5 of the United States Code (44 U.S.C. 1505(a)), shall, except as the President or his representative may hereafter otherwise direct, be deemed to include such attachments thereto as are referred to in the respective proclamations or orders.

PART 20—HANDLING OF UNITED STATES GOVERNMENT ORGANIZATION MANUAL STATEMENTS

Sec.
20.1 Liaison officers.
20.2 Preparation of agency statements.
20.3 Organization.
20.4 Description of program activities.
20.5 Sources of information.
20.6 Form, style, arrangement, and apportionment of space.
20.7 Deadline dates.

AUTHORITY: 44 U.S.C. 1506; sec. 6, E.O. 10530, 19 FR 2709; 3 CFR 1954–1958 Comp. p. 189.

§ 20.1 Liaison officers.

Each of the following shall appoint an officer to maintain liaison with the Office on matters relating to the United States Government Organization Manual:

(a) Agencies of the legislative and judicial branches.

(b) Executive agencies that do not have a liaison officer designated under § 16.1 of this chapter or who wish to appoint a liaison officer for Manual matters other than the one designated under such § 16.1.

(c) Quasi-official agencies represented in the Manual.

(d) Any other agency that the Director believes should be included in the Manual.

Each liaison officer will insure his agency's compliance with Part 9 of this chapter and this Part 20.

§ 20.2 Preparation of agency statements.

In accordance with schedules established under § 20.7 each agency shall submit for publication in the Manual an official draft of the information required by § 9.2 of this chapter and this Part 20.

§ 20.3 Organization.

(a) Information about lines of authority and organization may be reflected in a chart if the chart clearly delineates the agency's organizational structure. Charts must be submitted in duplicate in the form of clear prints suitable for photographing. Charts should be prepared so as to be perfectly legible when reduced to the size of a Manual page. Charts that do not meet this requirement will not be included in the Manual.

(b) Listings of heads of operating units should be arranged wherever possible to reflect relationships between units.

(c) Verbal descriptions of organization that duplicate information conveyed by charts or by lists of officials will not be published in the Manual.

§ 20.4 Description of program activities.

Descriptions should state clearly the public purposes that the agency serves, and the programs that carry out those purposes. Detailed descriptions of the responsibilities of individuals will not be accepted for publication in the Manual.

§ 20.5 Sources of information.

Pertinent sources of information useful to the public, in areas of public interest such as employment, consumer activities, contracts, services to small business, and other topics of public interest should be provided with each agency statement. These sources of information shall plainly identify the places at which the public may obtain information or make submittals or requests.

§ 20.6 Form, style, arrangement and apportionment of space.

The form, style, and arrangement of agency statements and other material included in the Manual and the apportionment of space therein shall be determined by the Director of the Federal Register. The U.S. Government Printing Office Style Manual is the applicable reference work in determining style.

§ 20.7 Deadline dates.

The Manual is published on a schedule designed to provide the public with information about their Government on a timely basis. Therefore, agencies must comply with the deadline dates established by the Director of the Federal Register for transmittal of statements and charts and for the verification of proofs. Failure to do so may result in publication of an outdated statement or the omission of important material, thus depriving members of the public of information they have a right to expect in a particular edition of the Manual.

PART 21—PREPARATION OF DOCUMENTS SUBJECT TO CODIFICATION

Subpart A—General

Sec.
21.1 Drafting.
21.2 [Reserved]
21.3 [Reserved]
21.4 Descriptions of organization.
21.5 Separate documents for each title and chapter amended.
21.6 Notice of expiration of codified material.

CODE STRUCTURE

21.7 Titles and subtitles.
21.8 Chapters and subchapters.
21.9 Parts, subparts, and undesignated center heads.
21.10 Sections.

NUMBERING

21.11 Divisions of the Code of Federal Regulations.
21.12 Reservation of numbers.
21.13 Addition of new units between existing units.
21.14 Keying to agency numbering systems.
21.15 Statements of policy and interpretations.

HEADINGS

21.16 Required Code headings.
21.17 Additional captions.
21.18 Tables of contents.
21.19 Composition of part headings.

AMENDMENTS

21.20 General requirements.

REFERENCES

21.21 General requirements.
21.22 References between or within titles.
21.23 Parallel citations of Code and FEDERAL REGISTER.
21.24 References to 1938 Edition of Code.

EFFECTIVE DATE STATEMENT

21.30 General.

Subpart B—Citations of Authority

21.40 General requirements.
21.41 Agency responsibility.
21.42 Exceptions.

PLACEMENT

21.43 Coverage.
21.44 Documents involving various amendments.
21.45 Nonstatutory authority.

FORM

21.51 General.
21.52 Statutory materials.
21.53 Nonstatutory materials.

AUTHORITY: 44 U.S.C. 1506; sec. 6, E.O. 10530, 19 FR 2709; 3 CFR 1954–1958 Comp. p. 189.

Subpart A—General

§ 21.1 Drafting.

(a) Each agency that prepares a document that is subject to codification shall draft it as an amendment to the

Code of Federal Regulations, in accordance with this subchapter, before submitting it to the Office of the Federal Register.

(b) The agency shall place a promulgation statement in the document precisely describing the relationship of the new provisions to the Code.

§§ 21.2, 21.3   [Reserved]

§ 21.4   Descriptions of organization.

The Director of the Federal Register may designate documents submitted under section 552(a)(1)(A) of Title 5, United States Code, as "documents subject to codification" under special agreement with the issuing agency. The agreement must be in writing, signed by the head of the agency, or his designee, and stating that—

(a) Publication in the Code is necessary or desirable for the effective discharge of the agency's functions or activities; and

(b) Publication in the Code may be discontinued by the Administrative Committee for failure of the agency to keep publication current.

§ 21.5   Separate documents for each title and chapter amended.

Whenever an agency is taking an action that will amend more than one title, or more than one chapter, of the Code of Federal Regulations, it shall prepare a separate document for each title and each chapter that is to be amended.

§ 21.6   Notice of expiration of codified material.

(a) Whenever a document subject to codification expires after a specified period by its own terms or by law, the issuing agency shall submit a notification by document for publication in the FEDERAL REGISTER.

(b) If the preparation of the document is not practicable, the agency shall send a timely notice, in writing, to the Director of the Federal Register, stating that the document is no longer in effect, citing the pertinent terms.

CODE STRUCTURE

§ 21.7   Titles and subtitles.

(a) The major divisions of the Code are titles, each of which brings together broadly related Government functions.

(b) Subtitles may be used to distinguish between materials emanating from an overall agency and the material issued by its various components. Subtitles may also be used to group chapters within a title.

§ 21.8   Chapters and subchapters.

(a) The normal divisions of a title are chapters, assigned to the various agencies within a title descriptive of the subject matter covered by the agencies' regulations.

(b) Subchapters may be used to group related parts within a chapter.

§ 21.9   Parts, subparts, and undesignated center heads.

(a) The normal divisions of a chapter are parts, consisting of a unified body of regulations applying to a specific function of an issuing agency or devoted to specific subject matter under the control of that agency.

(b) Subparts or undesignated center heads may be used to group related sections within a part. Undesignated center heads may also be used to group sections within a subpart.

§ 21.10   Sections.

(a) The normal divisions of a part are sections. Sections are the basic units of the Code.

(b) When internal division is necessary, a section may be divided into paragraphs, and paragraphs may be further subdivided using the lettering indicated in § 21.11.

NUMBERING

§ 21.11   Divisions of the Code of Federal Regulations.

(a) Titles are numbered consecutively in Arabic throughout the Code.

(b) Subtitles are lettered consecutively in capitals throughout the title.

(c) Chapters are numbered consecutively in Roman capitals throughout each title.

(d) Subchapters are lettered consecutively in capitals throughout the chapter.

(e) Parts are numbered in Arabic throughout each title.

(f) Subparts may be lettered in capitals or be undesignated.

(g) Sections are numbered in Arabic throughout each part. A section number includes the number of the part followed by a decimal point and the number of the section. For example, the section number for section 15 of Part 21 is "§ 21.15".

(h) The lettering for divisions of a section is as follows:

| Division | Illustrative lettering |
|---|---|
| Paragraph | (a), (b), etc. |
| Further subdivision of a paragraph | (1), (2), etc. |
| | (i), (ii), etc. |
| | (A), (B), etc. |
| | (1), (2), etc. |
| | (i), (ii), etc. |

§ 21.12   Reservation of numbers.

In a case where related parts or related sections are grouped under a heading, numbers shall be reserved at the end of each group to allow for expansion.

§ 21.13   Addition of new units between existing units.

(a) Whenever it is necessary to introduce a new part or section between existing consecutive parts or sections, the new part or section shall be designated by the addition of a lower case letter to the number of the preceding part or section. For example, a part inserted between Parts 31 and 32 is numbered "31a", and a section inserted between § 31.1 and § 31.2 is numbered "§ 31.1a".

(b) Whenever it is necessary to insert a paragraph between existing consecutive paragraphs, and revision of the entire paragraph is not desired, the new paragraph shall be designated by the addition of a hyphen and an Arabic number to the letter designating the preceding paragraph. For example, a paragraph inserted between paragraph (a) and (b) is designated "(a-1)".

§ 21.14   Keying to agency numbering systems.

The Director of the Federal Register may allow the keying of section numbers to correspond to a particular numbering system used by an agency only when, in his opinion, the keying will benefit both that agency and the public.

§ 21.15   Statements of policy and interpretations.

(a) Whenever a statement of general policy or an interpretation, submitted pursuant to section 552(a)(1)(D) of Title 5, United States Code, applies to an entire part, it shall be included in or appended to that part.

(b) Whenever a statement of general policy or an interpretation applies to a specific section it shall be appended to that section.

(c) Statements of policy and interpretations that are broader in scope than those covered by paragraphs (a) and (b) of this section shall be assigned to a part or group of parts within the chapter affected.

HEADINGS

§ 21.16   Required Code headings.

(a) The title, chapter, and part headings, in that order, shall be set forth in full on separate lines at the beginning of each document. Subtitle, subchapter, and subpart headings shall, if applicable, also be set forth.

(b) Each section shall have a brief descriptive heading, preceding the text, on a separate line.

§ 21.17   Additional captions.

(a) For the purpose of publication in the FEDERAL REGISTER, a brief caption more specifically describing the scope of a document constituting a partial amendment of the material in a part shall be provided immediately below the part heading.

(b) An agency that uses regulation numbers or other identifying symbols shall place them in brackets centered immediately above the part heading.

§ 21.18   Tables of contents.

A table of contents shall be used at the beginning of the part whenever a new part is introduced, an existing part is completely revised, or a group of sections is revised or added and set forth as a subpart or otherwise separately grouped under a center head. The table shall follow the part heading and precede the text of the regulations in that part. It shall also list the headings for the subparts, undesignated center headings, and sections in the part.

§ 21.19   Composition of part headings.

Each part heading shall indicate briefly the general subject matter of the part. Phrases such as "Regulations under the Act of July 28, 1955" or other expressions that are not descriptive of the sub-

ject matter may not be used. Introductory expressions such as "Regulations governing" and "Rules applicable to" may not be used.

## AMENDMENTS

### § 21.20 General requirements.

(a) Each amendatory document shall identify in specific terms the unit amended, and the extent of the changes made.

(b) The number and heading of each section amended shall be set forth in full on a separate line.

## REFERENCES

### § 21.21 General requirements.

(a) Each reference to the Code of Federal Regulations shall be in terms of the specific titles, chapters, parts, sections, and paragraphs involved. Ambiguous references such as "herein", "above", "below", and similar expressions may not be used.

(b) Each document that contains a reference to material published in the Code shall include the Code citation as a part of the reference.

### § 21.22 References between or within titles.

Unless the meaning is otherwise precisely expressed and an undue or awkward repetition would result, the following references shall be used:

(a) *Between titles.* When reference is made to material codified in a title other than that in which the reference occurs, the short form of citation shall be used. For example, a reference within Title 41 to § 2.4 of Title 1 is "1 CFR 2.4".

(b) *Within titles.* When reference is made to material codified in the same title, the following forms shall be used, as appropriate:

Chapter ------ of this title.
Part ------ of this title.
§ ------ of this title.

(c) *Within chapters.* When reference is made to material codified in the same chapter, the following forms shall be used, as appropriate:

Part ------ of this chapter.
§ ------ of this chapter.

(d) *Within sections.* When reference is made to material codified in the same section, the following forms shall be used, as appropriate:

Paragraph (------) of this section.

### § 21.23 Parallel citations of Code and Federal Register.

For parallel reference, the Code of Federal Regulations and the FEDERAL REGISTER may be cited in the following forms, as appropriate:

------ CFR ------ (------ FR ------).
§ ------ of this chapter (------ FR ------).

### § 21.24 References to 1938 edition of Code.

When reference is made to material codified in the 1938 edition of the Code of Federal Regulations, or a supplement thereto, the following forms may be used, as appropriate:

------ CFR, 1938 Ed., ------
------ CFR, 1943, Cum. Supp., ------
------ CFR, 1946 Supp., ------

## EFFECTIVE DATE STATEMENT

### § 21.30 General.

Each document subject to codification shall include a clear statement as to the date or dates upon which its contents become effective.

## Subpart B—Citations of Authority

### § 21.40 General requirements.

(a) Each section in a document subject to codification shall include, or be covered by, a complete citation of the authority under which the section is issued, including—

(1) General or specific authority delegated by statute; and

(2) Executive delegations, if any, necessary to link the statutory authority to the issuing agency.

### § 21.41 Agency responsibility.

(a) Each issuing agency is responsible for the accuracy and integrity of the citations of authority in the documents it issues.

(b) Each issuing agency shall formally amend the citations of authority in its codified material to reflect any changes therein.

### § 21.42 Exceptions.

The Director of the Federal Register may make exceptions to the requirements of this subpart relating to placement and form of citations of authority whenever he determines that strict application would impair the practical use of the citations.

## PLACEMENT

### § 21.43 Coverage.

(a) *Single section.* Authority covering a single section shall be cited in parentheses on a separate line immediately following the text of the section. For example:

(Sec. 5, Pub. L. 89-670, 80 Stat. 935 (49 U.S.C. 1654))

(b) *Blanket coverage.* Authority covering two or more consecutive sections shall be cited following the word "AUTHORITY" and placed as a text note immediately preceding the first section of the group. For example:

AUTHORITY: Sec. 5, Pub. L. 89-670, 80 Stat. 935 (49 U.S.C. 1654).

(c) *Combined blanket and separate coverage.* Whenever individual sections within a group covered by a blanket citation reflect additional authority, a combined form shall be used. For example:

AUTHORITY: Sec. 5, Pub. L. 89-670, 80 Stat. 935 (49 U.S.C. 1654), unless otherwise noted.

(d) *Combined blanket coverage.* Whenever a group of two or more consecutive sections within a broader group covered by a blanket citation reflects the same additional authority, a combined blanket citation shall be used. For example:

AUTHORITY: Sec. 5, Pub. L. 89-670, 80 Stat. 935 (49 U.S.C. 1654). §§ 7.1 to 7.11 also issued under sec. 313, Pub. L. 85-726, 72 Stat. 752 (49 U.S.C. 1354).

### § 21.44 Documents involving various amendments.

(a) Whenever a document prescribes several amendments issued under common authority, the citation to that authority shall be placed in parentheses on a separate line after the last amendment.

(b) Whenever a document prescribes several amendments issued under varying authorities, each amendment shall be followed by the appropriate citation in parentheses on a separate line.

### § 21.45 Nonstatutory authority.

Citation to a document as authority shall be placed after the statutory citations. For example:

AUTHORITY: Sec. 9, Pub. L. 89-670, 80 Stat. 944 (49 U.S.C. 1657), E.O. 11222, 30 FR 6469, 3 CFR 1965 Comp.

## FORM

### § 21.51 General.

(a) Formal citations of authority shall be in the shortest form compatible with positive identification and ready reference.

(b) The Office of the Federal Register shall assist agencies in developing model citations.

### § 21.52 Statutory materials.

(a) *Public laws.* Citations to current public laws shall include reference to the volume and page of the U.S. Statutes at Large to which they have been assigned. For example:

Sec. 5, Pub. L. 89-670, 80 Stat. 935 (49 U.S.C. 1654)

(b) *U.S. Statutes at Large.* Citations to the U.S. Statutes at Large shall refer to section, page, and volume. The page number should refer to the page on which the section cited begins. If the cited material is contained in a title of the United States Code that has not been positively enacted, the parallel United States Code citation shall also be given. For example:

Sec. 5, Pub. L. 89-670, 80 Stat. 935 (49 U.S.C. 1654); sec. 313, Pub. L. 85-726, 72 Stat. 752 (49 U.S.C. 1354)

(c) *Positive law titles of the United States Code.* Citations to titles of the United States Code that have been enacted into positive law (such as 1, 5, 10, etc.) shall be cited as follows, without public law or U.S. Statutes at Large citation:

10 U.S.C. 501.

### § 21.53 Nonstatutory materials.

Nonstatutory documents shall be cited by document designation and by FEDERAL REGISTER volume and page, followed, if possible, by the parallel citation to the Code of Federal Regulations. For example:

Special Civil Air Reg. SR-422A, 26 FR 6709, 14 CFR Part 4b, E.O. 11136, 28 FR 12769; 3 CFR 1959-1963 Comp.

Attachment E - page 12 of 14

23614

**RULES AND REGULATIONS**

## PART 22—PREPARATION OF NOTICES AND RULE MAKING PROPOSALS

### NOTICES IN GENERAL

Sec.
22.1 Name of issuing agency and subdivision.
22.2 Authority citation.

### NOTICES OF PROPOSED RULE MAKING

22.5 General requirements.
22.6 Code designation.
22.7 Codification.

AUTHORITY: 44 U.S.C. 1506; sec. 6, E.O. 10530, 19 FR 2709; 3 CFR 1954–1958 Comp. p. 189.

### NOTICES IN GENERAL

§ 22.1 Name of issuing agency and subdivision.

(a) The name of the agency issuing a notice shall be placed at the beginning of the document.

(b) Whenever a specific bureau, service, or similar unit within an agency issues a notice, the name of that bureau, service, or unit shall be placed on a separate line below the name of the agency.

(c) An agency that uses file numbers, docket numbers, or similar identifying symbols shall place them in brackets immediately below the other headings required by this section.

(d) A suitable short title identifying the subject shall be provided beginning on a separate line immediately after the other required caption or captions. Whenever appropriate, an additional brief caption indicating the nature of the document shall be used.

§ 22.2 Authority citation.

The authority under which an agency issues a notice shall be cited in narrative form within text or in parentheses on a separate line following text.

### NOTICES OF PROPOSED RULE MAKING

§ 22.5 General requirements.

Each notice of proposed rule making required by section 553 of title 5, United States Code, or any other statute, and any similar notice voluntarily issued by an agency shall include a statement of—

(a) The time, place, and nature of public rule making proceedings; and

(b) Reference to the authority under which the regulatory action is proposed.

§ 22.6 Code designation.

The area of the Code of Federal Regulations directly affected by a proposed regulatory action shall be identified by placing the appropriate CFR citation in brackets immediately below the name of the issuing agency. For example:

[1 CFR Part 22]

§ 22.7 Codification.

Any part of a notice of proposed rule making document that contains the full text of a proposed regulation shall also conform to the pertinent provisions of Part 21 of this chapter.

[FR Doc.72-18989 Filed 11–3–72;8:51 am]

## Chapter II—Office of the Federal Register

### PART 51—INCORPORATION BY REFERENCE

The purpose of this amendment is to adopt a revised regulation governing the incorporation by reference of material outside the Code of Federal Regulations in Federal Register documents. This amendment is based on a notice of proposed rule making published in the FEDERAL REGISTER on April 4, 1972 (37 F.R. 6805).

Several of the commenters expressed general opposition to the use of "incorporation by reference" in Federal Register documents and recommended against adoption of proposed Part 51. With respect to these comments, it should be pointed out that specific congressional authority for the use of incorporation by reference has existed since 1967 (5 U.S.C. 552(a)) and that proposed Part 51 is for the most part a revision of 1 CFR Part 20, which was originally adopted the same year. Thus, adoption of Part 51 is not an invitation to increased usage of incorporation by reference. Actually, as was discussed in the notice of proposed rule making, in several respects revised Part 51 imposes more restrictions and places more control in the Director of the Federal Register than did the previous regulations.

One commenter suggested that the proposed regulations appear to apply to notice of proposed rule making documents although 5 U.S.C. 552(a) applies only to final rule making documents. To clarify this, a new paragraph (e) has been added to § 51.1. This new provision also encourages agencies to consult with the office of the Federal Register with respect to the requirements of Part 51 before submission of proposed rule making documents. In this way agencies can avoid problems that might surface after a document has gone through notice and public comment.

Another commenter pointed out that the use of incorporation by reference in a proposed rule making document can affect the reasonableness of the time period for public comment. This commenter made the valid point that sometimes it takes weeks to obtain a technical document proposed to be incorporated by reference and that little time may be left for review and submission of comments. While this comment is outside the scope of the proposed regulation, agencies are urged to consider this factor in establishing the comment period.

One commenter pointed out that, as proposed, § 51.10(c) would require the republication of a document or a portion thereof, whenever a document containing an incorporation by reference is published in the FEDERAL REGISTER without the Director's advance approval. The commenter suggested that a more flexible approach might be warranted since the incorporation by reference might well be one that the Director would be willing to approve after publication and that in such a case republication would serve no useful purpose. Section 51.10(c) has been rewritten to make it clear that the mere publication in the FEDERAL REGISTER of a document containing an incorporation by reference is not of itself approval by the Director of that incorporation. In such a situation, the Director will review the document after publication and the proper corrective action can be worked out between the agency and the Director.

In consideration of the foregoing, and after considering all relevant comments received, Part 51 is adopted as proposed with the following changes:

1. A new paragraph (e) is added to § 51.1.
2. A new paragraph (c) is added to § 51.10.
3. Section 51.12 is revised.

*Effective date.* This amendment is effective January 2, 1973.

FRED J. EMERY,
*Director of the Federal Register.*

### GENERAL

Sec.
51.1 Policy.
51.2 Matter eligible.
51.3 Distinctions.
51.4 Elements on which approval may be based.
51.5 Filing.

### DRAFTING STANDARDS

51.6 Language of incorporation.
51.7 Identification and description.
51.8 Statement of availability.

### PUBLICATION PROCEDURES

51.10 Advance consultation.
51.11 Letter transmitting final document.
51.12 Stamp of approval.

AUTHORITY: The provisions of this Part 51 issued under 5 U.S.C. 552(a).

### GENERAL

§ 51.1 Policy.

(a) Section 552(a) of Title 5, United States Code, provides, in part, that "matter reasonably available to the class of persons affected thereby is deemed published in the FEDERAL REGISTER when incorporated by reference therein with the approval of the Director of the Federal Register."

(b) The Director will strictly interpret the language quoted in paragraph (a) of this section to provide fairness and uniformity in administrative proceedings involving publication in the FEDERAL REGISTER.

(c) The Director will interpret and apply the language quoted in paragraph (a) of this section with full regard to the significance of related instruments governing publication in the FEDERAL REGISTER and the Code of Federal Regulations. Related instruments include—

(1) Subchapter II of Chapter 5 of Title 5, United States Code;
(2) Chapter 15 of Title 44, United States Code;
(3) Chapter I of this title; and

(4) Special statutory provisions listed in appendix B to Chapter I of this title, that require publication in the FEDERAL REGISTER.

(d) The Director will assume that the language quoted in paragraph (a) of this section is—

(1) Designed to cover the limited purposes of section 552(a) of title 5, United States Code;

(2) Intended to benefit both the Federal Government and the members of the classes affected by reducing the volume of matter printed in the FEDERAL REGISTER; and

(3) Not intended to detract from the legal or practical attributes of the system established under the basic instruments listed in paragraph (c) of this section.

(e) While the requirements of 5 U.S.C. 552(a) and of this part apply to a final rule making document, issuing agencies are encouraged to consult the Office of the Federal Register with respect to the requirements of this part before submitting for publication a notice of proposed rule making document that contains an incorporation by reference.

§ 51.2  Matter eligible.

To be eligible for incorporation by reference, under section 552(a) of Title 5, United States Code, in a document to be published in the FEDERAL REGISTER, material must conform to the policy stated in § 51.1 and be in the nature of published data, criteria, standards, specifications, techniques, illustrations, or other published information reasonably available to the members of the class that would be affected by the publication.

§ 51.3  Distinctions.

(a) *Ordinary references.* For the purposes of this part, informational references and cross references that do not purport to incorporate outside matter within a FEDERAL REGISTER document are not considered to be legal incorporations by reference under section 552(a) of Title 5, United States Code.

(b) *Regulations governing availability of agency issuances.* Regulations governing the availability of agency issuances are not considered to be legal incorporation by reference under section 552(a) of Title 5, United States Code.

§ 51.4  Elements on which approval may be based.

The Director of the Federal Register will approve an incorporation by reference only when the following considerations are favorable and reasonably stable:

(a) The matter is eligible.

(b) Incorporation will substantially reduce the volume of material published in the FEDERAL REGISTER.

(c) The matter incorporated is in fact available to the extent necessary to afford fairness and uniformity in the administrative process.

(d) The incorporating document is drafted and submitted for publication in accordance with this part.

§ 51.5  Filing.

Copies of material approved for incorporation by reference including copies of all amendments or revisions to that material, shall be filed with the Office of the Federal Register.

DRAFTING STANDARDS

§ 51.6  Language of incorporation.

(a) The language incorporating material by reference shall be as precise and complete as possible.

(b) The words expressing the incorporation shall make it clear that the incorporation by reference is intended and completed by the document in which it appears.

§ 51.7  Identification and description.

(a) Each incorporation by reference shall include an identification and subject description of the matter incorporated, in terms as precise and useful as practicable within the limits of reasonable brevity.

(b) Titles, dates, editions, numbers, authors, and publishers shall be stated whenever they would contribute to clear identification.

(c) A brief subject description shall be included to inform the user of his potential need to obtain the matter incorporated.

§ 51.8  Statement of availability.

(a) *Information.* Each incorporation by reference shall include a statement covering the availability of the material incorporated, including current information as to where and how copies of it may be examined and be readily obtained with maximum convenience to the user.

(b) *Official showing.* Inclusion of the statement required by paragraph (a) of this section constitutes an official showing by the issuing agency that the material incorporated is, in fact, reasonably available to the class of persons affected.

(c) *Future amendments or revisions.* In any case in which incorporated material will be subject to change, the statement required by paragraph (a) of this section shall set forth that information. However, the incorporation of material in a FEDERAL REGISTER document by reference is limited to the material as it exists on the effective date of the document. Future amendments or revisions of material incorporated by reference are not included. They may be added as they become available, or at any later time, by the issuance of an amendatory document. Separate approval of the Director of the incorporation of each amendment whose original incorporation was approved need not be obtained if all other requirements of this part are met.

PUBLICATION PROCEDURES

§ 51.10  Advance consultation.

(a) To avoid delay, each issuing agency shall consult in advance with the Director of the Federal Register regarding the approval of any specific incorporation by reference. The consultation should take place at least 10 working days before the proposed date of submission of the document.

(b) After completion of the consultation, the Director will notify the agency of his decision, at least 5 working days before the proposed date of submission of the document.

(c) Publication in the FEDERAL REGISTER of a document containing an incorporation by reference does not, of itself, constitute approval by the Director of the incorporation by reference.

§ 51.11  Letter transmitting final document.

Each agency submitting a document under this part shall send with it a letter of transmittal covering the matter of incorporation by reference and referring specifically to the advance consultation.

§ 51.12  Stamp of approval.

(a) Whenever the Director of the Federal Register accepts a document under this part a statement will be printed in the FEDERAL REGISTER as part of the document substantially as follows:

Incorporation by reference provisions approved by the Director of the Federal Register _____
(date)

[FR Doc.72-18990 Filed 11-3-72;8:51 am]