Rita MariNa Hymes
Donald Louis Hymes
2340 Ravenwood
Fairbanks, Alaska [99709]
907-479-6922

The United States of America

The United States

District Court of the United States

District of Alaska

UNITED STATES OF AMERICA

*Plaintiff*

v.

Rita M. Hymes, personal capacity
Donald L. Hymes, personal capacity;
*Defendants*

A05-123-CV(RRB)

**Motion to Reconsider, Clarification with Finding of Conclusions of Law and Finding of Facts and Additional Evidence**

Come now Rita MariNa Hymes and Donald Louis Hymes ("the Hymes") with this Motion to Reconsider, Clarification with Finding of Conclusions of Law and Finding of Fact and Additional Evidence.

In the ORDER of Judge Ralph R. Beistline at Docket 198 the only issues that were proffered were three non-responsive statements with no conclusions of law and finding of fact, to wit:

> Contrary to Defendants' arguments, this Court does have jurisdiction over this matter and Defendants are required to [1] *file income tax returns (26 U.S.C. § 6012) and* [2] *sign them under penalty of perjury (26 U.S.C. § 6065).* This is clear and well established law. And, the [3] *United States of America is the real party-in interest.*

Judge Beistline at Docket 190 stated he would wait until Jennifer D. Auchterlonie ("Auchterlonie"), who represents "UNITED STATES OF AMERICA" ("USA"), to respond to all of the pleading filed by the Hymes at Docket 178, 182 and 186. Auchterlonie filed in a non-responsive pleading at Docket 191, which only included three issues, to wit:

> 1) That there may be no Treasury Regulation requiring returns to be signed under penalties of perjury is irrelevant because the Internal Revenue Code plainly requires it in Section 6065; and,
> 2) *United States v. Sullivan*, 274 U.S. 259, 264 (1927), which was off-point; and,
> 3) *United States v. Schiff*, 612 F.2d 73, 83 (2nd Cir. 1979), which also was off-point.

As in the Federal Rules of Appellate Procedure ("FRAP") at rule 8 application for a Motion for State requires *at* (a)(2)(A)(ii) : "and state any reasons given by the district court for its action."

If Judge Beistline is relying upon the above Pleading of Auchterlonie and Docket 191 and himself at Docket 198, then the Hymes will be required to proffer same to the Circuit Court of the United States for the 9th Circuit devoid of any Conclusions of Law and Findings of Fact and having done due diligent to obtain same from Judge Beistline.

The Hymes do as an Offer of Proof being **Attachment A** of the Notice of Federal Tax Lien filed in Fairbanks Recording District.

The Hymes also proffer the following as binding evidence from the Federal Register concerning the Notices of Federal Tax Liens that have been attached unlawfully and illegally to them.

**I. Mandatory Publishing in the Federal Register of *general applicability and legal effect* affect the general public.**

Under the Federal Register Act (FRA) and the Administrative Procedures Act (APA) we find the following mandates as to publishing documents in the Federal Register that have *general applicability and legal effect* (FRA), *general applicability* (APA), *substantive rules* (APA) and

*force and effect of law* Supreme Court Case *holding*, to wit:

   **A.** FRA of 1935, 49 Stat. 500 at 501 (44 U.S.C. § 1505(a)(1)(2)(3)) as an Offer of Proof

being **Attachment B**, to wit:

1. SEC. 5. (a) <u>*There shall be published in the Federal Register*</u> (1) *all Presidential proclamations and Executive orders*; and,
2. SEC. 5. (a) (2) such documents or classes of *documents <u>as the President shall determine from time to time have general applicability and legal effect</u>*; and,
3. SEC. 5. (a) (3) <u>*such documents or classes of documents as may be required so to be published by Act of the Congress*</u>: *Provided,* That for the purposes of this Act <u>*every document or order which shall prescribe a penalty shall be deemed to have general applicability and legal effect*</u>.
4. (b) In addition to the foregoing there shall also be published in the Federal Register <u>*such other documents or classes of documents as may be authorized to be published pursuant hereto by regulations prescribed hereunder with the approval of the President*</u>.

   **B.** APA Code at 5 U.S.C. § 552(a)(1):

Sec. 552. Public information; agency rules, opinions, orders, records, and proceedings
(a) **Each agency shall make available to the public information as follows:**
 (1) Each agency shall separately state and currently **publish in the Federal Register for the guidance of the public--**
 (A) descriptions of its central and field organization and the established places at which, <u>*the employees*</u> (and in the case of a uniformed service, the members) from whom, and the methods whereby, the public may obtain information, make submittals or requests, or obtain decisions;
 (B) statements of the general course and method by which its functions are channeled and determined, including the nature and requirements of all formal and informal procedures available;
 (C) rules of procedure, descriptions of forms available or the places at which forms may be obtained, and instructions as to the scope and contents of all papers, reports, or examinations;

 (D) <u>*substantive rules of general applicability adopted as authorized by law, and statements of general policy or interpretations of general applicability formulated and adopted by the agency*</u>; and
 (E) each amendment, revision, or repeal of the foregoing.
 <u>*Except to the extent that a person has actual and timely notice of the terms thereof, a person may not in any manner be required to resort to, or be adversely affected by, a matter required to be published in the Federal Register and not so published.*</u> For the purpose of this paragraph, matter reasonably available to the class of persons affected thereby is deemed published in the Federal Register when incorporated by reference therein with the approval of the Director of the Federal Register.

   **C.** *Prima facie* evidence at 26 CFR § 601.702(a) *of* Federal Register at 67 FR 69675

(2002) acknowledged and accepted by the IRS of the mandate of 5 U.S.C. § 552(a)(1) as

published in the Federal Register 67 FR 69673-69688 (2002) of 26 CFR § 601.702 of

552(a)(1) *at 67 FR 69675* as a Offer of Proof being **Attachment C**, to wit:

> Authority: 5 U.S.C. 301 and 552.
> **§ 601.701 [Removed]**
> Par. 2. Section 601.701 is removed.
> Par. 3. Section 601.702 is revised to read as follows:
> **§ 601.702 Publication, public inspection, and specific requests for records.**
> (a) *Publication in the* **Federal Register**—(1) *Requirement.* (i) Subject to the application of the exemptions and exclusions described in the Freedom of Information Act, 5 U.S.C. 552(b) and (c), and subject to the limitations provided in paragraph (a)(2) of this section, *the IRS is required under 5 U.S.C. 552(a)(1), to state separately and publish currently in the* Federal Register *for the guidance of the public the following information*   (A) Descriptions of its central and field organization and the established places at which, the persons from whom, and the methods whereby, the public may obtain information, make submittals or requests, or obtain decisions, from the IRS;
> (B) Statement of the general course and method by which its functions are channeled and determined, including the nature and requirements of all formal and informal procedures which are available;
> (C) *Rules of procedure,* descriptions of forms available or the places at which forms may be obtained, and instructions as to the scope and contents of all papers, reports, or examinations;
> (D) *Substantive rules of general applicability adopted as authorized by law*, and statements of general policy or interpretations of general applicability formulated and adopted by the IRS; and
> (E) Each amendment, revision, or repeal of matters referred to in paragraphs (a)(1)(i)(A) through (D) of this section.
> (ii) Pursuant to the foregoing requirements, the Commissioner publishes in the **Federal Register** from time to time a statement, which is not codified in this chapter, on the organization and functions of the IRS, and such amendments as are needed to keep the statement on a current basis. In addition, *there are published in the* **Federal Register** the rules set forth in this *part 601 (Statement of Procedural Rules),* such as those in paragraph E of this section, relating to conference and practice requirements of the IRS; *the regulations in part 301 of this chapter (Procedure and Administration Regulations)*; and the *various substantive regulations* under the Internal Revenue Code of 1986, *such as the regulations in part 1 of this chapter (Income Tax Regulations),* in part 20 of this chapter (Estate Tax Regulations), and in part 31 of this chapter (Employment Tax Regulations).
> (2) *Limitations.* (i) *Incorporation by reference in the* **Federal Register**. Matter which is reasonably available to the class of persons affected thereby, whether in a private or public publication, shall be deemed published in the **Federal Register** for purposes of paragraph (a)(1) of this section when it is incorporated by reference therein with the approval of the Director of the Office of the Federal Register. The matter which is incorporated by reference must be set forth in the private or public publication substantially in its entirety and not merely summarized or printed as a synopsis. Matter, the location and scope of which are familiar to only a few persons having a special working knowledge of the activities of the IRS, may not be incorporated in the **Federal Register** by reference. Matter may be incorporated by reference in the **Federal Register** only pursuant to the provisions of 5 U.S.C. 552(a)(1) and 1 CFR part 20.
> (ii) *Effect of failure to publish.* Except to the extent that a person *has actual and timely notice of the terms of any matter referred to in paragraph (a)(1) of this section which is required to be published in the* Federal Register, *such person is not required in any*

> *manner to resort to, or be adversely affected by, such matter if it is not so published or is not incorporated by reference therein pursuant to paragraph (a)(2)(i) of this section.* Thus, for example, *any such matter which imposes an obligation and which is not so published or incorporated by reference shall not adversely change or affect a person's rights.* *[Emphasis added] [Note:* "**Federal Register**" *is bold in original.]*

    **D.** APA Code at 5 U.S.C. § 553, to wit:

> **(b)** *General notice of proposed rule making shall be published in the Federal Register*, unless persons subject thereto are named and either personally served or otherwise have actual notice thereof in accordance with law. The notice shall include--
> (1) a statement of the time, place, and nature of public rule making proceedings;
> (2) *reference to the legal authority under which the rule is proposed*; and
> (3) either the terms or substance of the proposed rule or a description of the subjects and issues involved.

    **E.** The *holding* of the adjudged decision of the Supreme Court of the United States in *Chrysler v. Brown*, 441 U.S. 281 (1979) that only **substantive regulations** have the *force and effect of law* if published in the Federal Register with a comment period pursuant 5 U.S.C. § 553 *precluding* the 601 type regulations procedural (interpretative) and *precluding* the 301 administrative i.e., "housekeeping statute[s]" from having the *force and effect of law* accorded only to **substantive regulations**.

**II. Precluded From Being Published in the Federal Register as** *General Applicability and Legal Effect and Substantive Regulations* **affecting the general public having the** *Force and Effect of Law*.

    The *preclusion of law* on publishing in the Federal Register rules and regulations having general applicability and legal effect, general applicability and substantive regulations with a comment period for the public affecting the general public consists of the rules and regulations relating to *Federal and State agency management or personnel, 601.xxx type interpretative rules, 301.xxx administrative organization, procedure or practice*, to wit:

    **A.** FRA of 1935, 49 Stat. 500 at 501 (44 U.S.C. § 1505(a)(1)) being **Attachment B**, to

wit:

> SEC. 5. (a) *There shall be published in the Federal Register* (1) all Presidential proclamations and Executive orders, *except* such as have no general applicability and legal effect or *are effective only against Federal agencies or persons in their capacity as officers, agents, or employees thereof*

   **B.**   APA Code at 5 U.S.C. § 553(a)(2), (b)(3)(A & B), (d)(2 & 3), to wit:

> a) This section applies, according to the provisions thereof, *except to the extent that there is involved--*
> (1) a military or foreign affairs function of the United States; or
> *(2) a matter relating to agency management or personnel* or to public property, loans, grants, benefits, or contracts.
> (b) General notice of proposed rule making shall be published in the Federal Register, unless persons subject thereto are named and either personally served or otherwise have actual notice thereof in accordance with law. The notice shall include--
> \* \* \*
> (3) either the terms or substance of the proposed rule or a description of the subjects and issues involved.
> Except when notice or hearing is required by statute, this subsection does not apply--
> (A) *to interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice*; or
> (B) *when the agency for good cause finds (and incorporates the finding and a brief statement of reasons therefor in the rules issued) that notice and public procedure thereon are impracticable, unnecessary, or contrary to the public interest.*
> \* \* \*
> (d) The required publication or service of a substantive rule shall be made not less than 30 days before its effective date, *except--*
> (1) a substantive rule which grants or recognizes an exemption or relieves a restriction;
> (2) *interpretative rules and statements of policy*; or
> (3) *as otherwise provided by the agency for good cause found and published with the rule.*

   **C.**   The *holding* of the adjudged decision of the Supreme Court of the United States in *Chrysler v. Brown*, 441 U.S. 281 (1979) that only *substantive regulations* have the *force and effect of law* if published in the Federal Register with a comment period pursuant 5 U.S.C. § 553 *precluding* the 601 type regulations procedural (interpretative) and *precluding* the 301 administrative i.e., "housekeeping statute[s]" from having the *force and effect of law* accorded only to *substantive regulations*.

### Notice of Federal Tax Liens

All of Title 26 of Part 301 – Procedure and Administration Regulations was republished November 3, 1967 in the Federal Register at 32 FR 15241-15387 with the applicable *excerpt* 32 FR 15241-32 FR 15243 and 32 FR 15288 – 32 152289 concerning Notices of Federal Tax Liens with the statutory authority of same and specifically delineating whom the Notices of Federal

Tax Lien have application as evidenced in 1.6331-1 and 1.6332-1 which is proffered as a Offer of Proof of same with the *excerpt* 32 FR 15241-32 FR 15243 and 32 FR 15288 – 32 15289 being **Attachment D**, to wit:

> **§ 301.6331  Statutory provisions; levy and distraint.**
> * * *
> Levy may be made upon the *accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia.* by serving a notice of levy on the employer *(as* defined In section 3401(d) ) of such officer, employee, or elected official. *[Emphasis added]*
>
> * * *
>
> **§ 301.6331-1  Levy and distraint.**
> * * *
> (4) Certain types of compensation— (1) <u>Federal employees.</u> Levy may be made upon the accrued salary or wages of any of the Armed Forces), or <u>elected or appointed official, of the United States, the District of Columbia, or any agency or instrumentality of either,</u> by serving a notice of levy on the employer of the delinquent taxpayer. As used In this subdivision, the term "employer" means (a) <u>the officer or employee of the United States, the District of Columbia, or of the agency or instrumentality of the United States or the District of Columbia, who has control of the payment of the wages</u>, or (b) any <u>other officer or employee designated by the head of the branch, department, agency, or instrumentality of the United States or of the District of Columbia as the party upon whom service of the notice of levy may be made</u>. If the head of such branch, department, agency or instrumentality designates an officer or employee other than one who has control of the payment of the wages, as the party upon whom service of the notice of levy may be made, such head shall promptly notify the Commissioner of the name and address of each officer or employee so designated and the scope or extent of his authority as such designee.
> (ii) *State and municipal employees.* <u>Accrued salaries, wages, or other compensation of any officer, employee, or elected or appointed official of a State or Territory, or of any agency, Instrumentality, or political subdivision</u> thereof, are also subject to levy to enforce collection of any Federal tax.  *[Emphasis added]*

This particular section published in the Federal Register has not been amended in the Federal Register and still is binding upon the parties to which it has application, being only the Federal and State employees/agencies as clearly delineated in 32 FR 15288 – 32 152289 of 1967. This is further evidenced by the specific identity of the type of rule/regulation being 26 CFR Part 301 precluding any *general application and legal effect, general application* and *substantive regulation having the force and effect of law* upon the general public.

There have no *Part 1 substantive regulations for Individual Income Tax,* to date,

ever been published in the Federal Register, i.e. substantive regulations as required to be published in the Federal Register 67 FR 69673-69688 (2002) of 26 CFR § 601.702 of 552(a)(1) at 67 FR 69675 being **Attachment C**.

In 1967 there was a transfer of the IRS to the ATF: the functions associated with enforced collection of delinquencies of the special [occupational] tax, the domestic excise tax on distilled spirits, wine, malt beverages, tobacco products, cigarette papers and tubes, and the firearms tax imposed by subtitle E of the Internal Revenue Code. Further more, certain procedural administrative rules are being adopted from IRS regulation in 26 CFR 301 to ATF regulations in 27 CFR part 70. As an Offer of proof that the source of the 27 CFR part 70 was adopted from 26 CFR 301 being the *excerpt* of the Federal Register filed on November 14, 1990 at 55 FR 47604 - 47605 being **Attachment E.**

It is clearly evidenced by the Federal Register publications that the Notice of Federal Tax Lien precluded the general public, *general applicability and legal effect, general applicability* and is accord for use *only for federal employees, agencies and state employees and agencies*.

This is irrefutable evidence that the Notices of Federal Tax Lien filed against the Hymes and this instant Case is Fraud upon the Court and criminal in nature of false securities at a minimum.

*Therefore*, this instant Case should be dismissed with prejudice.

*And further*, this instant Case, if not dismissed with prejudice and the foreclosure on the Hymes' property is not stayed by this court, should have Conclusions of Law and Findings of Fact that will assist the Circuit Court of the United States for the 9th Circuit with the Motion to Stay that will be filed by the Hymes.

*My Hand*

My Hand,

*[signature]*

### Certification

This document and said attachments have been mailed first class via USPS to the following parties, to wit:

Nelson P. Cohen
United States Attorney
District of Alaska
Federal Bldg. & U.S. Courthouse
101 12th Avenue, Box 2
Fairbanks, Alaska 99701

Jennifer D. Auchterlonie
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683

Date: May 06, 2008
Rita MariNa Hymes

*[signature]*