# ATTACHMENT

2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>DONALD L. HYMES; RITA M. HYMES; AURORA TRUST, ZENA D. HYMES AND CHARLA HYMES TRUSTEES; SUNSHINE TRUST, RITA M. HYMES, TRUSTEE; ZENA D. HYMES; CHARLA HYMES; AND FAIRBANKS NORTH STAR BOROUGH,<br><br>      Defendants. | Case 3:05-cv-0123 RRB<br><br><u>**ORDER REGARDING**</u><br><u>**PENDING MOTIONS**</u> |

      Before the Court, at **Docket 175**, are Defendants with a Motion for Expedited Consideration for Stay of Execution of Order of Foreclosure and Judicial Sale, which Order was entered at **Docket 171**. Defendants also filed a Motion to Vacate Judgment at **Docket 172**. The Court previously granted the Motion for Expedited Consideration and ordered Plaintiff to respond. Plaintiff's opposition to **Docket 172** was filed at **Docket 177**. Defendants then filed Amended Motions to Vacate Judgment at **Dockets 178, 182,** and

ORDER REGARDING PENDING MOTIONS - 1
3:05-CV-0123 RRB

Attachment 2 - page 1 of 3

**186**, which Plaintiff opposed at **Docket 191**. Defendants then filed an extensive reply at **Docket 194** in which they challenge, among other things, the legality of requiring them to file and sign income tax returns.

Contrary to Defendants' arguments, this Court does have jurisdiction over this matter and Defendants are required to file income tax returns (26 U.S.C. § 6012) and sign them under penalty of perjury (26 U.S.C. § 6065). This is clear and well established law. And, the United States of America is the real party-in-interest. Therefore, Defendants' Motion to Vacate Judgment at **Docket 172** and Amended Motions to Vacate Judgment at **Dockets 178, 182,** and **186** are hereby **DENIED**. The Judgment previously entered will not be vacated.

The Court, however, is somewhat sympathetic to Defendants' position for, although they are solely responsible for their dilemma, they are long-time Alaskans who appear to have deceived themselves and who are confronting the loss of the home they have lived in for years. The Court will therefore grant a limited stay of the foreclosure action until **12:00 MIDNIGHT on JULY 7, 2008,** to permit Defendants to present this matter to the Court of Appeals. Because this Court can see no merit to Defendants' position, it cannot, in good conscience, extend the

stay beyond sixty (60) days without a full bond and satisfaction of the other conditions that are mentioned by the Government in its responsive memorandum at **Docket 177**. If the Defendants can convince the Court of Appeals that there is merit to their position, then that body can extend the stay longer, if it wishes, but such relief must be specifically requested of the Court of Appeals. Absent any such stay, the foreclosure may proceed beginning **JULY 8, 2008**.

Defendants' Motions to Vacate Judgment at **Dockets 172, 178, 182,** and **186** are hereby **DENIED**. Defendants' Motion for Stay at **Docket 175** is **GRANTED IN PART** and **DENIED IN PART** as set forth above.

**IT IS SO ORDERED.**

ENTERED this 1st day of May, 2008.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE