# ATTACHMENT

5

NELSON P. COHEN
United States Attorney
District of Alaska
Federal Bldg. & U.S. Courthouse
101 12th Avenue, Box 2
Fairbanks, Alaska 99701
Telephone: (907) 456-0245

JENNIFER D. AUCHTERLONIE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 514-9593
Facsimile: (202) 307-0054
Email: Jennifer.D.Auchterlonie@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DONALD L. HYMES; RITA M. HYMES; ) <br> AURORA TRUST, ZENA D. HYMES ) <br> AND CHARLA HYMES TRUSTEES; ) <br> SUNSHINE TRUST, RITA M. HYMES ) <br> TRUSTEE; ZENA D. HYMES; CHARLA ) <br> HYMES; AND FAIRBANKS NORTH ) <br> STAR BOROUGH ) <br> ) <br> Defendants. ) <br> ) <br> _____) | Civil No. A05-0123 CV (RRB) <br><br> UNITED STATES' RESPONSE TO DEFENDANTS' MOTIONS FOR RECONSIDERATION AT DOCKET NOS. 199 AND 200 |

The United States of America, by and through its undersigned counsel, hereby submits

this response in opposition to the motions filed by defendants at Docket Nos. 199 and 200,

**Attachment 5 - page 1 of 6**

- 2 -

captioned "Motion to Reconsider, Clarification with Findings of Conclusions of Law and Finding of Facts and Additional Evidence." The United States notes at the outset that the two motions appear to be virtually identical, except that one motion seeks expedited consideration by the Court, which the Court has already granted. Thus, the only issues remaining in the two motions appear identical and only one response is necessary.

The United States further notes at the outset that defendants' motions are almost entirely unintelligible, patently frivolous, and generally raise only shopworn arguments characteristic of frivolous tax-protestor rhetoric that has been universally rejected by this and other courts. As the Court of Appeals for the Fifth Circuit has aptly stated, there is "no need to refute [such] arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." *Crain v. Commissioner*, 737 F.2d 1417, 1417 (5th Cir. 1984). As defendants have already filed numerous frivolous motions in this matter which raise no legitimate issue of fact or law, the United States respectfully requests that the Court prohibit the defendants from filing further motions in this matter without obtaining prior leave of Court. In the alternative, the United States respectfully requests that the Court order defendant to pay the United States' costs and fees incurred in responding to any further frivolous motions filed by defendants herein.

Although not altogether clear, defendants appear to advance two main points in their motions at Dkt. Nos. 199 and 200: one point seeking dismissal of this action and a second point seeking further findings of fact and conclusions of law from the Court. As set forth below, defendants' motions are without any basis in fact or law and should be denied.

**Attachment 5 - page 2 of 6**

- 3 -

First, defendants seek dismissal of this action because, according to defendants, Notices of Federal Tax Lien such as those filed against defendants' property, are only for use against state and federal agencies and employees. Dkt. # 199, p. 8; Dkt. # 200, p. 8. The argument set forth by defendants in support of their motion on this point is entirely incomprehensible. There is no legal authority in existence that establishes that Notices of Federal Tax Lien are limited in use in the manner described by defendants. Section 6321 of the Internal Revenue Code, 26 U.S.C., provides as follows:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

Thus, the federal tax lien arises against the property of all taxpayers who neglect or refuse to pay their tax liabilities, and is not limited to state or federal agencies or employees. This lien arises as of the date of assessment and continues until the tax liability is extinguished. 26 U.S.C. § 6322. Although the federal tax lien is effective against the taxpayer without the filing of a notice of lien, *see* 26 U.S.C. § 6323(a), the procedure for filing such a notice is set forth in 26 U.S.C. § 6323(f). Nowhere in the Internal Revenue Code, the accompanying Treasury Regulations, or in the case law is there any provision that limits the type of taxpayer subject to a Notice of Federal Tax Lien for unpaid income taxes.

Second, defendants complain that the Court has not made sufficient findings of fact and conclusions of law in its Order at Docket No. 198. Dkt. # 199, pp. 2, 9; Dkt. # 200, pp. 1, 8. However, the portion of the Order quoted by defendants establishes that defendants' allegation

**Attachment 5 - page3 of 6**

- 4 -

on this point is incorrect. Defendants quote the Court's Order as follows:

> Contrary to Defendants' arguments, this Court does have jurisdiction over this matter and Defendants are required to [1] *file income tax returns (26 U.S.C. § 6012) and* [2] *sign them under penalty of perjury (26 U.S.C. § 6065).* This is clear and well established law. And, the [3] *United States of America is the real party-in-interest.*

Contained within that quotation are the findings of fact and conclusions of law made by the Court in that Order. The Court concluded as a matter of law that defendants are required to file tax returns signed under penalty of perjury, and cited the federal statutes that support that conclusion. The Court also found as a matter of fact that the plaintiff in this matter is the United States of America. It is beyond question that that is a true statement, and the parties need look no further than the caption on every document filed in this case to verify that statement. Moreover, the jurisdictional basis for this action is part of the record herein, as set forth by the United States its complaint and repeated in its briefing in opposition to defendants' many motions to dismiss filed in this matter, and as adopted by the Court in its orders denying those motions to dismiss. Thus, the reasons for the Court's actions herein are plainly set forth in the record of this case and as such, can be reviewed by the Court of Appeals.

Accordingly, defendants' motions at Docket Nos. 199 and 200 are entirely lacking in any legal or factual support and should be denied.

WHEREFORE, based on the foregoing, the United States respectfully requests that the Court deny defendants' motions at Docket Nos. 199 and 200. As noted above, the United States further respectfully requests that the Court order that defendants are prohibited from filing further motions in this matter without obtaining prior leave of Court, or, in the alternative, that

**Attachment 5 - page 4 of 6**

- 5 -

defendants are required to pay the United States' costs and fees incurred in responding to any further frivolous motions filed by defendants herein.

Dated this 13th day of May, 2008.

                                          Respectfully Submitted,

                                          NELSON P. COHEN
                                          United States Attorney


                                          s/ Jennifer D. Auchterlonie
                                          JENNIFER D. AUCHTERLONIE
                                          Trial Attorney, Tax Division
                                          U.S. Department of Justice
                                          P.O. Box 683
                                          Ben Franklin Station
                                          Washington, D.C. 20044-0683

**Attachment 5 - page 5 of 6**

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2008, a copy of the foregoing UNITED STATES'

RESPONSE TO DEFENDANTS' MOTIONS FOR RECONSIDERATION AT DOCKET NOS.

199 AND 200 was served by regular U.S. mail on the following parties:

```
Donald L. Hymes           Rita M. Hymes
2340 Ravenwood            2340 Ravenwood
Fairbanks, Alaska 99709   Fairbanks, Alaska 99709
```

s/ Jennifer D. Auchterlonie
JENNIFER D. AUCHTERLONIE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-9593
Email: Jennifer.D.Auchterlonie@usdoj.gov