# ATTACHMENT

6



Rita MariNa Hymes
Donald Louis Hymes
2340 Ravenwood
Fairbanks, Alaska [99709]
907-479-6922

APR 2 3 2008

CLERK, U.S. DISTRICT COURT
FAIRBANKS, AK

The United States of America

The United States

District Court of the United States

District of Alaska

UNITED STATES OF AMERICA

*Plaintiff*
**v.**

**Rita M. Hymes, personal capacity**
**Donald L. Hymes, personal capacity;**
*Defendants*

**Reply and Opposition to Docket 191**

Come now Rita MariNa Hymes and Donald Louis Hymes ("the Hymes") with this Reply and Opposition to Docket 191 per ORDER at Docket 193 under the law of necessity Pleading into a territorial (legislative, but not Article I) court with all previous public record attachments and affidavits incorporated of which this court shall take judicial Notice, being the United States District Court ("USDC").

And further, giving judicial Notice to Beistline that the Hymes have filed their Pleading *only* into a District Court of the United States arising under Article III of the Federal Constitution in all Cases in Law and Equity exercising the judicial Power of the United States under the Authority of the United States being only a constitutional court.

JENNIFER D. AUCHTERLONIE ("Auchterlonie") presumes that the Hymes are blinded by the glare of Auchterlonie hubris being *"That there may be no Treasury Regulation*



*requiring returns to be signed under penalties of perjury is irrelevant* because the *Internal Revenue Code plainly requires it in Section 6065*."

Auchterlonie erroneously conflated preclusion of law of these mandatory "Acts of Congress" and of the Federal Register to publish all documents that have *general applicability and legal effect i.e. substantive regulations* with Auchterlonie's *ipse dixit* pontifications of *Treasury Regulations are irrelevant.* This provides great clarification and meaning to Auchterlonie's continual evasion of all discovery of the Hymes to protect her illegal, unlawful and fraudulent actions by stating: "contains argumentative, scandalous, indecent, and impertinent matter calculated to annoy, *embarrass*, and *oppress the United States in the eyes of the Court*, the *ultimate fact finder* at the trial of this matter, the *news media* and *the public*, all in violation of the principles expressed in the Federal Rules of Civil Procedure 7(b)(2), 11, 12(f) and 26."

In 1935 at 49 Stat. 500 there an Act of Congress was enacted, known as the "Federal Register Act"; and as to the contents therein of 49 Stat. 500 *et seq.*, the Hymes provide as an Offer of Proof, being **Attachment A** – 49 Stat. 500 – Federal Register Act of 1935. This excerpt is required to expose the unlawful and illegal *ipse dixit* pontifications of UNITED STATES OF AMERICA to wit:

> **SEC. 4.** As used in this Act, unless the context otherwise requires, the term "document" means any Presidential proclamation or Executive order and any order, regulation, rule, certificate, code of fair competition, license, notice, or similar instrument issued, prescribed, or promulgated by a Federal agency; the terms "Federal agency" or "agency" mean the President of the United States, or any executive department, independent board, establishment, bureau, agency, institution, commission, or separate office of the administrative branch of the Government of the United States but not the legislative or judicial branches of the Government; and the term" person" means any individual, partnership, association, or corporation.
>
> **SEC. 5.** (a) *There shall be published in the Federal Register* (1) *all Presidential proclamations and Executive orders, except such as have no general applicability and legal effect or are effective only against Federal agencies or persons in their capacity as officers, agents, or employees thereof* (2) such documents or classes of *documents as the President shall determine from time to time have general applicability and legal effect*; and (3) *such documents or classes of documents as may be required so to be published by Act of the Congress*: Provided, That for

the purposes of this Act *every document or order which shall prescribe a penalty shall be deemed to have general applicability and legal effect*.

(b) In addition to the foregoing there shall also be published in the Federal Register *such other documents or classes of documents as may be authorized to be published pursuant hereto by regulations prescribed hereunder with the approval of the President*, but in no case shall comments or news items of any character whatsoever be authorized to be published in the Federal Register.

SEC. 6. There is established a permanent Administrative Committee of three members consisting of the Archivist or Acting Archivist, who shall be chairman, *an officer of the Department of Justice designated by the Attorney General*, and the Public Printer or Acting Public Printer. The Director of the Division shall act as secretary of the committee. *The committee shall prescribe, with the approval of the President, regulations for carrying out the provisions of this Act*. Such regulations shall provide, among other things: (a) The manner of certification of copies required to be certified under section 2, which certification may be permitted to be based upon confirmed communications from outside of the District of Columbia; (b) the documents which shall be authorized pursuant to section 5 (b) to be published in the Federal Register; (c) the manner and form in which the Federal Register shall be printed, reprinted, compiled, indexed, bound, and distributed; (d) the number of copies of the Federal Register, which shall be printed, reprinted, and compiled, the number which shall be distributed without charge to Members of Congress, officers and employees of the United States, or any Federal agency for their official use, and the number which shall be available for distribution to the public; and (e) the prices to be charged for individual copies of, and subscriptions to, the Federal Register and reprints and bound volumes thereof. *[Emphasis added]*

This excerpt is exceptionally important as: "There *shall be published in the Federal Register . . . all Presidential proclamations and Executive orders . . . such documents or classes of documents as may be required so to be published by Act of the Congress* . . . every document or order *which shall prescribe a penalty shall be deemed to have general applicability and legal effect*."

In an Act of Congress "To amend certain titles of the United States Code, and for other purposes" starting at 65 Stat. 710 of October 31, 1951, the Hymes provide as an Offer of Proof of the delegation authority of the President of the United States any function which is vested in the President by law, or function which such officer is required or authorized by to perform with such designation and authorization shall be published in the Federal Register evidenced by the excerpt of 65 Stat. 710-713 and 730, being **Attachment B**.

The relevant parts referenced in Executive Order 10530 by Dwight D. Eisenhower, The White House, May 10, 1954 of section 301 of title 3 of the United States Code (65 Stat 713)

wherein the Executive Order *shall be published in the Federal Register* of **Attachment B**, to

wit:

"§ 301. **General authorization to delegate functions; publication of delegations** "*The President of the United States is authorized to designate and empower the head of any department or agency in the executive branch, or any official thereof who is required to be appointed by and with the advice and consent of the Senate, to perform without approval, ratification, or other action by the President* (1) *any function which is vested in the President by law,* or (2) *any function which such officer is required or authorized by law to perform only with or subject to the approval, ratification, or other action of the President: Provided,* That nothing contained herein shall relieve the President of his responsibility in office for the acts of any such head or other official designated by him to perform such functions. Such designation and authorization shall be in writing, *shall be published in the Federal Register,* shall be subject to such terms, conditions, and limitations as the President may deem advisable, and shall be revocable at any time by the President in whole or in part.

And further, in the public record Executive Order 10530 by Dwight D. Eisenhower, The

White House, May 10, 1954, was so published in the Federal Register at 19 FR 2709-2712 and

the Hymes, as an Offer of Proof of said Federal Register provide **Attachment C.**

Contained in 19 FR 2709-2712, being **Attachment C**, at 19 FR 2712 so published is the

following excerpt of Section 6, to wit:

PART V.   THE ATTORNEY GENERAL AND THE ADMINISTRATOR OF GENERAL SERVICES

SEC. 6. *The Attorney General* and the Administrator of General Services are hereby *designated and empowered jointly to perform the following-described functions without the approval, ratification, or other action of the President*:

(a) The authority vested in the President by section 5(a) of the act of July 26, 1935, ch. 417, 49 Stat. 501, as amended (44 U. S. C. 305(a)), *to determine from time to time the documents or classes of documents having general applicability and legal effect*.

(b) The authority vested in the President by sections 6, 11(a), and 11(f) of said act, as amended (44 U. S. C. 306; 311(a); and 311(f)), to approve (or disapprove), respectively, (1) regulations, prescribed by the Administrative Committee of the Federal Register, for carrying out the provisions of that act (including the regulations referred to in section 5(b) of the act, authorizing publication in the FEDERAL REGISTER of certain documents or classes of documents), (2) actions of the Administrative Committee of the Federal Register requiring, from time to time, the preparation and publication in special or supplemental editions of the FEDERAL REGISTER of complete codifications of the documents, described in the said section 11(a), of each agency of the Government, and (3) regulations, prescribed by the Administrative Committee of the Federal Register, for carrying out the provisions of section 11 of the said act, as amended.

In the Federal Register 19 FR 2712 Section 6 is conclusive and legal evidence of the

delegation of the President of the United States to the Attorney General and the Administrator of

**Reply and Opposition to Docket 191**      Page 4 of 44   **Attachment 6 – page 4 of 44**

General Service jointly "*to determine from time to time the documents or classes of documents having general applicability and legal effect*."

### Income
### 26 U.S.C. § 861
**26 CFR § 1.861-8 – Computation of taxable income from sources within the United States and from other sources and activities.**

Regulation 26 CFR § 1.861-8 has *general applicability and legal effect* and this is validated by

It is unconstitutional to have the Attorney General and the Administrator of General Services to *censor, withhold and/or screen the documents that have general applicability and legal effect*. This establishes the Attorney General and the Administrator of General Services as *DICTATORS*. In a constitutional Republic there are three different branches of government as pronounced in *Martin v. Hunter's Lessee*, 14 U.S. 304, 329 (1816): "The object of the constitution is to establish three great departments of government: the legislative, the executive, and the judicial department. The *first was to pass laws*, the *second to approve and execute them*, and the *third expound and enforce them*." Only the Courts of the United States arising under Article III are empowered to declare a "Law of the United States" unconstitutional or parts there once passed by Congress.

It is w*ell settled law that only the judicial department declares the law* as held and pronounced in the adjudged decision of the Supreme Court of the United States in *Marbury v. Madison*, 1 Cranch 137, 177 (1803) "(i)t is emphatically the province and duty of the judicial department to say what the law is." See also *United States v. Morrison*, 529 U.S. 598, 607 (2000); *Plaut v. Spendthrift Farm, Inc*, 514 U.S. 211, 211 (1995); *Harper v. Virginia Dept. of Taxation*, 509 U.S. 86, 107 (1993).

Here, in 19 FR 2712 section 6, the *Attorney General*, being in the Executive Branch of Government, *not only prosecutes people under the statutory authority of the documents having general applicability and legal effect published in the Federal Register*, but also the very same *Attorney General does "determine from time to time the documents or classes of documents having general applicability and legal effect" that WILL or WILL NOT be published in the Federal Register*.

The Federal Register Act of 1935 at 49 Stat. 500 *et seq.*, 65 Stat. 710 of October 31, 1951, the Executive Order 10530 by Dwight D. Eisenhower  and 19 FR 2712 are unconstitutional.

The Federal Register Act of 1935 at 49 Stat. 500 *et seq.* was first published (**Attachment D)** in the Federal Register at 2 FR 2454-2456 November 12, 1937 with  the text contained therein specifically including, but not limited to the definitions of "document", "Federal agency", "agency" mean "the President of the United States", etc in Section 4; and, in Section 5 "(2) such documents or classes of documents as the President shall determine from time to time have *general applicability and legal effect*;" and "(3) such documents or classes of documents as many be required so to be published by Act of the Congress."

### 1 CFR § 1.1 - Definitions

Currently in the Federal Register, as evidenced by the Offer of Proof in **Attachment E,** published in FR 37 FR 23602-26614, November 4, 1972 in 1 CFR § 1.1 – Definitions at 37 FR 23604 including but not limited to Documents *having general and legal effect*, to wit:

*Agency means each authority*, whether or not within or subject to review by another agency, *of the United States,* other than the Congress, the courts, the District of Columbia, the Commonwealth of Puerto Rico, and the territories and possessions of the United States;

Document includes any Presidential proclamation or Executive order, and any rule, regulation,

order, certificate, code of fair competition, license, notice, or similar instrument issued, prescribed, or *promulgated by an agency*

*Document having general applicability and legal effect means any document issued under proper authority* prescribing a *penalty or course of conduct, conferring a right, privilege, authority, or immunity, or imposing an obligation, and relevant or applicable to the general public, members of a class,* or persons in a locality, as distinguished from named individuals or organizations; and *[Emphasis added]*

## Cases under 1 CFR 1.1

In *United States v. Mowat*, 582 F.2d 1194, 1199 (9th Cir. 1978) pronounces that the Navy, having subscribed to "Substantive rules of general applicability adopted as authorized by law" (same words in 5 U.S.C. § 551(a)(1)(D) by the IRS),  gives legal effect to documents defined in 1 CFR § 1.1 as having general applicability and legal effect.

In *Wiggins Brothers, Inc. v. Dept. of Energy*, 667 F.2d 77, 89 (Temp. Emer. Ct. App. 1981) failure to publish in the CFRs "may be important in the proceedings to impose criminal penalties bases on criminal conduct."

In *Walton v. United States*, 184 F.Supp.2d 773, 776 (D.C. N.D Ill 2002) pronounces that "Acts of Congress" are precluded from 1 CFR § 1.1, but it does not preclude agencies such as the IRS from Documents having general applicability and legal effect.

### 1 CFR § 5.2 – Documents required to be filed for Public Inspection and Published

Currently in the Federal Register, as evidenced by the Offer of Proof in **Attachment E**, published in FR 37 FR 23602-26614, November 4, 1972 in 1 CFR § 5.2 – Documents required to be filed for public inspection and published in the Federal Register at 37 FR 23604 of documents required to be published by act of Congress and documents having general applicability and legal effect, to wit:

*The following documents are required to be filed for public inspection* with the Office of the Federal Register and published in the Federal Register:

(a) Presidential proclamations and Executive orders in the numbered series, and each other document that the President submits for publication or orders to be published.

(b) *Each document or class of documents required to be published by act of Congress.*

(c) *Each document having general applicability and legal effect.* *[Emphasis added]*

## 1 CFR § 8.1 – Policy

Currently in the Federal Register, as evidenced by the Offer of Proof in **Attachment E**, published in FR 37 FR 23602-26614, November 4, 1972 in 1 CFR § 8.1 – Policy at 37 FR 23605 under Chapter 15 of the Federal Register and Code of Federal Regulations of Title 44 of the United States Code the Director of the Federal Register *shall publish* * * * *[the] "Code of Federal Regulations", to contain each Federal regulations of general applicability and legal effect."*, to wit:

(a) Pursuant to Chapter 15 of Title 44, United States Code, the Director of the Federal Register shall publish periodically a special edition of the Federal Register to present a compact and practical code called the **"Code of Federal Regulations"**, *to contain each Federal regulation of general applicability and legal effect.*

(b) The Administrative Committee intends that every practical means be used to keep the Code *as current and readily usable as possible*, within limitations imposed by dependability and reasonable costs. *[Emphasis added]*

## Cases on 1 CFR § 8.1

In *Brock v. Cathedral Bluffs Shale Oil Co. et al.*, 796 F.2d 533, 538, 539, citing *Brennan v. Ace hardware Corp.*, 495 F.2d 368, 376 (8th Cir. 1974), to wit:

*Failure to publish in the Federal Register is indication that the statement in question was not meant to be a regulation, see \*539 Brennan v. Ace Hardware Corp., 495 F.2d 368, 376 (8th Cir.1974), since the Administrative Procedure Act requires regulations to be so published. See 5 U.S.C. §§ 552(a)(1)(D)*, 553(d) (1982).

*Ibid in Brock at 538* clearly defines that regulations "having general applicability and legal effect" shall be published, to wit:

The real dividing point between regulations and general statements of policy is publication in the Code of Federal Regulations, which the statute authorizes to contain only documents *"having general applicability and legal effect,"* 44 U.S.C. § 1510 (1982) (emphasis added), **and which the governing regulations provide shall contain only** *"each Federal regulation of general applicability and current or future effect," 1 C.F.R. § 8.1 (1986) [Emphasis added]*

In *Richardson v. Bank of America*, 643 S.E.2d 410, 419, 420 (Ct App. N.C. 2007) citing 1 CFR § 8.1 (a) and *Brock v. Cathedral Bluffs Shale Oil Co. et al.*, 796 F.2d 533, 539 comes to the conclusion if there is no regulation published having "general applicability and legal effect" in the CFRs, i.e. the Federal Register ". . . ___therefore never had the force of law___."

In *American Portland Cement Alliance v. Environ. Protection Agency*, 101 F.3d 772 (U.S. Ct. Appeals, D.C. 1996) was in accord with and citing *Brock v. Cathedral Bluffs Shale Oil Co. et al.*, 796 F.2d 533, 538, 539, *supra*.

In the Act of Congress codified at 44 U.S.C. § 1505(a) it states "**There shall be published in the Federal Register**", to wit:

> **(1)** Presidential proclamations and Executive orders, except those not having general applicability and legal effect or effective only against Federal agencies or persons in their capacity as officers, agents, or employees thereof;
>
> **(2) documents or classes of documents that the President may determine from time to time have *general applicability and legal effect*; and**
>
> **(3)** *documents or classes of documents that may be required so to be published by Act of Congress. [Emphasis added]*

In Act of Congress codified at 44 U.S.C. § 1510 preparing from time to time special editions of "**documents of each agency of the Government having general applicability and legal effect**" relied upon by an agency to the discharge of its activities or functions, to wit:

> **(a)** The Administrative Committee of the Federal Register, ___with the approval of the President___, may require, from time to time as it considers necessary, the preparation and publication in special or supplemental editions of the Federal Register of complete codifications of ___the documents of each agency of the Government having general applicability and legal effect, issued or promulgated by the agency by publication in the Federal Register___ or by filing with the Administrative Committee, and ___are relied upon by the agency as authority for, or are invoked or used by it in the discharge of, its activities or functions___, and are in effect as to facts arising on or after dates specified by the Administrative Committee. *[Emphasis added]*

### Congress Mandates Agencies to Publish in the Federal Register Substantive Rules of General Applicability adopted as Authorized by law and Policies of General Applicability

Congress mandates to agencies to publish in the Federal Register *by law substantive*

*rules of general applicability* so the public has timely notice and the most important of the

regulations are the substantive rules in 5 U.S.C. § 552(a)(1)(D) and if not so published a person's

rights can't be affected, to wit:

> (D) *substantive rules of general applicability adopted as authorized by law*, and statements of general policy or interpretations of *general applicability formulated and adopted by the agency*; and
> (E) each amendment, revision, or repeal of the foregoing.
>
> *Except to the extent that a person has actual and timely notice of the terms thereof, a person may not in any manner be required to resort to, or be adversely affected by, a matter required to be published in the Federal Register and not so published. [Emphasis added]*

The Internal Revenue Service has acknowledged and accepted this mandate of Congress

to publish *substantive rules of general applicability* *authorized by law* of 5 U.S.C. §

552(a)(1)(D) in 26 CFR § 601.702(a) and as published in the Federal Register the Petitioner as

an Offer of Proof being **Attachment F** – 67 FR 69673-69688 (2002) of 26 CFR § 601.702 of

552(a)(1) "various substantive regulations under the Internal Revenue Code of 1986), such as

various substantive regulations in part 1 (Individual Income Regulations)"; and, "part 20 of this

chapter (Estate Tax Regulations)," and "part 31 of this chapter (Employment Tax Regulations)"

with the republishing of 26 CFR § 601.702 starting at 67 FR 69675.

Important excerpts of this Offer of Proof being **Attachment F** include, but not limited to

67 FR 69675 *et seq.* of 26 CFR § 601.702 are, to wit:

> **Authority:** 5 U.S.C. 301 and 552.
> **§ 601.701 [Removed]**
> **Par. 2.** Section 601.701 is removed.
> **Par. 3.** Section 601.702 is revised to read as follows:
> **§ 601.702 Publication, public inspection,**
> **and specific requests for records.**
> (a) *Publication in the* Federal
> Register—(1) *Requirement.* (i) Subject to the application of the exemptions and exclusions described in the Freedom of Information Act, 5 U.S.C. 552(b) and (c), and subject to the limitations provided in paragraph (a)(2) of this section, *the IRS is required under 5 U.S.C. 552(a)(1), to state separately and publish currently in the* Federal Register *for the guidance of the public the following information*      (A) Descriptions of its central and field organization and the established places at which, the persons from whom, and the methods whereby, the public may obtain information, make submittals or requests, or obtain decisions, from the IRS;
> (B) Statement of the general course and method by which its functions are channeled and determined, including the nature and requirements of all formal and informal procedures which are

available;

(C) *Rules of procedure,* descriptions of forms available or the places at which forms may be obtained, and instructions as to the scope and contents of all papers, reports, or examinations;

(D) *Substantive rules of general applicability adopted as authorized by law,* and statements of general policy or interpretations of general applicability formulated and adopted by the IRS; and

(E) Each amendment, revision, or repeal of matters referred to in paragraphs (a)(1)(i)(A) through (D) of this section.

(ii) Pursuant to the foregoing requirements, the Commissioner publishes in the **Federal Register** from time to time a statement, which is not codified in this chapter, on the organization and functions of the IRS, and such amendments as are needed to keep the statement on a current basis. In addition, ***there are published in the*** Federal Register the rules set forth in this ***part 601 (Statement of Procedural Rules),*** such as those in paragraph E of this section, relating to conference and practice requirements of the IRS; ***the regulations in part 301 of this chapter (Procedure and Administration Regulations);*** and the ***various substantive regulations*** under the Internal Revenue Code of 1986, ***such as the regulations in part 1 of this chapter (Income Tax Regulations),*** in part 20 of this chapter (**Estate Tax Regulations**), and in part 31 of this chapter (**Employment Tax Regulations**).

(2) *Limitations.* (i) *Incorporation by reference in the* **Federal Register.** Matter which is reasonably available to the class of persons affected thereby, whether in a private or public publication, shall be deemed published in the **Federal Register** for purposes of paragraph (a)(1) of this section when it is incorporated by reference therein with the approval of the Director of the Office of the Federal Register. The matter which is incorporated by reference must be set forth in the private or public publication substantially in its entirety and not merely summarized or printed as a synopsis. Matter, the location and scope of which are familiar to only a few persons having a special working knowledge of the activities of the IRS, may not be incorporated in the **Federal Register** by reference. Matter may be incorporated by reference in the **Federal Register** only pursuant to the provisions of 5 U.S.C. 552(a)(1) and 1 CFR part 20.

(ii) ***Effect of failure to publish.*** Except to the extent that a person ***has actual and timely notice of the terms of any matter referred to in paragraph (a)(1) of this section which is required to be published in the*** Federal Register, ***such person is not required in any manner to resort to, or be adversely affected by, such matter if it is not so published or is not incorporated by reference therein pursuant to paragraph (a)(2)(i) of this section.*** Thus, for example, ***any such matter which imposes an obligation and which is not so published or incorporated by reference shall not adversely change or affect a person's rights. [Emphasis added] [Note:*** "Federal Register" is bold in original.*]*

## Statutory Authority of Congress in 26 U.S.C. § 7805 for Regulations for IRS

Under the statutory authority of Congress in 26 U.S.C. § 7805 is the mandate to prescribe

*all needful rules and regulations* in relation to the internal revenue, to wit:

> **Authorization.**--Except where such authority is expressly given by this title to any person other than an officer or employee of the Treasury Department, *the Secretary shall prescribe all needful rules and regulations for the enforcement of this title,* including all rules and regulations as may be necessary by reason of any alteration of law in relation to internal revenue. [**Emphasis added**

In prescribing the rules and regulations for the administration of the internal revenue, the regulations must effectuate the will of Congress as expressed by statute.

The pronouncement by the Supreme Court of the United States in the adjudged decision

of *Dixon v. United States*, 381 U.S. 68, 74 (1965) is that a regulation can not alter a statute and

the statute must carry into the effect the will of congress expressed by the statute and if it does

not do this, it is a mere nullity, to wit:

> Indeed, long before the tax year here in question this Court had made it clear that 'The power of an
> administrative officer or board to administer a federal statute and to prescribe **rules and
> regulations to that end is not the power to make law * * * but the power to adopt regulations
> to carry into effect the will of Congress as expressed by the statute. A regulation which does
> not do this, but operates to create a rule out of harmony with the statute, is a mere nullity.**'
> Manhattan General Equipment Co. v. Commissioner of Internal Revenue, supra, 297 U.S. at 134,
> [FN7] 56 S.Ct. at 400.
>                                        * * *
> 'The statute defines the rights of the taxpayer and fixes a standard by which such rights are to be
> measured. The regulation constitutes only a step in the administrative process. It does not, and
> could not, *75 alter the statute. **[Emphasis added]**

See also *Lynch v. Tilden Produce Co.*, 265 U.S. 315, 320-322; *Manhattan General*

*Equipment Co. v. C.I.R.*, 297 U.S. 129, 134 (1936); *Guardians Ass'n v. Civil Service Com'n of*

*City of New York*, 463 U.S. 582, 616 (1983); *Ernst & Ernst*, 425 U.S. 185, 213 (1976); *U.S. v.*

*Larionoff*, 431 U.S. 864, 873 (1977); *Legal Environmental Assistance Foundation, Inc. v. U.S.*

*Environmental Protection Agency*, 118 F.3d 1467, 1473 (11 Cir. 1997).

In the adjudged decision of the *In re Managed Care Litigation*, 135 F.Supp.2d 1253,

1271 (11th Cir. 2001) *citing Dixon, supra. Ibid at 1271* and in *Managed Care at 1271, Stewart v.*

*Berstein*, 769 F.2d 1088, 1093 (5th Cir. 1985; "[T]he federal regulations can not themselves

create a cause of action; this is a job for the legislature"; "[N]o implied private right of action can

be found from regulations standing alone" citing *Sandoval v. Hagan*, 7 F.Supp.2d 1234, 1256

n.20 (N.D.Ala. 1998).

It seems quite clear that the statutory authority to promulgate regulations is posited in 26

U.S.C. § 7805 for the IRS; and, that the regulations must put into effect the will of Congress or

the regulation is a nullity.

## Court is to Assure that 26 U.S.C. § 7805 IRS Regulations
## Fall Within Congressional Mandate

The Court does not sit as a committee to perfect the administration of tax laws and the Court is only to assure that the Commission's regulation fall within its authority to implement the Congress's mandate; and, this is found in the adjudged decision of the Supreme Court in *United States v. Correll*, 389 U.S. 299, 306-307 (1967), to wit:

> But we do not sit as a committee of revision to *307 perfect the administration of the tax laws. Congress has **450 delegated to the Commissioner, not to the courts, the task of prescribing '*all needful rules and regulations for the enforcement*' of the Internal Revenue Code. 26 U.S.C. s 7805(a). In this area of limitless factual variations 'it is the province of Congress and the Commissioner, not the courts, to make the appropriate adjustments.' Commissioner v. Stidger, 386 U.S. 287, 296, 87 S.Ct. 1065, 1071, 18 L.Ed.2d 53. The rule of the judiciary in cases of this sort begins and ends with assuring that the Commissioner's regulations fall within his authority to implement the congressional mandate in some reasonable manner. [Emphasis added]

See *U.S. v. Carwright*, 411 U.S. 546, 550 (1973); *Bingler v. Johnson*, 394 U.S. 741, 749-751 (1969); *Bob Jones Univ. v. U.S. Goldsboro Christian Schools, Inc.*, 461 U.S. 574, 596 (1983).

In the adjudged decision of *United States v. Cleveland Indians Baseball Co.*, 532 U.S. 200 (2001) it was **held**, to wit:

> The Court does not **1436 sit as a committee of revision to perfect the administration of the tax laws. *United States v. Correll*, 389 U.S. 299, 306-307, 88 S.Ct. 445, 19 L.Ed.2d 537. Instead, it defers to the Commissioner's regulations as long as they implement the congressional mandate in a reasonable manner. *Id.*, at 307, 88 S.Ct. 445. [Emphasis added]

In the adjudged decision of the Supreme Court of the United States in *C.I.R. v. Portland Cement Co. of Utah*, 450 U.S. 156, 157 (1981) it was **held** "This Court customarily defers to Treasury Regulations that "implement the congressional mandate in some reasonable manner." *United States v. Correll*, 389 U.S. 299, 307, 88 S.Ct. 445, 450 (1967). See also *C.I.R. ibid at 169*.

In the adjudged decision of the Supreme Court of the United States in *National Muffler Dealers Assoc. Inc. v. United States*, 440 U.S. 472, 477-78 (1979) citing *Correll, supra.* and the Court also pronounced *at 477*, to wit:

> We do this because **"Congress has delegated to the [Secretary of the Treasury and his delegate, the] Commissioner [of Internal Revenue], not to the courts, the task of prescribing 'all needful rules and regulations for the enforcement' of the Internal Revenue Code. 26 U.S.C. ß 7805(a)."** *United States v. Correll*, 389 U.S., at 307, 88 S.Ct. at 449. That delegation helps ensure that in "this area of limitless factual variations," ibid., like cases will be treated alike. It also helps guarantee that the rules will be written by **"masters of the subject,"** *United States v. Moore*, 95 U.S. 760, 763, 24 L.Ed. 588, 589 (1878), who will be responsible for putting the rules into effect. **[Emphasis added]**

It seems quite clear that the Court does not sit as a committee to perfect the administration of the tax laws; and, the IRS is to promulgate regulations under the statutory authority of Congress; and, the Courts exercise review over the IRS actions.

### How are the Substantive Regulations Identified in the Code of Federal Regulations from the Other Types of Regulations

All of the ***substantive regulations*** promulgated under the statutory authority will have the word "***Authority***" at the bottom of the regulation, in the text of the regulation, or be listed in one of the three substantive regulation tables which are; (1) C.F.R. T. 26, Ch. I, Subch. A, Pt. 1; and, (2) C.F.R. T. 26, Ch. I, Subch. B, Pt. 20; and, (3) C.F.R. T. 26, Ch. I, Subch. C, Pt. 31; and for 301 type of regulation see table C.F.R. T. 26, Ch. I, Subch. F, Pt. 301; and all are under the general grant of 26 U.S.C. § 7805 ***and*** also with the specific statutory grant identified such as 26 U.S.C. § 6012. The word "Authority" will be contained only in parenthesis "( )" and not brackets "[ ]."

The CFRs of that require the statutory "Authority" citations of the Code are contained in 1 CFR § 21.40, 1 CFR § 21.52 and 1 CFR § 22.2 (in text or in parenthesis).

***There is NO Statutory Authority or Regulation in the CFRs or in the Federal Register of "general applicability and legal effect" to Authorize the IRS or Department of Justice for Penalties of Perjury Mandate of 26 U.S.C. § 6065, 26 CFR § 1.6065-1 or 26 CFR 1.6065-2T***

<u>with the Form 1040, OMB 1545-0074</u>

*The issue is that there is absolutely <u>no current substantive regulation, i.e. rule</u> under the statutory authority of 26 CFR § 6065 – Verification of Returns for the Form 1040 (OMB - 1545-0074), no <u>Federal Register</u> <u>published</u> mandated for "<u>general applicability and legal effect</u>" of <u>26 U.S.C. § 6065, 26 CFR 1.6065-1 and 1.6065-2T</u>.*

The IRS, the Prosecutor of the Department of Justice, being Auchterlonie, or others of her office (sic) and Judge Ralph Beistline are committing fraud of the highest level against the Hymes in this instant Case.

### Validation of the Code Authority of 26 U.S.C. § 6065 and Substantive Regulation of 26 CFR § 1.6065-1

### The Year of 1954

To establish the timeline and statutory authority, we must first go to the 1954 IRS Code to find the following, as evidenced by **Attachment G,** – this excerpt from the 1954 Code of 26 U.S.C. § 6065 and attached as an Offer of Proof, to wit:

**SEC. 6065. VERIFICATION OF RETURNS.**
(a) PENALTIES OF PERJURY.—Except as otherwise provided by the Secretary or his delegate, any return, declaration, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury.
(b) *OATH.*—The Secretary or his delegate may by regulations require that any return, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall be verified by an oath. *This subsection shall not apply to returns and declarations with respect to income taxes made by individuals. [Emphasis added]*

### The Year of 1960

In 1960 the substantive regulations under the statutory authority of 26 CFR § 6065 for 26 CFR § 1.6065-1 was published in the Federal Register as were all of the IRS regulations were republished in 1960 under T.D. 6500 and as an Offer of Proof being the excerpt **Attachment H -** 25 RR 11402, 25 FR 11421 and 25 FR 12132 (1960) with the 6065 section, to wit:

§ 1.6065 Statutory provisions; verification of returns.

**SEC. 6065.** *Verification of returns --*
*(a) Penalties of perjury.* Except as otherwise provided by the Secretary or his delegate, any return, declaration, statement, or other document *required to be made* under any provision of the *Internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury.*

**(b)** *Oath.* The Secretary or his delegate may by regulations require that any return, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall be verified by an oath. *This subsection shall not apply to returns and declaration with respect to income taxes made by individuals. [Emphasis added]*

### The Date of October 4, 1976

On October 4, 1976 the statutory authority for 26 U.S.C. § 6065(b) for the "Oath" was

removed by "*striking out,*" as evidenced by P.L. 94-455, title XIX, § 1906(a)(6),(b) and as an

Offer of Proof of 90 Stat. 1824, being **Attachment I**, to wit:

(6) Amendments of section 6065.--Section 6065
// 26 USC 6065. // (relating to verification of returns) is amended by *striking out subsection (b) (relating to verification by oath),* and by striking out in subsection (a) the following: "(a) Penalties of Perjury.—".

### The Date of October 18, 1976

The Unsworn Declaration of 28 U.S.C. § 1746 under P.L. just 14 days after the removal

of the "Oath" of 26 U.S.C. § 6065 was created.

There are two instances in the procedural regulation under 26 CFR 601.702 under the

statutory authority of 5 U.S.C. §§ 301 and 502 and for Subpart I under 39 U.S.C. 3220 for an

Unsworn Declaration of 28 U.S.C. § 1746, which is for requesting information, to wit:

26 CFR § 601.702(c)(5)(iii)(A)(3) The presentation in person or the submission by mail of a notarized statement, or a statement made under penalty of perjury in accordance with 28 U.S.C. 1746, swearing to or affirming such person's identity.
* * *
26 CFR § 601.702(5)(iii)(C) – A person requesting access to records of a partnership or a subchapter S Corporation shall provide a notarized statement, or a statement made under penalty of perjury in accordance with 28 U.S.C. 1746, that the requester was a member of the partnership or subchapter S corporation for a part of each of the years included in the request.

There are several instances of regulations in 28 CFRs with 28 U.S.C. § 9.4 for Petitions

for judicial forfeiture remission or mitigation of a judicial forfeiture addressed to the Attorney

General, but the statutory authority has nothing to do with Title 26 of the United States Code.

## 26 CFR § 1.6065-1 - 2008 – Current Date

The *once substantive regulation 26 CFR § 1.6065-1 published in* **Attachment H** - 25 FR 11402, 25 FR 11421 and 25 FR 12132 (1960) exists today but with no statutory authority and it is NOT listed in the current substantive regulation table of *C.F.R. T. 26, Ch. I, Subch. A, Pt. 1* (Individual Income Tax) and as an Offer of Proof being **Attachment J** of *C.F.R. T. 26, Ch. I, Subch. A, Pt. 1.*

And further, the current *26 CFR 1.6065-1* has no statutory "Authority" required by Congress at the bottom of the regulation either and as an Offer of Proof of same of 26 CFR 1.6065-1, being **Attachment K**.

At the bottom of the current 26 CFR § 1.6065-1 we find "[T.D. 6500, 25 FR 12108, Nov. 26, 1960] as evidenced by the Offer of Proof of **Attachment K** of 26 CFR § 1.6065-1.   Upon reverting back to the **Attachment H** - 25 FR 11402, 25 FR 11421 and 25 FR 12132 of 1960, the statutory authority not longer exists due to the change in 1976 evidenced by 90 Stat. 1824, being **Attachment I**.

And further, 26 CFR § 1.6065-1 has never been republished as a substantive regulation since 1960 and the current 26 CFR § 1.6065-1 fails to disclose any statutory authority to have "*general applicability and legal effect*" either in the substantive regulations table of **Attachment J** of *C.F.R. T. 26, Ch. I, Subch. A, Pt. 1.* or of **Attachment K** at the bottom of 26 CFR 1.6065-1.

The current 26 CFR § 1.6065-1 is shown as the authority in 26 CFR § 602.101 under the general requirement regulations and statutory authority of 26 U.S.C. § 7805 at the bottom of this very long regulations list in compliance with the PRA with the form identified as OMB 1545-

0123 for 26 CFR § 1.6065-1 and as an Offer of Proof the excerpt of 26 CFR § 602.101, being **Attachment L.** This Form OMB 1545-0123 for use with 26 CFR § 1.6065-1 is titled "U.S. Corporation Income Tax Return" and as an Offer of Proof of same, being **Attachment M.**

*26 CFR § 1.6065-1 is precluded from having general applicability and legal effect* as it is not published in the Federal Register as mandated, and also is precluded from being used with the Form 1040 with OMB 1545-0074 and the perjury statement at the bottom of the Form 1040 OMB 1545-0074.

### Regulations Such as 26 CFR 1.6065-1 are Invalidate
### if Statute Changes or In Conflict

As 26 U.S.C. § 6065(b) has been stricken in 1976 and there has been no republishing in the Federal Register for 26 CFR § 1.6065-1, this invalidates 26 CFR § 1.6065-1 therefore **flows *a fortiori* that *26 CFR § 1.6065-1 is precluded from general application and legal effect with the Form 1040 with OMB 1545-0074*.**

In the adjudged decision of *Scofield v. Lewis*, 251 F.2d 128, 132 (5th Cir. 1958) "A Regulation, valid when promulgated, becomes invalid upon the enactment of a statute in conflict with the Regulation." *Citing Miller v. United States*, 294 U.S. 435. See *Citizen's Nat. Bank of Waco v. United States*, 417 F.2d 675, 679 (5th Cir. 1969)

In the adjudged decision of *Smith v. C.I.R.*, 332 F.2d 671, 673 (9th Cir. 1964) "The Commissioner may not prescribe any regulations which are not consistent with the statute; or which may add a restriction to the statute which is not there."

In the adjudged decision of *National Life Acc. Ins. Co. v. United States*, 524 F.2d 559, 560 (6th Cir. 1975) "Nor may the Commissioner add a restriction to the statute which is not contained in the statues" *citing Smith v. C.I.R.*, 332 F.2d 671, 673 (9th Cir. 1964). *Ibid at 560*

"Finding as we do that this regulation is an attempt to extend the meaning of the statute, we hold that it is invalid."

In the adjudged decision of the Supreme Court of the United States, to wit:

*We recognize that this Court is not in the business of administering the tax laws of the Nation. Congress has delegated that task to the Secretary of the Treasury, 26 U.S.C. s 7805(a), and regulations promulgated under his authority, if found to 'implement the congressional mandate in some reasonable manner,' must be upheld. United States v. Correll, 389 U.S. 299, 307, 88 S.Ct. 445, 449, 19 L.Ed.2d 537 (1967). See Bingler v. Johnson, 394 U.S. 741, 749--751, 89 S.Ct. 1439, 1444, 22 L.Ed.2d 695 (1969); Commissioner v. South Texas Lumber Co., 333 U.S. 496, 501, 68 S.Ct. 695, 698, 92 L.Ed. 831 (1948). But that principle is to set the framework for judicial analysis; it does not displace it.*

### 26 CFR § 1.6065-2T — Current Date – A Fraud and Invalidate Also

Upon inspection of the most current substantive regulation table *C.F.R. T. 26, Ch. I, Subch. A, Pt. 1* - Part I for Individual Income Taxes we find that the only *purportedly* substantive regulation listed is *26 CFR 1.6065-2T*, which is a temporary substantive regulation as an Offer of Proof of same being the current substantive table **Attachment J** - *C.F.R. T. 26, Ch. I, Subch. A, Pt. 1.*

### 26 CFR § 1.6065-2T was Published in 1993 in 58 FR 68295

26 CFR § 1.6065-2T was first published as a temporary regulation, which the Hymes evidence as an Offer of Proof being **Attachment N** - 58 FR 68295 (TD 8510) on December 27, 1993 concerning only the issue of "TeleFile Voice Signature Test" and only for the two years of 1992 and 1993. See pages 4 and 5 of **Attachment N**.

### 26 CFR § 1.6065-2T was *Removed* July 18, 2000 in 65 FR 44437-44438

As an Offer of Proof in **Attachment O** - Federal Register of July 18, 2000 in 65 FR 44437-44438 clearly as published lists that 26 CFR § 1.6065-2T was removed "Because the temporary regulations applied only to 1992 and 1993 calendar year returns, the IRS has decided to remove them."

Therefore the current substantive regulation table being **Attachment J** of Treas. Reg. T. 26, Ch. I, Subch. A, Pt. 1 *is a fraud* concerning the listing of substantive regulation *26 CFR § 1.6065-2T* to create the fraudulent illusion that there is substantive regulations in support of the Unsworn Declaration of 26 U.S.C. § 6065 for the Form 1040. Therefore as 26 CFR § 1.6065-1 is invalidate and 26 CFR § 1.6065-2T is actually removed **flows** *a fortiori* there is no *general applicability and legal effect* for the jurat under the penalties for 26 U.S.C. § 6065 with the Form 1040 with OMB 1545-0074.

### The 2005 Year Form 1040 Submitted to the OMB for # 1545-0074 – No Code Authority for 26 U.S.C. 6065 Listed for 2005 Year And No Authority for regulations 1.6065-1 or 1.6065-2T Listed for 2005 Year

For the conclusive and legal evidence of the Fraud of the IRS, IRS agents/officers and *Department of Justice employees* concerning the Form 1040 for OMB number 1545-0074 the Petitioner as an Offer of Proof being **Attachment P** of the Year of 2005 the 83i under the signature of the IRS and OMB representatives used by the IRS for submission to the OMB for OMB number 1545-0074 with the required certification, the *regulations that will be attached to OMB number 1545-0074 are listed* and the statutory authorities of the Form 1040 with OMB number 1545-0074 are listed, which was obtained by FOIA.

That the Form 1040 OMB # 1545-0074 is for Individual Income Tax for "Individuals or households" is shown in this Offer of Proof, Box 11 of **Attachment P, page 4**.

And further, the Form 1040 is **mandatory** in the collection of information, see **Attachment P** on **page 2** "OBLIGATION TO RESP: P *Mandatory*"; and, in the Paperwork Reduction Act Submission in Box 12 "c. P *Mandatory*" on **page 4**. Continuing on in **Attachment P** is the evidence of the compliance with the regulations of 5 CFR 1320.9 and 5 CFR 1320.8(b)(3) under the statutory authority of the Paperwork Reduction Act and specifically

44 U.S.C. § 3506(c) and in particular 44 U.S.C. § 3506(c)(1)(B) as found on **Attachment P –**

**page 5**.

It is conclusive and legal evidence that there is _**no statutory authority of 26 U.S.C. §**_

_**6065 as**_ evidenced by it's *absence* in **Attachment P – page 13** for the OMB 1545-0074, **Form**

**1040** of "The following are citations to U.S.C."

And further, conclusive and legal evidence that there are _**no regulations listed under the**_

_**authority of 26 U.S.C. § 6065 being either 26 CFR § 1.6065-1 or 26 CFR § 1.6065-2T having**_

_**"general applicability and legal effect"**_ for the Form 1040 OMB # 1545-0074 as evidenced by

the _**absence**_ of both of these regulations in the list of regulations and any other regulation in the

form of "1.6065-xx" in **Attachment P – pages 11 & 12**.

**What "general applicability and legal effect" Has Been Published in the Federal Register**
**for it to be "Mandatory" to Fill Out a Form 1040 with OMB 1545-0074**

**Year of 2006**
**71 FR 71040**

The _**general applicability and legal effect**_ of it being _**mandatory**_ to fill out a Form 1040

with OMB 1545-0074 is irrevocably conflated 26 CFR § 1.170A-11(b)(2), OMB 1545-1868 and

OMB 1545-0123 (U.S. Corporation Income tax Return being **Attachment M**) with this excerpt

from 71 FR 71040, to wit:

> **Paperwork Reduction Act**
> The collection of information contained in these regulations has been reviewed and approved by
> the Office of Management and Budget *in accordance with the Paperwork Reduction Act of 1995*
> *(44 U.S.C. 3507(d)) under control number 1545–1868*. The collection of information in these
> final regulations is in § 1.170A–11(b)(2). The _*information required in § 1.170A–11(b)(2)*_
> *concerning the date on which a corporation's board of directors authorizes a certain type of*
> *charitable contribution* assists the IRS in determining the deductibility of such contributions.
> _*Responses to this collection of information are mandatory.*_

The Hymes, as an Offer of Proof submit **Attachment Q – 71 FR 71040** of the _**general**_

_**applicability and legal effect**_ including all of 71 FR 71040 and the excerpt *supra.* for

corporations.   Note that 26 CFR § 1.170A-11 is not a substantive regulation having *general applicability and legal effect* as evidenced by it's absence in the substantive regulation table in Attachment **J** of *C.F.R. T. 26, Ch. I, Subch. A, Pt. 1.*

**Year of 2003**
**65 FR 4918**

The *general applicability and legal effect* of it being <u>*mandatory*</u> to fill out a Form 1040 with OMB 1545-0074 is irrevocably conflated with 26 CFR §§§§ 1.48– 12(d)(7)(iv), 1.152–3(c), 1.611–3(h) and 1.852–9(c)(1); *and,* OMB 1545-1868 with this excerpt from 65 FR 4918, to wit:

> **SUMMARY:** This document contains final regulations that eliminate regulatory impediments to the electronic filing of Form 1040, "U.S. Individual Income Tax Return." *These regulations affect taxpayers who file Form 1040 and who are required to file any of the following forms:* Form 56, "Notice Concerning Fiduciary Relationship"; Form 2120, "Multiple Support Declaration"; Form 2439, "Notice to Shareholder of Undistributed Long-Term Capital Gains"; Form 3468, "Investment Credit"; and Form T (Timber), "Forest Activities Schedules."
> **DATES:** *Effective Date:* These regulations are effective January 31, 2003.
> **FOR FURTHER INFORMATION CONTACT:**
> Joseph P. Dewald, (202) 622–4910 (not a toll-free number).
> **SUPPLEMENTARY INFORMATION:**
> **Paperwork Reduction Act**
> The collection of information contained in these final regulations has been reviewed and approved by the Office of Management and Budget *in accordance with the Paperwork Reduction Act of 1995 (44 U.S.C. 3507(d)) under control number 1545–1783.* The collection of information in these final regulations is in §§ 1.48– 12(d)(7)(iv), 1.152–3(c), 1.611–3(h), 1.852–9(c)(1), and 301.6903–1(b). Responses to this collection of information are mandatory.

The Hymes, as an Offer of Proof submit **Attachment R** – 65 FR 4918 of the *general applicability and legal effect* including all of 65 FR 4918 if these *any* of these Forms are filed, to wit:

1.    *Form 56, "Notice Concerning Fiduciary Relationship"; or,*
2.    *Form 2120, "Multiple Support Declaration"; or,*
3.    *Form 2439, "Notice to Shareholder of Undistributed Long-Term Capital Gains"; or,*
4.    *Form 3468, "Investment Credit"; or,*
5.    *Form T (Timber), "Forest Activities Schedules.'*

Note that none of these regulations being 26 CFR §§§§ 1.48– 12(d)(7)(iv), 1.152–3(c), 1.611–3(h) and 1.852–9(c)(1) is a substantive regulation having *general applicability and legal*

*effect* as evidenced by their absence in the substantive regulation table in **Attachment J** of

*C.F.R. T. 26, Ch. I, Subch. A, Pt. 1.*

**Year 2002**
**67 FR 20038**

The Hymes submit as an Offer of Proof **Attachment S** – 67 FR 20038 that has _**general**_

_**applicability and legal effect**_ of it being _**mandatory**_ to fill out a Form 1040 OMB 1545-00074 is

of the same ilk as 65 FR 4918, *supra* with OMB 1545-1783 is irrevocably conflated with

numerous regulations and proposed regulations *and "who are required to file any of the*

*following forms",* to wit:

> SUMMARY: This document contains regulations designed to eliminate regulatory impediments to
> the electronic filing of Form 1040, "U.S. Individual Income Tax Return." *These regulations*
> *generally affect taxpayers who file Form 1040 electronically and who are required to file any of*
> *the following forms: Form 56, "Notice Concerning Fiduciary Relationship"; Form 2120,*
> *"Multiple Support Declaration"; Form 2439, "Notice to Shareholder of Undistributed Long-*
> *Term Capital Gains"; Form 3468, "Investment Credit"; and Form T (Timber), "Forest*
> *Activities Schedules."* The text of the temporary regulations also serves as the text of the proposed
> regulations set forth in the notice of proposed rulemaking on this subject in the Proposed Rules
> section in this issue of the Federal Register.

**Year 1999**
**64 FR 69903**

The _**general applicability and legal effect**_ of it being _**mandatory**_ to fill out a Form 1040

OMB 1545-00074 as evidenced by 64 FR 69903 *et seq.* is irrevocably conflated with numerous

regulations and proposed regulations concerning partnerships, to wit:

> ACTION: Final regulations.

> SUMMARY: This document finalizes regulations relating to the optional adjustments to the basis
> of partnership property following *certain transfers of partnership interests under section 743, the*
> *calculation of gain or loss under section 751(a) following the sale or exchange of a partnership*
> *interest, the allocation of basis adjustments among partnership assets under section 755, the*
> *allocation of a partner's basis in its partnership interest to properties distributed to the partner*
> *by the partnership under section 732(c), and the computation of a partner's proportionate share*
> *of the adjusted basis of depreciable property (or depreciable real property) under section 1017.*
> *The changes will affect partnerships and partners where there are transfers of partnership*
> *interests, distributions of property, or elections under sections 108(b)(5) or (c).* In addition, the
> final regulations under section 732(c) reflect changes to the law made by the Taxpayer Relief Act
> of 1997.

* * *

Paperwork Reduction Act

The collections of information in these final regulations have been reviewed and approved by the Office of Management and Budget in accordance with the Paperwork Reduction Act (44 U.S.C. 3507) under control number 1545-1588. Responses to these collections of information are *mandatory for partnerships that have made an election under section 754 and for which a section 743 transfer has been made, and for partnerships which distribute property in a transaction subject to section 732(d).*

The Hymes, as an Offer of Proof, submit **Attachment T** – 64 FR 69903 of the *general applicability and legal effect* for partnership issues of *No* consequence to the Petitioner, so therefore no further investigation will be presented or required.

### *Wages*
### 26 U.S.C. § 3401 and regulations of *"general applicability and legal effect"* i.e. substantive regulations

As evidenced as an Offer of Proof the regulations with *general application and legal effect* published in the Federal Register in 1960 being **Attachment U** – 25 FR 11402-11422 (1960) contained no substantive regulations for 26 CFR 1.3401-x but there were substantive regulations for Nonresident Aliens and Foreign Corporations starting at 1.1441-1 and ending at 1.1465-1 as evidenced in **Attachment U** at 25 FR 11419.

The Hymes submit as an Offer of Proof that there are still no 26 CFR § 1.3401-x substantive regulations for *"wages"* in the current table of *general applicability and legal effect, i.e. the current substantive regulation table* Attachment J being *C.F.R. T. 26, Ch. I, Subch. A, Pt.* But under the current **Attachment J** of *C.F.R. T. 26, Ch. I, Subch. A, Pt. 1* pages 10 and 11 there are regulations of *general applicability and legal effect for "wages"* concerning *"nonresident aliens and foreign corporations" issued under the Authority of 26 U.S.C. §1441* and the **Authority of *26 U.S.C. § 3401(a)(6)*** – "Wages (a)(6) for such services, performed by a nonresident alien individual, as may be designated by regulations prescribed by the Secretary;", to wit:

AUTHORITY:Section 1.1441-2 also issued under 26 U.S.C. 1441(c)(4) and *26 U.S.C. 3401(a)(6).*
AUTHORITY:Section 1.1441-3 also issued under 26 U.S.C. 1441(c)(4), *26 U.S.C. 3401(a)(6)* and

26 U.S.C. 7701(l).
AUTHORITY:Section 1.1441-4 also issued under 26 U.S.C. 1441(c)(4) and *26 U.S.C. 3401(a)(6).*
AUTHORITY:Section 1.1441-5 also issued under 26 U.S.C. 1441(c)(4), *26 U.S.C. 3401(a)(6)* and
26 U.S.C. 7701(b)(11).
AUTHORITY:Section 1.1441-6 also issued under 26 U.S.C. 1441(c)(4) and *26 U.S.C. 3401(a)(6)* and
AUTHORITY:Section 1.1441-7 also issued under 26 U.S.C. 1441(c)(4), *26 U.S.C. 3401(a)(6)* and
26 U.S.C. 7701(l).
AUTHORITY:Section 1.1461-1 also issued under 26 U.S.C. 1441(c)(4) and *26 U.S.C. 3401(a)(6).*
AUTHORITY:Section 1.1461-2 also issued under 26 U.S.C. 1441(c)(4) and *26 U.S.C. 3401(a)(6).*
AUTHORITY:Section 1.1462-1 also issued under 26 U.S.C. 1441(c)(4) and *26 U.S.C. 3401(a)(6).*

**Income**
**26 U.S.C. § 861 – Income from sources within the United States**
**26 CFR § 1.861-8 – Computation of taxable income from sources within the United States
and from other sources and activities.**

The regulation 26 CFR § 1.861-8 – "Computation of taxable income from sources within
the United States and from other sources and activities" has *general applicability and legal
effect*, i.e. it is a *substantive regulation* and this is evidenced by the Offer of Proof submitted by
the Hymes, of the latest substantive regulation table **Attachment J** of *C.F.R. T. 26, Ch. I,
Subch. A, Pt. 1* on page 15 of 26, to wit: "AUTHORITY: Section 1.861-8 also issued under 26
U.S.C. 882(c)" This statutory authority for the 26 CFR 1.861-8 also incorporates the general
required grant for promulgating regulations of 26 U.S.C. § 7805 as evidenced by *C.F.R. T. 26,
Ch. I, Subch. A, Pt. 1* on page 1 "AUTHORITY: 26 U.S.C. 7805, unless otherwise noted."

Therefore, for *general applicability and legal effect*, i.e. as a *substantive regulation* the
statutory (code) Authority is found in 26 U.S.C. 882(c), which is 26 U.S.C. § 882. - "Tax on
income of foreign corporation connected with United States business."

As further evidence that the 26 U.S.C. § 861 *income* is *associated with only foreign
corporations and foreign tax credits*, the Hymes submit the numerous Federal Register cites and
*general applicability and legal effect* as an Offer of Proof being **Attachment V** – 26 CFR §
1.861-8 – "Computation of taxable income from sources within the United States and from other
sources and activities."

Contained within 26 CFR § 1.861-8(a) In general-(1) Scope go to "See paragraph (f)(1)

application of "income", which is only for *foreign corporation, foreign income, foreign tax credits, DISC and FSC taxable income and various options within this limited scope*, to wit:

**(f) Miscellaneous matters—(1) Operative sections.**
      **(i) Overall limitation to the foreign tax credit**
      **(ii) [Reserved]**
      **(iii) DISC and FSC taxable income.**
      **(iv) Effectively connected taxable income.** Nonresident alien individuals and foreign corporations engaged in trade or business within the United States . . .
      **(v) Foreign base company income.**
      **(vi) Other operative sections.** The rules provided in this section also apply in determining--
          (A) The amount of foreign source items of tax preference under section 58(g) determined for purposes of the minimum tax;
          (B) The amount of foreign mineral income under section 901(e);
          (C) [Reserved]
          (D) The amount of foreign oil and gas extraction income and the amount of foreign oil related income under section 907;
          (E) The tax base for individuals entitled to the benefits of section 931 and the section 936 tax credit of a domestic corporation that has an election in effect under section 936;
          (F) The exclusion for income from Puerto Rico for bona fide residents of Puerto Rico under section 933;
          (G) The limitation under section 934 on the maximum reduction in income tax liability incurred to the Virgin Islands;
          (H) The income derived from the U.S. Virgin Islands or from a section 935 possession (as defined in § 1.935-1(a)(3)(i)).
          (I) The special deduction granted to China Trade Act corporations under section 941;
          (J) The amount of certain U.S. source income excluded from the subpart F income of a controlled foreign corporation under section 952(b);
          (K) The amount of income from the insurance of U.S. risks under section 953(b)(5);
          (L) The international boycott factor and the specifically attributable taxes and income under section 999; and
          (M) The taxable income attributable to the operation of an agreement vessel under section 607 of the Merchant Marine Act of 1936, as amended, and the Capital Construction Fund Regulations thereunder (26 CFR, part 3). See 26 CFR 3.2(b)(3).

**26 U.S.C. § 6012 – Persons required to make returns of income**
**26 CFR § 1.6012-1 – Individuals required to make returns of income.**

The cases that pronounce or hold that "taxpayers", i.e. Individuals, must file Returns is posited in 26 U.S.C. § 6012 but this duty is not required to be disclosed to a person indicted, to wit: *United States v. Vroman*, 975 F.2d 669, 670-671 (9th Cir. 1992); *United States v.* Hicks, 947 F.2d 1356, 1360 (9th Cir. 1991); *United States v. Bower*, 920 F.2d 220, 222 (4th Cir. 1990);

*United States v. Drefke*, 707 F.2d 978, 981 (8th Cir. 1983); *United States v. Kahl*, 583 F.2d 1351, 1355 (5th Cir. 1978); *United States v. Spine*, 945 F.2d 143, 149 (6th Cir. 1991); *United States v. Stierhoff*, 500 F.Supp. 2d 55, 62-63 (D. R.I. 2007); *United States v. Washington*, 947 F.Supp. 87, 91 (S.D. N.Y.1996); Case and other unpublished Cases such as *United States v. Gaumer*, 27 F.3d 568, 572 (6th Cir. 1994); and in the Case 1-06-cr-42 in the USDC for the District of Rhode Island of UNITED STATES OF AMERICA v. Neil Stierhoff Docket 89 pages 5-6 under the signatures of the Department of Justice John N. Kane and Thomas G. Voracek and Docket 101 pages 10-11 under the signature of USDC Judge Mary M. Lisi.

The Hymes submit as an Offer of Proof that *general applicability and legal effect* 26 CFR § 1.6012-1(a) **Attachment W** that was published in the Federal Register on November 10, 1970 as 35 FR 17329-17331 including but not limited to the excerpt of § 1.6012-1(a)(1) at 35 FR 17330, to wit:

> **(1)** *In general.* **Except as provided in subparagraph (2)** of this paragraph, an income tax return *must be filed by every individual* for each taxable year beginning before January 1, -1973, during which he receives $600 or more of gross income, and for each taxable year beginning after December 31, 1972, during which he receives $750 or more of gross income, if such **individual is** –
> (i) *A citizen of the United States*, whether residing at home or abroad,
> (ii) A *resident of the United States* even though not a citizen thereof, or
> (iii) An *alien bona fide resident of Puerto Rico* during the entire taxable year. *[Emphasis added]*

This particular section of the *general applicability and legal effect* of 26 CFR 1.6012(a)(1) has not been amended until April 9 of 2008 and the Hymes submit as a Offer of Proof of the *general applicability and legal effect*, i.e. *substantive regulation* change in **Attachment X** – Federal Register publishing of 73 FR 19350-19377 on April 9, 2008 and including but not limited the to the change made in 1.6012(a)(1)(iii) of an alien bona fide resident of Puerto Rico by the addition of possessions of 1.931-1(c)(1) being Guam, American Samoa, or Northern Mariana Islands to (iii) at **Attachment X** – page 28 of 29 at 73 FR 19376,

**Reply and Opposition to Docket 191**      Page 27 of 44  **Attachment 6 – page 27 of 44**

to wit:

> § 1.6012–1 Individuals required to make
> returns of information.
> (a) * * *
> (1) * * *
> (iii) An alien bona fide resident of Puerto Rico or any section 931 possession, as defined in §
> 1.931–1(c)(1), during the entire taxable year.
> * * * * *

## Federal Regulations Govern

In the adjudged case of *Dodd v. United States*, 223 F.Supp. 785, 787 (D.C. N.J. 1963) "For Federal tax purposes, the Federal Regulations govern." *Lyeth v. Hoey*, 305 U.S. 188 (1938)." See also *In re McGauley's Estate*, 504 F.2d 1030, 1032 (2nd Cir. 1974) *citing Lyeth v. Hoey*, 305 U.S. 188 (1938); *U.S. Trust Co. of New York v. C.I.R.*, 321 F.2d 908, 910-911 (2nd Cir. 1963) *citing Lyeth v. Hoey*, 305 U.S. 188 (1938); *Citizens and Southern Nat. Bank v. United States*, 451 F.2d 221, 227 (5th Cir. 1971) *citing Lyeth v. Hoey*, 305 U.S. 188 (1938); *Estate of Millikin v. C.I.R.*, 106 F.3d 1263,1268-1269 (6th Cir. 1997); *Kostrikin v. United States*, 106 F.Supp. 2d 1005, 1009 (E.D.C. Cal. 2000).

## Auchterlonie's Two Case Cites

Auchterlonie's Case cites are totally off-point.

The cited case by Auchterlonie of *United States v. Sullivan*, 274 U.S. 259, 264 is totally off-point as *at 263:* "gains from illicit traffic in liquor were subject to the income tax." Liquor was a ***regulated and licensed enterprise*** and of course it was subject to controls such as a tax return being required and would not be exempt under the 5th Amendment.

The cited case of *United States v. Schiff*, 612 F.2d 73, 83 (2nd Cir. 1979) also is totally off-point as this was a new issue of allowing into evidence a video tape and it was ruled that it was prejudicial and the judgment was reversed and remanded for a new trial. *At 83*, "Only those who assert as to each particular question that the answer to that question would tend to

incriminate them are protected" and as the income tax return are neutral and directed at the public at large rather than a "selective group" precludes the 5th Amendment protections.

The Hymes have provided the *only four examples of the "mandatory" requirement for the Form 1040 with OMB 1545-0074* with the *general applicability and legal effect if other forms are filed, then the Form 1040 with OMB 1545-0074 is required to be filed* at **Attachments Q, R, S and T**. The "*mandatory*" requirement of the Form 1040 with OMB 1545-0074 under the signature of the IRS authorized representative and the OMB authorized representative at **Attachment P** is conclusive and legal evidence that the Hymes would be giving evidence against themselves. Being required as "*mandatory*" as evidenced in **Attachment P** to provide under the penalties of perjury information is absolutely no different that being in a court room and being *mandated* to testify when you have sworn to tell the truth, the whole truth and nothing but the truth. What is not disclosed in **Attachment P** is that other Forms must be mandated as a preface to be required to file a Form 1040 under OMB 1545-0074.

Auchterlonie did not address the issues of *UNITED STATES OF AMERICA* and *United States* not being a real party of interest, but yet would be awarded the Hymes' property.

### The "United States" is not a real party of Interest in this Instant Case

Perhaps Auchterlonie of the Department of Justice should, by *ipse dixit* pontification, amend the Federal Constitution arising under Article II section 1 clause 8 replacing "United States" with "UNITED STATES OF AMERICA", to wit:

> Before he enter on the Execution of his Office, he shall take the following Oath or Affirmation:--
> ``I do solemnly swear (or affirm) that I will faithfully execute the Office of President of the *United States*, and will to the best of my Ability, preserve, protect and defend the Constitution of the *United States*." *[Emphasis added]*

In the adjudged Case of *Senate Select Committee on Presidential Campaign Activities v. Nixon*, 366 F.Supp. 51, 56 (D.C. D.C. 1973), to wit:

One of the four statutory bases of jurisdiction cited by plaintiffs is 28 U.S.C. § 1345 which reads:

*§ 1345. United States as plaintiff*
Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings *commenced by the United States*, or by any agency or officer thereof expressly authorized to sue by Act of Congress.
Plaintiffs have disclaimed any attempt to classify themselves as an "agency or officer" within the meaning of this section. *Rather they purport to bring suit in the name of the United States.* Reference, however, to common practice and related statutory provisions belies the soundness of such a claim. Title 28 U.S.C. § 516, in language similar to that of § 1345, *reserves to the Attorney General and Department of Justice authority to litigate as United States. § 516. Conduct of Litigation reserved to Department of Justice*
Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General.

While this section does not require a congressional litigant to be represented by the Justice Department, it does deny such a *litigant the right to sue as the United States* when jurisdiction derives from § 1345.[FN8] The practice has never *57 been otherwise and the two cases cited by plaintiffs do not so hold.[FN9] Section 1345 is simply inapplicable here. *[Emphasis added]*

In the adjudged decision of *U.S. v. American Tel. & Tel. Co.*, 551 F.2d 384, 388, 389 " (D.C. D.C. 1976) "The complaint alleges jurisdiction under 28 U.S.C. s 1345, which gives jurisdiction over suits brought by the United States. Although this suit was brought in the *name of the United States* against AT&T, . . ." citing *Nixon, supra.*

In the adjudged decision of *Brooks v. Nez Perce County*, 394 F.Supp. 869, 872 (D.C. Idaho 1975) "the right to sue, does not alter the fact that this action was not *'commenced by the United States'* . . ." citing *Nixon, supra.*

This case clearly and succinctly states in plain English "*commenced by the United States*" under 28 U.S.C. § 1345 or under 28 U.S.C. § 516 the "reserves to the Attorney General and *Department of Justice authority to litigate as United States*. § 516." *[Emphasis added]*

Even though this is an "Act of Congress" and not a "Law of the United States", it is indisputable that only "United States" is a Plaintiff and not "UNITED STATES OF AMERICA" under 28 U.S.C. §§ 516 or 1345.

Therefore, as a *matter of law*, this instant Case was not commenced by the "United States" under the statutory authority of Congress of 28 U.S.C. § 1345, which is

mandatory, but with a "UNITED STATES OF AMERICA", without any statutory authority of Congress, being a fiction in law and yet to be disclosed.

Therefore, this instant Case should be dismissed with prejudice as *this Court* lacks the mandatory statutory jurisdictional grant "jurisdiction fails" if the cause is not one described by any jurisdictional statute." See *Senate Select Committee on Presidential Campaign Activities v. Nixon*, 366 F.Supp. 51, 56 (D.C. D.C. 1973) FN 5 for holdings of the adjudged decisions of the Supreme Court of the United States.

In the **unpublished case** of *Doe v. State of Alaska*, 122 F.3d 1070 (9ᵗʰ Cir. 1997) although not to be cited, but within same is some very enlightening issues that Auchterlonie supports openly.

In *State of Alaska, supra.*, we find first this under the "Analysis" of the use of pseudonyms "We review for abuse of discretion whether to allow pseudonymous filing. *See James v. Jacobson*, 6 F.3d 233, 239 (4th Cir.1993); *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir.1992)." These are adjudged decisions from two other circuits, being the 4ᵗʰ Circuit and the 11ᵗʰ Circuit. And further in *State of Alaska, supra.*, "We [9ᵗʰ Circuit] will reverse if a court's decision is unsupported by the facts or the law", which in the Petitioner's Case Biestline's Orders are unsupported by facts and the law citing *In re Sternberg*, 85 F.3d 1400, 1405 (9th Cir.1996), to wit:

> A trial court may abuse its discretion in several ways. *A trial court abuses its discretion if it fails to apply the correct law or if it bases its decision on a clearly erroneous finding of a material fact. Cox*, 904 F.2d at 1401;*Engleson v. Burlington N. R.R. Co.*, 972 F.2d 1038, 1043 (9th Cir.1992). *A trial court also abuses its discretion if it applies the correct law to facts which are not clearly erroneous but rules in an irrational manner. Id.*, 972 F.2d at 1043. *[Emphasis added]*

And further in *State of Alaska, supra.*, there is a presumption that a Plaintiff must file in their true name with constitutional dimensions to assure fair factual findings and legal conclusions, to wit:

> *There is a presumption that a plaintiff must file the complaint in his or her own name. Coe v. United States Dist. Court*, 676 F.2d 411, 415 (10th Cir.1982); Fed.R.Civ.P. 10(a). *The presumption has a constitutional dimension: the First Amendment gives the public a right of access to judicial processes and records. Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 576 (1980); *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir.1981). *This access helps to assure fair factual findings and legal conclusions; discourages corruption, bias and perjury; enhances public confidence in the administration of law;* and provides therapeutic and cathartic value to the community. *See* Joan Steinman, *Public Trial, Pseudonymous Parties: When Should Litigants Be Permitted to Keep Their Identities Confidential?*, 37 Hastings L.Rev. 1, 18-20 (1985). *[Emphasis added]*

And further in *State of Alaska, supra.*, "A litigant may overcome the presumption by demonstrating a social interest in favor of protecting his identity. *Coe*, 676 F.2d at 418; *Doe v. Goldman*, 169 F.R.D. 138, 139 (D.Nev.1996)", which as a *matter of law* can have no application to any lawful and legal government against an of the citizens of the several States. Of course a case could be made if the USA, who or whatever it is, by and with the assistance of the IRS, Auchterlonie, one of three of the "United States" yet to be disclosed, along with its relationship to the USA and Beistline would like to continue the raping and pillage of the people under the guise of a lawful and legal constitutional Republic to use a fictitious name. In *Rowe, ibid. at 1385* Sedwick pronounces that "Generally, a person is required to disclose one's identity to commence a lawsuit" and ". . . a party by initiate a lawsuit by filing a complaint. Fed. R.Civ.P." And further in *Rowe, ibid at 1385* "Rule 10(a) requires that the complaint state the title of the action, which "shall include the names of all the parties.""

Sedwick continues in *Rowe, ibid at 1385* to state that ". . . lawsuits are public events and the public has a legitimate interest in know the facts involved in them. Among those facts is the identity of the parties." Citing *Doe v. Deschamps*, 64 F.R.D. 652 (D.Mont. 1974). Sedwick continues with courts have recognized exceptions to the requirement in limited "matters of a

sensitive and highly person nature" citing *Doe v. Deschamps*, 64 F.R.D. at 653; *see also* *1386

*Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707 (5th

Cir.1979).

Sedwick continues on in *Rowe, ibid at 1386* to cite issues that have been acceptable to

use pseudonyms, to wit:

> Plaintiffs have been allowed to proceed anonymously in matters involving *abortion*,[FN29] *birth control*,[FN30] *welfare cases involving illegitimate children*,[FN31] and *homosexuality*[FN32]. Such situations share a need to shelter the anonymous plaintiff from "*social stigmatization, real danger of physical harm, or where the injury litigated against would occur as a result of the disclosure of the plaintiff's identity.*" *Doe v. Hallock*, 119 F.R.D. 640, 644 (S.D.Miss.1987).
> > FN29.*Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *Doe v. Deschamps*, 64 F.R.D. 652 (D.Mont.1974).
> > FN30.*Poe v. Ullman*, 367 U.S. 497, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1961).
> > FN31.*Doe v. Carleson*, 356 F.Supp. 753 (N.D.Cal.1973).
> > FN32.*Webster v. Doe*, 486 U.S. 592, 108 S.Ct. 2047, 100 L.Ed.2d 632 (1988); *Doe v. United Serv. Life Ins. Co.*, 123 F.R.D. 437 (S.D.N.Y.1988); *Doe v. Chafee*, 355 F.Supp. 112 (N.D.Cal.1973).

The Hymes find in this instant Case no issues of *abortion, birth control, welfare cases

involving illegitimate children or homosexuality*. Is the USA involved in any of these or "*social

stigmatization*" by it's unlawful and illegal actions against the Petitioner? Is the USA or "United

States" involved in issues of abortion, birth control, welfare cases involving illegitimate children,

homosexuality or social stigmatization?

Sedwick continues in *Rowe, ibid at 1386* "These interests are rendered meaningless if

discarded when controversial issues are raised by litigation. For this reason, courts are reluctant

to grant a litigant a "cloak of anonymity." Citing "*United States v. Doe*, 655 F.2d 920, 922, n. 1

(9th Cir.1981); *Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D.Cal.1981) ("There must be a strong

social interest in concealing the identity of the plaintiff.")"

Sedwick continues in *Rowe, ibid at 1386*, to wit:

> Courts have refused requests to proceed anonymously in actions involving economic matters,[FN33] challenges to selective service registration,[FN34] sexual harassment under Title VII,[FN35] termination of employment due to alcoholism,[FN36] and AIDS[FN37].

FN33. *Doe v. Deschamps*, 64 F.R.D. 652 (D.Mont.1974).
FN34. *Doe v. Rostker*, 89 F.R.D. 158 (N.D.Cal.1981).
FN35. *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599
F.2d 707 (5th Cir.1979); *Doe v. Hallock*, 119 F.R.D. 640 (S.D.Miss.1987).
FN36. *Doe v. Frank*, 951 F.2d 320 (11th Cir.1992).
FN37. *Doe v. Prudential Ins. Co. of America*, 744 F.Supp. 40 (D.R.I.1990). *[Emphasis
added]*

Sedwick did not address the issue of the appearance of a lawful government such as
proffered by Beistline under the "cloak of anonymity", but as the issues listed by Sedwick are
minutiae when compared to the purported lawful and legal taxation, the taking of private
property by someone or something yet unidentified and the constitutional secured rights of the
Hymes.

In the adjudged decision of *Roe v. State of New York*, 49 F.R.D. 279, 281, 282 (S.D.
N.Y. 1970) *at 281* that under Fed. R. Civ. P. 3 provides "A civil action is commenced by filing a
complaint with the court." And further *at 281*, Fed. R. Civ. P. 10(a) requires that in the
complaint "the title of the action shall include the names of all of the parties." ***The "United
States" is not listed in the Complaint as one of the real parties of interest.***

And further in *Roe, ibid. at 281* "It is concluded that no action has been commenced by
the filing of this complaint and therefore that this Court has nothing before it on which to act."
And further in *Roe, ibid. at 282* a fictitious party should notify the court and secure the court's
consent with no harm being done to the public interest, to wit:

> *To obviate any possibility that the parties and the issues raised are fictitious* and that the jurisdiction
> of the court is being invoked to decide moot questions, a plaintiff who desires to use a name other than
> his own should, *before the case is presented in court, acquaint the court of his desires, establish the
> fact that the parties and issues are real although the names used are fictitious, and secure the
> court's consent, as was done in these cases.* The *privilege of using fictitious names in actions* should
> be granted only in the rare case where *the nature of the issue litigated and the interest of the parties
> demand it and no harm can be done to the public interest.*' *[Emphasis added]*

Most conclusively, if this Indictment is founded from the authority granted of the Federal Constitution and is actually the real constitutional government in our constitutional Republic, there absolutely can be no claim of protection of it's identity under any circumstances.

Auchterlonie or others of the Department of Justice most certainly could have had an *ex parte* communication and obtained such permission from Beistline, but the Hymes were never notified.

Clearly, if there is no real party of interest in the Indictment, then the Indictment must be dismissed as was done in *Roe, ibid at 282*, to wit:

> *If no action had been commenced by the filing of this complaint, then the subsequent disclosure of the true names of plaintiffs did not change the situation.*
> By granting the present motion, I would not wish to put form before substance or to penalize litigants for minor or technical lapses of procedure. It seems to me, however, that there is here a defect of substance. *Sound public policy would appear to require that a complaint identify by true name at least one plaintiff if the filing is to commence an action; if the complaint fails to identify by true name at least one plaintiff then its filing is not effective to commence an action. [Emphasis added]*

In the adjudged decision of *Roe v. Bopup*, 500 F.Supp. 127, 130 (E.D. Wash. 1980) affirmed the decision in *Roe v. State of New York*, 49 F.R.D. 279, 281, 282 (S.D. N.Y. 1970), to wit:

> The decision whether to permit the use of fictitious names is one that is left to the discretion of the trial court, *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979). There the court noted that "*identifying a plaintiff only by a pseudonym is an unusual procedure, to be allowed only where there is an important privacy interest to be recognized.*" Lindsey, supra, at p. 1125; see *Doe v. Deschamps*, 64 F.R.D. 652 (D.Mont.1974). *[Emphasis added]*

The use of fictitious names will not be sufficient in a judgment file as held in the adjudged decision of *Buxton v. Ullman*, 156 A.2d 508, 514, 515 (Sup. Ct. Errors Conn. 1959), to wit:

> Practice Book, § 199 states, among other things, that '*[i]n the captions of pleas, answers, etc., the parties may be described as John Doe v. Richard Roe et al., but this will not be sufficient in a judgment file, which *60 must give all the data necessary for use in drawing the execution.*'Because of the intimate and distressing **515 details alleged in these complaints, it is understandable that the parties who are allegedly medical patients would wish to be anonymous. *To obviate any possibility that the parties and the issues raised are fictitious and that the jurisdiction of the court is being invoked to decide moot questions, a plaintiff who desires to use*

*a name other than his own should, before the case is presented in court, acquaint the court of his desires, establish the fact that the parties and issues are real although the names used are fictitious, and secure the court's consent, as was done in these cases. The privilege of using fictitious names in actions should be granted only in the rare case where the nature of the issue litigated and the interest of the parties demand it and no harm can be done to the public interest. [Emphasis added]*

See also *Brock v. A-1 Auto Service, Ince*, 728 A.2d 1167, 1169 (Superior Ct. Conn. 1998) on ". . . but this will not be sufficient in a judgment file, which must give all the data necessary for use in the drawing any execution that may be necessary." And further in *Brock, ibid. at 1169* "by their real names, so that they may be identified."

In the adjudged decision of *Coe v. USDC for the District of Colorado*, 676 F.2d 411, 415, 416 (10th Cir. 1982) that the Federal Rules of Civil Procedure have no means to use fictitious names or anonymous plaintiffs and the public has a right to know the real party of interest except in very unusual cases, to wit:

*Every pleading must contain the names of the parties thereto, if these are known.* [FN1] *In the federal courts it is held that the "real party in interest" is the one who, under applicable substantive law, has the legal right to bring the suit.* Boeing Airplane Co. v. Perry, 322 F.2d 589 (10th Cir. 1963), cert. denied, 375 U.S. 984, 84 S.Ct. 516, 11 L.Ed.2d 472 (1964). *There is no provision in the Federal Rules of Civil Procedure for suit against persons under fictitious names, and there are likewise no provisions for anonymous plaintiffs.* In Lindsey v. Dayton-Hudson Corp., 592 F.2d 1118 (10th Cir. 1979) this court observed, inter alia :

FN1. U.S.C.A. Rules of Civil Procedure, rule 10(a) provides: "Every pleading shall contain a caption setting forth the name of the court, the title of the action, the file number, and a designation as in Rule 7(a). In the complaint the title of the action shall include the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties."

**This use of pseudonyms concealing plaintiffs' real names has no explicit sanction in the federal rules.** Indeed it seems contrary to Fed.R.Civ.P. 10(a) *which requires the names of all parties to appear in the complaint. Such use obviously may cause problems to defendants engaging in discovery and establishing their defenses, and in fixing res judicata effects of judgments.* Yet the Supreme Court has given the practice implicit recognition in the abortion cases, Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), and Doe v. Bolton, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973), with minimal discussion. Most of the cases permitting the practice have involved abortion, birth control, and welfare prosecutions involving abandoned or illegitimate children. We have found only a few cases where the propriety of the technique was discussed.

**Doe v. Deschamps, 64 F.R.D. 652 (D.Mont.1974) cites most of the cases. It holds that the public generally has a right to know, refuses to permit it except in unusual cases, and rules that it will not be permitted in an action involving plaintiff's future professional and economic life. \*416Roe v. State of New York, 49 F.R.D. 279 (S.D.N.Y.1970), concluded that where only fictitious names were used for plaintiffs the filing of the complaint would be ineffective to commence an action. It recognized that if an action were commenced properly,**

the court could issue protective orders in appropriate cases to shield the identity of the plaintiffs. *Roe v. Ingraham*, 364 F.Supp. 536, 541 n.7 (S.D.N.Y.1973), **recognized the procedure as proper where "if plaintiffs are required to reveal their identity prior to the adjudication of the merits of their privacy claim, they will already have sustained the injury which by this litigation they seek to avoid."** *Doe v. Boyle*, 60 F.R.D. 507 (E.D.Va.1973), *refused to permit a suit under the tax laws to be carried on in a fictitious name because it involved personal privileges under the Fifth Amendment. Additionally the court was concerned that after judgment numerous persons might claim to be John Doe. [Emphasis added]*

In the adjudged decision of *M.M. v. Zavaras*, 939 F.Supp. 799, 801 (D.Colo 1996) clearly pronounces that there is no authority for an

. . . unidentified plaintiff attempting to use a pseudonym and *completely ignores both controlling Tenth Circuit decisions* and published decisions of this court. E.g., *Coe v. United States District Court*, 676 F.2d 411 (10th Cir.1982); *Doe v. United States Dep't. of Justice*, 93 F.R.D. 483 (D.Colo.1982); *Lorenz v. United States Nuclear Regulatory Comm'n*, 516 F.Supp. 1151 (D.Colo.1981). The use of pseudonyms concealing plaintiffs' real names has no explicit sanction in the federal rules. Indeed it seems contrary to Fed.R.Civ.P. 10(a) which requires the names of all parties to appear in the complaint. 676 F.2d at 411. Moreover, *there is no express congressional grant of a right to proceed anonymously. [Emphasis added]*

In the "Table of Decisions Without Reported Opinions" from **John W. Sedwick, District Judge.**

The "real party in interest" under substantive law is the only one with a legal right for relief as pronounced *In re Comcoach Corp.* 698 F.2d 571, 573 (2nd Cir. 1983), to wit:

**Generally, the "real party in interest" is the one who, under the applicable substantive law, has the legal right which is sought to be enforced or is the party entitled to bring suit.** *Coe v. United States District Court for the District of Colorado*, 676 F.2d 411, 415 (10th Cir.1982); *see Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.*, 630 F.2d 250, 256-57 (5th Cir.1980); *Virginia Electric & Power Co. v. Westinghouse ElectricCorp.*, 485 F.2d 78, 83 (4th Cir.1973), *cert. denied*,415 U.S. 935, 94 S.Ct. 1450, 39 L.Ed.2d 493 (1974); *Weniger v. Union Center Plaza Associates*, 387 F.Supp. 849, 855 (S.D.N.Y.1974); *see generally* 3 A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 17.07 (2d ed. 1979); 6 C. Wright & A. Miller, *Federal Practice and Procedure* §§ 1543-1544 (1971). *[Emphasis added]*

In the adjudged decision of *Doe v. Boyle*, 60 F.R.D. 507 (E.D. Virginia 1973) that the 5th Amendment protects only real people in a tax case and *as a matter of law* the inverse is also true as the 5th Amendment can be invoked only in issues with a lawful government and not fictions or pseudonyms, to wit:

**The Fifth Amendment protects people, not aliases. The standard for application of the Fifth Amendment privilege is whether 'the claimant is confronted by substantial and 'real,'**

and not merely trifling or imaginary, hazards of incrimination.' *Marchetti v. United States* 390 U.S. 39, 53, 88 S.Ct. 697, 705, 19 L.Ed.2d 889 (1968). *While the Court accepts the representation of plaintiff's counsel that plaintiff is indeed confronted by a real hazard of incrimination, said representation could not alone, in view of the personal nature of the Fifth Amendment right carry plaintiff's burden of proof on this issue.* Should the Court proceed in this matter in its present posture, and should plaintiff prevail, numerous persons could appear after judgment claiming to be John Doe. *That prospect offends the sacred nature of the Fifth Amendment guaranty of personal liberty. [Emphasis added]"*

The Hymes have provided evidence of the *general applicability and legal effect* to conclusively prove that *regulations* are *not irrelevant as claimed by Auchterlonie.* If the *ipse dixit* pontification were true the Administrative State and it's hordes of agencies would crumble out of existence.

Auchterlonie *has not followed the mandated procedures* for an agency known as the IRS. Having the Attorney General censor all issues that have *general applicability and legal effect* is totally unconstitutional and a violation of the separation of powers and should be overturned;

and,

All of Auchterlonie claims are all unconstitutional. That *regulations are irrelevant* is clearly not in accord with the Federal Register and mandates of Congress on *general applicability and legal evidence, i.e. substantive regulations for the IRS and the Department of Justice*;

and,

To fill out as *mandatory* a Form 1040 under OMB 1545-0074, when the Hymes have knowledge that they would be giving evidence against themselves in violation of the 5th Amendment;

and,

This would also be forcing the Hymes *under the penalties to give evidence that they know to be untrue and false by their signature on a Form 1040 under OMB 1545-0074*;

and,

The UNITED STATES OF AMERICA and the United States are not the same parties. According to Auchterlonie the property of the Hymes would be mandated under judgment to the "United States", who made no appearance in the Complaint as a real party of interest

   *Therefore*, for the above issues of law and fact, this judicial sale judgment should be vacated and this instant Case dismissed with prejudice. Has Auchterlonie followed the mandated *general applicability and legal effect, i.e. substantive regulations,* \ to take the personal and private property of the Hymes. Is the Department of Justice, i.e. Auchterlonie exempted from *general applicability and legal effect, i.e. substantive regulations* and the Rules of Court?

   The Hymes are of the belief that Auchterlonie should be ***sanctioned*** for proffering under her signature as true the statement that regulations are irrelevant, not to mention all of the other false statements under her signature.


My Hand,

My Hand



APR 2 3 2008

CLERK, U.S. DISTRICT COURT
FAIRBANKS, AK

State of Alaska                )
                               ) ss.
The United States of America )

### Verified Affidavit of Rita MariNa Hymes

I, Rita MariNa Hymes, do hereby swear (or affirm) that the preceding facts and the following facts are true and correct under the penalties of perjury.

1.  My true name is Rita MariNa Hymes.

2.  I am of the age of majority and will testify to facts contain herein this document.

3.  I have only being filing Pleadings into the District Court of the United States as evidenced by the headings.

4.  I have found and relied upon public records that the USDC is a territorial court given the appearance of a District Court of the United States.

5.  I have never knowingly waived my constitutional secured rights to an Article III Court of the United States.

6.  I have filed into the public record my political status, citizenship and allegiance as evidenced by the attachment to this document.

7.  I am not a "citizen of the United States.

8.  I have relied upon the Congress' statutory scheme.

9.  The true identities of the "UNITED STATES OF AMERICA" and "United States" have never been disclosed to m as who is the "real party of interest", even though I have attempted to force both of them to disclose who/what they are.

10.    I have with due diligence found no statutory authority of 26 U.S.C. § 6065 and any

substantive regulation published in the Federal Register such as 26 CFR § 1.6012-1 or 26

CFR § 1.6065-2T.

11.    I have relied upon the Paperwork Reduction Act of 1995 and the regulations promulgated

under same.

12.    I have not waived the right to not give evidence against myself secured in the 5th

Amendment or to knowing I would be committing perjury by signing a Form 1040 under

OMB # 1545-0074 knowing the fraud in said document under threat, duress and

coercion.

13.    All of the attachments are true and correct being unmodified by me and are therefore self-

authenticating being public records.

14.    I have relied upon the regulations that have *general applicability and legal effect* that

have been published in the Federal Register as mandated by the President of the United

States and the Acts of Congress.

My Hand

Sworn and subscribed before me a Notary Public in and for the State on Alaska on _____

4/23/2006 .

My Commission expires on  7-24-2010  .


STATE OF ALASKA
NOTARY PUBLIC
Kim Swenson

Kim Swenson
Notary Public



APR 2 3 2008

CLERK, U.S. DISTRICT COURT
FAIRBANKS, AK

State of Alaska        )
                     ) ss.
The United States of America )

### Verified Affidavit of Donald Louis Hymes

I, Donald Louis Hymes, do hereby swear (or affirm) that the preceding facts and the following facts are true and correct under the penalties of perjury.

1. My true name is Donald Louis Hymes.

2. I am of the age of majority and will testify to facts contain herein this document.

3. I have only being filing Pleadings into the District Court of the United States as evidenced by the headings.

4. I have found and relied upon public records that the USDC is a territorial court given the appearance of a District Court of the United States.

5. I have never knowingly waived my constitutional secured rights to an Article III Court of the United States.

6. I have filed into the public record my political status, citizenship and allegiance as evidenced by the attachment to this document.

7. I am not a "citizen of the United States.

8. I have relied upon the Congress' statutory scheme.

9. The true identities of the "UNITED STATES OF AMERICA" and "United States" have never been disclosed to m as who is the "real party of interest", even though I have attempted to force both of them to disclose who/what they are.

10. I have with due diligence found no statutory authority of 26 U.S.C. § 6065 and any substantive regulation published in the Federal Register such as 26 CFR § 1.6012-1 or 26 CFR § 1.6065-2T.

**Reply and Opposition to Docket 191**      Page  42 of 45      **Attachment 6 - page 42 of 44**

11.     I have relied upon the Paperwork Reduction Act of 1995 and the regulations promulgated under same.

12.     I have not waived the right to not give evidence against myself secured in the 5th Amendment or to knowing I would be committing perjury by signing a Form 1040 under OMB # 1545-0074 knowing the fraud in said document under threat, duress and coercion.

13.     All of the attachments are true and correct being unmodified by me and are therefore self-authenticating being public records.

14.     I have relied upon the regulations that have **_general applicability and legal effect_** that have been published in the Federal Register as mandated by the President of the United States and the Acts of Congress.

My Hand,

Donald Louis Haynes

Sworn and subscribed before me a Notary Public in and for the State on Alaska on _____

_April 23. 2008_

My Commission expires on _7-24-2010_ .

Kim Swenson

Notary Public

STATE OF ALASKA
NOTARY PUBLIC
Kim Swenson