Donald Louis Hymes

Rita MariNa Hymes

2340 Ravenwood Avenue

Fairbanks, Alaska [99709]

907-479-6922



MAY 3 0 2008

CLERK, U.S. DISTRICT COURT
FAIRBANKS, AK

## Circuit Court of the United States

## For the 9th Circuit

| | |
|---|---|
| **Rita MariNa Hymes, Individually,** )<br>**Donald Louis Hymes, Individually** )<br>*Appellants* )<br> )<br>*versus* )<br> )<br>**UNITED STATES OF AMERICA** )<br>*Appellee* ) | |

Case _____

Case : 3:05-CV-00123 (RRB) USDC District of Alaska

### Expedited Motion to Stay Until Appeal is Final

Come now Rita MariNa Hymes and Donald Louis Hymes ("the Hymes") without Assistance of Counsel with this Expedited Motion to Stay Until Appeal is Final in the Case of 3:05-CV-00123 USDC District Court of Alaska ("Motion"). The Issue that the Hymes are motioning to be *Stayed* is the judicial Sale of their Private Property, which is their home and domicile in Fairbanks, Alaska.

In the Case of 3:05-CV-00123 with Docket Sheet thereof being **Attachment 1**, the Hymes have filed in a Notice to Appeal of the Final Judgment at Docket 198 ("Judgment 1") entered on May 1, 2008 being **Attachment 2** and Denying Motion to Reconsider at Docket 200 ("Judgment 2") entered on May 13, 2008 being **Attachment 3** from the United States District Court ("USDC") for the District of Alaska by Judge Ralph R. Beistline.

Also required to assist the 9th Circuit in granting this Motion is the response ordered by Judge Beistline of the Department of Justice ("DoJ"), *Response in Opposition* at Docket 191 ("DoJ Response 1") incorporating the Hymes' prior Dockets of 172, 178, 170, 171, 186 being **Attachment 4** and Judge Beistline's ordered response from the DoJ being the DoJ Response of Docket 203 ("DoJ Response 2") being **Attachment 5**.

As the Hymes understand the criteria for a Motion to Stay at the 9th Circuit, the 9th Circuit will determine if (1) the Motion to Stay is unopposed and (2) if the Appeal will be dispositive of the Issue that the Hymes, as the moving party, want stayed.

As to (1), *supra.*, Judge Beistline has granted a Stay of the judicial Sale until Midnight of July 7, 2008, as stated in the Judgment 1, being **Attachment 2** page 2 of 3: to "permit Defendants to present this matter to the Court of Appeals." There has been no opposition from the DoJ in either the Judgment 1 of May 1, 2008 or the Judgment 2 of May 13, 2008 of the Stay granted by Judge Beistline. The 9th should give deference to this Stay by Judge Beistline and to no opposition by the DoJ for 30 days to date.

As to (2), *supra.*, the result of the Appeal will be dispositive of the issue of the judicial Sale of the private Property. And further, the private property is in reality the bonding of this issue as the dispositive issue if the appeal will result in the judicial Sale of

the Hymes' private property. The UNITED STATES OF AMERICA will not be prejudiced by any Stay granted by the 9th Circuit.

As in the Federal Rules of Appellate Procedure ("FRAP") at rule 8, application for a Motion for Stay requires *at (a)(2)(A)(ii)*: *"and state any reasons given by the district court for its action."*

In the ORDER of Judge Beistline at Docket 198 the only issues that were proffered were three (3) non-responsive statements with the fourth (4) extremely important issue *infra.*, with no conclusions of law and finding of fact, to wit:

> Contrary to Defendants' arguments, this Court does have jurisdiction over this matter and Defendants are required to [1] *file income tax returns (26 U.S.C. § 6012) and* [2] *sign them under penalty of perjury (26 U.S.C. § 6065)*. This is clear and well established law. And, the [3] *United States of America is the real party-in interest.*

[4] The DoJ Response 1, being **Attachment 4** page 4 of 5, under the signature of Jennifer D. Auchterlonie (Auchterlonie), strikes at the heart of Auchterlonie's purported response, being : *"That there **may be no Treasury Regulation** requiring returns to be signed under penalties of perjury is irrelevant because the Internal Revenue Code plainly requires it in Section 6065."* *[Emphasis added]*

Judge Beistline relied upon the, by Beistline ordered response, being DOJ Attorney Jennifer D. Auchterlonie's Response 1 (**Attachment 4**), for Judgment 1, (**Attachment 2**), by Judge Beistline

In the Hymes' Reply ("Reply) at Docket 194 being **Attachment 6 with Affidavits attached** at pages 29-37 of 44 pages, countered w/o Attachments by Auchteronie's reliance upon of 28 U.S.C. 1345 as a proper jurisdictional statute for only the "United States", with the 'UNITED STATES OF AMERICA" being the real party of

interest in this instant Case. The DoJ is only authorized to sue in the name of the "United States" and not the "UNITED STATES OF AMERICA." Judge Beistline and Auchterlonie affirmed that the real party of interest is the "UNITED STATES OF AMERICA" (**Attachment 2** page 2 of 3; **Attachment 5** page 4 of 6) precluding any property of any judicial Sale going to the "United States", which is not a real party of interest and is not named in the Complaint.

And further, the Hymes' Offer of Proof being **Attachment 7,** being a true and correct copy published in the Federal Register on August 4, 1994 at 59 FR 39910-39931 with particular attention 59 FR 39915 wherein the DoJ *Final Rule* states the specific United States Code sections for the DoJ as authority and the real party of interest, to wit:

> Title 28 of the United States Code grants the Attorney General and the Department a variety of law enforcement powers including the power (through intermediary officials) to conduct grand jury proceedings or *any other kind of civil or criminal legal proceeding*; *to conduct litigation*, and to "secur[e] evidence" therefor; to *detect and prosecute crimes*; and to *prosecute "civil actions, suits,* and *proceedings in which the United States is concerned." 28 U.S.C. 515(a), 516, 533, 547; see 28 U.S.C. 509, 510*. The Attorney General is also authorized to "supervise all litigation" to which the *United States is a party* and to direct United States Attorneys and other subordinate attorneys in the "discharge of their respective duties." *28 U.S.C. 519*. These provisions grant the Attorney General extremely broad authority to supervise the enforcement of federal law.
>
> In order for a Department regulation to have the force and effect of law, it must rest on a reasonable construction of the *statutes delegating the authority to promulgate it and must not in substance contradict any act of Congress.* See, e.g., NLRB v. United Food and Commercial Workers Union, Local 23, 484 U.S. 112, 123 (1987); Capital Cities Cable, Inc. v. Crisp, 467 U.S. 691, 699-700 (1989). These rules represent the reasoned judgment of the Attorney General and of the Department about the lawful authority of federal lawyers effectively to investigate and prosecute crimes. *[Emphasis added]*

The "United States" is *only* the real party of interest precluding the "UNITED STATES OF AMERCA", to which the 9th Circuit is to, at a minimum, take judicial

Notice pursuant 44 U.S.C. § 1507 that the DoJ can only sue or prosecute in the name of the "United States" and not the "UNITED STATES OF AMERICA."

The statement made by the DoJ (**Attachment 4** page 4): "*. . . may be no Treasury Regulation . . . is irrelevant*", is a totally preposterous statement with no supporting facts or law by Auchterlonie, which Judge Beistline does not dispute in his Judgment 1. The Hymes offer as Proof that the Internal Revenue only has authority under properly promulgated regulations as found in the Reply being **Attachment 6** pages 1 – 29 of 44 with Affidavits in support thereof and this following Memorandum:

### *Accardi Doctrine* – Agencies shall Obey its own Rules and Regulations

It has been firmly established in the adjudge decision of *United States ex rel Accardi v. Shaughnessy*, 347 U.S. 260, 265-268 (1954) known as the *Accardi Doctrine* that Agencies shall obey and adhere to their own rules and regulations.

Other cases affirming the *Accardi Doctrine* are: *Service v. Dulles*, 354 U.S. 363, 372, 380 (1957); Hollingsworth *v. Balcom*, 441 F.2d 419, 421 (6th Cir. 1971); *Kirkland Masonry, Inc. v. Commissioner of Internal Revenue*, 614 F.2d 532, 534 (5th Cir. 1980); *Cross v. United States*, 512 F.2d 1212, 1218 (4th Cir. 1975); *United States v. Morgan*, 193 F.3d 252, 266 (4th Cir. 1999); *United States v. Heffner*, 420 F.2d 809, 810-811 (4th Cir. 1969); *United States v. Wiley's Cove Ranch*, 295 F.2d 436, 447-448 (8th Cir. 1961); *Northern States Power Co. v. Rural Electrification Admin.*, 248 F.Supp. 616, 621-622 (D.C. 4th Div. Minn. 1965)

*Hollingsworth v. Balcom*, 441 F.2d 419, 422 (6th Cir. 1971) affirmed the *Accardi Doctrine* adding that "departures from an agency's procedure 'cannot be reconciled with the fundamental principle that ours is a government of laws, not men.'"

*Payne v. Block*, 714 F.2d 1510, 1517 (11th Cir. 1983) affirmed the *Accardi Doctrine* adding that "An agency must follow its own procedures even though the procedure is more stringent than would be constitutionally required" citing *Morton v. Ruiz*, 415 U.S. 199, 235 (1974).

*United States v. Leahey*, 434 F.2d 7, 9-11 (1st Cir. 1970) affirmed the *Accardi Doctrine* adding *at page 10* "More important, citizens' faith in the even-handed administration of the laws would be eroded - just as much as if a municipality applied an ordinance to a selected group" And *at page 11* "[W]e hold that the agency had a duty to conform to its procedure, that citizens have a right to rely on conformance, and **that the courts must enforce both the right and duty.**"

*Morris v. McCaddin*, 553 F.2d 866, 870 (4th Cir. 1977) affirmed the *Accardi Doctrine,* adding "An agency of the government must scrupulously observe rules, regulations or procedures which it has established. When it fails to do so, *its actions cannot stand and courts will strike it down.*"

### Agency's failure to conform to its Own Rules or Regulations
### Mandates the Courts to Reverse the Action.

In the adjudged decision of *United States v. Heffner*, 420 F.2d 809, 811, 812 (4th Cir. 1970) it has been firmly established and held that "***An agency** of the government must scrupulously observe rules, regulations, or procedures which it has established. When it fails to do so, its action cannot stand and courts will strike it down.*"

See *National Labor Relations Board v. Welcome-American Fertilizer Co.*, 443 F.2d 19, 20 (9th Cir. 1971); *Bluth v. Laird*, 435 F.2d 1065, 1071 (4th Cir. 1970); *Chen Zhou Chai v. Carroll*, 48 F.3d 1331, 1340 (4th Cir. 1995); *Cross v. United States*, 512

F.2d 1212, 1218 (4th Cir. 1975); *Hollingsworth v. Balcom*, 441 F.2d 419, 422 (6th Cir. 1971); *McCourt v. Hampton et. al*, 514 F.2d 1365, 1370 (4th Cir. 1975); *Morris v. McCaddin*, 553 F.2d 866, 870 (4th Cir. 1977); *Payne V. Block*, 714 F.2d 1510, 1517 (11th Cir. 1983); *Simmons v. Block*, 782 F.2d 1545, 1550 (11th Cir. 1986); *United States v. Dawson*, 486 F.2d 1326, 1329-1330 (5th Cir. 1973); *United States v. Leahey*, 434 F.2d 7, 11 (1st Cir. 1970); *United States v. Mathews*, 464 F.2d 1268, 1269-1270 (5th Cir. 1972).

In *United States v. Coleman*, 478 F.2d 1371, 1374 (9th Cir. 1973) "**Under the general principle that an agency is to be held to the terms of its regulations,** *Service v. Dulles*, 1957, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403; *Vitarelli v. Seaton, 1959, 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012,* **the judgment cannot stand**."

In *Equal Employment Opportunity Commission v. G.E. Co.*, 532 F.2d 359 (4th Circuit 1976) *at 371* "It is only when "noncompliance" with the agency's regulations "results in prejudice" that it will void or abate the administrative proceedings." *At further at 371*, to wit:

> FN37. See, *McCourt v. Hampton* (4th Cir. 1975) 514 F.2d 1365, where the Court said: ***This court has been and will be as assiduous in requiring the government to live up to regulations for the conduct of its own affairs when noncompliance results in prejudice to an adverse party, see, e. g., United States v. Heffner*, 420 F.2d 809 (4 Cir. 1969), as it has and will continue to be in requiring a private citizen to regulate and conduct himself and his affairs in accordance with federal law. (p. 1370) *(Emphasis added)*

In the adjudged decision of the Supreme Court of the United States in *Vitarelli v. Seaton*, 359 U.S. 535, 546-547 (1959), to wit:

> ***An executive agency must be rigorously held to the standards by which it professes its action to be judged.*** See *Securities & Exchange Commission v. Chenery Corp.*, 318 U.S. 80, 87-88. Accordingly, if dismissal from employment is based on a defined procedure, even though generous beyond **the requirements that bind such agency, *that procedure must be scrupulously observed.*** See *Service v. Dulles*, 354 U.S. 363. ***This judicially evolved rule of administrative***

*law is now firmly established* and, if I may add, rightly so. *He that takes the procedural sword shall perish with that sword.* *[Emphasis added]*

### Criteria Establishing Binding Effect in the Federal Register and the CFRs

For regulations to have the *force and effect of law* the 9th Circuit pronounced in *Rank v. Nimmo*, 677 F.2d 692 (9th 1982), citing the holding in *Chrysler v. Brown*, 441 U.S. 281, 301-303 (1979), to wit:

> [T]o have the *"force and effect of law," they must (1) prescribe substantive rules-not interpretive rules, general statements of policy or rules of agency organization, procedure or practice-and, (2) conform to certain procedural requirements.* Chrysler Corp. v. Brown, 441 U.S. 281, 301 (1979). *The first element requires that the rules be legislative in nature, affecting individual rights and obligations. Id. at 302. The second element requires that the agency promulgate the rules pursuant to a specific statutory grant of authority and in conformance with the procedural requirements imposed by Congress. Id. at 302-03.* *[Emphasis added]*

See also *Western Radio Services Co, Inc. v. Espy*, 79 F.3d 896, 901 (9th Cir. 1996); *United States v. Fifty-Three(53) Eclectus Parrots*, 685 F.2d 1131, 1136 (9th Cir. 1982).

In the adjudged decision of *American Petroleum Institute, et al. v. U.S. E.P.A.*, 216 F.3d 50, 68 (U.S. App. D.C. 2000), to wit:

> In determining whether an agency has taken final action the court has looked to a variety of factors, **"including the agency's own characterization of its action, *publication or lack thereof in the Federal Register or Code of Federal Regulations,*** and *whether the action has a binding effect on the rights of parties,* and on the agency's ability to exercise discretion in the future." *[Emphasis added]*

*American Portland Cement Alliance v. E.P.A.*, 101 F.3d 772, 775-776 (U.S. App. D.C. 1996) *at page 776* added to *American Petroleum Institute, et al. v. U.S. E.P.A.*, 216 F.3d 50, 68 (U.S. App. D.C. 2000) "[t]he real dividing point between regulations and general statements of policy is publication in the Code of Federal Regulations . . . " (cites

omitted) "Publication in the Code is not just a matter of agency convention. The regulations governing the Code provide that in shall contain "each Federal regulation of general applicability and legal effect" 1 C.F.R. § 8.1(a) 1996." See also *Montrose Chemical Corp. of California v. E.P.A.*, 132 F.3d 90, 95 (U.S. App. D.C. 1998)

In *Applied Innovations, Inc. v. Regents of the Univ. of Minnesota*, 876 F.2d 626, 633 (8th Cir. 1989) "The district court held that the WPA regulation was not legally binding because *it had never been published in the Federal Register* and university had no actual knowledge of it."

In *Contini v. Hyundia Motor Company, et al.*, 840 F.Supp. 22, 25 (S.D. USDC N.Y. 1993) "Such *ex parte* staff advice, not formally adopted by the agency or published in the Federal Register, **is not binding on the courts**. See 5 U.S.C. § 552(a); 5 U.S.C. § 500 et seq.; 44 U.S.C. §§ 1501-1511." *[Emphasis added]*

Standards for a binding regulation is pronounced in *The Wilderness Society v. Norton*, 434 F.3d 584, 595, 596 (U.S. App. D.C. 2006), to wit:

> In determining whether an agency has issued a binding norm or merely a statement of policy, we are guided by two lines of inquiry. *"One line of analysis focuses on the effects of the agency action," asking whether the agency has "(1) 'impose[d] any rights and obligations,' or (2) 'genuinely [left] the agency and its decisionmakers free to exercise discretion.'"* CropLife Am. v. EPA, 329 F.3d 876, 883 (D.C.Cir.2003) (quoting Cmty. Nutrition Inst. v. Young, 818 F.2d 943, 946 (D.C.Cir.1987) (per curiam)). "[T]he language actually used by the agency" is often central to making such determinations. *Cmty. Nutrition Inst.*, 818 F.2d at 946. **"The second line of analysis focuses on the agency's expressed intentions."** *CropLife Am.*, 329 F.3d at 883. *The analysis under this line of cases "look[s] to three factors: (1) the [a]gency's own characterization of the action; (2) whether the action was published in the Federal Register or the Code of Federal Regulations; and (3) whether the action has binding effects on private parties or on the agency."* Molycorp, Inc. v. EPA, 197 F.3d 543, 545 (D.C.Cir.1999). Under either line of analysis, the MANAGEMENT POLICIES is a statement of policy, not a codification of binding rules.

\* \* \*

It is particularly noteworthy that NPS did not issue its MANAGEMENT POLICIES through notice and comment rulemaking under 5 U.S.C. § 553 of the APA. Although the agency twice gave notice in the Federal Register of proposed policies, it never published a final version of the POLICIES in either the Federal Register or, \*\*177\*596 more significantly, in the Code of Federal Regulations.

***Failure* to publish in the Federal Register is indication that the statement in question was *not* meant to be a regulation since the [APA] requires regulations to be so published.**
The converse, however, is not true: *Publication* in the Federal Register does *not* suggest that the matter published *was* meant to be a regulation, since the APA requires general statements of policy to be published as well. The real dividing point between regulations and general statements of policy is publication in the Code of Federal Regulations, which the statute authorizes to contain only documents

**"having general applicability *and legal effect*," and which the governing regulations provide shall contain only "each Federal regulation of general applicability and current or future effect."**
*[Emphasis added]*

Standards in determining what is a regulation and if the regulation is binding as pronounced in *General Electric Co. v. E.P.A.*, 290 F.3d 377 (U.S. App. D.C. 2002), to wit:

The EPA urges the **court** to consider three factors:

**"(1) the Agency's own characterization of its action; (2) whether the action was published in the Federa lRegister or the Code of Federal Regulations; and (3) whether the action has binding effects on private parties or on the agency."** *Molycorp, Inc.*, 197 F.3d at 545; *see also Florida Power & Light Co. v. EPA*, 145 F.3d 1414, 1418 (D.C.Cir.1998); *American Portland Cement Alliance v. EPA*, 101 F.3d 772, 776

(D.C.Cir.1996). As the EPA concedes, however, <u>*the third factor is the most important: "[T]he ultimate focus of the inquiry is whether the agency action partakes of the fundamental characteristic of a regulation, i.e., that it has the force of law."*</u> *Molycorp, Inc.*, 197 F.3d at 545.

[5] The two tests overlap at step three of the *Molycorp* formulation-in which the court determines whether the agency action binds private parties or the agency itself with the "force of law." This common standard has been well stated as follows:

> <u>*If a document expresses a change in substantive law or policy (that is not an interpretation) which the agency intends to make binding, or administers with binding effect,*</u> the agency may not rely upon the statutory exemption for policy statements, <u>*but must observe the APA's legislative rulemaking procedures.*</u> *[Emphasis added]*

See *The Wilderness Society v. Norton*, 434 F.3d 584, 595 (U.S. App. D.C. 2006); *Molycorp, Inc. v. U.S. E.P.A.*, 197 F.3d 543, 545 (U.S. App. D.C. 1999); *Croplife American, et al. v. E.P.A.*, 329 F.3d 876, 883 (U.S. App. D.C.); *Florida Power & Light Co. v. E.P.A.*, 145 F.3d 1414, 1418 (U.S. App. D.C. 1998).

### If not Published in the Federal Register, it is Non-binding

If there no regulations published in the Federal Register, then it is not-binding. See *Fleet Real Estate Funding Corp. v. Smith*, 530 A.2d 919, 922 (Sup. Ct. PA 1987); *United States v. Coleman*, 200 F.Supp.2d 561, 569 (E.D. USDC N. Carolina 2002)

### Disclaimer Required by Agency to Negate Binding Effect of Regulation

Disclaiming any rule or regulation with a disclaimer negates same to have the *force and effect of law* as pronounced in Croplife *American, et al. v. E.P.A.*, 329 F.3d 876, 883 (U.S. App. D.C.), to wit:

> *[I]n which the court determines whether the agency action binds private parties or the agency itself with the 'force of law.' " Id. at 382. General Electric and other cases also make it clear that the* **agency's**

> *characterization of its own action is not controlling if it self-servingly disclaims any intention to create a rule with the "force of law,"* [Emphasis added]

### Federal Laws and Regulations are Binding on State Courts

See *Lange v. Nelson-Ryan Flight Service, Inc.*, 108 N.W.2d 428, 466 (Sup. Ct Minn. 1961); *Schmidt v. Royer*, 574 N.W.2d 618, 624 (Sup. Ct. S.Dak 1998).

### Regulations are Binding on all Parties when Published in the Federal Register

In the adjudged decision of *Service v. Dulles*, 354 U.S. 363, 372 (1957) ". . . that regulations validly prescribed by a government administrator are binding upon him as well as the citizen, and that this principle holds even when the administrative action under review is discretionary in nature." See also *United States el rel. v. Perkins*, 79 F.2d 533, 533 (2nd Cir. 1935); *United States v. Chin Fook Wah v. Dunton*, 288 F. 959, 959 (Dist. Ct. S.D. N.Y. 1923)

In *Sheridan-Wyoming Coal Co. Inc., v. Krug*, 172 F.2d 282, 287 (U.S. App. D.C. 1949) "The regulation was published in the Federal Register as one of general applicability and legal effect. It had the force and effect of statute. As such, it was binding upon the Secretary until repealed or modified by him."

In the "Final Rule" published in the Federal Register in 2004 by the Department of Justice under 69 FR 57826-57835 at 69 FR 57829, it is held that publication in the Federal Register is binding on all who are within the jurisdiction of the United States, to wit:

> Publication in the **Federal Register** unequivocally constitutes sufficient notice for due process purposes. *__Congress has specified this form of notice and made that notice binding on all who are within the jurisdiction of the United States.__* 44 U.S.C. 1507 (*publication in Federal Register "is sufficient to give notice of the contents of the document to a person subject to or affected by it"*). *__The courts have clearly relied upon__*

*the adequacy of notice by publication in the Federal Register since the Federal Register's inception*. See, e.g., *Lyng* v. *Payne*, 476 U.S. 926, 942–943 (1986); *Dixson* v. *United States*, 465 U.S. 482, 489 n.6 (1984); *Federal Crop Ins. Corp.* v. *Merrill*, 332 U.S. 380, 385 (1947). ***The Department rejects the notion that more notice is required as a matter of law.*** The Department does not accept the premise of the commenters' arguments that it, or any other agency, is required to provide individual notice of the content of the law. ***Like citizens, aliens have a duty to know the law and abide by the law. [Emphasis added]***

It has long been established that publication in the Federal Register is legal notice and binding upon all who are affected thereby in the adjudged decision of *Bennett v. Director, Office of Workers' Compensation Programs, U.S. Dept. of Labor*, 717 F.2d 1167, 1169 (7th Cir. 1983), to wit:

> ***It has long been established that publication of regulations in the Federal Register has the legal effect of constructive notice of their contents to all who are affected thereby.*** 44 U.S.C. § 1507; *Federal Crop Insurance Corp.* v. *Merrill*, 332 U.S. 380, 384-85 (1947); *Diamond Ring Ranch, Inc.* v. *Morton*, 531 F.2d 1397, 1405 (10th Cir.1976). The United States Supreme Court has stated that such regulations are binding ***"regardless of actual knowledge of what is in the Regulations or of the hardship resulting from ignorant innocence."*** *Merrill*, 332 U.S. at 385. ***[Emphasis added]***

See *Dixson v. United States*, 468 U.S. 482 n.6 (1984)

The adjudged decision of the Supreme Court of the United States in *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-385 (1947) held that he who does business with the United States takes the risk of ascertaining that the Government or its agents stay within their authority; and published regulations in the Federal Register are binding upon all who come within its jurisdiction regardless of your actual knowledge of what is in the regulations or the hardship resulting from innocent ignorance. *At 385 ibid* "Men must turn square corners when they deal with the Government."

See *Lying v. Payne*, 476 U.S. 926, 942-943 (1986); *Flick v. Liberty Mutual Fire Ins. Co.*, 205 F.3d 386, 390 (9th Cir. 2000); *Friends of Sierra Railroad, Inc. v. Interstate*

*Commerce Commission*, 881 F.2d 663, 667-668 (9th Cir. 1989); *Roberts v. United States*, 13 Cl.Ct. 774, 777 (Cl. Ct. 1987)

In *Government of Guam v. United States*, 744 F.2d 699 (9th Cir. 1984) publishing in the Federal Register "constituted formal notice to the world of the United States' claim."

*Piccadilly Cafeterias, Inc. v. United States*, 36 Fed.Cl 330 (Ct.Cl 1996) pronounced Letter Rulings are not binding on the court and as the Secretary of Treasury was required to promulgate regulations, but proposed regulations are not binding on the court until they are a final rule.

*Maryland Casualty Co. v. United States*, 251 U.S. 342 (1920) held that it is well settled that a regulation "adapted to enforcement of an act of Congress, the administration of which is confided to such department, has the force and effect of law if it be not in conflict with express statutory provision." See also *United States v. Pierre Grimaud*, 220 U.S. 506, 517(1911)

The adjudged decision of *Chapman v. Sheridan-Wyoming Coal Co.*, 338 U.S. 621, 629 (1950) pronounces that regulations ". . . promulgated pursuant to the Act and hence have the force of law. That it binds him as well as others while it is in effect is not doubted."

### Treasury Regulations are Binding on the Government, it's Officials and the Taxpayer

The adjudged decision of *Pacific Nat. Bank of Seattle v. C.I.R.*, 91 F.2d 103, 105 (9th Cir. 1937) pronounced and cited by many circuits, to wit:

> The suggestion that Treasury Regulations having the force and effect of law are binding on taxpayers, but not on the Commissioner or on the

> Board of Tax Appeals, *cannot be entertained. <u>Tax officials and taxpayers alike are under the law, not above it.</u>* *[Emphasis added]*

In the adjudged decision of the Supreme Court of the United States in *Service v. Dulles*, 1957, 354 U.S. 363 it was pronounced that rules and regulations of an administrative agency are binding upon agency as well as the citizen.

In the adjudged decision of *Brafman v. United States*, 384 F.2d 863 (5th Cir. 1967) "The Treasury Regulations are binding on the Government as well as on the taxpayer: 'tax officials and taxpayers alike are under the law, not above it'."

See *Chen Zhou Chai v. Carroll*, 48 F.3d 1331, 1340 (4th Cir. 1995); *Electronic Components Corp. of North Carolina v. National Labor Relations Board*, 546 F.2d 1088, 1090 (4th Cir. 1976); *Green v. United States*, 460 F.2d 412, 417 (5th Cir. 1972); *Hammond v. H.F. LenFest, USN*, 398 F.2d 705, 715 (2nd Cir. 1968); *Helvering v. Winmill*, 305 U.S. 79, 83 (1938); *Hugoton Production Co. v. United States*, 315 F.2d 868, 861 (Ct.Cl. 1963); *Iglesias v. United States*, 848 F.2d 362, 366-367 (2nd Cir. 1988); *J.G. Boswell Co. v. C.I.R.*, 302 F.2d 682, 685 (9th Cir. 1962); *Daiser Cement Corp v. United States*, 8 Cl.Ct. 34, 40-41 (Ct.Cl. 1985); *Lansons, Inc. v. C.I.R.* 622 F.2d 774, 776 (5th Cir. 1980); *McCord v. Granger*, 201 F.2d 103, 106-107 (3rd Cir. 1952); *Mutual Savings Life Ins. Co. v. United States*, 488 F.2d 1142, 1145 (5th Cir. 1974); *Roberts v. C.I.R.*, 176 F.2d 221 (9th Cir. 1949); *Security Benefit Life Ins. Co. v. United States*, 517 F.Supp. 740, 753 (D. USDC Ks. 1980); *Tipton and Kalmbach, Inc. v. United States*, 480 F.2d 1118, 1121 (10th Cir. 1973); *Warner Bros. Pictures, Inc. v. Westover et al.*, 70 F.Supp. 111, 115 (D.C. S.D. Cal. 1947).

### Re-enacted Statute without Significant Alterations:

### Then the Regulation under the Statute is Still Considered to have Force of Law

In the adjudged decision of *Crane v. Commissioner of Internal Revenue*, 331 U.S. 1, 7-8 (1947) " . . . a relevant statutory provision has been repeatedly reenacted since then in substantially the same form, the former [regulation] may itself be considered to have the force of law."

Therefore, including, but limited to forgoing facts and law, the Hymes do hereby Motion the 9th Circuit to Stay the judicial Sale until the completion of the Appeal and the adjudged decision is issued thereof.

My Hand,

*[signature]*

My Hand,

*[signature: Donald Louis Hymes]*