Rita MariNa Hymes and Donald Louis Hymes
2340 Ravenwood
Fairbanks, Alaska [99709]
907-479-6922



CLERK, U.S. DISTRICT COURT
FAIRBANKS, AK
JUL 7 2008
RECEIVED

**Circuit Court of the United States**

**For the Ninth Circuit**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| *Plaintiff/Appellee* | ) |
| | ) |
| *Versus* | ) |
| | ) |
| **Donald Louis Hymes, Individually** | ) |
| **Rita MariNa Hymes, Individually** | ) |
| *Defendant/Appellant* | ) |
| | ) |

**Case – 08-35495**
**[3:05-cv-123]**

**Motion in the Nature of a Writ of Mandamus under Rule 81(b) to Assist Motion To
Stay and Appeal under Rule 81(b) Supported by Verified Affidavits
And Appendix with Attachments in Support**

Come now Rita MariNa Hymes and Donald Louis Hymes (Appellants) without

Assistance of Counsel with this Motion in the nature of a Writ of Mandamus to Assist

Motion to Stay and Appeal under Rule 81(b) Supported by Verified Affidavits and

Appendix with Attachments in Support *to confine an inferior court,* being Judge Ralph

R. Beistline ("Beistline") *to a lawful exercise of its prescribed jurisdiction or to compel*

*it to exercise its authority when it is its duty to do so.*

**Mandamus**
**Ministerial Duties – Employees**

The 9th Circuit has consistently held that a Mandamus under 28 U.S.C. § 1361 (CODE) as in *Benny v. United States Parole Commission*, 295 F.3d 977, 989 (9th Cir. 2002) is proper where, to wit:

> "(1) the plaintiff's claim is clear and certain; (2) the [defendant's] duty is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available" citing *Oregon Natural Res. Council v. Harrell*, 52 F.3d 1499, 1508 (9th Cir. 1995 (quoting *Fallini V. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986).

Appellants do claim that the Mandamus is clear and certain as evidenced by this Mandamus and Attachments; and, that the duty of the Plaintiff/Appellee, including United States District Judges *is only ministerial,* as all Internal Revenue Service ("IRS") Agents/Officers/Employees ("employees") are *all exclusively only employees* who are mandated to have a Form 61 on file as an "*employee of the Government of the United States or any agency thereof*" as evidenced by Offers of Proof examples, including but limited to the being **Attachment A1** of the ex-Commissioner of Internal Revenue Charles O. Rossotti; and, being **Attachment A2** of Revenue Officer of the Internal Revenue Service ("IRS") of Michael Walsh (Alaska); and, being **Attachment A3** of United States District Judge Ralph R. Beistline (Alaska); and, being **Attachment A4** of United States District Judge James K. Singleton (Alaska); and, so plainly prescribed as to be free from doubt; and, no other remedy is available in the current Administrative State as the IRS employees are only bound as are the courts by the mandates of Congress (CODE) of the Rules and Regulations published in the Federal Register and the Code of Federal Regulations ("CFR") under the specific requirements of Congress to discern if the Rules and Regulations are for the Federal (agency) and State (agency) employees or the public.

**Judges – Abuses of judicial Power of the United States**

As pronounced in the adjudged decision of *Will v. United States*, 389 U.S. 90, 95-96 (1967) the Writ of Mandamus to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so, to wit:

> *At 95 ibid*, The peremptory writ of mandamus has traditionally been used in the federal courts only '*to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so*. '*Roche v. Evaporated Milk Assn.*, 319 U.S. 21, 26, 63 S.Ct. 938, 941 (1943). While the courts have never confined themselves to an arbitrary and technical definition of 'jurisdiction,' it is clear that only exceptional circumstances amounting to a judicial '*usurpation of power*' will justify the invocation of this extraordinary remedy. *De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 217, 65 S.Ct. 1130, 1132, 89 L.Ed. 1566 (1945).
>
> * * *
>
> *At 96 ibid*, . . . *where a district judge displayed a persistent disregard of the Rules of Civil Procedure promulgated by this Court, La Buy v. Howes Leather Co*., 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957); see *McCullough v. Cosgrave*, 309 U.S. 634, 60 S.Ct. 703, 84 L.Ed. 992 (1940); *Los Angeles Brush Mfg. Corp. v. James*, 272 U.S. 701, 706, 707, 47 S.Ct. 286, 288, 71 L.Ed. 481 (1927) (dictum). And the party seeking mandamus has 'the burden of showing that its right to issuance of the writ is '*clear and indisputable*.'"*Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384, 74 S.Ct. 145, 148, 98 L.Ed. 106 (1953); see *United States ex rel. Bernardin v. Duell*, 172 U.S. 576, 582, 19 S.Ct. 286, 287 (1899). *[Emphasis added]*

In the adjudged decision of *The Board of Commissioners of Knox County, Plaintiffs in Error v. Aspinwall et al.*, 65 U.S. 376, 383-384 (1860), to wit:

> for it must be admitted, that, according to the *well-established principles and usage of the common law, the writ of mandamus* is a *remedy to compel* any *person*, corporation, *public functionary, or tribunal*, to *perform some duty required by law*, where the party seeking relief *has no other legal remedy*, and the duty sought to be *enforced is clear and indisputable.*

### Overview

**Two Distinct Different Groups for Taxation of Internal Revenue with Two Distinct Statutory Authorities.**

The complex obfuscatory Internal Revenue Code of Title 26 U.S.C. with the mandated Title 26 CFRs establish the administration of the Individual Income Tax by the Internal Revenue Service. Congress has established rules that create application of the Individual Income Tax upon **only two** distinct and separate groups. The Authority of

Congress has mandated publishing all regulations in the Federal Register, and under the Administrative Procedures Act 5 U.S.C. § 552(a)(1) it mandates that *substantive rules* (rules and regulations have the same meaning – 1 CFR § 1.1) of general applicability undergo the requirements of 5 U.S.C. § 553 with a comment period; and, in conjunction with the mandates of the Paperwork Work Reduction Act of 1995 ("PRA"). For the 5 U.S.C. § 301 statutory authority for federal employees who will not comply with the mandates of 5 U.S.C. § 553 for rule making with a comment period. These mandates can succinctly be delineated between ***two distinct groups whereby each is specifically bound by very specific rule making***.

Under the statutory scheme of Congress ***the two distinct groups are conclusively disclosed*** in 26 CFR § 601.702 as published in the Federal Register at 67 FR 69673-69688 (2002), specifically at 67 FR 69675 for part 601 (Statement of Procedural Rules), being **Attachment B** under the statutory authority of two statutes, to wit:

> **Group 1:** being **5 U.S.C. § 301** -- defines employees of the federal government (State employees "piggyback" on federal government rules); and,

> **Group 2:** being **5 U.S.C. § 552(a)(1)** - defines substantive rules of general applicability that ***precludes federal employees*** and pertains to ***private sector parties only*** (including, but is not limited to, "citizens of the United States" in 26 CFR § 1.6012-1; and, the operative sections in 26 CFR § 1.861(f)(1) discussing DISC and FSC taxable income, nonresident alien individuals and foreign corporations, foreign base income, etc.

**Rulemaking for Group 1 *versus* Group 2 Mandated by 5 U.S.C. § 553.**

The rule making for **Group 1** for the federal/state employees as mandated by 5 U.S.C. § 553 will not include the mandated comment period mandated for **Group 2** "citizens of the United States", etc. and the preclusion of 5 U.S.C. § 553 will be disclosed only in the Federal Register for **Group 1**.

The rule making for **Group 2** being "citizens of the United States", etc. consisting of all "substantive rules of general application" mandated under 5 U.S.C. § 552(a)(1) must be published in the Federal Register and the rulemaking compliance must be disclosed concerning compliance with a comment period as mandated in 5 U.S.C. § 553.

**Indentifying the Rules for Group 1 versus Group 2**

In 26 CFR § 601.702 being **Attachment B** as published in the Federal Register at 67 FR 69673-69688 (2002) specifically at 67 FR 69675 for the part 601 (Statement of Procedural Rules) the rules for identification for each of the two groups is also disclosed under the statutory authority of *5 U.S.C § 301* (federal employees) and *5 U.S.C. § 552* the public and substantive regulations requirements and rulemaking requirements.

For **Group 1** for federal employees the rules will start with *301.xxxx* as stated at 67 FR 69675 "[T]he regulations in part 301 of this chapter (Procedure and Administration Regulations);."

To conclusively confirm that the statutory authority of 5 U.S.C. § 301 for **Group 1** for federal employees is identified as *301.xxxx* rules, five (5) different Offers of Proof will be presented.

**Offer of Proof 1 – "301" type regulations is linked directly to only 5 U.S.C. § 301 for federal employees.**

In **Attachment C,** published in the Federal Register Final Rule 59 FR 39910-39931 published August 4th, 1994 for the Department of Justice by then Attorney General

of the United States Janet Reno at 59 FR 39915, the conclusive evidence of the holdings

in *Chrysler v. Brown*, 441 U.S. 281, 307-316 (1979) ***of "301" type regulations known as***

***"house keeping" regulations,*** which ***<u>do not have the force and effect of law</u>*** *ibid. under*

*Chrysler holdings* and will not have a comment period as mandated by 5 U.S.C. § 553

*ibid. Chrysler's holdings* is ***<u>linked directly to 5 U.S.C. § 301, which is only for federal</u>***

***<u>employees</u>***, to wit:

> Rules governing the conduct of Department attorneys, or any other officials of the Executive Branch, ***may be promulgated only pursuant to constitutional or statutory authority.*** Congress's delegation of authority need not be specific or explicit. *Chrysler Corp.* v. *Brown*, 441 U.S. 281, 307-08 (1979). The Department believes that it possesses appropriate statutory authority to promulgate this regulation ***pursuant to two distinct sources***: *<u>5 U.S.C. 301 ("commonly referred to as the 'housekeeping statute,'" Chrysler Corp., 441 U.S. at 309 (citation omitted))</u>*, and title 28 of the United States Code, which in a variety of provisions authorizes the Attorney General and the Department to enforce federal law and to regulate the conduct of Department attorneys.
>
> Section 301 of title 5, United States Code, authorizes the Attorney General to "prescribe regulations for the government of [her] department," "the conduct of its employees," and "the distribution and performance of its business." 5 U.S.C 301. The Supreme Court has held that this provision authorizes the Attorney General to issue regulations with extra-departmental effect. *See, e.g., Georgia* v. *United States*, 411 U.S. 526, 536 (1973) (holding that section 301 provided the Attorney General with "ample legislative authority" to issue regulations that established procedural and substantive standards binding on state and local governments); *United States ex rel. Touhy. Ragen*, 340 U.S. 462 (1951) (federal government attorney could not be held in contempt for following an Attorney General regulation promulgated pursuant to a predecessor to section 301).

**Offer of Proof 2 – Words in Federal Register 301 Regulations Republished in 32 FR 15241-15387 on November 3, 1967.**

All of Title 26 of Part 301 regulations – Procedure and Administration

Regulations were republished November 3, 1967 as evidenced by **Attachment D**

published in the Federal Register at 32 FR 15241-15387 with the applicable *excerpt* only

having application to federal officers and employees, etc. and state officers and

employees, etc. as published in the Federal Register of 1967 being 32 FR 15241-15243,

32 FR 15247 and 32 FR 15288-152289 concerning Notices of Federal Tax Liens with the

statutory authority of same and specifically delineating whom the Notices of Federal Tax

Lien have application as evidenced in 301.6331-1 and 301.6332-1, to wit:

§ 301.6331  Statutory provisions; levy and distraint.
* * *

Levy may be made upon the ***accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia*** by serving a notice of levy on the employer (*as* defined In section 3401(d) ) of such officer, employee, or elected official. *[Emphasis added]*

* * *

§ 301.6331-1  Levy and distraint.
* * *

*(4) Certain types of compensation—* (1) ***Federal employees.*** *Levy may be made upon the accrued salary or wages of any of the Armed Forces), or **elected or appointed official, of the United States, the District of Columbia, or any agency or instrumentality of either**, by serving a notice of levy on the employer of the delinquent taxpayer.* As used In this subdivision, the term *"employer" means* (a) *the officer or employee of the United States, the District of Columbia, or of the agency or instrumentality of the United States or the District of Columbia, who has control of the payment of the wages*, or (b) any *other officer or employee designated by the head of the branch, department, agency, or instrumentality of the United States or of the District of Columbia as the party upon whom service of the notice of levy may be made.* If the head of such branch, department, agency or instrumentality designates an officer or employee other than one who has control of the payment of the wages, as the party upon whom service of the notice of levy may be made, such head shall promptly notify the Commissioner of the name and address of each officer or employee so designated and the scope or extent of his authority as such designee.

*(ii) State and municipal employees.* ***Accrued salaries, wages, or other compensation of any officer, employee, or elected or appointed official of a State or Territory, or of any agency, Instrumentality, or political subdivision*** thereof, are also subject to levy to enforce collection of any Federal tax.    *[Emphasis added]*

### Offer of Proof 3 – Only for State Officers and Employees

**Attachment E** , as published in the Federal Register – 55 FR 3590 of February 2, 1990 amended 31 CFR § 215.2 Definitions, is the legal evidence for State Income tax withholding only for employees of an state agency and certain military, to wit:

(h)(1) ***"Employees" for the purpose of State Income tax withholding***, means ***all employees of an agency, other than members of the armed forces.*** For city and county income or employment tax withholding, it means: (i) ***Employees of an agency***: (ii) ***Members of the National Guard*** participating in exercises or performing duty under 31 U.S.C. 502; or (iii) ***Members of the Ready Reserve*** participating in scheduled drills or training periods, or serving on active duly for training under 10 U.S.C. 270(a). The term does not include retired personnel, pensioners, annuitants, or similar beneficiaries of the Federal Government, who are not performing active civilian service or persons receiving remuneration for services on a contract-fee basis. *[Emphasis added]*

### Offer of Proof 4 – State is Piggybacked on the Federal Income Tax by Contract and Wages are only for nonresident aliens.

IRS's T.D. 7577 under the statutory authority of 26 U.S.C. § 7805 (enforcement) and 26 U.S.C § 6364 (86 Stat. 944 [1972] - Regulations to be prescribed by Secretary or his delegate for State Individual Income Tax) as a Final Rule , **Attachment F,** was published in the Federal Register on December 20, 1978 at 43 FR 59356-59376 as conclusive evidence that the ***piggybacking*** upon the Federal collection system is used to collect individual income taxes imposed by a State and that they will be collected as if they were Federal income taxes with the revenue collected turned over to the electing State *ibid at* 43 FR 59356-59357.

**Attachment F** at 43 FR 59357-59358 states that returns are required to be made by every individual, estate, or trust which is liable as defined in 26 U.S.C. § 6362 and are instructed to see 26 CFR § 301.6361-1 being a ***301 type regulation***, which is for federal employees (Regulations on procedure and administration).

**Attachment F** at 43 FR 59359- the taxes imposed by Chapter 1 individual income taxes are treated pursuant to 6361(a), as if they were imposed by chapter 1.

**Attachment F** at 43 FR 59361 for the penalties for ***Liens for taxes*** are under 26 CFR § 301.6321-1 (federal employees, i.e. 301 regulations) of the State Individual Income Tax piggybacked on the Federal Individual Income Tax.

**Attachment F** at 43 FR 59363 for ***Criminal penalties***, which will be treated as a separate offense as with respect to the Federal Tax.  If the taxpayer attempts to evade both Federal and State Individual Income Tax the taxpayer will be subject to two criminal offenses under 26 U.S.C. § 7201 and see also 26 CFR § 301.6362-7(f).

**Attachment F** at 43 FR 59372, i.e. 26 CFR § 301.6361-7(f) for federal employees is extremely important as "Civil and criminal sanctions . . . income of

individuals by chapter 1 and on ***wages of individuals by chapter 24, apply to individual and their employers*** . .”

26 U.S.C. Chapter 24 on ***Wages*** consists of six code sections being 26 U.S.C. §§§§§§ 3401, 3402, 3403, 3404, 3405 and 3406 (“26 U.S.C. Chapter 24”). 26 U.S.C. Chapter 24 has no part 301 (**Group 1**) regulations (301.3401, 301.3402, 301.3403, 301.3404, 301.3405 or 301.3406) and has no part 1 (**Group 2**) regulations (1.3401, 1.3402, 1.3403, 1.3404, 1.3405 or 1.3406). But in the substantive regulations table published under the enforcement Code of 26 U.S.C. § 7805 in **Attachment G** at C.F.R. T. 26, Ch. I, Subch. A, Pt. 1 there is a restricted statutory Authority of 26 U.S.C. § 3401(a)(6) “(6) for such services, performed by a ***nonresident alien individual***, as may be ***designated by regulations*** prescribed by the Secretary; or” for nine (9) part 1 regulations for Individual Income Taxes being strictly for ***nonresident alien individuals and foreign corporations***, to wit:

1.    26 CFR § 1.1441-2 – Authority of 26 U.S.C. § 1441(c)(4) - Nonresident Aliens and Foreign Corporations and 26 U.S.C. § 3401(a)(6); and,

2.    26 CFR § 1441-3 – Authority of 26 U.S.C. § 1441(c)(4) – Nonresident Aliens and Foreign Corporations, 26 U.S.C. § 3401(a)(6) and 26 U.S.C. § 7701(1) “(1) Person.--The term "person" shall be construed to mean and include an individual, a trust, estate, partnership, association, company or corporation.”; and,

3.    26 CFR § 1.1441-4 – Authority of 26 U.S.C. § 1441(c)(4) – Nonresident Aliens and Foreign Corporations and 26 U.S.C. § 3401(a)(6); and,

4.    26 CFR § 1441-5 – Authority of 26 U.S.C. § 1441(c)(4) – Nonresident Aliens and Foreign Corporations, 26 U.S.C. § 3401(a)(6)  and 26 U.S.C. § 7701(b)(11) “(11)

**Secretary of the Treasury and Secretary.--** (A) Secretary of the Treasury.--The term "Secretary of the Treasury" means the Secretary of the Treasury, personally, and shall not include any delegate of his. **(B) Secretary.**--The term "Secretary" means the Secretary of the Treasury or his delegate."; and,

5.    26 CFR § 1.441-6 – Authority of 26 U.S.C. § 1441(c)(4) – Nonresident Aliens and Foreign Corporations and 26 U.S.C. § 3401(a)(6); and,

6.    26 CFR § 1.1441-7 – Authority of 26 U.S.C. § 1441(c)(4) – Nonresident Aliens and Foreign Corporations, 26 U.S.C. § 3401(a)(6) and 26 U.S.C. § 7701(1) "(1) Person.--The term "person" shall be construed to mean and include an individual, a trust, estate, partnership, association, company or corporation."; and,

7.    26 CFR § 1.1461-1 – Authority of 26 U.S.C. § 1441(c)(4) – Nonresident Aliens and Foreign Corporations and 26 U.S.C. § 3401(a)(6); and,

8.    26 CFR § 1.1461-2 – Authority of 26 U.S.C. § 1441(c)(4) – Nonresident Aliens and Foreign Corporations and 26 U.S.C. § 3401(a)(6); and,

9.    26 CFR § 1.1462-1 – Authority of 26 U.S.C. § 1441(c)(4) – Nonresident Aliens and Foreign Corporations and 26 U.S.C. § 3401(a)(6).

Note that regulations 7 and 8 *supra.*, is 26 U.S.C. § 1461 - "Liability of withheld tax" and regulation 9 *supra.*, is 26 U.S.C. § 1462 – "Withheld tax as credit to recipient of income."

**Offer of Proof 5 – Federal employees and State piggybacked Must File Federal Income Tax Returns under 301 regulations (Group 1).**

**Attachment F** at 49 FR 59361, i.e. 26 CFR § 301.6361-1 in this 301 regulation Federal employees and State employees piggybacked must file a Federal Income Tax Return, to wit:

**(b) Returns of qualified taxes.** *Every individual*, estate, or trust which has liability for one or more *qualified taxes* for a taxable year--
    (1) *Shall file a Federal income tax return* at the time prescribed pursuant to section 6072(a) (*whether or not such return is required by section 6012*), and shall file therewith on the prescribed form a return under penalties of perjury for each tax which is-- . . .

### Who Must File for Part 1 Individual Income Taxes (Group 2).

Part 1 Individual Income Taxes are mandated by Congress in 26 U.S.C. § 6011(a), to wit:

    Sec. 6011. General requirement of return, statement, or list
    (a) General rule.--*When required by regulations prescribed by the Secretary* any person *made liable for any tax imposed by this title*, or with respect to the collection thereof, *shall make a return or statement* according to the forms and *regulations prescribed by the Secretary*. Every person required to make a return or statement *shall include therein the information required by such forms or regulations*. *[Emphasis added]*

Whether the Individual Income Taxes mandated by statute (Code) in 26 U.S.C. § 6011(a) are subject to **Attachment H** being the Paperwork Reduction Act of 1995 Final Rule published August 29, 1995 at 60 FR 44978-44996 is found on 60 FR 44980 with reference to the court cases being **Attachment I** of the Proposed Rule published in the Federal Register on June 8, 1995 at 60 FR 30438-30456 at the *excerpt* of 60 FR 30441 wherein not all of the circuits are in accord. Congress in 6011(a) mandates that filing *when required by regulations* (only the IRS enforces by and through regulations) in 60 FR 44980 would mandate the services of the IRS and make operative 26 U.S.C. § 7805 ". . . shall prescribe all needful rules and regulations for the *enforcement of this title* . . . ", and make operative the parts emphasized herein, to wit:

    Thus, the preamble described proposed § 1320.6(e) as stating the principle "where Congress imposes a collection of information directly on persons, by statute [as in those two statutory examples in the proposed regulation], then the public protection provided by proposed § 1320.6(a) would not preclude the imposition of penalties for a person's failure to comply with the statutory mandate." Id. The preamble concluded by noting that "*[t]his principle*, however, *does not extend to situations in which a statute authorizes*, or *directs, an agency to impose a collection of information on persons*, and *the agency does so*. *In such cases, the agency is obligated to comply with the Paperwork Reduction Act of 1995 in imposing the paperwork requirement* (*just as the agency must comply with other applicable statutes—e.g. the Administrative Procedure Act in the case of*

*regulations), and the public protection provided by proposed § 1320.6(a) would apply to such paperwork requirements.*'' Id. *[Emphasis added]*

This would make operative in **Attachment H** Final Rule *excerpt* at 60 FR 44985

of 5 CFR § 1320.3 – Definitions, to wit:

(c) *Collection of information* means, except as provided in § 1320.4, the *obtaining, causing to be obtained, soliciting*, or *requiring the disclosure to an agency*, third parties or the public of information by or for an agency by means of identical questions posed to, or identical reporting, recordkeeping, or disclosure requirements imposed on, ten or more persons, *whether such collection of information is mandatory, voluntary, or required to obtain or retain a benefit.* ''Collection of information'' *includes any requirement or request for persons to obtain, maintain, retain, report, or publicly disclose information*. As used in this Part, ''collection of information'' refers to the act of collecting or disclosing information, to the information to be collected or disclosed, to a plan and/or an instrument calling for the collection or disclosure of information, or any of these, as appropriate. *[Emphasis added]*

This court shall take judicial Notice of the cases and the public records published

including but not limited to in the Federal Register and as mandated also in 44 U.S.C. §

1507 "The contents of the Federal Register shall be judicially noticed and without

prejudice to any other mode of citation, many be cited by volume and page number."

All Attachments are presented as an Offer of Proof and the documents published

in the Federal Register are binding upon the court as on the agencies and/or it employees

and officers thereof.

## Jurisdiction

The jurisdiction for this Mandamus is under 28 U.S.C. § 1361 to compel an

officer or employee of the United States or any agency thereof to perform a duty owed to

the Plaintiff, which includes a judge, *to confine an inferior court to a lawful exercise of*

*its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to*

*do so*. Hymes does not waive the right to have these issues adjudicated in a District

Court of the United States arising under Article III of the Federal Constitution in all

Cases in Law and Equity exercising the judicial Power of the United States under the

Authority of the United States understanding that the United States District Court ("USDC") was established in 1948 in 28 U.S.C. § 132 incorporating also the Revisor's Notes in the public record of 1948 in Title 28 United States Code Congressional Service approved on June 25, 1948 in Pages 1487-2174.

### Parties

**Rita MariNa Hymes (Defendant/Appellant)** is a citizen of the United States of America (naturalized), white citizen domiciled in one of the several States therefore being a citizen of one of the several States.

**Donald Louis Hymes** (Defendant/Appellant) is a citizen of the United States of America, white citizen and Natural Born Native of the foreign state of Maryland domiciled in one of the several States being Alaska therefore a citizen of one of the several States.

### UNITED STATES OF AMERICA is an unknown entity.

### Some of the Mandatory Issues for Judge Ralph R. Beistline

1.    Congress has mandated in 26 U.S.C. § 6011(a), to wit:

> Sec.  6011. General requirement of return, statement, or list
> (a) General rule.--***When required by regulations prescribed by the Secretary*** any person ***made liable for any tax imposed by this title***, or with respect to the collection thereof, ***shall make a return or statement*** according to the forms and ***regulations prescribed by the Secretary***.  Every person required to make a return or statement ***shall include therein the information required by such forms or regulations***.  *[Emphasis added]*

Beistline must disclose the "regulations prescribed by the Secretary any person made liable for any tax imposed by this title" to the Hymes so that they can comply, which they will immediately do upon Beistline's disclosure; remembering that Beistline is bound by the Federal Register to disclose the published substantive regulation under 5 U.S.C. § 552(a)(1) for **Group 2**, as Appellants are not a Federal employees or

State/municipal employees under the *piggybacking* scheme under 5 U.S.C. § 301 for federal employees.

2.    Beistline must disclose the *Wages* regulations to Appellants, as all of Title 26 Chapter 24 - Wages (§§§§§§ 3401, 3402, 3403, 3404, 3405 and 3406) have no Part 1 regulations and there aren't even any part 301 regulations for federal employees. But there are regulations for nonresident aliens and foreign corporations in 1.1441-2, 1.1441-3, 1.1441-4, 1.1441-5, 1.1441-6, 1.1441-7, 1.1461-1, 1.1461-2 and 1.1462-1 under the statutory authority of 26 U.S.C. 3401(c)(6) for nonresident aliens.  If Beistline would disclose these part 1 substantive regulations to the Hymes, they will immediately file the appropriate Form 1040 with OMB 1545-0074 as the Hymes have no *Wages* by regulations.

3.    Only the IRS is under the statutory authority of Congress given the authority by regulations to enforce Title 26 and this precludes Beistline.  Therefore if Beistline would disclose to **Appellants** his authority to mandate by part 1 substantive regulations, the **Appellants** will immediately file a Form 1040 OMB 1545-0074.

4.    Beistline has refused to disclose the authority mandating the Filing of a Form 1040 under OMB 1545-0074, which under all of the regulations precludes the Appellants from filing and would in fact force the Appellants to commit perjury and other crimes of providing false information.  Therefore, the Appellants again demand that Beistline disclose his authority to mandate the filing of a Form 1040 under OMB 1545-0074 and the regulations applicable to Appellants.

## Documents Filed or at Issue

There have been filed against the Appellants Notices of Federal Tax Liens ("NFTL") being **Attachments J1** in the Fairbanks Recording District. This NFTL is under the statutory authority 26 U.S.C. § 6321, 6322 and 6323. There are regulations for **Group 1** Part 301 being 26 CFR § 301.6321-1 for federal and state employees and 26 CFR § 301.6323-1 also for federal and state employees but there are no **Group 2** Part 1 substantive regulations. There is no such thing as a "1040 tax" as it is neither a statute or regulation, i.e. therefore void and a fraud.

Therefore the NFTL has met none of the mandatory requirements for part 1 substantive regulation to be published in the Federal Register and has no application to Appellants as a *matter of law*.

### Conclusion and Remedy

The Appellants have met and exceeded all of the prongs for a Mandamus as the evidence is irrebuttable, the Appellants have no other remedy available; and, therefore petition this Court, that Beistline be bound by the substantive regulations published in the Federal Register, that there are no substantive regulation of Part 1, i.e. **Group 2** for Wages of Title 26 Chapter 24, no substantive regulations of Part 1, i.e. **Group 2** for 26 U.S.C. §§§ 6321, 6322 and 6323. But there clearly are regulations for Part 301, i.e. **Group 1** for federal employees under 26 CFR § 301.6321 and 26 CFR 301.6323.

Further, the Motion in the nature of a Mandamus is proper as Beistline has exceeded the judicial Power of the United States in this court and has not followed the mandates of Congress and Federal Register Publication mandated the rules and regulations applicable.

And further, Beistline has ignored all of Appellants motions and  relevant evidence.

And further, this should be Remanded with instructions to Vacate this instant Case as the Appellants have complied with all of the substantive regulations of Part 1, have complied with the Administrative Procedures Act of 5 U.S.C. § 552(a)(1) and the Rule making of 5 U.S.C. § 553.

My Hand

My Hand,

STATE OF ALASKA        )
                            ) ss.
Fairbanks North Star Borough  )

### Verified Affidavit of Rita MariNa Hymes

I, Rita MariNa Hymes, do swear (or affirm) that the preceding and following facts are true and correct under the penalties of perjury.

1.      My true proper name is Rita MariNa Hymes.

2.      I am of the age of majority and competent to testify to the facts preceding and within this affidavit.

3.      I have operated in good faith at all times.

4.      I am not a "citizen of the United States" as used by Congress and defined in 42 U.S.C. §§§ 1981, 1982 and 1988 (Revised Statutes of 1878 Title XXIV) to have the same rights "as enjoyed by white citizens" as I am a white citizen.

5.      I am a citizen of one of the several States.

6.      I have not found *substantive regulations that have the force and effect of law* under 26 U.S.C. §§§ 6321, 6322 and 6323 for the Notices of Federal Tax Liens for Part 1 regulations of **Group 2.**

7.      I have not found any regulations that have been published in the Federal Register that have *general applicability and legal effect* under 26 U.S.C. Chapter 24 (Wages).

8.      I have not found *substantive regulations that have the force and effect of law* under for a "1040 tax" found on the NFTL of the IRS.

9.    I have not found *substantive regulations that have the force and effect of law* under 26 U.S.C. § 6065 such as 26 CFR § 1.6065-1 for the jurat of penalties of perjury on the Form 1040 with OMB 1545-0074.

10.    I have not found any regulations that have been published in the Federal Register that have *general applicability and legal effect* under 26 U.S.C. § 6065-1 for the jurat of penalties of perjury on the Form 1040 with OMB 1545-0074.

11.    All of the regulations that I have found under 26 U.S.C. § 6331 are only 26 CFR § 301.6331-x regulations of which I have relied upon the decisions of the holding of the Supreme Court of the United States, the Federal Register Act of 1935 as amended, the Administrative Procedures Act, the Paperwork Reduction Acts would not be substantive regulations having the force and effect of law and do not have any general applicability and legal effect upon the public or me.

12.    I am not an employee  or officer of any agency state or federal or in the military service.

13.    I have repeatedly asked Beistline to cite the specific regulations of part 1 that require me to file a Form 1040 under OMB 1545-0074 to no avail to date.

My Hand,

Sworn and subscribed before me a Notary Public in and for the State of Alaska.

My Commission expires on _____.

_____

Signature of Notary Public

STATE OF ALASKA            )
                           ) ss.
Fairbanks North Star Borough   )

### Verified Affidavit of Donald Louis Hymes

I, Donald Louis Hymes, do swear (or affirm) that the preceding and following facts are true and correct under the penalties of perjury.

1.      My true proper name is Donald Louis Hymes.

2.      I am of the age of majority and competent to testify to the facts preceding and within this affidavit.

3.      I have operated in good faith at all times.

4.      I am not a "citizen of the United States" as used by Congress and defined in 42 U.S.C. §§§ 1981, 1982 and 1988 (Revised Statutes of 1878 Title XXIV) to have the same rights "as enjoyed by white citizens" as I am a white citizen.

5.      I am a citizen of one of the several States.

6.      I have not found *substantive regulations that have the force and effect of law* under 26 U.S.C. §§§ 6321, 6322 and 6323 for the Notices of Federal Tax Liens for Part 1 regulations of **Group 2.**

7.      I have not found any regulations that have been published in the Federal Register that have *general applicability and legal effect* under 26 U.S.C. Chapter 24 (Wages).

8.      I have not found *substantive regulations that have the force and effect of law* under for a "1040 tax" found on the NFTL of the IRS.

9.      I have not found *substantive regulations that have the force and effect of law* under 26 U.S.C. § 6065 such as 26 CFR § 1.6065-1 for the jurat of penalties of perjury on the Form 1040 with OMB 1545-0074.

10.     I have not found any regulations that have been published in the Federal Register that have *general applicability and legal effect* under 26 U.S.C. § 6065-1 for the jurat of penalties of perjury on the Form 1040 with OMB 1545-0074.

11.     All of the regulations that I have found under 26 U.S.C. § 6331 are only 26 CFR § 301.6331-x regulations of which I have relied upon the decisions of the holding of the Supreme Court of the United States, the Federal Register Act of 1935 as amended, the Administrative Procedures Act, the Paperwork Reduction Acts would not be substantive regulations having the force and effect of law and do not have any general applicability and legal effect upon the public or me.

12.     I am not am employee  or officer of any agency state or federal or in the military service.

13.     I have repeatedly asked Beistline to cite the specific regulations of part 1 that require me to file a Form 1040 under OMB 1545-0074 to no avail to date.

My Hand,


Sworn and subscribed before me a Notary Public in and for the State of Alaska.

My Commission expires on _____.


                              _____

                              Signature of Notary Public

**CERTIFICATE OF SERVICE**

This document with Attachments has been mailed first class via USPS to the following parties, to wit:

Nelson P. Cohen
U.S. Attorney
222 West 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567

Ivan C. Dale
Attorney, Tax Division
Department of Justice
P.O.Box 502
Washington, D.C. 20044

Date: July 7, 2008

Rita MariNa Hymes