Case 3:05-cv-00123-RRB    Document 214-3    Filed 07/07/2008    Page 1 of 1

# DEPARTMENT OF JUSTICE

## 28 CFR Part 77

[AG Order No. 1903-94]

## Communications With Represented Persons

**AGENCY:** Department of Justice.
**ACTION:** Final rule.

**SUMMARY:** This final rule governs the circumstances under which attorneys employed by the Department of Justice ("Department") may communicate with persons known to be represented by counsel in the course of law enforcement investigations and proceedings.

The purpose of this rule is to impose a comprehensive, clear, and uniform set of regulations on the conduct of government attorneys during criminal and civil investigations and enforcement proceedings. The rule is intended to ensure that government attorneys adhere to the highest ethical standards, while eliminating the uncertainty and confusion arising from the variety of interpretations of state rules, some of which have been incorporated as local court rules in a number of federal district courts.

The rule establishes, prospectively, a general prohibition, subject to limited enumerated exceptions, against contacts with "represented parties" without the consent of counsel. This prohibition derives from the American Bar Association ("ABA") Code of Professional Responsibility and its successor, the ABA Model Rules of Professional Conduct. The rule, on the other hand, generally permits investigative contacts with "represented persons": that is, individuals or organizations that are represented by counsel but that have not yet been named as defendants in a civil or criminal enforcement proceeding or arrested as part of a criminal proceeding. However, the rule does not permit contacts with represented persons without the consent of counsel for the purpose of negotiating plea agreements, settlements, or other similar legal arrangements.

In addition, the Department intends to issue substantial additions to the United States Attorneys' Manual ("Manual") to provide additional direction to Department attorneys when they deal with represented individuals and organizations, in order to accommodate more fully the principles and purposes underlying the state bar rules. Those provisions will further restrict government attorneys when they contact targets of criminal or civil law enforcement investigations who are known to be represented by counsel, and when they communicate with other represented persons.

**EFFECTIVE DATE:** September 6, 1994.

**FOR FURTHER INFORMATION CONTACT:** F. Mark Terison, Senior Attorney, Legal Counsel, Executive Office for United States Attorneys, United States Department of Justice, (202) 514-4024. This is not a toll-free number.

**SUPPLEMENTARY INFORMATION:**

## I. Background

This final rule on the subject of communications with represented persons culminates a lengthy rulemaking process in which a proposed rule on the same subject was issued three separate times for comment. See 59 FR 10086 (Mar. 3, 1994); 58 FR 39976 (July 26, 1993); and 57 FR 54737 (Nov. 20, 1992). Comments received after the publication in November 1992 and in July 1993 of earlier versions of the rule resulted in major substantive changes being made to the rule. As a result, a new proposal reflecting these changes was published on March 3, 1994. During the most recent comment period, the Department received many thoughtful comments from private attorneys, local bar organizations, state courts, federal prosecutors, and others. The Department closely scrutinized all of these comments. After considering those comments, the Department made several relatively minor amendments to the proposed rule. Therefore, the final rule remains in substantially the same form as the proposed rule issued in March 1994.

The final rule reflects the Department's commitment to fostering ethical behavior consistent with the principles informing DR 7-104(A)(1) of the ABA Code of Professional Responsibility and Rule 4.2 of the Model Rules of Professional Conduct, while setting forth clear and uniform national guidelines upon which government attorneys can rely in carrying out their responsibilities to enforce federal laws. (The term "attorney for the government" is defined in paragraph 77.2(a), and where this phrase, or a variant of it, such as "government attorney," is used elsewhere in this commentary, it has the meaning set forth in paragraph 77.2(a), unless the context clearly indicates otherwise, and it is typically used interchangeably with "Department attorney."). In essence, this regulation permits federal prosecutors and agents to continue to conduct legitimate criminal and civil investigations against all individuals, whether or not those persons are represented by counsel. It allows government attorneys to continue to make or direct undercover or overt contacts with individuals and organizations represented by counsel for the purpose of developing factual information up until the point at which they are arrested or charged with a crime or named as defendants in a civil law enforcement action. However, the regulation generally does not permit federal prosecutors to attempt to negotiate plea agreements, settlements, or similar arrangements with individuals represented by counsel without the consent of their attorneys. This regulation also precludes, with certain narrow exceptions, any contacts with represented parties after an arrest, indictment, or the filing of a complaint on the subject matter of the representation.

Additionally, the Department plans to add provisions to the United States Attorneys' Manual that will set forth further guidance. The Department intends to prohibit overt approaches by federal attorneys to represented targets of criminal or civil enforcement proceedings without the consent of counsel, unless certain enumerated exceptions are met. The planned provisions also will generally require that government attorneys receive approval from their supervisors before communicating with any represented party or represented target.

Since early in this century, the rules of professional conduct that govern attorneys have required that lawyers for one party in a dispute communicate only through an adverse party's lawyer, rather than directly. DR 7-104(A)(1) of the ABA Model Code of Professional Responsibility provides:

A. During the course of his representation of a client a lawyer shall not:
1. Communicate or cause another to communicate on the subject of the representation with a party he knows to be represented by a lawyer in that matter unless he has the prior consent of the lawyer representing such other party or is authorized by law to do so.

Rule 4.2 of the ABA Model Rules states:

In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

Disciplinary authorities in all 50 states and in the District of Columbia have adopted one of these rules, or a similar prohibition. Underlying these rules is the recognition that when two parties in a legal proceeding are represented, it is generally unfair for an attorney to