**69674** Federal Register / Vol. 67, No. 223 / Tuesday, November 19, 2002 / Rules and Regulations

requester's legal entitlement to statutorily protected records; and to conform to case law which permits the submission of a sworn statement, under penalty of perjury, in lieu of a notarized statement, as to proof of identity.

Paragraph (c)(6), a new provision, implements the EFOIA requirement that agencies provide for expedited processing in cases where a requester demonstrates a compelling need. The provision defines compelling need; establishes the procedures for requesting expedited processing; sets a ten day time limit for determining whether a request for expedited processing will be granted; and sets a ten day time limit for deciding appeals of initial determinations to deny expedited processing.

Paragraph (c)(7), a revision of paragraph (c)(5) concerning the date of receipt of a request, is amended to eliminate the requirement that the disclosure office issue a separate letter advising of the statutory period for response, where the final determination letter will be sent before the expiration of the statutory period or where a voluntary or statutory extension of time letter is sent.

Paragraph (c)(8), a revision of paragraph (c)(6), is amended: (1) To eliminate language that the IRS is not required to tabulate or compile information for the purpose of creating a record (deemed confusing in light of EFOIA); and (2) to clarify that, as a general rule, only records in the possession and control of the IRS on the date of receipt of the FOIA request shall be considered in determining records responsive to the request.

Paragraph (c)(9), an amendment of paragraph (c)(7), is revised to reflect nomenclature changes; to clarify IRS official's discretion not to issue a statement of fees before issuance of the determination letter, but rather to disclose the records simultaneous with the issuance of the determination letter under this provision; to clarify that fees will be incurred for the photocopying of records being made available for inspection; and to establish that IRS denial letters should identify the date the request was received in the appropriate disclosure office and the number of pages at issue.

Paragraph (c)(10), an amendment of paragraph (c)(8) concerning administrative appeals, is amended to clarify that administrative appeals may be submitted from denials of fee waiver or reduction requests, as well as adverse fee category determinations, in addition to denials of records, and to reflect changes in nomenclature.

Paragraph (c)(11), an amendment of paragraph (c)(9) relating to the unusual circumstances where extensions of time may be granted and the aggregation of requests, is amended to provide that consultations with business submitters regarding requests for disclosure of their information in records, in conformance with new paragraph (g), is one type of unusual circumstance; and to clarify that searches in Federal Records Centers or other storage locations for IRS records stored in such facilities is another. New paragraph (c)(11)(ii) is added to permit aggregation of requests, as authorized in EFOIA.

Paragraph (c)(12), an amendment of paragraph (c)(10) on failure to comply, is amended in light of EFOIA to define the exceptional circumstances under which a court may retain jurisdiction and allow the IRS additional time to complete its processing of a FOIA request.

Paragraph (c)(13), an amendment of paragraph (c)(11) relating to judicial review, is revised to clarify that judicial review may be sought from actual or constructive denials of fee waiver or reduction requests, as well as adverse fee category determinations, in addition to denials of records; and to change the office to which service of process on the IRS is to be made, from General Legal Services (GLS) to the Associate Chief Counsel (Procedure and Administration) (PA).

Paragraph (c)(14), an amendment of paragraph (c)(12), contains no revisions. Former paragraph (c)(13) is removed.

Paragraph (d) is amended to clarify that, for those types of records described in paragraphs (d) (1) through (8), requests denominated as Freedom of Information Act requests shall be diverted to other procedures provided for by the Internal Revenue Code for their appropriate handling and fee schedules, which procedures are generally as, or more expeditious than, handling through FOIA.

Paragraph (d)(1) is amended to reflect that fees to be charged for requests for photocopies of tax returns and certain transcripts, made on IRS form 4506, "Request for Copy or Transcript of Tax Form" will be reasonable fees as determined by the Commissioner from time to time.

Paragraph (d)(2) is amended to reflect a change in citation form.

Paragraph (d)(3) is amended to reflect changes in the manner in which members of the public may obtain access to information relating to certain tax exempt organizations and certain trusts, consistent with section 6104.

Paragraph (d)(4) is amended to reflect changes in the manner in which members of the public may obtain access to applications of certain organizations for tax exemption, consistent with section 6104.

Paragraph (d)(5) is amended to reflect changes in which members of the public may obtain access to information relating to certain deferred compensation plans and accounts, consistent with section 6104.

Paragraph (d)(7) is amended to clarify that comments received in response to solicitations for public comments, prepublication comments, as well as comments received in response to notices of proposed rulemaking, are available for inspection upon written request as set forth in the regulations; and to reflect changes in nomenclature and mailing address.

Paragraph (d)(8) is amended to reflect that form 7249, "Offer Acceptance Report," is the form which records accepted offers-in-compromise.

Paragraph (f)(1) is amended to reflect changes in nomenclature.

Paragraph (f)(2) is amended to remove redundant information and to clarify that administrative appeals shall be received within 35 days of the date of the initial denial letter.

Paragraph (f)(3) is amended to clarify that news media entities include computerized news services; to clarify that the category of educational institution requester does not include individuals wanting records for use in meeting individual academic research requirements; to confirm that the IRS shall determine the category of a requester based upon a review of the requester's submission and the IRS' own records; and to conform to Treasury regulations which permit only duplication fees to be charged to individual requesters seeking records about themselves maintained in agency systems of records.

Paragraph (f)(4) is reorganized and amended to reflect changes in nomenclature.

Paragraph (f)(5) is amended to clarify that fees for searches for non-computerized records are charged at the salary rate (basic pay plus 16 percent) of the employee making the search; to clarify that searches for computerized records are charged based upon the actual direct cost of the search, including computer search time, runs, and the operator's salary; to clarify that services or material requested under, but not required by, the Freedom of Information Act may be chargeable to the requester at the actual direct cost in the discretion of the appropriate agency official; to reflect that the actual costs of duplicating videotapes and audiotapes will be borne by the requester; to