adversely change or affect a person's rights.

(b) *Public inspection and copying*—(1) *In general.*

(i) Subject to the application of the exemptions described in 5 U.S.C. 552(b) and the exclusions described in 5 U.S.C. 552(c), the IRS is required under 5 U.S.C. 552(a)(2) to make available for public inspection and copying or, in the alternative, to promptly publish and offer for sale the following information:

(A) Final opinions, including concurring and dissenting opinions, and orders, if such opinions and orders are made in the adjudication of cases;

(B) Those statements of policy and interpretations which have been adopted by the IRS but are not published in the **Federal Register**;

(C) Its administrative staff manuals and instructions to staff that affect a member of the public; and

(D) Copies of all records, regardless of form or format, which have been released to any person under 5 U.S.C. 552(a)(3) and which, because of the nature of their subject matter, the IRS determines have become or are likely to become the subject of subsequent requests for substantially the same records. The determination that records have become or may become the subject of subsequent requests shall be based on the following criteria:

(*1*) The subject matter is clearly of interest to the public at large or to special interest groups from which more than one request is expected to be received; or

(*2*) When more than four requests for substantially the same records have already been received.

(ii) The IRS is also required by 5 U.S.C. 552(a)(2) to maintain and make available for public inspection and copying current indexes identifying any matter described in paragraphs (b)(1)(i)(A) through (C) of this section which is issued, adopted, or promulgated after July 4, 1967, and which is required to be made available for public inspection or published. In addition, the IRS shall also promptly publish, quarterly or more frequently, and distribute (by sale or otherwise) copies of each index or supplements thereto unless it determines by order published in the **Federal Register** that the publication would be unnecessary and impracticable, in which case the IRS shall nonetheless provide copies of such indexes on request at a cost not to exceed the direct cost of duplication. No matter described in paragraphs (b)(1)(i)(A) through (C) of this section which is required by this section to be made available for public inspection or published may be relied upon, used, or cited as precedent by the IRS against a party other than an agency unless such party has actual and timely notice of the terms of such matter or unless the matter has been indexed and either made available for inspection or published, as provided by this paragraph (b). This paragraph (b) applies only to matters which have precedential significance. It does not apply, for example, to any ruling or advisory interpretation issued to a taxpayer or to a particular transaction or set of facts which applies only to that transaction or set of facts. Rulings, determination letters, technical advice memorandums, and Chief Counsel advice are open to public inspection and copying pursuant to 26 U.S.C. 6110. This paragraph (b) does not apply to matters which have been made available pursuant to paragraph (a) of this section.

(iii) For records required to be made available for public inspection and copying pursuant to 5 U.S.C. 552(a)(2) and paragraphs (b)(1)(i)(A) through (D) of this section, which are created on or after November 1, 1996, the IRS shall make such records available on the Internet within one year after such records are created.

(iv) The IRS shall make the index referred to in paragraph (b)(1)(ii) of this section available on the Internet.

(2) *Deletion of identifying details.* To prevent a clearly unwarranted invasion of personal privacy, the IRS shall, in accordance with 5 U.S.C. 552(a)(2), delete identifying details contained in any matter described in paragraphs (b)(1)(i)(A) through (D) of this section before making such matter available for inspection or publication. Such matters shall also be subject to any applicable exemption set forth in 5 U.S.C. 552(b). In every case where identifying details or other matters are so deleted, the justification for the deletion shall be explained in writing. The extent of such deletion shall be indicated on the portion of the record which is made available or published, unless including that indication would harm an interest protected by the exemption in 5 U.S.C. 552(b) under which the deletion is made. If technically feasible, the extent of the deletion shall be indicated at the place in the record where the deletion was made.

(3) *Freedom of Information Reading Room*—(i) *In general.* The Headquarters Disclosure Office of the IRS shall provide a reading room where the matters described in paragraphs (b)(1)(i)(A) through (D) of this section which are required to be made available for public inspection, and the current indexes to such matters, shall be made available to the public for inspection and copying. The Freedom of Information Reading Room shall contain other matters determined to be helpful for the guidance of the public, including a complete set of rules and regulations (except those pertaining to alcohol, tobacco, firearms, and explosives) contained in this title, any Internal Revenue matters which may be incorporated by reference in the **Federal Register** (but not a copy of the **Federal Register** so doing) pursuant to paragraph (a)(2)(i) of this section, a set of Cumulative Bulletins, and copies of various IRS publications. The public shall not be allowed to remove any record from the Freedom of Information Reading Room.

(ii) *Location of Freedom of Information Reading Room.* The location of the Headquarters Disclosure Office Freedom of Information Reading Room is: IRS, 1111 Constitution Avenue, NW., Room 1621, Washington, DC.

(iii) *Copying facilities.* The Headquarters Disclosure Office shall provide facilities whereby a person may obtain copies of material located on the shelves of the Freedom of Information Reading Room.

(c) *Specific requests for other records*—(1) *In general.* (i) Subject to the application of the exemptions described in 5 U.S.C. 552(b) and the exclusions described in 5 U.S.C. 552(c), the IRS shall, in conformance with 5 U.S.C. 552(a)(3), make reasonably described records available to a person making a request for such records which conforms in every respect with the rules and procedures set forth in this section. Any request or any appeal from the initial denial of a request that does not comply with the requirements set forth in this section shall not be considered subject to the time constraints of paragraphs (c)(9), (10), and (11) of this section, unless and until the request or appeal is amended to comply. The IRS shall promptly advise the requester in what respect the request or appeal is deficient so that it may be resubmitted or amended for consideration in accordance with this section. If a requester does not resubmit a perfected request or appeal within 35 days from the date of a communication from the IRS, the request or appeal file shall be closed. When the resubmitted request or appeal conforms with the requirements of this section, the time constraints of paragraphs (c)(9), (10), and (11) of this section shall begin.

(ii) Requests for the continuing production of records created or for records created after the date of receipt of the request shall not be honored.

(iii) Specific requests under paragraph (a)(3) for material described in paragraph (a)(2)(A) through (C) and which is in the Freedom of Information Reading Room shall not be honored.

(2) *Electronic format records.* (i) The IRS shall provide the responsive record or records in the form or format requested if the record or records are readily reproducible by the IRS in that form or format. The IRS shall make reasonable efforts to maintain its records in forms or formats that are reproducible for the purpose of disclosure. For purposes of this paragraph, the term *readily reproducible* means, with respect to electronic format, a record or records that can be downloaded or transferred intact to a floppy disk, computer disk (CD), tape, or other electronic medium using equipment currently in use by the office or offices processing the request. Even though some records may initially be readily reproducible, the need to segregate exempt from nonexempt records may cause the releasable material to be not readily reproducible.

(ii) In responding to a request for records, the IRS shall make reasonable efforts to search for the records in electronic form or format, except where such efforts would significantly interfere with the operation of the agency's automated information system(s). For purposes of this paragraph (c), the term *search* means to locate, manually or by automated means, agency records for the purpose of identifying those records which are responsive to a request.

(iii) Searches for records maintained in electronic form or format may require the application of codes, queries, or other minor forms of programming to retrieve the requested records.

(3) *Requests for records not in control of the IRS.* (i) Where the request is for a record which is determined to be in the possession or under the control of a constituent unit of the Department of the Treasury other than the IRS, the request for such record shall immediately be transferred to the appropriate constituent unit and the requester notified to that effect. Such referral shall not be deemed a denial of access within the meaning of these regulations. The constituent unit of the Department to which such referral is made shall treat such request as a new request addressed to it and the time limits for response set forth in paragraphs (c)(9) and (c)(10) of this section shall commence when the referral is received by the designated office or officer of the constituent unit. Where the request is for a record which is of a type that is not maintained by any constituent unit of the Department of the Treasury, the requester shall be so advised.

(ii) Where the record requested was created by another agency or constituent unit of the Department of the Treasury and a copy thereof is in the possession of the IRS, the IRS official to whom the request is delivered shall refer the request to the agency or constituent unit which originated the record for direct reply to the requester. The requester shall be informed of such referral. This referral shall not be considered a denial of access within the meaning of these regulations. Where the record is determined to be exempt from disclosure under 5 U.S.C. 552, the referral need not be made, but the IRS shall inform the originating agency or constituent unit of its determination. Where notifying the requester of its referral may cause a harm to the originating agency or constituent unit which would enable the originating agency or constituent unit to withhold the record under 5 U.S.C. 552, then such referral need not be made. In both of these circumstances, the IRS official to whom the request is delivered shall process the request in accordance with the procedures set forth in this section.

(iii) When a request is received for a record created by the IRS (*i.e.*, in its possession and control) that includes information originated by another agency or constituent unit of the Department of the Treasury, the record shall be referred to the originating agency or constituent unit for review, coordination, and concurrence prior to being released to a requester. The IRS official to whom the request is delivered may withhold the record without prior consultation with the originating agency or constituent unit.

(4) *Form of request.* (i) Requesters are advised that only requests for records which fully comply with the requirements of this section can be processed in accordance with this section. Requesters shall be notified promptly in writing of any requirements which have not been met or any additional requirements to be met. Every effort shall be made to comply with the requests as written. The initial request for records must—

(A) Be made in writing and signed by the individual making the request;

(B) State that it is made pursuant to the Freedom of Information Act, 5 U.S.C. 552, or regulations thereunder;

(C) Be addressed to and mailed to the office of the IRS official who is responsible for the control of the records requested (*see* paragraph (h) of this section for the responsible officials and their addresses), regardless of where such records are maintained. Generally, requests for records pertaining to the requester, or other matters of local interest, should be directed to the office servicing the requester's geographic area of residence. Requests for records maintained in the Headquarters of the IRS and its National Office of Chief Counsel, concerning matters of nationwide applicability, such as published guidance (regulations and revenue rulings), program management, operations, or policies, should be directed to the Headquarters Disclosure Office. If the person making the request does not know the official responsible for the control of the records being requested, the person making the request may contact, by telephone or in writing, the disclosure office servicing the requester's geographic area of residence to ascertain the identity of the official having control of the records being requested so that the request can be addressed, and delivered, to the appropriate responsible official. Misdirected requests that otherwise satisfy the requirements of this section shall be immediately transferred to the appropriate responsible IRS official and the requester notified to that effect. Such transfer shall not be deemed a denial of access within the meaning of these regulations. The IRS official to whom the request is redirected shall treat such request as a new request addressed to it and the time limits for response set forth in paragraphs (c)(9) and (c)(11) of this section shall commence when the transfer is received by the designated office;

(D) Reasonably describe the records in accordance with paragraph (c)(5)(i) of this section;

(E) In the case of a request for records the disclosure of which is limited by statute or regulations (as, for example, the Privacy Act of 1974 (5 U.S.C. 552a) or section 6103 and the regulations thereunder), establish the identity and the right of the person making the request to the disclosure of the records in accordance with paragraph (c)(5)(iii) of this section;

(F) Set forth the address where the person making the request desires to be notified of the determination as to whether the request shall be granted;

(G) State whether the requester wishes to inspect the records or desires to have a copy made and furnished without first inspecting them;

(H) State the firm agreement of the requester to pay the fees for search, duplication, and review ultimately determined in accordance with paragraph (f) of this section, or, in accordance with paragraph (c)(4)(ii) of this section, place an upper limit for

**Attachment B - page 5 of 16**

such fees that the requester is willing to pay, or request that such fees be reduced or waived and state the justification for such request; and

(l) Identify the category of the requester and, with the exception of "other requesters," state how the records shall be used, as required by paragraph (f)(3) of this section.

(ii) As provided in paragraph (c)(4)(i)(H) of this section, rather than stating a firm agreement to pay the fee ultimately determined in accordance with paragraph (f) of this section or requesting that such fees be reduced or waived, the requester may place an upper limit on the amount the requester agrees to pay. If the requester chooses to place an upper limit and the estimated fee is deemed to be greater than the upper limit, or where the requester asks for an estimate of the fee to be charged, the requester shall be promptly advised of the estimate of the fee and asked to agree to pay such amount. Where the initial request includes a request for reduction or waiver of the fee, the IRS officials responsible for the control of the requested records (or their delegates) shall determine whether to grant the request for reduction or waiver in accordance with paragraph (f) of this section and notify the requester of their decisions and, if their decisions result in the requester being liable for all or part of the fee normally due, ask the requester to agree to pay the amount so determined. The requirements of this paragraph shall not be deemed met until the requester has explicitly agreed to pay the fee applicable to the request for records, if any, or has made payment in advance of the fee estimated to be due. If the requester has any outstanding balance of search, review, or duplication fees, the requirements of this paragraph shall not be deemed met until the requester has remitted the outstanding balance due.

(5) *Reasonable description of records; identity and right of the requester.* (i) The request for records must describe the records in reasonably sufficient detail to enable the IRS employees who are familiar with the subject matter of the request to locate the records without placing an unreasonable burden upon the IRS. While no specific formula for a reasonable description of a record can be established, the requirement shall generally be satisfied if the requester gives the name, taxpayer identification number (*e.g.*, social security number or employer identification number), subject matter, location, and years at issue, of the requested records. If the request seeks records pertaining to pending litigation, the request shall indicate the title of the case, the court in which the case was filed, and the nature of the case. It is suggested that the person making the request furnish any additional information which shall more clearly identify the requested records. Where the requester does not reasonably describe the records being sought, the requester shall be afforded an opportunity to refine the request. Such opportunity may involve a conference with knowledgeable IRS personnel at the discretion of the disclosure officer. The reasonable description requirement shall not be used by officers or employees of the Internal Revenue as a device for improperly withholding records from the public.

(ii) The IRS shall make a reasonable effort to comply fully with all requests for access to records subject only to any applicable exemption set forth in 5 U.S.C. 552(b) or any exclusion described in 5 U.S.C. 552(c). In any situation in which it is determined that a request for voluminous records would unduly burden and interfere with the operations of the IRS, the person making the request shall be asked to be more specific and to narrow the request, or to agree on an orderly procedure for the production of the requested records, in order to satisfy the request without disproportionate adverse effect on IRS operations.

(iii) *Statutory or regulatory restrictions*—(A) In the case of records containing information with respect to particular persons the disclosure of which is limited by statute or regulations, persons making requests shall establish their identity and right to access to such records. Persons requesting access to such records which pertain to themselves may establish their identity by—

(*1*) The presentation of a single document bearing a photograph (such as a passport or identification badge), or the presentation of two items of identification which do not bear a photograph but do bear both a name and signature (such as a credit card or organization membership card), in the case of a request made in person,

(*2*) The submission of the requester's signature, address, and one other identifier (such as a photocopy of a driver's license) bearing the requester's signature, in the case of a request by mail, or

(*3*) The presentation in person or the submission by mail of a notarized statement, or a statement made under penalty of perjury in accordance with 28 U.S.C. 1746, swearing to or affirming such person's identity.

(B) Additional proof of a person's identity shall be required before the requests shall be deemed to have met the requirement of paragraph (c)(4)(i)(E) of this section if it is determined that additional proof is necessary to protect against unauthorized disclosure of information in a particular case. Persons who have identified themselves to the satisfaction of IRS officials pursuant to this paragraph (c) shall be deemed to have established their right to access records pertaining to themselves. Persons requesting records on behalf of or pertaining to another person must provide adequate proof of the legal relationship under which they assert the right to access the requested records before the requirement of paragraph (c)(4)(i)(E) of this section shall be deemed met.

(C) In the case of an attorney-in-fact, or other person requesting records on behalf of or pertaining to other persons, the requester shall furnish a properly executed power of attorney, Privacy Act consent, or tax information authorization, as appropriate. In the case of a corporation, if the requester has the authority to legally bind the corporation under applicable state law, such as its corporate president or chief executive officer, then a written statement or tax information authorization certifying as to that person's authority to make a request on behalf of the corporation shall be sufficient. If the requester is any other officer or employee of the corporation, then such requester shall furnish a written statement certifying as to that person's authority to make a request on behalf of the corporation by any principal officer and attested to by the secretary or other officer (other than the requester) that the person making the request on behalf of the corporation is properly authorized to make such a request. If the requester is other than one of the above, then such person may furnish a resolution by the corporation's board of directors or other governing body which provides that the person making the request on behalf of the corporation is properly authorized to make such a request, or shall otherwise satisfy the requirements set forth in section 6103(e). A person requesting access to records of a partnership or a subchapter S Corporation shall provide a notarized statement, or a statement made under penalty of perjury in accordance with 28 U.S.C. 1746, that the requester was a member of the partnership or subchapter S corporation for a part of each of the years included in the request.

(6) *Requests for expedited processing.* (i) When a requester demonstrates compelling need, a request shall be taken out of order and given expedited

treatment. A compelling need involves—

(A) Circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual;

(B) An urgency to inform the public concerning actual or alleged Federal government activity, if made by a person primarily engaged in disseminating information. A person primarily engaged in disseminating information, if not a full-time representative of the news media, as defined in paragraph (f)(3)(ii)(B) of this section, must establish that he or she is a person whose main professional activity or occupation is information dissemination, though it need not be his or her sole occupation. A person primarily engaged in disseminating information does not include individuals who are engaged only incidentally in the dissemination of information. The standard of urgency to inform requires that the records requested pertain to a matter of current exigency to the American public, beyond the public's right to know about government activity generally, and that delaying a response to a request for records would compromise a significant recognized interest to and throughout the American general public;

(C) The loss of substantial due process rights.

(ii) A requester who seeks expedited processing must submit a statement, certified to be true and correct to the best of his or her knowledge and belief, explaining in detail why there is a compelling need for expedited processing.

(iii) A request for expedited processing may be made at the time of the initial request for records or at any later time. For a prompt determination, requests for expedited processing must be submitted to the responsible official of the IRS who maintains the records requested except that a request for expedited processing under paragraph (c)(6)(i)(B) of this section shall be submitted directly to the Director, Communications Division, whose address is Office of Media Relations, CL:C:M, Internal Revenue Service, Room 7032, 1111 Constitution Avenue, NW., Washington, DC 20224.

(iv) Upon receipt by the responsible official in the IRS, a request for expedited processing shall be considered and a determination as to whether to grant or deny the request shall be made, and the requester notified, within ten days of the date of the request, provided that in no event shall the IRS have less than five days (excluding Saturdays, Sundays, and legal public holidays) from the date of the responsible official's receipt of the request for such processing. The determination to grant or deny a request for expedited processing shall be made solely on the information initially provided by the requester.

(v) An appeal of an initial determination to deny expedited processing must be made within ten days of the date of the initial determination to deny expedited processing, and must otherwise comply with the requirements of paragraph (c)(10) of this section. Both the envelope and the appeal itself shall be clearly marked, "Appeal for Expedited Processing."

(vi) IRS action to deny or affirm denial of a request for expedited processing pursuant to this paragraph, and IRS failure to respond in a timely manner to such a request shall be subject to judicial review, except that judicial review shall be based on the record before the IRS at the time of the determination. A district court of the United States shall not have jurisdiction to review the IRS's denial of expedited processing of a request for records after the IRS has provided a complete response to the request.

(7) *Date of receipt of request.* (i) Requests for records and any separate agreement to pay, final notification of waiver of fees, or letter transmitting payment, shall be promptly stamped with the date of delivery to or dispatch by the office of the IRS official responsible for the control of the records requested. A request for records shall be considered to have been received on the date on which a complete request containing the information required by paragraphs (c)(4)(i)(A) through (I) has been received by the IRS official responsible for the control of the records requested. A determination that a request is deficient in any respect is not a denial of access, and such determinations are not subject to administrative appeal.

(ii) The latest of such stamped dates shall be deemed for purposes of this section to be the date of receipt of the request, provided that the requirements of paragraphs (c)(4)(i)(A) through (I) of this section have been satisfied, and, where applicable—

(A) The requester has agreed in writing, by executing a separate contract or otherwise, to pay the fees for search, duplication, and review determined due in accordance with paragraph (f) of this section, or

(B) The fees have been waived in accordance with paragraph (f) of this section, or

(C) Payment in advance has been received from the requester.

(8) *Search for records requested.* (i) Upon the receipt of a request, search services shall be performed by IRS personnel to identify and locate the requested records. Search time includes any and all time spent looking for material responsive to the request, including page-by-page or line-by-line identification of material within records. Where duplication of an entire record would be less costly than a line-by-line identification, duplication should be substituted for this kind of search. With respect to records maintained in computerized form, a search shall include services functionally analogous to a search for records which are maintained on paper.

(ii) In determining which records are responsive to a request, the IRS official responsible for the control of the records requested shall include only those records within the official's possession and control as of the date of the receipt of the request by the appropriate disclosure officer.

(9) *Initial determination.* (i) *Responsible official.*

(A) The Associate Director, Personnel Security or delegate shall have the sole authority to make initial determinations with respect to requests for records under that office's control.

(B) The Director of the Office of Governmental Liaison and Disclosure or delegate shall have the sole authority to make initial determinations with respect to all other requests for records of the IRS maintained in the Headquarters and its National Office of the Chief Counsel. For all other records within the control of the IRS, the initial determination with respect to requests for records may be made either by the Director, Office of Governmental Liaison and Disclosure, or by the IRS officials responsible for the control of the records requested, or their delegates (see paragraph (h) of this section).

(ii) *Processing of request.* The appropriate responsible official or delegate shall respond in the approximate order of receipt of the requests, to the extent consistent with sound administrative practice. In any event, the initial determination shall be made and notification thereof mailed within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the date of receipt of the request, as determined in accordance with paragraph (c)(7) of this section, unless the responsible official invokes an extension pursuant to paragraph (c)(11) of this section, the requester otherwise agrees to an extension of the 20 day time

limitation, or the request is an expedited request.

(iii) *Granting of request.* If the request is granted in full or in part, and if the requester wants a copy of the records, a statement of the applicable fees, if there are any, shall be mailed to the requester either at the time of the determination or shortly thereafter. In the case of a request for inspection, the records shall be made available promptly for inspection, at the time and place stated, normally at the appropriate office where the records requested are controlled. If the person making the request has expressed a desire to inspect the records at another office of the IRS, a reasonable effort shall be made to comply with the request. Records shall be made available for inspection at such reasonable and proper times so as not to interfere with their use by the IRS or to exclude other persons from making inspections. In addition, reasonable limitations may be placed on the number of records which may be inspected by a person on any given date. The person making the request shall not be allowed to remove the records from the office where inspection is made. If, after making inspection, the person making the request desires copies of all or a portion of the requested records, copies shall be furnished upon payment of the established fees prescribed by paragraph (f) of this section.

(iv) *Denial of request.* If it is determined that some records shall be denied, the person making the request shall be so notified by mail. The letter of notification shall specify the city or other location where the requested records are situated, contain a brief statement of the grounds for not granting the request in full including the exemption(s) relied upon, the name and any title or position of the official responsible for the denial, and advise the person making the request of the right to appeal to the Commissioner in accordance with paragraph (c)(10) of this section.

(A) In denying a request for records, in whole or in part, the IRS shall include the date that the request was received in the appropriate disclosure office, and shall provide an estimate of the volume of the denied matter to the person making the request, unless providing such estimate would harm an interest protected by an exemption in 5 U.S.C. 552(b) or (c) pursuant to which the denial is made; and

(B) The amount of information deleted shall be indicated on the released portion of the record, unless including that indication would harm an interest protected by an exemption in 5 U.S.C. 552(b) under which the deletion is made. If technically feasible, the amount of the information deleted and the asserted exemption shall be indicated at the place in the record where such deletion is made.

(v) *Inability to locate and evaluate within time limits.* Where the records requested cannot be located and evaluated within the initial twenty day period or any extension thereof in accordance with paragraph (c)(11) of this section, the search for the records or evaluation shall continue, but the requester shall be notified, and advised that the requester may consider such notification a denial of the request for records. The requester shall be provided with a statement of judicial rights along with the notification letter. The requester may also be invited, in the alternative, to agree to a voluntary extension of time in which to locate and evaluate the records. Such voluntary extension of time shall not constitute a waiver of the requester's right to appeal or seek judicial review of any denial of access ultimately made or the requester's right to seek judicial review in the event of failure to comply with the time extension granted.

(10) *Administrative appeal.* (i) The requester may submit an administrative appeal to the Commissioner of Internal Revenue by letter that is postmarked within 35 days after the later of the date of any letter of notification described in paragraph (c)(9)(iv) of this section, the date of any letter of notification of an adverse determination of the requester's category described in paragraph (f)(3) of this section, the date of any letter of notification of an adverse determination of the requester's fee waiver or reduction request described in paragraph (f)(2) of this section, the date of any letter determining that no responsive records exist, or the date of the last transmission of the last records released. An administrative appeal for denial of a request for expedited processing must be made to the Commissioner of Internal Revenue by letter that is postmarked within 10 days after the date of any letter of notification discussed in paragraph (c)(6)(iv) of this section.

(ii) The letter of appeal shall—(A) Be made in writing and signed by the requester;

(B) Be addressed to the Commissioner and mailed to IRS Appeals, 6377A Riverside Avenue, Suite 110, Riverside, California 92506–FOIA Appeal;

(C) Reasonably describe the records requested to which the appeal pertains in accordance with paragraph (c)(5)(i) of this section;

(D) Set forth the address where the appellant desires to be notified of the determination on appeal;

(E) Specify the date of the request, the office to which the request was submitted, and where possible, enclose a copy of the initial request and the initial determination being appealed; and

(F) Ask the Commissioner to grant the request for records, fee waiver, expedited processing, or favorable fee category, as applicable, or verify that an appropriate search was conducted and the responsive records were either produced or an appropriate exemption asserted. The person submitting the appeal may submit any argument in support of the appeal in the letter of appeal.

(iii) Appeals shall be stamped promptly with the date of their receipt in the Office of Appeals, and the later of this stamped date or the stamped date of a document submitted subsequently which supplements the original appeal so that the appeal satisfies the requirements set forth in paragraphs (c)(10)(ii)(A) through (F) of this section shall be deemed by the IRS to be the date of receipt of the appeal for all purposes of this section. The Commissioner or a delegate shall acknowledge receipt of the appeal and advise the requester of the date of receipt and the date a response is due in accordance with this paragraph. If an appeal fails to satisfy any of the requirements of paragraph (c)(10)(ii)(A) through (F) of this section, the person making the request shall be advised promptly in writing of the additional requirements to be met. Except for appeals of denials of expedited processing, the determination to affirm the initial denial (in whole or in part) or to grant the request for records shall be made and notification of the determination shall be mailed within twenty days (exclusive of Saturdays, Sundays, and legal public holidays) after the date of receipt of the appeal unless extended pursuant to paragraph (c)(11)(i) of this section. Appeals of initial determinations to deny expedited processing must be made within 10 calendar days of the determination to deny the expedited processing. If it is determined that the appeal from the initial denial is to be denied (in whole or in part), the requester shall be notified in writing of the denial, the reasons therefor, the name and title or position of the official responsible for the denial on appeal, and the provisions of 5 U.S.C. 552(a)(4) for judicial review of that determination.

(11) *Time extensions.* (i) *Unusual circumstances.* (A) In unusual

circumstances, the time limitations specified in paragraphs (c)(9) and (10) of this section may be extended by written notice from the official charged with the duty of making the determinations to the person making the request or appeal setting forth the reasons for this extension and the date on which the determination is expected to be sent. As used in this paragraph, the term *unusual circumstances* means, but only to the extent reasonably necessary to the proper processing of the particular request:

(1) The need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request;

(2) The need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request;

(3) The need for consultation, which shall be conducted with all practicable speed, with another agency having a substantial interest in the determination of the request or among two or more constituent units of the Department of the Treasury having substantial subject matter interest therein; and

(4) The need for consultation with business submitters to determine the nature and extent of proprietary information in accordance with this section.

(B) Any extension or extensions of time for unusual circumstances shall not cumulatively total more than ten days (exclusive of Saturday, Sunday and legal public holidays). If additional time is needed to process the request, the IRS shall notify the requester and provide the requester an opportunity to limit the scope of the request or arrange for an alternative time frame for processing the request or a modified request. The requester shall retain the right to define the desired scope of the request, as long as it meets the requirements contained in this section.

(ii) *Aggregation of requests.* If more than one request is received from the same requester, or from a group of requesters acting in concert, and the IRS believes that such requests constitute a single request which would otherwise satisfy the unusual circumstances specified in subparagraph (c)(11)(i) of this section, and the requests involve clearly related matters, the IRS may aggregate these requests for processing purposes. Multiple requests involving unrelated matters shall not be aggregated.

(12) *Failure to comply.* If the IRS fails to comply with the time limitations specified in paragraphs (c)(9), (10), or paragraph (c)(11)(i) of this section, any person making a request for records satisfying the requirements of paragraphs (c)(4)(i)(A) through (I) of this section, shall be deemed to have exhausted administrative remedies with respect to such request. Accordingly, this person may initiate suit in accordance with paragraph (c)(13) of this section.

(13) *Judicial review.* If an administrative appeal pursuant to paragraph (c)(10) of this section for records or fee waiver or reduction is denied, or if a request for expedited processing is denied and there has been no determination as to the release of records, or if a request for a favorable fee category under paragraph (f)(3) of this section is denied, or a determination is made that there are no responsive records, or if no determination is made within the twenty day periods specified in paragraphs (c)(9) and (10) of this section, or the period of any extension pursuant to paragraph (c)(11)(i) of this section, or by grant of the requester, respectively, the person making the request may commence an action in a United States district court in the district in which the requester resides, in which the requester's principal place of business is located, in which the records are situated, or in the District of Columbia, pursuant to 5 U.S.C. 552(a)(4)(B). The statute authorizes an action only against the agency. With respect to records of the IRS, the agency is the IRS, not an officer or an employee thereof. Service of process in such an action shall be in accordance with the Federal Rules of Civil Procedure (28 U.S.C. App.) applicable to actions against an agency of the United States. Delivery of process upon the IRS shall be directed to the Commissioner of Internal Revenue, Attention: CC:PA, 1111 Constitution Avenue, NW., Washington, DC 20224. The IRS shall serve an answer or otherwise plead to any complaint made under this paragraph within 30 days after service upon it, unless the court otherwise directs for good cause shown. The district court shall determine the matter *de novo*, and may examine the contents of the IRS records in question *in camera* to determine whether such records or any part thereof shall be withheld under any of the exemptions described in 5 U.S.C. 552(b) and the exclusions described in 5 U.S.C. 552(c). The burden shall be upon the IRS to sustain its action in not making the requested records available. The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred by the person making the request in any case in which the complainant has substantially prevailed.

(14) *Preservation of records.* All correspondence relating to the requests received by the IRS under this chapter, and all records processed pursuant to such requests, shall be preserved, until such time as the destruction of such correspondence and records is authorized pursuant to title 44 of the United States Code. Under no circumstances shall records be destroyed while they are the subject of a pending request, appeal, or lawsuit under 5 U.S.C. 552.

(d) *Rules for disclosure of certain specified matters.* Requests for certain specified categories of records shall be processed by the IRS in accordance with other established procedures.

(1) *Inspection of tax returns and attachments or transcripts.* The inspection of returns and attachments is governed by the provisions of the internal revenue laws and regulations thereunder promulgated by the Secretary of the Treasury. See section 6103 and the regulations thereunder. Written requests for a copy of a tax return and attachments or a transcript of a tax return shall be made using IRS form 4506, "Request for Copy or Transcript of Tax Form." A reasonable fee, as the Commissioner may from time to time establish, may be charged for such copies.

(2) *Record of seizure and sale of real estate.* Subject to the rules on disclosure set forth in section 6103, record 21, part 2, "Record of seizure and sale of real estate", is available for public inspection in the local IRS office where the real estate is located. Copies of Record 21, part 2 shall be furnished upon written request. Members of the public may call the toll-free IRS Customer Service number, 1–800–829–1040, to obtain the address of the appropriate local office. Record 21 does not list real estate seized for use in violation of the internal revenue laws (see section 7302).

(3) *Public inspection of certain information returns, notices, and reports furnished by certain tax-exempt organizations and certain trusts.* Subject to the rules on disclosure set forth in section 6104: Information furnished on any form 990 series or form 1041–A returns, pursuant to sections 6033 and 6034, shall be made available for public inspection and copying, upon written request; information furnished by organizations exempt from tax under section 527 on forms 8871, Political Organization Notice of Section 527 Status, and forms 8872, Political Organization Report of Contributions and Expenditures, are available for

**69682** Federal Register / Vol. 67, No. 223 / Tuesday, November 19, 2002 / Rules and Regulations

public inspection and copying from the IRS Web site at www.eforms.irs.gov. In addition, forms 8871 and 8872 shall be made available for public inspection and copying, upon written request; and information furnished by organizations exempt from tax under section 527 on form 1120–POL pursuant to section 6012(a)(6) shall be made available for public inspection and copying upon written request. Written requests to inspect or obtain copies of any of the information described in this paragraph (d)(3) shall be made using form 4506–A, "Request for Public Inspection or Copy of Exempt or Political Organization IRS Form," and be directed to the appropriate address listed on form 4506–A.

(4) *Public inspection of applications and determinations of certain organizations for tax exemption.* Subject to the rules on disclosure set forth in section 6104, applications, including forms 1023 and 1024, and certain papers submitted in support of such applications, filed by organizations described in section 501(c) or (d) and determined to be exempt from taxation under section 501(a), and any letter or other document issued by the IRS with respect to such applications, shall be made available for public inspection and copying, upon written request. Written requests to inspect or obtain copies of this information shall be made using form 4506–A, "Request for Public Inspection or Copy of Exempt or Political Organization IRS Form" and be directed to the appropriate address listed on form 4506–A.

(5) *Public inspection of applications and annual returns with respect to certain deferred compensation plans and accounts and employee plans.* Subject to the rules on disclosure set forth in section 6104; forms, applications, and papers submitted in support of such applications, with respect to the qualification of a pension, profit sharing, or stock bonus plan under sections 401(a), 403(a), or 405(a), an individual retirement account described in section 408(a), an individual retirement annuity described in section 408(b), or with respect to the exemption from tax of an organization forming part of such a plan or account, and any document issued by the IRS dealing with such qualification or exemption, shall be open to public inspection and copying upon written request. This paragraph shall not apply with respect to plans with no more than 25 plan participants. Written requests to inspect or obtain copies of such material shall be directed to IRS Customer Service—Tax Exempt & Government Entities Division (TEGE), PO Box 2508, Room 2023, Cincinnati, Ohio 45201; and information furnished on the Form 5500 series of returns, pursuant to section 6058, shall be made available for public inspection and copying upon written request. Except for requests for form 5500–EZ, written requests to inspect or to obtain a copy of this information shall be directed to the Department of Labor, Public Disclosure, Room N–5638, 200 Constitution Avenue, NW., Washington, DC 20210. Written requests to inspect or to obtain a copy of form 5500–EZ shall be directed to the Internal Revenue Service Center, PO Box 9941, Stop 6716, Ogden, Utah 84409.

(6) *Publication of statistics of income.* Statistics with respect to the operation of the income tax laws are published annually in accordance with section 6108 and § 301.6108–1.

(7) *Comments received in response to a notice of proposed rulemaking, a solicitation for public comments, or prepublication comments.* Written comments received in response to a notice of proposed rulemaking, a solicitation for public comments, or prepublication comments, may be inspected, upon written request, by any person upon compliance with the provisions of this paragraph. Comments may be inspected in the Freedom of Information Reading Room, IRS, 1111 Constitution Avenue, NW., Room 1621, Washington, DC. The request to inspect comments must be in writing and signed by the person making the request and shall be addressed to the Commissioner of Internal Revenue, Attn: CC:ITA:RU, PO Box 7604, Ben Franklin Station, Washington, DC 20044. The person submitting the written request may inspect the comments that are the subject of the request during regular business hours. If the requester wishes to inspect the documents, the requester shall be contacted by IRS Freedom of Information Reading Room personnel when the documents are available for inspection. Copies of comments may be made in the Freedom of Information Reading Room by the person making the request or may be requested, in writing, to the Commissioner of Internal Revenue, Attn: CC:ITA:RU, PO Box 7604, Ben Franklin Station, Washington, DC 20044. The IRS shall comply with requests for records under the paragraph within a reasonable time. The provisions of paragraph (f)(5)(iii) of this section, relating to fees for duplication, shall apply with respect to requests made in accordance with this paragraph.

(8) *Accepted offers in compromise.* For one year after the date of execution, a copy of the form 7249, "Offer Acceptance Report," for each accepted offer in compromise with respect to any liability for a tax imposed by title 26 shall be made available for inspection and copying in the location designated by the Compliance Area Director or Compliance Services Field Director within the Small Business and Self-Employed Division (SBSE) of the taxpayer's geographic area of residence.

(9) *Public inspection of written determinations.* Certain rulings, determination letters, technical advice memorandums, and Chief Counsel advice are open to public inspection pursuant to section 6110.

(e) *Other disclosure procedures.* For procedures to be followed by officers and employees of the IRS upon receipt of a request or demand for certain internal revenue records or information the disclosure procedure for which is not covered by this section, see § 301.9000–1.

(f) *Fees for services*—(1) *In general.* Except as otherwise provided, the fees to be charged for search, duplication, and review services performed by the IRS, with respect to the processing of Freedom of Information Act requests, shall be determined and collected in accordance with the provisions of this subsection. A fee shall not be charged for monitoring a requester's inspection of records which contains exempt matter. The IRS may recover the applicable fees even if there is ultimately no disclosure of records. Should services other than the services described in this paragraph be requested and rendered, which are not required by the Freedom of Information Act, fees shall be charged to recover the actual direct cost to the IRS.

(2) *Waiver or reduction of fees.* (i) The fees authorized by this paragraph may be waived or reduced on a case-by-case basis in accordance with this subsection by any IRS official who is authorized to make the initial determination pursuant to paragraph (c)(9) of this section. Fees shall be waived or reduced by such official when it is determined that disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the IRS and is not primarily in the commercial interest of the requester. Such officials shall consider several factors, including, but not limited to, paragraphs (f)(2)(i) through (vi), in determining requests for waiver or reduction of fees-(A) Whether the subject of the releasable records concerns the agency's operations or activities;

(B) Whether the releasable records are likely to contribute to an understanding of the agency's operations or activities;

(C) Whether the releasable records are likely to contribute to the general public's understanding of the agency's operations or activities (*e.g.*, how will the requester convey the information to the general public);

(D) The significance of the contribution to the general public's understanding of the agency's operations or activities (*e.g.*, is the information contained in the releasable records already available to the general public);

(E) The existence and magnitude of the requester's commercial interest, as that term is used in paragraph (f)(3)(i)(A) of this section, being furthered by the releasable records; and

(F) Whether the magnitude of the requester's commercial interest is sufficiently large in comparison to the general public's interest.

(ii) Requesters asking for reduction or waiver of fees must state the reasons why they believe disclosure meets the standards set forth in paragraph (f)(2)(ii) of this section in a written request signed by the requester.

(iii) The indigence of the requester shall not be considered as a factor to determine if the requester is entitled to a reduction or waiver of fees.

(iv) Normally, no charge shall be made for providing records to federal, state, local, or foreign governments, or agencies or offices thereof, or international governmental organizations.

(v) The initial request for waiver or reduction of fees shall be addressed to the official of the IRS to whose office the request for disclosure is delivered pursuant to paragraph (c)(4)(i)(C) of this section. Appeals from denials of requests for waiver or reduction of fees shall be decided by the Commissioner's delegate in accordance with the criteria set forth in paragraph (f)(2)(ii) of this section. Appeals shall be received by the Commissioner's delegate within 35 days of the date of the letter of notification denying the initial request for waiver or reduction and shall be decided promptly. *See* paragraph (c)(10)(ii)(B) of this section for the appropriate address. Upon receipt of the determination on appeal to deny a request for waiver of fees, the requester may initiate an action in a United States district court to review the request for waiver of fees. In such action, the court shall consider the matter de novo, except that the court's review of the matter shall be limited to the record before the IRS official to whose office the request for waiver is delivered. In such action, the court shall consider the matter under the arbitrary and capricious standard.

(3) *Categories of requesters*—(i) *Attestation.* A request for records under this section shall include an attestation as to the status of the requester for use by the IRS official to whose office the request is delivered in determining the appropriate fees to be assessed. No attestation is required for a requester who falls within paragraph (f)(3)(ii)(E)(an "other requester").

(ii) *Categories.* (A) *Commercial use requester.* Any person who seeks information for a use or purpose that furthers the commercial, trade, or profit interests of the requester or the person on whose behalf the request is made.

(B) *News media requester.* Any person actively gathering news for an entity that is organized and operated to publish or broadcast news (*i.e.*, information about current events or of current interest to the public) to the public. News media entities include, but are not limited to, television or radio stations broadcasting to the public at large, publishers of periodicals, to the extent they disseminate news, who make their periodicals available for purchase or subscription by the general public, computerized news services and telecommunications. Free lance journalists shall be included as media requesters if they can demonstrate a solid basis for expecting publication through a qualifying news entity (*e.g.*, publication contract, past publication record). Specialized periodicals, although catering to a narrower audience, may be considered media requesters so long as they are available to the public generally, via newsstand or subscription.

(C) *Educational institution requester.* Any person who, on behalf of a preschool, public or private elementary or secondary school, institution of undergraduate or graduate higher education, institution of professional or vocational education, which operates a program or programs of scholarly research, seeks records in furtherance of the institution's scholarly research and is not for a commercial use. This category does not include requesters wanting records for use in meeting individual academic research or study requirements.

(D) *Noncommercial scientific institution requester.* Any person on behalf of an institution that is not operated on a commercial basis, that is operated solely for the purpose of conducting scientific research whose results are not intended to promote any particular product or industry.

(E) *Other requester.* Any requester who does not fall within the categories described in paragraphs (f)(3)(ii)(A) through (D).

(iii) *Determination of proper category.* Where the IRS has reasonable cause to doubt the use to which a requester shall put the records sought, or where that use is not clear from the record itself, the IRS shall seek additional clarification from the requester before assigning the request to a specific category. In any event, a determination of the proper category of requester shall be based upon a review of the requester's submission and may also be based upon the IRS' own records.

(iv) *Allowable charges.* (A) *Commercial use requesters.* Records shall be provided to commercial use requesters for the cost of search, duplication, and review (including doing all that is necessary to excise and otherwise prepare records for release) of records. Commercial use requesters are not entitled to two hours of free search time or 100 pages of free duplication.

(B) *News media, educational institution, and noncommercial scientific institution requesters.* Records shall be provided to news media, educational institution, and noncommercial scientific institution requesters for the cost of duplication alone, excluding fees for the first 100 pages.

(C) *Other requesters.* Requesters who do not fit into any of the above categories shall be charged fees that shall cover the full actual direct cost of searching for and duplicating records, except that the first two hours of search time and first 100 pages of duplication shall be furnished without charge. Requests from individuals for records about themselves maintained in the IRS's systems of records shall continue to be treated under the fee provisions of the Privacy Act of 1974, which permits fees only for duplication after the first 100 pages are furnished free of charge.

(4) *Avoidance of unexpected fees.* (i) In order to protect requesters from unexpected fees, all requests for records shall state the agreement of the requesters to pay the fees determined in accordance with paragraph (f)(5) of this section or state the upper limit they are willing to pay to cover the costs of processing their requests.

(ii) When the fees for processing requests are estimated by the IRS to exceed the upper limit agreed to by a requester, or when a requester has failed to state a limit and the costs are estimated to exceed $250, and the IRS has not then determined to waive or reduce the fees, a notice shall be sent to the requester. This notice shall—

(A) Inform the requester of the estimated costs;

(B) Extend an offer to the requester to confer with agency personnel in an attempt to reformulate the request in a manner which shall reduce the fees and still meet the needs of the requester;

(C) If the requester is not amenable to reformulation, which would reduce fees to under $250, then advance payment of the estimated fees shall be required; and

(D) Inform the requester that the time period, within which the IRS is obliged to make a determination on the request, shall not begin to run, pending a reformulation of the request or the receipt of advance payment from the requester, as appropriate.

(5) *Fees for services.* The fees for services performed by the IRS shall be imposed and collected as set forth in this paragraph. No fees shall be charged if the costs of routine collecting and processing the fees allowable under 5 U.S.C. 552(a)(4)(A) are likely to equal or exceed the amount of the fee.

(i) *Search services.* Fees charged for search services are as follows:

(A) *Searches for records other than computerized records.* The IRS shall charge for search services at the salary rate(s) (*i.e.*, basic pay plus 16 percent) of the employee(s) making the search. An average rate for the range of grades typically involved may be established. Fees may be charged for search time as prescribed in this section even if the time spent searching does not yield any records, or if records are denied.

(B) *Searches for computerized records.* Actual direct cost of the search, including computer search time, runs, and the operator's salary. The fee for computer output shall be actual direct costs. For requesters in the "other requester" category, the charge for the computer search shall begin when the cost of the search (including the operator time and the cost of operating the computer) equals the equivalent dollar amount of two hours of the salary of the person performing the search.

(C) *Searches requiring travel or transportation.* Shipping charges to transport records from one location to another, or for the transportation of an employee to the site of requested records when it is necessary to locate rather than examine the records, shall be at the rate of the actual cost of such shipping or transportation.

(ii) *Review Services*—(A) *Review defined.* Review is the process of examining records in response to a commercial use requester, as that term is defined in paragraph (f)(3)(i)(A), upon initial consideration of the applicability of an exemption described in 5 U.S.C. 552(b) or an exclusion described in 5 U.S.C. 552(c) to the requested records, be it at the initial request or administrative appeal level, to determine whether any portion of any record responsive to the request is permitted to be withheld. Review includes doing all that is necessary to excise and otherwise prepare the records for release. Review does not include the time spent on resolving general legal or policy issues regarding the applicability of exemptions to the requested records.

(B) *Fees charged for review services.* The IRS shall charge commercial use requesters for review of records at the initial determination stage at the salary rate(s) (*i.e.*, basic pay plus 16 percent) of the employee(s) making the review. An average rate for the range of grades typically involved may be established by the Commissioner.

(iii) *Duplication other than for tax returns and attachments.* (A) Duplication fees charged for copies of paper records shall be a reasonable fee, as the Commissioner may from time to time establish.

(B) The actual direct cost of duplication for photographs, films, videotapes, audiotapes, compact disks, and other materials shall be charged.

(C) Records may be provided to a private contractor for copying and the requester shall be charged for the actual cost of duplication charged by the private contractor.

(D) When other duplication processes not specifically identified above are requested and provided pursuant to the Freedom of Information Act, their actual direct cost to the IRS shall be charged.

(E) Where the condition of the record does not enable the IRS to make legible copies, the IRS shall not attempt to reconstruct it. The official having jurisdiction over the record shall furnish the best copy that is available and advise the requester of this fact.

(iv) *Charges for copies of tax returns and attachments, and transcripts of tax returns.* A charge shall be made for each copy of a tax return and its attachments, and transcripts of tax returns, supplied in response to a form 4506, "Request for Copy of Tax Form." The amount of the charge shall be a reasonable fee as computed by the Commissioner from time to time, and as set forth on form 4506.

(v) *Other services.* Other services and materials requested (*e.g.*, certification, express mailing) which are not specifically covered by this part and/or not required by the Freedom of Information Act are provided at the discretion of the IRS and are chargeable at the actual direct cost to the IRS.

(6) *Printed material.* Certain relevant government publications which shall be placed on the shelves of the Freedom of Information Reading Room shall not be sold at that location. Copies of pages of these publications may be duplicated on the premises and a fee for such service may be charged in accordance with paragraph (f)(5)(iii) of this section. A person desiring to purchase the complete publication, for example, an Internal Revenue Bulletin, should contact the Superintendent of Documents, U.S. Government Printing Office, Washington, DC 20402.

(7) *Search, duplication, and deletion services with respect to records open to public inspection pursuant to section 6110.* Fees charged for searching for, making deletions in, and copies of records subject to public inspection pursuant to section 6110 only upon written request shall be at the actual cost, as the Commissioner may from time to time establish.

(8) *Form of payment.* Payment shall be made by check or money order, payable to the order of the Treasury of the United States.

(9) *Advance payments.* (i) If previous fees have not been paid in a timely fashion, as defined in paragraph (f)(10) of this section, or where the estimated fees exceed $250, the IRS shall require payment in full of any outstanding fees and all estimated fees prior to processing a request. Additionally, the IRS reserves the right to require payment of fees after a request is processed and before any records are released to a requester. For purposes of this paragraph, a requester is the individual in whose name a request is made; however, where a request is made on behalf of another individual, and previous fees have not been paid within the designated time period by either the requester or the individual on whose behalf the request is made, then the IRS shall require payment in full of all outstanding fees and all estimated fees before processing the request.

(ii) When the IRS acts pursuant to paragraph (f)(9)(i) of this section, the administrative time limits prescribed in paragraphs (c)(9) and (10) of this section, plus permissible extensions of these time limits as prescribed in paragraph (c)(11)(i) of this section, shall begin only after the IRS official to whom the request is delivered has received the fees described above in paragraph (f)(9)(i) of this section.

(10) *Interest.* Interest shall be charged to requesters who fail to pay the fees in a timely fashion; that is, within 30 days following the day on which the statement of fees as set forth in paragraph (c)(9)(i) of this section was

sent by the IRS official to whom the request was delivered. Whenever interest is charged, the IRS shall begin assessing interest on the 31st day following the date the statement of fees was mailed to the requester. Interest shall be at the rate prescribed in 31 U.S.C. 3717. In addition, the IRS shall take all steps authorized by the Debt Collection Act of 1982, including administrative offset, disclosure to consumer reporting agencies, and use of collection agencies, as otherwise authorized by law to effect payment.

(11) *Aggregating requests.* When the IRS official to whom a request is delivered reasonably believes that a requester or group of requesters is attempting to break down a request into a series of requests for the purpose of evading the assessment of fees, the IRS shall aggregate such requests and charge accordingly, upon notification to the requester and/or requesters.

(g) *Business information and contractor proposal procedures*— (1) *In general.* Business information provided to the IRS by a business submitter shall not be disclosed pursuant to a Freedom of Information Act request except in accordance with this section.

(2) *Definition.* Business information is any trade secret or other confidential financial or commercial (including research) information.

(3) *Notice to business submitters.* Except where it is determined that the information is covered by paragraph (g)(9), the official having control over the requested records, which includes business information, shall provide a business submitter with prompt written notice of a request encompassing its business information whenever required in accordance with paragraph (g)(4) of this section. Such written notice shall either describe the exact nature of the business information requested or provide copies of the records or portions thereof containing the business information.

(4) *When notice is required.* (i) For business information submitted to the IRS prior to October 13, 1987, the official having control over the requested records shall provide a business submitter with notice of a request whenever—
(A) The business information was submitted to the IRS upon a commitment of confidentiality; or
(B) The business information was voluntarily submitted and it is of a kind that would customarily not be released to the public by the person from whom it was obtained; or
(C) The official has reason to believe that disclosure of the information may result in commercial or financial injury to the business submitter.
(ii) For business information submitted to the IRS on or after October 13, 1987, the IRS shall provide a business submitter with notice of a request whenever—
(A) The business submitter has designated the information as commercially or financially sensitive information; or
(B) The official has reason to believe that disclosure of the information may result in commercial or financial injury to the business submitter.
(iii) The business submitter's designation that the information is commercially or financially sensitive information should be supported by a statement or certification by an officer or authorized representative of the business providing specific justification that the information in question is, in fact, confidential commercial or financial information and has not been disclosed to the public.
(iv) Notice of a request for business information falling within paragraph (g)(4)(ii)(A) of this section shall be required for a period of not more than ten years after the date of submission unless the business submitter requests, and provides acceptable justification for, a specific notice period of greater duration.

(5) *Opportunity to object to disclosure.* Through the notice described in paragraph (g)(3) of this section, the official having control over the requested records shall afford a business submitter ten days (excepting Saturdays, Sundays and legal public holidays) within which to provide the official with a detailed statement of any objection to disclosure. Such statement shall specify all grounds for withholding any of the information, with particular attention to why the information is claimed to be trade secret or commercial or financial information that is privileged and confidential. Information provided by a business submitter pursuant to this paragraph may itself be subject to disclosure under 5 U.S.C. 552.

(6) *Notice of intent to disclose.* The IRS shall consider a business submitter's objections and specific grounds for nondisclosure prior to determining whether to disclose business information. Whenever the official having control over the requested records decides to disclose business information over the objection of a business submitter, the official shall forward to the business submitter a written notice which shall include—
(i) A statement of the reasons for which the business submitter's disclosure objections were not sustained;
(ii) A description of the business information to be disclosed; and
(iii) A specified disclosure date, which is ten days (excepting Saturdays, Sundays and legal public holidays) after the notice of the final decision to release the requested records has been mailed to the submitter. Except as otherwise prohibited by law, a copy of the disclosure notice shall be forwarded to the requester at the same time.

(7) *Judicial review.* (i) *In general.* The IRS' disposition of the request and the submitter's objections shall be subject to judicial review under paragraph (c)(14) of this section. A requester is not required to exhaust administrative remedies if a complaint has been filed under this paragraph by a business submitter of the information contained in the requested records. Likewise, a business submitter is not required to exhaust administrative remedies if a complaint has been filed by the requester of these records.
(ii) *Notice of FOIA lawsuit.* Whenever a requester brings suit seeking to compel disclosure of business information covered by paragraph (g)(4) of this section, the official having control over the requested records shall promptly provide the business submitter with written notice thereof.
(iii) *Exception to notice requirement.* The notice requirements of this paragraph shall not apply if—
(A) The official having control over the records determines that the business information shall not be disclosed;
(B) The information lawfully has been published or otherwise made available to the public; or
(C) Disclosure of the information is required by law (other than 5 U.S.C. 552).

(8) *Appeals.* Procedures for administrative appeals from denials of requests for business information are to be processed in accordance with paragraph (c)(10) of this section.

(9) *Contractor Proposals.* (i) Pursuant to 41 U.S.C. 253b(m), the IRS shall not release under the Freedom of Information Act any proposal submitted by a contractor in response to the requirements of a solicitation for a competitive proposal, unless that proposal is set forth or incorporated by reference in a contract entered into between the IRS and the contractor that submitted the proposal. For purposes of this paragraph, the term *proposal* means any proposal, including a technical, management, or cost proposal, submitted by a contractor in response to the requirements of a solicitation for a competitive proposal.

(ii) A copy of the FOIA request for information protected from disclosure under this paragraph shall be furnished to the contractor who submitted the proposal.

(h) *Responsible officials and their addresses.* For purposes of this section, the IRS officials in the disclosure offices listed below are responsible for the control of records within their geographic area. In the case of records of the Headquarters Office (including records of the National Office of the Office of Chief Counsel), except as provided in paragraph (c)(9)(i)(A), the Director, Office of Governmental Liaison and Disclosure, or delegate, is the responsible official. Requests for these records should be sent to: IRS FOIA Request, Headquarters Disclosure Office, CL:GLD:D, 1111 Constitution Avenue, NW., Washington, DC 20224.

(1) For Personnel Background Investigation Records, the address of the responsible official is: Internal Revenue Service, Attn: Associate Director, Personnel Security, Room 4244, A:PS:PSO, 1111 Constitution Avenue, NW. Washington, DC 20224.

(2) For records of the Office of Chief Counsel other than those located in the Headquarters or Division Counsel immediate offices, records shall be deemed to be under the jurisdiction of the local area Disclosure Office. Requesters seeking records under this section should send their requests to the local area Disclosure Office address listed for the state where the requester resides or any activity associated with the records occurred (for states with multiple offices, the request should be sent to the nearest office):

**Alabama**

IRS FOIA Request
New Orleans Disclosure Office
Mail Stop 40
600 S. Maestri Place
New Orleans, LA 70130

**Alaska**

IRS FOIA Request
Oakland Disclosure Office
1301 Clay Street, Suite 840–S
Oakland, CA 94612–5210

**Arkansas**

IRS FOIA Request
Nashville Disclosure Office
MDP 44
801 Broadway, Room 480
Nashville, TN 37203

**Arizona**

IRS FOIA Request
Phoenix Disclosure Office
Mail Stop 7000 PHX
210 E. Earll Drive
Phoenix, AZ 85012

**California**

IRS FOIA Request
Laguna Niguel Disclosure Office
24000 Avila Road, M/S 2201
Laguna Niguel, CA 92677–0207

IRS FOIA Request
Los Angeles Disclosure Office
Mail Stop 1020
300 N. Los Angeles Street
Los Angeles, CA 90012–3363

IRS FOIA Request
Oakland Disclosure Office
1301 Clay Street, Suite 840–S
Oakland, CA 94612

IRS FOIA Request
San Jose Disclosure Office
Mail Stop HQ–4603
55 South Market Street
San Jose, CA 95113

**Colorado**

IRS FOIA Request
Denver Disclosure Office
Mail Stop 7000 DEN
600 17th Street
Denver, CO 80202–2490

**Connecticut**

IRS FOIA Request
Hartford Disclosure Office
William R. Cotter F.O.B.
Mail Stop 140
135 High Street
Hartford, CT 06103

**Delaware**

IRS FOIA Request
Baltimore Disclosure Office
George Fallon Fed. Bldg.
31 Hopkins Plaza, Room 1210
Baltimore, MD 21201

**District of Columbia**

IRS FOIA Request
Baltimore Disclosure Office
George Fallon Fed. Bldg.
31 Hopkins Plaza, Room 1210
Baltimore, MD 21201

**Florida**

IRS FOIA Request
Fort Lauderdale Disclosure Off.
Mail Stop 4030
7850 SW 6th Court, Rm. 260
Plantation, FL 33324–3202

IRS FOIA Request
Jacksonville Disclosure Office
MS 4030
400 West Bay Street
Jacksonville, FL 32202–4437

**Georgia**

IRS FOIA Request
Atlanta Disclosure Office
Mail Stop 602D, Room 1905
401 W. Peachtree Street, NW
Atlanta, GA 30308

**Hawaii**

IRS FOIA Request
Laguna Niguel Disclosure Office
24000 Avila Road, M/S 2201
Laguna Niguel, CA 92677–0207

**Idaho**

IRS FOIA Request
Seattle Disclosure Office
Mail Stop W625
915 2nd Avenue
Seattle, WA 98174

**Illinois**

IRS FOIA Request
Chicago Disclosure Office
Mail Stop 7000 CHI, Room 2820
230 S. Dearborn Street
Chicago, IL 60604

**Indiana**

IRS FOIA Request
Indianapolis Disclosure Office
Mail Stop CL 658
575 N. Penn. Street
Indianapolis, IN 46204

**Iowa**

IRS FOIA Request
St. Paul Disclosure Office
Stop 7000
316 N. Robert Street
St. Paul, MN 55101

**Kansas**

IRS FOIA Request
St. Louis Disclosure Office
Mail Stop 7000 STL
PO Box 66781
St. Louis, MO 63166

**Kentucky**

IRS FOIA Request
Cincinnati Disclosure Office
Post Office Box 1818, Rm. 7019
Cincinnati, OH 45201

**Louisiana**

IRS FOIA Request
New Orleans Disclosure Office
Mail Stop 40
600 S. Maestri Place
New Orleans, LA 70130

**Maine**

IRS FOIA Request
Boston Disclosure Office
Mail Stop 41150
Post Office Box 9112
JFK Building
Boston, MA 02203

**Maryland**

IRS FOIA Request
Baltimore Disclosure Office
George Fallon Fed. Bldg.
31 Hopkins Plaza, Room 1210
Baltimore, MD 21201

**Massachusetts**

IRS FOIA Request

Federal Register / Vol. 67, No. 223 / Tuesday, November 19, 2002 / Rules and Regulations    69687

Boston Disclosure Office
Mail Stop 41150
JFK Building
Post Office Box 9112
Boston, MA 02203

**Michigan**

IRS FOIA Request
Detroit Disclosure Office
Mail Stop 11
Post Office Box 330500
Detroit, MI 48232–6500

**Minnesota**

IRS FOIA Request
St. Paul Disclosure Office
Stop 7000
316 N. Robert Street
St. Paul, MN 55101

**Mississippi**

IRS FOIA Request
New Orleans Disclosure Office
Mail Stop 40
600 S. Maestri Place
New Orleans, LA 70130

**Missouri**

IRS FOIA Request
St. Louis Disclosure Office
Mail Stop 7000 STL
PO Box 66781
St. Louis, MO 63166

**Montana**

IRS FOIA Request
Denver Disclosure Office
Mail Stop 7000 DEN
600 17th Street
Denver, CO 80202–2490

**Nebraska**

IRS FOIA Request
St. Paul Disclosure Office
Stop 7000
316 N. Robert Street
St. Paul, MN 55101

**Nevada**

IRS FOIA Request
Phoenix Disclosure Office
Mail Stop 7000 PHX
210 E. Earll Drive
Phoenix, AZ 85012

**New Hampshire**

IRS FOIA Request
Boston Disclosure Office
Mail Stop 41150
Post Office Box 9112
JFK Building
Boston, MA 02203

**New Mexico**

IRS FOIA Request
Phoenix Disclosure Office
Mail Stop 7000 PHX
210 E. Earll Drive
Phoenix, AZ 85012

**New Jersey**

IRS FOIA Request
Springfield Disclosure Office
PO Box 748
Springfield, NJ 07081–0748

**New York (Brooklyn, Queens, and the Counties of Nassau and Suffolk)**

IRS FOIA Request
Brooklyn Disclosure Office
10 Metro Tech Center
625 Fulton Street
4th Floor, Suite 611
Brooklyn, NY 11201–5404

**New York (Manhattan, Staten Island, the Bronx, and the Counties of Rockland and Westchester)**

IRS FOIA Request
Manhattan Disclosure Office
110 W. 44th Street
New York, NY 10036

**New York (All Other Counties)**

IRS FOIA Request
Buffalo Disclosure Office
111 West Huron St., Room 505
Buffalo, NY 14202

**North Carolina**

IRS FOIA Request
Greensboro Disclosure Office
320 Federal Place, Room 409
Greensboro, NC 27401

**North Dakota**

IRS FOIA Request
St. Paul Disclosure Office
Stop 7000
316 N. Robert Street
St. Paul, MN 55101

**Ohio**

IRS FOIA Request
Cincinnati Disclosure Office
Post Office Box 1818, Rm. 7019
Cincinnati, OH 45201

**Oklahoma**

IRS FOIA Request
Oklahoma City Disclosure Office
Mail Stop 7000 OKC
55 N. Robinson
Oklahoma City, OK 73102

**Oregon**

IRS FOIA Request
Seattle Disclosure Office
Mail Stop W625
915 2nd Avenue
Seattle, WA 98174

**Pennsylvania**

IRS FOIA Request
Philadelphia Disclosure Office
600 Arch Street, Room 3214
Philadelphia, PA 19106

**Rhode Island**

IRS FOIA Request
Hartford Disclosure Office
William R. Cotter F.O.B.
Mail Stop 140
135 High Street
Hartford, CT 06103

**South Carolina**

IRS FOIA Request
Greensboro Disclosure Office
320 Federal Place, Room 409
Greensboro, NC 27401

**South Dakota**

IRS FOIA Request
St. Paul Disclosure Office
Stop 7000
316 N. Robert Street
St. Paul, MN 55101

**Tennessee**

IRS FOIA Request
Nashville Disclosure Office
MDP 44
801 Broadway, Room 480
Nashville, TN 37203

**Texas**

IRS FOIA Request
Austin Disclosure Office
Mail Stop 7000 AUS
300 East 8th Street, Room 262
Austin, TX 78701

IRS FOIA Request
Dallas Disclosure Office
Mail Stop 7000 DAL
1100 Commerce Street
Dallas, TX 75242

IRS FOIA Request
Houston Disclosure Office
Mail Stop 7000 HOU
1919 Smith Street
Houston, TX 77002

**Utah**

IRS FOIA Request
Denver Disclosure Office
Mail Stop 7000 DEN
600 17th Street
Denver, CO 80202–2490

**Vermont**

IRS FOIA Request
Boston Disclosure Office
Mail Stop 41150
Post Office Box 9112
JFK Building
Boston, MA 02203

**Virginia**

IRS FOIA Request
Richmond Disclosure Office
PO Box 10107
Richmond, VA 23240

**Washington**

IRS FOIA Request
Seattle Disclosure Office
Mail Stop 625
915 2nd Avenue
Seattle, WA 98174

**West Virginia**

IRS FOIA Request

Cincinnati Disclosure Office
Post Office Box 1818, Rm. 7019
Cincinnati, OH 45201

**Wisconsin**

IRS FOIA Request
Milwaukee Disclosure Office
Mail Stop 7000 MIL
310 W. Wisconsin Avenue
Milwaukee, WI 53203–2221

**Wyoming**

IRS FOIA Request
Denver Disclosure Office
Mail Stop 7000 DEN
600 17th Street
Denver, CO 80202–2490

**All APO and FPO Addresses**

IRS FOIA Request
Headquarters Disclosure Office
CL:GLD:D
1111 Constitution Avenue, NW.
Washington, DC 20224

**David Mader,**
*Assistant Deputy Commissioner of Internal Revenue.*
[FR Doc. 02–29077 Filed 11–18–02; 8:45 am]
**BILLING CODE 4830–01–P**

---

**DEPARTMENT OF DEFENSE**

**Defense Logistics Agency**

**32 CFR Part 1293**

**Removal of Parts Concerning Standards of Conduct**

**AGENCY:** Defense Logistics Agency, DoD.
**ACTION:** Final rule.

**SUMMARY:** This document removes information in title 32 of the Code of Federal Regulations concerning the DLA Standards of Conduct Program. Because the Department of Defense has promulgated rules prescribing standards of conduct applicable to all DoD entities, individual DoD Component rules are no longer required. Accordingly, the DLA Standards of Conduct rules may be removed.
**EFFECTIVE DATE:** November 19, 2002.
**ADDRESSES:** Defense Logistics Agency, Office of the General Counsel, ATTN: DG, 8725 John J. Kingman Road, STOP 2533, Fort Belvoir, VA 22060–6221.
**FOR FURTHER INFORMATION CONTACT:** Mr. Richard Saviet (703) 767–5023 or *richard_saviet@hq.dla.mil.*
**SUPPLEMENTARY INFORMATION:** DoD Directive 5500.7, Standards of Conduct, and DoD 5500.7–R, Joint Ethics Regulation, are available via the Internet at *http://www.dtic.mil/whs/directives/.* Paper copies of the current documents may be obtained, at cost, from the National Technical Information Service (NTIS), 5285 Port Royal Road, Springfield, VA 22161. Electronic orders may be placed at *http://csrc.nist.gov/publications/ordering-pubs.html*

**List of Subjects in 32 CFR Part 1293**

Standards of Conduct

**PART 1293—[REMOVED]**

Accordingly, by the authority of 5 U.S.C. 301, 32 CFR part 1293 is removed.

**Walter Thomas,**
*Associate General Counsel, Defense Logistics Agency.*
[FR Doc. 02–29288 Filed 11–18–02; 8:45 am]
**BILLING CODE 3620–01–M**

---

**ENVIRONMENTAL PROTECTION AGENCY**

**40 CFR Part 52**

**[KY–138; KY–140; KY–141–200303(a); FRL–7409–1]**

**Approval and Promulgation of Implementation Plans for Kentucky: Approval of Revisions to the Jefferson County Portion of the Kentucky State Implementation Plan**

**AGENCY:** Environmental Protection Agency (EPA).
**ACTION:** Direct final rule.

**SUMMARY:** On February 19, 2002, June 16, 2002, and July 15, 2002 the Kentucky Natural Resources and Environmental Protection Cabinet (Cabinet) submitted revisions to the Jefferson County portion of the Kentucky State Implementation Plan (SIP). The Revisions pertain to definitions, portland cement kilns, abbreviations and acronyms, and solvent metal cleaning.
**DATES:** This direct final rule is effective January 21, 2003 without further notice, unless EPA receives adverse comment by December 19, 2002. If adverse comment is received, EPA will publish a timely withdrawal of the direct final rule in the **Federal Register** and inform the public that the rule will not take effect.
**ADDRESSES:** All comments should be addressed to: Scott Martin, Air Planning Branch, U.S. Environmental Protection Agency Region 4, 61 Forsyth Street, SW, Atlanta, Georgia 30303–8960.
Copies of the submittal are available at the following addresses for inspection during normal business hours:

Environmental Protection Agency, Region 4, Air Planning Branch, 61 Forsyth Street, SW, Atlanta, Georgia 30303–8960.
Commonwealth of Kentucky, Division for Air Quality, 803 Schenkel Lane, Frankfort, Kentucky 40601–1403. (502/573–3382)
Air Pollution Control District of Jefferson County, 850 Barrett Avenue—Suite 200, Louisville, Kentucky 40204. (502/574–6000)
**FOR FURTHER INFORMATION CONTACT:** Scott Martin, Regulatory Development Section, Air Planning Branch, Air, Pesticides and Toxics Management Division, Region 4, U.S. Environmental Protection Agency, 61 Forsyth Street, SW, Atlanta, Georgia 30303–8960. The telephone number is (404) 562–9036. Mr. Martin can also be reached via electronic mail at *martin.scott@epa.gov.*
**SUPPLEMENTARY INFORMATION:**

**Table of Contents**

I. Today's Action
II. Background
III. Final Action
IV. Administrative Requirements

**I. Today's Action**

The EPA is approving into the Jefferson County portion of the Kentucky SIP revisions which were submitted on February 19, 2002, June 6, 2002, and July 15, 2002.

**II. Background**

*Description of Revisions Submitted on February 19, 2002*

Regulation 1.02 "Definitions" was revised to amend the current version to ensure consistency with with current definitions used by EPA and to remove definitions that are no longer used by Jefferson County.

*Description of Revisions Submitted on June 6, 2002*

Regulation 6.50 "$NO_X$ Requirements for Portland Cement Kilns" is being added by Jefferson County to incorporate the requirements of Kentucky Division for Air Quality (DAQ) regulation 401 KAR 51.170 $NO_X$ Requirements for cement kilns. The Kosmos Cement Company (Kosmos), which is located in Jefferson County, is the only company in the Commonwealth of Kentucky that has a Portland cement kiln. Thus, this regulation applies only to Kosmos.

*Description of Revisions Submitted on July 15, 2002*

Regulation 1.03 "Abbreviations and Acronyms" is being amended to make technical corrections to the abbreviations and acronyms, add new