LIEN FOR TAXES
Sec.
301.6321  Statutory provisions; lien for taxes.
301.6321-1  Lien for taxes.
301.6322  Statutory provisions; period of lien.
301.6323  Statutory provisions; validity against mortgagees, pledgees, purchasers, and judgment creditors.
301.6323-1  Validity of lien against mortgagees, pledgees, purchasers, and judgment creditors.
301.6324  Statutory provisions; special liens for estate and gift taxes.
301.6324-1  Special liens for estate and gift taxes; personal liability of transferees and others.
301.6325  Statutory provisions; release of lien or partial discharge of property.
301.6325-1  Release of lien or partial discharge of property.
301.6326  Statutory provisions; cross references.

SEIZURE OF PROPERTY FOR COLLECTION OF TAXES

301.6331  Statutory provisions; levy and distraint.
301.6331-  Levy and distraint.
301.6332  Statutory provisions; surrender of property subject to levy.
301.6332-1  Surrender of property subject to levy.
301.6333  Statutory provisions; production of books.
301.6333-1  Production of books.
301.6334  Statutory provisions; property exempt from levy.
301.6334-1  Property exempt from levy.
301.6335  Statutory provisions; sale of seized property.
301.6335-1  Sale of seized property.
301.6336  Statutory provisions; sale of perishable goods.
301.6336-1  Sale of perishable goods.
301.6337  Statutory provisions; redemption of property.
301.6337-1  Redemption of property.
301.6338  Statutory provisions; certificate of sale; deed of real property.
301.6338-1  Certificate of sale; deed of real property.
301.6339  Statutory provisions; legal effect of certificate of sale of personal property and deed of real property.
301.6339-1  Legal effect of certificate of sale of personal property and deed of real property.
301.6340  Statutory provisions; records of sale.
301.6340-1  Records of sale.
301.6341  Statutory provisions; expense of levy and sale.
301.6341-1  Expense of levy and sale.
301.6342  Statutory provisions; application of proceeds of levy.
301.6342-1  Application of proceeds of levy.
301.6343  Statutory provisions; authority to release levy.
301.6343-1  Authority to release levy.
301.6344  Statutory provisions; cross references.

Abatements, Credits, and Refunds
PROCEDURE IN GENERAL

301.6401  Statutory provisions; amounts treated as overpayments.
301.6401-1  Amounts treated as overpayments.
301.6402  Statutory provisions; authority to make credits or refunds.
301.6402-1  Authority to make credits or refunds.
301.6402-2  Claims for credit or refund.
301.6402-3  Special rules applicable to income tax.
301.6402-4  Payments in excess of amounts shown on return.

Sec.
301.6403  Statutory provisions; overpayment of installment.
301.6403-1  Overpayment of installment.
301.6404  Statutory provisions; abatements.
301.6404-1  Abatements.
301.6405  Statutory provisions; reports of refunds and credits.
301.6405-1  Reports of refunds and credits.
301.6406  Statutory provisions; prohibition of administrative review of decisions.
301.6407  Statutory provisions; date of allowance of refund or credit.
301.6407-1  Date of allowance of refund or credit.

RULES OF SPECIAL APPLICATION

301.6411  Statutory provisions; tentative carryback adjustments.
301.6411-1  Tentative carryback adjustments.
301.6412  Statutory provisions; floor stocks refunds.
301.6413  Statutory provisions; special rules applicable to certain employment taxes.
301.6413-1  Special rules applicable to certain employment taxes.
301.6414  Statutory provisions; income tax withheld.
301.6414-1  Income tax withheld.
301.6415  Statutory provisions; credits or refunds to persons who collected certain taxes.
301.6415-1  Credits or refunds to persons who collected certain taxes.
301.6416  Statutory provisions; certain taxes on sales and services.
301.6416-1  Certain taxes on sales and services.
301.6417  Statutory provisions; coconut and palm oil.
301.6417-1  Coconut and palm oil.
301.6418  Statutory provisions; sugar.
301.6418-1  Sugar.
301.6419  Statutory provisions; excise tax on wagering.
301.6419-1  Excise tax on wagering.
301.6420  Statutory provisions; gasoline used on farms.
301.6420-1  Gasoline used on farms.
301.6421  Statutory provisions; gasoline used for certain nonhighway purposes or by local transit systems.
301.6421-1  Gasoline used for certain nonhighway purposes or by local transit systems.
301.6422  Statutory provisions; cross references.
301.6423  Statutory provisions; conditions to allowance in the case of alcohol and tobacco taxes.
301.6423-1  Conditions to allowance in the case of alcohol and tobacco taxes.

Limitations
LIMITATIONS ON ASSESSMENT AND COLLECTION

301.6501(a)  Statutory provisions; limitations on assessment and collection; general rule.
301.6501(a)-1  Period of limitations upon assessment and collection.
301.6501(b)  Statutory provisions; limitations on assessment and collection; time return deemed filed.
301.6501(b)-1  Time return deemed filed for purposes of determining limitations.
301.6501(c)  Statutory provisions; limitations on assessment and collection; exceptions.
301.6501(c)-1  Exceptions to general period of limitations on assessment and collection.
301.6501(d)  Statutory provisions; limitations on assessment and collection; request for prompt assessment.
301.6501(d)-1  Request for prompt assessment.
301.6501(e)  Statutory provisions; limita-

Sec.
tions on assessment and collection; omission from gross income.
301.6501(e)-1  Omission from return.
301.6501(f)  Statutory provisions; limitations on assessment and collection; personal holding company tax.
301.6501(f)-1  Personal holding company tax.
301.6501(g)  Statutory provisions; limitations on assessment and collection; certain income tax returns of corporations.
301.6501(g)-1  Certain income tax returns of corporations.
301.6501(h)  Statutory provisions; limitations on assessment and collection; net operating loss carrybacks.
301.6501(h)-1  Net operating loss carrybacks.
301.6501(i)  Statutory provisions; limitations on assessment and collection; foreign tax carrybacks.
301.6501(i)-1  Foreign tax carrybacks; taxable years beginning after December 31, 1957.
301.6501(j)  Statutory provisions; limitations on assessment and collection; investment credit carrybacks.
301.6501(j)-1  Investment credit carryback; taxable years ending after December 31, 1961.
301.6501(k)  Statutory provisions; limitations on assessment and collection; joint income return after separate return.
301.6502  Statutory provisions; collection after assessment.
301.6502-1  Collection after assessment.
301.6503(a)  Statutory provisions; suspension of running of period of limitation; issuance of statutory notice of deficiency.
301.6503(a)-1  Suspension of running of period of limitation; issuance of statutory notice of deficiency.
301.6503(b)  Statutory provisions; suspension of running of period of limitation; assets of taxpayer in control or custody of court.
301.6503(b)-1  Suspension of running of period of limitation; assets of taxpayer in control or custody of court.
301.6503(c)  Statutory provisions; suspension of running of period of limitation; location of property outside the United States or removal of property from the United States.
301.6503(c)-1  Suspension of running of period of limitation; location of property outside the United States or removal of property from the United States.
301.6503(d)  Statutory provisions; suspension of running of period of limitation; extensions of time for payment of estate tax.
301.6503(d)-1  Suspension of running of period of limitation; extension of time for payment of estate tax.
301.6503(e)  Statutory provisions; suspension of running of period of limitation; certain powers of appointment.
301.6503(e)-1  Suspension of running of period of limitation; certain powers of appointment.
301.6503(f)  Statutory provisions; suspension of running of period of limitation; cross references.
301.6504  Statutory provisions; cross references.

LIMITATIONS ON CREDIT OR REFUND

301.6511(a)  Statutory provisions; limitations on credit or refund; period of limitation on filing claim.
301.6511(a)-1  Period of limitation on filing claim.
301.6511(b)  Statutory provisions; limitations on credit or refund; limitation on allowance of credits and refunds.

Sec.
301.7701-11 Account number.
301.7701-12 Employer identification number.
301.7701-13 Domestic building and loan association.
301.7701-14 Cooperative bank.
301.7701-15 Other terms.

**General Rules**

APPLICATION OF INTERNAL REVENUE LAWS

301.7801 Statutory provisions; authority of the Department of the Treasury.
301.7802 Statutory provisions; Commissioner of Internal Revenue.
301.7803 Statutory provisions; other personnel.
301.7803-1 Surety bonds covering personnel of the Internal Revenue Service.
301.7804 Statutory provisions; effect of reorganization plans.
301.7805 Statutory provisions; rules and regulations.
301.7805-1 Rules and regulations.
301.7806 Statutory provisions; construction of title.
301.7807 Statutory provisions; rules in effect upon enactment of this title.
301.7808 Statutory provisions; depositaries for collections.
301.7809 Statutory provisions; deposit of collections.

EFFECTIVE DATE AND RELATED PROVISIONS

301.7851 Statutory provisions; applicability of revenue laws.
301.7852 Statutory provisions, other applicable rules.

MISCELLANEOUS PROVISIONS

301.9000-1 Procedure to be followed by officers and employees of the Internal Revenue Service upon receipt of a request or demand for disclosure of internal revenue records or information.

AUTHORITY: The provisions of this Part 301 issued under sec. 7805, I.R.C. 1954; 68A Stat. 917; 26 U.S.C. 7805.

NOTE: In the text of this part, integral section references are to sections of the Internal Revenue Code of 1954; decimal section references are to sections of the Code of Federal Regulations. References in the text to the "Code" are references to the Internal Revenue Code of 1954.

## Information and Returns

### RETURNS AND RECORDS

RECORDS, STATEMENTS, AND SPECIAL RETURNS

§ 301.6001 Statutory provisions; notice or regulations requiring records, statements, and special returns.

SEC. 6001. *Notice or regulations requiring records, statements, and special returns.* Every person liable for any tax imposed by this title, or for the collection thereof, shall keep such records, render such statements, make such returns, and comply with such rules and regulations as the Secretary or his delegate may from time to time prescribe. Whenever in the judgment of the Secretary or his delegate it is necessary, he may require any person, by notice served upon such person or by regulations, to make such returns, render such statements, or keep such records, as the Secretary or his delegate deems sufficient to show whether or not such person is liable for tax under this title.

§ 301.6001-1 Notice or regulations requiring records, statements, and special returns.

For provisions requiring records, statements, and special returns, see the regulations relating to the particular tax.

### TAX RETURNS OR STATEMENTS

*General Requirement*

§ 301.6011 Statutory provisions; general requirement of return, statement, or list.

SEC. 6011. *General requirement of return, statement, or list*—(a) *General rule.* When required by regulations prescribed by the Secretary or his delegate any person made liable for any tax imposed by this title, or for the collection thereof, shall make a return or statement according to the forms and regulations prescribed by the Secretary or his delegate. Every person required to make a return or statement shall include therein the information required by such forms or regulations.

(b) *Identification of taxpayer.* The Secretary or his delegate is authorized to require such information with respect to persons subject to the taxes imposed by chapter 21 or chapter 24 as is necessary or helpful in securing proper identification of such persons.

(c) *Return of retailers excise taxes by suppliers*—(1) *General rule.* Under regulations prescribed by the Secretary or his delegate, the Secretary or his delegate may enter into an agreement with any supplier with respect to any retailers excise tax imposed by chapter 31 (not including the taxes imposed by section 4041), whereby such supplier will be liable to return and pay such tax (for the period for which such agreement is in effect) for the person who (without regard to this subsection) is required to return and pay such tax. Except as provided in the regulations prescribed under this subsection—

(A) All provisions of law (including penalties) applicable in respect of the person who (without regard to this subsection) is required to return and pay the tax shall apply to the supplier entering into the agreement, and

(B) The person who (without regard to this subsection) is required to return and pay such tax shall remain subject to all provisions of law (including penalties) applicable in respect of such person.

(2) *Limitations on agreement authority in the case of house-to-house salesmen.* In the case of sales, by house-to-house salesmen, of articles subject to tax under chapter 31 (other than section 4041) which are supplied by a manufacturer or distributor, if the manufacturer or distributor establishes the retail list price at which such articles are to be sold, the Secretary or his delegate shall not, as a condition to entering into an agreement under paragraph (1), require—

(A) That such house-to-house salesmen execute powers of attorney making such manufacturer or distributor an agent for the return and payment of such tax,

(B) That the manufacturer or distributor make separate returns with respect to each such house-to-house salesman, or

(C) That the manufacturer or distributor assume any liability for tax on articles supplied by any person other than such manufacturer or distributor.

(d) *Income, estate, and gift taxes.* For requirement that returns of income, estate, and gift taxes be made whether or not there is tax liability, see sections 6012 to 6019, inclusive.

[Sec. 6011 as amended by sec. 161, Excise Tax Technical Changes Act 1958 (72 Stat. 1305)]

§ 301.6011-1 General requirement of return, statement, or list.

For provisions requiring returns, statements, or lists, see the regulations relating to the particular tax.

### *Income Tax Returns*

§ 301.6012 Statutory provisions; persons required to make returns of income.

SEC. 6012. *Persons required to make returns of income*—(a) *General rule.* Returns with respect to income taxes under subtitle A shall be made by the following:

(1) Every individual having for the taxable year a gross income of $600 or more (except that any individual who has attained the age of 65 before the close of his taxable year shall be required to make a return only if he has for the taxable year a gross income of $1,200 or more);

(2) Every corporation subject to taxation under subtitle A;

(3) Every estate the gross income of which for the taxable year is $600 or more;

(4) Every trust having for the taxable year any taxable income, or having gross income of $600 or over, regardless of the amount of taxable income; and

(5) Every estate or trust of which any beneficiary is a nonresident alien;

except that subject to such conditions, limitations, and exceptions and under such regulations as may be prescribed by the Secretary or his delegate, nonresident alien individuals subject to the tax imposed by section 871 and foreign corporations subject to the tax imposed by section 881 may be exempted from the requirement of making returns under this section.

(b) *Returns made by fiduciaries and receivers*—(1) *Returns of decedents.* If an individual is deceased, the return of such individual required under subsection (a) shall be made by his executor, administrator, or other person charged with the property of such decedent.

(2) *Persons under a disability.* If an individual is unable to make a return required under subsection (a) or section 6015(a), the return of such individual shall be made by a duly authorized agent, his committee, guardian, fiduciary or other person charged with the care of the person or property of such individual. The preceding sentence shall not apply in the case of a receiver appointed by authority of law in possession of only a part of the property of an individual.

(3) *Receivers, trustees and assignees for corporations.* In a case where a receiver, trustee in bankruptcy, or assignee, by order of a court of competent jurisdiction, by operation of law or otherwise, has possession of or holds title to all or substantially all the property or business of a corporation, whether or not such property or business is being operated, such receiver, trustee, or assignee shall make the return of income for such corporation in the same manner and form as corporations are required to make such returns.

(4) *Returns of estates and trusts.* Returns of an estate or a trust shall be made by the fiduciary thereof.

(5) *Joint fiduciaries.* Under such regulations as the Secretary or his delegate may prescribe, a return made by one of two or more joint fiduciaries shall be sufficient compliance with the requirements of this section. A return made pursuant to this paragraph shall contain a statement that the fiduciary has sufficient knowledge of the affairs of the person for whom the return is made to enable him to make the return, and that the return is, to the best of his knowledge and belief, true and correct.

(c) *Certain income earned abroad or from sale of residence.* For purposes of this section, gross income shall be computed without regard to the exclusion provided for in section 121 (relating to sale of residence by individual who has attained age 65) and without regard to the exclusion provided for in section 911 (relating to earned income from sources without the United States).

director will make his determination and advise the applicant of the decision reached.

(c) *Estate or gift tax liability fully satisfied or provided for*—(1) *Certificate of discharge.* If the district director determines that the tax liability for estate or gift tax has been fully satisfied, he may issue a certificate of discharge of any or all property from the lien imposed thereon. If the district director determines that the tax liability for estate or gift tax has been adequately provided for, he may issue a certificate discharging particular items of property from the lien. The issuance of such a certificate is a matter resting within the discretion of the district director, and a certificate will be issued only in case there is actual need therefor. The primary purpose of such discharge is not to evidence payment or satisfaction of the tax, but to permit the transfer of property free from the lien in case it is necessary to clear title. The tax will be considered fully satisfied only when investigation has been completed and payment of the tax, including any deficiency determined, has been made.

(2) *Application for certificate of discharge.* An application for a certificate of discharge of property from the lien for estate or gift tax should be filed with the district director responsible for the collection of the tax. It should be made in writing under penalties of perjury and should explain the circumstances that require the discharge, and should fully describe the particular items for which the discharge is desired. Where realty is involved each parcel sought to be discharged from the lien should be described on a separate page and each such description submitted in duplicate. In the case of an estate tax lien, the application should show the applicant's relationship to the estate, such as executor, heir, devisee, legatee, beneficiary, transferee, or purchaser. If the estate or gift tax return has not been filed, a statement under penalties of perjury may be required showing (i) the value of the property to be discharged, (ii) the basis for such valuation, (iii) in the case of the estate tax, the approximate value of the gross estate and the approximate value of the total real property included in the gross estate, (iv) in the case of the gift tax, the total amount of gifts made during the calendar year and the prior calendar years subsequent to the enactment of the Revenue Act of 1932 and the approximate value of all real estate subject to the gift tax lien, and (v) if the property is to be sold or otherwise transferred, the name and address of the purchaser or transferee and the consideration, if any, paid or to be paid by him.

(3) For provisions relating to transfer certificates in the case of nonresident estates, see § 20.6325-1 of this chapter (Estate Tax Regulations).

(d) *Effect of certificate of release or discharge of specific property.* A certificate of release of lien or a certificate discharging specific property from the lien issued under section 6325 shall be conclusive that the lien upon the property covered by the certificate is extinguished.

§ 301.6326 Statutory provisions; cross references.

SEC. 6326. *Cross references.* (1) For lien in case of tax on distilled spirits, see section 5004.

(2) For exclusion of tax liability from discharge in bankruptcy, see section 17 of the Bankruptcy Act, as amended (52 Stat. 851; 11 U.S.C. 35).

(3) For limit on amount allowed in bankruptcy proceedings on debts owing to the United States, see section 57(j) of the Bankruptcy Act, as amended (52 Stat. 867; 11 U.S.C. 93).

(4) For recognition of tax liens in proceedings under the Bankruptcy Act, see section 67 (b) and (c) of that act, as amended (52 Stat. 876-877; 11 U.S.C. 107).

(5) For collection of taxes in connection with wage earners[1] plans in bankruptcy courts, see section 680 of the Bankruptcy Act, as added by the act of June 22, 1938 (52 Stat. 938; 11 U.S.C. 1080).

(6) For provisions permitting the United States to be made party defendant in a proceeding in a State court for the foreclosure of a lien upon real estate where the United States may have a claim upon the premises involved, see section 2410 of Title 28 of the United States Code.

(7) For priority of lien of the United States in case of insolvency, see R.S. 3466 (31 U.S.C. 191).

SEIZURE OF PROPERTY FOR COLLECTION OF TAXES

§ 301.6331 Statutory provisions; levy and distraint.

SEC. 6331. *Levy and distraint*—(a) *Authority of Secretary or delegate.* If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary or his delegate to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax. Levy may be made upon the accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia, by serving a notice of levy on the employer (as defined in section 3401(d)) of such officer, employee, or elected official. If the Secretary or his delegate makes a finding that the collection of such tax is in jeopardy, notice and demand for immediate payment of such tax may be made by the Secretary or his delegate and, upon failure or refusal to pay such tax, collection thereof by levy shall be lawful without regard to the 10-day period provided in this section.

(b) *Seizure and sale of property.* The term "levy" as used in this title includes the power of distraint and seizure by any means. In any case in which the Secretary or his delegate may levy upon property or rights to property, he may seize and sell such property or rights to property (whether real or personal, tangible or intangible).

(c) *Successive seizures.* Whenever any property or right to property upon which levy has been made by virtue of subsection (a) is not sufficient to satisfy the claim of the United States for which levy is made, the Secretary or his delegate may, thereafter, and as often as may be necessary, proceed to levy in like manner upon any other property liable to levy of the person against whom such claim exists, until the amount due from him, together with all expenses, is fully paid.

(d) *Cross references.* (1) For provisions relating to jeopardy, see subchapter A of chapter 70.

(2) For proceedings applicable to sale of seized property, see section 6335.

§ 301.6331-1 Levy and distraint.

(a) *Authority to levy*—(1) *In general.* If any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand, the district director to whom the assessment is charged or, upon his request, any other district director may proceed to collect the tax by levy upon any property, or rights to property, whether real or personal, tangible or intangible, belonging to such person or on which there is a lien provided by section 6321 or 6324 (or the corresponding provision of prior law) for the payment of such tax. As used in section 6331 and this section, the term "tax" includes any interest, additional amount, addition to tax, or assessable penalty, together with any costs and expenses that may accrue in addition thereto. For exemption of certain property from levy, see section 6334 and the regulations thereunder. Property subject to a Federal tax lien, which has been sold or otherwise transferred by the taxpayer, may be seized in the hands of the transferee or of any subsequent transferee. Levy may be made by serving a notice of levy on any person in possession of, or obligated with respect to, property or rights to property subject to levy, such as, for example, receivables, bank accounts, evidences of debt, securities, and accrued salaries, wages, commissions, and other compensation.

(2) *Jeopardy cases.* If the district director finds that the collection of any tax is in jeopardy, he may make notice and demand for immediate payment of such tax and, upon failure or refusal to pay such tax, collection thereof by levy shall be lawful without regard to the 10-day period provided in section 6331 (a).

(3) *Bankruptcy or receivership cases.* During a bankruptcy proceeding or a receivership proceeding in either a Federal or a State court, the assets of the taxpayer are in general under the control of the court in which such proceeding is pending. Taxes cannot be collected by levy upon assets in the custody of a court, whether or not such custody is incident to a bankruptcy or receivership proceeding, except where the proceeding has progressed to such a point that the levy would not interfere with the work of the court or where the court grants permission to levy. Any assets which under applicable provisions of law are not under the control of the court may be levied upon, for example, property exempt from court custody under State law or the bankrupt's earnings and property acquired after the date of bankruptcy. However, levy upon such property is not mandatory and the Government may rely upon payment of taxes in the proceeding.

(4) *Certain types of compensation*— (i) *Federal employees.* Levy may be made upon the accrued salary or wages of any

officer or employee (including members of the Armed Forces), or elected or appointed official, of the United States, the District of Columbia, or any agency or instrumentality of either, by serving a notice of levy on the employer of the delinquent taxpayer. As used in this subdivision, the term "employer" means (a) the officer or employee of the United States, the District of Columbia, or of the agency or instrumentality of the United States or the District of Columbia, who has control of the payment of the wages, or (b) any other officer or employee designated by the head of the branch, department, agency, or instrumentality of the United States or of the District of Columbia as the party upon whom service of the notice of levy may be made. If the head of such branch, department, agency or instrumentality designates an officer or employee other than one who has control of the payment of the wages, as the party upon whom service of the notice of levy may be made, such head shall promptly notify the Commissioner of the name and address of each officer or employee so designated and the scope or extent of his authority as such designee.

(ii) *State and municipal employees.* Accrued salaries, wages, or other compensation of any officer, employee, or elected or appointed official of a State or Territory, or of any agency, instrumentality, or political subdivision thereof, are also subject to levy to enforce collection of any Federal tax.

(iii) *Seamen.* Notwithstanding the provisions of section 12 of the Seamen's Act of 1915 (46 U.S.C. 601), accrued wages of seamen, apprentice seamen, or fishermen employed on fishing vessels are subject to levy. See section 6334(c).

(b) *Successive seizures.* Whenever any property or rights to property upon which a levy has been made are not sufficient to satisfy the claim of the United States for which the levy is made, the district director may thereafter, and as often as may be necessary, proceed to levy in like manner upon any other property or rights to property subject to levy of the person against whom such claim exists or on which there is a lien imposed by section 6321 or 6324 (or the corresponding provision of prior law) for the payment of such claim until the amount due from such person, together with all costs and expenses, is fully paid.

§ 301.6332 Statutory provisions; surrender of property subject to levy.

Sec. 6332. *Surrender of property subject to levy*—(a) *Requirement.* Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary or his delegate, surrender such property or rights (or discharge such obligation) to the Secretary or his delegate, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

(b) *Penalty for violation.* Any person who fails or refuses to surrender as required by subsection (a) any property or rights to property, subject to levy, upon demand by the Secretary or his delegate, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of the taxes for the collection of which such levy has been made, together with costs and interest on such sum at the rate of 6 percent per annum from the date of such levy.

(c) *Person defined.* The term "person," as used in subsection (a), includes an officer or employee of a corporation or a member or employee of a partnership, who as such officer, employee, or member is under a duty to surrender the property or rights to property, or to discharge the obligation.

§ 301.6332–1 Surrender of property subject to levy.

(a) *Requirement*—(1) *In general.* Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the district director, surrender such property or rights (or discharge such obligation) to the district director, except such part of the property or right as is, at the time of such demand, subject to an attachment or execution under any judicial process.

(2) *Property held by banks.* Notwithstanding subparagraph (1) of this paragraph, if a levy has been made upon property or rights to property subject to levy which a bank engaged in the banking business in the United States or a possession of the United States is in possession of (or obligated with respect to), the Commissioner shall not enforce the levy with respect to any deposits held in an office of the bank outside the United States or a possession of the United States, unless the notice of levy specifies that the district director intends to reach such deposits. The notice of levy shall not specify that the district director intends to reach such deposits unless the district director believes—

(i) That the taxpayer is within the jurisdiction of a U.S. court at the time the levy is made and that the bank is in possession of (or obligated with respect to) deposits of the taxpayer in an office of the bank outside the United States or a possession of the United States; or

(ii) That the taxpayer is not within the jurisdiction of a U.S. court at the time the levy is made, that the bank is in possession of (or obligated with respect to) deposits of the taxpayer in an office outside the United States or a possession of the United States, and that such deposits consist, in whole or in part, of funds transferred from the United States or a possession of the United States in order to hinder or delay the collection of a tax imposed by the Code.

For purposes of this subparagraph, the term "possession of the United States" includes Guam, the Midway Islands, the Panama Canal Zone, the Commonwealth of Puerto Rico, American Samoa, the Virgin Islands, and Wake Island.

(b) *Penalty for violation.* Any person who fails or refuses, upon demand of the district director, to surrender any property or rights to property subject to levy, as required by section 6332(a), shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of the taxes for the collection of which such levy has been made, together with costs and interest on such sum at the rate of 6 percent per annum from the date of such levy.

(c) *Person defined.* The term "person," as used in section 6332(a) and this section, includes an officer or employee of a corporation or a member or employee of a partnership, who as such officer, employee, or member is under a duty to surrender the property or rights to property or to discharge the obligation. Thus, in the case of a levy upon the salary or wages of an officer, employee, or elected or appointed official, of the United States, the District of Columbia, or any agency or instrumentality of either, the term "person" includes the officer or employee of the United States, of the District of Columbia, or of such agency or instrumentality, who as such officer or employee is under a duty to discharge the obligation. As to the officer or employee who is under such duty, see paragraph (a)(4)(i) of § 301.6331–1.

§ 301.6333 Statutory provisions; production of books.

Sec. 6333. *Production of books.* If a levy has been made or is about to be made on any property, or right to property, any person having custody or control of any books or records, containing evidence or statements relating to the property or right to property subject to levy, shall, upon demand of the Secretary or his delegate, exhibit such books or records to the Secretary or his delegate.

§ 301.6333–1 Production of books.

If a levy has been made or is about to be made on any property or rights to property, any person, having custody or control of any books or records containing evidence or statements relating to the property or rights to property subject to levy, shall, upon demand of the internal revenue officer who has made or is about to make the levy, exhibit such books or records to such officer.

§ 301.6334 Statutory provisions; property exempt from levy.

Sec. 6334. *Property exempt from levy*—(a) *Enumeration.* There shall be exempt from levy—

(1) *Wearing apparel and school books.* Such items of wearing apparel and such school books as are necessary for the taxpayer or for members of his family;

(2) *Fuel, provisions, furniture, and personal effects.* If the taxpayer is the head of a family, so much of the fuel, provisions, furniture, and personal effects in his household, and of the arms for personal use, livestock, and poultry of the taxpayer, as does not exceed $500 in value;

(3) *Books and tools of a trade, business, or profession.* So many of the books and tools necessary for the trade, business, or profession of the taxpayer as do not exceed in the aggregate $250 in value.

(4) *Unemployment benefits.* Any amount payable to an individual with respect to his unemployment (including any portion thereof payable with respect to dependents) under an unemployment compensation law of the United States, of any State or Territory, or of the District of Columbia or of the Commonwealth of Puerto Rico.

(5) *Undelivered mail.* Mail, addressed to any person, which has not been delivered to the addressee.

6362(b)(2) (B) or (C) or section 6362(c)(4) and paragraph (c) of § 301.6362-4 of this chapter (Regulations on Procedure and Administration) (relating to the credit for income taxes of other States or political subdivisions thereof) and paragraph (c)(2) of § 301.6361-1) relating to the credit for tax withheld from wages on account of qualified State individual income taxes).

PAR. 10. Paragraph (b)(1) of section 1.6654-2 is amended to read as follows:

§ 1.6654-2 Exceptions to imposition of the addition to the tax in the case of individuals.

* * * * *

(b) *Meaning of terms.* * * *

(1) The term "tax" means—

(i) The tax imposed by chapter 1 of the Code (other than by section 56), including any qualified State individual income taxes which are treated pursuant to section 6361 (a) as if they were imposed by chapter 1, plus

(ii) For taxable years beginning after December 31, 1966, the tax imposed by chapter 2 of the Code, minus

(iii) The credits against tax allowed by part iv, subchapter A, chapter 1 of the Code, other than the credit against tax provided by section 31 (relating to tax withheld on wages), and without reduction for any payments of estimated tax, and also minus

(iv) In the case of an individual who is subject to one or more qualified State individual income taxes, the sum of the credits allowed against such taxes pursuant to section 6262(b)(2) (B) or (C) or section 6262(c)(4) and paragraph (c) of § 301.6362-4 of this chapter (Regulations on Procedure and Administration) (relating to the credit for income taxes of other States or political subdivisions thereof) and paragraph (c)(2) of § 301.6361-1 (relating to the credit for tax withheld from wages on account of qualified State individual income taxes).

SUBCHAPTER C—EMPLOYMENT TAXES

PART 31—EMPLOYMENT TAXES; APPLICABLE ON OR AFTER JANUARY 1, 1955

PAR. 11. Section 31.3402(f)(2)-1 is amended by adding at the end thereof a new paragraph (e), to read as follows:

§ 31.3402(f)(2)-1 Withholding exemption certificates.

* * * * *

(e) *Applicability of withholding exemption certificate to qualified State individual income taxes.* The withholding exemption certificate shall be used for purposes of withholding with respect to qualified State individual income taxes as well as Federal tax. For provisions relating to the withholding exemption certificate with respect to such State taxes, see paragraph (d)(3)(i) of § 301.6361-1 of this chapter (Regulation on Procedure and Administration).

PAR. 12. So much of § 31.3402(n)-1 as follows paragraph (b) and precedes example (1) is amended to read as follows:

§ 31.3402(n)-1 Employees incurring no income tax liability.

* * * * *

For purposes of section 3402(n) and this section, an employee is not considered to incur liability for income tax imposed under subtitle A if the amount of such tax is equal to or less than the total amount of credits against such tax which are allowable to him under part iv of subchapter A of chapter 1 of the Code, other than those allowable under section 31 or 39. For purposes of section 3402(n) and this section, "liability for income tax imposed under subtitle A" shall include liability for a qualified State individual income tax which is treated pursuant to section 6361(a) as if it were imposed by chapter 1 of the Code. An employee is not considered to incur liability for such a State income tax if the amount of such tax does not exceed the total amount of the credit against such tax which is allowable to him under section 6362(b)(2) (B) or (C) or section 6362(c)(4). For purposes of this section, an employee who files a joint return under section 6013 is considered to incur liability for any tax shown on such return. An employee who is entitled to file a joint return under such section shall not certify that he anticipates that he will incur no liability for income tax imposed by subtitle A for his current taxable year if such statement would not be true in the event that he files a joint return for such year, unless he filed a separate return for his preceding taxable year and anticipates that he will file a separate return for his current taxable year.

* * * * *

PAR. 13. Paragraph (b)(1)(ii) (c) of § 31.3402 (p)-1 is amended to read as follows:

§ 31.3402(p)-1 Voluntary withholding agreements.

* * * * *

(b) *Form and duration of agreement.*
(1) * * *
(ii) * * *

(c) A statement that the employee desires withholding of Federal income tax, and, if applicable, of qualified State individual income tax (see paragraph (d)(3)(i) of § 301.6361-1 of this chapter (Regulations on Procedures and Administration)), and

* * * * *

PAR. 14. Paragraph (a) of § 31.6011(a)-4 is amended to read as follows:

§ 31.6011(a)-1 Returns of income tax withheld from wages.

(a) *In general.* (1) Except as otherwise provided in subparagraph (3) of this paragraph and in § 31.6011(a)-5, every person required to make a return of income tax withheld from wages pursuant to section 1622 of the Internal Revenue Code of 1939 for the calendar quarter ended December 31, 1954, shall make a return for each subsequent calendar quarter (whether or not wages are paid therein) until he has filed a final return in accordance with § 31.6011(a)-6. Except as otherwise provided in subparagraph (3) of this paragraph and in § 31.6011(a)-5, every person not required to make a return for the calendar quarter ended December 31, 1954, shall make a return of income tax withheld from wages pursuant to section 3402 for the first calendar quarter thereafter in which he is required to deduct and withhold such tax and for each subsequent calendar quarter (whether or not wages are paid therein) until he has filed a final return in accordance with § 31.6011(a)-6. Except as otherwise provided in § 31.6011(a)-8 and in subparagraphs (2) and (3) of this paragraph, Form 941 is the form prescribed for making the return required under this paragraph. For the requirements relating to Form 941 with respect to qualified State individual income taxes, see paragraph (d)(3)(iv) of § 301.6361-1 of this chapter (Regulations on Procedure and Administration).

(2) Form 942 is the form prescribed for making the return required under subparagraph (1) of this paragraph with respect to income tax withheld, pursuant to an agreement under section 3402(p), from wages paid for domestic service in a private home of the employer not on a farm operated for profit. The preceeding sentence shall not apply in the case of an employer who has elected under paragraph (a)(3) of § 31.6011(a)-1 to use Form 941 as his return with respect to such payments for purposes of the Federal Insurance Contributions Act. For the requirements relating to Form 942 with respect to qualified State individual income taxes, see paragraph (d)(3)(iv) of § 301.6361-1.

(3) Every person shall make a return of income tax withheld, pursuant to an agreement under section 3402 (p), from wages paid for agricultural labor for the first calendar year in which he is required (by reason of such agreement) to deduct and withhold such tax and for each subsequent calendar year (whether or not wages for agricultural labor are paid therein) until he has filed a final return in accordance with § 31.6011(a)-6. Form 943 is the form prescribed for making the return required under this subparagraph. For the requirements relating to Form 943 with respect to qualified State individual income taxes, see paragraph (d)(3)(iv) of § 301.6361-1.

* * * * *

PAR. 15. So much of paragraph (a)(1)(i) of § 31.6051-1 as follows (f) thereof is amended to read as follows:

§ 31.6051-1  Statements for employees.

(a) *Requirement if wages are subject to withholding of income tax*—(1) *General rule.* (i) * * *

(f) * * *

See paragraph (d) of this section for provisions relating to the time for furnishing the statement required by this subparagraph. See paragraph (f) of this section for an exception for employers filing composite returns from the requirement that statements for employees be on Form W-2. For the requirements relating to Form W-2 with respect to qualified State individual income taxes, see paragraph (d)(3)(ii) of § 301.6361-1 of this chapter (regulations on Procedure and Administration).

* * * * *

PAR. 16. Paragraph (a)(1)(iii) of § 31.6302(c)-1 is amended to read as follows:

§ 31.6302(c)-1  Use of Government depositaries in connection with taxes under Federal Insurance Contributions Act and income tax withheld.

(a) *Requirement*—(1) *In general.* * * *

(iii) As used in subdivisions (i) and (ii) of this subparagraph, the term "taxes" means—
(a) The employee tax withheld under section 3102,
(b) The employer tax under section 3111, and
(c) The income tax withheld under section 3402, including amounts withheld with respect to qualified State individual income taxes,

exclusive of taxes with respect to wages for domestic service in a private home of the employer or, if paid before April 1, 1971, wages for agricultural labor. In addition, with respect to wages paid after December 31, 1970,

and before April 1, 1971, for agricultural labor, any taxes described in subparagraph (2)(ii) of this paragraph which are not required under such subparagraph to be deposited, and any income tax (including qualified State individual income tax) withheld under section 3402 with respect to such wages, shall be deemed to be "taxes" on and after April 1, 1971. For the requirements relating to the deposit and payment of withheld tax with respect to qualified State individual income taxes, see paragraph (d)(3)(iii) of § 301.6361-1 of this chapter (Regulations on Procedure and Administration).

* * * * *

PAR. 17. The following new section is inserted immediately after § 31.6317:

§ 31.6361-1  Collection and administration of qualified State individual income taxes.

Except as otherwise provided in §§ 301.6361-1 to 301.6365-2, inclusive, of this chapter (Regulations on Procedure and Administration), the provisions of this part under subtitle F or chapter 24 of the Internal Revenue Code of 1954 relating to the collection and administration of the taxes imposed by chapter 1 of such Code on the incomes of individuals (or relating to civil or criminal sanctions with respect to such collection and administration) shall apply to the collection and administration of qualified State individual income taxes (as defined in section 6362 of such Code and the regulations thereunder) as if such taxes were imposed by chapter 1 or chapter 24.

PART 32—TEMPORARY EMPLOYMENT TAX REGULATIONS UNDER THE TAX REFORM ACT OF 1969

PAR. 18. Paragraphs (b) and (f)(2) of § 32.1 are amended to read as follows:

§ 32.1  Extension of withholding of income tax at source on wages to annuity payments if requested by payee.

* * * * *

(b) *Manner of making request.* A payee who wishes a payer to deduct and withhold income tax from annuity payments shall file a request with the payer to deduct and withhold a specific whole dollar amount from each annuity payment. Such specific dollar amount requested shall be at least $5 per month and shall not reduce the net amount of any annuity payment received by the payee below $10. The request shall be made on Form W-4P (annuitant's withholding exemption certificate and request) in accordance

with the instructions applicable thereto, and shall set forth fully and clearly the data therein called for. In lieu of Form W-4P, payers may prepare and use a form the provisions of which are identical with those of Form W-4P. For the requirements relating to Form W-4P with respect to qualified State individual income taxes, see paragraph (d)(3)(i) of § 301.6361-1 of this chapter (Regulations on Procedure and Administration).

* * * * *

(f) *Returns of income tax withheld and statements for payees.* * * *

(2) Each statement on Form W-2P shall show the following:
(i) The gross amount of annuity payments made during the calendar year, whether or not income tax withholding under this section was in effect with respect to all such payments,
(ii) The total amount deducted and withheld as tax under section 3402 of this section, and
(iii) The information required to be shown by Form W-2P and the instructions applicable thereto.

For the requirements relating to Form W-2P with respect to qualified State individual income taxes, see paragraph (d)(3)(ii) of § 301.6361-1 of this chapter (Regulations on Procedure and Administration).

* * * * *

SUBCHAPTER F—PROCEDURE AND ADMINISTRATION

PART 301—PROCEDURE AND ADMINISTRATION

PAR. 19. Paragraph (c) of § 301.6212-1 is amended to read as follows:

§ 301.6212-1  Notice of deficiency.

* * * * *

(c) *Further deficiency letters restricted.* If the district director (or assistant regional commissioner, appellate) mails to the taxpayer notice of a deficiency, and the taxpayer files a petition with the Tax Court within the prescribed period, no additional deficiency may be determined with respect to income tax for the same taxable year, gift tax for the same calendar quarter (calendar year with respect to gifts made before January 1, 1971), or estate tax with respect to the taxable estate of the same decedent. This restriction shall not apply in the case of fraud, assertion of deficiencies with respect to any qualified tax (as defined in paragraph (b) of § 301.6361-4) in respect of which no deficiency was asserted for the taxable year in the notice, assertion of deficiencies with

respect to the Federal tax when deficiencies with respect to only a qualified tax (and not the Federal tax) were asserted for the taxable year in the notice, assertion of greater deficiencies before the Tax Court as provided in section 6214(a), mathematical errors as provided in section 6213(b)(1), or jeopardy assessments as provided in section 6861(c).

PAR. 20. Section 301.6321-1 is amended to read as follows:

§ 301.6321-1 Lien for taxes.

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, tangible or intangible, belonging to such person. For purposes of section 6321 and this section, the term "any tax" shall include a State individual income tax which is a "qualified tax", as defined in paragraph (b) of § 301.6361-4. The lien attaches to all property and rights to property belonging to such person at any time during the period of the lien, including any property or rights to property acquired by such person after the lien arises. Solely for purposes of sections 6321 and 6331, any interest in restricted land held in trust by the United States for an individual noncompetent Indian (and not for a tribe) shall not be deemed to be property, or a right to property, belonging to such Indian. For the method of allocating amounts collected pursuant to a lien between the Federal Government and a State or States imposing a qualified tax with respect to which the lien attached, see paragraph (f) of § 301.6361-1. For the special lien for estate and gift taxes, see section 6324 and § 301.6324-1.

PAR. 21. The following new sections are inserted immediately after § 301.6344:

§ 301.6361-1 Collection and administration of qualified taxes.

(a) *In general.* In the case of any State which has in effect a State agreement (as defined in paragraph (a) of § 301.6361-4), the Commissioner of Internal Revenue shall collect and administer each qualified tax (as defined in paragraph (b) of § 301.6361-4) of such State. No fee or other charge shall be imposed upon any State for the collection or administration of any qualified tax of such State or any other State. In any such case of collection and administration of qualified taxes, the provisions of subtitle F (relating to procedure and administration), subtitle G (relating to the Joint Committee on Taxation), and chapter 24 (relating to the collection of income tax at source on wages), and the provisions of regulations thereunder, insofar as such provisions relate to the collection and administration of the taxes imposed on the income of individuals by chapter 1 (and the civil and criminal sanctions provided by subtitle F, or by title 18 of the United States Code (relating to crimes and criminal procedure), with respect to such collection and administration) shall apply to the collection and administration of qualified taxes as if such taxes were imposed by chapter 1, except to the extent that the application of such provisions (and sanctions) are modified by regulations issued under subchapter E (as defined in paragraph (d) of § 301.6361-4). Any extension of time which is granted for the making of a payment, or for the filing of any return, which relates to any Federal tax imposed by subtitle A (or by subtitle C with respect to filing a return) shall constitute automatically an extension of the same amount of time for the making of the corresponding payment or for the filing of the corresponding return relating to any qualified tax.

(b) *Returns of qualified taxes.* Every individual, estate, or trust which has liability for one or more qualified taxes for a taxable year—

(1) Shall file a Federal income tax return at the time prescribed pursuant to section 6072(a) (whether or not such return is required by section 6012), and shall file therewith on the prescribed form a return under penalties of perjury for each tax which is—

(i) A qualified resident tax imposed by a State of which the taxpayer was a resident, as defined in § 301.6362-6, for any part of the taxable year;

(ii) A qualified nonresident tax imposed by a State within which was located the source or sources from which the taxpayer derived, while not a resident of such State and while not exempt from liability for the tax by reason of a reciprocal agreement between such State and the State of which he is a resident, 25 percent or more of his aggregate wage and other business income, as defined in paragraph (c) of § 301.6362-5, for the taxable year; or

(iii) A qualified resident or nonresident tax with respect to which any amount was currently collected from the taxpayer's income (including collection by withholding on wages or by payment of estimated income tax), as provided in paragraph (f) of § 301.6362-6, for any part of the taxable year; and

(2) Shall declare (in addition to the declaration required with respect to the return of the Federal income tax and in the place and manner prescribed by form or instructions thereto) under penalties of perjury that, to the best of the knowledge and belief of the taxpayer (or, in the case of an estate or trust, of the fiduciary who executes the Federal income tax return), he has no liability for any qualified tax for the taxable year other than any such liabilities returned with the Federal income tax return (pursuant to subparagraph (1) of this paragraph). Such declaration shall constitute a return indicating no liability with respect to each qualified tax other than any such tax for which liability is so returned. A Federal income tax return form which is filed but which does not contain such declaration shall constitute a Federal income tax return only if the taxpayer in fact has no liability for any qualified State tax for the taxable year.

(c) *Credits.*—(1) *Credit for tax of another State or political subdivision.*—(i) *In general.* A credit allowable under a qualified tax law against the tax imposed by such law for a taxpayer's tax liability to another State or a political subdivision of another State shall be allowed if the requirements of subdivision (ii) of this subparagraph are met, and if the credit meets the requirements of paragraph (c) of § 301.6362-4. Such credit shall be allowed without regard to whether the tax imposed by the other State or subdivision thereof is a qualified tax, and without regard to whether such tax has been paid.

(ii) *Substantiation of tax liability for which a credit is allowed.* If the liability which gives rise to a credit of the type described in subdivision (i) of this subparagraph is with respect to a qualified tax, then the fact of such liability shall be substantiated by filing the return on which such liability is reported. If such liability is not with respect to a qualified tax, then the Commissioner may require a taxpayer who claims entitlement to such a credit to complete a form to be submitted with his return of the qualified tax against which the credit is claimed. On such form the taxpayer shall identify each of the other States (the liabilities to which were not substantiated as provided in the first sentence of this subdivision) or political subdivisions to which the taxpayer reported a liability for a tax giving rise to the credit, furnish the name or description of each such tax, state the amount of the liability so reported with respect to each such tax and the beginning and ending dates of the taxable period for which such liability was reported, and provide such other information as is requested in the form or in the instructions thereto. In addition, the taxpayer shall agree on such form to notify the Commissioner in the event that the amount of any tax liability (or portion thereof) which

is claimed as giving rise to a credit of the type described in subdivision (i) of this subparagraph is changed or adjusted, whether as a result of an amended return filed by the taxpayer, a determination by the jurisdiction imposing the tax, or in any other manner.

(2) *Credit or withheld qualified tax.* An individual from whose wages an amount is withheld on account of a qualified tax shall receive a credit for such amount against his aggregate liability for all such qualified taxes and the Federal income tax for the taxable year, whether or not such tax has been paid over to the Federal Government by the employer. The credit shall operate in the manner provided by section 31(a) of the Code and the regulations thereunder with respect to Federal income tax withholding.

(d) *Collection of qualified taxes at source on wages.*—(1) *In general.* Except as otherwise provided in subparagraph (2) of this paragraph, every employer making payment of wages to an employee described in such subparagraph shall deduct and withhold upon such wages the amount prescribed with respect to the qualified tax designated in such subparagraph. The amounts prescribed for withholding with respect to each such qualified tax shall be published in Circular E (Employer's Tax Guide) or other appropriate Internal Revenue Service publications. See paragraph (f)(1) of § 301.6362–7 with respect to civil and criminal penalties to which an employer shall be subject with respect to his responsibilities relating to qualified taxes.

(2) *Specific withholding requirements.* An employer shall deduct and withhold upon an employee's wages the amount prescribed with respect to a qualified tax with respect to which such employee is subject to the current collection provisions pursuant to paragraph (f) of § 301.6362–6, unless:

(i) In the case of a qualified resident tax, the employee's services giving rise to the wages are performed in another State, and such other State or a political subdivision thereof imposes a nonresident tax on such employee with respect to which the withholding amount exceeds the prescribed withholding amount with respect to such qualified resident tax, and the State imposing such qualified resident tax grants a credit against it for such nonresident tax.

(ii) In the case of a qualified nonresident tax, either:

(A) Residents of the State in which the employee resides are exempt from liability for the qualified nonresident tax imposed by the State from sources within which his wage income is derived, by reason of an interstate compact or agreement to which the two States are parties, or

(B) The State in which the employee resides imposes a qualified resident tax on such employee with respect to which the prescribed withholding amounts exceed the prescribed withholding amounts with respect to the qualified nonresident tax imposed by the State from sources within which his wage income is derived, and the State in which he resides grants a credit against its qualified resident tax for such qualified nonresident tax.

If the nonresident tax described in subdivision (i) of this subparagraph is a qualified nonresident tax imposed by a State, then the reference in such subdivision to the State in which the services are performed shall be construed as a reference to the State from sources within which the wage income is derived, within the meaning of paragraph (d)(1) of § 301.6362–5.

(3) *Forms, procedures, and returns relating to withholding with respect to qualified taxes.*—(i) *Forms W–4 and W–4P.* Forms W–4 (Employee's Withholding Allowance Certificate) and W–4P (Annuitant's Request for Income Tax Withholding), shall include information as to the State in which the employee resides, and shall be used for purposes of withholding with respect to both Federal and qualified taxes. An employee shall show on his Form W–4 the State in which he resides for purposes of this paragraph, and shall file a new Form W–4 within 10 days after he changes his State of residence. An employee who fails to meet either of the requirements set forth in the preceding sentence, with the intent to evade the withholding tax imposed with respect to a qualified tax, shall be subject to the penalty provided in section 7205 of the Code. An employer shall be responsible for determining the State within which are located the sources from which the employee's wage income is derived for purposes of this paragraph; and, if the employee does not file a Form W–4, the employer shall assume for such purposes that the employee resides in that State. When an employer and an employee enter into a voluntary withholding agreement pursuant to § 31.3402(p)–1, the employer shall withhold the amount prescribed with respect to the qualified resident tax imposed by the State in which the employee resides, as indicated on Form W–4. Similarly, if an annuitant requests withholding with respect to his annuity payments pursuant to section 3402 (o)(1)(B) of the Code, the payer shall withhold the whole dollar amount specified by the annuitant with respect to a qualified resident tax, provided that the combined withholding with respect to Federal and qualified taxes on each annuity payment shall be a whole dollar amount not less than $5, and that the net amount of any annuity payment received by the payee shall not be reduced to less than $10.

(ii) *Forms W–2 and W–2P.* Forms W–2 (Wage and Tax Statement) and W–2P (the corresponding form for annuities) shall show:

(A) The total amount withheld with respect to the Federal income tax;

(B) The total amount withheld with respect to qualified taxes;

(C) The name of each State imposing a qualified tax in which the employee (or annuitant) resided during the taxable year, as shown on Form W–4 (or W–4P);

(D) The name of each State imposing a qualified nonresident tax within which were located sources from which the employee's wage income was derived during a period of the taxable year in which he was not shown as a resident of such State on Form W–4, and the amount of the employee's wage income so derived; and

(E) The name of each State or locality that imposes an income tax which is not a qualified tax and with respect to which the employer withheld on the employee's wage income for the taxable year, and the amount of wage income with respect to which the employer so withheld.

(iii) *Requirements relating to deposit and payment of withheld tax.* Rules relating to the deposit and remittance of withheld Federal income and FICA taxes, including those prescribed in section 6302 of the Code and the regulations thereunder, shall apply also to amounts withheld with respect to qualified taxes. Thus, an employer's liability with respect to the deposit and payment of withheld taxes shall be for the combined amount of withholding with respect to Federal and qualified taxes. The Federal Tax Deposit form shall separately indicate:

(A) The combined total amount of Federal income, FICA, and qualified taxes withheld;

(B) The combined total amount of qualified taxes withheld; and

(C) The total amount of qualified taxes withheld with respect to each electing State.

Data indicating the total amount of tax deposits processed by the Internal Revenue Service with respect to the qualified taxes of an electing State will be available to that State upon request on as frequent as a weekly basis. These data will be available no later than 10 working days after the end of the calendar week in which the deposits were processed by the Service.

(iv) *Employment tax returns.* Forms 941 (Employer's Quarterly Federal Tax Return), 941–E (Quarterly Return of Withheld Income Tax), 941–M (Employer's Monthly Federal Tax

Return), 942 (Employer's Quarterly Tax Return for Household Employees), and 943 (Employer's Annual Tax Return for Agricultural Employees), shall indicate the total amount withheld with respect to each qualified tax, as directed by such forms or their instructions.

(e) *Criminal penalties.* A criminal offense committed with respect to a qualified tax shall be treated as a separate offense from a similar offense committed with respect to the Federal tax. Thus, for example, if a taxpayer willfully attempts to evade both the Federal tax and a qualified tax by failing to report a portion of his income, he shall be considered as having committed two criminal offenses, each subject to a separate penalty under section 7201. See also § 301.6362-7(f) with respect to criminal penalties.

(f) *Allocation of amounts collected with respect to tax and criminal fines*—(1) *In general.* The aggregate amount that has been collected from a taxpayer (including amounts collected by withholding) in respect of liability for both one or more qualified taxes and the Federal income tax for a taxable year shall be allocated among the Federal Government and the States imposing qualified taxes for which the taxpayer is liable in the proportion which the taxpayer's liability for each such tax bears to his aggregate liability for such year to all of such taxing jurisdictions with respect to such taxes. A reallocation shall be made either when an amount is collected from the taxpayer or his employer or is credited or refunded to the taxpayer, subsequent to the making of the initial allocation, or when a determination is made by the Commissioner that an error was made with respect to a previous allocation. However, any such allocation or reallocation shall not affect the amount of a taxpayer's or employer's liability to either jurisdiction, or the amount of the assessment and collection which may be made with respect to a taxpayer or employer. Accordingly, such allocations and reallocations shall not be taken into consideration for purposes of the application of statutes of limitation or provisions relating to interest, additions to tax, penalties, and criminal sanctions. See example (4) in subparagraph (4) of this paragraph. In addition, any such allocation or reallocation shall not affect the amount of the deduction to which a taxpayer is entitled under section 164 for a year in which he made payment (including payments made by withholding) of an amount which was designated as being in respect of his liability for a qualified tax. However, to the extent that an amount which was paid by a taxpayer and designated as being in respect of his liability for a qualified tax is allocated or reallocated in such a manner as to apply it toward the taxpayer's liability for the Federal income tax, such allocation or reallocation shall be treated as a refund to the taxpayer of an amount paid in respect of a State income tax, and shall be included in the gross income of the taxpayer to the extent appropriate under section 111 and the regulations thereunder in the year in which the allocation or reallocation is made. See section 451 and the regulations thereunder. Similarly, to the extent that an amount which was paid by a taxpayer and designated as being in respect of his Federal income tax liability is allocated or reallocated in such a manner as to apply it toward his liability for a qualified tax, such allocation or reallocation shall be treated as a payment made by the taxpayer in respect of a State income tax, and shall be deductible under section 164 in the year in which the allocation or reallocation is made. The Internal Revenue Service shall notify the taxpayer in writing of any allocation or reallocation of tax liabilities in a proportion other than that of the respective tax liabilities shown on the taxpayer's returns.

(2) *Amounts of collections and liabilities.* For purposes of this paragraph the aggregate amount that has been collected from a taxpayer or his employer in respect of tax liability shall include the amounts of interest provided in chapter 67, and additions to tax and assessable penalties provided in chapter 68, which are collected with respect to such tax; but shall not include criminal fines provided in chapter 75, or in title 18 of the United States Code, which are collected with respect to offenses relating to such tax. (See subparagraph (3) of this paragraph with respect to the treatment of such criminal fines.) However, for purposes of this paragraph, the amount of the taxpayer's liability for each tax shall exclude his liability for such interest additions to tax, and assessable penalties with respect to such tax, and his liability for criminal fines imposed with respect to offenses relating to such tax. For purposes of this paragraph, the amount of the taxpayer's liability for each tax shall be computed by taking credits into account, except that there shall be no reduction for any amounts paid on account of such liability, whether by means of withholding, estimated tax payment, or otherwise.

(3) *Special rules relating to criminal fines.* (i) Except as otherwise provided in subdivision (ii) of this subparagraph, when a criminal charge is brought against a taxpayer with respect to a taxable year pursuant to chapter 75, or to title 18 of the United States Code, or to a corresponding provision of a qualified tax law, alleging that an offense was committed against the United States with respect to the Federal income tax or against a State with respect to a qualified tax, and an amount of money is collected by the Federal Government as a fine as a result of such charge, then the Federal Government shall remit an amount to each State, if any, which is an affected jurisdiction. The amount remitted to each such State shall bear the same proportion to the total amount collected as a fine as the taxpayer's liability with respect to the qualified taxes of that State bears to the aggregate of the taxpayer's income tax liabilities to all affected jurisdictions for the taxable year, as determined under subparagraphs (1) and (2) of this paragraph. For purposes of this subparagraph, an affected jurisdiction is (A) a jurisdiction with respect to the tax of which a criminal charge described in the preceding sentence was brought for the taxable year, or (B) a jurisdiction with respect to the Federal income tax or the qualified tax of which the acts or omissions alleged in such a criminal charge would constitute the basis for the bringing of a criminal charge for the same taxable year. However, in no case shall the amount received by an affected State, or the amount of the excess of the amount received by the Federal Government over the amount of its remissions to States, with respect to a fine exceed the maximum fine prescribed by statute for the offense against that jurisdiction with respect to which a criminal charge was brought, or with respect to which the bringing of a criminal charge could have been supported on the basis of the acts or omissions alleged in a criminal charge brought. For purposes of this subparagraph, the amount collected as a fine as a result of a criminal charge shall include amounts paid in settlement of an actual or potential liability for a fine, amounts paid pursuant to a conviction and amounts paid pursuant to a plea of guilty or *nolo contendere*.

(ii) If a criminal charge described in the first sentence of subdivision (i) of this subparagraph is actually brought with respect to the income tax of every affected jurisdiction with respect to the taxable year, and if a Court adjudicates on the merits the taxpayer's liability for a fine to each such jurisdiction, and includes in its decree a direction of the amount, if any, to be paid as a fine to each such jurisdiction, then that decree shall govern the allocation of the amount of money collected by the Federal Government as a fine with respect to the taxable year.

(4) *Examples.* The application of this paragraph may be illustrated by the following examples:

*Example (1).* The total combined amount of State X qualified tax and Federal income tax collected from A, a resident of State X, for the taxable year is $5,100. The amounts of A's liabilities for such taxes for that year are $800 to State X and $4,000 to the Federal Government. Since A's tax liability to State X is one-sixth of the combined tax liability ($4,800), one-sixth ($50) of the amount to be refunded to A ($300) is chargeable against State X's account, and five-sixths ($250) is chargeable against the Federal Government's account.

*Example (2).* Assume the same facts as in example (1) except that the total amount collected from A is $4,500. Since A's liabilities for the State X tax and the Federal tax are one-sixth and five-sixths, respectively, of the combined tax liability, the Federal Government shall pay over to State X one-sixth ($750) of the amount actually collected from A, and the Federal Government shall retain five-sixths ($3,750).

*Example (3).* The total amount of State X qualified tax, State Y qualified tax, and Federal income tax collected from B, a resident of State X who is employed in State Y, for the taxable year is $5,500. The amounts of B's liabilities for such taxes for that year are: $250 for the State X tax (after allowance of a credit for State Y's qualified tax), $750 for the State Y tax, and $4,000 for the Federal tax. Since B's liability for the State X tax ($250) is 5 percent of the combined tax liability ($5,000), his liability for the State Y tax ($750) is 15 percent of such combined liability, and his liability fo the Federal tax ($4,000) is 80 percent of such combined liability, the total amount to be refunded to B ($500) shall be chargeable in the following manner: 5 percent ($25) against State X's account, 15 percent ($75) against State Y's account, and 80 percent ($400) against the Federal Government's account.

*Example (4).* C is liable for $2,000 in Federal income tax and $500 in State X qualified tax (a resident tax) for the taxable year. However, on his Federal income tax return for such year, C erroneously described himself as a resident of State Y (which does not have a qualified tax), and he filed with such return his declaration to the effect that he had no qualified tax liability for the year. Accordingly, C paid only $2,000 for his Federal tax liability, and such amount was retained in the account of the Federal Government. Subsequently, C's error is discovered. The amount collected by the Federal Government from C for such year must be allocated between the Federal Government and State X in proportion to C's tax liability to both. Accordingly, the Federal Government must pay over to State X the amount of $400 (which is ⅕ ($500/$2,500) of the $2,000 collected). If the Federal Government collects from C the additional $500 owed, it will retain $400 of such amount and pay the remaining $100 to State X. Similarly, if the Federal Government collects from C any interest, or any additions to tax or assessable penalties under chapter 68, ⅘ of the amount of such collections shall be retained by the Federal Government and ⅕ of such amount shall be paid over to State X. However, notwithstanding the allocation of the funds between the taxing jurisdictions, C's liability for the $500 retains its character as a liability for State X tax. Therefore, any interest, additions to tax, or assessable penalties imposed with respect to the State X tax shall be imposed with respect to C's full $500 liability for such tax, notwithstanding the fact that amounts collected with respect to such items shall be allocated ⅘ to the Federal Government.

*Example (5).* A criminal charge is brought against D pursuant to chapter 75, alleging that he willfully evaded the payment of Federal income tax by failing to report interest income derived from obligations of the United States. D enters a plea of *non contendere* to the charge and pays $2,500 as a fine to the Federal Government. The act alleged in the criminal charge would not support the bringing of a criminal charge under a State law corresponding to chapter 75, or to title 18 of the United States Code, with respect to the qualified tax of any State; accordingly, the United States is the only affected jurisdiction, and no remittances shall be made to any State with respect to the amount collected by the Federal Government as a fine.

*Example (6).* A criminal charge is brought against E pursuant to chapter 75, alleging that he willfully attempted to evade the assessment of liability for both Federal income tax and the qualified tax of State X by filing false and fraudulent income tax returns. E's case is settled upon the condition that he pay a fine in the amount of $5,000. As determined pursuant to subparagraph (2) of this paragraph, E's liabilities for the taxable year are in the amounts of $7,200 to the Federal Government and $800 to State X. Accordingly, after the Federal Government collects the fine, $500 ($5,000÷$800×$8,000) is remitted to State X.

*Example (7).* Assume the same facts as in example (6), except that E is tried and convicted on both charges, and pursuant to court decree he pays to the United States a fine of $6,000 with respect to each charge, or a total of $12,000. Because a criminal charge was brought with respect to each affected jurisdiction, and the allocation of the total amount paid as a fine was specifically imposed by a court decree, the direction of the Court shall govern the allocation. Accordingly, after the Federal Government collects the fines it pays over $6,000 to the account of State X.

§ 301.6361-2  Judicial and administrative proceedings; Federal representation of State interests.

(a) *Civil proceedings*—(1) *General rule.* Any person shall have the same right to bring or contest a civil action, and to obtain a review thereof, with respect to a qualified tax (including the current collection thereof) in the same court or courts which would be available to him, and pursuant to the same requirements and procedures to which he would be subject, under chapter 76 (relating to judicial proceedings), and under title 28 of the United States Code (relating to the judiciary and judicial procedure), if the tax were imposed by section 1 or chapter 24 of the Internal Revenue Code. For purposes of this section, the term "person" includes the Federal Government. Except as provided in subparagraph (2) of this paragraph, to the extent that the preceding sentence provides judicial procedures (including review procedures) with respect to any matter, such procedures shall replace civil judicial procedures under State law.

(2) *Exception.* The right or power of the courts of any State to pass on matters involving the constitution of such State is unaffected by any provision of this paragraph; however, the jurisdiction of a State court in such matters shall not extend beyond the issue of constitutionality. Thus, if in a case involving the validity of a qualified tax statute under the State constitution, the State court holds such statute constitutional, such court shall not proceed to decide the amount of the tax liability.

(b) *Criminal proceedings.* Only the Federal Government shall have the right to bring a criminal action with respect to a qualified tax (including the current collection thereof). Such an action shall be brought in the same court or courts which would be available to the Federal Government, and pursuant to the same requirements and procedures to which the Federal Government would be subject, if the tax were imposed by section 1 or chapter 24 of the Internal Revenue Code.

(c) *Administrative proceedings.* Any person shall have the same rights in administrative proceedings of the Internal Revenue Service with respect to a qualified tax (including the current collection thereof) which would be available to him, and shall be subject to the same administrative requirements and procedures to which he would be subject, if the tax were imposed by section 1 or chapter 24 of the Internal Revenue Code.

(d) *United States representation of State interests*—(1) *General rule.* Except as provided in subparagraphs (2) and (3) of this paragraph, the Federal Government shall appear on behalf of any State the qualified tax of which it collects (or did collect for the year in issue), and shall represent such State's interests in any administrative or judicial proceeding, either civil or criminal in nature, which relates to the administration and collection of such qualified tax, in the same manner as it represents the interests

of the United States in corresponding proceedings involving Federal income tax matters.

(2) *Exceptions.* The Federal Government shall not so represent a State's interests either—

(i) In proceedings in a State court involving the constitution of such State, to the extent of such constitutional issue, or

(ii) In proceedings in any court involving the relationship between the United States and the State, to the extent of the issue pertaining to such relationship, if either:

(A) The proceeding is one which is initiated by the United States against the State, or by the State against the United States, and no individual (except in his official capacity as a governmental official) is an original party to the proceeding, or

(B) The proceeding is not one described in (A), but the State elects to represent its own interests to the extent permissible under this subdivision.

(3) *Finality of Federal administrative determinations.* State and local government officials and employees may not review Federal administrative determinations concerning tax liabilities of, refunds owed to, or criminal prosecutions of, individuals with respect to qualified taxes. See, however, § 301.6363-3 relating to State administration of a qualified tax with respect to transition years. If requested by an electing State, the Commissioner or his delegate may, under terms and conditions set forth in an agreement with such State, permit such State to carry on operations supplementary to the Federal administration of the State's qualified tax (including supplemental audits or examinations of tax returns by State audit personnel), but all administrative determinations shall be made by the Federal Government without review by the State. An agreement which permits supplemental audits or examinations of tax returns by State audit personnel shall provide that the audits and examinations shall be conducted under the supervision and control of the Commissioner or his delegate, who shall have the authority to determine which returns shall be audited and when the audits shall occur. Also, such agreements shall provide that the results of any such supplemental audit shall be referred to the Commissioner or his delegate for final administrative determination. The Commissioner or his delegate shall, to the extent permitted by law, allow an electing State reasonable access to tax returns and other appropriate records and information relating to its qualified tax for the purpose of conducting any such supplemental operations. In addition, the Secretary or his delegate shall permit an electing State to inspect the workpapers which are compiled in the course of verification by the Treasury Department of the correctness of the accounting by which the amounts of the actual net collections attributable to the electing State's qualified taxes are determined.

§ 301.6361-3  Transfers to States.

(a) *Periodic transfers.* In general, amounts collected by the Federal Government which are allocable to qualified taxes (including criminal fines which are required to be paid to a State, as determined under paragraph (f)(3) of § 301.6361-1) shall be promptly transferred to each State imposing such a tax. Transfers of such amounts, based on percentages of estimated Federal collections, shall be made not less frequently than every third business day unless the State agrees to accept transfers at less frequent intervals.

(b) *Determination of amounts of transfers.* The amounts allocable to the qualified taxes of each State for purposes of periodic transfer shall be determined as a percentage of the estimated aggregate net individual income tax collections made by the Federal Government. For purposes of this paragraph, the "aggregate net individual income tax collections" shall include amounts collected on account of the Federal individual income tax and all qualified taxes by all means (including withholding, tax returns, and declarations of estimated tax), and shall be reduced to the extent of any liability to taxpayers for credits or refunds by reason of overpayments of such taxes. The percentage of the estimated amount of such collections which is allocated to each State shall be based on an estimate which is to be made by the Office of Tax Analysis prior to the beginning of each calendar year as to what portion of the estimated aggregate net individual income tax collections for the forthcoming year will be attributable to the qualified taxes of that State. Each State will be notified prior to the beginning of each calendar year of the amount which it is estimated that the State will receive by application of that percentage for the year. However, the Office of Tax Analysis shall, from time to time throughout the calendar year, revise the percentage estimates when such a revision is, in the opinion of that office necessary to conform such estimates to the actual receipts. When such a revision is made, the payments to the State will be adjusted accordingly.

(c) *Adjustment of difference between actual collections and periodic transfers.* At least once annually the Secretary or his delegate shall determine the difference between the aggregate amount of the actual net collections made (taking into account credits, refunds, and amounts received by withholding with respect to which a tax return is not filed) which is attributable to each State's qualified taxes during the preceding year and the aggregate amount actually transferred to such State based on estimates during such year. The amount of such difference, as so determined, shall be a charge against, or an addition to, the amounts otherwise determined to be payable to the State.

(d) *Recipient of transferred funds.* All funds transferred pursuant to section 6361(c) and paragraph (a) of this section shall be transferred by the Federal Government to the State official designated by the Governor to receive such funds in the State agreement pursuant to paragraph (d)(5) of § 301.6363-1, unless the Governor notifies the Secretary or his delegate in writing of the designation of a different State official to receive the funds.

§ 301.6361-4  Definitions.

For purposes of the regulations in this part under subchapter E of chapter 64 of the Internal Revenue Code of 1954, relating to collection and administration of State individual income taxes—

(a) *State agreement.* The term "State agreement" means an agreement between a State and the Federal Government which was entered into pursuant to section 6363 and the regulations thereunder, and which provides for the Federal collection and administration of the qualified tax or taxes of that State.

(b) *Qualified tax.* The term "qualified tax" means a tax which is a "qualified State individual income tax", as defined in section 6362 (including subsection (f)(1) thereof, which requires that a State agreement be in effect) and the regulations thereunder.

(c) *Chapters and subtitles.* References in regulations in this part under subchapter E to chapters and subtitles are to chapters and subtitles of the Internal Revenue Code of 1954, unless otherwise indicated.

(d) *Subchapter E.* The term "subchapter E" means subchapter E of chapter 64 of the Internal Revenue Code of 1954, relating to collection and administration of State individual income taxes, as amended from time to time.

§ 301.6361-5  Effective date of section 6361.

Section 6361 shall take effect on the first January 1 which is more than 1 year after the first date on which at least one State has filed a notice of election with the Secretary or his delegate to enter into a State agreement. For purposes of this section, a notice of election shall be deemed to have

been filed by a State only if there is no defect in either the State's notice of election or the State's tax law of which the Secretary notified the Governor pursuant to paragraph (c) of § 301.6363-1, and which has not been retroactively cured under the provisions of such paragraph.

§ 301.6362-1  Types of qualified tax.

(a) *In general.* A qualified tax may be either a "qualified resident tax" within the meaning of paragraph (b) of this section, or a "qualified nonresident tax" within the meaning of paragraph (c) of this section.

(b) *Qualified resident tax.* A tax imposed by a State on the income of individuals, estates, and trusts which are residents of such State within the meaning of section 6362(e) and § 301.6362-6 shall be a "qualified resident tax" if it is either:

(1) A tax based on Federal taxable income which meets the requirements of section 6362 (b), (e), and (f), and of §§ 301.6362-2, 301.6362-6, and 301.6362-7; or

(2) A tax which is a percentage of the Federal tax and which meets the requirements of section 6362 (c), (e), and (f), and of §§ 301.6362-3, 301.6362-6, and 301.6362-7.

(c) *Qualified nonresident tax.* A tax imposed by a State on the wage and other business income of individuals who are not residents of such State within the meaning of section 6362(e)(1) and paragraph (b) of § 301.6362-6 shall be a "qualified nonresident tax" if it meets the requirements of section 6362 (d), (e), and (f), and of §§ 301.6362-5, 301.6362-6, and 301.6362-7.

§ 301.6362-2  Qualified resident tax based on taxable income.

(a) *In general.* A tax meets the requirements of section 6362(b) and this section only if it is imposed on the amount of the taxable income, as defined in section 63, of the individual, estate, or trust, adjusted—

(1) By subtracting an amount equal to the amount of the taxpayer's interest on obligations of the United States which was included in his gross income for the taxable year;

(2) By adding an amount equal to the amount of the taxpayer's net State income tax deduction, as defined in paragraph (a) of § 301.6362-4, for the taxable year;

(3) By adding an amount equal to the amount of the taxpayer's net tax-exempt income, as defined in paragraph (b) of § 301.6362-4, for the taxable year; and

(4) If a credit is allowed against the tax in accordance with paragraph (b)(3) of this section for sales tax imposed by the State or a political subdivision thereof, by adding an amount equal to the amount of the taxpayer's deduction under section 164(a)(4) for such sales tax.

The tax may provide for either a single rate or multiple rates which vary with the amount of taxable income, as adjusted.

(b) *Permitted adjustments.* A tax which otherwise meets the requirements of paragraph (a) of this section shall not be deemed to fail to meet such requirements solely because it provides for one or more of the following adjustments:

(1) A credit meeting the requirements of paragraph (c) of § 301.6362-4 is allowed against the tax for the taxpayer's income tax liability to another State or a political subdivision thereof.

(2) A tax is imposed on the amount taxed under section 56 (relating to the minimum tax for tax preferences).

(3) A credit is allowed against the tax for all or a portion of any general sales tax imposed by the State or a political subdivision thereof with respect to sales either to the taxpayer or to one or more of his dependents.

(c) *Method of making mandatory adjustments.* The mandatory adjustments provided in paragraph (a) of this section shall be made directly to taxable income. Except as provided in paragraph (c)(2) of § 301.6362-4, no account shall be taken of any reduction or increase in the Federal adjusted gross income which would result from the exclusion from, or inclusion in, gross income of the items which are the subject of the adjustments. Thus, for example, when for purposes of the calculation the taxpayer's Federal taxable income is adjusted to reflect the exclusion from gross income of interest on obligations of the United States, no change shall be made in the amount of the taxpayer's deduction for medical expenses, or in the amount of his charitable contribution base, even though such amounts would ordinarily depend upon the amount of adjusted gross income.

§ 301.6362-3  Qualified resident tax which is a percentage of Federal tax.

(a) *In general.* A tax meets the requirements of section 6362(c) and this section only if:

(1) The tax is imposed as a single specified percentage of the excess of the taxes imposed by chapter 1 over the sum of the credits allowable under part IV of subchapter A of chapter 1 (other than the credits allowable under sections 31 and 39), and

(2) The amount of the tax is decreased by the amount of the decrease in such liability which would result from excluding from the taxpayer's gross income an amount equal to the amount of interest on obligations of the United States which was included in his gross income for the taxable year.

(b) *Permitted adjustments.* A tax which otherwise meets the requirements of paragraph (a) of this section shall not be deemed to fail to meet such requirements solely because it provides for one or more of the following three adjustments:

(1) The amount of a taxpayer's liability for tax is increased by the amount of the increase in such liability which would result from including in such taxpayer's gross income all of the following:

(i) An amount equal to the amount of his net State income tax deduction, as defined in paragraph (a) of § 301.6362-4, for the taxable year,

(ii) An amount equal to the amount of his net tax-exempt income, as defined in paragraph (b) of § 301.6362-4, for the taxable year, and

(iii) If a credit is allowed against the tax under paragraph (b)(3) of this section for sales tax imposed by the State or a political subdivision thereof, an amount equal to the amount of his deduction under section 164(a)(4) for such sales tax.

(2) A credit meeting the requirements of paragraph (c) of § 301.6362-4 is allowed against the tax for the income tax of another State or a political subdivision thereof.

(3) A credit is allowed against the tax for all or a portion of any general sales tax imposed by the State or a political subdivision thereof with respect to sales either to the taxpayer or to one or more of his dependents.

(c) *Method of making adjustments.* Except as specifically provided in paragraphs (a)(2) and (b)(1) of this section and in paragraph (c)(2) of § 301.6362-4, no account shall be taken of any reduction or increase in the Federal adjusted gross income which would result from the exclusion from, or inclusion in, gross income of the items which are the subject of the adjustments provided in those paragraphs. Thus, for example, when for purposes of the calculation the taxpayer's Federal income tax liability is adjusted to reflect the exclusion from gross income of interest on obligations of the United States, no change shall be made in the amount of the taxpayer's deduction for medical expenses, or in the amount of his charitable contribution base, even though such amounts would ordinarily depend upon the amount of adjusted gross income. Also, when calculating the adjusted Federal tax liability to which the rate of the State tax is to be applied, no adjustment shall be made in the amount of any credit against Federal tax to which a taxpayer is entitled.

§ 301.6362-4 Rules for adjustments relating to qualified resident taxes.

(a) *Net State income tax deduction.* For purposes of section 6362 (b)(1)(B) and (c)(3)(B), and §§ 301.6362-2 and 301.6362-3, the "net State income tax deduction" shall be the excess (if any) of (1) the amount deducted from income under section 164(a)(3) as taxes paid to a State or to a political subdivision thereof, over (2) the amounts included in income as recoveries of prior income taxes which were paid to a State or to a political subdivision thereof and which had been deducted under section 164(a)(3).

(b) *Net tax-exempt income.* For purposes of section 6362 (b)(1)(C) and (c)(3)(A) and §§ 301.6362-2 and 301.6362-3, the "net tax-exempt income" shall be the excess (if any) of:

(1) The sum of (i) the interest on obligations described in section 103 (a)(1) other than obligations of the State imposing the tax and the political subdivisions thereof, and (ii) the interest on obligations described in such section of such State and the political subdivisions thereof which under the law of the State is subject to the tax; over

(2) The sum of (i) the amount of deductions allocable to the interest described in subparagraph (1) (i) or (ii) of this paragraph which is disallowed pursuant to section 265 and the regulations thereunder, and (ii) the amount of the adjustment to basis allocable to such obligations which is required to be made for the taxable year under section 1016(a) (5) or (6).

For purposes of subparagraph (1)(ii) of this paragraph, a State may, at its option, subject to the tax the interest from all, none, or some of its section 103(a)(1) obligations and those of its political subdivisions. For example, a State may subject to tax all of such obligations other than those which it or its political subdivisions issued prior to a specified date, which may be the date that subchapter E became applicable to the State.

(c) *Credits for taxes of other jurisdictions*—(1) *In general.* A State tax law that provides for a credit, pursuant to section 6362(b)(2) (B) or (C) or section 6362(c)(4), and paragraph (b)(1) of § 301.6362-2 or paragraph (b)(2) of § 301.6362-3, for income tax of another State or a political subdivision thereof shall provide that, in the case of each taxpayer, the amount of the credit shall equal the amount of his liability with respect to such other jurisdiction's tax for the taxable year which runs concurrently with, or which ends in, the taxable year used by the taxpayer for purposes of the State tax which provides for the credit. Such a credit may be allowed with respect to every income tax (whether or not qualified) imposed on the taxpayer by another State or a political subdivision thereof, or only with respect to certain of such taxes. However, for purposes of this paragraph, the amount which is treated as being the amount of the taxpayer's liability with respect to any such tax imposed by another jurisdiction shall not exceed the amount of liability for such tax which is both—

(A) Reported to the taxing authorities responsible for collecting such other jurisdiction's tax, and

(B) Substantiated pursuant to the requirements of paragraph (c)(1)(ii) of § 301.6361-1.

(2) *Limitation.* The amount of any credit allowed for the taxable year pursuant to this paragraph shall not exceed the product of the amount of the resident tax against which the credit is allowed, as computed without subtracting any such credit, multiplied by a fraction the numerator of which is the amount of income subject to tax by both the State imposing the resident tax against which the credit is allowed and the other jurisdiction whose tax is being credited, and the denominator of which is the amount of income subject to tax by the State imposing the resident tax against which the credit is allowed. For purposes of the preceding sentence, "income subject to tax" means the amount of the taxpayer's adjusted gross income which is taken into account for purposes of computing tax liability; in the case of a qualified resident tax, an appropriate modification shall be made to take into account any adjustments which are made pursuant to paragraph (a)(1) and (3) of § 301.6362-2, or pursuant to paragraph (a)(2) or (b)(1)(ii) of § 301.6362-3.

(3) *Examples.* The application of this paragraph may be illustrated by the following examples:

*Example (1).* (i) A, a calendar-year, cash-basis taxpayer, is a resident of State X throughout the taxable year. For such year, his adjusted gross income for Federal income tax purposes consists of $24,000, consisting of $3,000 derived from employment in State X, $5,000 derived from employment in State Y, $15,000 derived from employment in State Z, and $1,000 in interest income from United States savings bonds. In addition, he received net tax-exempt income in the amount of $2,000. For the taxable year, he incurs liabilities of $200 for the State Y nonresident income tax, and $1,400 for the State Z nonresident income tax. State X, which has in effect a State agreement for the taxable year, imposes a resident tax against which credits are allowed for the nonresident taxes imposed by States Y and Z. Without taking any such credits into account, however, the amount of A's liability for such resident tax would be $1,500. A properly reports his nonresident income tax liabilities to States Y and Z at the same time that he files his return with respect to the State X tax, and he substantiates on such return his liabilities to States Y and Z.

(ii) The amount of A's income subject to tax in State X is $25,000 (his adjusted gross income of $24,000, minus the United States savings bond income of $1,000, plus the net tax-exempt income of $2,000). The amount of the credit allowable against the State X resident tax for the amount of A's liability with respect to the State Y nonresident tax is calculated as follows: The maximum amount of credit is the actual amount of his liability to Y, or $200. Under subparagraph (2) of this paragraph, the amount of the credit is limited to $300 ($1,500 × $5,000/$25,000). Thus, such limit has no effect, and the full $200 is allowable as a credit against A's liability for the resident tax of State X. The amount of the credit allowable against the State X resident tax for the amount of A's liability with respect to the State Z nonresident tax is calculated as follows: The maximum amount of the credit is the actual amount of his liability to Z, or $1,400. Under subparagraph (2) of this paragraph, the amount of the credit is limited to $900 (1,500 × $15,000/$25,000). Thus, such limit has the effect of reducing to $900 the amount of the credit allowable for tax of State Z against A's liability for the resident tax of State X.

*Example (2).* (i) B, a calendar-year, cash-basis taxpayer, is a resident of State X employed in State Y through March 14, 1977. On March 15, 1977, B becomes a resident of State Z and remains a resident of such State through the remainder of 1977. For 1977, the amount of B's adjusted gross income for Federal income tax purposes is $20,000, consisting of $6,000 derived from employment in State Y which B held during the period of his residence in State X, $12,000 derived from employment in State Z which B held during the period of his residence in State Z, and $2,000 in interest income from various bank accounts. During 1977, B has no interest income from United States obligations, and no tax-exempt income. For 1977, B incurs a liability of $200 to State Y on account of its nonresident income tax imposed with respect to his $6,000 of income derived from sources within that State. State Z, which has in effect a State agreement for 1977, imposes a resident income tax on B which, if B had been a resident of State Z for all 1977, would amount to $1,200 prior to the allowance of any credits under this paragraph. However, by reason of paragraph (e)(1) of § 301.6362-6, B's liability for the resident tax of State Z, before taking into accout credits allowed under this paragraph, is reduced to $960 ($1,200 × ⁹⁹⁄₁₂₅, or ⅘). Furthermore, State Z allows a credit for the nonresident tax imposed by State Y.

(ii) The amount of the credit allowable against the State Z resident tax for the amount of B's liability with respect to the State Y nonresident tax is calculated as follows: The maximum amount of the credit is the amount of his actual liability to State Y, or $200. Under subparagraph (2) of this paragraph, the amount of the credit is limited to $288 ($960 × $6,000/$20,000). Thus, such limit has no effect, and the full $200 is allowable as a credit for tax of State Y against B's liability for the resident tax of State Z.

§ 301.6362-5 Qualified nonresident tax.

(a) *In general.* A tax meets the requirements of section 6362(d) and this section only if:

(1) The tax is imposed by a State which simultaneously imposes a resident tax meeting the requirements of

section 6362(b) and § 301.6362-2 or of section 6362(c) and § 301.6362-3;

(2) The tax is required to be computed in accordance with either the method prescribed in paragraph (b) of this section or another method of which the Secretary or his delegate approves upon submission by the State of the laws pertaining to the tax;

(3) The tax is imposed only on the wage and other business income derived from sources within such State (as defined in paragraph (d) of this section), of all individuals each of whom derives 25 percent or more of his aggregate wage and other business income for the taxable year from sources within such State while he is neither (i) a resident of such State within the meaning of section 6362(e) and § 301.6362-6, nor (ii) exempt from liability for the tax by reason of a reciprocal agreement between such State and the State of which he is a resident within the meaning of those provisions;

(4) The amount of the tax imposed with respect to any individual does not exceed the amount of tax for which such individual would be liable under the qualified resident tax imposed by such State if he were a resident of the State for the period during which he earned wage or other business income from sources within the State, and if his taxable income for such period were an amount equal to the sum of the zero bracket amount (within the meaning of section 63(d) and determined as if he had been a resident of the State for such period) and the excess of:

(i) The amount of his wage and other business income derived from sources within the State, over

(ii) That portion of the sum of the zero bracket amount and the nonbusiness deductions (i.e., all deductions from adjusted gross income allowable in computing taxable income) taken into account for purposes of the State's qualified resident tax which bears the same ratio to such sum as the amount described in subdivision (i) of this subparagraph bears to his total adjusted gross income for the year; and

(5) For purposes of the tax, wage or other business income is considered as being the income of the individual whose income it is for purposes of section 61.

(b) *Approved method of computing liability for qualified nonresident tax.* A tax satisfies the requirement of paragraph (a)(2) of this section if the amount of the tax is computed either as a percentage of the excess of the amount described in paragraph (a)(4)(i) of this section over the amount described in paragraph (a)(4)(ii) of this section, or by application of progressive rates to such excess.

(c) *Definition of wage and other business income.* For purposes of section 6362(d) and this section, the term "wage and other business income" means the following types of income:

(1) Wages, as defined in section 3401(a) and the regulations thereunder, but for these purposes:

(i) The amount of wages shall exclude amounts which are treated as wages under section 3402 (o) or (p) (relating to supplemental unemployment compensation benefits, annuity payments, and voluntary withholding agreements), and amounts which are treated as disability payments to the extent that they are excluded from gross income for Federal income tax purposes, pursuant to section 105(d), and

(ii) The amount of wages shall be reduced by those expenses which are directly related to the earning of such wages and with respect to which deductions are properly claimed from gross income in computing adjusted gross income;

(2) Net earnings from self-employment, as defined in section 1402(a); and

(3) The distributive share of income of any trade or business carried on by a trust, estate, or electing small business corporation (as defined in section 1371(a) and the regulations thereunder), to the extent that such share:

(i) Is includible in the gross income of the taxpayer for the taxable year, and

(ii) Would constitute net earnings from self-employment if the trade or business were carried on by a partnership.

For purposes of this subparagraph, "distributive share" includes the income of a trust or estate which is taxable to the taxpayer as a beneficiary under applicable Federal income tax rules, and the undistributed taxable income of an electing small business corporation which is taxable to the taxpayer as a shareholder under section 1373.

(d) *Income derived from sources within a State.*—(1) *Income attributable primarily to services.* Except as otherwise provided by Federal statute (see paragraphs (h), (i), and (j) of § 301.6362-7), wage income and other business income (net earnings from self-employment or distributive shares) which is attributable more to services performed by the taxpayer than to a capital investment of the taxpayer shall be considered to have been derived from sources within a State only if the services of the taxpayer which give rise to the income are performed in such State. If for a taxable year only a portion of the taxpayer's services giving rise to the income from one employment, trade, or business is performed within a State, then it shall be presumed that the amount of income from such employment, trade, or business which is derived from sources within that State equals that portion of the total income derived from such employment, trade, or business for the year which the amount of time spent by the taxpayer for such year performing services with respect to that employment, trade, or business in that State bears to the aggregate amount of time spent by the taxpayer for such year performing all of such services. However, the presumption stated in the preceding sentence may be rebutted in the event that the taxpayer proves, by use of detailed records, that the correct allocation of his income is otherwise.

(2) *Income attributable primarily to investment.* Except as otherwise provided by Federal statute (see paragraph (j) of § 301.6362-7), business income (net earnings from self-employment or distributive shares) which is attributable more to a capital investment of the taxpayer than to services performed by the taxpayer shall be considered to have been derived from sources within the State, if any, in which the significant activities of the trade or business are conducted. If for the taxable year only a portion of the significant activities conducted with respect to one trade or business is conducted within a certain State, then the portion of the taxpayer's total income for the year from such trade or business which is considered to be derived from sources within that State shall be computed as follows:

(i) *Allocation by records.* The portion of the taxpayer's total income from the trade or business which is considered to be derived from sources within the State shall be the portion which is allocable to such sources according to the records of the taxpayer or of the partnership, trust, estate, or electing small business corporation from which his income is derived, provided that the taxpayer establishes to the satisfaction of the district director, when requested to do so, that those records fairly and equitably reflect the income which is allocable to sources within the State. An allocation made pursuant to this subdivision shall be based on the location of the significant activities of the trade or business, and not on the location at which the taxpayer's personal services are performed.

(ii) *Allocation by formula.* If the taxpayer (or the trade or business) does not keep records meeting the requirements of subdivision (i) of this subparagraph, or if the taxpayer fails to meet the burden of proof set forth therein, then the amount of the taxpayer's income from the trade or business

ness which is considered to be derived from sources within the State shall be determined by multiplying the total of his income (as defined in paragraphs (c) (2) and (3) of this section) from the trade or business for the taxable year by the percentage which is the average of these three percentages:

(A) *Property percentage.* The percentage computed by dividing the average of the value, at the beginning and end of the taxable year, of real and tangible personal property connected with the taxpayer's trade or business and located within the State, by the average of the value, at the beginning and end of the taxable year, of all such property located both within and without the State. For this purpose, real property shall include real property rented to the taxpayer in connection with the trade or business, or rented to the trade or business.

(B) *Payroll percentage.* The percentage computed by dividing the total wages, salaries, and other compensation for personal services which is paid or incurred during the taxable year to employees in connection with the taxpayer's trade or business, and which would be treated as derived by such employees from sources within the State pursuant to subparagraph (1) of this paragraph, by the total of all such wages, salaries, and other compensation for personal services which is so paid or incurred without regard to whether such payments would be treated as derived by the employees from sources within the State. For purposes of this subdivision (ii), no amount paid as deferred compensation pursuant to a retirement plan to a former employee shall be taken into consideration.

(C) *Gross income percentage.* The percentage computed by dividing the gross sales or charges for services performed by or through an agency located within the State by the total of all gross sales or charges for services performed both within and without the State. The sales or charges to be allocated to the State shall include all sales which are negotiated, and charges which are for services performed, by an employee, agent, agency, or independent contractor chiefly situated at, or working principally out of an office located within, the State.

(3) *Income attributable to real estate investment.* Notwithstanding subparagraph (2) of this paragraph, income and deductions from the rental of real property, and gain and loss from the sale, exchange, or other disposition of real property, shall not be subject to allocation under subparagraph (2), but shall be considered as entirely derived from sources located within the State in which such property is located.

(4) *Treatment of losses.* A loss attributable to the taxpayer's employment, or to his conduct of, participation in, or investment in a trade or business, shall be allocated in the same manner as the income attributable to such employment or trade or business would be allocated pursuant to this paragraph.

(5) *Examples.* The application of this paragraph may be illustrated by the following examples:

*Example (1).* A, an employee who earns $10,000 in wage income attributable to services, and who has no other wage or other business income, spends 60 percent of his working time performing services for his employer in State X, 30 percent in State Y, and 10 percent in State Z. In the absence of the requisite proof to the contrary, A's wage income is considered to have been derived 60 percent from sources located within State X, 30 percent within State Y, and 10 percent within State Z. Assuming that A is a nonresident with respect to all three States, and that they all impose qualified nonresident taxes, then the qualified nonresident tax of State X is imposed on $6,000, the qualified nonresident tax of State Y is imposed on $3,000, and the qualified nonresident tax of State Z is not imposed on any of the income because A did not derive at least 25 percent of his wage and other business income from sources located within State Z.

*Example (2).* B, who earns no wage income but who has a total of $10,000 of other business income for the taxable year, all of which is net income from self-employment attributable primarily to services, spends 45 percent of his working time performing services in State X, 30 percent in State Y, and 25 percent in State Z. However, the rates that B is able to charge for his services and the business expenses which he incurs vary in the different States, and he is able to prove by detailed records that his net income from self-employment was in fact derived 50 percent from sources located within State X, 35 percent from sources located within State Y, and 15 percent from sources located within State Z. Assuming that B is a nonresident with respect to all three States, and that they all impose qualified nonresident taxes, then the qualified nonresident tax of State X is imposed on $5,000, the qualified nonresident tax of State Y is imposed on $3,500, and the qualified nonresident tax of State Z is not imposed on any of the income because B did not derive at least 25 percent of his wage and other business income from sources located within State Z.

*Example (3).* C is a partner in a profitable business concern, in which he has a substantial capital investment. His net earnings from self-employment attributable to his partnership interest are $75,000 for the taxable year. The fair market value of the services which C performs for the partnership during the taxable year is $30,000. C's income is therefore attributable primarily to his capital investment. The partnership business is carried on partially within and partially without State X. Neither C nor the partnership maintains records from which the portion of C's $75,000 income which is considered to be derived from sources within State X can be satisfactorily proven. As determined under subparagraph (2) of this paragraph, the partnership's "property percentage" in State X is 70, its "payroll percentage" therein is 60, and its "gross income percentage" therein is 56. The amount of C's partnership income considered to be derived from sources within State X is $46,500 ($75,000 × 62 percent). This result would obtain even if C's services for the partnership are performed entirely within State X.

*Example (4).* Assume the same facts as in (3), except that the records of the partnership of which C is a member indicate that the net profits of the partnership are derived 40 percent from business activities conducted in State X, and 60 percent from business activities conducted in State Y. C is requested to prove that those records fairly and equitably reflect the income which is allocable to sources within State X. The documentary evidence which he adduces in support of the allocation made by the records shows how such allocation results from a careful step-by-step tracing of the profitability of each phase and aspect of the partnership's operations, and shows the State in which each such phase and aspect of the operations is conducted. C's proof is satisfactory to show that the percentage allocation, and the amount of his partnership income considered to be derived from sources within State X is $30,000, or $75,000 multiplied by 40 percent. This result would obtain even if B's services for the partnership are performed entirely within State X.

§ 301.6362-6  Requirements relating to residence.

(a) *In general.* A tax imposed by a State meets the requirements of section 6362(e) and this section if in effect it provides that:

(1) The State of residence of an individual, estate, or trust is determined according to paragraph (1), (2), or (3) respectively, of section 6362(e), and according to paragraph (b), (c), or (d), respectively, of this section.

(2) The liability for a resident tax imposed by such State upon an individual or trust which changes residence to another State in the taxable year is determined according to section 6362(e)(4) and paragraph (e) of this section.

(3) The rules relating to current collection of tax apply as provided in section 6362(e)(5) and paragraph (f) of this section.

(b) *Residence of an individual.*—(1) *In general.* Except as otherwise provided in subparagraph (5) of this paragraph, an individual is treated as a resident of a State with respect to a taxable year only if:

(i) His principal place of residence (as defined in subparagraph (2) of this paragraph) is within such State for a period of at least 135 consecutive days, at least 30 days of which are in such taxable year; or

(ii) In the case of a citizen or resident of the United States who is not a resident of any State (determined as provided in subdivision (i) of this subparagraph) with respect to such taxable year, his domicile (as defined in subparagraph (3) of this paragraph) is

59370   RULES AND REGULATIONS

in such State for at least 30 days during such taxable year.

With respect to an individual who is a resident (determined as provided in subdivision (i) of this subparagraph) of more than one State during a taxable year, see paragraph (e) of this section.

(2) *Principal place of residence*—(i) *Definition.*—For purposes of subparagraph (1)(i) of this paragraph and paragraph (d)(4) of this section, the term "principal place of residence" shall mean the place which is an individual's primary home. An individual's temporary absence from his primary home shall not effect a change with respect thereto. On the other hand, if an individual moves to another State, other than as a mere transient or sojourner, he shall be treated as having changed the location of his primary home.

(ii) *Examples.* The application of this subparagraph may be illustrated by the following examples:

*Example (1).* A has a city home and a country home. He resides in the city home for 7 months of the year and uses the address of that home as his legal residence for purposes of driver's license, automobile registration, and voter registration. He resides in the country home 5 months of the year. His city home is considered his principal place of residence.

*Example (2).* During the taxable year, B, a construction worker, is employed at several different locations in different States. The duration of each job on which he is employed ranges from a few weeks to several months, and he knows when he accepts a job what its approximate duration will be. He owns a house in State X which he uses as his legal residence for purposes of driver's license, automobile registration, and voter registration. In addition, his family lives there during the entire year, and B lives there during periods between jobs. However, the duration of the jobs and the distance between the job-sites and his house require him to live in the localities of the respective job-sites during the period of his employment, although occasionally he returns to his house in State X on weekends. B's house in State X is his principal place of residence during all of the taxable year.

*Example (3).* C, a dependent of his parents who are residents of State X, is a full-time student in a 4-year degree program at a college in State Y. During the 9-month academic year, C lives on the college campus, but he returns to his parents' home in State X for the summer recess. C gives the State Y as his residence for purposes of his driver's license and voter registration, but lists the address of his parents' home in State X as his "permanent address" on the records of the college which he attends. Although C's domicile remains at his parents' home in State X, his presence in State Y cannot be regarded as that of a mere transient or sojourner; accordingly, C's principal place of residence is in State Y for that portion of the taxable year during which he attends college.

*Example (4).* D loses his job in State X, where he lived and worked for many years. After a series of unsuccessful attempts to find other employment in State X, he accepts a job in State Y. D gives up his apartment in State X and moves to State Y upon commencing his new job; however, he intends to continue to explore available employment opportunities in State X so that he may return there as soon as an opportunity to do so arises. D changes his principal place of residence when he moves to State Y.

(3) *Domicile defined.* For purposes of subparagraph (1)(ii) of this paragraph and paragraph (d)(4) of this section, the term "domicile" shall mean an individual's fixed or permanent home. An individual acquires a domicile in a place by living there; even for a brief period of time, with no definite present intention of later removing therefrom. Residence without the requisite intention to remain indefinitely will not suffice to change domicile, nor will intention to change domicile effect such a change until accompanied by actual removal. A domicile, once acquired, is maintained until a new domicile is acquired.

(4) *Period of residence*—(i) *General rule.* An individual who becomes a resident of a State pursuant to subparagraph (1) of this paragraph, or who is at the beginning of a taxable year a resident of a State pursuant to such provision, shall be treated as continuing to be a resident of such State through the end of the taxable year, unless, prior thereto, such individual becomes a resident, under the principles of subparagraph (1), of another State or a possession or foreign country. In the event that the individual becomes a resident of such another jurisdiction prior to the end of the taxable year, his residence in such State shall be treated as ending on the day prior to the day on which he becomes a resident of such other jurisdiction pursuant to subparagraph (1).

(ii) *Examples.* The application of this subparagraph may be illustrated by the following examples:

*Example (1).* A, a calendar-year taxpayer, has his principal place of residence in State X from the beginning of 1976 through August 1, 1976, when he gives up permanently such principal place of residence. He spends the remainder of 1976 traveling outside of the United States, but does not become a resident of any other country. A is considered to be a resident of State X for the entire year 1976.

*Example (2).* Assume the same facts as in example (1), except that A ceases his traveling and establishes his principal place of residence in State Y on November 15, 1976. Assume, also, that A maintains that principal place of residence for more than 135 consecutive days. Under these circumstances, for his taxable year 1976, A is considered to be a resident of State X from January 1 through November 14, and a resident of State Y from November 15 through December 31.

(5) *Special rules.* (i) No provision of subchapter E or the regulations thereunder shall be construed to require or authorize the treatment of a Senator, Representative, Delegate, or Resident Commissioner as a resident of a State other than the State which he represents in Congress.

(ii) For special rules relating to members of the Armed Forces, see paragraph (h) of § 301.6362-7.

(6) *Examples.* The application of this paragraph may be illustrated by the following examples:

*Example (1).* A, a calendar-year taxpayer, maintains his principal place of residence in State X from December 1, 1976, through April 15, 1977. Assuming that A was not a resident of any other jurisdiction at any time during 1976, A is treated as a resident of State X for the entire year 1976. Such result would obtain even if A was absent from State X on vacation for some portion of December 1976. Moreover, such result would obtain even if it is assumed that A was a domiciliary of State Y from January 1, 1976, through April 15, 1977, because an individual's domicile does not determine his residence so long as residence in one State for the taxable year can be determined from the general rule stated in the first sentence of paragraph (b)(1) of this section.

*Example (2).* Assume the same facts as in example (1) (including the fact of A's domicile in State Y), except that A maintained his principal place of residence in State Z from September 15, 1975, through January 31, 1976, inclusive. With respect to the year 1976, A is treated as a resident of State Z from January 1 through November 30, and as a resident of State X from December 1 through December 31. A's liability for the qualified taxes of the respective States for 1976 shall be determined pursuant to the provisions in paragraph (e) of this section.

(c) *Residence of an estate.* An estate of an individual is treated as a resident of the last State of which such individual was a resident, as determined under the rules of paragraph (b) of this section, prior to his death. However, the estate of an individual who was not a resident of any State (as determined without regard to the 30-day requirement in paragraph (b)(1) of this section) immediately prior to his death, and who was not a resident of any State at any time during the 3-year period ending on the date of his death, is not treated as a resident of any State. For purposes of determining the decedent's last State of residence, the rules of paragraph (b) shall be applied irrespective of whether subchapter E was in effect at the time the period of 135 consecutive days of residence began, or whether the decedent's last State of residence is a State electing to enter into an agreement pursuant to subchapter E. The determination of the State of residence of an estate pursuant to this paragraph shall not be governed by any determination under State law as to which State is treated as the residence or domicile of the decedent for purposes other than its individual income tax (such as liability for State inheritance

Attachment B - page 15 of 16

tax or jurisdiction of probate proceedings).

(d) *Residence of a trust*—(1) *In general.* (i) The State of residence of a trust shall be determined by reference to the circumstances of the individual who, by either an inter-vivos transfer or a testamentary transfer, is deemed to be the "principal contributor" to the trust under the provisions of subdivision (ii) of this subparagraph.

(ii) If only one individual has ever contributed assets to the trust, including the assets which were transferred to the trust at its inception, then such individual is the principal contributor to the trust. However, if on any day subsequent to the initial creation of the trust, such trust receives assets having a value greater than the aggregate value of all assets theretofore contributed to it, then the trust shall be deemed (for the limited purpose of determining the State of residence) to have been "created" anew, and the individual who on the day of such creation contributed more (in value) than any other individual contributed on that day shall become the principal contributor to the trust. When a trust is created anew, all references in this paragraph to the creation of the trust shall be construed as referring to the most recent creation. For purposes of this paragraph, the value of any asset shall be its fair market value on the day that it was contributed to the trust; any subsequent appreciation or depreciation in the value of the asset shall be disregarded.

(2) *Testamentary trust.* A trust with respect to which a deceased individual is the principal contributor by reason of property passing on his death is treated as a resident of the last State of which such individual was a resident, as determined under the rules of paragraph (b) of this section, before his death. However, if such deceased individual was not a resident of any State (as determined without regard to the 30-day requirement in paragraph (b)(1) of this section) immediately prior to his death, and was not a resident of any State at any time during the 3-year period ending on the date of his death, then a testamentary trust of which he is the principal contributor by reason of property passing on his death is not treated as a resident of any State. All property passing on the transferor's death is treated for this purpose as a contribution made to the trust on the date of death, regardless of when the property is actually paid over to the trust.

(3) *Nontestamentary trust.* A trust which is not a trust described in subparagraph (2) of this paragraph is treated as a resident of the State in which the principal contributor to the trust, during the 3-year period ending on the date of the creation of the trust, had his principal place of residence for an aggregate number of days longer than the aggregate number of days he had his principal place of residence in any other State. However, if the principal contributor to such a trust was not a resident of any State at any time during such 3-year period, then the trust is not treated as a resident of any State.

(4) *Special rules.* If the application of the provisions of the foregoing subparagraphs of this paragraph results in a determination of more than one State of residence for a trust, or does not provide a rule by which the residence or nonresidence of the trust can be determined, then the determination of the State of residence of such trust shall be made according to the rules of the applicable subdivision of this subparagraph.

(i) If, at the time of creation of the trust, 50 percent or more in value of the trust corpus consists of real property, then the trust shall be treated as a resident of the State in which more of the real property (in value) which was in the trust at such time was located than any other State.

(ii) If, at the time of creation of the trust, less than 50 percent in value of the trust corpus consists of real property, then the trust shall be treated as a resident of the State in which, at such time, the trustee, if an individual, had his principal place of residence, or, if a corporation, had its principal place of business. If there were two or more trustees, then the foregoing sentence shall be applied by reference to the principal places of residence, or of business, of the majority of trustees who had authority to make investment and other management decisions for the trust.

(iii) If, after application of the provisions of subdivisions (i) and (ii) of this subparagraph, the State of residence of the trust still cannot be ascertained, then the Commissioner of Internal Revenue shall determine the State of residence of such trust for purposes of qualified taxes. Such determination shall be made by reference to the number of significant contacts each State had with the trust at the time of its creation. Significant contacts shall include the principal place of residence of the principal contributor or contributors to the trust, the principal place of residence or business of the trustee (or trustees), the situs of the assets of which the trust corpus was composed, and the location from which management decisions emanated with respect to the business and investment interests of the trusts.

(5) *Examples.* The application of this paragraph may be illustrated by the following examples:

*Example (1).* A created a trust in 1950 by transferring to it certain stock in a corporation. At the time of such transfer, the stock had a fair market value of $1,000. A at all relevant times had his principal place of residence in State X, and accordingly the trust is treated as a resident of such State for qualified tax purposes. As of January 1, 1977, the stock originally contributed by A, which was at all times the only property in the trust, has a fair market value of $3,000. On such date, B, who has had his principal place of residence in State Y for more than 3 years, contributes to the trust property having a fair market value of $1,200. For purposes of determining the identity of the principal contributor to the trust and the State of residence of the trust, the stock contributed by A in 1950 continues to be valued for such purposes at $1,000. Thus, the trust is treated as being created anew on January 1, 1977, with B as the principal contributor, and with State Y as its State of residence.

*Example (2).* C has his principal place of residence in State X continuously for many years, until August 1, 1978, when he establishes his principal place of residence in State Y. The change of residence is intended to be permanent, and C has no further contact with State X after such change. On January 1, 1980, C creates a nontestamentary trust. During the 3-year period ending on such date C had his principal place of residence in State X for 576 days, and in State Y for 519 days. Therefore, the trust is treated as a resident of State X.

(e) *Liability for tax on change of residence during taxable year*—(1) *In general.* If, under the principles contained in paragraph (b) or (d) of this section, an individual or trust becomes a resident, or ceases to be a resident, of a State, and is also a resident of another jurisdiction outside of such State during the same taxable year, the liability of such individual or trust for the resident tax of such State shall be determined by multiplying the amount which would be his or its liability for tax (computed after allowing the nonrefundable credits (i.e., credits not corresponding to the credits referred to in section 6401(b) available against the tax)) if he or it had been a resident of such State for the entire taxable year by a fraction, the numerator of which is the number of days he or it was a resident of such State during the taxable year, and the denominator of which is the total number of days in the taxable year. The preceding sentence shall not apply by reason of the fact that an individual is born or dies during the taxable year, or by reason of the fact that a trust comes into existence or ceases to exist during the taxable year.

(2) *Residence determined by domicile.* When an individual is treated as a resident of a State by reason of being domiciled in such State, pursuant to paragraph (b)(1)(ii) of this section, then the numerator of the fraction provided in subparagraph (1) of this paragraph shall be the number of days the individual was domiciled in the State during the taxable year.