general rule for such communications, paragraph (d) addresses the specific situation in which a controlling individual of a represented organization retains separate counsel.

This paragraph also provides that the government will not accept, for purposes of this rule, blanket claims by counsel that he or she represents all or a large number of employees of the organization. It is important to note that this provision is only relevant when the attorney for the government would be prohibited by some other provision of this regulation from contacting an individual falling under the broad claims of representation under question. For example, an attorney for the government may contact a low-level employee of a corporation, without consent of that employee's counsel or the corporation's counsel, regarding a matter for which the corporation has already been indicted as part of an undercover or overt factual investigation, if that individual has not been arrested or named as a defendant in a related criminal or civil law enforcement proceeding. Therefore, the fact that an attorney has stated that he or she represents that individual will have no bearing on whether the communication is proper.

However, if a particular communication with an individual employee included in such a claim of representation would be improper under these rules if he or she were in fact represented by counsel (for example, communications to negotiate a plea agreement), then this paragraph provides that a government attorney must first inquire whether the employee is in fact represented before undertaking substantive communications with the employee. As part of this inquiry, the government attorney is not required to disclose to the employee the fact that counsel has asserted that he or she represents the employee. If the employee indicates that he or she is not represented by counsel, it is proper for the government attorney to treat the employee as unrepresented. If the employee indicates that he or she is represented by counsel with regard to the relevant subject matter, the attorney for the government shall treat that employee as a represented person or represented party, and any further communications with that individual shall be governed by this regulation.

No specific comments were received regarding this paragraph, and it has not been changed.

*Paragraph (d): Communications with separately represented controlling individuals.*

This paragraph applies only when a controlling individual of a represented organizational party has retained separate counsel. In such circumstances, a government attorney may not communicate with the controlling individual without the consent of that individual's separate counsel unless the communication satisfies one of the exceptions contained in §§ 77.6 or 77.9 of this part. The paragraph also allows such communications if the individual does not qualify as a represented party, initiates the communication, and waives the presence of counsel. Thus, the same rules apply to contacts with controlling individuals of represented organizational parties who retain separate counsel as apply to controlling individuals of represented organizational parties who are not separately represented.

No specific comments were received regarding this paragraph, and it has not been changed.

*Paragraph (e): Initiation of communication by unrepresented controlling individuals.*

This paragraph addresses a relatively narrow circumstance: when a controlling individual who is not individually represented by counsel initiates a communication with the government outside the presence of counsel for the organization. An attorney for the government may participate in such communications if: (1) the controlling individual indicates that he or she is speaking exclusively in his or her personal capacity and not as a representative of the organizational party; and (2) he or she indicates that the waiver of counsel is voluntary, knowing, and informed and, if willing, signs a statement to that effect. The fact that the controlling individual indicates that he or she is speaking in his or her personal capacity does not mean, however, that incriminating testimony received from the controlling individual cannot be used against the represented organization.

If the controlling individual is also a named defendant in a civil enforcement proceeding or has been arrested or charged in a criminal action, the requirements set forth in paragraph 77.6(c) must be satisfied before any substantive communications are made.

No specific comments were received regarding this paragraph, and it has not been changed.

*Paragraph (f): Multiple representation.*

This paragraph makes clear that these rules should not be construed as altering existing legal and ethical rules regarding the propriety of multiple representation.

No specific comments were received regarding this paragraph, and it has not been changed.

*Section 77.11: Enforcement of This Part*

*Paragraph (a): Exclusive enforcement by Attorney General.*

In order to ensure consistency and uniformity in the interpretation of the final rule, this paragraph provides that the Attorney General shall have exclusive authority to enforce these regulations. Thus, state courts, state disciplinary boards, and federal courts may not impose sanctions on or otherwise regulate a Department attorney engaged in federal law enforcement activities for violations of an anti-contact rule or subject a Department attorney to regulation under state or local federal court rules governing communications with represented parties, except as provided in § 77.12. This paragraph further provides the framework for investigating allegations that a Department attorney has violated this regulation. It provides that the Department's Office of Professional Responsibility ("OPR") shall have sole original jurisdiction to investigate such allegations and that violations will be treated as matters of attorney discipline. *See* 28 CFR § 0.39 (establishing and defining duties of OPR). It also makes clear that the Attorney General's determination as to whether a violation has occurred shall be final and conclusive except to the extent that the Department attorney enjoys a right of review provided by other laws.

One individual and one organization objected to placing investigative responsibility in OPR, suggesting that OPR had, in the past, been reluctant to share the results of its investigations. The Department recently adopted a policy under which the results of OPR investigations are disclosed to the public if, *inter alia*, there is a finding of intentional and knowing professional misconduct by a Department attorney in the course of an investigation or litigation and the public interest in disclosure outweighs the privacy interest of the attorney and any law enforcement interest. Therefore, there will be meaningful disclosure of findings of violations of these rules.

Moreover, allegations of professional misconduct by Department attorneys concerning violations of these rules may be reported directly to OPR by any person. Complaints filed by members of the public will be fully and thoroughly reviewed by OPR.

Therefore, this paragraph has not been changed.

*Paragraph (b): No private remedies.*

**Attachment C - page 17 of 22**

This paragraph provides that the rule is not intended to and does not create any substantive rights for any person other than an attorney for the government. In particular, a violation of the regulation will not provide a basis for the dismissal of civil or criminal charges or for the suppression of evidence that is otherwise admissible. This provision accords with existing law. Traditionally, matters relating to communications with represented persons have been treated as matters of attorney discipline without granting substantive rights to defendants or any other persons. *See, e.g.*, ABA Code of Professional Responsibility, Preliminary Statement; ABA Model Rules of Professional Conduct, Scope. Of course, when the communication with a represented person or represented party violates the Constitution, the federal courts retain the power to fashion appropriate remedies.

No specific comments were received regarding this paragraph, and it has not been changed.

*Section 77.12: Relationship to State and Local Regulation*

Both DR 7–104 and Model Rule 4.2 provide that communications that are "authorized by law" are not prohibited by the rule. Virtually all the states have adopted some version of DR 7–104 or Model Rule 4.2 that includes an "authorized by law" exception. As discussed in the "General Comments" section, these rules, as substantive regulations duly promulgated by the Attorney General pursuant to statutory authority, have the force and effect of law. Accordingly, communications with represented persons that are undertaken pursuant to these rules should be considered "authorized by law" within the meaning of rules adopted by the various states. Such communications should therefore be consistent with state rules wherever state bar authorities have adopted a rule containing the "authorized by law" exception. Thus, no conflict will arise between state and federal law in those jurisdictions with regard to communications with represented persons. Similarly, no conflict should arise between this regulation and the federal district court rules that have adopted an anti-contact rule containing the "authorized by law" exception. This regulation therefore need not give rise to any tension with any provision of state or federal law.

The Department nonetheless recognizes the likelihood that government attorneys' conduct with respect to contact with represented persons may continue to be viewed by some as inconsistent with state or local district court rules. To effectuate fully the provisions of this regulation, it therefore is important that the regulation include a plain statement by the Department of its intention to preempt and supersede regulation by state courts, state disciplinary authorities, or federal district courts of *ex parte* communications by government attorneys in civil or criminal law enforcement investigations or proceedings. *See Hillsborough County, Fla.* v. *Automated Med. Labs*, 471 U.S. 707, 718 (1985) ("because agencies normally express problems in a detailed manner and can speak through a variety of means, including regulations, preambles, interpretative statements and responses to comments, we can expect that they will make their intention clear if they intend for their regulations to be exclusive").

There is no indication from any of the comments received of any confusion regarding the breadth of the Department's intention to displace state and federal law; on the contrary, the comments in this area generally both fully grasped and took issue with the Department's stated intention to occupy the field. Given the integral importance of the exclusive enforcement authority to the overall regulatory scheme, however, some revisions have been made to this section to leave no doubt that it is the express intention of these rules to completely preempt and supersede the operation of state and local laws or rules as they relate to contacts by government attorneys in civil or criminal law enforcement investigations or proceedings. Such occupation of the field is necessary to ensure that government attorneys' conduct respecting contacts with represented persons be subject to uniform regulation and predictable standards, as against potential variations in individual state and local rules and in interpretations of those rules.

Accordingly, this regulation completely preempts state or federal court regulation of *ex parte* contacts in law enforcement matters by government attorneys and those acting at their direction, with one important exception. If the Attorney General finds that a Department attorney has committed a "willful violation" of any of these rules, preemption will not apply, and that attorney will be subject to disciplinary proceedings both by the Department and by the appropriate state disciplinary authorities.

Several commenters argued that it is inappropriate to preclude an otherwise appropriate state or federal court disciplinary proceeding when the Department's own rules have been violated. The Department respectfully disagrees. A primary purpose for this regulation is to remove the substantial burden on federal law enforcement caused by uncertainty as to what constitutes appropriate conduct by Department attorneys. This uncertainty would not be removed were it left to the various state and federal district courts to interpret these rules and determine on their own whether they had been violated in any particular case. For this reason, the Department believes that it is necessary that it retain exclusive authority to determine whether one of its lawyers has breached these rules, with the important proviso that, when there is a finding of a willful violation, a state disciplinary authority may also impose sanctions.

One United States Attorney's Office commented that the meaning of a "willful violation" had not been clearly explained in the previous commentary. In response to this comment, the Department here clarifies that a "willful violation" means an intentional and deliberate violation of these rules, as determined by the Attorney General.

*United States Attorneys' Manual*

In addition to the promulgation of the rules discussed above, the Department intends to add several new provisions to the United States Attorneys' Manual to provide additional guidance to Department attorneys when they deal with represented individuals during criminal or civil law enforcement investigations and proceedings.

The Department has deliberately chosen to include certain baseline restrictions in the regulation and impose broader restrictions through provisions in the Manual. In the process of determining what the appropriate Departmental policy should be, it became clear that any regulation would have to apply to a variety of circumstances, including: white collar and organized crime investigations, complex conspiracy investigations, individuals whose counsel are paid by a third party, and individuals fearful of their counsel for various reasons. Accordingly, the Department determined that the regulation should be broad in scope and should provide unambiguous guidance that would not adversely affect federal law enforcement efforts. Thus, part 77 distinguishes between the investigative period (before indictment, arrest, or the filing of a complaint) and the prosecutive period (after arrest or the commencement of formal proceedings). It also distinguishes between communications that are part of a factual investigation and communications that occur during

negotiations of plea agreements, settlements, and similar legal arrangements.

The planned Manual provisions will require that government attorneys consider the principles underlying the basic prohibitions in a much wider variety of circumstances. The Department expects all Department attorneys involved in criminal or civil law enforcement proceedings to adhere to all applicable provisions in the Manual. Failure to do so will result in appropriate departmental action.

The planned changes to the Manual were included in the earlier publications simply for reference and were not subject to the requirements of notice and comment that applied to the provisions in the proposed regulation itself. The Department nonetheless received several comments regarding the draft Manual provisions. The Department has carefully considered those comments and has decided that it is appropriate (though not required) to respond to them briefly in this commentary. However, none of the comments received has prompted the Department to conclude that it should alter the planned Manual provisions. The Department anticipates that the Manual provisions will be substantially similar to the draft published in March 1994. The Department envisions publishing the Manual provisions soon and integrating them in the Manual with the final rules adopted here.

Comments were directed mainly to a draft Manual provision that would prohibit a government attorney from communicating overtly about the subject matter of a representation with a person who the government attorney knows is a "target" of a federal criminal or civil enforcement investigation and who the government attorney knows is represented by counsel, without the consent of the target's attorney. (The provisions, as published in March 1994, would also provide several exceptions to this general prohibition against overt contacts with targets, including the following: when the communication is initiated by the target; when the communication occurs at the time of arrest and the represented person has waived his or her *Miranda* rights; when the government attorney believes the contact is necessary to protect against a risk to human life or safety; or when a senior Department official determines that exigent circumstances exist, making the communication necessary for effective law enforcement).

Two United States Attorney's Offices urged reconsideration of the guideline generally prohibiting Department attorneys from directly communicating with known "targets." These commenters expressed a number of concerns about the "target" provision—most significantly, that the determination of "target" status would be subjective and variable and that the proposed limitation on overt contacts with represented targets would interfere with the investigative process.

The Department does not agree that the term "target" would make application of this planned restriction particularly troublesome. While determinations of "target" status surely are not scientifically precise, neither are a range of other similar determinations (e.g., "probable cause" determinations) that prosecutors are expected routinely to make. In its enforcement of the planned provision, the Department intends to give substantial deference to a federal attorney's good faith judgment regarding the likelihood that a particular person will ultimately become a defendant. Even if the attorney for the government believes that an individual probably will be named as a defendant, that individual would not be considered a target until the government has actually obtained substantial evidence linking that individual to the commission of a crime or to unlawful conduct. The government attorney's uncorroborated belief that an individual will ultimately be named as a defendant would not be enough. Thus, an individual will not be considered a target under the Manual guidelines until both the attorney for the government believes that he or she will probably be named as a defendant *and* substantial evidence has been obtained.

The Department also does not believe that the contemplated restriction on overt communications with represented targets would significantly impede legitimate law enforcement activities. It is true that in certain types of cases and under certain exceptional circumstances, target interviews may be necessary for effective investigation; for that reason, the planned Manual provisions would allow that in such situations target interviews may be approved by a high-ranking Department official. However, as a general matter and in more routine circumstances, overt communications with targets have a more limited value to the investigative process, which is outweighed by the risk that they will interfere with the attorney-client relationship and place undue pressure on the target. Because an individual who is a target of a federal investigation is typically in a clearly adversarial relationship with the federal government, the Department believes that the principles underlying DR 7-104 and Rule 4.2 are implicated and that the planned restrictions on overt communications with represented targets are appropriate.

*Certifications*

In accordance with 5 U.S.C. 605(b), the Attorney General certifies that this rule will not have a significant economic impact on a substantial number of small entities. This rule was not reviewed by the Office of Management and Budget pursuant to Executive Order No. 12866.

**List of Subjects in 28 CFR Part 77**

Government employees, Investigations, Law enforcement, Lawyers.

Accordingly, chapter I of title 28 of the Code of Federal Regulations is amended by adding a new part 77 to read as follows:

**PART 77—COMMUNICATIONS WITH REPRESENTED PERSONS**

Sec.
77.1   Purpose and authority.
77.2   Definitions.
77.3   Represented party; represented person.
77.4   Constitutional and other limitations.
77.5   General rule for civil and criminal enforcement; represented parties.
77.6   Exceptions; represented parties.
77.7   Represented persons; investigations.
77.8   Represented persons and represented parties; plea negotiations and other specified legal agreements.
77.9   Represented persons and represented parties; respect for attorney-client relationships.
77.10  Organizations and employees.
77.11  Enforcement of this part.
77.12  Relationship to state and local regulation.

Authority: 5 U.S.C. 301; 28 U.S.C. 509, 510, 515(a), 516, 519, 533, 547.

**§ 77.1  Purpose and authority.**

(a) The Department of Justice is committed to ensuring that its attorneys perform their duties in accordance with the highest ethical standards. The purpose of this part is to provide a comprehensive, clear, and uniform set of rules governing the circumstances under which Department of Justice attorneys may communicate or cause others to communicate with persons known to be represented by counsel in the course of law enforcement investigations and proceedings. This part ensures the Department's ability to enforce federal law effectively and ethically, consistent with the principles underlying Rule 4.2 of the American Bar Association Model Rules of Professional Conduct, while eliminating the uncertainty and confusion arising from the variety of interpretations given to that rule and analogous rules by state

and federal courts and by bar association organizations and committees. (Copies of the Bar rules are on file in most law libraries, and through on-line legal research services).

(b) This part is issued under the authority of the Attorney General to prescribe regulations for the government of the Department of Justice, the conduct of its employees, and the performance of its business, pursuant to 5 U.S.C. 301; to direct officers of the Department of Justice to secure evidence and conduct litigation, pursuant to 28 U.S.C. 516; to direct officers of the Department to conduct grand jury proceedings and other civil and criminal legal proceedings, pursuant to 28 U.S.C. 515(a); to supervise litigation and to direct Department officers in the discharge of their duties, pursuant to 28 U.S.C. 519; and otherwise to direct Department officers to detect and prosecute crimes, to prosecute offenses against the United States, to prosecute civil actions, suits, and proceedings in which the United States is concerned, and to perform such other functions in an appropriate and ethical manner as may be provided by law, pursuant to 28 U.S.C. 509, 510, 533, and 547.

§ 77.2  Definitions.

As used in this part, the following terms shall have the following meanings, unless the context indicates otherwise:

(a) *Attorney for the government* means the Attorney General; the Deputy Attorney General; the Associate Attorney General; the Solicitor General; the Assistant Attorneys General for, and any attorney employed in, the Antitrust Division, Civil Division, Civil Rights Division, Criminal Division, Environment and Natural Resources Division, or Tax Division; the Chief Counsel of the DEA and any attorney employed in that office, the General Counsel of the FBI and any attorney employed in that office or in the Legal Counsel Division of the FBI, and, in addition, any attorney employed in, or head of, any other legal office in a Department of Justice agency; any United States Attorney; any Assistant United States Attorney; any Special Assistant to the Attorney General or Special Attorney duly appointed pursuant to 28 U.S.C. 515; any Special Assistant United States Attorney duly appointed pursuant to 28 U.S.C. 543 who is authorized to conduct criminal or civil law enforcement investigations or proceedings on behalf of the United States; or any other attorney employed by the Department of Justice who is authorized to conduct criminal or civil law enforcement proceedings on behalf of the United States. The term *attorney for the government* does not include any attorney employed by the Department of Justice as an investigator or other law enforcement agent who is not authorized to represent the United States in criminal or civil law enforcement litigation or to supervise such proceedings.

(b) *Civil law enforcement investigation* means an investigation of possible civil violations of, or claims under, federal law that may form the basis for a civil law enforcement proceeding.

(c) (1) *Civil law enforcement proceeding* means a civil action or proceeding before any court or other tribunal brought by the Department of Justice under the police or regulatory powers of the United States to enforce federal laws, including, but not limited to, civil actions or proceedings brought to enforce the laws relating to:

(i) Antitrust;
(ii) Banking and financial institution regulation;
(iii) Bribery, kickbacks, and corruption;
(iv) Civil rights;
(v) Consumer protection;
(vi) Environment and natural resource protection;
(vii) False claims against the United States;
(viii) Food, drugs, and cosmetics regulation;
(ix) Forfeiture of property;
(x) Fraud;
(xi) Internal revenue;
(xii) Occupational safety and health;
(xiii) Racketeering; or
(xiv) Money-laundering.

(2) The term *civil law enforcement proceeding* shall not include proceedings related to the enforcement of an administrative subpoena or summons or a civil investigative demand. An action or proceeding shall be considered "brought by the United States" only if it involves a claim asserted by the Department of Justice on behalf of the United States, whether the claim is asserted by complaint, counterclaim, cross-claim, or otherwise.

(d) *Cooperating witness or individual* means any person, other than a law enforcement agent, who is acting to assist the government in an undercover or confidential capacity.

(e) *Employee* means any employee, officer, director, partner, member, or trustee.

(f) *Organization* means any corporation, partnership, association, joint-stock company, union, trust, pension fund, unincorporated association, state or local government or political subdivision thereof, or non-profit organization.

(g) *Person* means any individual or organization.

(h) *Undercover investigation* means any investigation undertaken in good faith to fulfill law enforcement objectives, in which a person communicates with a federal, state or local law enforcement agent or a cooperating witness or individual whose identity as an official of the government or a person acting at the behest thereof is concealed or is intended to be concealed.

§ 77.3  Represented party; represented person.

(a) A person shall be considered a "represented party" within the meaning of this part only if all three of the following circumstances exist:

(1) The person has retained counsel or accepted counsel by appointment or otherwise;

(2) The representation is ongoing and concerns the subject matter in question;

(3) The person has been arrested or charged in a federal criminal case or is a defendant in a civil law enforcement proceeding concerning the subject matter of the representation.

(b) A person shall be considered a "represented person" within the meaning of this part if circumstances set forth in paragraphs (a) (1) and (2) of this section exist, but the circumstance set forth in paragraph (a)(3) does not exist.

§ 77.4  Constitutional and other limitations.

Notwithstanding any other provision of this part, any communication that is prohibited by the Sixth Amendment right to counsel, by any other provision of the United States Constitution, by any federal statute, by the Federal Rules of Criminal Procedure (18 U.S.C. App.) or by the Federal Rules of Civil Procedure (28 U.S.C. App.) shall be likewise prohibited under this part.

§ 77.5  General rule for civil and criminal enforcement; represented parties.

Except as provided in this part or as otherwise authorized by law, an attorney for the government may not communicate, or cause another to communicate, with a represented party who the attorney for the government knows is represented by an attorney concerning the subject matter of the representation without the consent of the lawyer representing such party.

§ 77.6  Exceptions; represented parties.

An attorney for the government may communicate, or cause another to communicate, with a represented party without the consent of the lawyer representing such party concerning the subject matter of the representation if

one or more of the following circumstances exist:

(a) *Determination if representation exists.* The communication is to determine if the person is in fact represented by counsel concerning the subject matter of the investigation or proceeding.

(b) *Discovery or judicial or administrative process.* The communication is made pursuant to discovery procedures or judicial or administrative process in accordance with the orders or rules of the court or other tribunal where the matter is pending, including, but not limited to, testimony before a grand jury, the taking of a deposition, or the service of a grand jury or trial subpoena, summons and complaint, notice of deposition, administrative summons or subpoena or civil investigative demand.

(c) *Initiation of communication by represented party.* The represented party initiates the communication directly with the attorney for the government or through an intermediary and:

(1) Prior to the commencement of substantive discussions on the subject matter of the representation and after being advised by the attorney for the government of the client's right to speak through his or her attorney and/or to have the client's attorney present for the communication, manifests that his or her waiver of counsel for the communication is voluntary, knowing and informed and, if willing to do so, signs a written statement to this effect; and

(2) A federal district judge, magistrate judge or other court of competent jurisdiction has concluded that the represented party has:

(i) Waived the presence of counsel and that such waiver is voluntary, knowing, and informed; or

(ii) Obtained substitute counsel or has received substitute counsel to appointment, and substitute has consented to the communication

(d) *Waivers at the time of arrest.* The communication is made at the time of the arrest of the represented party and he or she is advised of his or her rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), and voluntarily and knowingly waives them.

(e) *Investigation of additional, different or ongoing crimes or civil violations.* The communication is made in the course of an investigation, whether undercover or overt, of additional, different or ongoing criminal activity or other unlawful conduct. Such additional, different or ongoing criminal activity or other unlawful conduct may include, but is not limited to, the following:

(1) Additional, different or ongoing criminal activity or other unlawful conduct that is separate from or committed after the criminal activity for which the represented party has been arrested or charged or for which the represented party is a defendant in a civil law enforcement proceeding; or

(2) Criminal activity that is intended to impede or evade the administration of justice including, but not limited to, the administration of justice in the proceeding in which the represented party is a defendant, such as obstruction of justice, subornation of perjury, jury tampering, murder, assault, or intimidation of witnesses, bail jumping, or unlawful flight to avoid prosecution.

(f) *Threat to safety or life.* The attorney for the government in good faith believes that there may be a threat to the safety or life of any person; the purpose of the communication is to obtain or provide information to protect against the risk of injury or death; and the attorney for the government in good faith believes that the communication is necessary to protect against such risk.

**§ 77.7 Represented persons; investigations.**

Except as otherwise provided in this part, an attorney for the government may communicate, or cause another to communicate, with a represented person in the process of conducting an investigation, including, but not limited to, an undercover investigation.

**§ 77.8 Represented persons and represented parties; plea negotiations and other legal agreements.**

An attorney for the government may not initiate or engage in negotiations of a plea agreement, settlement, statutory or non-statutory immunity agreement, or other disposition of actual or potential criminal charges or civil enforcement claims, or sentences or penalties with a represented person or represented party who the attorney for the government knows is represented by an attorney without the consent of the attorney representing such person or party; provided, however, that this restriction will not apply if the communication satisfies § 77.6(c).

**§ 77.9 Represented persons and represented parties; respect for attorney-client relationships.**

When an attorney for the government communicates, or causes a law enforcement agent or cooperating witness to communicate, with a represented person or represented party pursuant to any provision of these regulations without the consent of counsel, the following restrictions must be observed:

(a) *Deference to attorney-client relationship.* (1) An attorney for the government, or anyone acting at his or her direction may not, when communicating with a represented person or represented party:

(i) Inquire about information regarding lawful defense strategy or legal arguments of counsel;

(ii) Disparage counsel for a represented person or represented party or otherwise seek to induce the person to forego representation or to disregard the advice of the person's attorney; or

(iii) Otherwise improperly seek to disrupt the relationship between the represented person or represented party and counsel.

(2) Notwithstanding paragraph (a)(1) of this section, if the Attorney General, the Deputy Attorney General, the Associate Attorney General, an Assistant Attorney General or a United States Attorney finds that there is a substantial likelihood that there exists a significant conflict of interest between a represented person or party and his or her attorney; and that it is not feasible to obtain a judicial order challenging the representation, then an attorney for the government with prior written authorization from an official identified above may apprise the person of the nature of the perceived conflict of interest, unless the exigencies of the situation permit only prior oral authorization, in which case such oral authorization shall be memorialized in writing as soon thereafter as possible.

(b) *Attorney-client meetings.* An attorney for the government may not direct or cause an undercover law enforcement agent or cooperating witness to attend or participate in lawful attorney-client meetings or communications, except when the agent or witness is requested to do so by the represented person or party, defense counsel, or another person affiliated or associated with the defense, and when reasonably necessary to protect the safety of the agent or witness or the confidentiality of an undercover operation. If the agent or witness attends or participates in such meetings, any information regarding lawful defense strategy or trial preparation imparted to the agent or witness shall not be communicated to attorneys for the government or to law enforcement agents who are directly participating in the ongoing investigation or in the prosecution of pending criminal charges, or used in any other way to the substantial detriment of the client.

### § 77.10   Organizations and employees.

This section applies when the communication involves a former or current employee of an organization that qualifies as a represented party or represented person, and the subject matter of the communication relates to the business or other affairs of the organization.

(a) *Communications with current employees; organizational representation.* A communication with a current employee of an organization that qualifies as a represented party or represented person shall be considered to be a communication with the organization for purposes of this part only if the employee is a controlling individual. A "controlling individual" is a current high level employee who is known by the government to be participating as a decision maker in the determination of the organization's legal position in the proceeding or investigation of the subject matter.

(b) *Communications with former employees; organizational representation.* A communication with a former employee of an organization that is represented by counsel shall not be considered to be a communication with the organization for purposes of this part.

(c) *Communications with former or current employees; individual representation.* A communication with a former or current employee of an organization who is individually represented by counsel may occur only to the extent otherwise permitted by this part. However, a claim by an attorney that he or she represents all or a large number of individual current and/or former employees of an organization does not suffice to establish that those employees are represented persons or represented parties under this part. In such circumstances, prior to engaging in communications that would be prohibited under this part as a result of the individual representation, the attorney for the government shall communicate with the individual current or former employee to determine if in fact that employee is represented by counsel concerning the subject matter of the investigation or proceeding.

(d) *Communications with separately represented controlling individuals.* When this part would preclude discussions with a controlling individual as defined in § 77.10(a) and the controlling individual has retained separate counsel on the relevant subject matter, an attorney for the government may communicate with such individual in the following circumstances:

(1) If the controlling individual's separate counsel consents;

(2) If the communication falls within one of the exceptions set forth in §§ 77.6 or 77.9; or

(3) In the case in which the individual does not qualify as a represented party, if the individual initiates the communication and states that he or she is communicating exclusively in his or her personal capacity and not on behalf of the represented organizational party, and manifests that his or her waiver of counsel for the communication is voluntary, knowing and informed, and, if willing to do so, signs a written statement to this effect.

(e) *Initiation of communication with unrepresented controlling individuals.* Notwithstanding any other provision of this part, an attorney for the government may communicate with a controlling individual who is not individually represented as to the subject matter of the communication when the controlling individual initiates the communication and states that he or she is communicating exclusively in his or her personal capacity and not on behalf of the represented organizational party, and manifests that his or her waiver of counsel for the communication is voluntary, knowing, and informed, and, if willing to do so, signs a written statement to this effect.

(f) *Multiple representation.* Nothing in this section is intended or shall be construed to affect the requirements of Rule 44(c) of the Federal Rules of Criminal Procedure, or to permit the multiple representation of an organization and any of its employees, or the multiple representation of more than one such employee, if such representation is prohibited by any applicable law or rule of attorney ethics.

### § 77.11   Enforcement of this part.

(a) *Exclusive enforcement by Attorney General.* The Attorney General shall have exclusive authority over this part and any violations of it, except as provided in § 77.12. Allegations of violations of this part shall be reviewed exclusively by the Office of Professional Responsibility of the Department of Justice and shall be addressed when appropriate as matters of attorney discipline by the Department. The Office of Professional Responsibility shall review any complaint alleging a violation of this part made by a state or federal judge, bar disciplinary board, official, or ethics committee, or by any other person or entity. The findings of the Attorney General or her designee as to an attorney's compliance or non-compliance with this part shall be final and conclusive except insofar as the attorney for the government is afforded a right of review by other provisions of law.

(b) *No private remedies.* This part is not intended to and does not create substantive rights on behalf of criminal or civil defendants, targets or subjects of investigations, witnesses, counsel for represented parties or represented persons, or any other person other than an attorney for the government, and shall not be a basis for dismissing criminal or civil charges or proceedings against represented parties or for excluding relevant evidence in any proceeding in any court of the United States.

### § 77.12   Relationship to state and local regulation.

Communications with represented parties and represented persons pursuant to this part are intended to constitute communications that are "authorized by law" within the meaning of Rule 4.2 of the American Bar Association Model Rules of Professional Conduct, DR 7–104(A)(1) of the ABA Code of Professional Responsibility, and analogous state and local federal court rules. In addition, this part is intended to preempt and supersede the application of state laws and rules and local federal court rules to the extent that they relate to contacts by attorneys for the government, and those acting at their direction or under their supervision, with represented parties or represented persons in criminal or civil law enforcement investigations or proceedings; it is designed to preempt the entire field of rules concerning such contacts. When the Attorney General finds a willful violation of any of the rules in this part, however, sanctions for the conduct that constituted a willful violation of this part may be applied, if warranted, by the appropriate state disciplinary authority.

Dated: July 30, 1994.

Janet Reno,
*Attorney General.*

[FR Doc. 94–19077 Filed 8–3–94; 8:45 am]
BILLING CODE 4410-01-P

Attachment C - page 22 of 22