### PART 602—OMB CONTROL NUMBERS UNDER THE PAPERWORK REDUCTION ACT

■ **Par. 4.** The authority citation for part 602 continues to read as follows:

   **Authority:** 26 U.S.C. 7805.

■ **Par. 5.** In § 602.101, paragraph (b) is amended by revising the following entry in to the table to read as follows:

**§ 602.101   OMB control numbers.**

\* \* \* \* \*

(b) \* \* \*

| CFR part or section where identified and described | Current OMB control No. |
|---|---|
| \*     \*     \*     \*     \* | |
| 1.45G–1T ............................... | 1545–2031 |
| \*     \*     \*     \*     \* | |

LaNita Van Dyke,
*Chief, Publications and Regulations Branch, Legal Processing Division, Associate Chief Counsel, (Procedure and Administration).*
[FR Doc. E6–20799 Filed 12–7–06; 8:45 am]
**BILLING CODE 4830-01-P**

---

### DEPARTMENT OF THE TREASURY

**Internal Revenue Service**

**26 CFR Parts 1, 301 and 602**

**[TD 9300]**

### Guidance Necessary to Facilitate Business Electronic Filing

**AGENCY:** Internal Revenue Service (IRS), Treasury.
**ACTION:** Final regulations and removal of temporary regulations.

**SUMMARY:** This document contains final regulations designed to eliminate regulatory impediments to the electronic filing of certain income tax returns and other forms. These regulations affect business taxpayers who file income tax returns electronically. This document also makes conforming changes to certain current regulations.
**DATES:** *Effective Date:* These regulations are effective on December 8, 2006.
   *Applicability Date:* These regulations apply with respect to taxable years beginning after December 31, 2002. The applicability of §§ 1.170A–11T, 1.556–2T, 1.565–1T, 1.936–7T, 1.1017–1T, 1.1368–1T, 1.1377–1T, 1.1502–21T(b)(3)(i) and (b)(3)(ii)(B), 1.1502–75T, 1.1503–2T, 1.6038B–1T(b)(1)(ii) and 301.7701–3T will expire on December 8, 2006.

**FOR FURTHER INFORMATION CONTACT:** Nathan Rosen, (202) 622–4910 (not a toll-free number).
**SUPPLEMENTARY INFORMATION:**

**Paperwork Reduction Act**

   The collection of information contained in these regulations has been reviewed and approved by the Office of Management and Budget in accordance with the Paperwork Reduction Act of 1995 (44 U.S.C. 3507(d)) under control number 1545–1868. The collection of information in these final regulations is in § 1.170A–11(b)(2). The information required in § 1.170A–11(b)(2) concerning the date on which a corporation's board of directors authorizes a certain type of charitable contribution assists the IRS in determining the deductibility of such contributions. Responses to this collection of information are mandatory.
   An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless the collection of information displays a valid control number assigned by the Office of Management and Budget.
   The estimated annual burden per respondent is .25 hours.
   Comments concerning the accuracy of this burden estimate and suggestions for reducing this burden should be sent to the Internal Revenue Service, Attn: IRS Reports, Clearance Officer, SE:W:CAR:MP:T:T:SP, Washington, DC 20224, and to the Office of Management and Budget, Attn: Desk Officer for the Department of the Treasury, Office of Information and Regulatory Affairs, Washington, DC 20503.
   Books and records relating to a collection of information must be retained as long as their contents may become material in the administration of any internal revenue law. Generally, tax returns and tax return information are confidential, as required by 26 U.S.C. 6103.

**Background**

   This document contains amendments to 26 CFR part 1 and 26 CFR part 301 designed to eliminate regulatory impediments to the electronic submission of tax returns and other forms filed by corporations, partnerships, other business entities, and their owners.
   In 1998, Congress enacted the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. No. 105–206 (112 Stat. 685) (1998). RRA 1998 states a Congressional policy to promote the paperless filing of Federal tax returns. Section 2001(a) of RRA 1998 set a goal for the IRS to have at least 80 percent of all Federal tax and information returns filed electronically by 2007. Section 2001(b) of RRA 1998 requires the IRS to establish a 10-year strategic plan to eliminate barriers to electronic filing.

*Finalization of December 2003 Regulations Facilitating Electronic Filing*

   On December 19, 2003, the IRS and Treasury published in the **Federal Register** (TD 9100, 2004–1 C.B. 297 [68 FR 70701]) temporary and final regulations modifying the regulations under sections 170, 556, 565, 936, 1017, 1368, 1377, 1502, 1503, 6038B and 7701 of the Internal Revenue Code. In the same issue of the **Federal Register**, the IRS and Treasury published a notice of proposed rulemaking (REG–116664–01, 2004–1 C.B. 319 [68 FR 70747]) proposing to amend regulations under the code sections noted in the previous sentence. The temporary, final, and proposed regulations published on December 19, 2003, are collectively referred to as the December 2003 Regulations.
   The December 2003 Regulations generally affect taxpayers who must file any of the following forms: Form 926, "Return by a U.S. Transferor of Property to a Foreign Corporation"; Form 972, "Consent of Shareholder To Include Specific Amount in Gross Income"; Form 973, "Corporation Claim for Deduction for Consent Dividends"; Form 982, "Reduction of Tax Attributes Due to Discharge of Indebtedness (and Section 1082 Basis Adjustment)"; Form 1120, "U.S. Corporation Income Tax Return"; Form 1120S, "U.S. Income Tax Return for an S Corporation"; Form 1122, "Authorization and Consent of Subsidiary Corporation To Be Included in a Consolidated Income Tax Return"; Form 5471, "Information Return of U.S. Persons With Respect To Certain Foreign Corporations"; Form 5712–A, "Election and Verification of the Cost Sharing or Profit Split Method Under Section 936(h)(5)"; and Form 8832, "Entity Classification Election."
   Prior to the changes adopted by the December 2003 Regulations, certain regulations under the code sections cited above impeded electronic filing of returns. Some of these regulations, for example, impeded electronic filing by requiring taxpayers to include third-party signatures on their tax returns or by requiring taxpayers to attach documents or statements generated by a third party. Other regulations required a taxpayer to sign an IRS form and file it as an attachment to the taxpayer's income tax return. To address certain situations in which regulations required

year. For taxable years beginning before January 1, 2003, the declaration shall be verified by a statement signed by an officer authorized to sign the return that it is made under penalties of perjury, and there shall also be attached to the return when filed a copy of the resolution of the board of directors authorizing the contribution. For taxable years beginning after December 31, 2002, the declaration must also include the date of the resolution, the declaration shall be verified by signing the return, and a copy of the resolution of the board of directors authorizing the contribution is a record that the taxpayer must retain and keep available for inspection in the manner required by § 1.6001–1(e).

\* \* \* \* \*

### § 1.170A–11T  [Removed]

■ Par. 3. Section 1.170A–11T is removed.

■ Par. 4. Section 1.556–2 is amended by revising paragraphs (e)(2)(vii) and (e)(3) to read as follows:

### § 1.556–2  Adjustments to taxable income.

\* \* \* \* \*

(e) \* \* \*

(2) \* \* \*

(vii) In the case of a return for a taxable year beginning before January 1, 2003, a copy of the contract, lease, or rental agreement;

\* \* \* \* \*

(3) If the statement described in § 1.556–2(e)(2) is attached to a taxpayer's income tax return for a taxable year beginning after December 31, 2002, a copy of the applicable contract, lease or rental agreement is not required to be submitted with the return, but must be retained by the taxpayer and kept available for inspection in the manner required by § 1.6001–1(e).

\* \* \* \* \*

### § 1.556–2T  [Removed]

■ Par. 5. Section 1.556–2T is removed.

■ Par. 6 Section 1.565–1 is amended by revising paragraph (b)(3) to read as follows:

### § 1.565–1  General rule.

\* \* \* \* \*

(b) \* \* \*

(3) A consent may be filed at any time not later than the due date (including extensions) of the corporation's income tax return for the taxable year for which the dividends paid deduction is claimed. With such return, and not later than the due date (including extensions) thereof, the corporation must file Forms 972 for each consenting shareholder, and a return on Form 973 showing by classes the stock outstanding on the first and last days of the taxable year, the dividend rights of such stock, distributions made during the taxable year to shareholders, and giving all the other information required by the form. For taxable years beginning before January 1, 2003, the Form 973 filed with the corporation's income tax return shall contain or be verified by a written declaration that is made under the penalties of perjury and the Forms 972 filed with the return must be duly executed by the consenting shareholders. For taxable years beginning after December 31, 2002, the Form 973 filed with the corporation's income tax return shall be verified by signing the return and the Forms 972 filed with the return must be duly executed by the consenting shareholders or, if unsigned, must contain the same information as the duly executed originals. If the corporation submits unsigned Forms 972 with its return for a taxable year beginning after December 31, 2002, the duly executed originals are records that the corporation must retain and keep available for inspection in the manner required by § 1.6001–1(e).

\* \* \* \* \*

### § 1.565–1T  [Removed]

■ Par. 7. Section 1.565–1T is removed.

■ Par. 8. Section 1.936–7 is amended by revising paragraph (b), Q. & A. 1, to read as follows:

### § 1.936–7  Manner of making election under section 936(h)(5); special election for export sales; revocation of election under section 936(a).

\* \* \* \* \*

(b) *Manner of making election.*

Q. 1: How does a possessions corporation make an election to use the cost sharing method or profit split method?

A. 1: A possessions corporation makes an election to use the cost sharing or profit split method by filing Form 5712–A ("Election and Verification of the Cost Sharing or Profit Split Method Under Section 936(h)(5)") and attaching it to its tax return. Form 5712–A must be filed on or before the due date (including extensions) of the tax return of the possessions corporation for its first taxable year beginning after December 31, 1982. The electing corporation must set forth on the form the name and the taxpayer identification number or address of all members of the affiliated group (including foreign affiliates not required to file a U.S. tax return). All members of the affiliated group must consent to the election. For elections filed with respect to taxable years beginning before January 1, 2003, an authorized officer of the electing corporation must sign the statement of election and must declare that he has received a signed statement of consent from an authorized officer, director, or other appropriate official of each member of the affiliated group. Elections filed for taxable years beginning after December 31, 2002, must incorporate a declaration by the electing corporation that it has received a signed consent from an authorized officer, director, or other appropriate official of each member of the affiliated group and will be verified by signing the return. The election is not valid for a taxable year unless all affiliates consent. A failure to obtain an affiliate's written consent will not invalidate the election out if the possessions corporation made a good faith effort to obtain all the necessary consents or the failure to obtain the missing consent was inadvertent. Subsequently created or acquired affiliates are bound by the election. If an election out is revoked under section 936(h)(5)(F)(iii), a new election out with respect to that product area cannot be made without the consent of the Commissioner. The possessions corporation shall file an amended Form 5712–A with its timely filed (including extensions) income tax return to reflect any changes in the names or number of the members of the affiliated group for any taxable year after the first taxable year to which the election out applies. By consenting to the election out, all affiliates agree to provide information necessary to compute the cost sharing payment under the cost sharing method or combined taxable income under the profit split method, and failure to provide such information shall be treated as a request to revoke the election out under section 936(h)(5)(F)(iii).

\* \* \* \* \*

### § 1.936–7T  [Removed]

■ Par. 9. Section 1.936–7T is removed.

■ Par. 10. Section 1.1017–1 is amended by revising paragraph (g)(2)(iii)(B) to read as follows:

### § 1.1017–1  Basis reductions following a discharge of indebtedness.

\* \* \* \* \*

(g) \* \* \*

(2) \* \* \*

(iii) \* \* \*

(B) *Taxpayer's requirement.* For taxable years beginning before January 1, 2003, statements described in § 1.1017–1(g)(2)(iii)(A) must be attached to a taxpayer's timely filed (including extensions) Federal income tax return

for the taxable year in which the taxpayer has COD income that is excluded from gross income under section 108(a). For taxable years beginning after December 31, 2002, taxpayers must retain the statements and keep them available for inspection in the manner required by § 1.6001–1(e), but are not required to attach the statements to their returns.

* * * * *

### § 1.1017–1T  [Removed]

■ Par. 11. Section 1.1017–1T is removed.

■ Par. 12. Section 1.1368–1 is amended by revising paragraphs (f)(5)(iii) and (g)(2)(iii) to read as follows:

### § 1.1368–1  Distributions by S corporations.

* * * * *

(f) * * *

(5) * * *

(iii) *Corporate statement regarding elections.* A corporation makes an election for a taxable year under § 1.1368–1(f) by attaching a statement to a timely filed (including extensions) original or amended return required to be filed under section 6037 for that taxable year. In the statement, the corporation must identify the election it is making under § 1.1368–1(f) and must state that each shareholder consents to the election. In the case of elections for taxable years beginning before January 1, 2003, an officer of the corporation must sign under penalties of perjury the statement on behalf of the corporation. In the case of elections for taxable years beginning after December 31, 2002, the statement described in this paragraph (f)(5)(iii) shall be verified by signing the return. A statement of election to make a deemed dividend under § 1.1368–1(f) must include the amount of the deemed dividend that is distributed to each shareholder.

* * * * *

(g) * * *

(2) * * *

(iii) *Time and manner of making election.* A corporation makes an election under § 1.1368–1(g)(2)(i) for a taxable year by attaching a statement to a timely filed (including extensions) original or amended return required to be filed under section 6037 for a taxable year (without regard to the election under § 1.1368–1(g)(2)(i)). In the statement, the corporation must state that it is electing for the taxable year under § 1.1368–1(g)(2)(i) to treat the taxable year as if it consisted of separate taxable years. The corporation also must set forth facts in the statement relating to the qualifying disposition (*e.g.*, sale, gift, stock issuance, or redemption), and state that each shareholder who held stock in the corporation during the taxable year (without regard to the election under § 1.1368–1(g)(2)(i)) consents to this election. For purposes of this election, a shareholder of the corporation for the taxable year is a shareholder as described in section 1362(a)(2). A single election statement may be filed for all elections made under § 1.1368–1(g)(2)(i) for the taxable year. An election made under § 1.1368–1(g)(2)(i) is irrevocable. In the case of elections for taxable years beginning before January 1, 2003, the statement through which a corporation makes an election under § 1.1368–1(g)(2)(i) must be signed by an officer of the corporation under penalties of perjury. In the case of elections for taxable years beginning after December 31, 2002, the statement described in the preceding sentence shall be verified by signing the return.

* * * * *

### § 1.1368–1T  [Removed]

■ Par. 13. Section 1.1368–1T is removed.

■ Par. 14. Section 1.1377–1 is amended by revising paragraph (b)(5)(i)(C) to read as follows:

### § 1.1377–1  Pro rata share.

* * * * *

(b) * * *

(5) * * *

(i) * * *

(C) The signature on behalf of the S corporation of an authorized officer of the corporation under penalties of perjury, except that for taxable years beginning after December 31, 2002, the election statement described in § 1.1377–1(b)(5)(i) of this section shall be verified, and the requirement of this paragraph (b)(5)(i)(C) is satisfied, by the signature on the Form 1120S filed by the S corporation.

* * * * *

### § 1.1377–1T  [Removed]

■ Par. 15. Section 1.1377–1T is removed.

■ Par. 16. Section 1.1502–21 is amended by revising paragraphs (b)(3)(i) and (b)(3)(ii)(B) to read as follows:

### § 1.1502–21  Net operating losses.

* * * * *

(b) * * *

(3) *Special rules*—(i) *Election to relinquish carryback.* A group may make an irrevocable election under section 172(b)(3) to relinquish the entire carryback period with respect to a CNOL for any consolidated return year. Except as provided in § 1.1502– 21(b)(3)(ii)(B), the election may not be made separately for any member (whether or not it remains a member), and must be made in a separate statement entitled "THIS IS AN ELECTION UNDER § 1.1502–21(b)(3)(i) TO WAIVE THE ENTIRE CARRYBACK PERIOD PURSUANT TO SECTION 172(b)(3) FOR THE [insert consolidated return year] CNOLs OF THE CONSOLIDATED GROUP OF WHICH [insert name and employer identification number of common parent] IS THE COMMON PARENT." The statement must be filed with the group's income tax return for the consolidated return year in which the loss arises. If the consolidated return year in which the loss arises begins before January 1, 2003, the statement making the election must be signed by the common parent. If the consolidated return year in which the loss arises begins after December 31, 2002, the election may be made in an unsigned statement.

(ii) * * *

(B) *Acquisition of member from another consolidated group.* If one or more members of a consolidated group becomes a member of another consolidated group, the acquiring group may make an irrevocable election to relinquish, with respect to all consolidated net operating losses attributable to the member, the portion of the carryback period for which the corporation was a member of another group, provided that any other corporation joining the acquiring group that was affiliated with the member immediately before it joined the acquiring group is also included in the waiver. This election is not a yearly election and applies to all losses that would otherwise be subject to a carryback to a former group under section 172. The election must be made in a separate statement entitled "THIS IS AN ELECTION UNDER § 1.1502– 21(b)(3)(ii)(B)(*2*) TO WAIVE THE PRE- [insert first taxable year for which the member (or members) was not a member of another group] CARRYBACK PERIOD FOR THE CNOLs attributable to [insert names and employer identification number of members]." The statement must be filed with the acquiring consolidated group's original income tax return for the year the corporation (or corporations) became a member. If the year in which the corporation (or corporations) became a member begins before January 1, 2003, the statement must be signed by the common parent and each of the members to which it applies. If the year in which the corporation (or corporations) became a member begins after December 31, 2002,