respond to, a collection of information unless the collection of information displays a valid control number assigned by the Office of Management and Budget.

The estimated additional burden in final regulations §§ 1.611–3(h), 1.852–9(c)(1), and 301.6903–1(b) is 0 hours because the records that are required to be maintained were previously required to be maintained to document the reporting requirements. This reporting burden will be reflected in the burden estimate for Form T (Timber), Form 2439, and Form 56, respectively.

*Estimated additional total annual reporting burden for 2002 for Form 3468:* 376 hours.

*Estimated number of responses for 2002 for Form 3468:* 22,575.

*Estimated additional average annual burden hours per response for 2002 for Form 3468:* 1 minute.

*Estimated additional total annual reporting burden for 2002 for Form 2120:* 550 hours.

*Estimated number of responses for 2002 for Form 2120:* 11,000.

*Estimated additional average annual burden hours per response for 2002 for Form 2120:* 3 minutes.

The estimated additional reporting burden for the reporting in final regulations §§ 1.48–12(d)(7)(iv) and 1.152–3(c) will be reflected in the burden estimate for Form 3468 and Form 2120, respectively.

Comments concerning the accuracy of this burden estimate and suggestions for reducing this burden should be sent to the Internal Revenue Service, Attn: IRS Reports Clearance Officer, W:CAR:MP:FP:S, Washington, DC 20224, and to the Office of Management and Budget, Attn: Desk Officer for the Department of the Treasury, Office of Information and Regulatory Affairs, Washington, DC 20503.

Books or records relating to a collection of information must be retained as long as their contents may become material in the administration of any internal revenue law. Generally, tax returns and tax return information are confidential, as required by 26 U.S.C. 6103.

### Background

This document contains amendments to the Income Tax Regulations (26 CFR part 1) and the Procedure and Administration Regulations (26 CFR part 301) designed to eliminate regulatory impediments to the electronic filing of Form 1040.

In 1998, Congress enacted the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Public Law 105–206 (112 Stat. 685) (1998). Section 2001(a) of RRA 1998 states that the policy of Congress is that paperless filing should be the preferred and most convenient means of filing Federal tax returns. Section 2001(a) of RRA 1998 also sets a long-range goal for the IRS to have at least 80 percent of all Federal tax returns filed electronically by 2007. Section 2001(b) of RRA 1998 requires the IRS to establish a 10-year strategic plan to eliminate barriers to electronic filing. On April 24, 2002, the IRS published temporary regulations (TD 8989, 67 FR 20028) and a cross-reference notice of proposed rulemaking (REG–107184–00, 67 FR 20072) to facilitate the implementation of this plan by eliminating regulatory impediments to the electronic filing of Form 1040.

The temporary regulations amended the Procedure and Administration Regulations to provide a regulatory statement of IRS authority to prescribe what return information or documentation must be filed with a return, statement, or other document required to be made under any provision of the internal revenue laws or regulations. The regulations give the IRS maximum flexibility in prescribing (1) what needs to be filed in support of a return or claim, and (2) the form of the filing, *e.g.*, electronic versus paper. The regulations permit the IRS to prescribe required return information in forms, instructions, or other appropriate guidance.

In addition, the IRS identified five regulatory provisions that impede electronic filing by requiring the taxpayer to either include a third-party signature, or attach a document generated by a third party. The temporary regulations amended those provisions to eliminate the impediments.

No written comments were received in response to the cross-reference notice of proposed rulemaking and no public hearing was requested or held.

### Explanation of Provisions

This Treasury decision removes the temporary regulations and adopts the proposed regulations with minor clarifications explained below.

These final regulations clarify how to "file" a written declaration waiving the dependency deduction under section 152(c)(4). Section 1.152–3(a)(4) of the existing regulations provides that each person waiving the deduction should "file" a written declaration stating that the person waiving the deduction will not claim the individual as a dependent. However, the term "file" is confusing because it usually refers to a submission to the IRS. These final regulations amend section 1.152–3(a)(4) to provide that each person waiving the deduction should "furnish" a written waiver declaration to the taxpayer claiming the deduction.

Section 1.152–3(b) of the existing regulations provides two examples explaining the requirements in section 1.152–3(a). The examples require that the written declarations furnished by each person waiving the deduction be attached to the income tax return of the taxpayer. These final regulations update the examples by removing the requirement that the waivers be attached to the taxpayer's return. The amended regulations require the taxpayer to retain the waivers consistent with section 1.152–3(c).

Under section 1.152–3(c)(3) of the proposed regulations, the taxpayer claiming the individual as a dependent must retain the declarations furnished by the persons waiving the deduction. Section 1.152–3(c)(3) of the proposed regulations also provides that the IRS may request other information from the taxpayer to substantiate the dependency claim. The proposed regulation then states that the other information that will substantiate the claim may include a statement showing the names of all contributors and the amount contributed by each. These final regulations clarify that the statement is just one of many pieces of information that the IRS may request to substantiate the dependency claim. No one statement or piece of information is necessarily determinative.

### Special Analyses

It has been determined that this Treasury decision is not a significant regulatory action as defined in Executive Order 12866. Therefore, a regulatory assessment is not required. It also has been determined that section 553(b) of the Administrative Procedure Act (5 U.S.C. chapter 5) does not apply to these regulations. It is hereby certified that the collection of information in these regulations will not have a significant economic impact on a substantial number of small entities. This certification is based upon the fact that the persons responsible for recordkeeping are principally individuals, and the burden is not significant as described earlier in the preamble. Therefore, a Regulatory Flexibility Analysis under the Regulatory Flexibility Act (5 U.S.C. chapter 6) is not required. Pursuant to section 7805(f) of the Internal Revenue Code, the notice of proposed rulemaking preceding these regulations was submitted to the Chief Counsel for Advocacy of the Small Business

Administration for comment on their impact on small business.

**Drafting Information**

The principal author of these regulations is Joseph P. Dewald, Office of Associate Chief Counsel (Procedure and Administration), Administrative Provisions and Judicial Practice Division. However, other personnel from the IRS and the Treasury Department participated in the development of the regulations.

**List of Subjects**

*26 CFR Part 1*

Income taxes, Reporting and recordkeeping requirements.

*26 CFR Part 301*

Employment taxes, Estate taxes, Excise taxes, Gift taxes, Income taxes, Penalties, Reporting and recordkeeping requirements.

*26 CFR Part 602*

Reporting and recordkeeping requirements.

**Adoption of Amendments to the Regulations**

Accordingly, 26 CFR parts 1, 301 and 602 are amended as follows:

**PART 1—INCOME TAXES**

**Paragraph 1.** The authority citation for part 1 is amended as follows:

**Authority:** 26 U.S.C. 7805 * * *

**Par. 2.** Section 1.48–12 is amended as follows:
 1. Revising paragraph (d)(7)(iii).
 2. Adding a new paragraph (d)(7)(iv).

**§ 1.48–12 Qualified rehabilitated building; expenditures incurred after December 31, 1981.**

\*   \*   \*   \*   \*

(d) * * *
(7) * * *
(iii) *Effective dates.* Paragraph (d)(7)(i) of this section applies to returns for taxable years beginning before January 1, 2002. The requirement in the fourth sentence of paragraph (d)(7)(ii) of this section applies only if the first income tax return filed after receipt by the taxpayer of the certification is for a taxable year beginning before January 1, 2002. For rules applicable to returns for taxable years beginning after December 31, 2001, see paragraph (d)(7)(iv) of this section.

(iv) *Returns for taxable years beginning after December 31, 2001*—(A) *In general.* Except as otherwise provided in paragraph (d)(7)(ii) of this section and this paragraph (d)(7)(iv), a taxpayer claiming the credit for rehabilitation of a certified historic structure (within the meaning of section 47(c)(3) and paragraph (d)(1) of this section) for a taxable year beginning after December 31, 2001, must provide with the return for the taxable year in which the credit is claimed, the NPS project number assigned by, and the date of the final certification of completed work received from, the Secretary of the Interior. If a credit (including a credit for a taxable year beginning before January 1, 2002) is claimed under the late certification procedures of paragraph (d)(7)(ii) of this section and the first income tax return filed by the taxpayer after receipt of the certification is for a taxable year beginning after December 31, 2001, the taxpayer must provide the NPS project number assigned by, and the date of the final certification of completed work received from, the Secretary of the Interior with that return.

(B) *Reporting and recordkeeping requirements.* The information required under paragraph (d)(7)(iv)(A) of this section must be provided on Form 3468 (or its successor) filed with the taxpayer's return. In addition, the taxpayer must retain a copy of the final certification of completed work for as long as its contents may become material in the administration of any internal revenue law.

(C) *Passthrough entities.* In the case of a credit for qualified rehabilitation expenditures of a partnership, S corporation, estate, or trust, the requirements of this paragraph (d)(7)(iv) apply only to the entity. Each partner, shareholder or beneficiary claiming a credit for such qualified rehabilitation expenditures from a passthrough entity must, however, provide the employer identification number of the entity on Form 3468 (or its successor).

**§ 1.48–12T   [Removed]**

**Par. 3.** Section 1.48–12T is removed.

**§ 1.152–3   [Amended]**

**Par. 4.** In § 1.152–3, paragraphs (a)(4) and (b) are revised and paragraph (c) is added to read as follows:

**§ 1.152–3   Multiple support agreements.**

(a) * * *

(4) Each other person in the group who contributed more than 10 percent of such support furnishes to the taxpayer claiming the dependent a written declaration that such other person will not claim the individual as a dependent for any taxable year beginning in such calendar year.

(b) *Examples.* Application of the rule contained in paragraph (a) of this section may be illustrated by the following examples:

*Example (1).* During the taxable year, brothers A, B, C, and D contributed the entire support of their mother in the following percentages: A, 30 percent; B, 20 percent; C, 29 percent; and D, 21 percent. Any one of the brothers, except for the fact that he did not contribute more than half of her support, would have been entitled to claim his mother as a dependent. Consequently, any one of the brothers could claim a deduction for the exemption of the mother if he obtained a written declaration (as provided in paragraph (a)(4) of this section) from each of the other brothers. Even though A and D together contributed more than one-half the support of the mother, A, if he wished to claim his mother as a dependent, would be required to obtain written declarations from B, C, and D, since each of those three contributed more than 10 percent of the support and, but for the failure to contribute more than half of the mother's support, would have been entitled to claim his mother as a dependent.

*Example (2).* During the taxable year, E, an individual who resides with his son, S, received his entire support for that year as follows:

| Source | Percentage of total |
|---|---:|
| Social Security | 25 |
| N, an unrelated neighbor | 11 |
| B, a brother | 14 |
| D, a daughter | 10 |
| S, a son | 40 |
| Total received by E | 100 |

B, D, and S are persons each of whom, but for the fact that none contributed more than half of E's support, could claim E as a dependent for the taxable year. The three together contributed 64 percent of E's support, and, thus, each is a member of the group to be considered for the purpose of section 152(c). B and S are the only members of such group who can meet all the requirements of section 152(c), and either one could claim E as a dependent for his taxable year if he obtained a written declaration (as provided in paragraph (a)(4) of this section) signed by the other, and furnished the other information required by the return with respect to all the contributions to E. Inasmuch as D did not contribute more than 10 percent of E's support, she is not entitled to claim E as a dependent for the taxable year nor is she required to furnish a written declaration with respect to her contributions to E. N contributed over 10 percent of the support of E, but, since he is an unrelated neighbor, he does not qualify as a member of the group for the purpose of the multiple support agreement under section 152(c).

(c)(1) The member of a group of contributors who claims an individual as a dependent for a taxable year beginning before January 1, 2002, under the multiple support agreement provisions of section 152(c) must attach to the member's income tax return for

the year of the deduction a written declaration from each of the other persons who contributed more than 10 percent of the support of such individual and who, but for the failure to contribute more than half of the support of the individual, would have been entitled to claim the individual as a dependent.

(2) The taxpayer claiming an individual as a dependent for a taxable year beginning after December 31, 2001, under the multiple support agreement provisions of section 152(c) must provide with the income tax return for the year of the deduction—

(i) A statement identifying each of the other persons who contributed more than 10 percent of the support of the individual and who, but for the failure to contribute more than half of the support of the individual, would have been entitled to claim the individual as a dependent; and

(ii) A statement indicating that the taxpayer obtained a written declaration from each of the persons described in section 152(c)(2) waiving the right to claim the individual as a dependent.

(3) The taxpayer claiming the individual as a dependent for a taxable year beginning after December 31, 2001, must retain the waiver declarations and should be prepared to furnish the waiver declarations and any other information necessary to substantiate the claim, which may include a statement showing the names of all contributors (whether or not members of the group described in section 152(c)(2)) and the amount contributed by each to the support of the claimed dependent.

§ 1.152–3T   [Removed]

Par. 5. Section 1.152–3T is removed.

§ 1.611–3   [Amended]

Par. 6. In § 1.611–3, paragraph (h) is added to read as follows:

§ 1.611–3   Rules applicable to timber.

* * * * *

(h) *Reporting and recordkeeping requirements*—(1) *Taxable years beginning before January 1, 2002.* A taxpayer claiming a deduction for depletion of timber for a taxable year beginning before January 1, 2002, shall attach to the income tax return of the taxpayer a filled-out Form T (Timber) for the taxable year covered by the income tax return, including the following information—

(i) A map where necessary to show clearly timber and land acquired, timber cut, and timber and land sold;

(ii) Description of, cost of, and terms of purchase of timberland or timber, or cutting rights, including timber or timber rights acquired under any type of contract;

(iii) Profit or loss from sale of land, or timber, or both;

(iv) Description of timber with respect to which claim for loss, if any, is made;

(v) Record of timber cut;

(vi) Changes in each timber account as a result of purchase, sale, cutting, reestimate, or loss;

(vii) Changes in improvements accounts as the result of additions to or deductions from capital and depreciation, and computation of profit or loss on sale or other disposition of such improvements;

(viii) Operation data with respect to raw and finished material handled and inventoried;

(ix) Statement as to application of the election under section 631(a) and pertinent information in support of the fair market value claimed thereunder;

(x) Information with respect to land ownership and capital investment in timberland; and

(xi) Any other data which will be helpful in determining the reasonableness of the depletion or depreciation deductions claimed in the return.

(2) *Taxable years beginning after December 31, 2001.* A taxpayer claiming a deduction for depletion of timber on a return filed for a taxable year beginning after December 31, 2001, shall attach to the income tax return of the taxpayer a filled-out Form T (Timber) for the taxable year covered by the income tax return. In addition, the taxpayer must retain records sufficient to substantiate the right of the taxpayer to claim the deduction, including a map, where necessary, to show clearly timber and land acquired, timber cut, and timber and land sold for as long as their contents may become material in the administration of any internal revenue law.

§ 1.611–3T   [Removed]

Par. 7. Section 1.611–3T is removed.

§ 1.852–9   [Amended]

Par. 8. In § 1.852–9, paragraph (c)(1) is added to read as follows:

§ 1.852–9   Special procedural requirements applicable to designation under section 852(b)(3)(D).

* * * * *

(c) *Shareholders*—(1) *Return and Recordkeeping Requirements*—(i) *Return requirements for taxable years beginning before January 1, 2002.* For taxable years beginning before January 1, 2002, the copy B of Form 2439 furnished to a shareholder by the regulated investment company or by a nominee, as provided in § 1.852–9(a) or (b) shall be attached to the income tax return of the shareholder for the taxable year in which the amount of undistributed capital gains is includible in gross income as provided in § 1.852–4(b)(2).

(ii) *Recordkeeping requirements for taxable years beginning after December 31, 2001.* For taxable years beginning after December 31, 2001, the shareholder shall retain a copy of Form 2439 for as long as its contents may become material in the administration of any internal revenue law.

* * * * *

§ 1.852–9T   [Removed]

Par. 9. Section 1.852–9T is removed.

PART 301—PROCEDURE AND ADMINISTRATION

Par. 10. The authority citation for part 301 continues to read as follows:

Authority: 26 U.S.C. 7805 * * *

Par. 11. Section 301.6011–1 is added to read as follows:

§ 301.6011–1   General requirement of return, statement or list.

(a) For provisions requiring returns, statements, or lists, see the regulations relating to the particular tax.

(b) The Internal Revenue Service may prescribe in forms, instructions, or other appropriate guidance the information or documentation required to be included with any return or any statement required to be made or other document required to be furnished under any provision of the internal revenue laws or regulations.

§ 301.6011–1T   [Removed]

Par. 12. Section 301.6011–1T is removed.

§ 301.6903–1   [Amended]

Par. 13. In § 301.6903–1, paragraph (b) is added to read as follows:

§ 301.6903–1   Notice of fiduciary relationship.

* * * * *

(b) *Manner of notice*—(1) *Notices filed before April 24, 2002.* This paragraph (b)(1) applies to notices filed before April 24, 2002. The notice shall be signed by the fiduciary, and shall be filed with the Internal Revenue Service office where the return of the person for whom the fiduciary is acting is required to be filed. The notice must state the name and address of the person for whom the fiduciary is acting, and the nature of the liability of such person; that is, whether it is a liability for tax, and, if so, the type of tax, the year or

years involved, or a liability at law or in equity of a transferee of property of a taxpayer, or a liability of a fiduciary under section 3467 of the Revised Statutes, as amended (31 U.S.C. 192) in respect of the payment of any tax from the estate of the taxpayer. Satisfactory evidence of the authority of the fiduciary to act for any other person in a fiduciary capacity must be filed with and made a part of the notice. If the fiduciary capacity exists by order of court, a certified copy of the order may be regarded as satisfactory evidence. When the fiduciary capacity has terminated, the fiduciary, in order to be relieved of any further duty or liability as such, must file with the Internal Revenue Service office with whom the notice of fiduciary relationship was filed written notice that the fiduciary capacity has terminated as to him, accompanied by satisfactory evidence of the termination of the fiduciary capacity. The notice of termination should state the name and address of the person, if any, who has been substituted as fiduciary. Any written notice disclosing a fiduciary relationship which has been filed with the Commissioner under the Internal Revenue Code of 1939 or any prior revenue law shall be considered as sufficient notice within the meaning of section 6903. Any satisfactory evidence of the authority of the fiduciary to act for another person already filed with the Commissioner or district director need not be resubmitted.

(2) *Notices filed on or after April 24, 2002.* This paragraph (b)(2) applies to notices filed on or after April 24, 2002. The notice shall be signed by the fiduciary, and shall be filed with the Internal Revenue Service Center where the return of the person for whom the fiduciary is acting is required to be filed. The notice must state the name and address of the person for whom the fiduciary is acting, and the nature of the liability of such person; that is, whether it is a liability for tax, and if so, the type of tax, the year or years involved, or a liability at law or in equity of a transferee of property of a taxpayer, or a liability of a fiduciary under 31 U.S.C. 3713(b), in respect of the payment of any tax from the estate of the taxpayer. The fiduciary must retain satisfactory evidence of his or her authority to act for any other person in a fiduciary capacity as long as the evidence may become material in the administration of any internal revenue law.

\* \* \* \* \*

§ 301.6903–1T   [Removed]

Par. 14. Section 301.6903–1T is removed.

**PART 602—OMB CONTROL NUMBERS UNDER THE PAPERWORK REDUCTION ACT**

Par. 15. The authority citation for part 602 continues to read as follows:

**Authority:** 26 U.S.C. 7805.

Par. 16. In § 602.101, paragraph (b), the table is amended as follows:
1. The following entries are removed:

§ 602.101  OMB Control numbers.

\* \* \* \* \*
(b) \* \* \*

| CFR part or section where identified and described | Current OMB control No. |
|---|---|
| \* \* \* \* \* | |
| 1.48–12T ................. | 1545–0155<br>1545–1783 |
| \* \* \* \* \* | |
| 1.152–3T ................. | 1545–0071<br>1545–1783 |
| \* \* \* \* \* | |
| 1.611–3T ................. | 1545–0007<br>1545–0099<br>1545–1784 |
| \* \* \* \* \* | |
| 1.852–9T ................. | 1545–0074<br>1545–0123<br>1545–0144<br>1545–0145<br>1545–1783 |
| \* \* \* \* \* | |
| 301.6903–1T ........... | 1545–0013<br>1545–1783 |
| \* \* \* \* \* | |

2. The following entries are revised:

§ 602.101  OMB Control numbers.

\* \* \* \* \*
(b) \* \* \*

| CFR part or section where identified and described | Current OMB control No. |
|---|---|
| \* \* \* \* \* | |
| 1.48–12 ................... | 1545–0155<br>1545–1783 |
| \* \* \* \* \* | |
| 1.152–3 ................... | 1545–0071<br>1545–1783 |
| \* \* \* \* \* | |
| 1.611–3 ................... | 1545–0007<br>1545–0099<br>1545–1784 |
| \* \* \* \* \* | |
| 1.852–9 ................... | 1545–0074<br>1545–0123<br>1545–0144<br>1545–0145<br>1545–1783 |
| \* \* \* \* \* | |
| 301.6903–1 .............. | 1545–0013<br>1545–1783 |
| \* \* \* \* \* | |

**David A. Mader,**
*Assistant Deputy Commissioner of Internal Revenue.*
  Approved: January 14, 2003.
**Pamela F. Olson,**
*Assistant Secretary of the Treasury.*
[FR Doc. 03–2063 Filed 1–30–03; 8:45 am]
**BILLING CODE 4830-01-P**

---

**DEPARTMENT OF THE TREASURY**

**Internal Revenue Service**

**26 CFR Part 31**

**[TD 9041]**

**RIN 1545–BB88**

**Taxpayer Identification Number (TIN) Matching Program**

**AGENCY:** Internal Revenue Service (IRS), Treasury.

**ACTION:** Final and temporary regulations.

---

**SUMMARY:** This document contains final and temporary regulations under section 3406 relating to the IRS Taxpayer Identification Number (TIN) Matching Program. These final and temporary regulations affect payors, and their authorized agents, and provide guidance necessary to comply with the law. The text of the temporary regulations also serves as the text of the proposed regulations set forth in the Proposed Rules section published elsewhere in this issue of the **Federal Register**.

**DATES:** *Effective Date.* These regulations are effective January 31, 2003.
  *Applicability Date.* For dates of applicability, see §§ 31.3406(j)–1(f) and 31.3406(j)–1T(f).

**FOR FURTHER INFORMATION CONTACT:** Donna Welch at (202) 622–4910.

**SUPPLEMENTARY INFORMATION:**

**Background**

  This document contains amendments to the Employment Tax Regulations (26