111.03   *Nonconvulsive epilepsy.* \* \* \*
\* \* \* \* \*

**113.00   Neoplastic Diseases, Malignant**
\* \* \* \* \*

B. *Documentation.* \* \* \* If an operative procedure has been performed, the evidence should include a copy of the operative note and the report of the gross and microscopic examination of the surgical specimen, along with all pertinent laboratory reports or reports from appropriate medically acceptable imaging. Medically acceptable imaging includes, but is not limited to, x-ray imaging, computerized axial tomography (CAT scan) or magnetic resonance imaging (MRI), with or without contrast material, myelography, and radionuclear bone scans. "Appropriate" means that the technique used is the proper one to support the evaluation and diagnosis of the impairment. \* \* \*
\* \* \* \* \*

**114.00   Immune System**
\* \* \* \* \*
  B. \* \* \*
\* \* \* \* \*

The documentation needed to establish the existence of a connective tissue disorder is medical history, physical examination, selected laboratory studies, appropriate medically acceptable imaging, and, in some instances, tissue biopsy. Medically acceptable imaging includes, but is not limited to, x-ray imaging, computerized axial tomography (CAT scan) or magnetic resonance imaging (MRI), with or without contrast material, myelography, and radionuclear bone scans. "Appropriate" means that the technique used is the proper one to support the evaluation and diagnosis of the impairment. \* \* \*
\* \* \* \* \*

114.08   *Human immunodeficiency virus (HIV) infection.*
\* \* \* \* \*
  N. \* \* \*
  6. Sinusitis documented by appropriate medically acceptable imaging.
\* \* \* \* \*

[FR Doc. 02–9737 Filed 4–23–02; 8:45 am]
**BILLING CODE 4191–02–P**

---

**DEPARTMENT OF THE TREASURY**

**Internal Revenue Service**

**26 CFR Parts 1, 301 and 602**

**[TD 8989]**

**RIN 1545–AY56**

**Guidance Necessary To Facilitate Electronic Tax Administration**

**AGENCY:** Internal Revenue Service (IRS), Treasury.
**ACTION:** Final and temporary regulations.

**SUMMARY:** This document contains regulations designed to eliminate regulatory impediments to the electronic filing of Form 1040, "U.S. Individual Income Tax Return." These regulations generally affect taxpayers who file Form 1040 electronically and who are required to file any of the following forms: Form 56, "Notice Concerning Fiduciary Relationship"; Form 2120, "Multiple Support Declaration"; Form 2439, "Notice to Shareholder of Undistributed Long-Term Capital Gains"; Form 3468, "Investment Credit"; and Form T (Timber), "Forest Activities Schedules." The text of the temporary regulations also serves as the text of the proposed regulations set forth in the notice of proposed rulemaking on this subject in the Proposed Rules section in this issue of the **Federal Register**.
**EFFECTIVE DATE:** These regulations are effective April 24, 2002.
**FOR FURTHER INFORMATION CONTACT:** James C. Gibbons, (202) 622–4910 (not a toll-free number).
**SUPPLEMENTARY INFORMATION:**

**Paperwork Reduction Act**

These regulations are being issued without prior notice and public procedure pursuant to the Administrative Procedure Act (5 U.S.C. 553). For this reason, the collections of information contained in these regulations have been reviewed and, pending receipt and evaluation of public comments, approved by the Office of Management and Budget under control number 1545–1783. Responses to these collections of information are mandatory.

An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless the collection of information displays a valid OMB control number.

For further information concerning these collections of information, and where to submit comments on the collections of information and the accuracy of the estimated burden, and suggestions for reducing this burden, please refer to the preamble to the cross-referencing notice of proposed rulemaking published in the Proposed Rules section of this issue of the **Federal Register**.

Books or records relating to a collection of information must be retained as long as their contents may become material in the administration of any internal revenue law. Generally, tax returns and tax return information are confidential, as required by 26 U.S.C. 6103.

**Background**

This document contains amendments to the Income Tax Regulations (26 CFR part 1) and the Procedure and Administration Regulations (26 CFR part 301) designed to eliminate regulatory impediments to the electronic filing of Form 1040.

In 1998, Congress enacted the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Public Law 105–206 (112 Stat. 685) (1998). Section 2001(a) of RRA 1998 states that the policy of Congress is that paperless filing should be the preferred and most convenient means of filing Federal tax returns. Section 2001(a) of RRA 1998 also sets a long-range goal for the IRS to have at least 80 percent of all Federal tax returns filed electronically by 2007. Section 2001(b) of RRA 1998 requires the IRS to establish a 10-year strategic plan to eliminate barriers to electronic filing. To the extent practicable, this plan is to provide for electronic filing of electronically prepared returns for taxable years beginning after 2001.

The temporary regulations amend the Procedure and Administration Regulations to provide a regulatory statement of IRS authority to prescribe what return information or documentation must be filed with a return, statement or other document required to be made under any provision of the internal revenue laws or regulations. The regulations give the IRS maximum flexibility in prescribing (1) what needs to be filed in support of a return or claim, and (2) the form of the filing, *e.g.*, electronic versus paper. The regulations permit the IRS to prescribe required return information in forms, instructions, or other appropriate guidance.

In addition, the IRS identified five regulatory provisions that impede electronic filing by requiring the taxpayer to either include a third-party signature, or attach a document generated by a third party. The temporary regulations amend those provisions to eliminate the impediments.

Although the regulatory impediments to the electronic filing of Form 1040 are eliminated by the temporary regulations, the IRS may instruct a taxpayer who files Form 1040 on paper to attach a document that would not be required in the case of a Form 1040 filed electronically.

**Explanation of Provisions**

*1. General Provision*

Section 6001(a) of the Internal Revenue Code (Code) provides that every person liable for any tax, or for the collection thereof, will keep such records, render such statements, make such returns, and comply with such

rules and regulations as the Secretary may from time to time prescribe. The Secretary may require any person, by notice served upon such person or by regulations, to make such returns, render such statements, or keep such records, as the Secretary deems sufficient to show whether or not such person is liable for tax.

Section 6011(a) of the Code provides that any person liable for any tax, or for the collection thereof, will make a return or statement according to the forms and regulations prescribed by the Secretary. Every person required to make a return or statement shall include therein the information required by such forms and regulations.

The temporary regulations amend the general provisions under § 301.6011–1 of the Procedure and Administration Regulations to provide a regulatory statement of the Secretary's authority to prescribe in forms, instructions, or other appropriate guidance what information or documentation must be filed with any return or statement required to be made or other document required to be furnished under any provision of the internal revenue laws or regulations. Under this authority, the IRS may change forms and instructions to eliminate nonstatutory impediments, such as third-party signature or document requirements, to the electronic filing of Form 1040.

### 2. Form T (Timber): Forest Activities Schedules

Section 611 of the Code generally provides a reasonable allowance for depletion and for depreciation of improvements in computing taxable income from timber. See §§ 1.611–1(a) and 1.611–5(a) of the Income Tax Regulations. Section 1.611–3(h) provides that a taxpayer claiming a deduction for depletion of timber or for depreciation of plant and other improvements must attach to the taxpayer's income tax return a filled-out Form T for the taxable year covered by the income tax return. This section specifically provides that the information required by Form T will include a map, where necessary, to show clearly timber and land acquired, timber cut, and timber and land sold.

The attachment of a map to Form T is a regulatory impediment to the electronic filing of Form 1040 because it is a diagram not easily incorporated into an electronic return. It is also often generated by a third party. To enable the electronic filing of Form T, the temporary regulations remove the requirement that a taxpayer attach a map to substantiate the claimed depletion and depreciation. Instead, the temporary regulations require the taxpayer to be prepared to furnish a map, where necessary, to substantiate any claimed depletion or depreciation.

### 3. Form 56: Notice Concerning Fiduciary Relationship

Section 6903(b) of the Code requires a fiduciary to give notice of his or her qualification as a fiduciary to the IRS in accordance with regulations prescribed by the Secretary. Section 301.6903–1(b) of the Procedure and Administration Regulations provides that satisfactory evidence of the authority of the fiduciary to act for any other person in a fiduciary capacity must be filed with and made a part of the notice. Form 56, the notice concerning fiduciary relationship, requires a fiduciary to attach a certified copy of the document creating the fiduciary relationship. The attachment of evidence of fiduciary relationship is a regulatory impediment to the electronic filing of Form 56 because the evidence is a document generated by a third party.

To eliminate the barrier to electronic filing, Form 56 should be filed separately from Form 1040. Further, to enable the electronic filing of Form 56, the temporary regulations remove the requirement that the fiduciary attach the evidence of fiduciary relationship to Form 56. Instead, the temporary regulations require the fiduciary to be prepared to furnish the evidence to substantiate the fiduciary relationship.

### 4. Form 2120: Multiple Support Declaration

Section 152(c) of the Code provides that a taxpayer will be treated as having contributed over half of the support of an individual for a calendar year if: (1) No one person contributed over half of the individual's support; (2) each person in the group that collectively contributed more than half of the support of the individual would have been entitled to claim the individual as a dependent but for the fact that the person did not contribute over half of the individual's support; (3) the taxpayer claiming the individual as a dependent contributed more than 10 percent of the individual's support; and (4) every other person in the group who contributed more than 10 percent of the support files a written declaration that the person will not claim the individual as a dependent for any taxable year beginning in such calendar year. Section 1.152–3(a)(4) and (c) of the Income Tax Regulations requires that a taxpayer claiming an individual as a dependent attach to the taxpayer's income tax return a written declaration of waiver signed by the other persons described in section 152(c)(2). Form 2120 is used to make these waiver declarations.

Attaching the Form 2120 with third-party waiver declarations to Form 1040 is a regulatory impediment to the electronic filing of Form 1040 because third-party signatures are not easily incorporated into an electronic return. Therefore, the temporary regulations eliminate the requirement to attach the waiver declarations. Under the temporary regulations, a taxpayer claiming an individual as a dependent under a multiple support agreement is still required to obtain the waiver declarations but is no longer required to attach them to the taxpayer's income tax return. Instead, the temporary regulations require the taxpayer to attach a statement that (1) identifies the other persons described in section 152(c)(2) and (2) indicates that the taxpayer obtained waiver declarations from these persons. The temporary regulations will also require the taxpayer to retain the waiver declarations.

### 5. Form 2439: Notice to Shareholder of Undistributed Long-Term Capital Gains

Under § 1.852–4(b)(2) of the Income Tax Regulations, a person who is a shareholder of a regulated investment company at the close of the company's taxable year must include undistributed capital gain in long-term capital gain. Section 1.852–9(a)(1) requires the regulated investment company to give its shareholders notice of a designation of undistributed capital gains. The regulations provide that mailed copies of Form 2439 (copies B and C) constitute appropriate notice to shareholders. Section 1.852–9(c) requires the shareholder to attach copy B of Form 2439 to the shareholder's return for the taxable year in which the undistributed capital gain is includible in gross income.

Attaching copy B of Form 2439 to the shareholder's income tax return prevents electronic filing of Form 1040 because copy B is a document generated by a third party. Therefore, the temporary regulations remove the requirement that the shareholder attach a copy of Form 2439 to Form 1040 but require that the shareholder retain a copy of Form 2439.

A shareholder who files Form 1040 electronically will supply information from the shareholder's copy of the Form 2439. However, a shareholder who files Form 1040 on paper will continue to attach a copy of Form 2439 to the shareholder's paper Form 1040 in accordance with Form 2439 instructions.