them) supply information to the Federal Government with respect to the source of income, the State of residence, or the amount of income of a particular type, of an individual, estate, or trust holding a beneficial interest in such conduit entity.

(h) *Members of armed forces.* The relief provided to any member of the Armed Forces by section 514 of the Soldiers' and Sailors' Civil Relief Act (50 U.S.C. App. sec. 574) is in no way diminished. Accordingly, for purposes of such State tax, an individual shall not be considered to have become a resident of a State solely because of his absence from his original State of residence under military order. Moreover, compensation for military service shall not be considered as income derived from a source within a State of which the individual earning such compensation is not a resident, within the meaning of paragraph (d) of § 301.6362-5. The preceding sentence shall not apply to nonmilitary compensation. Thus, for example, if an individual who is serving in State X as a member of the Armed Forces, and who is regarded as a resident of State Y under the Soldiers' and Sailors' Civil Relief Act, earns nonmilitary income in State X from a part-time job, such nonmilitary income may be subject to a qualified nonresident tax imposed by State X.

(i) *Withholding on compensation of employees of railroads, motor carriers, airlines, and water carriers.* There is no contravention of the provisions of section 26, 226A, or 324 of the Interstate Commerce Act, or of section 1112 of the Federal Aviation Act of 1958, with respect to the withholding of compensation to which such sections apply for purposes of the nonresident tax.

(j) *Income derived from interstate commerce.* There is no contravention of the provisions of the Act of September 14, 1959 (73 Stat. 555), with respect to the taxation of income derived from interstate commerce to which such statute applies.

§ 301.6363-1 State agreements.

(a) *Notice of election.* If a State elects to enter into a State agreement it shall file notice of such election with the Secretary or his delegate. The notice of election shall include the following:

(1) *Statement by the Governor.* A written statement by the Governor of the electing State:
(i) Requesting that the Secretary enter into a State agreement, and
(ii) Binding the Governor and his successors in office to notify the Secretary or his delegate immediately of the enactment, between the time of the filing of the notice of election and the time of the execution of the State agreement, of any law of that State which meets the description given in any of the subdivisions of subparagraph (2) of this paragraph, whether or not such law is intended to be administered by the United States pursuant to subchapter E.

(2) *Copy of State laws.* Certified copies of all laws of that State described in any of the following subdivisions of this subparagraph, and a specification of laws described in subdivision (i) of this subparagraph as "subchapter E laws", of laws described in subdivision (ii) as "other tax laws", of laws described in subdivision (iii) as "non-tax laws", and of laws described in subdivision (iv) as "interstate cooperation laws":

(i) All of the State individual income tax laws (including laws relating to the collection or administration of such taxes or to the prosecution of alleged civil or criminal violations with respect to such taxes) which the State would expect the United States to administer pursuant to subchapter E if the State agreement is executed as requested. In order to have a valid notice, the State must have a tax which would meet the requirements for qualification specified in section 6362 and the regulations thereunder if a State agreement were in effect with respect thereto, with no conditions attached to the effectiveness of such tax other than the execution of a State agreement. Such tax must be effective no later than the January 1 specified in the State's notice of election as the date as of which subchapter E is desired to become applicable to the electing State, except that such effective date shall be deferred to the date provided in the State agreement for the beginning of applicability of subchapter E to the State, if the latter date is different from the date specified in the notice of election.

(ii) All of the State income tax laws applicable to individuals (including laws relating to the collection or administration of such taxes or to the prosecution of alleged civil or criminal violations with respect to such taxes) which the State would not expect the United States to administer but which may be in effect simultaneously (for any period of time) with the State agreement.

(iii) All of the State laws other than individual income tax laws which provide for the making of any payments by the State based on one or more criteria which the State may desire to verify by reference to information contained in returns of qualified taxes.

(iv) All of the State laws which may be in effect simultaneously (for any period of time) with the State agreement and which provide for cooperation or reciprocal agreement between the electing State and another State with respect to income taxes applicable to individuals.

(3) *Approval by legislature or authorization by constitutional amendment.* A certified copy of an Act or Resolution of the legislature of the electing State in which the legislature affirmatively expresses its approval of the State's entry into a State agreement, or a certified copy of an amendment to the constitution of such State by which the voters of the State affirmatively authorize such entry.

(4) *Opinion by State Attorney General or judgment of highest court.* A written statement by the State Attorney General to the effect that, in his opinion, no provision of the State's Constitution would be violated by the State law's incorporation by reference of the Federal individual income tax laws and regulations, as amended from time to time, by the Federal prosecution and trial of individuals who are alleged to have committed crimes with respect to the State's qualified tax (when it goes into effect as such), or by any other provision relating to such tax, considered as of the time it is being collected and administered by the Federal Government pursuant to subchapter E. However, if such a statement is not included in the notice of election, a judgment of the highest court of the State to the same effect may be submitted in its place.

(5) *Effective date.* A written specification of the January as of which subchapter E is desired to become applicable to the electing State.

(b) *Rules relating to time for filing notice of election.* An electing State must file its notice of election more than 6 months prior to the January 1 as of which the notice specifies that the provisions of subchapter E are desired to become applicable to such State. Thus, for example, if the date specified in the notice is January 1, 1979, the notice must be filed no later than June 30, 1978. However, because under the provisions of section 204(b) of the Federal-State Tax Collection Act of 1972 (86 Stat. 945), as amended by section 2116(a) of the Tax Reform Act of 1976 (90 Stat. 1910), the provisions of subchapter E will initially take effect on the first January 1 which is more than 1 year after the first date on which at least one State has filed a notice of its election (see § 301.6361-5), the notice of an election which causes subchapter E to initially take effect must be filed with the Secretary or his delegate more than 1 year prior to the January 1 as of which such notice specifies that the provisions of subchapter E are desired to become applicable to such State. Thus, for example, if such an initially electing State desires to elect subchapter E as of January 1, 1979, its notice must be filed no later than De-