**RULES AND REGULATIONS**

cember 31, 1977. For purposes of this section, if the notice of election is sent by either registered or certified mail to the Secretary of the Treasury, Washington, D.C. 20220, then it shall be deemed to be filed on the date of mailing; otherwise, the notice of election shall be deemed to be filed when it is received by the Secretary or his delegate.

(c) *Procedures relating to defects in notice or tax laws.* If a State has filed a notice of election, then the Secretary shall, within 90 days after the notice is filed, notify the Governor of such State in writing of any defect in the notice of election which prevents it from being valid, and of any defect in the State's tax laws which causes the tax submitted to fail to meet the requirements for qualification specified in section 6362 and the regulations thereunder, other than the fact that no State agreement is in effect with respect thereto. Any such defect of which the Secretary does not notify the Governor within such 90-day period is waived. The Secretary or his delegate may, in his discretion, permit any of such defects of which the Governor is timely notified to be cured retroactively to the date of the filing of the notice of election, by amendment of the notice or the State law. Judicial review of the Secretary's determination that the notice of election or the tax laws, or both, contain defects, may be obtained as set forth in section 6363(d) and § 301.6363-4.

(d) *Execution and contents of State agreement.* If the Secretary does not timely notify the Governor of a defect in the notice of election or in the State's tax laws, as provided in paragraph (c) of this section, or if, as provided in such paragraph, all such defects have been cured retroactively, then the Secretary shall enter into a State agreement. The agreement shall include the following elements:

(1) *Effective date.* The agreement shall specify the January 1 as of which subchapter E will commence to be applicable to the State. Such date shall be the same as that specified in the notice of election pursuant to paragraph (a)(5) of this section, unless the parties agree to a different January 1, except that in no event shall a State agreement executed after November 1 specify the next January 1.

(2) *Obligation of Governor to notify the United States of changes in pertinent State laws.* The agreement shall require the Governor of the State, and his successors in office, to notify the Secretary or his delegate within 30 days of the enactment of any law of the State, after the execution of the agreement, of a type described in paragraph (a)(2) of this section.

(3) *Obligation of Governor to furnish to the United States information needed to administer State tax laws.* The agreement shall require the Governor and his successors to furnish to the Secretary or his delegate any information needed by the Federal Government to administer the State tax laws. Such information shall include, for example, a list (which shall be maintained on a current basis) of those obligations of the State or its political subdivisions described in section 103(a)(1) from which the interest is not subject to the qualified taxes of the State.

(4) *Identification of State official to act as liaison with Federal Government.* The agreement shall include a designation by the Governor of the State official or officials with whom the Secretary or his delegate should coordinate in connection with any questions or problems which may arise during the period for which the State agreement is effective, including those which may result from changes or contemplated changes in pertinent State laws.

(5) *Identification of State official to receive transferred funds.* The agreement shall include a designation by the Governor of the State official who shall initially receive the funds on behalf of the State when they are transferred pursuant to section 6361(c) and § 301.6361-3.

(6) *Other obligations.* If the Secretary and the Governor both so agree, the agreement shall provide for additional obligations.

(e) *State agreement superseding certain other agreements.* For the period of its effectiveness, a State agreement shall supersede an otherwise effective agreement entered into by the State and the Secretary for the withholding of State income taxes from the compensation of Federal employees pursuant to 5 U.S.C. 5517 (or pursuant to 5 U.S.C. 5516, in the case of the District of Columbia).

§ 301.6363-2 Withdrawal from State agreements.

(a) *By notification.* If a State which has entered into a State agreement desires to withdraw from the agreement, its Governor shall file a notice of withdrawal with the Secretary or his delegate. A notice of withdrawal shall include the following documents:

(1) *Request by the Governor.* A request by the Governor of the State that the State agreement cease to be effective with respect to taxable years beginning on or after a specified January 1, except as provided in paragraph (b)(2) of § 301.6365-2 with respect to withholding in the case of fiscal year taxpayers.

(2) *Legislative approval of withdrawal.* A certified copy of an act or Resolution of the legislature of the State in which the legislature affirmatively expresses its approval of the State's withdrawal from the State agreement.

(3) *Identification of State official.* A written identification of the State official or officials with whom the Secretary or his delegate should coordinate in connection with the State's withdrawal from the State agreement.

(b) *By change in State law.* If any law of a State which has entered into a State agreement is enacted pertaining to individual income taxes (including the collection or administration of such taxes, and the prosecution of alleged civil or criminal violations with respect to such taxes), and if the Secretary or his delegate determines that as a result of such law the State no longer has a qualified tax, then such change in the State law shall be treated as a notification of withdrawal from the agreement. The Secretary shall notify the Governor in writing when a change is to be so treated. Such notification shall have the same effect as if, on the effective date of the disqualifying change in the law, the Governor had filed with the Secretary or his delegate a valid and sufficient notice of withdrawal requesting that the State agreement cease to be effective with respect to taxable years beginning on or after the first January 1 which is more than 6 months thereafter, subject to the exception with respect to withholding in the case of fiscal-year taxpayers. However, the cessation of effectiveness may be deferred to a subsequent January 1 if the Governor so requests and if the Secretary or his delegate in his discretion determines that the date of cessation provided in the preceding sentence would subject the State or its taxpayers to undue hardship. In addition, the Governor may request the Secretary or his delegate to permit the State's early withdrawal from the agreement, pursuant to paragraph (c)(2) of this section. Until the date of cessation of effectiveness of the State agreement, the change in State law which was treated as a notification of withdrawal, and any other such subsequent change that would be similarly treated, shall not be given effect for purposes of the Federal collection and administration of the State taxes. Similarly, such changes shall not be given effect for such purposes during the period of litigation if the State seeks judicial review of the action of the Secretary or his delegate pursuant to section 6363(d) or § 301.6363-4, even if such changes are ultimately found by the court not to disqualify the State's qualified tax. However, a change in State law which would be treated as a notice of withdrawal in the absence of this sentence shall not be so treated if, prior to the last November 1 preceding the January 1 on which the cessation

of effectiveness of the State agreement is to occur, either such change in State law is retroactively repealed, or the State law is retroactively modified and the Secretary or his delegate determines that with such modification the State has a qualified tax.

(c) *Rules relating to time of withdrawal*—(1) *General rule.* Except as provided in subparagraph (2) of this paragraph, a notice of withdrawal shall not be valid unless the January 1 specified therein is not earlier than the first January 1 which is more than 6 months subsequent to the date on which the notice is received by the Secretary or his delegate. Thus, for example, if the notice specifies January 1, 1980, for withdrawal, the notice must be received no later than June 30, 1979.

(2) *Early withdrawal.* The Secretary or his delegate may, in his discretion and upon written request by a Governor of a State who has filed a notice of withdrawal, waive the 6-months requirement of section 6363(b)(1) and subparagraph (1) of this paragraph if the Secretary determines that:

(i) The State will suffer a hardship if required to meet such requirement, and

(ii) The early withdrawal requested by the Governor would be practicable from the standpoint of orderly collection of the qualified tax and administration of the State law by the Federal Government.

§ 301.6363-3 Transition years.

The State may by law provide for the transition to or from a qualified tax to the extent necessary to prevent double taxation or other unintended hardships, or to prevent unintended benefits, under State law. Generally, such provisions shall be administered by the State; but, if requested to do so by the Governor of the State, the Secretary or his delegate may in his discretion, agree to administer such provisions either solely or jointly with the State.

§ 301.6363-1 Judicial review.

(a) *General rule.* If the Secretary or his delegate determines pursuant to paragraph (c) of § 301.6363-1 that a State did not file a valid notice of election or does not have a tax which would meet the requirements for qualification specified in section 6362 and the regulations thereunder if a State agreement were in effect with respect thereto, or if he determines pursuant to paragraph (b) of § 301.6363-2 that a participating State has enacted a law as a result of which the State no longer has a qualified tax, such State may, within 60 days after its Governor has received notification of such determination, file a petition for the review of such determination with either the United States Court of Appeals for the circuit in which the State is located or the United States Court of Appeals for the District of Columbia. If a State files such a petition, the clerk of the court shall forthwith transmit a copy of the petition to the Secretary or his delegate, who in turn shall thereupon file in the court the record of proceedings on which the determination adverse to the State was based, as provided in section 2112 of title 28, United States Code.

(b) *Court of Appeals' jurisdiction.* The court of Appeals may affirm or set aside, in whole or in part, the action of the Secretary or his delegate; and (subject to the rules delaying the effectiveness of the change in State law provided in paragraph (b) of § 301.6363-2) the court may issue such other orders as may be appropriate with respect to taxable years which include any part of the period of litigation.

(c) *Review of Court of Appeals' judgment.* The judgment of the Court of Appeals shall be subject to review by the Supreme Court of the United States upon certiorari or certification sought by either party as provided in section 1254 of title 28, United States Code.

(d) *Effect of final judgment.* If a final judgment, rendered with respect to litigation involving a State's petition to review a determination of the Secretary or his delegate to the effect that the State's individual income tax laws included in its notice of election would not meet the requirements for qualification specified in section 6362 and the regulations thereunder if a State agreement were in effect with respect thereto, includes a determination that the State's tax would in fact meet such requirements, then the provisions of subchapter E shall apply to the State with respect to taxable years beginning on or after the first January 1 which is more than 6 months after the date of such final judgment. If a final judgment, rendered with respect to litigation involving a State's petition to review a determination of the Secretary or his delegate to the effect that the State's previously-qualified tax ceases to qualify because of a change in the State's law, includes a determination that the State's tax does in fact cease to qualify, then the provisions of subchapter E (other than section 6363) shall cease to apply to the State with respect to taxable years beginning on or after the first January 1 which is more than 6 months after the date of such final judgment. See paragraph (b) of § 301.6365-2 for special rules with respect to withholding in the case of fiscal-year taxpayers.

(e) *Expeditious treatment of judicial proceedings.* Under section 6363(d)(4), any judicial proceedings to which a State and the United States are parties, and which are brought pursuant to section 6363, are entitled to receive a preference, and to be heard and determined as expeditiously as possible, upon request of the Secretary or the State.

§ 301.6365-1 Definitions.

(a) *State.* For purposes of subchapter E and the regulations thereunder, the term "State" shall include the District of Columbia, but shall not include the Commonwealth of Puerto Rico or any possession of the United States.

(b) *Governor.* For purposes of subchapter E and the regulations thereunder, the term "Governor" shall include the Mayor of the District of Columbia.

§ 301.6365-2 Commencement and cessation of applicability of subchapter E to individual taxpayers.

(a) *General rule.* Except for purposes of chapter 24 (relating to the collection of income tax at source on wages), whenever subchapter E begins or ceases to apply to any State (i.e., a State agreement begins or ceases to be effective) as of any January 1, such commencement of cessation of applicability shall apply to taxable years of individuals beginning on or after such date. For example, if subchapter E begins to apply to a particular State on January 1, 1980, it would become applicable for calendar year 1980 for calendar-year taxpayers in that State; but if a taxpayer in the State is using a fiscal year running from July 1 to June 30, the subchapter would begin to apply (except for purposes of chapter 24) to that taxpayer on July 1, 1980, for his taxable year ending June 30, 1981. Similarly, if the subchapter ceases to apply to such State on January 1, 1982, it would cease to apply to calendar-year taxpayers after the end of calendar year 1981; but it would cease to apply (except for purposes of chapter 24) to fiscal-year taxpayers at the end of their fiscal years which are in progress on January 1, 1982. The cessation of applicability of subchapter E to a State does not affect rights, duties, and liabilities with respect to any taxable year for which subchapter E does apply with respect to any taxpayer (or his employer).

(b) *Special rules pertaining to withholding*—(1) *Subchapter E beginning to apply.* The Federal withholding system provided in chapter 24 shall go into effect for State individual income tax purposes with respect to wages paid on or after the January 1 as of which subchapter E begins to apply to a State. If an employee is subject to a qualified tax imposed by the State, such withholding system shall apply

to his wages paid on or after that January 1, without regard to whether he is a calendar-year or fiscal-year taxpayer. See § 301.6363-3 with respect to transition-year rules.

(2) *Subchapter E ceasing to apply.* The Federal withholding system provided in chapter 24 shall cease to be effective for State tax purposes with respect to wages paid on or after the January 1 as of which subchapter E ceases to apply to the State, although fiscal-year taxpayers of that State continue to be subject to the other provisions of subchapter E for the remainder of their fiscal years then in progress. See § 301.6363-3 with respect to transition-year rules.

PAR. 22. Section 301.6405-1 is amended to read as follows:

§ 301.6405-1 *Reports of refunds and credits.*

Section 6405 requires that a report be made to the Joint Committee on Taxation of proposed refunds or credits in excess of $100,000 of any income tax (including any qualified State individual income tax collected by the Federal Government), war profits tax, excess profits tax, estate tax, or gift tax. An exception is provided under which refunds and credits made after July 1, 1972, and attributable to an election under section 165(h) to deduct a disaster loss for the taxable year in which the disaster occurred, may be made prior to the submission of such report to the Joint Committee on Taxation.

[FR Doc. 78-35389 Filed 12-19-78; 8:45 am]

---

[4830-01-M]

(T.D. 7576)

PART 301—PROCEDURE AND ADMINISTRATION

**Collection of Child Support Obligations**

AGENCY: Internal Revenue Service, Treasury.

ACTION: Final regulations.

SUMMARY: This document contains final regulations under section 6305 of the Internal Revenue Code of 1954, relating to the collection of child support obligations by the Internal Revenue Service. The addition of section 6305 to the Code was made by the Social Services Amendments of 1974.

DATE: These regulations are effective as of July 1, 1975, the date on which section 6305 of the Code was effective.

FOR FURTHER INFORMATION CONTACT:

Stephen J. Small of the Legislation and Regulations Division, Office of the Chief Counsel, Internal Revenue Service, 1111 Constitution Avenue, N.W., Washington, D.C. 20224, Attention: CC:LR:T, 202-566-3287, not a toll-free call.

SUPPLEMENTARY INFORMATION: On June 9, 1978, proposed amendments to the Regulations on Procedure and Administration (26 CFR Part 301) under section 6305 of the Internal Revenue Code of 1954 were published in the FEDERAL REGISTER (43 FR 25143). These amendments were proposed to conform the regulations to section 101(b)(1) of Part B of the Social Services Amendments of 1974 (88 Stat. 2358).

After consideration of all written comments received, the proposed regulation is adopted as herein revised. The only revision makes clear in § 301.6305-1(c)(1) that the regulation does not prohibit collection by the Internal Revenue Service of normal and reasonable costs incurred in the collection of certified amounts of delinquent court ordered child support payments. Most of the written comments were primarily concerned with the provisions of section 6305 of the Code and only secondarily with the proposed regulations.

The regulation will affect individuals only when an amount of overdue, judicially determined child support payments has been certified by the Department of Health, Education, and Welfare for collection by the Internal Revenue Service. The regulation states that the district director will be responsible for collection of a certified amount in the same manner and with the same powers exercised in the collection of an employment tax when collection would be jeopardized by delay, subject to the exceptions and restrictions specified in the regulation. Additionally, the regulation contemplates the establishment of a new revolving fund in the Department of the Treasury into which collected certified amounts are deposited from the general fund of the United States and from which withdrawals are made by the Department of Health, Education, and Welfare. The effectiveness of this regulation will be evaluated upon the basis of comments received from the public and the various offices of the Internal Revenue Service responsible for administration of the regulation and collection of certified amounts of overdue child support payments.

DRAFTING INFORMATION

The principal author of this regulation is Stephen J. Small of the Legislation and Regulations Division, Office of the Chief Counsel, Internal Revenue Service, 1111 Constitution Avenue, N.W., Washington, D.C. However, personnel from other offices of the Internal Revenue Service and the Treasury Department participated in developing the regulation, both on matters of substance and style.

ADOPTION OF AMENDMENTS TO THE REGULATIONS

Accordingly, the amendments to the Regulations on Procedure and Administration (26 CFR Part 301), as proposed, are hereby adopted, subject to the revision of paragraph (c)(1) of § 301.6305-1 which is changed to read as follows:

§ 301.6305-1 *Assessment and collection of certain liability.*

* * * * *

(c) *Additional limitations and conditions*—(1) *Interest and penalties.* No interest, penalties, or additional amounts, other than normal and reasonable collection costs, may be assessed or collected in addition to the certified amount, other than the penalty imposed by section 6332(c)(2) for failure to surrender property subject to levy and the penalty imposed by section 6657 for the tender of bad checks. Any such penalties and collection costs, if collected, will not be treated as part of the certified amount and will be retained by the United States as part of its general fund. No interest shall be allowed or paid on any overpayment of a certified amount.

* * * * *

This Treasury decision is issued under the authority contained in section 7805 of the Internal Revenue Code of 1954 (68A Stat. 917; 26 U.S.C. 7805).

JEROME KURTZ,
*Commissioner of Internal Revenue.*

Approved: December 4, 1978.

DONALD C. LUBICK,
*Assistant Secretary of the Treasury.*

§ 301.6305-1 *Assessment and collection of certain liability.*

(a) *Scope.* Section 6305(a) requires the Secretary of the Treasury or his delegate to assess and collect amounts which have been certified by the Secretary of Health, Education, and Welfare as representing delinquent court ordered child support obligations of an individual. These amounts are to be collected in the same manner and with the same powers exercised by the Secretary of the Treasury or his delegate in the collection of an employment tax which would be jeopardized by delay. However, where the assessment is the first assessment against an individual for a delinquent amount of court ordered support for a particular individual or individuals, the collection is to be stayed for a period of 60 days following notice and demand. In addition, no interest or penalties (with the exception of the penalties imposed by sections 6332(c)(2) and 6657) shall be