Federal Register / Vol. 60, No. 110 / Thursday, June 8, 1995 / Proposed Rules   30441

directives listed under subparagraph (2) of this paragraph if the agency is able to demonstrate, in its submission for OMB clearance, that such characteristic of the collection of information is necessary to satisfy statutory requirements or other substantial need.

Proposed § 1320.5(e) is substantively identical to existing § 1320.4(c).

Proposed § 1320.5(f) is substantively identical to a combination of existing § 1320.4(d) and § 1320.11(i).

Proposed § 1320.5(g) is equivalent to existing § 1320.11(h), but is amended to reflect the legislative changes in 44 U.S.C. 3507(h)(3).

Proposed § 1320.5(h) is added to request agencies to consult with OMB before continuing to use OMB-approved forms or other collections of information after the expiration date printed thereon (e.g., using copies of old forms to conduct a collection of information that OMB has reapproved for continued use). Continuing to use such forms may confuse the public which, under proposed § 1320.5(b) and proposed § 1320.6, is being advised that absent a valid OMB control number the collection of information is unenforceable.

### G. Proposed Section 1320.6—Public Protection

Proposed § 1320.6 is equivalent to existing § 1320.5, but is amended to reflect the legislative changes in 44 U.S.C. 3512.

Proposed § 1320.6(a)(1) states that no person is to be subject to any penalty for failing to comply with a collection of information that is subject to the requirements of this Part if the collection of information does not display a currently valid OMB control number.

Proposed § 1320.6(a)(2) states that no person is to be subject to any penalty for failing to comply with a collection of information that is subject to the requirements of this Part if the agency fails to inform the person who is to respond to the collection of information that such person is not required to respond to the collection of information unless it displays a currently valid OMB control number.

Proposed § 1320.6(b) states that the protections provided by 44 U.S.C. 3512(a) and proposed § 1320.6(a) may be raised in the form of a complete, defense, bar, or otherwise the imposition of such penalties at any time during the agency administrative process in which such penalty may be imposed or judicial action applicable thereto.

Proposed § 1320.6(c) is equivalent to existing § 1320.5(b).

Proposed § 1320.6(d) is identical to existing § 1320.5(c).

Proposed § 1320.6(e) is new. This paragraph points out that, under existing law, the public protections provided by proposed § 1320.6(a) do not preclude the imposition of a penalty on a person for failing to comply with a collection of information that is imposed on the person by statute, e.g., 26 U.S.C. 6011(a) (statutory requirement for person to file a tax return), 42 U.S.C. 6938(c) (statutory requirement for person to provide notification before exporting hazardous waste).

This paragraph is based on the principle announced by the courts in several cases which addressed the issue of whether the public protection provided by 44 U.S.C. 3512 could preclude the Federal government from prosecuting persons for their failure to perform paperwork duties imposed upon them by statute. See *Salberg* v. *United States*, 969 F.2d 379 (7th Cir. 1992); *United States* v. *Neff*, 954 F.2d 698 (11th Cir. 1992); *United States* v. *Dawes*, 951 F.2d 1189 (10th Cir. 1991); *United States* v. *Hicks*, 947 F.2d 1356 (9th Cir. 1991); *United States* v. *Wunder*, 919 F.2d 34 (6th Cir. 1990). In those cases, the courts concluded that Congress, in enacting the Paperwork Reduction Act, did not intend to require itself to comply with the requirements of that Act (and seek and obtain OMB approval) whenever Congress decides to impose a paperwork requirement on persons directly by statute.[1]

There is no legislative history pertinent to the Paperwork Reduction Act of 1995 that suggests that Congress intended to change this court interpretation for 44 U.S.C. 3512.

Accordingly, where Congress imposes a collection of information directly on

---

[1] See Salberg, supra, at 384 ("Salberg was convicted of violating a statute. It was a federal statute—26 U.S.C. § 7203—not a regulation or an instruction book that required Salberg to file an income tax return. Statutes are not subject to the PRA * * * ."); Neff, supra, at 700 ("Congress did not enact the PRA's public protection provision to allow OMB to abrogate any duty imposed by Congress. * * * So the PRA provides Neff no refuge from his statutorily-imposed duty to file income tax returns"); Dawes, supra, at 1192 ("We would be inclined to follow the general analysis of Wunder and Hicks and hold that the operation of the PRA in these circumstances did not repeal the criminal sanctions for failing to file an income tax return because the obligation to file is a statutory one."); Hicks, supra at 1359 ("where *Congress* sets forth an explicit statutory requirement that the citizen provide information, and provides statutory criminal penalties for failure to comply with the request, that is another matter. This is a legislative command, not an administrative request."); Wunder, supra, at 38 ("the requirement to file a tax return is mandated by statute, not regulation. Defendant was not convicted of violating a regulation, but of violating a statute which required him to file an income tax return.").

persons, by statute (as, e.g., in 26 U.S.C. § 6011(a) and 42 U.S.C. § 6938(c)), then the public protection provided by proposed § 1320.6(a) would not preclude the imposition of penalties for a person's failure to comply with the statutory mandate. This principle, however, does not extend to situations in which a statute authorizes, or directs, an agency to impose a collection of information on persons, and the agency does so. In such cases, the agency is obligated to comply with the Paperwork Reduction Act of 1995 in imposing the paperwork requirement (just as the agency must comply with other applicable statutes—e.g., the Administrative Procedure Act in the case of regulations), and the public protection provided by proposed § 1320.6(a) would apply to such paperwork requirements.

### H. Proposed Section 1320.7—Agency Head and Senior Official Responsibilities

Proposed § 1320.7 is equivalent to existing § 1320.8, but is amended to reflect the legislative changes in 44 U.S.C. 3506(a). Proposed § 1320.7(c) calls upon the Senior Official to head an office responsible for ensuring agency compliance with the implementation of the information policies and information resources management responsibilities established under the Paperwork Reduction Act of 1995, and reflects the legislative changes in 44 U.S.C. 3506(a)(3). Proposed § 1320.7(d) calls upon the Senior Official to establish a process within that office that is sufficiently independent of program responsibility to evaluate fairly whether proposed collections of information should be approved under this Part, and reflects the legislative changes in 44 U.S.C. 3506(c)(1).

### I. Proposed Section 1320.8—Agency Collection of Information Responsibilities

In general, proposed § 1320.8 is new, and reflects the legislative changes in 44 U.S.C. 3506(c) (1) and (2). Basically, this proposed section sets forth the information collection development responsibilities for each agency.

Proposed § 1320.8(a) reflects the legislative changes in 44 U.S.C. 3506(c)(1)(A). In general, agencies need, in developing new collections of information and in deciding whether to continue existing ones, to evaluate the need for each aspect of the information collection, estimate respondent burdens, and, if appropriate, test the collection of information through a pilot program. Also, in response to President Clinton's statement at the signing of the