Federal Register / Vol. 73, No. 69 / Wednesday, April 9, 2008 / Rules and Regulations    19375

934(b)). Interest payments received by F Bank from borrowers who reside in Country FC, however, may be treated as effectively connected with the conduct of a trade or business in the USVI for purposes of the Internal Revenue Code (including section 934(b)).

(iii) To the extent that, as described in section 934(a), the USVI administers income tax laws that are identical (except for the substitution of the name of the USVI for the term "United States" where appropriate) to those in force in the United States, interest payments received by F Bank from borrowers who reside in the United States or in Country FC may be treated as income that is effectively connected with the conduct of a trade or business in the USVI for purposes of F Bank's income tax liability to the USVI under mirrored section 882.

*Example 3.* (i) G is a partnership that is organized under the laws of, and that operates an active financing business from offices in, Possession I. Interests in G are owned by D, a bona fide resident of Possession I, and N, an alien individual who resides in Country FC. Pursuant to a pre-arrangement, G loans $x to T, a business entity organized under the laws of Country FC, and T in turn loans $y to E, a U.S. resident. In accordance with the arrangement, E pays interest to T, which in turn pays interest to G.

(ii) The arrangement constitutes a conduit arrangement under paragraph (c)(2) of this section, and the interest payments received by G are treated as income from sources within the United States for purposes of paragraph (c)(1) of this section. Accordingly, the interest received by G will not be treated as effectively connected with the conduct of a trade or business in Possession I for purposes of the Internal Revenue Code (including sections 931(a)(2) and 934(b), if applicable with respect to D). Whether such interest constitutes income from sources within the United States for other purposes of the Internal Revenue Code under generally applicable conduit principles will depend on the facts and circumstances. See, for example, *Aiken Indus., Inc.* v. *Commissioner*, 56 T.C. 925 (1971).

(iii) If Possession I administers income tax laws that are identical (except for the substitution of the name of the possession for the term "United States" where appropriate) to those in force in the United States, the interest received by G may be treated as income effectively connected with the conduct of a trade or business in Possession I under mirrored section 864(c)(4) for purposes of determining the Possession I territorial income tax liability of N under mirrored section 871.

*Example 4.* (i) Corporation A, a corporation organized in Possession X, is engaged in a business consisting of the development of computer software and the sale of that software. Corporation A has its sole place of business in Possession X and is not engaged in the conduct of a trade or business in the United States. Corporation A receives orders for its software from customers in the United States and around the world. After orders are accepted, Corporation A's software is either loaded onto compact discs at Corporation A's Possession X facility and shipped via common carrier, or downloaded from Corporation A's server in Possession X. The sales contract provides that the rights, title, and interest in the product will pass from Corporation A to the customer either at Corporation A's place of business in Possession X (if shipped in compact disc form) or at Corporation A's server in Possession X (if electronically downloaded). Assume for purposes of this example that each transaction is classified as a sale of a copyrighted article under § 1.861–18(c)(1)(ii) and (f)(2).

(ii) Under the principles of section 863(a), as applied pursuant to § 1.937–2(b), because Corporation A passes the rights, title, and interest to the copyrighted articles in Possession X, Corporation A's sales income is sourced to Possession X. Corporation A's sales income is also effectively connected with the conduct of a trade or business in Possession X, under the principles of section 864(c)(3) as applied pursuant to § 1.937–3(b). Corporation A's income is not from sources within the United States, nor is it effectively connected with the conduct of a trade or business in the United States. Accordingly, the U.S. income rule of section 937(b)(2), § 1.937–2(c)(1), and paragraph (c)(1) of this section does not operate to prevent Corporation A's sales income from being Possession X source and Possession X effectively connected income under section 937(b)(1).

*Example 5.* (i) Corporation B, a corporation organized in Possession X, has its sole place of business in Possession X and is not engaged in the conduct of a trade or business in the United States. Corporation B employs a software business model generally referred to as an application service provider. Employees of Corporation B in Possession X develop software and maintain it on Corporation B's server in Possession X. Corporation B's customers in the United States and around the world transmit detailed data about their own customers to Corporation B's server and electronic storage facility in Possession X. The customers pay a monthly fee to Corporation B under a Subscription Agreement, and they can use the software to generate reports analyzing the data at any time but do not receive a copy of the software. Corporation B's software allows its customers to generate the reports from their location and to keep track of their relationships with their own customers. Assume for purposes of this example that Corporation B's income from these transactions is derived from the provision of services.

(ii) Under the principles of section 861(a)(3) and § 1.861–4(a), as applied pursuant to § 1.937–2(b), because Corporation B performs personal services wholly within Possession X, the compensation Corporation B receives for services is sourced to Possession X. Corporation B's services income is also effectively connected with the conduct of a trade or business in Possession X, under the principles of section 864(c)(3) as applied pursuant to § 1.937–3(b). Corporation B's income is not from sources within the United States, nor is it effectively connected with the conduct of a trade or business in the United States. Accordingly, the U.S. income rule of section 937(b)(2), § 1.937–2(c)(1), and paragraph (c)(1) of this section does not operate to prevent Corporation B's services income from being Territory X source or Possession X effectively connected income within the meaning of section 937(b)(1).

(f) *Effective/applicability date.* Except as otherwise provided in this paragraph (f), this section applies to income earned in taxable years ending after April 9, 2008. Taxpayers may choose to apply paragraph (b) of this section to income earned in open taxable years ending after October 22, 2004.

§ 1.937–3T  [Removed]

■ Par. 31. Section 1.937–3T is removed.
■ Par. 32. Section 1.957–3 is revised to read as follows:

§ 1.957–3  United States person defined.

(a) *Basic rule*—(1) *In general.* The term *United States person* has the same meaning for purposes of sections 951 through 965 that it has under section 7701(a)(30) and the regulations under that section, except as provided in paragraphs (b) and (c) of this section, which provide, with respect to corporations organized in possessions of the United States, that certain residents of such possessions are not United States persons. The effect of determining that an individual is not a United States person for such purposes is to exclude such individual in determining whether a foreign corporation created or organized in, or under the laws of, a possession of the United States is a controlled foreign corporation. See § 1.957–1 for the definition of the term "controlled foreign corporation."

(2) *Special provisions applicable to possessions of the United States.* For purposes of this section—
(i) The term *possession of the United States* means Puerto Rico or any section 931 possession;
(ii) The term *section 931 possession* has the same meaning that it has under § 1.931–1(c)(1);
(iii) The rules of § 1.937–1 will apply for determining whether an individual is a bona fide resident of a possession of the United States;
(iv) Except as provided in paragraph (b)(2) of this section, the rules of § 1.937–2 will apply for determining whether income is from sources within a possession of the United States; and
(v) The rules of § 1.937–3 will apply for determining whether income is effectively connected with the conduct of a trade or business in a possession of the United States.

(b) *Puerto Rico corporation and resident.* An individual (who, without

regard to this paragraph (b), is a United States person) will not be considered a United States person with respect to a foreign corporation created or organized in, or under the laws of, Puerto Rico for the taxable year of such corporation that ends with or within the taxable year of such individual if—

(1) Such individual is a bona fide resident of Puerto Rico during his entire taxable year in which or with which the taxable year of such foreign corporation ends; and

(2) A dividend received by such individual from such corporation during the taxable year of such corporation would, for purposes of section 933(1), be treated as income derived from sources within Puerto Rico. For purposes of this paragraph (b)(2), the rules of § 1.937–2(g)(1) will not apply.

(c) *Section 931 possession corporation and resident.* An individual (who, without regard to this paragraph (c), is a United States person) will not be considered a United States person with respect to a foreign corporation created or organized in, or under the laws of, a section 931 possession for the taxable year of such corporation that ends with or within the taxable year of such individual if—

(1) Such individual is a bona fide resident of such section 931 possession during his entire taxable year in which or with which the taxable year of such foreign corporation ends; and

(2) Such corporation satisfies the following conditions—

(i) 80 percent or more of its gross income for the 3-year period ending at the close of the taxable year (or for such part of such period as such corporation or any predecessor has been in existence) was derived from sources within section 931 possessions or was effectively connected with the conduct of a trade or business in section 931 possessions; and

(ii) 50 percent or more of its gross income for such period (or part) was derived from the active conduct of a trade or business within section 931 possessions.

(d) *Effective/applicability date.* This section applies to taxable years ending after April 9, 2008.

§ 1.957–3T   [Removed]

■ **Par. 33.** Section 1.957–3T is removed.
■ **Par. 34.** Section 1.1402(a)–12 is revised to read as follows:

§ 1.1402(a)–12  **Continental shelf and certain possessions of the United States.**

(a) *Certain possessions.* For purposes of the tax on self-employment income, the exclusion from gross income provided by section 931 (relating to bona fide residents of certain possessions of the United States) will not apply. Net earnings from self-employment are subject to the tax on self-employment income even if such amounts are excluded from gross income under section 931.

(b) *Continental shelf.* For the definition of the term "United States" and for other geographical definitions relating to the continental shelf, see section 638 and § 1.638–1.

(c) *Effective/applicability date.* This section applies to taxable years ending after April 9, 2008.

§ 1.1402(a)–12T   [Removed]

■ **Par. 35.** Section 1.1402(a)–12T is removed.
■ **Par. 36.** Section 1.6012–1 is amended by revising paragraph (a)(1)(iii) to read as follows:

§ 1.6012–1  **Individuals required to make returns of information.**

(a) * * *
(1) * * *
(iii) An alien bona fide resident of Puerto Rico or any section 931 possession, as defined in § 1.931–1(c)(1), during the entire taxable year.
*  *  *  *  *

■ **Par. 37.** Section 1.6038–2 is amended by revising paragraph (d) and adding a new sentence at the end of the paragraph (m) to read as follows:

§ 1.6038–2  **Information returns required of United States persons with respect to annual accounting periods of certain foreign corporations.**

*  *  *  *  *

(d) *U.S. person*—(1) *In general.* For purposes of section 6038 and this section, the term *United States person* has the meaning assigned to it by section 7701(a)(30), except as provided in paragraphs (d)(2) and (3) of this section.

(2) *Special rule for individuals residing in certain possessions.*—(i) With respect to an individual who is a bona fide resident of Puerto Rico, the term *United States person* has the meaning assigned to it by § 1.957–3 except that the rules of § 1.937–2(g)(1) will apply.

(ii) With respect to an individual who is a bona fide resident of any section 931 possession, as defined in § 1.931–1(c)(1), the term *United States person* has the meaning assigned to it by § 1.957–3.

(3) *Special rule for certain nonresident aliens.* An individual for whom an election under section 6013(g) or (h) is in effect will, subject to the exceptions contained in paragraph (d)(2) of this section, be considered a United States person for purposes of section 6038 and this section.

*  *  *  *  *

(m) * * * Paragraph (d) of this section applies to taxable years ending after April 9, 2008.

§ 1.6038–2T   [Removed]

■ **Par. 38.** Section 1.6038–2T, is removed.
■ **Par. 39.** Section 1.6046–1 is amended by revising paragraph (f)(3) and adding a new paragraph (l) to read as follows:

§ 1.6046–1  **Returns as to organization or reorganization of foreign corporations and as to acquisitions of their stock.**

*  *  *  *  *

(f) * * *
(3) *U.S. person*—(i) *In general.* For purposes of section 6046 and this section, the term *United States person* has the meaning assigned to it by section 7701(a)(30), except as provided in paragraphs (f)(3)(ii) and (iii) of this section.

(ii) *Special rule for individuals residing in certain possessions.*—(A) With respect to an individual who is a bona fide resident of Puerto Rico, the term *United States person* has the meaning assigned to it by § 1.957–3 except that the rules of § 1.937–2(g)(1) will apply.

(B) With respect to individuals who are bona fide residents of any section 931 possession, as defined in § 1.931–1(c)(1), the term *United States person* has the meaning assigned to it by § 1.957–3.

(iii) *Special rule for certain nonresident aliens.* An individual for whom an election under section 6013(g) or (h) is in effect will, subject to the exceptions contained in paragraph (f)(3)(ii) of this section, be considered a United States person for purposes of section 6046 and this section.

*  *  *  *  *

(l) *Effective/applicability date.* Paragraph (f)(3) of this section applies to taxable years ending after April 9, 2008.

§ 1.6046–1T   [Removed]

■ **Par. 40.** Section 1.6046–1T is removed.

**PART 301—PROCEDURE AND ADMINISTRATION**

■ **Par. 41.** The authority citation for part 301 continues to read, in part, as follows:

Authority: 26 U.S.C. 7805 * * *

■ **Par. 42.** Section 301.6688–1 is revised to read as follows: