

Tuesday
August 29, 1995

Part III

# Office of Management and Budget

5 CFR Part 1320
Reporting and Recordkeeping Requirements: Final Rule

**OFFICE OF MANAGEMENT AND BUDGET**

**5 CFR Part 1320**

**Controlling Paperwork Burdens on the Public; Regulatory Changes Reflecting Recodification of the Paperwork Reduction Act**

**AGENCY:** Office of Management and Budget, Executive Office of the President.

**ACTION:** Final rule.

**SUMMARY:** This rule implements the Paperwork Reduction Act of 1995. The Act changes existing law in several significant ways. It makes more explicit the responsibilities of agencies in developing proposed collections of information and submitting them for OMB review and approval. Among other things it requires agencies to seek public comment concerning proposed collections of information through 60-day notice to the public before submission for clearance by the Office of Management and Budget (OMB) and thereafter to certify to OMB that the proposed collection reduces to the extent practicable and appropriate the burden on respondents for small business, local government, and other small entities, and indicates for each recordkeeping requirement the length of time persons are required to maintain the records specified. The Act also redefines "collection of information" explicitly to include third-party and public disclosures, and changes a number of definitions and other provisions. This final rule amends OMB's existing paperwork clearance rules to reflect these and other legislative changes made by the Paperwork Reduction Act of 1995.

**EFFECTIVE DATE:** October 1, 1995.

**FOR FURTHER INFORMATION CONTACT:** Mr. Jefferson B. Hill, Office of Information and Regulatory Affairs, OMB, Washington, D.C. 20503 (202/395-7340). Inquiries may be submitted via facsimile to 202/395-7285. Electronic mail inquiries may be submitted via SMTP to Hill—J@a1.eop.gov or via X.400 to G=Jefferson, S=Hill, PRMD=gov+eop, ADMD+telemail, C=us. Inquiries submitted via electronic mail should include the commenter's name, affiliation, postal address, telephone number, and e-mail address in the text of the message.

**SUPPLEMENTARY INFORMATION:**

**A. Background**

The Office of Management and Budget (OMB) last issued 5 CFR Part 1320—Controlling Paperwork Burden on the Public—on May 10, 1988 [53 FR 16618]. The 1988 rule implemented the provisions of the Paperwork Reduction Act of 1980 (Pub. L. 96–511, 44 U.S.C. Chapter 35), as amended by the Paperwork Reduction Reauthorization Act of 1986 (Pub. L. 99–500 (October 18, 1986) and 99–591 (October 30, 1986), section 101(m)). The rationale supporting the 1988 rule is set forth at 53 FR 16618 (May 10, 1988), 52 FR 27768 (July 23, 1987), 48 FR 13666 (March 31, 1983), and 47 FR 39515 (September 8, 1982).

The Paperwork Reduction Act of 1995 (Pub. L. 104–13 (May 22, 1995)) replaced the Paperwork Reduction Act of 1980, as amended in 1986. The Paperwork Reduction Act of 1995 takes effect on October 1, 1995. The procedural requirements of the Paperwork Reduction Act of 1980, as amended in 1986, continue to apply to collections of information approved by OMB on or before September 30, 1995, and which have a valid OMB control number expiring after that date.

As a result of this legislative recodification of the Paperwork Reduction Act, OMB published proposed changes to 5 CFR Part 1320 in a Notice of Proposed Rulemaking (NPRM) on June 8, 1995 [60 FR 30438]. The NPRM changed the order and structure of the 1988 rule in order to clarify agency and OMB responsibilities, and to elaborate upon the various requirements of the Paperwork Reduction Act of 1995. The scope of these proposed changes, their legislative basis, and their relation to the 1988 rule are described in the NPRM.

In response to the NPRM, OMB received 50 comments. Each comment has been considered in preparing this final rule. In developing this recodification of 5 CFR Part 1320, OMB has also relied upon its 14 years of practical experience in administering the Paperwork Reduction Act of 1980 and upon its 12 years of implementing 5 CFR Part 1320.

Some of the comments received were of an administrative nature—that is, comments from agency staff requesting further elaboration or explanation of how the paperwork clearance process will work administratively. OMB staff have met with and are continuing to meet with agency staff in order to answer this type of question. OMB also notes that, in January 1989, the Office of Information and Regulatory Affairs (OIRA) in OMB issued an Information Collection Review Handbook, which was designed to offer detailed guidance to agency staff and the public on OMB's paperwork clearance process. It is OMB's intention to review and update that Handbook in light of the Paperwork Reduction Act of 1995 and these implementing regulations, and—in that document—provide more detailed elaboration and explanation.

Significant comments received in response to the NPRM, and any significant changes are discussed below.

**B. Legislative Intent**

In issuing this final rule, OMB is fully cognizant of the legislative intent of the draftsmen of the Paperwork Reduction Act of 1995: "To the extent the revision is a restatement of the Paperwork Reduction Act of 1980, as amended in 1986, the legislation is a reaffirmation of the law's scope, underlying purposes, requirements, and legislative history. It is the intent of the [Senate] Committee that the Act's prior legislative history remain unchanged and continue to be viewed [as] an important explanation of the Congressional intent underpinning the Act's provisions" (S. Rpt. 104–8, p. 35; see H. Rpt. 104–37, p. 35; H. Rpt. 104–99, pp. 27–28).

**C. Significant Comments or Changes**

1. Proposed § 1320.1 ("Purpose"): A comment suggested that the last sentence of the statement of purpose more closely track the text of 44 U.S.C. 3501(1) and (2). The final rule is modified accordingly.

2. Proposed § 1320.3(c)(1) (Definition of "collection of information"): Several comments questioned the need for the provision in proposed § 1320.3(c)(1) to the effect that a collection of information may include "any other techniques or technological methods used to monitor compliance with agency requirements".

This provision was added in recognition that Federal agencies now collect, and in the future will increasingly collect information by having respondents use a wide variety of automated, electronic, mechanical, and other technological means—as well as the more traditional paper forms and interviews—to demonstrate compliance with agency requirements. Congress was fully aware of the increased respondent use of technology to collect, process, and disclose information to an agency or the public. In the Paperwork Reduction Act, a "collection of information" is defined to mean "the obtaining * * * or requiring the disclosure to third parties or the public" of facts or opinions, "regardless of form or format" (44 U.S.C. 3502(3)(A)). The Congressional Committees explained that "the phrase 'regardless of form or format' * * * clarifies that regardless of the instrument, media, or method of agency action, a collection of information is any

agency action that calls for * * * identical reporting or recordkeeping requirements, or third party information disclosure requirements. * * * It also includes information collection activities regardless of whether the collection is formulated or communicated in written, oral, electronic or other form" (H. Rpt. 104–37, p. 36; see S. Rpt. 104–8, p. 37). This same awareness is reflected in the definition of "burden" in the 1995 Act, which expressly includes the burden of "acquiring, installing, and utilizing technology and systems" (44 U.S.C. 3502(2)(B)). The Committees stated their intent to have the definition of burden include "the resources expended for * * * acquiring, installing, and utilizing technology to gather, obtain, compile, or report" information (H. Rpt. 104–37; see S. Rpt. 104–8, p. 35).

The final rule, in § 1320.3(c)(1), is modified to make it clear that, unless exempted, all agency collections of information are subject to OMB review and approval under the Paperwork Reduction Act, regardless of form or format, and regardless of whether the collections are implemented through paper, voice, automation, electronics, or other technological, scientific, or mechanical collection techniques.

3. Proposed § 1320.3(c)(3) (Definition of "collection of information"): Proposed § 1320.3(c)(3) provided that a "collection of information" includes questions posed to agencies, instrumentalities, or employees of the United States, if the results are to be used for "general statistical purposes." Several comments suggested that it would be useful to define "general statistical purposes," consistent with historical practice.

The legislative history of the 1980 Act is helpful. "As used in the definition [of collection of information], 'general statistical purposes' is intended to have precisely the same meaning as 'statistical compilations of general public interest' as the phrase appears in the original [Federal] Reports Act" (See S. Rpt. 96–930, pp. 38–39).

Accordingly, in the final rule, a defining clause consistent with this legislative history has been added to § 1320.3(c)(3). The clarification is intended to distinguish between statistics collected for publication for the general public (such as studies of the Federal workforce made by the Office of Personnel Management) and internal statistics (information solicited from employees to support management purposes such as improving customer service or conducting internal audits of agency performance).

4. Proposed § 1320.3(f)(3) (Definition of "display") and proposed § 1320.5(b)(2)(ii)(C): The proposed rule in § 1320.3(f)(3) stated that, in the case of collections of information published in regulations in the **Federal Register**, an agency may "display" the OMB control number by publishing it in the preamble or the regulatory text for the final rule, in a technical amendment to the final rule, in a separate notice announcing OMB approval of the collection of information, and/or in the Code of Federal Regulations. The proposed rule also recommended that, for ease of reference, the agency also publish the control number in the Code of Federal Regulations, even when the agency has already "displayed" the control number by publishing it in the **Federal Register**. The proposed rule contained a similar provision at § 1320.5(b)(2)(ii)(C) regarding the requirement to inform potential respondents that they are not required to respond to the collection of information unless it displays a valid control number.

A comment stressed that the Code of Federal Regulations does not function independently of the **Federal Register**. Specifically, the comment pointed out that materials that are in the preamble for a final rule, or in a general notice in the **Federal Register**, will not be codified in the Code of Federal Regulations. For this reason, the comment expressed concern that the proposed rule's language might wrongly suggest that materials which are published in a preamble or in a notice indicating OMB approval would be codified in the Code of Federal Regulations.

The comment's point is well taken. To avoid any ambiguity or confusion on this matter, § 1320.3(f)(3) and § 1320.5(b)(2)(ii)(C) are revised in the final rule, and additional background explanation is included in this preamble.

With respect to § 1320.3(f)(3), this provision has been revised to make clear that, for purposes of the Act, an agency satisfies the requirement to "display" the OMB control number if the control number is published in the **Federal Register** or, alternatively, if the control number is published in the Code of Federal Regulations. Either form of publication satisfies the requirement to "display" the control number. Both are not required. A similar revision has been made to § 1320.5(b)(2)(ii)(C).

As additional background explanation, consider the application of § 1320.3(f)(3). If the agency publishes (and thus "displays") the control number in the **Federal Register** as part of the regulatory text for the final rule or in a technical amendment to the final rule, then the Office of the Federal Register will automatically place the control number in the Code of Federal Regulations. By contrast, if the agency publishes (and thus "displays") the control number in the **Federal Register** as part of the preamble for the final rule or in a separate notice announcing that OMB has approved the collection of information, then the Office of the Federal Register will not automatically place the control number in the Code of Federal Regulations. In the latter situation, although the agency has already "displayed" the control number by publishing it in the preamble or in a separate notice, OMB recommends for ease of future reference that the agency also place the control number in a table or codified section to be included in the Code of Federal Regulations. In addition to aiding in future reference, such a table or codification section would itself constitute an alternative form of "display." The placement of the control number in regulations is governed by a regulation issued by the Administrative Committee of the Federal Register, at 1 CFR 21.35. The same background principles apply to the application of § 1320.5(b)(2)(ii)(C).

5. Proposed § 1320.3(h)(1) (Definition of "information"): In the NPRM, OMB clarified the exemption for "certifications" in proposed § 1320.3(h)(1) to ensure that the exempted certification is used only to identify an individual in a routine, non-intrusive, non-burdensome way. OMB further stated that the exemption is not to be available for a certification that substitutes for a collection of information to collect evidence of, or to monitor, compliance with regulatory standards.

A comment objected to the burden of agency certification requirements and, while supportive of the proposed clarification, suggested the following amendment: "A certification that requires more than the identity of the respondent, the date, the respondent's address, and the nature of the instrument will be considered to be 'information' unless and until the Agency demonstrates and OMB determines that it is not 'information' following OMB review and public comment in accordance with the requirements of § 1320.11." On the other hand, another comment suggested that the use of certifications in lieu of detailed records is a way to reduce, to the lowest possible level, the burden imposed on respondents, and that a certification of compliance with a regulatory requirement is a de minimis

activity compared to full recordkeeping. This commenter suggested that the certification exemption be broadened to include any certification of compliance with a regulatory requirement.

Given that the issue in dispute involves paperwork burdens—which is one of the primary issues that OMB is to evaluate under the Paperwork Reduction Act, it is appropriate for OMB to review such certifications in order to evaluate the burden involved and balance those concerns against agency need. For example, the one commenter stated that certification requirements impose less burden than full recordkeeping requirements. The imposition of less burden would of course be an important consideration in evaluating a proposed certification requirements under the "practical utility"-"burden" criteria. However, the fact that certification requirements may impose less burden than full recordkeeping does not argue for exempting them altogether from review. With respect to the other commenter's suggested amendment, OMB believes that the provision in the NPRM should address the commenter's fundamental concerns. Before concluding that the provision should be revised further, OMB prefers to see whether any issues arise in implementing this provision in the context of concrete situations. The final rule is left unchanged.

6. Proposed § 1320.3(k) (Definition of "person"): In proposed § 1320.3(k), the definition of "person" included "corporation (including operations of government-owned, contractor-operated facilities)." One comment suggested that "Government-owned contractor-operated facilities contractors" should be excluded from this definition of "person."

This portion of proposed § 1320.3(k) is identical to that found in the OMB regulations since 1983 (see 5 CFR 1320.7(p) (1984); 5 CFR 1320.7(n) (1989)). As OMB explained in 1983: "In response to a request for clarification, the term 'person' has been defined to include 'operations of government-owned contractor-operated facilities.' Such operations are specifically excepted from the statutory definition of 'agency,' see 44 U.S.C. 3502(1) [(1981)]. Since they are not agencies, but are private businesses falling within the purposes of the Act, they are covered as 'persons' " (48 FR 13677 [March 31, 1983]). Since Congress did not substantively amend the definitions of "agency" and "person" in the 1995 Act, the final rule is left unchanged.

7. Proposed § 1320.4 ("Coverage"): In the NPRM, OMB pointed out that, for certain agency offices, including Chief Financial Officers or Inspectors General, an investigation (a term used in 44 U.S.C. 3518(c)(1) and (2)) often carries the title of "audit" (a term used in the Inspector General Act, Section 3(a), 5 U.S.C. App. 3). Several Inspectors General suggested that the scope of the exemptions should make specific reference to the word "audit." The final rule is modified accordingly, with equivalent amendments to § 1320.4(a)(2), § 1320.4(b), and § 1320.4(c). These changes are made for clarification; no substantive change is intended.

8. Proposed § 1320.6(e) ("Public Protection"): In the NPRM, OMB stated in proposed § 1320.6(e) that the Act's "public protection" provision in 44 U.S.C. 3512 "does not preclude the imposition of a penalty on a person for failing to comply with a collection of information that is imposed on the person by statute". The proposed regulation also provided two examples of such a statute: 26 U.S.C. 6011(a) and 42 U.S.C. 6938(c).

In the preamble of the NPRM, OMB explained that the proposed provision "is based on the principle announced by the courts in several cases which addressed the issue of whether the public protection provided by 44 U.S.C. 3512 could preclude the Federal government from prosecuting persons for their failure to perform paperwork duties imposed upon them by statute. * * * In those cases, the courts concluded that Congress, in enacting the Paperwork Reduction Act, did not intend to require itself to comply with the requirements of that Act (and seek and obtain OMB approval) whenever Congress decided to impose a paperwork requirement on persons directly by statute." 60 FR at 30441. Thus, the preamble described proposed § 1320.6(e) as stating the principle "where Congress imposes a collection of information directly on persons, by statute [as in those two statutory examples in the proposed regulation], then the public protection provided by proposed § 1320.6(a) would not preclude the imposition of penalties for a person's failure to comply with the statutory mandate." Id. The preamble concluded by noting that "[t]his principle, however, does not extend to situations in which a statute authorizes, or directs, an agency to impose a collection of information on persons, and the agency does so. In such cases, the agency is obligated to comply with the Paperwork Reduction Act of 1995 in imposing the paperwork requirement (just as the agency must comply with other applicable statutes—e.g. the Administrative Procedure Act in the case of regulations), and the public protection provided by proposed § 1320.6(a) would apply to such paperwork requirements." Id.

OMB received four comments regarding proposed § 1320.6(e). These comments criticized the provision as either too broad or too narrow. For the reasons stated below, the final rule adopts the provision as proposed.

Three comments objected to proposed § 1320.6(e) as being too broad. They stated that proposed § 1320.6(e) would undermine agency compliance with the Paperwork Reduction Act's requirements. These commenters understood proposed § 1320.6(e) to mean that agencies would not be required to comply with the requirements of the Paperwork Reduction Act with regard to paperwork requirements that agencies impose in connection with those statutes in which Congress has imposed collections of information directly on persons. These comments objected to such a reading of the Act, pointing out that Congress intended the agencies to comply with the Act's requirements with regard to all of their collections of information, including those mandated by statute. As one comment stated: "Even if a collection is mandated by statute, the law requires that the specifics be put out for public comment and subjected to OMB review." For this reason, that comment objected that proposed § 1320.6(e) "creates an unnecessary loophole and is a back door signal to agencies to declare that their collection requirements are mandated by statutory action and therefore not subject to public comment and OMB review." Another comment made the same objection, stating that proposed § 1320.6(e) "would enable federal agencies to undermine and avoid fundamental requirements of this law [i.e., the Paperwork Reduction Act] by mere assertion that collections of information were statutorily mandated." Finally, the third comment stated that the "plain meaning" of 44 U.S.C. 3512 "is clear and unambiguous; the regulations should be revised to make it clear that a valid OMB control number and the notice that one does not have to comply if a valid control number is not displayed should be required on all covered information requests from the Federal government."

In addition to the three comments that criticized proposed § 1320.6(e) as being too broad, OMB received one comment that took the contrary view, contending that proposed § 1320.6(e) was too narrow. In summarizing proposed § 1320.6(e), this comment stated that "1320.6(e) provides that the public

protection provision does not apply to noncompliance with collections of information imposed on persons by statute. The preamble (at 30441) explains that the scope of this provision is limited to collections of information imposed 'on persons *directly* by statute' and 'does not extend to situations in which a statute * * * directs an agency to impose a collection of information on persons, and the agency does so.'" (Emphasis supplied in comment.) According to the comment, "This distinction * * * is not supported by the case law," which in this commenter's view, "simply distinguishes collections of information mandated by Congress in statute from those imposed by regulation under an agency's discretionary authority." For this reason, the comment concluded that proposed § 1320.6(e) was too narrowly drawn, and should be broadened: "Thus, the scope of section 1320.6(e) should cover all collections of information specifically mandated by statute, regardless of whether Congress imposes them on persons directly or through an agency."

With respect to the criticism that proposed § 1320.6(e) is too broad, OMB did not intend in proposed § 1320.6(e) or in the preamble of the NPRM to suggest that the requirements of the Paperwork Reduction Act do not apply to agency paperwork requirements that implement mandates that Congress imposes on persons. We agree with these comments that the legislative history to the Paperwork Reduction Act of 1980 indicates the Act's broad coverage with respect to agency collections of information: "Unless the collection of information is specifically required by statutory law the Director's determination is final for agencies which are not independent regulatory agencies. The fact the collection of information is specifically required by statute does not, however, relieve an agency of the obligation to submit the proposed collection for the Director's review" (S. Rpt. 96–930, at p. 49).

Accordingly, OMB's 1983 regulations implementing the 1980 Act stated that "OMB will consider necessary any collection of information specifically mandated by statute or court order, but will independently assess any collection of information to the extent that the agency exercises discretion in its implementation" (5 CFR 1320.4(c)(1) (1984)). This provision has remained in OMB's regulations since then. Moreover, it was included in the proposed rule at § 1320.5(e)(1), where it is found in the final rule issued today.

OMB's intention in proposed § 1320.6(e) was therefore not to exempt any agency collections of information from the requirements of the Paperwork Reduction Act. Instead, our intention was to address the consequences under the Act's public protection provision if an agency fails to comply with the Act's requirements with respect to a particular collection of information. In the cases that OMB discussed in the NPRM, the courts held that an agency's failure to comply with the Act cannot preclude the enforcement of a requirement that Congress in a statute has imposed on persons. The reason for this conclusion, as those courts explained (see 60 FR 30441), was that Congress did not subject its law-making process to the requirements of the Paperwork Reduction Act.

In other words, Congress in the Paperwork Reduction Act did not provide that Congress must comply with the Act's requirements, which include seeking and obtaining OMB approval (and periodic reapproval), when Congress passes a law that imposes paperwork requirements on the public. OMB does not review laws for compliance with the Paperwork Act, and thus, laws do not have to display OMB control numbers and do not require subsequent OMB review and approval at least once every three years.

This is not to say that an agency's implementing forms, regulations, and other directives to the public are exempt from the Act's requirements; those implementing forms, regulations, and directives are indeed subject to the Act's requirements. However, it does mean that an agency's failure to comply with the Act cannot preclude the enforcement of a statute that imposes paperwork requirements on persons. Otherwise, agency officials, by failing to satisfy their statutory obligations, would have the power to nullify a requirement that Congress imposes on persons by statute. The Act's public protection provision does not have such a reach.

Accordingly, as we have clarified above, proposed § 1320.6(e) does not exempt any agency collections of information from the Act's requirements. We believe that, with this clarification, we have addressed the main concerns that were expressed by the three commenters who considered proposed § 1320.6(e) to be too broad. To the extent that the comments are suggesting that the Act's public protection provision precludes the Government from enforcing duties that Congress imposes on persons by statute, we believe that the Act does not support such an interpretation, for the reasons outlined above.

With respect to the one comment that criticized proposed § 1320.6(e) as being too narrow, we believe that the suggestion in this comment is contrary to the Congressional intent behind the Act's public protection provision and is contrary to administrative practice generally. As noted above, this comment asserts that the case law discussed in the proposed rule's preamble "simply distinguishes collections of information mandated by Congress in statute from those imposed by regulation under an agency's discretionary authority." According to the comment, "the scope of section 1320.6(e) should cover all collections of information specifically mandated by statute, regardless of whether Congress imposes them on persons directly or through an agency." In other words, whereas OMB's proposed § 1320.6(e) stated that the public protection provision does not apply to paperwork requirements that Congress imposes upon persons by statute, the commenter's view is that the public protection provision also does not apply to any paperwork requirement that an agency imposes on persons in response to a statutory requirement that the agency impose such a requirement.

OMB does not agree with this reading of the Act. As we explained above, statutes are not subject to the Paperwork Reduction Act. Therefore, Congress does not have to seek and obtain OMB approval for the statutes that Congress enacts, and the Act's public protection provision cannot preclude the enforcement of a statute that imposes paperwork requirements on persons. It is an entirely different matter when Congress in a statute requires an agency to impose a paperwork requirement on persons.

In this regard, moreover, the comment's suggested reading of the public protection provision would substantially narrow its scope. Agencies impose many collections of information in response to mandates that they receive from Congress (although, as OMB's regulation indicates, see § 1320.5(e)(1), these mandates may leave agencies with varying degrees of discretion). Nothing in the Act's public protection provision supports the comment's suggested distinction between agency action that is "mandated by Congress" and agency action that is "discretionary," just as there is no such distinction in the Administrative Procedure Act.

In sum, an agency's failure to comply with the Paperwork Reduction Act cannot override a statutory obligation on persons that Congress imposes on persons through statute. By contrast, an agency's failure to comply with the requirements that Congress imposes on the agency in one statute (in this case,

the Paperwork Reduction Act) can preclude the Government from enforcing a requirement that the agency has imposed on persons, including when the agency has imposed the requirement in order to comply with a statutory obligation that Congress imposed on the agency in another statute.

9. Proposed § 1320.7(a) and (b) ("Agency head and Senior Official responsibilities"): In the NPRM, OMB recognized that the Inspectors General have an important statutory function that requires independence in the conduct of their work. OMB sought public comment on how best to implement the objectives of the Paperwork Reduction Act of 1995 while maintaining the practical ability of the Inspectors General to perform their statutory functions. (60 FR 30440.)

All the Inspectors General who responded and one private party were concerned about the need to protect the statutory independence of Inspectors General, which is based on two sections of the Inspector General Act (5 U.S.C. App. 3). First, "each Inspector General * * * is authorized * * * to make such investigations and reports relating to the administration of the programs and operations of the applicable establishment as are, in the judgment of the Inspector General, necessary or desirable" (Sec. 6(a)(2)). Second, "each Inspector General shall report to and be under the general supervision of the head of the establishment involved or, to the extent such authority is delegated, to the officer next in rank below such head, but shall not report to, or be subject to supervision by, any other officer of such establishment" (Sec. 3(a)).

On the other hand, a comment suggested that "unless the information requested by the Inspectors General falls into one of the categories of information expressly excluded from coverage by the [Paperwork Reduction] Act under sections 3502(3) and 3518(c)(1) [of title 44, U.S.C.], the Inspectors General must comply with the PRA and implementing regulations." Two other comments expressed similar views.

One issue of particular concern to the Inspectors General was that involving proposed § 1320.4, discussed above. A second issue was a suggestion in the comments that Inspectors General be added to the list of agencies that are designated as independent regulatory agencies (see 44 U.S.C. 3502(5) and 5 CFR 1320.3(g)). With respect to this suggestion, OMB does not believe that the Inspectors General qualify as a "similar agency designated by statute as a Federal independent regulatory agency or commission" under the statute.

A third issue of particular concern involves proposed § 1320.7(a) and (b), and the relationship of the agency head, the Senior Official, and the Inspector General's office. Under proposed § 1320.7(a) and (b), the head of each agency is responsible for carrying out agency responsibilities under this Act, but either may designate a Senior Official to carry out these responsibilities or "may retain full undelegated review authority for any component of the agency which by statute is required to be independent of any agency official below the agency head" (proposed § 1320.7(b)). OMB explained the need for the agency head to retain full undelegated review authority in 1982: "Section 3506 of the [Paperwork Reduction] Act must be accommodated to other laws concerning intra-agency structures, by providing that an agency head may retain full undelegated review authority for any component of the agency which by statute is required to be independent of any agency official below the agency head" (47 FR 39521 [September 8, 1982]).

Given their concerns about institutional independence, the Inspectors General suggested a number of alternatives—that the "may" in proposed § 1320.7(b) be changed to "shall"; that the agency head designate the Inspector General to be the "Senior Official"; or that the agency head review a proposed collection of information by the Inspector General and forward comments on it to OMB, but not be able to "impound" the proposed collection of information.

OMB is sensitive to the concerns that the Inspectors General have raised regarding their independence under the Inspector General Act. However, OMB is reluctant through provisions in a rulemaking implementing the Paperwork Reduction Act to seek to establish agency institutional relations between an agency head and the agency's Inspector General, particularly as these relations are already well established through statute and agency practice. It is also inappropriate in this rulemaking for OMB to impose on agencies and their Inspectors General an interpretation of the Inspector General Act. However, in evaluating the three suggestions noted above, OMB must bring to bear the terms of the Paperwork Reduction Act of 1995 and OMB's experience in implementing the predecessor statutes.

On this basis, OMB has decided not to adopt these suggestions. First, OMB disagrees with changing the "may" in proposed § 1320.7(b) to "shall." The Inspectors General are not the only independent components located within agency structures (e.g., the Federal Energy Regulatory Commission within the Department of Energy). While the final rule states that an agency head "may" retain full undelegated review authority for any statutorily independent component of the agency, it is not appropriate for OMB in this rulemaking to compel an agency head to retain full undelegated review authority. OMB notes, nonetheless, that it would be appropriate and consistent with the structure and intent of the Paperwork Reduction Act for an agency head to retain full undelegated Paperwork Reduction Act oversight authority over an Inspector General. Second, OMB does not want to encourage an agency head to designate an Inspector General as the agency's Senior Official. Under 44 U.S.C. 3506(a)(2) and (b), an agency head (other than in the Department of Defense) may delegate the agency's Paperwork Reduction Act responsibilities only to "a" Senior Official. For an Inspector General to undertake paperwork review and clearance responsibilities for an entire agency may be both inappropriate and impractical, particularly since the Senior Official's responsibilities are broader than just paperwork review and clearance. This regulation preserves the agency head's discretion to determine the appropriate Senior Official for that agency. Third, the suggestion that the regulation state that an agency head may review and comment on a proposed collection of information, but may not "impound" it, appears to involve an interpretation of the Inspector General Act. While this regulation does not preclude an agency and its Inspector General from establishing such an institutional relationship, it would not be appropriate for OMB to mandate it in this rulemaking.

In sum, there are a number of ways, consistent with the Paperwork Reduction Act, in which agency heads and Inspectors General could decide to submit information clearance packages for OMB review, which would be for them to decide. Because the proposed rule, in proposed § 1320.7(a) and (b), is neither prescriptive of an approach, nor preclusive of any approach that serves this end, the final rule is left unchanged. In addition, while OMB has not yet reached any firm conclusions on this point, OMB believes that it would be worthwhile to explore whether, in light of the Inspector General Act, it would be consistent with the Paperwork Reduction Act for an Inspector General

to "establish a process [within his or her office] * * * that is sufficiently independent of [the Inspector General's] program responsibility to evaluate fairly whether proposed collections of information should be approved" under the Act (44 U.S.C. 3506(c)(1)). Under such an approach, the "independent" office within the Office of Inspector General would develop information clearance packages for OMB review (for those that are not otherwise exempt from review) and transmit them directly to OMB for review, perhaps with copies simultaneously to the agency head to permit the agency head to transmit any comments to OMB as he or she may deem appropriate.

10. Proposed § 1320.8(b)(2) ("Agency collection of information responsibilities"): Proposed § 1320.8(b)(2) instructs the agency office established under § 1320.7 to assure, under 44 U.S.C. 3506(c)(1)(B)(ii), that each agency collection of information "is reviewed" by OMB in accordance with the clearance requirements of 44 U.S.C. 3507. One comment suggested the insertion of "has been reviewed". We believe that, in context, this provision states an ongoing responsibility and that the inserted phrase is not needed. The final rule is left unchanged.

11. Proposed § 1320.8(d)(2) ("Agency collection of information responsibilities"): In the NPRM, OMB proposed that, where an agency does not publish the proposed collection of information, together with related instructions, as part of the **Federal Register** notice, the agency either provide more than 60-day notice to permit timely receipt of a copy by interested members of the public or explain how and from whom a copy can be obtained without charge (including by electronic access). See preamble discussion at 60 FR 30442. A comment suggested that the 60-day advance notice provides sufficient time for those interested to obtain a copy of the proposed collection of information and to comment upon it.

OMB believes that the proposed provision is reasonable. It gives agencies a choice of providing more than 60 days for comment, or explaining in the **Federal Register** notice how and from whom a copy can be obtained. The proposed provision therefore ensures that the public receives "60-day notice in the **Federal Register**," as 44 U.S.C. 3506(c)(2) requires. Accordingly, the provision is left unchanged in the final rule.

12. Proposed § 1320.9(f) ("Agency certifications for proposed collections of information"): Proposed § 1320.9(f) has each agency include with its paperwork clearance package to OMB a certification that the collection of information "indicates for each recordkeeping requirement the length of time persons are required to maintain the records specified". One concern is that the recordkeeper be made aware of the length of the retention; a comment suggested that agencies should be encouraged to publish the applicable retention period "on all relevant documents." Another concern is that at least some existing retention periods are open-ended; for example, 26 CFR 1.6001–1(e) requires records to "be retained so long as the contents thereof may become material in the administration of any internal revenue law."

In the final rule, this provision is left unchanged. It simply reiterates the statutory requirement in 44 U.S.C. 3506(c)(3)(F). OMB believes that any implementation issues that arise are best addressed in particular concrete situations.

13. Proposed § 1320.11(a) ("Clearance of collections of information in proposed rules"): Under proposed § 1320.11(a), the agency is to include a statement, in a Notice of Proposed Rulemaking containing collections of information, that those collections have been submitted for OMB review, and that the public should direct their comments to the Office of Information and Regulatory Affairs (OIRA) within OMB.

Several comments pointed out that the statement in a proposed rule concerning OMB review of collections of information needed to comply with not only the requirements in proposed § 1320.5(a)(1)(iv), but also those in proposed § 1320.8(d) (See 44 U.S.C. 3507(a)(1)(D) and 44 U.S.C. 3506(c)(2)(B)). In the final rule, § 1320.11(a) is modified to refer to both of these provisions.

In addition, several comments raised a concern with the following sentence in proposed § 1320.11(a): "The statement shall request that comments be submitted to OMB within 60 days of the notice's publication." This sentence does not appear in the previously existing counterpart § 1320.13(a).

These comments pointed out that OMB is obligated both to "provide at least 30 days for public comment prior to making a decision" under proposed § 1320.11 (see 44 U.S.C. 3507(b)), and also to make its decision "within 60 days" (44 U.S.C. 3507(d)(1)(B)). The comments suggested that OMB should change the sentence to have agencies request the public to submit comments to OMB within 30 days of the notice's publication, thus providing OMB adequate time to review the public's comments before making its decision.

For the reasons discussed below, OMB is deleting this sentence from § 1320.11(a) in the final rule. For many Notices of Proposed Rulemaking, agencies provide the public with 60 days to comment (cf. Section 6(a)(1) in Executive Order No. 12866, 58 FR 51740 (October 4, 1993), which encourages agencies to "afford the public a meaningful opportunity to comment on any proposed regulation"). To change the sentence in proposed § 1320.11(a) to have agencies allow the public only 30 days for comments to OMB, but to retain 60 days for comments to the agency, may confuse the public and have the unintended consequence of encouraging all the public comments to be submitted to OMB and the agency within 30 days. On the other hand, to require agencies to provide a 60-day comment period for OMB submissions may needlessly confuse the public for those proposed rules for which the agency wishes to allow a 30-day comment period (often used for routine or administrative regulations) or a 90-day comment period (often used for particularly significant regulations). In addition, the absence of this sentence from the previously existing counterpart § 1320.13(a) has not appeared to interfere with the public's awareness of the need to send pertinent comments to OMB in a timely manner. In addition to deleting the sentence from proposed § 1320.11(a), OMB has also deleted a parallel "30-day" statement that was in proposed § 1320.5(a)(1)(iv). However, OMB has retained the parallel "30-day" statements that were in proposed § 1320.10(a) and in proposed § 1320.12(c).

OMB requests that agencies, in providing guidance in their statement directing comments concerning collections of information to OMB, point out that OMB is required to make a decision concerning the collections of information contained in the proposed rule between 30 and 60 days after publication and that a comment to OMB is best assured of having its full effect if OMB receives it within 30 days of publication. Such a statement, however, should only be done in a way that does not confuse the public concerning the comment period that the agency wishes to provide for the proposed rule.

14. Proposed § 1320.13 ("Emergency processing"): Proposed § 1320.13 (preamble) authorizes the agency head or Senior Official to request emergency processing of an agency's submission of a collection of information for review. One comment suggested that the

designee, authorized under § 1320.7(e), should also be able to make such a request.

OMB agrees, and the final rule is modified accordingly. An emergency may arise when the agency head or Senior Official is not available, for any reason. In order to make the lines of responsibility clear, the designee authorized under this Part should be an individual located in an office that is independent of the office with responsibility for implementing the collection of information involved (cf. 44 U.S.C. 3506(c)(1)).

**Other Changes**

15. In addition to the revisions discussed above, additional revisions have been made. These were generally technical and non-substantive in nature, designed to correct mistakes, improve clarity, and remove ambiguities. For example, in the definition of "collection of information" in § 1320.3(c)(1), the reference to "collections of information contained in, derived from, or authorized by such rules or regulations" was removed as surplusage (being contained by implication in the final sentence); the references to "electronic", "mechanical" and "other technological" collection techniques, though implicit, were added to increase clarity; and "recordkeeping" in the last sentence was replaced with "collection of information" for clarity. Similarly, in the definition of "information" in § 1320.3(h), the added reference to "estimate" was implicit, but increases clarity. In addition, proposed § 1320.5(d)(2)(vii) was dropped as surplusage; such collections of information are subject to the same review and clearance process that applies to collections of information generally. Other such changes are found in § 1320.3(b)(1)(vi), § 1320.3(c) (preamble), § 1320.3(g), § 1320.3(l), § 1320.5(a)(1)(iii), § 1320.5(a)(1)(iv), § 1320.5(a)(1)(iv)(B), § 1320.5(b)(2)(ii)(D), § 1320.5(d)(2), § 1320.5(h), § 1320.8(a)(5), § 1320.8(b)(3), § 1320.8(c)(2), § 1320.8(d)(1)(ii) and (iv), § 1320.12(b)(2), § 1320.12(f)(1)(ii), § 1320.16(b)(1), and Appendix A1 and A2.

**Other Comments**

16. OMB received letters from several State agencies. The specific comments varied, but the common theme was a concern that OMB's proposed regulation would require the State agencies to obtain OMB Paperwork Reduction Act approval for all the forms they use. The State agencies believed this could undermine their ability to perform their mission.

The Paperwork Reduction Act applies to a collection of information that is "conducted or sponsored" by an agency (i.e., Federal agencies) (see § 1320.3 (a) and (d); S. Rpt. 104–8, p. 36; H. Rpt. 104–37, p. 36). Accordingly, a State agency is not required to obtain OMB approval in order to undertake, on its own initiative, to collect information. However, in those cases where the State agency's collection of information is being "conducted or sponsored" by a Federal agency, then the Federal agency would need to obtain OMB approval for the collection of information.

17. OMB received two comments expressing contradictory interpretations of the following statutory provision involving agency statistical policy and coordination: "With respect to statistical policy and coordination, each agency shall * * * protect respondents' privacy and ensure that disclosure policies fully honor pledges of confidentiality" (44 U.S.C. 3506(e)(3)).

In its Paperwork Reduction Act regulation, OMB has addressed the need to ensure confidentiality with respect to collections of information generally. That provision has been found at 5 C.F.R. 1320.6(i) (1984). In the proposed rule, this provision was moved to § 1320.5(d)(2)(ix). The proposed rule also included additional provisions regarding confidentiality, at § 1320.5(d)(2)(viii) and § 1320.8(b)(3)(v). These provisions have been retained in this final rule, at § 1320.5(d)(2)(vii)–(viii) and § 1320.8(b)(3)(v). To the extent that issues involving the application of 44 U.S.C. 3506(e)(3) arise in the course of the development and review of proposed collections of statistical information, those issues are best addressed in particular concrete situations.

**Assessment of Potential Costs and Benefits and Regulatory Flexibility Act Analysis**

OMB has analyzed the effects of this rule under the Regulatory Flexibility Act (5 U.S.C. §§ 601 et seq.). Copies of this analysis are available upon request. In summary, OMB has concluded that these amendments will have a salutary impact on small entities through the reduction of unnecessary paperwork.

For purposes of the Unfunded Mandates Reform Act of 1995 (P.L. 104–4), as well as Executive Order No. 12875, this rule does not include any Federal mandate that may result in increased expenditures by State, local, and tribal governments, or by the private sector.

Issued in Washington, DC, August 21, 1995.

**Sally Katzen,**
*Administrator, Office of Information and Regulatory Affairs.*

**List of Subjects in 5 CFR Part 1320**

Reporting and recordkeeping requirements, Paperwork, Collections of information.

5 CFR Part 1320 is revised to read as follows:

**PART 1320—CONTROLLING PAPERWORK BURDENS ON THE PUBLIC**

Sec.
1320.1   Purpose.
1320.2   Effect.
1320.3   Definitions.
1320.4   Coverage.
1320.5   General requirements.
1320.6   Public protection.
1320.7   Agency head and Senior Official responsibilities.
1320.8   Agency collection of information responsibilities.
1320.9   Agency certifications for proposed collections of information.
1320.10   Clearance of collections of information, other than those contained in proposed rules or in current rules.
1320.11   Clearance of collections of information in proposed rules.
1320.12   Clearance of collections of information in current rules.
1320.13   Emergency processing.
1320.14   Public access.
1320.15   Independent regulatory agency override authority.
1320.16   Delegation of approval authority.
1320.17   Information collection budget.
1320.18   Other authority.

**Appendix A: Agencies with Delegated Review and Approval Authority**

Authority: 31 U.S.C. Sec. 1111 and 44 U.S.C. Chs. 21, 25, 27, 29, 31, 35.

**§ 1320.1   Purpose.**

The purpose of this Part is to implement the provisions of the Paperwork Reduction Act of 1995 (44 U.S.C. chapter 35)(the Act) concerning collections of information. It is issued under the authority of section 3516 of the Act, which provides that "The Director shall promulgate rules, regulations, or procedures necessary to exercise the authority provided by this chapter." It is designed to reduce, minimize and control burdens and maximize the practical utility and public benefit of the information created, collected, disclosed, maintained, used, shared and disseminated by or for the Federal government.

### § 1320.2   Effect.

(a) Except as provided in paragraph (b) of this section, this Part takes effect on October 1, 1995.

(b)(1) In the case of a collection of information for which there is in effect on September 30, 1995, a control number issued by the Office of Management and Budget under 44 U.S.C. Chapter 35, the provisions of this Part shall take effect beginning on the earlier of:

(i) the date of the first extension of approval for or modification of that collection of information after September 30, 1995; or

(ii) the date of the expiration of the OMB control number after September 30, 1995.

(2) Prior to such extension of approval, modification, or expiration, the collection of information shall be subject to 5 CFR Part 1320, as in effect on September 30, 1995.

### § 1320.3   Definitions.

For purposes of implementing the Act and this Part, the following terms are defined as follows:

(a) *Agency* means any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the government, or any independent regulatory agency, but does not include:

(1) the General Accounting Office;

(2) Federal Election Commission;

(3) the governments of the District of Columbia and the territories and possessions of the United States, and their various subdivisions; or

(4) government-owned contractor-operated facilities, including laboratories engaged in national defense research and production activities.

(b)(1) *Burden* means the total time, effort, or financial resources expended by persons to generate, maintain, retain, or disclose or provide information to or for a Federal agency, including:

(i) reviewing instructions;

(ii) developing, acquiring, installing, and utilizing technology and systems for the purpose of collecting, validating, and verifying information;

(iii) developing, acquiring, installing, and utilizing technology and systems for the purpose of processing and maintaining information;

(iv) developing, acquiring, installing, and utilizing technology and systems for the purpose of disclosing and providing information;

(v) adjusting the existing ways to comply with any previously applicable instructions and requirements;

(vi) training personnel to be able to respond to a collection of information;

(vii) searching data sources;

(viii) completing and reviewing the collection of information; and

(ix) transmitting, or otherwise disclosing the information.

(2) The time, effort, and financial resources necessary to comply with a collection of information that would be incurred by persons in the normal course of their activities (e.g., in compiling and maintaining business records) will be excluded from the "burden" if the agency demonstrates that the reporting, recordkeeping, or disclosure activities needed to comply are usual and customary.

(3) A collection of information conducted or sponsored by a Federal agency that is also conducted or sponsored by a unit of State, local, or tribal government is presumed to impose a Federal burden except to the extent that the agency shows that such State, local, or tribal requirement would be imposed even in the absence of a Federal requirement.

(c) *Collection of information* means, except as provided in § 1320.4, the obtaining, causing to be obtained, soliciting, or requiring the disclosure to an agency, third parties or the public of information by or for an agency by means of identical questions posed to, or identical reporting, recordkeeping, or disclosure requirements imposed on, ten or more persons, whether such collection of information is mandatory, voluntary, or required to obtain or retain a benefit. "Collection of information" includes any requirement or request for persons to obtain, maintain, retain, report, or publicly disclose information. As used in this Part, "collection of information" refers to the act of collecting or disclosing information, to the information to be collected or disclosed, to a plan and/or an instrument calling for the collection or disclosure of information, or any of these, as appropriate.

(1) A *Collection of information* may be in any form or format, including the use of report forms; application forms; schedules; questionnaires; surveys; reporting or recordkeeping requirements; contracts; agreements; policy statements; plans; rules or regulations; planning requirements; circulars; directives; instructions; bulletins; requests for proposal or other procurement requirements; interview guides; oral communications; posting, notification, labeling, or similar disclosure requirements; telegraphic or telephonic requests; automated, electronic, mechanical, or other technological collection techniques; standard questionnaires used to monitor compliance with agency requirements; or any other techniques or technological methods used to monitor compliance with agency requirements. A "collection of information" may implicitly or explicitly include related collection of information requirements.

(2) Requirements by an agency for a person to obtain or compile information for the purpose of disclosure to members of the public or the public at large, through posting, notification, labeling or similar disclosure requirements constitute the "collection of information" whenever the same requirement to obtain or compile information would be a "collection of information" if the information were directly provided to the agency. The public disclosure of information originally supplied by the Federal government to the recipient for the purpose of disclosure to the public is not included within this definition.

(3) *Collection of information* includes questions posed to agencies, instrumentalities, or employees of the United States, if the results are to be used for general statistical purposes, that is, if the results are to be used for statistical compilations of general public interest, including compilations showing the status or implementation of Federal activities and programs.

(4) As used in paragraph (c) of this section, "ten or more persons" refers to the persons to whom a collection of information is addressed by the agency within any 12-month period, and to any independent entities to which the initial addressee may reasonably be expected to transmit the collection of information during that period, including independent State, territorial, tribal or local entities and separately incorporated subsidiaries or affiliates. For the purposes of this definition of "ten or more persons," "persons" does not include employees of the respondent acting within the scope of their employment, contractors engaged by a respondent for the purpose of complying with the collection of information, or current employees of the Federal government (including military reservists and members of the National Guard while on active duty) when acting within the scope of their employment, but it does include retired and other former Federal employees.

(i) Any recordkeeping, reporting, or disclosure requirement contained in a rule of general applicability is deemed to involve ten or more persons.

(ii) Any collection of information addressed to all or a substantial majority of an industry is presumed to involve ten or more persons.

(d) *Conduct or Sponsor.* A Federal agency is considered to "conduct or

sponsor" a collection of information if the agency collects the information, causes another agency to collect the information, contracts or enters into a cooperative agreement with a person to collect the information, or requires a person to provide information to another person, or in similar ways causes another agency, contractor, partner in a cooperative agreement, or person to obtain, solicit, or require the disclosure to third parties or the public of information by or for an agency. A collection of information undertaken by a recipient of a Federal grant is considered to be "conducted or sponsored" by an agency only if:

(1) the recipient of a grant is conducting the collection of information at the specific request of the agency; or

(2) the terms and conditions of the grant require specific approval by the agency of the collection of information or collection procedures.

(e) *Director* means the Director of OMB, or his or her designee.

(f) *Display* means:

(1) in the case of forms, questionnaires, instructions, and other written collections of information sent or made available to potential respondents (other than in an electronic format), to place the currently valid OMB control number on the front page of the collection of information;

(2) in the case of forms, questionnaires, instructions, and other written collections of information sent or made available to potential respondents in an electronic format, to place the currently valid OMB control number in the instructions, near the title of the electronic collection instrument, or, for on-line applications, on the first screen viewed by the respondent;

(3) in the case of collections of information published in regulations, guidelines, and other issuances in the **Federal Register**, to publish the currently valid OMB control number in the **Federal Register** (for example, in the case of a collection of information in a regulation, by publishing the OMB control number in the preamble or the regulatory text for the final rule, in a technical amendment to the final rule, or in a separate notice announcing OMB approval of the collection of information). In the case of a collection of information published in an issuance that is also included in the Code of Federal Regulations, publication of the currently valid control number in the Code of Federal Regulations constitutes an alternative means of "display." In the case of a collection of information published in an issuance that is also included in the Code of Federal Regulations, OMB recommends for ease of future reference that, even where an agency has already "displayed" the OMB control number by publishing it in the **Federal Register** as a separate notice or in the preamble for the final rule (rather than in the regulatory text for the final rule or in a technical amendment to the final rule), the agency also place the currently valid control number in a table or codified section to be included in the Code of Federal Regulations. For placement of OMB control numbers in the Code of Federal Regulations, see 1 CFR 21.35.

(4) in other cases, and where OMB determines in advance in writing that special circumstances exist, to use other means to inform potential respondents of the OMB control number.

(g) *Independent regulatory agency* means the Board of Governors of the Federal Reserve System, the Commodity Futures Trading Commission, the Consumer Product Safety Commission, the Federal Communications Commission, the Federal Deposit Insurance Corporation, the Federal Energy Regulatory Commission, the Federal Housing Finance Board, the Federal Maritime Commission, the Federal Trade Commission, the Interstate Commerce Commission, the Mine Enforcement Safety and Health Review Commission, the National Labor Relations Board, the Nuclear Regulatory Commission, the Occupational Safety and Health Review Commission, the Postal Rate Commission, the Securities and Exchange Commission, and any other similar agency designated by statute as a Federal independent regulatory agency or commission.

(h) *Information* means any statement or estimate of fact or opinion, regardless of form or format, whether in numerical, graphic, or narrative form, and whether oral or maintained on paper, electronic or other media. "Information" does not generally include items in the following categories; however, OMB may determine that any specific item constitutes "information":

(1) affidavits, oaths, affirmations, certifications, receipts, changes of address, consents, or acknowledgments; provided that they entail no burden other than that necessary to identify the respondent, the date, the respondent's address, and the nature of the instrument (by contrast, a certification would likely involve the collection of "information" if an agency conducted or sponsored it as a substitute for a collection of information to collect evidence of, or to monitor, compliance with regulatory standards, because such a certification would generally entail burden in addition to that necessary to identify the respondent, the date, the respondent's address, and the nature of the instrument);

(2) samples of products or of any other physical objects;

(3) facts or opinions obtained through direct observation by an employee or agent of the sponsoring agency or through nonstandardized oral communication in connection with such direct observations;

(4) facts or opinions submitted in response to general solicitations of comments from the public, published in the **Federal Register** or other publications, regardless of the form or format thereof, provided that no person is required to supply specific information pertaining to the commenter, other than that necessary for self-identification, as a condition of the agency's full consideration of the comment;

(5) facts or opinions obtained initially or in follow-on requests, from individuals (including individuals in control groups) under treatment or clinical examination in connection with research on or prophylaxis to prevent a clinical disorder, direct treatment of that disorder, or the interpretation of biological analyses of body fluids, tissues, or other specimens, or the identification or classification of such specimens;

(6) a request for facts or opinions addressed to a single person;

(7) examinations designed to test the aptitude, abilities, or knowledge of the persons tested and the collection of information for identification or classification in connection with such examinations;

(8) facts or opinions obtained or solicited at or in connection with public hearings or meetings;

(9) facts or opinions obtained or solicited through nonstandardized follow-up questions designed to clarify responses to approved collections of information; and

(10) like items so designated by OMB.

(i) *OMB* refers to the Office of Management and Budget.

(j) *Penalty* includes the imposition by an agency or court of a fine or other punishment; a judgment for monetary damages or equitable relief; or the revocation, suspension, reduction, or denial of a license, privilege, right, grant, or benefit.

(k) *Person* means an individual, partnership, association, corporation (including operations of government-owned contractor-operated facilities), business trust, or legal representative, an organized group of individuals, a State, territorial, tribal, or local government or branch thereof, or a

political subdivision of a State, territory, tribal, or local government or a branch of a political subdivision;

(l) *Practical utility* means the actual, not merely the theoretical or potential, usefulness of information to or for an agency, taking into account its accuracy, validity, adequacy, and reliability, and the agency's ability to process the information it collects (or a person's ability to receive and process that which is disclosed, in the case of a third-party or public disclosure) in a useful and timely fashion. In determining whether information will have "practical utility," OMB will take into account whether the agency demonstrates actual timely use for the information either to carry out its functions or make it available to third-parties or the public, either directly or by means of a third-party or public posting, notification, labeling, or similar disclosure requirement, for the use of persons who have an interest in entities or transactions over which the agency has jurisdiction. In the case of recordkeeping requirements or general purpose statistics (see § 1320.3(c)(3)), "practical utility" means that actual uses can be demonstrated.

(m) *Recordkeeping requirement* means a requirement imposed by or for an agency on persons to maintain specified records, including a requirement to:

(1) Retain such records;

(2) Notify third parties, the Federal government, or the public of the existence of such records;

(3) Disclose such records to third parties, the Federal government, or the public; or

(4) Report to third parties, the Federal government, or the public regarding such records.

§ 1320.4  Coverage.

(a) The requirements of this Part apply to all agencies as defined in § 1320.3(a) and to all collections of information conducted or sponsored by those agencies, as defined in § 1320.3 (c) and (d), wherever conducted or sponsored, but, except as provided in paragraph (b) of this section, shall not apply to collections of information:

(1) during the conduct of a Federal criminal investigation or prosecution, or during the disposition of a particular criminal matter;

(2) during the conduct of a civil action to which the United States or any official or agency thereof is a party, or during the conduct of an administrative action, investigation, or audit involving an agency against specific individuals or entities;

(3) by compulsory process pursuant to the Antitrust Civil Process Act and section 13 of the Federal Trade Commission Improvements Act of 1980; or

(4) during the conduct of intelligence activities as defined in section 3.4(e) of Executive Order No. 12333, issued December 4, 1981, or successor orders, or during the conduct of cryptologic activities that are communications security activities.

(b) The requirements of this Part apply to the collection of information during the conduct of general investigations or audits (other than information collected in an antitrust investigation to the extent provided in paragraph (a)(3) of this section) undertaken with reference to a category of individuals or entities such as a class of licensees or an entire industry.

(c) The exception in paragraph (a)(2) of this section applies during the entire course of the investigation, audit, or action, whether before or after formal charges or complaints are filed or formal administrative action is initiated, but only after a case file or equivalent is opened with respect to a particular party. In accordance with paragraph (b) of this section, collections of information prepared or undertaken with reference to a category of individuals or entities, such as a class of licensees or an industry, do not fall within this exception.

§ 1320.5  General requirements.

(a) An agency shall not conduct or sponsor a collection of information unless, in advance of the adoption or revision of the collection of information—

(1) the agency has—
(i) conducted the review required in § 1320.8;
(ii) evaluated the public comments received under § 1320.8(d) and § 1320.11;
(iii) submitted to the Director, in accordance with such procedures and in such form as OMB may specify,
(A) the certification required under § 1320.9,
(B) the proposed collection of information in accordance with § 1320.10, § 1320.11, or § 1320.12, as appropriate,
(C) an explanation for the decision that it would not be appropriate, under § 1320.8(b)(1), for a proposed collection of information to display an expiration date;
(D) an explanation for a decision to provide for any payment or gift to respondents, other than remuneration of contractors or grantees;
(E) a statement indicating whether (and if so, to what extent) the proposed collection of information involves the use of automated, electronic, mechanical, or other technological collection techniques or other forms of information technology, e.g., permitting electronic submission of responses, and an explanation for the decision;
(F) a summary of the public comments received under § 1320.8(d), including actions taken by the agency in response to the comments, and the date and page of the publication in the **Federal Register** of the notice therefor; and
(G) copies of pertinent statutory authority, regulations, and such related supporting materials as OMB may request; and

(iv) published, except as provided in § 1320.13(d), a notice in the **Federal Register**—
(A) stating that the agency has made such submission; and
(B) setting forth—
(*1*) a title for the collection of information;
(*2*) a summary of the collection of information;
(*3*) a brief description of the need for the information and proposed use of the information;
(*4*) a description of the likely respondents, including the estimated number of likely respondents, and proposed frequency of response to the collection of information;
(*5*) an estimate of the total annual reporting and recordkeeping burden that will result from the collection of information;
(*6*) notice that comments may be submitted to OMB; and
(*7*) the time period within which the agency is requesting OMB to approve or disapprove the collection of information if, at the time of submittal of a collection of information for OMB review under § 1320.10, § 1320.11 or § 1320.12, the agency plans to request or has requested OMB to conduct its review on an emergency basis under § 1320.13; and

(2) OMB has approved the proposed collection of information, OMB's approval has been inferred under § 1320.10(c), § 1320.11(i), or § 1320.12(e), or OMB's disapproval has been voided by an independent regulatory agency under § 1320.15; and

(3) the agency has obtained from the Director a control number to be displayed upon the collection of information.

(b) In addition to the requirements in paragraph (a) of this section, an agency shall not conduct or sponsor a collection of information unless:

(1) the collection of information displays a currently valid OMB control number; and

(2)(i) the agency informs the potential persons who are to respond to the collection of information that such persons are not required to respond to the collection of information unless it displays a currently valid OMB control number.

(ii) An agency shall provide the information described in paragraph (b)(2)(i) of this section in a manner that is reasonably calculated to inform the public.

(A) In the case of forms, questionnaires, instructions, and other written collections of information sent or made available to potential respondents (other than in an electronic format), the information described in paragraph (b)(2)(i) of this section is provided "in a manner that is reasonably calculated to inform the public" if the agency includes it either on the form, questionnaire or other collection of information, or in the instructions for such collection.

(B) in the case of forms, questionnaires, instructions, and other written collections of information sent or made available to potential respondents in an electronic format, the information described in paragraph (b)(2)(i) of this section is provided "in a manner that is reasonably calculated to inform the public" if the agency places the currently valid OMB control number in the instructions, near the title of the electronic collection instrument, or, for on-line applications, on the first screen viewed by the respondent.

(C) in the case of collections of information published in regulations, guidelines, and other issuances in the **Federal Register**, the information described in paragraph (b)(2)(i) of this section is provided "in a manner that is reasonably calculated to inform the public" if the agency publishes such information in the **Federal Register** (for example, in the case of a collection of information in a regulation, by publishing such information in the preamble or the regulatory text, or in a technical amendment to the regulation, or in a separate notice announcing OMB approval of the collection of information). In the case of a collection of information published in an issuance that is also included in the Code of Federal Regulations, publication of such information in the Code of Federal Regulations constitutes an alternative means of providing it "in a manner that is reasonably calculated to inform the public." In the case of a collection of information published in an issuance that is also included in the Code of Federal Regulations, OMB recommends for ease of future reference that, even where an agency has already provided such information "in a manner that is reasonably calculated to inform the public" by publishing it in the **Federal Register** as a separate notice or in the preamble for the final rule (rather than in the regulatory text for the final rule or in a technical amendment to the final rule), the agency also publish such information along with a table or codified section of OMB control numbers to be included in the Code of Federal Regulations (see § 1320.3(f)(3)).

(D) in other cases, and where OMB determines in advance in writing that special circumstances exist, to use other means that are reasonably calculated to inform the public of the information described in paragraph (b)(2)(i) of this section.

(c)(1) Agencies shall submit all collections of information, other than those contained in proposed rules published for public comment in the **Federal Register** or in current regulations that were published as final rules in the **Federal Register**, in accordance with the requirements in § 1320.10. Agencies shall submit collections of information contained in interim final rules or direct final rules in accordance with the requirements of § 1320.10.

(2) Agencies shall submit collections of information contained in proposed rules published for public comment in the **Federal Register** in accordance with the requirements in § 1320.11.

(3) Agencies shall submit collections of information contained in current regulations that were published as final rules in the **Federal Register** in accordance with the requirements in § 1320.12.

(4) Special rules for emergency processing of collections of information are set forth in § 1320.13.

(5) For purposes of time limits for OMB review of collections of information, any submission properly submitted and received by OMB after 12:00 noon will be deemed to have been received on the following business day.

(d)(1) To obtain OMB approval of a collection of information, an agency shall demonstrate that it has taken every reasonable step to ensure that the proposed collection of information:

(i) is the least burdensome necessary for the proper performance of the agency's functions to comply with legal requirements and achieve program objectives;

(ii) is not duplicative of information otherwise accessible to the agency; and

(iii) has practical utility. The agency shall also seek to minimize the cost to itself of collecting, processing, and using the information, but shall not do so by means of shifting disproportionate costs or burdens onto the public.

(2) Unless the agency is able to demonstrate, in its submission for OMB clearance, that such characteristic of the collection of information is necessary to satisfy statutory requirements or other substantial need, OMB will not approve a collection of information—

(i) requiring respondents to report information to the agency more often than quarterly;

(ii) requiring respondents to prepare a written response to a collection of information in fewer than 30 days after receipt of it;

(iii) requiring respondents to submit more than an original and two copies of any document;

(iv) requiring respondents to retain records, other than health, medical, government contract, grant-in-aid, or tax records, for more than three years;

(v) in connection with a statistical survey, that is not designed to produce valid and reliable results that can be generalized to the universe of study;

(vi) requiring the use of a statistical data classification that has not been reviewed and approved by OMB;

(vii) that includes a pledge of confidentiality that is not supported by authority established in statute or regulation, that is not supported by disclosure and data security policies that are consistent with the pledge, or which unnecessarily impedes sharing of data with other agencies for compatible confidential use; or

(viii) requiring respondents to submit proprietary, trade secret, or other confidential information unless the agency can demonstrate that it has instituted procedures to protect the information's confidentiality to the extent permitted by law.

(e) OMB shall determine whether the collection of information, as submitted by the agency, is necessary for the proper performance of the agency's functions. In making this determination, OMB will take into account the criteria set forth in paragraph (d) of this section, and will consider whether the burden of the collection of information is justified by its practical utility. In addition:

(1) OMB will consider necessary any collection of information specifically mandated by statute or court order, but will independently assess any collection of information to the extent that the agency exercises discretion in its implementation; and

(2) OMB will consider necessary any collection of information specifically required by an agency rule approved or not acted upon by OMB under § 1320.11 or § 1320.12, but will independently assess any such collection of

information to the extent that it deviates from the specifications of the rule.

(f) Except as provided in § 1320.15, to the extent that OMB determines that all or any portion of a collection of information is unnecessary, for any reason, the agency shall not engage in such collection or portion thereof. OMB will reconsider its disapproval of a collection of information upon the request of the agency head or Senior Official only if the sponsoring agency is able to provide significant new or additional information relevant to the original decision.

(g) An agency may not make a substantive or material modification to a collection of information after such collection of information has been approved by OMB, unless the modification has been submitted to OMB for review and approval under this Part.

(h) An agency should consult with OMB before using currently approved forms or other collections of information after the expiration date printed thereon (in those cases where the actual form being used contains an expiration date that would expire before the end of the use of the form).

### § 1320.6  Public protection.

(a) Notwithstanding any other provision of law, no person shall be subject to any penalty for failing to comply with a collection of information that is subject to the requirements of this Part if:

(1) the collection of information does not display, in accordance with § 1320.3(f) and § 1320.5(b)(1), a currently valid OMB control number assigned by the Director in accordance with the Act; or

(2) the agency fails to inform the potential person who is to respond to the collection of information, in accordance with § 1320.5(b)(2), that such person is not required to respond to the collection of information unless it displays a currently valid OMB control number.

(b) The protection provided by paragraph (a) of this section may be raised in the form of a complete defense, bar, or otherwise to the imposition of such penalty at any time during the agency administrative process in which such penalty may be imposed or in any judicial action applicable thereto.

(c) Whenever an agency has imposed a collection of information as a means for proving or satisfying a condition for the receipt of a benefit or the avoidance of a penalty, and the collection of information does not display a currently valid OMB control number or inform the potential persons who are to respond to the collection of information, as prescribed in § 1320.5(b), the agency shall not treat a person's failure to comply, in and of itself, as grounds for withholding the benefit or imposing the penalty. The agency shall instead permit respondents to prove or satisfy the legal conditions in any other reasonable manner.

(1) If OMB disapproves the whole of such a collection of information (and the disapproval is not overridden under § 1320.15), the agency shall grant the benefit to (or not impose the penalty on) otherwise qualified persons without requesting further proof concerning the condition.

(2) If OMB instructs an agency to make a substantive or material change to such a collection of information (and the instruction is not overridden under § 1320.15), the agency shall permit respondents to prove or satisfy the condition by complying with the collection of information as so changed.

(d) Whenever a member of the public is protected from imposition of a penalty under this section for failure to comply with a collection of information, such penalty may not be imposed by an agency directly, by an agency through judicial process, or by any other person through administrative or judicial process.

(e) The protection provided by paragraph (a) of this section does not preclude the imposition of a penalty on a person for failing to comply with a collection of information that is imposed on the person by statute—e.g., 26 U.S.C. § 6011(a) (statutory requirement for person to file a tax return), 42 U.S.C. § 6938(c) (statutory requirement for person to provide notification before exporting hazardous waste).

### § 1320.7  Agency head and Senior Official responsibilities.

(a) Except as provided in paragraph (b) of this section, each agency head shall designate a Senior Official to carry out the responsibilities of the agency under the Act and this Part. The Senior Official shall report directly to the head of the agency and shall have the authority, subject to that of the agency head, to carry out the responsibilities of the agency under the Act and this Part.

(b) An agency head may retain full undelegated review authority for any component of the agency which by statute is required to be independent of any agency official below the agency head. For each component for which responsibility under the Act is not delegated to the Senior Official, the agency head shall be responsible for the performance of those functions.

(c) The Senior Official shall head an office responsible for ensuring agency compliance with and prompt, efficient, and effective implementation of the information policies and information resources management responsibilities established under the Act, including the reduction of information collection burdens on the public.

(d) With respect to the collection of information and the control of paperwork, the Senior Official shall establish a process within such office that is sufficiently independent of program responsibility to evaluate fairly whether proposed collections of information should be approved under this Part.

(e) Agency submissions of collections of information for OMB review, and the accompanying certifications under § 1320.9, may be made only by the agency head or the Senior Official, or their designee.

### § 1320.8  Agency collection of information responsibilities.

The office established under § 1320.7 shall review each collection of information before submission to OMB for review under this Part.

(a) This review shall include:

(1) an evaluation of the need for the collection of information, which shall include, in the case of an existing collection of information, an evaluation of the continued need for such collection;

(2) a functional description of the information to be collected;

(3) a plan for the collection of information;

(4) a specific, objectively supported estimate of burden, which shall include, in the case of an existing collection of information, an evaluation of the burden that has been imposed by such collection;

(5) an evaluation of whether (and if so, to what extent) the burden on respondents can be reduced by use of automated, electronic, mechanical, or other technological collection techniques or other forms of information technology, e.g., permitting electronic submission of responses;

(6) a test of the collection of information through a pilot program, if appropriate; and

(7) a plan for the efficient and effective management and use of the information to be collected, including necessary resources.

(b) Such office shall ensure that each collection of information:

(1) is inventoried, displays a currently valid OMB control number, and, if appropriate, an expiration date;

(2) is reviewed by OMB in accordance with the clearance requirements of 44 U.S.C. § 3507; and

(3) informs and provides reasonable notice to the potential persons to whom the collection of information is addressed of—

(i) the reasons the information is planned to be and/or has been collected;

(ii) the way such information is planned to be and/or has been used to further the proper performance of the functions of the agency;

(iii) an estimate, to the extent practicable, of the average burden of the collection (together with a request that the public direct to the agency any comments concerning the accuracy of this burden estimate and any suggestions for reducing this burden);

(iv) whether responses to the collection of information are voluntary, required to obtain or retain a benefit (citing authority), or mandatory (citing authority);

(v) the nature and extent of confidentiality to be provided, if any (citing authority); and

(vi) the fact that an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB control number.

(c)(1) An agency shall provide the information described in paragraphs (b)(3)(i) through (v) of this section as follows:

(i) In the case of forms, questionnaires, instructions, and other written collections of information sent or made available to potential respondents (except in an electronic format), such information can be included either on the form, questionnaire or other collection of information, as part of the instructions for such collection, or in a cover letter or memorandum that accompanies the collection of information.

(ii) In the case of forms, questionnaires, instructions, and other written collections of information sent or made available to potential respondents in an electronic format, such information can be included either in the instructions, near the title of the electronic collection instrument, or, for on-line applications, on the first screen viewed by the respondent;

(iii) In the case of collections of information published in regulations, guidelines, and other issuances in the **Federal Register**, such information can be published in the **Federal Register** (for example, in the case of a collection of information in a regulation, by publishing such information in the preamble or the regulatory text to the final rule, or in a technical amendment to the final rule, or in a separate notice announcing OMB approval of the collection of information).

(iv) In other cases, and where OMB determines in advance in writing that special circumstances exist, agencies may use other means to inform potential respondents.

(2) An agency shall provide the information described in paragraph (b)(3)(vi) of this section in a manner that is reasonably calculated to inform the public (see § 1320.5(b)(2)(ii)).

(d)(1) Before an agency submits a collection of information to OMB for approval, and except as provided in paragraphs (d)(3) and (d)(4) of this section, the agency shall provide 60-day notice in the **Federal Register**, and otherwise consult with members of the public and affected agencies concerning each proposed collection of information, to solicit comment to:

(i) evaluate whether the proposed collection of information is necessary for the proper performance of the functions of the agency, including whether the information will have practical utility;

(ii) evaluate the accuracy of the agency's estimate of the burden of the proposed collection of information, including the validity of the methodology and assumptions used;

(iii) enhance the quality, utility, and clarity of the information to be collected; and

(iv) minimize the burden of the collection of information on those who are to respond, including through the use of appropriate automated, electronic, mechanical, or other technological collection techniques or other forms of information technology, e.g., permitting electronic submission of responses.

(2) If the agency does not publish a copy of the proposed collection of information, together with the related instructions, as part of the **Federal Register** notice, the agency should—

(i) provide more than 60-day notice to permit timely receipt, by interested members of the public, of a copy of the proposed collection of information and related instructions; or

(ii) explain how and from whom an interested member of the public can request and obtain a copy without charge, including, if applicable, how the public can gain access to the collection of information and related instructions electronically on demand.

(3) The agency need not separately seek such public comment for any proposed collection of information contained in a proposed rule to be reviewed under § 1320.11, if the agency provides notice and comment through the notice of proposed rulemaking for the proposed rule and such notice specifically includes the solicitation of comments for the same purposes as are listed under paragraph (d)(1) of this section.

(4) The agency need not seek or may shorten the time allowed for such public comment if OMB grants an exemption from such requirement for emergency processing under § 1320.13.

### § 1320.9  Agency certifications for proposed collections of information.

As part of the agency submission to OMB of a proposed collection of information, the agency (through the head of the agency, the Senior Official, or their designee) shall certify (and provide a record supporting such certification) that the proposed collection of information—

(a) is necessary for the proper performance of the functions of the agency, including that the information to be collected will have practical utility;

(b) is not unnecessarily duplicative of information otherwise reasonably accessible to the agency;

(c) reduces to the extent practicable and appropriate the burden on persons who shall provide information to or for the agency, including with respect to small entities, as defined in the Regulatory Flexibility Act (5 U.S.C. 601(6)), the use of such techniques as:

(1) establishing differing compliance or reporting requirements or timetables that take into account the resources available to those who are to respond;

(2) the clarification, consolidation, or simplification of compliance and reporting requirements; or

(3) an exemption from coverage of the collection of information, or any part thereof;

(d) is written using plain, coherent, and unambiguous terminology and is understandable to those who are to respond;

(e) is to be implemented in ways consistent and compatible, to the maximum extent practicable, with the existing reporting and recordkeeping practices of those who are to respond;

(f) indicates for each recordkeeping requirement the length of time persons are required to maintain the records specified;

(g) informs potential respondents of the information called for under § 1320.8(b)(3);

(h) has been developed by an office that has planned and allocated resources for the efficient and effective management and use of the information to be collected, including the processing of the information in a manner which

shall enhance, where appropriate, the utility of the information to agencies and the public;

(i) uses effective and efficient statistical survey methodology appropriate to the purpose for which the information is to be collected; and

(j) to the maximum extent practicable, uses appropriate information technology to reduce burden and improve data quality, agency efficiency and responsiveness to the public.

### § 1320.10 Clearance of collections of information, other than those contained in proposed rules or in current rules.

Agencies shall submit all collections of information, other than those contained either in proposed rules published for public comment in the **Federal Register** (which are submitted under § 1320.11) or in current rules that were published as final rules in the **Federal Register** (which are submitted under § 1320.12), in accordance with the following requirements:

(a) On or before the date of submission to OMB, the agency shall, in accordance with the requirements in § 1320.5(a)(1)(iv), forward a notice to the **Federal Register** stating that OMB approval is being sought. The notice shall direct requests for information, including copies of the proposed collection of information and supporting documentation, to the agency, and shall request that comments be submitted to OMB within 30 days of the notice's publication. The notice shall direct comments to the Office of Information and Regulatory Affairs of OMB, Attention: Desk Officer for [name of agency]. A copy of the notice submitted to the **Federal Register**, together with the date of expected publication, shall be included in the agency's submission to OMB.

(b) Within 60 days after receipt of the proposed collection of information or publication of the notice under paragraph (a) of this section, whichever is later, OMB shall notify the agency involved of its decision to approve, to instruct the agency to make a substantive or material change to, or to disapprove, the collection of information, and shall make such decision publicly available. OMB shall provide at least 30 days for public comment after receipt of the proposed collection of information before making its decision, except as provided under § 1320.13. Upon approval of a collection of information, OMB shall assign an OMB control number and, if appropriate, an expiration date. OMB shall not approve any collection of information for a period longer than three years.

(c) If OMB fails to notify the agency of its approval, instruction to make substantive or material change, or disapproval within the 60-day period, the agency may request, and OMB shall assign without further delay, an OMB control number that shall be valid for not more than one year.

(d) As provided in § 1320.5(b) and § 1320.6(a), an agency may not conduct or sponsor a collection of information unless the collection of information displays a currently valid OMB control number and the agency informs potential persons who are to respond to the collection of information that such persons are not required to respond to the collection of information unless it displays a currently valid OMB control number.

(e)(1) In the case of a collection of information not contained in a published current rule which has been approved by OMB and has a currently valid OMB control number, the agency shall:

(i) conduct the review established under § 1320.8, including the seeking of public comment under § 1320.8(d); and

(ii) after having made a reasonable effort to seek public comment, but no later than 60 days before the expiration date of the OMB control number for the currently approved collection of information, submit the collection of information for review and approval under this Part, which shall include an explanation of how the agency has used the information that it has collected.

(2) The agency may continue to conduct or sponsor the collection of information while the submission is pending at OMB.

(f) Prior to the expiration of OMB's approval of a collection of information, OMB may decide on its own initiative, after consultation with the agency, to review the collection of information. Such decisions will be made only when relevant circumstances have changed or the burden estimates provided by the agency at the time of initial submission were materially in error. Upon notification by OMB of its decision to review the collection of information, the agency shall submit it to OMB for review under this Part.

(g) For good cause, after consultation with the agency, OMB may stay the effectiveness of its prior approval of any collection of information that is not specifically required by agency rule; in such case, the agency shall cease conducting or sponsoring such collection of information while the submission is pending, and shall publish a notice in the **Federal Register** to that effect.

### § 1320.11 Clearance of collections of information in proposed rules.

Agencies shall submit collections of information contained in proposed rules published for public comment in the **Federal Register** in accordance with the following requirements:

(a) The agency shall include, in accordance with the requirements in § 1320.5(a)(1)(iv) and § 1320.8(d)(1) and (3), in the preamble to the Notice of Proposed Rulemaking a statement that the collections of information contained in the proposed rule, and identified as such, have been submitted to OMB for review under section 3507(d) of the Act. The notice shall direct comments to the Office of Information and Regulatory Affairs of OMB, Attention: Desk Officer for [name of agency].

(b) All such submissions shall be made to OMB not later than the day on which the Notice of Proposed Rulemaking is published in the **Federal Register**, in such form and in accordance with such procedures as OMB may direct. Such submissions shall include a copy of the proposed regulation and preamble.

(c) Within 60 days of publication of the proposed rule, but subject to paragraph (e) of this section, OMB may file public comments on collection of information provisions. The OMB comments shall be in the form of an OMB Notice of Action, which shall be sent to the Senior Official or agency head, or their designee, and which shall be made a part of the agency's rulemaking record.

(d) If an agency submission is not in compliance with paragraph (b) of this section, OMB may, subject to paragraph (e) of this section, disapprove the collection of information in the proposed rule within 60 days of receipt of the submission. If an agency fails to submit a collection of information subject to this section, OMB may, subject to paragraph (e) of this section, disapprove it at any time.

(e) OMB shall provide at least 30 days after receipt of the proposed collection of information before submitting its comments or making its decision, except as provided under § 1320.13.

(f) When the final rule is published in the **Federal Register**, the agency shall explain how any collection of information contained in the final rule responds to any comments received from OMB or the public. The agency shall include an identification and explanation of any modifications made in the rule, or explain why it rejected the comments. If requested by OMB, the agency shall include OMB's comments in the preamble to the final rule.

(g) If OMB has not filed public comments under paragraph (c) of this section, or has approved without conditions the collection of information contained in a rule before the final rule is published in the **Federal Register**, OMB may assign an OMB control number prior to publication of the final rule.

(h) On or before the date of publication of the final rule, the agency shall submit the final rule to OMB, unless it has been approved under paragraph (g) of this section (and not substantively or materially modified by the agency after approval). Not later than 60 days after publication, but subject to paragraph (e) of this section, OMB shall approve, instruct the agency to make a substantive or material change to, or disapprove, the collection of information contained in the final rule. Any such instruction to change or disapprove may be based on one or more of the following reasons, as determined by OMB:

(1) the agency has failed to comply with paragraph (b) of this section;

(2) the agency had substantially modified the collection of information contained in the final rule from that contained in the proposed rule without providing OMB with notice of the change and sufficient information to make a determination concerning the modified collection of information at least 60 days before publication of the final rule; or

(3) in cases in which OMB had filed public comments under paragraph (c) of this section, the agency's response to such comments was unreasonable, and the collection of information is unnecessary for the proper performance of the agency's functions.

(i) After making such decision to approve, to instruct the agency to make a substantive or material change to, or disapprove, the collection of information, OMB shall so notify the agency. If OMB approves the collection of information or if it has not acted upon the submission within the time limits of this section, the agency may request, and OMB shall assign an OMB control number. If OMB disapproves or instructs the agency to make substantive or material change to the collection of information, it shall make the reasons for its decision publicly available.

(j) OMB shall not approve any collection of information under this section for a period longer than three years. Approval of such collection of information will be for the full three-year period, unless OMB determines that there are special circumstances requiring approval for a shorter period.

(k) After receipt of notification of OMB's approval, instruction to make a substantive or material change to, disapproval of a collection of information, or failure to act, the agency shall publish a notice in the **Federal Register** to inform the public of OMB's decision.

(l) As provided in § 1320.5(b) and § 1320.6(a), an agency may not conduct or sponsor a collection of information unless the collection of information displays a currently valid OMB control number and the agency informs potential persons who are to respond to the collection of information that such persons are not required to respond to the collection of information unless it displays a currently valid OMB control number.

### § 1320.12  Clearance of collections of information in current rules.

Agencies shall submit collections of information contained in current rules that were published as final rules in the **Federal Register** in accordance with the following procedures:

(a) In the case of a collection of information contained in a published current rule which has been approved by OMB and has a currently valid OMB control number, the agency shall:

(1) conduct the review established under § 1320.8, including the seeking of public comment under § 1320.8(d); and

(2) after having made a reasonable effort to seek public comment, but no later than 60 days before the expiration date of the OMB control number for the currently approved collection of information, submit the collection of information for review and approval under this Part, which shall include an explanation of how the agency has used the information that it has collected.

(b)(1) In the case of a collection of information contained in a published current rule that was not required to be submitted for OMB review under the Paperwork Reduction Act at the time the collection of information was made part of the rule, but which collection of information is now subject to the Act and this Part, the agency shall:

(i) conduct the review established under § 1320.8, including the seeking of public comment under § 1320.(8)(d); and

(ii) after having made a reasonable effort to seek public comment, submit the collection of information for review and approval under this Part, which shall include an explanation of how the agency has used the information that it has collected.

(2) The agency may continue to conduct or sponsor the collection of information while the submission is pending at OMB. In the case of a collection of information not previously approved, approval shall be granted for such period, which shall not exceed 60 days, unless extended by the Director for an additional 60 days, and an OMB control number assigned. Upon assignment of the OMB control number, and in accordance with § 1320.3(f) and § 1320.5(b), the agency shall display the number and inform the potential persons who are to respond to the collection of information that such persons are not required to respond to the collection of information unless it displays a currently valid OMB control number.

(c) On or before the day of submission to OMB under paragraphs (a) or (b) of this section, the agency shall, in accordance with the requirements set forth in § 1320.5(a)(1)(iv), forward a notice to the **Federal Register** stating that OMB review is being sought. The notice shall direct requests for copies of the collection of information and supporting documentation to the agency, and shall request that comments be submitted to OMB within 30 days of the notice's publication. The notice shall direct comments to the Office of Information and Regulatory Affairs of OMB, Attention: Desk Officer for [name of agency]. A copy of the notice submitted to the **Federal Register**, together with the date of expected publication, shall be included in the agency's submission to OMB.

(d) Within 60 days after receipt of the collection of information or publication of the notice under paragraph (c) of this section, whichever is later, OMB shall notify the agency involved of its decision to approve, to instruct the agency to make a substantive or material change to, or to disapprove, the collection of information, and shall make such decision publicly available. OMB shall provide at least 30 days for public comment after receipt of the proposed collection of information before making its decision, except as provided under § 1320.13.

(e)(1) Upon approval of a collection of information, OMB shall assign an OMB control number and an expiration date. OMB shall not approve any collection of information for a period longer than three years. Approval of any collection of information submitted under this section will be for the full three-year period, unless OMB determines that there are special circumstances requiring approval for a shorter period.

(2) If OMB fails to notify the agency of its approval, instruction to make substantive or material change, or disapproval within the 60-day period, the agency may request, and OMB shall

assign without further delay, an OMB control number that shall be valid for not more than one year.

(3) As provided in § 1320.5(b) and § 1320.6(a), an agency may not conduct or sponsor a collection of information unless the collection of information displays a currently valid OMB control number and the agency informs potential persons who are to respond to the collection of information that such persons are not required to respond to the collection of information unless it displays a currently valid OMB control number.

(f)(1) If OMB disapproves a collection of information contained in an existing rule, or instructs the agency to make a substantive or material change to a collection of information contained in an existing rule, OMB shall:

(i) publish an explanation thereof in the **Federal Register**; and

(ii) instruct the agency to undertake a rulemaking within a reasonable time limited to consideration of changes to the collection of information contained in the rule and thereafter to submit the collection of information for approval or disapproval under § 1320.10 or § 1320.11, as appropriate; and

(iii) extend the existing approval of the collection of information (including an interim approval granted under paragraph (b) of this section) for the duration of the period required for consideration of proposed changes, including that required for OMB approval or disapproval of the collection of information under § 1320.10 or § 1320.11, as appropriate.

(2) Thereafter, the agency shall, within a reasonable period of time not to exceed 120 days, undertake such procedures as are necessary in compliance with the Administrative Procedure Act and other applicable law to amend or rescind the collection of information, and shall notify the public through the **Federal Register**. Such notice shall identify the proposed changes in the collections of information and shall solicit public comment on retention, change, or rescission of such collections of information. If the agency employs notice and comment rulemaking procedures for amendment or rescission of the collection of information, publication of the above in the **Federal Register** and submission to OMB shall initiate OMB clearance procedures under section 3507(d) of the Act and § 1320.11. All procedures shall be completed within a reasonable period of time to be determined by OMB in consultation with the agency.

(g) OMB may disapprove, in whole or in part, any collection of information subject to the procedures of this section, if the agency:

(1) has refused within a reasonable time to comply with an OMB instruction to submit the collection of information for review;

(2) has refused within a reasonable time to initiate procedures to change the collection of information; or

(3) has refused within a reasonable time to publish a final rule continuing the collection of information, with such changes as may be appropriate, or otherwise complete the procedures for amendment or rescission of the collection of information.

(h)(1) Upon disapproval by OMB of a collection of information subject to this section, except as provided in paragraph (f)(1)(iii) of this section, the OMB control number assigned to such collection of information shall immediately expire, and no agency shall conduct or sponsor such collection of information. Any such disapproval shall constitute disapproval of the collection of information contained in the Notice of Proposed Rulemaking or other submissions, and also of the preexisting information collection instruments directed at the same collection of information and therefore constituting essentially the same collection of information.

(2) The failure to display a currently valid OMB control number for a collection of information contained in a current rule, or the failure to inform the potential persons who are to respond to the collection of information that such persons are not required to respond to the collection of information unless it displays a currently valid OMB control number, does not, as a legal matter, rescind or amend the rule; however, such absence will alert the public that either the agency has failed to comply with applicable legal requirements for the collection of information or the collection of information has been disapproved, and that therefore the portion of the rule containing the collection of information has no legal force and effect and the public protection provisions of 44 U.S.C. 3512 apply.

(i) Prior to the expiration of OMB's approval of a collection of information in a current rule, OMB may decide on its own initiative, after consultation with the agency, to review the collection of information. Such decisions will be made only when relevant circumstances have changed or the burden estimates provided by the agency at the time of initial submission were materially in error. Upon notification by OMB of its decision to review the collection of information, the agency shall submit it to OMB for review under this Part.

§ 1320.13  Emergency processing.

An agency head or the Senior Official, or their designee, may request OMB to authorize emergency processing of submissions of collections of information.

(a) Any such request shall be accompanied by a written determination that:

(1) The collection of information:

(i) Is needed prior to the expiration of time periods established under this Part; and

(ii) Is essential to the mission of the agency; and

(2) The agency cannot reasonably comply with the normal clearance procedures under this Part because:

(i) Public harm is reasonably likely to result if normal clearance procedures are followed;

(ii) An unanticipated event has occurred; or

(iii) The use of normal clearance procedures is reasonably likely to prevent or disrupt the collection of information or is reasonably likely to cause a statutory or court ordered deadline to be missed.

(b) The agency shall state the time period within which OMB should approve or disapprove the collection of information.

(c) The agency shall submit information indicating that it has taken all practicable steps to consult with interested agencies and members of the public in order to minimize the burden of the collection of information.

(d) The agency shall set forth in the **Federal Register** notice prescribed by § 1320.5(a)(1)(iv), unless waived or modified under this section, a statement that it is requesting emergency processing, and the time period stated under paragraph (b) of this section.

(e) OMB shall approve or disapprove each such submission within the time period stated under paragraph (b) of this section, provided that such time period is consistent with the purposes of this Act.

(f) If OMB approves the collection of information, it shall assign a control number valid for a maximum of 90 days after receipt of the agency submission.

§ 1320.14  Public access.

(a) In order to enable the public to participate in and provide comments during the clearance process, OMB will ordinarily make its paperwork docket files available for public inspection during normal business hours. Notwithstanding other provisions of this Part, and to the extent permitted by law,

requirements to publish public notices or to provide materials to the public may be modified or waived by the Director to the extent that such public participation in the approval process would defeat the purpose of the collection of information; jeopardize the confidentiality of proprietary, trade secret, or other confidential information; violate State or Federal law; or substantially interfere with an agency's ability to perform its statutory obligations.

(b) Agencies shall provide copies of the material submitted to OMB for review promptly upon request by any person.

(c) Any person may request OMB to review any collection of information conducted by or for an agency to determine, if, under this Act and this Part, a person shall maintain, provide, or disclose the information to or for the agency. Unless the request is frivolous, OMB shall, in coordination with the agency responsible for the collection of information:

(1) Respond to the request within 60 days after receiving the request, unless such period is extended by OMB to a specified date and the person making the request is given notice of such extension; and

(2) Take appropriate remedial action, if necessary.

### § 1320.15  Independent regulatory agency override authority.

(a) An independent regulatory agency which is administered by two or more members of a commission, board, or similar body, may by majority vote void:

(1) Any disapproval, instruction to such agency to make material or substantive change to, or stay of the effectiveness of OMB approval of, any collection of information of such agency; or

(2) An exercise of authority under § 1320.10(g) concerning such agency.

(b) The agency shall certify each vote to void such OMB action to OMB, and explain the reasons for such vote. OMB shall without further delay assign an OMB control number to such collection of information, valid for the length of time requested by the agency, up to three years, to any collection of information as to which this vote is exercised. No override shall become effective until the independent regulatory agency, as provided in § 1320.5(b) and § 1320.6(2), has displayed the OMB control number and informed the potential persons who are to respond to the collection of information that such persons are not required to respond to the collection of information unless it displays a currently valid OMB control number.

### § 1320.16  Delegation of approval authority.

(a) OMB may, after complying with the notice and comment procedures of the Administrative Procedure Act, delegate OMB review of some or all of an agency's collections of information to the Senior Official, or to the agency head with respect to those components of the agency for which he or she has not delegated authority.

(b) No delegation of review authority shall be made unless the agency demonstrates to OMB that the Senior Official or agency head to whom the authority would be delegate:

(1) Is sufficiently independent of program responsibility to evaluate fairly whether proposed collections of information should be approved;

(2) Has sufficient resources to carry out this responsibility effectively; and

(3) Has established an agency review process that demonstrates the prompt, efficient, and effective performance of collection of information review responsibilities.

(c) OMB may limit, condition, or rescind, in whole or in part, at any time, such delegations of authority, and reserves the right to review any individual collection of information, or part thereof, conducted or sponsored by an agency, at any time.

(d) Subject to the provisions of this Part, and in accordance with the terms and conditions of each delegation as specified in Appendix A to this part, OMB delegates review and approval authority to the following agencies:

(1) Board of Governors of the Federal Reserve System; and

(2) Managing Director of the Federal Communications Commission.

### § 1320.17  Information collection budget.

Each agency's Senior Official, or agency head in the case of any agency for which the agency head has not delegated responsibility under the Act for any component of the agency to the Senior Official, shall develop and submit to OMB, in such form, at such time, and in accordance with such procedures as OMB may prescribe, an annual comprehensive budget for all collections of information from the public to be conducted in the succeeding twelve months. For good cause, OMB may exempt any agency from this requirement.

### § 1320.18  Other authority.

(a) OMB shall determine whether any collection of information or other matter is within the scope of the Act, or this Part.

(b) In appropriate cases, after consultation with the agency, OMB may initiate a rulemaking proceeding to determine whether an agency's collection of information is consistent with statutory standards. Such proceedings shall be in accordance with the informal rulemaking procedures of the Administrative Procedure Act.

(c) Each agency is responsible for complying with the information policies, principles, standards, and guidelines prescribed by OMB under this Act.

(d) To the extent permitted by law, OMB may waive any requirements contained in this Part.

(e) Nothing in this Part shall be interpreted to limit the authority of OMB under this Act, or any other law. Nothing in this Part or this Act shall be interpreted as increasing or decreasing the authority of OMB with respect to the substantive policies and programs of the agencies.

### Appendix A—Agencies with Delegated Review and Approval Authority

#### 1. The Board of Governors of the Federal Reserve System

(a) Authority to review and approve collection of information requests, collection of information requirements, and collections of information in current rules is delegated to the Board of Governors of the Federal Reserve System.

(1) This delegation does not include review and approval authority over any new collection of information or any modification to an existing collection of information that:

(i) Is proposed to be collected as a result of a requirement or other mandate of the Federal Financial Institutions Examination Council, or other Federal executive branch entities with authority to require the Board to conduct or sponsor a collection of information.

(ii) Is objected to by another Federal agency on the grounds that agency requires information currently collected by the Board, that the currently collected information is being deleted from the collection, and the deletion will have a serious adverse impact on the agency's program, provided that such objection is certified to OMB by the head of the Federal agency involved, with a copy to the Board, before the end of the comment period specified by the Board on the **Federal Register** notices specified in paragraph (1)(3)(i) of this section 1.

(iii) Would cause the burden of the information collections conducted or sponsored by the Board to exceed by the end of the fiscal year the Information Collection Budget allowance set by the Board and OMB for the fiscal year-end.

(2) The Board may ask that OMB review and approve collections of information covered by this delegation.

(3) In exercising delegated authority, the Board will:

(i) Provide the public, to the extent possible and appropriate, with reasonable

opportunity to comment on collections of information under review prior to taking final action approving the collection. Reasonable opportunity for public comment will include publishing a notice in the **Federal Register** informing the public of the proposed collection of information, announcing the beginning of a 60-day public comment period, and the availability of copies of the "clearance package," to provide the public with the opportunity to comment. Such **Federal Register** notices shall also advise the public that they may also send a copy of their comments to the Federal Reserve Board and to the OMB/OIRA Desk Officer.

(A) Should the Board determine that a new collection of information or a change in an existing collection must be instituted quickly and that public participation in the approval process would defeat the purpose of the collection or substantially interfere with the Board's ability to perform its statutory obligation, the Board may temporarily approve of the collection of information for a period not to exceed 90 days without providing opportunity for public comment.

(B) At the earliest practical date after approving the temporary extension to the collection of information, the Board will publish a **Federal Register** notice informing the public of its approval of the collection of information and indicating why immediate action was necessary. In such cases, the Board will conduct a normal delegated review and publish a notice in the **Federal Register** soliciting public comment on the intention to extend the collection of information for a period not to exceed three years.

(ii) Provide the OMB/OIRA Desk Officer for the Federal Reserve Board with a copy of the Board's **Federal Register** notice not later than the day the Board files the notice with the Office of the Federal Register.

(iii) Assure that approved collections of information are reviewed not less frequently than once every three years, and that such reviews are normally conducted before the expiration date of the prior approval. Where the review has not been completed prior to the expiration date, the Board may extend the report, for up to three months, without public notice in order to complete the review and consequent revisions, if any. There may also be other circumstances in which the Board determines that a three-month extension without public notice is appropriate.

(iv) Take every reasonable step to conduct the review established under 5 CFR 1320.8, including the seeking of public comment under 5 CFR 1320.8(d). In determining whether to approve a collection of information, the Board will consider all comments received from the public and other agencies. The Board will not approve a collection of information that it determines does not satisfy the guidelines set forth in 5 CFR 1320.5(d)(2), unless it determines that departure from these guidelines is necessary to satisfy statutory requirements or other substantial need.

(v)(A) Assure that each approved collection of information displays, as required by 5 CFR 1320.6, a currently valid OMB control number and the fact that a person is not required to respond to a collection of information unless it displays a currently valid OMB control number.

(B) Assure that all collections of information, except those contained in regulations, display the expiration date of the approval, or, in case the expiration date has been omitted, explain the decision that it would not be appropriate, under 5 CFR 1320.5(a)(1)(iii)(C), for a proposed collection of information to display an expiration date.

(C) Assure that each collection of information, as required by 5 CFR 1320.8(b)(3), informs and provides fair notice to the potential respondents of why the information is being collected; the way in which such information is to be used; the estimated burden; whether responses are voluntary, required to obtain or retain a benefit, or mandatory; the confidentiality to be provided; and the fact that an agency may not conduct or sponsor, and the respondent is not required to respond to, a collection of information unless it displays a currently valid OMB control number.

(vi) Assure that each approved collection of information, together with a completed form OMB 83–I, a supporting statement, a copy of each comment received from the public and other agencies in response to the Board's **Federal Register** notice or a summary of these comments, the certification required by 5 CFR 1320.9, and a certification that the Board has approved of the collection of information in accordance with the provisions of this delegation is transmitted to OMB for incorporation into OMB's public docket files. Such transmittal shall be made as soon as practical after the Board has taken final action approving the collection. However, no collection of information may be instituted until the Board has delivered this transmittal to OMB.

(b) OMB will:

(1) Provide the Board in advance with a block of control numbers which the Board will assign in sequential order to and display on, new collections of information.

(2) Provide a written notice of action to the Board indicating that the Board approvals of collections of information that have been received by OMB and incorporated into OMB's public docket files and an inventory of currently approved collections of information.

(3) Review any collection of information referred by the Board in accordance with the provisions of section 1(a)(2) of this Appendix.

(c) OMB may review the Board's paperwork review process under the delegation. The Board will cooperate in carrying out such a review. The Board will respond to any recommendations resulting from such review and, if it finds the recommendations to be appropriate, will either accept the recommendations or propose an alternative approach to achieve the intended purpose.

(d) This delegation may, as provided by 5 CFR 1320.16(c), be limited, conditioned, or rescinded, in whole or in part at any time. OMB will exercise this authority only in unusual circumstances and, in those rare instances, will do so, subject to the provisions of 5 CFR 1320.10(f) and 1320.10(g), prior to the expiration of the time period set for public comment in the Board's **Federal Register** notices and generally only if:

(1) Prior to the commencement of a Board review (e.g., during the review for the Information Collection Budget), OMB has notified the Board that it intends to review a specific new proposal for the collection of information or the continued use (with or without modification) of an existing collection;

(2) There is substantial public objection to a proposed information collection: or

(3) OMB determines that a substantially inadequate and inappropriate lead time has been provided between the final announcement date of the proposed requirement and the first date when the information is to be submitted or disclosed. When OMB exercises this authority it will consider that the period of its review began the date that OMB received the **Federal Register** notice provided for in section 1(a)(3)(i) of this Appendix.

(e) Where OMB conducts a review of a Board information collection proposal under section 1(a)(1), 1(a)(2), or 1(d) of this Appendix, the provisions of 5 CFR 1320.13 continue to apply.

2. The Managing Director of the Federal Communications Commission

(a) Authority to review and approve currently valid (OMB-approved) collections of information, including collections of information contained in existing rules, that have a total annual burden of 5,000 hours or less and a burden of less than 500 hours per respondent is delegated to the Managing Director of the Federal Communications Commission.

(1) This delegation does not include review and approval authority over any new collection of information, any collections whose approval has lapsed, any substantive or material modification to existing collections, any reauthorization of information collections employing statistical methods, or any information collections that exceed a total annual burden of 5,000 hours or an estimated burden of 500 hours per respondent.

(2) The Managing Director may ask that OMB review and approve collections of information covered by the delegation.

(3) In exercising delegated authority, the Managing Director will:

(i) Provide the public, to the extent possible and appropriate, with reasonable opportunity to comment on collections of information under review prior to taking final action on reauthorizing an existing collection. Reasonable opportunity for public comment will include publishing a notice in the **Federal Register** and an FCC Public Notice informing the public that a collection of information is being extended and announcing the beginning of a 60-day comment period, notifying the public of the "intent to extend an information collection," and providing the public with the opportunity to comment on the need for the information, its practicality, the accuracy of the agency's burden estimate, and on ways to minimize burden, including the use of automated, electronic, mechanical, or other

technological collection techniques or other forms of information technology, e.g., permitting electronic submission of responses. Such notices shall advise the public that they may also send a copy of their comments to the OMB/Office of Information and Regulatory Affairs desk officer for the Commission.

(A) Should the Managing Director determine that a collection of information that falls within the scope of this delegation must be reauthorized quickly and that public participation in the reauthorization process interferes with the Commission's ability to perform its statutory obligation, the Managing Director may temporarily reauthorize the extension of an information collection, for a period not to exceed 90 days, without providing opportunity for public comment.

(B) At the earliest practical date after granting this temporary extension to an information collection, the Managing Director will conduct a normal delegated review and publish a **Federal Register** notice soliciting public comment on its intention to extend the collection of information for a period not to exceed three years.

(ii) Assure that approved collections of information are reviewed not less frequently than once every three years and that such reviews are conducted before the expiration date of the prior approval. When the review is not completed prior to the expiration date, the Managing Director will submit the lapsed information collection to OMB for review and reauthorization.

(iii) Assure that each reauthorized collection of information displays an OMB control number and, except for those contained in regulations or specifically designated by OMB, displays the expiration date of the approval.

(iv) Inform and provide fair notice to the potential respondents, as required by 5 CFR 1320.8(b)(3), of why the information is being collected; the way in which such information is to be used; the estimated burden; whether responses are voluntary, required, required to obtain or retain a benefit, or mandatory; the confidentiality to be provided; and the fact that an agency may not conduct or sponsor, and the respondent is not required to respond to, a collection of information unless it displays a currently valid OMB control number.

(v) Transmit to OMB for incorporation into OMB's public docket files, a report of delegated approval certifying that the Managing Director has reauthorized each collection of information in accordance with the provisions of this delegation. The Managing Director shall also make the certification required by 5 CFR 1320.9, e.g., that the approved collection of information reduces to the extent practicable and appropriate, the burden on respondents, including, for small business, local government, and other small entities, the use of the techniques outlined in the Regulatory Flexibility Act. Such transmittals shall be made no later than 15 days after the Managing Director has taken final action reauthorizing the extension of an information collection.

(vi) Ensure that the personnel in the Commission's functional bureaus and offices responsible for managing information collections receive periodic training on procedures related to meeting the requirements of this part and the Act.

(b) OMB will:

(1) Provide notice to the Commission acknowledging receipt of the report of delegated approval and its incorporation into OMB's public docket files and inventory of currently approved collections of information.

(2) Act upon any request by the Commission to review a collection of information referred by the Commission in accordance with the provisions of section 2(a)(2) of this Appendix.

(3) Periodically assess, at its discretion, the Commission's paperwork review process as administered under the delegation. The Managing Director will cooperate in carrying out such an assessment. The Managing Director will respond to any recommendations resulting from such a review and, if it finds the recommendations to be appropriate, will either accept the recommendation or propose an alternative approach to achieve the intended purpose.

(c) This delegation may, as provided by 5 CFR 1320.16(c), be limited, conditioned, or rescinded, in whole or in part at any time. OMB will exercise this authority only in unusual circumstances.

[FR Doc. 95–21235 Filed 8–28–95; 8:45 am]
**BILLING CODE 3110–01–P**