## DEPARTMENT OF THE TREASURY

### Internal Revenue Service

### 26 CFR Part 301

[T.D. 7874]

### Procedure and Administration; Service of Notice of Levy by Mail

**AGENCY:** Internal Revenue Service, Treasury.

**ACTION:** Final Regulations.

**SUMMARY:** This document provides final regulations under section 6331 of the Internal Revenue Code of 1954 relating to the authority of the Service to serve notice of levy by mail. These regulations will provide the public with the guidance needed to comply with the law and will affect persons upon whom notices of levy are served.

**EFFECTIVE DATE:** The amendments of § 301.6331-1 are effective for levies made after March 10, 1983.

**FOR FURTHER INFORMATION CONTACT:** Annie R. Alexander of the Legislation and Regulations Division, Office of the Chief Counsel, Internal Revenue Service, 1111 Constitution Avenue, NW., Washington, D.C. 20224 (Attention: CC:LR:T) (202-566-3287), not a toll-free call.

**SUPPLEMENTARY INFORMATION:**

### Background

On Friday, February 26, 1982, the Federal Register published proposed amendments to Regulations under Part 301, Procedure and Administration, under section 6331 of the Internal Revenue Code of 1954 (Code) (47 FR 8378).

This document contains final regulations under section 6331 of the Code relating to the authority of the Service to seize property by levy. Under section 6331 of the Code the term "levy" includes the power of distraint and seizure by any means. Regulation § 301.6331-1(a)(1) provides that a levy may be made by serving a notice of levy on any person in possession of, or obligated with respect to, property or rights to property subject to levy.

In order to conserve resources, the Service has increased the number of notices of levy served by mail in accordance with law and longstanding administrative practice. Some persons upon whom notices for levy are served have expressed concern that the Service's longstanding practice has not been explicitly set forth in the regulations. Consequently, the Department of the Treasury has decided to amend the regulations to specify the procedures to be followed by the Service in serving a notice of levy by mail. The amendment will also permit persons having more than one office within an Internal Revenue district to choose one office to which notices of levy are to be mailed.

A public hearing was not requested. After consideration of all comments regarding the proposed amendments, those amendments are adopted as revised by this Treasury decision.

### Summary of Public Comments and Final Regulations

The proposed regulations authorized service of notice of levy by mail and stated that the date the notice is delivered to the person served is the date the levy is made. A number of comments were received objecting to service by regular mail and suggesting service by certified mail return receipt requested on the ground that there is no way to establish the date that regular mail is received and this creates problems in determining priorities of levies. Even if the recipient of the notice is required to establish through normal business records the date of delivery, accurate compliance is difficult. Commentators stated that this area was ripe for factual dispute where delivery is made on a Saturday or local legal holiday and the notice is not processed until the next business day because substantial withdrawals could have occurred on Saturday and Sunday through automatic teller machines. Commentators stated that delivery by certified mail return receipt requested would eliminate this problem, because there would be no delivery on Saturday or Sunday. The date on the receipt would establish the date of delivery, and the Internal Revenue Service would have a verifiable effective date in all cases.

While the Service recognizes the problems that may arise as a result of service of levy by regular mail, the Service has concluded that most of these problems can be avoided if there is a presumption that the time and date noted on the notice of levy by a person having authority to act on behalf of the person served is the date and time the levy is made. The Service retains the authority to use certified mail return receipt requested when necessary. However, a requirement of certified mail in all cases would be too costly to the Service and has not been adopted.

Most commentators objected to the rule in the proposed regulations which allowed delivery of a notice of levy to any branch office if a person has more than one office within the Internal Revenue district. Commentators stated a variety of reasons for their objection such as:

(1) The rule does not comport with decisional substantive law relating to private creditors,

(2) Many banks with significant branch networks do not have a central file which can be accessed with name, address and social security number of the taxpayer, so compliance with the proposed amendments is operationally impossible, and

(3) The rule would impose an undue cost, and administrative burden on an innocent third party.

The final regulations deleted this sentence because the issue raised by the language is unrelated to the Service's authority to serve notices of levy by mail. Thus, this deletion should not be construed as a change of the Internal Revenue Service's position that a levy on a branch bank may be effective at other branches. The question turns on the facts and circumstances of each case. *See Digitrex Inc. v. Johnson* 491 F. Supp. 66 (1980); *Therm-X-Chemical & Oil Corp. v. Extebank*, 84 A.D. 2d 787, 444 N.Y.S. 2d 26 (1981).

Some commentators expressed concern about the language in the proposed regulation which required the concurrence of the district director in order for a person to designate an office upon which the mailed notice would be served. Because the option to designate a particular office was added for the convenience of the person levied upon, the final regulation has eliminated the requirement that the district director concur with a person's designation of the office to which the notices shall be mailed.

One commenter objected to the proposed regulations' containing no guidelines on what taxpayer identification information the notice should contain. The commentator stated that the account data system could not locate the taxpayer's assets if only the taxpayer's name and social security number were given. It was suggested that the Internal Revenue Service be required to include the taxpayer's account number. This comment was not incorporated into the regulations because in many instances the Service does not have access to the taxpayer's account number.

### Executive Order 12291 and Regulatory Flexibility Act

The Commissioner of Internal Revenue has determined that this final rule is not a major rule as defined in Executive Order 12291. Accordingly, a Regulatory Impact Analysis is not required.

Although this regulation was published as a notice of proposed rulemaking that solicited public comment, the Internal Revenue Service concluded when the notice was published that the regulations were interpretative and that the notice and public procedure requirements of 5 U.S.C. 553 did not apply. Consequently, these regulations do not constitute regulations subject to the Regulatory Flexibility Act (5 U.S.C. chapter 6).

Drafting Information

The principal author of these regulations is Annie R. Alexander of the Legislation and Regulations Division of the Office of Chief Counsel, Internal Revenue Service. However, personnel from other offices of the Internal Revenue Service and Treasury Department participated in developing the regulation, both on matters of substance and style.

List of Subjects in 26 CFR Part 301

Administrative practice and procedure, Bankruptcy, Courts, Crime, Employment taxes, Estate taxes, Excise taxes, Gift taxes, Income taxes, Investigations, Law enforcement, Penalties, Pensions, Statistics, Taxes, Disclosure of information, Filing requirements.

Adoption of amendments to regulations

Accordingly, 26 CFR Part 301 is amended as follows:

PART 301—[AMENDED]

Paragraph. A new paragraph (c) is added to § 301.6331-1 to read as follows:

§ 301.6331-1  Levy and Distraint.

*    *    *    *    *

(c) *Service of notice of levy by mail.* A notice of levy may be served by mailing the notice to the person upon whom the service of a notice of levy is authorized under paragraph (a)(1) of this section. In such a case the date and time the notice is delivered to the person to be served is the date and time the levy is made. If the notice is sent by certificated mail, return receipt requested, the date of delivery on the receipt is treated as the date the levy is made. If, after receipt of a notice of levy, an officer or other person authorized to act on behalf of the person served signs and notes the date and time of receipt on the notice of levy, the date and time so noted will be presumed to be, in the absence of proof to the contrary, the date and time of delivery.

Any person may, upon written notice to the district director having audit jurisdiction over such person, have all notices of levy by mail sent to one designated office. After such a notice is received by the district director, notices of levy by mail will be sent to the designated office until a written notice withdrawing the request or a written notice designating a different office is received by the district director.

This Treasury decision is issued under the authority contained in section 7805 of the Internal Revenue Code of 1954 (68A Stat. 917; 26 U.S.C. 7805).

Roscoe L. Egger, Jr.,
*Commissioner of Internal Revenue.*

Approved: February 28, 1983.

John E. Chapoton,
*Assistant Secretary of the Treasury.*

[FR Doc. 83-6214 Filed 3-9-83; 8:45 am]
BILLING CODE 4830-01-M

---

DEPARTMENT OF DEFENSE

Department of the Air Force

32 CFR Part 803

Disposition of Personal Property

AGENCY: Department of the Air Force, DOD.

ACTION: Final rule

SUMMARY: The Department of the Air Force is amending its administrative regulations by removing Part 803, Disposition of Personal Property of Chapter VII, Title 32. The source document, Air Force Regulation (AFR) 143-6, has been revised. It is intended for internal guidance and has no applicability to the general public. This action is a result of departmental review in an effort to insure that only regulations which substantially affect the public are maintained in the Air Force portion of the Code of Federal Regulations.

EFFECTIVE DATE: March 10, 1983.

FOR FURTHER INFORMATION CONTACT: Mr. Beauchemin, Air Force Manpower and Personnel Center, MPCCM, Randolph AFB, TX 78150.

SUPPLEMENTARY INFORMATION:

List of Subjects in 32 CFR Part 803

Military personnel, Federal employees, Prisoners of war.

PART 803—[REMOVED]

Accordingly, 32 CFR is amended by removing Part 803.

Authority: 10 U.S.C. 8012.

Winnibel F. Holmes,
*Air Force Federal Register Liaison Officer.*

[FR Doc. 83-6219 Filed 3-9-83; 8:45 am]
BILLING CODE 3910-01-M

---

Corps of Engineers, Department of the Army

33 CFR Part 207

Use, Administration and Navigation of the Canal and Locks; Willamette River, Oregon

AGENCY: Army Corps of Engineers, DOD.

ACTION: Final rule.

SUMMARY: The Corps of Engineers is amending the regulations which govern the use, administration and navigation of the canal and locks on the Willamette River, Willamette Falls, Oregon. This amendment is necessary to reflect only address changes and the addition of other means to request lockage.

EFFECTIVE DATE: April 25, 1983.

FOR FURTHER INFORMATION CONTACT: Mr. Edward E. Ashley at (503) 221-6066, Mr. Ralph T. Eppard at (202) 272-0200 or write to: Office of the Chief of Engineers, ATTN: DAEN-CWO-N, Washington, D.C. 20314.

SUPPLEMENTARY INFORMATION: The Corps of Engineers is amending 33 CFR 207.680 (a)(1) and (b)(7) to reflect a change in the address of the Portland District Engineer. Paragraph (b)(2) is also amended to show that lockages may be obtained by contacting the lockmaster by VHF-FM Channel 14 radio or by telephone.

The Department of the Army has determined that notice of proposed rulemaking and public procedures are unnecessary in the promulgation of these amendments due to the editorial nature of the changes. A local public notice announcing these changes is also being distributed by the Portland District Engineer.

Note.—The Chief of Engineers has determined that this document does not contain a major rule requiring a regulatory impact analysis under Executive Order 12291 because it will not result in an annual effect on the economy of $100 million or more and it will not result in a major increase in costs or prices. The Chief of Engineers has also determined that this rule will not have a significant economic impact on a substantial number of entities and thus does not require the preparation of a regulatory flexibility analysis.

List of Subjects in 33 CFR Part 207

Navigation (water).

Accordingly, the regulations in 33 CFR 207.680 (a)(1), (b)(2) and (b)(7) are revised as set forth below.

Dated: February 23, 1983.