Sec.
99.80  Retention of records.
99.81  Program income and procurement standards.
99.82  Nondiscrimination, equal employment opportunities, nepotism and restriction on political activities.
99.83  Assessment and evaluation.
99.84  Hearings and judicial review.

**Subpart F—Special Conditions for Grants to Indian Tribes and Alaskan Native Villages**

99.90  General.
99.91  Grant responsibility.
99.92  Distribution of funds.
99.93  Eligibility for funds.
99.94  Funding of prime sponsors.
99.95  Participant eligibility.
99.96  Comments and publication procedures relating to submission of application for funding.
99.97  Planning process; advisory councils.
99.98  Travel requirements.
99.99  Nepotism and conflict of interest.
99.100  Nondiscrimination; political activities.
99.101  Subgrants.

Signed at Washington, D.C., this 28th day of June 1977.

ERNEST G. GREEN,
*Assistant Secretary for Employment and Training.*

[FR Doc.77-18935 Filed 6-30-77;8:45 am]

## CHAPTER XVII—OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION, DEPARTMENT OF LABOR

### PART 1951—GRANTS FOR IMPLEMENTING STATE APPROVED PLANS

**AGENCY:** Occupational Safety and Health Administration (OSHA), Labor.

**ACTION:** Final rule.

**SUMMARY:** This rule amends § 1951.24 (b)(1) of this Part setting forth the cash contributions that are allowable for a State's matching share of the costs of an occupational safety and health program to include funds allocated under the State and Local Fiscal Assistance Amendments of 1976. This change makes the section comply with the 1976 amendments removing the prohibition on use of revenue sharing funds directly or indirectly for the purpose of obtaining Federal funds in matching programs.

**EFFECTIVE DATE:** July 1, 1977.

**FOR FURTHER INFORMATION CONTACT:**

Irving Weisblatt, Director, Office of State Programs, Occupational Safety and Health Administration, 200 Constitution Avenue, N.W. Washington, D.C., 20210. (202)-523-8041).

**SUPPLEMENTARY INFORMATION:** Grants to assist States in administering and enforcing programs for occupational safety and health contained in State plans approved under section 18 of the Occupational Safety and Health Act of 1970 are authorized under section 23(g) of the Act for up to 50% of the total cost to the State of such a program. Section 1951.24(b) of this Part sets forth the sources, including cash contributions, from which a State may derive its matching share for the program, but specifies that funds "originating from another Federal source" may not be counted as part of the State's matching share. Inasmuch as possible conflict exists between this language and the action and explanation of Congress in removing the prohibition of the use of revenue sharing funds as State matching funds, it is necessary to amend it to comply with the purpose of Congress. This purpose was stated as: "Revenue sharing funds are intended to be available for use in essentially the same manner the recipient could use funds from their own sources." (H. Rept. 94-1165, Part I, pp. 9-10; See also Cong. Rec. June 9, 1976, pp. H. 5463, 5465 and Senate Rept. No. 94-1207, p. 19). As the rule conforms Part 1951 to this Congressional purpose, no public notice and comment prior to its effectiveness is necessary.

Accordingly, § 1951.24(b)(1) is amended effective July 1, 1977 to read as follows:

§ 1951.24  Federal share; matching requirements.

* * * * *

(b) * * *

(1) *Cash contributions.* Cash contributions represent the grantee's cash outlay, including the outlay of money contributed to the grantee by other public (other-than-Federal) agencies and institutions and private organizations and individuals, except that funds originating from another Federal source other than General Revenue Sharing funds provided to the State under the State and Local Fiscal Assistance Act of 1972 (Pub. L. 92-512) as amended, or funds provided by a State as its matching share under another Federal grant, may not be counted as part of a State's matching share for grants awarded under this Part.

* * * * *

(Secs. 8(g), 23(g), 84 Stat. 1600, 1614 (29 U.S.C. 657(g), 672(g)))

Signed at Washington, D.C., this 27th day of June 1977.

EULA BINGHAM,
*Assistant Secretary of Labor.*

[FR Doc.77-18912 Filed 6-30-77;8:45 am]

## Title 31—Money and Finance: Treasury

### CHAPTER II—FISCAL SERVICE, DEPARTMENT OF THE TREASURY

### PART 215—WITHHOLDING OF DISTRICT OF COLUMBIA, STATE, CITY AND COUNTY INCOME OR EMPLOYMENT TAXES BY FEDERAL AGENCIES

**Change in Rule To Include District of Columbia, State, and County Withholding**

**AGENCY:** Fiscal Service (FS), Treasury.

**ACTION:** Final rule.

**SUMMARY:** This rule establishes procedures for the District of Columbia, States, cities and counties to follow in order to enter into an agreement with the Secretary of the Treasury covering the withholding of District of Columbia, State, city and county income or employment taxes by Federal agencies. A Standard Agreement governing such withholding is also contained in the rule. The rule provides the basis for withholding District of Columbia and State income taxes from the compensation of members of the Armed Forces in accordance with the Tax Reform Act of 1976 and combines District of Columbia, State, city and county withholding provisions into a single rule.

**EFFECTIVE DATE:** July 1, 1977.

**FOR FURTHER INFORMATION CONTACT:**

Mr. Allan I. Lund, Government Accounting Systems Staff, Bureau of Government Financial Operations, Room 412, Annex No. 1, Department of the Treasury, Washington, D.C. 20226. (202-566-8374).

**SUPPLEMENTARY INFORMATION:** On May 2, 1977, the Fiscal Service of the Department of the Treasury published a proposed rule (42 FR 22174) to change 31 CFR 215 to include District of Columbia and State income tax withholding from the compensation of Federal employees and members of the Armed Forces. Subsequent to the publication of the proposed rule, legislation was enacted (Pub. L. 95-30, sec. 408, 91 Stat. 157) which additionally provided for the withholding of county income or employment taxes from the compensation of Federal employees. Accordingly, county tax withholding has been included in the final rule.

DISCUSSION OF MAJOR COMMENTS

1. SHOULD UNIFORM REMITTING FORMS AND PROCEDURES BE ESTABLISHED AND SHOULD A UNIFORM WITHHOLDING CERTIFICATE BE UTILIZED BY THE ARMED FORCES?

The Fiscal Service received comments that the Standard Agreement be revised to provide that Federal agencies remit withheld taxes to all jurisdictions at one time on a standard form and that the Armed Forces be allowed to use Treasury Form W-4 for all members of the Armed Forces in lieu of various forms which may be required by states. The Fiscal Service concluded that under the law (5 U.S.C. 5516, 5517 and 5520) and Executive Order 11997 of June 22, 1977, the Treasury does not have authority to establish such uniform procedures unilaterally. The Federal Government, with respect to the duty of withholding District of Columbia, State, city and county income or employment taxes from the pay of Federal employees and members of the Armed Forces and making returns of the sums withheld, is in fact, an employer for purposes of each taxing jurisdiction. It is incumbent upon Federal employers to adhere to the requirements imposed by each taxing jurisdiction. This fact does not preclude a Federal agency from requesting requirement modifications from a taxing jurisdiction.

2. SHOULD STATES BE SUPPLIED WITH A LIST OF MILITARY PERSONNEL WHICH PROVIDES THE NAME OF THE STATE OF RESIDENCE AT THE TIME OF ENTERING THE ARMED FORCES?

The Fiscal Service received a comment that the Standard Agreement contained in the proposed rule be revised to require that states be supplied with a list of military personnel which provides the state of residence at the time of entering the Armed Forces. This information was, in effect, reported to the states when military departments reported W-2 data for the year ending December 31, 1976. Since the Fiscal Service regards the W-2 information furnished to the states to be a reliable source for establishing legal residence, no revision to the Standard Agreement was made in the final rule.

3. SHOULD STATES BE NOTIFIED ANNUALLY REGARDING MEMBERS OF THE ARMED FORCES ENTERING UPON ACTIVE DUTY?

The Fiscal Service received a comment that the Standard Agreement be revised to require heads of agencies to notify the party state annually of the name, social security number and current mailing address of each member of the Armed Forces entering upon active duty from that state in the previous 12 months. The Fiscal Service concluded that such notification would not conform to the usual fiscal practices of agencies and, therefore, should not be included in the Standard Agreement. However, the Department of Defense will provide the data upon request when a state identifies the name(s) and social security number(s) of the military personnel involved. It should be noted that the income of new military personnel will be reported and the appropriate withholdings provided to the state of residence indicated by the new member upon entering the Armed Forces. If there is a change in the state of residence, the procedure set forth in § 215.10 of the Standard Agreement will be followed. The final rule retains the notification procedure contained in the proposed rule.

The Department of the Treasury has determined that this document does not contain a major proposal requiring preparation of an Inflation Impact Statement under Executive Order 11821, as amended by Executive Order 11949, and OMB Circular A-107.

ADOPTION OF AMENDMENT

Accordingly, 31 CFR 215 is revised to read as follows:

Subpart A—General Information

Sec.
215.1 Scope of part.
215.2 Definitions.

Subpart B—Procedures

215.3 Relationship of Standard Agreement to existing agreements.
215.4 Procedures for entering into a Standard Agreement.
215.5 Procedures for an agreement other than a Standard Agreement.

Subpart C—Standard Agreement

Sec.
215.6 In general.
215.7 Parties.
215.8 Compliance by agencies.
215.9 Withholding certificates.
215.10 Change of legal residence by members of the Armed Forces.
215.11 Agency withholding procedures.
215.12 Miscellaneous provisions.
215.13 Supersession, amendment and termination provisions.

Authority: 5 U.S.C. 5516, 5517, and 5520 and section 4 of Executive Order 11997, June 22, 1977 (42 FR 31759).

Subpart A—General Information

§ 215.1 Scope of part.

This Part relates to agreements between the Secretary of the Treasury and States (including the District of Columbia), cities or counties for withholding of State, city or county income, or employment taxes from the compensation of civilian Federal employees, and for the withholding of State income taxes from the compensation of members of the Armed Forces. Subpart A contains general information and definitions. Subpart B prescribes the procedures to be followed in entering into an agreement for the withholding of State, city or county income or employment taxes. Subpart C is the Standard Agreement which the Secretary will enter into with any State, city or county which qualifies to have tax withheld. Requests for deviations from this Standard Agreement will be agreed to by the Secretary only if the State, city or county's unique circumstances require it.

§ 215.2 Definitions.

As used in this Part:

(a) "Agency" means each of the executive agencies and military departments (as defined in 5 U.S.C. 105 and 102, respectively) and the United States Postal Service; and in addition, for city or county withholding purposes only, all elements of the judicial branch.

(b) "City" means any unit of general local government.

(1) Which (A) is classified as a municipality by the United States Bureau of the Census, or

(B) Is a town or township which, in the determination of the Secretary of the Treasury,

(i) Possesses powers and performs functions comparable to those associated with municipalities,

(ii) Is closely settled, and

(iii) Contains within its boundaries no incorporated places as defined by the United States Bureau of the Census; and

(2) Within the political boundaries of which five hundred or more persons are regularly employed by all agencies of the Federal Government.

(c) "City income or employment taxes" means any form of tax for which, under a city ordinance, (1) collection is provided by imposing on employers generally the duty of withholding sums from the pay of employees and making returns of the sums to a designated city officer, department, or instrumentality; and (2) the duty to withhold generally is imposed on the payment of compensation earned within the jurisdiction of the city in the case of employees whose regular place of employment is within such jurisdiction. Whether the tax is described as an income, wage, payroll, earnings, occupational license, or otherwise, is immaterial.

(d) "Compensation" as applied to employees of an agency and members of the Armed Forces means "wages" as defined in 26 U.S.C. 3401(a) and regulations issued thereunder.

(e) "County" means any unit of local general Government which is classified as a county by the Bureau of the Census and within the political boundaries of which 500 or more persons are regularly employed by all agencies of the Federal Government.

(f) "County income or employment taxes" means any form of tax for which, under a county ordinance, (1) collection is provided by imposing on employers generally the duty of withholding sums from the pay of employees and making returns of the sums to a designated county officer, department, or instrumentality; and (2) the duty to withhold generally is imposed on the payment of compensation earned within the jurisdiction of the county in the case of employees whose regular place of employment is within such jurisdiction. Whether the tax is described as an income, wage, payroll, earnings, occupational license, or otherwise, is immaterial.

(g) "District of Columbia income tax" means the income tax imposed under 47 District of Columbia Code, Chapter 15, Subchapter II.

(h)(1) "Employees" for purposes of State, city and county income or employment tax withholding, means all employees of an agency, other than members of the Armed Forces. The term does not include retired personnel, pensioners, annuitants, or similar beneficiaries of the Federal Government, who are not performing active civilian service or persons receiving remuneration for services on a contract-fee basis.

(2) "Employees" for purposes of District of Columbia income tax withholding, means employees as defined in 47 District of Columbia Code 1551c(z).

(i) "Members of the Armed Forces" means all individuals in active duty status (as defined in 10 U.S.C. 101(22)) in regular and reserve components of the Army, Navy, Air Force, Marine Corps and Coast Guard, except members of the National Guard while participating in exercises or performing duty under 32 U.S.C. 502, and members of the Ready Reserve while participating in scheduled drills or training periods or serving on active duty for training under 10 U.S.C. 270(a).

(j) "Ordinance" means an ordinance, order, resolution, or similar instrument which is duly adopted and approved by a city or county in accordance with the constitution and statutes of the state in

which it is located and which has the force of law within such city or county.

(k) "Regular place of Federal employment" means the official duty station, or other place, where an employee actually and normally (i.e., other than in a travel or temporary duty status) performs services, irrespective of residence.

(l) "Secretary" means Secretary of the Treasury and Fiscal Assistant Secretary or his designee.

(m) "State" means a State of the United States or the District of Columbia, unless otherwise specified.

(n) "State income tax" means any form of tax for which, under a State statute, (1) collection is provided, either by imposing on employers generally the duty of withholding sums from the compensation of employees and making returns of such sums to the State or by granting to employers generally the authority to withhold sums from the compensation of employees, if any employee voluntarily elects to have such sums withheld; and (2) the duty to withhold generally is imposed, or the authority to withhold generally is granted, with respect to the compensation of employees who are residents of such State.

**Subpart B—Procedures**

**§ 215.3 Relationship of Standard Agreement to existing agreements.**

(a) Subpart C of this Part is the Standard Agreement which the Secretary will enter into with a State, city or county. This Standard Agreement replaces all prior agreements between the Secretary and the State or city covering the withholding of income or employment taxes from the compensation of Federal employees. The Standard Agreement is essentially the same as the prior agreements. A State or city which currently is a party to an agreement with the Secretary covering the withholding of income or employment taxes from the compensation of Federal employees does not need to apply for a new agreement under this Part. A State or city currently a party to an agreement will be presumed to have consented to be bound by the terms of the Standard Agreement (Subpart C). If a State or city, which is currently a party, does not want to be bound by the Standard Agreement, it shall notify the Fiscal Assistant Secretary, Department of the Treasury, Washington, D.C. 20220, in writing over the signature of an officer authorized to bind contractually the State or city within 90 days of the effective date of this Part. The procedures of § 215.5 shall be followed by a State or city which proposes to be bound by an agreement other than the Standard Agreement.

(b) The effective date for the replacement of existing State or city Standard Agreements by the Standard Agreement appearing as Subpart C of this Part is the effective date of this Part. For current other-than-Standard-Agreements, it is 120 days after the effective date of this Part unless an earlier effective date is specifically agreed to or a new agreement, which is other than the Standard Agreement of Subpart C, is entered into as provided in this Subpart.

**§ 215.4 Procedures for entering into a Standard Agreement.**

(a) A State, city or county which does not have an existing agreement and wishes to enter into a Standard Agreement shall indicate in a letter its agreement to be bound by the provisions of Subpart C. The letter shall be addressed to the Fiscal Assistant Secretary, Department of the Treasury, Washington, D.C. 20220, and be signed by an officer authorized to bind contractually the State, city or county. Copies of all applicable State laws, city or county ordinances and implementing regulations, instructions, and forms shall be enclosed. The letter shall also indicate the title and address of the official whom Federal agencies may contact to obtain forms and other information necessary to implement withholding.

(b) Within 120 days of the receipt of the letter from the State, city or county official, the Fiscal Assistant Secretary will, by letter, notify the State, city or county (1) that the Standard Agreement has been entered into as of the date of the Fiscal Assistant Secretary's letter, or (2) that an agreement cannot be entered into with the State, city or county and the reasons for that determination. The withholding of the State, city or county income or employment tax shall commence within 90 days after the effective date of the agreement.

**§ 215.5 Procedures for an agreement other than a Standard Agreement.**

(a) If a State, city or county proposes an agreement which varies from the Standard Agreement, the State, city or county shall follow the procedure in section 215.4(a), except that its letter shall indicate which provisions of the Standard Agreement are not acceptable and the basis therefor, and propose substitute provisions.

(b) Within 60 days of the receipt of the letter from the State, city or county official, the Fiscal Assistant Secretary will notify the State, city or county which substitute provisions may be included in the agreement. The State, city or county shall, by letter, notify the Fiscal Assistant Secretary if it accepts such an agreement. When accepted by the State, city or county the effective date of that agreement shall be the date such acceptance letter is received by the Fiscal Assistant Secretary. The withholding of the State, city or county income or employment tax shall commence within 90 days after the effective date of the agreement.

**Subpart C—Standard Agreement**

**§ 215.6 In general.**

This Subpart is the text of the Standard Agreement between the Secretary and the State, city or county. The terms used in this agreement are defined in § 215.2 of this Part.

**§ 215.7 Parties.**

The parties to this agreement are the Secretary and the State, city or county which has entered into this agreement pursuant to 5 U.S.C. 5516, 5517, or 5520 and Executive Order No. 11997 (June 22, 1977).

**§ 215.8 Compliance by agencies.**

(a) In the case of an agreement with a State, the head of each agency is required to withhold State income taxes from the compensation of (1) employees of such agency who are subject to such taxes and whose regular place of Federal employment is within the State, and (2) members of the Armed Forces who are subject to such taxes and who are legal residents of the State. The foregoing is also applicable with respect to a State whose statutes permit but do not require withholding by employers, provided the employee voluntarily elects to have such tax withheld.

(b) In the case of an agreement with a city or county, the head of each agency is required to withhold city or county income or employment taxes from the compensation of employees of such agency who are subject to such taxes and whose regular place of Federal employment is within the city or county.

(c) In withholding taxes, the head of each agency, except as otherwise provided in this agreement, shall comply with the withholding provisions of the State, city or county income or employment tax statute, regulations, procedural instructions and reciprocal agreements related thereto.

**§ 215.9 Withholding certificates.**

Each agency may require employees or members of the Armed Forces under its jurisdiction to complete a withholding certificate in order to calculate the amount to be withheld. The agency shall use the withholding certificate which the State, city or county has prescribed. Where the State, city or county has not prescribed a certificate, the agency may use a certificate approved by the Department of the Treasury. The agency may rely on the information in the certificate. Copies of completed certificates shall be provided to the taxing authority by agencies upon request.

**§ 215.10 Change of legal residence by members of the Armed Forces.**

(a) In determining the legal residence of a member of the Armed Forces for tax withholding purposes, the head of an agency at all times may rely on the agency's current records, which may include a certificate of legal residence. The form of the certificate of legal residence shall be approved by the Department of the Treasury. A change of legal residence of a member of the Armed Forces shall become effective for tax withholding purposes only after a member of the Armed Forces completes a certificate indicating a new legal residence and delivers it to the agency.

(b) Heads of agencies shall notify the State of prior legal residence of the member of the Armed Forces involved on a monthly basis concerning the change of the member's legal residence. The notification shall include the name, social

§ 215.11 Agency withholding procedures.

(a) State income tax shall be withheld only on the entire compensation of Federal employees and members of the Armed Forces. Nonresident employees, who under the State income tax law are required to allocate at least three-fourths of their compensation to the State, shall be subject to withholding on their entire compensation. Nonresident employees, who under the State income tax law are required to allocate less than three-fourths of their compensation to the State, may elect to (1) have State income tax withheld on their entire compensation, or (2) have no income tax withheld on their compensation.

(b) In calculating the amount to be withheld from an employee's or a member's compensation, each agency shall use the method prescribed by the State income tax statute or city or county ordinance or a method which produces approximately the tax required to be withheld (1) by the State income tax statute from the compensation of each employee or member of the Armed Forces subject to such income tax, or (2) by the city or county ordinance from the compensation of each employee subject to such income or employment tax.

(c) Where it is the practice of a Federal agency under Federal tax withholding procedure to make returns and payment of the tax on an estimated basis, subject to later adjustment based on audited figures, this practice may be applied with respect to the State, city or county income or employment tax where the agency has made appropriate arrangements with the State, city or county income tax authorities.

(d) Copies of Federal Form W-2, "Wage and Tax Statement", may be used for reporting withheld taxes to the State, city or county.

(e) Withholding shall not be required on wages earned but unpaid at the date of an employee's or member's death.

(f) Withholding of District of Columbia income tax shall not apply to pay of employees who are not residents of the District of Columbia as defined in 47 District of Columbia Code, Chapter 15, Subchapter II.

§ 215.12 Miscellaneous provisions.

Nothing in this agreement shall be deemed:

(a) To require collection by agencies of the United States of delinquent tax liabilities of Federal employees or members of the Armed Forces, or

(b) To consent to the application of any provision of law of the State, city or county which has the effect of (1) imposing more burdensome requirements upon the United States than it imposes on other employers, or (2) subjecting the United States or any of its officers or employees to any penalty or liability, or

(c) To consent to procedures for withholding, filing of returns, and payment of the withheld taxes to a State, city or county that do not conform to the usual fiscal practices of agencies, or

(d) To permit the withholding of city or county income or employment taxes from the pay of a Federal employee who is not a resident of the State in which the city or county is located unless the employee consents to the withholding, or

(e) To permit the withholding of city or county income or employment taxes from the pay of members of the Armed Forces of the United States, or

(f) To allow agencies to accept compensation from a State, city or county for services performed in withholding of State or city or county income or employment taxes.

§ 215.13 Supersession, amendment and termination provisions.

(a) This agreement supersedes any prior agreement between the Secretary of the Treasury and a State or city pursuant to 5 U.S.C. 5516, 5517, or 5520.

(b) This agreement shall be subject to any amendment of 5 U.S.C. 5516, 5517, 5520 or Executive Order No. 11997, and any rules and regulations issued pursuant to them and amendments thereto.

(c) This agreement may be terminated as to a specific State or city or county which is a party to this agreement by providing written notice to that effect to the Secretary at least 90 days prior to the proposed termination.

* * *

This amendment is effective July 1, 1977.

Issued in Washington, D.C. June 27, 1977.

DAVID MOSSO,
*Fiscal Assistant Secretary.*

[FR Doc.77-18937 Filed 6-30-77;8:45 am]

---

Title 32—National Defense

CHAPTER I—OFFICE OF THE SECRETARY OF DEFENSE

SUBCHAPTER R—CHARTERS

PART 354—DEFENSE INTELLIGENCE AGENCY

AGENCY: Office of the Secretary of Defense.

ACTION: Issuance of DoD Charter Directive 5105.21.

SUMMARY: The Secretary of Defense has established the Defense Intelligence Agency and has assigned to it certain responsibilities, functions and authorities. This Directive serves as the instrument that defines the charter of the Defense Intelligence Agency.

EFFECTIVE DATE: May 19, 1977.

FOR FURTHER INFORMATION CONTACT:

Mr. Arthur H. Ehlers, Director for Organizational and Management Planning Office of the Deputy Assistant Secretary of Defense, (ADMINISTRATION), 202-695-4278.

Accordingly, Part 354 reads as follows:

Sec.
354.1 Purpose.
354.2 Mission.
354.3 Responsibilities and functions.
354.4 Organization and administration.
354.5 Relationships.
354.6 Authorities.
354.7 Delegation of authority.

AUTHORITY: 10 U.S.C. Chapter 4.

§ 354.1 Purpose.

Pursuant to the authority vested in the Secretary of Defense under the provisions of title 10, United States Code, the Defense Intelligence Agency (hereinafter "the DIA") is hereby established with responsibilities, functions and authorities as prescribed herein.

§ 354.2 Mission.

The mission of the DIA is to satisfy, or to ensure the satisfaction of, the foreign intelligence requirements of the Secretary of Defense, the Joint Chiefs of Staff, DoD components and other authorized recipients, and to provide the military intelligence contribution to national intelligence.

§ 354.3 Responsibilities and functions.

The Director, DIA, shall advise the Secretary of Defense on intelligence matters. Under his direction and control, the DIA shall:

(a) Produce, or through tasking and coordination ensure the production of, foreign intelligence required for support to the DIA mission. This function specifically includes the maintenance of a strong DoD scientific and technical intelligence program. For the purposes of this section, "production" includes the evaluation, correlation, analysis, interpretation and presentation of foreign intelligence.

(b) Provide intelligence and intelligence staff support to the Joint Chiefs of Staff in accordance with their requirements and established procedures.

(c) Ensure that adequate, timely and reliable intelligence is available to the Unified and Specified Commands.

(d) Participate in the DSARC process as established in DoD Directive 5000.2,[1] by providing the Director of Defense Research and Engineering with threat descriptions based on the information derived from intelligence and threat validation in support of systems acquisition.

(e) Supervise the DoD indications system and provide support to the National Military Command System through the National Military Intelligence Center.

(f) Validate, register, assign, recommend priorities for, and monitor the satisfaction of DoD collection requirements, including those requirements assigned under the provisions of DoD Directive S-3115.7.

(g) Provide central management for the Defense Attache System.

---

[1] Filed as part of original. Single copies may be obtained, if needed, from U.S. Naval Publications and Forms Center, 5801 Tabor Avenue, Philadelphia, PA 19120 Attention: Code 301.