# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

DONALD LOUIS HYMES; RITA MARINA HYMES; AURORA TRUST, ZENA D. HYMES & CHARLA A. HYMES, Trustees; SUNSHINE TRUST, RITA MARINA HYMES, Trustee; ZENA DORITA HYMES; CHARLA HYMES; and FAIRBANKS NORTH STAR BOROUGH,

    Defendants.

Case No. 3:05-cv-00123-SLG

## ORDER RE TWO PENDING MOTIONS

Before the Court are two motions that were filed by the Hymes: at Docket 282 a Motion to Sanction the Plaintiff and the Insurance Company, and at Docket 283 at Motion to Return the Hymes' Personal Property to the Hymes. The Government filed oppositions to both motions, to which the Hymes replied. No party requested oral argument, and oral argument was not necessary to the Court's determination of the motions.

In the motion at Docket 282, the Hymes seek sanctions based upon the asserted failure of the Plaintiff "to record said property in Plaintiff's name and maintain and insure the property." The Hymes also assert that State Farm improperly cancelled the insurance on the property. The United States' tax liens on the property have been

foreclosed, and the United States has had the authority to offer the property for public sale.[1] A public sale was held on July 9, 2014. Record title has remained with the Hymes until the recent sale is confirmed by the Court, and the Hymes remain obligated to insure the property until it is sold.[2] In light of the foregoing, the United States and the insurance company have not violated the Court's Orders by not recording the property in Plaintiff's name or insuring the property, and the motion for sanctions at Docket 282 will be denied.

With respect to the Hymes' motion to return personal property at Docket 283, the Hymes seeks the return of all the Hymes' personal property that they assert was "taken illegally and unlawfully by the Plaintiff . . . [w]hen the Hymes were evicted from their home on August 29, 2012."[3] In this regard, the Hymes interpret Paragraph 13 of the Order and Amended Order to permit them to remain in the home until 30 days after the sale of the subject property is confirmed by the Court. They point to the term "notwithstanding" that begins that paragraph, and appear to maintain that that term means that the requirements of Paragraph 12, which directed the Hymes to permanently vacate the property, and remove their personal property within 30 days of the 2008 Order of Foreclosure, are superseded by Paragraph 13. But Paragraph 13 cannot reasonably be read to eliminate the requirements of Paragraph 12. Rather, paragraph 13 is reasonably interpreted as "a fail-safe way of ensuring that the clause it introduces will absolutely, positively prevail,"[4] to the benefit of the purchaser, such that if

---

[1] Docket 277 at 3, ¶ 8.
[2] Docket 277 at 5, ¶ 10 h; ¶ 11.
[3] Docket 283 at 1.
[4] *Reading Law: The Interpretation of Legal Texts,* Scalia, A. and Garner, B., at 127.

3:05-cv-00123-SLG, *USA v. Hymes, et al.*
Order
Page 2 of 3

for any reason the Hymes or anyone else is at the property after the sale is confirmed, the purchaser can obtain a writ of assistance to evict them.

Accordingly, the Marshals were authorized to proceed in accordance with Paragraph 12 of the Foreclosure Order, as the Hymes' personal property that was at the Ravenwood property had already been deemed "forfeited and abandoned" beginning 30 days after the Foreclosure Order became effective in late 2008 when it was affirmed by the Ninth Circuit. Therefore, the Hymes' motion to have the personal property that was at the Ravenwood home in 2012 returned to them will be denied.

For the foregoing reasons, the Motions at Docket 282 and 283 are DENIED.

DATED this 14th day of July, 2014, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

3:05-cv-00123-SLG, *USA v. Hymes, et al.*
Order
Page 3 of 3